1  DEAN S. KRISTY (CSB NO. 157646)
   dkristy@fenwick.com
2  JENNIFER C. BRETAN (CSB NO. 233475)
   jbretan@fenwick.com
3  MARA R. LUDMER (CSB No. 307662)
   mludmer@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA  94104
   Telephone:     (415) 875-2300
6  Facsimile:     (415) 281-1350

7  Attorneys for Defendants
   Tesla, Inc. and Elon Musk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| KALMAN ISAACS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK and TESLA, INC.,<br><br>Defendants. | Case No. 3:18-cv-04865-EMC<br><br>**ADMINISTRATIVE MOTION TO RELATE CASES; RESPONSE TO SUA SPONTE JUDICIAL REFERRAL**<br><br>(Civil L.R. 3-12 and 7-11)<br><br>Judge: Hon. Edward M. Chen<br><br>Date Action Filed: August 10, 2018 |
|---|---|

Pursuant to Civil Local Rules 3-12(b) and (e) and 7-11 of the United States District Court for the Northern District of California, and also in response to the Hon. Lucy H. Koh's sua sponte judicial referral of *Horwitz v. Tesla, Inc., et al.* to this Court for a similar determination (Dkt. No. 17), defendants Elon Musk and Tesla, Inc. hereby move the Court for an order deeming this matter and six (6) subsequently filed securities class actions related.[1]  Previously, this Court issued an order relating this matter to one additional case, *Maia v. Tesla, Inc.,* Case No. 3:18-cv-04939-EMC *(*(Dkt. No. 10).  As all these cases are putative class actions against the same defendants, arising from the same circumstances, they should all be deemed related (and will eventually be consolidated) and assigned to a single Judge.

Including this matter and *Maia*, in order of filing date, the matters submitted for determination as related cases under Civil Local Rule 3-12(b) are as follows:

| **Case Name** | **Case Number** | **Filling Date** |
|---|---|---|
| *Isaacs v. Musk et al.* | 3:18-cv-04865-EMC | 8/10/18 |
| *Chamberlain v. Tesla, Inc. et al.* | 3:18-cv-04876-JST | 8/10/18 |
| *Yeager v. Tesla, Inc. et al.* | 3:18-cv-04912-CRB | 8/13/18 |
| *Maia v. Tesla, Inc. et al.* | 3:18-cv-04939-EMC | 8/14/18 |
| *Dua v. Tesla, Inc. et al.* | 4:18-cv-04948-HSG | 8/15/18 |
| *Horwitz v. Tesla, Inc. et al.* | 5:18-cv-05258-LHK | 8/28/18 |
| *Left v. Tesla, Inc. et al.* | 3:18-cv-05463-VC | 9/06/18 |
| *Fan v. Tesla, Inc. et al.* | 3:18-cv-05470-YGR | 9/06/18 |

Civil Local Rule 3-12(a) provides that an action is related to another when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  These criteria are met here.  Plaintiffs in all of these cases purport to be Tesla stockholders and have filed suit under §§10(b) and 20(a)

---

[1] An additional case pending in the United States District Court for the Central District of California, *Sodeifi v. Tesla, Inc. et al.*, Case No. 2:18-cv-07575, filed August 20, 2018, also involves the same allegations and defendants, and should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1407 and deemed related.  Defendants will file a Notice of Pendency of Other Action or Proceeding urging transfer if the matter is not voluntarily refiled with this Court by plaintiff in that action.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§78j(b) and 78t(a)), on behalf of a proposed class, against the same defendants.

Each complaint focuses on the same events and contains substantially similar allegations. Given that identical defendants and events are involved in each case, and each purports to be brought on behalf of a class of Tesla stockholders, there will be an unduly burdensome duplication of labor and expense, and potentially inconsistent results, if the cases were to be conducted before different Judges. Accordingly, relating these actions will serve the interests of judicial economy and avoid the potential for conflicting results, consistent with Civil Local Rule 3-12(a).

Moreover, all of these cases are subject to the requirements of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) (the "Reform Act"), which sets forth specialized procedures for the administration of securities class actions. The Reform Act provides for the appointment of a lead plaintiff to act on behalf of a purported class, and further provides that the appointment of lead plaintiff shall not be made until after a decision on a motion to consolidate is rendered (15 U.S.C. 78u-4(a)(3)(B)(ii)). Here, under the timing provisions of the Reform Act, a motion to consolidate and for appointment of a lead plaintiff and lead counsel should be filed on or about October 9, 2018, so relating these matters would be entirely consistent with the provisions of the Reform Act.

For all the foregoing reasons, defendants agree that the *Horwitz* matter referred by Judge Koh is related and respectfully request that this Court enter an order relating that case along with *Chamberlain*, *Yeager*, *Dua*, *Left*, and *Fan*.

Dated: September 7, 2018

Respectfully submitted,

FENWICK & WEST LLP

By: /s/  *Jennifer C. Bretan*
Jennifer C. Bretan

Attorneys for Defendants Tesla, Inc. and Elon Musk

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ADMIN. MOTION TO RELATE CASES    2    CASE NO.: 3:18-cv-04865-EMC