**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel:  (415) 291-2420
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Glen Littleton*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALMAN ISAACS, individually and on behalf of all others similarly situated, <br><br> Plaintiff <br><br> vs. <br><br> ELON MUSK and TESLA, INC., <br><br> Defendants. | No.  3:18-cv-04865-EMC <br><br> Hon. Edward M. Chen <br><br> **MOTION OF GLEN LITTLETON FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM AND POINTS OF AUTHORITIES** <br><br> Date: November 15, 2018 <br> Time: 1:30 p.m. <br> Courtroom: 5-17th Floor |
| WILLIAM CHAMBERLAIN, on behalf of himself and all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TESLA, INC., and ELON MUSK, <br><br> Defendants. | No. 3:18-cv-04876-EMC <br><br> Hon. Edward M. Chen |

GLEN LITTLETON'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC;
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC

| | |
|---|---|
| JOHN YEAGER, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>    v.<br><br>TESLA, INC. and ELON MUSK,<br><br>          Defendants. | No. 3:18-cv-04912-EMC<br><br>Hon. Edward M. Chen |
| CARLOS MAIA, on behalf of himself and all other similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>TESLA, INC., and ELON R. MUSK,<br><br>          Defendants. | No. 3:18-cv-04939-EMC<br><br>Hon. Edward M. Chen |
| KEWAL DUA, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>TESLA, INC., and ELON MUSK,<br><br>          Defendants. | No. 3:18-cv-04948-EMC<br><br>Hon. Edward M. Chen |
| JOSHUA HORWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>TESLA, INC., and ELON R. MUSK,<br><br>          Defendants. | No. 3:18-cv-05258-EMC<br><br>Hon. Edward M. Chen |

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC; 3:18-cv-04876-EMC; 3:18-cv-04912-EMC; 3:18-cv-04939-EMC;
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
ii

| | | |
|---|---|---|
| 1 | ANDREW E. LEFT, Individually and on Behalf of All Others Similarly Situated, | No. 3:18-cv-05463-EMC |
| 2 | Plaintiff, | Hon. Edward M. Chen |
| 3 | | |
| 4 | vs. | |
| 5 | TESLA, INC., and ELON R. MUSK, | |
| 6 | Defendants. | |

| | | |
|---|---|---|
| 7 | ZHI XING FAN, Individually and on Behalf of All Others Similarly Situated, | No. 3:18-cv-05470-EMC |
| 8 | | Hon. Edward M. Chen |
| 9 | Plaintiff, | |
| 10 | | |
| 11 | vs. | |
| 12 | TESLA, INC., and ELON R. MUSK, | |
| 13 | Defendants. | |

| | | |
|---|---|---|
| 14 | SHAHRAM SODEIFI, Individually and on Behalf of All Others Similarly Situated, | No. 3:18-cv-05899-EMC |
| 15 | | Hon. Edward M. Chen |
| 16 | Plaintiff, | |
| 17 | vs. | |
| 18 | TESLA, INC., a Delaware corporation , and ELON R. MUSK, an individual, | |
| 19 | | |
| 20 | Defendants. | |

21
22
23
24
25
26
27
28

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC; 3:18-cv-04876-EMC; 3:18-cv-04912-EMC; 3:18-cv-04939-EMC;
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
iii

1

## NOTICE OF MOTION AND MOTION

2

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

3       PLEASE TAKE NOTICE, that on November 15, 2018 at 1:30 p.m., or as soon as counsel

4   may be heard, the undersigned will move before the Honorable Edward M. Chen, at the United

5   States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden

6   Gate Avenue, San Francisco, CA 94102, pursuant to Rule 42 of the Federal Rules of Civil

7   Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

8       1.      Consolidating the above-captioned related actions;

9       2.      Appointing Glen Littleton ("Movant") as Lead Plaintiff;

10      3.      Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as

11   Lead Counsel; and

12      4.      Granting such other and further relief as the Court may deem just and proper.

13      Movant respectfully submit the following memorandum in support of his motion for: (a)

14   consolidation of the above-captioned actions, (b) appointment of Movant as Lead Plaintiff, and (c)

15   approval of Levi & Korsinsky as Lead Counsel.

