DAVID W. HALL (274921)
dhall@hedinhall.com
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA  94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Proposed Liaison Counsel for the Proposed Class*

(*Additional Counsel on signature page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KALMAN ISAACS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON MUSK and TESLA, INC.,<br><br>Defendants. | Case No.:  3:18-cv-04865-EMC<br><br>**NOTICE OF MOTION AND MOTION OF THE TESLA INVESTOR GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**CLASS ACTION**<br><br>JUDGE:  Edward M. Chen<br>Hearing Date: November 15, 2018<br>Time: 1:30 p.m.<br>Courtroom: 5-17th Floor (San Francisco) |
| WILLIAM CHAMBERLAIN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA INC., and ELON MUSK,<br><br>Defendants. | Case No.:  3:18-cv-04876-EMC<br><br>**CLASS ACTION**<br><br>JUDGE:  Edward M. Chen |

| | |
|---|---|
| JOHN YEAGER, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>TESLA, INC. and ELON MUSK,<br><br>        Defendants. | Case No.: 3:18-cv-04912-EMC<br><br>**CLASS ACTION**<br><br>JUDGE:  Edward M. Chen |
| CARLOS MAIA, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>       Defendants. | Case No.: 3:18-cv-04939-EMC<br><br>**CLASS ACTION**<br><br>JUDGE:  Edward M. Chen |

| | |
|---|---|
| KEWAL DUA, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TESLA, INC. and ELON MUSK,<br><br>　　　　　Defendants. | Case No.:   4:18-cv-04948-HSG<br><br>**CLASS ACTION**<br><br>JUDGE:   Haywood S. Gilliam, Jr. |
| JOSHUA HORWITZ, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>　　　　　Defendants. | Case No.:   3:18-CV-05258-JSW<br><br>**CLASS ACTION**<br><br>JUDGE:   Jeffrey S. White |

| | |
|---|---|
| ANDREW E. LEFT, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>TESLA, INC., AND ELON R. MUSK,<br><br>    Defendants. | Case No.:   3:18-CV-05463-EMC<br><br>**CLASS ACTION**<br><br>JUDGE:   Edward M. Chen |
| ZHI XING FAN, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>    Defendants. | Case No.:   4:18-cv-05470-YGR<br><br>**CLASS ACTION**<br><br>JUDGE:   Yvonne Gonzalez Rogers |

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on November 15, 2018 at 1:30 p.m. before the Honorable Edward M. Chen in Courtroom 5-17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, class members Jiri Kulik, Jason Han, Esmaeil Riahi, Deepak Mehta, and Raghunath Nama (collectively, the "Tesla Investor Group"), will, and does move this Court for an order granting its Motion:

(a) consolidating the above-captioned related actions;

(b) appointing it as Lead Plaintiff; and

(c) approving its selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Hedin Hall LLP ("Hedin Hall") as Liaison Counsel for the proposed Class.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Rule 42(a) of the Federal Rules of Civil Procedure, on the grounds that:

(1) the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy;

(2) the Tesla Investor Group should be appointed as Lead Plaintiff for the class of securities purchasers of Tesla, Inc. between August 7, 2018 and August 17, 2018, inclusive, as it has timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and

(3) the Tesla Investor Group's selection of Bernstein Liebhard as Lead Counsel and Hedin Hall as Liaison Counsel should be approved as the firms are well qualified and have extensive experience in cases of this type.

This motion is supported by the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Laurence Hasson, the certification of David W. Hall pursuant to LR 3-7(d), a certification pursuant to LR 3-15, the pleadings and other filings in this action, and such other written or oral argument as may be permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

Class members Jiri Kulik, Jason Han, Esmaeil Riahi, Deepak Mehta, and Raghunath Nama (collectively, the "Tesla Investor Group") respectfully submit this memorandum of points and authorities in support of its motion for:

(a) consolidation of the above-captioned related actions;

(b) appointment as Lead Plaintiff for the proposed Class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(c) approval of its selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Hedin Hall LLP ("Hedin Hall") as Liaison Counsel for the proposed Class.

