1  Ramzi Abadou (SBN 222567)
   KAHN SWICK & FOTI, LLP
2  912 Cole Street, # 251
   San Francisco, California 94117
3  Telephone: (504) 455-1400
   Facsimile: (504) 455-1498
4  ramzi.abadou@ksfcounsel.com

5

6  *Counsel for Movant Bridgestone*
   *Investment Corporation Limited*
   *and Proposed Lead Counsel for the Class*
7
   *[Additional counsel on signature page]*
8

9                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
10                        **SAN FRANCISCO DIVISION**

11
   KALMAN ISAACS, individually and on      )
12 behalf of all others similarly situated, )   Case No. 3:18-cv-04865-EMC
                                            )
13              Plaintiff,                  )   <u>CLASS ACTION</u>
                                            )
14              v.                          )   NOTICE OF MOTION, MOTION AND
                                            )   MEMORANDUM OF POINTS AND
15 ELON MUSK and TESLA, INC.,               )   AUTHORITIES IN SUPPORT OF BRIDGESTONE
                                            )   INVESTMENT CORPORATION LIMITED'S
16              Defendants.                 )   MOTION FOR: (I) CONSOLIDATION OF
                                            )   RELATED ACTIONS; (II) APPOINTMENT AS
17                                          )   LEAD PLAINTIFF; AND (III) APPROVAL OF ITS
                                            )   SELECTION OF LEAD COUNSEL
18                                          )
                                            )
19                                          )   Judge:      Hon. Edward M. Chen
                                            )   Date:       November 15, 2018
20                                          )   Time:       1:30 p.m.
                                            )   Courtroom:  Courtroom 5 – 17th Floor
21                                          )
                                            )
22                                          )

23

24

25

26

27

28
NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD
PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

| | | |
|---|---|---|
| 1 | WILLIAM CHAMBERLAIN, on behalf of himself and all other similarly situated, | ) ) | No. 18-cv-04876-EMC |
| 2 | | ) | |
| 3 | Plaintiff, | ) ) | |
| 4 | v. | ) ) | |
| 5 | TESLA, INC., and ELON MUSK, | ) ) | |
| 6 | Defendants. | ) ) | |
| 7 | | ) | |
| 8 | | | |
| 9 | JOHN YEAGER, Individually and on Behalf of All Others Similarly Situated, | ) ) | No. 18-cv-04912-EMC |
| 10 | | ) | |
| 11 | Plaintiff, | ) ) | |
| 12 | v. | ) ) | |
| 13 | TESLA, INC. and ELON MUSK, | ) ) | |
| 14 | Defendants. | ) ) | |
| 15 | | ) | |
| 16 | | | |
| 17 | CARLOS MAIA, on behalf of himself and all others similarly situated, | ) ) | No. 18-cv-04939-EMC |
| 18 | | ) | |
| 19 | Plaintiff, | ) ) | |
| 20 | v. | ) ) | |
| 21 | TESLA, INC. and ELON R. MUSK, | ) ) | |
| 22 | Defendants. | ) ) | |
| 23 | | ) | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

1    KEWAL DUA, Individually and on Behalf          )    No. 18-cv-04948-EMC
     of All Others Similarly Situated,               )
2                                                     )
                                                      )
3                   Plaintiff,                        )
                                                      )
4                      v.                             )
                                                      )
5    TESLA, INC. and ELON MUSK,                      )
                                                      )
6                   Defendants.                       )
                                                      )
7                                                     )

8

9    JOSHUA HORWITZ, Individually and on            )    No. 18-cv-05258-EMC
     Behalf of All Others Similarly Situated,         )
10                                                    )
                                                      )
11                  Plaintiff,                        )
                                                      )
12                     v.                             )
                                                      )
13   TESLA, INC. and ELON R. MUSK,                   )
                                                      )
14                  Defendants.                       )
                                                      )
15                                                    )

16

17   ANDREW E. LEFT, Individually and on            )    No. 18-cv-05463-EMC
     Behalf of All Others Similarly Situated,         )
18                                                    )
                                                      )
19                  Plaintiff,                        )
                                                      )
20                     v.                             )
                                                      )
21   TESLA, INC., and ELON R. MUSK,                  )
                                                      )
22                  Defendants.                       )
                                                      )
23                                                    )

