**KELLER LENKNER LLC**
Ashley C. Keller (*admitted pro hac vice*)
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 741-5222
ack@kellerlenkner.com

**KELLER LENKNER LLC**
U. Seth Ottensoser (*admitted pro hac vice*)
1330 Avenue of the Americas, Suite 23A
New York, NY 10019
Telephone: (212) 653-9715
so@kellerlenkner.com

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
David J. Schwartz
Francis P. McConville
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
dschwartz@labaton.com
fmcconville@labaton.com

*Counsel for the Tesla Investor Group and*
*Proposed Co-Lead Counsel for the Class*
[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KALMAN ISAACS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK and TESLA, INC,<br><br>Defendants. | Case No. 3:18-cv-04865-EMC<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF THE TESLA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:            November 15, 2018<br>Time:            1:30 p.m.<br>Courtroom:   5 – 17th Floor<br>Judge:          Hon. Edward M. Chen |

*(caption continues on the following pages)*

| | |
|---|---|
| WILLIAM CHAMBERLAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA INC., and ELON MUSK,<br><br>Defendants. | Case No. 3:18-cv-04876-EMC |
| JOHN YEAGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON MUSK,<br><br>Defendants. | Case No. 3:18-cv-04912-EMC |
| CARLOS MAIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No. 3:18-cv-04939-EMC |
| KEWAL DUA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON MUSK,<br><br>Defendants. | Case No. 3:18-cv-04948-EMC |

*(caption continues on the following page)*

| | |
|---|---|
| JOSHUA HORWITZ, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:18-cv-05258-EMC |
| Plaintiff, | |
| v. | |
| TESLA INC., and ELON R. MUSK, | |
| Defendants. | |
| ANDREW E. LEFT, Individually and on Behalf of All Others Similarly Situated, | Case No.  3:18-cv-05463-EMC |
| Plaintiff, | |
| v. | |
| TESLA INC., and ELON R. MUSK, | |
| Defendants. | |
| ZHI XING FAN, Individually and on Behalf of All Others Similarly Situated, | Case No.  4:18-cv-05470-EMC |
| Plaintiff, | |
| v. | |
| TESLA INC., and ELON R. MUSK, | |
| Defendants. | |
| SHAHRAM SODEIFI, Individually and on Behalf of All Others Similarly Situated, | Case No.  3:18-cv-05899-EMC |
| Plaintiff, | |
| v. | |
| TESLA, INC., a Delaware corporation, and ELON R. MUSK, an individual, | |
| Defendants. | |

1

## TABLE OF CONTENTS

2 TABLE OF AUTHORITIES ...................................................................................................ii

3 NOTICE OF MOTION AND MOTION ..................................................................................1

4 MEMORANDUM OF POINTS AND AUTHORITIES .........................................................2

5 I.      STATEMENT OF THE ISSUES TO BE DECIDED.................................................2

6 II.     PRELIMINARY STATEMENT ................................................................................2

7 III.    FACTUAL BACKGROUND .....................................................................................4

8 IV.     ARGUMENT .............................................................................................................6

9         A.      The Actions Should Be Consolidated ..............................................................6

10        B.      The Tesla Investor Group Should Be Appointed Lead Plaintiff.........................7

11                1.      The PSLRA Standard For Appointing Lead Plaintiff..............................7

12        C.      The Tesla Investor Group Is The "Most Adequate Plaintiff" ...............................8

13                1.      The Tesla Investor Group Satisfied The PSLRA's
                          Procedural Requirements .......................................................................8
14
                2.      The Tesla Investor Group Has The Largest Financial
15                        Interest In The Outcome Of The Action ................................................8

16                3.      The Tesla Investor Group Otherwise Satisfies Rule 23's
                          Typicality And Adequacy Requirements.................................................9
17
                4.      The Tesla Investor Group Is Precisely The Type Of Lead
18                        Plaintiff Group Envisioned By The PSLRA ...........................................10

19        D.      The Court Should Approve the Tesla Investor Group's Choice Of
                  Counsel ...........................................................................................................12
20
   CONCLUSION......................................................................................................................14
21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Bruce v. Suntech Power Holdings Co.*,
5
    No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012)...................................11

6

*In re Cohen v. U.S. Dist. Ct.*,
    586 F.3d 703 (9th Cir. 2009) ............................................................................................12

7

*Hughes v. Experian Info. Sols., Inc.*,
8
    No. 16-cv-05681-JST, 2017 WL 975969 (N.D. Cal. Mar. 13, 2017)........................................6

9

*Johnson v. OCZ Tech. Grp., Inc.*,
10
    No. CV 12-05265 RS, 2013 WL 75774 (N.D. Cal. Jan. 4, 2013) ....................................10, 11

11

*Markette v. XOMA Corp.*,
    No. 15-cv-03425-HSG, 2016 WL 2902286 (N.D. Cal. May 13, 2016) ...............................10

12

*In re MGM Mirage Sec. Litig.*,
13
    No. 2:09-cv-01558-GMN-LRI, 2010 WL 4316754 (D. Nev. Oct. 25, 2010) .........................9

14

*Pace v. Quintanilla*,
15
    No. 2:14-cv-2067-DOC-KES, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014)........................8

16

*In re Spectrum Pharm., Inc.*,
    No. 2:13-cv-00433-LDG (CWH), 2014 WL 1394162 (D. Nev. Mar. 20, 2014) ....................8

17

*Staton v. Boeing Co.*,
18
    327 F.3d 938 (9th Cir. 2003) ..............................................................................................9

19

*Stocke v. Shuffle Master, Inc.*,
20
    No. 2:07-CV-00715-KJD-RJJ, 2007 WL 4262723 (D. Nev. Nov. 30, 2007) ....................9, 10

21

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) .................................................................................6

22

*In re Versata, Inc., Sec. Litig.*,
23
    No. C 01-1439 SI, 2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ..........................10, 11, 12

24

**Rules & Statutes**

25

Fed. R. Civ. P. 42(a) ......................................................................................................2, 6

26

Fed. R. Civ. P. 23................................................................................................... *passim*

27

15 U.S.C. 78u-4(a) *et seq*..................................................................................... *passim*

28

**Docketed Cases**

*In re Aetna, Inc. Sec. Litig.*,
 (E.D. Pa.)..................................................................................................................13

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
 No. 04-cv-8141 (S.D.N.Y.)......................................................................................13

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
 No. 08-md-1963 (S.D.N.Y.) ....................................................................................13

*City of Austin Police & Ret. Fund v. Kinross Gold Corp.*
 (S.D.N.Y.)................................................................................................................13

*In re Countrywide Fin. Corp. Sec. Litig.*,
 No. 07-cv-5295 (C.D. Cal.) .....................................................................................14

*In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litig.*
 (Del. Ch.) .................................................................................................................13

*In re Goldman Sachs Grp., Inc. Sec. Litig.*,
 No. 10-cv-03461 (S.D.N.Y.).....................................................................................14

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*
 (S.D.N.Y.)................................................................................................................13

*In re Triton Energy Ltd. Sec. Litig.*
 (E.D. Tex.) ...............................................................................................................13

*Walleye Trading LLC v. AbbVie*,
 No. 18-cv-05114 (N.D. Ill.) .....................................................................................13

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N 730. ...............................13

1

## NOTICE OF MOTION AND MOTION

2  **TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

3         **PLEASE TAKE NOTICE** that Lead Plaintiff movants Andrew E. Left, PROtecto

4  Informatikai Szolgáltató Korlátolt Felelősségű Társaság, Thierry Boutin, Dr. Abrar Shirazi, and

5  Vilas Capital Management, LLC (collectively, the "Tesla Investor Group"), by and through their

6  counsel, hereby move this Court in Courtroom 5-17th Floor of the Honorable Edward M. Chen

7  at the United States District Court, Northern District of California, San Francisco Courthouse,

8  450 Golden Gate Avenue, San Francisco, California 94102, on November 15, 2018 at 1:30 p.m.,

9  or as soon thereafter as the matter may be heard, for the entry of an Order: (1) consolidating the

10 above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

11 (2) appointing the Tesla Investor Group as Lead Plaintiff pursuant to the Private Securities

12 Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; (3) approving the Tesla

13 Investor Group's selection of Keller Lenkner LLC ("Keller Lenkner") and Labaton Sucharow

14 LLP ("Labaton Sucharow") as Co-Lead Counsel and Kerr & Wagstaffe LLP as Liaison Counsel

15 for the Class (the "Motion"); and (4) granting such other and further relief as the Court may

16 deem just and proper.

17        This Motion is made on the grounds that the Tesla Investor Group believes it is the "most

18 adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff.

19 Specifically, the Tesla Investor Group believes it has the "largest financial interest" in the relief

20 sought by the Class in this litigation.  The Tesla Investor Group is a small, cohesive group of

21 investors with a substantial financial stake in the litigation that will provide effective monitoring

22 and supervision of counsel.  The Tesla Investor Group also otherwise satisfies the requirements

23 of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of

24 other Class members' claims, and because it will fairly and adequately represent the Class.

25        This Motion is based upon the accompanying Memorandum of Law in support thereof,

26 the Declaration of James M. Wagstaffe ("Wagstaffe Decl.") filed herewith, the pleadings and

27 other filings herein, and such other written or oral argument as may be permitted by the Court.

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF THE ISSUES TO BE DECIDED

1.  Whether the Court should consolidate the above-captioned related class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.  Whether the Court should appoint the Tesla Investor Group as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.  Whether the Court should approve of the Tesla Investor Group's selection of Keller Lenkner and Labaton Sucharow as Co-Lead Counsel for the Class, and Kerr & Wagstaffe LLP as Liaison Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### II.  PRELIMINARY STATEMENT

The Tesla Investor Group—comprised of sophisticated and experienced investors with collective losses in excess of ***$4.5 million*** on their transactions in Tesla securities—respectfully submits that it should be appointed Lead Plaintiff in this litigation on behalf of all injured purchasers and sellers (the "Class") of Tesla Inc. ("Tesla" or the "Company") securities between August 7, 2018 and August 17, 2018, inclusive (the "Class Period").  All of the above-captioned actions charge Tesla and its Chief Executive Officer Elon Musk (collectively, "Defendants") with violations of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.

In securities class actions, the PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Here, the actions should be consolidated because they each involve identical legal and factual questions.  *See* Fed. R. Civ. P. 42(a); § IV.A., *infra*.

As soon as practicable after its decision on consolidation, pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which "person or group of persons" of the Class has the "largest financial interest" in the relief sought in this litigation, and also whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The Tesla Investor Group respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA.  As set forth in detail below, the Tesla Investor Group incurred more than *$4,582,035* in combined losses as a result of its transactions in Tesla securities during the Class Period.[1]   In light of this significant loss, the Tesla Investor Group has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant.

The Tesla Investor Group also meets the typicality and adequacy requirements of Rule 23 as required by the PSLRA, because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class.  The Tesla Investor Group, a small, cohesive group of sophisticated investors—composed of experienced investors who were long-only buyers who purchased shares in anticipation of a go-private transaction, short sellers who bought to cover their positions, and investors who traded options in reliance on Elon Musk's misstatements—provides the Class with the broadest representation and ensures that the interest of all Class members will be adequately represented and protected in this litigation.  Accordingly, the Tesla Investor Group is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Further, as set forth in greater detail in the Joint Declaration of the Tesla Investor Group ("Joint Decl.") submitted herewith, each group member fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.  *See* Wagstaffe Decl. Ex. D.  As part of their effort to formalize their leadership over this action, representatives from the Tesla Investor Group held a joint conference call to discuss the merits of

---

[1]   Copies of the PSLRA-required Certifications are attached as Exhibit A to the accompanying Wagstaffe Decl., which sets forth all transactions for members of the Tesla Investor Group in Tesla securities during the Class Period.  In addition, a chart reflecting the calculation of the Tesla Investor Group's losses as a result of its Class Period transactions in Tesla shares is attached as Exhibit B to the Wagstaffe Decl.

1   the actions, their shared desire to maximize the recovery for all Class members, as well as their
2   joint litigation strategy, which includes, among other things, the attached proposed motion to
3   partially lift the PSLRA discovery stay (*see* Wagstaffe Decl. Ex. H)—providing further evidence
4   of their commitment and ability to effectively prosecute this action.

5       The Tesla Investor Group has also demonstrated its adequacy through its selection of
6   Keller Lenkner and Labaton Sucharow as Co-Lead Counsel on behalf of the Class.  Both law
7   firms are nationally recognized firms that have collectively recovered billions of dollars for the
8   benefit of injured investors, and have the expertise and resources necessary to handle litigation of
9   this complexity and scale.  Moreover, Kerr & Wagstaffe LLP, a San Francisco-based firm, also
10  has a distinguished record representing plaintiffs in securities class actions such as the instant
11  case.

12      Accordingly, the Tesla Investor Group requests that the Court appoint it as Lead Plaintiff
13  for the Class and otherwise grant its Motion.

14  **III.   FACTUAL BACKGROUND**

15      Tesla is a publicly traded company that manufactures and sells electric cars.  As detailed
16  below, Defendants artificially manipulated the price of Tesla securities to harm the Company's
17  short-sellers, and in the process, injured many investors in Tesla securities by issuing materially
18  false and misleading information. Defendants' fraudulent scheme started on August 7, 2018,
19  when Defendant Musk, via his verified personal Twitter account, issued the following tweet:
20  "Am considering taking Tesla private at $420. Funding secured." Later that day, Defendant
21  Musk issued another tweet, stating: "Investor support is confirmed. Only reason why this is not
22  certain is that it's contingent on a shareholder vote."

23      Following these tweets, Tesla's stock price surged, reaching an intraday high of $387.46
24  per share, before closing at $379.57 per share August 7, 2018, a nearly 11 percent jump from the
25  previous closing price. Trading volume spiked to 30 million shares (compared to an average
26  daily volume of 8 million), representing over $11 billion of purchases in the open market. In
27  response to the tweets, many Tesla short-sellers were forced to cover their positions at artificially
28  high prices, losing approximately $1.3 billion in a single day, according to media reports.

Questions about the veracity of Musk's tweets began to emerge late in the day on August 8, 2018, when *The Wall Street Journal* published an article entitled "SEC Probes Tesla CEO Musk's Tweets," reporting that U.S. regulators were inquiring into whether "Elon Musk was truthful when he tweeted that he had secured funding" for the proposed buyout of Tesla. According to the report, SEC officials wanted to know if Musk had a "factual basis" for posting "that the going-private transaction was all but certain, with only a shareholder vote needed to pull it off."

Based on the uncertainty of the deal, and news of the SEC probe, Tesla's stock price fell $9.23 per share, or 2.43 percent, to close at $370.34 on August 8, 2018.  Then, on the next day, August 9, 2018, Tesla's stock price fell an additional $17.89 per share, or 4.83%, to close at $352.45 per share.

On August 13, 2018, Musk tweeted: "I'm excited to work with Silver Lake and Goldman Sachs as financial advisors, plus Wachtell, Lipton, Rosen & Katz and Munger, Tolles & Olson as legal advisors, on the proposal to take Tesla private."  In response to this Tweet, on August 13, 2018, Tesla shares hit an intra-day high of $363.19 per share.

On August 14, 2018, contrary to Musk's previous day tweets, *Bloomberg* published an article entitled "Goldman's Missing Mandate Adds to Clues Musk Tweeted Out of Turn," reporting that neither Goldman Sachs nor Silver Lake were yet working with Musk pursuant to a signed agreement or in an official capacity when Musk said on Twitter late Monday, August 13, 2018, both firms were working with him as financial advisers.

Following these revelations, Tesla's stock price fell $8.77 per share, or 2.46 percent, to close at $347.64 per share on August 14. 2018.

On August 16, 2018, after the market close, *The New York Times* published an in-depth interview with Musk entitled "Elon Musk Details 'Excruciating' Personal Toll of Tesla Turmoil," which revealed the stress Musk had been under, his use of Ambien, and the manner in which the August 7, 2018 tweet had been conceived.

On this news, Tesla's stock price fell $29.95 per share or 8.92 percent, to close at $305.50 per share on August 17, 2018.

1    Defendant Elon Musk artificially manipulated the price of Tesla securities with multiple

2    objectively false tweets in order to "burn" the Company's short-sellers. In the succeeding days,

3    despite additional false and misleading Musk tweets, the truth regarding the supposedly "secure"

4    financing needed to effectuate the going-private transaction began to emerge, exposing the

5    fraudulent scheme, and in the process, injuring Class Period investors as the price of Tesla

6    securities deteriorated rapidly.

7    As a result of Defendants' wrongful acts and misleading statements, and the precipitous

8    artificial inflation in the market value of the Company's securities and subsequent decline, the

9    Tesla Investor Group and other Class members have suffered significant losses and damages.

10   ## IV.    ARGUMENT

11   ### A.    The Actions Should Be Consolidated

12   Rule 42(a) of the Federal Rules of Civil Procedure states that "'[i]f actions before the

13   court involve a common question of law or fact, the court may: (1) join for hearing or trial any or

14   all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to

15   avoid unnecessary cost or delay.'"  *Hughes v. Experian Info. Sols., Inc.*, No. 16-cv-05681-JST,

16   2017 WL 975969, at *1 (N.D. Cal. Mar. 13, 2017); *see also Takeda v. Turbodyne Techs., Inc.*, 67

17   F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999). The PSLRA contemplates consolidation where

18   "more than one action on behalf of a class asserting substantially the same claim or claims

19   arising under this chapter has been filed."  15 U.S.C. 78u-4(a)(3)(B)(ii).  As such, the PSLRA

20   does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

21   Consolidation of the above-captioned actions is proper where, as here, the actions involve

22   common questions of law and fact such that consolidation would prevent unnecessary cost or

23   delay in adjudication.  Each of the actions has been filed in this District alleging similar factual

24   and legal grounds to support allegations of violations of the Exchange Act arising from the

25   public dissemination of false and misleading information to investors.  Accordingly, the actions

26   should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

27

28

1    **B.      The Tesla Investor Group Should Be Appointed Lead Plaintiff**

2        The Tesla Investor Group respectfully submits that it is the presumptively "most adequate

3    plaintiff" because it has complied with the PSLRA procedural requirements, holds the largest

4    financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and

5    adequacy requirements.

6        **1.      The PSLRA Standard For Appointing Lead Plaintiff**

7        The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff

8    for "each private action arising under [the Exchange Act] that is brought as a plaintiff class

9    action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also*

10   15 U.S.C. § 78u-4(a)(3)(B).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by

11   the PSLRA, specifies that:

12           Not later than 20 days after the date on which the complaint is
             filed, the plaintiff or plaintiffs shall cause to be published, in a
13           widely circulated national business-oriented publication or wire
             service, a notice advising members of the purported plaintiff
14           class --

15           (I)      of the pendency of the action, the claims asserted therein,
             and the purported class period; and
16
             (II)      that, not later than 60 days after the date on which the
17           notice is published, any member of the purported class may move
             the court to serve as lead plaintiff of the purported class.
18

19   15 U.S.C. § 78u-4(a)(3)(A)(i).

20       Next, under the PSLRA, a court is to consider any motion made by class members and

21   appoint the movant that the court determines to be most capable of adequately representing the

22   interests of the class as lead plaintiff.  Specifically, the PSLRA provides that a court:

23           shall appoint as lead plaintiff the member or members of the
             purported plaintiff class that the court determines to be most
24           capable of adequately representing the interests of class members
             (. . . the "most adequate plaintiff") . . . .
25

26   15 U.S.C. § 78u-4(a)(3)(B)(i).

27       In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most

28   adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion

---

to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption "may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [] will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Spectrum Pharm., Inc.*, No. 2:13-cv-00433-LDG (CWH), 2014 WL 1394162, at *2 (D. Nev. Mar. 20, 2014).

### C.  The Tesla Investor Group Is The "Most Adequate Plaintiff"

#### 1.  The Tesla Investor Group Satisfied The PSLRA's Procedural Requirements

The Tesla Investor Group filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on August 10, 2018, Keller Lenkner, counsel in the first-filed action, caused notice regarding the pending nature of this case to be published on *PR Newswire*, a widely circulated, national, business-oriented news reporting service.  *See* Notice, Wagstaffe Decl. Ex. C.  Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before October 9, 2018.  The Tesla Investor Group filed its motion within the required period.

#### 2.  The Tesla Investor Group Has The Largest Financial Interest In The Outcome Of The Action

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Pace v. Quintanilla*, No. 2:14-cv-2067-DOC-KES, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) (discussing the PSLRA's lead plaintiff appointment process).

During the Class Period, the Tesla Investor Group suffered substantial losses of *$4,582,035.74* as a result of its transactions in Tesla securities.  *See* Loss Analysis, Wagstaffe Decl. Ex. B.  The Tesla Investor Group is presently unaware of any other movant with a larger financial interest in the outcome of the Action.  Consequently, and because it also satisfies Rule

23's typicality and adequacy requirements, the Tesla Investor Group is entitled to the legal presumption that it is the most adequate plaintiff.

### 3. The Tesla Investor Group Otherwise Satisfies Rule 23's Typicality And Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the Tesla Investor Group satisfies the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met. *See, e.g., In re MGM Mirage Sec. Litig.,* No. 2:09-cv-01558-GMN-LRI, 2010 WL 4316754, at *2 (D. Nev. Oct. 25, 2010) (At the lead plaintiff stage, only typicality and adequacy are "relevant to selecting the lead plaintiff."); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, the Tesla Investor Group unquestionably satisfies both requirements.

The typicality requirement of Rule 23(a)(3) is satisfied when a movant demonstrates that it "has suffered the same or similar injury as the absent class members as a result of the same course of conduct by the defendant." *Stocke v. Shuffle Master, Inc*., No. 2:07-CV-00715-KJD-RJJ, 2007 WL 4262723, at *2 (D. Nev. Nov. 30, 2007) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, the claims of the Tesla Investor Group, like all other Class members' claims, arise from the same course of events, and their legal arguments to prove Defendants' liability are identical. Like all other Class members, the members of the Tesla Investor Group were collectively damaged when Defendants artificially manipulated the price of Tesla securities by issuing materially false and misleading information starting on August 7, 2018, after Defendant Elon Musk posted a series of false and misleading tweets. Thus, the Tesla Investor Group satisfies the typicality requirement.

The Tesla Investor Group will fairly and adequately represent the interests of the proposed Class. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is met when, as here, (1) "the interests of the class representative coincide with those of the class," and (2) "the class representative has the ability to prosecute the action vigorously." *Shuffle Master*, 2007 WL

4262723, at *3 (citing *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001) ("adequacy requires the absence of antagonistic interests between class representatives and absent members" and the "willingness and ability to assume the duties of lead plaintiff, including the crucial duties of choosing adequate counsel . . . and monitoring that counsel's conduct throughout the litigation.")).  The members of the Tesla Investor Group are Tesla investors who have chosen experienced and sophisticated counsel, as discussed more fully below.  No antagonism exists between the Tesla Investor Group's interests and those of the absent Class members; rather, the interests of the Tesla Investor Group and Class members are squarely aligned.  Accordingly, the Tesla Investor Group satisfies the adequacy requirement.

### 4.      The Tesla Investor Group Is Precisely The Type Of Lead Plaintiff Group Envisioned By The PSLRA

In addition to satisfying the requirements of Rule 23, the Tesla Investor Group has also demonstrated its commitment to working cohesively in the joint prosecution of this action.  *See* Wagstaffe Decl., Ex. D, Joint Decl.  The PSLRA expressly provides for multiple investors to serve as Lead Plaintiff in federal securities class actions under the proper circumstances.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (providing that the court shall appoint a "person or group of persons" to serve as Lead Plaintiff).  Indeed, district courts within the Ninth Circuit have repeatedly recognized the propriety of appointing groups of investors as lead plaintiff "where the group is small and cohesive and/or where the individual members have demonstrated an ability to effectively work together on behalf of the class." *Markette v. XOMA Corp.,* No. 15-cv-03425-HSG, 2016 WL 2902286, at *8 (N.D. Cal. May 13, 2016) (citing cases); *Johnson v. OCZ Tech. Grp., Inc.*, No. CV 12-05265 RS, 2013 WL 75774, at *3 (N.D. Cal. Jan. 4, 2013) ("Small, cohesive groups similar to the [movant] are routinely appointed as Lead Plaintiff in securities actions when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel."); *In re Versata, Inc., Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at *7 (N.D. Cal. Aug. 20, 2001) (appointing a group composed of sophisticated investors as Lead Plaintiff because they "possess[ed] both sophistication and

1    business knowledge, as well as substantial individual losses which adds meaningful incentive for

2    a vigorous prosecution of the action").

3           As set forth in the Joint Declaration, each member of the Tesla Investor Group

4    individually determined to jointly seek appointment as Lead Plaintiff and litigate this action

5    independently of counsel and in the best interests of all Class members.  *See* Wagstaffe Decl.,

6    Ex. D, Joint Decl. ¶¶ 7-8; *see also OCZ Tech Grp, Inc.*, 2013 WL 75774, at *3 (appointing group

7    of investors based on declaration demonstrating commitment to oversee litigation and prosecute

8    case in the best interests of all Class members); *Bruce v. Suntech Power Holdings Co*., No. CV

9    12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (finding that declaration from

10   movant attesting that it is "committed to protecting the interests of the Class" and will

11   "vigorously prosecute the action on behalf of the class" supports appointment).  The Joint

12   Declaration also explains when, how, and why the members of the Tesla Investor Group decided

13   to join forces in this litigation.  *See* Wagstaffe Decl., Ex. D, Joint Decl. ¶¶ 7-9.  In fact, Dániel

14   Nemes, the sole owner and Managing Director of group member PROtecto Informatikai

15   Szolgáltató Korlátolt Felelősségű Társaság, after several lengthy discussions with each of Keller

16   Lenkner and Labaton Sucharow, specifically requested that both firms work together with him

17   and other sophisticated and experienced investors to create the broadest representation for all

18   Class Members.

19          The Joint Declaration also demonstrates that the Tesla Investor Group has already taken

20   measures to ensure the vigorous prosecution of this action.  *See id*. ¶¶ 10-13.  Specifically, the

21   members of the Tesla Investor Group held a telephonic meeting with each other and with

22   proposed Co-Lead Counsel concerning the allegations in the litigation and the merits of the

23   claims against Defendants; the PSLRA's lead plaintiff appointment process; the benefits of

24   working together to prosecute the litigation, the benefits of sharing resources, and the manner in

25   which they will jointly make decisions.  *See* Wagstaffe Decl., Ex. D, Joint Decl. ¶¶ 10-11, 15.  In

26   addition, the members of the Tesla Investor Group have coordinated their actions and have

27   communicated with each other to discuss strategy and procedures for directing the litigation and

28   monitoring counsel.  *Id.* ¶ 11.  Moreover, at the direction of the Tesla Investor Group, proposed

1   Co-Lead Counsel Keller Lenkner and Labaton Sucharow has already taken steps to forcefully

2   prosecute this litigation and materially advance the interests of the Class by, among other things:

3   (i) submitting Freedom of Information Act requests to the SEC for all documents and

4   communications produced in connection with the SEC settlements with Defendants; (ii) retaining

5   a reputable expert in corporate governance, Harvey L. Pitt, to consult on potential corporate

6   governance issues (*see* Wagstaffe Decl., Ex I, Pitt Curriculum Vitae); and (iii) preparing a

7   proposed motion to partially lift the PSLRA discovery stay in preparation for the Tesla Investor

8   Group's intended aggressive prosecution of this litigation, which would be filed simultaneously

9   with the Tesla Investor Group's Lead Plaintiff appointment (*see* Wagstaffe Decl., Ex H).  *See*

10  Wagstaffe Decl., Ex. D, Joint Decl. ¶ 13.

11          Accordingly, there can be no question that the Tesla Investor Group has established its

12  commitment to zealously and efficiently represent the interests of the Class as members of a

13  Lead Plaintiff group.  *See, e.g., In re Versata*, 2001 WL 34012374, at *6-7 (finding a group

14  composed of sophisticated investors that submitted declarations "providing background

15  information and articulating why [each] member is seeking lead plaintiff status as part of the

16  asserted group" to be "sufficiently cohesive and structured to maximize its individual strengths

17  and sophisticated business knowledge" and to have "exhibited a cooperative spirit").  Because

18  the Tesla Investor Group has already demonstrated its ability to work together in the best

19  interests of the Class, each group member's losses are properly aggregated for purposes of this

20  Motion.

21          **D.    The Court Should Approve the Tesla Investor Group's Choice Of Counsel**

22          The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the

23  class, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  As such, this Court

24  should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests

25  of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S. Dist. Ct.*, 586

26  F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel,

27  the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264

28  F.3d 201, 276 (3d Cir. 2001)).  Courts should not disturb the lead plaintiff's choice of counsel

1  unless necessary to "protect the interests of the plaintiff class."  H.R. Conf. Rep. No. 104-369, at

2  35 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 734.

3       Here, the Tesla Investor Group has selected Keller Lenkner and Labaton Sucharow,

4  highly-qualified counsel, to serve as Co-Lead Counsel for the proposed Class.  Keller Lenkner is

5  a leading national law firm representing a broad array of clients as plaintiffs in complex litigation

6  at both the trial and appellate levels.  Based in Chicago, Keller Lenkner provides unparalleled

7  advocacy to individuals, companies, and governmental entities by combining its lawyers' expert

8  legal knowledge with their significant financial experience managing litigation-related

9  investments.  This unique skillset allows Keller Lenkner to represent clients using alternative-fee

10  arrangements in capital-intensive matters, assess litigation risks with a greater degree of

11  confidence, and ultimately maximize client recoveries. Attorneys at Keller Lenkner have

12  extensive experience litigating securities fraud cases and complex corporate class actions,

13  including having litigated the following successful cases at previous firms: *In re Marsh &*

14  *McLennan Cos., Inc. Securities Litigation* (S.D.N.Y.) ($400 million recovery); *In re Freeport-*

15  *McMoRan Copper & Gold, Inc. Derivative Litigation* (Del. Ch.) ($153.5 million recovery,

16  representing the second largest derivative settlement in Delaware); *In re Aetna, Inc. Securities*

17  *Litigation* (E.D. Pa.) ($82.5 million recovery); *In re Triton Energy Ltd. Securities Litigation*

18  (E.D. Tex.) ($49.5 million recovery); and *City of Austin Police & Retirement Fund v. Kinross*

19  *Gold Corp.* (S.D.N.Y.) ($33 million settlement).  Keller Lenkner was recently appointed lead

20  counsel in another case subject to the PSLRA now pending in the Northern District of Illinois.

21  *Walleye Trading LLC v. AbbVie*, No. 18-cv-05114. *See* Wagstaffe Decl., Ex. E.

22       Labaton Sucharow has significant experience in prosecuting securities class actions and

23  has excelled as lead counsel in numerous landmark securities class actions throughout the United

24  States on behalf of defrauded investors.  Labaton Sucharow served as a lead counsel in *In re*

25  *American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it

26  achieved a recovery totaling more than $1 billion for injured investors and secured a $294.9

27  million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No.

28  08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel.  In addition, Labaton Sucharow

1  was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295

2  (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud

3  settlements arising from the financial crisis of 2007 and 2008.  Labaton Sucharow presently

4  serves as co-lead counsel in *In re Goldman Sachs Group, Inc. Securities Litigation*, No. 10-cv-

5  03461 (S.D.N.Y.), among other significant investor class actions.  *See* Wagstaffe Decl., Ex. F.

6  　　　　Likewise, Kerr & Wagstaffe LLP is well qualified to represent the Class as Liaison

7  Counsel.  Kerr & Wagstaffe LLP maintains an office in San Francisco, California, and James M.

8  Wagstaffe has substantial litigation experience in this court.  *See* Wagstaffe Decl., Ex. G.  Thus,

9  the firm is well qualified to represent the Class as Liaison Counsel.  *See* Manual For Complex

10  Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison

11  counsel will usually have offices in the same locality as the court.").

12  　　　　Thus, the Court may be assured that by granting this motion and approving the Tesla

13  Investor Group's selection of Keller Lenkner and Labaton Sucharow as Co-Lead Counsel and

14  Kerr & Wagstaffe LLP as Liaison Counsel, the Class will receive the highest caliber of legal

15  representation.

16  **CONCLUSION**

17  　　　　For the foregoing reasons, the Tesla Investor Group respectfully requests that the Court:

18  (1) consolidate the above-captioned related actions; (2) appoint the Tesla Investor Group as Lead

19  Plaintiff; (3) approve its selection of Keller Lenkner and Labaton Sucharow and as Co-Lead

20  Counsel and Kerr & Wagstaffe LLP as Liaison Counsel for the Class; and (4) grant such other

21  and further relief as the Court may deem just and proper.

22  DATED:  October 9, 2018　　　　　　　　Respectfully submitted,

23  　　　　　　　　　　　　　　　　　　*/s/ James M. Wagstaffe*

24  　　　　　　　　　　　　　　　　　James M. Wagstaffe (#95535)
    　　　　　　　　　　　　　　　　　**KERR & WAGSTAFFE LLP**
25  　　　　　　　　　　　　　　　　　Frank Busch (#258288)
    　　　　　　　　　　　　　　　　　101 Mission Street, 18th Floor
26  　　　　　　　　　　　　　　　　　San Francisco, CA 94105
    　　　　　　　　　　　　　　　　　Telephone: (415) 371-8500
27  　　　　　　　　　　　　　　　　　Facsimile: (415) 371-0500
    　　　　　　　　　　　　　　　　　wagstaffe@kerrwagstaffe.com
28  　　　　　　　　　　　　　　　　　busch@kerrwagstaffe.com

1

*Proposed Liaison Counsel for the Class*

2

**KELLER LENKNER LLC**
Ashley C. Keller (*admitted pro hac vice*)
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 741-5222
ack@kellerlenkner.com

3

4

5

6

**KELLER LENKNER LLC**
U. Seth Ottensoser (*admitted pro hac vice*)
1330 Avenue of the Americas, Suite 23A
New York, NY 10019
Telephone: (212) 653-9715
so@kellerlenkner.com

7

8

9

10

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
David J. Schwartz
Francis P. McConville
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
dschwartz@labaton.com
fmcconville@labaton.com

11

12

13

14

15

16

17

18

*Counsel for the Tesla Investor Group and*
*Proposed Co-Lead Counsel for the Class*

19

20

21

22

23

24

25

26

27

28