| | |
|---|---|
| 1 | Laurence D. King (SBN 206423) |
|   | Mario M. Choi (SBN 243409) |
| 2 | **KAPLAN FOX & KILSHEIMER LLP** |
|   | 350 Sansome Street, Suite 400 |
| 3 | San Francisco, CA 94104 |
|   | Telephone:  415-772-4700 |
| 4 | Facsimile:   415-772-4707 |
|   | *lking@kaplanfox.com* |
| 5 | *mchoi@kaplanfox.com* |
| 6 | *Counsel for movant Tempus International Fund* |
| 7 | *SPC and Opportunity Unique Fund Inc.* |
| 8 | [Additional Counsel Appear on Signature Page] |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KALMAN ISAACS, individually and on behalf of all others similar situated, | Case No.: 3:18-cv-04865-EMC |
| Plaintiff, | **NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TEMPUS INTERNATIONAL FUND SPC AND OPPORTUNITY UNIQUE FUND INC.'S MOTION FOR (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF THEIR CHOICE OF LEAD COUNSEL** |
| v. | |
| ELON MUSK and TESLA, INC., | |
| Defendants. | |
| | Judge:  Hon. Edward M. Chen |
| | Courtroom:  5 |
| | Date:  November 15, 2018 |
| | Time:  1:30 p.m. |

[Additional Captions Below]

| | |
|---|---|
| WILLIAM CHAMBERLAIN, on behalf of himself and all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04876-EMC |
| JOHN YEAGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04912-EMC |
| CARLOS MAIA, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04939-EMC |
| KEWAL DUA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04948-EMC |

| | |
|---|---|
| JOSHUA HORWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>　　　　　Defendants. | Case No.: 3:18-cv-05258-EMC |
| ANDREW E. LEFT, Individually and on Behalf of All Other Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC., and ELON R. MUSK,<br><br>　　　　　Defendants. | Case No.: 3:18-cv-05463-EMC |
| ZHI XING FAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC., and ELON R. MUSK,<br><br>　　　　　Defendants. | Case No.: 3:18-cv-05470-EMC |
| SHAHRAM SODEIFI, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC., a Delaware corporation, and ELON R. MUSK, an individual,<br><br>　　　　　Defendants. | Case No.: 3:18-cv-05899-EMC |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................................1

STATEMENT OF ISSUES TO BE DECIDED .................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................2

    I.    INTRODUCTION ..............................................................................................................2

    II.    SUMMARY OF THE PENDING ACTIONS ...........................................................4

    III.    ARGUMENT .....................................................................................................................6

        A.    The Court Should Consolidate the Related Actions ................................. 6

        B.    Legal Standards................................................................................................... 7

        C.    Tempus and OUF Are the Most Adequate Plaintiff ................................ 9

    IV.    CONCLUSION ...............................................................................................................12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ali v. Intel Corp.*,
   No. 18-cv-00507-YGR, 2018 WL 2412111 (N.D. Cal. May 29, 2018) ...................................... 4

*Brown v. China Integrated Energy, Inc.*,
   No. CV 11-02559 MMM (PLAx), 2011 U.S. Dist. LEXIS 151131 (C.D. Cal. Aug. 29, 2011) .. 9

*Cohen v. U.S. Dist. Court for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ................................................................................................... 12

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................................. 10

*Hodges v. Akeena Solar, Inc.*,
   263 F.R.D. 528 (N.D. Cal. 2009) ............................................................................................... 8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .............................................................................................. passim

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .................................................................................................... 11

*In re Century Aluminum Co. Sec. Litig.*,
   No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009) ........................ 7, 9

*In re KIT Digital, Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) ............................................................................................. 11

*In re Silicon Storage Tech., Inc.*
   No. C 05-0295 PJH, 2005 U.S. Dist. LEXIS 45246 (N.D. Cal. May 3, 2005) .................... 9, 11

*In re SiRF Tech. Holdings, Inc. Sec. Litig.*,
   No. C 08-0856 MMC, 2008 U.S. Dist. LEXIS 43617 (N.D. Cal. May 27, 2008) ..................... 10

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
   No. 13-cv-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) ..................................... 4

*Mohanty v. BigBand Networks, Inc.*,
   No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 14, 2008) .................. 7, 10

*Mulligan v. Impax Labs, Inc.*,
   No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) .................... 7, 8

*Reitan v. China Mobile Games & Entm't Group Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014) ........................................................................................ 12

*Richardson v. TVIA, Inc.*,
   No. C-06-6304 RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ................... 10

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Siegall v. Tibco Software, Inc.*,
   No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006) .......................... 9

*Westley v. Oclaro, Inc.*,
   No. C-11-2448 EMC, 2011 U.S. Dist. LEXIS 102249 (N.D. Cal. Sept. 12, 2011) ..................... 9

*Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*,
   231 F.3d 1215 (9th Cir. 2000) ......................................................................................... 2, 9

**Statutes**

15 U.S.C. § 78j(b) ....................................................................................................................... 2

15 U.S.C. § 78t(a) ....................................................................................................................... 2

15 U.S.C. § 78u-4 *et seq.* ................................................................................................... passim

**Other Authorities**

H.R. Rep. No. 104-327, (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..................................... 4, 11

**Rules**

Civ. L.R. 23-1(b) ......................................................................................................................... 8

Fed. R. Civ. P. 23 ................................................................................................................ 1, 8, 9

Fed. R. Civ. P. 23(a) .............................................................................................................. 9, 10

Fed. R. Civ. P. 42(a) .............................................................................................................. 1, 2, 7

**Regulations**

17 C.F.R. § 240.10b-5 ................................................................................................................. 2

# NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on November 15, 2018 at 1:30 p.m. or as soon thereafter as set by the Honorable Edward M. Chen in his courtroom, located at the Phillip Burton Federal Building & United States Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, movants Tempus International Fund SPC ("Tempus") and Opportunity Unique Fund Inc. ("OUF") will, and hereby do, respectfully move this Court, under the Federal Rules of Civil Procedure and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order: (1) consolidating the above-captioned actions (the "Related Actions") pursuant to Federal Rule of Civil Procedure 42(a); (2) appointing Tempus and OUF as lead plaintiff for a putative class of all persons or entities that transacted in Tesla, Inc. ("Tesla" or the "Company") securities between August 7, 2018 and August 17, 2018, inclusive (the "Class Period") (the "Class"); (3) approving movants' selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel; and (4) granting such other relief as the Court may deem just and proper.

This motion is made on the grounds that Tempus and OUF believe that they are the most adequate plaintiff possessing claims arising out of the Exchange Act for the Class. 15 U.S.C. § 78u-4(a)(3)(B). In addition, Tempus and OUF meet the requirements of Federal Rule of Civil Procedure Rule 23 because their claims are typical of the claims of members of the Class and Tempus and OUF will fairly and adequately represent the Class.

Finally, Tempus and OUF have selected and retained Kaplan Fox to serve as class counsel, a law firm with substantial experience in prosecuting complex securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

The motion is based on this notice of motion, the supporting memorandum of points and authorities, the Declaration of Laurence D. King in Support of Tempus and OUF's Motion to: (1) Consolidate the Related Actions; (2) Appoint Tempus and OUF as Lead Plaintiff; and (3) Approve Tempus and OUF's Choice of Lead Counsel, dated October 9, 2018 ("King Decl."), the

pleadings and other files and records in each of the Related Actions, and upon such other written or oral argument as may be presented to the Court.

### STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidate the above-captioned actions pursuant Rule 42(a) of the Federal Rules of Civil Procedure.

2. Whether Tempus and OUF should be appointed Lead Plaintiff.

3. Whether the Court should approve Tempus and OUF's selection of Kaplan Fox as Lead Counsel.

### MEMORANDUM OF POINTS AND AUTHORITIES

Tempus and OUF respectfully submit this memorandum of law in support of their motion for: (1) consolidation of the Related Actions pursuant to Federal Rule of Civil Procedure 42(a); (2) appointment as Lead Plaintiff for the Class, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; (3) approval of their selection of Kaplan Fox as Lead Counsel for the Class; and (4) such other relief as the Court may deem just and proper. Tempus and OUF believe that they have the largest financial interest in the outcome of this litigation, and are thus presumptively entitled to be appointed Lead Plaintiff for the Class and to have their selection of counsel approved. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb) and 78u-4(a)(3)(B)(v); *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1217 (9th Cir. 2000); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

## I. INTRODUCTION

Presently pending in this District are at least nine related securities class actions, brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Tesla and Elon R. Musk ("Musk") (collectively, the "Defendants") for violations of the federal securities laws relating to the Company's alleged false and misleading statements throughout the Class Period. The Related Actions consist of the following cases, which the Court related on September 12, 2018 and October 2, 2018 (*Isaacs v. Musk*, No. 18-CV-04865-EMC, Related Case Orders, ECF Nos. 23 and 38 (N.D. Cal.)):

| Case Name | Case Number | Date Filed | Class Definition |
|---|---|---|---|
| *Issacs v. Musk* (the "*Isaacs* Action") | 18-CV-04865-EMC | August 10, 2018 | "all persons who purchased Tesla securities after 12:48pm eastern standard time on August 7, 2018 through and including August 8, 2018" |
| *Chamberlain v. Tesla, Inc.* (the "*Chamberlain* Action") | 18-CV-04876-EMC | August 10, 2018 | "all those who purchased or sold Tesla securities during the Class Period [between August 7, 2018 and August 10, 2018, both dates inclusive]" |
| *Yeager v. Tesla, Inc.* (the "*Yeager* Action") | 18-CV-04912-EMC | August 13, 2018 | "all individuals and entities who purchased or otherwise acquired Tesla common stock on the public market during the Class Period [from August 7, 2018 through August 9, 2018, both dates inclusive]" |
| *Maia v. Musk* (the "*Maia* Action") | 18-CV-04939-EMC | August 14, 2018 | "all persons and entities who purchased the publicly traded securities of Tesla from at least as early as August 7, 2018 through August 14, 2018, inclusive" |
| *Dua v. Tesla, Inc.* (the "*Dua* Action") | 18-CV-04948-EMC | August 15, 2018 | "all persons and entities who had open short positions or put options for Tesla as of August 7, 2018 or August 8, 2018, and who suffered damages as a result of the misconduct alleged herein" |
| *Horwitz v. Tesla, Inc.* (the "*Horwitz* Action") | 18-CV-05258-EMC | August 28, 2018 | "all purchasers of Tesla securities during the Class Period [between August 7, 2018 and August 17, 2018, inclusive] who were damaged thereby" |
| *Left v. Tesla, Inc.* (the "*Left* Action") | 18-CV-05463-EMC | September 6, 2018 | "all persons who purchased, sold, or otherwise transacted in Tesla securities between August 7, 2018 and August 17, 2018, both dates inclusive" |
| *Fan v. Tesla, Inc.* (the "*Fan* Action") | 18-CV-05470-EMC | September 6, 2018 | "all those who purchased or otherwise acquired Tesla securities during the Class Period [between August 7, 2018 and August 17, 2018, both dates inclusive]" |
| *Sodeifi v. Tesla, Inc.* (the "*Sodeifi* Action") | 18-CV-05899-EMC | September 26, 2018 | "all persons who purchased or sold Tesla securities during the Class Period [between August 7, 2018 and August 10, 2018]" |

Pursuant to the PSLRA, after consolidation, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Here, the nine cases assert various class periods on behalf of various persons or entities that transacted in Tesla securities. For purposes of this motion, the

1  Class Period refers to the longest possible class period for the Related Actions, which is August 7,
2  2018 through August 17, 2018. *Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 WL 2412111, at *2
3  n.6 (N.D. Cal. May 29, 2018); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-
4  05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014).

5        Tempus and OUF believe that they are the movant with the largest financial interest for the
6  Class. Specifically, Tempus and OUF suffered losses of over $15.8 million from the purchase of
7  177,022 Tesla shares at prices artificially inflated by Defendants' false and misleading Class Period
8  statements. *See* King Decl., Exh D. Additionally, Tempus and OUF – large, sophisticated
9  investment funds - are just the type of investors whose participation in securities class actions the
10 PSLRA meant to foster. *See* H.R. Rep. No. 104-327, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N.
11 730, 737. *See* § III.C.2.b., *infra*. Therefore, Tempus and OUF are the "most adequate plaintiff" and
12 seek appointment as lead plaintiff for the Class.

13       Finally, Tempus and OUF respectfully request that the Court approve Kaplan Fox as Lead
14 Counsel for the Class. *See* § III.C.2.c., *infra*; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate
15 plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

16 **II.    SUMMARY OF THE PENDING ACTIONS**

17       On August 10, 2018, the *Isaacs* Action was filed and notice was published to class members
18 on *PR Newswire*, as required by 15 U.S.C. § 78u-4(a)(3)(A)(i) of the Exchange Act (the "Notice").
19 *See* King Decl., Exh. A. The Notice advised purchasers of Tesla securities of the existence of a
20 lawsuit against Defendants and the nature of Defendants' statements, omissions and conduct that
21 allegedly damaged investors. The Notice further advised class members of their right to move the
22 Court to be appointed Lead Plaintiff by October 9, 2018, the first business day on which the Court
23 would be open 60 days after publication of the Notice.

24       The other actions listed above, all of which the Court has related to the *Isaacs* Action, were
25 filed based on similar facts as in the *Isaacs* Action.

26       The Related Actions allege that Tesla designs, develops, manufactures and sells high-
27 performance, fully electric vehicles and designs, manufactures, installs, and sells solar energy
28 generation and energy storage products. *See Isaacs* Action Compl., ¶2; *Chamberlain* Action Compl.,

¶2; *Yeager* Action Compl., ¶2; *Maia* Action Compl., ¶2; *Dua* Action Compl., ¶2; *Horwitz* Action Compl., ¶2; *Left* Action Compl., ¶2; *Fan* Action Compl., ¶2; *Sodeifi* Action Compl., ¶2.

Further, the Related Actions allege that Defendant Musk, who owns or controls approximately 22% of the Company's shares, used Twitter to issue statements on behalf of and regarding Tesla. *See Isaacs* Action Compl., ¶¶3-11; *Chamberlain* Action Compl., ¶¶5, 20; *Yeager* Action Compl., ¶¶3, 22; *Maia* Action Compl., ¶¶5, 17, 24, 27; *Dua* Action Compl., ¶¶3, 22, 23; *Horwitz* Action Compl., ¶¶3, 4, 22, 23; *Left* Action Compl., ¶¶5, 12; *Fan* Action Compl., ¶¶4, 11. Specifically, the Related Actions allege that on August 7, 2018, Musk issued the following statement on Twitter: "Am Considering taking Tesla private at $420. Funding secured" and that this Tweet and other related and subsequent statements were false and misleading because funding was not secured. *See Isaacs* Action Compl., ¶4; *Chamberlain* Action Compl., ¶5; *Yeager* Action Compl., ¶3; *Maia* Action Compl., ¶5; *Dua* Action Compl., ¶3; *Horwitz* Action Compl., ¶3; *Left* Action Compl., ¶5; *Fan* Action Compl., ¶4; *Sodeifi* Action Compl., ¶3. Further, the Related Actions allege that a series of tweets and other statements by Musk on behalf of Tesla on August 7, 2018, reassuring Tesla investors that funding was secured for a going private transaction, sparked a trading frenzy that drove Tesla shares to an intraday high of $387.46 per share on August 7, 2018 - $45.57 per share above the previous day's closing price – before closing at $379.57 per share. *See Isaacs* Action Compl., ¶11; *Chamberlain* Action Compl., ¶6; *Yeager* Action Compl., ¶5; *Maia* Action Compl., ¶6; *Dua* Action Compl., ¶5; *Horwitz* Action Compl., ¶5; *Left* Action Compl., ¶6; *Fan* Action Compl., ¶5; *Sodeifi* Action Compl., ¶5.

According to the Related Actions, reports began to emerge after the market close on August 7, 2018 and on August 8, 2018 that Musk's assertion that funding was secured could lead to regulatory scrutiny and that the SEC was making inquiries into Musk's tweet and whether it was truthful that Musk had "funding secured" to take Tesla private. *See Isaacs* Action Compl., ¶24; *Chamberlain* Action Compl., ¶¶25-26; *Yeager* Action Compl., ¶¶6, 27; *Maia* Action Compl., ¶¶7, 9, 29, 34; *Dua* Action Compl., ¶6; *Horwitz* Action Compl., ¶¶6, 27; *Left* Action Compl., ¶7; *Fan* Action Compl., ¶7; *Sodeifi* Action Compl., ¶24.

1   Following this news, Tesla shares fell $9.23 per share, or 2.43%, to close at $370.34 per share on August 8, 2018. *See Maia* Action Compl., ¶8; *Dua* Action Compl., ¶6; *Horwitz* Action Compl., ¶7; *Left* Action Compl., ¶8; *Fan* Action Compl., ¶8.

Subsequently, further details emerged on August 8-9, 2018 that Musk's tweet "[f]unding secured" had, in fact, triggered an SEC inquiry and that Musk had not secured funding to take Tesla private. *See Isaacs* Action Compl., ¶45; *Chamberlain* Action Compl., ¶¶27-28; *Yeager* Action Compl., ¶¶6, 27; *Maia* Action Compl., ¶¶7, 9, 29, 34; *Dua* Action Compl., ¶¶27, 29; *Horwitz* Action Compl., ¶27; *Left* Action Compl., ¶¶7, 9; *Fan* Action Compl., ¶9.

Following this news, Tesla's shares declined by $17.89 per share, or 4.83%, to close at $352.45 per share – a two-day decline of more than 7%. *See Maia* Action Compl., ¶10; *Left* Action Compl., ¶11; *Fan* Action Compl., ¶10.

The Related Actions allege various further false and misleading statements beyond those made by Musk on August 7, 2018. For example, the *Maia* Action and *Left* Action allege that Musk's tweet on August 13, 2018, after the markets closed, "I'm excited to work with Silver Lake and Goldman Sachs as financial advisors, plus Wachtell, Lipton, Rosen & Katz and Munger, Tolles & Olson as legal advisors, on the proposal to take Tesla private" was false and misleading because Musk had no formal agreement with either Goldman Sachs or Silver Lake at the time of the statement. *See Maia* Action Compl., ¶¶27-28; *Left* Action Compl., ¶42; *Sodeifi* Action Compl., ¶28.

## III.   ARGUMENT

### A.   The Court Should Consolidate the Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u–4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.* There are at least nine related securities class actions pending in this District on behalf of investors who purchased or sold Tesla securities during the Class Period.

Consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is proper where actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Mulligan v. Impax Labs,*

*Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *9-10 (N.D. Cal. July 2, 2013) (Chen, J.); *Mohanty v. BigBand Networks, Inc.*, No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764, at *5 (N.D. Cal. Feb. 14, 2008). Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *7 (N.D. Cal. Sept. 8, 2009); *Mohanty*, 2008 U.S. Dist. LEXIS 32764, at *9-10.

Here, the Related Actions concern the same defendants, arise out of the same or similar transactions or occurrences, and involve substantially similar alleged issues of fact and law. In an effort to ensure consistent rulings and to avoid unduly burdensome duplication of labor and expense, the Court should consolidate the Related Actions.

### B. Legal Standards

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and 78u-4(a)(3)(B)(i). Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

    (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

    (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to

consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person or group of persons which:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> 
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> 
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The first action was filed on August 10, 2018 and notice was published over *PR Newswire* national wire service on the same day. *See* King Decl., Exh. A (Press Release).[1] The time period in which class members may move to be appointed lead plaintiff in this case expires on October 9, 2018. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *see also* Civ. L.R. 23-1(b). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Tempus and OUF timely moved this Court to be appointed Lead Plaintiff on behalf of the Class.

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Impax Labs, Inc.*, 2013 U.S. Dist. LEXIS 93119, at *10; *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 U.S. Dist. LEXIS 102249, at *4 (N.D. Cal. Sept. 12, 2011) (Chen, J.); *In re Silicon Storage Tech., Inc.*, No. C 05-0295 PJH, 2005 U.S. Dist. LEXIS 45246, at *5-6 (N.D. Cal. May 3, 2005); *see also Z-Seven Fund, Inc.*, 231 F.3d at 1217; *Cavanaugh*, 306 F.3d at 729-30; *Brown v. China Integrated Energy, Inc.*, No. CV 11-02559

---

[1] Online wire services like *PR Newswire* are suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009) (quoting *Cavanaugh*, 306 F.3d at 729).

1  MMM (PLAx), 2011 U.S. Dist. LEXIS 151131, at *12-13 (C.D. Cal. Aug. 29, 2011); *Century*
2  *Aluminum*, 2009 U.S. Dist. LEXIS 81205, at *10-11.

        **C.**       **Tempus and OUF Are the Most Adequate Plaintiff**

              **1.**       **Tempus and OUF Have the Largest Financial Interest**

Tempus and OUF suffered substantial losses of more than $15.8 million as a result of purchasing 177,022 Tesla shares at artificially inflated prices. *See* King Decl., Exh. D. Tempus and OUF are not aware of any other movant with a larger financial interest, believe they have the largest financial interest of any lead plaintiff movant, and therefore believe they are presumptively entitled to appointment as Lead Plaintiff.

              **2.**       **Tempus and OUF Satisfy Rule 23**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

      (1)    the class is so numerous that joinder of all members is impracticable;

      (2)    there are questions of law or fact common to the class;

      (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

      (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780, at *14-15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are key factors.") (citations omitted). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule

23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730; *Richardson v. TVIA, Inc.*, No. C-06-6304 RMW, 2007 U.S. Dist. LEXIS 28406, at *15 (N.D. Cal. Apr. 16, 2007). As detailed below, Tempus and OUF satisfy the typicality and adequacy requirements of Rule 23(a), thereby justifying their appointment as Lead Plaintiff for the Related Actions on behalf of the Class.

### a. Tempus and OUF's Claims Are Typical

The typicality requirement of Rule 23(a) is satisfied when "(1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct." *Mohanty*, 2008 U.S. Dist. LEXIS 32764, at *13-14 (citation omitted); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.").

The claims asserted by Tempus and OUF are based on the same legal theory and arise out of the same course of events as the other purported Class members' claims. Tempus and OUF purchased Tesla securities, as did each member of the Class, at prices artificially inflated or otherwise manipulated by Defendants' untrue statements of material fact and material omissions and were damaged thereby. Thus, Tempus and OUF satisfy the typicality requirement of Rule 23(a).

### b. Tempus and OUF Are Adequate

The adequacy requirement of Rule 23(a) is met when the prospective lead plaintiff has selected qualified, experienced counsel and there are no "conflicts between the representative and class interests." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16; *see In re SiRF Tech. Holdings, Inc. Sec. Litig.*, No. C 08-0856 MMC, 2008 U.S. Dist. LEXIS 43617, at *5-6 (N.D. Cal. May 27, 2008). Here, Tempus and OUF's interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between Tempus and OUF's interests and those of the Class. As detailed above, Tempus and OUF's claims raise similar questions of law and fact as claims of the members of the Class, and Tempus and OUF's claims are typical of the members of the Class.

- 10 -   Case No. 18-CV-04865-EMC

No. of Mo., Mo. & MPA iso Mo. to Consolidate.; Appt. Lead Plaintiff; and Approve Lead Counsel

Further, Tempus and OUF have amply demonstrated their adequacy and willingness to serve as and assume lead plaintiff responsibilities. Tempus and OUF's Certifications, signed by Ana Carolina Silva Moreira Lima, Compliance Director for Tempus and OUF's Investment Manager, and Bruno Bak, who was granted Power of Attorney by Tempus and OUF's Investment Manager, affirm their understanding of the duties they owe to the Class to monitor this class action. *See* King Decl., Exhs. B, C.

This evidence demonstrates that Tempus and OUF accept the fiduciary obligations they will assume if appointed as lead plaintiff in in this action. *See* King Decl., Exhs. B, C; *Silicon Storage*, 2005 U.S. Dist. LEXIS 45246, at *34-35 (finding that, as fiduciaries, investors selected as lead plaintiff were "experienced in representing the long-term interests of many small investors and in protecting the assets of their participants and beneficiaries").

Tempus and OUF, with approximately $1.81 billion and $469.3 million, respectively, in net worth values, are sophisticated institutional investors that have a prior existing relationship. Tempus and OUF share the same investment manager, Opportunity Gestão de Investimentos e Recursos Ltda.

Tempus and OUF—large, sophisticated institutional investors—are precisely the type of investors Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. As Congress noted in its PSLRA Statement of Managers Report, the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Rep. No. 104-327, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 737)); *see also In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Reitan v. China Mobile Games & Entm't Group Ltd*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs," and collecting cases).

Finally, Tempus and OUF have selected Kaplan Fox – counsel highly experienced in prosecuting complex securities class actions – to represent them. *See* King Decl., Exh. E. The close

alignment of interests between Tempus and OUF and other members of the Class, and their strong desire to prosecute these actions on behalf of the Class, provide ample reason to grant Tempus and OUF's motion for appointment as Lead Plaintiff in the Related Actions on behalf of the Class. Accordingly, Tempus and OUF satisfy the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

### c. This Court Should Approve Tempus and OUF's Selection of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11. Thus, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (citation omitted). Tempus and OUF have retained Kaplan Fox to file a lead plaintiff motion and to serve as Lead Counsel to pursue this litigation on behalf of themselves and the Class. Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* King Decl., Exh. E. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For all of the foregoing reasons, Tempus and OUF respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint Tempus and OUF as Lead Plaintiff; (3) approve its choice of Kaplan Fox as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

DATED: October 9, 2018

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Laurence D. King*
    Laurence D. King

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (*pro hac vice* to be filed)
Joel B. Strauss (*pro hac vice* to be filed)
Donald R. Hall (*pro hac vice* to be filed)
Jeffrey P. Campisi (*pro hac vice* to be filed)
850 Third Avenue
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*ffox@kaplanfox.com*
*jstrauss@kaplanfox.com*
*dhall@kaplanfox.com*
*jcampisi@kaplanfox.com*

*Counsel for Movant Tempus International Fund SPC and Opportunity Unique Fund Inc.*