**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6449
jpafiti@pomlaw.com

(*additional counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALMAN ISAACS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04865-EMC<br><br>**NOTICE OF MOTION OF THE TESLA INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. Edward M. Chen<br>Hearing Date: November 15, 2018<br>Time: 1:30 p.m.<br>Ctrm: #5, 17th Floor (San Francisco) |
| WILLIAM CHAMBERLAIN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04876-EMC |

| | |
|---|---|
| JOHN YEAGER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04912-EMC |
| CARLOS MAIA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04939-EMC |
| KEWAL DUA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04948-EMC |
| JOSHUA HORWITZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No.: 3:18-cv-05258-EMC |

| | |
|---|---|
| ANDREW E. LEFT, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No.: 3:18-cv-05463-EMC |
| ZHI XING FAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No. 3:18-cv-05470 |

# TABLE OF CONTENTS

I. CLAIMS ASSERTED ........ 2

ARGUMENT ........ 3

I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........ 3

II. THE TESLA INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ........ 3

A. The Tesla Investor Group Is Willing to Serve as a Class Representative . 4

B. The Tesla Investor Group Has the Largest Financial Interest in the Action ........ 4

C. The Tesla Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ........ 5

D. The Tesla Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ........ 7

III. THE TESLA INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED ........ 7

IV. CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994)....................6

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006)....................6

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir.1992)....................6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002)....................4

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)....................5

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998)....................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998)....................6

*Knox v. Yingli Green Energy Holding Co.*,
135 F. Supp. 1159 (C.D. Cal. 2015)....................5

*Lax v. First Merch. Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)....................4

*Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC,
2017 U.S. Dist. LEXIS 184504 (S.D. Cal. Nov. 7, 2017)....................5

*Osher v. Guess?, Inc.*,
2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001)....................7

*Richardson v. TVIA, Inc.*, No. C 06 06304 RMW,
2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)....................3, 5

*Smajlaj v. Brocade Communs. Sys.*, No. C 05-02042 CRB,
2006 U.S. Dist. LEXIS 97618 (N.D. Cal. Jan. 12, 2006)....................6

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003)....................7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii) ........ *passim*

Private Securities Litigation Reform Act of 1995 ........ *passim*

**Rules**

Federal Rule of Civil Procedure 23 ........ 1, 4, 5, 6

Federal Rule of Civil Procedure 42(a) ........ 1, 3

**PLEASE TAKE NOTICE** that on November 15, 2018 at 1:30 p.m. before the Honorable Edward M. Chen in Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, the Tesla Investor Group[1] will and does move this Court for an order granting its Motion for: (i) consolidation of the above-captioned related actions (the "Related Actions"), (ii) appointment of the Tesla Investor Group as Lead Plaintiff for the Class; and (iii) approval of the Tesla Investor Group's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 42(a), on the grounds that: (i) the Related Actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (ii) the Tesla Investor Group should be appointed as Lead Plaintiff for a class consisting of all persons or entities other than defendants that purchased or otherwise acquired the securities of Tesla Corporation ("Tesla" or the "Company") between April 29, 2015 and June 8, 2018, both dates inclusive (the "Class Period"), as the Tesla Investor Group has timely made this Motion, has the largest financial interest in this litigation and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (iii) the Tesla Investor Group's selection of Pomerantz as Lead Counsel should be approved as the firm is well qualified and has extensive experience in cases of this type.

In support of this Motion, the Tesla Investor Group files herewith a memorandum of points and authorities, the Declaration of Jennifer Pafiti, the certification of Jennifer Pafiti pursuant to LR 3-7(d), a certification pursuant to LR 3-16, and a proposed order.

[1] The Tesla Investor Group consists of Donald Freeland, Alvin Abrams, Christopher Lyman, and Rajinder Gaur.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Tesla Investor Group respectfully submits this memorandum in support of its motion for an Order, pursuant to Section 21D of the Securities Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the Related Actions;

(2) appointing the Tesla Investor Group as Lead Plaintiff for all persons other than defendants who purchased or otherwise acquired Tesla securities during the Class Period, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing Pomerantz as Lead Counsel for the Class.

## I. CLAIMS ASSERTED

The first of the Related Actions to be filed was commenced on August 10, 2018 against Defendants, alleging claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, counsel for plaintiff in that action issued a PSLRA early notice advising potential Class members of, among other things, the pendency of the action, the claims alleged in the action and the 60 day deadline to seek appointment as lead plaintiff. A copy of the early notice is attached as Exhibit A to the Declaration of Jennifer Pafiti filed herewith ("Pafiti Decl."). Numerous related actions (captioned above) were subsequently filed against Defendants, asserting the same facts and claims as the initial action.

The Complaints allege that during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendants had not secured funding for a transaction to take Tesla private; (ii) Tesla's Board of Directors was unaware of any plan to take Tesla private; (iii) Musk had not retained advisors in connection with his purported plan to take Tesla private; (iv) the status and likelihood of Tesla going private was therefore misrepresented to the market; and (v) as a result, Tesla's public statements were materially false and misleading at all relevant times. When the true details entered the market, the Related Actions allege that investors suffered damages.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II. THE TESLA INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person ***or group of persons***" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, the Tesla Investor Group satisfies the above criteria, believes it has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. The Tesla Investor Group Is Willing to Serve as a Class Representative**

The Tesla Investor Group has timely filed the instant motion in response to a PSLRA early notice, and its members have filed herewith PSLRA certifications attesting that that they are willing to serve as representatives of the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. B. Accordingly, the Tesla Investor Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B. The Tesla Investor Group Has the Largest Financial Interest in the Action**

As of the time of the filing of this motion, the Tesla Investor Group believes that it has the largest financial interest of any Lead Plaintiff movant based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses

suffered).[2] The most critical among the Lax Factors is the approximate loss suffered. *See, e.g.*, *See, e.g.*, *Richardson*m 2007 U.S. Dist. LEXIS 28406, at *3; *Knox v. Yingli Green Energy Holding Co.*, 135 F. Supp. 1159, 1163 (C.D. Cal. 2015).

During the Class Period, the Tesla Investor Group (1) purchased 28,238 shares of Tesla stock and 3,060 option contracts; (2) expended $12,263,081 on its purchases of Tesla securities; (3) retained 9,730 shares of Tesla stock and 388 option contracts; and (4) as a result of the disclosures of the fraud, suffered a loss of $790,845 in connection with its purchases of Tesla securities. *See* Pafiti Decl., Ex. C. Because the Tesla Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. The Tesla Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a prima facie showing that the Tesla Investor Group satisfies the requirements of Rule 23 is sufficient. *Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC, 2017 U.S. Dist. LEXIS 184504, at *3 (S.D. Cal. Nov. 7, 2017). Moreover, "[t]he only Rule 23 factors that are

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

relevant are typicality and adequacy of representation." *Smajlaj v. Brocade Communs. Sys.*, No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618, at *9 (N.D. Cal. Jan. 12, 2006) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (citation omitted). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the Tesla Investor Group are typical of those of the Class. The Tesla Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Tesla, or omitted to state material facts necessary to make the statements they did make not misleading. The Tesla Investor Group, as did all members of the Class, purchased Tesla securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their

counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

The Tesla Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Tesla Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the Tesla Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

### D. The Tesla Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Tesla Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Tesla Investor Group's ability and desire to fairly and adequately represent the Class has been discussed above. The Tesla Investor Group is not aware of any unique defenses that Defendants could raise against it that would render the Tesla Investor Group inadequate to represent the Class. Accordingly, the Court should appoint the Tesla Investor Group as Lead Plaintiff for the Class.

## III. THE TESLA INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Tesla Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See* Pafiti Decl., Ex. D. As a result of the firm's extensive experience in litigation involving issues similar to those raised in the above-captioned action, the Tesla Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by the Tesla Investor Group, the members of the class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, the Tesla Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; and (2) appointing the Tesla Investor Group as Lead Plaintiff of the Class; (3) approving Pomerantz as Lead Counsel.

Dated: October 9, 2018

Respectfully submitted,

**POMERANTZ LLP**

/s/ Jennifer Pafiti
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6449
jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
Email: peretz@bgandg.com

*Additional Counsel for Movants*

**PROOF OF SERVICE**

I hereby certify that on October 9, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jennifer Pafiti*
Jennifer Pafiti