ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
RANDI D. BANDMAN (145212)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
rachelj@rgrdlaw.com
randib@rgrdlaw.com
triciam@rgrdlaw.com

LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
ELIZABETH J. CABRASER (83151)
RICHARD M. HEIMANN (63607)
KATHERINE L. BENSON (259826)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415/956-1000
415/956-1008 (fax)
ecabraser@lchb.com
rheimann@lchb.com
kbenson@lchb.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KALMAN ISAACS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br>ELON MUSK, et al.,<br><br>                    Defendants. | Case No. 3:18-cv-04865-EMC<br><br><u>CLASS ACTION</u><br><br>DANY DAVID'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:      NOVEMBER 15, 2018<br>TIME:      1:30 P.M.<br>CTRM:     5, 17TH FLOOR<br>JUDGE:    HON. EDWARD M. CHEN |

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on November 15, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102 before the Honorable Edward M. Chen, class member Dany David ("Mr. David") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. David as lead plaintiff; and (3) approving Mr. David's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") as lead counsel.  This Motion is made on the grounds that the related actions allege substantially similar facts and raise identical issues of law, and Mr. David is the most adequate plaintiff to serve as lead plaintiff in the consolidated action.  In support of this Motion, Mr. David submits herewith a Memorandum of Points and Authorities and the Declaration of Tricia L. McCormick ("McCormick Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Nine related securities class action lawsuits on behalf of purchasers of Tesla, Inc. ("Tesla" or the "Company") securities between August 7, 2018 to August 17, 2018 (the "Class Period"),[1] have been filed (the "Related Actions"):

| CASE TITLE | CASE NUMBER | CLASS PERIOD ALLEGED | DATE FILED |
|---|---|---|---|
| *Isaac v. Musk, et al.* | 3:18-cv-04865-EMC | 08/07/2018-08/08/2018 | 08/10/2018 |
| *Chamberlain v. Tesla, Inc., et al.* | 3:18-cv-04876-EMC | 08/07/2018-08/10/2018 | 08/10/2018 |
| *Yeager v. Tesla, Inc. et al.* | 3:18-cv-04912-EMC | 08/07/2018- | 08/13/2018 |

---

[1]   This is the longest class period alleged in the Related Actions.  While all of the actions begin the class period on August 7, 2018, several of the Related Actions allege slightly different class period end dates.  The slight difference in the beginning date of the class period will be resolved upon the filing of a consolidated complaint.

| | | 08/09/2018 | |
|---|---|---|---|
| *Maia v. Tesla, Inc., et al.* | 3:18-cv-04939-EMC | 08/07/2018-08/14/2018 | 08/14/2018 |
| *Dua v. Tesla, Inc. et al.* | 3:18-cv-04948-EMC | 08/07/2018-08/08/2018 | 08/15/2018 |
| *Horwitz v. Tesla, Inc., et al.* | 3:18-cv-05258-EMC | 08/07/2018-08/17/2018 | 08/28/2018 |
| *Left v. Tesla, Inc., et al.* | 3:18-cv-05463-EMC | 08/07/2018-08/17/2018 | 09/06/2018 |
| *Fan v. Tesla, Inc., et al.* | 3:18-cv-05470-EMC | 08/07/2018-08/17/2018 | 09/06/2018 |
| *Sodeifi v. Tesla, Inc., et al.* | 3:18-cv-05899-EMC | 08/07/2018-08/10/2018 | 08/30/2018[2] |

These Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Mr. David should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. David's selection of Robbins Geller and Lieff Cabraser to serve as lead counsel should be approved because the firms possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

---

[2] The *Sodeifi* Action was initially filed in the United States District Court for the Central District of California, and was subsequently transferred to this District on September 24, 2018.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidated the Related Actions for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint Mr. David as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3. Whether the Court should approve Mr. David's selection of Robbins Geller and Lieff Cabraser as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS

Tesla designs, develops, manufactures and sells electric vehicles and energy generation and storage systems in the United States and internationally.

The complaints allege that during the Class Period, defendants issued false and misleading statements about the prospects of taking the Company private in a series of statements by defendant Elon Musk issued on Twitter.com. Specifically, the complaints allege these statements were false and misleading because they misrepresented and/or failed to disclose adverse facts regarding the potential going-private transaction, including that funding for the transaction was not secured at the time of Musk's tweets, the Board was not aware of the plan to take Tesla private, and advisors for such a transaction had not been retained. As a result of these false statements and/or omissions, Tesla securities traded at artificially inflated prices during the Class Period.

On August 7, 2018, Musk issued a tweet that stated: "Am considering taking Tesla private at $420. Funding secured." *Horwitz* Action, ECF No. 1 at ¶22. Later that day, Musk issued another tweet stating: "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." *Id.* at ¶23. After these tweets were issued, Tesla's stock price rapidly increased, reaching an intra-day high of $387.46 per share, $45.47 per share higher than the previous day's closing price, before closing at $379.57 per share on August 7, 2018, a one-day increase of $37.58 per share.

On August 8, 2018, there were reports in the media that the U.S. Securities and Exchange Commission was making inquiries regarding the veracity of the tweets sent by Musk and the reason

the disclosures were made via a social media posting rather than a filing with the SEC. On this news, Tesla's stock price declined $9.23 per share to close at $370.34 per share on August 8, 2018.

On August 13, 2018, Musk tweeted: "I'm excited to work with Silver Lake and Goldman Sachs as financial advisors, plus Wachtell, Lipton, Rosen & Katz and Munger, Tolles & Olson as legal advisors, on the proposal to take Tesla private." *Id.* at ¶29. On August 14, 2018, *Bloomberg* reported that Goldman Sachs and Silver Lake had not officially signed on when Musk issued his tweet on August 13, 2018.

Then on August 17, 2018, *The New York Times* published an interview with Musk in which he described the circumstances leading up to his tweets, including his high stress level and his use of Ambien to cope with the stress. On this news, the price of Tesla stock declined $29.95 per share to close at $305.50 per share on August 17, 2018.

## IV.   ARGUMENT

### A.   This Court Should Consolidate These Related Actions to Promote Efficiency

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases pending within this District. *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id.*

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

### B. The PSLRA Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id*.

Mr. David respectfully requests that the Court consider consolidation as soon as practicable and consolidate these Related Actions under the lowest case number. A prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Related Actions now pending in this District. *See, e.g.*, *Steiner*, 2000 U.S. Dist. LEXIS 20341, at *7.

### C. Mr. David Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-

1  4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most
2  adequate plaintiff is the person or the group of persons that –

3      (aa) has either filed the complaint or made a motion in response to a notice  . . .;

4      (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

5
6      (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

7  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Mr.
8  David meets each of these requirements and should be appointed Lead Plaintiff.

### 1. This Motion Is Timely

The statutory notice of this action was published on August 10, 2018, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of August 10, 2018, or by October 9, 2018.  *See* McCormick Decl., Ex. A.  Because this Motion is being filed on October 9, it is timely and Mr. David is entitled to be considered for appointment as lead plaintiff.

### 2. Mr. David Has A Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his PSLRA Certification, Mr. David expended more than $8,974,691 purchasing 25,228 shares of Tesla securities, suffering approximately $439,399 in losses as a result of defendants' alleged misconduct.  *See* McCormick Decl., Exs. B, C.  Therefore, Mr. David has a substantial financial interest in the relief sought by the class.

### 3. Mr. David Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Bodri v. GoPro,*

*Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at \*16-\*17 (N.D. Cal. Apr. 28, 2016) (same).

"Typicality asks whether 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(3)). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(4)).

Here, Mr. David purchased Tesla securities and suffered harm when defendants' alleged misconduct was revealed. *See* McCormick Decl., Exs. B-C. In addition, Mr. David's substantial stake in the outcome of the case indicates he has the requisite incentive to vigorously represent the class's claims. Moreover, Mr. David is not aware of any conflicts between his claims and those asserted on behalf of the putative class and is not subject to any unique defenses. Finally, as discussed below, Mr. David has selected qualified counsel experienced in securities litigation.

Mr. David's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel demonstrate that he satisfies the Rule 23 inquiry.

### D.     The Court Should Approve Mr. David's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Mr. David has selected Robbins Geller and Lieff Cabraser as lead counsel in this case.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly practices complex securities litigation. *See* McCormick Decl., Ex. D. District courts throughout the country, including this Court, have recognized Robbins Geller's experience in litigating complex securities class actions, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Bodri*, 2016 U.S. Dist. LEXIS 57559, at \*22 (approving lead plaintiff's selection of Robbins Geller as lead counsel); McCormick Decl., Ex. D. Robbins Geller has been repeatedly appointed to leadership positions in large securities class actions and other complex litigation pending in the Northern District. *See, e.g.*, *In re*

*LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, ECF No. 113 (N.D. Cal. Oct. 28, 2016) (appointing Robbins Geller to serve as Lead Counsel in securities class action); *Luna v. Marvell Tech. Grp., Ltd.*, No. 3:15-cv-05447-WHA, ECF No. 53 (N.D. Cal. Feb. 8, 2016) (same); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:15-md-02672-CRB, ECF No. 1084 (N.D. Cal. Jan. 21, 2016) (appointing Paul Geller of Robbins Geller to serve on plaintiffs' steering committee ("PSC")); *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:17-md-02777-EMC, ECF No. 173 (N.D. Cal. June 19, 2017) (appointing Rachel Jensen of Robbins Geller to serve on PSC).

Similarly, Lieff Cabraser is one of the nation's preeminent plaintiffs' law firms and has prosecuted numerous securities and financial fraud lawsuits on behalf of public and private institutional and retail investors in courts within this District and throughout the nation. See McCormick Decl., Ex. E. For example, in *In re Bank of New York Mellon Corp. Foreign Exchange Transactions Litig.*, No. MD-12-2335-LAK (S.D.N.Y.), the Honorable Lewis A. Kaplan noted that "[t]his really was an extraordinary case in which plaintiffs' counsel performed, at no small risk, an extraordinary service" and "plaintiffs' counsel deserve a world of credit for taking it on, for running the risk, for financing it and doing a great job." The Honorable William H. Alsup observed in *In re Network Associates, Inc. Securities Litigation*, No. C 99-1729-WHA (N.D. Cal.), that "[t]he class was well served at a good price by excellent counsel. . . . We have class counsel who's one of the most foremost law firms in the country in both securities law and class actions." Lieff Cabraser is a well-established and highly regarded presence within the San Francisco legal community, and the firm's largest office is located there. With more than 200 attorneys and support staff members, the majority of whom work in the San Francisco office, Lieff Cabraser offers the convenience of a local firm with proven experience, expertise, and resources to serve as Lead Counsel. Lieff Cabraser is particularly well-suited to litigate complex class cases in the Northern District, having been appointed lead counsel in several such cases recently. *See, e.g.*, *In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 3:16-cv-05541-JST, 2017 WL 130282, at *3 (N.D. Cal. Jan. 12, 2017) (appointing Lieff Cabraser as Co-Lead Counsel in the derivative action); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:15-md-02672-CRB (N.D. Cal. Jan. 21,

2016), ECF No. 1084 (appointing Lieff Cabraser as Lead Counsel and PSC Chair); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:17-md-02777-EMC (N.D. Cal. Jun. 19, 2017), ECF No. 173 (appointing Lieff Cabraser as Lead Counsel and PSC Chair). *See* McCormick Decl., Ex. E. Accordingly, Mr. David's selection of counsel is reasonable and should be approved.

## V.     CONCLUSION

The Related Actions are substantially similar in facts and issue, and should be consolidated for all purposes. Additionally, Mr. David has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. David respectfully requests that the Court consolidate the Related Actions, appoint him as Lead Plaintiff, and approve his selection of counsel.

DATED: October 9, 2018                         Respectfully submitted,

                                                  ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
                                                RACHEL L. JENSEN
                                                RANDI D. BANDMAN
                                                TRICIA L. McCORMICK

                                                  s/ Tricia L. McCormick
                                                   TRICIA L. McCORMICK

                                                655 West Broadway, Suite 1900
                                                San Diego, CA  92101-8498
                                                Telephone:  619/231-1058
                                                619/231-7423 (fax)

                                                LIEFF, CABRASER, HEIMANN
                                                   & BERNSTEIN, LLP
                                                ELIZABETH J. CABRASER
                                                RICHARD M. HEIMANN
                                                KATHERINE L. BENSON
                                                275 Battery Street, 29th Floor
                                                San Francisco, CA  94111-3339
                                                Telephone:  415/956-1000
                                                415/956-1008 (fax)

                                                [Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2018.

    s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  triciam@rgrdlaw.com

# Mailing Information for a Case 3:18-cv-04865-EMC Isaacs v. Musk et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,dawn.hartman@ksfcounsel.com

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,aepstein@fenwick.com

- **Mario Man-Lung Choi**
  mchoi@kaplanfox.com

- **Eric Marc George**
  egeorge@bgrfirm.com,khall@bgrfirm.com,cbonilla@bgrfirm.com

- **David William Hall**
  dhall@hedinhall.com

- **Ashley Conrad Keller**
  ack@kellerlenkner.com

- **Laurence D. King**
  lking@kaplanfox.com,spowley@kaplanfox.com,nlee@kaplanfox.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,lkelleybourne@fenwick.com

- **Mara Rachelle Ludmer**
  mludmer@fenwick.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Uri Seth Ottensoser**
  so@kellerlenkner.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Carl Alan Roth**
  croth@bgrfirm.com,khall@bgrfirm.com,mbetti@bgrfirm.com

- **Marc M. Seltzer**
  mseltzer@susmangodfrey.com,ecf-4d2b1f772250@ecf.pacerpro.com,hdanielson@susmangodfrey.com,ecf-67366a65900c@ecf.pacerpro.com

- **Michael Walter Stocker**
  mikes@hbsslaw.com,sf_filings@hbsslaw.com

- **James Matthew Wagstaffe**
  wagstaffe@kerrwagstaffe.com,reboredo@kerrwagstaffe.com,bechtol@kerrwagstaffe.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`