DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
MARA LUDMER (CSB No. 307662)
mludmer@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

Attorneys for Defendants
Tesla, Inc. and Elon Musk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KALMAN ISAACS, individually and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK and TESLA, INC.,<br><br>Defendants. | Case No.: 3:18-cv-04865-EMC<br><br>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF AND CONSOLIDATION MOTIONS**<br><br>Date:    November 15, 2018<br>Time:   1:30 p.m.<br>Dept.:   Courtroom 5, 17th Floor<br>Judge:  Hon. Edward M. Chen<br><br>Date Action Filed:  August 10, 2018 |
| WILLIAM CHAMBERLAIN, on behalf of himself and all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON MUSK,<br><br>Defendants. | Case No.: 3:18-cv-04876-EMC |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' RESPONSE TO LEAD PLAINTIFF
AND CONSOLIDATION MOTIONS

Case No.: 3:18-cv-04865-EMC

| | |
|---|---|
| JOHN YEAGER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC. and ELON MUSK,<br><br>　　　　Defendants. | Case No.: 3:18-cv-04912-EMC |
| CARLOS MAIA, on behalf of himself and all other similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC. and ELON MUSK,<br><br>　　　　Defendants. | Case No.: 3:18-cv-04939-EMC |
| KEWAL DUA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC. and ELON MUSK,<br><br>　　　　Defendants. | Case No.: 3:18-cv-04948-EMC |
| JOSHUA HORWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>　　　　Defendants. | Case No.: 3:18-cv-05258-EMC |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' RESPONSE TO LEAD PLAINTIFF
AND CONSOLIDATION MOTIONS

Case No.: 3:18-cv-04865-EMC

| | |
|---|---|
| ANDREW E. LEFT, Individually and on Behalf of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., and ELON R. MUSK,<br><br>Defendants. | Case No.: 3:18-cv-05463-EMC |
| ZHI XING FAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., and ELON R. MUSK,<br><br>Defendants. | Case No.: 3:18-cv-05470-EMC |
| SHAHRAM SODEIFI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Delaware corporation, and ELON R. MUSK, an individual<br><br>Defendants. | Case No.: 3:18-cv-05899-EMC |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' RESPONSE TO LEAD PLAINTIFF
AND CONSOLIDATION MOTIONS

Case No.: 3:18-cv-04865-EMC

## I. INTRODUCTION

On October 9, 2018, nine competing motions were filed seeking appointment of lead plaintiffs and lead counsel, and to consolidate these actions. With respect to consolidation, defendants agree that it is appropriate and would promote efficiency. While defendants take no position on who should serve as lead plaintiff or lead counsel, they make this submission out of concern over inefficiencies presented by certain of the submissions, which could lead to needless expense for defendants and impose unwarranted burdens on the Court. Defendants briefly address these concerns below.

## II. RESPONSE

*First*, four of the motions were filed on behalf of an "aggregation" of two to five unrelated persons or entities (some of which are non-U.S citizens and provide virtually no information about their background). *See* Dkt. Nos. 45, 47, 71, and 74.[1] Four movants also seek to appoint multiple law firms to serve as lead or co-lead counsel, or liaison counsel, even though the alleged class period is ten days (August 7 to August 17, 2018). *See* Dkt. Nos. 40, 45, 47, 80. The appointment of multiple lead plaintiffs and multiple law firms is generally disfavored under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") because it can lead to inefficiencies and undue expense for both defendants and putative class members alike. *See, e.g.*, *In re Network Assoc., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1024 (N.D. Cal. 1999) ("[t]he whole point of the [PSLRA] was to install a lead plaintiff with substantive decision-making ability and authority" and a "mass of unrelated investors" cannot do that); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153-54 (N.D. Cal. 1999) (a "group" should be "united by more than the mere happenstance of having bought the same securities"); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1113 (N.D. Cal. 2001) (requiring lead counsel to "detail the need for and extent of" any "delegation" to other firms and/or the "reasons for appointing two law firms and the plans for allocating work between them"); *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1318–19 (M.D. Fla. 2000) (rejecting appointment of multiple firms because that

---

[1] One such group of plaintiffs subsequently withdrew its motion. *See* Dkt. 102. Another plaintiff group later filed a notice of non-opposition in favor of other movants. *See* Dkt. 104.

"will not promote the efficient prosecution of this case").  Where appointment of more than one lead plaintiff and firm is sought, movants have been required to set forth in detail the reasons for such an approach. *See generally Network Assoc.*, 76 F. Supp. 2d at 1019-28, 1030 (discussing the legal bases and rationale for rejecting aggregated groups to serve as lead plaintiff and, relevant here, also rejecting foreign-based entities[2]); *Miller v. Ventro Corp.*, 2001 WL 34497752, at *13 (N.D. Cal. Nov. 28, 2001) (expressing "strong reservations" and requiring plaintiffs to "demonstrate to the Court's satisfaction the need for multiple lead counsel").  The pending motions do not do so.

*Second*, the majority of the movants either expressly or implicitly seek to appoint lead plaintiffs to represent **both** purchasers and sellers during the ten-day alleged class period.  *See* Dkt. Nos. 41, 46, 47, 64, 71, 86.  That approach, which is not explained in the pending motions, makes no sense. An ordinary "seller" profits from alleged inflation while a "buyer" allegedly suffers a loss; that is why securities class actions are typically brought on behalf of "purchasers" of shares (not sellers).  No movant even purports to address this issue, even though the lead plaintiff process under the PSLRA mandates that each movant make a *prima facie* showing of typicality and adequacy under Fed. R. Civ. P. 23. This means that "representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *see also Donaldson v. Microsoft Corp.*, 205 F.R.D. 558, 568 (W.D. Wash. 2001) ("[n]ot only are the named plaintiffs' interests in potential conflict with those of the putative class, but class members are also potentially in conflict with one another").  Movants should be required to address this inherent conflict at the outset.

*Third*, defendants intend to move to dismiss this matter once a lead plaintiff is appointed and a consolidated amended complaint is filed.  Pending the resolution of that motion, all proceedings in this case are stayed, including discovery, under the PSLRA's express terms.  *See*

---

[2] Any lead plaintiff, particularly one based outside the United States, should be required to commit unequivocally to providing discovery, including deposition testimony, in this District and in accordance with the Federal Rules of Civil Procedure. Their current submissions are vague in this respect.  *See, e.g.,* Dkt. Nos. 51-1 at 6; 71-3 at 2; 71-4 at 2.

15 U.S.C. § 78u-4(b)(3)(B).  This provision embodies the intent of Congress to ensure that discovery does not proceed unless and until plaintiffs' allegations have been tested. *See SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999) ("[D]iscovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*"); *Medhekar v. U.S. Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed.").  While one unrelated group of movants – in an attempt to demonstrate how "aggressive" they may be – has attached a draft motion seeking relief from the stay (Dkt. No. 51-8), the reality is that none of the extraordinary circumstances needed to circumvent the stay are present here. *See* 15 U.S.C. § 78u-4(b)(3)(B). (relief from discovery stay is available only upon a finding that it is "necessary to preserve evidence or to prevent undue prejudice").  In fact, courts routinely reject the arguments on which this set of movants attempts to rely.  *See, e.g., Hallisey v. Zuckerberg*, 2018 WL 3474172, at *1-2 (N.D. Cal. July 19, 2018) (denying request to lift stay because request for "documents already produced . . . in response to government investigations" failed to adequately demonstrate loss of evidence or other undue prejudice); *In re Asyst Techs., Inc. Deriv. Litig.*, 2008 WL 916883, at *2 (N.D. Cal. Apr. 3, 2008) (finding that "[p]laintiffs' argument that they need to be on an equal footing with other investigative agencies by obtaining documents already produced to those other agencies, without more, does not justify lifting the [PSLRA] discovery stay."); *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007) (plaintiffs are not prejudiced "merely because [some of] the documents they seek have already been produced to a governmental agency"); *Avila v. LifeLock Inc.*, 2016 WL 7799624, at *2 (D. Ariz. Apr. 22, 2016) ("the fact a defendant has produced documents to a governmental agency or other private parties in related lawsuits is, by itself, insufficient to constitute undue prejudice").  This sort of tactic serves to undermine the PSLRA, and impose unwarranted expense on defendants and burdens on the Court.

1  *Finally*, several movants reference the recent settlements that defendants entered into with the SEC. That resolution has no bearing on whether or not these plaintiffs can plead a claim. Indeed, the movants fail to note that defendants resolved the SEC matters "without admitting or denying" the allegations, and that defendants expressly preserved their "right to take any legal or factual positions in litigation or other legal proceedings in which the Commission is not a party," such as this lawsuit. This is simply an unfair ploy to attempt to prejudice defendants. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("a consent judgment between a federal agency and a private corporation" cannot "be used as evidence in subsequent litigation between that corporation and another party"); *Kyung Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1203-05 (N.D. Cal. 2012) (concluding that where defendants "neither admitted nor denied the allegations against them" there are no "findings" upon which the plaintiffs could rely); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593-94 (S.D.N.Y. 2011) ("proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial").

### III.   CONCLUSION

Defendants agree that the related matters should be consolidated. While they take no position on the appointment of lead plaintiff and lead counsel, the movants should provide appropriate assurances that this matter will be handled in a manner that is efficient, and does not impose unwarranted or excessive burdens on defendants or the Court.

Dated:   October 23, 2018                              FENWICK & WEST LLP

By: /s/   *Jennifer C. Bretan*
Jennifer C. Bretan

Attorneys for Defendants Tesla, Inc. and Elon Musk