# Exhibit 10



# Case Summary

ANDREW EDWARD LEFT NFA 95BCC00020 NFA ID: 0253075

**Respondent/Effective Date Summary**

| NFA ID | Respondent | Effective Date |
|---|---|---|
| 0250838 | BRIDGES, DAVID RAY | 04/13/2000 |
| 0198208 | BURSTEEN, JEFFREY LAWRENCE | 03/02/1998 |
| 0228645 | BUSHEY, MICHAEL DALE | 07/28/1997 |
| 0032316 | CIARAMELLA, JOHN THOMAS | 07/17/1997 |
| 0253085 | DAYAN, BENJI SCOTT | 05/18/1998 |
| 0023480 | FREEDBERG, LARRY S | 07/17/1997 |
| 0196255 | GETZ, DANIEL ALAN | 03/02/1998 |
| 0209853 | GROSS, MITCHELL ALLEN | 03/02/1998 |
| 0181931 | KAHN, LARRY ALAN | 07/17/1997 |
| 0253075 | LEFT, ANDREW EDWARD | 03/02/1998 |
| 0245804 | MULLER, ADRIAN | 06/04/1997 |
| 0198483 | PARKS, WILLIAM KELLY | 04/13/2000 |
| 0055895 | SAATHOFF, CARL ROBERT | 07/01/1997 |
| 0200481 | SOMMERS, MARTIN | 07/01/1997 |
| 0236721 | STEINFELD, DAVID SCOTT | 07/05/1996 |
| 0184642 | STERN, ANDREW N | 07/01/1997 |
| 0244735 | UNIVERSAL COMMODITY CORPORATION | 07/01/1997 |
| 0253107 | VITELLO, LEONARD PETER JR | 03/02/1998 |
| 0083808 | ZAGER, ARNOLD BARRY | 03/02/1998 |
| 0181512 | ZINNER, KENNETH ALAN | 04/13/2000 |

**Rule Summary**

| NFA ID | Respondent | Rule Type |
|---|---|---|
| 0250838 | BRIDGES, DAVID RAY | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| 0198208 | BURSTEEN, JEFFREY LAWRENCE | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0228645 | BUSHEY, MICHAEL DALE | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| 0032316 | CIARAMELLA, JOHN THOMAS | • C.R.2-9 - SUPERVISION OF EMPLOYEES |
| 0253085 | DAYAN, BENJI SCOTT | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0023480 | FREEDBERG, LARRY S | • C.R.2-9 - SUPERVISION OF EMPLOYEES |
| 0196255 | GETZ, DANIEL ALAN | • C.R.2-4 - HIGH STDS. OF COMMERCIAL HONOR |
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0209853 | GROSS, MITCHELL ALLEN | • C.R.2-4 - HIGH STDS. OF COMMERCIAL HONOR |
| 0181931 | KAHN, LARRY ALAN | • C.R.2-9 - SUPERVISION OF EMPLOYEES |
| 0253075 | LEFT, ANDREW EDWARD | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0245804 | MULLER, ADRIAN | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |

| | | |
|---|---|---|
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| 0198483 | PARKS, WILLIAM KELLY | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| 0055895 | SAATHOFF, CARL ROBERT | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-9 - SUPERVISION OF EMPLOYEES |
| | | • C.R.2-29(b)(1) - USE OF DECEPTIVE PROMO MATER. |
| | | • C.R.2-29(b)(2) - MISSTATEMT/OMISSION OF FACT PROMP |
| 0200481 | SOMMERS, MARTIN | • C.R.2-4 - HIGH STDS. OF COMMERCIAL HONOR |
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0236721 | STEINFELD, DAVID SCOTT | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0184642 | STERN, ANDREW N | • C.R.2-9 - SUPERVISION OF EMPLOYEES |
| | | • C.R.2-29(b)(2) - MISSTATEMT/OMISSION OF FACT PROMP |
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-29(b)(1) - USE OF DECEPTIVE PROMO MATER. |
| 0244735 | UNIVERSAL COMMODITY CORPORATION | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| | | • C.R.2-4 - HIGH STDS. OF COMMERCIAL HONOR |

| NFA ID | Respondent | |
|---|---|---|
| | | • C.R.2-9 - SUPERVISION OF EMPLOYEES |
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-29(b)(2) - MISSTATEMT/OMISSION OF FACT PROMP |
| | | • C.R.2-29(b)(1) - USE OF DECEPTIVE PROMO MATER. |
| 0253107 | VITELLO, LEONARD PETER JR | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0083808 | ZAGER, ARNOLD BARRY | • C.R.2-4 - HIGH STDS. OF COMMERCIAL HONOR |
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| | | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0181512 | ZINNER, KENNETH ALAN | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| | | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |

## Committee Summary

| NFA ID | Respondent | Committee |
|---|---|---|
| 0250838 | BRIDGES, DAVID RAY | • HEARING COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| | | • APPEALS COMMITTEE |
| 0198208 | BURSTEEN, JEFFREY LAWRENCE | • HEARING COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| | | • APPEALS COMMITTEE |
| 0228645 | BUSHEY, MICHAEL DALE | • BUSINESS CONDUCT COMMITTEE |
| | | • HEARING COMMITTEE |
| | | • APPEALS COMMITTEE |
| 0032316 | CIARAMELLA, JOHN THOMAS | • APPEALS COMMITTEE |

| | | |
|---|---|---|
| | | • BUSINESS CONDUCT COMMITTEE |
| | | • HEARING COMMITTEE |
| 0253085 | DAYAN, BENJI SCOTT | • HEARING COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| | | • APPEALS COMMITTEE |
| 0023480 | FREEDBERG, LARRY S | • HEARING COMMITTEE |
| | | • APPEALS COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| 0196255 | GETZ, DANIEL ALAN | • HEARING COMMITTEE |
| | | • APPEALS COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| 0209853 | GROSS, MITCHELL ALLEN | • APPEALS COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| | | • HEARING COMMITTEE |
| 0181931 | KAHN, LARRY ALAN | • BUSINESS CONDUCT COMMITTEE |
| | | • HEARING COMMITTEE |
| | | • APPEALS COMMITTEE |
| 0253075 | LEFT, ANDREW EDWARD | • APPEALS COMMITTEE |
| | | • HEARING COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| 0245804 | MULLER, ADRIAN | • HEARING COMMITTEE |
| | | • APPEALS COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| 0198483 | PARKS, WILLIAM KELLY | • APPEALS COMMITTEE |
| | | • HEARING COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| 0055895 | SAATHOFF, CARL ROBERT | • BUSINESS CONDUCT COMMITTEE |
| | | • HEARING COMMITTEE |
| | | • APPEALS COMMITTEE |
| 0200481 | SOMMERS, MARTIN | • BUSINESS CONDUCT COMMITTEE |
| | | • APPEALS COMMITTEE |
| | | • HEARING COMMITTEE |

| NFA ID | Respondent | |
|---|---|---|
| 0236721 | STEINFELD, DAVID SCOTT | • BUSINESS CONDUCT COMMITTEE |
| | | • APPEALS COMMITTEE |
| | | • HEARING COMMITTEE |
| 0184642 | STERN, ANDREW N | • APPEALS COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| | | • HEARING COMMITTEE |
| 0244735 | UNIVERSAL COMMODITY CORPORATION | • HEARING COMMITTEE |
| | | • APPEALS COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| 0253107 | VITELLO, LEONARD PETER JR | • HEARING COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |
| | | • APPEALS COMMITTEE |
| 0083808 | ZAGER, ARNOLD BARRY | • BUSINESS CONDUCT COMMITTEE |
| | | • APPEALS COMMITTEE |
| | | • HEARING COMMITTEE |
| 0181512 | ZINNER, KENNETH ALAN | • HEARING COMMITTEE |
| | | • APPEALS COMMITTEE |
| | | • BUSINESS CONDUCT COMMITTEE |

## Action Summary

| NFA ID | Respondent | Action Types |
|---|---|---|
| 0250838 | BRIDGES, DAVID RAY | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0198208 | BURSTEEN, JEFFREY LAWRENCE | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0228645 | BUSHEY, MICHAEL DALE | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0032316 | CIARAMELLA, JOHN THOMAS | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0253085 | DAYAN, BENJI SCOTT | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0023480 | FREEDBERG, LARRY S | • SALES PRACTICE |

| | | |
|---|---|---|
| | | • GENERAL CONDUCT |
| 0196255 | GETZ, DANIEL ALAN | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0209853 | GROSS, MITCHELL ALLEN | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0181931 | KAHN, LARRY ALAN | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0253075 | LEFT, ANDREW EDWARD | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0245804 | MULLER, ADRIAN | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0198483 | PARKS, WILLIAM KELLY | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0055895 | SAATHOFF, CARL ROBERT | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0200481 | SOMMERS, MARTIN | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0236721 | STEINFELD, DAVID SCOTT | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0184642 | STERN, ANDREW N | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0244735 | UNIVERSAL COMMODITY CORPORATION | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0253107 | VITELLO, LEONARD PETER JR | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0083808 | ZAGER, ARNOLD BARRY | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0181512 | ZINNER, KENNETH ALAN | • GENERAL CONDUCT |
| | | • SALES PRACTICE |

**Penalty/Event Summary**

| NFA ID | Respondent | Penalty/Event | Event Date |
|---|---|---|---|
| 0250838 | BRIDGES, DAVID RAY | • REQUIRED TO TAPE RECORD 3 YRS | 03/14/2000 |
| | | • RESTRICTIONS ON ACTIVITIES 3 YRS | 03/14/2000 |
| | | • MAY NOT SUPERVISE 3 YRS | 03/14/2000 |
| | | • TEMPORARY BAR FROM NFA MEMBERSHIP 2 YRS | 03/14/2000 |
| | | • FINE $5000 | 03/14/2000 |
| | | • OTHER--SEE NARRATIVE | 03/14/2000 |
| 0198208 | BURSTEEN, JEFFREY LAWRENCE | • TEMPORARY BAR FROM NFA MEMBERSHIP 1 YRS | |
| | | • REQUIRED TO TAPE RECORD 3 YRS | |
| | | • RESTRICTIONS ON ACTIVITIES 3 YRS | |
| | | • MAY NOT SUPERVISE 3 YRS | |
| | | • OTHER--SEE NARRATIVE | |
| | | • FINE $5000 | |
| 0228645 | BUSHEY, MICHAEL DALE | • TEMPORARY BAR FROM NFA MEMBERSHIP 6 YRS | |
| | | • OTHER--SEE NARRATIVE | |
| | | • REQUIRED TO TAPE RECORD 2 YRS | |
| | | • MAY NOT SUPERVISE | |
| | | • RESTRICTIONS ON ACTIVITIES | |
| | | • ENHANCED PROCEDURES REQUIRED | |

| | | |
|---|---|---|
| 0032316 | CIARAMELLA, JOHN THOMAS | • FINE $15000 |
| | | • MAY NOT SUPERVISE 5 YRS |
| 0253085 | DAYAN, BENJI SCOTT | • RESTRICTIONS ON ACTIVITIES 3 YRS |
| | | • REQUIRED TO TAPE RECORD 3 YRS |
| | | • MAY NOT SUPERVISE 3 YRS |
| | | • OTHER--SEE NARRATIVE |
| | | • TEMPORARY WITHDRAWAL FROM NFA MEMBERSHIP 1 YRS |
| 0023480 | FREEDBERG, LARRY S | • REQUIRED TO TAPE RECORD 2 YRS |
| | | • MAY NOT SUPERVISE 5 YRS |
| | | • FINE $20000 |
| 0196255 | GETZ, DANIEL ALAN | • OTHER--SEE NARRATIVE |
| 0209853 | GROSS, MITCHELL ALLEN | • OTHER--SEE NARRATIVE |
| 0181931 | KAHN, LARRY ALAN | • MAY NOT SUPERVISE 5 YRS |
| | | • FINE $20000 |
| | | • REQUIRED TO TAPE RECORD 2 YRS |
| 0253075 | LEFT, ANDREW EDWARD | • RESTRICTIONS ON ACTIVITIES 2 YRS |
| | | • REQUIRED TO TAPE RECORD 2 YRS |
| | | • TEMPORARY BAR FROM NFA MEMBERSHIP 3 YRS |
| | | • MAY NOT SUPERVISE 2 YRS |

| | | | |
|---|---|---|---|
| | | • OTHER--SEE NARRATIVE | |
| 0245804 | MULLER, ADRIAN | • REQUIRED TO TAPE RECORD 1 YRS | |
| | | • FINE $5000 | |
| 0198483 | PARKS, WILLIAM KELLY | • PERMANENT BAR FROM NFA MEMBERSHIP | 03/14/2000 |
| | | • FINE $10000 | 03/14/2000 |
| | | • OTHER--SEE NARRATIVE | 03/14/2000 |
| 0055895 | SAATHOFF, CARL ROBERT | • FINE $200000 | |
| | | • OTHER--SEE NARRATIVE | |
| | | • SUBMIT PROMOTIONAL MATERIAL TO NFA | |
| | | • RESTRICTIONS ON ACTIVITIES | |
| | | • REQUIRED TO TAPE RECORD | |
| | | • ENHANCED PROCEDURES REQUIRED | |
| 0200481 | SOMMERS, MARTIN | • REQUIRED TO TAPE RECORD 2 YRS | |
| | | • OTHER--SEE NARRATIVE | |
| | | • FINE $10000 | |
| | | • SUSPENDED FROM MEMBERSHIP 30 MTHS | |
| 0236721 | STEINFELD, DAVID SCOTT | • TEMPORARY WITHDRAWAL FROM NFA MEMBERSHIP 4 YRS | |
| 0184642 | STERN, ANDREW N | • OTHER--SEE NARRATIVE | |
| | | • ENHANCED PROCEDURES REQUIRED | |
| | | • REQUIRED TO TAPE RECORD | |

| | | | |
|---|---|---|---|
| | | • RESTRICTIONS ON ACTIVITIES | |
| | | • SUBMIT PROMOTIONAL MATERIAL TO NFA | |
| | | • FINE $200000 | |
| 0244735 | UNIVERSAL COMMODITY CORPORATION | • OTHER--SEE NARRATIVE | |
| | | • FINE $200000 | |
| | | • SUBMIT PROMOTIONAL MATERIAL TO NFA | |
| | | • ENHANCED PROCEDURES REQUIRED | |
| | | • RESTRICTIONS ON ACTIVITIES | |
| | | • REQUIRED TO TAPE RECORD | |
| 0253107 | VITELLO, LEONARD PETER JR | • OTHER--SEE NARRATIVE | |
| 0083808 | ZAGER, ARNOLD BARRY | • TEMPORARY BAR FROM NFA MEMBERSHIP 3 YRS | |
| | | • REQUIRED TO TAPE RECORD 3 YRS | |
| | | • OTHER--SEE NARRATIVE | |
| | | • MAY NOT SUPERVISE 3 YRS | |
| | | • RESTRICTIONS ON ACTIVITIES 3 YRS | |
| | | • FINE $10000 | |
| 0181512 | ZINNER, KENNETH ALAN | • FINE $15000 | 03/14/2000 |
| | | • PERMANENT BAR FROM NFA MEMBERSHIP | 03/14/2000 |
| | | • OTHER--SEE NARRATIVE | 03/14/2000 |

**Narrative Summary**

COMPLAINT -

ON DECEMBER 21, 1995, NFA'S BUSINESS CONDUCT COMMITTEE ("COMMITTEE") ISSUED A COMPLAINT TO UNIVERSAL COMMODITY CORPORATION ("UCC"), ANDREW N. STERN ("STERN"), CARL ROBERT SAATHOFF ("SAATHOFF"), LARRY S. FREEDBERG ("FREEDBERG"), LARRY ALAN KAHN ("KAHN"), JOHN THOMAS CIARAMELLA ("CIARAMELLA"), MARTIN SOMMERS ("SOMMERS"), DAVID RAY BRIDGES ("BRIDGES"), LEONARD PETER VITELLO, JR. ("VITELLO"), BENJI SCOTT DAYAN ("DAYAN"), JEFFREY LAWRENCE BURSTEEN ("BURSTEEN"), ARNOLD BARRY ZAGER ("ZAGER"), KENNETH ALAN ZINNER ("ZINNER"), WILLIAM KELLY PARKS ("PARKS"), MICHAEL D. BUSHEY ("BUSHEY"), MITCHELL GROSS ("GROSS"), DANIEL ALAN GETZ ("GETZ"), DAVID SCOTT STEINFELD ("STEINFELD"), ANDREW EDWARD LEFT ("LEFT") AND ADRIAN MULLER ("MULLER").

THE COMPLAINT ALLEGED THAT UCC, STERN AND SAATHOFF USED DECEPTIVE AND MISLEADING PROMOTIONAL MATERIAL, IN VIOLATION OF NFA COMPLIANCE RULES RULES 2-29(a)(1), 2-29(b)(1) AND 2-29(b)(2). THE COMPLAINT ALSO ALLEGED THAT UCC, BURSTEEN, SOMMERS, BUSHEY, BRIDGES, STEINFELD, DAYAN, PARKS, ZAGER, ZINNER, VITELLO, GETZ, LEFT AND MULLER CHEATED, DEFRAUDED AND DECEIVED COMMODITY FUTURES CUSTOMERS AND ENGAGED IN SOLICITATIONS WHICH OPERATED AS A FRAUD OR DECEIT, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). MOREOVER, THE COMPLAINT ALLEGED THAT UCC, SOMMERS, ZAGER, GROSS AND GETZ FAILED TO OBSERVE HIGH STANDARDS OF COMMERCIAL HONOR AND JUST AND EQUITABLE PRINCIPLES OF TRADE IN THE CONDUCT OF THEIR COMMODITY FUTURES BUSINESS, IN VIOLATION OF NFA COMPLIANCE RULE 2-4. FURTHERMORE, THE COMPLAINT ALLEGED THAT UCC, STERN, SAATHOFF, KAHN, FREEDBERG AND CIARAMELLA FAILED TO DILIGENTLY CARRY OUT THEIR SUPERVISORY RESPONSIBILITIES, IN VIOLATION OF NFA COMPLIANCE RULE 2-9.

ANSWER - MICHAEL BUSHEY

ON JANUARY 19, 1996, BUSHEY SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH HE DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. BUSHEY REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ANSWER - ANDREW LEFT

ON MARCH 20, 1996, LEFT SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH HE DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. LEFT REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ANSWER - ADRIAN MULLER

ON MARCH 20, 1996, MULLER SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH HE DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. MULLER REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

DECISION - ADRIAN MULLER

ON MAY 20, 1997, NFA'S BUSINESS CONDUCT COMMITTEE ISSUED A DECISION ACCEPTING MULLER'S SETTLEMENT OFFER IN WHICH HE NEITHER ADMITTED NOR DENIED THE ALLEGATIONS OF THE COMPLAINT. THE BCC ORDERD MULLER TO PAY A $5,000 FINE. THE BCC ALSO ORDERED MULLER TO TAPE RECORD ALL OF HIS TELEPHONE SOLICITATIONS TO THE PUBLIC FOR ONE YEAR AND TO RETAIN ALL TAPES FOR AT LEAST TWELVE MONTHS. THIS DECISION BECOMES EFFECTIVE JUNE 4, 1997.

ANSWER - WILLIAM KELLY PARKS

ON MARCH 20, 1996, PARKS SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH HE DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. PARKS REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ANSWER - MITCHELL GROSS AND MARTIN SOMMERS

ON MARCH 20, 1996, GROSS AND SOMMERS SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH THEY DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. GROSS AND SOMMERS REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ANSWER - UNIVERSAL COMMODITY CORP., ANDREW STERN AND CARL SAATHOFF

ON MARCH 22, 1996, UCC, STERN AND SAATHOFF SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH THEY DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. UCC, STERN AND SAATHOFF REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ANSWER - DAVID STEINFELD

ON MARCH 22, 1996, STEINFELD SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH HE DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. STEINFELD REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

DECISION - DAVID SCOTT STEINFELD

ON JUNE 19, 1996, THE BUSINESS CONDUCT COMMITTEE ("BCC") ISSUED A DECISION ACCEPTING STEINFELD'S SETTLEMENT OFFER IN WHICH HE NEITHER ADMITTED NOR DENIED THE ALLEGATIONS ALLEGED IN THE COMPLAINT. THE BCC ORDERED STEINFELD TO WITHDRAW AS AN NFA ASSOCIATE AND NOT REAPPLY FOR NFA MEMBERSHIP OR ASSOCIATE MEMBERSHIP FOR A PERIOD OF FOUR YEARS AND, DURING SUCH TIME, HE SHALL NOT ACT IN ANY CAPACITY REQUIRING NFA MEMBERSHIP OR ASSOCIATE MEMBERSHIP OR ACT AS A PRINCIPAL OF AN NFA MEMBER. THIS DECISION BECOMES EFFECTIVE JULY 5, 1996.

ANSWER - DAVID BRIDGES, LEONARD VITELLO, BENJI DAYAN, JEFFREY BURSTEEN,

ARNOLD ZAGER, KENNETH ZINNER, MICHAEL BUSHEY, AND DANIEL GETZ

ON MARCH 22, 1996, BRIDGES, VITELLO, DAYAN, BURSTEEN, ZAGER, ZINNER, BUSHEY, AND GETZ SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH THEY DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. BRIDGES, VITELLO, DAYAN, BURSTEEN, ZAGER, ZINNER, BUSHEY AND GETZ REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ON MARCH 25, 1996, FREEDBERG, KAHN AND CIARAMELLA SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH THEY DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. FREEDBERG, KAHN AND CIARAMELLA REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

DECISION - SOMMERS

ON JUNE 16, 1997, NFA'S BUSINESS CONDUCT COMMITTEE ISSUED A DECISION ACCEPTING SOMMERS' SETTLEMENT OFFER IN WHICH HE NEITHER ADMITTED NOR DENIED THE ALLEGATIONS OF THE COMPLAINT. THE BCC SUSPENDED SOMMERS FOR TWO YEARS AND SIX MONTHS, WITH CREDIT TOWARDS THE SUSPENSION PERIOD GIVEN FOR THE PAST TWO YEARS AND THREE MONTHS THAT SOMMERS HAS NOT WORKED IN THE COMMODITIES INDUSTRY. THE BCC ALSO ORDERED THAT SOMMERS SHALL TAPE RECORD ALL OF HIS TELEPHONE SOLICITATIONS FOR TWO YEARS AND RETAIN ALL TAPES FOR AT LEAST TWELVE MONTHS AND MAKE THE TAPES AVAILABLE TO NFA UPON REQUEST. IN ADDITION, THE BCC ORDERED THAT SOMMERS SHALL TESTIFY AT THE HEARING FOR RESPONDENTS IN THIS MATTER REGARDING HIS EXPERIENCE WHILE WORKING AT UCC. THE BCC FURTHER ORDERED THAT SOMMERS SHALL SUBMIT TO AN EXPEDITED HEARING PROCESS REGARDING ALLEGED SALES PRACTICE VIOLATIONS OR FAILURE TO FULFILL THE AFOREMENTIONED TAPE RECORDING REQUIREMENTS. FURTHERMORE, THE BCC ORDERED SOMMERS TO PAY A $10,000 FINE. THIS DECISION BECOMES EFFECTIVE JULY 1, 1997.

DECISION - UCC, STERN AND SAATHOFF

ON JUNE 16, 1997, NFA'S BCC ISSUED A DECISION ACCEPTING UCC, STERN AND SAATHOFF'S SETTLEMENT OFFER IN WHICH THEY NEITHER ADMITTED NOR DENIED THE ALLEGATIONS OF THE COMPLAINT. THE BCC ORDERED UCC, STERN AND SAATHOFF TO REDUCE THE NUMBER OF THE FIRM'S APS TO NO MORE THAN 66 WITHIN 60 DAYS. THE BCC ALSO ORDERED UCC, STERN AND SAATHOFF TO SUBMIT PROMOTIONAL MATERIAL TO NFA FOR REVIEW AND APPROVAL AT LEAST TWENTY-ONE DAYS PRIOR TO ITS FIRST USE. IN ADDITION, THE BCC ORDERED UCC, STERN AND SAATHOFF TO TAPE RECORD AND RETAIN TAPES OF ALL TELEPHONE CONVERSATIONS BETWEEN APS AND EXISTING AND PROSPECTIVE CUSTOMERS AND MAINTAIN A DAILY WRITTEN LOG FOR EACH CONVERSATION REFLECTING THE IDENTITY OF EACH CUSTOMER OR PROSPECTIVE CUSTOMER AND THE DATE OF EACH CONVERSATION. THESE TAPES SHALL BE PRODUCED WITHIN TEN DAYS FROM NFA'S WRITTEN REQUEST. IN ADDITION, THE BCC ORDERED THAT UCC, STERN AND SAATHOFF RESTRICT PROMOTIONAL MATERIAL AND AP SOLICIATIONS TO EXCLUDE ANY STATEMENT WHICH MAKES REFERENCE TO PROFITS WHICH COULD BE ACHIEVED IN THE FUTURE OR COULD HAVE BEEN ACHIEVED IN THE PAST BY TRADING FUTURES OR OPTIONS ON FUTURES. THE BCC ALSO ORDERED THAT UCC AND ITS APS SHALL NOT DEMONSTRATE THE EFFECTS OF LEVERAGE IN TRADING FUTURES AND OPTIONS BY USING SPECIFIC EXAMPLES OF THE PROFITS WHICH CAN BE ACHIEVED UNLESS THEY MAKE IT CLEAR THAT NO REPRESENTATION IS MADE THAT UCC'S CUSTOMERS HAVE MADE OR ARE LIKELY TO MAKE SUCH PROFITS. THE BCC FURTHER ORDERED THAT UCC, STERN AND SAATHOFF PROVIDE ADDITIONAL ETHICS TRAINING FOR APS. THE BCC ALSO ORDERED THAT UCC, STERN AND SAATHOFF EMPLOY A FULL-TIME COMPLIANCE OFFICER AND

TO AGREE NOT TO COMPENSATE SUPERVISORS BASED ON THE NUMBER OF TRADES EXECUTED BY THE FIRM. THE BCC ORDERED UCC, STERN AND SAATHOFF TO SUBMIT TO AN EXPEDITED HEARING PROCESS WITH 75 DAYS BEFORE A SUBCOMMITTEE OF NFA'S HEARING COMMITTEE REGARDING ALLEGED VIOLATIONS OF ANY CONDITIONS OR TERMS OF THE OFFER OF SETTLEMENT AND THE DECISION. THE BCC FURTHER ORDERED UCC, STERN AND SAATHOFF TO PAY A FINE IN THE AMOUNT OF $200,000. FURTHERMORE, THE BCC ORDERED THAT UCC, STERN AND SAATHOFF AGREE THAT THE TERMS AND CONDITIONS OF THIS DECISION AND THE OFFER OF SETTLEMENT SHALL APPLY TO ANY NFA-REGISTERED FIRM OF WHICH STERN AND/OR SAATHOFF ARE LISTED PRINICPALS. THIS DECISION BECOMES EFFECTIVE JULY 1, 1997.

DECISION - FREEDBERG, KAHN AND CIARAMELLA

ON JULY 2, 1997, NFA'S BCC ISSUED A DECISION ACCEPTING FREEDBERG'S, KAHN'S AND CIARAMELLA'S SETTLEMENT OFFERS IN WHICH THEY NEITHER ADMITTED NOR DENIED THE ALLEGATIONS OF THE COMPLAINT. THE BCC ORDERED FREEDBERG AND KAHN TO EACH PAY A FINE IN THE AMOUNT OF $20,000 AND ORDERED CIARAMELLA TO PAY A FINE IN THE AMOUNT OF $10,000. THE BCC ALSO ORDERED FREEDBERG, KAHN AND CIARAMELLA TO ONLY ACT AS NFA ASSOCIATES AND PROHIBITED THEM FROM ACTING AS A PRINCIPAL OF AN NFA MEMBER OR IN A SUPERVISORY CAPACITY FOR A PERIOD OF FIVE YEARS. THE BCC ORDERED THAT FOR A PERIOD OF TWO YEARS FREEDBERG AND KAHN SHALL TAPE RECORD ALL TELEPHONE CONVERSATIONS WITH CUSTOMERS AND RETAIN THESE TAPES FOR TWO YEARS. FREEDBERG AND KAHN SHALL MAKE THE TAPES AVAILABLE TO NFA UPON REQUEST. FREEDBERG AND KAHN SHALL ALSO MAINTAIN DAILY WRITTEN LOGS OF THEIR SOLICITATIONS. THIS DECISION BECOMES EFFECTIVE JULY 17, 1997.

DECISION - MICHAEL D. BUSHEY

ON JULY 28, 1997, THE HEARING PANEL ISSUED A DECISION ACCEPTING BUSHEY'S SETTLEMENT OFFER IN WHICH HE NEITHER ADMITTED NOR DENIED THE ALLEGATIONS ALLEGED IN THE COMPLAINT. THE HEARING PANEL BARRED BUSHEY FROM APPLYING FOR NFA MEMBERSHIP OR ASSOCIATE MEMBERSHIP, OR FROM ACTING AS A PRINCIPAL OF AN NFA MEMBER, FOR A PERIOD OF SIX YEARS, WITH CREDIT FOR THE THREE YEARS DURING WHICH HE HAS NOT WORKED IN THE FUTURES INDUSTRY. AT THE END OF THE AFOREMENTIONED BAR, BUSHEY MAY APPLY FOR NFA ASSOCIATE MEMBERSHIP ONLY, PROVIDED THAT HE SHALL NOT ACT AS A PRINCIPAL OR SUPERVISE ANY NFA MEMBER FOR TWO YEARS AFTER NFA ASSOCIATE MEMBERSHIP IS GRANTED.

IN ADDITION, BUSHEY MUST TAPE RECORD ALL OF HIS CONVERSATIONS WITH EXISTING AND POTENTIAL CUSTOMERS FOR TWO YEARS AFTER HE IS GRANTED NFA ASSOCIATE MEMBERSHIP AND RETAIN EACH TAPE FOR TWO YEARS. BUSHEY MUST ALSO MAINTAIN A DAILY WRITTEN LOG OF EACH CONVERSATION, IDENTIFYING THE CUSTOMER HE SPOKE WITH AND THE DATE. MOREOVER, ANY MEMBER SPONSORING BUSHEY AS AN ASSOCIATE MUST AGREE IN WRITING TO PERFORM THE SUPERVISORY UNDERTAKINGS CONTAINED IN THE SUPERVISORY AGREEMENT ATTACHED TO BUSHEY'S OFFER OF SETTLEMENT.

AT THE END OF THE AFOREMENTIONED MEMBERSHIP BAR, NEITHER THE COMPLAINT NOR THE DECISION IN THIS CASE SHALL SERVE AS THE SOLE BASIS FOR A PROCEEDING TO DENY BUSHEY'S NFA ASSOCIATE MEMBERSHIP. THIS DECISION BECOMES EFFECTIVE AUGUST 12,

DECISION - BRIDGES, VITELLO, DAYAN, BURSTEEN, ZAGER, ZINNER, PARKS,

GROSS, GETZ, AND LEFT.

ON FEBRUARY 13, 1998, A DESIGNATED PANEL OF NFA'S HEARING COMMITTEE ISSUED A DECISION AFTER A HEARING TO BRIDGES, VITELLO, DAYAN, BURSTEEN, ZAGER ZINNER, PARKS, GROSS, GETZ AND LEFT. THE PANEL MADE THE FOLLOWING FINDINGS AND IMPOSED THE FOLLOWING PENALTIES:

WILLIAM KELLY PARKS -

THE PANEL FOUND THAT PARKS MADE FALSE AND MISLEADING STATEMENTS THAT WERE INTENDED TO CHEAT, DEFRAUD, AND DECEIVE CUSTOMERS, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). PARK'S CONDUCT WAS INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.

CONSEQUENTLY, THE PANEL FINED PARKS $10,000; BARRED HIM FROM ASSOCIATION WITH OR ACTING AS A PRINCIPAL OF ANY NFA MEMBER FOR ONE YEAR; ORDERED HIM TO TAKE AN ETHICS TRAINING COURSE; AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR THREE YEARS, WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO TAPE RECORD AND LOG ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS.

MITCHELL GROSS -

THE PANEL DISMISSED THE CHARGES AGAINST GROSS WITH PREJUDICE.

DANIEL GETZ -

THE PANEL DISMISSED THE CHARGES AGAINST GETZ WITH PREJUDICE.

ARNOLD ZAGER -

THE PANEL FOUND THAT ZAGER MADE FALSE AND MISLEADING STATEMENTS THAT WERE INTENDED TO AND DID CHEAT A CUSTOMER, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). FURTHER, ZAGER ENGAGED IN CONDUCT INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE, IN VIOLATION OF NFA COMPLIANCE RULE 2-4.

CONSEQUENTLY, THE PANEL FINED ZAGER $10,000; BARRED HIM FROM ASSOCIATION WITH AND FROM ACTING AS A PRINCIPAL OF ANY NFA MEMBER FOR THREE YEARS; ORDERED HIM TO ATTEND AN ETHICS TRAINING COURSE; AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR THREE YEARS WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO TAPE RECORD AND LOG ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS. DAVID BRIDGES -

THE PANEL FOUND THAT BRIDGES MADE FALSE AND MISLEADING STATEMENTS IN RECKLESS DISREGARD FOR THE TRUTH, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). BRIDGES' CONDUCT WAS INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.

CONSEQUENTLY, THE PANEL FINED BRIDGES $5,000 AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR THREE YEARS WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO TAPE RECORD AND LOG ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS.

ANDREW LEFT -

THE PANEL FOUND THAT LEFT MADE FALSE AND MISLEADING STATEMENTS TO CHEAT, DEFRAUD OR DECEIVE A CUSTOMER IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). LEFT'S CONDUCT WAS INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.

CONSEQUENTLY, THE PANEL BARRED LEFT FROM ASSOCIATION WITH AND FROM ACTING AS A PRINCIPAL OF ANY NFA MEMBER FOR THREE YEARS; ORDERED HIM TO TAKE AN ETHICS TRAINING COURSE; AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR TWO YEARS WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO TAPE RECORD AND LOG ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS.

BENJI DAYAN -

THE PANEL FOUND THAT DAYAN MADE FALSE AND MISLEADING STATEMENTS WITH A RECKLESS DISREGARD FOR THE TRUTH, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). DAYAN'S CONDUCT WAS INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.

CONSEQUENTLY, THE PANEL FINED DAYAN $2,000; AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR THREE YEARS WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO TAPE RECORD AND LOG ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS.

JEFFREY BURSTEEN -

THE PANEL FOUND THAT BURSTEEN MADE STATEMENTS THAT WERE INTENDED TO CHEAT, DEFRAUD, OR DECEIVE CUSTOMERS, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). BURSTEEN'S CONDUCT WAS INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.

CONSEQUENTLY, THE PANEL FINED BURSTEEN $5,000; BARRED HIM FROM ASSOCIATION WITH AND FROM ACTING AS A PRINCIPAL OF ANY NFA MEMBER FOR ONE YEAR; ORDERED HIM TO TAKE AN ETHICS TRAINING COURSE; AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR THREE YEARS WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO LOG AND TAPE RECORD ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS.

KENNETH ZINNER -

THE PANEL FOUND THAT ZINNER MADE FALSE AND MISLEADING STATEMENTS THAT WERE INTENDED TO AND DID CHEAT, DEFRAUD, AND DECEIVE CUSTOMERS, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). ZINNER'S CONDUCT WAS INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.

CONSEQUENTLY, THE PANEL FINED ZINNER $15,000, BARRED HIM FROM ASSOCIATION WITH AND FROM ACTING AS A PRINCIPAL OF ANY NFA MEMBER FOR THREE YEARS; ORDERED HIM TO TAKE AN ETHICS TRAINING COURSE; AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR THREE YEARS WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO LOG AND TAPE RECORD ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS.

LEONARD VITELLO -

DURING THE HEARING, NFA MOVED TO DISMISS THE CHARGES AGAINST VITELLO. THEREFORE, THE PANEL DISMISSED WITH PREJUDICE THE CHARGES AGAINST VITELLO.

NFA'S APPEAL -

ON FEBRUARY 24, 1998, NFA FILED A PETITION REQUESTING REVIEW BY THE APPEALS COMMITTEE OF THE SANCTIONS IMPOSED BY THE HEARING PANEL IN THIS CASE.

SPECIFICALLY, NFA REQUESTS THAT THE APPEALS COMMITTEE UNDERTAKE REVIEW OF THE ISSUE OF THE SANCTIONS IMPOSED ON BRIDGES, DAYAN, PARKS, AND ZINNER BY THE HEARING PANEL AND ISSUE AN ORDER DIRECTING THE PARTIES TO FILE WRITTEN ARGUMENT SOLELY ON THAT ISSUE.

PARKS' APPEAL -

ON FEBRUARY 27, 1998, WILLIAM KELLY PARKS FILED A NOTICE OF APPEAL FROM THE DECISION OF THE HEARING PANEL WITH NFA'S APPEALS COMMITTEE. PARKS REQUESTS THAT THE APPEALS COMMITTEE REVERSE THE HEARING PANEL'S DECISION AS TO HIM IN ITS ENTIRETY.

BRIDGES' AND DAYAN'S APPEALS -

ON MARCH 3, 1998, DAVID RAY BRIDGES AND BENJI SCOTT DAYAN FILED NOTICES OF APPEAL FROM THE HEARING PANEL'S DECISION WITH NFA'S APPEALS COMMITTEE. BRIDGES AND DAYAN REQUEST THAT THE APPEALS COMMITTEE REVERSE THE HEARING PANEL'S DECISION AS TO THEM IN ITS ENTIRETY.

DECISION -

ON MAY 13, 1998, NFA'S APPEALS COMMITTEE ISSUED A DECISION ACCEPTING DAYAN'S SETTLEMENT OFFER. THE APPEALS COMMITTEE AFFIRMED THE HEARING PANEL'S FINDINGS THAT DAYAN VIOLATED NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1).

THE APPEALS COMMITTEE ALSO ORDERED DAYAN TO WITHDRAW FROM ANY STATUS WHICH HE HAS WITH NFA AND/OR THE CFTC AND ORDERED DAYAN TO NOT APPLY WITH NFA OR THE CFTC IN ANY CAPACITY FOR ONE YEAR. DURING THIS ONE-YEAR BAR FROM NFA AND THE CFTC, DAYAN IS REQUIRED TO ATTEND A FOUR-HOUR ETHICS TRAINING COURSE AND TO TAKE AND PASS THE SERIES 3 EXAM BEFORE RE-APPLYING FOR REGISTRATION. THE APPEALS COMMITTEE ALSO IMPOSED RESTRICTIONS AND CONDITIONS ON DAYAN'S REGISTERED

ACTIVITIES FOR A PERIOD OF THREE YEARS EXCLUSIVE OF ANY PERIOD DURING WHICH DAYAN IS NOT AN ASSOCIATE OF AN NFA MEMBER. THIS DECISION BECOMES EFFECTIVE ON MAY 18, 1998.

NFA APPEALS COMMITTEE DECISION--PARKS, ZINNER AND BRIDGES

On March 14, 2000, NFA's Appeals Committee issued a Decision affirming in all respects the NFA Hearing Panel's findings that Parks and Bridges violated NFA Compliance Rules, and affirming in part and modifying in part the NFA Hearing Panel's penalties imposed on Parks, Zinner and Bridges.

Specifically, the Appeals Committee affirmed the $10,000 fine the Hearing Panel had imposed on Parks, but modified the sanctions to permanently bar him from NFA membership and Associate and principal status with any NFA Member.

Furthermore, the Appeals Committee affirmed the $15,000 fine the Hearing Panel had imposed on Zinner, but modified the sanctions to permanently bar him from NFA memberhsip and Associate and principal status with any NFA Member.

Moreover, the Appeals Committee affirmed the $5,000 fine the Hearing Panel had imposed on Bridges, but modified the sanctions to bar him for two years from NFA membership and Associate and principal status with any NFA Member. Further, the Appeals Committee imposed the following restrictions and conditions on Bridges' activities for three years after his two-year bar expires: (i) he may not function as a principal, partner, officer, director, or branch manager of any NFA Member; (ii) he may not become or remain associated with any NFA Member (sponsor) unless the sponsor agrees in writing to establish and implement written supervisory policies and procedures to ensure that his activities are in compliance with the restrictions imposed by this Decision, and certifies that it understands that any violation of its obligation under this Decision may be grounds for disciplinary action against the sponsor; (iii) he may not directly or indirectly exercise supervisory authority over any person required to be registered as an AP; and (iv) his sponsor must tape record all conversations that occur between him and both existing and potential customers (and Bridges must have no control over the taping process), retain each tape for two years, and maintain a daily written log that reflects, at a minimum, the first and last name of each existing and potential customer that he spoke with on that day.

This Decision becomes effective April 13, 2000.

**Case Documents Summary**

No case documents have been found for this case.

© 2018 National Futures Association. All Rights Reserved.