# EXHIBIT 5



# Case Summary

ANDREW EDWARD LEFT                    NFA 95BCC00020                    NFA ID: 0253075

## Respondent/Effective Date Summary

| NFA ID | Respondent | Effective Date |
|--------|-----------|----------------|
| 0250838 | BRIDGES, DAVID RAY | 04/13/2000 |
| 0198208 | BURSTEEN, JEFFREY LAWRENCE | 03/02/1998 |
| 0228645 | BUSHEY, MICHAEL DALE | 07/28/1997 |
| 0032316 | CIARAMELLA, JOHN THOMAS | 07/17/1997 |
| 0253085 | DAYAN, BENJI SCOTT | 05/18/1998 |
| 0023480 | FREEDBERG, LARRY S | 07/17/1997 |
| 0196255 | GETZ, DANIEL ALAN | 03/02/1998 |
| 0209853 | GROSS, MITCHELL ALLEN | 03/02/1998 |
| 0181931 | KAHN, LARRY ALAN | 07/17/1997 |
| 0253075 | LEFT, ANDREW EDWARD | 03/02/1998 |
| 0245804 | MULLER, ADRIAN | 06/04/1997 |
| 0198483 | PARKS, WILLIAM KELLY | 04/13/2000 |
| 0055895 | SAATHOFF, CARL ROBERT | 07/01/1997 |
| 0200481 | SOMMERS, MARTIN | 07/01/1997 |
| 0236721 | STEINFELD, DAVID SCOTT | 07/05/1996 |
| 0184642 | STERN, ANDREW N | 07/01/1997 |
| 0244735 | UNIVERSAL COMMODITY | 07/01/1997 |

|  |  |  |
|---|---|---|
|  |  | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0209853 | GROSS, MITCHELL ALLEN | • C.R.2-4 - HIGH STDS. OF COMMERCIAL HONOR |
| 0181931 | KAHN, LARRY ALAN | • C.R.2-9 - SUPERVISION OF EMPLOYEES |
| 0253075 | LEFT, ANDREW EDWARD | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
|  |  | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
| 0245804 | MULLER, ADRIAN | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
|  |  | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| 0198483 | PARKS, WILLIAM KELLY | • C.R.2-2(a) - CHEAT,FRAUD DECEIVE CUSTOMERS |
|  |  | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
| 0055895 | SAATHOFF, CARL ROBERT | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |
|  |  | • C.R.2-9 - SUPERVISION OF EMPLOYEES |
|  |  | • C.R.2-29(b)(1) - USE OF DECEPTIVE PROMO MATER. |
|  |  | • C.R.2-29(b)(2) - MISSTATEMT/OMISSION OF FACT PROMP |
| 0200481 | SOMMERS, MARTIN | • C.R.2-4 - HIGH STDS. OF COMMERCIAL HONOR |
|  |  | • C.R.2-29(a)(1) - FRAUDULENT COMM. TO PUBLIC PROHIB. |

|         |                       | • BUSINESS CONDUCT COMMITTEE |
| 0023480 | FREEDBERG, LARRY S     | • APPEALS COMMITTEE<br>• HEARING COMMITTEE<br>• APPEALS COMMITTEE<br>• BUSINESS CONDUCT COMMITTEE |
| 0196255 | GETZ, DANIEL ALAN      | • HEARING COMMITTEE<br>• APPEALS COMMITTEE<br>• BUSINESS CONDUCT COMMITTEE |
| 0209853 | GROSS, MITCHELL ALLEN  | • APPEALS COMMITTEE<br>• BUSINESS CONDUCT COMMITTEE<br>• HEARING COMMITTEE |
| 0181931 | KAHN, LARRY ALAN       | • BUSINESS CONDUCT COMMITTEE<br>• HEARING COMMITTEE<br>• APPEALS COMMITTEE |
| 0253075 | LEFT, ANDREW EDWARD    | • APPEALS COMMITTEE<br>• HEARING COMMITTEE<br>• BUSINESS CONDUCT COMMITTEE |
| 0245804 | MULLER, ADRIAN         | • HEARING COMMITTEE<br>• APPEALS COMMITTEE<br>• BUSINESS CONDUCT COMMITTEE |
| 0198483 | PARKS, WILLIAM KELLY   | • APPEALS COMMITTEE |

| | | • SALES PRACTICE |
| 0253075 | LEFT, ANDREW EDWARD | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0245804 | MULLER, ADRIAN | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0198483 | PARKS, WILLIAM KELLY | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0055895 | SAATHOFF, CARL ROBERT | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0200481 | SOMMERS, MARTIN | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0236721 | STEINFELD, DAVID SCOTT | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0184642 | STERN, ANDREW N | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0244735 | UNIVERSAL COMMODITY CORPORATION | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0253107 | VITELLO, LEONARD PETER JR | • SALES PRACTICE |
| | | • GENERAL CONDUCT |
| 0083808 | ZAGER, ARNOLD BARRY | • GENERAL CONDUCT |
| | | • SALES PRACTICE |
| 0181512 | ZINNER, KENNETH ALAN | • GENERAL CONDUCT |
| | | • SALES PRACTICE |

## Penalty/Event Summary

| NFA ID | Respondent | Penalty/Event | Event Date |
|--------|-----------|---------------|------------|

| | | | |
|---|---|---|---|
| 0181931 | KAHN, LARRY ALAN | • MAY NOT SUPERVISE 5 YRS | |
| | | • FINE $20000 | |
| | | • REQUIRED TO TAPE RECORD 2 YRS | |
| 0253075 | LEFT, ANDREW EDWARD | • RESTRICTIONS ON ACTIVITIES 2 YRS | |
| | | • REQUIRED TO TAPE RECORD 2 YRS | |
| | | • TEMPORARY BAR FROM NFA MEMBERSHIP 3 YRS | |
| | | • MAY NOT SUPERVISE 2 YRS | |
| | | • OTHER--SEE NARRATIVE | |
| 0245804 | MULLER, ADRIAN | • REQUIRED TO TAPE RECORD 1 YRS | |
| | | • FINE $5000 | |
| 0198483 | PARKS, WILLIAM KELLY | • PERMANENT BAR FROM NFA MEMBERSHIP | 03/14/2000 |
| | | • FINE $10000 | 03/14/2000 |
| | | • OTHER--SEE NARRATIVE | 03/14/2000 |
| 0055895 | SAATHOFF, CARL ROBERT | • FINE $200000 | |
| | | • OTHER--SEE NARRATIVE | |
| | | • SUBMIT PROMOTIONAL MATERIAL TO NFA | |

• OTHER - SEE
NARRATIVE

03/14/2000

**Narrative Summary**

### General Case Narrative

COMPLAINT -

ON DECEMBER 21, 1995, NFA'S BUSINESS CONDUCT COMMITTEE
("COMMITTEE") ISSUED A COMPLAINT TO UNIVERSAL COMMODITY
CORPORATION ("UCC"), ANDREW N. STERN ("STERN"), CARL ROBERT
SAATHOFF ("SAATHOFF"), LARRY S. FREEDBERG ("FREEDBERG"), LARRY ALAN
KAHN ("KAHN"), JOHN THOMAS CIARAMELLA ("CIARAMELLA"), MARTIN
SOMMERS ("SOMMERS"), DAVID RAY BRIDGES ("BRIDGES"), LEONARD PETER
VITELLO, JR. ("VITELLO"), BENJI SCOTT DAYAN ("DAYAN"), JEFFREY LAWRENCE
BURSTEEN ("BURSTEEN"), ARNOLD BARRY ZAGER ("ZAGER"), KENNETH ALAN
ZINNER ("ZINNER"), WILLIAM KELLY PARKS ("PARKS"), MICHAEL D. BUSHEY
("BUSHEY"), MITCHELL GROSS ("GROSS"), DANIEL ALAN GETZ ("GETZ"), DAVID
SCOTT STEINFELD ("STEINFELD"), ANDREW EDWARD LEFT ("LEFT") AND
ADRIAN MULLER ("MULLER").

THE COMPLAINT ALLEGED THAT UCC, STERN AND SAATHOFF USED
DECEPTIVE AND MISLEADING PROMOTIONAL MATERIAL, IN VIOLATION OF NFA
COMPLIANCE RULES RULES 2-29(a)(1), 2-29(b)(1) AND 2-29(b)(2). THE
COMPLAINT ALSO ALLEGED THAT UCC, BURSTEEN, SOMMERS, BUSHEY,
BRIDGES, STEINFELD, DAYAN, PARKS, ZAGER, ZINNER, VITELLO, GETZ, LEFT
AND MULLER CHEATED, DEFRAUDED AND DECEIVED COMMODITY FUTURES
CUSTOMERS AND ENGAGED IN SOLICITATIONS WHICH OPERATED AS A
FRAUD OR DECEIT, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-
29(a)(1). MOREOVER, THE COMPLAINT ALLEGED THAT UCC, SOMMERS, ZAGER,
GROSS AND GETZ FAILED TO OBSERVE HIGH STANDARDS OF COMMERCIAL
HONOR AND JUST AND EQUITABLE PRINCIPLES OF TRADE IN THE CONDUCT
OF THEIR COMMODITY FUTURES BUSINESS, IN VIOLATION OF NFA
COMPLIANCE RULE 2-4. FURTHERMORE, THE COMPLAINT ALLEGED THAT UCC,
STERN, SAATHOFF, KAHN, FREEDBERG AND CIARAMELLA FAILED TO
DILIGENTLY CARRY OUT THEIR SUPERVISORY RESPONSIBILITIES, IN VIOLATION
OF NFA COMPLIANCE RULE 2-9.

ANSWER - MICHAEL BUSHEY

ON JANUARY 19, 1996, BUSHEY SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH HE DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. BUSHEY REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ANSWER - ANDREW LEFT

ON MARCH 20, 1996, LEFT SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH HE DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. LEFT REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ANSWER - ADRIAN MULLER

ON MARCH 20, 1996, MULLER SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH HE DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. MULLER REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

DECISION - ADRIAN MULLER

ON MAY 20, 1997, NFA'S BUSINESS CONDUCT COMMITTEE ISSUED A DECISION ACCEPTING MULLER'S SETTLEMENT OFFER IN WHICH HE NEITHER ADMITTED NOR DENIED THE ALLEGATIONS OF THE COMPLAINT. THE BCC ORDERD MULLER TO PAY A $5,000 FINE. THE BCC ALSO ORDERED MULLER TO TAPE RECORD ALL OF HIS TELEPHONE SOLICITATIONS TO THE PUBLIC FOR ONE YEAR AND TO RETAIN ALL TAPES FOR AT LEAST TWELVE MONTHS. THIS DECISION BECOMES EFFECTIVE JUNE 4, 1997.

ANSWER - WILLIAM KELLY PARKS

ON MARCH 20, 1996, PARKS SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH HE DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. PARKS REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ANSWER - MITCHELL GROSS AND MARTIN SOMMERS

ON MARCH 20, 1996, GROSS AND SOMMERS SUBMITTED AN ANSWER TO THE COMPLAINT IN WHICH THEY DENIED THE MATERIAL ALLEGATIONS CONTAINED THEREIN. GROSS AND SOMMERS REQUESTED A HEARING BEFORE NFA'S HEARING COMMITTEE.

ANSWER - UNIVERSAL COMMODITY CORP., ANDREW STERN AND CARL SAATHOFF

DECISION - MICHAEL D. BUSHEY

ON JULY 28, 1997, THE HEARING PANEL ISSUED A DECISION ACCEPTING BUSHEY'S SETTLEMENT OFFER IN WHICH HE NEITHER ADMITTED NOR DENIED THE ALLEGATIONS ALLEGED IN THE COMPLAINT. THE HEARING PANEL BARRED BUSHEY FROM APPLYING FOR NFA MEMBERSHIP OR ASSOCIATE MEMBERSHIP, OR FROM ACTING AS A PRINCIPAL OF AN NFA MEMBER, FOR A PERIOD OF SIX YEARS, WITH CREDIT FOR THE THREE YEARS DURING WHICH HE HAS NOT WORKED IN THE FUTURES INDUSTRY. AT THE END OF THE AFOREMENTIONED BAR, BUSHEY MAY APPLY FOR NFA ASSOCIATE MEMBERSHIP ONLY, PROVIDED THAT HE SHALL NOT ACT AS A PRINCIPAL OR SUPERVISE ANY NFA MEMBER FOR TWO YEARS AFTER NFA ASSOCIATE MEMBERSHIP IS GRANTED.

IN ADDITION, BUSHEY MUST TAPE RECORD ALL OF HIS CONVERSATIONS WITH EXISTING AND POTENTIAL CUSTOMERS FOR TWO YEARS AFTER HE IS GRANTED NFA ASSOCIATE MEMBERSHIP AND RETAIN EACH TAPE FOR TWO YEARS. BUSHEY MUST ALSO MAINTAIN A DAILY WRITTEN LOG OF EACH CONVERSATION, IDENTIFYING THE CUSTOMER HE SPOKE WITH AND THE DATE. MOREOVER, ANY MEMBER SPONSORING BUSHEY AS AN ASSOCIATE MUST AGREE IN WRITING TO PERFORM THE SUPERVISORY UNDERTAKINGS CONTAINED IN THE SUPERVISORY AGREEMENT ATTACHED TO BUSHEY'S OFFER OF SETTLEMENT.

AT THE END OF THE AFOREMENTIONED MEMBERSHIP BAR, NEITHER THE COMPLAINT NOR THE DECISION IN THIS CASE SHALL SERVE AS THE SOLE BASIS FOR A PROCEEDING TO DENY BUSHEY'S NFA ASSOCIATE MEMBERSHIP. THIS DECISION BECOMES EFFECTIVE AUGUST 12, 1997.

DECISION - BRIDGES, VITELLO, DAYAN, BURSTEEN, ZAGER, ZINNER, PARKS,

GROSS, GETZ, AND LEFT.

ON FEBRUARY 13, 1998, A DESIGNATED PANEL OF NFA'S HEARING COMMITTEE ISSUED A DECISION AFTER A HEARING TO BRIDGES, VITELLO, DAYAN, BURSTEEN, ZAGER ZINNER, PARKS, GROSS, GETZ AND LEFT. THE PANEL MADE THE FOLLOWING FINDINGS AND IMPOSED THE FOLLOWING PENALTIES:

WILLIAM KELLY PARKS -

INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.

CONSEQUENTLY, THE PANEL FINED BRIDGES $5,000 AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR THREE YEARS WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO TAPE RECORD AND LOG ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS.

ANDREW LEFT -

THE PANEL FOUND THAT LEFT MADE FALSE AND MISLEADING STATEMENTS TO CHEAT, DEFRAUD OR DECEIVE A CUSTOMER IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). LEFT'S CONDUCT WAS INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.

CONSEQUENTLY, THE PANEL BARRED LEFT FROM ASSOCIATION WITH AND FROM ACTING AS A PRINCIPAL OF ANY NFA MEMBER FOR THREE YEARS; ORDERED HIM TO TAKE AN ETHICS TRAINING COURSE; AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR TWO YEARS WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO TAPE RECORD AND LOG ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS.

BENJI DAYAN -

THE PANEL FOUND THAT DAYAN MADE FALSE AND MISLEADING STATEMENTS WITH A RECKLESS DISREGARD FOR THE TRUTH, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). DAYAN'S CONDUCT WAS INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.

CONSEQUENTLY, THE PANEL FINED DAYAN $2,000; AND PLACED RESTRICTIONS ON HIS ACTIVITIES FOR THREE YEARS WHICH PREVENT HIM FROM SUPERVISING ANY AP AND REQUIRE HIM TO TAPE RECORD AND LOG ALL CONVERSATIONS WITH CURRENT AND POTENTIAL CUSTOMERS.

JEFFREY BURSTEEN -

THE PANEL FOUND THAT BURSTEEN MADE STATEMENTS THAT WERE INTENDED TO CHEAT, DEFRAUD, OR DECEIVE CUSTOMERS, IN VIOLATION OF NFA COMPLIANCE RULES 2-2(a) AND 2-29(a)(1). BURSTEEN'S CONDUCT WAS INCONSISTENT WITH JUST AND EQUITABLE PRINCIPLES OF TRADE.