# Exhibit A

**SUPPLEMENTAL JOINT DECLARATION OF ANDREW E. LEFT, DÁNIEL NEMES, THIERRY BOUTIN, DR. ABRAR SHIRAZI, AND JOHN C. THOMPSON IN SUPPORT OF THE MOTION OF THE TESLA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

We, Andrew E. Left, Dániel Nemes, Thierry Boutin, Dr. Abrar Shirazi, and John C. Thompson (together, the "Tesla Investor Group"), pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Supplemental Joint Declaration in support of the Motion of the Tesla Investor Group for the entry of an Order: (1) consolidating the related securities class actions pending against Tesla, Inc. ("Tesla") and Elon Musk ("Musk" and with Tesla, "Defendants"); (2) appointing the Tesla Investor Group as Lead Plaintiff on behalf of the Class of all injured purchasers and sellers of Tesla securities between August 7, 2018 and August 17, 2018, inclusive (the "Class Period"); and (3) approving our selection of Keller Lenkner LLC and Labaton Sucharow LLP as Co-Lead Counsel and Kerr & Wagstaffe LLP as Liaison Counsel for the Class.  We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  We each have personal knowledge regarding the facts set forth in this Joint Declaration.

2.      In order to further elaborate on, and assuage any concerns regarding, our dedication, cohesive focus, and methodology in pursuing the role of Lead Plaintiff in the current matter, we respectfully submit this Supplemental Joint Declaration.  We are not only deeply motivated to vigorously pursuing this action in order to maximize recovery for the class in the most efficient manner, but are also dedicated to being as transparent as possible regarding how we plan to achieve these goals.  Accordingly, we reaffirm and incorporate by reference everything stated in the original Joint Declaration (ECF No. 51-4), and elaborate upon it below.

3.      We believe it to be of paramount importance that our group represents the broadest spectrum of Tesla investors out of all current movants.  We believe it will ensure that each interest will have a voice, and therefore collective decisions will be made with the class as a whole in mind, as opposed to a mere segment.  This was a key catalyst in our decision to form the Tesla Investor Group.

4.      We understand that it is Lead Plaintiff's responsibility to monitor and remain fully informed regarding the status and progress of this litigation and the prospects for any resolution of this matter.  We further understand that if appointed Lead Plaintiff, we will be responsible for making important litigation decisions and directing counsel with respect to this litigation.  While we will always seek the benefit of counsel's advice, we understand that the final decision-making authority belongs to us.  To discharge these duties, we will, among other things, review pleadings and motion papers received from counsel, obtain periodic status reports on the progress of the litigation, and produce documents, answer interrogatories, and sit for depositions if needed during discovery.  We will provide input into litigation strategies, and major litigation decisions, including whether to settle the litigation, and if so, for what amount.  These decisions are entirely dependent on our approval.

5.      We are aware that Lead Plaintiff acts as a fiduciary to the entire class, which we each intend to represent fully and faithfully in order to protect its interests.  We understand that to fulfill our fiduciary duties and obligations if appointed Lead Plaintiff, we must fairly and adequately represent the class by vigorously prosecuting the litigation on its behalf.  Each of us will do the utmost to maximize the recovery for the class.

6.      We have come together with the common goal of seeking relief for the diverse group of Tesla investors, and have found nothing but consensus in formation.  We have been in

accord thus far in moving for Lead Plaintiff, and continue to be in alignment in our long-term goals for the class and the litigation.  That being said, however, in the unlikely event of a material disagreement, the decision will be put to vote, with each of us receiving one vote.  A majority vote of three will therefore resolve potential disputes.  In the extreme event of an emergency, or other like occurrence wholly out of our control, which would thereby render us unable to cast a vote, Andrew Left ("Left"), as our spokesperson and liaison to Counsel, shall decide on behalf of the group.  To reiterate, while we predict no material disagreements, we want to be fully transparent as to the contingencies in place in the event of an unlikely dispute or emergency.

7.     Related to the above point, the fact that we as a group have unanimously elected Left as our spokesperson and liaison to counsel should not belie the fact that every decision and statement made comes from all of us.  Left has suffered the largest financial losses in the group, and is also in the closest proximity to the court in which this matter is pending.  The decision to appoint him as spokesperson and liaison was therefore borne from a desire for efficiency and clarity, and that desire alone.

8.     As a group of sophisticated and professional investors, we routinely—if not daily—communicate with persons from all corners of the globe.  Each one of us considers it critical to stay apprised of the events in this litigation, and therefore regularly communicate with each other and/or counsel in this regard.  We therefore envision no issues regarding our ability to discuss and strategize in this litigation.  In this regard, we plan to not only hold a quarterly conference call, but will also (and have been) email and call one another and Counsel as needed at any juncture of importance in this litigation, such as motions, settlement discussions, trial preparation, and trial.

9.     We are fully committed and prepared to participate in the discovery process if appointed lead plaintiff.   We envision no problems traveling to depositions, providing documentation, or diligently complying with any other valid discovery request.  We are eager to begin this process as we strongly believe that discovery will reveal just how clear the fraud is in this otherwise complex matter.  Again, we are a group of sophisticated, professional investors, and have adequate resources at our disposal to adequately participate in discovery.

10.    The retention of two law firms to represent us in this litigation is not a result of lawyerly gamesmanship, but instead stems from our own negotiations as sophisticated investors. It is our belief that being represented by two experienced firms serves to increase the strength and capability of our legal representation in this litigation two-fold.   As stated in our first Joint Declaration, both firms came together at the request and urging from Dániel Nemes. Additionally, Left had already been in discussion with both firms.  Therefore, any inkling of our group being an attorney-driven creation should be dispelled.

11.    We also understand that co-lead counsel owe a fiduciary duty to all members of the proposed class to provide fair and adequate representation.

12.    In sum, we are, and will continue to be, committed to the vigorous prosecution of this action, and dedicated to ensuring that the proposed Class receives the optimal outcome from this litigation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this 1º day of October, 2018.


_____

Andrew E. Left

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing statements relating to PROtecto Informatikai

Szolgáltató Korlátolt Felelősségű Társaság are true to the best of my knowledge.

Executed this 30th day of October, 2018.

Dániel Nemes
Sole Owner and Managing Director

*On behalf of PROtecto Informatikai Szolgáltató Korlátolt Felelősségű Társaság*

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Thierry Boutin are true to the best of my knowledge.

Executed this 29th day of October, 2018.


Thierry Boutin

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Dr. Abrar Shirazi are true to the best of my knowledge.

Executed this 3 0 day of October, 2018.

Dr. Abrar Shirazi

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Vilas Capital Management, LLC are true to the best of my knowledge.

Executed this 30ᵗʰ day of October, 2018.


_John C. Thompson_
John C. Thompson
Chief Executive Officer and Chief Investment Officer

*On behalf of Vilas Capital Management, LLC*