# Exhibit B

**KELLER LENKNER LLC**
Ashley C. Keller (*admitted pro hac vice*)
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 741-5222
ack@kellerlenkner.com

**KELLER LENKNER LLC**
U. Seth Ottensoser (*admitted pro hac vice*)
1330 Avenue of the Americas, Suite 23A
New York, NY 10019
Telephone: (212) 653-9715
so@kellerlenkner.com

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
David J. Schwartz
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
dschwartz@labaton.com
fmcconville@labaton.com

*Counsel for the Tesla Investor Group and Proposed Co-Lead Counsel for the Class*
[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| KALMAN ISAACS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK and TESLA, INC,<br><br>Defendants. | Case No. 3:18-cv-04865-EMC<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL DECLARATION OF ROBERT M. DAINES IN FURTHER SUPPORT OF THE MOTION OF THE TESLA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:      November 15, 2018<br>Time:      1:30 p.m.<br>Courtroom: 5 – 17th Floor<br>Judge:     Hon. Edward M. Chen |

*(caption continues on the following pages)*

1

| | |
|---|---|
| WILLIAM CHAMBERLAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA INC., and ELON MUSK,<br><br>Defendants. | Case No. 3:18-cv-04876-EMC |
| JOHN YEAGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON MUSK,<br><br>Defendants. | Case No. 3:18-cv-04912-EMC |
| CARLOS MAIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON R. MUSK,<br><br>Defendants. | Case No. 3:18-cv-04939-EMC |
| KEWAL DUA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and ELON MUSK,<br><br>Defendants. | Case No. 3:18-cv-04948-EMC |

*(caption continues on the following page)*

| | |
|---|---|
| JOSHUA HORWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA INC., and ELON R. MUSK,<br><br>Defendants. | Case No. 3:18-cv-05258-EMC |
| ANDREW E. LEFT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA INC., and ELON R. MUSK,<br><br>Defendants. | Case No. 3:18-cv-05463-EMC |
| ZHI XING FAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA INC., and ELON R. MUSK,<br><br>Defendants. | Case No. 4:18-cv-05470-EMC |
| SHAHRAM SODEIFI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Delaware corporation, and ELON R. MUSK, an individual,<br><br>Defendants. | Case No. 3:18-cv-05899-EMC |

I, Robert M. Daines, state and declare that the below sets forth the opinions that I have reached at this time in this action:

1. I submitted a declaration dated October 22, 2018 in the above-captioned litigation (the "Daines Declaration").[1] The Daines Declaration provides information on my qualifications and background on this case. After filing the Daines Declaration, I was asked by counsel for the Tesla Investor Group to discuss aspects of the value of options that are not applicable to stock.

2. To begin, options provide investors with the right, but not the obligation, to transact in a stock at a specified price.[2] Call options allow an investor to purchase a stock at a specified price and put options allow an investor to sell a stock at a specified price (generally referred to as the "Strike Price").[3]

3. One way in which options differ from stock is that they have a pre-specified expiration date.[4] As a result of its fixed expiration date, the value of an option naturally declines as expiration approaches.[5] This is most obvious for out-of-the-money options (i.e. call options where the stock price is below the call price and put options where the stock price is above the strike price). For example, an out-of-the-money call option will expire worthless if the underlying stock price does not rise above the Strike Price before the expiration date, therefore a longer time to expiration increases the likelihood the stock will

---

[1] Capitalized terms have the same meaning as in the Daines Declaration.
[2] Options are traded on a variety of types of underlying securities but for the purposes of this Declaration I focus on equity options.
[3] John C. Hull, *Options, Futures, and Other Derivatives*, 10th Ed. (2018) ("Hull (2018)"), at 209. I consider here "American" options which allow the holder to exercise at any time before the expiration date.
[4] Hull (2018) at 209.
[5] Hull (2018) at 232. This is true of "American" options which can be exercised at any time. *Id*. I understand the options at issue here are American options and this declaration discusses American options. The value of "European" options (which can only be exercised on their expiration date) generally decline as the expiration date approaches if the underlying stock does not pay dividends. *Id*. Tesla did not pay dividends during the Class Period.

1  rise above the strike price and offer a positive payoff.[6]  However, a longer time to expiration
2  increases the value of options regardless of whether an option is out-of-the-money.[7]  The
3  reason is that the owner of an option with a longer time to expiration has all the exercise
4  opportunities of the owner of an option with a shorter life and more.[8]  The owner of the
5  option with a longer time to expiration can exercise at any time the owner of the shorter lived
6  option can, but she can also exercise after the owner of the shorter lived option as well,
7  because her option expires after the shorter lived option.[9]  The rate at which the value of an
8  option declines due to the passage of time is called the "Theta" of the option.  The Theta of
9  an option whose strike price is close to the stock price (an "at-the-money" option) can be
10 large.[10]

11     4.    The value of an option is determined by multiple factors, only one of which is
12 the stock price.  As discussed above, time to expiration evidenced by Theta is one of these
13 factors.  The volatility of the stock is a second factor.[11]  The higher the volatility, the greater
14 the chance the stock will do very well or very poorly.  For stockholders, these two outcomes
15 offset each-other.  But the effect of volatility is different for options.  For example, if the
16 stock price rises far above the strike price, a call option will become much more valuable to
17 its owner.  But a large decline in the stock price will not have a similarly negative effect on
18 the owner of a call option (provided the stock price is not already far above the strike price)
19 because the most an option-holder can lose is the price of the option.  As a result of this
20 asymmetric payoff, the value of a call option increases with volatility.  The same is true for a
21 put option.  If the stock falls far below the strike price the option will be much more valuable

---

[6] Similarly, an out-of-the-money put option will expire worthless if the stock price does not fall below the strike price before the expiration date. Therefore, a longer time to expiration increases the likelihood the stock price will fall below the strike price and offer a positive payoff.

[7] Hull (2018) at 232.  Again, this is true of "American" options which can be exercised at any time.  *Id*.  See Note 5 supra.

[8] Hull (2018) at 232.  This is true of "American" options which can be exercised at any time.  *Id*.  See Note 5 *supra*.

[9] Hull (2018) at 211.  This is true for American options which can be exercised at any time.

[10] Hull (2018) at 407-408 ("For an at-the-money call option, theta is large and negative").

[11] Hull (2018) at 231-233.  This discussion follows Hull.

to its owner.  But a big increase in the stock price does not have the same effect (provided the stock price is not already far below the strike price) because the most the optionholder can lose is the price of the option.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2018 at Stanford, California.

*Rob Daines*

———————————————
Robert M. Daines