# Exhibit B

| **Movant** | **James Johnson** |
|---|---|
| | **(HBSS)** |
| **FNY Investment Advisers, LLC** | No specific argument against presented.  *See*  ECF 117. |
| **Dany David** | Smaller financial interests.  *See*  ECF 111 at page:line 25:5 - 13. |
| **Glen Littleton** | Wrongly lists Johnson's transactions in table as "Short Position Common Stock" but otherwise not mentioned.  *See*  ECF 106 at 7:18. |
| **Bridgestone Investment Corporation Limited** | Smaller financial interests.  *See*  ECF 107 at 21:10 and 21:18. |
| **Investor Group: Left, PROtecto Informatikai Szolgáltató Korlátolt Felelösségü Társaság, Boutin, Shirazi, and Vilas Capital Management, LLC** | Smaller financial interests.  *See*  ECF 108 at 22:5 - 6. |
| **Tempus International Fund SPC and Opportunity Unique Fund Inc.** | Smaller financial interests.  *See*  ECF 115 at 1:16. |

| Movant | FNY Investment Advisers, LLC |
|---|---|
|  | (Entwistle & Cappucci and Susman Godfrey) |
| **James Johnson** | Long stock purchaser and also has options portfolio.  *See*  ECF 113 at FN 3, 1:27-2:25 and 4:3-4. *See*  ECF 113 at 6:9 - 7:13. |
| **Dany David** | 1.  Claims FNY is a net seller and net gainer during the class period and profited, (*see* ECF 111 at 2:9-16); 2. claims investment advisor might have no Article III standing depending on proper authority (*see*  ECF 111 at 21:5-6). |
| **Glen Littleton** | 1. Complains did not calculate losses in first round (*see*  ECF 106 9:17 and 10:23-26, FN12, citing ECF Nos. 40, 40-1; and 2. complains FNY sold more shares and received more proceeds than it expended on its transactions in Tesla common stock during the Class Period (*see*  ECF 106 10:27-28, citing ECF No. 40-1). |
| **Bridgestone Investment Corporation Limited** | FNY failed to calculate losses in first round and suspects  errors and ambiguities that render its certification's trading data unreliable.. *See*  ECF 107 at . |
| **Investor Group: Left, PROtecto Informatikai Szolgáltató Korlátolt Felelősségü Társaság, Boutin, Shirazi, and Vilas Capital Management, LLC** | 1. FNY failed to submit losses in first round, and claims FNY had gains from its transactions during the Class Period  (*see*  ECF 108 at 25:4-17); 2. FNY is atypical of the Class by virtue of its immense trading volume (both purchases and sales) during the Class Period (*see* ECF 108 at 24:6-25:3). |
| **Tempus International Fund SPC and Opportunity Unique Fund Inc.** | FNY did not provide calculation of  "losses" in first round.  *See*  ECF 115 at 4:27-28, FN 3. |

| Movant | Dany David |
|---|---|
| | **(Robbins Geller and Lieff Cabrasser)** |
| **James Johnson** | 1. Long stock purchaser, also traded in options and was a short seller during the first days of the class period and will have unique defenses relating to his trading strategy (*see* ECF 113 FN 3, 1:27-2:25 and 4:5); 2. as a short sellers David is atagonistic to the interests of long stock purchasers because he will likely argue that his damages are the difference between the short sale (which may preceded the Class Period by months) and the price to cover the short sale and defendants are also likely to attack short sellers ability to utilize the presumption of reliance to defeat class certification (*see* ECF 113 at 5:9 - 6:8); 3. options trading movants also have potential antagonistic interests to long common stock purchasers in calculating their damages because long purchasers (and short sellers too) have an interest in minimizing the damages of options purchasers and also options purchasers have unique defenses requiring separate representation because Defendants are expected to advance several reasons why option traders should be excluded from the class (*see* ECF 113 at 6:9 - 7:13). |
| **FNY Investment Advisers, LLC** | No specific argument against presented. *See* ECF 117. |
| **Glen Littleton** | "David Dany [sic] possibly has a short position in shares. It is possible, and even likely, however, that the position was opened and closed on August 7, 2018 before Musk's 12:48 p.m. tweet as supported by the trade prices listed. See ECF No. 81-3. In such event, his losses would not have resulted as a result of the alleged fraud."   *See* ECF 106 at 9:17 and 10:21 - 22, FN 11. |
| **Bridgestone Investment Corporation Limited** | 1. Smaller financial interests (s*ee* ECF 107 at 21:17); 2. "Applicant Dany David also engaged in short selling Tesla securities during the Class Period.  His motion should be denied for the same reasons set forth regarding Tempus/OUF in §II.B.3, supra." (*see* ECF 107 at 21:25-26, FN 23). |
| **Investor Group: Left, PROtecto Informatikai Szolgáltató Korlátolt Felelösségü Társaság, Boutin, Shirazi, and Vilas Capital Management, LLC** | Smaller financial interests.  See ECF 108 at 22:5 - 6. |
| **Tempus International Fund SPC and Opportunity Unique Fund Inc.** | 1. Smaller financial interests (*see* ECF 115 at 1:16); 2. Counsel for the Dany David, in separate litigation involving shareholder derivative claims on behalf of Defendant Tesla and its shareholders, Robbins Geller seeks appointment as lead counsel (same for Labaton Sucharow who represents Left Inv. Grp) (*see* ECF 115 at 8:25 - 10:9). |

| Movant | Glen Littleton |
|---|---|
| | **(Levi Korsinsky)** |
| **James Johnson** | Damages almost all in options, only 100 long common stock. See ECF 113 at 4:10-11. Options trading movants also have potential antagonistic interests to long common stock purchasers in calculating their damages because long purchasers (and short sellers too) have an interest in minimizing the damages of options purchasers and also options purchasers have unique defenses requiring separate representation because Defendants are expected to advance several reasons why option traders should be excluded from the class. See ECF 113 at 6:9 - 7:13. |
| **FNY Investment Advisers, LLC** | No specific argument against presented. *See* ECF 117. |
| **Dany David** | Net seller and net gainer during the class oeriod and profited, rather than suffered, from the alleged fraud. *See* ECF 111 at 2:9-16. |
| **Bridgestone Investment Corporation Limited** | 1. Smaller financial interest (*see* ECF 107 at 21:13); and 2. his trading data demonstrates that he engaged in high frequency trading in Tesla securities during the Class Period (*see* ECF 107 at 6:16-19 and 16:9-16). |
| **Investor Group: Left, PROtecto Informatikai Szolgáltató Korlátolt Felelösségü Társaság, Boutin, Shirazi, and Vilas Capital Management, LLC** | 1. Smaller financial interests (*see* ECF 108 at 22:5 - 7); 2. Littleton is atypical because he traded almost exclusively in options (*see* ECF 108 at 22:13 - 23:11). |
| **Tempus International Fund SPC and Opportunity Unique Fund Inc.** | Smaller financial interests. *See* ECF 115 at 1:14. |

| Movant | Bridgestone Investment Corporation Limited |
|---|---|
| | (Kahn Swick) |
| **James Johnson** | Damages almost all in options, only 1,000 long common stock.  *See*  ECF 113 at 4:10-11.  Options trading movants also have potential antagonistic interests to long common stock purchasers in calculating their damages because long purchasers (and short sellers too) have an interest in minimizing the damages of options purchasers and also options purchasers have unique defenses requiring separate representation because Defendants are expected to advance several reasons why option traders should be excluded from the class.  *See*  ECF 113 at 6:9 - 7:13. |
| **FNY Investment Advisers, LLC** | No specific argument against presented.  *See*  ECF 117. |
| **Dany David** | Net seller and net gainer during the class period and profited, rather than suffered, from the alleged fraud.  *See*  ECF 111 at 2:9-16. |
| **Glen Littleton** | Smaller financial interest.  *See*  ECF 106 at 9:5. |
| **Investor Group: Left, PROtecto Informatikai Szolgáltató Korlátolt Felelösségü Társaság, Boutin, Shirazi, and Vilas Capital Management, LLC** | 1. Smaller financial interests (*see* ECF 108 at 22:5 - 6); 2. Bridgestone is inadequate to represent the Class of Tesla equity investors because it traded almost exclusively in options during the Class Period (*see* ECF 108 at 23:12-17); 3. Bridgestone's certification is defective as it is signed by Jian Liu but it does not set forth Jian Liu's relationship to Bridgestone or authority to sign the certification and move for appointment as lead plaintiff on its behalf, and therefore fails to demonstrate standing and authority to serve as lead plaintiff (*see* ECF 108 at 23:17 - 23:22); 4. Bridgestone overstated the size of its financial interest in the litigation by approximately $1.7 million (cf. $3.9 million per ECF No. 46, at 6 vs. $2,229,981.20 per ECF No. 52-2), therefore calls into question the primary basis for its purported appointment as lead plaintiff (*see* ECF 108 at 23:23 - 24:5 ). |
| **Tempus International Fund SPC and Opportunity Unique Fund Inc.** | Smaller financial interest.  *See*  ECF 115 at 1:15. |

| Movant | Investor Group:  Left, PROtecto Informatikai Szolgáltató Korlátolt Felelösségü Társaság, Boutin, Shirazi, and Vilas Capital Management, LLC |
|---|---|
| | **(Labaton Sucharow and Keller Lenkner and Kerr & Wagstaffe)** |
| **James Johnson** | 1.  Members of group that are traditional common stock purchasers have joined unrelated groups cobbled together by their attorneys, effectively turning control over to their attorneys with conflicting allegiances to all three classes of investors; unrelated group includes: Left (9,000 plus Short Sales), PROtecto (5,900 plus Options), Boutin (14,000 plus Options), Shirazi (8,500), and Vilas (Short Sales) (*see* ECF 113 at FN 3, 1:27-2:25 and 4:12-14);  2. members of group as short sellers  are atagonistic to the interests of long stock purchasers because they will likely argue that their damages is the difference between the short sale (which may preceded the Class Period by months) and the price to cover the short sale and Defendants are also likely to attack short sellers ability to utilize the presumption of reliance to defeat class certification (*see* ECF 113 at 5:9 - 6:8); 3. options trading movants also have potential antagonistic interests to long common stock purchasers in calculating their damages because long purchasers (and short sellers too) have an interest in minimizing the damages of options purchasers and also options purchasers have unique defenses requiring separate representation because Defendants are expected to advance several reasons why option traders should be excluded from the class (*see*  ECF 113 at 6:9 - 7:13). |
| **FNY Investment Advisers, LLC** | No specific argument against presented.  See  ECF 117. |
| **Dany David** | 1. Lawyer-driven amalgamations, formed solely to achieve the largest financial interest designation: failed to provide joint decl. (*see*  ECF 111 at 11:4-12:14); 2. Left as group spokesperson is subject to unique defenses -- he is a "market moving short seller who publishes reports on public companies for his own benefit." (*see* ECF 111 at 17:17-19); 3. Left lacks honesty and intgegrity: "[i]n 2016, Mr. Left was found guilty of issuing a false report about a Chinese developer..." and "was banned from the Hong Kong market for 5 years and forced to repay the HK$1.6 million he received in trading profits and will face criminal prosecution in Hong Kong if he breaks Hong Kong rules again" and "[i]n 1998, while Mr. Left was working for the Universal Commodity Corporation, the NFA found that he had "made false and misleading statements to cheat, defraud or deceive a customer," and that his "conduct was inconsistent with just and equitable principles of trade." As a result, the NFA barred Mr. Left "from association with and from acting as a principal of any NFA member for three years; ordered him to take an ethics training course; and restrictions on his activities for two years." (*see*  ECF 111 at 20:1 - 21:3); 4. Vilas Capital is an investment advisor that appears to invest the funds of their clients, therefore no Article III standing because party-in-fact did not execute the certification (*see*  ECF 111 at 21:4-6). |

| Movant | Investor Group:  Left, PROtecto Informatikai Szolgáltató Korlátolt Felelösségü Társaság, Boutin, Shirazi, and Vilas Capital Management, LLC |
|---|---|
|  | (Labaton Sucharow and Keller Lenkner and Kerr & Wagstaffe) |
| **Glen Littleton** | 1. "Andrew Left's loss chart reflects that on August 7, 201[8] that he purchased shares to cover shorts that he appears to have sold short prior to the beginning of the Class Period. ECF No. 51-2. His loss chart, however, provides no pre-Class period transaction information to match the cover purchases Andrew Left made during the Class Period. Id. As, such it is impossible to tell utilizing the Last-In-First-Out methodology ("LIFO") whether or not these covers resulted in a recoverable loss." (*see* ECF 106 at 10:14-17, FN 9); 2. "Vilas Capital Management, LLC's loss chart reflects that it covered short sales of common stock on August 7, 2018. ECF No. 51-2. Its loss chart, however, provides no pre-Class Period trade information to match the cover purchases it made during the Class Period. *Id*. As such, it is impossible to tell utilizing LIFO whether these covers resulted in a recoverable loss. Likewise, Vilas Capital Management, LLC's loss chart neither provides any transactions after the Class Period to cover the short sales entered into during the Class Period or the offsetting value of these positions. *Id*." (*see* ECF 106 at 10:17-20, FN 10). |
| **Bridgestone Investment Corporation Limited** | Andrew Left ($1.6 million claimed loss) not only engaged in short selling during the Class Period, he has a history of affirmatively driving Tesla's stock price down to profit from shorting the Company's securities. *See* ECF 107 at 6:15-16 and 16:17 - 17:28. In fact,  while moving to be lead plaintiff, Left again shorted his position, and publicly announced it, helping to drive up the price of Tesla stock. *Id*. This is the type of highly atypical conduct that at least one court in this District has previously found disqualifying under the PSLRA. *Id*. |
| **Tempus International Fund SPC and Opportunity Unique Fund Inc.** | 1. Smaller financial interests (*see* ECF 115 at 1:13 ); and 2. and there is proof of inadequacy or atypicality for certain competing movants:  Andrew Left – to whom the group has delegated ultimate decision-making authority in its Joint Declaration [ECF No. 51-4] – has a checkered past, including being banned by the National Futures Association ("NFA") for providing "false and misleading statements to cheat, defraud or deceive a customer" in violation NFA compliance rules and Thierry Boutin was fined €1.2 million in February 2008 and fined €500,000 in June 2008 by the Autorité des Marchés Financiers (French financial markets regulator) for insider trading (*see* ECF 115 at 8:25 - 10:9); 3. counsel for the Left Investor Group:  in separate litigation involving shareholder derivative claims on behalf of Defendant Tesla and its shareholders, Labaton Sucharow LLP seeks appointment as lead counsel (and same for Robbins Geller who represents movant Dany David) (*see* ECF 115 at 8:11 - 24). |

| Movant | Tempus International Fund SPC and Opportunity Unique Fund Inc. |
|---|---|
| | (Kaplan Fox) |
| **James Johnson** | Only short covers -- no long stock purchases. *See* ECF 113 at 4:17-19. Tempus / OUF as short sellers are atogonistic to the interests of long stock purchasers because they will likely argue that their damages is the difference between the short sale (which may preceded the Class Period by months) and the price to cover the short sale and Defendants are also likely to attack short sellers ability to utilize the presumption of reliance to defeat class certification. *See* ECF 113 at 5:9 - 6:8. |
| **FNY Investment Advisers, LLC** | No specific argument against presented. *See* ECF 117. |
| **Dany David** | 1. No evidence of authority to sign certifications and no Article III standing (*see* ECF 111 at 5:5 6:5); 2. Certifications also renders it atypical and inadequate to represent the class because trades are not verifiable on Bloomberg so either provided inaccurate data, or trades not made on open market (*see* ECF 111 at 6:6 - 7:19); 3. serious questions exist as to: (i) the nature of the Hedge Fund Group's existence and oversight; (ii) the veracity of the funds and their founder (cite to US DOJ action); and (iii) the Hedge Fund Group's ability to adequately serve as fiduciaries for the class (*see* ECF 111 at 7:20 - 9:2); 4. investment manager, signed the Hedge Fund Group's Certifications "on behalf of" the funds, therefore no Article III standing because party-in-fact did not execute the certification (*see* ECF 111 at 21:6 - 23:4). |
| **Glen Littleton** | "Tempus and OUF did not hold a single long position in Tesla during the Class Period. The entirety of Tempus' and OUF's losses arise from the movants closing out their short positions on August 7, 2018. This means that Tempus and OUF do not have the same interests as Littleton and many of the Class members who also held long positions and were harmed by statements and factors that had nothing to do with Tempus' and OUF's losses. Therefore, Tempus and OUF have less to gain from asserting many of the allegations in the lawsuits." *See* ECF 106 at 8:1 - 7. Table lists Tempus loss short position common stock $14,860,089 and OUF loss short position common stock $1,011,257. *Id* . |
| **Bridgestone Investment Corporation Limited** | 1. Does not have the largest financial interest (see ECF 107 at 2:18 - 3:11 and 3:21 - 423); 2. Lacks Article III Standing (*see* ECF 107 3:12-20 and at 9:17 - 11:10); 3. do not have the largest financial interest (*see* ECF 107 at 11:11-22); 4. engaged in highly atypical investments in Tesla securities (*see* ECF 107 4:24 - 5:7 and at 11:23 - 13:14 ); 5. and appears to have engaged in off-market transactions in acquiring Tesla securities (*see* ECF 107 5:8-20 at 13:15 - 14:28). |

| Movant | Tempus International Fund SPC and Opportunity Unique Fund Inc. |
|---|---|
|  | **(Kaplan Fox)** |
| **Investor Group: Left, PROtecto Informatikai Szolgáltató Korlátolt Felelösségü Társaság, Boutin, Shirazi, and Vilas Capital Management, LLC** | 1. Dantas, who has been consistently embroiled numerous civil lawsuits with former business partners while also being at the center of criminal proceedings in his native Brazil, renders Tempus and OUF inadequate and unfit to serve as lead plaintiff due to unrelated misconduct. See ECF 106 at 4:3 - 7:3  "Dantas' colorful past shows "that there is at least a potential that [he] will be subject to unique defenses and will not fairly and adequately protect the interests of the class." (*see* ECF 108 at 8:8 - 9:20); 2. Tempus and OUF are not typical because they are subject to the following unique defenses:  they lack transparency, they fail to establish standing, they have skewed front-end losses, and they are exclusively short sellers of Tesla common stock (*see*  ECF 108 at 9:21 - 18:24 ). |