ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
DANIELLE S. MYERS (259916)
RANDI D. BANDMAN (145212)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
rachelj@rgrdlaw.com
dmyers@rgrdlaw.com
randib@rgrdlaw.com
triciam@rgrdlaw.com

LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
ELIZABETH J. CABRASER (83151)
RICHARD M. HEIMANN (63607)
KATHERINE C. LUBIN (259826)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415/956-1000
415/956-1008 (fax)
ecabraser@lchb.com
rheimann@lchb.com
kbenson@lchb.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KALMAN ISAACS, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>  vs.<br><br>ELON MUSK, et al.,<br><br>                  Defendants. | Case No. 3:18-cv-04865-EMC<br><br><u>CLASS ACTION</u><br><br>DANY DAVID'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL |

1507338_1

1    Pursuant to Local Rule 7-9(b)(3), a party seeking leave to file a reconsideration motion must show a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3). Dany David requests leave to file a motion for reconsideration of the Court's November 27, 2018 Order appointing Glen Littleton as lead plaintiff to correct a clear factual error in the Court's determination that "Mr. Littleton has adequately addressed Mr. David's argument that Mr. Littleton is a net seller/net gainer – *i.e.*, that such is not the case when options and short positions are taken into account." ECF No. 152 at 7. The Court did not hear oral argument on this issue at the November 15, 2018 hearing.

Respectfully, it is undisputed that Mr. Littleton *is* a net seller/net gainer during the Class Period precisely *because* his options (both long and short positions) are taken into account:

| Movant | Shares or Options Purchased During Class Period | Funds Expended on Purchases | Shares or Options Sold During Class Period | Funds Received on Sales | Loss/Gain on Class Period Transactions |
|---|---|---|---|---|---|
| Mr. Littleton | 100 shares<br>2,325 options | $35,043<br>$9,450,364 | 0 shares<br>3,630 options | $0<br>$11,958,574 | ($3,552) loss on shares<br>**$2,473,167 gain on options**<br>**$2,469,615 total gain** |

*See* ECF No. 111 at 9; ECF Nos. 42-1, 42-2. The only way Mr. Littleton is ***not*** a net seller/net gainer is if just his 100 shares of Tesla stock are considered – the inverse of the Order's conclusion. *See* ECF No. 152 at 7. And, if his options (long and short positions) are excluded and just the 100 shares are considered, Mr. Littleton's loss is just $3,552. *See* ECF No. 42-2 at 2.

Contrary to the Order's determination, Mr. Littleton's reply acknowledged he is not a net seller/net gainer ***only if*** his ***pre-Class Period*** position in Tesla securities is taken into account and the Class Period transactions are "matched using the last-in-first-out methodology" to the pre-Class Period transactions, which supposedly "shows that Littleton did not profit from the fraud," a position that Judge Koh has considered, analyzed, and rejected. *Compare* ECF No. 118 at 1-2, 8-10 (affirmatively stating his ability to claim a loss is entirely predicated on positions he "entered into ***before*** the Class Period") *with Perlmutter v Intuitive Surgical, Inc.*, 2011 WL 566814, at *9 (N.D.

1  Cal. Feb. 15, 2011); *see also* ECF No. 111 at 10-11.[1]  Specifically, Judge Koh determined that Mr. Littleton's "argument fails" because "it ignores the purpose of the net seller and net gainer inquiries," *i.e.*, "to determine whether a party potentially benefitted from the fraud," which "is not the same as determining whether a party lost or earned money trading in a particular stock" if that movant's pre-Class Period position is also taken into account. *Perlmutter*, 2011 WL 566814, at *9. As Judge Koh further articulated, the "fact that [Mr. Littleton] received more money from selling [Tesla options during the Class Period] at fraudulently inflated prices than he spent purchasing [Tesla options during the Class Period] at inflated prices makes it more likely that [Mr. Littleton] benefitted from Defendants' alleged fraud" during the Class Period. *Id*.  Thus, "[e]ven if [Mr. Littleton] lost money in all of his [Tesla options] transactions, this amount was reduced by his Class Period sales when the [options] prices were inflated." *Id.*  That is, by selling at artificially inflated prices during the Class Period, Mr. Littleton unwittingly avoided substantial additional losses, and his "status as a net seller and a net gainer during the Class Period weighs against" his appointment because "[b]esides demonstrating that he potentially benefitted from Defendants' fraud, [his] status as a net seller and a net gainer . . . may subject him to unique defenses if he were to be the class representative." *Id*.

Mr. Littleton's authorities are not to the contrary.  *See* ECF No. 118 at 10.  For example, *In re AudioEye, Inc. Sec. Litig.*, 2015 WL 13654027, at *5 (D. Ariz. Aug. 3, 2015), merely holds that a net seller can be a lead plaintiff.  *Id.  AudioEye* does not help Mr. Littleton, however, because it says nothing about a net seller ***who is also a net gainer***, which Mr. Littleton indisputably is. *Id.  In re UTStarcom, Inc. Sec. Litig.*, 2010 WL 1945737, at *6 (N.D. Cal. May 12, 2010) and *Frank v. Dana Corp.*, 237 F.R.D. 171 (N.D. Ohio 2006) are similarly unavailing because both decisions ignored the entire premise of the net seller/net gainer inquiry – *i.e.*, to ascertain whether the movant benefitted from the artificial inflation (rather than realized a profit or loss therefrom) – and simply credited the movants' claimed loss predicated on pre-Class Period transactions.  Problematically, the lone in-District authority Mr. Littleton relied on, *UTStarcom*, based its decision on the rationale in *Plumbers*

---

[1]  Mr. Littleton also erroneously claimed the net seller/net gainer argument was flawed as it did not assume a comprehensive class definition. ECF No. 118 at 8. In fact, Mr. David's analysis was based on Mr. Littleton's Certification and class definition, not a subset thereof. *See* ECF No. 42-1.

1  *& Pipefitters Local 572 Pension Fund v. Cisco Sys. Inc.*, 2004 WL 5326262 (N.D. Cal. May 27, 2004), that while "Defendants' arguments [that the proposed class representative was a net seller and net gainer] may ultimately hold merit, they are largely premature and unpersuasive at the class certification stage" because "damages may be proved by simply showing that Plaintiffs purchased stock at an inflated price." *Id*. at *3 (citing *Broudo v. Dura Pharm., Inc.*, 339 F.3d 933, 938 (9th Cir. 2003)).  Yet, the holding in *Broudo* – that a plaintiff can simply allege that a security was inflated on the date of purchase – was later reversed by the Supreme Court in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005).  Consequently, the rationale and holding in *Plumbers* and *UTStarcom* have been abrogated by the Supreme Court.

To be clear, Mr. Littleton's reply concedes that he is ***only*** able to portray himself as having suffered a loss if his ***pre-Class Period*** transactions are incorporated into the financial interest calculation.  ECF No. 118 at 1-2, 8-10.  In doing so, Mr. Littleton implicitly acknowledges he ***is*** a net seller/net gainer when his Class Period transactions in Tesla securities (including stock and options) are assessed.  *Id.*

The Order erroneously determined that Mr. Littleton was not a net seller/net gainer based on his options and short positions.  ECF No. 152 at 7.  In fact, Mr. Littleton ***is*** a net seller/net gainer precisely because of those positions, and should not have been appointed Lead Plaintiff.  Accordingly, to remedy a clear factual error in the Order that is outcome determinative (and would result in Mr. David's appointment as Lead Plaintiff), Mr. David respectfully requests leave to file a motion for reconsideration.

DATED:  November 30, 2018                  Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
DANIELLE S. MYERS
RANDI D. BANDMAN
TRICIA L. McCORMICK

                                                                    s/ Danielle S. Myers
                                                                DANIELLE S. MYERS

1507338_1

DANY DAVID'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL - 3:18-cv-04865-EMC    - 3 -

1
2  655 West Broadway, Suite 1900
   San Diego, CA  92101-8498
3  Telephone:  619/231-1058
   619/231-7423 (fax)
4
   LIEFF, CABRASER, HEIMANN
5    & BERNSTEIN, LLP
   ELIZABETH J. CABRASER
6  RICHARD M. HEIMANN
   KATHERINE C. LUBIN
7  275 Battery Street, 29th Floor
   San Francisco, CA  94111-3339
8  Telephone:  415/956-1000
   415/956-1008 (fax)
9
   [Proposed] Lead Counsel for Plaintiff
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1507338_1  DANY DAVID'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER
APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL - 3:18-cv-04865-EMC   - 4 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 30, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

1507338_1

# Mailing Information for a Case 3:18-cv-04865-EMC In re Tesla Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,dawn.hartman@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com

- **Randi D. Bandman**
  randib@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,aepstein@fenwick.com

- **Elizabeth Joan Cabraser**
  ecabraser@lchb.com

- **Robert Nicholas Cappucci**
  rcappucci@entwistle-law.com,ncasey@entwistle-law.com,ffleming@entwistle-law.com

- **Mario Man-Lung Choi**
  mchoi@kaplanfox.com

- **Andrew John Entwistle**
  aentwistle@entwistle-law.com,jbeemer@entwistle-law.com,bbrodeur@entwistle-law.com,sriegert@entwistle-law.com,RArnall@Entwistle-Law.com,ffleming@entwisle-law.com,ncasey@entwistle-law.com,mgayle@entwistle-law.com,rcappucci@entwistle-law.com

- **Frederic S. Fox**
  FFox@kaplanfox.com

- **Eric Marc George**
  egeorge@bgrfirm.com,khall@bgrfirm.com,cbonilla@bgrfirm.com

- **David William Hall**
  dhall@hedinhall.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com,e_file_sd@rgrdlaw.com,6139295420@filings.docketbird.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,peterb@hbsslaw.com,brianm@hbsslaw.com,sf_filings@hbsslaw.com

- **Ashley Conrad Keller**
  ack@kellerlenkner.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,kgutierrez@labaton.com,electroniccasefiling@labaton.com

- **Laurence D. King**
  lking@kaplanfox.com,spowley@kaplanfox.com,nlee@kaplanfox.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,lkelleybourne@fenwick.com

- **Katherine Collinge Lubin**
  klubin@lchb.com

- **Mara Rachelle Ludmer**
  mludmer@fenwick.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Francis P McConville**
  fmcconville@labaton.com,kgutierrez@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Arthur Vincent Nealon**
  anealon@entwistle-law.com

- **Uri Seth Ottensoser**
  so@kellerlenkner.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,jpalazzolo@pomlaw.com

- **Nicholas Ian Porritt**
  nporritt@zlk.com

- **Carl Alan Roth**
  croth@bgrfirm.com,khall@bgrfirm.com,mbetti@bgrfirm.com

- **Marc M. Seltzer**
  mseltzer@susmangodfrey.com,ecf-4d2b1f772250@ecf.pacerpro.com,hdanielson@susmangodfrey.com,ecf-67366a65900c@ecf.pacerpro.com

- **Michael Walter Stocker**
  mikes@hbsslaw.com,sf_filings@hbsslaw.com

- **James Matthew Wagstaffe**
  wagstaffe@kerrwagstaffe.com,reboredo@kerrwagstaffe.com,bechtol@kerrwagstaffe.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`