# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VOCERA COMMUNICATIONS, INC., SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MASTER FILE NO. 3:13-cv-03567 EMC<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES |

**If you purchased or acquired the publicly traded securities of Vocera Communications, Inc. between March 28, 2012 and May 2, 2013, inclusive, (the "Class Period"), and were allegedly damaged thereby, you may be entitled to receive money from a class action settlement. The average recovery in the settlement per allegedly damaged share is estimated to be approximately $0.64 per share, before the deduction of any Court-approved fees and expenses, and approximately $0.44 per allegedly damaged share, after the deduction of the attorneys' fees and litigation expenses discussed below.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you of: (a) the pendency of this Action; (b) the proposed settlement of the Action (the "Settlement"); and (c) the hearing to be held by the Court (the "Settlement Hearing") to consider (i) whether the Settlement should be approved; (ii) the application of Lead Counsel for attorneys' fees and expenses; and (iii) certain other matters. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.[1]

- The Settlement provides a total recovery of **$9 million** in cash for the benefit of the Settlement Class described below.

- The Settlement resolves claims by the Arkansas Teacher Retirement System ("ATRS") and Baltimore County Employees' Retirement System ("BCERS" and together with ATRS, "Lead Plaintiffs") against Vocera Communications, Inc. ("Vocera" or the "Company") and  Robert J. Zollars, Brent D. Lang, and William R. Zerella (collectively, the "Individual Defendants" and, with Vocera, the "Defendants"); avoids the costs and risks of continuing the litigation; pays money to Settlement Class Members; and releases Defendants from liability.

- **If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **SUBMIT A PROOF OF CLAIM BY JULY 18, 2016** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY JUNE 2, 2016** | You will get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants and/or the other Released Defendant Parties concerning the Released Claims. |
| **OBJECT BY JUNE 2, 2016** | Write to the Court about why you do not like the Settlement.  You may also tell the Court that you would like to speak at the Settlement Hearing on **June 23, 2016 at 1:30 p.m.** Even if you object, you can still submit a Proof of Claim in order to qualify for a cash payment. However, if you do not submit a Proof of Claim, you will not receive a payment. |
| **DO NOTHING** | You will get no payment, you will give up rights, but you will still be bound by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made to all Settlement Class Members who timely submit a valid Proof of Claim, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

---

[1] All capitalized terms not otherwise defined in this Notice shall have the meanings provided in the Stipulation and Agreement of Settlement, dated as of January 14, 2016 (the "Stipulation").

**SUMMARY OF THE NOTICE**

<u>Statement of Plaintiffs' Recovery</u>

Lead Plaintiffs have entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Action in its entirety. Pursuant to the proposed Settlement, a Settlement Fund consisting of $9 million in cash ("Settlement Amount"), plus any accrued interest (the "Settlement Fund"), has been established. Based on Lead Plaintiffs' consulting expert's estimate of the number of shares of Vocera's publicly traded common stock entitled to participate in the Settlement, and assuming that all such shares entitled to participate do so, Lead Plaintiffs estimate that the average recovery per allegedly damaged share of publicly traded common stock of Vocera would be $0.64 per share before deduction of Court-approved fees and expenses, such as attorneys' fees and expenses and administrative costs, and approximately $0.44 per allegedly damaged share after deduction of the attorneys' fees and litigation expenses discussed below.[2] A Settlement Class Member's actual recovery will be a portion of the Net Settlement Fund (defined below), determined by comparing his, her, or its "Recognized Loss" to the total Recognized Losses of all Settlement Class Members who timely submit valid Proofs of Claim, as described more fully below. An individual Settlement Class Member's actual recovery will depend on, for example: (a) the total number of claims submitted; (b) when the Settlement Class Member purchased or held Vocera publicly traded securities during the Class Period; (c) whether and when the Settlement Class Member sold his, her, or its shares of Vocera publicly traded securities; and (d) the type of security purchased or acquired during the Class Period. *See* the Plan of Allocation beginning on page 9 for information on your Recognized Loss.

<u>Statement of Potential Outcome of Case</u>

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (a) whether the statements made or facts allegedly omitted were materially false or misleading, or otherwise actionable under the federal securities laws; (b) whether any allegedly material false or misleading statements made by Defendants were made with the requisite level of intent or recklessness; (c) the amount by which the prices of Vocera's publicly traded securities were allegedly artificially inflated during the Class Period, if at all; (d) the appropriate economic models for measuring damages; (e) the extent to which external factors, such as general market, economic and industry conditions, or unusual levels of volatility, influenced the trading prices of Vocera publicly traded securities at various times during the Class Period; (f) the extent to which the various matters that Lead Plaintiffs alleged were materially false and misleading influenced the trading prices of Vocera publicly traded securities during the Class Period, if at all; and (g) the extent to which the alleged omission of various allegedly adverse material facts influenced the trading prices of Vocera publicly traded securities during the Class Period, if at all.

Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny each of the claims alleged by Lead Plaintiffs on behalf of the Settlement Class, including all claims in the Complaint. Defendants believe that they have meritorious defenses to all claims asserted or that could have been asserted based on the allegations of the Complaint. Defendants also have denied and continue to deny, among other things, that Lead Plaintiffs and the Settlement Class have suffered damages; that the prices of Vocera securities were artificially inflated by reason of the alleged misrepresentations, non-disclosures, or otherwise; and that Lead Plaintiffs and the class were otherwise harmed in any other way by the conduct alleged in the Complaint. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action, and believe that it is desirable and beneficial to settle the Action in the manner and upon the terms and conditions set forth in the Stipulation.

<u>Statement of Attorneys' Fees and Expenses Sought</u>

The attorneys representing Lead Plaintiffs and the Settlement Class have expended considerable time and effort in prosecuting this Action on a contingent-fee basis, and have advanced all of the expenses of the Action, with the expectation that if they were successful in obtaining a recovery for the Settlement Class they would be paid from such recovery. In this type of litigation, it is customary for plaintiffs' counsel to be awarded a percentage of the common fund recovered as attorneys' fees.

Lead Counsel will make an application to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any interest earned on such amount at the same rate and for the same period as earned by the Settlement Fund. A fee request of 25% (or $2,250,000, without interest) would be approximately half of Lead Counsel's billed-time in the case and would reimburse Lead Counsel for approximately half of its time spent prosecuting the Action. Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $450,000, plus interest earned at the same rate as the Settlement Fund. Lead Counsel's Fee and Expense Application may also include a request for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses, including lost wages, directly related to their representation of the Settlement Class in an amount not to exceed $40,000. If the Court approves the Fee and Expense Application in full, the average amount of fees and expenses will be approximately $0.20 per allegedly damaged share of Vocera publicly traded common stock.

<u>Identification of Attorneys' Representatives</u>

Lead Plaintiffs and the Settlement Class are being represented by Labaton Sucharow LLP, Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to Jonathan Gardner, Esq. or Carol C. Villegas, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

---

[2] An allegedly damaged share might have been traded more than once during the Class Period, and the average recovery indicated above represents the estimated average for each purchase or acquisition of a share that allegedly incurred damages.

**Reasons for the Settlement**

For Lead Plaintiffs, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the uncertainty of having a class of Vocera investors certified; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the uncertainty inherent in the Parties' various and competing theories of loss causation and damages; and the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

[END OF PSLRA COVER PAGE]

**BASIC INFORMATION**

| 1. Why did I get this Notice? |
| --- |

The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or acquired Vocera publicly traded securities between March 28, 2012 and May 2, 2013, inclusive, and were allegedly damaged thereby.

If this description applies to you or someone in your family, you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this Action is the United States District Court for the Northern District of California (the "Court"), and the case is known as *In re Vocera Communications, Inc. Securities Litigation,* Master File No. 3:13-cv-03567 EMC (N.D. Cal.). The Action is assigned to the Honorable Edward M. Chen, United States District Judge.

The institutions representing the Settlement Class as Lead Plaintiffs in the Action are ATRS and BCERS. The defendants in the Action are Vocera, Robert J. Zollars, Brent D. Lang, and William R. Zerella.

| 2. What is this lawsuit about? |
| --- |

Vocera is a communications company that markets and sells mobile communications systems primarily to hospitals and healthcare centers. In its initial public offering in March 2012, which marks the beginning of the alleged Class Period, Vocera billed itself as a "growth" company with a potential untapped market worth over $6 billion dollars. On May 2, 2013, however, Vocera announced that results for the first quarter of 2013 (ended March 31, 2013), would be slightly lower than expected due to the effect of healthcare reforms (including the Affordable Care Act and the Budget Control Act (also known as budget sequestration), and unrelated sales execution issues.

Thereafter, beginning in August 2013, two class actions were filed in the U.S. District Court for the Northern District of California on behalf of investors in Vocera. By order dated November 20, 2013, the Court consolidated the related securities actions (the "Action"), appointed ATRS and BCERS as Lead Plaintiffs, and appointed Labaton Sucharow LLP as Lead Counsel to represent the putative class.

On September 19, 2014, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint (the "Complaint") asserting violations of Section 11 of the Securities Exchange Act of 1933 (the "Securities Act") by Vocera, the Individual Defendants, certain of Vocera's directors, as well as J.P. Morgan Securities LLC, Piper Jaffray & Co., Robert W. Baird & Co., William Blair & Company, LLC, Wells Fargo Securities, LLC, and Leerink Partners LLC (the "Underwriters"); violations of Section 12(a)(2) of the Securities Act against Vocera, as well as the Underwriters; violations of Section 15 of the Securities Act against the Individual Defendants and certain of Vocera's directors; violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") against Vocera and the Individual Defendants; and violations of Section 20(a) of the Exchange Act against the Individual Defendants.

On November 3, 2014, Defendants filed motions seeking the dismissal of the Complaint, which Lead Plaintiffs opposed on November 26, 2014. On December 17, 2014, Defendants filed reply briefs in further support of their motions to dismiss. On February 11, 2015, following oral argument on Defendants' motions, the Court issued an order granting the motions to dismiss claims brought under the Securities Act, but denying Defendants' motion to dismiss the Exchange Act claims. Pursuant to this order, all claims against Vocera's outside directors and the Underwriters were dismissed, and they were no longer defendants in the Action.

On April 27, 2015, Defendants filed and served answers to the Complaint.

Thereafter, the Parties engaged in discovery, including the service of document requests and subpoenas by Lead Plaintiffs. During the course of discovery, Lead Plaintiffs reviewed approximately 483,980 pages of documents produced by

Defendants and confidential witnesses, including emails from the Individual Defendants, and reviewed approximately 31,500 documents produced in response to 35 third-party subpoenas.

On July 15, 2015, Lead Plaintiffs moved for class certification, which Defendants opposed on September 2, 2015.  Lead Plaintiffs submitted their reply brief in further support of class certification on September 30, 2015. The motion was pending when the Parties agreed to settle the Action.

Pursuant to a Scheduling Order directing the Parties to participate in private mediation by December 31, 2015, Defendants and Lead Plaintiffs engaged the Honorable Layn R. Phillips (ret.) ("Judge Phillips"), a former United States District Judge with extensive experience in mediating complex securities class actions. On October 15, 2015, Lead Plaintiffs and Defendants met with Judge Phillips in an attempt to reach a settlement. Prior to the mediation session, the Parties exchanged mediation briefs. Following arm's-length negotiations, the Parties reached a settlement, which was thereafter memorialized in the Stipulation.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons or entities (in this case, the Lead Plaintiffs), sue on behalf of people and entities that are alleged to have similar claims. Together, these people and entities are a class, and each is a class member.  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities that might be economically too small to bring as individual actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| 4. | Why is there a settlement? |
|---|---|

With the assistance of Judge Phillips acting as a mediator, the Parties agreed to a settlement. The Settlement will end all the claims against Defendants in the Action and will avoid the uncertainties and costs of further litigation and any future trial. Affected investors will be eligible to receive compensation with certainty and sooner than any recovery that might have been achieved after the time it would take to resolve future motions, conduct discovery, have a trial, and exhaust all appeals. Lead Plaintiffs and Lead Counsel think the Settlement is in the best interests of the Settlement Class.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know if I am part of the Settlement Class? |
|---|---|

The Court has decided, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves (*see* Question 15 below):

All persons and entities that purchased or acquired the publicly traded securities of Vocera between March 28, 2012 and May 2, 2013, inclusive, and were allegedly damaged thereby.

If one of your mutual funds purchased Vocera securities during the Class Period, that alone does not make you a Settlement Class Member.  You are a Settlement Class Member only if you individually purchased or acquired Vocera publicly traded securities during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases or sales during the Class Period.

| 6. | Are there exceptions to being included? |
|---|---|

Yes. There are some people who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Vocera's subsidiaries and affiliates; (iv) any person who is or was an officer or director of Vocera or any of Vocera's subsidiaries or affiliates during the Class Period; (v) any entity in which any Defendant has a controlling interest; (vi) the Underwriters; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Notwithstanding the foregoing sentence, any Underwriter shall not be excluded solely to the extent it, or an agent, or affiliate thereof, held Vocera securities in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the definition of the Settlement Class.  Also excluded from the Settlement Class is anyone who submits a valid and timely request for exclusion from the Settlement Class, in accordance with the procedures set forth in Question 15 below.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included in the Settlement, help is available to you for free.  You can call the Claims Administrator toll-free at 1-800-231-1815, send an e-mail to the Claims Administrator at questions@vocerasecuritieslitigation.com, or write to the Claims Administrator at *Vocera Communications, Inc. Securities Litigation, c/*o GCG, P.O. Box 9349, Dublin, OH 43017-4249.  Or you can fill out and return the Proof of Claim described in Question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

| | |
|---|---|
| **8.** | **What does the Settlement provide?** |

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Defendants have agreed to create a Nine Million Dollar ($9,000,000.00) cash fund, which will earn interest. After the deduction of Court-approved attorneys' fees, expenses, Notice and Administration Expenses, and Taxes from the $9 million Settlement, the Net Settlement Fund will be distributed to all Settlement Class Members who submit a valid Proof of Claim and are found by the Court to be entitled to a distribution from the Net Settlement Fund ("Authorized Claimants").

Certain of Vocera's insurance carriers are funding the $9 million Settlement.

| | |
|---|---|
| **9.** | **How much will my payment be?** |

If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement Fund will depend on several things, including, how many Settlement Class Members timely send in valid Proofs of Claim; the total amount of Recognized Losses of other Settlement Class Members; how many shares of Vocera publicly traded securities you purchased; the prices and dates of those purchases; the prices and dates of any sales of the securities; and the type of securities you purchased or acquired.

You can calculate your Recognized Loss in accordance with the formulas shown below in the Plan of Allocation. It is unlikely that you will receive a payment for all of your Recognized Loss. *See* the Plan of Allocation of Net Settlement Fund on pages 9-12 for more information on your Recognized Loss.

As discussed above, Lead Plaintiffs' consulting expert has estimated that the average recovery from the Settlement per allegedly damaged share of Vocera common stock would be $0.64 per share, before deduction of any Court-approved fees and expenses, and approximately $0.44 per allegedly damaged share, after deduction of the attorneys' fees and litigation expenses discussed below.

**HOW YOU RECEIVE A PAYMENT: SUBMITTING A PROOF OF CLAIM**

| | |
|---|---|
| **10.** | **How can I receive a payment?** |

To qualify for a payment, you must submit a timely and valid Proof of Claim. A Proof of Claim is included with this Notice. If you did not receive a Proof of Claim, you can obtain one on the Internet at the website for the Claims Administrator: www.vocerasecuritieslitigation.com, or Lead Counsel: www.labaton.com. You can also ask for a Proof of Claim by calling the Claims Administrator toll-free at 1-800-231-1815.

Please read the instructions carefully, fill out the Proof of Claim, sign it, and include all the documents the form requests. For instance, you must submit supporting documents for your transactions in Vocera securities, such as broker confirmation slips, broker account statements, an authorized statement from your broker reporting your transactions, or other similar documentation. You must mail or submit the Proof of Claim to the Claims Administrator so that it is **postmarked or received on or before July 18, 2016.**

| | |
|---|---|
| **11.** | **When will I receive my payment?** |

The Court will hold a Settlement Hearing on **June 23, 2016** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Proofs of Claim to be accurately reviewed and processed. Please be patient.

| | |
|---|---|
| **12.** | **What am I giving up to receive a payment or stay in the Settlement Class?** |

Unless you exclude yourself, you are staying in the Settlement Class, and that means that, upon the "Effective Date," you will release all "Released Claims" (as defined below) against the "Released Defendant Parties" (as defined below).

**"Released Claims"** means any and all claims, causes of action, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts agreements, promises, damages, losses, judgments, liabilities, allegations and arguments of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, local, foreign or statutory law, common law, or administrative law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiffs or any other Settlement Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action, or any other action, or in any forum, that arise from, are based upon, or relate in any way to both (a) the purchase or acquisition of the publicly traded securities of Vocera Communications, Inc. by the Settlement Class Member during the Class Period and (b) the facts, matters, allegations, transactions, events, disclosures, representations, statements, conduct, acts, or omissions or failures to act that were alleged or that could have been alleged in the Action against the Released Defendant Parties. For the avoidance of doubt, Released Claims do not include (i) claims relating to the enforcement of the Settlement; and (ii) any governmental or regulatory agency's claims in any criminal or civil action against any of the Released Defendant Parties.

**"Released Defendant Parties"** means Defendants, Defendants' Counsel, the Underwriters, the Underwriters' counsel, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, underwriters, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

"**Unknown Claims**" means any and all Released Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or any similar, comparable, or equivalent law of any state or territory of the United States, or principle of common law.  Section 1542 reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

## THE LAWYERS REPRESENTING YOU

| **13.   Do I have a lawyer in this case?** |
| --- |

The Court ordered the law firm of Labaton Sucharow LLP to represent all Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14.   How will the lawyers be paid?** |
| --- |

Lead Counsel has not been paid for any of its work.  It will ask the Court to award it, from the Settlement Fund, attorneys' fees of no more than 25% of the Settlement Fund, which includes interest on such fees at the same rate as earned by the Settlement Fund (or $2,250,000 before interest).  Lead Counsel will also seek payment of litigation expenses incurred by Lead Counsel in connection with the prosecution of this Action of no more than $450,000, plus interest on such expenses at the same rate as earned by the Settlement Fund. Lead Plaintiffs may also apply for reimbursement of their expenses in representing the Settlement Class in an amount not to exceed $40,000.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue (or continue to sue in an already pending separate action) Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out." **Please note:** if you decide to exclude yourself, there is a risk that any lawsuit you may thereafter file to pursue claims alleged in the Action may be dismissed, including if such suit is not filed within the applicable time periods required for filing suit.  Also, Vocera may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Vocera publicly traded common stock seek exclusion from the Settlement Class.

**15.    How do I exclude myself from the proposed Settlement?**

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "wish to be excluded from the Settlement Class in *In re Vocera Communications Inc. Securities Litigation,* No. 13-03567 (N.D. Cal.)." You cannot exclude yourself by telephone or e-mail. Your letter must state the date(s) price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of Vocera publicly traded securities during the Class Period. Your letter must include your name, mailing address, telephone number, e-mail address, and signature. You must submit your exclusion request so that it is **received on or before June 2, 2016** to:

*Vocera Communications, Inc. Securities Litigation*
c/o GCG
Attn: Exclusions Dept.
P.O. Box 9349
Dublin, OH 43017-4249

Your exclusion request must comply with these requirements in order to be valid, unless otherwise ordered by the Court and for good cause shown. If you ask to be excluded, you will not receive any payment from the Net Settlement Fund, and you cannot object to the Settlement. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in connection with this Settlement, and you may be able to sue (or continue to sue in an already pending separate action) Defendants and the other Released Defendant Parties in the future.

**16.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?**

No. Unless you properly exclude yourself, you remain in the Settlement Class and you give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims. If you do not exclude yourself, you will not be entitled to receive any recovery in any other action against any of the Released Defendant Parties based on or arising out of the Released Claims. If you have a pending lawsuit, **speak to your lawyer in that case immediately.** You must exclude yourself from this Settlement Class to continue your own lawsuit in an already pending separate action. Remember, the exclusion deadline is **June 2, 2016.**

**17.    If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. But, you may exercise any right you may have to sue, continue to sue in an already pending separate action, or be part of a different lawsuit against Defendants and the other Released Defendant Parties.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

**18.    How do I tell the Court that I do not like the proposed Settlement?**

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or the Fee and Expense Application. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no Settlement payments will be made and the lawsuit will continue. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in "*In re Vocera Communications Inc. Securities Litigation,* No. 13-03567 (N.D. Cal.)." You must include your name, address, telephone number, e-mail address, and signature; identify the date(s), price(s), and number(s) of shares of Vocera publicly traded securities purchased, acquired, and/or sold; state the reasons why you object to the Settlement and which part(s) of the Settlement you object to; and include any legal support and/or evidence, to support your objection. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application. Your objection must be submitted to the Court either by mailing the objection to the Clerk of the Court at the address below or by filing the objection in person at the location below, so that it is **received on or before June 2, 2016:**

**The Court**

Clerk of the Court
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 5
450 Golden Gate Avenue
San Francisco, CA 94102

You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has not submitted a request for exclusion from the Settlement Class and who has complied with the

procedures set out in this Question 18 and below in Question 22 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, about any objection to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application. Any such objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

Even if you object, you can still submit a Proof of Claim (*see* Question 10) to be eligible for a cash payment from the Settlement. However, if you do not submit a claim form, you will not receive a payment.

| 19. | What is the difference between objecting and excluding? |
|---|---|

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application. You can still recover from the Settlement. You can object *only* if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE SETTLEMENT HEARING

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold the Settlement Hearing on June 23, 2016 at 1:30 p.m. in Courtroom 5, 17th floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102.

At this hearing, the Court will consider: (i) whether the Settlement is fair, reasonable, and adequate and should be finally approved; (ii) the proposed Plan of Allocation; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses. The Court will take into consideration any written objections filed in accordance with the instructions in Question 18. We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel, the settlement website, or PACER beforehand to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the Settlement Hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, you do not have to come to Court to discuss it. You may also pay your own lawyer to attend, but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 22 below.

| 22. | May I speak at the Settlement Hearing? |
|---|---|

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must submit a statement that it is your intention to appear in "*In re Vocera Communications Inc. Securities Litigation,* No. 13-03567 (N.D. Cal.)." Persons who intend to object to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 18 above) the identity of any witness they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your objection and/or intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 18 and 22.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Proof of Claim (*see* Question 10). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims in this case, you must exclude yourself from the Settlement Class (*see* Question 15).

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation and Agreement of Settlement (also known as the "Stipulation"). You may review the Stipulation or documents filed in the case at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, on weekdays (other

than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

You can also get a copy of the Stipulation by calling the Claims Administrator toll-free at 1-800-231-1815; writing to the Claims Administrator at *Vocera Communications, Inc. Securities Litigation,* c/o GCG, P.O. Box 9349, Dublin, OH 43017-4249; e-mailing the Claims Administrator at questions@vocerasecuritieslitigation.com; or visiting the websites of the Claims Administrator or Lead Counsel at www.vocerasecuritieslitigation.com, www.labaton.com, where you will find answers to common questions about the Settlement, can download copies of the Stipulation or Proof of Claim, and locate other information.

**Please do not Call the Court with Questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**A.    Preliminary Matters**

As discussed in this Notice, a settlement has been reached in this Action, which provides $9 million in cash for the benefit of the Settlement Class. The Settlement Amount and the interest earned thereon is the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund." The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Proofs of Claim that show a Recognized Loss and are approved by the Court (Authorized Claimants). Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the terms of the Settlement. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website at: www.vocerasecuritieslitigation.com and at www.labaton.com.

The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan") is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or Company-specific factors unrelated to the alleged violations of law. For purposes of determining the amount an Authorized Claimant may recover under this Plan, Lead Counsel have conferred with a consulting damages expert. This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Counsel and Lead Plaintiffs believe were recoverable in the Action. The Plan, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.

Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants. Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis. An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of the Claims Administrator making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Lead Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period, which allegedly inflated the prices of Vocera publicly traded securities.

The Vocera securities for which a claimant may be eligible to receive a distribution from the Net Settlement Fund consist of Vocera's publicly traded common stock and exchange-traded call and put options[3] on Vocera common stock (collectively, the "eligible securities"). Exchange-traded options are traded in units called "contracts." Each option contract entitles the holder to 100 shares of the underlying stock upon exercise or expiration, in this case Vocera common stock.

In order for the Authorized Claimant to share in the distribution of the Net Settlement Fund, the market price of Vocera publicly traded common stock and/or call options must have declined (or increased in the case of put options) due to disclosure of the alleged false and misleading statements and omissions. In order for an Authorized Claimant to share in the distribution, the shares of the Vocera publicly traded common stock and/or call options must have been purchased during the Class Period (or sold in the case of put options) and held at least until the close of trading on February 27, 2013 (the last trading period before an alleged corrective disclosure), and the Authorized Claimant must have suffered a Net Trading Loss, as described below.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs, Lead Counsel, and their agents, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

---

[3] Excludes those options that expired before February 28, 2013, the date of the price reaction to the first alleged corrective disclosure.

**B.**   **Calculation of Recognized Loss Amounts**

**1.**   **Publicly Traded Common Stock**

For each share of Vocera publicly traded common stock purchased or otherwise acquired during any of the periods shown in the left column of Table-1 (below), and:

a.   sold within the same period, the Recognized Loss per share is zero.

b.   sold in a subsequent period, the Recognized Loss per share is the lesser of:
  i.   the alleged artificial inflation per share on the sale date shown below in Table-1; or
  ii.   the purchase price per share less the sales price per share.

c.   retained beyond May 2, 2013 but sold on/or before August 1, 2013, the Recognized Loss per share is the lesser of:
  i.   the alleged artificial inflation per share shown in Table-1;
  ii.   the difference between the purchase price and the sales price; or
  iii.   the purchase price per share less the average closing price per share identified in Table-2 (below) for the date the share(s) were sold.[4]

d.   retained at the close of trading on August 1, 2013, the Recognized Loss per share is the lesser of:
  i.   the alleged artificial inflation per share shown in Table-1; or
  ii.   the difference between the purchase price per share and $14.37 per share.

**2.**   **Exchange-Traded Call Options**

For exchange-traded call options on Vocera common stock purchased or otherwise acquired from March 28, 2012 to February 27, 2013, inclusive, and:

a.   closed (through sale, exercise, or expiration) before February 28, 2013, the Recognized Loss per call option is zero; or

b.   held at the end of February 28, 2013, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract.

For exchange-traded call options on Vocera common stock purchased or otherwise acquired from February 28, 2013 to May 2, 2013, inclusive, and:

a.   closed (through sale, exercise, or expiration) before May 3, 2013, the Recognized Loss per call option is zero; or

b.   held at the end of May 3, 2013, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract.

For exchange-traded call options on Vocera common stock written from March 28, 2012 to May 2, 2013, inclusive, the claim per call option is zero.

**3.**   **Exchange-Traded Put Options**

For exchange-traded put options on Vocera common stock written from March 28, 2012 to February 27, 2013, inclusive, and:

a.   closed (through purchase, assignment, or expiration) prior to February 28, 2013, the Recognized Loss per put option is zero; or

b.   held at the end of February 28, 2013, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract.

For exchange-traded put options on Vocera common stock written from February 28, 2013 to May 2, 2013, inclusive, and:

a.   closed (through purchase, assignment, or expiration) prior to May 3, 2013, the Recognized Loss per put option is zero; or

b.   held at the end of May 3, 2013, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract.

For exchange-traded put options on Vocera common stock purchased or otherwise acquired from March 28, 2012 to May 2, 2013, inclusive, the claim per put option is zero.

---

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $14.37 was the mean (average) daily closing trading price of Vocera common stock during the 90-day period beginning on May 3, 2013 and ending on August 1, 2013.

## C.    Additional Provisions

If a Settlement Class Member held eligible Vocera securities at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of eligible Vocera securities during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method.  Under the FIFO method, eligible securities sold during the Class Period will be matched, in chronological order, first against eligible securities held at the beginning of the Class Period.  The remaining sales of eligible securities during the Class Period will then be matched, in chronological order, against eligible securities purchased or acquired during the Class Period.

Purchases or acquisitions and sales of eligible Vocera securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of eligible securities during the Class Period shall not be deemed a purchase, acquisition, or sale of eligible securities for the calculation of Recognized Loss, unless: (i) the donor or decedent purchased or otherwise acquired such shares of eligible securities during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of eligible securities; and (iii) it is specifically so provided in the instrument of gift or assignment.  Any claimant that sold Vocera common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale. If a Recognized Loss amount calculates to a negative number, the Recognized Loss amount shall be zero.

The Claims Administrator will determine if a claimant had an overall market gain or loss with respect to his, her, or its overall transactions in eligible Vocera securities during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between: (i) the Total Purchase Amount and (ii) the sum of the Sales Proceeds and the Holding Value.[5] This difference will be deemed a claimant's overall market gain or loss with respect to his, her, or its transactions in eligible Vocera securities. If a claimant has an overall market gain, the claimant's total Recognized Loss will be zero. To the extent that a claimant suffered an overall market loss, but that market loss was less than the total of all Recognized Loss Amounts calculated above, then the claimant's total Recognized Loss shall be limited to the amount of the overall market loss.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Recognized Losses will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

Distributions to eligible Authorized Claimants will be made after all claims have been processed and after the Court has approved the Claims Administrator's determinations. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to the Consumer Federation of America, a non-sectarian, not-for-profit organization(s) serving the public interest.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California with respect to his, her, or its claim.

### Table - 1:  Decline in Alleged Artificial Inflation Per Share of Vocera Common Stock

| Purchase Date | Sale Date | | Retained Beyond 5/2/2013 |
| --- | --- | --- | --- |
| | 3/28/2012-2/27/2013 | 2/28/2013-5/2/2013 | |
| 3/28/2012-2/27/2013 | $0.00 | $2.67 | $9.94 |
| 2/28/2013-5/2/2013 | | $0.00 | $7.27 |

---

[5] The "Total Purchase Amount" is the total amount the claimant paid (excluding all fees, taxes, and commissions) for all eligible Vocera securities purchased or acquired during the Class Period.

The "Sales Proceeds" is the total amount received for eligible Vocera securities sold during the Class Period.  The proceeds of sales matched to a claimant's opening position will not be considered for purposes of calculating market gains or losses.

The Claims Administrator shall ascribe a "Holding Value" of $14.37 to each eligible Vocera security purchased or acquired during the Class Period that was still held as of the close of trading on May 2, 2013.

**Table – 2:  Vocera Common Stock Closing Price and Average Closing Price May 3, 2013 – August 1, 2013**

| Date | Closing Price | Average Closing Price Between May 3, 2013 and Date Shown | Date | Closing Price | Average Closing Price Between May 3, 2013 and Date Shown |
|---|---|---|---|---|---|
| 5/3/2013 | $12.15 | $12.15 | 6/19/2013 | $15.58 | $14.25 |
| 5/6/2013 | $12.14 | $12.15 | 6/20/2013 | $15.28 | $14.28 |
| 5/7/2013 | $12.30 | $12.20 | 6/21/2013 | $15.70 | $14.32 |
| 5/8/2013 | $12.34 | $12.23 | 6/24/2013 | $15.50 | $14.35 |
| 5/9/2013 | $12.62 | $12.31 | 6/25/2013 | $15.16 | $14.38 |
| 5/10/2013 | $12.70 | $12.38 | 6/26/2013 | $15.02 | $14.39 |
| 5/13/2013 | $12.62 | $12.41 | 6/27/2013 | $14.96 | $14.41 |
| 5/14/2013 | $12.65 | $12.44 | 6/28/2013 | $14.70 | $14.41 |
| 5/15/2013 | $12.76 | $12.48 | 7/1/2013 | $14.36 | $14.41 |
| 5/16/2013 | $13.45 | $12.57 | 7/2/2013 | $14.34 | $14.41 |
| 5/17/2013 | $14.57 | $12.75 | 7/3/2013 | $14.26 | $14.41 |
| 5/20/2013 | $14.99 | $12.94 | 7/5/2013 | $14.43 | $14.41 |
| 5/21/2013 | $15.29 | $13.12 | 7/8/2013 | $14.37 | $14.41 |
| 5/22/2013 | $14.16 | $13.20 | 7/9/2013 | $13.81 | $14.39 |
| 5/23/2013 | $14.13 | $13.26 | 7/10/2013 | $13.90 | $14.38 |
| 5/24/2013 | $14.24 | $13.32 | 7/11/2013 | $13.99 | $14.38 |
| 5/28/2013 | $14.51 | $13.39 | 7/12/2013 | $13.98 | $14.37 |
| 5/29/2013 | $14.42 | $13.45 | 7/15/2013 | $14.15 | $14.36 |
| 5/30/2013 | $14.52 | $13.50 | 7/16/2013 | $14.49 | $14.37 |
| 5/31/2013 | $14.76 | $13.57 | 7/17/2013 | $14.48 | $14.37 |
| 6/3/2013 | $14.75 | $13.62 | 7/18/2013 | $14.47 | $14.37 |
| 6/4/2013 | $14.70 | $13.67 | 7/19/2013 | $14.51 | $14.37 |
| 6/5/2013 | $14.42 | $13.70 | 7/22/2013 | $14.38 | $14.37 |
| 6/6/2013 | $14.67 | $13.74 | 7/23/2013 | $14.31 | $14.37 |
| 6/7/2013 | $14.97 | $13.79 | 7/24/2013 | $14.18 | $14.37 |
| 6/10/2013 | $15.18 | $13.85 | 7/25/2013 | $14.39 | $14.37 |
| 6/11/2013 | $14.76 | $13.88 | 7/26/2013 | $14.15 | $14.36 |
| 6/12/2013 | $15.55 | $13.94 | 7/29/2013 | $14.44 | $14.37 |
| 6/13/2013 | $15.60 | $14.00 | 7/30/2013 | $14.70 | $14.37 |
| 6/14/2013 | $16.00 | $14.06 | 7/31/2013 | $14.48 | $14.37 |
| 6/17/2013 | $16.50 | $14.14 | 8/1/2013 | $14.00 | $14.37 |
| 6/18/2013 | $16.26 | $14.21 | | | |

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

If you purchased the publicly traded securities of Vocera during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such Vocera security during such time period; or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and WITHIN SEVEN (7) CALENDAR DAYS mail the Notice and Proof of Claim directly to the beneficial owners of that security.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed.  Upon timely compliance with the above requirements, you are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Vocera Communications, Inc. Securities Litigation*
c/o GCG
P.O. Box 9349
Dublin, OH 43017-4249
1-800-231-1815

Dated: March 18, 2016

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA



**Must be Postmarked or Received On or Before July 18, 2016**

**Vocera Communications, Inc. Securities Litigation**
c/o GCG
PO Box 9349
Dublin OH 43017-4249
1-800-231-1815
www.vocerasecuritieslitigation.com



ID Number:

Control Number:

# PROOF OF CLAIM AND RELEASE FORM

**TO FILE A CLAIM AND RECOVER UNDER THE SETTLEMENT OF THIS ACTION, YOU MUST SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM (THE "PROOF OF CLAIM"). HOWEVER, SUCH FILING IS NOT A GUARANTEE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT IN THE ACTION.**

| TABLE OF CONTENTS | PAGE NO. |
|---|---|
| **PART I - CLAIMANT IDENTIFICATION** | 2 |
| **PART II - GENERAL INSTRUCTIONS** | 3 |
| **PART III - SCHEDULE OF TRANSACTIONS IN VOCERA COMMON STOCK** | 4 |
| **PART IV - SCHEDULE OF TRANSACTIONS IN VOCERA CALL OPTIONS** | 5 |
| **PART V - SCHEDULE OF TRANSACTIONS IN VOCERA PUT OPTIONS** | 6 |
| **PART VI - SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS** | 7 |
| **PART VII - RELEASES, WARRANTIES, AND CERTIFICATION** | 7 |
| **REMINDER CHECKLIST** | 8 |

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0



## PART I - CLAIMANT IDENTIFICATION

**Claimant or Representative Contact Information:**

The Claims Administrator will use this information for all communications relevant to this Proof of Claim (including the check, if eligible for payment). If this information changes, you <u>MUST</u> notify the Claims Administrator in writing at the address above.

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Street Address:**

**City:**                                                                **Last 4 digits of Claimant SSN/TIN:***

**Account Number:**

**State:**        **Zip Code:**        **Country (if Other than U.S.):**

**Name of the Person you would like the Claims Administrator to contact Regarding this Claim** (if different from the Claimant Name(s) listed above):

**Daytime Telephone Number:**                    **Evening Telephone Number:**

**Email Address**    (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

**NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.vocerasecuritieslitigation.com or you may e-mail the Claims Administrator's electronic filing department at eClaim@gardencitygroup.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gardencitygroup.com to inquire about your file and confirm it was received and acceptable.

**To view Garden City Group, LLC's Privacy Notice, please visit http://www.gardencitygroup.com/privacy**

*The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II - GENERAL INSTRUCTIONS

1.      Capitalized terms not defined in this Proof of Claim have the same meaning as set forth in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("the Notice") that accompanies this Proof of Claim and the Stipulation and Agreement of Settlement, dated as of January 14, 2016 (the "Stipulation").

2.      To be eligible to recover from the Net Settlement Fund in the action entitled *In re Vocera Communications, Inc. Securities Litigation*, Master File No. 3:13-cv-03567 EMC (N.D. Cal.) (the "Action"), you must complete and, on page 7, sign this Proof of Claim. If you fail to submit a properly completed and addressed Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

3.      Submission of this Proof of Claim, however, does not assure that you will share in the Net Settlement Fund.

4.      **YOU MUST MAIL OR SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM SO THAT IT IS POSTMARKED OR RECEIVED ON OR BEFORE JULY 18, 2016, ADDRESSED AS FOLLOWS:**

**_VOCERA COMMUNICATIONS, INC. SECURITIES LITIGATION_**
**c/o GCG**
**P.O. Box 9349**
**Dublin, OH 43017-4249**

To be considered timely, your Proof of Claim must be postmarked or received by the deadline above.  In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

5.      You must submit supporting documentation for the transactions reported on this Proof of Claim, such as broker confirmation slips, broker account statements, an authorized statement from your broker reporting information about your transactions, or other similar documents.

6.      If you are NOT a Settlement Class Member (as defined in the Notice), DO NOT submit a Proof of Claim.

7.      If you are a Settlement Class Member and have not requested exclusion, you will be bound by the terms of the Settlement and any judgment entered in this Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

8.      You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to review and tabulate each Proof of Claim.  Please notify the Claims Administrator of any changes of address.



## PART III - SCHEDULE OF TRANSACTIONS IN VOCERA COMMON STOCK

**A.** **BEGINNING HOLDINGS:** State the total number of shares of Vocera publicly traded common stock as of the opening of trading on **March 28, 2012**. If none, write "0" or "Zero." (Must be documented.)

Shares

**B.** **PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD:** Separately list each and every purchase/acquisition of Vocera publicly traded common stock from after the opening of trading on **March 28, 2012** through and including the close of trading on **May 2, 2013**. (Must be documented.)

| Purchase Date (list chronologically) Month/Day/Year | Number of Shares Purchased | Price Per Share | Total Purchase Price (excluding commissions, taxes, and other fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**C.** **PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD:** State the total number of shares of Vocera publicly traded common stock purchased after the opening of trading on **May 3, 2013** through the close of trading on **August 1, 2013**. If none, write "0" or "Zero." (Must be documented.)

Shares

**D.** **SALES:** Separately list each and every sale/disposition of Vocera publicly traded common stock from after the opening of trading on **March 28, 2012** through and including the close of trading on **August 1, 2013**. (Must be documented.)

| Sale Date (list chronologically) Month/Day/Year | Number of Shares Sold | Price Per Share | Total Sale Price (excluding commissions, taxes, and other fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**E.** **ENDING HOLDINGS:** State the total number of shares of Vocera publicly traded common stock held at the close of trading on, **August 1, 2013**. If none, write "0" or "Zero." (Must be documented.)

Shares

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST
PHOTOCOPY THIS PAGE AND CHECK THIS BOX
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED



## PART IV - SCHEDULE OF TRANSACTIONS IN VOCERA CALL OPTIONS

**A.   BEGINNING HOLDINGS:**  At the beginning of trading on **March 28, 2012**, I owned the following call option contracts. (Must be documented.)

| Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 04/12 $40) | Purchase Price Per Contract | Amount Paid | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|
| | / | . | . | | / / |
| | / | . | . | | / / |

**B.   PURCHASES/ACQUISITIONS OF CALL OPTIONS DURING THE CLASS PERIOD:**  I made the following purchases/acquisitions of call option contracts between **March 28, 2012** and **May 2, 2013**, inclusive. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 04/12 $40) | Purchase Price Per Contract | Total Purchase Price (excluding taxes, commissions and fees) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
| / / | | / | . | . | | / / |
| / / | | / | . | . | | / / |

**C.   SALES:**  I made the following sales, regardless of when they occurred, of the above call option contracts that were purchased or otherwise acquired between **March 28, 2012** and **May 2, 2013**, inclusive. (Must be documented.)

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 04/12 $40) | Sale Price Per Contract | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|---|
| / / | | / | . | . |
| / / | | / | . | . |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED



## PART V - SCHEDULE OF TRANSACTIONS IN VOCERA PUT OPTIONS

**A.   BEGINNING HOLDINGS:** At the beginning of trading on **March 28, 2012**, I was obligated on the following put option contracts. (Must be documented.)

| Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 04/12 $40) | Sale Price Per Contract | Amount Received | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|
| | / | . | . | | / / |
| | / | . | . | | / / |

**B.   SALES (WRITING) OF PUT OPTIONS DURING THE CLASS PERIOD:** I wrote (sold) put option contracts between **March 28, 2012** and **May 2, 2013**, inclusive, as follows. (Must be documented.)

| Date of Writing (Sale) (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 04/12 $40) | Sale Price Per Contract | Total Sale Price (excluding taxes, commissions and fees) | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
| / / | | / . | . | . | | / / |
| / / | | / . | . | . | | / / |

**C.   COVERING TRANSACTIONS (REPURCHASES):**  I made the following repurchases, regardless of when they occurred, of the above put option contracts that I wrote (sold) on or before **May 2, 2013**, inclusive, as follows. (Must be documented.)

| Date of Repurchase (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 04/12 $40) | Price Paid Per Contract | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|---|
| / / | | / . | . | . |
| / / | | / . | . | . |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED



## PART VI - SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

By signing and submitting this Proof of Claim the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Proof of Claim under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Vocera securities, if required to do so.  I (We) have not submitted any other claim covering the same transactions in publicly traded Vocera securities during the alleged Class Period and know of no other person having done so on my (our) behalf.

## PART VII - RELEASES, WARRANTIES, AND CERTIFICATION

1.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice (other than an Underwriter making a claim on behalf of a third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Settlement Class and on whose behalf that Underwriter, or an agent or affiliate thereof, held Vocera securities in a fiduciary capacity), and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund under the terms and conditions of the Plan of Allocation, as set forth in the Notice.

2.      As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice).

3.      As a Settlement Class Member, I (we) hereby acknowledge that I (we) will not be entitled to receive a recovery in any other action against any of the Released Defendant Parties based on or arising out of the Released Claims (as these terms are defined in the accompanying Notice).

4.      This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales and other transactions in publicly traded Vocera securities that occurred during the Class Period and the number of securities held by me (us), to the extent requested.

7.      I (We) certify that I am (we are) not subject to backup withholding. (If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.)

8.      I (We) declare that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____

(Month) (Year)                                    (City, State, Country)

_____          _____
Signature of Claimant                                     Date

_____
Print Name of Claimant

_____          _____
Signature of Joint Claimant, if any                        Date

_____
Print Name of Joint Claimant, if any

_____          _____
Signature of Person signing on behalf of Claimant, if any   Date

_____          _____
Capacity of person signing on behalf of Claimant, if other than an   Print Name of Person signing on behalf of Claimant
individual, Administrator, if any

| REMINDER CHECKLIST |
|---|

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

**1.**     Please sign the Proof of Claim and Release.

**2.**     Remember to attach supporting documentation (supporting documents include trade confirmation, official monthly, quarterly or annual brokerage statements).

**3.**     **DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.**

**4.**     Keep a copy of your completed Proof of Claim and all documentation submitted for your records.

**5.**     The Claims Administrator will acknowledge receipt of your Proof of Claim by mail within 60 days. **Your claim is not deemed filed until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at **1-800-231-1815.**

**6.**     If you move, you must send the Claims Administrator your new address. If these documents were sent to an old or incorrect address, you must notify the Claims Administrator.

**7.**     **DO NOT USE HIGHLIGHTER ON THE PROOF OF CLAIM OR SUPPORTING DOCUMENTATION.**

**8.**     If you have any questions or concerns regarding your Proof of Claim, please contact the Claims Administrator at the address listed below or at **1-800-231-1815,** or visit **www.vocerasecuritieslitigation.com**

THIS PROOF OF CLAIM MUST BE POSTMARKED OR RECEIVED
ON OR BEFORE **JULY 18, 2016** AND MUST BE MAILED TO:

**Vocera Communications, Inc. Securities Litigation**
**c/o GCG**
**PO Box 9349**
**Dublin OH 43017-4249**