# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE PTC THERAPEUTICS, INC. SECURITIES LITIGATION | Civil Action No. 16-1224 (KM)(MAH) |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**If you purchased or otherwise acquired the publicly traded common stock of PTC Therapeutics, Inc. during the period from November 6, 2014 to February 23, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of: (i) the pendency of the above-captioned securities class action (the "Action"); (ii) the proposed settlement of the Action (the "Settlement") on the terms and conditions provided for in the Stipulation and Agreement of Settlement, dated March 1, 2018 (the "Stipulation");[1] and (iii) the hearing to be held by the Court (the "Settlement Hearing"). At the Settlement Hearing, the Court will consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the net proceeds of the Settlement to eligible members of the Settlement Class (the "Plan of Allocation") should be approved; (iii) Co-Lead Counsel's Fee and Expense Application; and (iv) certain other matters. Please read this Notice carefully. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.[2] Receipt of this Notice does not mean you are a member of the Settlement Class.

- If approved by the Court, the Settlement will create a $14.75 million cash fund, plus any interest earned thereon, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs Boston Retirement System ("Boston") and Si Nguyen, Hong-Luu Nguyen, John Nguyen, and the Si Tan Nguyen Trust (the "Nguyen Family") (collectively, "Lead Plaintiffs"), on behalf of themselves, and additional plaintiff Retail Wholesale Department Store Union Local 338 Retirement Fund ("Local 338"), which have been asserted on behalf of the Settlement Class against PTC Therapeutics, Inc. ("PTC," "PTC Therapeutics," or "the Company"), Stuart Peltz, and Shane Kovacs (collectively, "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible class members; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR RECEIVED NO LATER THAN SEPTEMBER 27, 2018** | The only way to be eligible to receive a payment from the Net Settlement Fund. |
| **EXCLUDE YOURSELF BY SUBMITTING A WRITTEN REQUEST SO THAT IT IS RECEIVED NO LATER THAN AUGUST 17, 2018** | This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims. If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund. *See* Question 11 below for details. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN AUGUST 17, 2018** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application. If you object, you will still be a member of the Settlement Class. *See* Question 15 below for details. |

---

[1] The Stipulation can be viewed at www.PTCTherapeuticsSecuritiesLitigation.com.
[2] All capitalized terms not otherwise defined in this Notice have the same meanings as defined in the Stipulation.

| | |
|---|---|
| **GO TO A HEARING ON SEPTEMBER 7, 2018 AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN AUGUST 17, 2018** | Ask to speak in Court about the Settlement. If you submit an objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak in Court about your objection. *See* Question 19 below for details. |
| **DO NOTHING** | You will not be eligible to receive a payment from the Net Settlement Fund, you will give up rights, and you will still be bound by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1. Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $14,750,000 (the "Settlement Amount") to be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to a Court-approved Plan of Allocation. The proposed Plan of Allocation is set forth on pages 9-13 below.

**Estimate of Average Amount of Recovery Per Share**

2. Based on Lead Plaintiffs' damages expert's estimate of the number of shares of PTC publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, Lead Plaintiffs estimate that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.65 per allegedly damaged share.[3] If the Court approves the maximum amount of attorneys' fees and litigation expenses that may be requested by Co-Lead Counsel (discussed below), the average recovery would be approximately $0.45 per allegedly damaged share. **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when they purchased or acquired PTC common stock during the Class Period; and (iv) whether and when they sold PTC common stock. *See* the Plan of Allocation beginning on page 9 for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of the Case**

3. The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of PTC common stock were allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of PTC common stock during the Class Period.

4. Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions. While Lead Plaintiffs believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5. Co-Lead Counsel, on behalf of all plaintiffs' counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest. Co-Lead Counsel will also apply for payment of litigation expenses incurred by plaintiffs' counsel in prosecuting the Action in an amount not to exceed $200,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.20 per allegedly damaged share of PTC common stock.

---

[3] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

**Reasons for the Settlement**

6. For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the uncertainty inherent in the Parties' competing theories of liability and damages; the risks of litigation, especially in complex actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

7. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

8. Lead Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, James W. Johnson, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com, and Nicholas I. Porritt, Esq., Levi & Korsinsky, LLP, 1101 30th Street N.W., Suite 115, Washington, DC 20007, (202) 524-4290, www.zlk.com.

9. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *PTC Therapeutics, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173032, Milwaukee, WI 53217 (877) 242-4889, www.PTCTherapeuticsSecuritiesLitigation.com; or Co-Lead Counsel.

**Please Do Not Call the Court with Questions About the Settlement**

[END OF PSLRA COVER PAGE]

**BASIC INFORMATION**

| 1. Why did I get this Notice? |
|---|

10. The Court authorized that this Notice be sent to you because you or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired the publicly traded common stock of PTC during the period from November 6, 2014 to February 23, 2016, inclusive. **Please Note: Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment from the Settlement. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice and supporting documents, as explained in the Claim Form.** *See* **Question 8 below.**

11. The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, including whether or not to object or exclude themselves from the Settlement Class, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

12. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

13. The Court in charge of the Action is the United States District Court for the District of New Jersey, and the case is known as *In re PTC Therapeutics, Inc. Securities Litigation,* No. 16-1224 (KM). The Action is assigned to the Honorable Kevin McNulty, United States District Judge.

| 2. What is this case about? |
|---|

14. PTC is a biopharmaceutical company that focuses on the discovery, development and commercialization of orally administered therapies, which target several rare genetic disorders. The Action arises out of Defendants' allegedly false and misleading representations concerning PTC's development of Translarna, a drug for treating an extremely rare genetic disorder called nonsense-mutation Duchenne Muscular Dystrophy ("nmDMD"). The Complaint alleges that the clinical trials for Translarna (the Ataluren Confirmatory Trial in DMD, "ACT DMD"), which were required for FDA approval, failed to show substantial evidence that Translarna was effective in treating nmDMD and that, as a result, FDA approval would not be obtained. The NDA for Translarna was rejected on February 22, 2016, as communicated by the FDA through a Refuse-to-File ("RTF") letter. When the market learned about the FDA's rejection of the Translarna NDA on February 23, 2016, the price of PTC's share price dropped substantially.

15. Beginning in March 2016, three securities class action complaints were filed in the United States District Court for the District of New Jersey on behalf of investors in PTC. The actions were consolidated by an Order dated June 8, 2016. On November 4, 2016, the Court issued an Order appointing Boston and the Nguyen Family as Lead Plaintiffs pursuant to the PSLRA. By the same Order, the Court approved Lead Plaintiffs' selection of Labaton Sucharow LLP ("Labaton Sucharow") and Levi & Korsinsky, LLP ("Levi & Korsinsky") as Co-Lead Counsel for the class, and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne") as Liaison Counsel for the class.

16. On January 13, 2017, Lead Plaintiffs filed a Consolidated Complaint and Demand for Jury Trial (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 (17 C.F.R. §240.10b-5) promulgated thereunder. In general, the Complaint alleged that Defendants violated the federal securities laws by making materially false and misleading statements and omissions concerning the Company's success in clinical trials and inflating the hopes of FDA approval for Translarna. The Complaint further alleged that the price of PTC common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

17. On February 14, 2017, Defendants filed a motion to dismiss the Complaint, which Lead Plaintiffs opposed on March 16, 2017. On March 30, 2017, Defendants filed a reply brief in further support of their motion to dismiss. On August 28, 2017, the Court granted in part and denied in part Defendants' motion to dismiss. In particular, the Court granted Defendants' motion to dismiss with respect to the statements made in November 2014 regarding Translarna's review timeline, and the statements made in early to mid-2015 regarding the risks of the ACT DMD study. The Court denied Defendant's motion to dismiss with respect to the statements made from October 2015 through January 13, 2016 regarding the ACT DMD results.

18. On September 25, 2017, Defendants answered the Complaint, denying Lead Plaintiffs' claims and asserting various affirmative defenses.

19. In November 2017, the Parties engaged Hunter Hughes, Esq., a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the claims in the Action. On December 4, 2017, the Parties participated in a full-day mediation session with Mr. Hughes in an attempt to reach a settlement. In advance of the mediation, the Parties exchanged mediation statements, which addressed the issues of both liability and damages. The Parties were unable to reach an agreement on December 4, 2017. Following the mediation, the Parties continued to engage in arm's-length efforts to reach a resolution, and ultimately reached an agreement-in-principle to settle the Action on January 11, 2018.

20. On March 1, 2018, the Parties executed the Stipulation, which sets forth the final terms and conditions of the Settlement.

21. Lead Plaintiffs, through Co-Lead Counsel, have conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the Securities Exchange Commission; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company, including information concerning several major clinical trials conducted by the Company and submitted to the FDA and European Medicines Agency ("EMA"); (v) FDA briefing documents and rules related to the FDA new drug approval process, including documents related to PTC Therapeutics' drug candidate, Translarna; (vi) new drug applications filed by competitor drug manufacturers; (vii) pleadings filed in other pending litigations naming certain Defendants herein as defendants or nominal defendants; (viii) documents produced by Defendants in connection with the mediation; and (ix) the applicable law governing the claims and potential defenses. Co-Lead Counsel also interviewed former PTC Therapeutics employees and other persons with relevant knowledge, and consulted with experts on FDA and EMA approval, valuation, damages, and loss causation issues.

### 3. Why is this a class action?

22. In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class. In this Action, the Court has appointed Boston and the Nguyen Family to serve as Lead Plaintiffs and has appointed Labaton Sucharow and Levi & Korsinsky to serve as Co-Lead Counsel and Carella Byrne to serve as Liaison Counsel.

### 4. What are the reasons for the Settlement?

23. The Court did not finally decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement.

24. Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit. Lead Plaintiffs and Co-Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims in the Action through trial and appeals, as well as the difficulties in establishing liability. For example, Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that they did not make false and misleading statements in violation of the Exchange Act, and that Lead Plaintiffs would not be able to establish that Defendants acted with the requisite intent. They would argue that, among other things, there is no evidence that Defendants knew that an RTF was coming and, instead, the Defendants had many reasons to believe that the FDA would give the Translarna NDA full and fair substantive review. Even assuming Lead Plaintiffs could establish liability, the amount of damages that could be attributed to the allegedly false and misleading statements would also be hotly contested. In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is a risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiffs and the Settlement Class. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

25. Defendants have denied and continue to deny any wrongdoing and deny that they have committed any act or omission giving rise to any liability or violation of law.  Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any Member of the Settlement Class has suffered damages; that the prices of PTC common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that Members of the Settlement Class were harmed by the conduct alleged in the Complaint.  Nonetheless, Defendants have concluded that continuation of the Action would be protracted, time-consuming and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action, and believe that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the Settlement Class?

26. To be eligible for a payment from the proceeds of the Settlement, you must be a Settlement Class Member.  The Court has directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):

> ***All persons and entities that purchased or otherwise acquired the publicly traded common stock of PTC during the period from November 6, 2014 through February 23, 2016, inclusive, and who were allegedly damaged thereby.***

27. If one of your mutual funds purchased PTC common stock during the Class Period, that alone does not make you a Settlement Class Member.  You are a Settlement Class Member only if you individually purchased or otherwise acquired PTC publicly traded common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.

### 6. Are there exceptions to being included?

28. Yes.  There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (v) members of the immediate families of the Individual Defendants; (vi) any entity in which any Defendant has or had a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded from the Settlement Class will be any Person that timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 7. What does the Settlement provide?

29. In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 10 below), Defendants have agreed to cause a $14.75 million payment to be made, which, along with any interest earned on this amount, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found by the Court to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

### 8. How can I receive a payment?

30. To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  If you did not receive a Claim Form, you can obtain one from the website dedicated to the Settlement: www.PTCTherapeuticsSecuritiesLitigation.com, or from Co-Lead Counsel's websites: www.labaton.com and www.zlk.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (877) 242-4889.

31. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than September 27, 2018.**

### 9. When will I receive my payment?

32. The Court will hold a Settlement Hearing on **September 7, 2018** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

| 10. | **What am I giving up to receive a payment or stay in the Settlement Class?** |
|---|---|

33. If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a) **"Released Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common or foreign law, or any other law, whether class or individual in nature, that Plaintiffs or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint in the Action and that relate to the purchase of PTC publicly traded common stock during the Class Period. For the avoidance of doubt, Released Claims do not include (i) claims relating to the enforcement of the Settlement; or (ii) or any claims currently asserted in the shareholder derivative actions *Choi v. Peltz, et al.*, Civ. A. No. 17-07216-KM-MAH (D.N.J.), *Kim v. Peltz, et al.*, Civ. A. No. 17-08062-KM-MAH (D.N.J.), now consolidated as *In re PTC Therapeutics, Inc. Derivative Litigation*, Civ. A. No. 17-07216-KM-MAH (D.N.J.), and *Lee v. Peltz, et al.*, Civ. A. No. 18-00730-ES-MAH.

(b) **"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past, present, or future subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

(c) **"Unknown Claims"** means any and all Released Claims that Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

34. The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

35. Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

36. If you do not want to be eligible to receive a payment from the Settlement and you do not want to release the Released Claims against the Released Defendant Parties, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out."

| 11. | **How do I exclude myself from the Settlement Class?** |
|---|---|

37. To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *In re PTC Therapeutics, Inc. Securities Litigation,* No. 16-1224 (D.N.J.)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also state: (i) the name, address, and telephone number of the person or entity

requesting exclusion; (ii) the number of shares of PTC publicly traded common stock purchased, acquired, and/or sold during the Class Period, as well as the date, number of shares and price per share of each such purchase, acquisition, and/or sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be submitted so that it is **received no later than August 17, 2018** to:

*PTC Therapeutics, Inc. Securities Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

**Your exclusion request must comply with these requirements in order to be valid.**

38. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future. If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in that case immediately.**

| **12. If I exclude myself, can I get money from the proposed Settlement?** |
|---|

39. No. If you exclude yourself, you are no longer a Settlement Class Member, and should not send in a Claim Form to ask for any money.

**THE LAWYERS REPRESENTING YOU**

| **13. Do I have a lawyer in this case?** |
|---|

40. The Court appointed the law firms of Labaton Sucharow and Levi & Korsinsky to represent all Settlement Class Members. These lawyers are called "Co-Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of plaintiffs' counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14. How will the lawyers be paid?** |
|---|

41. Plaintiffs' counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work. Co-Lead Counsel will ask the Court to award plaintiffs' counsel (which includes the law firms of Carella Byrne, Thornton Law Firm, and Kirby McInerney LLP) attorneys' fees of no more than 30% of the Settlement Fund, which will include any accrued interest. Co-Lead Counsel will also seek payment of litigation expenses incurred by plaintiffs' counsel in the prosecution of the Action of no more than $200,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| **15. How do I tell the Court that I do not like something about the proposed Settlement?** |
|---|

42. If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Co-Lead Counsel's Fee and Expense Application. You may give reasons why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

43. To object, you must send a signed letter stating that you object to the proposed Settlement in "*In re PTC Therapeutics, Inc. Securities Litigation,* No. 16-1224 (D.N.J.)." The objection must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove membership in the Settlement Class, including the number of shares of PTC publicly traded common stock purchased, acquired, and/or sold during the Class Period, as well as the date, number of shares, and price per share of each such purchase, acquisition, and/or sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **and** mailed or delivered to the following counsel so that it is **received no later than August 17, 2018:**

| Court | Co-Lead Counsel | Defendants' Counsel |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>District of New Jersey<br>Martin Luther King, Jr. Federal Courthouse<br>50 Walnut Street<br>Newark, NJ 07102 | **Labaton Sucharow LLP**<br>James W. Johnson, Esq.<br>140 Broadway<br>New York, NY 10005<br><br>**Levi & Korsinsky LLP**<br>Nicholas I. Porritt, Esq.<br>1101 30th Street N.W.<br>Suite 115<br>Washington, DC 20007 | **Goodwin Procter LLP**<br>Deborah S. Birnbach, Esq.<br>100 Northern Avenue<br>Boston, MA 02210 |

44. You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has not submitted a request for exclusion and who has complied with the procedures described in this Question 15 and below in Question 19 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, about their objection. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**16. What is the difference between objecting and seeking exclusion?**

45. Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Co-Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**17. When and where will the Court decide whether to approve the proposed Settlement?**

46. The Court will hold the Settlement Hearing on **September 7, 2018 at 10:00 a.m.**, in Courtroom PO 04 at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Courthouse, 50 Walnut Street Newark, NJ 07102, Newark, NJ.

47. At this hearing, the Court will consider, among other things, whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Lead Counsel for an award of attorneys' fees and payment of litigation expenses, including those of Lead Plaintiffs, is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above. We do not know how long it will take the Court to make these decisions.

48. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel or visit the settlement website, www.PTCTherapeuticsSecuritiesLitigation.com, beforehand to be sure that the hearing date and/or time has not changed.

**18. Do I have to come to the Settlement Hearing?**

49. No. Co-Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than August 17, 2018**.

**19. May I speak at the Settlement Hearing?**

50. You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 15), **no later than August 21, 2018,** a statement that you, or your attorney, intend to appear in "*In re PTC Therapeutics, Inc. Securities Litigation,* No. 16-1224 (D.N.J.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 15 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

## IF YOU DO NOTHING

**20. What happens if I do nothing at all?**

51. If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other

Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

## GETTING MORE INFORMATION

**21. Are there more details about the Settlement?**

52. This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation filed with the Court and other documents in the case during business hours at the Office of the Clerk of the United States District Court for the District of New Jersey at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

53. You can also get a copy of the Stipulation and other documents related to the Settlement, as well as additional information about the case and Settlement, by visiting the website dedicated to the Settlement, www.PTCTherapeuticsSecuritiesLitigation.com, where you will find answers to common questions about the Settlement and can download copies of the Stipulation or Claim Form. You may also call the Claims Administrator toll free at (877) 242-4889 or write to the Claims Administrator at *PTC Therapeutics, Inc. Securities Litigation,* c/o A.B. Data, Ltd. P.O. Box 173032, Milwaukee, WI 53217. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**22. How will my claim be calculated?**

54. As discussed above, the Settlement provides $14.75 million in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.PTCTherapeuticsSecuritiesLitigation.com.

55. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

56. The Plan of Allocation was developed in consultation with Lead Plaintiffs' consulting damages expert. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of PTC publicly traded common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation, Lead Plaintiffs' damages expert considered price changes in PTC common stock in reaction to public disclosures, which allegedly corrected Defendants' misrepresentations and omissions, adjusting those price changes for factors that were attributable to market or industry forces, and to other PTC-specific information. The Plan of Allocation also takes into account the strengths and weaknesses of the claims and the risks of establishing liability throughout the Class Period, particularly for purchases before October 15, 2015.

57. In order to have recoverable damages under the federal securities laws, disclosure of an alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiffs allege that corrective information allegedly impacting the price of PTC publicly traded common stock (referred to as a "corrective disclosure") was released to the market on February 23, 2016 In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of PTC publicly traded common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of the corrective disclosure.

58. A "Recognized Loss Amount" will be calculated as set forth below for each share of PTC publicly traded common stock purchased or otherwise acquired during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number (i.e., a gain), that number shall be set to zero.

59. A claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts as calculated under the Plan.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS ON PTC PUBLICLY TRADED COMMON STOCK

60. Based on the foregoing, and for purposes of this Settlement only, Recognized Loss Amounts will be calculated as follows:

**I. For each share of PTC publicly traded common stock purchased or otherwise acquired during the period from November 6, 2014 through and including the close of trading on October 14, 2015 and**:

a. sold prior to the close of trading on February 22, 2016, the Recognized Loss per share is $0.00.

b. sold on February 23, 2016, the Recognized Loss per share is the lesser of:

   i. $8.50 per share; or
   ii. the purchase price per share less the sales price per share.

c. retained beyond February 23, 2016 but sold on or before May 20, 2016, the Recognized Loss per share is the lesser of:

   i. $8.50 per share; or
   ii. the difference between the purchase price per share and the sales price per share; or
   iii. the purchase price per share less the price per share identified in **Table 1** (below) for the date the share(s) were sold.[4]

d. retained beyond May 20, 2016, the Recognized Loss per share is the lesser of:

   i. $8.50 per share; or
   ii. the difference between the purchase price per share and $7.01 per share.

**II. For each share of PTC common stock purchased or otherwise acquired during the period from October 15, 2015 through and including the close of trading on February 22, 2016, and**:

a. sold prior to the close of trading on February 22, 2016, the Recognized Loss per share is $0.00.

b. sold on February 23, 2016, the Recognized Loss per share is the lesser of:

   i. $17.00 per share; or
   ii. the purchase price per share less the sales price per share.

c. retained beyond February 23, 2016, but sold on or before May 20, 2016, the Recognized Loss per share is the lesser of:

   i. $17.00 per share; or
   ii. the difference between the purchase price per share and the sales price per share; or
   iii. the purchase price per share less the price per share identified in **Table 1** (below) for the date the share(s) were sold.

d. retained beyond May 20, 2016, the Recognized Loss per share is the lesser of:

   i. $17.00 per share; or
   ii. the difference between the purchase price per share and $7.01 per share.

**III. For each share of PTC common stock purchased or otherwise acquired on February 23, 2016, and:**

a. sold prior to the close of trading on February 23, 2016, the Recognized Loss per share shall be the lesser of:

   i. $5.29 per share; or
   ii. the purchase price per share less the sales price per share.

b. retained beyond February 23, 2016 but sold on or before May 20, 2016, the Recognized Loss per share is the lesser of:

   i. $5.29 per share; or
   ii. the difference between the purchase price per share and the sales price per share; or
   iii. the purchase price per share less the price per share identified in **Table 1** (below) for the date the share(s) were sold.

c. retained beyond May 20, 2016, the Recognized Loss per share is the lesser of:

   i. $5.29 per share; or
   ii. the difference between the purchase price per share and $7.01 per share.

---

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $7.01 was the mean (average) daily closing trading price of PTC common stock during the 90-day period beginning on February 23, 2016 and ending on May 20, 2016.

## ADDITIONAL PROVISIONS

60. For purposes of determining whether a claimant has a "Recognized Loss" the respective purchases, acquisitions, and sales of PTC publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis. If a Settlement Class Member has more than one purchase/acquisition or sale of PTC publicly traded common stock during the Class Period, the Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

61. Purchases/acquisitions and sales of PTC publicly traded common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of PTC common stock during the Class Period shall not be deemed a purchase, acquisition or sale of PTC common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such PTC common stock unless (i) the donor or decedent purchased or otherwise acquired such PTC common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such PTC common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

62. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the share of PTC common stock. The date of a "short sale" is deemed to be the date of sale of the respective PTC common share. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchases/acquisitions used to cover "short sales" is zero. In the event that a claimant has an opening short position in PTC common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchases or acquisitions shall be matched against such short position on a FIFO basis and not be entitled to a recovery.

63. Option contracts to purchase or sell PTC publicly traded common stock are not securities eligible to participate in the Settlement. With respect to PTC publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of the PTC common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

64. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's share of the Net Settlement Fund. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant entitled to receive a payment will receive an amount equal to the Authorized Claimant's Recognized Claim. If, however, the sum total of Recognized Claims of all Authorized Claimants is greater than the Net Settlement Fund, each Authorized Claimant shall receive the percentage of the Net Settlement Fund that his, her, or its Recognized Claim bears to the total Recognized Claims of all Authorized Claimants, *i.e.*, the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

65. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

66. Distributions to eligible Authorized Claimants will be made after claims have been processed. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Co-Lead Counsel shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expense, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit charitable organization serving the public interest designated by Lead Plaintiffs and approved by the Court.

67. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all claimants. No person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Released Defendant Parties, or the Claims Administrator or other agent designated by Co-Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

68. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any claimant. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

69. If you purchased or otherwise acquired publicly traded PTC common stock (ISIN: US69366J200) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased or otherwise acquired publicly traded PTC common stock during the Class Period; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*PTC Therapeutics, Inc. Securities Litigation*
ATTN: FUFLFILLMENT DEPARTMENT
c/o A.B. Data, Ltd.
P.O. Box 173032
Milwaukee, WI 53217

Dated: May 30, 2018　　　　　　　　　　　　　　　　　　BY ORDER OF THE UNITED STATES DISTRICT COURT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　DISTRICT OF NEW JERSEY

**TABLE 1**

**PTC Common Stock Closing Prices and Average Closing Prices
During 90-Day Lookback February 23, 2016 – May 20, 2016**

| Date | Closing Price | Average Closing | Date | Closing Price | Average Closing |
|---|---|---|---|---|---|
| 2/23/2016 | $10.84 | $10.84 | 4/8/2016 | $6.37 | $6.67 |
| 2/24/2016 | $10.51 | $10.68 | 4/11/2016 | $6.22 | $6.66 |
| 2/25/2016 | $11.32 | $10.89 | 4/12/2016 | $6.06 | $6.64 |
| 2/26/2016 | $7.99 | $10.17 | 4/13/2016 | $6.32 | $6.63 |
| 2/29/2016 | $7.98 | $9.73 | 4/14/2016 | $6.23 | $6.62 |
| 3/1/2016 | $5.55 | $9.03 | 4/15/2016 | $8.92 | $6.68 |
| 3/2/2016 | $6.40 | $8.66 | 4/18/2016 | $8.33 | $6.73 |
| 3/3/2016 | $6.10 | $8.34 | 4/19/2016 | $7.96 | $6.76 |
| 3/4/2016 | $6.06 | $8.08 | 4/20/2016 | $7.59 | $6.78 |
| 3/7/2016 | $6.48 | $7.92 | 4/21/2016 | $8.25 | $6.81 |
| 3/8/2016 | $6.16 | $7.76 | 4/22/2016 | $8.30 | $6.85 |
| 3/9/2016 | $5.90 | $7.61 | 4/25/2016 | $8.29 | $6.88 |
| 3/10/2016 | $5.76 | $7.47 | 4/26/2016 | $8.03 | $6.91 |
| 3/11/2016 | $6.15 | $7.37 | 4/27/2016 | $7.79 | $6.92 |
| 3/14/2016 | $6.32 | $7.30 | 4/28/2016 | $7.84 | $6.94 |
| 3/15/2016 | $5.66 | $7.20 | 4/29/2016 | $7.42 | $6.95 |
| 3/16/2016 | $5.48 | $7.10 | 5/2/2016 | $7.75 | $6.97 |
| 3/17/2016 | $5.50 | $7.01 | 5/3/2016 | $7.70 | $6.99 |
| 3/18/2016 | $5.93 | $6.95 | 5/4/2016 | $6.97 | $6.98 |
| 3/21/2016 | $6.15 | $6.91 | 5/5/2016 | $6.88 | $6.98 |
| 3/22/2016 | $6.23 | $6.88 | 5/6/2016 | $7.09 | $6.98 |
| 3/23/2016 | $5.66 | $6.82 | 5/9/2016 | $7.74 | $7.00 |
| 3/24/2016 | $5.72 | $6.78 | 5/10/2016 | $7.57 | $7.01 |
| 3/28/2016 | $5.51 | $6.72 | 5/11/2016 | $7.25 | $7.01 |
| 3/29/2016 | $5.86 | $6.69 | 5/12/2016 | $6.60 | $7.01 |
| 3/30/2016 | $6.09 | $6.67 | 5/13/2016 | $6.76 | $7.00 |
| 3/31/2016 | $6.44 | $6.66 | 5/16/2016 | $7.22 | $7.01 |
| 4/1/2016 | $6.76 | $6.66 | 5/17/2016 | $6.98 | $7.01 |
| 4/4/2016 | $6.79 | $6.67 | 5/18/2016 | $6.84 | $7.00 |
| 4/5/2016 | $6.58 | $6.66 | 5/19/2016 | $6.65 | $7.00 |
| 4/6/2016 | $6.93 | $6.67 | 5/20/2016 | $8.00 | $7.01 |
| 4/7/2016 | $7.08 | $6.68 | | | |