# EXHIBIT H

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT[1]

**If you purchased Natural Health Trends Corp. ("NHTC") securities between March 6, 2015 and March 15, 2016, inclusive, and are not otherwise excluded from the Settlement Class (see Question 6 below) you could receive a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The proposed Settlement, if approved by the Court, will provide $1,750,000 to pay claims from investors who bought NHTC securities between March 6, 2015 and March 15, 2016, inclusive (the "Class Period").
- Plaintiffs estimate that 6 million shares of NHTC common stock are eligible under the Plan of Allocation (described below). If claims are submitted for all of these shares, the estimated distribution per share will be approximately $0.29 *before* deduction of Court-approved administrative costs, awards to Plaintiffs, and any attorneys' fees and expenses awarded to Co-Lead Counsel for their representation of the Settlement Class.
- The Settlement resolves a U.S. lawsuit over whether NHTC disseminated materially false and misleading statements and omissions during the Class Period. Plaintiffs and Defendants disagree on whether the investors could have won at trial, and if so, how much money they could receive. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them.
- Co-Lead Counsel have litigated this matter on a contingent basis and advanced all expenses incurred on behalf of the Settlement Class. They will ask the Court for $437,500 in attorneys' fees (25% of the Settlement Fund) and reimbursement for expenses of up to $35,000 for their work litigating the case and negotiating the Settlement, and awards to Plaintiffs of $3,000 each. If approved, these amounts will be deducted from the $1,750,000 settlement (totaling $0.08 per share assuming claims are submitted on behalf of 6 million shares).
- After deducting for any attorneys' fees and expenses and administration costs, the estimated average recovery from the Settlement is $0.21 per share (assuming claims are submitted on behalf of 6 million shares).
- The Court has not yet approved the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.
- **Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN MAY 12, 2018** | The only way to get a payment if you have a Recognized Loss. |
| **EXCLUDE YOURSELF NO LATER THAN MARCH 12, 2018** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Released Persons about the Released Claims. |
| **OBJECT NO LATER THAN MARCH 12, 2018** | Write to the Court about why you do not like the Settlement. You may, but are not required to, appear at the Final Approval Hearing. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

---

[1] This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of October 2, 2017 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. The Stipulation can be obtained at www.zlk.com and www.strategicclaims.net.

For more information, you may contact the Claims Administrator or Co-Lead Counsel:

Co-Lead Counsel: Nicholas I. Porritt, Esq., LEVI & KORSINSKY LLP
1101 30th Street NW, Suite 115, Washington, D.C. 20007
Tel: 202-524-4290; fax: 202-333-2121; email: info@zlk.com

Claims Administrator: In re Natural Health Trends Corp. Sec. Litig., c/o Strategic Claims Services
600 North Jackson Street, Suite 3, Media, PA 19063
Tel: 866-274-4004; fax: 610-565-7985; email: info@strategicclaims.net

## WHAT THIS NOTICE CONTAINS

**TABLE OF CONTENTS** — **PAGE**

**Basic Information**
1. Why did I get this notice package? ..................3
2. What is this lawsuit about? ..................3
3. Why is this a class action? ..................3
4. Why is there a settlement? ..................3

**Who Is Part of the Settlement?**
5. How do I know if I am part of the Settlement? ..................3
6. Are there exceptions to being included? ..................4
7. What if I am still not sure if I am included? ..................4

**What Are the Settlement Benefits?**
8. What does the Settlement provide? ..................4
9. How will the Settlement be allocated among Settlement Class Members? ..................4
10. How much will my payment be? ..................6

**How Can You Receive a Payment?**
11. How can I get a payment? ..................6
12. When would I get my payment? ..................7
13. What am I giving up to get a payment or stay in the Settlement Class? ..................7

**Excluding Yourself from the Settlement**
14. How do I exclude myself from the proposed Settlement? ..................7
15. If I do not exclude myself, can I sue NHTC, Defendants or the other Released Persons later for the Released Claims? ..................7
16. If I exclude myself, can I get money from the proposed Settlement? ..................7

**The Lawyers Representing You**
17. Do I have a lawyer in this case? ..................7
18. How will the lawyers be paid? ..................8

**Objecting to the Settlement**
19. How do I tell the Court that I do not like the proposed Settlement? ..................8
20. What is the difference between objecting and excluding? ..................8

**The Court's Settlement Hearing**
21. When and where will the Court decide whether to approve the proposed Settlement? ..................9
22. Do I have to come to the hearing? ..................9
23. May I speak at the hearing? ..................9

**If You Do Nothing**
24. What happens if I do nothing at all? ..................9

**Getting More Information**
25. Are there more details about the proposed Settlement? ..................9

## BASIC INFORMATION

| 1. Why did I get this notice package? |

You or someone in your family may have purchased or otherwise acquired NHTC securities between March 6, 2015 and March 15, 2016, inclusive. The Court directed that this Notice be sent to potential Settlement Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and any appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is *Ford v. Natural Health Trends Corp. et al.*, Case No. 2:16-cv-00255-TJH-AFM (the "Action").

| 2. What is this lawsuit about? |

The Consolidated Complaint filed on April 29, 2016, alleges that Defendants NHTC, Chris T. Sharng, Timothy S. Davidson, and George K. Broady ("Defendants") violated Sections 10(b) and 20(a) of the Exchange Act of 1934. Plaintiffs contend that these Defendants made statements during the Class Period which falsely assured investors that NHTC was in compliance with Chinese laws governing multilevel marketing, and was not engaged in multilevel marketing in China, and thus concealed the substantial risk that NHTC could face severe legal and regulatory penalties in China, including that NHTC's China operations representing more than 90% of its global revenue could be shut down and that NHTC could face substantial monetary penalties. The Consolidated Complaint alleges that, when these risks became public, NHTC's share price fell and shareholders were damaged. The Action seeks money damages against Defendants. Defendants deny all of Plaintiffs' allegations, deny that they made any false or misleading statements or otherwise did anything wrong, and deny that anything they did caused damages to Plaintiffs or the Settlement Class.

| 3. Why is this a class action? |

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Wang Juan, Manh Dao, Abolghassem Tehrani and Tony A. Tran), sue on behalf of people who have similar claims. All persons with similar claims are called a "Class" or "Class Members." Bringing a case, such as this one, as a class action allows the collective adjudication of many similar claims that might be economically too small to bring in individual actions. One judge resolves the issues for all class members, except for those who exclude themselves from the class. United States District Judge Terry J. Hatter, Jr. of the Central District of California is overseeing the Action.

| 4. Why is there a settlement? |

The Court did not decide in favor of Plaintiff or Defendants. Instead, the lawyers for both sides have negotiated a Settlement that they believe is in the best interests of their respective clients. The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation, trial, and appeals, and permits Settlement Class Members to be compensated more quickly. As explained above, Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS PART OF THE SETTLEMENT?

| 5. How do I know if I am part of the Settlement? |

The Court directed that, for the purposes of the proposed Settlement, everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired NHTC securities between March 6, 2015 and March 15, 2016, inclusive, and were damaged thereby.

-3-

| 6. Are there exceptions to being included? |
|---|

Yes. Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of NHTC; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his benefit and/or that of any member of his immediate family; and the legal representatives, heirs, or successors-in-interest of NHTC and the Individual Defendants. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions provided in this Notice.

If one of the mutual funds in which you are invested purchased or otherwise acquired NHTC securities during the Class Period, that does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired NHTC securities during the Class Period. Contact your broker to see if you fall within the definition of a Settlement Class Member.

If you **sold** but did not purchase NHTC securities during the Class Period, you are not a Settlement Class Member. You are a Settlement Class Member only if you **purchased or otherwise acquired** NHTC securities during the Class Period.

| 7. What if I am still not sure if I am included? |
|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator by writing to the address provided on p. 2 above for more information.

## WHAT ARE THE SETTLEMENT BENEFITS?

| 8. What does the Settlement provide? |
|---|

NHTC has agreed to pay or cause to be paid $1.75 million in cash (the "Settlement Fund") on behalf of all Defendants. The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid and timely Proof of Claim and Release forms ("Authorized Claimants"). Costs, fees, and expenses include Court-approved attorneys' fees and expenses; certain Notice and Administration Costs, including the costs of printing and mailing this Notice, the cost of publishing newspaper notice, and the costs of claims administration; and Taxes on the Settlement Fund.

In return, the Parties have agreed to dismiss the Action and Plaintiffs and all Settlement Class Members who do not exclude themselves from the Settlement Class agree to release, relinquish and discharge all Released Claims (including Unknown Claims) against the Defendants and their respective Related Persons (collectively, the "Released Persons"), whether or not these Settlement Class Members execute and deliver Proof of Claim and Release forms.

| 9. How will the Settlement be allocated among Settlement Class Members? |
|---|

If the Settlement becomes Effective, the Net Settlement Fund will be distributed to the Settlement Class according to a Plan of Allocation to be approved by the Court.

The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

The Claims Administrator will use the following Plan of Allocation to determine how much each claimant is entitled to claim in Recognized Loss:

The Recognized Loss for each share of NHTC securities *purchased or otherwise acquired during the Class Period* will be:

| **CLAIM AMOUNT** | | **SOLD** | | | |
|---|---|---|---|---|---|
| | | 3/6/2015 - 12/27/2015 | 12/28/2015 - 1/10/2016 | 1/11/2016 - 3/15/2016 | After 3/15/2016 |
| **PURCHASED** | 3/6/2015 - 12/27/2015 | $0/share | $5.78/share | $8.51/share | $10.94/share |
| | 12/28/2015 - 1/10/2016 | N/A | $0/share | $2.73/share | $5.16/share |
| | 1/11/2016 - 3/15/2016 | N/A | N/A | $0/share | $2.43/share |

The Recognized Loss for each call option contract on NHTC common stock purchased during the Class Period shall be twenty-five percent (25%) of the common stock inflation per share as listed in the table above for all shares covered by the call option contract. The sale date will be the date the call options were sold, or if the call options expired worthless or were exercised, the sale date will be the date the options expired or were exercised.

No Recognized Loss shall be calculated based upon the sale or writing of any call option that was subsequently repurchased.

The Recognized Loss for each put option contract on NHTC common stock sold or written during the Class Period shall be twenty-five percent (25%) of the common stock inflation per share as listed in the table above for all shares covered by the put option contract. The amount shown above will be determined as if the sale of the put option were instead a purchase on the date of the writing of the put option, and the sale shall be the date the put option was subsequently repurchased. For any put option contracts that were "put" to the claimant (i.e. assigned), the date the option was assigned will be the sale date.

For any put options sold or written during the Class Period that expired worthless and unassigned, the Recognized Loss shall be zero ($0.00).

No Recognized Loss shall be calculated based upon the sale of any put option that was previously purchased.

The Plan of Allocation also includes the following provisions:

1) There shall be no Recognized Loss attributed to any NHTC securities purchased on a foreign exchange.
2) The date of a purchase or sale is the "trade" date and not the "settlement" date.
3) The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.
4) Exercise of option contracts or the conversion of preferred stock into common stock will be considered purchases or sales of common stock as of the date of the exercise or conversion.
5) No cash payment will be made on a claim where the potential distribution amount is less than $10. No claims will be calculated for any purchase of NHTC securities to cover a short sale.
6) Settlement Class Members who do not submit a valid and timely Proof of Claim and Release form will not share in the Settlement proceeds, but will nevertheless be bound by the Settlement, the Judgment of the Court dismissing this Action, and the releases provided therein.
7) If you did not incur a Recognized Loss as defined in the Plan of Allocation, you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties.
8) The total recovery payable to Recognized Losses from transactions in call or put options shall not exceed ten percent (10%) of the Net Settlement Fund.

### 10. How much will my payment be?

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of Authorized Claimants. Payments will be calculated on a *pro rata* basis, meaning that the Net Settlement Fund will be divided among the Authorized Claimants and distributed accordingly after the deadline for submission of Proof of Claim and Release forms has passed.

To the extent that any amount of the Net Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Settlement Fund, if Co-Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after deduction of any additional fees and expenses that would be incurred with respect to such redistribution, would be cost-effective. At such time as it is determined that the redistribution of funds remaining in the Settlement Fund is not cost-effective, the remaining balance in the Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Co-Lead Counsel and approved by the Court.

## HOW DO YOU RECEIVE A PAYMENT?

### 11. How can I get a payment?

To qualify for a payment, you must be an eligible Settlement Class Member and send in a valid and timely Proof of Claim and Release form. A Proof of Claim and Release form accompanies this Notice. You may also download a Proof of Claim and Release form from the Claims Administrator's website, www.strategicclaims.net. Read the instructions carefully, fill out the Proof of Claim and Release form, include all the documents the form asks for, sign it, and mail it postmarked no later than May 12, 2018 to the Claims Administrator (address provided on page 2). Any Settlement Class Member who fails to submit a Proof of Claim and Release form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless by order of the Court the deadline is extended or such Settlement Class Member's Proof of Claim and Release form is accepted), but otherwise shall be bound by all of the

terms of the Stipulation and the Judgment, including the releases therein, and will be permanently barred and enjoined from asserting any of the Released Claims against any of the Released Persons.

| 12. When would I get my payment? |

The Court will hold a hearing on April 2, 2018, to decide whether to approve the Settlement. If the Settlement is approved, the Claims Administrator will complete the administration process and determine how much each Authorized Claimant is entitled to receive. Co-Lead Counsel will then seek permission from the Court to distribute the Net Settlement Fund on a *pro rata* basis to Authorized Claimants. This is necessarily a long process.

| 13. What am I giving up to get a payment or stay in the Settlement Class? |

Unless you exclude yourself, you will remain a Settlement Class Member, and that means that, upon the "Effective Date," you will release all "Released Claims" against the "Released Persons."

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants on your own about the Released Claims, then you must take steps to exclude yourself—or as it is sometimes referred to, you must "opt out" of the Settlement Class.

| 14. How do I exclude myself from the proposed Settlement? |

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you "request exclusion from the Settlement Class in *Ford v. Natural Health Trends Corp. et al.,* Case No. 2:16-cv-00255-TJH-AFM (C.D. Cal.)." Your letter must legibly state the date(s), price(s) and number(s) of shares of all your purchases, acquisitions and sales of NHTC securities during the Class Period. You must also include your name, mailing address, daytime telephone number, email address and your signature. You must mail your exclusion request **no later than March 12, 2018** to the Claims Administrator, at the address provided on page 2, above.

**You cannot exclude yourself by telephone, by fax or by e-mail**. If you ask to be excluded, you will not get any payment or other benefit in the Settlement, and you cannot object to the Settlement. You will not be legally bound by the Settlement or Judgment or the releases therein, and you may be able to sue NHTC and the other Released Persons about the Released Claims in the future.

| 15. If I do not exclude myself, can I sue NHTC, Defendants or the other Released Persons later for the Released Claims? |

No. Unless you exclude yourself, you give up any rights to sue Defendants and the other Released Persons, or to enforce any existing judgments against any of the Released Persons, for any and all Released Claims. If you have a pending lawsuit against Defendants or the other Released Persons, speak to your lawyer in that case immediately to determine if you have to exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **March 12, 2018**.

| 16. If I exclude myself, can I get money from the proposed Settlement? |

No. If you exclude yourself, do not send in a Proof of Claim and Release form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| 17. Do I have a lawyer in this case? |

The Court appointed the law firms of Levi & Korsinsky LLP and The Rosen Law Firm, P.A. to represent all Settlement Class Members. These lawyers are called "Co-Lead Counsel." You will **not** be separately

charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 18. How will the lawyers be paid? |

Co-Lead Counsel will ask the Court to award attorneys' fees from the Settlement Fund in an amount not to exceed twenty-five percent (25%) of the Settlement Fund and for reimbursement of their expenses of approximately $35,000, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Co-Lead Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Co-Lead Counsel have not been paid for their services in conducting this Action on behalf of Plaintiffs and the Class nor for their substantial out-of-pocket expenses. The fees and expenses requested will compensate Co-Lead Counsel for their work in obtaining the Settlement Fund for the Settlement Class. The Court may, however, award less than this amount. In that case, the difference will remain in the Settlement Fund.

## **OBJECTING TO THE SETTLEMENT**

| 19. How do I tell the Court that I do not like the proposed Settlement? |

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, the application by Co-Lead Counsel for an award of fees and reimbursement of expenses, or the application for awards to Plaintiffs. You may write to the Court setting out your objections. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements and submit any documentation you believe is appropriate. The Court will only consider your views if you file a proper objection within the deadline identified and according to the following procedures.

To object, you must send a signed letter or other court submission stating that you object to the proposed Settlement in *Ford v. Natural Health Trends Corp. et al.,* Case No. 2:16-cv-00255-TJH-AFM (C.D. Cal.). You must include your name, mailing address, daytime telephone number, email address and signature. In addition, your objection must be accompanied by documentation showing the date(s), price(s) and number(s) of shares of all purchases and sales of NHTC securities you made during the Class Period. Further, your objection should state the reasons why you object to the Settlement and be accompanied by any legal support or evidence that you wish the Court to consider. Your objection must be filed with the Court and served on all the following counsel so that **it is actually received, not merely postmarked, on or before March 12, 2018**:

| COURT: | CO-LEAD COUNSEL: | DEFENDANTS' COUNSEL: |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Central District of California<br>First Street Federal Courthouse<br>350 W. 1st Street, Suite 4311<br>Los Angeles, CA 90012-4565 | Nicholas I. Porritt, Esq.<br>LEVI & KORSINSKY LLP<br>1101 30th Street NW, Suite 115<br>Washington, D.C. 20007<br><br>*Counsel for Plaintiffs* | Angela L. Dunning, Esq.<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br><br>*Counsel for Defendants* |

| 20. What is the difference between objecting and excluding? |

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not

-8-

want to be part of the Settlement Class. If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

| 21. When and where will the Court decide whether to approve the proposed Settlement? |
|---|

The Court will hold a Final Approval Hearing at 10:00 a.m. on April 2, 2018, before the Honorable Terry J. Hatter, Jr. in Courtroom 9B of the United States District Court for the Central District of California, 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. At the Final Approval Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Co-Lead Counsel for attorneys' fees, and reimbursement of expenses, and the application for awards to Plaintiffs. The Court will take into consideration any written objections and will listen to Settlement Class Members who have asked to speak at the hearing. The Court may change the date and time of the Final Approval Hearing without notice. Please check with Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

| 22. Do I have to come to the hearing? |
|---|

No. Co-Lead Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but attendance is not mandatory. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

| 23. May I speak at the hearing? |
|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must indicate in your written objection (or in a separate writing filed and served in the same manner) that it is your "Intention to Appear in *Ford v. Natural Health Trends Corp., et al.* Case No. 2:16-cv-00255-TJH-AFM." Settlement Class Members who object to the Settlement, the Plan of Allocation, Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, or an award to Plaintiffs and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they propose to call to testify and any exhibits they intend to offer into evidence at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class or if you fail to provide written notice of your intention to speak at the Final Approval Hearing by the deadline identified.

## IF YOU DO NOTHING

| 24. What happens if I do nothing at all? |
|---|

If you do nothing, you will get no money from this Settlement and, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants or the Released Persons about the claims being released in the Settlement. All Settlement Class Members who do not submit valid and timely Proof of Claim and Release forms shall be forever barred from receiving any payments from the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation and any Judgment entered, including the releases set forth therein.

## GETTING MORE INFORMATION

| 25. Are there more details about the proposed Settlement? |
|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You may obtain a copy of the Stipulation by writing to Nicholas I. Porritt, Esq., at the address provided on page 2, above, or by visiting Co-Lead Counsel's website at www.zlk.com. You also can contact the Claims Administrator

-9-

by mail at the address and website provided on page 2, above, to obtain information and forms. The pleadings and other court filings in the Action are available for inspection during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, Western Division, 350 W. 1st Street, Los Angeles, CA 90012.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

**SPECIAL NOTICE TO NOMINEES**

If you hold NHTC securities pursuant to a transaction that took place within the United States within the Class Period, as nominee for a beneficial owner, then you must either: (1) send a copy of this Notice by first-class mail to all such persons or entities within ten (10) days of receipt of this Notice; or (2) provide a list of the names and addresses of such persons or entities to the Claims Administrator at the address provided at page 2, above, within ten (10) days of receipt of this Notice.

If you choose to mail this Notice and the Proof of Claim and Release form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs (not to exceed $.75 per unit) actually incurred or expected to be incurred in connection with forwarding this Notice, and which would not have been incurred but for the obligation to forward this Notice, upon submission of appropriate documentation to the Claims Administrator.

Dated: January 4, 2018            BY ORDER OF THE COURT
                                  UNITED STATES DISTRICT COURT
                                  CENTRAL DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ROBERT FORD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>NATURAL HEALTH TRENDS CORP., CHRIS SHARNG, and TIMOTHY S. DAVIDSON,<br><br>Defendants. | No. 2:16-cv-00255-TJH-AFM |

**PROOF OF CLAIM AND RELEASE[2]**

*THIS FORM MUST BE DELIVERED OR POSTMARKED BY MAY 12, 2018*

If you purchased Natural Health Trends Corp. ("NHTC") securities between March 6, 2015, and March 15, 2016, inclusive, and were damaged thereby, you may be a member of the Settlement Class and may be entitled to recover a portion of a Settlement Fund established in connection with a proposed Settlement of the action captioned *Ford v. Natural Health Trends Corp. et al.*, Case No. 2:16-cv-00255-TJM-AFM (C.D. Cal.) (the "Action").

**I.     GENERAL INSTRUCTIONS**

A.     To recover as a member of the Settlement Class, you must complete, sign, and submit this Proof of Claim and Release form ("Proof of Claim") in accordance with the instructions provided herein. If you fail to submit a valid and timely Proof of Claim in accordance with these instructions, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

B.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of Settlement of the Action.

C.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM **POSTMARKED ON OR BEFORE MAY 12, 2018**, ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS: In re Natural Health Trends Corp. Sec. Litig., c/o Strategic Claims Services, 600 North Jackson Street, Suite 3, Media, PA 19063 Tel: 866-274-4004; fax: 610-565-7985; email: info@strategicclaims.net. **You will bear all risks of delay or non-delivery of your Proof of Claim**.

D.     If you are a member of the Settlement Class (as that term is defined in the Notice of Proposed Class Action Settlement (hereinafter, "Notice") and you do not timely request exclusion in

---

[2] This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of October 2, 2017 (the "Stipulation").  Unless otherwise specified, all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.  The Stipulation can be obtained at www.zlk.com and www.strategicclaims.net.

-11-

accordance with the instructions provided in the Notice, you will be bound by the terms of any order of dismissal or judgment entered in the Action, including the releases provided herein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

   E. If you are NOT a Settlement Class Member (as defined in the Notice), DO NOT submit a Proof of Claim.

## II. CLAIMANT IDENTIFICATION INSTRUCTIONS

   A. If you purchased NHTC securities and held the certificate(s) in your own name, you are the beneficial owner as well as the record owner. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

   B. Use Section IV of this form entitled "Claimant Identification" to identify each owner of record ("nominee"), if different from the beneficial owner of NHTC securities which forms the basis of this claim.

   C. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OF THE NHTC SECURITIES UPON WHICH THIS CLAIM IS BASED, OR BY THEIR LEGAL REPRESENTATIVES.

   D. A separate Proof of Claim must be filed for each type of account or ownership (i.e., individual account, IRA account, joint account, custodial account, etc.). Joint tenants or UGMA custodians should file a single claim.

   E. All joint owners must sign this Proof of Claim form. Executors, administrators, guardians, conservators and trustees must complete and sign this Proof of Claim on behalf of persons represented by them. Documentation establishing their authority must accompany this Proof of Claim and their titles or capacities must be stated.

   F. The Social Security or Taxpayer Identification number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. TRANSACTION SCHEDULE INSTRUCTIONS

   A. Use Section V of this form entitled "Schedule of Transactions in NHTC Securities" to supply all required details of your transaction(s) in NHTC securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name and Social Security or Taxpayer Identification number on each additional sheet.

   B List each transaction during the Class Period separately and in chronological order, by trade date (not the "settlement" date), beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

   C. The price per share, paid or received, should be exclusive of all commissions, taxes, fees and other charges.

   D. **Copies of broker confirmation slips or monthly statements of your transactions in NHTC securities must be attached to your Proof of Claim**. If such documents are not in your possession, please obtain equivalent contemporaneous documents from your broker or financial advisor. A complete list of acceptable supporting documentation can be found at the Claims Administrator's website: www.strategicclaims.net. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

   E. If your trading activity during the Class Period exceeds 50 transactions, you must provide, in electronic file, all purchase and sale information required in the Schedule of Transactions. For a copy of instructions and parameters concerning such a submission, contact the Claims Administrator by toll-free phone at 866-274-4004, or via the website at www.strategicclaims.net.

Case 2:16-cv-00255-PJH-AFM Document 105-1 Filed 02/26/18 Page 13 of 16 Page ID #:1305
Case 3:18-cv-04865-EMC Document 170-8 Filed 12/12/18 Page 14 of 17

NHTC

## IV. CLAIMANT IDENTIFICATION

*Please Type or Print*

| Beneficial Owner's Name *(as it appears on your brokerage statement)* | | |
|---|---|---|
| Joint Beneficial Owner's name *(as it appears on your brokerage statement)* | | |
| Record Owner's Name and Address (if different from beneficial owner listed above) | | |
| Street Address | | |
| Street Address | | |
| City | State | Zip Code |
| Foreign Province | Country | |
| Area Code & Telephone Number (day) | Area Code & Telephone Number (evening) | |
| Email | | |
| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

Specify one of the following:

☐ Individual/Sole Proprietor   ☐ Joint Ownership   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA   ☐ Partnership   ☐ Pension Plan   ☐ Estate   ☐ Trust   ☐ IRA   ☐ Other:_____

## V. SCHEDULE OF TRANSACTIONS IN NHTC SECURITIES

A. Number of NHTC securities held at the close of trading on March 5, 2015:

| NHTC common stock | Exchange-traded call options on NHTC common stock | Exchange-traded put options on NHTC common stock |
|---|---|---|
| | | |

B. Separately list each and **every purchase** of NHTC securities during the period March 6, 2015 **through and including** March 15, 2016, and provide all of the following information (*must be documented*):

| Type of Security | **Trade Date** *(list chronologically)* **Month/Day/Year** | Number of Securities Purchased | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Purchase Price *(excluding commissions, taxes, and other fees)* | For Call/Put Option, use X for expired, E for exercised, or A for assigned |
|---|---|---|---|---|---|
| | ___/___/___ | | $ | $ | |
| | ___/___/___ | | $ | $ | |
| | ___/___/___ | | $ | $ | |
| | ___/___/___ | | $ | $ | |

-13-

NHTC

C. Separately list each and **every sale** of NHTC securities during the period March 6, 2015 **through and including** March 15, 2016, and provide the following information (*must be documented*):

| Type of Security | Trade Date (*list chronologically*) Month/Day/Year | Number of Securities Sold | Price Per Share (*excluding commissions, taxes, and other fees*) | Total Sale Price (*excluding commissions, taxes, and other fees*) | For Call/Put Option, use X for expired, E for exercised, or A for assigned |
|---|---|---|---|---|---|
| | ___/___/___ | | $ | $ | |
| | ___/___/___ | | $ | $ | |
| | ___/___/___ | | $ | $ | |
| | ___/___/___ | | $ | $ | |

D. State the total number of shares of NHTC securities owned at the close of trading on March 15, 2016 (*must be documented*; *if none, enter "0"*):

| NHTC common stock | Exchange-traded call options on NHTC common stock | Exchange-traded put options on NHTC common stock |
|---|---|---|
| | | |

E. Please check applicable box:

[_]  I certify that the submitting party is **not** an ERISA plan.

[_]  I/We certify that the submitting party is an ERISA plan and has complied with the applicable ERISA exemption.

*If you need more space, attach the required information on separate, numbered sheets in the same format as above, and sign and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.*

**YOU MUST READ THE RELEASE AND SIGN ON PAGE 15. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**VI. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I/We submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I/We also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my/our claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I/We further acknowledge that I/we am/are bound by and subject to the terms of any judgment that may be entered in the Action. I/we agree to furnish additional information to Co-Lead Counsel or the Claims Administrator to support this claim if requested to do so. I/we have not submitted any other claim covering the same purchases or sales of NHTC securities during the Class Period and know of no other person having done so on my/our behalf.

**VII. RELEASE**

A. On behalf of the claimant listed above and any other individual or business or legal entity claiming (now or in the future) through or on behalf of the claimant, directly or indirectly (collectively, the "Releasing Parties"), as of the date the Settlement becomes effective, I/we hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, waive, and dismiss and discharge from each and all of the Released Claims, including Unknown Claims, each

NHTC

and all of the Released Persons, and covenant not to sue any Released Person with respect to any Released Claim.

  B. On behalf of the Releasing Parties, as of the date the Settlement becomes effective, I/we hereby agree that the Releasing Parties are permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Claims (including any Unknown Claims) against any Released Person.

  C. The foregoing releases shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date.

  D. I/We hereby warrant and represent that I/we have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, in whole or in part, any matter released herein.

  E. I/We hereby warrant and represent that I/we have included information about all of my/our transactions in NHTC securities during the Class Period.

## VIII. DECLARATION

UNDER THE PENALTY OF PERJURY, I/WE CERTIFY THAT:

  A. The number shown on this form is my correct Social Security or Taxpayer Identification number.

  B. I am/we are NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code.

**NOTE:** If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out the word "NOT" in the sentence above.

  C. I/We declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned and any supporting documents attached hereto are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim and Release was executed this _____ day of _____, 201__ in _____.

  (City/State/Country)


_____  _____
Signature of Claimant  (Print your name here)

_____  _____
Signature of Joint Claimant, if any  (Print your name here)

_____  _____
Signature of person signing  (Print your name here)
on Claimant's behalf

_____
Capacity of person signing on Claimant's behalf,
if other than an individual, (e.g., Executor,
President, Custodian, etc.)


**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT
AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

-15-

In re Natural Health Trends Corp. Sec. Litig.
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
Media, PA 19063

**IMPORTANT LEGAL DOCUMENT – PLEASE FORWARD**

**Reminder Checklist:**

1. Remember to sign the above release and declaration.
2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website.
3. Do not send originals of securities certificates.
4. Keep copies of the completed Proof of Claim form and documentation for your own records.
5. If you desire an acknowledgment of receipt of your Proof of Claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**
6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.
7. Do not use highlighter on the Proof of Claim or supporting documentation.
8. If you have any questions or concerns regarding your claim or how to complete and submit this Proof of Claim, please contact the Claims Administrator at: www.strategicclaims.net.