# EXHIBIT "D"

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 291-2420
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff Glen Littleton
and Lead Counsel for the Class*

[Additional counsel on signature blocks]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | No. 18-cv-04865-EMC<br><br>**LEAD PLAINTIFF'S [PROPOSED] FIRST SET OF REQUESTS FOR PRODUCTION TO TESLA, INC AND ELON MUSK.** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Civil Local Rules for the Northern District of California, and subject to the definitions, instructions and relevant time period set forth below, Lead Plaintiff Glen Littleton ("Plaintiff"), hereby requests that Defendants Tesla, Inc. and Elon Musk produce for inspection and copying the documents designated under the heading "DOCUMENTS REQUESTED" below. Plaintiff requests that production be made within 30 days at the offices of Levi & Korsinsky, LLP, 44 Montgomery Street, Suite 650, San Francisco, CA 94104, or such other time and place as the parties may agree.

**DEFINITIONS**

1. "Action" means the above-captioned securities class action.

2. "Communication" or "Communications" refers to any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to, personal delivery, speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronically-stored information (as defined herein), sound, radio or video signals,

1

1  telecommunication, telephone, facsimile, mail, film, photographic film of all types, or other media of
2  any kind. The term "Communication" also includes, without limitation, all inquiries, discussions,
3  conversations, correspondence, negotiations, agreements, presentations, understandings, meetings,
4  notices, requests, responses, demands, complaints, or press, publicity, or trade releases. Unless
5  otherwise specified, Communications shall be interpreted to include both internal Communications
6  made within Tesla and external Communications made between Tesla and any third party.

7       3. "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text
8  message, instant message, internet message board posting, Blackberry message, or any other writing
9  containing a communication from one person or persons to another or others. Unless otherwise
10 specified, Correspondence shall be interpreted to include both internal Correspondence made within
11 Tesla and external Correspondence made between Tesla and any third party.

12       4. The verb "concern" and its variants encompass the terms "relate," "refer," "describe,"
13 "evidence," "reflect," and "embody" and their respective variants.

14       5. "Document" has the same meaning as in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001,
15 and includes, in the broadest sense possible and without limitation, the originals of all writings of every
16 kind, whether print, electronic or otherwise, upon which any form of communication, including but not
17 limited to, e-mail, letters, memoranda, minutes, reports, studies, legal pleadings, speeches, calendars,
18 diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts,
19 lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are
20 now or formerly were in the actual or constructive possession and control of you, your attorneys or
21 other agents. The term "Document" further includes data processing and computer printouts, tapes,
22 disks, and data stored in computers or data processing equipment, together with programs and program
23 documentation necessary to retrieve, read, and utilize such data, and all other mechanical or electronic
24 means of storing or recording data, as well as digital, tape, film or cassette sound and/or visual
25 recordings, and reproductions or film impressions of any of the aforementioned writings.

26       6. "Electronic data" or "ESI" means the original (or identical copies when originals are not
27 available) and any non-identical copies (whether different from the originals because of notes made on
28 such copies or otherwise) of electronic data of any kind or description, whether inscribed by

mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mails (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), Internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, PDF and TIF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment.  Electronic data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data.  The term "electronic data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

7. "Musk" means Defendant Elon Musk and his present and former agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on behalf of, at the insistence of, or for the benefit of Musk or the foregoing.

8. "Tesla" means Tesla, Inc. and its present and former executives, officers, directors, partners, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on behalf of, at the insistence of, or for the benefit of Tesla or the foregoing.

9. "Or" and "and" should be construed disjunctively and conjunctively as necessary to bring within the scope of the topic all topics that might otherwise be construed to be outside of its scope.

10. "Any" and "all" as used herein shall include "each" and "every."

11. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in context.

**INSTRUCTIONS**

1. A request for a document shall be deemed to include a request for any non-identical copies or drafts of such documents, as well as transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself. All documents are to be produced in the form, order, and manner in which they are maintained in the ordinary course of business. All labels or markings on binders, files, subfiles, dividers, tabs, or folders shall also be produced.

2. A request for a document shall be deemed to include a request for any documents in a person's possession, custody or control, including in the possession custody or control of present and former executives, officers, directors, partners, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on behalf of, at the insistence of, or for the benefit the person.

3. If it is not possible to produce any document called for by this request, of if any part of this request is objected to, the reasons for the failure to produce the documents or the objection should be stated specifically as to all grounds.

4. If any document requested is withheld on the grounds of privilege or otherwise, the person withholding the document shall provide a log with the following information relating to each document or portion of a document withheld:

    a. the type of document (e.g., letter, memorandum, agreement, notes, letter, electronic mail);

    b. the date of the document or, if no date appears thereon, the approximate date the document was prepared;

    c. the name(s) and title(s) of the author(s) of the document;

    d. the name(s) and title(s) of the recipient(s) of the document;

    e. the name and title of the custodian of the document;

    f. the identity of any other recipients of the document that appear on the document as having received a copy;

    g. the identity of any attachments to the documents and whether the attachments have been produced;

1         h. the general subject matter of the document or communication contained in the document;

3         i. the nature of the privilege or immunity asserted, including the attorney and client involved, and the grounds for withholding the document; and

5         j. the number of pages of the document.

6     5. If a person has any reason to believe that any documents requested were at one time in existence, but are no longer in the person's possession, custody or control, identify the document(s) and state in detail for each document: (a) the document type; (b) a specific description of the subject matter of the document; (c) the date upon which the document ceased to exist; (d) the identity of each person having knowledge of the circumstances under which the document ceased to exist; and (e) the identity of each person having knowledge or who had knowledge of the contents thereof.

12     6. All documents, communications, and correspondence should be Bates labeled and marked with appropriate confidentiality indications, and should be produced in accordance with the Parties' separate ESI Stipulation.

15     7. This request for documents shall be deemed to seek Documents as of the date hereof but shall be deemed to be continuing so as to require prompt amendment and supplementation to the extent permitted by Federal Rule of Civil Procedure 26(e).

## **DOCUMENTS REQUESTED**

**Document Request No. 1:**

All documents concerning any agreement preventing or limiting any person or entity from providing information relating in any way to Musk's statements about taking Tesla private.

**Document Request No. 2:**

All communications sent to or received from any person or entity concerning the preservation of information relating in any way to Musk's statements about taking Tesla private.

**Document Request No. 3:**

All documents concerning any monetary or non-monetary consideration provided to any person or entity in exchange for disclosing or not disclosing information relating in any way to Musk's statements about taking Tesla private.

| | | |
|---|---|---|
| 1 | Dated: _____ | LEVI & KORSINSKY, LLP |
| 2 | | By: _____ |
| 3 | | Adam M. Apton (SBN 316506) |
| | | Adam C. McCall (SBN 302130) |
| 4 | | 44 Montgomery Street, Suite 650 |
| | | San Francisco, CA 94104 |
| 5 | | Tel: (415) 291-2420 |
| 6 | | Email: aapton@zlk.com |
| | | Email: amccall@zlk.com |

-and-

Nicholas I. Porritt (admitted *pro hac vice*)
LEVI & KORSINSKY LLP
1101 30th Street NW, Suite 115
Telephone:  (202) 524-4290
Facsimile: (202) 337-1567
Email: nporritt@zlk.com

*Attorneys for Lead Plaintiff Glen Littleton and Lead Counsel for the Class*