UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION. | Case No. 18-cv-04865-EMC<br><br>**ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR LEAVE TO SERVE NONPARTY DOCUMENT PRESERVATION SUBPOENAS**<br><br>Docket No. 167 |

Lead Plaintiff has moved for leave to serve document preservation subpoenas on five nonparties. The Court finds the motion suitable for disposition without oral argument and thus **VACATES** the hearing that was scheduled for January 24, 2019. Having considered the parties' briefs, the Court hereby **GRANTS** Lead Plaintiff's motion.

Lead Plaintiff has adequately established that the document preservation subpoenas constitute "particularized discovery . . . necessary to preserve the evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). The Court also notes that this ruling is consistent with Congress's general intent to preserve relevant evidence, *see N.Y. St. Teachers' Ret. Sys. V. GM Co.*, No. 14-11191, 2015 U.S. Dist. LEXIS 45576, at *14-15 (E.D. Mich. Apr. 8, 2015) (indicating that service of preservation subpoenas furthers Congress' intent), and does not undermine the rationale behind the discovery stay. *See Turocy v. El Pollo* Loco, No. SA CV 15-1343-DOC (KESx), 2017 U.S. Dist. LEXIS 71662, at *6 (C.D. Cal. May 10, 2017) (noting that the rationale behind the discovery stay is "'to minimize incentives for plaintiffs to file frivolous securities class actions in the hope either that corporate defendants will settle those actions rather than bear the high cost of discovery or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint'"). The preservation order will impose no burden on Defendants.

Although Defendants have cited district court authorities to support their position, district courts have ruled in plaintiff's favor. *See N.Y. St. Teachers' Ret. Sys.*, 2015 U.S. Dist. LEXIS 45576, at *14 (noting that "[c]ourts have granted motions to lift the PSLRA's discovery stay for this purpose, *i.e.*, retention subpoenas to place third parties on notice that a lawsuit is pending and to impose an affirmative duty on those parties to preserve evidence); *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2012 U.S. Dist. LEXIS 58070, at 11-12 (S.D.N.Y. Apr. 25, 2012) (stating that, although plaintiffs failed to show that the loss of evidence was imminent, a company's "status as a non-party significantly increases the risk that evidence may be lost" and so "'courts have generally permitted plaintiffs in PSLRA actions to issue subpoenas that give specified third parties notice of the action and impose upon them only a duty to preserve'").

The Court, however, **DENIES** Lead Plaintiff's request to propound document requests on Defendants. The request was brought up for the first time on reply. Furthermore, Lead Plaintiff's claim that Defendants have a practice of trying to silence critics is not well supported. *See* Reply at 5 (citing only the incident with Ms. Banks and a second incident involving an author who worked for *Seeking Alpha*). Finally, Lead Plaintiff's claim that there was spoliation vis-à-vis Ms. Banks is largely speculative.

This order disposes of Docket No. 167.

**IT IS SO ORDERED**.

Dated: January 15, 2019

_____
EDWARD M. CHEN
United States District Judge