DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
KEVIN P. MUCK (CSB. No. 120918)
kmuck@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

ALISON C. JORDAN (CSB NO. 311081)
ajordan@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     (650) 988-8500
Facsimile:     (650) 938-5200

Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal
Musk, and Linda Johnson Rice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No.: 3:18-cv-04865-EMC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR RELIEF FROM CASE SCHEDULE PENDING LEAD PLAINTIFF PROCEEDINGS IN THE NINTH CIRCUIT**<br><br>Date Action Filed:  August 10, 2018 |

Pursuant to Civil Local Rules 6-3 and 7-11, defendants request an order temporarily deferring the current case schedule in light of the Ninth Circuit's Order requiring further briefing on the question of who should be the lead plaintiff, and lead plaintiff's counsel. A copy of that Order is annexed as Ex. 1 to the Declaration of Jennifer Bretan ("Bretan Decl."). The Order arose from an ongoing dispute among plaintiffs seeking lead plaintiff status, which has resulted in mandamus proceedings filed by Bridgestone Investment Corp. ("Bridgestone"). Because the Ninth Circuit proceedings may impact who is lead plaintiff, and if appointed Bridgestone will file its own operative complaint, an adjustment to the schedule is needed immediately as defendants' response to the current Complaint (filed by lead plaintiff Glen Littleton) is otherwise due on Thursday, March 28, 2019. It would be fundamentally unfair to defendants, and potentially waste resources, to require them to respond to the Complaint (and preview all of their arguments) when it may well be replaced by a different pleading filed by a different lead plaintiff. Indeed, we understand that Bridgestone will also be filing a motion to stay this case in light of proceedings in the Ninth Circuit.

On November 27, 2018, this Court issued an Order (1) consolidating nine proposed class actions alleging violations of federal securities laws against defendants; and (2) granting plaintiff Glen Littleton's ("Littleton") motion for appointment as Lead Plaintiff and approving Littleton's selection of Levi & Korsinsky, LLP as Lead Counsel. Dkt. No. 152. Two of the plaintiffs who were not appointed—Bridgestone and Dany David—filed motions for reconsideration of the Court's lead plaintiff determination. Dkt. Nos. 156, 158. Because the issue of lead plaintiff was subject to further proceedings, the Court stayed the deadline for Littleton to file his Consolidated Complaint until the motions to reconsider were resolved. Dkt. No. 171. The Court ultimately denied the motions to reconsider (Dkt. No. 172), and Littleton filed the Consolidated Complaint on January 16, 2019 (Dkt. No. 184). Bridgestone subsequently filed a petition for writ of mandamus in the Ninth Circuit, challenging the Court's order appointing lead plaintiff and lead counsel (Case No. 19-70031).

On March 22, 2019, the Ninth Circuit set a briefing schedule on Bridgestone's petition for writ of mandamus. Bretan Decl. ¶ 2; Exh. 1. The Ninth Circuit ordered that answers from real

1  parties in interest are due by April 5, 2019 (within 14 days of the March 22 order); and
2  Bridgestone's reply is due 5 days after service of the answer(s).  Bretan Decl., Exh. 1.  The Ninth
3  Circuit indicated in its order that "the petition, answer(s), and any reply shall be referred to the
4  next available motions panel."  *Id.*  Meanwhile, defendants' Motion to Dismiss the Consolidated
5  Complaint is due on March 28, 2019.  Dkt. No. 194.

6  Given that the question of lead plaintiff is subject to further proceedings, it makes perfect sense for the Court to do the same thing it did before when faced with reconsideration motions: to defer the schedule until the Ninth Circuit proceedings are resolved.  Defendants and Bridgestone agree.  Only Littleton disagrees.[1]  Simply put, defendants should not be forced to respond to a complaint that could be superseded by a new lead plaintiff and different counsel.

11  For the reasons stated above, defendants respectfully request that the Court enter the proposed order deferring the briefing and hearing schedule on defendants' Motion to Dismiss the Consolidated Complaint until the lead plaintiff proceedings in the Ninth Circuit are resolved.

14  Dated: March 22, 2019

FENWICK & WEST LLP

By:  /s/   *Jennifer C. Bretan*
        Jennifer C. Bretan

Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice

---

[1] As required by Civil Local Rule 6-3(a)(2), Defendants met and conferred with Counsel for Lead Plaintiff Glen Littleton, who declined to stipulate to the requested relief.  Bretan Decl. ¶ 3.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO