**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BRIDGESTONE INVESTMENT CORPORATION LIMITED, _____ <br><br>BRIDGESTONE INVESTMENT CORPORATION LIMITED, <br><br>             Petitioner, <br><br>   v. <br><br>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO, <br><br>             Respondent, <br><br>KALMAN ISAACS; et al., <br><br>             Real Parties in Interest. | No.   19-70031 <br><br> D.C. No. 3:18-cv-04865-EMC <br><br> MEMORANDUM[*] |

Petition For Writ Of Mandamus

Argued and Submitted August 7, 2019
San Francisco, California

Before: O'SCANNLAIN, SILER,[**] and NGUYEN, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

In this securities class action suit, Bridgestone Investment Corporation Limited petitions for writ of mandamus following the district court's selection of lead plaintiff. The district court appointed Glen Littleton; Bridgestone now argues the selection violated the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The petition for writ of mandamus is denied.

"[M]andamus is an extraordinary remedy," *Miller v. French*, 530 U.S. 327, 339 (2000), and "only exceptional circumstances amounting to a judicial 'usurpation of power' will justify [its] invocation." *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)) (outlining factors to consider).

Under *Bauman*, one factor to consider is whether the district court clearly erred in its order; a petitioner's failure to show clear error may be dispositive of a petition for mandamus. *Cohen v. U.S. Dist. Ct. for N.D. Cal.*, 586 F.3d 703, 708 (9th Cir. 2009) (citing *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1219-20 (9th Cir. 2000)). "The clear error standard is significantly deferential and is not met unless the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993)).

The district court did not clearly err in selecting a lead plaintiff so mandamus relief is not warranted. Consistent with the PSLRA, the court ordered

the potential lead plaintiffs by the amount of losses they alleged.  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  Bridgestone and Littleton were ranked third and fourth respectively.  Beginning at the top of the list, the district court considered whether the potential lead having the largest asserted loss, Tempus International Fund, satisfied the adequacy and typicality requirements of Federal Rule of Civil Procedure 23.  After it found that Tempus did not, it continued down the list sequentially, checking each plaintiff for adequacy and typicality, and ultimately stopped at Littleton:  the potential lead plaintiff having the largest asserted loss that also satisfied Rule 23's requirements.

This procedure was consistent with the PSLRA.  *Id.*  Bridgestone's attempt to cast the process as freewheeling relies heavily on questions posed by the district court during a preliminary hearing on the selection motion.  But nothing in the district court's information-gathering statements supplants its subsequent order faithfully applying the PSLRA.

Nor did the district court clearly err in finding Bridgestone was entangled with a unique defense and therefore atypical.  Littleton, relying specifically on a loss chart entered in the record by Bridgestone, pointed out that a substantial portion of Bridgestone's asserted loss derived from the purchase of call options at a price of $450 on the day of Musk's tweets.  Littleton argues it is nonsensical to conclude that Bridgestone purchased the options in reliance on Musk's tweets,

since the tweet contemplated the company going private at $420 per share (before the $450 call options could be exercised).

Bridgestone counters that it is entitled to a presumption of reliance because the stock traded in an efficient market. *See Basic Inc. v. Levinson*, 485 U.S. 224, 247 (1988). And the district court's order requires it prove direct reliance on Musk's tweet, stripping it of the *Basic* presumption.

But the district court's order simply recognizes that the *Basic* presumption is rebuttable. *See, e.g.*, *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014). "Any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance." *Basic*, 485 U.S. at 248.

Bridgestone may ultimately prove the call options to be insufficient rebuttal evidence. However, at this stage, the question is whether Bridgestone must "prepare to meet defenses that are not typical of the defenses which may be raised against other members of the proposed class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). There is no evidence that other plaintiffs are subject to the same rebuttal argument.[1] And, given that the call options make up a

---

[1] Bridgestone argues Littleton was subject to this unique defense because he also purchased call options at prices above $420. But, unlike Bridgestone, Littleton provided evidence that he purchased the call options prior to the class period and

significant amount of Bridgestone's asserted loss, it is likely to be vigorously challenged by defendants. Thus, it was not clear error for the district court to conclude that a major focus of litigation against Bridgestone will concern a defense unique to it.

**PETITION DENIED**.

---

Musk's tweet. The purchases therefore do not offer the same basis for challenging Littleton's reliance.