**LEVI & KORSINSKY, LLP**
Adam M. Apton (316506)
Adam C. McCall (302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel.: 415-373-1671
Fax: 415-484-1294
Email: aapton@zlk.com
          amccall@zlk.com

*Attorneys for Lead Plaintiff Glen Littleton
and Lead Counsel for the Class*

[Additional counsel on signature blocks]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC |
|---|---|
| | Hon. Edward M. Chen |
| | **NOTICE OF LODGING OF ADDENDUM TO THE CONSOLIDATED CLASS ACTION COMPLAINT** |

TO:     THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Clerk's Notice issued November 4, 2019 (ECF No. 221) and the Honorable Judge Chen's Civil Standing Order Rule 10, Lead Plaintiff Glen Littleton hereby lodges the attached Addendum to the Consolidated Class Action Complaint as "Exhibit A."

Dated: November 11, 2019                    Respectfully submitted,

                                                          **LEVI & KORSINSKY, LLP**


                                                        s/ Adam M. Apton
                                                        Adam M. Apton (SBN 316506)
                                                        Adam C. McCall (SBN 302130)
                                                        388 Market Street, Suite 1300
                                                        San Francisco, CA 94111
                                                        Tel.: 415-373-1671
                                                        Fax: 415-484-1294
                                                        Email: aapton@zlk.com
                                                        Email: amccall@zlk.com

                                                           -and-

                                                        Nicholas I. Porritt
                                                        **LEVI & KORSINSKY, LLP**
                                                        1101 30th Street N.W., Suite 115
                                                        Washington, D.C. 20007
                                                        Tel.: (202) 524-4290
                                                        Fax: (202) 333-2121
                                                        Email: nporritt@zlk.com
                                                        (*admitted pro hac vice*)

                                                        *Attorneys for Lead Plaintiff Glen Littleton and Lead Counsel for the Class*

# EXHIBIT "A"

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| 1. | ¶120 | Musk and Tesla<br><br>August 7, 2018<br><br>Twitter | "Am considering taking Tesla private at $420. Funding secured." | (1) Funding was not secured. There was a lot of "uncertainty" around transaction. ¶¶69, 121.<br><br>(2) Statement communicated that go-private transaction was imminent when transaction was not imminent because: (a) no agreement for funding; (b) no discussions about $420/share price; (c) Public Investment Fund did not agree to deal; (d) no discussions with strategic investors; (e) board had not received proposal and there was "a lot of uncertainty"; (f) no approval from large shareholders; (g) no engagement of legal/financial advisors; (h) unknown whether retail investors would remain shareholders; (i) unknown whether restrictions existed for institutional investors; (j) unknown whether regulatory approvals necessary; and (k) no formal agreement, commitment, or plan for Tesla to go private. ¶121. | (1) Musk attended meeting with Public Investment Fund on July 31, 2018, and had not secured funding (¶¶142, 166); (2) never discussed $420/share price with any funding source (¶¶142, 150); (3) never contacted strategic investors or large shareholders (¶¶142, 144); (4) knew that Tesla would not agree to Middle East production facility (¶142); (5) never provided board with proposal (¶143); (6) had not retained legal or financial advisors (¶¶145-46); (7) had not developed structure of private company (¶147); (8) never considered restrictions for institutional holders (¶148); (9) never considered regulatory approvals (¶149); (10) continued to publicly discuss transaction after legal warning (¶151); (11) motivated to inflate price to harm "short" investors (¶¶152-62); (12) motivated to inflate price to protect against convertible debt (¶¶163-65); and (13) admission that August 7, 2018 statements were contrary to facts known by Musk and $40 million penalty from SEC (¶¶168-74). |

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| 2. | ¶122 | Musk and Tesla<br><br>August 7, 2018<br><br>Twitter | "420" (in response to question "At what price?") | (1) Statement communicated that go-private transaction was imminent when transaction was not imminent because: (a) no discussions about $420/share price; (b) Public Investment Fund did not agree to deal; (c) no discussions with strategic investors; (d) board had not received proposal and there was "a lot of uncertainty"; (e) no approval from large shareholders; (f) no engagement of legal/financial advisors; (g) unknown whether retail investors would remain shareholders; (h) unknown whether restrictions existed for institutional investors; (i) unknown whether regulatory approvals necessary; and (j) no formal agreement, commitment, or plan for Tesla to go private. ¶123. | (1) Musk attended meeting with Public Investment Fund on July 31, 2018, and had not secured funding (¶¶142, 166); (2) never discussed $420/share price with any funding source (¶¶142, 150); (3) never contacted strategic investors or large shareholders (¶¶142, 144); (4) knew that Tesla would not agree to Middle East production facility (¶142); (5) never provided board with proposal (¶143); (6) had not retained legal or financial advisors (¶¶145-46); (7) had not developed structure of private company (¶147); (8) never considered restrictions for institutional holders (¶148); (9) never considered regulatory approvals (¶149); (10) continued to publicly discuss transaction after legal warning (¶151); (11) motivated to inflate price to harm "short" investors (¶¶152-62); (12) motivated to inflate price to protect against convertible debt (¶¶163-65); and (13) admission that August 7, 2018 statements were contrary to facts known by Musk and $40 million penalty from SEC (¶¶168-74). |

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| 3. | ¶124 | Musk and Tesla

August 7, 2018

Twitter | "Yes, but liquidity events would be limited to every 6 months or so (like SpaceX)" (in response to question "Could we still invest once private?") | (1) Statement communicated that go-private transaction was imminent when transaction was not imminent because: (a) board had not received proposal and there was "a lot of uncertainty"; (b) no approval from large shareholders; (c) no engagement of legal/financial advisors; (d) unknown whether retail investors would remain shareholders; (e) unknown whether restrictions existed for institutional investors; (f) unknown whether regulatory approvals necessary; and (g) no formal agreement, commitment, or plan for Tesla to go private. ¶125. | (1) never contacted strategic investors or large shareholders (¶¶142, 144); (2) knew that Tesla would not agree to Middle East production facility (¶142); (3) never provided board with proposal (¶143); (4) had not retained legal or financial advisors (¶¶145-46); (5) had not developed structure of private company (¶147); (6) never considered restrictions for institutional holders (¶148); (7) never considered regulatory approvals (¶149); (8) continued to publicly discuss transaction after legal warning (¶151); (9) motivated to inflate price to harm "short" investors (¶¶152-62); (10) motivated to inflate price to protect against convertible debt (¶¶163-65); and (11) admission that August 7, 2018 statements were contrary to facts known by Musk and $40 million penalty from SEC (¶¶168-74). |

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| 4. | ¶126 | Musk and Tesla<br><br>August 7, 2018<br><br>Twitter | "Shareholders could either to [sic] at 420 or hold shares & go private." | (1) Statement communicated that go-private transaction was imminent when transaction was not imminent because: (a) no discussions about $420/share price; (b) Public Investment Fund did not agree to deal; (c) no discussions with strategic investors; (d) board had not received proposal and there was "a lot of uncertainty"; (e) no approval from large shareholders; (f) no engagement of legal/financial advisors; (g) unknown whether retail investors would remain shareholders; (h) unknown whether restrictions existed for institutional investors; (i) unknown whether regulatory approvals necessary; and (j) no formal agreement, commitment, or plan for Tesla to go private. ¶127. | (1) Musk attended meeting with Public Investment Fund on July 31, 2018, and had not secured funding (¶¶142, 166); (2) never discussed $420/share price with any funding source (¶¶142, 150); (3) never contacted strategic investors or large shareholders (¶¶142, 144); (4) knew that Tesla would not agree to Middle East production facility (¶142); (5) never provided board with proposal (¶143); (6) had not retained legal or financial advisors (¶¶145-46); (7) had not developed structure of private company (¶147); (8) never considered restrictions for institutional holders (¶148); (9) never considered regulatory approvals (¶149); (10) continued to publicly discuss transaction after legal warning (¶151); (11) motivated to inflate price to harm "short" investors (¶¶152-62); (12) motivated to inflate price to protect against convertible debt (¶¶163-65); and (13) admission that August 7, 2018 statements were contrary to facts known by Musk and $40 million penalty from SEC (¶¶168-74). |

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| 5. | ¶128 | Musk and Tesla<br><br>August 7, 2018<br><br>Tesla Blog | "First, I would like to structure this so that all shareholders have a choice. Either they can stay investors in a private Tesla or they can be bought out at $420 per share . . . ." | (1) Statement communicated that Musk and Tesla had an agreement or plan for taking Tesla private when they did not have an agreement or plan because: (a) no discussions about $420/share price; (b) Public Investment Fund did not agree to deal; (c) no discussions with strategic investors; (d) board had not received proposal and there was "a lot of "uncertainty"; (e) no approval from large shareholders; (f) no engagement of legal/financial advisors; (g) unknown whether retail investors would remain shareholders; (h) unknown whether restrictions existed for institutional investors; (i) unknown whether regulatory approvals necessary; and (j) no formal agreement, commitment, or plan for Tesla to go private. ¶129. | (1) Musk attended meeting with Public Investment Fund on July 31, 2018, and had not secured funding (¶¶142, 166); (2) never discussed $420/share price with any funding source (¶¶142, 150); (3) never contacted strategic investors or large shareholders (¶¶142, 144); (4) knew that Tesla would not agree to Middle East production facility (¶142); (5) never provided board with proposal (¶143); (6) had not retained legal or financial advisors (¶¶145-46); (7) had not developed structure of private company (¶147); (8) never considered restrictions for institutional holders (¶148); (9) never considered regulatory approvals (¶149); (10) continued to publicly discuss transaction after legal warning (¶151); (11) motivated to inflate price to harm "short" investors (¶¶152-62); (12) motivated to inflate price to protect against convertible debt (¶¶163-65); and (13) admission that August 7, 2018 statements were contrary to facts known by Musk and $40 million penalty from SEC (¶¶168-74). |

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| 6. | ¶130 | Musk and Tesla<br><br>August 7, 2018<br><br>Twitter | "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." | (1) Statement communicated that go-private transaction had been planned, agreed to, and was imminent when it had not been planned or agreed to and was not imminent because: (a) no agreement for funding; (b) no discussions about $420/share price; (c) Public Investment Fund did not agree to deal; (d) no discussions with strategic investors; (e) board had not received proposal and there was "a lot of uncertainty"; (f) no approval from large shareholders; (g) no engagement of legal/financial advisors; (h) unknown whether retail investors would remain shareholders; (i) unknown whether restrictions existed for institutional investors; (j) unknown whether regulatory approvals necessary; and (k) no formal agreement, commitment, or plan for Tesla to go private. ¶¶131-33. | (1) Musk attended meeting with Public Investment Fund on July 31, 2018, and had not secured funding (¶¶142, 166); (2) never discussed $420/share price with any funding source (¶¶142, 150); (3) never contacted strategic investors or large shareholders (¶¶142, 144); (4) knew that Tesla would not agree to Middle East production facility (¶142); (5) never provided board with proposal (¶143); (6) had not retained legal or financial advisors (¶¶145-46); (7) had not developed structure of private company (¶147); (8) never considered restrictions for institutional holders (¶148); (9) never considered regulatory approvals (¶149); (10) continued to publicly discuss transaction after legal warning (¶151); (11) motivated to inflate price to harm "short" investors (¶¶152-62); (12) motivated to inflate price to protect against convertible debt (¶¶163-65); and (13) admission that August 7, 2018 statements were contrary to facts known by Musk and $40 million penalty from SEC (¶¶168-74). |

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| 7. | ¶134 | Musk and Tesla<br><br>August 13, 2018<br><br>Tesla Blog | "My proposal was based on using a structure where any existing shareholder who wished to remain as a shareholder in a private Tesla could do so, with the $420 per share buyout used only for shareholders that preferred that option." | (1) Statement communicated that Musk and Tesla had an agreement or plan for taking Tesla private when they did not have an agreement or plan because: (a) no agreement for funding; (b) no discussions about $420/share price; (c) no discussions with strategic investors; (d) board had not received proposal and there was "a lot of uncertainty"; (e) no approval from large shareholders; (f) no engagement of legal/financial advisors; (g) unknown whether retail investors would remain shareholders; (h) unknown whether restrictions existed for institutional investors; (i) unknown whether regulatory approvals necessary; and (j) no formal agreement, commitment, or plan for Tesla to go private. ¶135. | (1) Musk attended meeting with Public Investment Fund on July 31, 2018, and had not secured funding (¶¶142, 166); (2) never discussed $420/share price with any funding source (¶¶142, 150); (3) never contacted strategic investors or large shareholders (¶¶142, 144); (4) knew that Tesla would not agree to Middle East production facility (¶142); (5) never provided board with proposal (¶143); (6) had not retained legal or financial advisors (¶¶145-46); (7) had not developed structure of private company (¶147); (8) never considered restrictions for institutional holders (¶148); (9) never considered regulatory approvals (¶149); (10) continued to publicly discuss transaction after legal warning (¶151); (11) motivated to inflate price to harm "short" investors (¶¶152-62); (12) motivated to inflate price to protect against convertible debt (¶¶163-65); and (13) admission that similar August 7, 2018 statements were contrary to facts known by Musk and $40 million penalty from SEC (¶¶168-74). |

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| 8. | ¶136 | Musk and Tesla<br><br>August 13, 2018<br><br>Tesla Blog | ". . . no question that a deal with the Saudi sovereign fund could be closed . . ." | (1) There was "a lot of uncertainty" about the potential funding from the Public Investment Fund. ¶137.<br><br>(2) Funding might be contingent upon a production facility in the Middle East which was a "non-starter." ¶137.<br><br>(3) Issues existed that could prevent Tesla and Musk from obtaining the capital necessary to complete the transaction. ¶137.<br><br>(4) No agreement for funding and unlikely that current shareholders could remain investors once private. ¶138. | (1) Musk attended meeting with Public Investment Fund on July 31, 2018, and had not secured funding (¶¶142, 166); (2) never discussed $420/share price with any funding source (¶¶142, 150); (3) never contacted strategic investors or large shareholders (¶¶142, 144); (4) knew that Tesla would not agree to Middle East production facility (¶142); (5) never provided board with proposal (¶143); (6) had not retained legal or financial advisors (¶¶145-46); (7) had not developed structure of private company (¶147); (8) never considered restrictions for institutional holders (¶148); (9) never considered regulatory approvals (¶149); (10) continued to publicly discuss transaction after legal warning (¶151); (11) motivated to inflate price to harm "short" investors (¶¶152-62); (12) motivated to inflate price to protect against convertible debt (¶¶163-65); and (13) admission that similar August 7, 2018 statements were contrary to facts known by Musk and $40 million penalty from SEC (¶¶168-74). |

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| 9. | ¶139 | Musk and Tesla<br><br>August 13, 2018<br><br>Twitter | "I'm excited to work with Silver Lake and Goldman Sachs as financial advisors, plus Wachtell, Lipton, Rosen & Katz and Munger, Tolles & Olson as legal advisors, on the proposal to take Tesla private." | (1) There was no formal agreement to engage or retain Silver Lake and Goldman Sachs. ¶140. | (1) Musk had not retained legal or financial advisors (¶¶145-46); (2) continued to publicly discuss transaction after legal warning (¶151); (3) motivated to inflate price to harm "short" investors (¶¶152-62); (4) motivated to inflate price to protect against convertible debt (¶¶163-65); and (5) $40 million penalty from SEC (¶¶168-74). |

\* Plaintiff's complete allegations are contained in the Consolidated Class Action Complaint dated January 16, 2019. By submitting this Addendum, Plaintiff does not waive but expressly reserves all rights to rely on the entirety of his allegations in the operative pleading.