

55 Broadway, 10th Floor
New York, NY 10006
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Nicholas I. Porritt
nporritt@zlk.com

November 22, 2019

**VIA CM/ECF**

Hon. Edward M. Chen
United States District Judge
450 Golden Gate Avenue
San Francisco, CA 94102-3489

      Re:   *In re Tesla, Inc. Securities Litigation*, Case No. C-18-04865

Dear Judge Chen:

      We are submitting this joint letter pursuant to Standing Order No. 4 of the Court's Standing Order on Discovery regarding a dispute that has arisen regarding the production of documents possessed by the Securities & Exchange Commission.

      Discovery in this proceeding is currently stayed pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(b)(3)(B). Lead Plaintiff requests the Court's leave to serve a subpoena on the SEC and for entry of a protective order in this proceeding to permit the production of documents by the SEC. Defendants oppose this request.

**Plaintiff's Position**

      The SEC investigated some of the Defendants' conduct that is also alleged in the Consolidated Class Action Complaint filed in this action. As part of its investigation, the SEC obtained documents from Defendants and other non-parties as well as obtained testimony from relevant witnesses. Ultimately the SEC filed separate complaints against Defendants Elon Musk and Tesla, Inc. that was resolved by entry of consent judgments. As part of his investigation, Lead Plaintiff requested copies of Tesla information possessed by the SEC pursuant to the Freedom of Information Act, 5 U.S.C. §522, *et seq*.

      After discussion with the SEC, Lead Plaintiff has narrowed his FOIA request to three categories: (1) documents produced by the Public Investment Fund (which Lead Plaintiff understands consist of approximately 5 documents); (2) documents produced by Elon Musk, individually (20 documents); and (3) the transcripts of 13 witnesses and their exhibits. The SEC has agreed to produce these documents subject only to review under FOIA Exemption 4 which protects from production "trade secrets and commercial or financial information obtained from a person". Resolving this issue requires review by the SEC, notification to the producing party and

potential administrative proceedings to resolve remaining disagreements regarding the Exemption's application. This administrative process can take up to 18 months to conclude. Alternatively, the SEC has agreed to produce the documents immediately upon receipt of a subpoena and entry in this proceeding of an appropriate protective order.

The "discovery" sought by Plaintiff does not implicate any of the policy concerns supporting the PSLRA discovery stay. This is not an abusive litigation tactic using the threat of an oppressive discovery burden on defendants to coerce a settlement of an otherwise frivolous lawsuit. The proposed production by the SEC places no burden on defendants; indeed, it lessens their burden as otherwise Defendants would need to review and participate in the administrative process under Exemption 4. The SEC is willing to produce the documents and, in time, Plaintiff would receive many, if not all, of them anyway even without a subpoena. "In a sense this discovery has already been made, and it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse." *In re Enron Corp. Sec., Deriv., & "ERISA" Litig.*, Nos. MDL-1446, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002) (ordering production of materials produced as part of related government investigation). Courts have routinely lifted the PSLRA discovery stay in these circumstances because otherwise "Plaintiffs would be unfairly disadvantaged in pursuing litigation and settlement strategies" and "maintaining the discovery stay as to materials already provided to government entities does not further the policies behind the PSLRA." *In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004); *see also In re Marriott*, PWG-19-2879, 2019 WL 4855202 (D. Md. Aug. 30, 2019); *Pens. Trust Fund for Op. Engrs. v. Assisted Liv. Concepts, Inc.*. 943 F. Supp.2d 913 (E.D. Wis. 2013).

**Defendants' Position**

Defendants' motion to dismiss will be heard on March 5, 2020. Rather than await the Court's decision on that motion as the PSLRA contemplates, plaintiff seeks to obtain discovery from the SEC now, merely because he deems the FOIA process too "time consuming." Moreover, plaintiff admitted during the meet and confer process that he wants documents now in case the Court grants the motion to dismiss – which is precisely what the PSLRA prohibits.

The PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B).  "Congress clearly intended that ***complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs*** rather than information produced by the defendants after the action has been filed." *Medhekar v. U.S. Dist. Ct.*, 99 F.3d 325, 328 (9th Cir. 1996) (emphasis added).  Thus, "'discovery should be permitted … ***only after the court has sustained the legal sufficiency of the complaint***." *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909 911 (9th Cir. 1999) (emphasis added).

Contrary to Plaintiff's suggestion, it is irrelevant whether his proposed discovery is designed to be "an abusive litigation tactic." *See In re Marvell Tech. Group. Ltd. Deriv. Litig.*, 2007 WL 1545194, at *3 (N.D. Cal. May 29, 2007) ("Congress did not merely instruct courts to stay discovery in cases in which courts perceived abuses").  The stay applies in all cases, subject to a very narrow exception: it may be lifted ***only*** upon a showing that "particularized discovery is ***necessary*** to ***preserve evidence*** or to ***prevent undue prejudice***…" 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  Plaintiff makes no effort to meet that standard here.  The SEC will preserve

the materials, and Plaintiff does not even attempt to show "undue prejudice" he will supposedly suffer by waiting the short time needed for the Court to rule on the motion to dismiss. *See, e.g., Marvell*, 2007 WL 1545194, at *3 (plaintiffs failed to demonstrate undue prejudice). If Defendants' motion to dismiss is denied, Plaintiff will only need to wait a few months to subpoena documents and would suffer no prejudice in the interim. If the motion to dismiss is granted, Plaintiff is not entitled to any discovery.

Notably, Plaintiff and the SEC previously agreed on a procedure to obtain the information under FOIA as part of a lawsuit Lead Plaintiff's counsel has pending against the SEC in the District of Columbia. Rather than follow that regular, agreed-upon procedure (in which the SEC was to review with producing parties issues of confidentiality and the extent to which information is subject to disclosure in October, issue a preliminary determination thereafter, and report to the court on December 22), Plaintiff now believes that process may be too time-consuming, so pursues this alternative. However, impatience or frustration with statutory requirements of FOIA is no basis for disregarding the PSLRA.

Relief from the mandatory stay is highly unusual and permitted only where necessary to preserve evidence or prevent undue prejudice. *See, e.g.*, *Hallisey v. Zuckerberg*, 2018 WL 3474172, at *1-2 (N.D. Cal. July 19, 2018); *Crago v. Charles Schwab & Co.*, 2017 WL 8292442, at *2 (N.D. Cal. July 24, 2017). By contrast, this matter is within the ambit of cases rejecting efforts to sidestep the PSLRA's stay. *See, e.g.*, *In re Facebook, Inc.*, 2019 WL 5893049, at *2-3 (N.D. Cal. Nov. 12, 2019); *In re Asyst Techs., Inc.*, 2008 WL 916883, at *2-3 (N.D. Cal. Apr. 3, 2008). The cases Plaintiff cites (all of which are from courts in other circuits) are factually distinguishable,[1] inconsistent with the PSLRA, and/or "contrary to . . . Ninth Circuit authority." *In re Rambus, Inc. Sec. Litig.*, 2007 WL 1430047, at *2-3 (N.D. Cal. May 14, 2017) (denying discovery where plaintiffs relied on cases outside the Ninth Circuit, including *Enron*, that permitted discovery of documents produced to government).

Finally, while the exception does not turn on "burden" to defendants, the fact is that Defendants would be burdened. Not only does Plaintiff seek Defendants' information, but Defendants would be required to expend resources on (among other things) reviewing any production and ensuring that confidentiality issues are addressed.

In sum, Defendants submit that Plaintiff's request should be rejected. Alternatively, Plaintiff should be required to file a motion (pursuant to 15 U.S.C. § 78u-4(b)(3)(B)) so that Defendants have an opportunity to brief the pertinent issues fully.

\* \* \*

Lead trial counsel for the parties met and conferred regarding this request on November 12, 2019 by telephone and attest that no agreement can be reached.

---

[1] *See, e.g., FirstEnergy,* 229 F.R.D. at 545 (finding that it may be appropriate to lift the stay where plaintiff can show that it "would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape") (citation and quotation omitted).

November 22, 2019                                           Page 4 of 4

Respectfully Submitted,

| Fenwick & West LLP | Levi & Korsinsky, LLP |
|---|---|
| By: /s/ Dean Kristy | By: /s/ Nicholas Porritt |
|       Dean Kristy |       Nicholas I. Porritt |
| Counsel for Defendants | Lead Counsel for Plaintiff |

CC: All counsel of record (via ECF)