DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
KEVIN P. MUCK (CSB. No. 120918)
kmuck@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   415.875.2300
Facsimile:    415.281.1350

ALISON C. JORDAN (CSB NO. 311081)
ajordan@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No.: 3:18-cv-04865-EMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED COMPLAINT**<br><br>Date:    March 5, 2020<br>Time:   1:30 p.m.<br>Dept.:   Courtroom 5, 17th Floor<br>Judge:  Hon. Edward M. Chen<br><br>Date Action Filed: August 10, 2018 |

The motion of Tesla, Inc. ("Tesla"), Elon Musk ("Mr. Musk"), Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (the "Director Defendants") (collectively with Tesla and Mr. Musk, "defendants") to dismiss plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (the "CC") came on regularly for hearing before the Court on March 5, 2020.  The parties were represented by their respective counsel of record.

After considering the papers submitted by the parties and the argument of counsel, the Court finds that plaintiff does not satisfy the requirements of Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and has not alleged facts sufficient to state a claim for violation of Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act") or Section 20(a) of the 1934 Act.  The Court holds that:

1. Plaintiff fails to allege specific, contemporaneous facts showing that any challenged statement by Mr. Musk in August 2018 was false, misleading, or otherwise actionable;
2. Plaintiff fails to plead particularized facts raising the strong, cogent and compelling inference of scienter the law demands, and viewed holistically, the facts and circumstances weigh against any inference of scienter;
3. Plaintiff fails to allege facts showing that Tesla made any of the allegedly actionable statements or acted with scienter;
4. Plaintiff fails to allege loss causation in the absence of any disclosure that was corrective of an alleged misstatement; and
5. Plaintiff's claim for control person liability under Section 20(a) fails to state a claim because plaintiff fails to plead a primary violation of Section 10(b), fails to plead any corporate action, and fails to plead facts showing that the Director Defendants had or exercised control over any allegedly actionable statement.

While leave to amend is liberally granted, this is not a case where the defects can be cured by more pleading. Thus, it is HEREBY ORDERED that Defendants' motion to dismiss is GRANTED and the Consolidated Complaint is DISMISSED WITH PREJUDICE.

///

**IT IS SO ORDERED.**

Dated:_____

                                                The Honorable Edward M. Chen
                                                United States District Judge