DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
KEVIN P. MUCK (CSB. No. 120918)
kmuck@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

ALISON C. JORDAN (CSB NO. 311081)
ajordan@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     (650) 988-8500
Facsimile:     (650) 938-5200

Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal
Musk, and Linda Johnson Rice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No.: 3:18-cv-04865-EMC<br><br>**NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED COMPLAINT**<br><br>Date:    March 5, 2019<br>Time:    1:30 p.m.<br>Dept.:    Courtroom 5, 17th Floor<br>Judge:   Hon. Edward M. Chen<br><br>Date Action Filed:  August 10, 2018 |

In connection with their motion to dismiss the Consolidated Complaint (the "CC"), defendants Tesla, Inc. ("Tesla"), Elon Musk ("Mr. Musk"), Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (collectively with Tesla and Mr. Musk, "defendants") submit that the Court may consider **Exhibits A-K, M-O, and T**, attached to the accompanying Declaration of Jennifer C. Bretan (the "Bretan Declaration"), based on the "incorporation by reference" doctrine because they are referred to, relied on and quoted in the CC. In addition, pursuant to Rule 201 of the Federal Rules of Evidence, defendants also request that the Court take judicial notice of the documents attached as **Exhibits B-T** and **W-Z** to the Bretan Declaration. Judicial notice of these documents is appropriate for the reasons set forth below. The documents to be considered are as follows:

1. Mr. Musk's August 2, 2018 email to Tesla's Board of Directors entitled "Offer to Take Tesla Private at $420," attached as **Exhibit A** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the email at paragraphs 69, 71-72, 103, and 155 of the CC.

2. An August 7, 2018 *Financial Times* article by Arash Massoudi entitled "Saudi Arabia's sovereign fund builds $2bn Tesla stakes," attached as **Exhibit B** to the Bretan Declaration. Plaintiff purports to refer to or rely on the *Financial Times* article at paragraph 90 of the CC.

3. An August 7, 2018 tweet from Mr. Musk's personal Twitter account, posted at 9:48 a.m. PDT, attached as **Exhibit C** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the tweet at paragraphs 2, 74, 90-91, 95-97, 105, 112, 120, 132-133, 170, 188-90, 196-98, and 202 of the CC.

4. An August 7, 2018 tweet from Mr. Musk's personal Twitter account, posted at 10:40 a.m. PDT, attached as **Exhibit D** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the tweet at paragraphs 78, 132-33, and 190 of the CC.

5. An August 7, 2018 tweet from Mr. Musk's personal Twitter account, posted at 11:00 a.m. PDT, attached as **Exhibit E** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the tweet at paragraphs 79, 96, 132-133, 170, and 190 of the CC.

6. An August 7, 2018 tweet from Mr. Musk's personal Twitter account, posted at

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11:07 a.m. PDT, attached as **Exhibit F** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the tweet at paragraphs 80, 132-33, 170, and 190 of the CC.

7. An August 7, 2018 tweet from Mr. Musk's personal Twitter account, posted at 12:07 p.m. PDT, attached as **Exhibit G** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the tweet at paragraphs 83, 96, 132-33, and 190 of the CC.

8. An August 7, 2018 tweet from Mr. Musk's personal Twitter account, posted at 12:36 p.m. PDT, attached as **Exhibit H** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the tweet at paragraphs 2, 85, 96-97, 105, 130-33, 170 and 190 of the CC.

9. Mr. Musk's August 7, 2018 email to Tesla employees, which was also made available on Tesla's public blog, entitled "Taking Tesla private," attached as **Exhibit I** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote this statement at paragraphs 84, 88-90, 96-97, 128-29, and 159 of the CC.

10. Tesla's August 8, 2018 press release, entitled "Statement from the following members of Tesla's Board of Directors: Brad Buss, Robyn Denholm, Ira Ehrenpreis, Antonio Gracias, Linda Johnson Rice, and James Murdoch," which Tesla filed with the SEC on that same date as an exhibit to Form 8-K, attached as **Exhibit J** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the press release at paragraph 93 of the CC.

11. Mr. Musk's August 13, 2018 statement, which was made available on Tesla's public blog, entitled "Update on Taking Tesla private," attached as **Exhibit K** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote this statement at paragraphs 103, 105, 134, 135-38, and 193 of the CC.

12. An August 13, 2018 *Bloomberg* article by Angus Whitley and Dana Hull entitled "Musk's Says He's Working With Silver Lake, Goldman to Take Tesla Private," attached as **Exhibit L** to the Bretan Declaration. Plaintiff purports to refer to or rely on information based on such *Bloomberg* reports at paragraph 107 of the CC and in the preamble to the CC, which expressly states that is based on publicly available information.

13. Tesla's August 14, 2018 press release, entitled "Tesla Announces Formation of Special Committee to Evaluate Potential Going Private Transaction," attached as **Exhibit M** to

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the press release at paragraphs 106 and 194 of the CC.

14. Mr. Musk's August 24, 2018 statement, which was also made available on Tesla's public blog, entitled "Staying Public," attached as **Exhibit N** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the statement at paragraph 115 of the CC and in the preamble to the CC, which expressly states that it is based on publicly available information.

15. Tesla's Form 8-K, filed with the SEC on or about November 5, 2013, attached as **Exhibit O** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the Form 8-K at paragraphs 10, 19, 173, and 218 of the CC.

16. The complaint in *United States Securities and Exchange Commission vs. Elon Musk*, Case No. 1:18-cv-8865, filed on September 27, 2018 in the United States District Court for the Southern District of New York, attached as **Exhibit P** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the complaint at paragraphs 116, 147, 150, 168, and 177 of the CC.

17. The complaint in *United States Securities and Exchange Commission vs. Tesla, Inc.*, Case No. 1:18-cv-8947, filed on September 29, 2018 in the United States District Court for the Southern District of New York, attached as **Exhibit Q** to the Bretan Declaration. Plaintiff purports to refer to or rely on the complaint at paragraphs 116, 172, and 177 of the CC.

18. The Consent Motion for Entry of Final Judgment in *United States Securities and Exchange Commission vs. Elon Musk*, Case No. 1:18-cv-8865, filed on October 16, 2018 in the United States District Court for the Southern District of New York, attached as **Exhibit R** to the Bretan Declaration. Plaintiff purports to refer to, rely on, or quote the consent at paragraphs 116, 162, 169-70, 173-74, and 177 of the CC.

19. The Consent Motion for Entry of Final Judgment in *United States Securities and Exchange Commission vs. Tesla, Inc.*, Case No. 1:18-cv-8947, filed on October 16, 2018 in the United States District Court for the Southern District of New York, attached as **Exhibit S** to the Bretan Declaration. Plaintiff purports to refer to or rely on the consent at paragraphs 116, 174, and 176 of the CC.

20. A table reflecting daily stock prices for Tesla common stock from January 2, 2018 to December 31, 2018 (obtained from Nasdaq's website), attached **as Exhibit T** to the Bretan Declaration. Plaintiff purports to refer to or rely on Tesla's stock price throughout the CC.

21. An August 7, 2018 *Financial Times* article by Jessica Dye entitled "Tesla shares move higher on Saudi Arabia fund stake," attached as **Exhibit W** to the Bretan Declaration. Plaintiff purports to refer to or rely on the *Financial Times* reports at paragraph 90 of the CC and in the preamble to the CC, which expressly states that it is based on publicly available information.

22. An August 15, 2018 *Wall Street Journal* article by Rory Jones, Summer Said & Maureen Farrell entitled "Saudi Arabia Goes High-Tech in Approach to Investing," attached as **Exhibit X** to the Bretan Declaration. Plaintiff purports to rely on such materials in the preamble to the CC, which expressly states that it is based on publicly available information.

23. An August 17, 2018 *S3 Analytics* article by Ihor Dusaniwsky entitled "No Tesla Short Squeeze, Shorts Up $1.2 Billion Since 'The Tweet'," attached as **Exhibit Y** to the Bretan Declaration. Plaintiff purports to rely on such materials in the preamble to the CC, which expressly states that it is based on publicly available information.

24. An August 19, 2018 *MarketWatch* article by Claudia Assis entitled "Tesla short sellers are up $1.2 billion since Elon Musk's 'going-private' tweet," attached as **Exhibit Z** to the Bretan Declaration. Plaintiff purports to rely on such materials in the preamble to the CC, which expressly states that it is based on publicly available information.

**Exhibit A-K, M-O, And T Are Materials Referred To, Relied On, And Quoted In The CC And Are Incorporated By Reference**

Because plaintiff purports in the CC to refer to, rely on, quote, and/or base his claims on portions of Exhibits A-K, M-O, and T, the incorporation-by-reference doctrine allows the Court to consider such documents on a motion to dismiss. *See, e.g., In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *Azar v. Yelp Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018). The Court may consider the full contents of such documents, even if a complaint only relies on certain portions. *See Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 1002 (9th Cir.

2018), *cert denied*, 139 S. Ct. 2615 (2019) (citing cases and noting that the doctrine of incorporation by reference prevents plaintiff from omitting "documents that weaken—or doom—their claims" in favor of only those that support them); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (noting that incorporation by reference remains appropriate "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"); *Azar*, 2018 WL 6182756, at *4 (incorporation by reference doctrine permits court to consider documents where "[p]laintiffs expressly relied on" those materials in alleging securities fraud).

### Exhibits B-T And W-Z Are Properly Subject To Judicial Notice

Many of the exhibits are also properly subject to judicial notice. Courts routinely take judicial notice of documents filed with the SEC, such as Exhibits M and O. *See, e.g.*, *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008).

Court filings are also subject to judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Here, defendants ask the Court to take notice of Exhibits P and Q (the SEC complaints) solely for the purpose of demonstrating that the CC relies upon and repeats the unadjudicated allegations in those pleadings. Defendants ask the Court to take notice of Exhibits R and S (the consent judgments resolving the SEC matters) to show that Mr. Musk and Tesla expressly reserved the right to challenge the sufficiency of the claims here.

Exhibit T, the reported historical stock price for Tesla common stock from January 2, 2018 to December 31, 2018, is also properly subject to judicial notice. *See Azar*, 2018 WL 6182756, at *4 (taking judicial notice of stock prices).

Where, as here, plaintiff relies on the "fraud on the market" doctrine (CC ¶¶ 183-87), the Court may also take judicial notice of publicly available information, such as press releases, news reports, and other such contemporaneous information (*e.g.*, tweets and blogs). *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *In re Am. Apparel Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Taking judicial notice of news reports and press releases is appropriate for show[ing] 'that the market was aware of the

information contained in news articles'") (quoting *Heliotrope*, 189 F.3d at 981 n.18); *In re Kalabios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017); *Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1147-48 (N.D. Cal. 2013) (blog posts). The various tweet exhibits (Exhibits C-H), and Exhibits B, I-N, and W-Z fall within this category as well.

Finally, in the preamble to the CC, plaintiff affirmatively states that his claims are based on review of Tesla's "regulatory filings" with the SEC, "press releases and media reports issued and disseminated by Tesla," "pleadings and other papers filed in the civil proceedings brought by the SEC" against Tesla and Mr. Musk, including "complaints filed and judgments entered therein" and "other publicly available information concerning Tesla." CC at 1. In such circumstances, courts have taken judicial notice of such materials, even if not specifically referenced in a complaint. *See Silicon Graphics*, 183 F.3d at 986; *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998). Exhibits L and W-Z are properly subject to judicial notice on this basis.

Dated:  November 22, 2019                    Respectfully submitted,

FENWICK & WEST LLP

By: /s/   *Jennifer C. Bretan*
         Jennifer C. Bretan

Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice