UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION. | Case No. 18-cv-04865-EMC<br><br>**ORDER RE JOINT DISCOVERY LETTER**<br><br>Docket No. 226 |

Currently pending before the Court is a discovery dispute. Lead Plaintiff asks the Court to issue a subpoena to the SEC. Lead Plaintiff had been trying to secure certain information from the SEC through a FOIA request but apparently changed course because (1) the administrative process would take up to eighteen months to conclude and (2) the SEC agreed that the FOIA administrative process could, in essence, be bypassed if Plaintiffs could get this Court to issue a subpoena. Defendants oppose the request because the PSLA generally provides for a stay of discovery pending resolution of a motion to dismiss.

The PSLRA provides as follows: "In any private action arising under this title, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). [1] "The legislative history of the PSLRA indicates that Congress enacted the discovery stay in order to minimize the incentives for plaintiffs to file frivolous securities class actions in the hope either

---

[1] *See also In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 679 (D. Md. 2000) (noting that the plain language of the PLSRA does not make a "distinction between discovery of non-parties and parties"); *Powers v. Eichen*, 961 F. Supp. 233, 235 (S.D. Cal. 1997) (stating the same).

that corporate defendants will settle those actions rather than bear the high cost of discovery, or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint." *In re Worldcom Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002).

As Lead Plaintiff asserts, allowing the production of documents from the SEC would not appear to impose any burden on Defendants. *See Pension Tr. Fund for Operating Eng'r v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013) (noting that "[c]ourts have lifted stays with regard to certain documents already produced in other actions with governmental agencies or others" – "partly because, where documents have already been collated and produced to other entities, the burdens of discovery are far less substantial"). Nevertheless, the PSLRA carves out exceptions from the discovery stay only in limited circumstances – *i.e.*, where "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *see Assisted Living*, 943 F. Supp. 2d at 915-16 (although noting that the burden of discovery is "far less substantial" where already produced in another action, still going on to evaluate whether the discovery was needed to preserve evidence or prevent undue prejudice).

Here, Lead Plaintiff makes no claim that the information sought from the SEC is necessary to preserve evidence. Nor does Lead Plaintiff clearly assert that he would suffer undue prejudice without the information from the SEC. The cases on which Lead Plaintiff relies are distinguishable largely because, there, the courts articulated that production was needed so as to prevent undue prejudice to the plaintiff. For example, in *In re Worldcom Securities Litigation*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002), the court held that,

> [b]ased upon the unique circumstances of this case, the documents requested by NYSCRF [the lead plaintiff] must be produced in order to prevent undue prejudice to the interests of the putative investor class it represents. All of the investigations and proceedings concerning WorldCom are moving apace. Without access to documents already made available to the U.S. Attorney, the SEC, and in whole or in part to the WorldCom's Creditors Committee and the documents that will in all likelihood soon be in the hands of the ERISA plaintiffs, NYSCRF would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape. It would essentially be the only major interested party in the criminal and civil proceedings against WorldCom without access to documents that currently form the core of those

> proceedings. This is especially troubling given the likelihood that settlement discussions will begin in December and involve both the securities plaintiffs and the ERISA plaintiffs. The former would be severely disadvantaged in those discussions if they are denied access to the documents they now request. If NYSCRF must wait until the resolution of a motion to dismiss to obtain discovery and formulate its settlement or litigation strategy, it faces the very real risk that it will be left to pursue its action against defendants who no longer have anything or at least as much to offer.

*Id.* at 305-06; *see also Assisted Living*, 943 F. Supp. 2d at 916 (noting that, in cases such as *WorldCom*, "the courts were particularly concerned with the plaintiffs' abilities to adequately pursue settlement and other options when at an informational disadvantage compared to other parties"); *In re Rambus, Inc. Sec. Litig.*, No. C 06-4346 JF (HRL), 2007 U.S. Dist. LEXIS 38056, at *9 (N.D. Cal. May 14, 2007) (stating that in *WorldCom* and another case, the courts essentially "held that the securities fraud plaintiffs would be unduly prejudiced if they were the only parties on the playing field without access to the documents"); *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) ("find[ing] that the plaintiffs in this action face a similar risk of undue prejudice as the plaintiffs in WorldCom[;] [w]ithout discovery of documents already made available to government entities, Plaintiffs would be unfairly disadvantaged in pursuing litigation and settlement strategies").

In the instant case, Lead Plaintiff may be at an informational disadvantage compared to, *e.g.*, the SEC; however, what was critical in *WorldCom* was the lead plaintiff's informational disadvantage in a rapidly changing legal landscape – *i.e.*, because there were multiple other proceedings being brought against the defendant. Here, while the SEC did bring suit against Tesla and Mr. Musk, it appears that the both cases have now been resolved via consent judgments. Lead Plaintiff, therefore, is not in the same situation as the lead plaintiff in *WorldCom* and other similar cases. There is at this point no demonstrable urgency attendant to Lead Plaintiff's request.

///
///
///
///
///

3

Accordingly, Lead Plaintiff's request for issuance of a subpoena is hereby **DENIED**, but without prejudice.

This order disposes of Docket No. 226.

**IT IS SO ORDERED**.

Dated: November 26, 2019

_____
EDWARD M. CHEN
United States District Judge

4