**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel : 415-373-1671
Fax : 415-484-1294
Email: aapton@zlk.com
         amccall@zlk.com

*Attorneys for Lead Plaintiff and the Class*

*[Additional Counsel on Signature Block]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC <br><br> <u>CLASS ACTION</u> <br><br> **LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> Date: March 5, 2020 <br> Time: 1:30 p.m. <br> Location: Courtroom 5, 17th Floor <br> Judge: Hon. Edward Chen <br><br> Date Action Filed: August 10, 2018 |

## I. INTRODUCTION

On November 22, 2019, Defendants filed their Motion to Dismiss the Complaint. ECF No. 227. Defendants contemporaneously filed a Request for Judicial Notice asking the Court to consider 26 separate exhibits in connection with their motion. Although courts are typically not allowed to consider materials extraneous to the complaint at the pleading stage, Defendants argue that the Court is allowed to consider these exhibits under the doctrines of judicial notice and/or incorporation by reference. They are wrong. Several of these exhibits, in particular, are subject to neither doctrine and submitted by Defendants only to counter and rebut well-pleaded facts in Plaintiff's Complaint. This is categorically improper and not allowed under binding Ninth Circuit law. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018).

As a preliminary matter, Defendants cite to many documents referenced in the Complaint and use them to present an alternative version of the facts that contradicts the well-pleaded allegations in the Complaint. This is improper. Even where it is appropriate to take judicial notice of a document, "a court cannot take judicial notice of disputed facts contained in such public records." *Id*. at 999. Similarly, even where a document is incorporated by reference in a complaint, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*. at 1003. "This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Id*.

Here. Defendants frequently use documents referenced in the complaint not just to show that certain information was published but rely on their disputed contents as true. For instance, Defendants rely on Exhibit K, a blog post authored by Musk dated August 13, 2018 that Plaintiff alleges was fraudulent as support for the "fact" that "Mr. Musk believed that PIF stood ready to fund a deal." *See* Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss at 17. This is obviously a highly disputed facts and it is improper for Defendants to request that the Court accept it based on Exhibit K, a document received via judicial notice. *See also* Defs. Mem. at 5 (Ex. K), 6 (Ex. P), 7-8 (Ex. N), and 17 (Ex. K). While the Court may consider the contents of these documents either through judicial notice or incorporation doctrine, Plaintiff

objects to any consideration of disputed facts within those documents as discussed in *Khoja*.

Defendants go even further with their presentation to the Court of Exhibits B, W, X, Y, and Z. These documents are not incorporated in the complaint and are being offered solely for the purpose of presenting disputed facts to the Court. Accordingly, they directly violate *Khoja*. These exhibits, which are articles written by third-parties having nothing to do with the action, are not subject to judicial notice and are not incorporated by reference into the Complaint. Defendants cite these articles in support of a counter-factual narrative that has no business before the Court at this stage of the proceedings. *See* Lead Plaintiff's accompanying Motion to Convert Defendants' Motion to Dismiss to Motion for Summary Judgment ("Motion to Convert").

For the reasons set forth herein, the Court should deny Defendants' Request for Judicial Notice with respect to these exhibits.

## II.   ARGUMENT

### A.   LEGAL STANDARD

Materials outside the pleadings ordinarily are not considered by a court on a motion to dismiss. *In re American Continental Corp./Lincoln Sav. & Loan Securities Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996). Pursuant to Federal Rule of Evidence 201, a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed R. Evid. 201; *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). Courts may judicially notice documents attached to the complaint or deemed incorporated by reference because the document at issue "forms the basis of plaintiff's claim" or is "extensively" referred to in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "[I]ncorporation by reference 'is a narrow exception . . . . It is not

intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.'" *Hawthorne v. Umpqua Bank*, 2013 WL 5781608, at *5 (N.D. Cal. Oct. 25, 2013) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

When evaluating whether these exceptions apply and to what extent they may be used, courts must take particular care, because as the Ninth Circuit has observed, there is "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. The Ninth Circuit explained that these exceptions have been repeatedly subject to abuse in securities actions and:

> [t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access… If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Id.* at 998-99. Expounding on the particular risk that incorporation-by-reference doctrine poses to securities class action complaints, the Ninth Circuit further found that:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

*Id.* at 1003.

B.  **DEFENDANTS RELY IMPROPERLY ON EXHIBITS B, W, X, Y, AND Z IN THEIR MOTION TO DISMISS.**

1.  **Exhibit B –** *Financial Times* **Article by Arash Massoudi**

Exhibit B is an August 7, 2018 *Financial Times* article by Arash Massoudi entitled "Saudi Arabia's sovereign fund builds $2bn Tesla stakes." Defendants claim that it is subject to judicial notice and incorporation by reference because "Plaintiff purports to refer to or rely on the *Financial Times* article at paragraph 90 of the [Complaint]." Defendants are incorrect.

Paragraph 90 in the Complaint quotes an analyst report from RBC Capital Markets. The portion of the quote upon which Defendants rely is as follows:

> **New outside equity?** Elon's tone and messaging regarding a potential transaction lead us to believe that there could be significant outside funding lined up. Learning who this is will be important (and relevant for shareholders deciding whether they should stay involved should the deal consummate). We note an ***unconfirmed FT article from today*** indicates that Saudi Arabia's sovereign fund took a 3-5% stake on the public markets, it was also noted they approached Tesla about new shares. In our view, sovereign funds (broadly), cash rich tech companies, Chinese sources and large VCs could all be potential candidates to provide funding.

¶90 (emphasis added). The reference to the "unconfirmed FT article" in the RBC Capital Markets report is fleeting. Moreover, it does not even directly refer to the article Defendants claim, which is not quoted or referred to ***anywhere*** in the Complaint. Thus, the mere reference to an "unconfirmed FT article" does not allow the Court to consider the article submitted by Defendants at this stage of the proceedings. *See Fabbri v. Wilkinson*, 2019 WL 5781914 (C.D. Cal. Nov. 5, 2019) (C.D. Cal. Nov. 5, 2019) (denying motion to dismiss without prejudice for referencing materials outside the pleadings); *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019).

Exhibit B is not incorporated in the Complaint and it is also not appropriate for judicial notice. The purpose of Exhibit B is as evidence to support their claim that Musk was concerned about a "leak" of his plan to take Tesla private. Def. Mem. at 6. As this is a new narrative introduced for the first time in Defendants' Memorandum of Points and Authorities, it is plainly

1  subject to reasonable dispute between the parties and, therefore, not properly the subject of
2  judicial notice from the Court. *Khoja*, 899 F.3d at 1000. Whether and to what extent the *Financial*
3  *Times* reported on the PIF's stake in Tesla is irrelevant to the allegations currently before the
4  Court. As Plaintiff explains in his Motion to Convert, Musk's concerns about a "leak" have no
5  basis in the Complaint and, in fact, run contrary to Plaintiff's well-pleaded allegations of Musk's
6  hatred towards short-sellers of Tesla stock. Accordingly, Exhibit B is improperly before the Court.
7  *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 996 (S.D. Cal. 2005) (declining to take
8  notice of defendants' exhibits found to be "irrelevant" to the pending motion).

### 2.   Exhibit W – *Financial Times* Article by Jessica Dye

Exhibit W is an August 7, 2018 *Financial Times* article by Jessica Dye entitled "Tesla shares move higher on Saudi Arabia fund stake." While Defendants claim that it is subject to judicial notice, they substantiate their request with the following: "Plaintiff purports to refer to or rely on the *Financial Times* reports at paragraph 90 of the [Complaint] and in the preamble to the CC, which expressly states that it is based on publicly available information." For the same reasons as Exhibit B, this exhibit is not incorporated into the Complaint and is not properly subject to judicial notice.

Exhibit W is an article written by an unrelated third-party. It is not a fact of the sort subject to judicial notice. Similar to Exhibit B, Defendants cite to Exhibit W merely to support a counter-factual narrative that is disputed by Plaintiff and, therefore, not appropriate at the motion to dismiss stage. *See Khoja*, 899 F.3d at 1000; *see also Eastman v. Apple, Inc.*, No. 18-CV-05929-JST, 2019 WL 3934805, at *4 (N.D. Cal. Aug. 20, 2019) (courts "cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed."); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("Defendants repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint.").

### 3.   Exhibit X – *Wall Street Journal* Article by Rory Jones

Exhibit X is an August 15, 2018 *Wall Street Journal* article by Rory Jones, Summer Said & Maureen Farrell entitled "Saudi Arabia Goes High-Tech in Approach to Investing." Defendants seek

1  judicial notice of the article on the basis that "Plaintiff purports to rely on such materials in the
2  preamble to the CC, which expressly states that it is based on publicly available information." Exhibit
3  X is neither incorporated into the Complaint nor properly subject to judicial notice.

4  Defendants cannot attempt to judicially notice any document whatsoever simply because a
5  preamble in a complaint makes reference to "publicly available information." If this were true, then
6  defendants could reference any document they pleased for whatever reason whenever moving to
7  dismiss a complaint at the pleading stage. That is clearly not allowed under *Khoja*, which prohibits
8  the "[t]he overuse and improper application of judicial notice and the incorporation-by-reference
9  doctrine." 899 F.3d at 998.

10  In addition, Defendants cite Exhibit X in order to support their claim that significant deals can
11  be agreed to in short periods of time; thus, Defendants argue, it was entirely plausible for Musk to
12  believe that funding has been "secured" based only on his short meeting with the PIF on July 31,
13  2018. Even if this were true (it is not), Defendants cannot rely on this article as proof that financing
14  deals can be completed in the span of just 45 minutes, an assertion of "fact" that is obviously highly
15  contextual and subject to reasonable dispute. *See Baird v. BlackRock Institutional Tr. Co.*, N.A.,
16  No. 17-CV-01892-HSG, 2019 WL 4168906, at *5 (N.D. Cal. Sept. 3, 2019) ("the Court may not
17  take judicial notice of the truth of the information contained in them if Defendants are attempting
18  to factually rebut Plaintiffs' allegations."). Accordingly, the Court should disregard Exhibit X and
19  Defendants' arguments based thereon.

### 4. Exhibit Y – *S3 Analytics* Article by Ihor Dusaniwsky

21  Exhibit Y is an August 17, 2018 *S3 Analytics* article by Ihor Dusaniwsky entitled "No Tesla
22  Short Squeeze, Shorts Up $1.2 Billion Since 'The Tweet'". Defendants seek judicial notice of the
23  article on the basis that "Plaintiff purports to rely on such materials in the preamble to the CC, which
24  expressly states that it is based on publicly available information." Defendants' attempt to judicially
25  notice this article is improper.

26  Similar to Exhibit W, Plaintiff's reference to "publicly available information" in the
27  Complaint does not allow Defendants to judicially notice Exhibit Y. This is especially true

considering the fact that Defendants look to Exhibit Y for the express reason of arguing that Musk did not damage short-sellers, a claim that directly contradicts Plaintiff's well-pleaded allegations. Accordingly, Exhibit Y is not subject to judicial notice. *See Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 639 (N.D. Cal. 2019) (citing *Khoja*, holding "the Court cannot accept the truth of the contents of the exhibits and create a factual dispute at this juncture").

5.     **Exhibit Z –** *MarketWatch* **Article by Claudia Assis**

Exhibit Z is an August 19, 2018 *MarketWatch* article by Claudia Assis entitled "Tesla short sellers are up $1.2 billion since Elon Musk's 'going-private' tweet." Defendants ask the Court to judicially notice this documents because "Plaintiff purports to rely on such materials in the preamble to the CC, which expressly states that it is based on publicly available information." Exhibit Z is not appropriate for judicial notice because, just like Exhibit Y, it is used to counter Plaintiff's allegation that Musk harmed short-sellers of Tesla stock.

## III.  CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendants' Request for Judicial Notice with respect to Exhibits B, W, X, Y, and Z and disregard all arguments by Defendants that are based on those exhibits.

Dated: December 27, 2019                           Respectfully submitted,

                                                **LEVI & KORSINSKY, LLP**

                                                s/ Adam M. Apton
                                                Adam M. Apton (SBN 316506)
                                                Adam C. McCall (SBN 302130)
                                                388 Market Street, Suite 1300
                                                San Francisco, CA 94111
                                                Tel : 415-373-1671
                                                Fax : 415-484-1294
                                                Email: aapton@zlk.com
                                                Email: amccall@zlk.com

                                                       -and-

|   |   |
|---|---|
| 1 | Nicholas I. Porritt |
|   | Alexander A. Krot III |
| 2 | **LEVI & KORSINSKY, LLP** |
|   | 1101 30th Street N.W., Suite 115 |
| 3 | Washington, D.C. 20007 |
|   | Tel:    (202) 524-4290 |
| 4 | Fax:    (202) 333-2121 |
|   | Email: nporritt@zlk.com |
| 5 | Email: akrot@zlk.com |

(*admitted pro hac vice*)

-and-

Joseph E. Levi
Eduard Korsinsky
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
Tel:    (212) 363-7500
Fax:    (212) 363-7171
Email: jlevi@zlk.com
Email: ek@zlk.com

(*admitted pro hac vice*)

*Attorneys for Lead Plaintiff and the Class*