1  DEAN S. KRISTY (CSB No. 157646)
   dkristy@fenwick.com
2  KEVIN P. MUCK (CSB No. 120918)
   kmuck@fenwick.com
3  JENNIFER BRETAN (CSB No. 233475)
   jbretan@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA 94104
   Telephone:    (415) 875-2300
6  Facsimile:    (415) 281-1350

7  ALISON C. JORDAN (CSB NO. 311081)
   ajordan@fenwick.com
8  FENWICK & WEST LLP
   801 California Street
9  Mountain View, CA 94041
   Telephone:    (650) 988-8500
10 Facsimile:    (650) 938-5200

11 Attorneys for Defendants Tesla, Inc., Elon Musk,
   Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
12 Antonio J. Gracias, James Murdoch, Kimbal
   Musk, and Linda Johnson Rice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No.: 3:18-cv-04865-EMC<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO CONVERT MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT AND TO MOTION TO STRIKE**<br><br>Date: March 5, 2020<br>Time: 1:30 p.m.<br>Dept.: Courtroom 5, 17th Floor<br>Judge: Hon. Edward M. Chen<br><br>Date Action Filed: August 10, 2018 |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL STANDARDS ........................................................................................................ 3

    A. Defendants' Motion To Dismiss Is Not Subject To A Motion To Strike ............... 3

    B. There Is No Basis For Converting Defendants' Motion To Dismiss To A Motion For Summary Judgment ........................................................................... 3

    C. The MTC Violates Civil Local Rules 7-3 (a) and 7-4(b) ....................................... 6

III. DEFENDANTS ARE ENTITLED TO MAKE ARGUMENTS ABOUT THE AUGUST 13 BLOG ON A MOTION TO DISMISS ............................................................ 6

IV. PLAINTIFF'S ARGUMENTS ABOUT THREE NEWS STORIES, AND TWO SCHOLARLY ARTICLES, LACK MERIT AND WOULD NOT JUSTIFY A MOTION TO STRIKE OR CONVERT IN ANY EVENT ................................................. 7

    A. The August 7, 2018 *Financial Times* Article ....................................................... 7

    B. The Two Scholarly Articles On Short-Selling ...................................................... 8

    C. Two Published Stories Showing Short-Sellers Profited In The Class Period ....... 9

V. PLAINTIFF'S PROPOSED ORDER MUST BE REJECTED ........................................... 10

VI. CONCLUSION .................................................................................................................. 10

## I. INTRODUCTION

Plaintiff's effort to convert defendants' motion to dismiss into a motion for summary judgment or in the alternative strike certain arguments (the "MTC") is flawed both substantively and procedurally, and improperly seeks to impose unprecedented restrictions on motions to dismiss securities class actions.

Substantively, the MTC suffers from at least two fundamental deficiencies. ***First***, it seeks to prevent defendants from making perfectly appropriate arguments about the meaning of, and inferences to be drawn from, Mr. Musk's blog of August 13, 2018 – quoted verbatim in the CC – regarding the take private transaction he was considering.[1] *See* CC ¶ 103; Mot. at 7, 15-17; Ex. K. Under well-established law, the Court not only can, but ***must***, consider matters that are expressly referenced in a complaint and all inferences reasonably drawn from such materials, including those favorable to defendants. Indeed, that blog is a central part of this case, bearing on whether plaintiff has adequately pleaded a misstatement, the inferences to be drawn regarding scienter, and whether it is a supposed "corrective" disclosure for loss causation. *See* Mot. at 9-19, 23. Argument over such issues occurs on every motion to dismiss a securities case. To the extent plaintiff has any legitimate response (he does not), he can present it to the Court. That is the purpose of having an opposition to the motion to dismiss. But it is not a basis for the MTC.

Similarly, the CC expressly references (and selectively quotes) Mr. Musk's August 2, 2018 email to the Board about the take private transaction he was considering. CC ¶ 69; Mot. at 2; Ex. A. Plaintiff has made no evidentiary objection to the email, nor could he, given his own pleading. Nevertheless, plaintiff's proposed order ("PO") seeks to strike defendant's discussion of the email altogether. Under established law, however, the Court can review that email, see that it is consistent with Mr. Musk's subsequent tweets, and draw appropriate inferences accordingly. Converting defendants' motion into one for summary judgment, or striking argument based on materials appropriately before the Court (as even plaintiff concedes), stands the law on its head.

***Second***, despite the MTC's overheated rhetoric, plaintiff objects to just five publicly

---

[1] References to "CC" and "¶" are to plaintiff's consolidated complaint. References to "Mot." are to defendants' motion to dismiss filed on November 22, 2019. References to "Ex." are to the exhibits accompanying defendants' motion to dismiss.

available documents - three news stories in the alleged class period (August 7-17) and two scholarly articles on background. One of those documents – a widely published article from the *Financial Times* on the morning of August 7, 2018 (reporting on the Saudi Fund's purchase of a large Tesla stake shortly before Mr. Musk's first tweet) is not only referenced in an analyst report quoted in the CC, but is ***expressly relied upon by plaintiff*** in his Opposition to the motion to dismiss. *See* Opp. at 19 (relying on Ex. B). Plaintiff cannot both rely upon an article (or a portion of it), and at the same time object to another portion of it. Nor can plaintiff allege that he has broadly and "without limitation" based his CC on "review and analysis of press releases and media reports" and "other publicly available information" about Tesla, and then disregard a media report merely because he does not like it. In any event, to the extent plaintiff has made "evidentiary" objections to the three news stories in his Objections to Defendants' Request for Judicial Notice (Dkt. 232), defendants will respond in their reply on January 27, 2020. As defendants will explain, courts have routinely taken judicial notice of news articles to show what information was in the market. *See, e.g., Veal v. LendingClub Corp.*, 2019 WL 5698072, at *8 (N.D. Cal. Nov. 4, 2019); *Hefler v. Wells Fargo & Co.*, 2018 WL 1070116, at *2 (N.D. Cal. Feb. 27, 2018). But even where courts do not deem news stories subject to judicial notice or incorporated by reference, they simply decline to consider them. Indeed, defendants' motion to dismiss should be granted ***even if*** this small number of documents is not considered. As demonstrated below, that is what has been done in other securities class actions.

      Procedurally, plaintiff's MTC appears to be a pretext for granting himself eight additional pages of argument in response to defendants' motion to dismiss. This violates L.R. 7.3(a), which requires that any evidentiary and procedural objections (such as those here) must be "contained within the brief or memorandum" opposing the motion to dismiss. *See City of Royal Oak Ret. Sys. v. Juniper Networks*, *Inc.,* 880 F. Supp. 2d 1045, 1058 n.2 (N.D. Cal. 2012) (motion to strike "impermissibly circumvented" local rule and page limitations); *In re Apple Inc. Device Performance Litig.,* 386 F. Supp. 3d 1155, 1162 (N.D. Cal. 2019) (denying separate objections as violating L.R. 7-3(a) and circumventing page limits). Moreover, despite purporting to object to matters "outside the pleadings," plaintiff ironically tries to use a *Washington Post* article

(attached to the Declaration of Adam Apton) in support of the MTC, even though it was published well after the class period **and is not even referenced in the CC**. Irony aside, the article has no bearing on whether plaintiff has adequately pleaded a claim, and it completely undermines the putative basis for his MTC. The MTC should be denied.

## II. LEGAL STANDARDS

### A. Defendants' Motion To Dismiss Is Not Subject To A Motion To Strike

Motions to strike are "regarded with disfavor." *See Ramirez v. Baxter Credit Union*, 2017 WL 1064991, at *3 (N.D. Cal. Mar. 21, 2017) (internal citation omitted). Ignoring that plaintiff's MTC lacks substantive merit, **only pleadings** are subject to a motion to strike under Rule 12(f). *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (motion to strike improperly directed at motions or other material not contained in pleadings); *Peralta v. Countrywide Home Loans, Inc.*, 2009 WL 3837235, at *2, 6 (N.D. Cal. Nov. 16, 2009) (denying request to strike because "only pleadings are subject to motions to strike," and "Rule 7(a) limits the definition of 'pleadings' to complaints, third-party complaints, answers, and replies to answers"); *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (same). In addition, a motion to strike is proper only with respect to "redundant, immaterial, impertinent, or scandalous matter[s]." *Id.*; *see* Fed. R. Civ. P. 12(f). Even a cursory review of the PO reveals that what plaintiff asks to strike fits none of those categories and bears little relation to their motion. *See Cruz v. Bank of New York Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (denying motion to strike where moving party did not argue that any material was "redundant, immaterial, impertinent, or scandalous").[2]

### B. There Is No Basis For Converting Defendants' Motion To Dismiss To A Motion For Summary Judgment

The MTC also takes issue with three news stories and two scholarly articles submitted by defendants (even though the PO seeks to strike matters far beyond those materials), claiming that

---

[2] Even if defendants' motion were a "pleading" (and it is not), the MTC is not timely. Such motions are due "within 21 days after being served." Fed. R. Civ. P. 12(f)(2). Defendants' filed their motion to dismiss on November 22, 2019. The MTC was not filed until December 27, well after the deadline. *See Stimac v. Haag*, 2010 WL 3340601, at *4 (N.D. Cal. Aug. 25, 2010) (denying motion to strike as untimely).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

considering these materials would convert defendants' motion to dismiss into a motion for summary judgment. It is well-settled, however, that documents subject to judicial notice, incorporated by reference, or otherwise properly before the Court may be considered on a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-25 (2008) (assessing whether plaintiff pleads a "strong inference" of scienter requires consideration of documents incorporated by reference and matters subject to judicial notice); *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1330 (2015) (assessing falsity requires courts to consider the full context of a challenged statement, including other statements and publicly available information); *City of Dearborn Heights Act 345 Police & Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615 (9th Cir. 2017) (whether a statement is misleading "always depends on the context"). As defendants demonstrate in their reply to plaintiff's response to the request for judicial notice (to be filed January 27), and as briefly addressed below, the five articles are properly before the Court. But even if the Court decides not to consider them, that would not justify converting defendants' motion into one for summary judgment.

*Khoja v. Orexigen*, 899 F.3d 988 (9th Cir. 2018), is not to the contrary and defendants have taken care to abide by its guidance.[3] Indeed, *Khoja* expressly recognized the important function the doctrine of incorporation by reference plays in precluding plaintiffs from cherry-picking portions of materials "that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. *Khoja* also does not change the standard for judicial notice. Both before and since *Khoja*, courts routinely take notice of news articles at the motion to dismiss stage to assess, among other things, what information was known to the market. *See, e.g.*, *Veal*, 2019 WL 5698072, at *8 (taking judicial not of "publicly available

---

[3] None of the policy concerns underlying *Khoja* are implicated here. The documents offered and arguments being made are not matters within "sole possession" of defendants, suggesting some kind of informational asymmetry inappropriately deployed at the pleading stage. *See Khoja*, 899 F.3d at 999. Rather, these are three news stories and two scholarly articles that are publicly available. Even ignoring plaintiff's own reliance on the *FT* article, consideration is proper where plaintiff **affirmatively chose** to allege that the CC is based, "without limitation," on "media reports" and "publicly available information" (CC at preamble). That allegation is not "meaningless", as plaintiff tries to suggest, but instead is designed to create the impression that his allegations are well-grounded in fact. *See Rok v. Indentiv, Inc.*, 2016 WL 4205684, at *1 (N.D. Cal. Aug. 10, 2016).

1  articles or other news releases of which the market was aware); *Hefler*, 2018 WL 1070116, at *2
2  (same); *Wochos v. Tesla*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (same); *In re*
3  *Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003, 1009 (N.D. Cal. 2017) (same).

4        Consideration of such documents does not convert a motion to dismiss to a summary
5  judgment motion. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also*
6  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference doctrine allows
7  court to look beyond pleadings without converting 12(b)(6) motion into motion for summary
8  judgment); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (view extends to documents
9  attached to motions to dismiss, but not mentioned in a complaint, which prevents plaintiffs from
10 "deliberately omitting references to documents upon which their claims are based"). To the extent
11 plaintiff argues that contested exhibits (and defendants' legal arguments based on them) merely
12 offer a "competing narrative" (MTC at 3-8), plaintiff both misstates what the documents show
13 and makes an argument that is incompatible with the PSLRA, *Tellabs*, and *Omnicare*. Under the
14 PSLRA, all reasonable inferences to be drawn from documents incorporated by reference and
15 matters subject to judicial notice – including those adverse to plaintiff's theory – **must** be
16 considered in weighing the legal sufficiency of a complaint. *Tellabs*, 551 U.S. at 322-26;
17 *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002).[4]

18       Finally, if the Court determines these exhibits should not be considered, it can simply
19 refuse to take judicial notice of them. Courts regularly grant motions to dismiss even after not
20 taking judicial notice of certain documents. *See, Juniper*, 880 F. Supp. 2d at 1059-60 (granting
21 motion to dismiss, refusing to take judicial notice of 14 documents, and denying motion to
22 strike).[5]

---

[4] Moreover, so long as a document does not raise facts subject to reasonable dispute, the Court does not need to accept as true allegations contradicted by facts subject to judicial notice. *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007-08 (9th Cir. 2015).

[5] *See also In re Fusion-io, Inc. Sec. Litig.*, 2015 WL 661869, at *9 (N.D. Cal. Feb. 12, 2015) (granting motion to dismiss while denying judicial notice of 13 documents); *In re Facebook, Inc. Sec. Litig*, 405 F. Supp. 3d 809, 830-31 (N.D. Cal. 2019) (granting motion to dismiss while denying request for judicial notice as to four documents); *In re Yahoo! Inc. Sec. Litig.*, 2012 WL 3282819, at *2 n.2 (N.D. Cal. Aug. 10, 2012) (granting motion to dismiss and not taking judicial notice of certain documents), *aff'd*, 611 F. App'x 387 (9th Cir. 2015).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**C. The MTC Violates Civil Local Rules 7-3 (a) and 7-4(b)**

Plaintiff's MTC is also improper because "any evidentiary and procedural objections" to defendants' motion to dismiss "must be contained within the brief or memorandum." Civil L.R. 7.3(a). In addition, such briefs "may not exceed 25 pages of text." Civil L.R. 7-4(b). The MTC should be rejected for this reason alone. *See Juniper*, 880 F. Supp. 2d at 1058 n.2 (motion to strike an "impermissibl[e] circumvent[ion]" of Local Rule 7-3(a) and page limits); *Apple*, 386 F. Supp. 3d at 1162 (citing Civ. L. R. 7-3(a) and denying request to consider separately filed objections as "procedurally inappropriate" and finding "no compelling explanation for [the] attempt to circumvent the page limits that this Court set for briefing"); *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 2013 WL 450626, at *1 (N.D. Cal. Feb. 4, 2013) (denying motion to strike on ground that "Civil Local Rule 7–3(a) requires that evidentiary or procedural objections to a motion must be contained in the opposition brief").

**III. DEFENDANTS ARE ENTITLED TO MAKE ARGUMENTS ABOUT THE AUGUST 13 BLOG ON A MOTION TO DISMISS**

The MTC's attempt to prevent the Court from considering defendants' arguments based on the August 13 blog (MTC at 6) is baseless and without precedent. There is no dispute that the August 13 blog is pleaded in its entirety in the CC (CC ¶ 103), discussed throughout (CC ¶¶ 2, 134, 136, 193), and incorporated by reference. It is also one of the claimed misstatements, and bears on scienter and loss causation. *See* Mot. at 9-19; 23. Accordingly, defendants are fully within their rights to argue what it means and what inferences may be drawn from the blog (as is plaintiff). That is the essence of a motion to dismiss in a securities class action: for the Court to consider such argument from both sides in order to determine whether plaintiff has adequately pleaded falsity, scienter or loss causation. *See, e.g.*, *Ronconi v. Larkin*, 253 F.3d 423, 437 (9th Cir. 2001); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *10 (N.D. Cal. Mar. 15, 2019); *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *23 (N.D. Cal. Dec. 18, 2017), *aff'd*, 765 F. App'x 239 (9th Cir. 2019).

Plaintiff's argument is also based on a red herring. Defendants do not "rely exclusively" on the August 13 blog to show that Mr. Musk "started" the process to take Tesla private before

the initial tweet on August 7. *See* MTC at 6. Rather, defendants point to the allegations in the CC itself, including Mr. Musk's meeting with PIF on July 31 (*see* CC ¶ 63), his email to the Board on August 2 (CC ¶ 69, Ex. A), and his meeting with Tesla's Board about taking Tesla private on August 3 (CC ¶ 72). Those allegations are *consistent* with the August 13 blog, in which Mr. Musk elaborated on the reasons for his August 7 tweets and provided an update on the status of the take private transaction he was considering, and plaintiff cannot prevent defendants from pointing out such consistency. Nor can defendants be precluded from arguing that Mr. Musk made no misstatement, that any inference of scienter is unreasonable, or that the blog post cannot be deemed "corrective" for loss causation purposes.

Thus, while plaintiff seeks to suppress discussion of the blog as an improper "competing factual narrative," the basis for that claim is pure fiction. It is not improper (much less a "competing factual narrative") to assert that plaintiff has failed to plead falsity, scienter or loss causation, or to use the statements at issue to show why. Indeed, as to scienter, *Tellabs* and its progeny emphasize that the inquiry is "inherently comparative." 551 U.S. at 322-25. *See Webb v. SolarCity Corp.*, 884 F.3d 844, 850 (9th Cir. 2018) (a "strong inference cannot be identified in a vacuum as the inquiry is inherently comparative"), quoting *Tellabs*, 551 U.S. at 314; *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009). To the extent the MTC tries to argue the "merits" of the motion to dismiss on falsity, scienter or loss causation, those points will be addressed in defendants' forthcoming reply being filed January 27.

### IV.   PLAINTIFF'S ARGUMENTS ABOUT THREE NEWS STORIES, AND TWO SCHOLARLY ARTICLES, LACK MERIT AND WOULD NOT JUSTIFY A MOTION TO STRIKE OR CONVERT IN ANY EVENT

Plaintiff did not object to the majority of the exhibits accompanying defendants' motion. As for the handful of exhibits they do assail in the MTC, those materials do nothing to convert defendants motion to a motion for summary judgment and there is no basis for striking them.

#### A.   The August 7, 2018 *Financial Times* Article

Plaintiff does not dispute that Ex. B, an April 7, 2018 *Financial Times* ("*FT*") story that leaked word of PIF's investment in Tesla, was issued before Mr. Musk's initial Tweet on August 7. MTC at 3. That news report is expressly mentioned in the CC (¶ 90) (quoting an analyst report)

and, as noted in the motion to dismiss, the resulting increase in Tesla's stock price prior to Mr. Musk's tweet is referenced by the SEC complaint on which plaintiff otherwise relies. Mot. at 6 (citing Ex. P, ¶ 75 and Ex. T). Plaintiff nevertheless asks the Court to reject the *FT* story as "outside" the pleadings. Yet, in making that argument, plaintiff ignores that he **expressly relies on the same article in the Opposition** (Opp. at 19, relying on Ex. B), albeit for another proposition.[6] Plaintiff cannot both object to and embrace the *FT* story – this is exactly the kind of cherry-picking courts do not permit. Moreover, even disregarding plaintiff's own reliance on the *FT* article, he also alleged that his CC was based broadly on "press releases and media reports" about Tesla – which is precisely what Ex. B is.

Plaintiff also makes a conclusory claim that what prompted Mr. Musk's initial tweet is a "disputed" fact, but he does not plead any other reason why Mr. Musk tweeted that day at that time. This Court has rejected such a "bare assertion." *See Azar v. Yelp, Inc.*, 2018 WL 6182756, at *5 (N.D. Cal. Nov. 27, 2018). Apparently recognizing this gap, plaintiff now tries to introduce an October 29, 2018 *Washington Post* article (nowhere referenced in the CC) to claim Mr. Musk "admitted" he tweeted "in order to harm these short-sellers." MTC at 4 & n.3. Mr. Musk never admitted any such thing, and the article includes no such admission. If anything is prohibited by *Khoja*, it would be plaintiff offering (ironically, on a motion to **exclude** evidence) a news story "outside the pleadings" that he apparently believes he needs to avoid dismissal. In any event, even if the *FT* article is not considered, plaintiff still needed to plead facts showing that Mr. Musk's statements were false and misleading and that he was deliberately lying. Because plaintiff has not come close to doing so, the motion to dismiss should be granted whether or not the Court considers Exhibit B.

### B.    The Two Scholarly Articles On Short-Selling

A court may consider scholarly articles as support for a party's position on a motion to dismiss, even if it does not take "judicial notice" of the articles. *See, e.g., OSO Grp., Ltd. v.*

---

[6] As will be noted in defendants' reply, plaintiff cites the *FT* article to note that another company had taken a 5% stake in Tesla in 2018 without prompting Mr. Musk to tweet about a take private transaction. That is precisely the point. Unlike that other company, Mr. Musk was actually engaged in discussions with PIF to take Tesla private, most recently on July 31 when he was told that PIF had bought almost 5% of Tesla.

*Bullock & Assocs., Inc.*, 2009 WL 2422285, at *2 n.3 (N.D. Cal. Aug. 6, 2009); *Funke v. Sorin Grp. USA, Inc.*, 147 F. Supp. 3d 1017, 1026 (C.D. Cal. 2015) (scholarly articles submitted with motion to dismiss appropriately considered even where judicial notice was not requested). Defendants cited two such academic articles (Exs. U and V) to provide background on short-sellers and why they are often viewed by market participants with disdain. Such scholarly articles are not "contested facts." And plaintiff does not dispute the authenticity or content of the journal articles. In any event, even if the Court does not consider the articles for the narrow purpose offered, the motion to dismiss should still be granted. *See, e.g., Juniper*, 880 F. Supp. 2d at 1059-60; *Fusion-io*, 2015 WL 661869, at *9; *Facebook*, 405 F. Supp. 3d at 830-31.

### C. Two Published Stories Showing Short-Sellers Profited In The Class Period

Although plaintiff's MTC concedes that at least "some short-sellers may have profited during the Class Period" (MTC at 6), plaintiff nevertheless complains about the submission of two publicly available reports corroborating that short-sellers profited during the alleged class period. *See* Exs. Y, Z. But these two articles are hardly the only source of such information. Articles in *Bloomberg* on August 14, 2018 like those relied upon by plaintiff in the CC (¶ 107) – and to which plaintiff makes no objection – quote short-sellers as exuberant, stating even a week earlier that "[t]he time has come for the great Tesla short" and "the potential payoff for a short position improves." Ex. L at 3. It is also evident from plaintiff's own allegation that Tesla is one of the most heavily shorted stocks in the world (CC ¶¶ 84, 159), and from the steep decline in Tesla's stock price that began on August 8 (Ex. T). And it was among the arguments made by some of the plaintiffs during the lead plaintiff process. *See, e.g.,* Nov. 15, 2018 Hearing Tr. (Dkt. 163) at 13 (noting that some short sellers may have conflicts based on profits during class period); *id.* at 46 (some short sellers claim no losses after August 7).

Like all of that information (to which no objection is made), the two news articles can be considered by the Court, especially where, as here, plaintiff claims to have broadly relied on news stories and publicly available information. *See Veal*, 2019 WL 5698072, at *8; *Hefler*, 2018 WL 1070116, at *2. But even if the articles were ignored, for the reasons detailed in defendants' motion to dismiss and upcoming reply, plaintiff's supposed "motive" allegation is legally

insufficient to show scienter, and is vastly outweighed by the more cogent and compelling inference of good faith. *See, e.g., City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2019 WL 6877195, at *18 (N.D. Cal. Dec. 17, 2019) (alleging a "motive to commit fraud and opportunity to do so is not enough" to plead a claim).

## V.  PLAINTIFF'S PROPOSED ORDER MUST BE REJECTED

As noted, plaintiff's motion is substantively and procedurally defective and should be denied. But even if the Court were to entertain the MTC, plaintiff's PO is grossly overbroad and unjustified. By way of example, the PO seeks to strike defendants' description of and legal arguments based on what Mr. Musk said to Tesla's Board on August 2 (in an email) and August 3 even though they are based on matters pleaded in the CC and exhibits to which plaintiff does not object. *See* PO at 2, 10, 16, 25. The same is true of plaintiff's effort to strike discussion of the blogs on August 13 (providing further information about the transaction Mr. Musk was considering) and August 24 (advising that Mr. Musk had determined to forego pursuit of a take private deal), even though they are quoted verbatim in the CC (and the veracity of the August 24 blog, which post-dates the Class Period, is not alleged to be misleading). *See* PO 3, 15, 17. And since plaintiff concedes that the Court can take judicial notice of Tesla's stock price (Ex. T), there is no basis to strike argument regarding movements in the stock price and the inferences to be drawn therefrom. *See* PO at 6, 19.

## VI.  CONCLUSION

Plaintiff's MTC is improper, procedurally and substantively, and should be denied.

Dated: January 24, 2020

FENWICK & WEST LLP

By: /s/ *Jennifer S. Bretan*
Jennifer C. Bretan

Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice