DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
KEVIN P. MUCK (CSB No. 120918)
kmuck@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

ALISON C. JORDAN (CSB No. 311081)
ajordan@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal
Musk, and Linda Johnson Rice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No.: 3:18-cv-04865-EMC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE**<br><br>Date: March 5, 2020<br>Time: 1:30 p.m.<br>Dept.: Courtroom 5, 17th Floor<br>Judge: Hon. Edward M. Chen<br><br>Date Action Filed: August 10, 2018 |

## I. INTRODUCTION

Plaintiff's Response to Defendants' Request for Judicial Notice ("RJN Opp.," Dkt. 232) does not dispute that the vast majority of documents submitted with defendants' motion to dismiss the Consolidated Complaint ("CC") are properly before the Court. Plaintiff concedes that Exhibits A and C-T[1] may be considered "either through judicial notice or incorporation doctrine" (RJN Opp. at 1), and he only objects to five news articles from August 2018 (Exhibits B, W, X, Y and Z). As discussed below, plaintiff's objections to those five exhibits should be overruled.

## II. PLAINTIFF'S OBJECTIONS TO THE FIVE EXHIBITS ARE WITHOUT MERIT

### A. Exhibit B

Plaintiff's objection to Exhibit B – an August 7, 2018 *Financial Times* article – is mystifying given that he purports to rely on the same article in opposing the motion to dismiss. *See* Dkt. 231 ("MTD Opp.") at 19. In so doing, plaintiff necessarily concedes that Exhibit B is properly before the Court and may be considered in connection with defendants' motion.

Even apart from that concession, plaintiff never disputes that because he relies on the "fraud on the market" doctrine (CC ¶¶ 183-87), the Court may take judicial notice of documents containing publicly available information about Tesla. *See* Dkt. 229 ("RJN") at 5-6 (citing cases). Plaintiff's silence on that point further confirms that Exhibit B is subject to judicial notice. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (courts may take notice of periodicals to "indicate what was in the public realm at the time"); *In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d 943, 953 (N.D. Cal. 2017) (same).[2]

Independently, Exhibit B may be considered in its entirety because plaintiff chose to refer to it (and rely on it) in his complaint. *See* CC ¶ 90 (referencing an August 7, 2018 "FT article" regarding the Public Investment Fund of Saudi Arabia ("PIF") taking a financial stake in Tesla). Where, as here, "the complaint necessarily relies upon a document or the contents of the

---

[1] All exhibits are attached to the Declaration of Jennifer C. Bretan (Dkt. 228).

[2] *See also see also Hefler v. Wells Fargo & Co.*, 2018 WL 1070116, at *2 (N.D. Cal. Feb. 27, 2018) (taking judicial notice of "publicly available articles or other news releases of which the market was aware"); *SEC v. Mozilo*, 2009 WL 3807124, at *7 n.2 (C.D. Cal. Nov. 3, 2009) (judicial notice of "transcripts of earnings conference calls and investor forums, [and] newspaper articles"); *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, 2020 WL 83845, at *2 (N.D. Cal. Jan. 7, 2020) (judicial notice of publicly accessible websites and news articles).

document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to [its] relevance," the document is within the scope of the incorporation by reference doctrine. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).[3] This principle precludes "plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *In re Facebook, Inc. S'holder Deriv. Privacy Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).

Because Exhibit B meets the requirements for application of the doctrine (*see Coto Settlement*, 593 F.3d at 1038), plaintiff's argument that the CC makes only a "fleeting" reference to the *Financial Times* article (RJN Opp. at 4) is legally unavailing. Moreover, plaintiff's effort to downplay Exhibit B is belied by his citation to (and purported reliance on) the article in his opposition to defendants' motion to dismiss. *See* MTD Opp. at 19.

Nor is there any merit to plaintiff's contention that defendants are using Exhibit B to create some improper factual dispute. RJN Opp. at 4-5. Defendants have not asked the Court to take notice of any "disputed facts" in Exhibit B. *See Khoja*, 899 F.3d at 999. Rather, defendants noted that the article plaintiff chose to reference in his complaint (and refer to in the MTD Opp.) reported on the morning of August 7 that PIF had acquired a 5% stake in Tesla. The undisputed fact of *what was reported to the market on the morning of August 7* is something the Court may properly consider, especially given its temporal proximity to challenged statements later that day. CC ¶¶ 120, 122, 124, 126; *see also Sgarlata v. PayPal, Inc.*, 2018 WL 6592771, at *6 (N.D. Cal. Dec. 13, 2018) (taking judicial notice of press releases not for the truth of the matters asserted, but to show what was reported publicly). Plaintiff is free to argue as a legal matter that the reporting of PIF's financial stake is irrelevant to whether he has stated a claim (RJN Opp. at 5), but he

---

[3] *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569, n.13 (2007) (courts are "entitled to take notice of the full contents of the published articles referenced in the complaint, from which the truncated quotations were drawn.") (citing Fed. R. Evid. 201).

cannot prevent defendants from arguing to the contrary – or preclude the Court from considering those competing legal arguments.

    B.    Exhibit W

Exhibit W is another August 7, 2018 *Financial Times* article which reported that Tesla's stock price had increased in response to news of PIF's large investment. As discussed above, plaintiff's invocation of the "fraud on the market" doctrine means this article is judicially noticeable. *See* Sec. II.A., *supra*. Once more, plaintiff is unable to dispute that point. The most he can do is argue (without any authority) that "an article written by an unrelated third-party" is not subject to judicial notice. RJN Opp. at 5. That argument is contrary to governing law. *See, e.g.*, *Veal v. LendingClub Corp.*, 2019 WL 5698072, at *8 (N.D. Cal. Nov. 4, 2019) (courts may consider "publicly available articles or other news releases of which the market was aware").

Additionally, the CC's reference to August 7 reporting by the *Financial Times* (*see* CC ¶ 90) means that Exhibit W – like Exhibit B – can be considered under the incorporation by reference doctrine. *See* Sec. II.A., *supra*; *see also Coto Settlement*, 593 F.3d at 1038.

Further underscoring that conclusion is plaintiff's express allegation that his pleading is based on, *inter alia*, Tesla's SEC filings, press releases, media reports and "other publicly available information concerning Tesla." CC at 1. As the CC's preamble makes clear (*id.*), plaintiff cites those purported sources in an effort to show that his "information and belief" allegations have a factual basis, as required by the PSLRA and Fed. R. Civ. P. 11. *See* 15 U.S.C. § 78u-4(b)(1) ("if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed"); *see also Rok v. Identiv, Inc.*, 2016 WL 4205684, at *1 (N.D. Cal. Aug. 10, 2016) (noting that a substantially similar preamble was designed to show compliance with Rule 11). Yet plaintiff now suggests his preamble should not be taken seriously, and that it does not permit defendants to cite – or the Court to consider – the "publicly available information" on which his allegations are purportedly based. *See* RJN Opp. at 6. Not surprisingly, plaintiff is unable to cite any authority to support the proposition that allegations *he chose to include* in the CC in an effort *to satisfy his pleading obligations* may now be disregarded as meaningless. *Cf. Rok*, 2016 WL 4205684, at *1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(relying on plaintiffs' preamble to deny motion to strike).[4]

Equally fruitless is the argument that Exhibit W is being used to support a "counter-factual narrative that is disputed by Plaintiff." RJN Opp. at 5. Plaintiff does not actually dispute anything in Exhibit W (*i.e.*, that PIF's investment in Tesla was reported early on August 7 and the stock price increased thereafter). At most, he disputes the *legal* significance of the disclosure and the market's reaction, but that *legal* dispute does not prevent the Court from considering Exhibit W. *See Sgarlata*, 2018 WL 6592771, at *5-6. Indeed, under the PSLRA, the Court *can and must* consider competing inferences raised by documents subject to judicial notice or incorporation by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-26 (2007).

### C. Exhibits X, Y and Z

For the same reasons, the Court should overrule plaintiff's objections to Exhibit X (a *Wall Street Journal* article from August 15, 2018), Exhibit Y (an August 17, 2018 *S3 Analytics* article), and Exhibit Z (an August 19, 2018 *Market Watch* article). Again, plaintiff simply ignores that in a "fraud on the market" case such as this, it is proper to take judicial notice of news articles and other public information for the purpose of showing what was known to the market. *See* Sec. II.A, *supra*; *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *In re Kalabios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017).

Moreover, by affirmatively alleging the CC is based on "publicly available information" regarding Tesla (CC at 1), plaintiff himself has dictated that Exhibits W-Z may be considered under the incorporation by reference doctrine. *See* Sec. II.B, *supra*. Unable to offer a cogent response, plaintiff asserts that defendants should not be able to "reference any document they please[] for whatever reason." RJN Opp. at 6. But that assertion is a *non sequitur*. Defendants are not able (and do not claim to be able) to "reference any document they please[]"; rather, defendants are merely citing documents that *plaintiff himself put at issue in his own complaint*. *See In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (documents properly considered where plaintiffs "expressly referred to these exhibits in the [complaint], and

---

[4] Plaintiff's citation to *Khoja* (RJN Opp. at 6) is unavailing. Because the preamble avers that "publicly available information" about Tesla helps "form the basis of the complaint," application of the incorporation by reference doctrine is proper. *See Khoja*, 899 F.3d at 1002-03.

relied on them as sources of the allegedly fraudulent statements."). Plaintiff could have specified that his "information and belief" allegations were only based on a limited number of enumerated documents, but he chose not to do so. That plaintiff now regrets his tactical decision does nothing to prevent defendants from citing – or the Court from considering – Exhibits X-Z under the incorporation by reference doctrine.

Finally, Exhibits X-Z present no "disputed facts" that defendants have asked the Court to resolve in their favor. As with Exhibits B and W, plaintiff improperly conflates a *factual* dispute (which is not present here) with a *legal* dispute (which is). In other words, the parties may disagree about the conclusions and inferences to be drawn from Exhibits X-Z, or the legal import of those articles, but that legal dispute is irrelevant for purposes of determining whether the documents are subject to judicial notice or incorporation by reference. *See Wozniak v. Align Tech., Inc.*, 850 F. Supp. 2d 1029, 1039 n.6 (N.D. Cal. 2012) (granting request for judicial notice when plaintiff's sole objection was to the "'unreasonable inferences' defendants seek to draw").[5]

### III. CONCLUSION

For the foregoing reasons, plaintiff's objections to Exhibits B, W, X, Y and Z should be overruled.

Dated: January 27, 2020

FENWICK & WEST LLP

By: /s/ *Kevin P. Muck*
Kevin P. Muck

Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice

---

[5] Plaintiff's confusion on this point is illustrated by the argument that defendants cannot use judicially-noticeable documents "to counter Plaintiff's allegation that Musk harmed short-sellers." RJN Opp. at 7. But what plaintiff calls an "allegation" is, in reality, nothing more than a legal conclusion – and to the extent that Exhibits Y and Z bear on that legal conclusion, the Court can and should consider those materials. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").