**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel : 415-373-1671
Fax : 415-484-1294
Email: aapton@zlk.com
         amccall@zlk.com

*Attorneys for Lead Plaintiff and the Class*
*[Additional Counsel on Signature Block]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC <br><br> <u>CLASS ACTION</u> <br><br> **LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO CONVERT DEFENDANTS' MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE** <br><br> **ORAL ARGUMENT REQUESTED** <br><br> Date: March 6, 2020 <br> Time: 1:30 p.m. <br> Location: Courtroom 5, 17th Floor <br> Judge: Hon. Edward Chen <br><br> Date Action Filed: August 10, 2018 |

## I. INTRODUCTION

In their Motion to Dismiss, Defendants did not accept all facts properly pleaded by Plaintiff in his Amended Complaint as true, as required when moving to dismiss under Federal Rule of Civil Procedure 12(b)(6), and argue that as a matter of law these facts failed to state a claim. Instead, they presented an alternative version of the facts, relying on materials extraneous to the complaint and facts accessible only to Defendants, and argued that this narrative, even though disputed by Plaintiff, is more credible and plausible than the version alleged in the Amended Complaint and justified dismissal of the claims as a matter of law. In particular, Defendants argued that Defendant Elon Musk's August 7, 2018 tweet "*Am considering taking Tesla private at $420. Funding secured*" did not misrepresent the status of preliminary discussions to take Tesla, Inc. private (where no price had been agreed and no funding had been secured) in an attempt to artificially inflate Tesla's stock price but, instead, was a response to an earlier news article regarding the acquisition of a 5% stake in Tesla by the Saudi Arabia Public Investment Fund. Defs. MTD Br. (ECF No. 227) at 2, 6, 17. In their recent Reply Brief (ECF No. 237), Defendants repeat this factual argument, even going so far as to state that Plaintiff "cannot seriously contest that the August 7 tweets were prompted by breaking reports of PIF having acquired almost 5% of Tesla's stock…". Reply Br. at 9. Not only is this fact most definitely contested by Plaintiff, it depends on numerous facts that are outside the pleadings, including the publication of the *Financial Times* article itself, when Musk read the article (if at all), and how it impacted his tweet (if at all). Other critical aspects of Defendants' arguments in their motion to dismiss were similarly dependent on facts outside the pleadings.

Accordingly, in addition to opposing Defendants' motion to dismiss, Plaintiff appropriately filed a motion to convert Defendants' motion to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).[1] Rule 12(d) provides that "if, on a motion

---

[1] Defendants argue that Plaintiff's Motion to Convert was in violation of Civil Local Rule 7-3(a) which provides that evidentiary and procedural objections to any motion be contained in the opposition brief. Plaintiff's Motion to Convert is far more than an "evidentiary or procedural objection" but rather is an explicit request for the Court to grant affirmative relief by converting the motion to dismiss to a motion for summary judgment and permitting discovery to proceed. *See Sahu v. Union Carbide Corp.*, 548 F.3d 59, 69 (2d Cir. 2008) (reversing grant of summary

1  under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by
2  the court, the motion must be treated as one for summary judgment under Rule 56" and all parties
3  given an opportunity to take discovery and present evidence to the Court. Plaintiff relied on the
4  recent decision in *Khoja v. Orexigen Therapeutics, Inc.* where the Ninth Circuit noted that "the
5  unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks
6  premature dismissals of plausible claims that may turn out to be valid after discovery" and held
7  that such "undermining of the usual pleading burdens" will ***not*** be tolerated. 899 F.3d 988, 998
8  (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019).

9        In their Opposition (ECF No. 236), Defendants fail to address the substance of Plaintiff's
10 Motion to Convert. They simply argue that it is appropriate for the Court to consider the contents
11 of public documents in deciding a motion to dismiss. *See* Defs. Opp. at 4-5. Putting to one side
12 that the Defendants ask the Court to consider facts beyond the contents even of the public
13 documents, such as, for instance, whether Musk actually read the *Financial Times* article, when
14 that took place, and how it relates to his August 7 tweets, the problem is ***how*** Defendants ask the
15 Court to use those documents. Defendants request the Court to consider not just the existence of
16 these documents and that their contents were published but that their contents ***are true*** and form
17 the basis for a competing narrative that the Defendants urge the Court to accept over the narrative
18 properly pleaded in the Amended Complaint. That is improper at the pleadings stage and should
19 be deferred to an appropriate summary judgment motion on a complete evidentiary record.

20 **II.  ARGUMENT**

21     **A.  Defendants Improperly Rely on Articles Outside the Amended Complaint.**

22       It is unclear whether Defendants rely on the doctrine of judicial notice or incorporation by

---

judgment where no explicit motion to convert under Rule 12(d) had been filed). Defendants' cases are not to the contrary. *See In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1162 (N.D. Cal. 2019)(additional "objections" to motion to dismiss in excess of page limits not considered); *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, No. C 11-2243 CW, 2013 WL 450626, at *1 (N.D. Cal. Feb. 4, 2013)(motion to strike denied as a "premature" and "piecemeal" attempt to exclude evidence to be offered in future in violation of scheduling order); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012)(motion to strike on evidentiary grounds granted even though the Court considered it technically in violation of Local Rule 7-3(a)).

1  reference to justify their presentation of materials outside the Amended Complaint without
2  converting their motion to dismiss to a motion to summary judgment. *Compare* Defs. Opp. at 4
3  (judicial notice) with Defs. Opp. at 5 (incorporation by reference). In any event, their arguments
4  are unavailing.

5    A document is incorporated by reference into a complaint where "the plaintiff refers
6  extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899
7  F.3d at 1002 (*quoting United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "Mere
8  mention" of the existence of a document is insufficient. *Id*. (*quoting Coto Settlement v. Eisenberg*,
9  593 F.3d 1031, 0138 (9th Cir. 2010)). Clearly, none of the documents relied on by Defendants
10 can be properly regarded as "extensively" referred to in the Amended Complaint or forming the
11 basis for Plaintiff's claim. Four of the documents are not even referred to at all in the Amended
12 Complaint and the fifth has a passing reference in ***another*** separate document that is cited in the
13 Amended Complaint. *See* Amended Complaint (ECF No. 184) ¶90. This is precisely the "mere
14 mention" of the existence of a document that the Ninth Circuit found insufficient in *Khoja*. *Id*. at
15 1003 ("For 'extensively' to mean anything under *Ritchie*, it should, ordinarily at least, mean more
16 than once."). Defendants' reliance on the fact that the Amended Complaint is based on Plaintiff's
17 investigation of public information is also insufficient to incorporate by reference ***all*** public
18 information about Tesla during the Class Period. Such a suggestion is absurd and would negate
19 the incorporation by reference doctrine and Rule 12(d) altogether. *See* Defs. Opp. at 2, 4 n. 4.

20    Defendants also argue that the documents, especially the August 7, 2018 *Financial Times*
21 article, are incorporated by Plaintiff because he makes arguments based on them in his Opposition
22 to Defendants' Motion to Dismiss. *See* Defs. Opp. at 2. Again, this argument ignores the terms of
23 Rule 12(d) as well as *Khoja* as it would permit a defendant to present evidence outside the
24 complaint as part of a Rule 12(b)(6) motion and then prevent a plaintiff from addressing those
25 materials in response unless it conceded the issue of conversion under Rule 12(d). That cannot be
26 the law, and Defendants tellingly cite no authority for this proposition. As Defendants elected to
27 present materials outside the Amended Complaint in support of their Motion to Dismiss, the Court
28 should simply convert the motion under Rule 12(d) without even reaching Plaintiff's Opposition.

Defendants also cite to cases where courts have taken judicial notice of news articles and other public information when deciding Rule 12(b)(6) motions. *See* Defs. Opp. at 4. Defendants do not, however, explain the very limited use the Court made of those judicially noticed documents. As the Court explained in *Wochos v. Tesla, Inc.*: "The Court thus considers these documents for the sole purpose of determining what representations Tesla made to the market. The Court does not take notice of the truth of any of the facts asserted in these documents." No. 17-CV-05828-CRB, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019); *see also Veal v. LendingClub Corp.*, No. 18-CV-02599-BLF, 2019 WL 5698072, at *9 (N.D. Cal. Nov. 4, 2019)("Court does not take notice of the truth of any of the facts asserted in these documents [subject to judicial notice]."); *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 1070116, at *3 (N.D. Cal. Feb. 27, 2018)("Court does not take notice of any disputed facts contained within those documents."); *In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1009 (N.D. Cal. 2017)(taking judicial notice of documents to show that "the market was aware of the information Plaintiffs accuse [defendant] of misrepresenting or failing to disclose.").

This is very different to the use by Defendants of the news articles and other documents in their Motion to Dismiss. Instead of simply using the documents to show what information was available to the market, they make arguments based on specific knowledge by Musk at particular times as well as whether certain Tesla investors suffered damages. This is precisely "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint" that the Ninth Circuit criticized in *Khoja*, 899 F.3d at 998. This is inappropriate for documents judicially noticed as well as those incorporated by reference. *Id.* at 1003 ("Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.").

**B.    Defendants' Arguments Based on August 13, 2018 Blogpost Are Also Inappropriate.**

Plaintiff does not dispute that Musk's August 13, 2018 blogpost is incorporated by reference in the Amended Complaint. It is completely set forth in the pleading and contains misrepresentations that form part of the basis for Plaintiff's claims. This does not mean, however,

that Defendants can make any argument based on the blogpost in their motion to dismiss. In particular, it does not mean that the Defendants can request that the Court accept statements made by Musk in the blogpost as true. Plaintiff has pleaded particular facts showing why the blog post was false and materially misleading such as its that there was "no question that a deal with the [PIF] could be closed" because Musk knew at that point in time that Tesla's board would not approve a Middle East production facility, which was a requirement of the PIF. Amended Complaint (ECF No. 184) ¶¶137-38 (Tesla director referred to Middle East production facility as a "non-starter"). In light of Plaintiff's allegations concerning the August 13 blog post, it contains many disputed facts that the Defendants cannot rely on as true at the pleading stage. *See Khoja*, 899 F.3d at 1003 ("it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."); *see also Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*, No. 19-CV-03532-DMR, 2019 WL 6716292, at *5 (N.D. Cal. Dec. 10, 2019)(refusing to incorporate by reference a document relied on to create a defense as that is "the key disputed issue in the lawsuit"); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592 (N.D. Cal. 2019)(improper to assume the truth of an incorporated document used to dispute well-pleaded facts in a complaint.).

### III.   CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiff's Motion to Convert, Defendants' Motion to Dismiss should be converted to a motion for summary judgment pursuant to Rule 12(d) and discovery permitted to proceed. Alternatively, the Court should exclude the portions of Defendants' Motion to Dismiss that improperly presents or relies on materials outside the complaint. In either event, the Court should deny Defendants' Motion to Dismiss.

Dated: February 7, 2020                                         Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 s/ Adam M. Apton
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel : 415-373-1671
Fax : 415-484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Alexander A. Krot III
**LEVI & KORSINSKY, LLP**
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel: 202-524-4290
Email: nporritt@zlk.com
Email: akrot@zlk.com

(*admitted pro hac vice*)

-and-

Joseph E. Levi
Eduard Korsinsky
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, New York 10006
Tel: 212-363-7500
Fax: 212-363-7171
Email: jlevi@zlk.com
Email: ek@zlk.com

*(admitted pro hac vice)*

*Attorneys for Lead Plaintiff and the Class*