**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel : 415-373-1671
Email: aapton@zlk.com
         amccall@zlk.com

*Attorneys for Lead Plaintiff and the Class*
*[Additional Counsel on Signature Block]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC |
| | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

1    Lead Plaintiff Glen Littleton ("Lead Plaintiff"), and Defendants Tesla, Inc., Elon R. Musk,

2    Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal

3    Musk, and Linda Johnson Rice ("Defendants") (collectively, Lead Plaintiff and Defendants are

4    referred to as the "Parties") submit this Joint Case Management Statement pursuant to Federal

5    Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of

6    California dated November 1, 2018, and Civil Local Rule 16-9.

7    **I.       JURISDICTION AND SERVICE**

8    The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 and

9    §27A of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §78aa). Defendants

10   have waived service of process. Defendants do not contest subject matter jurisdiction, personal

11   jurisdiction or venue. No parties remain to be served and Defendants have stipulated to answer

12   on June 15, 2020.

13   **II.      FACTS**

14           **A.       Overview**

15   Lead Plaintiff incorporates by reference the factual allegations set forth in detail in his

16   Consolidated Class Action Complaint for Violations of the Federal Securities Laws

17   ("Complaint") filed on January 16, 2019. (ECF No. 184). In general, Lead Plaintiff alleges that,

18   during the proposed class period (August 7 – August 17, 2018), certain statements by Mr. Musk

19   and/or Tesla concerning a potential take-private transaction were materially false or misleading

20   (including omissions of alleged facts), in violation of Section 10(b) of the Securities Exchange

21   Act of 1934 (the "1934 Act").  Lead Plaintiff further alleges that the director defendants bear

22   liability as control persons of Tesla under Section 20(a) of the 1934 Act.

23   Defendants deny Lead Plaintiff's allegations and deny that any of them bear liability to

24   Lead Plaintiff or the alleged class.

25           **B.       Principal Factual Issues in Dispute**

26   Defendants have not yet answered the Complaint, but the Parties anticipate that the factual

27   issues in dispute will include:

28           1.       Whether certain alleged statements made by Musk and/or Tesla from August 7,

2018 to August 13, 2018 materially misrepresented the status of the proposed going private transaction;

2.    Whether statements made by Musk are attributable to Tesla;

3.    Whether Musk knew or was deliberately reckless in making his statements regarding a going private transaction from August 7, 2018 to August 13, 2018;

4.    Whether Musk's motive in making statements regarding the going private transaction was to harm short sellers of Tesla's stock;

5.    Whether the market for Tesla's common stock or other securities was efficient so that the Class is entitled to a presumption of reliance under Basic, Inc. v. Levinson, 485 U.S. 224 (1988);

6.    Whether and/or to what extent alleged misstatements made by Musk and/or Tesla from August 7, 2018 to August 17, 2018 affected the price of Tesla's common stock and other securities;

7.    Whether Lead Plaintiff and other members of the Class suffered damages and the amount of those damages.

8.    Whether the director Defendants acted as control persons of Tesla from August 7, 2018 to August 17, 2018.

9.    Whether Lead Plaintiff's claims and defenses are typical of the claims and defenses of the Class.

10.    Whether Lead Plaintiff will fairly and adequately protect the interests of the Class.

## III.   LEGAL ISSUES

The principal disputed points of law are set forth in detail with relevant case law in the motion to dismiss briefing and the Order (ECF Nos. 227, 231, 237, & 251).

## IV.   MOTIONS

The following motions have been filed in this action:

1.    On October 9, 2018, nine competing Motions for Consolidation of the Related Actions, and Motions to Appoint Lead Plaintiff and Lead Counsel were filed. ECF Nos. 40, 41, 45, 46, 47, 64, 71, 74, 80. On November 27, 2018, the Court consolidated the actions and entered an order appointing Lead Plaintiff and approving his selection of Lead Counsel. ECF No. 152.

2.    On November 30, 2018, movant Dany David filed a motion for reconsideration of the Court's Order granting Lead Plaintiff's Motion for Appointment as Lead Plaintiff and Selection of Lead Counsel. ECF No. 156. On December 3, 2018, movant Bridgestone Investment Corporation Limited ("Bridgestone") filed a motion for reconsideration of the Court's Order granting Lead Plaintiff's Motion for Appointment as Lead Plaintiff and Selection of Lead Counsel. ECF No. 158. On December 17, 2018 the Court denied the motions for reconsideration (ECF No. 172), and thereafter, on January 16, 2019, Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") ECF No. 184.

3.    On December 12, 2018, Lead Plaintiff filed a motion to serve non-party preservation subpoenas. The Court granted Lead Plaintiff's motion to serve non-party preservation subpoenas on January 15, 2019.

4.    On January 4, 2019, Bridgestone filed a Petition for Writ of Mandamus with the United States Court of Appeals for the Ninth Circuit following the district court's selection of lead plaintiff. On March 22, 2019 Defendants filed an Administrative Motion for Relief From Case Schedule Pending Lead Plaintiff Proceedings In The Ninth Circuit. ECF No. 199. On March 22, 2019, movant Bridgestone also filed a Motion to Stay Proceedings. ECF No. 201. The Court granted Defendants' Administrative Motion for Relief on March 22, 2019 (ECF No. 203) and Bridgestone's Motion to Stay on April 15, 2019 (ECF No. 211). On October 8, 2019, the United States Court of Appeals for the Ninth Circuit denied Bridgestone's petition. ECF No. 218.

5.    On November 22, 2019, Defendants filed a Motion to Dismiss the Complaint. ECF No. 227. On December 27, 2019, Lead Plaintiff filed a Motion to Strike or Convert Defendants' Motion to Summary Judgement. ECF No. 233. On April 15, 2020, the Court Denied Lead Plaintiff's Motion to Convert or Alternatively to Strike, and Denied Defendant's Motion to Dismiss. ECF No. 251.

6.    Lead Plaintiff intends to file a motion for class certification under Rule 23 as set forth in the Stipulated Schedule in §II.17 below.

7.    Lead Plaintiff may file a motion for summary judgment, but believes that it is too early to determine whether it ultimately will file for summary judgment or any additional motions absent the benefit of discovery. Defendants intend to file a motion for summary judgment.

## V.    AMENDMENT OF PLEADINGS

Lead Plaintiff filed the consolidated Complaint on January 16, 2019 following its appointment as Lead Plaintiff. Lead Plaintiff may seek Defendants' consent or leave of Court to amend the Complaint to add defendants, or alter claims to conform with the facts, but has no current plan for further amendment at this time.

## VI.    EVIDENCE PRESERVATION

The Parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and, as set forth below, have met and conferred regarding initial steps to preserve evidence. Each Party represents that it has instituted reasonable document retention procedures so as to maintain any relevant documents, electronic or otherwise, or any other relevant electronically recorded material, until this dispute is resolved.

**VII.   DISCLOSURES**

Pursuant to Rule 26(a)(1)(C), the Parties will exchange their initial disclosures on June 30, 2020.

**VIII.   DISCOVERY**

No discovery has been taken to date.  With respect to anticipated discovery, the Parties agree that discovery should be orderly and focused.

**A.   Lead Plaintiff**

Lead Plaintiff intends to pursue discovery from Defendants, Tesla employees, and non-parties concerning, inter alia:

1. The "going-private" transaction announced by Musk on August 7, 2018, including whether and to what extent the transaction was discussed and by whom prior to and after Musk's announcement;

2. Terms concerning the "going-private" transaction, including price, contingencies, partners, structure, and restrictions;

3. Potential funding sources for the "going-private" transaction;

4. Musk's motivations and desires to harm "short-sellers";

5. Musk's Twitter account;

6. Board and shareholder support for the "going-private" transaction;

7. Statements made by or on behalf of Tesla about the "going-private" transaction, including public and private communications with analysts, investors, and government agencies;

8. Investigations by government agencies concerning the "going-private" transaction, including the SEC and DOJ;

9. The price of Tesla securities during the Class Period;

10. Damages suffered by Tesla investors during and after the Class Period, including short sellers, option purchasers and sellers, convertible bonds, and credit default swaps;

11. Tesla's policies and practices regarding the preparation, approval, and dissemination of information;

12. Tesla's and Musk's policies and practices regarding document retention and preservation;

13. Tesla's operational and organizational structure;

14.     Tesla's compensation structure;

15.     Any denial or affirmative defenses set forth in Defendants' answer to be filed on June 15, 2020; and

16.     Any other matters relevant to the allegations in the Complaint.

Among non-parties, Lead Plaintiff may pursue discovery from The Goldman Sachs Group, Inc. or its affiliates, Morgan Stanley or its affiliates, Silver Lake Management, L.L.C. or its affiliates, the SEC, the DOJ, the Saudi Arabia Public Investment Fund, Claire Elise Boucher, known professionally as Grimes, Azealia Amanda Banks, The New York Times, The Wall Street Journal, Gizmodo, Twitter, Inc., Defendants' cell phone service providers and internet service providers, financial analysts, including JP Morgan, RBC Capital Markets, Morningstar Equity Research, Jefferies, and Evercore, media outlets, including the *New York Times*, *Wall Street Journal*, *Bloomberg*, and *Financial Times*, brokerage firms that executed Tesla investors' trades from August 7, 2018 to August 17, 2018,  institutional investors who discussed the potential going private transaction with Musk any other Tesla representative, and former employees, of Tesla.

Lead Plaintiff reserves the right to object to discovery on any or all of Defendants' listed topics as well as to seek discovery on other topics not listed above.

## B.     Defendants

Defendants anticipate they will seek discovery from and take the deposition of Lead Plaintiff and his investment advisor(s), certain non-parties including, but not limited to, certain short sellers, but are still in the process of evaluating their needs and will make determinations as the case proceeds.

## C.     Proposed Modifications of the Discovery Rules

Without waiving any rights to seek leave for additional discovery, Lead Plaintiff believes that based on the case's complexity and the numerous witnesses and non-parties already known to be relevant, the initial deposition limit should be set at twenty-five (25). Lead Plaintiff does not propose any other modifications of the Discovery Rules. Defendants believe that the presumptive limit on depositions should apply.

**D.**     **Protective Order**

On May 20, 2020, the Court Granted the Parties' stipulated protective order governing the treatment confidential or otherwise protected materials in this action. ECF No. 255.

**E.**     **Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**

**1.**     **Fed. R. Civ. P. 26(f)(3)(A) – Rule 26(a)(1)(A-D) Disclosures**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the service of initial disclosures shall occur on or before June 30, 2020.

**2.**     **Fed. R. Civ. P. 26(f)(3)(B) – Anticipated Scope of Discovery**

*See* §VIII.A-B, *supra*.

**3.**     **Fed. R. Civ. P. 26(f)(3)(C) - Electronically Stored Information**

In accordance with Federal Rule 26(f)(3)(C), the Parties have discussed electronically stored information. As guiding principles, the Parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, including with respect to the form of production of electronically stored information and metadata.

**4.**     **Fed. R. Civ. P. 26(f)(3)(D) – Privilege Issues**

In accordance with Fed. R. Civ. P. 26(f)(3)(D), the parties have discussed privilege and protection issues. The Court entered a stipulated protective order that includes an appropriate non-waiver provision pursuant to Federal Rule of Evidence 502(d).

**5.**     **Fed. R. Civ. P. 26(f)(3)(E) – Changes to Discovery Limitations**

*See* §VIII.C, *supra*.

**6.**     **Fed. R. Civ. P. 26(f)(3)(F) – Other Discovery & Scheduling Orders**

In accordance with Fed. R. Civ. P. 26(f)(3)(F), the Parties have discussed the need for other discovery or scheduling orders under Rule 26(c), 16(b), and 16(c). The Court has entered a stipulated protective order.

**F.**     **Identified Discovery Disputes**

At this time, the Parties have identified no discovery disputes but agree to meet and confer in good faith if any dispute arises.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IX.    CLASS ACTIONS

Lead Plaintiff seeks to maintain this action as a class action pursuant to Rule 23(a) and (b)(3). The Complaint defines the Class as shareholders who purchased or sold Tesla securities from August 7, 2018 to August 17, 2018 and were damaged thereby. Excluded from the Class are Defendants and their immediate families, the officers and directors of Tesla, at all relevant times, and members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Lead Plaintiff will move for class certification in accordance with the schedule set forth in §II.17 below. All counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

## X.    RELATED CASES

There are currently seven putative derivative actions pending in Delaware state and federal court seeking to assert claims based on the transactions and events at issue in this action (*Laborers' District Council Contractors' Pension Fund of Ohio v. Musk*, C.A. No. 2019-0187-JRS; *Elton v. Musk*, 2018-0749-JRS; *Seidman v. Musk*, No. 2018-0775-JRS; *Krol v. Musk*, 2018-0802-JRS; *Dixon v. Musk*, 2018-0806-JRS; *Doris Shenwick Trust v. Musk*, 2018-0823-JRS; and *In re Tesla, Inc. S'holder Deriv. Litig.*,1:18-cv-01669-CFC (D. Del.) (consolidating two actions)). Also pending in Delaware Chancery Court is *Gharrity v. Tesla, Inc.*, C.A. No. 2019-0217-JRS, a suit seeking inspection of Tesla's books and records relating to the events alleged by Lead Plaintiff in the Complaint.

## XI.    RELIEF

The Complaint asserts claims under §§10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and seeks, *inter alia*: (1) an Order declaring this action to be a proper class action pursuant to Rule 23; (2) damages, including prejudgment and post-judgment interest; (3) reasonable costs and expenses incurred in this action, including attorneys' fees; and (4) such other relief as the Court may deem just and proper. The calculation of damages in this complex securities fraud class action will be the subject of expert opinion and requires further factual discovery. Defendants believe that Lead Plaintiff and any purported class are not entitled to any relief.

## XII.   SETTLEMENT AND ADR

The Parties have met and conferred regarding ADR and agree that settlement negotiations would be premature at this time.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to a Magistrate Judge for trial.

## XIV.   OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.   NARROWING OF ISSUES

At this early stage, the Parties are not aware of any issues that can be narrowed by agreement or by motion, do not have any suggestions to expedite the presentation of evidence at trial, and do not agree to bifurcate issues, claims, or defenses.

## XVI.   EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64.

## XVII.  SCHEDULING

Consistent with the anticipated motions, and the nature and demands of this case, the Parties propose the following schedule:

| Event | Proposed Dates |
|---|---|
| Answer | June 15, 2020 (per Order) |
| Exchange Initial Disclosures | June 30, 2020 |
| Class Certification Motion | September 22, 2020 |
| Opposition to Class Certification Motion | November 23, 2020 |
| Reply in support of Class Certification Motion | January 6, 2021 |
| Hearing on Class Certification | Late January **(January 28, 2021**) |
| Fact Discovery Deadline | Mid-June 2021 **(June 15, 2021)** |
| Expert Reports Deadline | Mid-July 2021 **(July 14, 2021)** |
| Rebuttal Expert Reports Deadline | 42 days after expert reports **(August 25, 2021)** |
| Expert Discovery Deadline | September 2021 **(September 15, 2021)** |
| Last Day to File Dispositive Motions | October 2021 **(October 15, 2021)** |

| Opposition to Dispositive Motions | November 2021 **(November 23, 2021)** |
|---|---|
| Reply in Further Support of Dispositive Motions | December 2021 **(December 23, 2021)** |
| Hearing Date on Dispositive Motions | January 2022 **(January 20, 2022)** |
| Meet and Confer | 21 days before Pretrial Conference Statement due |
| Joint Pretrial Conference Statement / Trial Briefs | 21 days before Pretrial Conference |
| Objections | 10 days before Pretrial Conference |
| Pre-Trial Conference | 4 Tuesdays prior to trial at 2:30 pm |
| Trial | **April or May 2022** (as set by the Court) |

## XVIII. TRIAL

This case will be tried to a jury. The Parties presently anticipate 10 days for trial..

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On September 4, 2018, Defendants filed a Certification of Interested Entities or Persons certifying that "no listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding." (ECF No. 16). On March 22, 2019, Defendants filed an Amended Certification to include the newly named parties. (ECF No. 198).  On October 9, 2018, Lead Plaintiff filed his Certificate of Interested Entities certifying that as of the date of the Certification, no such interest is known other than that of the named parties to the action and Lead Plaintiff. (ECF. No. 44).

## XX.  PROFESSIONAL CONDUCT

All counsel of record for the Parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.  OTHER

At this time, the Parties can think of no other matters that may facilitate the just, speedy and inexpensive disposition of this matter, but agree to meet and confer in good faith about such opportunities, should they arise.

Dated:   May 22, 2020                         LEVI & KORSINSKY, LLP

                                              By: /s/     *Adam M. Apton*
                                                       Adam M. Apton

                                              Adam M. Apton (SBN 316506)
                                              Adam C. McCall (SBN 302130)
                                              388 Market Street, Suite 1300
                                              San Francisco, CA 94111
                                              Telephone: 415-373-1671
                                              Facsimile: 212-363-7171

                                              Nicholas I. Porritt (admitted *pro hac vice*)
                                              1101 30th Street NW, Suite 115
                                              Washington, D.C. 20007
                                              Telephone: (202) 524-4290
                                              Facsimile: (212) 363-7171

                                              *Attorneys for Lead Plaintiff Glen Littleton and*
                                              *Lead Counsel for the Class*

Dated:   May 22, 2020                         FENWICK & WEST LLP

                                              By: /s/       *Dean S. Kristy*
                                                       Dean S. Kristy

                                              Dean S. Kristy (CSB No. 157646)
                                              Jennifer C. Bretan (CSB No. 233475)
                                              555 California Street, 12th Floor
                                              San Francisco, California 94104
                                              Telephone: (415) 875-2300
                                              Facsimile: (415) 281-1350

                                              *Attorneys for Defendants Tesla, Inc., Elon Musk,*
                                              *Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
                                              *Antonio J. Gracias, James Murdoch, Kimbal Musk,*
                                              *and Linda Johnson Rice*

Pursuant to Civil Local Rule No. 5-1(i)(3), all signatories concur in filing this Joint Case
Management Statement.

Dated:   May 22, 2020                         By: /s/       *Adam M. Apton*
                                                        Adam M. Apton

                                                      ***

1    The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

2    is approved as the Case Management Order for this case and all parties shall comply with its

3    provisions.

4    **IT IS SO ORDERED.**

5    Dated:

6                                                          Honorable Edward M. Chen
                                                        UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28