Pages 1 - 13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen, Judge

IN RE TESLA, INC. SECURITIES    )
LITIGATION                      )   NO. C 18-04865 EMC
_____ )

                          San Francisco, California
                          Friday, May 29, 2020


**TRANSCRIPT OF REMOTE ZOOM VIDEOCONFERENCE PROCEEDINGS**


**REMOTE APPEARANCES VIA ZOOM:**

For Lead Plaintiff Glen Littleton and Lead Counsel for Class:
                    LEVI & KORSINSKY, LLP
                    1101 30th Street NW, Suite 115
                    Washington, D.C. 20007
               BY:  **NICHOLAS I. PORRITT, ATTORNEY AT LAW**
                    **ADAM C. McCALL, ATTORNEY AT LAW**

                    LEVI & KORSINSKY, LLP
                    333 Market Street, Suite 1300
                    San Francisco, California 94111
               BY:  **ADAM M. APTON, ATTORNEY AT LAW**

For Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn
Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch,
Kimbal Musk, and Linda Johnson Rice:
                    FENWICK & WEST LLP
                    555 California Street, 12th Floor
                    San Francisco, California 94104
               BY:  **DEAN S. KRISTY, ATTORNEY AT LAW**
                    **JENNIFER C. BRETAN, ATTORNEY AT LAW**


Reported Remotely Via Zoom By:  Ana M. Dub, CSR No. 7445
RDR, RMR, CRR, CCRR, CRG, CCG, Official United States Reporter

<u>**Friday - May 29, 2020**</u>                                      <u>**9:58 a.m.**</u>

<u>P R O C E E D I N G S</u>

---o0o---

**THE CLERK:**  All right.  Court is now in session.  The

Honorable Edward M. Chen is presiding.

Calling Civil Action 18-4865, In Re Tesla, Inc. Securities

Litigation.

Counsel, please state your appearances for the record,

beginning with plaintiff.

**MR. PORRITT:**  Good morning, Your Honor.  Nicholas

Porritt of Levi & Korsinksy for the plaintiff and the class.

With me are my colleagues Adam Apton and Adam McCall.

**THE COURT:**  All right.  Thank you, Mr. Porritt.

Good morning, Counsel.

**MR. KRISTY:**  Good morning, Your Honor.  Dean Kristy of

Fenwick & West for the defendants, and with me is my colleague

Jennifer Bretan.

**THE COURT:**  All right.  Good morning, Mr. Kristy and

Ms. Bretan.

What is the status of the various state and federal

derivative actions?  Are they in a stay mode pending this

action, basically?

**MR. KRISTY:**  Yes, Your Honor.  Those cases have been

stayed pending resolution of this action.  And that's by

stipulation and order in those cases.

1      **THE COURT:**  All right.  All right.  So we don't have

2  to worry about coordinating with ongoing activity in any of the

3  related cases, sounds like.

4      **MR. KRISTY:**  Correct, Your Honor.  There is a

5  procedure in place where --

6      (Stenographic reporter interrupts for clarification of the

7  record.)

8      **THE COURT:**  So you can hear everything now; correct?

9      **THE STENOGRAPHIC REPORTER:**  Yes.

10      **THE COURT:**  All right.  Thank you.

11      All right.  Well, I had started off by asking about the

12  status of the related cases, derivative cases; and I was told

13  by counsel that those matters are being stayed pending

14  resolution of this matter.

15      And I think counsel was about to elaborate on some point.

16  And that's where we were.

17      **MR. KRISTY:**  Correct, Your Honor.  Those cases -- this

18  is Dean Kristy of Fenwick for the defendants.

19      Those cases have been stayed.  There's a procedure under

20  the stipulation that was approved in the Delaware courts where

21  the plaintiffs in those cases will get some access to certain

22  discovery as it proceeds in this case, but they get it after

23  the fact.  So there is some coordination that goes on, but

24  nothing that this court has to be concerned about.

25      **THE COURT:**  All right.  Great.  Thank you.  Thank you

1    for that clarification.

2        Now, as far as discovery goes here, I understand that

3    initial disclosures are going to be exchanged on June 30.

4        There is apparently seeds of a potential dispute as to the

5    number of depositions and perhaps the breadth of discovery,

6    which I do want to talk about.

7        But before I do, maybe we should work backwards and talk

8    about the schedule.  You have submitted, jointly, a case

9    management schedule that takes us through class cert, summary

10   judgment, discovery close, pretrial conference and trial.  And

11   that seems to be a reasonable timeline, it seems to me.

12       The first major point will be the filing of the class cert

13   motions in September, leading to a hearing in late January.

14   You're proposing January 28th.

15       So my question actually relates to ADR.  I know the

16   parties have indicated that settlement discussions would be

17   premature at this point.  But my question to you is:  Where

18   along this timeline would be an appropriate juncture to start

19   having those discussions, whether it would be after -- any time

20   before class cert motions, after some discovery is done?  Would

21   it be after the class cert motion is filed but not heard?  Or

22   are we going to require class cert be adjudicated?

23       So I want to get the parties' sense.

24        **MR. PORRITT:**  Your Honor, Nicholas Porritt here for

25   the plaintiff.

1    I think my inclination would be to push it till after

2   class cert at least has been briefed.  I think the scope of the

3   class here, at the moment the class is really everyone who

4   purchased or sold Tesla securities.  So that's just stock

5   options, potentially other securities as well.  Some of that

6   will depend on discovery.  And I think that will, to some

7   degree, define the scope of whatever will be resolved or is

8   trying to be resolved through ADR.

9    So I think my suggestion would be to wait until -- at

10   least until after the briefing on the class certification.

11        **THE COURT:**  All right.  What are defendants' thoughts?

12        **MR. KRISTY:**  Your Honor, I agree with that.  I think

13   it may be better to wait until class certification is actually

14   resolved.  But certainly, at a minimum, it should be briefed so

15   we kind of have a great understanding of those issues.  So my

16   guess would be after resolution would be better, but it could

17   be sooner, as plaintiffs' counsel pointed out.

18        **THE COURT:**  All right.  So you have about a three-week

19   gap between the reply brief on class cert and the hearing.  My

20   proposal is that we space that a little bit and give you a

21   window there to at least see whether something can be done.

22    And perhaps you can begin that discussion now in terms of

23   what it might look like, whether you're going to need the

24   services of a private mediator, or whatever you want, to have

25   that in place in case that turns out to be an opportune time.

1      And it does make sense, at least to me, to have that

2   discussion, because you'll have a lot more information; you'll

3   know the scope -- at least you'll have a better sense of the

4   scope of the class; and you'll have, I think, a fair amount of

5   merits discovery done by that point.

6      So why don't I -- I'll make some adjustments.  If I move

7   class cert back by two, three weeks, I think we can do that

8   without really doing much disturbance to the rest of the

9   schedule.  You still have until mid-June to do fact-based

10   discovery, and then you have your expert phase after that.

11   And, of course, dispositive motions are not going to be filed

12   until October.

13      So I would think that just if we create a little breathing

14   space in there, we can keep the rest of the schedule.  How does

15   that sound?

16      **MR. PORRITT:**  It sounds good to plaintiffs,

17   Your Honor.

18      **MR. KRISTY:**  Same with us, Your Honor.

19      **THE COURT:**  All right.  So I'll adopt this schedule

20   and create a little spacing on the class certification.

21      And I take it all the motion dates -- I didn't

22   double-check, but these are Thursdays on our law and motion?

23   If not, I'll adjust it by a day or so in case we get off

24   calendar here.

25      And, Angie, how are we looking for, for instance, a late

1   April or early May 2022 calendar for trial?

2        You're on mute, Angie.

3            **THE CLERK:**  Okay.  Yes, we are available late

4   May 2022.

5            **THE COURT:**  And it'll be, looks like a

6   two-and-a-half-week trial.  Do we have that space in there?

7            **THE CLERK:**  We do, Your Honor.

8            **THE COURT:**  Okay.  What's the date in May?

9            **THE CLERK:**  It would be May 31st -- that's a

10  Tuesday -- because the 30th is Memorial Day.

11           **THE COURT:**  Okay.  Right after Memorial Day.  We've

12  got a window there for a two-and-a-half-week trial; correct?

13           **THE CLERK:**  Yes, we do.

14           **THE COURT:**  All right.  I'll go ahead and set

15  May 31st, 2022, right after Memorial Day, as the first day of

16  trial.  And we'll reserve ten trial days, which translates into

17  two and a half sort of calendar weeks.

18       Now, obviously, I'm telling everybody this.  Given the

19  pandemic situation, things obviously could change.  We don't

20  know what this world is going to look like.  Hopefully, we'll

21  be back to normal by 2022, and so we're just going to assume

22  that for now.

23       But, all right.  So let me ask.  The one question that has

24  sort of arisen with respect to discovery is the deposition

25  limit, which, I guess, indicates a deeper question in terms of

1    the scope of discovery.

2         I guess I'd like to hear from the proponent, the

3    plaintiffs, why at this point you foresee a need to exceed the

4    presumptive limit.  Given that a lot of information here is

5    public, there are records.  I mean, all the statements,

6    obviously, and the clarifications and all the stuff, as we

7    know, much of it is public; and we know it's not going to be

8    hard to get the board communications, et cetera.  So explain to

9    me why this case would warrant sort of super discovery in

10   scope.

11             **MR. PORRITT:**  Yes, Your Honor.  I mean, I don't think

12   it's -- I won't describe it as super discovery in terms of

13   scope.  It's really just the number of individuals who we think

14   are involved here.

15        When we were drafting up a preliminary list of potential

16   deponents, we got to around 20, once you include experts, once

17   you include institutional investors, once you include some of

18   the financial advisors.  And we already have seven or eight

19   defendants, plus some additional employees.  So you get to

20   around 20 pretty quickly, even putting aside whatever -- some

21   things that may develop.  So we just thought having 25 at this

22   point would be prudent.

23             **THE COURT:**  Well, let me ask you.  For purposes of

24   preparing your class cert motion and, if this case is going to

25   go to some form of mediation, to get prepared for mediation,

1     shooting for -- you're filing the motion in September; having a

2     mediation perhaps in January.  What do you think you need to do

3     just at that point?  And you'll have another six months after

4     that, five months.  But if we take this in phases, in other

5     words, class cert -- and I'm not going to -- I don't

6     bifurcate -- I understand there's a lot of overlap and all

7     that; but, I mean, just to get the class cert filed and to be

8     prepared for meaningful mediation, what do you think you're

9     going to need by way of number of depositions, for instance?

10    Have you looked at it through that lens?

11         **MR. PORRITT:**  It's difficult to judge a little bit,

12    Your Honor, because I'm trying to guess what comes up.  But, I

13    mean, I don't think we would need all 25 -- say it's 25 -- all

14    25 to fully understand the likely value and merits of the case

15    to be able to sensibly and in an informed way discuss potential

16    resolution.  So I don't think they all need to be taken between

17    now and January.  That's certainly not sort of the intention.

18         So, and some of them may prove to be unnecessary.  A

19    little bit you don't know what -- until you get in, you don't

20    really know what you need.  So this number we put in we just

21    thought was a prudent -- rather than having to come back to

22    the Court and become a contentious matter about whether we need

23    and extra one or two here or there, we just thought it was

24    prudent to raise the limit at this particular point in time.

25         **THE COURT:**  All right.  Well, I mean, I assume you're

1    all going to work out a discovery plan, I hope, with some

2    degree of specificity.  It makes more -- it's a more meaningful

3    exercise once you actually look at what you're going to do in

4    Phase 1 and then Phase 2, because right now it's kind of an

5    arbitrary number.  All I can tell you is that, yeah, it

6    wouldn't shock me if you need to do more than ten.  But I have

7    no idea at this point.  I don't know your list.  I don't know

8    the defense list.

9         But I will say this:  It seems like just to get into the

10   phase that I just talked about, the first phase, class

11   cert/mediation, I would think ten would be a fair estimate.  If

12   you need to go over that by a couple, you can stipulate to

13   that.  You don't need 25 at the front end.  Frankly, it would

14   be more meaningful to have a discovery plan in place.  You all

15   can stipulate.

16        So I don't think I have to rule on that formally at this

17   point, other than to indicate I would like discovery to sort of

18   be in two phases.  One is looking towards mediation/class cert,

19   which you say you need to at least brief; and then, after that,

20   you'll also have a better sense, you know, who do you really

21   need to depose to complete this case for trial prep.  And we

22   can talk about it then.

23        **MR. PORRITT:**  And, Your Honor, I would also add one

24   thing is, both parties, I think we all agree we're looking

25   forward to obtaining, early on in discovery -- hopefully in the

1    next month or so -- the complete record of the investigation

2    undertaken by the Securities and Exchange Commission, including

3    deposition transcripts.  So they, I understood, deposed or

4    interviewed 13 individuals, I think is the number.  So, some

5    Tesla employees; some not.  So we are in the process of talking

6    through obtaining that information as quickly, as efficiently

7    as possible, including serving, if necessary, a subpoena on the

8    SEC.

9        So I think all the -- I think defendants and plaintiffs

10   agree that that's going to be -- that will hopefully accelerate

11   our understanding and provide a good initial understanding of

12   the case once we get that material and have reviewed it.

13       **THE COURT:**  Good.  Well, that certainly sounds like

14   that will give you a head start in getting through Phase 1.

15       So at this point, I don't think I have to rule.  I'd

16   rather you all work that out and see.  And all I can say is at

17   this point, again, it wouldn't shock me if a case of this

18   dimension exceeds the ten, but I do want to keep it within

19   reason, and I do want to phase discovery so you can concentrate

20   on getting a mediation.

21       And the structure of the timeline here builds in time

22   enough to do the complete discovery if this case doesn't look

23   like it's going to be fruitful in January.  So we'll leave it

24   at that.

25       Anything else that we need to resolve or discuss this

1    morning?

2            **MR. PORRITT:**  Nothing from plaintiffs, Your Honor.

3            **MR. KRISTY:**  Nothing from us either, Your Honor.

4            **THE COURT:**  All right.  Well, I appreciate your

5    cooperation in working out what appears to be a reasonable

6    timeline.  We will implement that.  I'll get out a scheduling

7    order.

8            And if you could, between now and our next status

9    conference, begin to at least think about, maybe talk about

10   what venue and platform for ADR, whether that's private

11   mediation or court sponsored, any kind of court-sponsored

12   mechanism.  I'd like you to at least start thinking about that.

13           So let's set a further status conference.  Maybe we should

14   do so just before you file your class cert motions because by

15   then we'll have a pretty good sense of how discovery's gone and

16   make sure we're on track.

17           So maybe in early September, Angie.

18           **THE CLERK:**  Yes, Your Honor.  September 3rd is

19   available.

20           **THE COURT:**  Okay.  September 3rd at 10:30?

21           **THE CLERK:**  Yes.

22           **THE COURT:**  Okay.  All right.  And all I need is an

23   update.  You don't have to repeat everything, but just an

24   updated statement about any developments in the case will be

25   helpful.

1          **MR. KRISTY:**  Thank you, Your Honor.

2          **MR. PORRITT:**  Would you like us to submit a joint

3    report ahead of that status conference, Your Honor?

4          **THE COURT:**  Yeah.  A week ahead, just an update.

5          **MR. PORRITT:**  Very good.  Will do.

6          **THE COURT:**  All right, everyone.  Thank you very much.

7          **MR. KRISTY:**  Thank you, Your Honor.

8          **MR. PORRITT:**  Thank you, Your Honor.

9          **THE COURT:**  Appreciate your cooperation, and we'll

10   talk to you soon.

11          **THE CLERK:**  Court is adjourned.

12              (Proceedings adjourned at 10:16 a.m.)

13                        ---o0o---

14

15                  <u>**CERTIFICATE OF REPORTER**</u>

16          I certify that the foregoing is a correct transcript

17   from the record of proceedings in the above-entitled matter.

18

19   DATE:  Tuesday, August 11, 2020

20

21

22   _____

23      Ana M. Dub, CSR No. 7445, RDR, CRR, CCRR, CRG, CCG
              Official Reporter, U.S. District Court

24

25