**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
       amccall@zlk.com

*Attorneys for Class Representative*
*Glen Littleton and Class Counsel*

[Additional Counsel on Signature Block]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ISSUANCE OF A REQUEST FOR JUDICIAL ASSISTANCE (LETTERS ROGATORY)** <br><br> Date: February 18, 2021 <br> Time: 1:30 p.m. <br> Location: Courtroom 5, 17th Floor <br> Judge: Hon. Edward M. Chen <br><br> Date Action Filed: August 10, 2018 |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on February 18, 2021 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 5 – 17th Floor of the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Edward M. Chen presiding, Plaintiff Glen Littleton, by his counsel, will move, and hereby does move, this Court pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b) to issue letters rogatory for H.E. Yasir Al-Rumayyan, Saad Al Jarboa, and Nai Al Mogren from the Kingdom of Saudi Arabia's sovereign wealth fund named the "Public Investment Fund" for testimony in regard to the above-captioned action. A proposed letter rogatory is filed concurrently herewith.

This motion is based on this Notion of Motion and Motion, the accompanying Memorandum of Points and Authorities, the attached letters rogatory, the Declaration of Adam M. Apton and the exhibits attached thereto, the arguments of counsel, and any other matters properly before this Court.

**ISSUES TO BE DECIDED**

1.   Whether to issue letters rogatory requesting testimony from H.E. Yasir Al-Rumayyan, Saad Al Jarboa, and Nai Al Mogren from the Kingdom of Saudi Arabia's sovereign wealth fund named the "Public Investment Fund."

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiff hereby submits the following Motion for Issuance of Letters Rogatory pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b). Defendants do not object to the relief requested for letters rogatory, but do not otherwise agree with the statements herein. Plaintiff requests that this Court issue the accompanying letters rogatory to obtain testimony from H.E. Yasir Al-Rumayyan, Saad Al Jarboa, and Nai Al Mogren of the Kingdom of Saudi Arabia's sovereign wealth fund, the Public Investment Fund. The reasons for the issuance of the letters rogatory are simple and straightforward. On August 7, 2018, at 12:48 p.m. ET, Elon Musk tweeted the following message to over 22 million people: "Am considering taking Tesla private at $420. Funding secured." *See* Consolidated Complaint ¶74 (ECF No. 184). As alleged in the Complaint and as evidenced by documents produced by the Public Investment Fund to the United States Securities and Exchange Commission ("SEC") in connection with its investigation into Musk and Tesla, on July 31, 2018 a meeting occurred at the Tesla Factory in San Francisco, California between Elon Musk, Deepak Ahuja, and Sam Teller from Tesla and representatives from the Public Investment Fund. *Id.* ¶63. On August 13, 2018, Musk blogged that the Managing Director of the Public Investment Fund expressed support for funding a going private transaction for Tesla, and that Musk left the meeting believing that no other decision makers were needed, and that the Public Investment Fund was eager to proceed with the going private transaction. *See* Complaint ¶103.

Accordingly, Musk has told his side of the story. In order to present the full story at trial, Plaintiff requires testimony from the Public Investment Fund to obtain its side of the story. While the meeting minutes from the July 31, 2018 meeting have been produced to the SEC, Plaintiff has no way of authenticating the statements made therein by representatives of the Public Investment Fund other than testimony from the individuals present at the meeting. Plaintiff's requests for evidence are narrowly tailored and will not impose an undue burden on the Public Investment fund or H.E. Yasir Al-Rumayyan, Saad Al Jarboa, or Nai Al Mogren. Accordingly, Plaintiff respectfully requests that his motion be granted.

## II. FACTUAL BACKGROUND

On July 31, 2018, a meeting took place at the Tesla Factor in San Francisco, California. ¶63. Attending this meeting on behalf of Tesla were Elon Musk, Deepak Ahuja, and Sam Teller. *Id*. Representatives from the Public Investment Fund also attended the meeting. *Id*. During the meeting, a representative from the Public Investment Fund mentioned that the fund was interested in exploring a going-private transaction. *Id*.

On August 7, 2018, at 12:48 p.m. EDT, Musk, tweeted: "Am considering taking Tesla private at $420. Funding secured." ¶ *See* Complaint ¶74. During the afternoon of August 7, 2018, Musk continued to make public statements about his proposed transaction both on his personal Twitter account and on a Tesla blog. *Id*. ¶¶83-85. In these statements, Musk stated that even though "a final decision has not yet been made" Tesla will go private "if the process ends the way I expect it will." *Id*. ¶84. Finally, at 3:36 p.m. EDT, Musk tweeted "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." *Id*. ¶85.

News reporting about the proposed transaction was widespread over the following week. On August 8, 2018, the Tesla Board issued a statement that confirmed Musk had made a proposal to them. *Id*. ¶93. After the market closed on August 8, 2018, the *Wall Street Journal* reported that the SEC had commenced an investigation into whether Musk had "a factual basis" for his August 7, 2018 tweets. *Id*. ¶98. On August 12, 2018, *Bloomberg* reported that the Saudi Arabian Public Investment Fund, identified as a potential source of funding for the proposed transaction, "hasn't made any firm decisions on whether to increase its stake [in Tesla], or by how much." *Id*. ¶102.

On August 13, 2018, Musk published a lengthy post regarding the potential transaction on Tesla's blog where he sought to bolster his prior assertion that funding was secured for taking Tesla private and how he intended to structure the transaction. *Id*. ¶103. "Update on Taking Tesla Private" which stated in part that:

> Recently, after the Saudi fund bought almost 5% of Tesla stock through the public markets, they reached out to ask for another meeting. That meeting took place on July 31st. During the meeting, the Managing Director of the fund expressed regret that I had not moved forward previously on a going private transaction with them, and he strongly expressed his support for funding a going private transaction for Tesla at this time. I understood from him that no other

decision makers were needed and that they were eager to proceed.

I left the July 31st meeting with no question that a deal with the Saudi sovereign fund could be closed, and that it was just a matter of getting the process moving. This is why I referred to "funding secured" in the August 7th announcement.

After market hours on August 16, 2018, the *New York Times* published online, and later in print on August 17, 2018, a detailed interview with Musk confirming that funding for the proposed transaction "was far from secure" and the PIF "had not committed to provide any cash." *Id*. ¶112. On August 24, 2018, Elon Musk and Tesla confirmed that they were no longer pursuing a going-private transaction. *Id*. ¶ 115.

Plaintiff alleges that that Elon Musk has since admitted that there was never any funding, and therefore knew that his statements to the contrary were false. *Id*. ¶¶170-71. Plaintiff now seeks testimony from the Public Investment Fund representatives who attended the July 31, 2018 meeting, which go to the heart of his allegations of falsity. Plaintiff cannot serve a third-party subpoena on the Public Investment Fund because it has no U.S. offices of subsidiaries. Thus, Plaintiff believes he is unable to secure the information he requires from these individuals through traditional discovery means.

### III.   THIS COURT HAS AUTHORITY TO ISSUE THE LETTERS ROGATORY

#### A. Legal Standard

"A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 1808849, at *1 (N.D. Cal. May 17, 2012).

A court is inherently vested with the authority to issue letters rogatory. *See United States v. Staples,* 256 F.2d 290, 292 (9th Cir.1958); *United States v. Reagan,* 453 F.2d 165, 172 (6th Cir. 1971). 28 U.S.C. § 1781 also implicitly provides federal courts with authority to issue letters rogatory. 28 U.S.C. § 1781(a)(2).[1] Whether to issue such a letter is a matter of

---

[1] 28 U.S.C. § 1781 provides that the State Department can "receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international

discretion for the court. *See United States v. Mason,* 1990 WL 185894, 3 (4th Cir.1990). When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.,* 131 F.R.D. 367, 369 (D.Mass.1990); *B & L Drilling Elecs. v. Totco,* 87 F.R.D. 543, 545 (W.D.Okla.1978); *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.,* 218 F.R.D. 24, 27 (D.Conn.2003). Ultimately, a court's decision whether to issue a letter rogatory requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure. *See Evanston Ins.,* 2006 WL 1652315 at 2 (stating that Rule 28(b) "must be read together" with Rule 26(c) in determining whether to issue letter rogatory); *B & L Drilling Elecs.,* 87 F.R.D. at 545 (stating that Rule 28(b) "must be read together" with Rule 26(c) in determining whether to issue a letter rogatory); *DBMS Consultants Ltd.,* 131 F.R.D. at 369-70 (holding that request for letter rogatory was consistent with liberal discovery provisions of Rule 26(a). *Asis Internet Servs. v. Optin Glob., Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007). It is well established within the United States District Court for the Northern District of California, that the issuance of letters rogatory are appropriate when witnesses reside in foreign countries, like Saudi Arabia, that are not signatories to the Hague Convention. *See Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 JW (HRL), 2007 WL 1815472, at *1 (N.D. Cal. 2007) ("Furthermore, the Taiwanese lawyers were residents of a foreign nation that is not a signatory to the Hague Convention. Therefore, the appropriate method for requiring their appearance is the letter rogatory." (citation omitted)).

### B.  The Discovery Sought Is Relevant

The testimony sought from H.E. Yasir Al-Rumayyan, Saad Al Jarboa, and Naif Al Mogren of the Public Investment Fund is clearly relevant and discoverable under the standard set forth in Rule 26. *See Barnes and Noble, Inc. v. LSI Corp.*, 2012 WL 1808849 (considering the relevancy of the discovery requested through a letter rogatory in determining whether to grant the

---

tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28 U.S.C. § 1781(a) (2).

motion). Rule 26(b) permits Plaintiffs to seek the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). H.E. Yasir Al-Rumayyan, Saad Al Jarboa, and Naif Al Mogren can attest to what was discussed at that meeting and provide direct insight into the issue of whether funding had been secured, as claimed by Musk. *See* Declaration of Adam M. Apton, Exhibits A & B. This evidence and information may only be obtained directly from these foreign individuals because it is neither publicly available nor available through third-party discovery within the United States. Given that the Public Investment Fund is incorporated and headquartered in Saudi Arabia, letters rogatory are the necessary and appropriate mechanism to request this discovery. *See id*. at ¶3.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and issue the letters rogatory on behalf of Plaintiff for transmittal to the United States Department of State. Plaintiff requests that the Court sign and affix its seal to the letters rogatory attached hereto, and return the same with an original signature and seal to Plaintiff's counsel for forwarding to the United States Department of State.

Dated: January 14, 2021

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 s/ Adam M. Apton
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Alexander A. Krot III
LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007

Tel.: (202) 524-4290
Email: nporritt@zlk.com
Email: akrot@zlk.com

-and-

Joseph Levi
Eduard Korsinsky
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: jlevi@zlk.com
Email: ek@zlk.com

*Attorneys for Class Representative*
*Glen Littleton and Class Counsel*