**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 18-cv-04865-EMC<br><br>Hon. Edward M. Chen<br><br>**LETTERS ROGATORY** |

To:  The Judicial Authorities of the Kingdom of Saudi Arabia

The United States District Court for the Northern District of California presents its compliments to the judicial authorities of the Kingdom of Saudi Arabia and has the honor to request assistance in connection with a civil action against Tesla, Inc. ("Tesla"), Tesla's Chief Executive Officer, Elon Musk, and the members of Tesla's board of directors (collectively, the "Defendants").

The Plaintiff in the lawsuit, Glen Littleton, is a shareholder of Tesla who brings this federal class action lawsuit on behalf of a class of shareholders who purchased or sold Tesla securities from August 7, 2018 to August 17, 2018 (the "Class Period") and were damaged thereby. Plaintiff claims that Musk and Tesla violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j, and SEC Rule 10b-5, 17 C.F.R. 240.10b-5, and thatTesla's Board of Directors violated Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §78t. According to the lawsuit, these violations caused Plaintiff and the class billions of dollars of damages for which Defendants should be held liable. Defendants have denied the allegations.

Plaintiff's allegations concern communications made by Musk and Tesla about a potential going private transaction. On August 7, 2018, at 12:48 p.m. ET, Musk tweeted the following message to over 22 million followers: "Am considering taking Tesla private at $420. Funding secured." Musk continued to tweet and make statements about the potential transaction including tweeting about three hours later: "Investor support is confirmed. Only reason why this is not certain

is that it's contingent on a shareholder vote." Plaintiff alleges that further misrepresentations were made on August 13, 2018 before the potential transaction was terminated on August 24, 2018. As alleged by Plaintiff, Musk had discussed taking Tesla private with representatives of Saudi Arabia's sovereign wealth fund (named the "Public Investment Fund"). As part of an investigation into Musk and Tesla's statements by the United States Securities and Exchange Commission arising out of some of the same statements that are at issue in this proceeding, the Public Investment Fund produced documents showing that a meeting occurred on July 31, 2018 at the Tesla Factory in San Francisco, California. The meeting minutes indicate that H.E. Yasir Al-Rumayyan, Saad Al Jarboa, and Nai Al Mogren attended on behalf of the Public Investment Fund and that Elon Musk, Deepak Ahuja, and Sam Teller attended on behalf of Tesla.

This Court respectfully requests that the judicial authorities of Saudi Arabia summon H.E. Yasir Al-Rumayyan, Saad Al Jarboa, and Nai Al Morgren, and put each of the following to questions to each of the three witnesses:

1. Did you attend a meeting with representatives of Tesla on July 31, 2018 in San Francisco?
2. Who else attended the meeting?
3. Are the minutes of the meeting attached to this Letter Rogatory as Exhibit 1 an accurate record of what was said at the meeting?
4. Was anything said at the meeting that is not reflected in the minutes?
5. Did the Public Investment Fund agree, during the meeting or afterward, to purchase shares of Tesla stock or otherwise to increase the PIF's investment in Tesla?
6. Did you or other representatives of the PIF have discussions or communications with Mr. Musk or other representatives of Tesla July 31, 2018 and August 18, 2018? If so, what was the substance of those discussions or communications?
7. Since 2010, in which technology and/or energy companies has PIF invested or considered investing? For each technology and/or energy company in which PIF is currently invested, how large is PIF's investment, and how much voting power does PIF possess?

8. What is PIF's investment strategy? Has PIF's investment strategy changed since 2010? If so, how and why?

9. What are PIF's strategic objectives? Have PIF's strategic objectives changed since 2010? If so, how and why?

10. How does PIF advance the Kingdom of Saudi Arabia's strategic objectives, including its national security objectives? Have PIF's efforts to advance the Kingdom of Saudi Arabia's strategic objectives, including its national security objectives, changed since 2010? If so, how and why?

11. How does PIF's investing in technology and/or energy companies advance PIF's and the Kingdom of Saudi Arabia's strategic objectives, including its national security objectives?

12. How and to what extent are you and PIF's other Executives, Board Members, and Chairman compensated by PIF? How and to what extent are your family members and the family members of PIF's other Executives, Board Members, and Chairman compensated by PIF?

13. How much money have each of you and PIF's other Executives, Board Members, and Chairman invested in PIF? How much money have each of your family members and the family members of PIF's other Executives, Board Members, and Chairman invested in PIF?

14. Are meetings among PIF's Executives, Board Members, and/or Chairman concerning actual and/or potential PIF investments recorded, transcribed, and/or otherwise documented? If so, by whom are those recordings, transcriptions, and/or other documents stored?

Any expenses incurred by the Kingdom of Saudi Arabia and/or H.E. Yasir Al-Rumayyan, Saad Al Jarboa, and Nai Al Mogren in executing the letters rogatory will be paid by counsel for the Plaintiff.

The Court requests that the testimony of the witnesses be taken under oath and transcribed verbatim. If a verbatim transcript is not possible, the Court requests that a written summary of the

questions and answers be provided. The Court also requests that representatives of the Plaintiff and Defendants be permitted to attend the questioning, to make notes of what is said during the questioning, and, to the extent permissible under the law of Saudi Arabia, to put follow-up questions to the witnesses, either directly or through the court.

The United States District Court for the Norther District of California assures the judicial authorities of the Kingdom of Saudi Arabia that the courts of the United States are authorized by statute, 28 U.S.C. §1782, *et seq.*, to assist foreign tribunals in the execution of similar requests. Further, the Court respectfully requests that in view of the May 31, 2022 trial date, the judicial authorities consider this request for international judicial assistance to be time-sensitive.

_____
Date

_____
Honorable Edward M. Chen
United States District Court