# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case Number: 3:18-cv-04865-EMC<br><br>**STIPULATION AND [PROPOSED] ORDER RE: CLASS NOTICE** |

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their undersigned counsel, and subject to this Court's approval that:

WHEREAS, on November 25, 2020, the Court entered as an order of the Court the parties' Stipulation and Order for Class Certification (Dkt. No. 298) (the "Certification Order");

WHEREAS, pursuant to the Certification Order, the Court certified a class consisting of "All individuals and entities who purchased or sold Tesla stock, options, and other securities from 12:48 p.m. EDT on August 7, 2018 to August 17, 2018 and were damaged thereby"[1] and appointed Glen Littleton and Levi & Korsinsky, LLP as Class Representative and Class Counsel, respectively (*id*. at ¶¶4-7);

WHEREAS, the Certification Order further ordered that within sixty (60) days the parties were required to submit this Stipulation and Proposed Order setting forth the agreed-upon form,

---

[1] Excluded from the Class are: Defendants; the officers and directors of Tesla, Inc. at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest.

1

content, and method of providing the notices to be disseminated to the Class pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) (*id.* at ¶11);

WHEREAS, on January 14, 2021, the Court, having been notified during a case management conference that the parties had scheduled a mediation for March 9, 2021, stayed the publishing of Class Notice until after March 9, 2021 (Dkt. No. 306);

WHEREAS, on April 15, 2021, the Court, having been notified that the parties did not reach a settlement, ordered the proposed Class Notice and plan to be submitted by May 6, 2021 (Dkt. No. 317);

NOW, THEREFORE, having met and conferred, the parties have agreed to, and respectively submit for approval by the Court, the following:

1. The proposed methods and schedule for notifying the Class of the pendency of the above-captioned action ("Action") as a class action ("Notice Plan") (attached hereto as Exhibit 1), and the proposed Postcard Notice of Pendency of Class Action ("Postcard Notice"), Summary Notice of Pendency of Class Action ("Summary Notice"), and Notice of Pendency of Class Action ("Notice"), attached to the Notice Plan as Exhibits B, C, and D, respectively, meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto;

2. Specifically, the proposed form and content of the Postcard Notice, Summary Notice, and Notice meet the requirements of Rule 23(c)(2)(B), as they clearly and concisely state in plain, easily-understood language all of the following: (a) the nature of this Action; (b) the definition of the Court-certified Class; (c) the Class claims, issues, or defenses; (d) a Class member's right to enter an appearance through his, her, or its own attorney if the Class member so desires; (e) that the Court will exclude from the Class any Class member who requests exclusion; (f) the time and manner for requesting exclusion; and (g) the binding effect of a Class judgment on Class

members under Rule 23(c)(3);

3. The Court hereby approves the method for disseminating notice to the Class as set forth in the Notice Plan and the form, substance, and requirements of the Postcard Notice, Summary Notice, and Notice. Accordingly, Class Representative is to disseminate notice to the Class using the methods set forth in the Notice Plan with the assistance of Class Representative's proposed Notice Administrator, which the Court approves;

4. Nothing herein shall restrict Defendants' rights in this Action, which could include moving to de-certify the Class, in whole or in part, or seeking the exclusion from the Class of certain entities or individuals at a later date.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 6, 2021

COOLEY LLP

By:   s/ Patrick E. Gibbs
      Patrick E. Gibbs

Stephen C. Neal (170085)
Patrick E. Gibbs (183174)
Samantha A. Kirby (307917)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
Email: nealsc@cooley.com
       pgibbs@cooley.com
       skirby@cooley.com

Sarah M. Lightdale (*pro hac vice*)
Brian M. French (*pro hac vice*)
Bingxin Wu (*pro hac vice*)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: slightdale@cooley.com
       bfrench@cooley.com
       bwu@cooley.com

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | *Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice* |
| 3 | | |
| 4 | | |
| 5 | Dated: May 6, 2021 | LEVI & KORSINSKY, LLP |
| 6 | | |
| 7 | | By:   s/ Adam M. Apton |
| | | Adam M. Apton |
| 8 | | |
| 9 | | Adam M. Apton (SBN 316506) |
| | | Adam C. McCall (SBN 302130) |
| 10 | | 388 Market Street, Suite 1300 |
| | | San Francisco, CA 94111 |
| 11 | | Telephone: (415) 373-1671 |
| | | Facsimile: (212) 363-7171 |
| 12 | | Email: aapton@zlk.com |
| | | Email: amccall@zlk.com |
| 13 | | |
| 14 | | Nicholas I. Porritt (admitted pro hac vice) |
| | | Alexander A. Krot III (admitted pro hac vice) |
| 15 | | 1101 30th Street NW, Suite 115 |
| | | Washington, D.C. 20007 |
| 16 | | Telephone: (202) 524-4290 |
| | | Facsimile: (212) 363-7171 |
| 17 | | Email: nporritt@zlk.com |
| | | Email: akrot@zlk.com |
| 18 | | |
| 19 | | Joseph Levi (admitted pro hac vice) |
| | | Eduard Korsinsky (admitted pro hac vice) |
| 20 | | 55 Broadway, 10th Floor |
| | | New York, New York 10006 |
| 21 | | Tel: (212) 363-7500 |
| 22 | | Fax: (212) 363-7171 |
| | | Email: jlevi@zlk.com |
| 23 | | Email: ek@zlk.com |
| 24 | | |
| | | *Attorneys for Lead Plaintiff Glen Littleton and Lead Counsel for the Class* |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Pursuant to Civil Local Rule No. 5-1(i)(3), all signatories concur in filing this Stipulation and Proposed Order.

Dated: May 6, 2021                              LEVI & KORSINSKY, LLP

                                                By: s/ Adam M. Apton
                                                        Adam M. Apton

Pursuant to the Stipulation, **IT IS ORDERED**.

Dated: _____

                            HON. EDWARD M. CHEN
                            UNITED STATES DISTRICT JUDGE