# EXHIBIT 1

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
         amccall@zlk.com

*Attorneys for Class Representative and Class Counsel*

[Additional Counsel on Signature Block]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC <br><br> Class Action <br><br> **NOTICE PLAN** |

Class Representative Glen Littleton proposes the following notice plan in the matter *In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.) (the "Action"):

1. Consistent with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements, Class Counsel on behalf of the Class Representative requested and received proposals from three (3) well-known class action administrators. Class Counsel's requests for proposals specified basic assumptions for the anticipated notice plan, including the estimated number of notices to be sent by U.S. mail, publication of summary notices, and maintenance of a website and dedicated interactive voice response telephone line. The proposals received in response provided estimated costs associated with these assumptions and an overall budget, including additional fees and expenses, to execute the notice plan. The overall budgets ranged from $590,000 to $685,000 (exclusive of all fees and expenses with broker solicitation).

2. Class Counsel reviewed the proposals they received and selected the firm of JND Legal Administration (the "Notice Administrator") as their proposed administrator for the Action. The Notice Administrator is a recognized leader in legal administration services for class actions, including legal notice programs, throughout the country. Its staff consists of experienced personnel with substantial experience in securities class actions, IT specialists and various other professionals with substantial experience in notice and claims administration. A copy of the Notice Administrator's resume is attached hereto as Exhibit A.

3. Class Counsel has retained the Notice Administrator in the past to assist with settlement and claims administration in securities class action lawsuits. These engagements date back to 2017. Class Counsel has retained the Notice Administrator for claims administration services on four occasions since that time.

4. Provided the Court approves Class Counsel's selection of the Notice Administrator, the notice plan will proceed as follows:

   a. For members of the Class who purchased common stock, Tesla has produced, in Excel format, a list of Tesla's holders of record (consisting of registered shareholder names and addresses) as of August 7, 2018 and August 17, 2018 (TESLA_LITTLETON_00006488, TESLA_LITTLETON_00006489). The Notice Administrator shall compile a list of names and addresses of potential Class Members as they appear in Tesla's shareholder records for mailing. For the avoidance of doubt, nothing herein obligates Defendants to obtain or provide information sufficient to identify beneficial owners associated with the shares held by any record holder.

   b. For members of the Class who transacted in United States exchange-listed options on Tesla common stock ("Exchange-listed Options") during the period of August 7, 2018 – August 17, 2018, inclusive (the "Class Period"), Plaintiff shall issue subpoenas to the Option Clearing Corporation (the "OCC") and/or the exchanges on which the Exchange-listed Options traded (the "Exchanges"). These subpoenas would seek: (i) the identities, addresses, and

        email addresses for the persons that held or transacted Exchange-listed Options at any time during the Class Period; and (ii) the identities of the broker/dealers who submitted orders to the Exchanges on the Exchange-listed Options that were transacted during the Class Period.

    c.    For members of the Class who purchased notes or bonds issued by Tesla, (collectively, "Tesla Bonds") during the Class Period, Plaintiff shall issue a subpoena to the Financial Industry Regulatory Authority ("FINRA")[1] that requests information concerning: (i) any trade in Tesla Bonds during the Class Period; (ii) the identities of any persons, brokers, dealers, or intermediaries involved in such trades; and/or (iii) the contact information for such persons, brokers, dealers, or intermediaries. Additional subpoenas may be issued to any brokers, dealers, or intermediaries identified in the responsive documents received from FINRA. The subpoenas issued to these brokers, dealers, or intermediaries would seek: (i) the identities, addresses, and email addresses for any persons that held or transacted in Tesla Bonds at any time during the Class Period; and (ii) the contact information for such persons. The information received from these subpoenas will also be supplemented by: (i) identifying any persons who may have held Tesla Bonds during the relevant time period by reviewing public filings with the United States Securities and Exchange Commission ("SEC") and (ii) any proprietary lists maintained by the Notice Administrator.

5.    The Notice Administrator shall distribute the Postcard Notice of Pendency of Class Action ("Postcard Notice"), substantially in the form attached hereto as Exhibit B, as follows.

---

[1] FINRA maintains the Trade Reporting and Compliance Engine ("TRACE") which is a "FINRA-developed vehicle that facilitates the mandatory reporting of over-the-counter transactions in eligible fixed income securities." The Financial Industry Regulatory Authority, *Trade Reporting and Compliance Engine (TRACE)*, FINRA.org, https://www.finra.org/filing-reporting/trace (last visited Jan. 13, 2021). Per FINRA, all broker-dealers who are also FINRA member firms are obligated to report transactions in TRACE-eligible securities under an SEC-approved set of rules. *See id.*

Such Postcard Notice shall be distributed through the United States mail to all members of the Class for whom a mailing address is available; the Postcard Notice may be distributed through electronic means only to those members of the Class for whom a mailing address is unavailable or have previously requested communication via electronic means.

    a. For members of the Class who purchased Tesla common stock, not later than thirty (30) calendar days from the date of entry of a Court order authorizing this notice plan, the Notice Administrator shall begin sending the Postcard Notice through the United States mail, by first-class mail, postage prepaid, to each person and entity identified in the records provided by Tesla pursuant to paragraph 4(a) above or who may otherwise be identified by the Notice Administrator with reasonable effort. The date on which this mailing is postmarked is referred to herein as the "Notice Date." If this mailing is postmarked on multiple dates, the Notice Date shall be the earliest of those dates.

    b. For members of the Class who transacted in Exchange-listed Options, the Notice Administrator shall distribute the Postcard Notice by: (i) by directly distributing the Postcard Notice to the persons that transacted or held Exchange-listed Options using the information received in response to the subpoenas described in paragraph 4(b) above; and (ii) relying on the broker/dealers identified in the information received in response to the subpoenas by either (a) providing the broker-dealer with a sufficient number of copies of the Postcard Notice for the broker/dealer to mail directly to the all persons that held or transacted in the Exchange-listed Options during the Class Period; or (b) receiving the names, addresses, and email addresses for the persons that held or transacted in the Exchange-listed Options during the Class Period, from the broker/dealers so that the Notice Administrator can distribute the Postcard Notice directly to these persons. Additionally, the Notice Administrator would also rely upon its own proprietary list of broker-dealers

        to distribute the Postcard Notice to investors that transacted in options on Tesla common stock in the same manner detailed immediately above.

    c. For members of the Class who purchased Tesla Bonds, the Notice Administrator would distribute the Postcard Notice by: (i) by directly distributing the Postcard Notice to the persons that transacted or held Tesla Bonds using the information received in response to the subpoenas; (ii) relying on the brokers, dealers or other intermediaries identified in the information received in response to the subpoenas by either (a) providing the broker, dealer, or intermediary with a sufficient number of copies of the Postcard Notice for it to directly mail the Postcard Notice to all persons that transacted in Tesla Bonds during the Class Period; or (b) receiving from the broker, dealer, or intermediary the names, addresses, and email addresses for the persons that transacted in the Tesla Bonds during the Class Period, to enable the Notice Administrator to distribute the Postcard Notice directly to these persons. Additionally, the Notice Administrator will also distribute the Postcard Notice to: (i) the persons identified from the publicly-available SEC filings that were identified as likely holders of Tesla Bonds during the Class Period; and (ii) any proprietary lists maintained by the Notice Administrator that it believes would identify persons that may have transacted in Tesla Bonds during the Class Period. The persons or entities identified by the Notice Administrator from the SEC filings and its proprietary lists would be issued a Postcard Notice in the same manner as detailed above.

6.    The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms, banks, institutions, investment funds, investment companies, investment advisors, investment portfolios, mutual fund trusts, mutual investment funds, investment managers and any other persons or entities who are or who claim to be nominees that purchased or otherwise acquired the securities of Tesla for the benefit of another person during the Class Period. Such nominees shall be requested to either: (a) within ten (10) calendar days of

1  receipt of the Postcard Notice, request from the Notice Administrator sufficient copies of the
2  Postcard Notice to mail to all such beneficial owners of Tesla securities and, within ten (10)
3  calendar days of receipt of those Postcard Notices, send the Postcard Notice to all such beneficial
4  owners; or (b) send a list of the names and addresses of such beneficial owners to the Notice
5  Administrator within ten (10) calendar days thereof, in which case the Notice Administrator shall
6  promptly mail the Postcard Notice to such beneficial owners. Nominees who elect to send the
7  Postcard Notice to their beneficial owners directly shall also be requested to send a statement to
8  the Notice Administrator confirming that the mailing was made and shall be requested to retain
9  their mailing records for use in connection with any further notices that may be provided in the
10 Action. Upon full and timely compliance with these directions, such nominees may seek
11 reimbursement from the Notice Administrator of their reasonable expenses actually incurred (but
12 not to exceed $0.50 per mailing, including postage) by providing the Notice Administrator with
13 proper documentation supporting the expenses for which reimbursement is sought. Payment of
14 broker reimbursements requests shall not be required until the earlier of dismissal of the action or
15 settlement or verdict has been achieved. Any disputes with respect to the reasonableness or
16 documentation of expenses incurred shall be subject to review by the Court.

17    7.    Contemporaneously with the mailing of the Postcard Notice, the Administrator
18 shall cause a copy of the Notice of Pendency of Class Action ("Notice"), substantially in the form
19 attached hereto as Exhibit C, to be posted on the website designated for this Action from which
20 Class Members may download copies of the Notice.

21    8.    The Notice Administrator shall cause to be published on one occasion in the
22 national addition of *The Wall Street Journal* and *Investor's Business Daily* the Summary Notice,
23 substantially in the form attached hereto as Exhibit D, not later than fourteen (14) calendar days
24 after the Notice Date, which will give those who did not receive a copy of the Notice by mail an
25 opportunity to request it and to protect their rights in this Action.

26    9.    The Notice shall provide an address for the purpose of receiving requests for
27 exclusion from the Class. A Class Member wishing to make such a request shall mail the request
28 in written form by first class mail, postmarked no later than 110 calendar days from the Notice

Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member requests exclusion from the Class in *In Re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.), and must: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the type and amount of Tesla securities that the person or entity requesting exclusion purchased/acquired or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition or sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, unless the Court makes an exception.

10. Defendants do not waive any of their rights in this Action, which could include moving to de-certify the Class, in whole or in part, or seeking the exclusion from the Class of certain entities or individuals at a later date.

11. Within fifteen (15) calendar days after the expiration of the deadline for requesting exclusion from the Class, Court-appointed Class Counsel shall file with the Court a declaration containing proof of mailing of the Postcard Notice and publication of the Summary Notice, and setting forth a list of all persons and entities who have requested exclusion from the Class and serve copies of the same on all parties.

12. Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than ninety (90) calendar days after the date of entry of an Order authorizing this notice plan.

13. The costs of the notice process shall be borne by Class Counsel who may seek reimbursement by order of the Court at a later date.

| | | |
|---|---|---|
| 1 | Dated: May 6, 2021 | Respectfully submitted, |
| 2 | | **LEVI & KORSINSKY, LLP** |
| 3 | |  s/ Adam M. Apton |
| | | Adam M. Apton (SBN 316506) |
| 4 | | Adam C. McCall (SBN 302130) |
| 5 | | 388 Market Street, Suite 1300 |
| | | San Francisco, CA 94111 |
| 6 | | Tel.: (415) 373-1671 |
| | | Email: aapton@zlk.com |
| 7 | | Email: amccall@zlk.com |
| 8 | | -and- |
| 9 | | Nicholas I. Porritt |
| 10 | | Alexander A. Krot III |
| | | **LEVI & KORSINSKY, LLP** |
| 11 | | 1101 30th Street N.W., Suite 115 |
| | | Washington, D.C. 20007 |
| 12 | | Tel.: (202) 524-4290 |
| 13 | | Email: nporritt@zlk.com |
| | | Email: akrot@zlk.com |
| 14 | | (*admitted pro hac vice*) |
| 15 | | -and- |
| 16 | | Joseph Levi |
| 17 | | Eduard Korsinsky |
| | | **LEVI & KORSINSKY, LLP** |
| 18 | | 55 Broadway, 10th Floor |
| | | New York, New York 10006 |
| 19 | | Tel.: (212) 363-7500 |
| 20 | | Fax: (212) 363-7171 |
| | | Email: jlevi@zlk.com |
| 21 | | Email: ek@zlk.com |
| | | (*admitted pro hac vice*) |
| 22 | | |
| 23 | | *Attorneys for Class Representative and Class Counsel* |