# EXHIBIT 2

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
        amccall@zlk.com

*Attorneys for Class Representative and Class Counsel*

[Additional Counsel on Signature Block]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC |
| | Class Action |
| | **AMENDED** NOTICE PLAN |

Class Representative Glen Littleton proposes the following notice plan in the matter *In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.) (the "Action"):

1.      Consistent with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements, Class Counsel on behalf of the Class Representative requested and received proposals from three (3) well-known class action administrators. Class Counsel's requests for proposals specified basic assumptions for the anticipated notice plan, including the estimated number of notices to be sent by U.S. mail, publication of summary notices, and maintenance of a website and dedicated interactive voice response telephone line. The proposals received in response provided estimated costs associated with these assumptions and an overall budget, including additional fees and expenses, to execute the notice plan. The overall budgets ranged from $590,000 to $685,000 (exclusive of all fees and expenses with broker solicitation).

2.     Class Counsel reviewed the proposals they received and selected the firm of JND Legal Administration (the "Notice Administrator") as their proposed administrator for the Action. The Notice Administrator is a recognized leader in legal administration services for class actions, including legal notice programs, throughout the country. Its staff consists of experienced personnel with substantial experience in securities class actions, IT specialists and various other professionals with substantial experience in notice and claims administration. A copy of the Notice Administrator's resume is attached hereto as Exhibit A.

3.     Class Counsel has retained the Notice Administrator in the past to assist with settlement and claims administration in securities class action lawsuits. These engagements date back to 2017. Class Counsel has retained the Notice Administrator for claims administration services on four occasions since that time.

4.     Provided the Court approves Class Counsel's selection of the Notice Administrator, the notice plan will proceed as follows:

a.   For members of the Class who purchased common stock, Tesla has produced, in Excel format, a list of Tesla's holders of record (consisting of registered shareholder names and addresses) as of August 7, 2018 and August 17, 2018 (TESLA_LITTLETON_00006488, TESLA_LITTLETON_00006489). The Notice Administrator shall compile a list of names and addresses of potential Class Members as they appear in Tesla's shareholder records for mailing. For the avoidance of doubt, nothing herein obligates Defendants to obtain or provide information sufficient to identify beneficial owners associated with the shares held by any record holder.

b.   For members of the Class who transacted in United States exchange-listed options on Tesla common stock ("Exchange-listed Options") during the period of August 7, 2018 – August 17, 2018, inclusive (the "Class Period"), Plaintiff shall issue subpoenas to the Option Clearing Corporation (the "OCC") and/or the exchanges on which the Exchange-listed Options traded (the "Exchanges"). These subpoenas would seek: (i) the identities, addresses, and

email addresses for the persons that held or transacted Exchange-listed Options at any time during the Class Period; and (ii) the identities of the broker/dealers who submitted orders to the Exchanges on the Exchange-listed Options that were transacted during the Class Period.

c.  For members of the Class who purchased notes or bonds issued by Tesla, (collectively, "Tesla Bonds") during the Class Period, Plaintiff shall issue a subpoena to the Financial Industry Regulatory Authority ("FINRA")[1] that requests information concerning: (i) any trade in Tesla Bonds during the Class Period; (ii) the identities of any persons, brokers, dealers, or intermediaries involved in such trades; and/or (iii) the contact information for such persons, brokers, dealers, or intermediaries. Additional subpoenas may be issued to any brokers, dealers, or intermediaries identified in the responsive documents received from FINRA. The subpoenas issued to these brokers, dealers, or intermediaries would seek: (i) the identities, addresses, and email addresses for any persons that held or transacted in Tesla Bonds at any time during the Class Period; and (ii) the contact information for such persons. The information received from these subpoenas will also be supplemented by: (i) identifying any persons who may have held Tesla Bonds during the relevant time period by reviewing public filings with the United States Securities and Exchange Commission ("SEC") and (ii) any proprietary lists maintained by the Notice Administrator.

5.    The Notice Administrator shall distribute the Postcard Notice of Pendency of Class Action ("Postcard Notice"), substantially in the form attached hereto as Exhibit B, as follows.

---

[1] FINRA maintains the Trade Reporting and Compliance Engine ("TRACE") which is a "FINRA-developed vehicle that facilitates the mandatory reporting of over-the-counter transactions in eligible fixed income securities." The Financial Industry Regulatory Authority, *Trade Reporting and Compliance Engine (TRACE)*, FINRA.org, https://www.finra.org/filing-reporting/trace (last visited Jan. 13, 2021). Per FINRA, all broker-dealers who are also FINRA member firms are obligated to report transactions in TRACE-eligible securities under an SEC-approved set of rules. *See id.*

1   Such Postcard Notice shall be distributed through the United States mail to all members of the

2   Class for whom a mailing address is available.,: In addition, where electronic communication is

3   available and/or reasonably practicable, the Postcard Notice may shall be distributed through

4   electronic means only to those members of the Class for whom a mailing address is unavailable

5   or have previously requested communication via electronic means.

6           a.   For members of the Class who purchased Tesla common stock, not later than

7                thirty (30) calendar days from the date of entry of a Court order authorizing

8                this notice planJune 21, 2021, the Notice Administrator shall begin sending the

9                Postcard Notice through the United States mail, by first-class mail, postage

10               prepaid, to each person and entity identified in the records provided by Tesla

11               pursuant to paragraph 4(a) above or who may otherwise be identified by the

12               Notice Administrator with reasonable effort. The date of June 21, 2021on

13               which this mailing is postmarked is is referred to herein as the "Notice Date."

14               If this mailing is postmarked on multiple dates, the Notice Date shall be the

15               earliest of those dates.

16          b.   For members of the Class who transacted in Exchange-listed Options, the

17               Notice Administrator shall distribute the Postcard Notice by: (i) by directly

18               distributing the Postcard Notice to the persons that transacted or held

19               Exchange-listed Options using the information received in response to the

20               subpoenas described in paragraph 4(b) above; and (ii) relying on the

21               broker/dealers identified in the information received in response to the

22               subpoenas by either (a) providing the broker-dealer with a sufficient number

23               of copies of the Postcard Notice for the broker/dealer to mail directly to the all

24               persons that held or transacted in the Exchange-listed Options during the Class

25               Period; or (b) receiving the names, addresses, and email addresses for the

26               persons that held or transacted in the Exchange-listed Options during the Class

27               Period, from the broker/dealers so that the Notice Administrator can distribute

28               the Postcard Notice directly to these persons. Additionally, the Notice

Administrator would also rely upon its own proprietary list of broker-dealers to distribute the Postcard Notice to investors that transacted in options on Tesla common stock in the same manner detailed immediately above.

c.  For members of the Class who purchased Tesla Bonds, the Notice Administrator would distribute the Postcard Notice by: (i) by directly distributing the Postcard Notice to the persons that transacted or held Tesla Bonds using the information received in response to the subpoenas; (ii) relying on the brokers, dealers or other intermediaries identified in the information received in response to the subpoenas by either (a) providing the broker, dealer, or intermediary with a sufficient number of copies of the Postcard Notice for it to directly mail the Postcard Notice to all persons that transacted in Tesla Bonds during the Class Period; or (b) receiving from the broker, dealer, or intermediary the names, addresses, and email addresses for the persons that transacted in the Tesla Bonds during the Class Period, to enable the Notice Administrator to distribute the Postcard Notice directly to these persons. Additionally, the Notice Administrator will also distribute the Postcard Notice to: (i) the persons identified from the publicly-available SEC filings that were identified as likely holders of Tesla Bonds during the Class Period; and (ii) any proprietary lists maintained by the Notice Administrator that it believes would identify persons that may have transacted in Tesla Bonds during the Class Period. The persons or entities identified by the Notice Administrator from the SEC filings and its proprietary lists would be issued a Postcard Notice in the same manner as detailed above.

6.  The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms, banks, institutions, investment funds, investment companies, investment advisors, investment portfolios, mutual fund trusts, mutual investment funds, investment managers and any other persons or entities who are or who claim to be nominees that purchased or otherwise acquired the securities of Tesla for the benefit of another person during

1  the Class Period. Such nominees shall be requested to either: (a) within ten (10) calendar days of

2  receipt of the Postcard Notice, request from the Notice Administrator sufficient copies of the

3  Postcard Notice to mail to all such beneficial owners of Tesla securities and, within ten (10)

4  calendar days of receipt of those Postcard Notices, send the Postcard Notice to all such beneficial

5  owners; (b) within ten (10) calendar days of receipt of the Postcard Notice, send the Postcard

6  Notice to beneficial owners via electronic communication; or (b̶c) send a list of the names, and

7  addresses, and email addresses of such beneficial owners to the Notice Administrator within ten

8  (10) calendar days thereof, in which case the Notice Administrator shall promptly mail or email

9  the Postcard Notice to such beneficial owners. Nominees who elect to send the Postcard Notice

10 to their beneficial owners directly shall also be requested to send a statement to the Notice

11 Administrator confirming that the mailing was made and shall be requested to retain their mailing

12 records for use in connection with any further notices that may be provided in the Action. Upon

13 full and timely compliance with these directions, such nominees may seek reimbursement from

14 the Notice Administrator of their reasonable expenses actually incurred (but not to exceed $0.50

15 per mailing, including postage) by providing the Notice Administrator with proper documentation

16 supporting the expenses for which reimbursement is sought. Payment of broker reimbursements

17 requests shall not be required until the earlier of dismissal of the action or settlement or verdict

18 has been achieved. Any disputes with respect to the reasonableness or documentation of expenses

19 incurred shall be subject to review by the Court.

20      7.      Contemporaneously with the mailing of the Postcard Notice, the Administrator

21 shall cause a copy of the Notice of Pendency of Class Action ("Notice"), substantially in the form

22 attached hereto as Exhibit C, to be posted on the website designated for this Action from which

23 Class Members may download copies of the Notice.

24      8.      The Notice Administrator shall cause to be published on one occasion in the

25 national addition of *The Wall Street Journal* and *Investor's Business Daily* the Summary Notice,

26 substantially in the form attached hereto as Exhibit D, not later than fourteen (14) calendar days

27 after the Notice DateJuly 5, 2021, which will give those who did not receive a copy of the Notice

28 by mail an opportunity to request it and to protect their rights in this Action.

1    9.      The Notice shall provide an address for the purpose of receiving requests for

2    exclusion from the Class. A Class Member wishing to make such a request shall mail the request

3    in written form by first class mail, postmarked no later than October 8, 2021110 calendar days

4    from the Notice Date, to the address designated in the Notice. Such request for exclusion shall

5    clearly state that the Class Member requests exclusion from the Class in *In Re Tesla, Inc.*

6    *Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.), and must: (i) state the name,

7    address, and telephone number of the person or entity requesting exclusion; (ii) state the type and

8    amount of Tesla securities that the person or entity requesting exclusion purchased/acquired or

9    sold during the Class Period, as well as the dates and prices of each such purchase/acquisition or

10   sale; and (iii) be signed by the person or entity requesting exclusion or an authorized

11   representative. The request for exclusion shall not be effective unless it provides the required

12   information and is made within the time stated above, unless the Court makes an exception.

13   10.     Defendants do not waive any of their rights in this Action, which could include

14   moving to de-certify the Class, in whole or in part, or seeking the exclusion from the Class of

15   certain entities or individuals at a later date.

16   11.     Within fifteen (15) calendar days after the expiration of the deadline for requesting

17   exclusion from the ClassOn October 22, 2021, Court-appointed Class Counsel shall file with the

18   Court a declaration containing proof of mailing of the Postcard Notice and publication of the

19   Summary Notice, and setting forth a list of all persons and entities who have requested exclusion

20   from the Class and serve copies of the same on all parties.

21   12.     Any Class Member who retains separate counsel in connection with this matter

22   must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as

23   set out in the Notice, no later than ninety (90) calendar days after the date of entry of an Order

24   authorizing this notice planAugust 19, 2021.

25   13.     The costs of the notice process shall be borne by Class Counsel who may seek

26   reimbursement by order of the Court at a later date.

27

28

1

2

3

Dated: May ~~6~~21, 2021                         Respectfully submitted,

4

5                                                **LEVI & KORSINSKY, LLP**

6                                                 s/ Adam M. Apton
                                                 Adam M. Apton (SBN 316506)
7                                                Adam C. McCall (SBN 302130)
                                                 388 Market Street, Suite 1300
8                                                San Francisco, CA 94111
                                                 Tel.: (415) 373-1671
9                                                Email: aapton@zlk.com
                                                 Email: amccall@zlk.com
10

11                                                   -and-

12                                               Nicholas I. Porritt
                                                 Alexander A. Krot III
13                                               **LEVI & KORSINSKY, LLP**
14                                               1101 30th Street N.W., Suite 115
                                                 Washington, D.C. 20007
15                                               Tel.: (202) 524-4290
                                                 Email: nporritt@zlk.com
16                                               Email: akrot@zlk.com
17                                               (*admitted pro hac vice*)

18                                                   -and-

19                                               Joseph Levi
                                                 Eduard Korsinsky
20                                               **LEVI & KORSINSKY, LLP**
21                                               55 Broadway, 10th Floor
                                                 New York, New York 10006
22                                               Tel.: (212) 363-7500
                                                 Fax: (212) 363-7171
23                                               Email: jlevi@zlk.com
                                                 Email: ek@zlk.com
24                                               (*admitted pro hac vice*)

25
                                                 *Attorneys for Class Representative*
26                                               *and Class Counsel*

27

28

# EXHIBIT "A"



📞 1.800.207.7160

✉ Info@JNDLA.com

🌐 www.JNDLA.com



# Who We Are

With over 70 years of collective experience in law and administration, it's no surprise that JND's seasoned executive management team has built the fastest-growing legal administration firm in the industry. When you work with us, your case receives the personal attention and expertise of our principals –Jen Keough (J), Neil Zola (N), and David Isaac (D).

JND is well-known throughout the legal industry for providing the most responsive, trustworthy, and comprehensive legal administrative service in the country. JND has already been recognized by the New York Law Journal and the Legal Times as the best administration firm in the country for 2018 and 2017. JND was also recently named an approved vendor for the United States Securities and Exchange Commission (SEC) and the Federal Trade Commission (FTC).

Where other firms come up short, clients who want the most dedicated, technically agile team turn to JND for innovative, ambitious strategies with proven results.





📞 1.800.207.7160

✉ Info@JNDLA.com

🌐 www.JNDLA.com



What We Do

JND and its prinicpals have overseen some of the most complex class action and mass tort cases in our country's history.

No other company in the legal industry understands more about client delivery. No one else has proven their ability to handle large, intricate cases like JND. And no other company excels at the range of services JND offers.

 **CLASS ACTION ADMINISTRATION**
Comprehensive administrative resources through pre-settlement consultation, complete notice services, claims processing and validation, scalable call center capabilities, state-of-the-art website design, and an array of distribution services.

 **MASS TORT & LIEN RESOLUTION**
Manage client intake, screening, and retention; medical record retrieval and review; Plaintiff Fact Sheet preparation including a unique online website offering; claims and settlement administration; lien resolution; and disbursements.

 **eDISCOVERY**
Leverage an extensive, flexible cloud-based platform to provide targeted data analysis, logical, physical and mobile forensics, data recovery, email examination, and timeline generation among many other offerings.

 **GOVERNMENT SERVICES**
Assistance with all facets of any administration, including systematic noticing, claims processing and validation, contact services, state-of-the-art website design and distribution, and account reconciliation.





📞 1.800.207.7160

✉ Info@JNDLA.com

🌐 www.JNDLA.com



## Class Action

JND delivers the most reliable and comprehensive legal administrative resources and services available to our clients. Our team has handled some of the most complex class action settlements in the country's history.

 **PRE-SETTLEMENT CONSULTING**

We begin by consulting with clients on how to develop allocation methodologies and design efficient, economical roadmaps for settlement administration while providing preliminary hearing support. Our team works with the parties to compile the class list, or maintain a role as independent auditor of an existing class list to verify completeness.

 **NOTICE PROGRAM**

Effectively notifying class members is key to the approval of your settlement. We advise our clients on effective notice best practices and are experienced in preparing class lists from various sources. Management of the entire CAFA Notice process for Defendants is handled by our team with our proprietary database of officials who need to be notified. Our notice and claim form mailing services utilize creative options to maximize effectiveness and reduce costs, while our advertising team comprises experts handling all media publication needs while obtaining the best rates.

 **CLAIMS PROCESSING**

Our professional staff is trained to process even the most complex claims with efficiency and accuracy and we are readily available to draft, or assist in drafting, claim forms to ensure class comprehension and complete claim form submission. Proprietary databases efficiently capture claim form data as well as accurate and flexible reporting; and with our proprietary online claim submission site, we can provide secure submission and reduce overall complexity. Knowing each case is different, we offer customized reporting to provide a variety of perspectives on the data that our clients may have not considered.

 **BENEFIT DISBURSEMENT**

JND manages all aspects of the settlement fund, including opening disbursement accounts, reconciling accounts, establishing a Qualified Settlement Fund (QSF), filing tax returns, and serving as Escrow Agent. Even the most complex benefit allocation methodology is implemented and applied to individual class members. In addition, we manage tax reporting for settlement disbursements, including the issuance of tax statements, such as W-2s and 1099s, to class members. We also calculate the payroll withholding and employer taxes that are often required in employment class action settlements. Our team partners with a respected CPA firm to prepare settlement fund tax returns.



1.800.207.7160

Info@JNDLA.com

www.JNDLA.com

# Prominent Case History

JND is routinely called upon to handle the largest and most complex class action administrations. Some of the matters JND and its Founders have worked on over the years include the following:

- Allagas v. BP Solar Int'l, Inc.
- Auction Houses Antitrust Litigation
- BP Deepwater Horizon Settlement
- BP Solar International, Inc. Settlement
- Cecil v. BP America Production Company
- Chieftain-Marathon Oil Company Settlement
- City of Long Beach Telephone Tax Settlement
- Condé Nast Privacy Litigation
- County of Los Angeles Telephone Tax Settlement
- Equifax Data Breach Settlement
- Expedia Hotel Taxes & Fees Litigation
- Freedom Financial Network Restitution Program
- Greyhound Lines, Inc. ADA Settlement
- Hearst Communications, Inc. Privacy Litigation
- Broiler Chicken Antitrust Litigation
- J.P. Morgan Stable Value Fund ERISA Litigation
- LIBOR-Based Financial Instruments Antitrust Litigation
- Intuit Data Breach Litigation
- J. Crew Factory Store Pricing Litigation
- Langan v. Johnson & Johnson Consumer Companies, Inc.
- MyFord Touch Class Action Settlement
- Navistar MaxxForce Engine Settlement
- Red Bull False Advertising Litigation
- Robert Briseno et al. v. Conagra Foods, Inc.
- TCF National Bank Restitution Program
- TJX Companies False Pricing Settlement
- Uber Technologies Employment Discrimination Settlement
- USC Student Health Center Litigation
- Visa/Mastercard Antitrust Litigation
- Vitamix Blender Settlement



Class Action



LEGAL ADMINISTRATION

📞 1.800.207.7160
✉ Info@JNDLA.com
🌐 www.JNDLA.com

## Prominent Securities Cases

JND's stand-alone securities group handles complex settlement administrations involving common stock, options, notes, derivatives and other complex securities. Our securities team, located in New York, is overseen by Co-Founder Neil Zola, with over 25-years' experience in securities class action litigation and administration. Neil has played a direct role in many of the largest securities settlements in our country's history. Securities matters handled by JND and its Founders include:

- Akorn Securities Litigation
- Akorn, Inc. Data Integrity Securities Litigation
- Amaya Securites Litigation
- Babcock & Wilcox Ent., Inc. Securities Litigation
- Bankrate Securities Litigation
- Barclays Dark Pool Securities Litigation
- Citigroup Securities Litigation
- ComScore Securities Litigation
- Dole Food Company Securities Litigation
- Endo International Securities Litigation
- Endurance Securities Litigation
- Equifax Inc. Securities Litigation
- Fenix Parts Inc. Securities Litigation
- Fiat Chrysler Shareholder Litigation
- GoPro Shareholder Litigation
- Halliburton EPJ Fund Securities Litigation
- Higher One Holdings Securities Litigation
- Illumina, Inc. Securities Litigation
- IPO Securities Litigation
- Lannett Company, Inc. Securities Litigation
- Linkwell Corp. Securities Litigation
- Lion Biotechnologies Securities Litigation
- LSB Industries Security Litigation
- NantHealth, Inc. Securities Litigation
- Nantkwest Securities Litigation
- Nortel Networks Securities Litigation I & II
- Opus Bank Securities Litigation



## Securities Experience



- PPG Industries Securities Litigation
- Precision Castparts Securities Litigation
- Royal Ahold Securities and Erisa Litigation
- Santander Securities Litigation
- SFX Entertainment Securities Litigation
- Stericycle Securities Litigation
- Terraform Power Securities Litigation
- Tyco International LTD Securities Litigation
- Ubiquiti Networks Securities Litigation
- Vale Securities Litigation
- Washington Mutual Securities Litigation
- Wells Fargo RMBS Trustee Litigation
- WorldCom, Inc. Securities Litigation
- Yahoo! Securities Litigation

EXHIBIT "B"

| | |
|---|---|
| *A federal court authorized this Notice. This is not a solicitation from a lawyer.* | *In re Tesla, Inc. Securities Litigation* <br> c/o JND Legal Administration <br> P.O. Box _____ <br> Seattle, WA 98111 |
| **If you purchased and/or sold Tesla, Inc. stock, options and/or other securities between August 7, 2018 and August 17, 2018, a class action lawsuit may affect your rights.** <br><br> **Questions? Call (____) ____-_____ or visit [website] for complete information and details.** | Class Member Name <br> Class Member Address <br> Class Member City/State/Zip Code |

| **What is this notice?** |
|---|
| **A class action has been filed, and you may be a member of the class. If you do not wish to be a part of the class, you must respond to this notice with a written request for exclusion (see below). If you are a broker or custodian, please immediately review the full Notice at the website below for instructions on providing timely notification to beneficial owners.** |
| A class action lawsuit called *In re Tesla, Inc. Securities Litigation*, No. 3:18-cv-04865-EMC (the "Action") is now pending in the U.S. District Court for the Northern District of California against Tesla, Inc. ("Tesla"), Elon Musk,  Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (collectively, "Defendants"). The lawsuit alleges, among other things, that in August 2018, Elon Musk made false and/or materially misleading statements via Twitter about Tesla possibly becoming a private company. Defendants strongly deny that they did anything wrong. The Action has been certified as a class action on behalf of the Class described below, except for certain persons and entities that request to be excluded from the Class. The Court has appointed Plaintiff Glen Littleton to represent the Class as the Class Representative. By certifying the Class and authorizing this notice, the Court is not suggesting that the Class Representative will win or lose this case; he will instead attempt to prove his claims in proceedings that will occur in the future. This notice is intended only to advise you that the Action has been certified as a class action and of your rights with respect to the lawsuit. Additional information about the Action and your rights is available at [website] or by calling ___-___-___. |
| **Why am I being contacted?** |
| You are a member of the Class if you purchased and/or sold Tesla stock, options, and/or other securities between 12:48 P.M. EDT on 8/7/2018 and 8/17/2018. |

| **What are my options?** |
|---|
| If you are a Class Member, you have the right to decide whether to remain a member of the Class. ~~You can do nothing and automatically be included in the Class or exclude yourself from the Class~~ You can (1) do nothing, in which case you will automatically be included in the class, or (2) exclude yourself from the Class. **Whether you act or not, your rights may be affected**. If you choose to remain a member of the Class, you do not need to do anything at this time (other than retain your documentation reflecting your transactions in Tesla securities). You will automatically be included in the Class, and you will be bound by the proceedings in this Action, including all past, present and future orders and judgments of the Court, whether favorable or unfavorable. If you are a Class Member and do not wish to remain a member of the Class, you must take steps to exclude yourself from the Class. If you timely and validly request to be excluded from the Class, you will not be bound by any orders or judgments in the Action, and you will not be eligible to receive a share of any money that might be recovered in the future for the benefit of the Class. ~~To exclude yourself from the Class, you must submit a written request for exclusion postmarked no later than _____, 2021, in accordance with the instructions set forth in the full Notice~~ To exclude yourself from the Class, you must submit a written request for exclusion postmarked no later than October 8, 2021, in accordance with the instructions set forth in the full Notice (see below). If at a later date the parties decide to settle, then you will have another opportunity to exclude yourself from the Class. Absent settlement, however, you will not be able to exclude yourself from the Class or subsequent orders and judgments if you do not request exclusion in response to this notice. |

| **Do I have a lawyer?** |
|---|
| Yes. The Court has appointed lawyers from Levi & Korsinsky, LLP as "Class Counsel." They represent you and other Class Members. Unless you hire your own personal lawyer, as a Class Member you will not have any direct obligations to pay the costs of this lawsuit. If you hire your own lawyer, you will need to pay your own legal fees. |

| **Where can I find additional information?** |
|---|
| For the full Notice and more information about the Action, including how to exclude yourself, go to [website] or ~~by calling~~call ___-___-___.<br><br>If you are a broker or custodian, please immediately review the full Notice at the website ~~below~~ above for instructions on providing timely notification to beneficial owners. |

EXHIBIT "C"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

IN RE TESLA, INC. SECURITIES
LITIGATION

Case No. 3:18-cv-04865-EMC

Class Action

**NOTICE OF PENDENCY OF
CLASS ACTION**

**IF YOU PURCHASED AND/OR SOLD TESLA, INC. STOCK, OPTIONS,
AND/OR OTHER SECURITIES FROM 12:48 P.M. EDT ON AUGUST 7,
2018 TO AUGUST 17, 2018, A CLASS ACTION LAWSUIT MAY AFFECT
YOUR RIGHTS.**

**YOU MAY BE A MEMBER OF THE CLASS. IF YOU DO NOT WITH TO
BE A PART OF THE CLASS, YOU MUST RESPOND TO THIS NOTICE
WITH A WRITTEN REQUEST FOR EXCLUSION (SEE BELOW). IF YOU
ARE A BROKER OR CUSTODIAN, PLEASE IMMEDIATELY REVIEW
THIS NOTICE FOR INSTRUCTIONS ON PROVIDING TIMELY
NOTIFICATION TO BENEFICIAL OWNERS.**

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Please read this Notice carefully and in its entirety.**

The purpose of this Notice is to inform you of a class action lawsuit now pending in the United
States District Court for the Northern District of California (the "Court") against Tesla, Inc.
("Tesla") and Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias,
James Murdoch, Kimbal Musk, and Linda Johnson Rice (collectively, "Defendants"). This Notice
is intended only to advise you that the action has been certified by the Court to proceed as a class
action on behalf of certain purchasers and/or sellers of Tesla securities and your rights with respect
to the lawsuit. If you do not wish to be a part of the class, you must respond to this notice with a
written request for exclusion by October 8, 2021 (see below).

**THE COURT HAS NOT DECIDED WHETHER DEFENDANTS DID ANYTHING
WRONG, AND THIS NOTICE IS NOT AN ADMISSION BY DEFENDANTS OR AN
EXPRESSION OF ANY OPINION OF THE COURT THAT THE CLAIMS ASSERTED
BY CLASS REPRESENTATIVE GLEN LITTLETON (THE "CLASS
REPRESENTATIVE") IN THIS CASE ARE VALID. THERE IS NO SETTLEMENT OR
MONETARY RECOVERY AT THIS TIME, AND THERE IS NO GUARANTEE THERE
WILL BE ANY RECOVERY. HOWEVER, YOUR LEGAL RIGHTS MAY BE
AFFECTED.**

| **What are my options?** | |
|---|---|
| **Do nothing** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** |
| | By doing nothing, you keep the possibility of sharing in any recovery (monetary or otherwise) that may result from a resolution in favor of the Class, such as a trial or a settlement. In exchange, you give up any right you may have to sue Defendants separately about the same factual circumstances and legal claims being raised in this lawsuit, and you will be bound by the outcome of this case if tried before a jury or decided by the Court. If the parties agree to a settlement, then you will have another opportunity to opt out or exclude yourself from the case at that time. |
| **Ask to be excluded by _____, October 8, 2021** | **Get out of this lawsuit. Get no benefits from it. Keep your rights.** |
| | If you ask to be excluded from this lawsuit, you will not be bound by what happens in this case and will keep any right you might have to sue Defendants separately about the same factual circumstances and legal claims being raised in this lawsuit. If a recovery is later awarded in this case, you would not share in that recovery. |

## BASIC INFORMATION

| **1. Why did I get this Notice?** |
|---|

The Court has certified a Class in this lawsuit and you were identified as a potential Class Member whose rights may be affected.

A class action is a type of lawsuit in which one or several individuals or entities prosecute claims on behalf of all members of a group of similarly situated persons and entities (*i.e.*, the class) to obtain monetary or other relief for the entire group. The Court decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal district courts. Specifically, the Court found that a significant number of investors purchased or sold Tesla securities during the Class Period (defined below) and that the claims alleged in the lawsuit are common enough to apply to all of those investors. Judge Edward M. Chen of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is titled *In Re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (the "Action"). More information about why the Court is allowing this lawsuit to proceed is in the Court's Order Denying Defendants' Motion to Dismiss, which is available at _____. However, that Order is not a decision by the Court that Defendants have done anything wrong, or an expression of any opinion about who will win the case.

| **2. Who is included in the Class?** |
|---|

The Class, certified by the Court, consists of:

> *All individuals and entities who purchased or sold Tesla stock, options, and other securities from 12:48 p.m. EDT on August 7, 2018 to August 17, 2018 and were damaged thereby.*

Excluded from the Class are: Defendants; the officers and directors of Tesla at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest.

The Class definition is subject to change by Court order, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Defendants have reserved their rights in this Action, which could include moving to de-certify the Class, in whole or in part, or seeking the exclusion from the Class of certain entities or individuals at a later date.

---

**3.   What if I'm still not sure if I am included in the Class?**

---

If you are still not sure whether you are included in the Class, you can get additional information at _____ or by contacting the lawyers who were appointed Class Counsel in this Action at the address or phone number below.

## OVERVIEW AND STATUS OF THE ACTION

---

**4.   What is this case about and what has happened so far?**

---

The Class Representative alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, which prohibit individuals and entities from making false and/or materially misleading statements in connection with the sale or purchase of a security. On August 7, 2018 at 12:48 p.m. EDT, Elon Musk tweeted the following message: "Am considering taking Tesla private at $420. Funding secured." Tesla's stock price rose following this tweet. In the hours and days that followed, Elon Musk made several additional statements concerning Tesla possibly becoming a private company, including the statement that "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." The Class Representative alleges that these statements were false and/or materially misleading because, among other reasons, funding allegedly had not been secured to take Tesla private, investor support allegedly was not confirmed, and allegedly no imminent plans were in place to do so. Elon Musk, Tesla, and the other Defendants deny that they did anything wrong and believe that the claims have no merit. Among other things, Defendants contend that the challenged statements were entirely true; that Defendants did not make any materially false or misleading statements; that they did not act with scienter; that the Class Representative and the Class cannot show damages; and that there is no control person liability.

Beginning on August 10, 2018, several plaintiffs filed initial complaints against Mr. Musk and Tesla. On November 27, 2018, the Court consolidated these actions and on January 16, 2019, the

Class Representative filed an amended complaint against Mr. Musk, Tesla, and members of Tesla's Board of Directors (Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice), which sets forth the operative allegations in this lawsuit. On November 22, 2019, Defendants filed a motion to dismiss the amended complaint, which the Court denied on April 15, 2020. On November 25, 2020, the Court entered an Order certifying the class as set forth above and appointing Glen Littleton as Class Representative.

Discovery is ongoing. A jury trial is scheduled to begin on May 31, 2022. That date is subject to change in the future without further notice to the Class. You can get updated information at _____ or by contacting Class Counsel.

Copies of the Court's Orders referenced herein are available at _____.

| **5.   Has the Court decided who is right?** |
|---|

The Court has not decided who is right and there has been no monetary recovery. By certifying the Class and authorizing this Notice, the Court is not suggesting that the Class Representative will win or lose this case.  The Class Representative will attempt to prove his claims in proceedings that will occur in the future.

If a settlement of the lawsuit is reached, it will be subject to approval by the Court. Class Members will be sent additional notice of any proposed settlement and members of the Class who have not excluded themselves will have an additional opportunity to exclude themselves at that time, object to the proposed settlement, or submit a Proof of Claim form to demonstrate their entitlement to any payment. Similarly, the Court may also direct further notice to the Class following any judgment that may be entered after a trial of this case or decision by the Court, or for any other reason that the Court may determine.

| **6.   Is there any money available now?** |
|---|

No money or any other benefits are available now because the Court has not yet decided whether Defendants did anything wrong, and the parties have not settled the case. There is no guarantee that money or any other benefit will ever be obtained. If there is a recovery, you will be notified about how to ask for your share.

## YOUR RIGHTS AND OPTIONS

| **7.   What happens if I am a Class Member and I do nothing?** |
|---|

If you are a Class Member and you do nothing, you will stay in the Class. This means you will be legally bound by all of the Court's orders and judgments in this Action, whether favorable or unfavorable, unless the Court issues an order de-certifying the Class or excluding you from the Class at a later date. If you stay in the Class and money is paid to the Class, either through a settlement with Defendants or a judgment of the Court, you may be eligible to receive a share of that recovery. If you choose to remain a member of the Class, you do not have to do anything at this time (other than retain your records of your purchases and sales of Tesla securities and any

other documents relating to Tesla). If there is a recovery in the future, members of the Class will be required to support their requests for payment by demonstrating their membership in the Class and documenting their purchases and sales of Tesla securities and their resulting damages. Neither the Class Representative, Tesla, nor the Notice Administrator (defined below) necessarily have information about your transactions in Tesla securities. Your broker may not keep your records for as long as may be necessary. For these reasons, please be sure to keep all records of your transactions in Tesla securities and any other documents relating to Tesla.

If at a later date the parties decide to settle, then you will have another opportunity to exclude yourself from the case. Absent settlement, however, you will not be able to exclude yourself from the Class or subsequent orders and judgments if you do not request exclusion at this time.

**8.   If I am a Class Member, why would I ask to be excluded?**

If you want to pursue your own lawsuit or claims against Defendants about the conduct in this case, do not want to be bound by what the Court does in this case, or if you simply do not want to be part of the Class pursuing claims against Defendants, you must ask to be excluded. If you exclude yourself from the Class—which means to remove yourself from the Class and is sometimes called "opting-out" of the Class—you will not be legally bound by any past, present, or future Court orders or judgments in this Action, and will keep any right you may have to individually sue Defendants in the future. However, if you exclude yourself, you also will not get any money or any other benefits from this lawsuit, if there are any.

If you start your own lawsuit against Defendants after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. Please note that if you decide to exclude yourself from the Class, you should consult with an attorney prior to doing so and discuss whether your individual claim would be time-barred by the applicable statutes of limitations or repose or face any other impediments to recovery.

**9.   If I am a Class Member, how do I ask the Court to exclude me from the Class?**

If you wish to be excluded from the Class ("opt-out"), you must submit a letter stating that you "request exclusion from the Class in *In Re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)." Your request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the type and amount of Tesla securities that the person or entity requesting exclusion purchased/acquired or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition or sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. You must either mail your exclusion request or submit it using the case website, so that it is postmarked or submitted no later than October 8——————, 2021 to:

[INSERT]

You cannot exclude yourself from the Class by telephone or by email, and a request for exclusion will not be effective unless it contains all the information called for by this section and is postmarked or submitted by the date stated above, unless the Court makes an exception. Only request exclusion if you do not wish to participate in the Action and do not wish to share in any potential recovery that the Class may obtain.

## THE LAWYERS REPRESENTING THE CLASS

**10. Do I have a lawyer in this case?**

As a member of the Class, you will be represented by Class Counsel who are:

| | |
|---|---|
| LEVI & KORSINSKY, LLP | LEVI & KORSINSKY, LLP |
| Adam M. Apton, Esq. | Nicholas I. Porritt, Esq. |
| 388 Market Street, Suite 1300 | 1101 30th Street NW, Suite 115 |
| San Francisco, CA 94111 | Washington, DC 20007 |
| (415) 373-1671 | (202) 524-4290 |

Unless you hire your own personal lawyer, as a Class Member you will not have any direct obligations to pay the costs of this lawsuit. In the event there is a recovery by the Class, all costs and expenses, including Class Counsel's attorneys' fees, will be paid from that recovery in an amount that is approved by the Court. If there is no recovery, Class Counsel will not receive any attorneys' fees or expenses.

**11. If I am a Class Member, can I get my own lawyer?**

You do not need to hire your own lawyer, because Class Counsel are already working on your behalf. However, you have the right to retain your own personal lawyer at your own expense. If you retain separate counsel to represent you in this case, your counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Court no later than August 19, 2021.

## GETTING MORE INFORMATION

**12. Where can I get more information?**

If you want more detailed information, you may contact Class Counsel or visit _____, where you will find case-related documents and detailed information regarding the Action. You may also call JND Legal Administration_____, (the "Notice Administrator") at _____. Please do not call or write the Court or the Defendants.

**13. What if my address has changed?**

If you received a postcard with information about the Action ("Postcard Notice") at an old address, or if you move, please advise the Notice Administrator of your current address so that you can receive any future notices and/or Proof of Claim forms. If you are not a member of the Class, you may discard the Postcard Notice. Any change to your address should be mailed to:

[INSERT]

## NOTICE TO BROKERS AND CUSTODIANS

If, for the beneficial interest of any person or entity other than yourself, you purchased Tesla stock, options, or other securities from 12:48 p.m. EDT on August 7, 2018 to August 17, 2018,

you must, within ten (10) calendar days of receipt of the Postcard Notice, either: (i) request from the Notice Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and mail those Postcard Notices yourself within ten (10) calendar days after receiving them, and also provide the Administrator with email addresses for all such beneficial owners; or (ii) within ten (10) calendar days of receipt of the Postcard Notice, send the Postcard Notice to beneficial owners via electronic communication; or (iii) within ten (10) calendar days of receipt of the Postcard Notice, provide a list of the names, addresses, and email addresses of all such beneficial owners to the Notice Administrator at _____. If you choose the first or second option, you must send a statement to the Notice Administrator confirming that the mailings and/or electronic communications was were made and you must retain your mailing and/or electronic communication records for use in connection with any further notice that may be provided in the Action. If you choose the second third option, the Notice Administrator will send a copy of the Postcard Notice to the beneficial owners. If email addresses are not available, you must notify the Notice Administrator of that fact. Upon full and timely compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred (but not to exceed $0.50 per mailing, including postage) by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Dated: _____, 2021          BY ORDER OF THE COURT:
                                     UNITED STATES DISTRICT COURT
                                     NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT "D"

1

2

3

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| 4  IN RE TESLA, INC. SECURITIES | Case No. 3:18-cv-04865-EMC |
| 5  LITIGATION | |
| 6 | <u>Class Action</u> |
| 7 | **SUMMARY NOTICE OF PENDENCY OF CLASS ACTION** |
| 8 | |

9

10

**TO:     ALL PERSONS WHO PURCHASED AND/OR SOLD TESLA, INC. STOCK, OPTIONS, AND/OR OTHER SECURITIES FROM 12:48 P.M. EDT ON AUGUST 7, 2018 TO AUGUST 17, 2018, A CLASS ACTION LAWSUIT MAY AFFECT YOUR RIGHTS.**

11

12

13

<u>**YOU MAY BE A MEMBER OF THE CLASS. IF YOU DO NOT WITH TO BE A PART OF THE CLASS, YOU MUST RESPOND TO THIS NOTICE WITH A WRITTEN REQUEST FOR EXCLUSION (SEE BELOW).**</u>

14

15

16

17

18

19

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned action ("Action") against Tesla, Inc. ("Tesla"), Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (collectively "Defendants"), has been certified as a class action on behalf of the Class, except for certain persons and entities that are excluded from the Class as set forth in the full printed Notice of Pendency of Class Action ("Notice"). Plaintiff Glen Littleton has been appointed by the Court to represent the Class as the Class Representative.  By certifying the Class and issuing the Notice, the Court is not suggesting that the Class Representative will win or lose this case; he will instead attempt to prove his claims in proceedings that have not yet occurred.

20

21

22

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS MAY BE AFFECTED BY THIS LAWSUIT. The full printed Notice is currently being mailed to known Class Members. If you have not yet received a full printed Notice, you may obtain a copy from the website for the Action, _____, or by contacting the Notice Administrator at _____.

23

24

If you did not receive the Notice by mail, and believe you are a member of the Class, please send your name and address to the Notice Administrator so that if any future notices are disseminated in connection with the Action, you will receive them.

25

26

Inquiries, other than requests for the Notice, may be made to Court-appointed Class Counsel:

27

28

|  |  |
|---|---|
| LEVI & KORSINSKY, LLP | LEVI & KORSINSKY, LLP |
| Adam M. Apton, Esq. | Nicholas I. Porritt, Esq. |
| 388 Market Street, Suite 1300 | 1101 30th Street NW, Suite 115 |

1

San Francisco, CA 94111                    Washington, DC 20007
(415) 373-1671                              (202) 524-4290

2

3  If you are a Class Member, you have the right to decide whether to remain a member of the Class.
   If you choose to remain a member of the Class, you do not need to do anything at this time other
4  than retain your documentation reflecting your transactions in Tesla securities. You will
   automatically be included in the Class, and you will be bound by the proceedings in this Action,
5  including all past, present and future orders and judgments of the Court, whether favorable or
   unfavorable. If you are a Class Member and do not wish to remain a member of the Class, you
6  must take steps to exclude yourself from the Class.

7  If you timely and validly request to be excluded from the Class, you will not be bound by any
   orders or judgments in the Action, and you will not be eligible to receive a share of any money
8  that might be recovered in the future for the benefit of the Class. To exclude yourself from the
   Class, you must submit a written request for exclusion postmarked no later than October 8
9  _____, 2021, in accordance with the instructions set forth in the full printed Notice. If at a
10 later date the parties decide to settle before trial, then you will have another opportunity to opt out
   or exclude yourself from the case. Absent settlement however, you will not be able to exclude
11 yourself from the Class or subsequent orders and judgments if you do not request exclusion in
   response to this notice. If you do not exclude yourself from the class, regardless of the outcome
12 of the Action, you will not be able to sue Defendants—as part of any other lawsuit—regarding
13 the factual circumstances and legal claims asserted in this case.

14        **Please Do Not Call or Write the Court or the Defendants with Questions.**

15 Dated: _____, 2021          BY ORDER OF THE COURT:
                                        UNITED STATES DISTRICT COURT
16                                      NORTHERN DISTRICT OF CALIFORNIA

17

18

19

20

21

22

23

24

25

26

27

28