UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE TESLA, INC. SECURITIES LITIGATION

Case No. 18-cv-04865-EMC   (KAW)

**ORDER REGARDING DISCOVERY LETTER**

Re: Dkt. No. 329

This securities lawsuit concerns statements made by Elon Musk, the CEO of Tesla, Inc. ("Tesla") about taking Tesla private. (Discovery Letter at 1, Dkt. No. 329-1.) On July 30, 2021, the instant discovery letter was filed concerning the deposition of third-party Egon Pierre-Durban, the co-CEO of Silver Lake Technology Management, LLC ("Silver Lake"). (Discovery Letter, Dkt. No. 329.) Mr. Durban seeks to quash the subpoena on the grounds that a deposition is unreasonably duplicative and would pose an unreasonable burden. (*Id.* at 4.)

The Court finds this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the discovery letter and the relevant legal authority, the Court DENIES Mr. Durban's request to quash the subpoena.

Federal Rule of Civil Procedure 45, which governs discovery of non-parties by subpoena, provides that a district court must quash or modify a subpoena if it "subjects a person to undue burden." The burden is on the party moving to quash a subpoena to demonstrate harm or prejudice that will result from the discovery sought, although "the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Free Stream Media Corp. v. Alphonso Inc.*, Case No. 17-cv-2107-RS (KAW), 2017 WL 6209309, at *3 (N.D. Cal. Dec. 8, 2017). "[A] strong showing is required before a party will be denied entirely the right to take a deposition."

*Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (internal quotation omitted); *see also Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances").

Here, Mr. Durban worked directly with Mr. Musk on taking Tesla private, with Silver Lake acting as a financial advisor on this project. (Discovery Letter at 1.) Although Mr. Durban contends that his involvement was limited, he concedes that this work included meetings and communications with Mr. Musk and others over a two-week period in August 2018. (*Id.* at 3.) For example, Mr. Durban had a phone call with Mr. Musk on August 6, 2018, in which they discussed Mr. Musk's reasons for wanting to take Tesla private, the funding required for the transaction, investor support, and company structure. (*Id.* at 1.) On August 10, 2018, Mr. Durban met with Mr. Musk, doing a presentation that discussed the process for going private, funding, structure, and timeline. (*Id.*) Mr. Durban also spoke with potential investors, including sovereign wealth funds and private companies. (*Id.*) Following Mr. Musk's and Tesla's announcement that Tesla was not going private, Mr. Durban provided sworn testimony during an investigation by the Securities and Exchange Commission ("SEC"). (*Id.* at 1, 3.) Mr. Durban now contends that his deposition is unreasonably duplicative of his SEC testimony, such that a deposition would be an undue burden. (*Id.* at 4.)

The Court disagrees. Simply because Mr. Durban has previously testified before the SEC does not mean a deposition would be duplicative, particularly where Plaintiffs' counsel had no opportunity to examine Mr. Durban. *Compare with Cuviello v. Feld Entm't, Inc.*, Case No. 13-cv-3135-LHK (PSG), 2014 U.S. Dist. LEXIS 160371, at *5 (N.D. Cal. Nov. 14, 2014) ("there is no merit to the officers' contention that the deposition subpoenas are unduly burdensome simply because they may solicit testimony that overlaps with previous testimony"). Even if Mr. Durban's testimony before the SEC is admitted at trial, Plaintiffs are entitled to depose Mr. Durban to explore aspects of the case that the SEC did not necessarily focus on during their investigation.

Further, Plaintiffs have identified specific topics that Mr. Durban did not testify on during the SEC investigation, including the August 10, 2018 presentation, communications with Tesla's Special Committee concerning investor outreach and funding, and correspondence with Goldman

2

1  Sachs regarding the structure of the going-private transaction. (Discovery Letter at 2.) Mr.
2  Durban argues that these are insignificant, but Mr. Durban has not demonstrated that these are not
3  relevant to Plaintiffs' case. For example, Mr. Durban asserts, without explanation, that "it is not
4  credible that Plaintiff needs Mr. Durban's testimony" on communications between Silver Lake
5  and Goldman Sachs to demonstrate that Tesla did not obtain the funding or structure needed to go
6  private. (*Id.* at 5.) Such bare assertions are insufficient. Mr. Durban also argues that Plaintiffs do
7  not need to depose Tesla's Special Committee about how it functioned because the Special
8  Committee members are defendants in this case. (*Id.*) Plaintiffs, however, does not seek to
9  depose Tesla's Special Committee on how it functioned, but on how Silver Lake and the Special
10 Committee coordinated as to investor outreach and funding. (*Id.* at 2.)

11 The Court also observes that Mr. Durban fails to identify a specific harm or prejudice that
12 will result if he is deposed. Mr. Durban merely asserts that there will be burden from preparing
13 and sitting for a deposition. (Discovery Letter at 4.) Without more information, it is unclear how
14 this outweighs the likely benefit of the proposed deposition. *See Cuviello*, 2014 U.S. Dist. LEXIS
15 160371, at *5, 7 (finding that "the burden imposed on officers by the duplicative nature of the
16 testimony sought is minimal" where "the officers fail to identify any specific harm or prejudice
17 that will result if the protective order is not granted").

18 Accordingly, the Court DENIES Mr. Durban's request to quash the subpoena. During the
19 deposition, however, Plaintiffs should endeavor to limit testimony that is duplicative of Mr.
20 Durban's testimony to the SEC.

21 IT IS SO ORDERED.

22 Dated: August 16, 2021

KANDIS A. WESTMORE
United States Magistrate Judge