UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**[PROPOSED] LETTERS ROGATORY** |

**TO THE APPROPRIATE JUDICAL AUTHORITY OF THE STATE OF CANADA:**

The U.S. District Court of the Northern District of California presents its compliments to the Superior Court of Justice of Ontario, Canada and requests international judicial assistance to obtain evidence to be used in the above-captioned civil action proceeding before this Court. This Court has determined that it would further the interest of justice if by the proper and usual process of your Court, you summon BMO Nesbitt Burns Inc.; Caldwell Securities Ltd.; CIBC World Markets Inc.; CI Investment Services Inc.; Desjardins Securities Inc.; Fidelity Clearing Canada ULC; National Bank Financial Inc.; Questrade, Inc.; RBC Dominion Securities Inc.; Scotia Capital, Inc.; and TD Waterhouse Canada, Inc. (collectively, the "Brokers"); to produce the documents in their possession, custody or control that are identified in Schedules A-K.

The application for these letters rogatory is brought by Lead Plaintiff Glen Littleton through the Class Counsel, Levi & Korsinsky, LLP. Canadian counsel is available to answer any questions the Canadian Court may have.

This request is made pursuant to Rule 4(f)(2)(B) of the Federal Rules of Civil Procedure; the All-Writs Act, 28 U.S.C. §1651 and 28 U.S.C. §1781 (permitting the transmittal of letters rogatory through the district courts and the Department of State); the *Ontario Evidence Act*, R.S.O. 1990, c. E. 23; and the *Canada Evidence Act*, R.S.C., 1985, c. C-5. The United States District Court for the Northern District of California is a competent court of law and equity which properly has jurisdiction over this proceeding and has the power to compel the attendance of witnesses and

production of documents both within and outside its jurisdiction. The Brokers carry on business in Canada within the Providence of Ontario. Based on its investigation, Plaintiff's counsel believes the Brokers have or are likely to have in their possession, custody, or control, documents, and electronic data responsive to the requests in Schedules A through K herein. Plaintiff's counsel represents that the documents and electronic data sought are relevant to the question of whether Class[1] members suffered an economic loss because of the alleged fraud (*i.e.*, damages), necessary elements of the Class's claims. Furthermore, Plaintiff's counsel represents that the documents/data sought is the type of evidence that may be used to support the claims that Class members suffered damages as a result of the alleged fraud. Defendants reserve the right to argue that the evidence sought by Plaintiff from the Brokers is not relevant to the claims and defenses in this action.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in a Canadian court. The requesting Court is satisfied with Plaintiff's counsel's representations that the evidence sought to be obtained through this request is relevant to the question of damages, is the type of evidence that may be used to support the claims that Class members suffered damages as a result of the alleged fraud, and cannot be reasonably obtained by other methods. Because the Court lacks authority to compel production of these documents and Plaintiff's counsel's representations that the documents are necessary in order that justice be served in the above captioned proceeding, this Court respectfully requests assistance from the Ontario Superior Court of Justice.

1. **SENDER**

   Honorable Kandis A. Westmore
   United States Magistrate Judge
   United States District Court for the Northern District of California
   Ronald V. Dellums Federal Building
   1301 Clay Street
   Oakland, CA 94612
   USA

---

[1] Defined below in Section 6(a).

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**

Superior Court of Justice
393 University Avenue, 10th Floor
Toronto, Ontario
M5G 1E6
Canada

3. **PERSON TO WHOM THE EXECUTED REQUESTED IS TO BE RETURNED**

Adam M. Apton, Esq.
Levi & Korsinsky LLP
388 Market Street, Suite 1300
San Francisco, CA 94111
USA
Tel.: (415) 373-1671
Email: aapton@zlk.com

4. **SPECIFICATION OF DATE BY WHICH THE REQUESTED AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTERS OF REQUEST**

A response is requested as soon as possible.

5. **NAMES AND ADDRESS OF THE PARTIES AND THEIR REPRESENTATIVES**

The evidence requested relates to the action *In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC, in the United States District Court for the Northern District of California. The parties and their representatives are listed as follows:

a. **Lead Plaintiff**

Glen Littleton,

*Represented by:*

**Levi & Korsinsky, LLP**
Adam M. Apton
Adam C. McCall
388 Market Street, Suite 1300
San Francisco, CA 94111
USA
Tel.: 415-373-1671
Fax: 415-484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

3

[PROPOSED] LETTERS ROGATORY
CASE NO. 3:18-CV-04865-EMC

    **Levi & Korsinsky, LLP**
Nicholas I. Porritt
Alexander A. Krot III
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
USA
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: nporritt@zlk.com
Email: akrot@zlk.com
Levi & Korsinsky LLP

**Levi & Korsinsky, LLP**
Joseph E. Levi
Eduard Korsinsky
55 Broadway, 10th Floor
New York, New York 10006
USA
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: jlevi@zlk.com
Email: ek@zlk.com

  b. <u>**Defendants**</u>

Tesla, Inc., Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Elon Musk, Kimbal Musk, and Linda Johnson Rice,

*Represented by:*

    **Cooley LLP**
Bingxin Wu
Brian French
Sarah Malke Lightdale
55 Hudson Yards
New York, NY 10001
USA
Tel: (212) 479-6000
Email:Bwu@cooley.com
Bfrench@cooley.com
Slightdale@cooley.com

**Cooley LLP**
Patrick Edward Gibbs
Stephen Cassidy Neal
Joshua Sol Schelly Walden

Samantha Anne Kirby
3175 Hanover Street
Palo Alto, CA 94304
USA
Tel: (650) 843-5000
Fax: (650) 849-7400
Email:Pgibbs@cooley.com
Email:Sneal@cooley.com
Email:Jwalden@cooley.com
Email:Skirby@cooley.com

### 6. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

#### a. Nature and Purpose of the Claims

The Plaintiff in the lawsuit, Glen Littleton, represents a Class certified as "[a]ll individuals and entities who purchased or sold Tesla stock, options, and other securities from 12:48 p.m. EDT on August 7, 2018 to August 17, 2018 and were damaged thereby" (the "Class Period" and the "Class"). Plaintiff claims that Musk and Tesla violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j, and SEC Rule 10b-5, 17 C.F.R. 240.10b-5, and that Tesla's Board of Directors violated Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §78t. According to the lawsuit, these violations caused Plaintiff and the Class billions of dollars of damages for which Defendants should be held liable.

Plaintiff's allegations concern communications made by Musk and Tesla regarding a potential going private transaction. *See* Dkt. No. 184. On August 7, 2018, at 12:48 p.m. ET, Musk Tweeted the following message to over 22 million followers: "Am considering taking Tesla private at $420. Funding secured." *Id.* at 2. Musk made additional statements about the potential transaction including tweeting about three hours later: "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." Plaintiff further alleges that on August 17, 2018, *The New York Times* published an article based on a lengthy interview with Musk and others, which included a statement by the reporter that funding for a Tesla take-private "was far from secure." *Id.* Defendants deny that Mr. Musk or Tesla made any false or misleading statements, deny that they did anything wrong, and believe that the claims have no merit. Among other things, Defendants contend that the challenged statements were entirely true; that Defendants

1   did not make any materially false or misleading statements; that they did not act with scienter; that
2   the Plaintiff and the Class cannot show damages; and that there is no control person liability.

3   As Plaintiff views the law, to prevail on a claim under Section 10(b) and Rule 10b-5, a plaintiff must prove economic loss and that such loss resulted from the alleged fraud. *Matrixx Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 37–38 (2011) (listing elements a plaintiff must prove under Section 10(b) and Rule 10b-5 to succeed on its claims). In a private action asserting a Section 10(b) claim in which the plaintiff seeks to establish damages by reference to the market price of a security, the statutory law provides a limitation on the award of damages. 15 U.S.C. § 78u-4(e). This limitation provides that: (i) "the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market"; and (ii) that "if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period . . . the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security." *Id.*

19  In this action, the Class Period begins at 12:48 p.m. EDT on August 7, 2018 and ends on August 17, 2018, when the fraud is alleged to be fully corrected. *See* Dkt. No. 184 at 3; Dkt. No. 298 at 3. The associated 90-day period, therefore, ends on November 15, 2018. As such, it is Plaintiff's counsel's understanding that the documents and electronic data concerning potential Class members' transactions correspond to the Class Period and the 90-day period whereby an investor's transactions after the Class Period may impact the amount of the potential award of damages. Thus, it is Plaintiff's counsel's understanding that in a securities class action, such as this one, class-wide damages as well as a class member's individual damages (if any) are impacted not only by the number of securities that each class member purchased and/or sold in the defendant

corporation during the Class Period but may be affected by the prices they paid or received for those securities both during and after the Class Period.

Individual banks and brokers-dealers have records in their possession, custody, or control that identify transactions by their customers in a company's securities: evidence of the proof of purchase and sale of the subject security. With retail and other brokerage accounts, a broker-dealer typically holds its customers' securities under the name of the brokerage firm, regularly referred to as the "street name," rather than the name of the individual who is the legal owner of a security, the "beneficial owner." Although the name on a stock certificate is not that of the individual, the individual is still the beneficial owner of the security and has all the rights associated with ownership. It is the broker-dealer that maintains or causes to be maintained the records as to the beneficial holders' holdings and trades.

A broker-dealer maintains records that identify its own customers' securities and their transactions. It is Plaintiff's counsel's understanding that there is no centralized database that collects and maintains this account-level information outside of the broker-dealers themselves or the entities they retain to maintain such records on their behalf. Moreover, neither the companies themselves nor the securities intermediaries that are involved in these transactions possess this account-level information. Although the individual securities owners may also have this information, Plaintiff's counsel is not aware of any way to determine the identity of these beneficial owners (the broker-dealers' customers) from publicly-available information because the stock certificates are not recorded in the beneficial owners' names. Accordingly, based on its investigation, Plaintiff's counsel believes that the Brokers are the only central source to obtain this account-level information.

The Brokers are all Canadian companies who are in possession and control of information concerning trades, transactions, and positions in Tesla common stock, options, and bonds (collectively, "Securities") that Plaintiff believes is relevant to the question of whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims. Therefore, this Court respectfully requests that, in the interest of

justice, you issue appropriate orders, letters rogatory or other compulsory process needed to compel the production of documents requested in Schedules A-K.

### b. The Brokers

#### i. *BMO Nesbitt Burns Inc.*

BMO Nesbitt Burns Inc. is an integrated Canadian investment dealer with its head office in Toronto, Ontario. BMO Nesbitt Burns Inc. is a part of the BMO Financial Group's Private Client Group, which provides full-service investment, portfolio management, and wealth advisory services to Individuals, families, businesses, and institutions.

Based on its investigation, Plaintiff's counsel believes that BMO Nesbitt Burns Inc. has in its possession, custody or control relevant documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that BMO Nesbitt Burns Inc. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

#### ii. *Caldwell Securities Ltd.*

Caldwell Securities Ltd. is a Canadian institutional brokerage firm with its head office in Toronto, Ontario. Caldwell Securities Ltd. provides wealth management services, investment solutions, and insurance products for families, individuals, corporations, trusts and foundations.

Based on its investigation, Plaintiff's counsel believes that Caldwell Securities Ltd. has in its possession, custody or control relevant documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that Caldwell Securities Ltd. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

      iii.    ***CIBC World Markets Inc.***

CIBC World Markets Inc. is the investment banking subsidiary of the Canadian Imperial Bank of Commerce with its head office in Toronto, Ontario. CIBC World Markets Inc. provides investment banking and capital markets services, including debt and equity underwriting, sales, and trading, to corporate, government, and institutional clients.

Based on its investigation, Plaintiff's counsel believes that CIBC World Markets Inc. has in its possession, custody or control documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that CIBC World Markets Inc. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

      iv.    ***CI Investment Services Inc.***

CI Investment Services Inc. is a Canadian broker-dealer that provides brokerage and trading services to portfolio managers that is headquartered in Toronto, Ontario. CI Investment Services Inc. is a wholly owned subsidiary of CI Financial Corp. CI Financial and is an independent Canadian company that offers global asset management and wealth management advisory services.

Based on its investigation, Plaintiff's counsel believes that CI Investment Services Inc. has in its possession, custody or control documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that CI Investment Services Inc. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

        v.    **Desjardins Securities Inc.**

Desjardins Securities Inc. is a Canadian broker-dealer that offers brokerage services for common shares, preferred shares, derivative products, mutual funds, hedge funds, and pension funds. It is a subsidiary of the Desjardins Group, a Canadian Financial Services Cooperative.

Based on its investigation, Plaintiff's counsel believes that Desjardins Securities Inc. has in its possession, custody or control documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that Desjardins Securities Inc. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

        vi.    **Fidelity Clearing Canada ULC**

Fidelity Clearing Canada ULC is an independent clearing broker and custodian in the Canadian securities market. It is an indirect, wholly owned subsidiary of 483A Bay Street Holdings LP, and maintains its head office in Toronto, Ontario.

Based on its investigation, Plaintiff's counsel believes that Desjardins Securities Inc. has in its possession, custody or control documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that Desjardins Securities Inc. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

        vii.    **National Bank Financial Inc.**

National Bank Financial Inc. is a Canadian broker that provides brokerage services to institutions and individuals that maintains a location in Toronto, Ontario. National Bank Financial Inc. is a wholly-owned subsidiary of the National Bank of Canada.

Based on its investigation, Plaintiff's counsel believes that National Bank Financial Inc. possesses documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that National Bank Financial Inc. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, inclusive, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

### viii. *Questrade, Inc.*

Questrade, Inc. is a Canadian registered investment dealer, a member of the Investment Industry Regulatory Organization of Canada (IIROC) and a member of the Canadian Investor Protection Fund (CIPF). Questrade, Inc. is a member of the Questrade Group of Companies and is headquartered in Toronto, Ontario.

Based on its investigation, Plaintiff's counsel believes that Questrade, Inc. possesses documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that Questrade, Inc. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, inclusive, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

### ix. *RBC Dominion Securities Inc.*

RBC Dominion Securities Inc. is one of Canada's leading full-service investment and wealth management firms. RBC Dominion Securities Inc. maintains and office in Toronto, Ontario. RBC Dominion Securities Inc. provides brokerage services and is part of RBC's Wealth Management division.

Based on its investigation, Plaintiff counsel believes that RBC Dominion Securities Inc. possesses documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and

1  electronic data that RBC Dominion Securities Inc. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, inclusive, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

      x.   ***Scotia Capital Inc.***

Scotia Capital Inc. is the Canadian legal entity within Scotiabank's Global Banking & Markets division regulated by the Investment Industry Regulatory Organization of Canada. Scotia Capital Inc. maintains an office in Toronto, Ontario. Scotia Capital Inc. is a division of The Bank of Nova Scotia that provides securities services and operates in all facets of corporate and government finance, mergers and acquisitions, equity and fixed income sales and trading and investment research.

Based on its investigation, Plaintiff's counsel believes that Scotia Capital Inc. possesses documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that Scotia Capital Inc. has in its possession, custody or control regarding trades, transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, inclusive, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

      xi.   ***TD Waterhouse Canada, Inc.***

TD Waterhouse Canada, Inc. is a Canadian financial services corporation with an office in Toronto, Ontario. TD Waterhouse Canada, Inc. is owned by the Toronto Dominion Bank and does business through several divisions including, TD Direct Investing, TD Wealth Financial Planning, and TD Wealth Private Investment Advice.

Based on its investigation, Plaintiff's counsel believes that TD Waterhouse Canada, Inc. possesses documents and electronic data concerning Class members' transactions in Tesla Securities during the Class Period. Plaintiff's counsel further believes the documents and electronic data that Scotia Capital Inc. has in its possession, custody or control regarding trades,

transactions, and positions in Tesla Securities during the period of August 6, 2018 through November 15, 2018, inclusive, are relevant evidence to whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims

### 7. EVIDENCE TO BE OBTAINED

The evidence to be obtained consists of documents and electronic data for use at trial or in preparing for trial in this matter. Plaintiff's counsel represents that the Brokers have or likely have information concerning trades of Tesla Securities during the Class Period and during the period of August 6, 2018 through November 15, 2018, inclusive, that is directly relevant to the Class's damages and claims in this matter that cannot be obtained by any other means. Moreover, Plaintiff's counsel represents that the documents/data sought is the type of evidence that may be used to establish the claims that Class members suffered damages as a result of the alleged fraud.

As previously detailed, it is Plaintiff's counsel's understanding that an award of damages for the claims asserted in this action for both individual Class member and for the Class as a whole are dependent, in part, on the number of Tesla Securities that each class member purchased and/or sold, the prices at which their trades were executed, and the timing of such trades. Accordingly, Plaintiff's counsel represents that the Brokers' clients' positions immediately prior to their transactions during the Class Period, trade information concerning the creation of their positions in Tesla Securities, and their trades both during the Class Period and during the 90-day period ending on November 15, 2018, are relevant to Class-wide damages and an individual Class member's damages. Because elements of the claims asserted requires proof of economic loss related to the fraud, Plaintiff's counsel represents that this evidence is relevant to pre-trial discovery and/or trial.

It is my understanding from Plaintiff's counsel that the Defendants are not in possession of the requested information and there is no centralized database that collects this data at the account-level for beneficial owners. Furthermore, it is my understanding that only the Brokers maintain centralized records that identify their customers' transactions in Tesla Securities at an account level and that there is not a publicly-available source that identifies each account holder

at these Brokers that transacted in Tesla Securities during the relevant time period. Accordingly, the documents and data identified in Schedules A-K can only be obtained from these Brokers.

Plaintiff's letters rogatory are not contrary to public policy. The above-captioned matter is a civil action and the information sought is for the limited purposes for use at trial or in preparing for trial in this matter.

The documents and data sought by the letters rogatory are reasonably specified. Schedules A-K herein list in detail what is requested and are narrowly tailored to identify the Brokers' customers' trades in Tesla Securities. The documents and electronic data sought in Schedules A-K are kept in the Brokers' usual course of business and producing same will therefore not constitute an undue burden.

I appreciate that some of the documents and electronic data in Schedules A-K, sought in may call for confidential information. The Stipulated Protective Order entered in this matter extends to document productions of third parties, including the Brokers, who elect to designate materials or disclosures as protected materials. The Stipulated Protective Order covers protected materials or any disclosure that are designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only." The parties and their lawyers are deemed to undertake not to use evidence or information that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" for any purposes other than those of the instant proceeding. Even after the final disposition of the above-captioned litigation, the confidentiality obligations imposed by the Stipulated Protective Order will remain in effect unless certain events occur. Use of any protected material at trial will be governed by a separate agreement or order, similarly, ensuring confidentiality. Finally, all materials must be destroyed or returned to the producing party after the final disposition of the action per the terms of the Stipulated Protective Order. A copy of the operative Stipulated Protective Order is attached as Exhibit A.

The Court concludes that it is in the interest of justice for the Brokers to produce the documents listed in Schedules A-K. The Court considers production of the documents in Schedules A-K to be fair, appropriate, and potentially relevant to the elements of the claims asserted in the litigation.

It is, therefore, respectfully requested that the Ontario Superior Court of Justice compel the Brokers to produce documents and/or electronic data responsive to the requests for production in Schedules A-K to this Letter of Request, to the extent that they are in their possession, custody, or control, and are not privileged under the applicable laws of Canada or the United States. While this Court expresses no view at this time as to the merits in the above-captioned case, it accepts for this letters rogatory Plaintiff's counsel representations that the evidence sought here will be relevant to the question of whether Class members suffered an economic loss as a result of the alleged fraud in this action, necessary elements of the Class's claims.

**8. IDENTITIES AND ADDRESS OF THE ENTITIES TO PRODUCE DOCUMENTS**

The identity and addresses of the entities to produced documents listed in Schedules A through K herein, are set forth below. The addresses provided are based on currently available information and may be supplemented.

BMO Nesbitt Burns Inc.
c/o Legal Dept.
One First Canadian Place, 21st Floor
Toronto, ON
A6 M5X 1H3

Caldwell Securities Ltd.
150 King Street West, Suite 1710
PO Box 47
Toronto, ON
M5H 1J9

CIBC World Markets Inc.
161 Bay Street
8th Floor
Toronto, ON
M5J 2S8

CI Investment Services, Inc.
199 Bay Street
Commerce Court West, #2600
Toronto, ON
M5L 1E2

Desjardins Securities Inc.
4100 Yonge Suite 507
Toronto, ON

M2P 2B5

Fidelity Clearing Canada ULC
483 Bay Street
South Tower, Suite 200
Toronto, ON
M5G 2N7

National Bank Financial Inc.
The Exchange Tower
130 King St. W.
4th Floor Podium
Toronto, ON
M5X 1J9

Questrade, Inc.
5700 Yonge Street
Suite 1900
Toronto, ON
M2M 4K2

RBC Dominion Securities Inc.
200 Bay Street, 39th Floor
Toronto, ON
M5J 2J2

Scotia Capital, Inc.
40 King St W
Toronto, ON
M5H 3Y2

TD Waterhouse Canada, Inc.
12th Floor, TD Tower,
66 Wellington Street West
Toronto, ON
M5K 1A2

9. **DOCUMENTS AND OTHER EVIDENCE TO BE EXAMINED**

It would further the interests of justice if you would summon the Brokers to produce or make available for inspection the documents and electronic data set forth in Schedules A-K.

**10. REQUEST FOR NOTIFICATION**

We respectfully request that any order made by the Court will require the requesting party to provide copies of the documents produced to the parties' representative as identified in Section 8 above and to:

> Honorable Kandis A. Westmore
> United States Magistrate Judge
> United States District Court for the Northern District of California
> Ronald V. Dellums Federal Building
> 1301 Clay Street
> Oakland, CA 94612
> USA

**11. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST**

None.

**12. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds not applicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation

**13. RECIPROCITY**

In the furtherance of justice and by the proper and usual process of this court, the United States District Court for the Northern District of California assures the Superior Court of Justice of Ontario, Canada that it is willing to provide similar cooperation and assistance to the judicial authorities of Canada in the event that Canada requests similar assistance.

Dated: _____, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge

[Seal of Court]