# DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
KEVIN P. MUCK (CSB No. 120918)
kmuck@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

ALISON JORDAN (CSB No. 311081)
ajordan@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal
Musk, and Linda Johnson Rice

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No.: 3:18-cv-04865-EMC<br><br>**DEFENDANTS' ANSWER TO THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:          Hon. Edward M. Chen<br>Action Filed:   August 10, 2018 |

Defendants Tesla, Inc. ("Tesla" or the "Company"), Elon Musk ("Mr. Musk"), Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (the "Director Defendants") (collectively, the "Defendants"), hereby answer Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (the "CC").

Except as expressly admitted herein, Defendants deny the allegations set forth in the CC. Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the CC. To the extent the paragraphs in the CC are grouped under headings and sub-headings, Defendants respond generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required. To the extent a response is necessary, Defendants deny each heading and sub-heading in the CC and incorporate by reference this response in each paragraph below as if fully set forth therein. To the extent Defendants respond that a document speaks for itself, or refer the Court to a document for a complete and accurate description of its contents, such assertions shall not be deemed to be an admission that the contents of any such document are truthful, accurate or complete. Any allegations contained in the CC that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied. Defendants generally deny any averments in the CC's unnumbered paragraphs, footnotes, and prayer for relief. Defendants deny any characterization, including bolding, italics or paraphrasing of any alleged statement or that is not a quote of the actual complete statements in context.

Subject to the foregoing, Defendants answer as follows:

1. Defendants deny the allegations in Paragraph 1 of the CC, except admit that Plaintiff purports to bring a putative federal class action lawsuit against Defendants pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder by the SEC, on behalf of a class of shareholders who purchased or sold the securities of Tesla from August 7, 2018 to August 17, 2018.

2. Defendants deny the allegations in Paragraph 2 of the CC, except admit that Mr.

Musk co-founded Tesla and served as its Chief Executive Officer ("CEO") and Chairman during the period at issue in the CC and that Plaintiff purports to refer to August 7, 2018 statements on Mr. Musk's personal Twitter account and an August 13, 2018 email and respectfully refer the Court to those documents for a complete and accurate description of their contents.

3.      Defendants deny the allegations in Paragraph 3 of the CC, except admit that Mr. Musk discussed taking Tesla private with Saudi Arabia's Public Investment Fund ("PIF").

4.      Mr. Musk denies the allegations in Paragraph 4 of the CC. Tesla and the Director Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the CC, and on that basis deny the allegations therein.

5.      Mr. Musk denies the allegations in Paragraph 5 of the CC. Tesla and the Director Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the CC, and on that basis deny the allegations therein.

6.      Defendants deny the allegations in Paragraph 6 of the CC, except admit that Plaintiff purports to characterize and quote from an article published by *The New York Times* on or about August 17, 2018 and respectfully refer the Court to that article for a complete and accurate description of its contents. Defendants further aver that information regarding the price and volume of trading in Tesla common stock is a matter of public record and speaks for itself.

7.      Defendants deny the allegations in Paragraph 7 of the CC, except aver that information regarding the price and volume of trading, shares outstanding, and short interest in Tesla common stock are matters of public record and speak for themselves.

8.      Defendants deny the allegations in Paragraph 8 of the CC.

9.      Defendants deny the allegations in Paragraph 9 of the CC.

10.      Defendants deny the allegations in Paragraph 10 of the CC, except admit that Plaintiff purports to characterize and refer to a November 2013 disclosure by Tesla and to press releases by certain members of Tesla's Board, and respectfully refer the Court to those documents for the complete and accurate description of their contents.  To the extent Paragraph 10 of the CC calls for or contains legal conclusions, no response is required.

11.      Defendants deny the allegations in Paragraph 11 of the CC, except admit that

Plaintiff purports to assert claims that arise under the statutes and rules cited in Paragraph 11 of the CC.

12.     Defendants admit the allegations in Paragraph 12 of the CC.

13.     Defendants deny the allegations in Paragraph 13 of the CC, except admit that venue for this action is proper in the Northern District of California and that Tesla's headquarters are located within this District.

14.     Defendants deny the allegations in Paragraph 14 of the CC.

15.     Defendants deny the allegations in Paragraph 15 of the CC, except admit that Plaintiff Glen Littleton filed a certification purporting to evidence his transactions in Tesla securities during the alleged Class period.  To the extent Paragraph 15 of the CC calls for or contains legal conclusions, no response is required.

16.     Defendants deny the allegations in Paragraph 16 of the CC, except admit the allegations in the first, second and third sentences of Paragraph 16 and, as to the fourth sentence of Paragraph 16, admit plaintiff purports to make reference to various exchanges on which Tesla securities are traded and quoted and aver that such information is a matter of public record which speaks for itself.

17.     Defendants deny the allegations in Paragraph 17 of the CC, except admit that Mr. Musk co-founded Tesla and served as its CEO and Chairman during the period at issue in the CC and that Mr. Musk has stepped down as Chairman.

18.     Defendants deny the allegations in Paragraph 18 of the CC, except admit that Mr. Musk created a personal Twitter account in June 2009 under the handle "@elonmusk" (twitter.com/elonmusk) and has made reference to Tesla on Twitter.

19.     Defendants deny the allegations in Paragraph 19 of the CC, except admit that Plaintiff purports to characterize and quote from a current report on Form 8-K filed by Tesla with the SEC on or about November 5, 2013 and respectfully refer the Court to that document for a complete and accurate description of its contents.

20.     Defendants deny the allegations in Paragraph 20 of the CC, except admit that Mr. Buss served as a Tesla director from 2009 through the period at issue in the CC.

21.     Defendants deny the allegations in Paragraph 21 of the CC, except admit that Ms. Denholm served as a Tesla director since 2014 and was appointed to chair the Board on November 7, 2018.

22.     Defendants deny the allegations in Paragraph 22 of the CC, except admit that Mr. Ehrenpreis has served as a Tesla director since 2007.

23.     Defendants deny the allegations in Paragraph 23 of the CC, except admit that Mr. Gracias has served as a Tesla director since 2007 and as Tesla's Lead Independent Director since 2010.

24.     Defendants deny the allegations in Paragraph 24 of the CC, except admit that Mr. Murdoch has served as a Tesla director since 2017.

25.     Defendants deny the allegations in Paragraph 25 of the CC, except admit that Kimbal Musk has served as a Tesla director since 2004.

26.     Defendants deny the allegations in Paragraph 26 of the CC, except admit that Ms. Johnson Rice served as a Tesla director from 2017 through the period at issue in the CC.

27.     Defendants deny the allegations in Paragraph 27 of the CC, except admit that Plaintiff purports to refer to Defendants Buss, Denholm, Ehrenpreis, Gracias, Murdoch, Kimbal Musk, and Rice collectively in the CC as the "Board."

28.     Defendants deny the allegations in Paragraph 28 of the CC, except admit that Plaintiff purports to bring this action on behalf of all individuals and entities who purchased or sold Tesla stock, options, and other securities during the alleged Class Period and purports to exclude from the alleged class the persons and entities enumerated in Paragraph 28.

29.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the CC and on that basis deny the allegations therein, except admit that Tesla common stock traded on NASDAQ during the relevant period. To the extent Paragraph 29 of the CC calls for or contains legal conclusions, no response is required.

30.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the CC and on that basis deny the allegations therein, except admit that Tesla had approximately 170 million shares of common stock outstanding

during the relevant period.  Defendants further aver that information regarding the volume of trading in Tesla securities is a matter of public record and speaks for itself.  To the extent Paragraph 30 of the CC calls for or contains legal conclusions, no response is required.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's transactions in Tesla common stock and whether Plaintiff's claims are typical of those of those of unidentified putative class members, and on that basis deny the allegations in Paragraph 31 of the CC.  To the extent Paragraph 31 of the CC calls for or contains legal conclusions, no response is required.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the CC and on that basis deny the allegations therein.  To the extent Paragraph 32 of the CC calls for or contains legal conclusions, no response is required.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the CC and on that basis deny the allegations therein.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the CC and on that basis deny the allegations therein.

35.     Defendants deny the allegations in Paragraph 35 of the CC.  To the extent Paragraph 35 of the CC calls for or contains legal conclusions, no response is required.

36.     Defendants deny the allegations in Paragraph 36 of the CC. To the extent Paragraph 36 of the CC calls for or contains legal conclusions, no response is required.

37.     Defendants deny the allegations in Paragraph 37 of the CC.

38.     Defendants admit the allegations in Paragraph 38 of the CC to the extent they describe the period at issue in the CC.

39.     Defendants lack knowledge or information sufficient to assess Plaintiff's characterization of what analysts and investors "closely followed" and on that basis deny the allegations in the second sentence of Paragraph 39 of the CC. Plaintiff also does not identify the source of the allegations in Paragraph 39 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent Defendants are

able to respond, they deny the allegations in Paragraph 39 of the CC, except admit that Tesla experienced production difficulties following the introduction of both Model S and Model X.

40.     Defendants deny the allegations in Paragraph 40 of the CC, except admit that Plaintiff purports to characterize and quote from a Tesla press release on or about October 2, 2017 and characterize statements made by Mr. Musk on or about February 22, 2017 and respectfully refer the Court to those statements for a complete and accurate description of their content.

41.     Defendants deny the allegations in Paragraph 41 of the CC, except admit that Plaintiff purports to characterize an "Update Letter" posted by Tesla to its website on or about November 1, 2017 and respectfully refer the Court to that Update Letter for a complete and accurate description of its contents. Defendants further aver that information regarding the price and volume of trading in Tesla common stock is a matter of public record and speaks for itself.

42.     Defendants deny the allegations in Paragraph 42 of the CC, except admit that Plaintiff purports to characterize its November 1, 2017 Update Letter and respectfully refer the Court to that document Letter for a complete and accurate description of its contents.

43.     Defendants deny the allegations in Paragraph 43 of the CC, except admit that Tesla revised its Model 3 production guidance over time and that Plaintiff purports to characterize an article published in the *Los Angeles Times* and a press release issued by Tesla on January 3, 2018, and respectfully refer the Court to that article and press release for a complete and accurate description of their contents.

44.     Defendants deny the allegations in Paragraph 44 of the CC, except admit that Plaintiff purports to characterize and refer to a report by CNBC on or about January 25, 2018 and respectfully refer the Court to that report for a complete and accurate description of its contents.

45.     Defendants deny the allegations in Paragraph 45 of the CC, except admit that numerous short investors had targeted Tesla and that Plaintiff purports to characterize, quote from, and refer to a CNBC article on or about January 25, 2018 and respectfully refer the Court to that article for a complete and accurate description of its contents.

46.     Defendants deny the allegations in Paragraph 46 of the CC, except aver that information regarding the price, shares outstanding, and short interest in Tesla common stock are

matters of public record and speak for themselves.

47.     Defendants deny the allegations in Paragraph 47 of the CC, except admit that Plaintiff purports to characterize and refer to a press release issued by Tesla on or about April 3, 2018 and also purports to characterize and quote from a *Wall Street Journal* article published on April 3, 2018 and respectfully refer the Court to those documents for a complete and accurate description of their contents.

48.     Defendants deny the allegations in Paragraph 48 of the CC, except aver that information regarding the price, shares outstanding, and short interest in Tesla common stock are matters of public record and speak for themselves.

49.     Defendants deny the allegations in Paragraph 49 of the CC, except admit that Plaintiff purports to characterize and refer to a CNBC article published on or about April 11, 2018 and respectfully refer the Court to that article for a complete and accurate description of its contents.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 49 and on that further basis deny the allegations therein.

50.     Plaintiff does not identify the source of the allegations in the first sentence of Paragraph 50 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis, and on that basis deny. Defendants deny the allegations in the second, third and fourth sentences of Paragraph 50 of the CC, except admit that Plaintiff purports to characterize and refer to Tesla's May 2, 2018 earnings call for the first quarter of 2018 and respectfully refer the Court to the transcript of that earnings call for a complete and accurate description of its contents.

51.     Defendants deny the allegations in Paragraph 51 of the CC, except admit that Plaintiff purports to characterize and quote a tweet by Mr. Musk on May 4, 2018 and respectfully refer the Court to that statement for a complete and accurate description of its content.

52.     Defendants deny the allegations in Paragraph 52 of the CC, except admit that Plaintiff purports to characterize and quote a tweet and subsequent statement by Mr. Musk on his personal Twitter account on May 4, 2018 and respectfully refer the Court to those statements for a

1   complete and accurate description of their contents.

2   53.   Defendants deny the allegations in Paragraph 53 of the CC, except aver that

3   information regarding the price of Tesla common stock is a matter of public record and speaks for

4   itself.

5   54.   Defendants deny the allegations in Paragraph 54 of the CC.

6   55.   Defendants deny the allegations in Paragraph 55 of the CC, except admit that

7   Plaintiff purports to quote from a June 17, 2018 tweet by Mr. Musk on his personal Twitter

8   account and respectfully refer the Court to that tweet for a complete and accurate description of

9   its contents.

10   56.   Defendants deny the allegations in Paragraph 56 of the CC, except admit that *The*

11   *New York Times* published an article reporting on Tesla Model 3 production targets on or about

12   July 2, 2018 and that *Bloomberg* published an article reporting on Tesla Model 3 production

13   targets on or about July 3, 2018 and Defendants respectfully refer the Court to those articles for a

14   complete and accurate description of their contents.

15   57.   Defendants deny the allegations in Paragraph 57 of the CC, except aver that

16   information regarding the price of Tesla common stock and short interest in Tesla are matters of

17   public record and speaks for themselves.

18   58.   Defendants deny the allegations in Paragraph 58 of the CC, except admit that

19   Plaintiff purports to characterize, refer to, and quote a story published in the *Wall Street Journal*

20   on or about July 22, 2018 and respectfully refer the Court to that article for a complete and

21   accurate description of its contents.

22   59.   Defendants deny the allegations in Paragraph 59 of the CC, except aver that

23   information regarding the price of Tesla common stock is a matter of public record and speaks for

24   itself.

25   60.   Mr. Musk denies the allegations in Paragraph 60 of the CC.  Tesla and the Director

26   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

27   allegations in Paragraph 60 of the CC, and on that basis deny the allegations therein.

28   61.   Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 61 of the CC, and on that basis deny, except admit that plaintiff purports to characterize and refer to a U.S. News & World Report article on or about July 30, 2018 and a Bloomberg interview with Steve Eisman and respectfully refer the Court to that article and interview for a complete and accurate description of their contents.

62.     Defendants deny the allegations in Paragraph 62 of the CC, except aver that short interest and shares outstanding in Tesla common stock are matters of public record and speaks for themselves.

63.     Plaintiff does not identify the source of the allegations in Paragraph 63 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent they are able to respond, Defendants deny the allegations in Paragraph 63 of the CC, except admit that Mr. Musk met with representatives of PIF on July 31, 2018, that Mr. Teller, who was employed by Tesla as its Director, Office of CEO, among other positions unrelated to Tesla, was in attendance for portions of that meeting, that Mr. Ahuja joined the meeting at some point, that PIF had expressed an interest in exploring a take private transaction involving Tesla with Mr. Musk on prior occasions, that PIF's Managing Director expressed regret that Mr. Musk had not moved forward previously on a going private transaction with PIF and strongly expressed his support for funding a going private transaction for Tesla at that time, and that Mr. Musk understood from the Managing Director of PIF that no other decision makers were needed and that they were eager to proceed.

64.     Plaintiff does not identify the source of the allegations in Paragraph 64 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent he is able to respond, Mr. Musk denies the allegations in Paragraph 64. Tesla and the Director Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the CC, and on that basis deny the allegations therein.

65.     Plaintiff does not identify the source of the allegations in Paragraph 65 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent they are able to respond, Defendants deny the allegations in Paragraph 65 of the CC, except admit that as of the conclusion of the July 31, 2018 meeting there was no written

agreement with PIF and that Mr. Musk had not yet engaged advisors.

66.     Defendants admit that on or about August 1, 2018 Tesla reported its financial results for the second quarter of 2018 in an "Update Letter" and during a conference call and respectfully refer the Court to the Update Letter and call transcript for the complete and accurate description of their contents. Defendants further admit that Tesla's revenues exceeded certain analyst revenue expectations.

67.     Defendants deny the allegations in Paragraph 67 of the CC, except admit that Plaintiff purports to refer to and characterize Tesla's August 1, 2018 "Update Letter" and respectfully refer the Court to the Update Letter for a complete and accurate description of its contents.

68.     Defendants deny the allegations in Paragraph 68 of the CC, except aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

69.     Defendants deny the allegations in the first four sentences of Paragraph 69 of the CC, except admit that Plaintiff purports to characterize and quote from an August 2, 2018 email sent by Mr. Musk to Tesla's Board, Chief Financial Officer, and General Counsel, and respectfully refer the Court to that email for a complete and accurate description of its contents. As to the final sentence of Paragraph 69, Plaintiff does not identify the source of this allegation, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis.  To the extent Mr. Musk is able to respond, Mr. Musk denies the allegations in the final sentence of Paragraph 69, except admits that Plaintiff purports to characterize and quote from prior deposition testimony he provided and respectfully refers the Court to the transcript of that testimony for a complete and accurate description of its contents. Tesla and the Director Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 69 and on that basis deny the allegations therein.

70.     Plaintiff does not identify the source of the allegations in Paragraph 70 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent he is able to respond, Mr. Musk denies the allegations in Paragraph 70, except

admits Plaintiff purports to characterize and quote from prior deposition testimony he provided and respectfully refers the Court to the transcript of that testimony for a complete and accurate description of its contents. Tesla and the Director Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and on that basis deny the allegations therein.

71.     Plaintiff does not identify the source of the allegations in Paragraph 71 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent he is able to respond, Mr. Musk denies the allegations in Paragraph 71, except admits that Plaintiff purports to characterize and quote from prior deposition testimony he provided and respectfully refers the Court to the transcript of that testimony for a complete and accurate description of its contents, and that he did not expressly discuss the $420 per share price with PIF or any other funding source prior to sending the email to the Board on August 2, 2018. Tesla and the Director Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and on that basis deny the allegations therein.  Defendants further aver that information regarding the price and of Tesla common stock is a matter of public record and speaks for itself.

72.     Plaintiff does not identify the source of the allegations in Paragraph 72 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent they are able to respond, Defendants deny the allegations in Paragraph 72 of the CC, except admit that Tesla's Board held a telephonic meeting on August 3, 2018 where Mr. Musk informed the Board that PIF was interested in funding a take private transaction, that Mr. Musk told the Board that he wanted current shareholders to remain as investors, that the Board authorized Mr. Musk to contact certain investors to assess their interest in a take private transaction and report back, and that Plaintiff purports to characterize and quote from deposition testimony provided by Mr. Musk or others and respectfully refer the Court to the transcripts of that testimony for a complete and accurate description of their contents.

73.     Plaintiff does not identify the source of the allegations in Paragraph 73 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed

basis. To the extent Mr. Musk is able to respond, he denies the allegation in Paragraph 73, except admits that he discussed a take private transaction with a private equity fund partner with experience in take private transactions on August 6, 2018. Tesla and the Director Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis deny the allegations therein.

74. Defendants deny the allegations in Paragraph 74 of the CC, except admit that Plaintiff purports to refer to and quote a tweet Mr. Musk posted on his personal Twitter account on August 7, 2018 and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

75. Defendants deny the allegations in Paragraph 75 of the CC, except admit Plaintiff purports to refer to and quote from a text message sent by Martin Viecha and respectfully refer the Court to that text message for a complete and accurate description of its contents.

76. Defendants deny the allegations in Paragraph 76, except admit that Plaintiff purports to refer to and quote from text messages sent to Sam Teller and respectfully refer the Court to those text messages for a complete and accurate description of their contents.

77. Defendants deny the allegations in Paragraph 77 of the CC, except admit that Plaintiff purports to refer to and quote a tweet Mr. Musk posted on his personal Twitter account on August 7, 2018 and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

78. Defendants deny the allegations in Paragraph 78 of the CC, except admit that Plaintiff purports to refer to and quote a tweet Mr. Musk posted on his personal Twitter account on August 7, 2018 and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

79. Defendants deny the allegations in Paragraph 79 of the CC, except admit that Plaintiff purports to refer to and quote tweets and responses Mr. Musk posted on his personal Twitter account on August 7, 2018, and tweets of others, and respectfully refer the Court to those tweets and responses for a complete and accurate description of their contents.

80. Defendants deny the allegations in Paragraph 80 of the CC, except admit that

Plaintiff purports to refer to and quote a Twitter user's tweet and a response Mr. Musk posted on his personal Twitter account on August 7, 2018 and respectfully refer the Court to that tweets and response for a complete and accurate description of their contents.

81.     Defendants deny the allegations in Paragraph 81 of the CC, except aver that information regarding NASDAQ and the volume of trading in Tesla common stock is a matter of public record and speaks for itself.

82.     Defendants deny the allegations in Paragraph 82 of the CC, except admit that Plaintiff purports to refer to and quote a tweet Mr. Musk posted on his personal Twitter account on August 7, 2018 and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

83.     Defendants deny the allegations in Paragraph 83 of the CC except admit that Plaintiff purports to refer to and quote from an email sent to Mr. Musk and to a Twitter user's comment and response by Mr. Musk posted on his personal Twitter account on August 7, 2018 and respectfully refer the Court to that email, comment, and response for a complete and accurate description of their contents.

84.     Defendants deny the allegations in Paragraph 84 of the CC, except admit that Plaintiff purports to characterize and quote from an email Mr. Musk sent to Tesla employees on August 7, 2018, the content of which was also posted on Tesla's blog, and respectfully refer the Court to that email and blog post for a complete and accurate description of their contents and admit that Plaintiff appears to copy the content of that blog post in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85 of the CC, except admit that Plaintiff purports to refer to and quote a tweet Mr. Musk posted on his personal Twitter account on August 7, 2018 and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

86.     Defendants deny the allegations in Paragraph 86 of the CC, except aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

87.     Defendants deny the allegations in Paragraph 87, except admit that Plaintiff

purports to refer to and quote from email correspondence between Martin Viecha and a research analyst and respectfully refer the Court to that correspondence for a complete and accurate description of its contents.

88. Defendants deny the allegations in Paragraph 88, except admit that Plaintiff purports to refer to and quote from email correspondence between Martin Viecha and a research analyst and respectfully refer the Court to that correspondence for a complete and accurate description of its contents.

89. Defendants deny the allegations in Paragraph 89, except admit that Plaintiff purports to refer to and quote from email correspondence between Martin Viecha and a research analyst and respectfully refer the Court to that correspondence for a complete and accurate description of its contents.

90. Defendants lack knowledge or information sufficient to assess the basis for Plaintiff's characterization of what investors or analysts relied on or reacted to on August 7, 2018, and on that basis deny the allegations in Paragraph 90 of the CC, except admit that Plaintiff purports to characterize, refer to and quote an RBC Capital Markets analyst report and respectfully refer the Court to that report for a complete and accurate description of its contents. To the extent Paragraph 90 of the CC calls for or contains legal conclusions, no response is required.

91. Defendants lack knowledge or information sufficient to assess the basis for Plaintiff's characterization of the view of Mr. Musk's statements by Morningstar Equity Research, and on that basis deny the allegations in Paragraph 91 of the CC, except admit that Plaintiff purports to refer to and quote a Morningstar analyst note and respectfully refer the Court to that note for a complete and accurate description of its contents.

92. Defendants deny the allegations in Paragraph 92 of the CC.

93. Defendants deny the allegations in Paragraph 93 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote an August 8, 2018 press release issued by Tesla and respectfully refer the Court to that statement for a complete and accurate description of its contents.

94. Defendants deny the allegations in Paragraph 94 of the CC, except aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

95. Defendants lack knowledge or information sufficient to assess the basis for Plaintiff's characterization of the research report by Jeffries on August 8, 2018, and on that basis deny the allegations in Paragraph 95 of the CC, except admit that Plaintiff purports to characterize, refer to and quote a research report published by Jeffries that day and respectfully refer the Court to that report for a complete and accurate description of its contents.

96. Defendants lack knowledge or information sufficient to assess the basis for Plaintiff's characterization of the J.P. Morgan report published on August 8, 2018, and on that basis deny the allegations in Paragraph 96 of the CC, except admit that Plaintiff purports to characterize, refer to and quote a report published by J.P. Morgan that day and respectfully refer the Court to that report for a complete and accurate description of its contents.

97. Defendants lack knowledge or information sufficient to assess the basis for Plaintiff's characterization of the Evercore analyst report published on August 8, 2018, and on that basis deny the allegations in Paragraph 97 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote an analyst report published by Evercore that day and respectfully refer the Court to that report for a complete and accurate description of its contents.

98. Defendants deny the allegations in Paragraph 98 of the CC, except admit that the *Wall Street Journal* published an article on or about August 8, 2018 and respectfully refer the Court to that article for the complete and accurate description of its contents.

99. Defendants deny the allegations in Paragraph 99 of the CC, except aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

100. Defendants deny the allegations in Paragraph 100 of the CC, except admit Plaintiff purports to refer to an August 10, 2018 tweet on Mr. Musk's personal Twitter account and respectfully refer the Court to that tweet for the complete and accurate description of its contents.

101. Defendants deny the allegations in Paragraph 101 of the CC, except admit that

Plaintiff purports to characterize, refer to and quote statements by Wayne Kaufman of Phoenix Financial Services on CNBC on or about August 10, 2018 and respectfully refer the Court to the that report and those statements for a complete and accurate description of their contents.

102.     Defendants deny the allegations in Paragraph 102 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote a *Bloomberg* report published on or about August 12, 2018 and respectfully refer the Court to that report for a complete and accurate description of its contents.

103.     Defendants deny the allegations in Paragraph 103 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote an "Update on Taking Tesla Private" from Mr. Musk that was posted on Tesla's blog on August 13, 2018 and respectfully refer the Court to the blog post for a complete and accurate description of its contents and admit that Plaintiff appears to copy the content of that blog post in Paragraph 103 but with altered formatting and having removed hyperlinks.

104.     Defendants deny the allegations in Paragraph 104 of the CC, except admit Plaintiff purports to refer to an August 13, 2018 tweet on Mr. Musk's personal Twitter account and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

105.     Defendants lack knowledge or information sufficient to assess the basis for Plaintiff's characterization of the Morningstar analyst note issued on August 13, 2018, and on that basis deny the allegations in Paragraph 105 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote an analyst note issued by Morningstar that day and respectfully refer the Court to that analyst note for a complete and accurate description of its contents.

106.     Defendants deny the allegations in Paragraph 106 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote an August 14, 2018 statement issued by Tesla concerning the formation of a special committee of the Board and respectfully refer the Court to that statement for a complete and accurate description of its contents.

107.     Defendants deny the allegations in Paragraph 107 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote reports in *Bloomberg* and *The New York Times* published on or about August 14, 2018 and respectfully refer the Court to those reports for

a complete and accurate description of their contents.

108.     Defendants deny the allegations in Paragraph 108 of the CC, except aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

109.     Defendants deny the allegations in Paragraph 109 of the CC, except admit that Plaintiff purports to refer to reports in the *Wall Street Journal*, *Business Insider*, and on *Fox Business* on August 15, 2018 and respectfully refer the Court to those reports for a complete and accurate description of their contents.

110.     Defendants deny the allegations in Paragraph 110 of the CC, except aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

111.     Defendants deny the allegations in Paragraph 111 of the CC, except admit that Plaintiff purports to refer to a report in the *Wall Street Journal* on August 16, 2018 and respectfully refer the Court to that report for a complete and accurate description of its contents.

112.     Defendants deny the allegations in Paragraph 112 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote an article published by *The New York Times* on August 16, 2018 and respectfully refer the Court to that article for a complete and accurate description of its contents.

113.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the CC, and on that basis deny the allegations therein.

114.     Defendants deny the allegations in Paragraph 114 of the CC, except aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

115.     Defendants deny the allegations in Paragraph 115 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote a blog post titled "Staying Public" that was published on Tesla's website on August 24, 2018 and respectfully refer the Court to that blog post for a complete and accurate description of its contents and admit that Plaintiff appears to quote the text of the blog post but add emphases that did not appear in the original.

116.     Defendants deny the allegations in Paragraph 116 of the CC, except admit that Plaintiff purports to characterize and refer to complaints filed by the SEC against Mr. Musk and Tesla on September  27, 2018 and September 29, 2018, respectively, and the consent judgments in each matter entered on October 16, 2018, and respectfully refer the Court to those documents for a complete and accurate description of their contents.

117.     Defendants incorporate by reference and reassert their responses to each and every foregoing paragraph as if fully set forth herein.

118.     Defendants deny the allegations in Paragraph 118 of the CC.

119.     Defendants deny the allegations in Paragraph 119 of the CC.

120.     Defendants deny the allegations in Paragraph 120 of the CC, except admit that Plaintiff purports to refer to and quote a tweet Mr. Musk posted on his personal Twitter account on August 7, 2018 and respectfully refer the Court to that  tweet for a complete and accurate description of its contents.

121.     Defendants deny the allegations in Paragraph 121 of the CC.

122.     Defendants deny the allegations in Paragraph 122 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote a Twitter user's question and a response on Mr. Musk's personal Twitter account on August 7, 2018, and respectfully refer the Court to that question and response for a complete and accurate description of their contents.

123.     Defendants deny the allegations in Paragraph 123 of the CC.

124.     Defendants deny the allegations in Paragraph 124 of the CC, except admit Plaintiff purports to refer to a Twitter user's question and Mr. Musk's response on his personal Twitter account on August 7, 2018 and respectfully refer the Court to that question and response for a complete and accurate description of their contents.

125.     Defendants deny the allegations in Paragraph 125 of the CC.

126.     Defendants deny the allegations in Paragraph 126 of the CC, except admit that Plaintiff purports to refer to and quote a tweet Mr. Musk posted on his personal Twitter account on August 7, 2018, and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

127.    Defendants deny the allegations in Paragraph 127 of the CC.

128.    Defendants deny the allegations in Paragraph 128 of the CC, except admit that Plaintiff purports to refer to and quote from an email Mr. Musk sent to Tesla employees on August 7, 2018 and also posted on Tesla's blog and respectfully refer the Court to that email and blog post for a complete and accurate description of their contents.

129.    Defendants deny the allegations in Paragraph 129 of the CC.

130.    Defendants deny the allegations in Paragraph 130 of the CC, except admit that Plaintiff purports to refer to and quote a tweet Mr. Musk posted on his personal Twitter account on August 7, 2018, and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

131.    Defendants deny the allegations in Paragraph 131 of the CC.

132.    Defendants deny the allegations in Paragraph 132 of the CC.

133.    Defendants deny the allegations in Paragraph 133 of the CC.

134.    Defendants deny the allegations in Paragraph 134 of the CC, except admit that Plaintiff purports to refer to and quote an "Update on Taking Tesla Private" from Mr. Musk that was posted on Tesla's blog on August 13, 2018 and respectfully refer the Court to the blog post for a complete and accurate description of its contents.

135.    Defendants deny the allegations in Paragraph 135 of the CC.

136.    Defendants deny the allegations in Paragraph 136 of the CC, except admit that Plaintiff purports to refer to and quote an "Update on Taking Tesla Private" from Mr. Musk that was posted on Tesla's blog on August 13, 2018 and respectfully refer the Court to the blog post for a complete and accurate description of its contents.

137.    Defendants deny the allegations in Paragraph 137 of the CC.

138.    Defendants deny the allegations in Paragraph 138 of the CC.

139.    Defendants deny the allegations in Paragraph 139 of the CC, except admit Plaintiff purports to refer to an August 13, 2018 tweet on Mr. Musk's personal Twitter account and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

140.    Defendants deny the allegations in Paragraph 140 of the CC.

141.   Defendants deny the allegations in Paragraph 141 of the CC.

142.   Defendants deny the allegations in Paragraph 142 of the CC.

143.   Defendants deny the allegations in Paragraph 143 of the CC.

144.   Defendants deny the allegations in Paragraph 144 of the CC.

145.   Defendants deny the allegations in Paragraph 145 of the CC.

146.   Paragraph 146 is vague and ambiguous, rendering it impossible for Defendants to respond appropriately. To the extent they are able to respond, Defendants deny the allegations in Paragraph 146.

147.   Plaintiff does not identify the source of the allegations in Paragraph 147 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent Defendants are able to respond, they deny the allegations in Paragraph 147, except admit that Mr. Musk discussed a take private transaction with a private equity fund partner and Tesla's Board prior to August 7, 2018 and admit that Plaintiff purports to characterize and quote from deposition testimony provided by Mr. Musk or others and respectfully refer the Court to the transcripts of that testimony for a complete and accurate description of their contents.

148.   Defendants deny the allegations in Paragraph 148 of the CC.

149.   Defendants deny the allegations in Paragraph 149 of the CC.

150.   Defendants deny the allegations in Paragraph 150 of the CC, except admit Plaintiff purports to characterize, refer to, and quote deposition testimony provided by Mr. Musk, and respectfully refer the Court to the transcript of that testimony for a complete and accurate description of its contents.

151.   Defendants deny the allegations in Paragraph 151 of the CC.

152.   Defendants deny the allegations in Paragraph 152 of the CC.

153.   Defendants deny the allegations in Paragraph 153 of the CC, except admit Plaintiff purports to characterize, refer to, and quote tweets on Mr. Musk's personal Twitter account on May 4, 2018 and respectfully refer the Court to those tweets for a complete and accurate description of their contents.

154.   Defendants deny the allegations in Paragraph 154 of the CC.

155.    Defendants deny the allegations in Paragraph 155 of the CC.

156.    Defendants deny the allegations in Paragraph 156 of the CC, except admit that Plaintiff purports to characterize and quote from an August 2, 2018 email sent by Mr. Musk to Tesla's Board and respectfully refer the Court to that email for a complete and accurate description of its contents.

157.    Defendants deny the allegations in Paragraph 157 of the CC.

158.    Defendants deny the allegations in Paragraph 158 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote from a tweet on Mr. Musk's personal Twitter account on August 7, 2018 and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

159.    Defendants deny the allegations in Paragraph 159 of the CC, except admit that Plaintiff purports to characterize and quote from an email Mr. Musk sent to Tesla employees on August 7, 2018 and respectfully refer the Court to that email for a complete and accurate description of its contents.

160.    Defendants deny the allegations in Paragraph 160 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote from a tweet on Mr. Musk's personal Twitter account on August 10, 2018 and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

161.    Defendants deny the allegations in Paragraph 161 of the CC, except aver that information regarding short interest, price and volume of trading in Tesla common stock is a matter of public record and speaks for itself.  To the extent Paragraph 161 of the CC calls for or contains legal conclusions, no response is required.

162.    Defendants deny the allegations in Paragraph 162 of the CC, except admit Plaintiff purports to characterize, refer to, and quote a tweet on Mr. Musk's personal Twitter account on October 4, 2018 and respectfully refer the Court to that tweet for a complete and accurate description of its contents.

163.    Defendants deny the allegations in Paragraph 163 of the CC, except admit Plaintiff purports to characterize and refer to certain of Tesla convertible bonds and respectfully refer the

Court to the provisions of those bonds for a complete and accurate description of their terms.

164.     Defendants deny the allegations in Paragraph 164 of the CC, except admit Plaintiff purports to characterize and refer to certain of Tesla convertible bonds and respectfully refer the Court to the provisions of those bonds for a complete and accurate description of their terms.

165.     Defendants lack knowledge or information sufficient to assess the basis for Plaintiff's characterization of the report by Barron's, and on that basis deny the allegations in Paragraph 165 of the CC, except admit that Plaintiff purports to refer to and quote a report by Barron's on August 7, 2018 and respectfully refer the Court to that report for a complete and accurate description of its contents.

166.     Defendants deny the allegations in Paragraph 166 of the CC.

167.     Defendants deny the allegations in Paragraph 167 of the CC.

168.     Defendants deny the allegations in Paragraph 168 of the CC, except admit that Plaintiff purports to characterize and refer to a complaint filed by the SEC against Mr. Musk on September 27, 2018 and respectfully refer the Court to that document for a complete and accurate description of its contents.

169.     Defendants deny the allegations in Paragraph 169 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote a consent judgment signed by Mr. Musk on September 28, 2018 and respectfully refer the Court to that agreement for a complete and accurate description of its contents.

170.     Defendants deny the allegations in Paragraph 170 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote from a complaint filed by the SEC against Mr. Musk and respectfully refer the Court to that document for a complete and accurate description of its contents.

171.     Defendants deny the allegations in Paragraph 171 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote from a complaint filed by the SEC against Mr. Musk and respectfully refer the Court to that document for a complete and accurate description of its contents.

172.     Defendants deny the allegations in Paragraph 172 of the CC, except admit that

Plaintiff purports to characterize and refer to a complaint filed by the SEC against Tesla on September 29, 2018 and respectfully refer the Court to that document for a complete and accurate description of its contents.

173. Defendants deny the allegations in Paragraph 173 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote a press release by the SEC on September 29, 2018 and respectfully refer the Court to that press release for a complete and accurate description of its contents.

174. Defendants deny the allegations in Paragraph 174 of the CC, except admit plaintiff purports to characterize and refer to consent judgments entered on October 16, 2018 and respectfully refer the Court to those documents for a complete and accurate description of their contents.

175. Defendants admit the allegations in Paragraph 175 of the CC and respectfully refer the Court to the announcement Plaintiff refers to in Paragraph 175 for a complete and accurate description of its contents.

176. Defendants deny the allegations in Paragraph 176 of the CC, except admit that Plaintiff purports to characterize and refer to an announcement by Tesla on December 28, 2018, and respectfully refer the Court to that announcement for a complete and accurate description of its contents.

177. Defendants deny the allegations in Paragraph 177 of the CC.

178. Defendants deny the allegations in Paragraph 178 of the CC, except admit that Mr. Musk served as Tesla's CEO and Chairman during the period at issue in the CC.

179. Defendants deny the allegations in Paragraph 179 of the CC.

180. Defendants deny the allegations in Paragraph 180 of the CC.

181. Defendants deny the allegations in Paragraph 181 of the CC.

182. Defendants deny the allegations in Paragraph 182 of the CC.

183. Defendants deny the allegations in Paragraph 183 of the CC, except admit that Tesla's common stock traded on the NASDAQ, that Tesla filed periodic and other public reports with the SEC, that Tesla communicated with public investors, and that analysts at brokerage firms

followed Tesla and wrote reports.

184.    Defendants deny the allegations in Paragraph 184 of the CC.

185.    Defendants deny the allegations in Paragraph 185 of the CC.

186.    Defendants deny the allegations in Paragraph 186 of the CC.

187.    Defendants deny the allegations in Paragraph 187 of the CC.

188.    Defendants deny the allegations in Paragraph 188 of the CC.

189.    Defendants deny the allegations in Paragraph 189 of the CC, except aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

190.    Defendants deny the allegations in Paragraph 190 of the CC, except aver that information regarding the price and volume of trading in Tesla common stock is a matter of public record and speaks for itself.

191.    Defendants deny the allegations in Paragraph 191 of the CC, except admit that Plaintiff purports to characterize and refer to an August 8, 2018 press 2018 press release issued by Tesla and respectfully refer the Court to that statement for a complete and accurate description of its contents and otherwise aver that information regarding the price and volume of trading in Tesla common stock is a matter of public record and speaks for itself.

192.    Defendants deny the allegations in Paragraph 192 of the CC, except admit that Plaintiff purports to characterize and refer to an August 9, 2018 report in the *Wall Street Journal* and respectfully refer the Court to that statement for a complete and accurate description of its contents and otherwise aver that information regarding the price and volume of trading in Tesla common stock is a matter of public record and speaks for itself.

193.    Defendants deny the allegations in Paragraph 193 of the CC and otherwise aver that information regarding the price and volume of trading in Tesla common stock is a matter of public record and speaks for itself.

194.    Plaintiff does not identify the source of some of the allegations in Paragraph 194 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent they can respond, Defendants deny the allegations in Paragraph 194

of the CC, except aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

195.    Plaintiff does not identify the source of some of the allegations in Paragraph 195 of the CC, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis. To the extent they can respond, Defendants deny the allegations in Paragraph 195 of the CC, except Defendants aver that information regarding the price of Tesla common stock is a matter of public record and speaks for itself.

196.    Defendants deny the allegations in Paragraph 196 of the CC, except admit that Plaintiff purports to characterize, refer to, and quote an article published by The New York Times on August 16, 2018 and August 17, 2018, and respectfully refer the Court to that article for a complete and accurate description of its contents and aver that information regarding the price and volume of trading in Tesla common stock is a matter of public record and speaks for itself.

197.    Defendants deny the allegations in Paragraph 197 of the CC.

198.    Defendants deny the allegations in Paragraph 198 of the CC.

199.    Defendants deny the allegations in Paragraph 199 of the CC.

200.    Defendants lack knowledge or information sufficient to assess Plaintiff's characterizations about shorting a company's stock, and on that basis deny the allegations in Paragraph 200 of the CC.

201.    Defendants lack knowledge or information sufficient to assess Plaintiff's characterization about shorting a company's stock, and on that basis deny the allegations in Paragraph 201 of the CC.

202.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 202 of the CC, and on that basis deny the allegations therein. Defendants deny the allegations in the second sentence of Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203 of the CC.

204.    Defendants lack knowledge or information sufficient to assess Plaintiff's characterizations of option contracts, and on that basis deny the allegations in Paragraph 204 of the CC.

205.    Defendants lack knowledge or information sufficient to assess Plaintiff's characterizations of option contracts, and on that basis deny the allegations in Paragraph 205 of the CC.

206.    Defendants lack knowledge or information sufficient to assess Plaintiff's characterizations of option contracts, and on that basis deny the allegations in Paragraph 206 of the CC.

207.    Defendants lack knowledge or information sufficient to assess Plaintiff's characterizations of option contracts, and on that basis deny the allegations in Paragraph 207 of the CC.

208.    Defendants deny the allegations in Paragraph 208 of the CC.

209.    Defendants deny the allegations in Paragraph 209 of the CC.

210.    Defendants deny the allegations in Paragraph 210 of the CC.

211.    Defendants deny the allegations in Paragraph 211 of the CC.

212.    Defendants deny the allegations in Paragraph 212 of the CC.

213.    Defendants deny the allegations in Paragraph 213 of the CC.

214.    Defendants incorporate by reference and reassert their responses to each and every foregoing paragraph as if fully set forth herein.

215.    Defendants deny the allegations in Paragraph 215 of the CC.

216.    Defendants deny the allegations in Paragraph 216 of the CC.

217.    Defendants deny the allegations in Paragraph 217 of the CC.  To the extent Paragraph 217 of the CC calls for or contains legal conclusions, no response is required.

218.    Defendants deny the allegations in Paragraph 218 of the CC, except admit that Plaintiff purports to characterize and refer to a November 2013 disclosure by Tesla, to Mr. Musk's personal Twitter account, and to a press release by certain members of Tesla's Board, and respectfully refer the Court to those documents for the complete and accurate description of their contents. To the extent Paragraph 218 of the CC calls for or contains legal conclusions, no response is required.

219.    Defendants deny the allegations in Paragraph 219 of the CC.

220.     Defendants deny the allegations in Paragraph 220 of the CC.

Plaintiff's CC at Section VII contains an unnumbered paragraph with subparts a through e containing a prayer for relief and judgment and asserting legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny that this action is properly maintained as a class action and deny that Plaintiff or any member of the putative class is entitled to any relief or judgment in connection with the allegations set forth in the CC.

Plaintiff's CC at Section IX contains a jury demand, to which no response is required.  To the extent a response is required, Defendants admit Plaintiff purports to demand a jury trial.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to Defendants as to any element of Plaintiff's claims, whether individual or on behalf of a putative class, Defendants assert the following defenses to the allegations set forth in the CC.

## FIRST AFFIRMATIVE DEFENSE

## (No Attribution of Knowledge or Intent)

To the extent that it may be determined that any defendant is responsible for the alleged losses of Plaintiff and the alleged plaintiff class, and acted with the state of mind required under the Exchange Act, such mental state and actions may not be attributed to any other defendant.

## SECOND AFFIRMATIVE DEFENSE

## (Lack of Reliance)

The claims of Plaintiff and the alleged plaintiff class are barred, in whole or in part, because Plaintiff and the alleged plaintiff class did not actually, justifiably, reasonably or otherwise rely upon any of the alleged misstatements or omissions set forth in the CC, and have not alleged sufficient facts to avail themselves of the fraud on the market doctrine.

## THIRD AFFIRMATIVE DEFENSE

## (Truth on the Market)

The claims of Plaintiff and the alleged plaintiff class are barred, in whole or in part, because information that Defendants allegedly concealed was in fact already disclosed and/or was in the public domain at the time any challenged statements were made and, as such, was at all

times reflected in the price of Tesla's stock. In other words, the truth was in the market.

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

The losses of Plaintiff and the alleged plaintiff class, if any, were caused by their assumption of the risks of investment, including but not limited to material facts and risks that were publicly disclosed or in the public domain, or to the extent Plaintiff or members of the alleged plaintiff class had actual or constructive knowledge of the facts alleged in the CC to have been concealed or misrepresented.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Inducement and Good Faith Conduct under Section 20(a) of the Exchange Act)

Each of the Director Defendants at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a). The Director Defendants believed at all relevant times, based on information available to them, that statements by Tesla were accurate when made and did not contain any material misstatement or omission of fact. In this respect, the Director Defendants at all times had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading. Moreover, no defendant can be liable, as a control person, for statements made by Mr. Musk in his capacity as a bidder and not on behalf of Tesla.

## SIXTH AFFIRMATIVE DEFENSE

### (Failures to Mitigate Damages)

Plaintiff's and the alleged plaintiff class' claims are barred in whole or in part because Plaintiff and members of the alleged plaintiff class failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset of Damages)

Any harm suffered or damages incurred by Plaintiff or the individual members of the alleged plaintiff class are subject to offset in the amount of any benefit received by Plaintiff or the

individual members of the alleged plaintiff class through their investments, including but not limited to any tax, insurance, or indemnification benefit, or proceeds received from hedging or short selling.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contribution and/or Indemnity and Proportional Allocation)

Defendants are entitled to receive contribution and/or indemnity from others for any liability they incur and any recovery for damages or loss allegedly incurred must be reduced, diminished, and/or eliminated as set forth in 15 U.S.C. § 78u-4(f).

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Any recovery in this action should be precluded or reduced to the extent Plaintiff and members of the alleged plaintiff class would be unjustly enriched.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's and the alleged plaintiff class' claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of waiver, estoppel, unclean hands, and laches.

## RESERVATION OF RIGHTS

Defendants presently lack knowledge or information on which to form a belief as to whether they may have available other affirmative or additional defenses, counterclaims, cross claims, or third-party claims not asserted herein, and expressly reserve the right to amend or supplement their answer, defenses and other pleadings to assert such additional defenses or claims in the event that discovery or other investigation indicates that such defenses or claims are appropriate. Defendants also reserve the right to withdraw defenses or claims if discovery and other investigation reveals that such defenses or claims are no longer applicable.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That the Court refuse to certify this suit as a class action;

2.  That plaintiff and members of the alleged plaintiff class take nothing by reason of the claims asserted herein;

3.  That judgment be entered in favor of Defendants on all claims asserted herein;

4.  For costs of suit herein; and

5.  For such other and further relief as the Court may deem just and proper.

Dated:   June 22, 2020                          FENWICK & WEST LLP

                                                By: /s/     *Jennifer C. Bretan*
                                                         Jennifer C. Bretan

                                                Attorneys for Defendants Tesla, Inc., Elon Musk,
                                                Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
                                                Antonio J. Gracias, James Murdoch, Kimbal Musk,
                                                and Linda Johnson Rice

1

## **DEMAND FOR JURY TRIAL**

2      Defendants hereby demand a jury trial on all claims and issues so triable.

3

4   Dated:   June 22, 2020                     FENWICK & WEST LLP

5                                              By: /s/    *Jennifer C. Bretan*
                                                        Jennifer C. Bretan
6

7                                              Attorneys for Defendants Tesla, Inc., Elon Musk,
                                               Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
8                                              Antonio J. Gracias, James Murdoch, Kimbal Musk,
                                               and Linda Johnson Rice

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28