**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
       amccall@zlk.com

*Attorneys for Plaintiff and Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: March 10, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |

The motion of Lead Plaintiff Glen Littleton ("Plaintiff") against Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice ("Defendants") for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 came on regularly for hearing before the Court on March 10, 2022. The parties were represented by their respective counsel of record.

After considering the papers submitted by the parties and the argument of counsel, the Court holds that Plaintiff is entitled to partial summary judgment against Defendants on the elements of falsity, scienter, and reliance for his claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5, concerning Elon Musk's tweets on August 7, 2018 and blog post on August 13, 2018.

Summary judgment is proper where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute

is material only when it "might affect the outcome of the suit under the governing law," and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party based upon it." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Section 10(b) of the Exchange Act and Rule 10b-5(b) prohibit persons from making any untrue statements of material fact or omitting to state material facts when necessary to make the statements made, in light of the circumstances under which they were made, not misleading in connection with the purchase or sale of a security. 17 C.F.R. §240.10b-5(b). To establish liability for a violation of these provisions, a plaintiff must prove the following elements: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016). With respect to falsity, scienter, and reliance, Plaintiff has made this showing for the purposes of establishing his entitlement to summary judgment and Defendants have failed to raise a material, triable issue of fact in response.

On August 7, 2018, Defendant Musk tweeted, *inter alia*, that: (1) "Am considering taking Tesla private at $420. Funding secured."; and (2) "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." The evidence shows indisputably that no funding was "secured" at the time of these tweets because Musk did not have any agreement, written or oral, from any individual or entity to provide financing for the going private transaction at $420 per share. The evidence also shows indisputably that investor support was not "confirmed" at the time of the tweets because Musk had not yet spoken with any investor who provided support for the transaction at the broadcasted price of $420 per share. Moreover, a number of contingencies in addition to the shareholder vote existed at the time of the tweet given that Musk had not yet even provided Tesla's Board of Directors with a formal proposal for the transaction containing key terms, such as transaction structure, source of financing, and amount of financing. The evidence shows that Musk knew these statements were false and/or materially misleading at the time he made them given that he was present at the meeting with the Saudi

1  Public Investment Fund ("Saudi PIF") on July 31, 2018 and participated directly in the relevant
2  conversations relating to the going private transaction.
3        On August 13, 2018, Musk posted on Tesla's website the following blog post: "I have
4  continued to communicate with the Managing Director of the Saudi fund. He has expressed
5  support for proceeding subject to financial and other due diligence and their internal review
6  process for obtaining approvals. He has also asked for additional details on how the company
7  would be taken private, including any required percentages and any regulatory requirements."
8  This appeared within a larger statement discussing the events preceding and following his August
9  7 tweets concerning his efforts to take Tesla private. This statement was materially misleading
10 insofar as it omitted that Musk was no longer considering the Saudi PIF as a source of funding
11 for the going private transaction.
12       Musk's public statements on August 7 and 13, 2018 created an "impression of a state of
13 affairs that differ[ed] in a material way from the one that actually exists." *Berson v. Applied Signal*
14 *Tech., Inc.*, 527 F.3d 982, 985 (9th Cir. 2008) (internal quotations omitted). They were
15 "deceptive" and, in light of the facts that existed at the time, "absolute and unequivocal
16 falsehood[s]" of which Musk was aware personally. *S.E.C. v. Platforms Wireless Int'l Corp.*, 617
17 F.3d 1072, 1094-95 (9th Cir. 2010). Defendants do not raise a material issue of fact in response
18 to Plaintiff's showing. Therefore, partial summary judgment in favor of Plaintiff and against
19 Defendants on the elements of falsity and scienter is warranted.
20       Plaintiff is also entitled to partial summary judgment on the issue of reliance. The evidence
21 demonstrates a presumption of reliance in Plaintiff's favor under *Basic Inc. v. Levinson*, 485 U.S.
22 224, 249-50 (1988). Defendants have not introduced any evidence capable of rebutting this
23 presumption.
24       Based on the foregoing and all papers and proceedings held hereon, it is HEREBY
25 ORDERED that Plaintiff's motion for partial summary judgment is GRANTED in its entirety and
26 judgment is entered against Defendants on the elements of falsity, scienter and reliance with
27 respect to Musk's tweets on August 7, 2018 and blog post on August 13, 2018.
28

[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

CASE NO. 3:18-CV-04865-EMC

3

**IT IS SO ORDERED.**

Dated: _____  _____
Hon. Edward M. Chen
United States District Judge