QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*appearing pro hac vice*)
   alexspiro@quinnemanuel.com
   Kyle Batter (Bar No. 301803)
   kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

   Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
   Jeanine Zalduendo (Bar No. 243374)
   jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal Musk,
And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DECLARATION OF NATHANIEL SMITH IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF NO. 351)** |

**I, Nathaniel Smith, declare as follows:**

1. I am a member of the bar of the District of Columbia and serve as Managing Counsel for Defendant Tesla, Inc. I have been employed with Tesla since April 2021, and in the course of my employment have become familiar with Tesla's treatment of its proprietary business information, such as that described in this declaration. I have personal knowledge of the matters described below and I am competent to testify thereto.

2. I make this declaration pursuant to the Northern District of California Civil Local Rule 79-5(c), in support of Plaintiff's Administrative Motion To Seal ("Motion to Seal").

3. On January 11, 2022, Plaintiff Glen Littleton ("Lead Plaintiff"), filed a Partial Motion for Summary Judgment ("MSJ") (ECF No. 352) and a Motion to Seal (ECF No. 351) certain confidential exhibits and deposition testimony of Defendants and third parties, used in support of the MSJ.

4. On May 20, 2020, this Court entered a Protective Order (ECF No. 255), to which the parties had agreed. The Protective Order provides for the protection of "Confidential" information, described as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other proprietary or private information warranting special protection from public disclosure and from use for purposes other than prosecuting this litigation." In accordance with the terms of the Protective Order, Tesla designated certain produced documents and deposition testimony as "Confidential."

5. Plaintiff's Motion to Seal concerns such Confidential documents and deposition testimony that reflect Tesla's sensitive, non-public communications regarding Elon Musk's August 7, 2018 bid to take Tesla private (the "Take Private Bid"), both among Tesla executives and directors, and with third party investors. It is Tesla's practice to maintain all such non-public documents and communications strictly confidential, therefore, it is my belief that all of these individuals had an expectation of the private and confidential nature of their communications.

6. Specifically, Exhibits 81-83, 101, and 201 are communications and materials of Tesla's Board of Directors. These non-public documents reflect the deliberation of Tesla's directors, legal advice of counsel, and recommendations provided by the Board's financial advisors

related to the Take Private Bid. In particular, Exhibit 201 is a detailed presentation created by Tesla's third party financial advisor, Silver Lake, containing proprietary analysis and methodologies examining Tesla's business and the electric vehicle market more broadly. Exhibit 201 was considered and discussed by Tesla's Board of Directors, as reflected in the August 23, 2018 board minutes of Exhibit 101.

7. Exhibits 91, 155, 157, and 301 are internal Tesla communications discussing the potential logistics of the Take Private Bid and the private third-party investor reactions thereto. For example, Exhibit 91 provides specific, detailed, and non-public information regarding Tesla's capitalization table and the identities and holdings of its largest shareholders. Likewise, Exhibit 155 details private, non-public communications regarding various investors' investment in Tesla and specific logistical hurdles as to whether these investors would be able to own shares in a private Tesla. The holdings of these third party investors is not publicly known.

8. Exhibits 90, 113-120, 146-147, 150-151, and 158 are Tesla private communications with third parties, including investors regarding their interest in and reactions to the Take Private Bid, and the structural or legal impediments to participation in the Take Private Bid transaction.

9. Exhibits 79, 121, and 165 are text message and call logs of Tesla executives, including Elon Musk, which include both non-public Tesla business communications between and among Tesla executives and directors, and private communications with third party investors regarding reactions to, advice on, planning for, and funding of the Take Private Bid, as well as personal communications unrelated to this litigation. The personal contact information of numerous private individuals is contained throughout these exhibits.

10. The deposition excerpts of Messrs. Ahuja, Viecha, Teller, Musk, and Ms. Denholm provide testimony discussing the above-described confidential exhibits, as well as additional information related to logistics of the Take Private Bid, including potential funding sources therefor and private meetings thereon.

    a. In the deposition excerpts of Mr. Ahuja, he testified to details of a meeting with potential investors in the Take Private Bid, internal Tesla communications and

Board communications regarding the Take Private Bid, and Tesla shareholders' private reactions to the Take Private Bid.

  b. In the deposition excerpts of Mr. Viecha, he testified to details of his communications with third party investors in Tesla regarding their private interest in and reactions to the Take Private Bid, including structural and legal impediments to participation in the Take Private Bid transaction.

  c. In the deposition excerpts of Mr. Teller, he testified to the details of a meeting with potential investors in the Take Private Bid.

  d. In the deposition excerpts of Mr. Musk, he testified to the details of a meeting with potential investors in the Take Private Bid, communications with third party investors in Tesla regarding their private interest in and reactions to the Take Private Bid, internal Tesla communications and Board communications regarding the Take Private Bid, and private communications with financial advisors regarding the structure of and funding for the Take Private Bid.

  e. In the deposition excerpts of Ms. Denholm, she testified to details regarding Mr. Musk's Take Private Bid, as communicated to Tesla's Board of Directors.

11. The revelation of Tesla's internal, non-public documents will cause harm to Tesla by revealing financial, planning, personal, and commercial information that could be misconstrued for improper purposes. Such a release of material, in a piecemeal way, risks that the information will be discussed and spread without the proper context and undermine Tesla's ability to receive a fair trial. This risk of misinformation spreading is heightened because Tesla is one of the most followed companies globally and its CEO, Elon Musk, is one of the most followed individuals in the world. In Tesla's view, sealing the materials for a brief period of time—until trial—balances the public's right to access with Tesla's ability to preserve the sensitive and confidential nature of its information.

12. The Motion to Seal also concerns third party documents and deposition testimony. It is my understanding that Plaintiffs did not provide notice to each designating third party that their "Confidential" material was subject to the Motion to Seal.

13. Exhibits 44-47, and 58 are documents that third party subpoena recipients have designated confidential pursuant to the Protective Order in this case that relate to their private, non-public interest in and reaction to the Take Private Bid. Likewise, the deposition testimony of Nii Owuraka Koney on behalf of third party Jennison Associates, designated confidential by his counsel, regarded Jennison Associate's ability to participate in the Take Private Bid transaction, and the logistics thereof.

14. I believe that the public disclosure of these materials, which reveal internal deliberations, assessments, and business operations of Tesla's investors, could significantly harm Tesla's investors by chilling the flow and candor of information provided by such investors and ultimately undermine Tesla's ability to appropriately consider shareholder concerns.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed in Washington, D.C.

DATED: January 25, 2022

By /s/ Nathaniel Smith
Nathaniel Smith

****

I hereby attest that I obtained concurrence in the filing of this document from the other signatory on this e-filed declaration.

DATED:  January 25, 2022            QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


By  /S/ Jeanine Zalduendo
Jeanine Zalduendo