1  WARREN METLITZKY (CA Bar No. 220758)
   **CONRAD | METLITZKY | KANE LLP**
2  wmetlitzky@conmetkane.com
   Four Embarcadero Center, Suite 1400
3  San Francisco, CA 94111
   (415) 343-7100
4
   JULIE M. RIEWE (CA Bar No. 207520)
5  **DEBEVOISE & PLIMPTON LLP**
   jriewe@debevoise.com
6  801 Pennsylvania Avenue N.W.
   Washington, D.C. 20004
7  (202) 383-8070

8  ELLIOT GREENFIELD (*pro hac vice*)
   **DEBEVOISE & PLIMPTON LLP**
9  egreenfield@debevoise.com
   919 Third Avenue
10 New York, NY 10022
   (212) 909-6772
11
   Attorneys for Silver Lake
12 Technology Management L.L.C.

13                   **UNITED STATES DISTRICT COURT**

14                   **NORTHERN DISTRICT OF CALIFORNIA**

15                        **SAN FRANCISCO DIVISION**

16

17 | IN RE TESLA, INC. SECURITIES | Case No. 3:18-cv-04865-EMC-KAW
   | LITIGATION
18 |                              | **SILVER LAKE'S RESPONSE TO**
   |                              | **PLAINTIFF'S ADMINISTRATIVE**
19 |                              | **MOTION TO FILE UNDER SEAL**

Silver Lake Technology Management, L.L.C. ("Silver Lake") submits this response to Plaintiff's Administrative Motion to File Under Seal.  (Dkt. No. 351.)

## INTRODUCTION

Silver Lake respectfully requests that the Court permit discrete portions of Exhibits 179, 194 and 201 – which were designated as confidential during discovery and filed under seal by Plaintiff – to remain under seal.  The information should not be publicly filed because it has little or no relevance to the issues presented in Plaintiff's motion for summary judgment and its publication would substantially impair Silver Lake's business and competitive position.

Silver Lake is a global technology investment firm.  It raises capital from investors and invests those funds into the world's leading technology businesses.  (Decl. ¶ 2.)[1]  The identity of Silver Lake's investors is highly-sensitive and confidential.  Silver Lake does not publicly or privately identify them to others in light of the competitive nature of the industry.  (Decl. ¶ 3.)  There also is a long-established relationship of confidentiality and Silver Lake is contractually prohibited from revealing who has invested in its funds.  (Decl. ¶ 3.)  The manner through which Silver Lake identifies and analyzes investments is also highly-sensitive and confidential because Silver Lake uses a proprietary and bespoke methodology.  (Decl. ¶ 4.)  Full publication of the three exhibits would reveal that methodology and jeopardize Silver Lake's long-standing relationships with investors.

## ARGUMENT

Ninth Circuit precedent supports Silver Lake's narrowly tailored sealing request.  A party seeking to seal information in connection with a dispositive motion must typically articulate "compelling reasons" to justify its request.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations omitted).  Under the compelling reasons standard, the Court must balance the harm that would result to the party seeking to seal the information against "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Id.* (internal quotations omitted).  In general,

---

[1] References to "Decl." refer to the Declaration of Sharon Binger filed concurrently.

compelling reasons sufficient to outweigh the public's interest in disclosure exist when the records relate to "trade secrets," *id.*, or "business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotations omitted). "The U.S. Supreme Court and the Ninth Circuit have both made clear that compelling reasons exist to seal court records when the records might be used . . . as sources of business information that might harm a litigant's competitive standing." *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *1 (N.D. Cal. Dec. 5, 2019) (internal quotations omitted).

The harm that would result to Silver Lake if the materials were made public far outweighs the presumption of public access, particularly in light of the fact that the information Silver Lake seeks to seal has no direct bearing on the issues presented in Plaintiff's motion. *See Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, 2021 WL 1022874, *2 (N.D. Cal. March 17, 2021) (compelling reasons standard satisfied because names of "non-party shareholders" were non-public and "irrelevant to the allegations in the complaint"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (public interest "limited" where content sought to be sealed "is irrelevant to the Court's decision"); *G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, 2008 WL 687372, *2 (N.D. Cal. Mar. 11, 2008) (sealing third-party information that was of "little or no relevance to the issues that were raised"). Some courts have even applied the "good cause" standard when faced with similar circumstances. *See Music Grp. Macao*, 2015 WL 3993147, at *10 (applying good cause standard because the court "did not consider" the material "in connection with Defendant's dispositive motion"); *G&C Auto*, 2008 WL 687372, at *3 (applying good cause standard where documents submitted in connection with a dispositive motion were not actually considered).

As explained in the accompanying declaration of Sharon Binger, Silver Lake seeks to seal/redact portions of Exhibits 179, 194 and 201, and part of one sentence of Plaintiff's brief. Silver Lake's request is narrowly tailored to aspects of the materials that pose the greatest risk to its business while having nothing to do with the issues before the Court. Notably, Silver Lake is

not seeking to seal <u>any</u> portion of the deposition testimony of Silver Lake's Co-CEO, Egon Pierre-Durban, in this matter or before the SEC.

First and foremost, the final bullet in Exhibit 194 (and the corresponding text in Plaintiff's brief) should remain under seal because it reveals the identities of certain of Silver Lake's investors, which Silver Lake does not publicly disclose and have nothing to do with this litigation. *See Oracle Partners*, 2021 WL 1022874, *2 (sealing names of "non-party shareholders"); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (sealing documents containing "specific customer names"). Publicly identifying the names of these investors will jeopardize Silver Lake's relationship with them and impair its ability to raise future capital. (Decl. ¶ 8.) As an initial matter, the identified investors expect and contractually require that their identities remain confidential. (Decl. ¶ 10.) More importantly, Silver Lake has a compelling business justification for keeping the identity of its investors confidential, including with respect to market dynamics with other investment firms which, like Silver Lake, may be soliciting investments from many of the same investors. (Decl. ¶ 9.)

Portions of Exhibits 179 and 201 – both of which include broad disclaimers relating to their confidentiality and the harm that would result to Silver Lake through disclosure – should remain under seal because they reveal the confidential and proprietary manner through which Silver Lake analyzes potential investments. (Decl. ¶¶ 15, 20.) *See Lawson v. Grubhub, Inc.*, 2017 WL 2951608, at *9 (N.D. Cal. July 1, 2017) ("business information that might harm a litigant's competitive strategy" constitutes compelling reason to seal) (internal quotations omitted); *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (granting motion to seal party's "sensitive, proprietary business strategy and financial information"); *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 4448022, at *4 (N.D. Cal. July 19, 2015) (information subject to sealing includes "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it") (internal quotations omitted). Silver Lake's investment selection and strategy embodies its substantial experience in the private equity industry and is at the core of the value Silver Lake offers to its investors. (Decl. ¶ 4.) There is no one-size-fits-all method for vetting

1  potential investments, and competitors would gain an unfair advantage over Silver Lake if Silver
2  Lake's methodology and underlying perspectives regarding Tesla and the electric vehicle industry
3  – a substantial and growing sector of the economy – were to be made public.  (Decl. ¶¶ 4, 12-14,
4  18-19.)  Moreover, the presentations receive little attention in Plaintiff's brief and thus are not
5  important to understanding the judicial process.  Silver Lake does not object to the public
6  disclosure of the portions of the presentations mentioned in Plaintiff's brief, *i.e.*, page 29 of
7  Exhibit 179 and the quoted portions of pages 9 and 58 of Exhibit 201.  The extensive analysis in
8  the remainder of the presentations, however, is neither referenced on those pages nor provides
9  helpful context to understanding them.

10       Silver Lake has taken a line-by-line approach to analyzing the contents of each slide and
11  has proposed narrowly tailored redactions for content that, if unsealed, would reflect its
12  proprietary analysis around the electric vehicle and adjacent industries, and disclose its perspective
13  around strategy for value creation and other opportunities in these broad industries.  (Decl. ¶¶ 12-
14  14, 18-19.)  Silver Lake is in the business of growing companies and making them better, and a
15  substantial focus of each deck reflects how it would apply its proprietary expertise and industry
16  views to accomplish those objectives with respect to Tesla.  As such, this information and Silver
17  Lake's approach to analyzing it would be of significant value to a competitor, including because
18  one could apply similar analyses and perspectives to other companies.  (Decl. ¶¶ 4, 13.)  On
19  balance, the harm to Silver Lake arising from the public disclosure of the full presentations far
20  outweighs any possible benefit to the public.

## CONCLUSION

Silver Lake respectfully requests that the Court permit portions of Exhibits 179, 194 (including the corresponding portion of Plaintiff's brief) and 201 to remain under seal.

DATED:  January 25, 2022              **CONRAD | METLITZKY | KANE LLP**

                                       */s/   Warren Metlitzky*
                                       Warren Metlitzky