1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
2       Alex Spiro (*appearing pro hac vice*)
        alexspiro@quinnemanuel.com
3       Kyle Batter (Bar No. 301803)
        kylebatter@quinnemanuel.com
4   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065
5   Telephone: (650) 801-5000

6       Michael T. Lifrak (Bar No. 210846)
        michaellifrak@quinnemanuel.com
7       Jeanine Zalduendo (Bar No. 243374)
        jeaninezalduendo@quinnemanuel.com
8   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
9   Telephone: (213) 443-3000

10
    *Attorneys for Defendants Tesla, Inc., Elon Musk,*
11  *Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
    *Antonio J. Gracias, James Murdoch, Kimbal Musk,*
12  *And Linda Johnson Rice*

13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16

17  IN RE TESLA, INC. SECURITIES          Case No. 3:18-cv-04865-EMC
    LITIGATION
18                                        **DEFENDANTS' ADMINISTRATIVE**
19                                        **MOTION TO FILE UNDER SEAL**
                                          **DOCUMENTS IN SUPPORT OF THEIR**
20                                        **OPPOSITION TO PLAINTIFF'S**
                                          **MOTION FOR PARTIAL SUMMARY**
21                                        **JUDGMENT**

22

23

24

25

26

27

28

## I.    INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (together, "Defendants") bring this Administrative Motion to File Under Seal passages in their Opposition to Plaintiff's Partial Motion for Summary Judgment (the "Opposition") (filed concurrently herewith), and confidential exhibits used in support thereof. Pursuant to Civil Local Rule 79-5, this Motion is accompanied by a Proposed Order; Declaration of Nathaniel Smith; and an unredacted version of the Opposition.

## II.    ARGUMENT

Civil Local Rule 79-5(c) requires that a party seeking to file its own documents under seal must file and serve an administrative motion which articulates the applicable legal standard and the reasons for keeping a document under seal, accompanied by a supporting declaration, and a proposed order that is narrowly tailored.  Because Defendant's motion to seal pertains to a dispositive filing, the "compelling reasons" standard applies.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

In the Ninth Circuit, the common law right of access to judicial proceedings "is not absolute and can be overridden given sufficiently compelling reasons for doing so."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  In making that determination, "courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."  *Id.*  (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  In particular, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (internal quotations omitted).

In that context, courts protect "any . . . compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not

know or use it." *Whitewater West Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-cv-01118, 2018 WL 3055938, at *2 (S.D. Cal. June 14, 2018).   Beyond that, courts recognize that "other sources of business information that might harm a litigant's competitive standing may also constitute a compelling reason to seal." *Id.*

Defendants seek to seal confidential business information regarding Elon Musk's August 7, 2018 bid to take Tesla private (the "Take Private Bid"), including information regarding a potential investment by a private, third-party investor in Tesla, communications with Tesla's Board of Director's pertaining to the Take Private Bid, business strategies and advice of Elon Musk's financial and legal advisors, and private, non-public communications between and among Tesla executives and directors, and private communications with third party investors regarding reactions to, advice on, planning for, and funding of the Take Private Bid, as well as personal communications unrelated to this litigation, as detailed in the Declaration of Nathaniel Smith, filed concurrently herewith.   Courts routinely find that the sensitivity of such information justifies keeping such information sealed. *See, e.g., Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *3 (S.D. Cal. Apr. 20, 2020) (finding compelling reasons to seal "non-public, confidential information" concerning "commercial relationships," "agreements," and "business dealings" between the parties); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *4 (N.D. Cal. Mar. 10, 2010) (sealing portions of deposition regarding "future business plans"); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846 at *4 (W.D. Wash. Nov. 12, 2012) (sealing content related to company's "future business plans" and "strategic planning information"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (sealing information subject to confidentiality agreement because disclosure could harm the party "in future negotiations with existing customers, third-parties, and other entities with whom they do business"); *see also Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (sealing information that explained relationships with nonparties).

Accordingly, Defendants request that the Court seal select portions of Defendants' Opposition and deposition excerpts, and the exhibits filed in support thereof, as identified in the table below,

because they contain Defendants' protectable, non-public, confidential business information.

| Document | Portion to be Sealed | Designee |
|---|---|---|
| Defendants' Opposition | Excerpts | Defendants |
| Exhibit 76 | Entirety | Defendants |
| Exhibit 81 | Entirety | Defendants |
| Exhibit 94 | Entirety | Defendants |
| Exhibit 105 | Entirety | Defendants |
| Exhibit 106 | Entirety | Defendants |
| Exhibit 109 | Entirety | Defendants |
| Exhibit 121 | Entirety | Defendants |
| Exhibit 182 | Entirety | Defendants |
| Exhibit 255 | Entirety | Defendants |
| Exhibit B | Excerpts | Defendants |
| Exhibit C | Excerpts | Defendants |
| Exhibit E | Excerpts | Defendants |
| Exhibit F | Entirety | Defendants |
| Exhibit G | Entirety | Defendants |
| Exhibit H | Entirety | Defendants |
| Exhibit J | Entirety | Defendants |
| Exhibit L | Excerpts | Plaintiff |
| Exhibit O | Excerpts | Defendants |
| Exhibit P | Excerpts | Defendants |
| Exhibit Q | Excerpts | Defendants |

Public disclosure of Defendants' confidential, non-public documents will cause harm to Tesla by revealing financial, planning, personal, and commercial information that could be misconstrued for improper purposes. Such a release of material, in a piecemeal way, risks that the information will be discussed and spread without the proper context and undermine Defendants' ability to receive a fair

trial.  This risk of misinformation spreading is heightened because Tesla is one of the most followed companies globally and its CEO, Elon Musk, is one of the most followed individuals in the world. Defendants have narrowly tailored their request to only information meriting sealing.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this Administrative Motion to Seal.


DATED:  February 1, 2022                    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*

Alex Spiro *(appearing pro hac vice)*
*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss,*
*Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias,*
*James Murdoch, Kimbal Musk, And Linda Johnson Rice*