QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*appearing pro hac vice*)
   alexspiro@quinnemanuel.com
   Kyle Batter (Bar No. 301803)
   kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

   Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
   Jeanine Zalduendo (Bar No. 243374)
   jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk,*
*Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
*Antonio J. Gracias, James Murdoch, Kimbal Musk,*
*And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DECLARATION OF NATHANIEL SMITH IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL** |

**I, Nathaniel Smith, declare as follows:**

1. I am a member of the bar of the District of Columbia and serve as Managing Counsel for Defendant Tesla, Inc. I have been employed with Tesla since April 2021, and in the course of my employment have become familiar with Tesla's treatment of its proprietary business information, such as that described in this declaration. I have personal knowledge of the matters described below and I am competent to testify thereto.

2. I make this declaration pursuant to the Northern District of California Civil Local Rule 79-5(c), in support of Defendants' Administrative Motion To Seal ("Motion to Seal").

3. On January 11, 2022, Plaintiff Glen Littleton ("Lead Plaintiff"), filed a Partial Motion for Summary Judgment ("MSJ") (ECF No. 352). Defendants have prepared an Opposition to the MSJ, filed herewith, which contains certain confidential information and relies on certain confidential exhibits and deposition testimony. Defendants submit the Motion to Seal, requesting that the Court seal the confidential excerpts in the Opposition, and exhibits and deposition testimony relied on.

4. On May 20, 2020, this Court entered a Protective Order (ECF No. 255), to which the parties had agreed. The Protective Order provides for the protection of "Confidential" information, described as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other proprietary or private information warranting special protection from public disclosure and from use for purposes other than prosecuting this litigation." In accordance with the terms of the Protective Order, Tesla designated certain produced documents and deposition testimony as "Confidential."

5. The Motion to Seal concerns such Confidential documents and deposition testimony that reflect Tesla's sensitive, non-public communications regarding Elon Musk's August 7, 2018 bid to take Tesla private (the "Take Private Bid"), both among Tesla executives and directors, with potential investors in the Take Private Bid, and with third party financial and legal advisors. It is Tesla's practice to maintain all such non-public documents and communications strictly confidential, therefore, it is my belief that all of these individuals had an expectation of the private and confidential nature of their communications.

6. Specifically, Exhibits 81 and 94 are communications with Tesla's Board of Directors. These non-public documents reflect the private information that was provided to Tesla's directors, in relation to the Take Private Bid.

7. Exhibits 76, 105, 106, 109, F, G, and H are Tesla communications with a potential investor in the Take Private Bid. That Tesla executives had been meeting with this potential investor for years prior to the Take Private Bid is private, non-public information. Likewise, the communications regarding this party's potential investment in Tesla, and the terms thereon, is confidential, non-public, and commercially sensitive information.

8. Exhibits 255 and J are private communications between and among Elon Musk's team of third-party financial and legal advisors regarding the planning and confidential strategy for completing the Take Private Bid.

9. Exhibits 121 and 182 are text messages of Tesla executives, including Elon Musk, which include both non-public Tesla business communications between and among Tesla executives and directors, and private communications with third party investors regarding reactions to, advice on, planning for, and funding of the Take Private Bid, as well as personal communications unrelated to this litigation. The personal contact information of numerous private individuals is contained throughout these exhibits.

10. Exhibit L are excerpts from the expert report of Plaintiff's expert, Michael Hartzmark. Plaintiff has designated this report "Confidential" under the Protective Order.

11. The deposition excerpts of Messrs. Ahuja, Teller, and Musk provide testimony discussing the above-described confidential exhibits, as well as additional information related to logistics of the Take Private Bid, including potential funding sources therefor and private meetings thereon.

    a. In the deposition excerpts of Mr. Ahuja, he testified to details of a meeting with potential investors in the Take Private Bid, and communications and deliberations of Tesla' Board of Directors regarding the Take Private Bid.

      b.  In the deposition excerpts of Mr. Teller, he testified to the details of a several years of meetings between Tesla executives and a potential investor in the Take Private Bid and the private funding discussions that took place therein.

      c.  In the deposition excerpts of Mr. Musk, he testified to the details of several years of meetings between with a potential investor in the Take Private Bid and the private funding discussions that took place therein, communications with third-party investors in Tesla regarding their private interest in and reactions to the Take Private Bid, internal Tesla communications and Board communications regarding the Take Private Bid, and private communications with financial and legal advisors regarding the structure of and funding for the Take Private Bid.

12.    The revelation of Tesla's internal, non-public documents will cause harm to Tesla by revealing financial, planning, personal, and commercial information that could be misconstrued for improper purposes.  Such a release of material, in a piecemeal way, risks that the information will be discussed and spread without the proper context and undermine Tesla's ability to receive a fair trial.  This risk of misinformation spreading is heightened because Tesla is one of the most followed companies globally and its CEO, Elon Musk, is one of the most followed individuals in the world.  In Tesla's view, sealing the materials for a brief period of time—until trial—balances the public's right to access with Tesla's ability to preserve the sensitive and confidential nature of its information.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed in Washington, D.C.

DATED: February 1, 2022

                                              By */s/ Nathaniel Smith*
                                                  Nathaniel Smith

                                                  ****

1 |      I hereby attest that I obtained concurrence in the filing of this document from the other
2 | signatory on this e-filed declaration.
3 | DATED:  February 1, 2022           QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */S/ Kyle K. Batter*
    Kyle K. Batter