QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Jeanine Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal Musk,
And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: March 10, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |

Plaintiff's Motion for Partial Summary Judgment ("Motion") against Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice ("Defendants") pursuant to Federal Rule of Civil Procedure 56 came on for hearing before the Court on March 10, 2022. The parties were represented by their respective counsel of record. After considering the papers submitted by the parties and the argument of counsel, the Court holds that Plaintiff is not entitled to partial summary judgment against Defendants on the elements of falsity, scienter, or reliance for his claims under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)), and SEC Rule 10b-5 (17 C.F.R. §240.10b-5).

### Summary Judgment Standard

Summary judgment must be denied unless the moving party can demonstrate that (1) "there is no genuine dispute as to any material fact" and (2) "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the case." *Jelinek v. Am. Nat'l Prop. & Cas. Co.*, 747 F. App'x 513, 514 (9th Cir. 2018). When considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Here, Defendants have put forth a number of disputed material facts that preclude summary judgment on the elements of falsity, scienter, and reliance.

### Summary Judgment is Improper as to the Element of Falsity

Plaintiff claims that the following statements by Mr. Musk were false: (1) "Am considering taking Tesla private at $420. Funding secured." (2) "Investor support is confirmed." (3) "Only reason why this is not certain is that it's contingent on a shareholder vote." (4) "I have continued to communicate with the Managing Director of the Saudi fund. . . ." (Mot. at 17-23.)

Summary judgment on the element of falsity must be denied if any reasonable jury could conclude that the statement at issue is truthful. *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1094 (9th Cir. 2010). This is because whether a statement is false "is a mixed question to be decided by the trier of fact." *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995); *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011). Summary judgment is thus improper where "there are triable

questions of fact related to whether statements . . . were misleading." *In re JDS Uniphase Corp. Sec. Litig.*, 2007 WL 2429593, at *20 (N.D. Cal. Aug. 24, 2007).

In their Opposition to the Motion, Defendants identified a wealth of material facts concerning whether Mr. Musk's statements were truthful. The following non-exhaustive material factual allegations must be evaluated by the jury: (1) The Public Investment Fund (the "PIF") approached Mr. Musk in 2016 to discuss investing in Tesla; (2) the PIF's representative, Yasir Al-Rumayyan, met with Mr. Musk throughout 2017 to discuss taking Tesla private; (3) Mr. Al-Rumayyan and Mr. Musk discussed the potential capital required for such a transaction; (4) Mr. Al-Rumayyan met with Mr. Musk on July 31, 2018 and told Mr. Musk that the PIF had just invested billions of dollars in Tesla, the PIF continued to want to take Tesla private and would take whatever steps necessary to achieve that outcome, and Mr. Al-Rumayyan expressed that he had carte blanche authority from the Crown Prince of Saudi Arabia to devote the capital necessary to do so; (5) Mr. Musk reasonably understood Mr. Al-Rumayyan and the PIF to be committing whatever funding was necessary to complete the go-private transaction; (6) Mr. Musk confirmed his understanding that funding was secured in numerous communications with Mr. Al-Rumayyan; and (7) Mr. Musk publicly disclosed the contingencies to Tesla going private and clarified that Tesla was still considering the transaction.

Given these and other disputed material facts, a reasonable jury could find in Defendants' favor; therefore, summary judgment as to the element of falsity is DENIED. *See, e.g.*, *S.E.C. v. Phan*, 500 F.3d 895, 907 (9th Cir. 2007); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2017 WL 6041723, at *6 (N.D. Cal. Dec. 6, 2017); *In re Sun Microsystems Sec. Litigation*, 1992 WL 226898, at *6 (N.D. Cal. July 10, 1992); *Marucci v. Overland Data, Inc.*, 1999 WL 1027053, at *1 (S.D. Cal. Aug. 2, 1999).

### **Summary Judgment is Improper as to the Element of Scienter**

"Generally, scienter should not be resolved by summary judgment." *Davis v. Yelp, Inc.*, 2021 WL 4923359, at *13 (N.D. Cal. Sept. 17, 2021) (Chen, J.) (citation omitted). This is because "[m]ateriality and scienter are both fact-specific issues which should ordinarily be left to the trier of fact." *Id.* To obtain summary judgment on the element of scienter, Plaintiff must show as a matter of law that Mr. Musk either intended to "deceive, manipulate, or defraud" the public, or his behavior was

a "reckless" and "extreme departure from the standards of ordinary care" that goes beyond "even inexcusable negligence." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976); *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1063 (9th Cir. 2000).

In their Opposition to the Motion, Defendants identified a wealth of material facts demonstrating that Mr. Musk lacked scienter. Among other things, (1) on August 2, 2018, Mr. Musk emailed Tesla's Board regarding an "offer to take Tesla private at $420 [per share]"; (2) on August 3, Mr. Musk attended a board meeting and explained that the PIF was willing to fund the transaction; (3) Mr. Musk then reached out to financial and legal advisors about the potential transaction; and (4) Mr. Musk had numerous private communications with Mr. Al-Rumayyan wherein Mr. Musk confirmed his intent to take Tesla private as well as his understanding that funding was secured through the PIF. These facts demonstrate that Mr. Musk reasonably believed funding was secured, reasonably believed his public disclosures to be accurate, and that Mr. Musk had the genuine desire to take Tesla private.

These material facts must be evaluated by a jury; accordingly, summary judgment on the element of scienter is DENIED. *See, e.g.*, *Davis*, 2021 WL 4923359 at *13; *Vucinich v. Paine, Webber, Jackson & Curtis, Inc.*, 739 F.2d 1434, 1436 (9th Cir. 1984); *Howard*, 228 F.3d at 1060; *In re Volkswagen*, 2017 WL 6041723 at *12; *Sec. & Exch. Comm'n v. Jasper*, 2009 WL 10701938, at *3 (N.D. Cal. Dec. 10, 2009); *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *12 (N.D. Cal. Apr. 17, 2020).

### Summary Judgment is Improper as to the Element of Reliance

To prevail on a Section 10(b) claim, a plaintiff must prove that he relied upon the defendant's alleged misrepresentations. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 263 (2014). Here, Plaintiff has not put forward evidence of direct reliance. Instead, Plaintiff seeks to invoke the rebuttable fraud-on-the-market presumption. To invoke that presumption, a plaintiff must prove (1) the alleged misrepresentations were publicly known, (2) they were material, (3) the stock traded in an efficient market, and (4) the plaintiff traded the stock between when the misrepresentations were made and when the truth was revealed." *Id.* at 268. Questions regarding materiality "are peculiarly ones for the trier of fact." *Durning v. First Bos. Corp.*, 815 F.2d 1265, 1268 (9th Cir. 1987).

Plaintiff argues that Mr. Musk's statement "funding secured" was material simply because Tesla's stock price moved after Mr. Musk made his statement. However, as a matter of law, a stock price movement alone is insufficient to prove materiality. *See, e.g.*, *In re Allied Cap. Corp. Sec. Litig.*, 2003 WL 1964184, at *6 (S.D.N.Y. Apr. 25, 2003). This is because the stock price movement could be attributed to a number of other events, including Mr. Musk's statement that he was considering taking Tesla private at $420 per share. The jury is entitled to evaluate the materiality of Mr. Musk's statements and whether they caused or contributed to changes in Tesla's stock price. Defendants have put forth evidence showing that Tesla's stock price hardly changed when Mr. Musk explained what he meant by "funding secured." The jury is entitled to conclude from that evidence that the phrase "funding secured" was thus not material. Additionally, even if Plaintiff had established all of the necessary requirements to invoke the fraud-on-the-market presumption, summary judgment would still be improper since the presumption is rebuttable and Defendants have put forth evidence through their expert witness that could rebut the presumption.

Accordingly, given that there are genuine disputes as to the materiality of Mr. Musk's statements, and because Defendants have put forth evidence to rebut Plaintiff's fraud-on-the-market presumption, summary judgment on the element of reliance is DENIED. *See, e.g.*, *Halliburton*, 573 U.S. at 268; *Hsingching Hsu v. Puma Biotechnology, Inc.*, 2018 WL 4945703, at *4 (C.D. Cal. Oct. 5, 2018).

*        *        *

Based on the foregoing and all papers and proceedings held hereon, it is HEREBY ORDERED that Plaintiff's Motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Dated: _____             _____
                                                                                                  Honorable Edward M. Chen
                                                                                                  United States District Judge