**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel : 415-373-1671
Fax : 212-363-7171
Email: aapton@zlk.com
          amccall@zlk.com

*Attorneys for Lead Plaintiff and the Class*

[Additional Counsel on Signature Block]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC <br><br> <u>CLASS ACTION</u> <br><br> **LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF NO. 364)** |

## I.     INTRODUCTION

For decades, the Ninth Circuit has upheld and protected the public's access to court-filed documents. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *Kamakana v. City & Cty. Of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). This policy emanates from binding Supreme Court precedent creating a "general right to inspect and copy public records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). Where, as here, the request for sealing exists in the context of a dispositive motion, the right to access court documents becomes ever more important because it strikes "at the heart of the interest in ensuring the public's understanding of the judicial process . . . ." *Kamakana*, 447 F.3d at 1179 (internal quotations omitted). Movants seeking to seal documents must satisfy a "compelling reasons" standard that requires a "factual basis" for the request instead of "hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678-79 (9th Cir. 2010). Defendants do not carry their burden under the law and, therefore, their request for sealing should be denied.

In opposition to Plaintiff's Motion for Partial Summary Judgment, Defendants filed twenty (20) exhibits that they presently seek to keep under seal. The public version of their brief in opposition to the motion was also heavily redacted. The sealing of these exhibits and the redactions on their brief are unfounded. The exhibits contain internal emails and text messages as well as transcripts of depositions and other testimony. Although these materials were marked "confidential" under the Stipulated Protective Order (ECF No. 255), that alone does not provide Defendants with the ability to keep them under seal. *See* N.D. Cal. Civil L.R. 79-5(c) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). Further, when considering that the subject matter of these materials is an event that occurred nearly four years ago and does not impact any aspect of Defendants' ongoing business concerns in any way, no compelling reason exists to keep these materials hidden from the public.

Defendants make no factual showing to substantiate their claim that these materials are

"sensitiv[e]" in nature or otherwise contain any information that will "cause harm to Tesla" or "be misconstrued for improper purposes." Defs. Admin. Mot. at 2, 3 (ECF No. 364). The substance of these documents is already largely in the public domain via the U.S. Securities & Exchange Commission's court filings and the myriad news articles covering the debacle when it first occurred. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (finding that the "compelling reasons" standard was not satisfied where information "had been a matter of public record since at least 2004"). Thus, any risk of harm to Defendants' business concerns has long since passed and does not outweigh the well-established public right of access. To the extent Defendants are concerned with their right to a "fair trial," the unsealing of the documents at issue should be viewed as a positive given that they presumably consist of the exculpatory materials they intend to use at trial.  Defendants' motion to seal should be denied.[1]

**II.     DEFENDANTS' BRIEF AND EXHIBITS SHOULD NOT BE KEPT UNDER SEAL BECAUSE THERE IS NO "COMPELLING REASON" TO DO SO.**

**A.     Stale, Internal Emails and Text Messages.**

Thirteen of the 20 exhibits Defendants seek to file under seal are emails and/or text message conversations.[2] These emails and text messages date back to August 2018 and earlier and relate to the "Take Private Bid." *See* Declaration of Nathaniel Smith, ¶5 (ECF No. 364-1); *see also* Declaration of Kyle Batter (ECF No. 364-4). They do not contain discussion about, for example, Tesla's business strategies or competitive weaknesses. While Tesla may have had a "practice" of maintaining communications as "strictly confidential," such a practice does not trump the longstanding policy of providing public access to judicial records. *See Kamakana*, 447 F.3d at 1180 (requiring particularized showing of "compelling reasons" to keep records sealed instead of "good cause" showing under Rule 26). Further, Defendants' "belief" that the individuals in the emails and text messages expected them to remain private constitutes only

---

[1] The documents at issue in this administrative motion are similar in nature and content to the documents at issue in Plaintiff's Administrative Motion for Sealing filed January 11, 2022 (ECF No. 351).

[2] The exhibits are: 76; 81; 94; 105; 106; 109; 121; 182; 255; F; G; H; and J.

speculation and conjecture which cannot substantiate the sealing of these materials. *See Pintos*, 605 F.3d at 678-79. Declarations from these third-parties are notably absent.

Defendants' declaration in support of the administrative motion reveals that Exhibits 81 and 94 are communications with Tesla's Board of Directors "reflect[ing] the private information that was provided" to them in connection with the "Take Private Bid." Smith Decl. at ¶6. Thus, the communications do not contain sensitive, internal strategy discussions ***from*** the board but instead information from other parties sent ***to*** the board that, once again, relates to a one-off event occurring nearly four years ago. Similarly, Tesla's communications with a "potential investor" likewise do not contain internal, sensitive discussions. *Id*. at ¶7 (referring to Exhibits 76, 105, 106, 109, F, G, and H). In addition, communications sent from or to a third-party do not carry any expectation of privacy or otherwise contain commercially sensitive information, contrary to what Defendants claim. *See id*. at ¶¶8, 9 (referring to Exhibits 121, 182, 255 and J).[3]

**B.    Deposition and Testimony Transcripts.**

Defendants also ask that they be allowed to file under seal excerpts of several transcripts from SEC testimony and depositions.[4] Defendants' description of these excerpts reveals that the substance of these transcripts does not relate to Tesla's business or commercial strategies. *See* Smith Decl. at ¶11. Instead, the testimony discusses meetings held between Musk, Tesla's Board of Directors, and third-parties concerning the "Take Private Bid." *Id*. These meetings were not "privileged" (as evidenced by the witnesses' discussion of the meetings during their respective interviews and/or depositions) and related solely to the "Take Private Bid." *Id*. Unsealing these excerpts will not reveal "financial, planning, personal, and commercial information" because no such information was discussed in the interview and/or deposition excerpts; indeed, Defendants' description of the excerpts does not reference any sort of information or material. *See id*. at ¶¶11, 12. Defendants' failure to provide a particularized explanation as to how the information would

---

[3] Plaintiff does not oppose the redaction of any "personal contact information" that may appear in these documents.

[4] The exhibits are: B; C; E; O; P; and Q.

1   be misused is fatal to their motion. *See*, *e.g.*, *In re Twitter Inc. Sec. Litig.*, No. 16-cv-05314-JST,

2   2020 U.S. Dist. LEXIS 86974, at *8 (N.D. Cal. May 18, 2020) (collecting cases).

3          Defendants' claim that the unsealing of this information risks the "spread" of it without

4   "proper context" and risks "Tesla's ability to receive a fair trial" is unfounded. Given that these

5   excerpts are what Defendants selected in an attempt to defeat summary judgment, it presumably

6   contains the exculpatory information needed to clear Musk's name. Further, if Defendants are

7   truly concerned about the public not having full "context" for the testimony, the entire transcripts

8   can be made available which would ensure that all those interested have a complete understanding

9   of what occurred. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records

10  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

11  without more, compel the court to seal its records.").

12          **C.      Defendants' Opposition Brief.**

13          Defendants redacted large swaths of their brief in opposition to Plaintiff's motion for

14  partial summary judgment (275 out of 700 lines, to be exact). The content of these redacted

15  portions describes, paraphrases, or quotes the internal correspondence and transcripts discussed

16  above. Because those materials do not warrant sealing, the redactions are similarly unfounded and

17  should be removed.

18          **D.      Dr. Michael Hartzmark's Expert Report.**

19          Dr. Hartzmark is Plaintiff's damages expert. Although Plaintiff marked his report (Exhibit

20  L) as "confidential" under the terms of the Stipulated Protective Order when serving it to

21  Defendants, he did so only to comply with the terms of the Stipulated Protective Order insofar as

22  it incorporated and/or relied on information marked "confidential." However, Plaintiff does not

23  see any reason to keep the report "confidential," much less the narrow excerpt Defendants filed

24  under seal. Indeed, the excerpt contains charts depicting movements in Tesla's stock price and

25  trading as well as copy/pasted portions of public news articles and blog posts. These do not

26  warrant "confidential" treatment let alone filing under seal.

27

28

III.    **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendants' Administrative Motion to File Under Seal (ECF No. 364).

Dated: February 4, 2022                     Respectfully submitted,

                                            **LEVI & KORSINSKY, LLP**

                                             s/ Adam M. Apton
                                            Adam M. Apton (SBN 316506)
                                            Adam C. McCall (SBN 302130)
                                            75 Broadway, Suite 202
                                            San Francisco, CA 94111
                                            Tel.: 415-373-1671
                                            Fax: 212-363-7171
                                            Email: aapton@zlk.com
                                            Email: amccall@zlk.com

                                                     -and-

                                            Nicholas I. Porritt
                                            Alexander A. Krot III
                                            **LEVI & KORSINSKY, LLP**
                                            1101 30th Street N.W., Suite 115
                                            Washington, D.C. 20007
                                            Tel.: (202) 524-4290
                                            Fax: (202) 333-2121
                                            Email: nporritt@zlk.com
                                            Email: akrot@zlk.com

                                                     -and-

                                            Joseph E. Levi
                                            Eduard Korsinsky
                                            LEVI & KORSINSKY, LLP
                                            55 Broadway, 10th Floor
                                            New York, New York 10006
                                            Tel.: (212) 363-7500
                                            Fax: (212) 363-7171
                                            Email: jlevi@zlk.com
                                            Email: ek@zlk.com

                                            *Attorneys for Lead Plaintiff and the Class*