1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Alex Spiro (*appearing pro hac vice*)
2     alexspiro@quinnemanuel.com
      Kyle Batter (Bar No. 301803)
3     kylebatter@quinnemanuel.com
4  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
5  Telephone: (650) 801-5000

6     Michael T. Lifrak (Bar No. 210846)
      michaellifrak@quinnemanuel.com
7     Jeanine Zalduendo (Bar No. 243374)
      jeaninezalduendo@quinnemanuel.com
8  865 South Figueroa Street, 10th Floor
9  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
10

11 *Attorneys for Defendants Tesla, Inc., Elon Musk,
   Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
12 Antonio J. Gracias, James Murdoch, Kimbal Musk,
   And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL AMENDED EXHIBIT 182 IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (together, "Defendants") bring this Administrative Motion to File Under Seal an amended version of confidential Exhibit 182 to their Opposition to Plaintiff's Partial Motion for Summary Judgment (the "Opposition") (ECF No. 365). Pursuant to Civil Local Rule 79-5, this Motion is accompanied by a Proposed Order, Declaration of Nathaniel Smith, and Amended Exhibit 182.

## II. ARGUMENT

Civil Local Rule 79-5(c) requires that a party seeking to file its own documents under seal must file and serve an administrative motion which articulates the applicable legal standard and the reasons for keeping a document under seal, accompanied by a supporting declaration, and a proposed order that is narrowly tailored. Because Defendant's motion to seal pertains to a dispositive filing, the "compelling reasons" standard applies. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

In the Ninth Circuit, the common law right of access to judicial proceedings "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In making that determination, "courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). In particular, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal quotations omitted).

In that context, courts protect "any . . . compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not

know or use it." *Whitewater West Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-cv-01118, 2018 WL 3055938, at *2 (S.D. Cal. June 14, 2018).  Beyond that, courts recognize that "other sources of business information that might harm a litigant's competitive standing may also constitute a compelling reason to seal." *Id.*

Defendants seek to seal confidential business information regarding Elon Musk's August 7, 2018 bid to take Tesla private (the "Take Private Bid"), contained in amended Exhibit 182.  In particular, amended Exhibit 182 contains text messages of third party advisors with Tesla executives, and includes non-public, private business communications regarding reactions to, advice on, planning for, and funding of the Elon Musk's August 7, 2018 bid to take Tesla private, as well as the personal contact information of numerous private individuals, as detailed in the Declaration of Nathaniel Smith, filed concurrently herewith.  Courts routinely find that the sensitivity of such information justifies keeping such information sealed. *See, e.g., Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *3 (S.D. Cal. Apr. 20, 2020) (finding compelling reasons to seal "non-public, confidential information" concerning "commercial relationships," "agreements," and "business dealings" between the parties); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *4 (N.D. Cal. Mar. 10, 2010) (sealing portions of deposition regarding "future business plans"); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846 at *4 (W.D. Wash. Nov. 12, 2012) (sealing content related to company's "future business plans" and "strategic planning information"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (sealing information subject to confidentiality agreement because disclosure could harm the party "in future negotiations with existing customers, third-parties, and other entities with whom they do business"); *see also Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (sealing information that explained relationships with nonparties).  Accordingly, Defendants request that the Court seal the excerpted portions of amended Exhibit 182, because it contains Defendants' protectable, non-public, confidential business information.

Public disclosure of amended Exhibit 182 containing confidential, non-public information will cause harm to Tesla by revealing financial, planning, personal, and commercial information that could

be misconstrued for improper purposes. Such a release of material, in a piecemeal way, risks that the information will be discussed and spread without the proper context and undermine Defendants' ability to receive a fair trial. This risk of misinformation spreading is heightened because Tesla is one of the most followed companies globally and its CEO, Elon Musk, is one of the most followed individuals in the world. Defendants have narrowly tailored their request to only information meriting sealing.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Administrative Motion to Seal Amended Exhibit 182.

DATED: February 8, 2022    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
Alex Spiro *(appearing pro hac vice)*
*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

I, Kyle K. Batter, am the ECF user whose ID and password are being used to file the above document. In compliance with Local Rule 5-1(h)(3), I hereby attest that Alex Spiro has concurred in the filing of the above document.

DATED: February 8, 2022    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */S/ Kyle Batter*
Kyle Batter