WARREN METLITZKY (CA Bar No. 220758)
**CONRAD | METLITZKY | KANE LLP**
wmetlitzky@conmetkane.com
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
(415) 343-7100

JULIE M. RIEWE (CA Bar No. 207520)
**DEBEVOISE & PLIMPTON LLP**
jriewe@debevoise.com
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 383-8070

ELLIOT GREENFIELD (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
egreenfield@debevoise.com
919 Third Avenue
New York, NY 10022
(212) 909-6772

Attorneys for Silver Lake
Technology Management, L.L.C.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC-KAW<br><br>**SILVER LAKE'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Silver Lake Technology Management, L.L.C. ("Silver Lake") submits this response to Defendants' Administrative Motion to File Under Seal. (Dkt. No. 367.)

## ARGUMENT

Silver Lake, a non-party, joins Defendants' request to seal Exhibit 182, which consists of text messages exchanged between Egon Pierre-Durban, Silver Lake's Co-CEO, and Elon Musk, Tesla Inc.'s CEO.[1]

In their opposition brief, Defendants cite to only 2 text messages among 34 contained in this Exhibit. Silver Lake does not seek to redact any portion of the two text messages cited in the brief except for the associated cell phone numbers, but the remainder of the text messages, which are each independent documents that were compiled in a spreadsheet by Silver Lake and provided to the government for the government's ease of review, should be redacted.

At the very least, the name of Silver Lake's investor (record 2164), the cell phone numbers and the references to Mr. Durban's family and location of his home (records 2219 and 2266) should be redacted. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (compelling reasons exist to seal personally identifiable information); *Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, 2021 WL 1022874, *2 (N.D. Cal. March 17, 2021) (sealing names of "non-party shareholders"); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (sealing documents containing "specific customer names").

This information is appropriately redacted because it has absolutely no bearing on the issues presented in Plaintiff's motion for summary judgment or Defendants' opposition. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (public interest "limited" where content sought to be sealed "is irrelevant to the Court's decision"); *G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, 2008 WL 687372, *2 (N.D. Cal. Mar. 11, 2008) (sealing third-party information that was of "little or no relevance to the issues that were

---

[1] On February 8, 2022, Defendants filed an amended version of Exhibit 182, which replaces the original. (*See* Dkt. No. 367.)

1  raised"). As previously noted, Silver Lake does not seek to redact the substance of the two text
2  messages cited in Defendants' opposition brief.
3        Moreover, publicly identifying the name of Silver Lake's investor will jeopardize Silver
4  Lake's relationship with it and impair its ability to raise future capital. As an initial matter, the
5  identified investor expects and contractually requires that its identity remains confidential. More
6  importantly, Silver Lake has a compelling business justification for keeping the identity of its
7  investors confidential, including with respect to market dynamics with other investment firms
8  which, like Silver Lake, may be soliciting investments from many of the same investors. (*See*
9  Declaration of Sharon Binger ¶¶ 3, 8-10 (Dkt. No. 362-1).)

11  DATED:  February 8, 2022           **CONRAD | METLITZKY | KANE LLP**

12                                        */s/ Warren Metlitzky*
                                      Warren Metlitzky