QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Jeanine Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk,*
*Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
*Antonio J. Gracias, James Murdoch, Kimbal Musk,*
*And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DECLARATION OF NATHANIEL SMITH IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 369)** |

**I, Nathaniel Smith, declare as follows:**

1. I am a member of the bar of the District of Columbia and serve as Managing Counsel for Defendant Tesla, Inc. I have been employed with Tesla since April 2021, and in the course of my employment have become familiar with Tesla's treatment of its proprietary business information, such as that described in this declaration. I have personal knowledge of the matters described below, and I am competent to testify thereto.

2. I make this declaration pursuant to the Northern District of California Civil Local Rule 79-5(c), in support of Plaintiff's Administrative Motion To Consider Whether Another Party's Material Should Be Sealed ("Motion to Seal") (ECF No. 369).

3. On February 15, 2022, Plaintiff Glen Littleton ("Lead Plaintiff"), filed a Reply in Further Support of his Partial Motion for Summary Judgment ("Reply") (ECF No. 370) and a Motion to Seal (ECF No. 369) certain confidential exhibits and deposition testimony of Defendants and third parties, used in support of the Reply.

4. On May 20, 2020, this Court entered a Protective Order (ECF No. 255), to which the parties had agreed. The Protective Order provides for the protection of "Confidential" information, described as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other proprietary or private information warranting special protection from public disclosure and from use for purposes other than prosecuting this litigation." In accordance with the terms of the Protective Order, Tesla and several third parties designated certain produced documents and deposition testimony as "Confidential."

5. Plaintiff's Motion to Seal concerns such Confidential documents and deposition testimony that reflect sensitive, non-public communications regarding Elon Musk's August 7, 2018 bid to take Tesla private (the "Take Private Bid"). These include Tesla's internal communications, as well as communications with third-party investors, advisors, and other professionals. It is Tesla's practice to maintain all such non-public documents and communications as strictly confidential. In addition, certain of the Confidential documents reflect internal communications and proprietary

business practices of third parties.  Therefore, it is my belief that all of these individuals had an expectation of the private and confidential nature of their communications.

6. Specifically, Exhibit 107 is an email chain reflecting both internal Tesla communications regarding a prospective third-party investor in the Take Private Bid, as well as Mr. Musk's prior private conversations with the prospective investor regarding a potential investment in another of Mr. Musk's companies.  The fact that Mr. Musk had been meeting with this potential investor for years prior to the Take Private Bid is private, non-public information.

7. Exhibits 149 and 204 are private communications between Tesla executives and a publically traded financial-services corporation concerning the trading activity in Tesla's stock.

8. Exhibit X is the expert report of Plaintiffs' expert Michael L. Hartzmark.  The report been designated Confidential under the Protective Order.

9. The deposition excerpts of Messrs. Ahuja, Teller, Musk, and Ms. Denholm provide testimony discussing Confidential exhibits, as well as additional information related to the logistics of the Take Private Bid, including potential funding sources therefor and private meetings thereon.

   a. In the deposition excerpts of Mr. Ahuja, he testified to details of meetings with a potential investor in the Take Private Bid, internal Tesla communications and strategy regarding the Take Private Bid, and confidential communications with a third-party financial advisor concerning a potential investor in the Take Private Bid.

   b. In the deposition excerpts of Mr. Teller, he testified to details of a meeting with a potential investor in the Take Private Bid, as well as discussions regarding the amount of capital that would be required for the Take Private Bid.  Mr. Teller's personal address is also contained in the deposition excerpts.

   c. In the deposition excerpts of Mr. Musk, he testified to the details of a meeting and subsequent communications with a potential investor in the Take Private Bid, the shareholder structure that could result from the Take Private Bid, communications with third-party Tesla investors regarding their private interest in and reactions to the Take Private Bid, internal communications with the Tesla

1  Board regarding the Take Private Bid, and private communications with a
2  prominent third-party business executive concerning the potential logistics of the
3  Take Private Bid.

4      d.  In the deposition excerpts of Ms. Denholm, she testified to the details of private
5  communications from Mr. Musk to Tesla's Board regarding the Take Private Bid.
6  Ms. Denholm's personal address is also contained within the deposition excerpts.

7  10.  The revelation of these Confidential, non-public documents will cause harm to Tesla
8  by revealing financial, planning, personal, and commercial information that could be misconstrued
9  for improper purposes. Such a release of material, in a piecemeal way, risks that the information
10 will be discussed and spread without the proper context and undermine Tesla's ability to receive a
11 fair trial. This risk of misinformation spreading is heightened because Tesla is one of the most
12 followed companies globally, and its CEO, Elon Musk, is one of the most followed individuals in
13 the world. In Tesla's view, sealing the materials for a brief period of time• until trial• balances
14 the public's right to access with Tesla's ability to preserve the sensitive and confidential nature of
15 its information.

17 I declare under penalty of perjury under the laws of the State of California that the foregoing
18 is true and correct and that this document was executed in Washington, D.C.

19 DATED: February 22, 2022

22                                              By */s/ Nathaniel Smith*
                                                    Nathaniel Smith

25                                                         ****

26 I hereby attest that I obtained concurrence in the filing of this document from the other
27 signatory on this e-filed declaration.

DATED:  February 22, 2022    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */S/ Kyle Batter*
Kyle Batter

-5-                                                          3:18-CV-04865-EMC

DECLARATION OF NATHANIEL SMITH IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHQULD BE  SEALED