1   SIMPSON THACHER & BARTLETT LLP
    STEPHEN P. BLAKE (State Bar No. 260069)
2   sblake@stblaw.com
    2475 Hanover Street
3   Palo Alto, California 94304
    Telephone:     (650) 251-5000
4   Facsimile:     (650) 251-5002

5   *Attorneys for Goldman Sachs & Co. LLC*

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                     SAN FRANCISCO DIVISION

10

11

12  IN RE TESLA, INC. SECURITIES          Case No. 3:18-cv-04865-EMC
    LITIGATION
13                                         **GOLDMAN SACHS' RESPONSE TO
                                           PLAINTIFF'S ADMINISTRATIVE
14                                         MOTION TO CONSIDER WHETHER
                                           ANOTHER PARTY'S MATERIAL
15                                         SHOULD BE SEALED (ECF NO. 369)**

16

17

18

19

20

21

22

23

24

25

26

27

28

1     Goldman Sachs & Co. LLC ("Goldman Sachs") submits this Response to Plaintiff's

2     Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No.

3     369) ("Administrative Motion").  The GS Document (defined below) is a confidential, non-public

4     document, the public disclosure of which would risk competitive harm to Goldman Sachs.  The

5     document should be sealed in its entirety pursuant to Civil Local Rule 79-5.

6     **I.     BACKGROUND**

7          The Administrative Motion relates to certain confidential exhibits and deposition

8     testimony of Defendants and third parties, including one Goldman Sachs document (the "GS

9     Document"):  a communication amongst Goldman Sachs' employees that attaches a presentation

10    the Goldman Sachs team prepared regarding Elon Musk's August 7, 2018 bid to take Tesla private

11    (the "Take Private Bid").  Administrative Motion at 2 (Exhibit 265).  The information contained in

12    the GS Document is not publicly available.  Declaration of Chris Buddin ("Buddin Decl.") ¶ 3.  It

13    is Goldman Sachs' practice to maintain all such nonpublic documents and communications as

14    strictly confidential.  *Id.*  The GS Document is therefore a confidential, non-public document that

15    should be sealed.  As explained in the accompanying Buddin Declaration, public disclosure of the

16    GS Document would reveal Goldman Sachs' proprietary analysis and internal methodologies for

17    evaluating and valuing companies, markets, and transactions and cause Goldman Sachs

18    competitive harm.  Buddin Decl. ¶¶ 5, 7.

19    **II.     ARGUMENT**

20         Civil Local Rule 79-5 provides that documents that are "privileged, protectable as a trade

21    secret or otherwise entitled to protection under the law" may be sealed.  L.R. 79-5.

22         A party seeking to seal information in connection with a dispositive motion must typically

23    articulate "compelling reasons" to justify its request.  *Kamakana v. City & Cty. of Honolulu,* 447

24    F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations omitted).  Under the compelling reasons

25    standard, the Court must balance the harm that would result to the party seeking to seal the

26    information against "the general history of access and the public policies favoring disclosure, such

27    as the public interest in understanding the judicial process."  *Id.*  (internal quotations omitted).

28

- 1 -

GOLDMAN SACHS' RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED – 18-cv-04865

**A.  The GS Document Should Be Sealed As Competitively Sensitive Business Information**

The Ninth Circuit has made clear that "business information that might harm a litigant's competitive strategy" is sealable information.  *In re Elec. Arts,* 298 Fed. App'x 568, 569 (9th Cir. 2008) (cited by *TVIIM, LLC v. McAfee, Inc.,* No. 13-cv-04545-HSG, 2015 WL 4448022, at *4 (N.D. Cal. July 9, 2015); *see also Lawson v. Grubhub, Inc*., No.15-cv-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 1, 2017) (same).  This includes "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *In re Elec. Arts,* 298 Fed. App'x at 569.  Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened.  *See Nixon v. Warner Comm'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306 (1978); *see also Ehret v. Uber Techs., Inc.*, No. 14-cv-00113-EMC, 2015 WL 12977024, at *2 (N.D. Cal. Dec. 2, 2015) (granting motion to seal party's "sensitive, proprietary business strategy and financial information").  The need for public access is further lessened where, as here, the information sought to be sealed has no direct bearing on the issues presented in Plaintiff's motion.  *See Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, No. 20-cv-03775-HSG, 2021 WL 1022874, *2 (N.D. Cal. March 17, 2021) (compelling reasons standard satisfied because names of "non-party shareholders" were non-public and "irrelevant to the allegations in the complaint"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (public interest "limited" where content sought to be sealed "is irrelevant to the Court's decision"); *G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (sealing third-party information that was of "little or no relevance to the issues that were raised").  Some courts have even applied the "good cause" standard when faced with similar circumstances.  *See Music Grp. Macao,* 2015 WL 3993147, at *10 (applying good cause standard because the court "did not consider" the material "in connection with Defendant's dispositive motion"); *G&C Auto,* 2008 WL 687372, at *3 (applying good cause standard where documents submitted in connection with a dispositive motion were not actually considered).

1    The GS Document is quintessential confidential business information that should be

2   sealed.  As the Buddin Declaration establishes, the GS Document is a confidential communication

3   and presentation reflecting Goldman Sachs' sensitive, nonpublic analysis regarding the Take

4   Private Bid.  Buddin Decl. ¶ 4.  It contains Goldman Sachs' proprietary analysis and internal data

5   and outlines Goldman Sachs' internal methodologies for evaluating and valuing companies,

6   markets, and transactions.  *Id.* ¶ 5.  The presentation is also marked as a "Preliminary &

7   Confidential Draft" on every page.  *Id.* ¶ 6.

8    The Buddin Declaration also establishes that public disclosure of the GS Document, which

9   would reveal the proprietary analysis and methodologies of Goldman Sachs, would cause

10  Goldman Sachs competitive harm.  *Id.* ¶ 7.  Goldman Sachs' methods for evaluating companies,

11  markets, and transactions provide the foundation for its advice to clients.  *Id.* ¶ 8.  The firm's

12  expertise in approaching mergers and acquisitions is the product of significant investment by the

13  firm.  *Id*.  This information should not be publicly filed because it has little or no relevance to the

14  issues presented in Plaintiff's reply and its publication would substantially impair Goldman Sachs'

15  business and competitive position.

### B. Alternatively, the Court Should Seal Significant Portions of the GS Document and Order that a Redacted Version be Placed in the Public File

16
17

18  Civil Local Rule 79-5 provides that "[i]f the Administrative Motion to File Under Seal is

19  denied or granted in part, the document sought to be sealed will not be considered by the Court

20  unless the Submitting Party files a revised redacted version of the document which comports with

21  the Court's order within 7 days after the motion is denied."  L.R. 79-5(f)(3).  Goldman Sachs

22  believes that the GS Document should be sealed in its entirety.  However, if the Court is not

23  inclined to do so, and believes only portions of the document should be sealed, Goldman Sachs is

24  prepared to promptly meet and confer with Plaintiff and to submit a redacted version of the GS

25  Document in accordance with the Court's guidance.

### III.   CONCLUSION

26

27  For the foregoing reasons, Goldman Sachs respectfully requests that the GS Document

28  remain under.

GOLDMAN SACHS' RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED – 18-cv-04865

Respectfully submitted,

Dated: February 22, 2022

SIMPSON THACHER & BARTLETT LLP

/s/ Stephen P. Blake
Stephen P. Blake, Cal. Bar No. 260069
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002
Email: sblake@stblaw.com

*Attorneys for Goldman Sachs & Co. LLC*

- 4 -