Adam M. Apton
aapton@zlk.com
Levi & Korsinsky, LLP
388 Market Street, Suite 1300
San Francisco, CA 94111
(415) 373-1671

*Attorneys for Plaintiff*

Jeanine M. Zalduendo
jeaninezalduendo@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC-KAW<br><br>**JOINT LETTER REGARDING MOTION TO COMPEL RE: WARRANT ACTION**<br><br>Hon. Kandis A. Westmore<br><br>Hearing Date:  TBD |

The parties hereby submit this joint letter pursuant to your Honor's standing orders. On November 17, 2021, Plaintiff served Defendants with a request for additional discovery relating to a dispute between JPMorgan Chase Bank and Tesla, Inc. After a change of Defense counsel, the parties were able to meet and confer on this issue on January 13, 2022, and on January 20, 2022, Defendants responded to Plaintiff's request with a small production of documents. Plaintiff believes that Defendants' response is insufficient and that further production is warranted. The parties met-and-conferred by videoconference on March 18, 2022 and again on March 23, 2022 to discuss the issue further, but unfortunately remain at an impasse.

Counsel for the parties complied with Section 9 of the Northern District's Guidelines for Professional Conduct at all times. Counsel have been unable to resolve their dispute and respectfully request Your Honor's assistance.

| | | |
|---|---|---|
| 1 | Dated: March 31, 2022 | Respectfully, |
| 2 | | **Levi & Korsinsky, LLP** |
| 3 | | */s/   Adam M. Apton* |
| 4 | | Adam M. Apton |
| | | aapton@zlk.com |
| 5 | | 388 Market Street, Suite 1300 |
| | | San Francisco, CA 94111 |
| 6 | | (415) 373-1671 |
| 7 | | *Attorneys for Class Representative* |
| 8 | | *and Class Counsel* |
| 9 | | **Quinn Emanuel Urquhart & Sullivan, LLP** |
| 10 | | */s/   Jeanine Zalduendo* |
| 11 | | Jeanine Zalduendo |
| | | jeaninezalduendo@quinnemanuel.com |
| 12 | | 865 South Figueroa Street, 10th Floor |
| | | Los Angeles, CA 90017 |
| 13 | | (213) 443-3000 |
| 14 | | *Attorneys for Defendants* |

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this document.

Dated: March 31, 2022    */s/   Adam M. Apton*
                         Adam M. Apton

## I.   PLAINTIFF'S POSITION

### A.   Pertinent Factual Background

On November 15, 2021, JPMorgan Chase Bank, National Association, London Branch ("JPMorgan") filed a breach of contract action against Tesla, Inc. ("Tesla") to recover $162 million due to JPMorgan as payment related to warrant transactions (*JPMorgan Chase Bank, National Association, London Branch v. Tesla, Inc.*, Case No. 1:21-cv- 09441, SDNY, the "Warrant Action"). JPMorgan claims that Elon Musk's August 7 tweets regarding taking Tesla private caused immediate and significant economic effects which substantially decreased the value of the warrants and required an adjustment to the strike price of the warrants. When Elon Musk announced on August 24, 2018 that he was no longer pursuing the going private transaction, the value of the warrants increased requiring further adjustment by JPMorgan. JPMorgan alleges that Tesla has refused to settle at the contractual strike price and pay in full what it owes to JPMorgan.

The Warrant Action specifically references that JPMorgan sent Tesla a letter on August 17, 2018 notifying it of the first adjustment, and that there was subsequent correspondence with Tesla on the issue. ¶30. Additionally, the Warrant Action references notice of JPMorgan's second adjustment to Tesla on August 29, 2018, and "several conference calls with Tesla" regarding this adjustment. ¶35. Tesla's initial document production in this litigation contained no documents related to the warrant transactions with JPMorgan, despite being covered by Plaintiff's First Request for Production of Documents Against Tesla, Inc. served on July 10, 2020 ("Plaintiff's RFPs").

### B.   Argument

On January 20, 2022, Defendants produced two pages of letters relating to the Warrant Action; specifically, the August 17 and 29 letters referenced in the Warrant Action complaint. No other documentation concerning to or arising from the Warrant Action has been produced, including documents responsive to Plaintiff's RFPs Nos. 1, 24, and 32 which would presumably call for the production of internal communications and notes relating to the warrants at issue in the Warrant Action as well as the impact of Mr. Musk's public statements on their strike prices. Additionally, the Warrant Action identifies multiple instances where JPMorgan and Tesla communicated in writing and by phone about *inter alia* the price of the warrants. *See*, *e.g.*, ¶35 ("written explanation describing [JPMorgan's] calculations" and "several conference calls"), ¶38 ("Tesla sent a letter to JPMorgan about the 2021 Warrants"), ¶40 ("JPMorgan sent Tesla a response rejecting all of its allegations with regard to the Adjustments"), ¶47 ("Tesla belatedly sent a letter rejecting JPMorgan's designation of an Event of Default"). (An excerpt of Plaintiff's RFPs containing these demands is attached as Exhibit A.)

Defendant raised three arguments in response to Plaintiff's requests, none of which has any merit. First, the supposed untimeliness of Plaintiff's request for discovery is Defendants' fault. Plaintiff was unaware of the Warrant Action and/or the fact that JPMorgan's warrants were impacted by Mr. Musk's tweets until JPMorgan filed suit on November 15, 2021. This was in spite of Defendants' obligation to produce all relevant, non-privileged documents in response to Plaintiff's RFPs and, indeed, Defendants' representation that document production would be substantially completed by mid-September 2021. Upon discovering the Warrant Action, Plaintiff promptly requested supplemental discovery on November 17, 2021. Thus, Local Rule 37-3 does not bar Plaintiff's request for discovery given that the delay at hand was caused by Defendants.

*See, e.g., Gamevice, Inc. v. Nintendo Co.*, No. 18-cv-01942-RS (TSH), 2019 U.S. Dist. LEXIS 189836, at *8 (N.D. Cal. Oct. 29, 2019) (granting motion to compel updated financial information because party was required to supplement discovery, notwithstanding that motion was filed after close of fact discovery); *see also Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, No. C06-1066 PHJ (EMC), 2008 WL 2782903, at *1 (N.D. Cal. July 16, 2008) (allowing a motion to compel after the close of fact discovery where "[t]he late motion to compel will not derail this litigation.").

Second, Defendants argued that Plaintiff's RFPs Nos. 1, 24, and 32 did not "reasonably call" for the production of documents relating to the Warrant Action and that Plaintiff never asked Defendants to "run search terms relating to the JPMorgan warrants." This argument lacks credibility given that the Warrant Action is centered around the reaction of Tesla's stock price to, first, Mr. Musk's "funding secured" tweet on August 7 and then, second, his retraction of the going-private announcement on August 24. Indeed, Plaintiff's RFP No. 24 calls for the production of all documents "[c]oncerning the reaction of Tesla's share price in response to public statements made by Musk about Tesla." Further, Defendants—not Plaintiff—were responsible in the first instance for developing search terms that would adequately identify and collect responsive documents. In any event, search terms are a tool that parties use to aid in the collection and review of discoverable materials; they are not meant to replace or supersede a party's underlying obligation to produce relevant information. *See The Sedona Conference Best Practices Commentary on the Use of Search & Information Retrieval Methods in E-Discovery*, 8 Sedona Conf. J. 189, 194-95 ("The use of search and information retrieval tools does not guarantee that all responsive documents will be identified in large data collections . . . .").

Third, Defendants also claim that Plaintiff should have obtained documents relating to the Warrant Action directly from JPMorgan when Plaintiff subpoenaed JPMorgan in December 2020. This argument overlooks the fact that Plaintiff was unaware of the dispute between Tesla and JPMorgan at that time because the Warrant Action had not yet been filed. Additionally, Tesla, as a party in the action, was obligated in the first instance to produce the documents at issue.

### C. Conclusion

Plaintiff respectfully requests an order compelling Defendants produce all relevant, non-privileged documents relating to the Warrant Action. To the extent any responsive documents are privileged, Defendants should be required to update their privilege log and reproduce it immediately.

## II. DEFENDANTS' POSITION

Plaintiff's motion seeks to improperly expand the agreed-upon scope of document discovery months after the close of fact discovery and the submission of Plaintiff's summary judgment motion. It should be denied for that reason alone. Beyond that, however, Plaintiff fails to articulate any explanation for how documents "relating to the Warrant Action"—a one-count breach-of-contract action arising from the settlement of warrants nearly three years after the events at issue in this case—have any relevance to Plaintiff's claims. They do not, and Plaintiff's inability to demonstrate otherwise is the hallmark of a fishing expedition. In any event, Plaintiff is fishing from an empty pond; Tesla has produced the only communications with JPMorgan related to the valuation of JPMorgan's warrants from the time period that the parties agreed on in this case. Tesla did so in good faith and in an effort to avoid pointless motion practice. Plaintiff, however,

has insisted on bringing this motion in a last-ditch, misguided effort on the eve of trial.  The Court should deny the motion.

### A.  Plaintiff Improperly Seeks To Expand Discovery Long After It Has Closed.

Document discovery closed on September 28, 2021.  Prior to that, the parties served their requests for document production and negotiated search terms, document custodians, and an appropriate "Relevant Time Period" in order to target the relevant facts in this case.[1]  That negotiation necessarily encompassed the documents Defendants would produce in response to Plaintiff's RFPs 1 and 24, both of which were facially overbroad in that they called for "[a]ll documents and communications … relating to a potential transaction where Tesla would become a privately owned company" (RFP 1), and "[a]ll documents and communications … concerning the reaction of Tesla's share price in response to public statements made by Musk about Tesla" (RFP 24).  Ex. B (Excerpts of Tesla's Responses and Objections to Pl's 1st RFPs), at 11, 28-29; *see FlowRider Surf, Ltd. v Pac. Surf Designs, Inc.*, 2017 WL 951037, at *7 (S.D. Cal Mar. 9, 2017) (denying motion to compel where request for all documents and pleadings exchanged in separate action was overbroad).  Any documents responsive to RFPs 1 or 24 that were also related to the Warrant Action would have been produced as long as they were within the parties' negotiated scope of production, but they were not.[2]

Plaintiff has offered no colorable reason why he should be allowed to retrade that agreement now and seek expanded discovery just two months before trial, and after he has filed his motion for partial summary judgment.  Indeed, nowhere in his motion does Plaintiff argue that the parties' previously negotiated discovery parameters were inadequate at capturing the evidence relevant to this case.  That the JPMorgan action was not filed until November 15, 2021 is irrelevant.  The filing of the Warrant Action did not suddenly unearth a new category of potential discovery of which Plaintiff was previously unaware and thus would not have been captured by the parties' agreement on search terms, custodians, and dates.  The Warrant Action arises from JPMorgan's allegation that the August 7, 2018, tweets by Mr. Musk conferred certain rights and obligations on JPMorgan to adjust the terms of a series of warrants based on prices in the options market.  Plaintiff has always known this, of course, as changes in Tesla option prices following Mr. Musk's tweets are matters of public record on which Plaintiff's lawsuit are based.  Whether such changes justified JPMorgan's conduct with respect to a particular transaction is not at issue in this case, nor is it relevant to any of the parties' claims and defenses in this case.  Plaintiff has already taken discovery from JPMorgan, and offers no valid reason why he should be entitled to additional discovery now.

Accordingly, Plaintiff's demand for further document production in response to RFPs 1 and 24 is a transparent attempt to *expand* discovery at the eleventh hour.  The Court should reject Plaintiff's attempt to do so, especially because it would require identification of brand new document custodians, the crafting and negotiation of additional search terms, and additional

---

[1]  Plaintiff defined the Relevant Time Period as Jan. 1, 2018 through Oct. 31, 2018.  Ex. A at 6.

[2]  Plaintiff's insinuation that Defendants were aware of JPMorgan warrant-related materials, and intentionally withheld them from production, is false.  Such materials were simply not part of Defendants' document review universe (as they were not located through the document production protocol described above).  Indeed, other than the exchange of a small handful of communications between Tesla and JPMorgan and privileged communications related thereto, there was no actual or threatened litigation between the parties until the JPMorgan warrants expired in the summer of 2021.

3

document review all on the eve of trial.  Such a burdensome undertaking is not proportional to the needs of the case, especially when the only relevant subject matter of the discovery sought—how and if Mr. Musk's tweets affected Tesla's stock price—has been fully explored in discovery already, including through the reports and testimony of multiple experts.  *See Shaw v Davis*, 2021 WL 3889981, at *4 (D. Nev. Aug. 31, 2021) (denying motion to compel because, even if "the[] documents [sought] have some, minimal relevance to this action, requiring LeGrand to conduct extensive additional searches in an attempt to locate this information is disproportional to the needs of the case"); *see Krause v Nevada Mut. Ins. Co.*, 2014 WL 428675, at *3 (D. Nev. Feb. 4, 2014) (denying untimely motion to compel and holding that only "unusual circumstances" warrant reopening discovery months later and after dispositive motions).

### B. Plaintiff Has Not Demonstrated That Documents Related To The Warrant Action Are Relevant To His Claims.

Plaintiff's continued insistence that Defendants "produce ***all*** relevant, non-privileged documents for the relevant time period relating to the Warrant Action" in meet and confer communications is also unsupported by any explanation of relevance to the claims ***in this case***. (emphasis added).  *See FlowRider Surf*, 2017 WL 951037, at *2 ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26.").  The Warrant Action is a one-count breach-of-contract action.  It arises from an agreement entered into in 2014 between Tesla and JPMorgan.  The gravamen of the claim is that after the warrants expired in 2021, Tesla failed to deliver a number of shares to JPMorgan based, in part, on a strike price that was purportedly revised on two occasions during August 2018.  The only connection to this case is that JPMorgan's purported adjustments of that strike price were made in response to alleged movements in option prices following Mr. Musk's tweets.  Plaintiff has had no shortage of discovery on Mr. Musk's tweets and the pricing of Tesla stock and options.  The dispute between Tesla and JPMorgan over the terms of JPMorgan's warrants, however, is not relevant under Rule 26.  Plaintiff does not explain how Tesla's "internal communications and notes relating to the warrants at issue in the Warrant Action" (*see supra* Section I.B) will help Plaintiff prove at the trial of this action that Mr. Musk made a false statement of material fact with the requisite state of mind, that Plaintiff relied on that statement, and that it caused harm.  Plaintiff has thus not met his burden of showing relevance.  *See rePlanet Holdings, Inc. v Fed. Ins. Co.,* 2019 WL 4917751, at *3 (E.D. Cal. Oct. 4, 2019) (denying motion to compel where disputes about other claims have little if any relevance to the fraud claim asserted in the case); *Striegel v Am. Family Mut. Ins. Co.,* 2014 WL 6473597, at *4 (D. Nev. Nov. 18, 2014) (denying motion to compel seeking information irrelevant to party's legal claims).

Moreover, to the extent Plaintiff premises his request for documents related to the Warrant Action on RFP 32, which demanded "[a]ll documents and communications … relating to any loan or investment collateralized by Tesla securities," that fails too.  As an initial matter, this RFP does not call for documents relating to the Warrant Action at all.  The agreement at issue in the JPMorgan dispute is not "a loan or investment collateralized by Tesla securities"; it is a contract to purchase Tesla stock at a certain price in the future.  Plaintiff's attempt to stretch RFP 32 well beyond its natural meaning is further evidence of the speculative nature of the present motion. Regardless, Defendants have maintained their objection to RFP 32 throughout this case because it calls for documents irrelevant to this case, among other reasons.  Ex. B, at 33.  Documents and communications relating to unspecified loans or investments collateralized by Tesla securities have nothing to do with whether Elon Musk made false statements in violation of the securities

4

laws. Because Defendants have always objected to this RFP, and because Plaintiff has not previously moved to compel any document production in response (nor made any effort to establish relevance), Plaintiff has waived any ability to premise this motion on RFP 32.

### C. Tesla Has Produced Communications with JPMorgan

Tesla has produced the two communications with JPMorgan referenced in the JPMorgan Complaint from the Relevant Time Period. Tesla did so in good faith despite their irrelevance to this action and in hopes of avoiding bringing needless disputes before the Court. The letters further illuminate that the JPMorgan action is a simple contract dispute that is an offshoot of the events that also underlie this case. Moreover, the JPMorgan Complaint and the letters make clear that it was *JPMorgan*—not Defendants—that conducted an internal analysis of what effect, if any, Mr. Musk's public statements had on the appropriate strike price for their warrants. If Plaintiff truly thought such documents were important to his case, he should have pressed for them in connection with the multiple document subpoenas he has served on JPMorgan entities in this action.[3] But at this stage, Plaintiff should not be permitted to reopen party discovery for a fishing expedition. Any argument that documents related to the Warrant Action are relevant is belied by the fact that Plaintiff has to stretch his RFPs—including two incredibly broad RFPs in 1 and 24—beyond their breaking point to encompass the documents. And any proportionality arguments—which is tellingly absent from Plaintiff's motion—is belied by the fact that any documents arguably relevant to this case (and Tesla disputes that there are any) will not add anything to record as to the effect of Mr. Musk's statements on the Tesla stock price. That aspect of the case must be proven through expert analysis and testimony, as Plaintiff well knows.

### D. Conclusion

In sum, Plaintiff is fishing for documents that may not even exist and that, even if they do exist, are not likely to move the ball or even be admissible at trial. His motion should be denied.

Respectfully,

| **Levi & Korsinsky, LLP** | **Quinn Emanuel Urquhart & Sullivan, LLP** |
|---|---|
| /s/ *Adam M. Apton* | /s/ *Jeanine Zalduendo* |
| Adam M. Apton | Jeanine Zalduendo |
| aapton@zlk.com | jeaninezalduendo@quinnemanuel.com |
| 388 Market Street, Suite 1300 | 865 South Figueroa Street, 10th Floor |
| San Francisco, CA 94111 | Los Angeles, CA 90017 |
| (415) 373-1671 | (213) 443-3000 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

---

[3] Indeed, Plaintiff has propounded nearly identical requests for production in its subpoenas to JPMorgan, as it has to Defendants. (*See, e.g.*, Ex. C, Plaintiff's Subpoena to J.P. Morgan Securities LLC, a signatory to the August 17 and 29, 2018 JPMorgan letters). To the extent JPMorgan warrant-related materials were reasonably responsive, JPMorgan should have produced them. That they did not, only confirms Defendants' contention that the materials are neither responsive nor relevant here.