**EXHIBIT A**

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: 415-373-1671
Fax: 415-484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff Glen Littleton
and Lead Counsel for the Class*

[Additional counsel on signature blocks]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 18-cv-04865-EMC<br><br>Hon. Edward M. Chen<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AGAINST TESLA, INC.** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Civil Local Rules for the Northern District of California, and subject to the definitions, instructions and relevant time period set forth below, Lead Plaintiff Glen Littleton ("Plaintiff"), hereby requests that Defendant Tesla, Inc. ("Tesla") produce for inspection and copying the documents designated under the heading "DOCUMENTS REQUESTED" below.  Lead Plaintiff requests that production be made within thirty (30) days at the offices of Levi & Korsinsky, LLP, 388 Market Street, Suite 1300, San Francisco, CA 94111, or such other time and place as the parties may agree.

**DEFINITIONS**

1. "Action" shall mean *In re Tesla, Inc. Securities Litigation*, Master File No. 18-cv-04865-EMC.

shall be identified by author, date, and subject matter. With respect to any document requested which was once in your possession, custody, or control, but no longer is, please indicate the date the document ceased to be in your possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian.

10. The defined terms in the above "DEFINITIONS" section apply throughout this document. Any undefined term shall be interpreted in accordance with its ordinary meaning.

## RELEVANT TIME PERIOD

Unless otherwise stated, all documents requested are for the period January 1, 2018 through October 31, 2018 (the "Relevant Period") and shall include all documents and information which relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## DOCUMENTS REQUESTED

**Demand for Production 1:**

All documents and communications during the Relevant Period relating to a potential transaction where Tesla would become a privately owned company including, but not limited to, the potential transaction referred to by Musk in his tweet dated August 7, 2018 as alleged in paragraph 74 of the Complaint, including but not limited to any internal or public reports, descriptions, summaries, analyses, studies, plans, proposals, offers, discussions or comments on actual, proposed, or contemplated going-private transactions.

**Demand for Production 2:**

All documents and communications during the Relevant Period relating to any actual, proposed, or contemplated investment which would result in a potential investor owning, directly or indirectly, 4% or more of Tesla's total equity or total debt.

**Demand for Production 22:**

All documents and communications during the Relevant Time Period between Tesla and any market analyst, equity analyst, market researcher, or equity researcher.

**Demand for Production 23:**

All documents and communications during the Relevant Time Period between Tesla, including anyone acting on its behalf, and the NASDAQ exchange Concerning Tesla.

**Demand for Production 24:**

All documents and communications from the period from June 29, 2010 to December 31, 2018 Concerning the reaction of Tesla's share price in response to public statements made by Musk about Tesla.

**Demand for Production 25:**

All documents and communications during the Relevant Time Period relating to purchases and/or sales of Tesla securities by Tesla employees, directors, or officers and/or their immediate family members and entities in which they have a controlling interest.

**Demand for Production 26:**

All Documents reflecting the identities of purchasers or sellers of Tesla's securities during the Class Period, including but not limited to record shareholder lists.

**Demand for Production 27:**

All document retention policy(ies) in effect during the Relevant Time Period.

**Demand for Production 28:**

Without regard to the Relevant Time Period, all insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the Action or to

indemnify or reimburse any defendant in this Action for payments made to satisfy a possible judgment.

**Demand for Production 29:**

Without regard to the Relevant Time Period, all agreements Concerning Tesla's obligation to indemnify Musk for potential or alleged violations of the Securities Exchange Act of 1934.

**Demand for Production 30:**

All Documents Tesla intends to introduce as evidence at trial, including any Documents relating to an affirmative defense.

**Demand for Production 31:**

All Documents during the Relevant Time Period showing the organizational structure of Tesla.

**Demand for Production 32:**

All documents and communications during the Relevant Time Period relating to any loan or investment collateralized by Tesla securities.

PLEASE TAKE NOTICE that Lead Plaintiff's First Request for Production of Documents against Tesla is continuing in nature and requires supplemental responses to the extent permitted by Federal Rule of Civil Procedure 26(e).

Dated: July 10, 2020            **LEVI & KORSINSKY, LLP**

By:  /s/ Adam M. Apton
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: 415-373-1671