UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION. | Case No. 18-cv-04865-EMC<br><br>**ORDER DENYING PLAINTIFF LITTLETON'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 395 |

Currently pending before the Court is Plaintiff Glen Littleton's motion for a temporary restraining order ("TRO"). Mr. Littleton asks the Court to temporarily enjoin Defendant Elon Musk from

> discussing this case and its underlying facts including but not limited to: the character, credibility, or reputation of any party or witness; the contents of any pretrial materials or evidence in the case; the strengths or weaknesses of the case of either party; and any other information Defendants or their counsel know or reasonably should know is likely to be inadmissible as evidence and would create a substantial risk of prejudice if disclosed.

Prop. Order at 1-2. Mr. Littleton believes that a TRO is necessary based on recent comments made by Mr. Musk during a TED Talk held on April 14, 2022. During the talk, Mr. Musk stated that funding had been secured to take Tesla private back in July-August 2018. Mr. Musk made these comments after the Court issued its summary judgment order, which found that Mr. Musk's tweets from August 2018 – claiming, *e.g.*, that funding was secured – were in fact false and made with the requisite scienter.[1]

---

[1] In his papers, Mr. Littleton also refers to Mr. Musk's attempt to undo the consent decree in the case brought against him by the SEC. This activity took place, however, before the Court's

Having considered the parties' briefs and accompanying submissions, the Court finds the matter suitable for resolution without oral argument. The motion for relief is hereby **DENIED.**

> The order requested by Defendant is a form of prior restraint: "[c]ourt orders aimed at preventing or forbidding speech 'are classic examples of prior restraints.'" *Marceaux v. Lafayette City-Par. Consol. Gov't*, 731 F.3d 488, 493 (5th Cir. 2013) (quoting *Alexander v. United States*, 509 U.S. 544, 550 (1993)). "Prior restraints on speech are disfavored and carry a heavy presumption of invalidity." *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 430 (9th Cir. 2014) (quoting *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011, 1023 (9th Cir. 2009)). Due to the dangers they pose, prior restraints on speech are subject to strict scrutiny. *See Arizona Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002, 1008 (9th Cir. 2003).

*Doe v. Rose*, No. CV-15-07503-MWF-JCx, 2016 U.S. Dist. LEXIS 203529, at *5 (C.D. Cal. Sept. 30, 2016).

The Ninth Circuit has provided guidance as to when a prior restraint on trial participants is appropriate. A court may issue a "gag order" against trial participants when "(1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest; (2) the order is narrowly drawn; and (3) less restrictive alternatives are not available." *Levine v. U.S. Dist. Ct.*, 764 F.2d 590, 595 (9th Cir. 1985).

The Court finds that, in the instant case, Mr. Littleton has failed to make a satisfactory showing on any of the above elements. For example, on (1), although this Court has a duty to insure the fairness of the trial and there will likely be a fair, or even substantial, amount of publicity at trial, the trial has now been rescheduled for January 2023. *See id.* at 598 (indicating that publicity during or immediately before trial is more of a concern than "publicity months in advance of trial"); *cf. id.* at 600 (indicating that voir dire may eliminate bias caused by pretrial publicity). Furthermore, the jury will be drawn from a "large, populous, metropolitan, and heterogeneous" community – a consideration the Ninth Circuit has stated is "critical" when a court considers "the likely effect of pretrial publicity on the jury pool." *Dan Farr Prods. v. U.S. Dist. Ct.*, 874 F.3d 590, 594 (9th Cir. 2017). Finally, it is worth noting that the substance of Mr. Musk's

---

summary judgment order.

recent comments are consistent with the public positions that he has already taken during this litigation, including at summary judgment.

On (2), the proposed TRO appears overbroad in that it restricts Mr. Musk (not just his counsel) from speaking and that it prevents him from speaking to anyone (not just, *e.g.*, media).[2] *Cf. Levine*, 764 F.2d at 593 n.1 (pointing out that only defense counsel and not the defendant himself was restricted from having contact with the media); *id.* at 595 (noting that "[t]he case for restraints on trial participants is especially strong with respect to attorneys"); *Farr*, 874 F.3d at 593 n.3 (noting that, under *Levine*, "a lower standard applies to prior restraints of *attorneys* participating in a case, who are officers of the court subject to fiduciary and ethical obligations" – and that this lower standard "does not apply to non-attorney participants") (emphasis in original).

Finally, on (3) as indicated above, voir dire can address bias caused by pretrial publicity. *See also Farr*, 874 F.3d at 595 (noting that voir dire is not designed to exclude from the jury "all citizens who have read or heard about the case and who keep abreast of current events"; "rather, it screens out 'those with *fixed opinions* as to guilt or innocence'") (emphasis in original). In addition, though "jury instructions are often an ineffective remedy," *Levine*, 764 F.2d at 600, the Court finds that unlikely to be true for the instant case where the jury will be told that the Court has already found that the August 2018 tweets were false and made with the requisite scienter. *See Farr*, 874 F.3d at 593 (stating that "[a] prior restraint to ensure a fair trial is permissible 'only if its absence would prevent securing twelve jurors who could, with proper judicial protection, render a verdict based only on the evidence admitted during trial'"); *id.* at 595 (adding that there is "a rebuttable presumption that juries follow jury instructions").

///

///

///

///

---

[2] In his motion, Mr. Littleton states that he seeks to enjoin Mr. Musk "from communicating with the media, press, news outlets, and the like," Mot. at 9, but Mr. Littleton's proposed order is not so limited.

3

Accordingly, Mr. Littleton's motion for a TRO is denied.

This order disposes of Docket No. 395.

**IT IS SO ORDERED**.

Dated: April 20, 2022

_____
EDWARD M. CHEN
United States District Judge