United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7                                                      Case No.  18-cv-04865-EMC   (KAW)

8     IN RE TESLA, INC. SECURITIES
      LITIGATION                                       **ORDER RE DISCOVERY LETTER NO.
9                                                      2**

10                                                     Re: Dkt. No. 385

11

12

13         This securities lawsuit concerns statements made by Elon Musk, the CEO of Tesla, Inc.

14   ("Tesla") about taking Tesla private.  On March 31, 2022, the parties filed the instant letter

15   concerning discovery related to a dispute between JPMorgan Chase Bank ("JPMorgan") and

16   Tesla.  (Discovery Letter at 1, Dkt. No. 385.)  Specifically, in November 2021, JPMorgan filed a

17   breach of contract action against Tesla regarding a payment related to warrant transactions.  (*Id.*)

18   The JPMorgan action referenced letters sent from JPMorgan to Tesla in August 2018 regarding

19   adjustments to the value of the warrants due to Mr. Musk's statements.  (*Id.*)  Plaintiff now seeks

20   discovery related to the warrant transactions with JPMorgan.  (*Id.*)

21         As an initial matter, discovery in this case closed in September 2021.  Thus, the letter is

22   apparently untimely.  (*See* Civil Local Rule 37-3 ("no motions to compel fact discovery may be

23   filed more than 7 days after the fact discovery cut-off.").)

24         Even if the Court was to consider the dispute, Plaintiff provides no explanation for how the

25   warrant transactions relate to the instant case.  Tesla explains that the JPMorgan action concerns a

26   claim that "Tesla failed to deliver a number of shares to JPMorgan based, in part, on a strike price

27   that was purportedly revised on two occasions during August 2018."  (Discovery Letter at 4.)

28   Tesla further argues that "Plaintiff does not explain how Tesla's 'internal communications and

notes relating to the warrants at issue in the Warrant Action' will help Plaintiff prove at the trial of this action that Mr. Musk made a false statement of material fact with the requisite state of mind, that Plaintiff relied on that statement, and that it caused harm." (*Id.*)  Further, to the extent that the dispute goes to the share price, any analysis of the effect of Mr. Musk's statements had on the strike price was performed by JPMorgan, not Tesla.  (*Id.* at 5.)  Plaintiff does not respond to either of these points, nor does Plaintiff otherwise articulate the relevance of the documents now sought.  Instead, Plaintiff focuses solely on whether its prior discovery requests would have encompassed these documents.  Even if the documents are responsive to the discovery requests, that does not automatically make them relevant.

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26."  *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15CV1879-BEN (BLM), 2017 WL 951037, at *2 (S.D. Cal. Mar. 9, 2017) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610).  Plaintiff has not done so.  For all these reasons, Plaintiff's request for discovery is DENIED.

This order disposes of Docket No. 385.

IT IS SO ORDERED.

Dated: April 21, 2022

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2