QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

  Kathleen M. Sullivan (Bar No. 242261)
  kathleensullivan@quinnemanuel.com
  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Jeanine Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

*Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal Musk,
And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO SEEK RECONSIDERATION OF THE COURT'S PARTIAL GRANT OF SUMMARY JUDGMENT**<br><br>Date: N/A<br>Time: N/A<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |

1    The Court has considered the motion of Defendants Tesla, Inc., Elon R. Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (collectively, "Defendants") for leave to file, pursuant to Civ. L.R. 7-9, a motion for reconsideration of this Court's Order dated April 1, 2022 (ECF 387).

    After considering the papers submitted by Defendants, the Court concludes that, pursuant to Civ. L.R. 7-9, Defendants may file a motion for reconsideration of the Court's Order partially granting the Plaintiff's motion for summary judgment. *See Worthy v. City of Berkeley*, 2021 WL 5758887, at *1 (N.D. Cal. Dec. 3, 2021) (quoting L.R. 7-9(b)) (a court may grant a motion for reconsideration of an interlocutory order pursuant to N.D. Cal. Local Rule 7-9, if with reasonable diligence the movant, *inter alia*, shows that shows that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" or identifies "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order"). "Reconsideration is also appropriate if the court committed clear error or the initial decision was 'manifestly unjust.'" *W. Coast Stock Transfer, Inc. v. Terra Tech Corp.*, No. SACV 181-213 (JVS), 2019 WL 1878348, at *2 (C.D. Cal. Feb. 14, 2019) (quoting *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

    Defendants may file a motion for reconsideration as to the issue of whether the court should reconsider its order summary judgment on falsity and scienter because Defendants believe the order is erroneous in light of factual disputes on materiality as to both elements. There is at least a question whether the same materiality standard that applies to reliance must apply to falsity and scienter. *See Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 459-60, 466-67 (2013). Defendants have argued that where, as here, the August 13 disclosures did not cause the price of Tesla stock to fall, a reasonable jury could find the disclosure of the same "truth" at the time the statements were made not to be materially false, either because it would not have "been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available," *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011), or because it merely confirmed what the market already knew, *see, e.g., Greenberg v. Crossroads Sys., Inc.*, 364

1  F.3d 657, 663 (5th Cir. 2004) (recognizing "a market reality that a stock's price will not change [in
2  a statistically significant manner] upon the release of confirmatory information, i.e., information
3  already known to the market."). Similarly, as to scienter, Defendants have argued that the same
4  materiality standard should apply. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 621 (4th Cir. 1999).
5  The Court finds that this issue satisfies Local Rule 7-9(b) and thus Defendants may file a motion
6  for reconsideration as to whether the Court should reconsider its partial summary judgment order
7  and rule that it remains a question for the jury whether Mr. Musk issued any materially false or
8  misleading statement and did so with the requisite scienter as to its material falsity

   Defendants may also file a motion for reconsideration as to the issue whether the Court
10 overlooked material facts on which a reasonable jury could find for Defendants as to the statement
11 made in the August 7, 2018 tweets. *See Worthy*, 2021 WL 5758887, at *1 (quoting L.R. 7-9(b))
12 ("a manifest failure by the Court to consider material facts ... which were presented to the Court
13 before the interlocutory order" is grounds for reconsideration).

   Based on the foregoing and all papers and proceedings held hereon, it is HEREBY
15 ORDERED that Defendants' motion for leave to file a motion for reconsideration is GRANTED.

**IT IS SO ORDERED.**

Dated: _____            _____
                                              Hon. Edward M. Chen
                                              United States District Judge