QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

  Kathleen M. Sullivan (Bar No. 242261)
  kathleensullivan@quinnemanuel.com
  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Jeanine Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

*Attorneys for Defendants Tesla, Inc., Elon Musk,*
*Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
*Antonio J. Gracias, James Murdoch, Kimbal Musk,*
*And Linda Johnson Rice*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: June 2, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |

## NOTICE OF MOTION AND MOTION FOR CERTIFICATION UNDER
### 28 U.S.C. § 1292(b)

Defendants Tesla, Inc., Elon R. Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (collectively, "Defendants") respectfully move for an order amending the Court's April 1, 2022 Order, issued April 10, 2022 (ECF 387), on Plaintiff's motion for partial summary judgment, for the purpose of certifying the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Court has jurisdiction to issue the requested relief, and 28 U.S.C. § 1292(b) certification is appropriate because the Order involves controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the Order may materially advance the ultimate termination of the litigation.  *See also* Fed. R. App. P. 5 ("If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.").  The bases for Defendants' motion are set forth in greater detail in the accompanying Memorandum of Points and Authorities.

PLEASE TAKE FURTHER NOTICE that this motion is based on the Memorandum of Points and Authorities below, the arguments of counsel, and any other matters properly before this Court.  Pursuant to Paragraph 11 of the Court's Civil Standing Order – General, Defendants also submit herewith a proposed order.

### ISSUES TO BE DECIDED

1. Should the Court should grant certification on the controlling legal question whether the standard for the materiality of a statement is the same for purposes of falsity, scienter, and reliance?

2. Should the Court grant certification as to the question whether a court must consider the forum in assessing falsity and scienter?

1   DATED:  April 22, 2022        Respectfully submitted,

2                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4                           By: */s/ Kathleen M. Sullivan*
                                Kathleen M. Sullivan

5                                *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 3

LEGAL STANDARD ....................................................................................................... 4

ARGUMENT .................................................................................................................... 7

I.      THE COURT SHOULD GRANT CERTIFICATION ON THE CONTROLLING
        LEGAL QUESTION WHETHER THE STANDARD FOR THE MATERIALITY
        OF A STATEMENT IS THE SAME FOR PURPOSES OF FALSITY,
        SCIENTER, AND RELIANCE ............................................................................... 7

        A.      Whether The Standard For Assessing Materiality For Reliance Differs
                From The Standard For Assessing Materiality For Falsity And Scienter
                Presents A Controlling Question Of Law ................................................... 7

        B.      The Court's Order Indicates Substantial Ground For Difference Of Opinion
                On This Question Of Law .......................................................................... 10

        C.      Certification Of This Question Will Materially Advance The Termination
                Of The Case ............................................................................................... 13

II.     THE COURT SHOULD GRANT CERTIFICATION AS TO THE QUESTION
        WHETHER A COURT MUST CONSIDER THE FORUM IN ASSESSING
        FALSITY AND SCIENTER .................................................................................. 14

        A.      Whether The Court Must Consider The Forum In Assessing Falsity And
                Scienter Presents A Controlling Question Of Law .................................. 15

        B.      There Is Substantial Ground For Difference Of Opinion On This Question
                Of Law ....................................................................................................... 16

        C.      Certification Of This Question Will Materially Advance The Termination
                Of The Case ............................................................................................... 19

III.    CONCLUSION ....................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Alphabet, Inc. Sec. Litig.*,
1 F.4th 687 (9th Cir. 2021) ................................................. 1, 9

*In re Am. Apparel, Inc. S'holder Litig.*,
No. CV1006352MMMRCX, 2013 WL 10914316 (C.D. Cal. Aug. 8, 2013) ........................ 13

*Amgen Inc. v. Conn. Retirement Plans & Trust Funds*,
568 U.S. 455 (2013) .......................................................... 1, 2, 8, 9, 11

*Anderson v. Spirit AeroSystems Holdings, Inc.*,
105 F. Supp. 3d 1246 (D. Kan. 2015), *aff'd*, 827 F.3d 1229 (10th Cir. 2016) ........................ 12

*In re Apple Computer Sec. Litig.*,
886 F.2d 1109 (9th Cir. 1989) ............................................. 10

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988) ........................................................ 8

*Burgess v. Premier Corp.*,
727 F.2d 826 (9th Cir. 1984) .............................................. 9

*Casas v. Victoria's Secret Stores, LLC*,
No. CV 14-6412-GW(VBKX),
2015 WL 13446989 (C.D. Cal. Apr. 9, 2015) ................................. 10, 14, 16, 18, 19

*Cement & Concrete Workers Dist. Council Pension Fund v. Hewlett Packard Co.*,
964 F. Supp. 2d 1128 (N.D. Cal. 2013) .................................... 11, 12

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Waters Corp.*,
632 F.3d 751 (1st Cir. 2011) ............................................... 9

*City of Philadelphia v. Fleming Cos., Inc.*,
264 F.3d 1245 (10th Cir. 2001) ........................................... 12

*In re Convergent Techs. Sec. Lit.*,
948 F.2d 507 (9th Cir. 1991) .............................................. 16, 17

*In re Discovery Lab'ys Sec. Litig.*,
No. 06-1820, 2006 WL 3227767 (E.D. Pa. Nov. 1, 2006) ..................... 12

*Dura Pharma, Inc. v. Broudo*,
544 U.S. 336 (2005) ........................................................ 1, 8

*FERC v. Vitol Inc.*,
No. 2:20-CV-00040-KJM-AC, 2022 WL 583998 (E.D. Cal. Feb. 25, 2022) .......... 5, 13, 14, 19

*Flannery v. S.E.C.*,
810 F.3d 1 (1st Cir. 2015) ................................................. 12

*Freeman v. Gonzales*,
444 F.3d 1031 (9th Cir. 2006) ............................................. 10

*Ganske v. Mensch*,
  480 F. Supp. 3d 542 (S.D.N.Y 2020) ...................................................................... 18

*Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*,
  141 S. Ct. 1951 (2021) .......................................................................................... 11

*Halliburton Co. v. Erica P. John Fund, Inc.*,
  573 U.S. 258 (2014) ............................................................................................ 1, 8

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,
  921 F. Supp. 2d 1059 (D. Haw. 2013) ................................................................. 5, 6

*In re Intel Corp. Sec. Litig.*,
  No. 18-CV-00507-YGR, 2019 WL 1427660 (N.D. Cal. Mar. 29, 2019) ................................ 17

*Jang v. Bos. Sci. Corp.*,
  No. EDCV05426VAPMRWX, 2014 WL 12787228 (C.D. Cal. Apr. 18, 2014) ................ 6, 11

*Jasin v. Vivus, Inc.*,
  No. 14-CV-03263-BLF, 2016 WL 1570164 (N.D. Cal. Apr. 19, 2016),
  *aff'd*, 721 F. App'x 665 (9th Cir. 2018) .................................................................... 12

*Lies v. Farrell Lines, Inc.*,
  641 F.2d 765 (9th Cir. 1981)................................................................... 10, 13, 16

*Matrixx Initiatives, Inc. v. Siracusano*,
  563 U.S. 27 (2011) .................................................................................................. 8

*McMahan & Co. v. Wherehouse Entm't*,
  900 F.2d 576 (2d Cir. 1990) ................................................................................. 16

*Murray v. Pronto Installations, Inc.*,
  No. 8:20-CR-824-T-24AEP, 2020 WL 6728812 (M.D. Fla. Nov. 16, 2020)........................ 18

*Nat'l Ass'n of Afr.-Am. Owned Media v. Charter Commc'ns, Inc.*,
  No. CV 16-609-GW(FFMX), 2016 WL 10647193 (C.D. Cal. Dec. 12, 2016) ........................ 5

*Oran v. Stafford*,
  226 F.3d 275 (3d Cir. 2000) ................................................................................. 11

*Phillips v. LCI Int'l, Inc.*,
  190 F.3d 609 (4th Cir. 1999).................................................................................. 12

*Reese v. BP Exploration (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011)..................................................................... 6, 14, 18

*Rollins v. Dignity Health*,
  No. 13-CV-01450-TEH, 2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) ................................ 13

*S.E.C. v. Mercury Interactive, LLC*,
  No. 5:07-CV-02822-JF, 2011 WL 1335733 (N.D. Cal. Apr. 7, 2011) ..................................... 14

*S.E.C. v. Retail Pro, Inc.*,
  673 F. Supp. 2d 1108 (S.D. Cal. 2009) .................................................................. 10

*T.P. by & through S.P. v. Walt Disney Parks & Resorts U.S., Inc.*,
  445 F. Supp. 3d 665 (C.D. Cal. 2020) ........................................ 5, 6, 10, 13, 16, 19

*Steering Comm. v. United States*,
  6 F.3d 572 (9th Cir. 1993) .................................................................................... 5, 9, 16

*Sterk v. Redbox Automated Retail, LLC*,
  672 F.3d 535 (7th Cir. 2012) ........................................................................................ 14

*In re Syntex Corp. Sec. Litig.*,
  95 F.3d 922 (9th Cir. 1996) .......................................................................................... 17

*Tongue v. Sanofi*,
  816 F.3d 199 (2d Cir. 2016) .......................................................................................... 18

*Wilson v. Bernstock*,
  195 F. Supp. 2d 619 (D.N.J. 2002) ............................................................................... 12

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
  516 U.S. 199 (1996) ......................................................................................................... 5

**Statutes**

28 U.S.C. § 1292(b) .......................................................... 1, 2, 5, 6, 7, 9, 13, 14, 16, 19

**Other Authorities**

C. Wright, A. Miller, & E. Cooper, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2021) .......... 1, 5, 7

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## INTRODUCTION

3      This Court should certify its order granting in part Plaintiff Glen Littleton's motion for

4  partial summary judgment (ECF 387, the "Order") for interlocutory review under 28 U.S.C.

5  § 1292(b).  The Order presents two controlling questions of law as to which substantial ground for

6  difference of opinion exists, and the resolution of either question would materially advance the

7  ultimate termination of the litigation.

8      *First*, the Court's grant of summary judgment for Plaintiff on falsity and scienter while

9  denying summary judgment on reliance presents a controlling question of law as to whether the

10  same standard for assessing materiality applies to each of these three elements.  Specifically, in

11  denying summary judgment on reliance, which Mr. Littleton sought pursuant to a fraud-on-the-

12  market theory, the Court correctly ruled that triable issues of fact exist with respect to whether the

13  August 7 tweets "actually affect[ed] the market price" of Tesla shares (ECF 387 at 32).  While the

14  Court assumed, without ruling on, the materiality of the statements for purposes of its price impact

15  ruling, there can be no doubt that a factual dispute as to price impact means that materiality is also

16  in factual dispute.  *See Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 464

17  (2013) (It is "uncontroversial" that the "definition" of "immaterial misrepresentations and

18  omissions" are misrepresentations and omissions that do "not affect . . . stock price[s] in an efficient

19  market.") (internal quotations omitted); *see also Halliburton Co. v. Erica P. John Fund, Inc.*, 573

20  U.S. 258, 278 (2014).  Accordingly, the Court's ruling necessarily decided that the materiality of

21  the August 7 statements is in factual dispute for purposes of reliance.

22      But materiality also is necessary to establish falsity and scienter.  The Supreme Court has

23  held that the element of falsity is satisfied only by "a *material* misrepresentation or omission."

24  *Dura Pharma, Inc. v. Broudo*, 544 U.S. 336, 341 (2005) (emphasis added).  Likewise, numerous

25  courts have held that knowledge that a statement is false is insufficient to establish scienter, which

26  requires knowledge or reckless disregard of purported misstatements or omissions of "*material*

27  facts."  *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 701 (9th Cir. 2021) (scienter satisfied by "a

28  reckless omission of *material* facts").  And the Supreme Court has instructed that the standard of

materiality is the same for the falsity element and the reliance element in a case employing the fraud-on-the-market presumption, *see Amgen*, 568 U.S. at 459-60, 467, and the same follows necessarily for the scienter element.

Accordingly, this Court's determination that Mr. Littleton has established falsity and scienter as a matter of law cannot be reconciled with its determination that a question of fact exists as to price impact and thus as to materiality for purposes of reliance. Interlocutory review is thus appropriate on the controlling question of law whether falsity and scienter encompass the same materiality requirement as reliance in a Section 10(b) case. Resolution of this issue is needed to ensure the Court's Order accords with the weight of authority, including Supreme Court and Circuit precedent. That the Court's Order directly conflicts with the holdings of numerous courts of appeals and district courts that scienter and falsity require a finding of materiality indicates a substantial ground for disagreement on this issue. And resolution of this controlling legal question now would significantly advance the termination of the litigation because it would prevent the waste of judicial and party resources that would occur if the case is tried on a legally incorrect theory, only to result in an appeal and potential retrial after final judgment.

*Second*, an independent, controlling question of law exists as to whether the Court must consider the forum of the statement (in this case Twitter) when assessing whether the statement was materially misleading. Here, in assessing falsity, the Court parsed the individual phrases of the various tweets and indicated certain other information should have accompanied the tweets, even though the short-form Twitter medium limits the number of characters per tweet. There exists not only substantial ground for difference of opinion here, given that courts generally have held that context must be considered when determining falsity, but also a novel and difficult question of first impression as to whether the fact that a purported misstatement was made on social media (as opposed to, for example, in regulatory filings) must be considered as part of the context in analyzing whether a statement was materially misleading under the federal securities laws. This question satisfies the requirements for Section 1292(b) review for all the same reasons as stated above for the first question.

Defendants are concurrently filing with the Court a motion pursuant to Civ. L.R. 7-9 for leave to seek reconsideration of the Court's Order, ECF 401, that, if granted, may well address the inconsistency between the reliance ruling and the falsity and scienter ruling and thus moot Defendants' request for interlocutory appellate review.  If the Court does not grant reconsideration of its Order, however, the above controlling legal issues should be resolved on interlocutory appeal before trial to avoid unnecessary expense and waste of the Court's and the parties' time.

Defendants do not seek interlocutory appeal for purposes of delay; to the contrary, Defendants are not seeking a stay of the scheduled January 2023 trial, and anticipate proceeding expeditiously to obtain resolution from the Ninth Circuit before trial, such that the parties may continue with their pre-trial preparations while the interlocutory appeal is pending.

## BACKGROUND

In its Order granting in part Mr. Littleton's motion for partial summary judgment, the Court ruled that Mr. Littleton had established falsity and scienter as a matter of law for three of Mr. Musk's statements on Twitter but denied the Plaintiff's motion for summary judgment as to a fourth statement and the element of reliance.  Specifically, the Order concluded that the statements contained in three August 7 tweets—"funding secure," "investor support is confirmed," and "only reason why this is not certain is that it's contingent on a shareholder vote"—were, as a matter of law, false and misleading and made with the requisite scienter.  (ECF 387 at 21-30.)  In granting summary judgment as to falsity, the Court parsed each tweet into separate phrases and analyzed those phrases apart from the remainder of the individual tweet, (*id*. at 21-30), as it had determined was appropriate at the motion to dismiss stage, (ECF 251 at 21-24).

In granting summary judgment as to scienter for each purported misrepresentation, the Court determined that "a reasonable jury could reach only one conclusion—*i.e.*, that Mr. Musk recklessly tweeted to the public." (ECF 387 at 26.)  The Court based this determination on the fact that "Mr. Musk knew all of the facts relating to Tesla's interaction with the PIF … [a]nd when a defendant is aware of the facts that made the statement misleading, he cannot ignore the facts and plead ignorance of the risk of misleading others." (*Id.*)  This Court thus concluded that a reasonable jury would be compelled to find that Mr. Musk acted with scienter because Mr. Musk knew the

1   statements to be false.  The Court did not specifically analyze in connection with its falsity and

2   scienter findings whether the tweets contained misstatements or omissions of a *material* fact.

3        Only later, in the context of the reliance element, did the Court specifically assess

4   materiality.  There, the Court stated that, "[f]or purposes of the pending motion, the Court assumes

5   that the three statements at issue were material" (*id.* at 32)—indicating that the Court had not

6   decided whether the three statements as to which it granted summary judgment on falsity and

7   scienter were material.  Then, the Court denied Mr. Littleton's motion for summary judgment on

8   reliance, concluding that "there is a question of fact precluding summary judgment because, as

9   Defendants have noted, there is evidence suggesting that the misrepresentations did not actually

10  affect the market price."  (*Id.*)  Thus, in the context of reliance, the Court ruled that a triable issue

11  of fact exists as to the price impact of the August 7 tweets:  "Specifically, there is evidence that,

12  after the 8/13/2018 blog post, which served as a partial corrective disclosure, there was no decline

13  or at least not a significant decline in stock price; thus, arguably, the reaction to the tweets on

14  8/7/2018 was a response to Mr. Musk contemplating taking Tesla private and not to statements that,

15  *e.g.*, funding was secured or investor support confirmed."  (*Id.*)  The Court did not address

16  controlling law holding that price impact and materiality are virtually synonymous in a securities

17  case employing the fraud-on-the-market presumption.

18        As set forth in Defendants' concurrently filed motion for reconsideration, (ECF 401), the

19  Court's denial of summary judgment on reliance, which necessarily finds a triable issue of fact on

20  materiality for reliance purposes, also means that a triable issue of fact exists as to the materiality

21  portion of the first element (misstatement or omission of a material fact) and the second element

22  (scienter, that is knowledge or reckless disregard as to the falsity of a material fact).[1]

23                                  **LEGAL STANDARD**

24        A district court may certify an order for interlocutory appeal where the order involves "a

25  controlling question of law," "as to which there is substantial ground for difference of opinion,"

26

---

27  [1]  As addressed in Defendants' concurrently filed motion for reconsideration (ECF 401), to the
    extent the Court granted summary judgment on falsity and scienter *without* having determined
28  materiality as to those elements, such grant of summary judgment is legal error that requires
    reconsideration.

such "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  When a party requests certification on several bases, the Court "need not" decide whether each ground meets the Section 1292(b) standard; rather "if there is one question supporting certification, then the entire order is certified for appeal." *Nat'l Ass'n of Afr.-Am. Owned Media v. Charter Commc'ns, Inc.,* No. CV 16-609-GW(FFMX), 2016 WL 10647193, at *4 (C.D. Cal. Dec. 12, 2016) (emphasis in original) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)).

"A controlling question of law" exists where there is a legal question that the appellate court can decide.  *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993); *see also Hawaii ex rel. Louie v. JP Morgan Chase & Co*., 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (collecting cases) (granting certification where "legal issues are at the heart of Plaintiff's proposed interlocutory appeal").  Even where the district court "received evidence" related to factual issues or the order concerns mixed questions of law and fact, a controlling issue of law exists where the order "implicate[s] fundamental legal questions." *T.P. by & through S.P. v. Walt Disney Parks & Resorts U.S., Inc.*, 445 F. Supp. 3d 665, 670 (C.D. Cal. 2020) (certifying question "whether it is 'necessary' under the ADA for an amusement park to accommodate customers with cognitive disabilities by substantially reducing wait times that cause stress and anxiety," and rejecting argument that the question was one of fact).

"A question of law is 'controlling' if the resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *FERC v. Vitol Inc.*, No. 2:20-CV-00040-KJM-AC, 2022 WL 583998, at *2 (E.D. Cal. Feb. 25, 2022) (quotation omitted).  "There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district-court proceedings." C. Wright, A. Miller, & E. Cooper, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2021).  And a question can be "controlling" even if dismissal would not automatically result from reversal of the order; certification is warranted "if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Id.*; *see also Nat'l Ass'n.*, 2016 WL

1    10647193, at *4 ("[R]eversal of the underlying order need not terminate the litigation in order to

2    satisfy this requirement.").

3        There exists "substantial ground for difference of opinion" as to an identified controlling

4    question of law where "reasonable jurists might disagree on an issue's resolution, not merely where

5    they have already disagreed," and such "uncertainty provides a credible basis for a difference of

6    opinion" on the issue. *Reese v. BP Exploration (Alaska) Inc*., 643 F.3d 681, 688 (9th Cir. 2011)

7    (quotation omitted) (holding Section 1292(b) certification in securities class action proper). Thus,

8    "[c]ourts traditionally will find that a substantial ground for difference of opinion exists

9    where ... novel and difficult questions of first impression are presented." *Id*. (quotation omitted).

10   "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory

11   conclusions, a novel issue may be certified for interlocutory appeal without first awaiting

12   development of contradictory precedent." *Id*.; *see also Jang v. Bos. Sci. Corp*., No.

13   EDCV05426VAPMRWX, 2014 WL 12787228, at *6 (C.D. Cal. Apr. 18, 2014) (granting

14   certification, holding there can be a substantial ground for difference of opinion where there is

15   "paucity of law surrounding the issue") (citation omitted).

16       There is also substantial ground for difference of opinion where "controlling law is unclear,"

17   for example "where the circuits are in dispute on the question and the court of appeals of the circuit

18   has not spoken on the point, if complicated questions arise under foreign law, or if novel and

19   difficult questions of first impression are presented." *Hawaii ex rel. Louie*, 921 F. Supp. 2d at

20   1066–67 (citation and quotation omitted). "In sum, [where] there are legal issues that are neither

21   easy to decide nor well-settled … [the court will] find[] that there is substantial ground for a

22   difference of opinion regarding the questions of law." *Id*.; *see also Jang*, 2014 WL 12787228, at

23   *6 ("Substantial grounds for difference of opinion may also exist where there can be two different,

24   but plausible, interpretations of a line of cases.") (quotation omitted).

25       A party may show "that an immediate appeal from the order may materially advance the

26   ultimate termination of the litigation" where failing to certify the order "would result in wasted

27   litigation and expense." *T.P. by & through S.P.*, 445 F. Supp. 3d at 668. "[N]either § 1292(b)'s

28   literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive

1   effect on the litigation, only that it 'may materially advance' the litigation."  *Reese*, 643 F.3d at

2   688.  Rather, where "[r]egardless of the outcome, an interlocutory appeal will expedite future

3   proceedings," certification is appropriate.  *T.P. by & through S.P.*, 445 F. Supp. 3d at 671 ("It would

4   be a significant and needless waste of the Court and the parties' resources to proceed through

5   additional bellwether phases only to face reversal on a common issue of law.  The Court would be

6   forced to re-adjudicate every phase of this action, which could easily take another five years.  The

7   Court hopes to avoid this risk of unnecessary litigation."); *see also* 16 C. Wright & A. Miller, Fed.

8   Prac. & Proc. § 3930 (3d ed. 2018) ("The requirement that an appeal may materially advance the

9   ultimate termination of the litigation is closely tied to the requirement that the order involve a

10  controlling question of law.").

11                                            **<u>ARGUMENT</u>**

12  **I.      <u>THE COURT SHOULD GRANT CERTIFICATION ON THE CONTROLLING
13          LEGAL QUESTION WHETHER THE STANDARD FOR THE MATERIALITY OF
            A STATEMENT IS THE SAME FOR PURPOSES OF FALSITY, SCIENTER, AND
14          RELIANCE</u>**

15          This Court should grant interlocutory review of its Order because the Court's conclusions

16  on scienter and falsity cannot be reconciled with its reliance ruling and the law of courts in this

17  district, other circuits, and the Supreme Court.  Both falsity and scienter require the existence of a

18  *material* misstatement.  If the same standard for assessing materiality applies to falsity, scienter,

19  and reliance, then a court should not grant summary judgment as to falsity and scienter while a

20  dispute as to materiality still exists affecting the reliance element.  The issue whether the materiality

21  standard is the same across all three elements thus presents "a controlling question of law as to

22  which there is substantial ground for difference of opinion," such that "an immediate appeal from

23  the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

24          **A.      <u>Whether The Standard For Assessing Materiality For Reliance Differs From
25                  The Standard For Assessing Materiality For Falsity And Scienter Presents A
                    Controlling Question Of Law</u>**

26          At the threshold, whether the same standard for assessing materiality applies to the elements

27  of falsity, scienter, and reliance in the context of a Section 10(b) claim presents a pure issue of law

28  appropriate for interlocutory review.

The Order's denial of Plaintiff's motion for summary judgment on reliance necessarily recognized a dispute of fact as to materiality.  Specifically, Plaintiff sought summary judgment on reliance on the fraud-on-the-market theory (*see* ECF 387 at 30-31), which requires Plaintiff to establish materiality, *see Amgen*, 568 U.S. at 466-67 ("materiality is an essential predicate on the fraud-on-the-market theory").  The Supreme Court has instructed that the materiality showing necessary to establish falsity is identical to the materiality showing necessary to establish the fraud-on-the-market theory.  *Id.* at 459-60.  The same necessarily follows for scienter.

Here, the Order denied summary judgment on reliance because "there is evidence suggesting that the misrepresentations did not actually affect the market price."  (ECF 387 at 32.)  While the Court reserved explicit decision on the question of materiality (*id.*), the Court's denial of summary judgment on reliance on the basis of evidence disproving price impact amounts to a determination that the materiality component of the fraud-on-the-market theory was not satisfied as a matter of law.  That is because, as the Supreme Court has explained, the requirement to show materiality for purposes of invoking the fraud-on-the-market presumption is "directed at price impact—whether the alleged misrepresentations affected the market price in the first place."  *Halliburton*, 573 U.S. at 278 (internal quotation marks omitted).  The Order thus necessarily recognized a dispute of fact as to materiality in the context of reliance.  (*See also* ECF 387 at 32 ("[T]here is evidence to support materiality.").)

Although the Order did not address the materiality of the purported misstatements and omissions in granting summary judgment on falsity and scienter as to the three August 7 tweets, *see id.* at 21-30, a grant of summary judgment as to both elements for the three August 7 tweets necessarily requires the Court to conclude the alleged misstatements were material to investors.  The element of falsity can be satisfied only by "a *material* misrepresentation or omission," *Dura*, 544 U.S. at 341, and thus a plaintiff must show that "the defendant made a statement that was 'misleading as to a *material* fact,'" *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011) (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 238 (1988) (emphasis added)).  Scienter likewise requires materiality:  under governing law, "[a] person possesses the requisite scienter if the person either deliberately misrepresents or omits *material* information, or acts recklessly, *i.e.*, if the person

1   had reasonable grounds to believe *material* facts existed that were misstated or omitted, but

2   nonetheless failed to obtain and disclose such facts although they could have done so without

3   extraordinary effort." *Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984) (emphasis

4   added) (citation and quotation omitted); *see also In re Alphabet, Inc. Sec. Litig.*, 1 F.4th at 701

5   (scienter satisfied by "a reckless omission of *material* facts" (quotation omitted)).  Accordingly, to

6   establish falsity and scienter, "[a] plaintiff must provide evidence showing not only that a statement

7   or omission was false or misleading, but also that it was made in reference to a matter of material

8   interest to investors."  *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Waters Corp.*,

9   632 F.3d 751, 753 (1st Cir. 2011) ("If it is questionable whether a fact is material … that tends to

10  undercut the argument that defendants acted with the requisite intent.").

11       Under any interpretation of this Court's Order—either that (i) the Court found materiality

12  in deciding falsity and scienter as a matter of law but applied a different standard of materiality in

13  the context of reliance or that (ii) the Court did not find materiality but nonetheless found falsity

14  and scienter established as a matter of law—a controlling question of law exists under Section

15  1292(b).  Specifically, the Supreme Court held in *Amgen* that proving a material misrepresentation

16  or omission under the falsity element requires the very same proof as is needed to invoke the fraud-

17  on-the-market presumption under the reliance element.  *See Amgen*, 568 U.S. at 459-60, 466-67.  It

18  was on that basis that the Court held that materiality need not be proved at the class-certification

19  stage:  Because a failure of proof on materiality will defeat the Section 10(b) claim on the merits

20  under the first element of falsity, there is no risk that a failure to prove materiality as a prerequisite

21  to the fraud-on-the-market theory would cause individual reliance issues to predominate at trial.

22  *Id.*

23       The question of whether the same materiality standard applies to all three elements—falsity,

24  scienter, and reliance— thus constitutes a controlling question of law.  If the Ninth Circuit were to

25  hold that this Court improperly distinguished between the materiality necessary to establish scienter

26  and falsity and the materiality necessary for a plaintiff to avail itself of the fraud-on-the-market

27  theory, the Order's grant of summary judgment on scienter and falsity would be reversed.  The

28  Ninth Circuit has recognized that similar potential errors regarding the legal definition of an

element of a claim constitute controlling questions of law.  *See, e.g.*, *Steering Comm.*, 6 F.3d at 575 ("Whether the district court failed to articulate the appropriate standard of conduct for pilots under the federal aviation regulations is a question of law appropriate for interlocutory appeal.").  That is because errors in formulating the correct legal standard at summary judgment often will result in reversal after final judgment and then require a new trial.  *See Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 773 (9th Cir. 1981) ("Having concluded that the district court erred in granting summary judgment … it is necessary to remand for a new trial.").  This alone compels a finding of a controlling question of law.  *Casas v. Victoria's Secret Stores, LLC*, No. CV 14-6412-GW(VBKX), 2015 WL 13446989, at *2 (C.D. Cal. Apr. 9, 2015) (controlling question of law exists where issue, "if wrongly decided by this Court, will require at least partial reversal").  Moreover, the question of the correct standard for assessing materiality in connection with a Section 10(b) claim "implicate[s] [a] fundamental legal question[]," *T.P. by & through S.P.*, 445 F. Supp. 3d at 670, and therefore qualifies as a controlling issue of law.

Thus, the question of whether falsity and scienter must encompass a finding of materiality under the same standard as materiality for purposes of reliance presents a pure issue of law appropriate for interlocutory review.  *See, e.g*., *S.E.C. v. Retail Pro, Inc.*, 673 F. Supp. 2d 1108, 1132 (S.D. Cal. 2009) ("The primary issue in dispute is whether, as a matter of law, Furman made material misrepresentations or omissions with scienter.").  Although the application of the standard to a particular case is "fact-specific" and "should ordinarily be left to the trier of fact," *In re Apple Computer Sec. Litig.,* 886 F.2d 1109, 1113 (9th Cir. 1989), the legal framework for analyzing materiality within the elements of scienter, falsity, and reliance is a pure and here controlling question of law, *see Freeman v. Gonzales*, 444 F.3d 1031, 1037 (9th Cir. 2006) (the proper definition of statutory term is a "purely legal question[]").

## B.     The Court's Order Indicates Substantial Ground For Difference Of Opinion On This Question Of Law

The Court's interpretation of the applicable legal standard for materiality indicates substantial ground for difference of opinion as to whether the existence of a triable issue of fact as to materiality in the context of reliance precludes the Court's finding of scienter and falsity as a

1    matter of law.  This Court's grant of summary judgment in favor of Mr. Littleton on falsity and

2    scienter as to three statements—notwithstanding its later conclusion that such statements may not

3    have been material—indicates a disagreement with other courts in this district and across the

4    country.

5        At a minimum, the Supreme Court's decision in *Amgen* strongly suggests that materiality

6    must be defined in the same way across elements of a Section 10(b) claim, such that a finding of

7    materiality in the context of one element but not another would be internally inconsistent.  568 U.S.

8    at 459-60.  As the Supreme Court has observed, it is "uncontroversial" that the "definition" of

9    "immaterial misrepresentations and omissions" are misrepresentations and omissions that do "not

10   affect … stock price[s] in an efficient market."  *Amgen*, 568 U.S. at 464 (internal quotation marks

11   omitted) (describing Ninth Circuit's opinion approvingly); *see Oran v. Stafford*, 226 F.3d 275, 282

12   (3d Cir. 2000) (Alito, J.) ("[I]f a company's disclosure of information has no effect on stock prices,

13   'it follows that the information disclosed … was immaterial as a matter of law.'").  And, the

14   Supreme Court has described the concepts of price impact and materiality as "overlapping," such

15   that "the evidence relevant to one will almost always be relevant to the other."  *Goldman Sachs*

16   *Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1961 n.2 (2021).

17       To the extent this Court disagrees with such a reading of Supreme Court precedent, that

18   disagreement only further evinces substantial ground for difference of opinion warranting

19   interlocutory review.  *See Jang*, 2014 WL 12787228, at *6 ("Substantial grounds for difference of

20   opinion may also exist where there can be two different, but plausible, interpretations of a line of

21   cases.").  Uncertainty over the correct reading of the Supreme Court's line of cases addressing the

22   relationship between materiality in the context of reliance under a fraud-on-the-market theory and

23   in the context of falsity and scienter warrants certification under Section 1292(b).

24       Additionally, even if a court could determine at summary judgment that statements were

25   false (that is, decide only a portion of the first element) and leave for trial any determination of

26   materiality, such an approach still would not permit a grant of summary judgment as to scienter.

27   Because the state of mind necessary to establish scienter also must encompass knowledge of or

28   recklessness as to the *materiality* of the alleged misstatements, courts in this district have held on

multiple occasions that scienter cannot be established as a matter of law absent materiality. *See Cement & Concrete Workers Dist. Council Pension Fund v. Hewlett Packard Co.*, 964 F. Supp. 2d 1128, 1143 (N.D. Cal. 2013) ("Plaintiff has … inadequately alleged the scienter requirement, because nothing suggests that [defendant] thought that he could mislead investors with the statements the Court finds were immaterial."); *Jasin v. Vivus, Inc.*, No. 14-CV-03263-BLF, 2016 WL 1570164, at *15 (N.D. Cal. Apr. 19, 2016), *aff'd*, 721 F. App'x 665 (9th Cir. 2018) ("Defendants argue that the SAC also fails to plead scienter … and the Court agrees …. [I]f the materiality of a particular fact is in question, that 'tends to undercut' an inference that a defendant acted with the requisite scienter.").

The law of other trial and appellate courts is in accord. *See, e.g.*, *Wilson v. Bernstock*, 195 F. Supp. 2d 619, 639 (D.N.J. 2002) ("Knowledge or reckless disregard of the potential materiality of the information misstated or omitted is an element of scienter."); *Flannery v. S.E.C.*, 810 F.3d 1, 11-12 (1st Cir. 2015) ("This thin materiality showing cannot support a finding of scienter …."); *City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1261 (10th Cir. 2001) ("The requirement of knowledge … may be satisfied under a recklessness standard by the defendant's knowledge of a fact that was so obviously material that the defendant must have been aware both of its materiality and that its non-disclosure would likely mislead investors."); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 621 (4th Cir. 1999) ("When, as here, a court determines that the complaint 'fails adequately to allege that defendants' statements were [materially] false (affirmatively or through omissions), the [c]omplaint obviously fails to allege facts constituting circumstantial evidence of reckless or conscious misbehavior on the part of defendants in making statements.'") (alterations in original); *Anderson v. Spirit AeroSystems Holdings, Inc.*, 105 F. Supp. 3d 1246, 1263 (D. Kan. 2015), *aff'd*, 827 F.3d 1229 (10th Cir. 2016) ("[I]f it is questionable whether an omitted fact is material or its materiality is marginal, that undercuts the argument that Defendants acted with recklessness."); *In re Discovery Lab'ys Sec. Litig.*, No. 06-1820, 2006 WL 3227767, at *15 (E.D. Pa. Nov. 1, 2006) ("[T]he very fact that we were able to find the statements immaterial should demonstrate that they are not 'so obviously material' as to allow a finding of recklessness.")).

These cases all conflict with this Court's determination of scienter absent a determination as to materiality, and this Court is not alone in failing to follow this law to the contrary.[2]  Such disagreement supports Section 1292(b) certification because "[o]ne of the best indications that there are substantial grounds for disagreement on a question of law is that other courts have, in fact, disagreed."  *Rollins v. Dignity Health*, No. 13-CV-01450-TEH, 2014 WL 6693891, at *3 (N.D. Cal. Nov. 26, 2014); *see also FERC*, 2022 WL 583998, at *3 ("[T]he clear disagreement between and among the Fifth and the First and Fourth Circuits does support the defendants' motion, especially in combination with a district-court split.").  Likewise, such decisions demonstrate the need for authoritative guidance from the Ninth Circuit.  Indeed, as evidenced by the extensive body of law addressing this frequently litigated question, the "opportunity to achieve appellate resolution of an issue important to other cases" in the Ninth Circuit "provide[s] an additional reason for certification."  C. Wright, A. Miller, & E. Cooper, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2021).

**C.**   **Certification Of This Question Will Materially Advance The Termination Of The Case**

Because the Court's summary judgment decision will dictate the contours of the January 2023 trial, certification to allow the Ninth Circuit to address whether materiality may be found as to scienter and falsity but not reliance also would significantly advance the ultimate termination of the litigation.

To start, if the Ninth Circuit were to determine this Court's grant of summary judgment constituted legal error, any ensuing jury verdict in Mr. Littleton's favor would be vacated, and a new trial would be required.  Indeed, because there exists significant overlap between scienter, falsity, and the other elements of a Section 10(b) claim, a new trial as to all issues could be required.  *Lies*, 641 F.2d at 774 ("If the issues are interwoven, then a new trial as to all of the issues should be ordered.").  Thus, certification will avoid the "wasted litigation and expense" that would occur if a final judgment were to issue in Mr. Littleton's favor, only to be vacated for retrial due to the improper grant of summary judgment.  *T.P. by & through S.P.*, 445 F. Supp. 3d at 668 (quotation

---

[2]   *See, e.g.*, *In re Am. Apparel, Inc. S'holder Litig.*, No. CV1006352MMMRCX, 2013 WL 10914316, at *16 (C.D. Cal. Aug. 8, 2013) (scienter exists where "press release[s] were false and that, based on the totality of the circumstances, management would have known they were false").

omitted); *see also FERC*, 2022 WL 583998, at *4 ("An interlocutory appeal materially advances the ultimate resolution of litigation if it avoids protracted and expensive litigation.").  Moreover, resolution will "alter the direction of the current proceedings" because the arguments that the parties will present at trial, and the Court's trial rulings and instructions to the jury, will turn on the scope of the summary judgment order, which further favors certification.  *Casas*, 2015 WL 13446989, at *5.

Finally, a definitive ruling from the Ninth Circuit on the scope of Mr. Littleton's burden as to materiality in the context of falsity and scienter is particularly likely to advance the ultimate termination of this class action litigation because, "in class actions, uncertainty over a key claim's status may delay settlement [and] almost all class actions are settled." *Id.* at *3 (quoting *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012)).  "That is enough to satisfy the 'may materially advance' clause of section 1292(b)." *Id.* (quotation omitted); *see also S.E.C. v. Mercury Interactive, LLC.*, No. 5:07-CV-02822-JF, 2011 WL 1335733, at *3 (N.D. Cal. Apr. 7, 2011) (granting certification where "final resolution as to the scope of the statute would have a significant effect on the trial of this action, and perhaps upon the parties' efforts to reach settlement"); *FERC*, 2022 WL 583998, at *4 ("[E]ven if a decision in [defendants'] favor on appeal does not end the litigation, it would "dramatically alter the stakes," such that "a finding may increase the chance of settlement, which would resolve the litigation.").[3]

## II.   THE COURT SHOULD GRANT CERTIFICATION AS TO THE QUESTION WHETHER A COURT MUST CONSIDER THE FORUM IN ASSESSING FALSITY AND SCIENTER

Independently, a controlling question of law exists as to whether a court must consider the forum in which a statement was made as part of the context for assessing falsity.  Although courts generally have held that context must be considered in analyzing falsity, courts thus far have not addressed how, if at all, statements made on social media should be weighed in comparison to formal statements made in, for example, in regulatory filings.  This issue is of critical importance

---

[3]   That the litigation would proceed to trial even if the Ninth Circuit reverses this Court's grant of summary judgment does not preclude certification.  Neither "§ 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

1   in this case because the challenged statements appeared on Twitter where users are limited to a

2   certain number of characters per tweet.  Whether social media posts fundamentally differ from

3   more formal methods companies use to disclose information about their securities, *e.g.*, regulatory

4   filings, and therefore whether courts must consider the forum on which statements are made as part

5   of the context analysis is an open legal question that the Ninth Circuit should resolve.

6   **A.      Whether The Court Must Consider The Forum In Assessing Falsity And**
           **Scienter Presents A Controlling Question Of Law**
7

8          Whether and to what extent courts must consider the forum (in particular, that an allegedly

9   false statement was made on social media as opposed to in a regulatory filing or other traditional

10  means of communicating information to investors about a security) when determining falsity and

11  scienter for the purposes of a Section 10(b) claim presents a controlling question of law.  The Court

12  granted summary judgment to Mr. Littleton on the element of falsity and scienter as to three of the

13  statements at issue:  (1) the "Funding secured" portion of Mr. Musk's August 7, 2018 tweet stating

14  "Am considering taking Tesla private at $420. Funding secured."; (2) the portion of another of Mr.

15  Musk's August 7, 2018 tweets stating "Investor support is confirmed."; and (3) another portion of

16  that same tweet stating "Only reason why this is not certain is that it's contingent on a shareholder

17  vote."  (ECF 387 at 23-29.)  The Court determined that no reasonable jury could find these

18  statements were not false, and thus concluded that the statements are false as a matter of law.  (*Id.*)

19  The Court did not conduct any analysis as to how the fact that these statements were made on

20  Twitter affects the falsity analysis, or consider more broadly whether the forum where an allegedly

21  false statements is made is properly part of the context analysis, having rejected such arguments at

22  the motion to dismiss stage.  (ECF 251 at 23 (holding "[t]hat funding was 'secured' may reasonably

23  be interpreted as a standalone representation")).  The Court reached a similar conclusion as to

24  scienter, finding that "a reasonable jury could reach only one conclusion – *i.e.*, that Mr. Musk

25  recklessly tweeted to the public" as to all three tweets.  (ECF 387 26; *see id.* at 27, 29.)  Again, the

26  Court omitted to consider how the Twitter context bears on scienter.

27         The question of the manner in which the forum should be incorporated into the falsity and

28  scienter analysis presents a purely legal question that does not depend on the facts of this particular

case, but the resolution of which could have an immediate impact on this case.  *Steering Comm.*, 6 F.3d 572, 575-76.  Whether courts must consider the forum in which an allegedly false statement was made—in particular whether courts must consider unique features of social media and/or Twitter posts when considering context for the purpose of a falsity and scienter determination in a securities fraud case—establishes the standard by which the falsity and scienter of such statements should be assessed.  If the question is certified and the Ninth Circuit decides the falsity analysis must consider the different characteristics of social media as a means for conveying information and the public's receipt of such information, the Court will at a minimum be required to reconsider its summary judgment order, which could lead to the Court returning the questions of falsity and scienter to the jury.  This question thus "implicate[s] fundamental legal questions."  *T.P. by & through S.P.*, 445 F. Supp. 3d at 670.  Moreover, if the Ninth Circuit holds after any final judgment that the standard for assessing falsity and scienter differs for statements made on social media, such a holding potentially would require vacatur and the expense and burden of a new trial.  This is sufficient to satisfy the "controlling question of law" prong of Section 1292(b)'s requirements.  *See Lies*, 641 F.2d at 773 ("Having concluded that the district court erred in granting summary judgment … it is necessary to remand for a new trial."); *Casas*, 2015 WL 13446989, at *2 (controlling question of law exists where issue, "if wrongly decided by this Court, will require at least partial reversal").

### B.   There Is Substantial Ground For Difference Of Opinion On This Question Of Law

This question meets the requirement of substantial ground for difference of opinion because it presents an issue of first impression.  As the Court correctly explained in the Order, courts "must first take into account the full context" of the statement at issue when determining falsity.  (ECF 387 at 27 (relying on *McMahan & Co. v. Wherehouse Entm't*, 900 F.2d 576, 579 (2d Cir. 1990), as "indicating that statements should not be taken in isolation; asking 'whether defendants' representations, taken together and in context, would have mislead a reasonable investor,'" and *In re Convergent Techs. Sec. Lit.*, 948 F.2d 507, 512 (9th Cir. 1991), as "noting that '[s]ome statements, although literally accurate, can become, through their context and manner of

presentation, devices which mislead investors.").)  The same contextual inquiry is required for scienter.  But reasonable jurists may well disagree whether and to what extent a court must consider as part of the context for assessing falsity and scienter the fact that the allegedly false statement was posted on social media.

As an initial matter, it is clear, and this Court agrees (ECF 387 at 27), that that context generally is a necessary part of the falsity analysis.  *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 929 (9th Cir. 1996) (holding statements non-actionable where the "statement in full and in context at the time" acknowledged uncertainty); *In re Convergent*, 948 F.2d at 512 (holding "the plaintiffs must demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression"); *In re Intel Corp. Sec. Litig.,* No. 18-CV-00507-YGR, 2019 WL 1427660, at *10 (N.D. Cal. Mar. 29, 2019) ("plaintiff must demonstrate that a particular statement, when *read in light of all the information then available* to the market ... conveyed a false or misleading impression" and finding the "relevant context undermines plaintiff's allegations of falsity") (quotations omitted; emphasis in original).

A statement made in a social media post is clearly different from a statement made in a formal regulatory filing.  Twitter is an informal social media platform offering users only a few hundred characters within which to make a statement.  Users frequently engage in casual back-and-forth dialogue via these short messages, share memes and photos, and connect with other users with similar interests.  Yet, in its Order, the Court suggested that more detailed information would have been required to render the statement not false and misleading, such as information concerning the meaning of funding secured and the details of the state of funding, details as to what support from the Saudi PIF had been obtained, and details as to all of the various contingencies that had to be addressed before taking Tesla private.  (ECF 387 at 25-29.)  While such inquiries might be appropriate for a regulatory filing, it is an open question whether requiring such detailed information is consistent with the short-form format of Twitter, and whether Twitter users would expect such detailed information to be contained in a tweet.  Such considerations weigh in favor of

an appellate determination whether to adopt a standard that specifically includes the forum as part of the context analysis for assessing the falsity element of a Section 10(b) claim.

In other legal contexts, such as in defamation jurisprudence, courts have recognized the unique nature of social media posts.  For example, in *Ganske v. Mensch*, the court explained that, "[i]n analyzing the unique context of statements made on Internet fora, courts have emphasized the generally informal and unedited nature of these communications."  480 F. Supp. 3d 542, 553 (S.D.N.Y 2020) ("Like the other Internet fora discussed in the above-cited cases, Twitter's forum is equally—if not more—informal and freewheeling.") (quotation omitted); *see also Murray v. Pronto Installations, Inc.*, No. 8:20-CR-824-T-24AEP, 2020 WL 6728812, at *5 (M.D. Fla. Nov. 16, 2020) (considering the "informal nature of social media pages, like Facebook" in dismissing defamation claim).  In contrast, courts generally have recognized the "formality and legal weight of documents filed with the SEC."  *Tongue v. Sanofi*, 816 F.3d 199, 210 (2d Cir. 2016) (affirming dismissal of Section 10(b) claims).  Thus, the Ninth Circuit could well conclude that, as part of the falsity and scienter analysis for Section 10(b) claims, courts similarly should consider the "unique context of statements made on Internet fora," including that "Twitter's forum is … informal and freewheeling."  *Ganske*, 480 F. Supp. 3d at 553 (quotation omitted).

Defendants have not identified any cases directly addressing the question whether a statement's social media forum must be considered as part of the context analysis in Section 10(b) claims, which is precisely why the Court's Order should be certified for interlocutory appeal. "[C]ourts traditionally will find that a substantial ground for difference of opinion exists where [] novel and difficult questions of first impression are presented, as is the case here." *Reese*, 643 F.3d at 688 (quotations omitted).  Thus, "[c]ourts traditionally will find ... a substantial ground for difference of opinion" if the controlling question presents a "novel and difficult question[] of first impression[.]" *Id.*  Put another way, a "substantial ground for difference of opinion exists where reasonable jurists *might* disagree on an issue's resolution, not merely where they have *already* disagreed." *Id*. (emphasis added); *see also Casas*, 2015 WL 13446989, at *2 ("[N]ovel question" for which "neither the parties nor the Court located a single on-point case" presents "an issue upon which reasonable jurists could differ.").  So too here:  it is obvious that

context matters for Section 10(b) claims; however, it is an open question whether and to what extent the forum of the alleged misstatement (namely, a social media post as opposed to a formal securities filing) must be considered when determining the falsity and scienter in a securities fraud case.

**C.** **Certification Of This Question Will Materially Advance The Termination Of The Case**

Resolution of this issue will materially advance the termination of this litigation because, if the Ninth Circuit determines that the standard that applies to the Court's analysis must account for the fact that the statements were made on Twitter, such a ruling would potentially require reversal and retrial where the questions of falsity and scienter are considered specifically in the Twitter context. Resolving this issue now will properly delineate the scope of the case and will allow the parties to try the case properly the first time. *Casas*, 2015 WL 13446989, at *5 (certification appropriate where resolution will "alter the direction of the current proceedings" because the arguments that the parties will present at trial turn on the scope of the summary judgment order). Forcing the parties to try the case with this open question, only to retry the case in several years' time should the Court improperly bar references to the Twitter context, would be a waste of resources and a waste of this Court's time. *T.P. by & through S.P.*, 445 F. Supp. 3d at 668; *see also FERC*, 2022 WL 583998, at *4 ("An interlocutory appeal materially advances the ultimate resolution of litigation if it avoids protracted and expensive litigation."). Finally, that this is a class action further favors certification for interlocutory review, because most class actions settle and settlement is far more likely to occur where the parties have received clear instruction on the status of key claims. *See supra*, at 14.

**III.** **CONCLUSION**

For the reasons set forth above, Defendants respectfully requests that the Court grant the motion to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b), unless the Court grants reconsideration and modifies its Order pursuant to Defendants' concurrently filed request in ECF 401.

1

2      DATED:  April 22, 2022          Respectfully submitted,

3                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP

4                                      By: */s/ Kathleen Sullivan*
                                          Kathleen M. Sullivan
5                                         *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss,*
                                          *Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias,*
6                                         *James Murdoch, Kimbal Musk, And Linda Johnson Rice*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)