QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

  Kathleen M. Sullivan (Bar No. 242261)
  kathleensullivan@quinnemanuel.com
  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Jeanine Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

*Attorneys for Defendants Tesla, Inc., Elon Musk,*
*Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
*Antonio J. Gracias, James Murdoch, Kimbal Musk,*
*And Linda Johnson Rice*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC |
| | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B)** |
| | Date: June 2, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |

1       The motion of Defendants Tesla, Inc., Elon R. Musk, Brad W. Buss, Robyn Denholm, Ira

2    Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice

3    (collectively, "Defendants") to amend the Court's April 1, 2022 Order (ECF 387) on Plaintiffs'

4    motion for partial summary judgment, for the purpose of certifying the Order for interlocutory

5    appeal pursuant to 28 U.S.C. § 1292(b), came on regularly for hearing before the Court on June 2,

6    2022. The parties were represented by their respective counsel of record.

7       After considering the papers submitted by the parties and the argument of counsel, the Court

8    concludes it has jurisdiction to issue the requested relief, and 28 U.S.C. § 1292(b) certification is

9    appropriate because the Order involves controlling questions of law as to which there is substantial

10   ground for difference of opinion, and an immediate appeal from the Order may materially advance

11   the ultimate termination of the litigation.  28 U.S.C. § 1292(b).

12      *First*, the Court determines that the question whether the same standard for assessing

13   materiality applies to the elements of falsity, scienter, and reliance in the context of a Section 10(b)

14   claim is a controlling question of law. *See Steering Comm. v. United States*, 6 F.3d 572, 575 (9th

15   Cir. 1993) ("Whether the district court failed to articulate the appropriate standard of conduct for

16   pilots under the federal aviation regulations is a question of law appropriate for interlocutory

17   appeal."); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 773 (9th Cir. 1981) ("Having concluded that

18   the district court erred in granting summary judgment … it is necessary to remand for a new trial.").

19      There is substantial ground for difference of opinion on this question because, at a

20   minimum, the Supreme Court's decision in *Amgen* strongly suggests that materiality must be

21   defined in the same way across elements of a Section 10(b) claim.  *Amgen Inc. v. Connecticut*

22   *Retirement Plans and Trust Funds*, 568 U.S. 455, 459-60 (2013).  There is, however, some

23   disagreement on this issue.  *In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 10914316, at *16

24   (C.D. Cal. Aug. 8, 2013) (scienter exists where "press release[s] were false and that, based on the

25   totality of the circumstances, management would have known they were false").

26      Finally, resolution of this question is likely to advance the ultimate termination of the

27   litigation because a new trial as to all issues could be required if the Ninth Circuit determines the

28   same standard for assessing materiality applies to the elements of falsity, scienter, and reliance in

1    the context of a Section 10(b).  *Lies*, 641 F.2d at 774 ("If the issues are interwoven, then a new trial

2    as to all of the issues should be ordered.").  Thus, certification will avoid the "wasted litigation and

3    expense," that would occur if a final judgment were to issue in Mr. Littleton's favor, only to be

4    vacated for retrial due to the improper grant of summary judgment.  *T.P. by & through S.P. v. Walt*

5    *Disney Parks & Resorts U.S., Inc.*, 445 F. Supp. 3d 665, 688 (C.D. Cal. 2020) (quotation omitted).

6         *Second*, the Court finds that the question whether courts must consider the forum in which

7    a statement was made as part of the context for assessing falsity in Section 10(b) cases is a

8    controlling question of law.  The question of the manner in which the forum should be incorporated

9    into the analysis presents a purely legal question that does not depend on the facts of this particular

10   case, but for which the resolution could have an immediate impact on the case.  *Steering Comm.*, 6

11   F.3d 572, 575–76.

12        There is substantial ground for difference of opinion on this question.  It is clear, and this

13   Court agrees, that that context generally is a necessary part of the falsity analysis.  *In re Syntex*

14   *Corp. Sec. Litig.*, 95 F.3d 922, 929 (9th Cir. 1996) (statements non-actionable where the "statement

15   in full and in context at the time" acknowledged uncertainty).  In other legal contexts, courts have

16   recognized the unique nature of social media posts.  For example, in *Ganske v. Mensch*, the court

17   explained that "[i]n analyzing the unique context of statements made on Internet fora, courts have

18   emphasized the generally informal and unedited nature of these communications."  480 F. Supp.

19   3d 542, 553 (S.D.N.Y 2020) ("Like the other Internet fora discussed in the above-cited cases,

20   Twitter's forum is equally—if not more—informal and freewheeling.") (quotation omitted).

21   However, it is a novel question whether the forum must be considered in the 10(b) context.

22   "[C]ourts traditionally will find that a substantial ground for difference of opinion exists where []

23   novel and difficult questions of first impression are presented, as is the case here."  *Reese v. BP*

24   *Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quotation omitted).

25        Finally, resolving this issue now will properly delineate the scope of the case and will allow

26   the parties to try the case properly the first time.  *Casas v. Victoria's Secret Stores, LLC*, 2015 WL

27   13446989, at *5 (C.D. Cal. Apr. 9, 2015) (where resolution will "alter the direction of the current

28   proceedings" because the arguments that the parties will present at trial turn on the scope of the

1   summary judgment order, certification is appropriate).  Thus, certification is appropriate because it

2   will advance the ultimate termination of the case.

3         Based on the foregoing and all papers and proceedings held hereon, it is HEREBY

4   ORDERED that Defendants' motion for certification pursuant to 28 U.S.C. § 1292(b) is

5   GRANTED.  The Court's April 1, 2022 Order (ECF 387) is hereby AMENDED to include

6   certification of the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

7

8   **IT IS SO ORDERED.**

9   Dated: _____                    _____
                                                    Hon. Edward M. Chen
10                                                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28