QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*appearing pro hac vice*)
   alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

   Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
   Jeanine Zalduendo (Bar No. 243374)
   jeaninezalduendo@quinnemanuel.com
   Kyle Batter (Bar No. 301803)
   kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal Musk,
And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DECLARATION OF NATHANIEL SMITH IN SUPPORT OF DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO SEAL** |

**I, Nathaniel Smith, declare as follows:**

1. I am a member of the bar of the District of Columbia and serve as Managing Counsel for Defendant Tesla, Inc. I have been employed with Tesla since April 2021, and in the course of my employment have become familiar with Tesla's treatment of its proprietary business information, such as that described in this declaration. I have personal knowledge of the matters described below and I am competent to testify thereto.

2. I make this declaration pursuant to the Northern District of California Civil Local Rule 795(c), in support of Defendants' Renewed Administrative Motion To Seal ("Motion to Seal").

3. On January 11, 2022, Plaintiff Glen Littleton ("Lead Plaintiff"), filed a Partial Motion for Summary Judgment ("MSJ") (Dkt. No. 352). On February 1, 2022, Defendants filed an Opposition to the MSJ, (Dkt. No. 365), and on February 15, Plaintiff filed a Reply in support of the MSJ (Dkt. No. 370). These pleadings contained certain confidential information and relied on certain confidential exhibits and deposition testimony. Accordingly, the Parties submitted Administrative Motions to Seal (Dkt. Nos. 351, 364, 367, and 369), requesting that the Court seal the confidential excerpts therein, and exhibits and deposition testimony relied on.

4. On April 1, 2022, the Court denied the Parties' Motions to Seal without prejudice, and ordered the Parties to meet and confer on a narrowed list of materials for sealing. (Dkt. No. 387 at 19-20).

5. The Parties have met and conferred, however they have been unable to reach agreement. Defendants now bring this Motion to Seal a narrowly tailored list of confidential information referred to in the Parties' MSJ pleadings.

6. On May 20, 2020, this Court entered a Protective Order (Dkt. No. 255), to which the parties had agreed. The Protective Order provides for the protection of "Confidential" information, described as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other proprietary or private information warranting special protection from public disclosure and from use for purposes other than prosecuting this litigation." In accordance with the terms of the Protective Order, Tesla designated certain produced documents and deposition testimony as "Confidential."

7. The Motion to Seal concerns such Confidential documents and deposition testimony that reflect Tesla's and third party shareholder's and investor's sensitive, non-public communications regarding Elon Musk's August 7, 2018 bid to take Tesla private (the "Take Private Bid"). It is Tesla's practice to maintain all such non-public documents and communications strictly confidential, therefore, it is my belief that all of these individuals and third parties involved had an expectation of the private and confidential nature of their communications.

8. Exhibits 41, and 44-47 reflect non-public, internal communications of a third-party shareholder of Tesla, discussing the shareholder's reactions to and consideration of participating in the Take Private Bid. Defendants redacted exhibit 41, but exhibits 44-47 cannot be parsed and Defendants request to seal them in full. The redacted excerpts of the deposition of Joseph Fath, (Dkt. No. 352-6, and 371-4), specifically discuss the content of these exhibits, and Defendants request to have them sealed, accordingly. Likewise, the deposition transcript of Nii Owuraka Koney (Dkt. No. 352-8), was designated confidential by third party, Jennison, and contains non-public, reactions to and consideration of participating in the Take Private Bid. Defendants request to seal the limited excerpts of this transcript in full.

9. Exhibits 58 and 158 reflect non-public communications from third-party shareholders in Tesla to Tesla, expressing feedback on the Take Private Bid, including, for example, concerns regarding participation restrictions. These communications were made by third parties with the expectation of privacy, and contain information that may have been otherwise withheld if written for public consumption. Accordingly, Defendants have redacted and request to seal the third party communications portions of these exhibits.

10. Exhibits 90, 91, 147, 155, 157 reflect internal Tesla discussion of third party shareholder and potential investor feedback on the Take Private Bid. These documents provide direct quotations of third party statements that were provided to Tesla in confidence, with the expectation that such commentary would not become public. Accordingly, Defendants have redacted the third party statements and request to seal such portions of these exhibits. Exhibits 90, 147 and 155 consist entirely of such statements, and Defendants request to have it sealed in full.

11. Exhibits 79, 121, and 165 are text message and call logs of Tesla executives, including Elon Musk, which include the personal contact information of private individuals, and certain unrelated personal communications. Defendants have redacted this information from the exhibits, and request that it be sealed.

12. The redacted excerpts of the deposition transcripts of Elon Musk (Dkt. No. 365-1 (Ex. B)), and Deepak Ahuja (Dkt No. 365-1 (Ex. E)), discuss certain confidential terms of the participation of third party investors in the Take Private Bid, as well as other issues affecting potential third party investment and shareholder participation in Take Private Bid. The redacted excerpts of the deposition transcripts of Deepak Ahuja (Dkt No. 365-1 (Ex. E)), and Martin Viecha (Dkt. No. 352-11), also discuss third party shareholder and potential investor feedback on the Take Private Bid, including the above referenced exhibits regarding third party statements provided to Tesla in confidence and made with the expectation that such statements would not become public. Defendants request that the limited redacted portions of these deposition transcripts be sealed accordingly.

13. Finally, Defendants request to seal certain limited excerpts of the MSJ pleadings (Dkt. Nos. 352, 365, and 370), which specifically quote from the above-listed exhibits, and reveal confidential, non-public information pertaining to third parties.

14. Public disclosure of these confidential, non-public materials will reveal private communications related to Tesla investors' and shareholders' investment decisions, strategies, and feedback, all of which were expressed with the expectation of privacy. The release of such information publicly could chill future investors' willingness to speak freely and candidly with Defendants for fear of their communications being released publicly in the future, and may interfere with or harm Tesla's ability to seek future funding or investors, as well as its relationships with existing investors.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed in Washington, D.C.

DATED: April 22, 2022

By /s/ Nathaniel Smith
Nathaniel Smith

\*\*\*\*

I, Kyle K. Batter, am the ECF user whose ID and password are being used to file the above declaration. In compliance with Local Rule 5-1(h)(3), I hereby attest that Nathaniel Smith has concurred in the filing of the above declaration.

DATED: April 22, 2022            QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /S/ Kyle Batter
Kyle Batter