QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Ellyde R. Thompson (*appearing pro hac vice*)
  ellydethompson@quinnemanuel.com
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

  Kathleen M. Sullivan (Bar No. 242261)
  kathleensullivan@quinnemanuel.com
  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Jeanine Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**<br><br>Date: June 16, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..........................................................................................................................1

ARGUMENT .................................................................................................................................2

I.  PLAINTIFF FAILS TO OVERCOME THE GROUNDS FOR CERTIFYING THE MATERIALITY QUESTION.................................................................................2

   A. Whether A Dispute Regarding Price Impact Precludes Summary Judgment On Falsity And Scienter Is A Controlling Question Of Law ..................................3

   B. Plaintiff's Arguments Underscore The Existence Of Substantial Ground For Disagreement ....................................................................................................4

   C. Resolution Of This Question Will Advance The Termination Of This Case ..........7

II. PLAINTIFF FAILS TO OVERCOME THE GROUNDS FOR CERTIFYING THE FORUM QUESTION ......................................................................................8

   A. Plaintiff Mischaracterizes The Question Presented As Factual Rather Than Legal...........................................................................................................................8

   B. Plaintiff Ignores The Novel And Important Issues Raised By The Emergence Of Securities Fraud Cases Based On Social Media Posts......................9

   C. Resolution Of This Question Will Advance The Termination Of The Case ..........11

III. CONCLUSION..................................................................................................................13

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amgen Inc. v. Conn. Retirement Plans & Trust Funds*,
568 U.S. 455 (2013) .................................................................................................................. 1, 5

*Aranaz v. Catalyst Pharm. Partners Inc.*,
302 F.R.D. 657 (S.D. Fla. 2014) .................................................................................................... 6

*Banks v. Hayward*,
216 F.3d 1082 (9th Cir. 2000) ....................................................................................................... 3

*Bator v. State of Hawai'i*,
39 F.3d 1021 (9th Cir. 1994) ......................................................................................................... 3

*Burgess v. Premier Corp.*,
727 F.2d 826 (9th Cir. 1984) ..................................................................................................... 4, 5

*Casas v. Victoria's Secret Stores, LLC*,
No. CV 14-6412-GW(VBKX), 2015 WL 13446989 (C.D. Cal. Apr. 9, 2015) ................... passim

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Waters Corp.*,
632 F.3d 751 (1st Cir. 2011) ......................................................................................................... 4

*City of Emeryville v. Robinson*,
621 F.3d 1251 (9th Cir. 2010) ....................................................................................................... 3

*Cooper v. Pickett*,
137 F.3d 616 (9th Cir. 1997) .................................................................................................. 9, 10

*Dura Pharma, Inc. v. Broudo*,
544 U.S. 336 (2005) ...................................................................................................................... 4

*FERC v. Vitol Inc.*,
No. 2:20-CV-00040-KJM-AC, 2022 WL 583998 (E.D. Cal. Feb. 25, 2022) ....................... 7, 12

*Ganske v. Mensch*,
480 F. Supp. 3d 542 (S.D.N.Y 2020) ......................................................................................... 10

*Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*,
141 S. Ct. 1951 (2021) .................................................................................................................. 5

*Grae v. Corr. Corp. of Am.*,
330 F.R.D. 481 (M.D. Tenn. 2019) .............................................................................................. 6

*Halliburton Co. v. Erica P. John Fund, Inc.*,
573 U.S. 258 (2014) ...................................................................................................................... 1

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,
921 F. Supp. 2d 1059 (D. Haw. 2013) .......................................................................................... 3

*Hightower v. Schwarzenegger*,
No. 104CV06028OWWSMS, 2009 WL 3756342 (E.D. Cal. Nov. 6, 2009) ............................ 12

*Huerta v. Estelle*,
7 F.3d 139 (9th Cir. 1992) ............................................................................................................. 3

*In re Allstate Corp. Sec. Litig.*,
966 F.3d 595 (7th Cir. 2020) ......................................................................................................... 5

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) ........................................................................................................ 5

-ii-                                    Case No. 3:18-cv-04865-EMC
DEFENDANTS' REPLY ISO MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

*In re Convergent Techs. Sec. Litig.*,
  948 F.2d 507 (9th Cir. 1991) .................................................................................... 8, 11

*In re CV Therapeutics, Inc.*,
  No. C 03-03709 SI, 2004 WL 1753251 (N.D. Cal. Aug. 5, 2004) ......................... 10

*In re CytRx Corp. Sec. Litig.*,
  No. CV141956GHKPJWX, 2015 WL 5031232 (C.D. Cal. July 13, 2015) ............. 9

*In re Intel Corp. Sec. Litig.*,
  No. 18-CV-00507-YGR, 2019 WL 1427660 (N.D. Cal. Mar. 29, 2019) ............... 11

*In re Moody's Corp. Sec. Litig.*,
  No. 07 CIV. 8375 GBD, 2013 WL 4516788 (S.D.N.Y. Aug. 23, 2013) .................. 5

*In re QuantumScape Sec. Class Action Litig.*,
  No. 3:21-CV-00058-WHO, 2022 WL 137729 (N.D. Cal. Jan. 14, 2022) .............. 10

*In re Syntex Corp. Sec. Litig.*,
  95 F.3d 922 (9th Cir. 1996) ..................................................................................... 11

*Jang v. Bos. Sci. Corp.*,
  No. EDCV05426VAPMRWX, 2014 WL 12787228 (C.D. Cal. Apr. 18, 2014) ...... 6

*Lorenzo v. Sec. & Exch. Comm'n*,
  139 S. Ct. 1094 (2019) .............................................................................................. 9

*McMahan & Co. v. Wherehouse Entm't*,
  900 F.2d 576 (2d Cir. 1990) ...................................................................................... 8

*Murray v. Pronto Installations, Inc.*,
  No. 8:20-CR-824-T-24AEP, 2020 WL 6728812 (M.D. Fla. Nov. 16, 2020) ........ 10

*Oran v. Stafford*,
  226 F.3d 275 (3d Cir. 2000) ...................................................................................... 6

*Reese v. BP Exploration (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011) ................................................................................ 6, 11

*Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*,
  845 F.3d 1268 (9th Cir. 2017) ............................................................................... 4, 5

*S.E.C. v. Cuban*,
  No. 3:08-CV-2050-D, 2013 WL 3809654 (N.D. Tex. July 23, 2013) ...................... 5

*S.E.C. v. Franklin*,
  265 F. App'x 644 (9th Cir. 2008) ............................................................................. 9

*S.E.C. v. James Alan Craig*,
  Case No. 3:15-cv-05076-CRB (N.D. Cal. May 20, 2019) ...................................... 10

*S.E.C. v. Mercury Interactive, LLC.*,
  2011 WL 1335733 (N.D. Cal. Apr. 7, 2011) .......................................................... 12

*S.P. v. Walt Disney Parks & Resorts U.S., Inc.*,
  445 F. Supp. 3d 665 (C.D. Cal. 2020) ..................................................... 3, 7, 9, 12

*Steering Comm. v. United States*,
  6 F.3d 572 (9th Cir. 1993) ......................................................................................... 8

*Sterk v. Redbox Automated Retail, LLC*,
  672 F.3d 535 (7th Cir. 2012) ................................................................................... 12

*U.S. S.E.C. v. Brandonisio*,
  No. 2:11-CV-2011-JAD-VCF, 2013 WL 5375283 (D. Nev. Sept. 24, 2013) .......... 9

*Youssofi v. Credit One Fin.*,
   No. 15-CV-1764-AJB-RBB, 2016 WL 6395086 (S.D. Cal. Oct. 28, 2016) .............................. 7

**Statutory Authorities**

28 U.S.C. § 1292(b) ........................................................................................................ passim

**Rules and Regulations**

17 C.F.R. § 240.10b-5(b) .................................................................................................. 2, 11

**Additional Authorities**

16 Wright & Miller, *Fed. Prac. & Proc. Juris.* (3d ed. 2012) ........................................................ 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants Tesla, Inc., Elon R. Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (collectively, "Defendants") respectfully file this reply in support of their motion for certification under 28 U.S.C. § 1292(b) (ECF 402). Plaintiff's opposition to the motion (ECF 416) conspicuously elides the three separate prerequisites for certification for interlocutory review: that an order involve "a controlling question of law," "as to which there is substantial ground for difference of opinion," such "that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b). All three factors in fact support certification of the Order (ECF 387) based on both questions presented in the motion, as Plaintiff's opposition only confirms.

*First*, as to the materiality question, Plaintiff's cursory two-and-a-half page response (ECF 416 at 3-6) fails to address any of the three Section 1292(b) factors at all, and instead simply denies (*id*. at 3) that the Court's Order applies any different standard of materiality on falsity, scienter, and reliance. But the Order indisputably does just that. The Court's Order found that the evidence establishes falsity and scienter as a matter of law but does not establish reliance as a matter of law because material disputes of fact remain on price impact. But in a fraud-on-the-market case like this one, price impact and materiality are just two sides of the same coin. *See Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 464 (2013) (defining "immaterial misrepresentations and omissions" as those that do "not affect . . . stock price[s] in an efficient market"); *id*. at 466-67; *Halliburton Co. v. Erica P. John Fund, Inc.,* 573 U.S. 258, 278 (2014) (materiality for purposes of invoking the fraud-on-the-market presumption is "directed at price impact—whether the alleged misrepresentations affected the market price in the first place"). Plaintiff fails to answer this key point, and simply ignores Defendants' cases (ECF 402 at 8-9; *see* ECF 401 at 6-7) showing that materiality is likewise a prerequisite for falsity and scienter. Thus the Court's Order presents a controlling legal question: whether materiality can be disputed for purposes of showing reliance but not for purposes of showing falsity and scienter on the same evidentiary record. Even if Plaintiff reads the governing law differently, that merely establishes

the second factor required for Section 1292(b) certification: namely, that "there is substantial ground for difference of opinion."

*Second*, as to the forum question, Plaintiff does address (ECF 416 at 6-13) the three requirements for Section 1292(b) certification, but merely argues at length that there is no legal question warranting review because the standard for assessing falsity and scienter is well-established. That again is wrong. SEC Rule 10(b)-5 itself mandates consideration "of the circumstances under which" purported misstatements or omissions were made. 17 C.F.R. § 240.10b-5(b). And whether those circumstances encompass the specific forum in which the statements were made presents a novel legal question in the social media era. The Court's decision to parse the tweets individually rather than together only highlights the need for appellate guidance on whether to consider the forum as a matter of law in assessing falsity and scienter.

*Finally*, Plaintiff argues against the third Section 1292(b) factor—whether review will advance the termination of the litigation—only with respect to the second, forum question (ECF 416 at 13-15), but in fact appellate guidance on both the materiality and the forum questions would materially advance the termination of this litigation. Such guidance would minimize the chances of reversal on appeal and the need for the Court and the parties to incur the expense and burden of a new trial. Moreover, certification would not affect the January 2023 trial date, which remains a full eight months away—sufficient time for the Circuit to decide whether to grant expedited review.

## ARGUMENT

### I. PLAINTIFF FAILS TO OVERCOME THE GROUNDS FOR CERTIFYING THE MATERIALITY QUESTION

Plaintiff fails to show why this Court should not grant interlocutory review on the question whether summary judgment for Plaintiff on scienter and falsity is irreconcilable under well-established law with the Order's recognition of a dispute of fact as to price impact and, therefore, materiality in the context of reliance. Plaintiff does not even address the relevant Section 1292(b) factors, resting entirely on an argument that the Court committed no legal error. (*See* ECF 416 at 6 n.3.) Plaintiff's sole reference to the Section 1292(b) factors in the context of one conclusory footnote (ECF 416 at 6 n.3) waives any argument that Defendants have not satisfied the Section

1292(b) standard.[1]  In any event, Plaintiff's argument that the Court did not legally err only confirms that review is warranted because Plaintiff's argument depends on an interpretation of established precedent radically different from that embraced by the majority of federal courts.

As shown below, proper assessment of each Section 1292(b) factor warrants certification.

### A. Whether A Dispute Regarding Price Impact Precludes Summary Judgment On Falsity And Scienter Is A Controlling Question Of Law

Plaintiff advances no argument regarding the first Section 1292(b) factor—that the issue presents a controlling question of law—as to the proper materiality standard, and any dispute as to this factor is therefore waived.  In any event, whether the existence of a triable issue of fact regarding price impact and thus materiality also forecloses summary judgment as to falsity and scienter is without question a controlling question of law.

To start, despite Plaintiff's factual arguments (ECF 416 at 5-6) that a grant of summary judgment on falsity and scienter is legally correct where a dispute of fact as to price impact and materiality exists, that question poses a pure issue of law.  (*See* ECF 402 at 9-10.)  That question concerns the legal framework for analyzing materiality within the elements of scienter, falsity, and reliance, and therefore "implicates [a] fundamental legal question[]." *T.P. by & through S.P. v. Walt Disney Parks & Resorts U.S., Inc.*, 445 F. Supp. 3d 665, 670 (C.D. Cal. 2020).  Accordingly, notwithstanding the existence of competing factual submissions, certification is appropriate because "legal issues are at the heart of [the] proposed interlocutory appeal." *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1066 (D. Haw. 2013).[2]

---

[1] *City of Emeryville v. Robinson*, 621 F.3d 1251, 1262 n.10 (9th Cir. 2010) ("By failing to address the issue in its opening brief except in a footnote, Sherwin–Williams waived any claim" pertaining to that issue); *Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (contentions raised only in footnote in opening brief, without supporting argument and citation to relevant authorities, are deemed abandoned).

[2] Plaintiff's identification (ECF 416 at 3-4 n.2) of additional factual evidence that supposedly supports a finding of materiality in the absence of price impact, at best, only creates further conflicts of evidence.  But "[a]t the summary judgment stage, … the district court may not … weigh conflicting evidence." *Bator v. State of Hawai'i*, 39 F.3d 1021, 1026 (9th Cir. 1994).  "Instead, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Banks v. Hayward*, 216 F.3d 1082, at *1 (9th Cir. 2000) (unpublished).

In addition, this question of law is controlling. If the Ninth Circuit were to hold that the standard of materiality is the same for the purposes of reliance, falsity, and scienter, then the Court's grant of summary judgment on scienter and falsity would be reversed because both elements require misstatements or omissions of *material* fact, and the Court has already determined that (lack of) price impact effectively creates a dispute of fact as to materiality in the context of reliance. *See* ECF 402 at 9-10; *see also Dura Pharma, Inc. v. Broudo*, 544 U.S. 336, 341 (2005) (element of falsity requires "a material misrepresentation (or omission)"); *Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) (similar); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Waters Corp.*, 632 F.3d 751, 757 (1st Cir. 2011) ("If it is questionable whether a fact is material … that tends to undercut the argument that defendants acted with the requisite intent."); *Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984) (scienter requires "the person either deliberately misrepresents or omits *material* information"). As Defendants explained (ECF 402 at 10), a legal error in defining an element of a claim in a grant of summary judgment generally results in reversal (and a new trial) after final judgment. And it is well-established that a question of law is sufficiently controlling for certification purposes where the issue, "if wrongly decided by this Court, will require at least partial reversal." *Casas v. Victoria's Secret Stores, LLC*, No. CV 14-6412-GW(VBKX), 2015 WL 13446989, at *2 (C.D. Cal. Apr. 9, 2015); *see also* C. Wright, A. Miller, & E. Cooper, 16 *Fed. Prac. & Proc. Juris.* § 3930 (3d ed. 2021) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district-court proceedings.").

### B. Plaintiff's Arguments Underscore The Existence Of Substantial Ground For Disagreement

While Plaintiff focuses (ECF 416 at 3-5) on his argument that the Court did not legally err in granting summary judgment on falsity and scienter, such an argument merely confirms the existence of substantial ground for disagreement here, further supporting interlocutory review. Plaintiff does not (and cannot) dispute that materiality is a necessary component of falsity and scienter given the Ninth Circuit's express holdings that: (1) a statement is misleading "if it would

1   give a reasonable investor the impression of a state of affairs that differs *in a material way* from
2   the one that actually exists," *Retail Wholesale*, 845 F.3d at 1275 (emphasis added, alterations
3   omitted); and (2) "[a] person possesses the requisite scienter if the person either deliberately
4   misrepresents or omits *material* information," *Burgess*, 727 F.2d at 832 (emphasis added).  Nor
5   does Plaintiff dispute that this Court recognized a factual dispute on price impact in denying
6   Plaintiff's motion for summary judgment on reliance.  (*See* ECF 416 at 3-4.)

7        Although Plaintiff now argues (*id*. at 4-5) that the Court may treat price impact as separate
8   from materiality and thus properly grant summary judgment as to falsity and scienter even if the
9   parties dispute price impact, Supreme Court precedent refutes any such argument.  The Court has
10  described as "uncontroversial" the "point that immaterial misrepresentations and omissions by
11  definition do not affect stock prices in an efficient market," *Amgen*, 568 U.S. at 464, and reiterated
12  that "materiality and price impact are overlapping concepts and that the evidence relevant to one
13  will almost always be relevant to the other," *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*,
14  141 S. Ct. 1951, 1961 n.2 (2021) (alterations, citations, and quotations omitted).

15       For this reason, federal courts around the country have acknowledged the relevance of price
16  impact evidence to materiality.  *See In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 608 (7th Cir.
17  2020) ("[M]ateriality[] and price impact[ ]are, in essence, slightly different takes on the same
18  fundamental question: Did a statement matter? As a result, evidence relevant to each issue is likely
19  also to be relevant to the others."); *S.E.C. v. Cuban*, No. 3:08-CV-2050-D, 2013 WL 3809654, at
20  *10 (N.D. Tex. July 23, 2013) ("[E]vidence that a stock's price was unaffected by a
21  misrepresentation is convincing evidence that a misrepresentation was not material."); *In re
22  Moody's Corp. Sec. Litig.*, No. 07 CIV. 8375 GBD, 2013 WL 4516788, at *7 (S.D.N.Y. Aug. 23,
23  2013) ("[D]emonstrating that the alleged misstatements did not affect Moody's stock price provides
24  a strong indicator of immateriality…").

25       Plaintiff asserts (ECF 416 at 4) that price impact differs from materiality because materiality
26  is an "objective test" that "assess[es] the significant of a piece of information to a 'reasonable
27  investor,'" but numerous courts have held that price impact helps show whether information would
28  be significant to a reasonable investor and is thus material.  *See In re Burlington Coat Factory Sec.*

1    *Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997) ("[T]o the extent that information is not important to
2    reasonable investors, it follows that its release will have a negligible effect on the stock price.");
3    *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 498 (M.D. Tenn. 2019) ("Evidence of price impact is
4    relevant to materiality, because evidence that a statement affected a stock's price confirms that a
5    reasonable investor would have cared about the statement."); *Aranaz v. Catalyst Pharm. Partners*
6    *Inc.*, 302 F.R.D. 657, 671 (S.D. Fla. 2014) ("[A] truth-on-the-market defense … to prove an absence
7    of price impact … goes to materiality" because "the truth's presence on the market renders an
8    alleged misrepresentation immaterial.").

9          Plaintiff fares no better in asserting (ECF 416 at 4) that materiality is "assessed at the time
10   the misrepresentation or omission occurs," for the fact that a corrective disclosure does not alter
11   market price demonstrates that the alleged misstatement did not raise or maintain the price *at the*
12   *time* the misstatement was made.  As the Third Circuit explained in *Oran v. Stafford*, 226 F.3d 275,
13   282 (3d Cir. 2000), "because … the concept of materiality translates into information that alters the
14   price of the firm's stock, if a company's disclosure of information has no effect on stock prices, it
15   follows that the information disclosed was immaterial as a matter of law" (alterations and
16   quotations omitted).  Moreover, Plaintiff errs in asserting (ECF 416 at 5) that the August 7
17   statements "were material at the time they were made" because they "impacted the price of Tesla's
18   stock," for that ignores this Court's correct observation (ECF 387 at 26) that such stock movement
19   at the time may have been merely "a response to Mr. Musk contemplating taking Tesla private."

20         Finally, Plaintiff's disagreement with Defendants' interpretation of controlling Supreme
21   Court precedent only serves to underscore that there is "substantial ground for difference of
22   opinion," warranting interlocutory review, because there are "two different … interpretations of a
23   line of cases."  *Jang v. Bos. Sci. Corp.*, No. EDCV05426VAPMRWX, 2014 WL 12787228, at *6
24   (C.D. Cal. Apr. 18, 2014) (quotation omitted).  Where "reasonable jurists might disagree on an
25   issue's resolution," such "uncertainty provides a credible basis for a difference of opinion" on the
26   issue.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quotation omitted).
27   Grant of summary judgment on falsity and scienter indicates a disagreement with other courts as to
28   whether the August 7 statements may be found material for purposes of reliance.

### C. Resolution Of This Question Will Advance The Termination Of This Case

Plaintiff fails to contest the third Section 1292(b) factor with respect to the materiality question, but that factor follows from the first factor. Because the Court's inconsistent materiality rulings as to falsity, scienter, and reliance present a controlling question of law, resolution of that issue will *necessarily* advance resolution of this case. "[T]he requirement that an appeal may materially advance the ultimate termination of the [case] is closely tied to the requirement that the order involve a controlling question of law." *Casas*, 2015 WL 13446989, at *3 (quoting 16 Wright & Miller, *Fed. Prac. & Proc. Juris.* (3d ed. 2012) § 3930, at 505); *Youssofi v. Credit One Fin.*, No. 15-CV-1764-AJB-RBB, 2016 WL 6395086, at *5 (S.D. Cal. Oct. 28, 2016) (same).

If more specifics are required, certification of the materiality question would significantly advance the ultimate termination of the litigation because it would avoid the wasted expenditure of judicial and party resources on an appeal and new trial in the event the jury finds for Plaintiff based on an incorrect legal standard. Because a post-trial determination that that this Court's grant of summary judgment constituted legal error would require vacatur of a jury verdict in Plaintiff's favor and a new trial, certification now would avoid "wasted litigation and expense." *T.P. by & through S.P.*, 445 F. Supp. 3d at 668 (quotation omitted); *FERC v. Vitol Inc.*, No. 2:20-CV-00040-KJM-AC, 2022 WL 583998, at *4 (E.D. Cal. Feb. 25, 2022) ("An interlocutory appeal materially advances the ultimate resolution of litigation if it avoids protracted and expensive litigation."). Thus, even if interlocutory review were to postpone the trial, certification would still ensure termination of the action far earlier than would be the case if the Court's grant of summary judgment were reversed on appeal following final judgment, requiring a new trial.

Moreover, resolution of this legal question now would "alter the direction of the current proceedings," and thus advance the termination of this dispute. *Casas*, 2015 WL 13446989, at *5. If this Court improperly granted summary judgment on falsity and scienter, including the materiality component of each element, the arguments that the parties will present at trial, and the Court's trial rulings and instructions to the jury, will be significantly different than if only reliance, loss causation, and damages remain in dispute. (ECF 402 at 14.)

Finally, clarification of the parties' burdens of proof as to each element at trial would also promote settlement: where there exists significant disagreement about the viability of a claim, including the likelihood that success on that claim would survive Ninth Circuit review, the parties' have little incentive to settle. (ECF 402 at 14; *infra*, at 12.)

## II. PLAINTIFF FAILS TO OVERCOME THE GROUNDS FOR CERTIFYING THE FORUM QUESTION

Likewise, Plaintiff evades (ECF 416 at 6-13) Defendants' argument that a controlling question of law exists as to the forum in which a statement was made as part of the context for assessing falsity and scienter. Plaintiff points to no securities fraud case that resolves this question in the social media era. That controlling question of law thus presents an issue of first impression, resolution of which would materially advance the ultimate termination of this litigation.

### A. Plaintiff Mischaracterizes The Question Presented As Factual Rather Than Legal

The Court should reject Plaintiff's effort to recast Defendants' question of whether the forum must be considered in assessing falsity and scienter as a factual, as opposed to legal, question. Whether the forum is part of the context that the Court must consider is a question of what the appropriate test is, and requires no consideration of the facts of the case. (ECF 402 at 15-16.) *See also Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993) ("Whether the district court failed to articulate the appropriate standard of conduct for pilots under the federal aviation regulations is a question of law appropriate for interlocutory appeal."). Indeed, the relevant legal standard *requires* the Court to consider the context of the statements when assessing falsity and scienter. (ECF 387 at 27) (relying on *McMahan & Co. v. Wherehouse Entm't*, 900 F.2d 576, 579 (2d Cir. 1990), and *In re Convergent Techs. Sec. Lit.*, 948 F.2d 507, 512 (9th Cir. 1991)). Thus, Plaintiff's lengthy exposition of the facts the Court might consider (ECF 416 at 10-12) are of no moment. Far from demonstrating that the question at hand is factual, Plaintiff simply lists fact issues that the Court could take into consideration if the Ninth Circuit were to resolve the legal question in Defendants' favor and direct the Court to consider the forum as part of its context analysis.

1    The controlling legal question—which Plaintiff does not address—is whether and to what
2    extent the Court must weigh the forum in that analysis.  Contrary to Plaintiff's argument (ECF 416
3    at 7), the question of whether a court must consider the "different characteristics of social media as
4    a means for conveying information and the public's receipt of such information" does *not* require
5    analysis of the tweets at issue here.  The question for appellate review is not *how* a court should
6    weigh the forum, but whether it needs to weigh the forum as part of the context analysis at all.  (*See*
7    ECF 402 at 16.)  That question "implicate[s] fundamental legal questions." *T.P. by & through S.P.*,
8    445 F. Supp. 3d at 670; *Casas*, 2015 WL 13446989, at *2.  If the Ninth Circuit decides courts must
9    consider the different characteristics of social media as a means for conveying information and the
10   public's receipt of such information, the Court would need to reconsider its summary judgment
11   order, which could lead to the Court returning the questions of falsity and scienter to the jury.  As
12   a result, Defendants have presented a controlling issue of law warranting certification.  *See Casas*,
13   2015 WL 13446989, at *2 (controlling question of law exists where issue, "if wrongly decided by
14   this Court, will require at least partial reversal").

**B.  Plaintiff Ignores The Novel And Important Issues Raised By The Emergence Of Securities Fraud Cases Based On Social Media Posts**

17   Likewise unavailing is Plaintiff's assertion (ECF 416 at 6-7) that the well-established
18   standards for assessing falsity and scienter defeat interlocutory review, because Plaintiff does not
19   dispute that the question of whether to weigh the forum in the social media era presents a novel and
20   difficult question of first impression.

21   *First*,  Plaintiff cites no case adopting or rejecting the inclusion of the forum in assessing
22   the context of an allegedly materially false statement in the social media era, likely because the
23   SEC only announced an intention to prosecute social media statements in recent years.  None of
24   the cases Plaintiff cites (*see* ECF 416 at 9-10) address this issue.  A number of the cases on which
25   Plaintiff relies do not involve social media at all.[3]  While Plaintiff points (ECF 416 at 10) to a Ninth

---

[3]  *See Lorenzo v. Sec. & Exch. Comm'n*, 139 S. Ct. 1094 (2019); *S.E.C. v. Franklin*, 265 F. App'x 644, 646 (9th Cir. 2008); *Cooper v. Pickett*, 137 F.3d 616, 624 (9th Cir. 1997); *In re CytRx Corp. Sec. Litig.*, No. CV141956GHKPJWX, 2015 WL 5031232, at *9 (C.D. Cal. July 13, 2015); *U.S. S.E.C. v. Brandonisio,* No. 2:11-CV-2011-JAD-VCF, 2013 WL 5375283, at *2 (D. Nev. Sept. 24,

1   Circuit case from the year 1997, that case not only necessarily could not have considered whether
2   and to what extent to weigh the forum in the social media era (because social media did not yet
3   exist), but that case does not even analyze the proper consideration of the forum of a statement at
4   all.  *Cooper v. Pickett*, 137 F.3d 616, 624 (9th Cir. 1997) (holding pleading standard satisfied and
5   reversing dismissal of complaint).  The three cases that Plaintiff cites that do concern social media
6   do not address the question of whether to weigh the forum.  *See In re QuantumScape Sec. Class
7   Action Litig.*, No. 3:21-CV-00058-WHO, 2022 WL 137729 (N.D. Cal. Jan. 14, 2022) (denying
8   motion to dismiss even though "many of [the defendant's] arguments are not without some force"
9   and not specifically addressing context and circumstances of the dozens of allegedly false
10  statements); *see also* ECF 416 at 10 (citing generally two cases in which the SEC alleged securities
11  fraud based on social media posts, *S.E.C. v. Steven M. Gallagher, a/k/a "Alexander Delarge
12  655321*," Case No. 21-cv- 8739-PKC, 2021 WL 4973610 (S.D.N.Y Oct. 26, 2021) and *S.E.C. v.
13  James Alan Craig,* Case No. 3:15-cv-05076-CRB (N.D. Cal. May 20, 2019)).

14          *Second*, that statements made on social media are increasingly becoming the subject of
15  securities fraud claims—and that companies increasingly communicate information through social
16  media—is a reason for the Ninth Circuit *to consider the question* whether the forum is properly
17  part of the context analysis, and not the other way around.  *See* C. Wright, A. Miller, & E. Cooper,
18  16 *Fed. Prac. & Proc. Juris.* § 3930 (3d ed. 2021) (The "opportunity to achieve appellate resolution
19  of an issue important to other cases" "provide[s] an additional reason for certification").  Indeed,
20  cases from the defamation context indicate that the fact that a statement was made on social media
21  *should be* evaluated as part of the relevant context.  *See Ganske v. Mensch*, 480 F. Supp. 3d 542,
22  553 (S.D.N.Y 2020) ("Like the other Internet fora discussed in the above-cited cases, Twitter's
23  forum is equally—if not more—informal and freewheeling.") (quotation omitted); *Murray v.
24  Pronto Installations, Inc.*, No. 8:20-CR-824-T-24AEP, 2020 WL 6728812, at *5 (M.D. Fla. Nov.
25  16, 2020) (considering the "informal nature of social media pages, like Facebook" in dismissing
26  defamation claim).  Plaintiff's argument (ECF 416 at 8) that Defendants supposedly seek some sort

28  2013); *In re CV Therapeutics, Inc.,* No. C 03-03709 SI, 2004 WL 1753251, at *6 (N.D. Cal. Aug. 5, 2004).

1  of "carve out" from the federal securities laws for tweets is wrong.  The question is not whether
2  statements made on Twitter may be the subject of a securities fraud suit, but rather whether the
3  unique features of the statement's forum should be considered as part of the context analysis when
4  deciding falsity and scienter.  At a minimum, the Ninth Circuit should clarify what the appropriate
5  test is.

6  *Finally*, Plaintiff's misplaced statutory construction argument (ECF 416 at 7-8) ignores that
7  the issue is not whether the Court must consider the context, but whether the forum in which a
8  statement is made is *part of* the context analysis.  The regulatory language that Plaintiff quotes—
9  that it is unlawful to make "any untrue statement of a material fact or to omit to state a material fact
10 necessary in order to make the statements made, in the light of the circumstances under which they
11 were made, not misleading"—actually supports Defendants' position.  17 C.F.R. § 240.10b-5(b).
12 It is settled law in the Ninth Circuit that courts must consider the statement's context for purposes
13 of applying Section 10(b)(5).  *See supra*, at 8; ECF 387 at 27; *In re Syntex Corp. Sec. Litig.*, 95
14 F.3d 922, 929 (9th Cir. 1996); *In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 512 (9th Cir.
15 1991), *as amended on denial of reh'g* (Dec. 6, 1991); *In re Intel Corp. Sec. Litig.*, No. 18-CV-
16 00507-YGR, 2019 WL 1427660, at *10 (N.D. Cal. Mar. 29, 2019).  But the Ninth Circuit has not
17 yet addressed whether to weigh the fact that a statement is made in a short-form social media post
18 as part of the circumstances under which the statement was made.  Thus, the open question of
19 whether a court should assess the forum as part of the context and circumstances of allegedly
20 fraudulent or misleading statements or omissions in the social media era meets the requisite
21 showing of substantial ground for difference of opinion.  *See Reese*, 643 F.3d at 688 ("[C]ourts
22 traditionally will find that a substantial ground for difference of opinion exists where [] novel and
23 difficult questions of first impression are presented, as is the case here.") (quotations omitted);
24 *Casas*, 2015 WL 13446989, at *2 ("[N]ovel question" for which "neither the parties nor the Court
25 located a single on-point case" presents "an issue upon which reasonable jurists could differ.").

26    **C.    Resolution Of This Question Will Advance The Termination Of The Case**
27    Plaintiff's arguments (ECF 416 at 13-15) that the resolution of this issue will not
28 substantially advance the termination of this litigation wrongly minimize the impact of this open

1  question on the prospect of a settlement in this case.  They also disregard that certification and
2  review would guide the Court in advance of trial and minimize the need for any new trial.
3        As a preliminary matter, the existence of this controlling issue of law also satisfies the
4  requirement that resolution of this issue would advance termination of the litigation.  *See supra*, at
5  7.  In this vein, Plaintiff misplaces reliance (ECF 416 at 13) on *Hightower v. Schwarzenegger*, No.
6  104CV06028OWWSMS, 2009 WL 3756342 (E.D. Cal. Nov. 6, 2009), for the idea that, "[w]hen
7  litigation will be conducted in substantially the same manner regardless of [the] decision, the appeal
8  cannot be said to materially advance the ultimate termination of the litigation," *id.* at *4.  In
9  *Hightower*, the court concluded that the party seeking interlocutory review had not "show[n] a
10 difference of opinion as to any of the issues he challenge."  *Id.*  Here, in contrast, such an issue is
11 present and thus certification would avoid the "wasted litigation and expense" that would occur if
12 a final judgment were to issue in Plaintiff's favor, only to be vacated for retrial due to the improper
13 grant of summary judgment.  *See T.P. by & through S.P.*, 445 F. Supp. 3d at 668.
14       Separately, Plaintiff is wrong to assert (ECF 416 at 14) that "Defendants offer no
15 justification" for their argument that the propensity of an issue to affect settlement is a consideration
16 for the Court when determining whether certification will advance the ultimate termination of a
17 lawsuit.  As Defendants explained (ECF 402 at 14), the court expressly addressed this issue in
18 granting certification in *Casas*, determining that, "in class actions, uncertainty over a key claim's
19 status may delay settlement [and] almost all class actions are settled."  2015 WL 13446989, at *3
20 (*quoting Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012)).  "That is
21 enough to satisfy the 'may materially advance' clause of section 1292(b)."  *Id.* (quotation omitted);
22 *see also S.E.C. v. Mercury Interactive, LLC*., 2011 WL 1335733, at *3 (N.D. Cal. Apr. 7, 2011)
23 (granting certification where "final resolution as [to] the scope of the statute would have a
24 significant effect on the trial of this action, and perhaps upon the parties' efforts to reach
25 settlement").
26       Given that Defendants believe they will have strong arguments supporting reversal on
27 appeal if certification is not granted, certification would certainly have a significant effect on any
28 effort to reach a settlement.  *See FERC*, 2022 WL 583998, at *4 ("[E]ven if a decision in

[defendants'] favor on appeal does not end the litigation, it would 'dramatically alter the stakes,'" such that "a finding may increase the chance of settlement, which would resolve the litigation."). Thus, a definitive ruling from the Ninth Circuit on the proper scope of the Court's forum analysis in the social media context here is likely to advance the ultimate termination of this litigation, and the Court should certify its Order.

## III. CONCLUSION

For the reasons set forth above and in its motion, Defendants respectfully request that the Court grant the motion to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).

DATED: May 13, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Kathleen M. Sullivan*
Kathleen M. Sullivan
*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*