<pre>
                                              Pages 1 - 11

                   UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE EDWARD M. CHEN, JUDGE

IN RE TESLA, INC. SECURITIES   )
LITIGATION.                    ) No. 18-cv-04865-EMC
_____)

                                    San Francisco, California
                                    Monday, April 18, 2022

                    TRANSCRIPT OF PROCEEDINGS

APPEARANCES:   (By Zoom Webinar)

For Movants:
                    LEVI & KORSINSKY, LLP
                    1101 30th Street NW
                    Suite 115
                    Washington, D.C.  20007
               BY:  NICHOLAS IAN PORRITT, ESQ.

                    LEVI & KORSINSKY, LLP
                    75 Broadway
                    Suite 202
                    San Francisco, California  94111
               BY:  ADAM C. MCCALL, ESQ.
                    ADAM M. APTON, ESQ.

For Defendants:
                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
                    51 Madison Avenue
                    22nd Floor
                    New York, New York  10010
               BY:  ALEXANDER B. SPIRO, ESQ.

                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
                    865 South Figueroa Street
                    10th Floor
                    Los Angeles, California  90017
               BY:  MICHAEL T. LIFRAK, ESQ.

Reported By:   BELLE BALL, CSR 8785, CRR, RDR
               Official Reporter, U.S. District Court
</pre>

|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  | **Monday - April 18, 2022**                          2:29 p.m.   |
| 2  |                    **P R O C E E D I N G S**                     |
| 3  | **THE COURTROOM DEPUTY:** The Court is calling the case          |
| 4  | In Regarding Tesla Inc. Securities Litigation, Case              |
| 5  | No. 18-4865.                                                     |
| 6  |   Counsel, please state your appearances for the record,         |
| 7  | beginning with plaintiff.                                        |
| 8  | **MR. PORRITT:** Good afternoon, Your Honor. Nicholas            |
| 9  | Porritt of Levi & Korsinsky. With me is Adam Apton and Adam      |
| 10 | McCall.                                                          |
| 11 | **THE COURT:** Good afternoon.                                   |
| 12 | **MR. SPIRO:** Good afternoon, Your Honor. This is Alex          |
| 13 | Spiro and Michael Lifrak from Quinn Emanuel.                     |
| 14 | **THE COURT:** All right. Good afternoon. Where do we            |
| 15 | go from here?                                                    |
| 16 | **MR. SPIRO:** Well, the parties have been conferring via        |
| 17 | email on potential dates. The Court had asked us to come up      |
| 18 | with dates that might work and of course hoping that the Court   |
| 19 | could accommodate setting a schedule. And one sort of set of     |
| 20 | dates that looks like it would work would be November, after     |
| 21 | the first week of November.                                      |
| 22 | **THE COURT:** All right. Let me see. Let's get                  |
| 23 | specific here. After the first week, like November 7, is that    |
| 24 | what you're thinking?                                            |
| 25 | **MR. SPIRO:** Yes, Your Honor, somewhere around there.          |

1  And then there's another set of dates that I know would work on
2  our end, in December or January.  November's actually a little
3  bit tricky, frankly.  And there are still some phone calls out
4  on that but that looks okay.  I understand that plaintiff
5  essentially cannot do it in December, so January becomes wide
6  open.  It's frankly the easiest.  But whatever -- obviously,
7  it's the Court's decision.
8          **MR. PORRITT:**  And Your Honor, that was a preliminary
9  indication.  If December is the optimal date, that's something
10 we may be able to do a work-around on.
11         **THE COURT:**  How long of a trial are expecting at this
12 point?
13         **MR. PORRITT:**  I think at this point we are still
14 anticipating roughly the same length of time.  As we were
15 getting ready for trial, I think both sides were thinking that
16 ten days -- we would have to be very efficient, put that it
17 way, to put on the evidence.  So I don't think we are being
18 inefficient by having ten days for the current anticipated
19 testimony.
20     That's, at least, our view.  I don't know if defendants
21 have a different view at this point, but --
22         **MR. PORRITT:**  So we would still be looking at ten
23 trial days, Your Honor.
24         **THE COURT:**  Vicky, it looks like if we go into January
25 starting after the Martin Luther King Day on the 17th, I see --

```
 1  well, I see two matters, right?
 2          THE COURTROOM DEPUTY:  Correct.
 3          THE COURT:  Which for these days, that's pretty good.
 4  We go earlier in than that, we run into -- there's already two
 5  other matters.  This would be the third.  So, I, I think,
 6  perhaps more realistically, starting right after the Martin
 7  Luther King holiday and starting on Tuesday, the 17th of
 8  January.
 9      Does that work for you all?
10          MR. SPIRO:  Yes, Your Honor.
11          MR. PORRITT:  Yes, Your Honor.
12          THE COURT:  All right.  And I'll set a date.  I think
13  we would want to do the pretrial conference in advance of the
14  holidays.  I don't want to try to squeeze it in just before so
15  I'll figure out a date.
16      Are there any dates that you're not going to be around
17  that I should black out, for December?  Or maybe we can just
18  find a date right now.
19      Pretrial conferences usually are on Tuesdays.  And so if
20  we did -- let's say -- well, we've got a pretrial conference in
21  the other case on the 13th.  Let's see, what about the -- the
22  12th, on a Monday?
23          MR. SPIRO:  That's my birthday, Your Honor.  I would
24  be happy to be the there.
25          THE COURT:  Excellent.  Excellent.  2:30 in the
```

1   afternoon on the 12th.  Does that work?
2          **MR. PORRITT:**  That works for plaintiff, Your Honor.
3          **MR. SPIRO:**  That's fine, Your Honor.
4          **THE COURT:**  The 12th at 2:30 for pretrial conference,
5   trial to start on 1-17.
6          **MR. SPIRO:**  One other scheduling question I have for
7   the Court?
8          **THE COURT:**  Yeah.
9          **MR. SPIRO:**  I think it might be helpful for the
10  parties, and I wish I had appeared in person before Your Honor
11  before having to make requests, but here we are in this Zoom
12  world.
13         **THE COURT:**  Yeah.
14         **MR. SPIRO:**  So it strikes me that given the posture of
15  the case and given that some of the motions are relating to
16  damages and the experts, some courts will allow those motions
17  to be filed a little bit earlier.  They tend to a little bit
18  more complex.  And even if they're not, they very much affect
19  the scope of the case.
20         **THE COURT:**  Yeah.
21         **MR. SPIRO:**  And given some of the comments from the
22  Court and -- I just think that if we could file those a little
23  bit earlier, it would help the Court, I think it would help the
24  parties, I think it would help shape everything and make this a
25  more efficient process, respectfully.

1        **THE COURT:** Are we talking about sort of *Daubert*
2   motions?  Or what kind of motions are we looking at?
3        **MR. SPIRO:** They're somewhat -- you know, as
4   Your Honor's docket indicates they are considered motions
5   in limine before the Court.  I don't know if -- they are
6   *Daubert* and *Daubert*-like and damages-related and those kind of
7   things that can help really, you know, help both sides
8   understand the scope of this.  And then, you know, that can
9   lead to all sorts of efficiencies.
10       **THE COURT:** All right.  I'm certainly open to that.
11  Rather than postponing until late into trial preparation, if we
12  can narrow some of the issues that are truly amenable to early
13  in limine motions, essentially, what you're asking.
14       **MR. SPIRO:** Yes, Your Honor.
15       **THE COURT:** So what, what timeframe do you think would
16  be appropriate, if we have a January trial date and a December
17  pretrial conference?
18       **MR. SPIRO:** You know, we would be open to doing it as
19  soon as -- I don't want to put the plaintiffs on the spot, but
20  as soon as the Court wanted.  Because again, I just think it
21  will allow for efficiency.  I don't mean tomorrow, but, you
22  know, a month out from now, the fall is better for the Court,
23  early fall, that would be fine too.  But I do think that it
24  makes good sense.  And I think that when, when the Court -- the
25  Court will see it as that.

1  **THE COURT:** Yeah.  Well, if we have the pretrial
2  conference in December, you need a certain number of weeks in
3  advance to file your pretrial statements and a certain number
4  of weeks before that to meet and confer.  So if you work back
5  six weeks, then you need some time to absorb whatever I rule
6  before you meet and confer.  So that would suggest some time in
7  September might be a good time to hear this.
8  **MR. PORRITT:** Yeah Your Honor, having just heard this
9  proposal which we don't have -- we are not opposed to this
10 necessarily, so I would suggest that the parties -- we've got
11 the key dates here which is the trial date and the pretrial
12 conference date.  All the dates for the pretrial submissions
13 and jury instructions and so on are set out in your regular
14 instructions, so we know those essentially.
15    So perhaps we just consult with defense counsel and we
16 come up with a schedule that we submit to Your Honor.
17 **THE COURT:** That's what I was going to suggest.
18 Actually I'm looking at -- just to give you a heads-up,
19 September law and motion dates are a little iffy.  There seems
20 to be something going on, a lot of those dates.  And then I'm
21 out the first week of December.  So maybe even the last part of
22 August might be better.
23 **MR. SPIRO:** That's fine for the defense.  And we can
24 work with plaintiffs on sort of backing into a schedule that
25 fits with Your Honor's schedule.  And then perhaps submit

1   something jointly to the Court.
2           **THE COURT:**  Yeah.  Perhaps something in August would
3   be better.
4           **MR. PORRITT:**  That's a hearing on this potential
5   motion you're thinking, Your Honor?
6           **THE COURT:**  Yeah.
7           **MR. PORRITT:**  So we can back a briefing schedule off
8   of that.
9           **THE COURT:**  As long as I get the last brief two weeks
10  in advance, it's up to you how much you want to space the
11  interval.
12          **MR. PORRITT:**  Very good.  That gives us sufficient
13  guidelines, I think, Mr. Spiro, that we can sort of work it out
14  from there.
15          **MR. SPIRO:**  I agree.  Thank you.
16          **THE COURT:**  So we'll get out at least a new scheduling
17  order that has a new trial date, pretrial conference, and then
18  we'll fill in the blanks in terms of everything else.
19      Are we past now -- is discovery closed?
20          **MR. PORRITT:**  Yes, Your Honor.  I don't think there is
21  -- there's -- there's maybe a couple what I describe as kind of
22  rats-and-mice sort of issues.
23          **THE COURT:**  But largely done.
24          **MR. PORRITT:**  It's basically done, yes, Your Honor.
25  There's no depositions left to be taken, as far as --

1          **THE COURT:**  Because we were supposed to go to trial
2     soon.
3          **MR. SPIRO:**  There's technically one deposition left.
4     But I would agree that the discovery issues are not going to
5     consume the Court's time.  And we're way ahead, now that we
6     have a new trial date.
7          **MR. PORRITT:**  Yeah.
8          **THE COURT:**  All right.  All right.  You can also check
9     with my courtroom deputy if you get a preliminary hearing date,
10    to make sure I am available, whatever Thursday that is.  So
11    just double-check with her, and we'll work it out.
12         **MR. SPIRO:**  Okay.
13         **THE COURT:**  Is there any further ADR -- what's the
14    situation with respect to any ADR efforts, and timing thereof?
15         **MR. PORRITT:**  As Your Honor, I think, was aware, there
16    was an unsuccessful effort at the beginning of last year.
17         **THE COURT:**  Yeah.
18         **MR. PORRITT:**  And there's really been no efforts since
19    then, so that's the current status, I think.
20         **THE COURT:**  Is there any plan at some juncture to
21    renew those efforts?
22         **MR. SPIRO:**  Your Honor, I think, of course, as
23    Your Honor rules in the case, those things become, you know,
24    ever-present.  So it may we that in August, you know, the
25    decisions and comments lead to things.  It's hard to know,

1  frankly.  But to date, no.
2      And of course, we entered the case, frankly, recently,
3  after the majority of the discovery was done.  Obviously, the
4  Court's aware of that.  But I can't give you historics on that.
5      **THE COURT:**  Where did you leave it with the -- I
6  forget who your mediator was.  Where did you leave it with the
7  mediator?
8      **MR. PORRITT:**  We left it that we would be willing --
9  the plaintiff left it as being willing will to resume if we
10 thought it would be beneficial.  But so far there's been no
11 real indication that there's much room for maneuver, to try to
12 reach a resolution.  But we obviously would be open to any
13 mediation or attempt to resolve this before trial.
14     **THE COURT:**  Let's do this.  Let's have a further
15 status conference and see where things are at.  I'm going to
16 revisit with you, at that point, mediation.
17     Why don't we just do a Zoom call in July.  Maybe Tuesday,
18 July 19th.
19     **MR. SPIRO:**  Okay.
20     **THE COURT:**  2:30.  For a status.  And to talk about
21 ADR in particular.  So I would like for you to think about it,
22 and maybe talk to each other, meet and confer, to see whether
23 there might be something to discuss at that juncture.
24     **MR. PORRITT:**  Very good, Your Honor.
25     **THE COURT:**  All right?  All right.  We'll talk to you

```
1   then.
2           MR. PORRITT:  Thank you.
3           MR. SPIRO:  Thank Your Honor.
4           THE COURT:  Thank you.
5       (Proceedings concluded)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Belle Ball

Belle Ball, CSR 8785, CRR, RDR

Tuesday, May 24, 2022