# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

**CIVIL MINUTES**

**Date:** June 16, 2022     **Time:** 1:27-1:54     **Judge:** EDWARD M. CHEN
                             27 Minutes

**Case No.**: 18-cv-04865-EMC     **Case Name:**  In re Tesla Inc. Securities Litigation v.

**Attorneys for Plaintiff:** Nicholas Porritt, Adam Apton and Adam McCall
**Attorney for Defendant:** Kathleen Sullivan

**Deputy Clerk:** Vicky Ayala     **Court Reporter:** Teri Veres

**PROCEEDINGS**

Motion for Certificate of Appealability. - held

**SUMMARY**

Parties stated appearances.

Pending before the Court were (1) Defendants' motion for leave to seek reconsideration and (2) Defendants' motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b).

 The motions had partial overlap on the issues of materiality and reliance.  On these issues, the Court affirmed its earlier ruling in its summary judgment order.  The statements at issue were false and made with scienter but the Court left the issue of whether the statements were material (which also impacts reliance) for the jury to decide. The Court rejected Defendants' argument that the issue of factual falsity and materiality had to be decided in tandem.  A statement can be factually false but not material.

 Defendants' motion for an interlocutory appeal also raised the issue of "whether the Court must consider the forum of the statement (in this case Twitter) when assessing whether the statement was materially misleading." Mot. at 2.  Here Defendants failed to show a substantial ground for a difference of opinion.  As Plaintiff noted in his papers, "[s]ection 10(b) and SEC Rule 10(b)-5 are clear that it is unlawful to make 'any untrue statement of a material fact'"; "the plain meaning of the word 'any' in statute provides no limitation of coverage of the securities laws to formal regulatory filings [–] [t]here is no carve out for tweets."  Opp'n at 8.

Defendants' motion for leave to seek reconsideration further raised a factual challenge – in essence, contending that the Court must have overlooked certain record evidence since it was not discussed in the Court's order. But a court is not required to address each and every piece of record evidence in a summary judgment order. *See Zuno v. Wal-Mart Stores, Inc.*, No. 06-2392, 2009 U.S. Dist. LEXIS 104629, at *9 (E.D. Pa. Nov. 5, 2009) ("The Court is not required to address every piece of evidence and/or testimony in its [summary judgment] opinion, and the fact that each item on Plaintiff's list was not specifically addressed in my memorandum does not mean that it was not appropriately considered."); *Paz v. Wauconda Healthcare & Rehab. Ctr.*, No. 04 C 3341, 2005 U.S. Dist. LEXIS 15689, at *8-9 (N.D. Ill. July 29, 2005) ("[T]he court is not required to make specific reference to every piece of evidence it reviews and Paz incorrectly presumes to know exactly what evidence was considered by the court. The court gave a thorough consideration to all of the evidence submitted by both parties when rendering its decision."). Furthermore, Defendants did not point to any critical evidence that the Court failed to provide express commentary on.

Accordingly, Defendants' motions for relief were both denied.