QUINN EMANUEL URQUHART & SULLIVAN, LLP

Alex Spiro (*appearing pro hac vice*)
alexspiro@quinnemanuel.com
Andrew J. Rossman (*pro hac vice* forthcoming)
andrewrossman@quinnemanuel.com
Ellyde R. Thompson (*appearing pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse Bernstein (*pro hac vice* forthcoming)
jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Kyle Batter (Bar No. 301803)
kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**MOTION *IN LIMINE* NO. 3**<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING AN UNPLED AUGUST 13 PURPORTED MISREPRESENTATION** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

ARGUMENT .........................................................................................................................4

I.   PLAINTIFF NEVER PLED THE PURPORTED MISREPRESENTATION FROM THE AUGUST 13, 2018 PUBLIC BLOG POST ...........................................................................4

II.  PLAINTIFF CANNOT SHOW GOOD CAUSE TO AMEND HIS PLEADINGS YEARS AFTER THE DEADLINE TO DO SO...................................................................................6

CONCLUSION.......................................................................................................................9

**INTRODUCTION**

Plaintiff should not be permitted to allege a new and never-pled misrepresentation at trial. Yet, if Plaintiff's summary judgment submission is any indication, that is precisely what he plans to do. Three years after filing the Consolidated Complaint in this action, and a year and a half after the Court-ordered deadline to amend the pleadings, Plaintiff floated for the first time a brand new supposed "material misrepresentation" plucked from Elon Musk's August 13, 2018 public blog post, which the Court has already determined did not contain actionable misrepresentations. Specifically, Plaintiff asserted in his motion for partial summary judgment that the following statement was false and made with the requisite scienter:

> "I have continued to communicate with the Managing Director of the Saudi fund. He has expressed support for proceeding subject to financial and other due diligence and their internal review process for obtaining approvals. He has also asked for additional details on how the company would be taken private, including any required percentages and any regulatory requirements."

(Dkt. 352 at 23.) Nowhere in the Consolidated Complaint does Plaintiff allege that this statement was false—even though Plaintiff asserted other statements from the same blog post were misrepresentations. In April 2020, the Court dismissed Plaintiff's only allegations that the August 13 blog post contained misrepresentations. In fact, the Court's determination that the blog post was "not independently actionable" rested on a finding that the very same statement Plaintiff is now trying to backdoor as a purported misrepresentation was actually ***a corrective disclosure***. (Dkt. 251 at 26.) Plaintiff never amended his pleadings to include this statement prior to the July 31, 2020 deadline. Nor did Plaintiff make any request for an amendment at any time in the intervening year and a half prior to filing his summary judgment motion. Only at the summary judgment stage, just a few months before the scheduled trial date in this case, did Plaintiff assert for the first time that this statement constituted a violation of the securities laws.

The law does not allow for this type of secret, undisclosed change in a plaintiff's theory of liability. That is why courts set deadlines to amend pleadings in the first place. Plaintiff's counsel's recent suggestion to Defendants that Plaintiff pled the entire August 13 blog post as a misrepresentation is

baseless, as that is not what the Consolidated Complaint says, and even if it did, that form of vague pleading would run afoul of the PSLRA and this Court's rules for securities fraud complaints. Even if Plaintiff could overcome those hurdles, the Court's motion to dismiss decision would be an independent and outright bar to re-litigating the falsity of any statements in the August 13 blog post.

At bottom, Plaintiff's attempt to try a brand new and never-pled "misrepresentation" well after discovery is over is an implicit request to amend the Court's scheduling order, by which the Court set a deadline for amended pleadings that expired almost two years ago. To justify such an amendment now, Plaintiff must demonstrate good cause, which exists only when a litigant has exercised diligence in seeking to amend his pleadings. Plaintiff's dilatory unveiling of a new alleged misrepresentation at the summary judgment stage—more than a year after having knowledge of all the facts underlying his theory of falsity—is a far cry from diligent. The new purported misrepresentation accordingly should be excluded from the trial of this action. *See e.g.*, *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4188787, at *2 (N.D. Cal. May 19, 2020). Any other result would eviscerate Rule 16's good-cause requirement and render the Court's previous deadlines meaningless. And allowing Plaintiff to assert securities fraud based on an unpled statement years into the litigation would be fundamentally inconsistent with the PSLRA's directive that courts must subject a plaintiff's theory of fraud to heightened scrutiny at the outset of the case, before years of expensive and protracted litigation ensue.

## BACKGROUND

Plaintiff filed the Consolidated Complaint in this action on January 16, 2019, almost three and a half years ago. (Dkt. 184.) In his Consolidated Complaint, Plaintiff alleged several statements from Elon Musk's August 13, 2018 blog post as material misrepresentations. (*Id.* ¶¶ 134-38.) They included, among others, Mr. Musk's statement that "…. I left the July 31st meeting with no question that a deal with the Saudi sovereign fund could be closed …." (*Id.* ¶¶ 136-37.) In November 2019, pursuant to the Court's Standing Order in securities cases, Plaintiff submitted an addendum to the Consolidated Complaint specifying precisely which statements he contended gave rise to his lawsuit. (Dkt. 224.) The addendum included two statements from the August 13 blog post, including the "no question" statement quoted above. (*Id.* at 7-8.) Defendants subsequently moved to dismiss. (*See* Dkt. 227.)

In April 2020, the Court ruled on the motion to dismiss and concluded that the August 13, 2018 blog post was "not independently actionable." (Dkt. 251 at 26.) Specifically, the Court concluded that, in the paragraph immediately following the "no question" statement—which Plaintiff characterized as false due to its expression of certainty—Mr. Musk's blog post took "a very different tone" and "proceed[ed] to identify significant hurdles that stand in the way of finalizing the transaction, namely, 'financial and other due diligence' and an 'internal review process' among other conditions." (*Id.* at 25-26.) It is that very paragraph—a paragraph that the Court described as "contain[ing] the true state of affairs"—that Plaintiff now seeks to prosecute for the very first time as a false statement. (Dkt. 352 at 23.)

In May 2020, the Court entered a Case Management and Pretrial Order setting forth various deadlines leading up to trial. (Dkt. 261.) The Court afforded Plaintiff two months to amend his pleadings—until July 31, 2020. (*Id.* at 2.) That deadline came and went, and Plaintiff did not amend the Consolidated Complaint to allege any new misrepresentations. Nor did he ever seek to extend the deadline for amended pleadings.

It was not until Plaintiff filed his motion for partial summary judgment that he asserted a new purported misrepresentation from the August 13 blog post: "*I have continued to communicate with the Managing Director of the Saudi fund. He has expressed support for proceeding subject to financial and other due diligence and their internal review process for obtaining approvals. He has also asked for additional details on how the company would be taken private, including any required percentages and any regulatory requirements.*" (Dkt. 352 at 23.) Plaintiff claimed in his motion that this statement was false because Mr. Musk "did not disclose that over the previous weekend he had sought to end all negotiations with the Saudi PIF," citing Exhibit 121 (Mr. Musk's text messages with a PIF executive) in support. (*Id.*) Defendants produced Exhibit 121 to Plaintiff on October 12, 2020, **fifteen months earlier**. (Ex. D.)[1] In opposition to Plaintiff's summary judgment motion, Defendants noted that Plaintiff's request for summary judgment as to this statement was improper due to the fact that Plaintiff had never before

---

[1] "Ex. __" citations refer to the Exhibits to the accompanying Declaration of Kyle K. Batter.

alleged this statement was false or misleading (Dkt. 365 at 18 n.11), and that the statement was not false because the PIF agreed to cooperate and to continue discussions. (*Id.* at 19.) The Court denied Plaintiff summary judgment as to this new purported misrepresentation. Dkt. 387 at 29-30.

Defendants now seek to preclude any argument at trial that Mr. Musk's "continued to communicate" statement from the August 13 blog post constitutes a false statement in violation of the securities laws.

## ARGUMENT

Plaintiff may not proceed to trial on a new purported material misrepresentation raised for the first time years into this litigation. The Court should exclude the purported August 13 misrepresentation for the straightforward reason that it was never pled, and the deadline to amend pleadings has long passed. (Dkt. 261 at 2 (establishing July 31, 2020 as the deadline to amend pleadings).) To the extent Plaintiff contends he previously pled the entire August 13 blog post as a misrepresentation, that argument cannot be squared with either the PSLRA's unambiguous pleading requirements or the Court's previous ruling that the blog post was not actionable, which constitutes law of the case. Plaintiff simply cannot demonstrate that good cause exists for an amendment of the pleadings at this late stage in the case. Plaintiff has long known the facts that he contends demonstrate the falsity of the August 13 statement, and he had every opportunity to seek an amendment previously and did not do so.

**I. PLAINTIFF NEVER PLED THE PURPORTED MISREPRESENTATION FROM THE AUGUST 13, 2018 PUBLIC BLOG POST**

Until his January 2022 motion for partial summary judgment, Plaintiff had never claimed that Mr. Musk's statement, "I have continued to communicate with the Managing Director of the Saudi fund …." was a false statement. There was no such claim in the Consolidated Complaint or the addendum to the Consolidated Complaint. Indeed, the only statements Plaintiff advanced as material misrepresentations from the August 13, 2018 blog post, as clarified by Plaintiff's November 2019 addendum to the Consolidated Complaint, were: (1) "My proposal was based on using a structure where any existing shareholder who wished to remain as a shareholder in a private Tesla could do so, with the $420 per share buyout used only for shareholders that preferred that option"; and (2) "… no question that a deal with the Saudi sovereign fund could be closed …." (Dkt. 224 at 7-8.) Because the deadline to add new allegations

to his Complaint expired at the end of July 2020, it was improper for Plaintiff to raise a new supposed misrepresentation for the first time at summary judgment in January 2022. *See Ray v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 4902357, at *1 (9th Cir. 2021) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings.") (quotations omitted).

Plaintiff's argument that he previously pled the entirety of the August 13, 2018 blog post as a misrepresentation—an argument Plaintiff's counsel floated during a June 8, 2022 meet and confer regarding motions *in limine*—fails as a matter of law for two straightforward and independent reasons.

*First*, it is inconsistent with the PSLRA's heightened requirements for pleading securities fraud claims. Under the PSLRA, a complaint "'shall specify **each statement** alleged to have been misleading, [and] the reason or reasons why the statement is misleading ….'" *In re Twitter*, 2020 WL 4188787, at *2 (emphasis added) (quoting the PSLRA). And a complaint "will go forward only as to those **specific statements** for which the plaintiff has pled sufficient facts to comply with Rule 9 and the PSLRA." *Id.* (emphasis added); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 345 (2005) (The PSLRA "insists that securities fraud complaints 'specify' each misleading statement …."). As the Court's Standing Order for securities cases requires, a plaintiff must submit a chart spelling out the specific alleged misrepresentations and the reasons why they are false. These unambiguous statutory and judicial rules require specificity in securities fraud pleadings. Plaintiff's suggestion that he previously pled the entire thirteen-paragraph blog post as a false statement flies in the face of those stringent pleading requirements. It is also irreconcilable on its face with Plaintiff's actual Consolidated Complaint and addendum.

*Second*, even accepting the untenable proposition that Plaintiff could and did plead the entire August 13 blog post as a false statement, the Court already ruled at the motion to dismiss stage that the blog post was "not independently actionable." (Dkt. 251 at 26.) The basis for that ruling was that the paragraph containing Mr. Musk's "continued to communicate" statement actually "contained the true state of affairs"—that a go-private deal was not, in fact, imminent—and thus it constituted a corrective disclosure. (*Id.* at 25-26.) Consequently, any contention by Plaintiff that he can submit this statement to the jury because he previously alleged the entire blog post was false runs into the teeth of the Court's prior ruling. *Hadley v. Kellogg Sales Co.*, 2019 WL 3804661, at *15 (N.D. Cal. Aug. 13, 2019) ("[W]here a

party has had the opportunity to fully and fairly litigate an issue, the law of the case doctrine prevents a party from offering new theories going to the same issue it already litigated.") (quotations omitted).

Plaintiff never asserted the "continued to communicate" statement as a material misrepresentation prior to summary judgment. And because he only did so after the deadline to amend his Complaint, Plaintiff should be precluded from advancing that theory or any similar argument at trial.[2]

## II.  PLAINTIFF CANNOT SHOW GOOD CAUSE TO AMEND HIS PLEADINGS YEARS AFTER THE DEADLINE TO DO SO

Even if the Court decides to treat Plaintiff's newly asserted misrepresentation as a belated request to amend the Consolidated Complaint, the law demands the same result. A court may, in its discretion, treat "[t]he addition of new issues during the pendency of a summary judgment motion … as a motion for leave to amend the complaint." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (quoting *Roberts v. Ariz. Bd. Of Regents*, 661 F.2d 796, 798 n.1 (9th Cir. 1981)), *overruled on other grounds by Cty. of Dearborn Heights Act 345 Police & Fore Ret. Sys. V. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017). If the deadline to amend the pleadings has expired—as it did long ago in this case—Rule 15's liberal policy in favor of amendment "when justice so requires" is inapplicable. Instead, the party seeking amendment must contend with a heavier burden and demonstrate that "good cause" exists to modify the court's prior scheduling order under Rule 16. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017) ("[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of [Rule 16].") (quotation omitted); *In re Twitter*, 2020 WL 4188787, at *3 ("It is Rule 16 and not Rule 15 that governs this case" where plaintiff included new alleged misrepresentations at summary judgment). The critical test under Rule 16's "good cause" standard is "the diligence of the party seeking amendment." *Neidermeyer*, 718 F. App'x at 488 (quotation omitted). "If the moving party was not diligent, the inquiry

---

[2]  In any event, the statement is not false in any sense, as Defendants explained in their opposition to Plaintiff's motion for summary judgment. (*See* Dkt. 365 at 19.) In the last text message between the PIF executive and Mr. Musk prior to the August 13 blog post, the PIF executive agreed to "work on [a] PIF statement" so that PIF and Tesla could continue working together. This is entirely consistent with Mr. Musk's statement that he had continued to communicate with the PIF regarding the go-private transaction.

should end." *Id.* (quotations omitted) (finding good cause did not exist due to Plaintiff's "undue delay" and denying request to amend pleading).

Plaintiff flunks the diligence test here. At the threshold, there is no question that Plaintiff knew about the statement he now claims constituted a violation of the securities laws since the inception of the case. It was a public statement by Elon Musk in an online blog from which Plaintiff alleged other supposed material misrepresentations in his Consolidated Complaint. (*See* Dkt. 184 ¶¶ 134-38 (alleging different statements from the August 13 blog were false).) These and other public statements by Mr. Musk were the subject of years of discovery. Plaintiff did nothing to plead a new material misrepresentation. Courts do not look kindly on belated requests for amendment where the underlying facts were previously known to the party seeking the amendment, and this Court should not either. *Kaplan*, 49 F.3d at 1370 (affirming denial of belated amendment where "documents containing … the statements were known to Kaplan from the beginning of the litigation, as evidenced by his complaint, which quotes from different portions of them both"); *Neidermeyer*, 788 F. App'x at 488-89 (affirming denial of amendment where plaintiff was "aware of the facts and theories supporting amendment since the inception of the action") (quotation omitted); *Highfields Capital I, LP v. SeaWorld Entertainment, Inc.*, 2022 WL 1037210, at *25 (S.D. Cal. Apr. 6, 2022) (similar).

Plaintiff's lack of diligence is not excused by an argument that he only learned the statement was allegedly false during discovery.[3] If Plaintiff believed it "was even slightly likely" that the discovery process in this case would illuminate additional purported misrepresentations, he could have requested an extension of the deadline to amend his pleadings. *Party Animal, Inc. v. Evanger's Dog and Cat Food Co., Inc.*, 2019 WL 8355728, at *3 (C.D. Cal. Dec. 9, 2019). He never requested such an extension, even

---

[3] Indeed, any such argument would further prove that the statement should be precluded for lack of a relevant corrective disclosure. If the market never learned that the statement was false during the Class Period—as is necessary for Plaintiff's delay argument to succeed—then there was no "corrective disclosure" during the Class Period that "revealed" the falsity of the statement, as is necessary to prove loss causation. *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1209 (9th Cir. 2016) ("The burden of pleading loss causation is typically satisfied by allegations that the defendant ***revealed the truth*** through 'corrective disclosures' which 'caused the company's stock price to drop and investors to lose money.'") (quotations omitted) (emphasis added).

N/A

N/A

though the parties agreed to extend numerous other case deadlines in the two years since the Court entered a scheduling order. (*See* Dkts. 321, 341 (stipulated extensions of pretrial deadlines)); *Party Animal*, 2019 WL 8355728, at *2-3 (denying request for amendment under Rule 16 standard where "Plaintiff … never moved to extend [amended pleading deadline]" despite fact that "the Court ha[d] moved … pre-trial deadlines several times in this case").

Plaintiff's undue delay is even more exposed by the fact that the discovery document he cites as evidence that the August 13 statement is false had been in his possession for approximately *fifteen months* before he filed his summary judgment motion. Plaintiff cites only Elon Musk's text messages in Exhibit 121 as evidence that Mr. Musk made a false statement when he claimed to have had continued communications with the PIF after their July 31, 2018 meeting. (Dkt. 352 at 23 n.125.) Exhibit 121, a spreadsheet bearing Bates number TESLA_LITTLETON_00000320, was produced to Plaintiff on October 12, 2020. (Ex. D.) If those text messages illuminated the supposed falsity of Mr. Musk's statement, then Plaintiff has no excuse for delaying more than a year to assert that position to the Court for the first time and thereby attempt a backdoor amendment to his complaint. *Ray*, 2021 WL 4902357, at *2 (no abuse of discretion in denying leave to amend where plaintiff "d[id] not adequately explain its delay in raising these new theories" for first time at summary judgment stage).

Judge Tigar recently confronted a nearly identical situation in a securities class action against Twitter and denied the plaintiffs' belated attempt to amend the complaint with a new misrepresentation prior to trial. In that case, like here, the plaintiffs asserted the new misrepresentation for the very first time at summary judgment. *In re Twitter*, 2020 WL 4188787, at *1. After the Court denied the defendants' summary judgment motion, the parties exchanged verdict forms for trial, and the plaintiffs' form again included the new misrepresentation. *Id.* Judge Tigar emphasized the PSLRA's heightened pleading requirements, including the requirement that securities fraud complaints "shall specify each statement alleged to have been misleading," and noted a plaintiff may not prosecute misrepresentations "for which the plaintiff has not complied with the PSLRA." *Id.* at *2. The court then exercised its discretion to treat the plaintiffs' newly asserted misrepresentation as a request to amend the pleadings; determined that Rule 16, and not Rule 15, applied to such a post-deadline request; and denied leave to amend because the plaintiffs had not demonstrated the required "good cause." *Id.* at *4. Good cause was

lacking because the plaintiffs "d[id] not offer any explanation for their failure to amend their complaints earlier." *Id.* The same is true in this case, where Plaintiff knew about the statement in question since the beginning of the case, never once sought an extension of the deadline to amend his pleadings, and then sat on his hands for another fifteen months after having full knowledge of the facts he contends rendered the statement false. *See id.* (holding litigant must demonstrate "it was diligent in seeking the amendment once it became apparent that extensions were necessary" and denying requested amendment).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion and preclude Plaintiff from asserting any theory or argument at trial that Mr. Musk's statement in his August 13, 2018 blog post is a materially false statement.

DATED: June 16, 2022                    Respectfully submitted,

                                                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                                                       By: */s/ Alex Spiro*
                                                                           Alex Spiro *(appearing pro hac vice)*

                                                                       *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*