QUINN EMANUEL URQUHART & SULLIVAN, LLP

Alex Spiro (*appearing pro hac vice*)
alexspiro@quinnemanuel.com
Andrew J. Rossman (*pro hac vice* forthcoming)
andrewrossman@quinnemanuel.com
Ellyde R. Thompson (*appearing pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse Bernstein (*pro hac vice* forthcoming)
jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Kyle Batter (Bar No. 301803)
kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF THE MOTIONS *IN LIMINE*** |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (together, "Defendants") hereby present their Administrative Motion to File Under Seal ("Motion to Seal") various confidential exhibits contained in the Parties' Motions *In Limine*. (Dkt. 448, 448-1, 450, 450-1, 451, 451-1, 452, 452-1). Specifically, Defendants present this motion as to Exhibits 44-47 contained in Plaintiff's Opposition to Defendants' Motion *In Limine* No. 3. (Dkt. 452-1 at 5). Pursuant to Civil Local Rule 79-5, this Motion is accompanied by a Proposed Order, Declaration of Nathaniel Smith, and Exhibits 44-47.

## II. BACKGROUND

On July 1, 2022, the Parties filed their early Motions *In Limine* and the Oppositions thereto. (Dkt. 448, 448-1, 450, 450-1, 451, 451-1, 452, 452-1). In conjunction with Plaintiff's Opposition to Defendants' Motion *In Limine* No. 3 to Preclude Evidence or Argument Concerning an Unpled August 13 Purported Misrepresentation (Dkt. 452-1), Plaintiffs cite four exhibits marked Confidential (Exhibits 44-47) subject to the Protective Order in this case. (Dkt. 255). The Court has previously granted Tesla's Administrative Motion to Seal these same exhibits. (Dkt. 432).

## III. ARGUMENT

In the Ninth Circuit, the common law right of access to judicial proceedings "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Under the compelling reasons standard, the Court must balance the harm that would result to the party seeking to seal the information against "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations omitted). Courts have found that compelling reasons exist to protect "any . . . compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Whitewater West Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-cv-01118, 2018 WL 3055938, at *2 (S.D. Cal. June 14, 2018). Courts further recognize that "other sources of business information that might harm a

litigant's competitive standing may also constitute a compelling reason to seal." *Id.* Importantly, here, the Court has indicated that materials that would "hinder [Tesla's] ability to obtain financing, to court new investors, or to preserve its relationships with existing investors," may warrant sealing. (Dkt. No. 387 at 20).

The four exhibits at issue are internal third party shareholder reactions to Tesla's take private bid and discussions of their ability to participate therein. (*See* Dkt. 429 at 6-8). Courts routinely find that the sensitivity of such information justifies keeping such information sealed. *See, e.g., Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *3 (S.D. Cal. Apr. 20, 2020) (finding compelling reasons to seal "non-public, confidential information" concerning "commercial relationships," "agreements," and "business dealings" between the parties); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *4 (N.D. Cal. Mar. 10, 2010) (sealing portions of deposition regarding "future business plans"); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846 at *4 (W.D. Wash. Nov. 12, 2012) (sealing content related to company's "future business plans" and "strategic planning information"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (sealing information subject to confidentiality agreement because disclosure could harm the party "in future negotiations with existing customers, third-parties, and other entities with whom they do business"); *see also Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (sealing information that explained relationships with nonparties); *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (compelling reasons exist to seal personally identifiable information).

This Court has already found that these four exhibits warrant sealing. (Dkt. 432). Accordingly, Defendants request that the Court seal these four exhibits (Exhibits 44-47) from the Parties' Motions *In Limine* filings. Public disclosure of these confidential, non-public excerpts will reveal private communications related to Tesla investors' and shareholders' investment decisions, strategies, and feedback, all of which were expressed with the expectation of privacy. The release of such information publicly could chill future investors' willingness to speak freely and candidly with Defendants for fear of their communications being released publicly in the future, harming Tesla's

1  "ability to obtain financing, to court new investors, or to preserve its relationships with existing
2  investors." (Dtk. No. 387 at 20).

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Administrative Motion to Seal.

DATED: July 5, 2022  Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
  Alex Spiro *(appearing pro hac vice)*
  *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

\*\*\*\*

I, Kyle K. Batter, am the ECF user whose ID and password are being used to file the above motion. In compliance with Local Rule 5-1(h)(3), I hereby attest that Alex Spiro has concurred in the filing of the above motion.

DATED: July 5, 2022  QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */S/ Kyle Batter*
  Kyle Batter