1    QUINN EMANUEL URQUHART & SULLIVAN, LLP

2        Alex Spiro (*appearing pro hac vice*)
         alexspiro@quinnemanuel.com
3        Andrew J. Rossman (*pro hac vice* forthcoming)
         andrewrossman@quinnemanuel.com
4        Ellyde R. Thompson (*appearing pro hac vice*)
         ellydethompson@quinnemanuel.com
5        Jesse Bernstein (*pro hac vice* forthcoming)
         jessebernstein@quinnemanuel.com
6    51 Madison Avenue, 22nd Floor
     New York, New York 10010
7    Telephone: (212) 849-7000

8
         Michael T. Lifrak (Bar No. 210846)
9        michaellifrak@quinnemanuel.com
     865 South Figueroa Street, 10th Floor
10   Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
11

12       Kyle Batter (Bar No. 301803)
         kylebatter@quinnemanuel.com
13   555 Twin Dolphin Drive, 5th Floor
     Redwood Shores, California 94065
14   Telephone: (650) 801-5000

15
     *Attorneys for Defendants Tesla, Inc., Elon Musk,*
16   *Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
     *Antonio J. Gracias, James Murdoch, Kimbal Musk,*
17   *And Linda Johnson Rice*

18
                    UNITED STATES DISTRICT COURT
19
                 NORTHERN DISTRICT OF CALIFORNIA
20
                      SAN FRANCISCO DIVISION
21

22

23   IN RE TESLA, INC. SECURITIES          Case No. 3:18-cv-04865-EMC
     LITIGATION
24                                         **DECLARATION OF NATHANIEL
                                           SMITH IN SUPPORT OF
25                                         DEFENDANTS' ADMINISTRATIVE
                                           MOTION TO FILE UNDER SEAL**
26

27

28

**I, Nathaniel Smith, declare as follows:**

1.    I am a member of the bar of the District of Columbia and serve as Associate General Counsel for Defendant Tesla, Inc.  I have been employed with Tesla since April 2021, and in the course of my employment have become familiar with Tesla's treatment of its proprietary business information, such as that described in this declaration.   I have personal knowledge of the matters described below and I am competent to testify thereto.

2.    I make this declaration pursuant to the Northern District of California Civil Local Rule 795(c), in support of Defendants' Administrative Motion To Seal ("Motion to Seal").

3.    On July 1, 2022, the Parties filed their early Motions *In Limine* and the Oppositions thereto.  (Dkt. 448, 448-1, 450, 450-1, 451, 451-1, 452, 452-1).

4.    Defendants filed a declaration containing the exhibits cited in all of the Parties' motions and oppositions.  (Dkt. 453, 453-1).

5.    In conjunction with Plaintiff's Opposition to Defendants' Motion *In Limine* No. 3 to Preclude Evidence or Argument Concerning an Unpled August 13 Purported Misrepresentation (Dkt. 452-1), Plaintiffs cite four exhibits marked Confidential (Exhibits 44-47).

6.    The Court has previously granted Tesla's Administrative Motion to Seal these same exhibits.  (Dkt. 432).

7.    On May 20, 2020, this Court entered a Protective Order (Dkt. No. 255), to which the parties agreed.  The Protective Order provides for the protection of "Confidential" information, described as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other proprietary or private information warranting special protection from public disclosure and from use for purposes other than prosecuting this litigation."  In accordance with the terms of the Protective Order, Tesla designated certain produced documents and deposition testimony as "Confidential."

8.    The Motion to Seal concerns such Confidential documents that reflect Tesla's and third party shareholder's and investor's sensitive, non-public communications regarding Elon Musk's August 7, 2018 bid to take Tesla private.  It is Tesla's practice to maintain all such non-public documents and communications strictly confidential, therefore, it is my belief that all of these

DECLARATION OF NATHANIEL SMITH ISO ADMINISTRATIVE MOTION TO SEAL

1  individuals and third parties involved had an expectation of the private and confidential nature of

2  their communications.

3       9.    Exhibits 44-47 reflect non-public, internal communications of a third-party

4  shareholder of Tesla, discussing the shareholder's reactions to and consideration of participating in

5  the Take Private Bid.  Exhibits 44-47 cannot be parsed and Defendants request to seal them in full.

6       10.   Public disclosure of these confidential, non-public materials will reveal private

7  communications related to Tesla investors' and shareholders' investment decisions, strategies, and

8  feedback, all of which were expressed with the expectation of privacy.  The release of such

9  information publicly could chill future investors' willingness to speak freely and candidly with

10  Defendants for fear of their communications being released publicly in the future, and may interfere

11  with or harm Tesla's ability to seek future funding or investors, as well as its relationships with

12  existing investors.

13       I declare under penalty of perjury under the laws of the State of California that the foregoing

14  is true and correct and that this document was executed in Washington, D.C.

15  DATED: July 5, 2022

18       By */s/ Nathaniel Smith*
       Nathaniel Smith

19       ****

20  I, Kyle K. Batter, am the ECF user whose ID and password are being used to file the above

21  declaration.  In compliance with Local Rule 5-1(h)(3), I hereby attest that Nathaniel Smith has

22  concurred in the filing of the above declaration.

23  DATED:  July 5, 2022      QUINN EMANUEL URQUHART &
     SULLIVAN, LLP

26       By */S/ Kyle Batter*
       Kyle Batter