UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC (DMR)<br><br>**NOTICE OF SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE ORDER**<br><br>Re: Dkt. No. 462 |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter was referred to Magistrate Judge Donna M. Ryu for settlement purposes. You are hereby notified that a settlement conference is scheduled for **October 3, 2022 at 10:00 a.m. Pacific Time** which shall be held via Zoom video conference. Counsel are responsible for making sure that their participants are able to take part in a Zoom video conference. Counsel should ensure that their participants have downloaded the Zoom application onto a laptop or desktop with a working camera and microphone, and <u>counsel shall do a test run with all of their participants prior to the settlement conference to eliminate all equipment-based problems</u>. Audio-only participation is prohibited. In order to facilitate entry from the Zoom "waiting room" feature, counsel shall ensure that their participants use their actual names on the Zoom platform. All participants must also have access to email and a telephone throughout the settlement conference.

If all parties, counsel, and other mandatory attendees are **not** available on the above date, counsel shall notify the court by sending an email to dmrcrd@cand.uscourts.gov **by July 28, 2022.** The parties should be mindful of any time limits set by the judge to whom the case is assigned. **If written notice is not provided by July 28, 2022, the settlement conference date as stated above shall remain in effect.**

It is the responsibility of counsel to ensure that whatever formal or informal discovery is

needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference.

A. **Meet and Confer Requirement.**

No later than **fourteen (14) calendar days before** the settlement conference and prior to the preparation of their Exchanged Settlement Conference Statements and Confidential Settlement Letters, counsel for the parties must meet and confer (in person or by phone) to discuss matters pertinent to improving the prospects that the settlement negotiations will be productive. During the meet and confer, counsel may address any subjects they feel are appropriate, but they **must** discuss the following:

1. Who will attend the conference on behalf of each party, including counsel and identification of the person(s) with full authority to make the final decision as to whether any settlement offer is made, accepted, or rejected (e.g., either the party or another person(s) if full authority does not rest with the party).

2. Which persons or entities must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of any such approval process.

3. Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; and if insurance is available, the name of and position held by each claims representative who will be attending the settlement conference.

4. Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened.

5. Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

6. Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the conference.

**B.      Settlement Conference Documents.**

**No later than ten (10) calendar days prior to the settlement conference**, each party shall submit the following:

(1) an **Exchanged Settlement Conference Statement**; and

(2) a **Confidential Settlement Letter.**

**A hard copy of each** document shall be **LODGED (not filed)** with the U.S. District Court Clerk's Office in **Oakland**, located at 1301 Clay Street, Suite 400S, 4th Floor, Oakland, California 94612.  The documents shall be submitted in a sealed envelope addressed to Magistrate Judge Ryu and prominently marked "**SETTLEMENT CONFERENCE DOCUMENTS - DO NOT FILE**." **In addition** to the hard copy version, **an electronic copy** shall be submitted to **DMRsettlement@cand.uscourts.gov.**

1.      **Exchanged Settlement Conference Statements.**

Counsel **shall serve** a copy of the Settlement Conference Statement on all parties. Furthermore, counsel are **strongly encouraged** prior to the settlement conference to share with their clients the contents of the Settlement Conference Statement(s) received from opposing counsel.

The Settlement Conference Statement shall not exceed ten (10) pages of text.  Parties are encouraged to include as exhibits any key documents and deposition excerpts up to twenty (20) pages.  The Settlement Conference Statement **shall include** the following:

a.      A brief statement of the facts of the case.

b.      A brief statement of the **principal** claims and defenses.

c.      A description of the **key** factual and legal issues that are in dispute and a plain and concise statement of the **specific** evidence relevant to their determination.  Portions of any exhibits relied upon by the parties shall be referenced and highlighted.

d.      A summary of the proceedings to date and a description of any pending motions.

e.      The bases for any damages calculations and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands.

f.	A description of each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered).

g.	For each party, a list of the names, email address for each attendee, titles, and positions of all persons who will be attending the conference.

h.	Where the party is a governmental entity, a description of which persons or entities must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of that approval process.

**2.	Confidential Settlement Letters.**

The Confidential Settlement Letter **shall not be served** upon other parties.  The Confidential Settlement Letter shall not exceed five (5) pages of text and **shall include** the following:

a.	Separately for each principal claim and defense, a forthright evaluation of the strengths and weaknesses and likelihood that the party submitting the Confidential Letter will prevail.  Citations to any key legal authorities relied upon by the parties as part of this evaluation shall be provided.

b.	An estimate of the out-of-pocket expenses, attorneys' fees, and time: (a) **spent to date** and (b) **to be expended** for further discovery, pretrial, and trial.  If plaintiff seeks attorneys' fees and costs, plaintiff's counsel shall be prepared at the conference to provide sufficient information to enable the fee claim to be evaluated for purposes of settlement.

c.	A history of past settlement discussions (without revealing communications whose disclosure to a settlement judge is prohibited), a description of the principal obstacles (factual, legal, or other) to reaching agreement, and the reason the parties' assessments of the settlement value of the case differ.

d.	A realistic settlement figure or terms (including any non-monetary terms) that, given all the circumstances, the party submitting the Confidential Letter would consider seriously.

e.	Where the party is insured or is a governmental entity, any foreseeable

1  barriers to insurance coverage or approval of a proposed settlement, or special concerns that the
2  insurer or governmental entity might want addressed.
3        f.    A brief discussion of any of the subjects identified in Section A of this
4  Order that might be significant in the settlement dynamic.
5  **C.    Mandatory Personal Attendance.**
6  **Lead trial counsel** shall appear at the settlement conference with the **parties and with the**
7  **person(s) having full authority** to make the final decision as to whether any settlement offer is
8  made, accepted, or rejected (if full authority does not rest with the party).  A person who needs to
9  call another person not present before making, accepting, or rejecting any settlement offer does
10 **not** have such full authority.  If a party is a **governmental entity**, its governing body shall
11 designate one of its members or a senior executive to appear at the settlement conference with
12 authority to participate in the settlement conference and, if a tentative settlement agreement is
13 reached, to recommend the agreement to the governmental entity for its approval.  An **insured**
14 **party** shall appear with a representative of the carrier with **full authority to negotiate up to the**
15 **limits of coverage**.
16 Personal attendance is mandatory and will rarely be excused by the court, and then only
17 upon a written request that is timely under the circumstances and that demonstrates extraordinary
18 hardship.  Personal attendance may be excused only upon written authorization from the court.  If
19 the court permits attendance by telephone, the person who is excused from personally appearing
20 must be available to participate by telephone throughout the entire conference.
21 **D.    Duration and Content of Settlement Conference.**
22 It is not unusual for settlement conferences to last three (3) or more hours.  Parties and
23 their representatives should be prepared to devote the entire day to the conference if necessary.
24 Parties are encouraged to participate in the settlement conference and frankly discuss their case.
25 Statements they make during the conference will not be admissible at trial in the event the case
26 does not settle.  The parties and their representatives should be prepared to discuss such issues as
27 their settlement objectives; any impediments to settlement they perceive; whether they have
28 enough information to discuss settlement and if not, what additional information is needed; and

the possibility of a creative resolution of the dispute.

E. **Continuances.**

Any request to continue the settlement conference shall state the reason therefor and be submitted in writing as soon as possible after consultation with the opposing party but well in advance of the scheduled conference date. The request must demonstrate **a compelling reason for a continuance and shall state whether it is joined or opposed by the other party(ies).** Submission of such request shall be **filed** with the court. **Parties must appear on the calendared date unless the court issues an Order continuing the matter.**

If the date to which a continuance is sought would be past a deadline for holding the settlement conference that was set by the judge to whom the case is assigned for trial, the party seeking the continuance must secure permission from the trial judge to hold the settlement conference during the proposed new time frame **before seeking the continuance from Judge Ryu.** A writing evidencing the trial judge's extension of the deadline must accompany the party's request to Judge Ryu for the continuance.

The parties shall immediately notify Judge Ryu's Courtroom Deputy, Ivy Garcia, at dmrcrd@cand.uscourts.gov if this case settles prior to the date set for the settlement conference.

Any failure to comply with the requirements of this Order may subject the parties and/or counsel to sanctions.

**IT IS SO ORDERED.**

Dated: July 22, 2022

DONNA M. RYU
United States Magistrate Judge