**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
      amccall@zlk.com

*Attorneys for Plaintiff and Counsel for the Class*

[Additional Counsel on Signature Block]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RE: EARLY MOTIONS *IN LIMINE*** |

During yesterday's hearing on the parties' early motions *in limine*, the Court addressed the legal question of whether and how much of the decline in Tesla Inc.'s stock price from August 8, 2018 to August 17, 2018, could be recoverable by investors under Section 10(b) of the Securities Exchange Act of 1934. Plaintiff argued that that "consequential" damages relating to regulatory and other litigation risk, reputational harm, and other collateral concerns resulting from Elon Musk's tweets on August 7, 2018, as identified and measured by his expert, Dr. Michael Hartzmark, are recoverable. Defendants disagreed.

To further assist the Court, Plaintiff respectfully refers to the following decisions which we believe speak to the recoverability of these "consequential" or "collateral" damages:

- *Waggoner v. Barclays PLC*, 875 F.3d 79, 106 (2d Cir. 2017) (approving damages methodology that provided plaintiffs with ability to recover losses caused by "concern[s] with lack of management honesty and control" and holding that "the regulatory action and any ensuing fines were a part of the alleged harm the Plaintiffs suffered, and the failure to disaggregate the action and fines did not preclude class certification.")

- *Baker v. SeaWorld Entm't, Inc.*, 423 F. Supp. 3d 878, 908-09 (S.D. Cal. 2019) (denying defendants' motion to exclude where plaintiffs' expert explained that revelation of alleged fraud resulted in stock drop because of harm to "corporate brand and corporate reputation," which "constitutes a structural change in value and demand for the company's products or services").

- *In re Vivendi Universal, S.A. Sec. Litig.*, 634 F. Supp. 2d 352, 371–72 (S.D.N.Y. 2009)(denying summary judgment on loss causation and holding that losses from stock price declines following credit ratings downgrades and attributed to concerns about management were recoverable as a result of misrepresentations regarding corporation's liquidity). The jury verdict in favor of plaintiff in this case was affirmed by the Second Circuit. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 233 (2d Cir. 2016).

In light of the complex legal arguments raised by this issue and the limited briefing addressing it in the context of the motions *in limine* heard by the Court yesterday, Plaintiffs respectfully submit that it may be appropriate for the parties to submit additional briefing limited to the legal issue of loss causation or proximate cause. Otherwise, we remain available to discuss the matter further at your Honor's convenience.

Dated: July 29, 2022                                  Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 s/ Adam M. Apton
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Elizabeth K. Tripodi
Alexander A. Krot III
LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel.: (202) 524-4290
Email: nporritt@zlk.com
Email: akrot@zlk.com
(*admitted pro hac vice*)

1
2                                        -and-

3                              Joseph Levi
                               Eduard Korsinsky
4                              LEVI & KORSINSKY, LLP
                               55 Broadway, 10th Floor
5                              New York, New York 10006
                               Tel.: (212) 363-7500
6                              Email: jlevi@zlk.com
                               Email: ek@zlk.com
7                              (*admitted pro hac vice*)

8                              *Attorneys for Plaintiff and Counsel for the Class*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28