# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
## Northern District of California

### CIVIL MINUTES

**Date:** July 28, 2022    **Time:** 1:30-2:44    **Judge:** EDWARD M. CHEN
1 hour, 14 Minutes

**Case No.**: 18-cv-04865-EMC    **Case Name:**  In re Tesla Inc. Securities Litigation v.

**Attorneys for Plaintiff:** Nicholas Porritt, Adam Apton
**Attorney for Defendant:** Michael Lifrak, Andrew Rossman and Ellyde Thompson

**Deputy Clerk:** Vicky Ayala              **Court Reporter:** Joan Columbini

### PROCEEDINGS

Motions in Limine [448] [450] [451] [452]. - held

### SUMMARY

Parties stated appearances.

For the reasons stated on the record, the Court **DENIES** Plaintiff's Motion in Limine No. 1 to Preclude Evidence, Opinion, and Argument of Immateriality.  Docket No. 448.  First, materiality is generally a question of fact for the jury.  *See S.E.C. v. Phan*, 500 F.3d 895, 908 (9th Cir. 2007) ("Determining materiality in securities fraud cases should ordinarily be left to the trier of fact.") (internal citation omitted).   Second, both sides have presented evidence regarding whether or not the statements were material.  *See* Docket No. 448 at 3–6; Docket No. 448-1 at 5–6.  Plaintiff has not shown that arguments regarding immateriality would be unfairly prejudicial under Federal Rule of Evidence 403.

The Court **DENIES** Defendants' Motion in Limine No. 1 to Exclude Damages Evidence After August 13, 2018.  Docket No. 450.  Plaintiff may be able to show that the *New York Times* article, which was published in print on August 17, 2018, is at least a partial corrective disclosure.  The Court will allow evidence of damages after August 13, 2018.

The Court takes Defendants' Motion in Limine No. 2 to Exclude the Opinions of Michael Hartzmark under submission.  Docket No. 451.

The Court **GRANTS** Defendants' Motion in Limine No. 3 to Preclude Evidence or Argument Concerning an Unpled August 13 Purported Misrepresentation.  Docket No. 452.  In Plaintiff's motion for summary judgment, he asserted that the statement "I have continued to communicate with the Managing Director of the Saudi fund..." was an actionable omission.  Docket No. 352 at

23. But Plaintiff did not allege that this particular statement was an actionable omission in the Consolidated Complaint. *See* Docket No. 184. Nor was this timely disclosed prior to the motion. Because the deadline for amending the pleadings set by the Court's scheduling order has long since passed, *see* Docket No. 261, Plaintiff must show good cause to amend. Fed. R. Civ. P. 16(b)(4). For the reasons explained on the record, the Court concludes that Plaintiff has not shown good cause excusing Plaintiff's lack of diligence.