16

17

18

19

20

21

22

23

24

25

26

27

28

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC;
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
iv

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ vi

I.      SUMMARY OF ARGUMENT ........................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED ................................................. 2

III.    STATEMENT OF FACTS .................................................................................. 2

IV.     ARGUMENT ...................................................................................................... 4

        A.   The Actions Should Be Consolidated ...................................................... 4

        B.   The Court Should Appoint Movant as Lead Plaintiff .............................. 5

             1.   The Procedure Required by the PSLRA ........................................... 5

                  a.   Movant is Willing to Serve as Class Representative ............. 6

                  b.   Movant Has the Requisite Financial Interest in the Relief Sought by
                       the Class .............................................................................. 7

             2.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil
                  Procedure ........................................................................................ 7

                  a.   Movant's Claims are Typical of the Claims of all the       Class
                       Members ............................................................................. 8

                  b.   Movant Will Adequately Represent the Class ...................... 9

        C.   Movant's Choice of Counsel Should Be Approved .................................. 10

V.      CONCLUSION ................................................................................................... 10

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC; 3:18-cv-04876-EMC; 3:18-cv-04912-EMC; 3:18-cv-04939-EMC;
3:18-cv-04948-EMC; 3:18-cv-05258-EMC; 3:18-cv-05463-EMC; 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
v

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Booth v. Strategic Realty Trust, Inc.*,

4

   No. 13-cv-04921-JST, 2014 WL 342625 (N.D. Cal. Jan. 27, 2014) ......................................... 7

5

*In re Cavanaugh*,

6

   306 F.3d 726 (9th Cir. 2002).............................................................................................. 1, 7, 8

7

*Crawford v. Honig*,

8

   37 F.3d 485 (9th Cir. 1994) ...................................................................................................... 9

9

*In re Drexel Burnham Lambert Grp.*,

10

   960 F.2d 285 (2d Cir. 1992) ..................................................................................................... 9

11

*Ferrari v. Gisch*,

12

   225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................ 8

13

*Gen. Tel. Co. of the Southwest v. Falcon*,

14

   457 U.S. 147 (1982) .................................................................................................................. 9

15

*Hanlon v. Chrysler Corp.*,

16

   150 F.3d 1011 (9th Cir. 1998) ................................................................................................. 8

17

*Haung v. Acterna Corp.*,

18

   220 F.R.D. 255 (D. Md. 2004) ................................................................................................. 8

19

*Johnson v. Celotex Corp.*,

20

   899 F.2d 1281 (2d Cir. 1990) .................................................................................................. 5

21

*In re Milestone Sci. Sec. Litig.*,

22

   183 F.R.D. 404 (D.N.J. 1998) .................................................................................................. 8

23

*Mitchell v. Complete Mgmt., Inc.*,

24

   No. 99 CIV. 1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999) ................................. 5

25

*In re Oxford Health Plans, Inc. Sec. Litig.*,

26

   182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................. 8

27

28

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC;
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
vi

*Primavera Familienstifung v. Askin,*

  173 F.R.D. 115 (S.D.N.Y. 1997) ........................................................................ 5

*Robidoux v. Celani,*

  987 F.2d 931 (2d Cir. 1993) ............................................................................... 8

*Takeda v. Turbodyne Techs., Inc.,*

  67 F. Supp. 2d 1129 (C.D. Cal. 1999) ............................................................ 5, 8

*Weiss v. York Hosp.,*

  745 F.2d 786 (3d Cir. 1984) ............................................................................ 8, 9

*Weisz v. Calpine Corp.,*

  No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) .................... 5

*Weltz v. Lee,*

  199 F.R.D. 129 (S.D.N.Y. 2001) ....................................................................... 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................... passim

**Rules**

Fed. R. Civ. P. 23(a) .............................................................................. 2, 8, 9, 10

Fed. R. Civ. P. 42(a) ........................................................................................... 4

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
vii

I.      SUMMARY OF ARGUMENT

Presently pending before the Court are nine related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased, sold, or otherwise acquired the securities of Tesla, Inc. ("Tesla" or the "Company") between August 7, 2018 and August 17, 2018, inclusive (the "Class Period").[1]  Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and Elon Musk ("Musk").[2]

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Glen Littleton ("Movant") lost approximately $3,518,478.68 as a result of the alleged fraud during the Class Period.[3]  Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]  As such, Movant meets the requirements of the PSLRA for

---

[1]  The nine actions are entitled *Isaacs v. Musk, et al.*, 3:18-cv-04865-EMC ("*Isaacs* Action"), *Chamberlain v. Tesla Inc. et al.*, 3:18-cv-04876 -EMC ("*Chamberlain* Action"), *Yeager v. Tesla, Inc. et al.*, 3:18-cv-04912 -EMC ("*Yeager* Action"), *Maia v. Musk. et al.*, 3:18-cv-04939-EMC ("*Maia* Action"), *Dua v. Tesla, Inc. et al.*, 3:18-cv-04948-EMC ("*Dua* Action"), *Horwitz v. Tesla, Inc. et al.*, 3:18-cv-05258-EMC ("*Horwitz* Action"), *Left v. Tesla, Inc. et al.*, 3:18-cv-05463-EMC ("*Left* Action"), *Fan v. Tesla, Inc. et al.*, 3:18-cv-05470-EMC ("*Fan* Action"), and *Sodeifi v. Tesla, Inc. et al.*, 3:18-cv-05899-EMC ("*Sodeifi* Action").  These nine actions each listed a different Class Period, the broadest Class Period being all who purchased, sold, or otherwise transacted in Tesla securities between August 7, 2018 and August 17, 2018, both dates inclusive.

[2] Specifically, Plaintiffs allege violations of Sections 10(b) and 20(a) of the Exchange Act and rule 10b-5 promulgated thereunder against defendant Elon Musk ("Musk") (Tesla's former Chief Executive Officer).

[3] Movant's certification identifying his transactions in Tesla, as required by the PSLRA, as well as a chart identifying his losses, are attached collectively to the Declaration of Adam C. McCall, dated October 9, 2018 ("McCall Decl."), as Exhibits A and B, respectively.

[4] The "Class" is comprised of all persons who purchased, sold, or otherwise transacted in Tesla securities during the Class Period.

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC;
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
1

1   appointment as Lead Plaintiff.

2       Accordingly, Movant respectfully requests that (a) the Actions be consolidated; (b) he be

3   appointed Lead Plaintiff; and (c) Levi & Korsinsky be approved as Lead Counsel.

4       **II.        STATEMENT OF ISSUES TO BE DECIDED**

5       1.      Whether the Actions involve substantially similar issues of fact and law and

6   should be consolidated;

7       2.      Whether Movant meets the requirements under the PSLRA to be appointed Lead

8   Plaintiff; and

9       3.      Whether Movant's choice of Lead Counsel and Liaison Counsel should be

10  approved.

11      **III.       STATEMENT OF FACTS**

12      Tesla, Inc. is a technology company that designs, develops, manufactures, and sells fully

13  electric vehicles and solar energy products. *Left* ¶ 2.[5]  The Complaints generally allege that

14  throughout the Class Period, the Defendants made false and/or misleading statements and/or

15  failed to disclose that: (1) that the Defendants had not secured funding for the Going-Private

16  Transaction; (2) that Musk's statements that the going-private transaction only required

17  shareholder approval were false since the going-private transaction required approval by the

18  Company's board of directors and even the board was unaware of the funding referred to by

19  Musk; (3) that the status and likelihood of the going-private transaction was misrepresented to

20  the market because financing for it had not been secured and Tesla's board approval was

21  required, and (4) as a result of the foregoing, Defendants' statements about Tesla's business,

22  operations, and prospects, were materially false and/or misleading and/or lacked a reasonable

23  basis.

24  _____

25  [5] Citations to "¶ (Plaintiff Name) ___" are to paragraphs from the corresponding class action
    complaint for violations of the federal securities laws filed in one of the Actions.  The facts set
26  forth in the complaints filed in the Actions (collectively, the "Complaints") are incorporated
    herein by reference.

27

28      GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
    APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
    Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
    3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
    2

1    At the start of the Class Period on the afternoon of August 7, 2018, Defendant Musk
2    Tweeted "Am considering taking Tesla private at $420. Funding secured." ¶ *Left* ¶ 32.  In the
3    subsequent hours after this initial tweet, Defendant Musk issued additional tweets and
4    statements about the supposed secured going-private transaction, including answering tweets
5    from current Tesla shareholders.  *Left* ¶¶ 34-36. These tweets included Musk's statement that
6    "Investor support is confirmed.  Only reason why this is not certain is that it's contingent on a
7    shareholder vote." *Left* ¶ 5.  Moreover, Tesla posted on this corporate blog an email from Musk
8    to Tesla's employees concerning the potential going-private transaction.  *Horowitz* ¶ 24.  The
9    statements made by Musk and Tesla caused the stock price to skyrocket to more than $45 above
10   the previous day's closing price with over 30 million shares being traded on August 7, 2018
11   alone.  *Isaacs* ¶ 42. In response to the tweets and Tesla's rising stock price, many Tesla short-
12   sellers were forced to cover their positions at artificially high prices that resulted in losses of
13   approximately $1.3 billion in a single day.  *Left* ¶ 6.

14   The next day several of Tesla's directors issued a statement regarding Elon's previous
15   discussion with the board about a going-private transactions and the "funding for this to occur."
16   *Isaacs* ¶ 16. Also on August 8, 2018, news started to enter the market that raised issue as to
17   whether Musk had in fact had the funding secured for the going-private transaction, including
18   an article by *The Wall Street Journal* that reported that the U.S. regulators were inquiring if
19   "Elon Musk was truthful when he tweeted that he had secured funding" for the proposed buyout
20   of Tesla and if Musk had a "factual basis" to support that the "that the going-private transaction
21   was all but certain, with only a shareholder vote needed to pull it off." *Left* ¶ 37.  As a result of
22   that news, Tesla securities incurred its first of many drops, losing $9.23 per share.  *Left* ¶ 38.

23   On August 9, 2018, *Bloomberg* reported that the SEC was "intensifying its scrutiny of
24   Tesla's public statements" in the wake of Musk's tweet two days before and *Reuters* reported
25   that Tesla's board of directors had "not yet received a detailed financing plan from Musk and
26   specific information on who will provide the funding." *Left* ¶¶ 39-40.  In response to this news,
27   Tesla's stock price fell an additional $17.89 per share to close at $352.45 on August 9, 2018.

28
GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
3

1   *Left* ¶ 41.

2

3       On August 13, 2018 Musk tweeted again about the proposed going-private transaction,

4   announcing he was working with Goldman Sachs and Silver Lake for the transaction. *Left* ¶ 42.

5   That same day, Tesla posted on its corporate blog an "Update on Taking Tesla Private" from

6   Musk.  *Left* ¶ 43.  Also on the same day, *The New York Times* published an article that reported

7   that Tesla's board of directors was "totally blindsided by Mr. Musk's decision to air his plan on

8   Twitter" and that plan had not been "cleared" by it.  *Left* ¶ 44. The next day, August 14, 2018,

9   *Bloomberg* published an article that reported that neither Goldman Sachs nor Silver Lake had

10  started to work with Musk pursuant to signed agreements, in stark contrast to what Musk

11  previously stated.  *Left* ¶ 45.  In response to these announcements, Tesla's stock fell an

12  additional $8.77 per share to close at $347.64 per share on August 14, 2018.  *Left* ¶ 46.

13      Thereafter on August 16, 2018, *The New York Times* published an article that contained

14  an in-depth interview with Musk that described the events that led up to his original August 7,

15  2018 going-private tweet and revealed his high-stress levels and use of prescription drugs to

16  deal with this stress.  *Left* ¶ 47.  That same day, *The Wall Street Journal* reported that the "SEC

17  is investigating whether Mr. Musk intentionally misled investors when he tweeted about the

18  proposal in a bid to hurt short-sellers by driving up Tesla's stock price."  On the day's news

19  Tesla's stock dropped once again, declining $29.95 per share to close at $305.50 on August 17,

20  2018. *Left* ¶ 49.

21  **IV.      ARGUMENT**

22      **A.  The Actions Should Be Consolidated**

23      The PSLRA provides that "[i]f more than one action on behalf of a class asserting

24  substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court

25  shall not make the determination of the most adequate plaintiff until "after the decision on the

26  motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall

27  appoint the most adequate plaintiff for the consolidated actions."  *Id.*

28
GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
4

1    Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate

2 when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Takeda v.*

3 *Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*,

4 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of

5 judicial economy favor consolidation." (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281,

6 1284-85 (2d Cir. 1990)).   Consolidation is particularly appropriate in securities class action

7 litigation.  *See Mitchell v. Complete Mgmt., Inc.,* No. 99 CIV. 1454 (DAB), 1999 WL 728678,

8 at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the

9 same 'public statements and reports' consolidation is appropriate if there are common questions

10 of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115,

11 129 (S.D.N.Y. 1997).   Courts, therefore, routinely find that consolidating multiple securities

12 cases is an efficient solution where the complaints arise generally from the same alleged false

13 and misleading statements.  *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 WL

14 32818827, *2-3 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation

15 appropriate in securities class actions).

16    The Actions pending before this Court present similar factual and legal issues, as they

17 both involve the same subject matter and are based on the same wrongful course of conduct.

18 Each names Tesla and certain of its officers and/or directors as defendants.  Because the Actions

19 arise from the same facts and circumstances and involve the same subject matter, the same

20 discovery and similar class certification issues will be relevant to all related actions.

21 Accordingly, consolidation under Rule 42(a) is appropriate.  *See Celotex Corp.*, 899 F.2d at

22 1285.

23    **B. The Court Should Appoint Movant as Lead Plaintiff**

24        **1.      The Procedure Required by the PSLRA**

25    Once the Court decides the consolidation motion, the PSLRA mandates that the Court

26 decide the lead plaintiff issue "[a]s soon as practicable."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  The

27 PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action

28

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
5

1  arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the

2  Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

3      The plaintiff who files the initial action must publish notice to the class within 20 days

4  after filing the action, informing class members of their right to file a motion for appointment of

5  lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within

6  90 days all motions filed within 60 days after publication of that notice by any person or group

7  of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§

8  78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

9      The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead

10  plaintiff is the "person or group of persons" that:

11         (aa)   has either filed the complaint or made a motion in response to a

12                 notice;

13         (bb)   in the determination of the court, has the largest financial interest

14                 in the relief sought by the class; and

15         (cc)   otherwise satisfies the requirements of Rule 23 of the

16                 Federal Rules of Civil Procedure.

17  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class

18  member that the presumptively most adequate plaintiff "will not fairly and adequately protect

19  the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of

20  adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

21      As set forth below, Movant satisfies the foregoing criteria and is not aware of any

22  unique defenses that the defendants could raise against him. Therefore, Movant is entitled to

23  the presumption that he is the most adequate plaintiff to represent the Class and, as a result,

24  should be appointed Lead Plaintiff in the Action.

25          **a.**     **Movant is Willing to Serve as Class Representative**

26      On August 10, 2018 counsel in the first-filed action caused a notice (the "Notice") to be

27  published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
6

28

securities class action had been filed against Tesla and Musk, and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[8]  Movant has reviewed a complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice.

### b.  Movant Has the Requisite Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action.  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* McCall Decl., Ex. B.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2014 WL 342625, at *1-2 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant transacted in Tesla securities in reliance upon the materially false and misleading statements issued by the defendants, and was injured thereby.  Movant suffered a substantial loss of approximately $3,518,478.68.  *See* McCall Decl., Ex. B.  Movant thus has a significant financial interest in the outcome of this case.  To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[8] The first-filed action, the *Isaacs* Action was filed in this Court on August 10, 2018.  On that same day, the Notice was published over *PR Newswire* a widely-circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit C to the McCall Decl.

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
7

1    (1) the class is so numerous that joinder of all members is impracticable; (2) there

2    are questions of law or fact common to the class; (3) the claims or defenses of the

3    representative parties are typical of the claims or defenses of the class; and (4) the

4    representative parties will fairly and adequately protect the interests of the class.

5  Fed. R. Civ. P. 23(a).

6         Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two –

7  typicality and adequacy – are recognized as appropriate for consideration at this stage.  *See*

8  *Cavanaugh,* 306 F.3d at 730, n.5, 732.  Furthermore, only a "preliminary showing" of typicality

9  and adequacy is required at this stage.  *See Takeda*, 67 F. Supp. 2d at 1136.  Consequently, in

10 deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality

11 and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until

12 the Lead Plaintiff moves for class certification.  *See Cavanaugh,* 306 F.3d at 732; *see also*

13 *Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*,

14 183 F.R.D. 404, 414 (D.N.J. 1998).

15        As detailed below, Movant satisfies both the typicality and adequacy requirements of

16 Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

17            **a.    Movant's Claims are Typical of the Claims of all the
                      Class Members**
18

19        Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative

20 parties" are "typical of the claims . . . of the class."  Movant plainly meets the typicality

21 requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members;

22 (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are

23 based on the same legal issues.  *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see*

24 *also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987

25 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50

26 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same

27 conduct from which the other class members' claims and injuries arise").  Rule 23 does not

28

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
8

1   require that the named plaintiff be identically situated with all class members.  It is enough if

2   their situations share a common issue of law or fact.  *See Weiss v. York Hosp.*, 745 F.2d 786,

3   808-09 (3d Cir. 1984).  A finding of commonality frequently supports a finding of typicality.

4   *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the

5   typicality and commonality requirements tend to merge).

6          In this case, the typicality requirement is met because Movant's claims are identical to,

7   and neither compete nor conflict with the claims of the other Class members.  Movant, like the

8   other members of the Class, acquired or sold Tesla securities during the Class Period at prices

9   artificially inflated by the defendants' materially false and misleading statements, and were

10  damaged thereby.  Thus, his claims are typical, if not identical, to those of the other members of

11  the Class because Movant suffered losses similar to those of other Class members and his losses

12  result from the defendants' common course of wrongful conduct.   Accordingly, Movant

13  satisfies the typicality requirement of Rule 23(a)(3).  *See Weiss*, 745 F.2d at 809; *see also In re*

14  *Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

15              **b.       Movant Will Adequately Represent the Class**

16         Moreover, Movant is an adequate representative for the Class.  Under Rule 23(a)(4), the

17  representative party must "fairly and adequately protect the interests of the class."  The PSLRA

18  directs the Court to limit its inquiry regarding the adequacy of the movant to whether the

19  interests of the movant are clearly aligned with the members of the putative Class and whether

20  there is evidence of any antagonism between the interests of the movant and other members of

21  the Class.  15 U.S.C. §78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994)

22  (citation omitted).

23         Movant's interests are clearly aligned with those of the other members of the Class.  Not

24  only is there no evidence of antagonism between Movant's interests and those of the Class, but

25  Movant has a significant and compelling interest in prosecuting the Actions based on the large

26  financial losses he has suffered as a result of the wrongful conduct alleged in the Actions.  This

27  motivation, combined with Movant's identical interest with the members of the Class,

28

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
9

1    demonstrates that Movant will vigorously pursue the interests of the Class.  In addition, Movant

2    has retained counsel highly experienced in prosecuting securities class actions, and will submit

3    his  choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Therefore,

4    Movant will prosecute the Actions vigorously on behalf of the Class.

5         Accordingly, at this stage of the proceedings, Movant has made the preliminary showing

6    necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies

7    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In addition, because Movant has sustained the largest

8    amount of losses from the defendants' alleged wrongdoing, he is, therefore, the presumptive

9    lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such

10   to lead the Action.

11        **C.  Movant's Choice of Counsel Should Be Approved**

12        The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject

13   to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead

14   plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15

15   U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

16        Movant has selected and retained Levi & Korsinsky, LLP as the proposed Lead Counsel

17   for the Class.  The members of Levi & Korsinsky have extensive experience in successfully

18   prosecuting complex securities class actions such as these, and are well-qualified to represent

19   the Class.  *See* McCall Decl., Ex. D (the firm resume of Levi & Korsinsky).

20   **V.     CONCLUSION**

21        For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate

22   the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Action; and (3) approve

23   Levi & Korsinsky as Lead Counsel for the Class.

24

25   Dated: October 9, 2018                    Respectfully submitted,

26                                            **LEVI & KORSINSKY LLP**

27

28
GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Adam C. McCall
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel:  415-291-2420
Email: amccall@zlk.com
Email: aapton@zlk.com


*Attorneys for Movant Glen Littleton and*
*Proposed Lead Counsel for the Class*

GLEN LITTLETON'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 3:18-cv-04865-EMC, 3:18-cv-04876-EMC, 3:18-cv-04912-EMC, 3:18-cv-04939-EMC,
3:18-cv-04948-EMC, 3:18-cv-05258-EMC, 3:18-cv-05463-EMC, 3:18-cv-05470-EMC, and 3:18-cv-05899-EMC
11