## PRELIMINARY STATEMENT

Presently pending in this District are the eight above-captioned securities class action lawsuits (the "Actions") alleging violations of the Exchange Act brought on behalf of all persons or entities (the "Class") who purchased the securities of Tesla, Inc. ("Tesla" or the "Company") between August 7, 2018 and August 17, 2018, both dates inclusive (the "Class Period"). The Tesla Investor Group moves for these Actions to be consolidated pursuant to Federal Rule of Civil Procedure 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

The Tesla Investor Group satisfies these requirements. First, the Tesla Investor Group has a large financial interest in these Actions as it lost $1,248,004.49 on its purchases of Tesla securities during the Class Period. Thus, the Tesla Investor Group's substantial financial interest will ensure its vigorous prosecution of the Class' claims. Second, the Tesla Investor Group satisfies Federal Rules

00490336;V1

NOT. OF MTN. AND MTN. OF THE TESLA INVESTOR GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF--3:18-cv-04865-EMC

5

23(a)(3) and (a)(4), as its claims are typical of the claims of the Class and it will fairly and adequately represent the interests of the Class. Additionally, the Tesla Investor Group has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, the Tesla Investor Group respectfully requests that the Court grant its motion to consolidate the Actions, appoint it as Lead Plaintiff, and approve its choice of counsel.

## SUMMARY OF THE COMPLAINT

Tesla designs, develops, manufactures, and sells electric vehicles, and energy generation and storage systems in the United States, China, Norway, and internationally.

The Actions allege that, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Tesla had not secured funding for the Company's proposed "going-private transaction"; (2) the proposed "going-private transaction" required the approval of Tesla's Board of Directors, not just Tesla's shareholders; (3) Tesla's Board of Directors were unaware whether Tesla secured funding for the proposed transaction; (4) the status and likelihood of the proposed "going-private transaction" was misrepresented to the market because the financing for the proposed transaction had not been secured and because the transaction required the approval of both Tesla's Board of Directors and shareholders; and (5) as a result of the foregoing, Defendants' statements about Tesla's business, operations, and prospects, were materially false and/or misleading and/or lacked a reasonable basis.

On August 16, 2018, during aftermarket hours, *The New York Times* published an article of Defendant Elon Musk's "hourlong interview with The New York Times," wherein "Mr. Musk provided a detailed timeline of the events leading up to the Twitter postings on Aug. 7 in which he said he was considering taking the company private at $420 a share." The article stated that Defendant Musk "acknowledged Thursday that no one had seen or reviewed [the tweet] before he posted it." The article further stated "that [Tesla's] funding, it turned out, was far from secure." According to the article, "Mr. Musk…was referring to a potential investment by Saudi Arabia's government investment fund. Mr. Musk had extensive talks with representatives of the $250 billion fund about possibly financing a

transaction to take Tesla private — maybe even in a manner that would have resulted in the Saudis' owning most of the company. One of those sessions took place on July 31 at the Tesla factory in the Bay Area, according to a person familiar with the meeting. ***But the Saudi fund had not committed to provide any cash, two people briefed on the discussions said***."

On this news, Tesla's stock fell $29.95 per share, or over 8%, from its previous closing price to close at $305.50 per share on August 17, 2018, damaging investors.

On August 24, 2018, Defendant Musk published a post on Tesla's website titled, "Staying Public," wherein Defendant Musk stated that "I met with Tesla's Board of Directors yesterday and let them know that I believe the better path is for Tesla to remain public."

When the true details entered the market, the Actions claim that investors suffered damages.

## ARGUMENT

### I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. THE COURT SHOULD APPOINT THE TESLA INVESTOR GROUP AS LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group that:

i) has either filed the complaint or made a motion in response to an Early Notice;

ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, the Tesla Investor Group meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### B. The Tesla Investor Group is the Most Adequate Plaintiff

The Tesla Investor Group respectfully submits that it is presumptively the "most adequate plaintiff" because it has made a motion in response to an Early Notice, it has the largest financial interest in the relief sought by the Class, and it otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

#### 1. The Tesla Investor Group's Motion is Timely

On August 10, 2018, the Early Notice was published via *PR Newswire*. *See* Declaration of Laurence Hasson ("Hasson Decl."), Ex. A; *Serafimov v. Netopia, Inc.*, 2004 WL 7334061, at *3 (N.D. Cal. Dec. 3, 2004) ("caus[ing] the required notice to be published on *PR Newswire*, [] satisf[ies] the notification requirement"). Accordingly, putative class members had until October 9, 2018 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

The Tesla Investor Group has timely filed its motion in response to the Early Notice. Additionally, it has filed sworn certifications, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to its review of the complaint in this action and its willingness to serve as the representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Hasson Decl., Ex. B. Accordingly, the Tesla Investor Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

#### 2. The Tesla Investor Group Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Tesla Investor Group suffered losses of $1,248,004.49 in connection with its purchases of Tesla securities during the Class Period. *See* Hasson Decl., Ex. C. The Tesla Investor Group is not aware of any other movant that has suffered greater losses in Tesla securities during the Class Period. Accordingly, the Tesla Investor Group has the largest financial interest in this litigation.

### 3. The Tesla Investor Group Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing of its typicality and adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). The Tesla Investor Group satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of Lead Plaintiff under the PSLRA. *Id*.

#### a. The Tesla Investor Group's Claims Are Typical of Those of the Class

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992) (citation omitted).

The Tesla Investor Group's claims are typical of the Class in that it: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named Defendants; and (ii) bases its claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to the Tesla Investor Group as to all members of the Class. Since the Tesla Investor Group's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

00490336;V1

NOT. OF MTN. AND MTN. OF THE TESLA INVESTOR GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF--3:18-cv-04865-EMC

10

### b. The Tesla Investor Group Will Fairly and Adequately Protect the Interests of the Class

In determining whether the adequacy requirement is met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

The Tesla Investor Group is an adequate Lead Plaintiff. The Tesla Investor Group and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of the Tesla Investor Group's substantial financial stake in the litigation, Class members can be assured that it has the incentive to vigorously prosecute the claims.

Additionally, the Tesla Investor Group has demonstrated its adequacy through its selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits.

## III. THE COURT SHOULD APPROVE THE TESLA INVESTOR GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Hasson Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as

well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);
- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);
- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);
- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);
- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and
- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel, Hedin Hall, maintains offices in this District, has extensive securities class action experience, and is admitted to practice in this District. *See* Hasson Decl., Ex. E (Firm Résumé of Hedin Hall). Accordingly, Hedin Hall has the "requisite experience" to serve as Liaison Counsel. *Soto v. Hensler*, 235 F. Supp. 3d 607, 624 (D. Del. 2017) (citing *KBC Asset Mgmt. NV ex rel. Chemed Corp. v. McNamara*, 78 F.Supp.3d 599, 607 n.8 (D. Del. 2015) (discussing role and duties of Liaison Counsel)).

# CONCLUSION

For the foregoing reasons, the Tesla Investor Group respectfully requests that this Court: (1) consolidate the related Actions; (2) appoint it as Lead Plaintiff for these Actions, and all subsequently-filed, related actions; and (3) approve its selection of Bernstein Liebhard as Lead Counsel and Hedin Hall as Liaison Counsel for the proposed Class.

Dated: October 9, 2018

Respectfully submitted,

/s/ David W. Hall

**HEDIN HALL LLP**
David W. Hall
Four Embarcadero Center, Suite 1400
San Francisco, CA  94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email: dhall@hedinhall.com

*Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson
Daniel Sadeh
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  bernstein@bernlieb.com
          lhasson@bernlieb.com
          dsadeh@bernlieb.com

*Counsel for the Tesla Investor Group and Proposed Lead Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I, David W. Hall, hereby certify that on October 9, 2018, a true and correct copy of the annexed **NOTICE OF MOTION AND MOTION OF THE TESLA INVESTOR GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: October 9, 2018                                                    /s/David W. Hall