24

25

26

27

28
NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD
PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

| | | |
|---|---|---|
| 1 | ZHI XING FAN, Individually and On Behalf of All Others Similarly Situated, | ) ) | No. 18-cv-05470-EMC |
| 2 | | ) | |
| 3 | Plaintiff, | ) ) | |
| 4 | v. | ) ) | |
| 5 | TESLA, INC. and ELON R. MUSK, | ) ) | |
| 6 | Defendants. | ) ) | |
| 7 | | ) ) | |
| 8 | SHAHRAM SODEIFI, Individually | ) ) | No. 18-cv-05899-EMC |
| 9 | and on behalf of all others similarly | ) | |
| 10 | situated, | ) ) | |
| 11 | Plaintiff, | ) ) | |
| 12 | v. | ) ) | |
| 13 | TESLA, INC., a Delaware | ) ) | |
| 14 | corporation, and ELON R. MUSK, an individual, | ) ) | |
| 15 | Defendants. | ) ) | |

NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

1

## NOTICE OF MOTION AND MOTION

2

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

3        PLEASE TAKE NOTICE that at 1:30 P.M. on November 15, 2018, or as soon thereafter as

4    the matter may be heard, before the Honorable Edward M. Chen, United States District Court,

5    Northern District of California, San Francisco Courthouse, Courtroom 5 - 17th Floor, 450 Golden

6    Gate Avenue, San Francisco, CA 94102, Bridgestone Investment Corporation Limited

7    ("Bridgestone") will and hereby does move for an order (i) consolidating all related actions pursuant

8    to Fed. R. Civ. P. 42(a); (ii) appointing Bridgestone as Lead Plaintiff pursuant to the Securities

9    Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation

10   Reform Act of 1995 ("PSLRA"); and (iii) approving of Bridgestone's selection of Kahn Swick &

11   Foti, LLC ("KSF") as Lead Counsel for the Class.

12        This motion is based on this Notice of Motion and Motion, the Memorandum of Points and

13   Authorities in Support Thereof, the attached declarations and exhibits, the pleadings on file in this

14   action, oral argument, and such other matters as the Court may consider in hearing this motion.

15   Bridgestone makes this Motion with the belief that it is the "most adequate plaintiff" as defined by

16   the PSLRA.  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). As demonstrated in the

17   Certification and Loss Chart attached to the Declaration of Ramzi Abadou in Support of Bridgestone

18   Investment Corporation Limited's Motion For: (I) Consolidation of Related Actions; (II)

19   Appointment as Lead Plaintiff; and (III) For Approval of its Selection of Lead Counsel ("Abadou

20   Decl.") (Exhibits A and B), Bridgestone: (i) has the largest financial interest in the relief sought by

21   the class; and (ii) satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23.

22                    ## STATEMENT OF ISSUES TO BE DECIDED

23        1.  Whether the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a);

24        2.  Whether Bridgestone should be appointed Lead Plaintiff pursuant to the PSLRA; and

25        3.  Whether the Court should approve Bridgestone's selection of KSF as Lead Counsel.

26

27

28

NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD
PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 3:18-CV-04865-EMC

1

1

## **PROCEDURAL BACKGROUND**

The first lawsuit against defendants, *Isaacs v. Elon Musk and Tesla, Inc.*, Case No. 3:18-cv-04865, was filed on August 10, 2018 (the "*Isaacs* Action") alleging violations of §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. §240.10b-5 promulgated thereunder. Several related cases were filed in the following weeks (the "Related Actions"):[1]

| **CASE NAME** | **CASE NO.** |
|---|---|
| *Isaacs v. Musk and Tesla, Inc.* | 18-cv-04865 |
| *Chamberlain v. Tesla, Inc. and Musk* | 18-cv-04876 |
| *Yeager v. Tesla, Inc. and Musk* | 18-cv-04912 |
| *Maia v. Tesla, Inc. and Musk* | 18-cv-04939 |
| *Dua v. Tesla, Inc. and Musk* | 18-cv-04948 |
| *Horwitz v. Tesla, Inc. and Musk* | 18-cv-05258 |
| *Left v. Tesla, Inc. and Musk* | 18-cv-05463 |
| *Fan v. Tesla, Inc. and Musk* | 18-cv-05470 |
| *Sodeifi v. Tesla, Inc. and Musk* | 18-cv-05899 |

All actions are brought pursuant to the Exchange Act on behalf of all persons or entities who transacted in Tesla securities between August 7, 2018 and August 17, 2018, inclusive ("the Class Period").[2] The Exchange Act claims allege that Defendant Elon Musk engaged in a fraudulent scheme to artificially inflate the prices of Tesla securities during the Class Period as set forth below.

## **STATEMENT OF FACTS**

Tesla, Inc. ("Tesla" or the "Company") trades on the NASDAQ Exchange under the ticker symbol "TSLA." Tesla manufactures electric vehicles, solar energy products and energy storage products. Defendant Elon Musk is the Chief Executive Officer and Chairman of the Company. The

---

[1]   On August 10, 2018, the first notice that a class action had been initiated was published on *PR Newswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than October 9, 2018. *See* Abadou Decl., Ex. C. Bridgestone has timely filed this motion within the 60-day period following publication of the August 10, 2018 notice.

[2]   The *Maia* action asserts an indterminable class definition brought "on behalf of all persons and entities who purchased the publicly traded securities of Tesla from at least *as early as* August 7, 2018 through August 14, 2018, inclusive." *Id.* at ¶1 (emphasis added).

NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 3:18-CV-04865-EMC

2

1   Related Actions allege that, during the Class Period, Musk made false and/or misleading statements

2   to artificially manipulate Tesla's stock price.

3       The Class Period begins on August 7, 2018, when Musk falsely represented on Twitter.com:

4   "Am considering taking Tesla private at $420. Funding secured." In the following hours, Musk made

5   several similar announcements on the platform discussing the details of how the Company would

6   transition to becoming privately held. These announcements drove Tesla's stock price up to a high of

7   $387.46 on August 7, 2018, an increase of $45.47 above the previous day's closing price.

8       On August 13, 2018, Musk posted a statement to the Company's corporate website

9   misrepresenting that the purported funding described in his previous announcements referred to

10  conversations he had with the managing director of a Saudi Arabian ("Saudi Fund") sovereign

11  wealth fund. Musk described that the director "strongly expressed his support for funding a going

12  private transaction for Tesla" during a July 31, 2018 meeting, and that Musk left the meeting "with

13  no question that a deal with the Saudi sovereign fund could be closed."  The same day, Musk

14  tweeted that he was "excited to work with Silver Lake and Goldman Sachs as financial advisors" for

15  the transaction.

16      On August 14, 2018, *Bloomberg* reported that neither Goldman Sachs nor Silver Lake were

17  yet working with Musk pursuant to a signed agreement or in an official capacity. Tesla's stock price

18  fell $8.77, to close at $347.64 per share on August 14, 2018 in response to this partial disclosure.  On

19  August 17, 2018, the *New York Times* revealed that the Saudi Fund had not committed to funding to

20  take Tesla private. On this news, Tesla's stock dropped $29.95 per share, to close at $305.50 on

21  August 17, 2018 – a drop of nearly ten percent of the value of its share price at closing the prior day.

22                                          **ARGUMENT**

23  **I.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS**

24      Consolidation of securities class actions is appropriate where, as here, the actions involve

25  common questions of law and fact. *See Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist.

26

27

28

LEXIS 89401, at *4 (N.D. Cal. May 29, 2018).[3] Courts recognize that securities class actions, in particular, are ideally suited to consolidation pursuant to Fed. R. Civ. P. 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of parties and witnesses for inquiries in multiple proceedings and minimizes the expenditure of time and money by all concerned persons.  *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). Here, the Related Actions are well-suited for consolidation.

All of the Related Actions identify August 7, 2018 as the first day Defendants are alleged to have made a materially false statement.  The Related Actions, however, allege a range of class period end dates, with the earliest end date being August 8, 2018 (the *Isaacs* and *Dua* actions) and the latest being August 17, 2018 (the *Horwitz, Left* and *Fan* actions). This motion treats the Class Period as ending on August 17, 2018.  *See Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *27 (N.D. Cal. July 2, 2013) (using the longest class period proposed at the lead plaintiff stage) (Chen, J.).  Further, certain class definitions include purchasers or sellers of Tesla securities (*see, e.g.*, the *Chamberlain, Left* and *Sodefi* actions), while others include ***only*** purchasers (*see, e.g.,* the *Isaacs, Yeager, Maia, Horwitz,* and *Fan* actions) following Musk's August 7, 2018 misrepresentation.

Nevertheless, each involves nearly identical allegations that Defendants made false and misleading statements concerning the Company's business operations during the Class Period.  The Related Actions also involve common legal issues by asserting claims under §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.   Furthermore, consolidation is appropriate in securities cases where the complaints rely on the same public statements by Defendants and, as here, similar proposed class periods.  *See Impax*, 2013 U.S. Dist. LEXIS 93119, at *9-10. Accordingly, this Court should consolidate the Related Actions.[4]

---

[3]      All emphasis added and internal citations omitted unless otherwise noted.

[4]      By seeking consolidation, Bridgestone does not waive its right to challenge proposed lead plaintiffs who file lead plaintiff motions based on class definitions that include short-sellers.  *See In re Critical Path*, 156 F. Supp. 2d 1102, 1109-1110 (N.D. Cal. 2001).

## II.    BRIDGESTONE SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A.    The PSLRA's Procedural Requirements

The PSLRA establishes the procedure to select a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Isaacs* Action published a notice on *PR Newswire* on August 10, 2018.  *See* Abadou Decl., Ex. C.[5] This notice announced that motions for appointment as lead plaintiff were to be filed no later than October 9, 2018.  Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the investor that the Court determines to be most capable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa)  has either filed the complaint or made a motion in response to a notice…
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Only by a showing of proof that a lead plaintiff will not fairly and adequately represent the

---

[5]      Online wire services are suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009).

NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 3:18-CV-04865-EMC

5

Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the putative class, will this presumption be overcome. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

**B.  Bridgestone is the "Most Adequate Plaintiff"**

**1.  Bridgestone Has Complied With the PLSRA**

Bridgestone has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing this motion. Moreover, Bridgestone has sustained a substantial loss from its investment in Tesla securities, and has shown its willingness to represent the class, as demonstrated by its principal, Mr. Jian Liu, executing a Certification detailing Bridgestone's Tesla transactions during the Class Period. *See* Abadou Decl., Ex. A.  In addition, Bridgestone has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. *See* Abadou Decl., Ex. D.

**2.  Bridgestone Believes it has the "Largest Financial Interest" in the Relief Sought by the Class**

 "As long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he or she is entitled to lead plaintiff status." *GGCC, LLC v. Dynamic Ledger Sols.*, *Inc.*, No. 17-cv-06779-RS, 2018 U.S. Dist. LEXIS 43728, at *12 (N.D. Cal. Mar. 16, 2018).  Using the alleged purchaser only class definitions, Bridgestone suffered a loss of approximately $2.3 million from its purchases of Tesla securities between August 7, 2018 and August 17, 2018.  *See* Abadou Decl, Ex. B.  Using the alleged purchased or sold class definitions, Bridgestone suffered a loss of approximately $3.9 million from its transactions in Tesla securities between August 7, 2018 and August 17, 2018.  *See* Abadou Decl., Ex. E.  Bridgestone believes that, under either measure, it has the largest financial interest in the relief sought by the putative class.

**3.  Bridgestone Satisfies the Requirements of Rule 23**

A proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification, only two— typicality and adequacy—directly address the personal characteristics of a proposed lead plaintiff.

1  *See Kim v. Advanced Micro Devices, Inc.*, No. 5:18-cv-00321-EJD, 2018 U.S. Dist. LEXIS 98172, at

2  \*5 (N.D. Cal. June 11, 2018) ("When ruling on a motion for appointment as lead plaintiff, the main

3  focus is on the typicality and adequacy requirements of Rule 23."). Consequently, in deciding a

4  motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy

5  prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff

6  moves for class certification. *See Gudimetla v. Ambow Educ. Holding Ltd.,* No. CV 12-5062 PSG

7  (AJWx), 2012 U.S. Dist. LEXIS 195807, at \*9 (C.D. Cal. Nov. 19, 2012). As detailed below,

8  Bridgestone satisfies both the typicality and adequacy requirements of Rule 23.

9  ### a.   Bridgestone's Claims Are Typical

10  Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are

11  "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when

12  the representative plaintiff's claims arise from the same event or course of conduct that gives rise to

13  claims of other class members, and when the claims are based on the same legal theory. *See*

14  *Gudimetla,* 2012 U.S. Dist. LEXIS 195807, at \*9. The requirement that the proposed class

15  representative's claims be typical of the claims of the class does not mean, however, that the claims

16  must be identical. *See Just Film, Inc. v. Buono,* 847 F.3d 1108, 1116 (9th Cir. 2017). Here, the

17  typicality requirement is met because Bridgestone's claims are identical, non-competing and non-

18  conflicting with the claims of other putative class members. Bridgestone and the putative class

19  transacted in Tesla securities during the Class Period when the Company's stock price was

20  artificially inflated as a result of Defendants' alleged misrepresentations.

21  Thus, both Bridgestone and the putative class suffered damages as a result of these

22  purchases. Bridgestone, like all other putative class members: (1) transacted in Tesla securities

23  during the Class Period; (2) transacted in Tesla securities at artificially-inflated prices as a result of

24  Defendants' misrepresentations and omissions; and (3) suffered damages as a result of the alleged

25  misrepresentations.  Accordingly, Bridgestone's claims and injuries arise from the same conduct

26  from which the other class members' claims and injuries arise. *See Gudimetla,* 2012 U.S. Dist.

27  LEXIS 195807, at \*9.

28
NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD
PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

1

### b. Bridgestone Will Adequately Represent the Class

2     Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests

3 of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of

4 Bridgestone to: (1) whether there are any conflicts between its interests and the members of the

5 Class; (2) whether its interests are aligned with those of other members of the Class; and (3) whether

6 there is evidence of any antagonism between their respective interests. *Ziolkowski v. Netflix, Inc.*,

7 No. 17-cv-01070-HSG, 2017 U.S. Dist. LEXIS 91848, at \*9-10 (N.D. Cal. June 14, 2017).

8     Bridgestone's interests are clearly aligned with the members of the putative class because

9 its claims are identical to that of the putative class. Bridgestone transacted in Tesla common stock

10 and options during the putative Class Period and incurred substantial losses as a result thereof. *See*

11 *Hall v. Medicis Pharm. Corp.,* No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093, at \*12

12 (D. Ariz. Mar. 10, 2009); *see also In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 155 (N.D. Cal.

13 1991). Accordingly, there is no evidence of antagonism between Bridgestone's interests and those

14 of the proposed class. Bridgestone also has a significant, compelling interest in prosecuting this

15 action to a successful conclusion based upon the financial loss it incurred as a direct result of

16 Defendants' alleged wrongful conduct. Further, as set forth below, Bridgestone has selected a law

17 firm highly experienced in successfully prosecuting securities class actions and complex litigation,

18 as Proposed Lead Counsel.

19 ### III. THE COURT SHOULD APPROVE BRIDGESTONE'S CHOICE OF COUNSEL

20     The PSLRA vests authority in the appointed Lead Plaintiff to select and retain counsel to

21 represent the putative class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This

22 Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the

23 interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Bridgestone has selected KSF to serve

24 as Lead Counsel for the putative class, a firm with substantial expertise in the prosecution of

25 securities class actions in federal and state courts across the country. *See* Abadou Decl., Ex. D.

26     As a national law firm with a presence in Louisiana, California and New York, KSF is well

27 qualified to serve as Lead Counsel. *See* Abadou Decl., Ex. D; *see also Kasper v. AAC Holdings,*

28
NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 3:18-CV-04865-EMC

8

1  *Inc.*, No. 15-cv-00923-JPM-jsf, 2017 U.S. Dist. LEXIS 109608, at *42-43 (M.D. Tenn. July 14,

2  2017) (appointing KSF as co-class counsel at class certification, finding that it satisfied the

3  requirements of Rule 23(g)). The firm has been appointed as lead counsel by many federal courts,

4  including several in this Circuit.  *See Ziolkowski*, 2017 U.S. Dist. LEXIS 91848, at *11; *see also In*

5  *re Orexigen Therapeutics, Inc. Securities Litigation*, No. 15-cv-00540-JLS, slip op. at *6 (S.D. Cal.

6  June 22, 2015) (appointing KSF sole lead counsel and finding that the "Kahn Swick & Foti firm has

7  extensive experience in the prosecution of securities class actions and it appears that it will

8  adequately represent the interests of all class members."); *In re CytRx Corp. Sec. Litig.*, Case No. 14-

9  cv-01956-GHK ("Based on the firm's résumé and experience with class action securities litigation . .

10  . the Court is satisfied that Kahn, Swick & Foti, LLC is qualified to serve as lead counsel in this

11  case.") (C.D. Cal. June 13, 2014).

12  KSF also served as co-counsel to the lead plaintiff in the *Halliburton* securities litigation

13  matter where KSF twice prevailed before the United States Supreme Court and obtained a $100

14  million recovery for the class.  *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014);

15  see also *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 131 S. Ct. 2179 (2011).  Thus,

16  the Court may be assured that in granting this motion, the class will receive legal representation of

17  the highest caliber from KSF.  *See id*.

**CONCLUSION**

19  For all of the foregoing reasons, Bridgestone Investment Corporation Limited respectfully

20  requests that this Court: (1) consolidate the Related Actions, (2) appoint it as Lead Plaintiff; (3)

21  approve its selection of Lead Counsel; (4) grant such other and further relief as the Court may deem

22  just and proper.

23  Dated: October 9, 2018                     Respectfully Submitted,

24                                             KAHN SWICK & FOTI, LLP

25                                             By:   */s/ Ramzi Abadou*

26                                             Ramzi Abadou (SBN 222567)
                                               ramzi.abadou@ksfcounsel.com
27                                             KAHN SWICK & FOTI, LLP

28  NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD          CASE NO. 3:18-CV-04865-EMC
PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

1

2

912 Cole Street, # 251
San Francisco, California 94117
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

3

4

-and-

5

6

KAHN SWICK & FOTI, LLC
Lewis S. Kahn (*pro hac vice to be submitted*)
Alexander L. Burns (*pro hac vice to be submitted*)
Alayne K. Gobeille (*pro hac vice to be submitted*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com

7

8

9

10

11

12

13

*Counsel for Movant Bridgestone Investment*
*Corporation Limited and Proposed Lead Counsel*
*for the Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:18-CV-04865-EMC

NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD
PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

10

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on October 9, 2018, I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system which will send notification of such filing to the e-mail

4

addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that

5

I have mailed the foregoing document or paper via the United States Postal Service to the non-

6

CM/ECF participants indicated on the attached Manual Notice List.

7

8

*/s/ Ramzi Abadou*
RAMZI ABADOU

9

10

**Mailing Information for a Case 3:18-cv-04865-EMC Isaacs v. Musk et al**

11

**Electronic Mail Notice List**

12

The following are those who are currently on the list to receive e-mail notices for this case.

13

14

• Jennifer Corinne Bretan
jbretan@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,
aepstein@fenwick.com

15

16

• Mario Man-Lung Choi
mchoi@kaplanfox.com

17

18

• Eric Marc George
egeorge@bgrfirm.com,khall@bgrfirm.com,cbonilla@bgrfirm.com

19

• Ashley Conrad Keller
ack@kellerlenkner.com

20

21

• Dean S. Kristy
dkristy@fenwick.com,kayoung@fenwick.com,lkelleybourne@fenwick.com

22

23

• Mara Rachelle Ludmer
mludmer@fenwick.com

24

• Uri Seth Ottensoser
so@kellerlenkner.com

25

26

• Carl Alan Roth
croth@bgrfirm.com,lburns@bgrfirm.com

27

28

NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD
PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

CASE NO. 3:18-CV-04865-EMC

1

**Manual Notice List**

2

The following is the list of attorneys who are not on the list to receive e-mail notices for this case

3

(who therefore require manual noticing). You may wish to use your mouse to select and copy this

4

list into your word processing program in order to create notices or labels for these recipients.

5

• (No manual recipients)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR: (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD
PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL