EXHIBIT H

4-29-09 Trial Day 21  4/29/2009  6:08:00 AM

4304

```
1          IN THE UNITED STATES DISTRICT COURT
2           FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
3  LAWRENCE E. JAFFE PENSION PLAN, )
   on behalf of itself and all    )
4  others similarly situated,     )
5         Plaintiff,              )
6    vs.                          )  No. 02 C 5893
7  HOUSEHOLD INTERNATIONAL, INC., )
   et al.,                        )  Chicago, Illinois
8         Defendants.             )  April 29, 2009
9                                    9:12 a.m.
10                VOLUME 21
         TRANSCRIPT OF PROCEEDINGS - TRIAL
11  BEFORE THE HONORABLE RONALD A. GUZMAN, and a ju
12  APPEARANCES:
13  For the Plaintiff:    COUGHLIN STOIA GELLER RUDMAN &
                          ROBBINS LLP
14             BY:  MR. LAWRENCE A. ABEL
                    MR. SPENCER A. BURKHOLZ
15                  MR. MICHAEL J. DOWD
                    MR. DANIEL S. DROSMAN
16                  MS. JANET A. BEER
                    MS. MAUREEN E. MUELLER
17                  655 West Broadway
                    Suite 1900
18                  San Diego, California  92101
                    (619) 231-1058
19                  COUGHLIN STOIA GELLER RUDMAN &
                    ROBBINS LLP
20             BY:  MR. DAVID CAMERON BAKER
                    MR. LUKE O. BROOKS
21                  MR. JASON C. DAVIS
                    MS. AZRA Z. MEHDI
22                  100 Pine Street
                    Suite 2600
23                  San Francisco, California  94111
                    (415) 288-4545
24
25
```

4305

```
1  APPEARANCES:  (Continued)
2  For the Plaintiff:    MILLER LAW LLC
            BY:  MR. MARVIN ALAN MILLER
3                115 South LaSalle Street
                 Suite 2910
4                Chicago, Illinois  60603
                 (312) 332-3400
5
6  For the Defendants:  EIMER STAHL KLEVORN & SOLBERG
            BY:  MR. ADAM B. DEUTSCH
7                224 South Michigan Avenue
                 Suite 1100
8                Chicago, Illinois  60604
                 (312) 660-7600
9                CAHILL, GORDON & REINDEL LLP
            BY:  MS. SUSAN BUCKLEY
10                MS. PATRICIA FARREN
                  MR. THOMAS J. KAVALER
11                MR. DAVID R. OWEN
                  MR. HOWARD G. SLOANE
12                MS. JANET A. BEER
                  MR. JASON M. HALL
13                MR. JOSHUA M. NEWVILLE
                  MS. LAUREN PERLGUT
14                MS. KIM A. SMITH
                  MR. MICHAEL J. WERNKE
15                80 Pine Street
                  New York, New York  10005
16                (212) 701-3000
17
18
19
20
21
22  Court Reporter:    NANCY C. LaBELLA, CSR, RMR, CRR
                       Official Court Reporter
23                     219 South Dearborn Street
                       Room 1222
24                     Chicago, Illinois  60604
                       (312) 435-6890
25                     Nancy_LaBella@ilnd.uscourts.gov
```

4306

```
1          THE CLERK:  02 C 5893, Jaffe v. Household.
2          THE COURT:  Good morning, everyone.  Ready for the
3  jury?
4          MR. BURKHOLZ:  We are.
5          MR. KAVALER:  One thing, your Honor.  I'd like to
6  hand up copies of something we e-filed this morning.  At the
7  Court's convenience, this is the response to the Rule 50(a)
8  motion they made yesterday.  There's three copies there for
9  you.
10          (Tendered.)
11          MR. KAVALER:  Thank you, your Honor.
12          THE COURT:  Okay.  Let's get the jury, please.
13  (Jury in.)
14          THE COURT:  Good morning, ladies and gentlemen.
15  We're ready to proceed.
16          MR. BURKHOLZ:  Thank you, your Honor.
17     DANIEL FISCHEL, PLAINTIFFS' WITNESS, PREVIOUSLY SW
18          DIRECT EXAMINATION (Resumed)
19  BY MR. BURKHOLZ:
20  Q.  I wanted to go back and just discuss this concept of
21  inflation since it's not an everyday concept for a lot of
22  people.  Try to simplify it.
23      It's your opinion that, by definition, there's zero
24  inflation during the relevant period before the jury, if the
25  jury finds a false statement.
```

4307

```
1          MR. KAVALER:  Objection, leading.
2          THE COURT:  As to the form.  Let's make it a
3  question.
4  BY MR. BURKHOLZ:
5  Q.  When would inflation start during the relevant period in
6  this particular case?
7  A.  In my opinion, inflation would start the first day there's
8  a difference between what the actual trading price of the
9  stock was and what the price of the stock would have been had
10  there been full and accurate disclosure on that date.
11  Q.  And do you understand that there was a Court order in this
12  case and that the relevant period starts on July 30, 1999?  Do
13  you understand that?
14  A.  I do, which is why my analysis begins on that date.
15  Q.  And do you understand that the plaintiffs have put in
16  evidence of a false statement -- first false statement on
17  August 16, 1999?
18  A.  I do.
19          MR. KAVALER:  Objection, leading.
20          THE COURT:  It is, but I'll allow it.  I assume it's
21  laying a foundation for --
22          MR. BURKHOLZ:  It is.
23          THE COURT:  -- the ultimate opinion question, so I'll
24  allow it.
25  BY THE WITNESS:
```

4360

1 knowingly or recklessly," or words to that effect.
2       And they can just, on that same line, across from
3 "the issue" write in "knowing" or "reckless," or you can
4 provide a check-off, if you want.  It depends on how
5 complicated you want to make the form.
6       MR. DROSMAN:  Right.
7       I think we can probably rearrange that pretty easily.
8       MS. BEER:  As to the sequence of Questions 2 and 3, I
9 don't think we have any disagreement.
10       One practical problem that we see with this form, as
11 it's laid out, is that the jury was to go through the list of
12 40 statements now four times.
13       THE COURT:  Not necessarily.  I'm going to suggest to
14 them that they can also simply take Statement No. 1 and run it
15 through each defendant.
16       MS. BEER:  That, actually, was going to be precisely
17 the suggestion.
18       THE COURT:  I think it --
19       MS. BEER:  We took a shot at laying it out in that
20 form, although I must admit I have some trepidation about
21 advancing yet another variation of the form; but, I think that
22 the statement can -- the questions can -- be laid out in a way
23 that allows the jury to deal with one statement one time, as
24 to all the defendants, rather than tracking back through the
25 list multiple times.

4361

1       The other issue that we have with the questions on
2 the form that the plaintiffs have proffered is that we believe
3 the jury should be given more guidance on the elements of a
4 10b-5 claim; that they should not be permitted to simply walk
5 into the jury room and say, "Violation: Yes or No"; that they
6 should get more guidance on applying the elements, as they
7 must, to each particular statement that is alleged to be false
8 or misleading.
9       So, we have incorporated that suggestion into another
10 variation, which would, again, require the verdict -- the jury
11 to go through the form, the list of statements once, for all
12 four defendants.
13       May I offer that form?
14       THE COURT:  I'm not going to do that.  I mean, you
15 can offer that, but I'm not going to do that.  We give them an
16 instruction; we tell them what the elements are; we define
17 each element; and, we tell them that to find a violation they
18 have to find that the plaintiff proved each such element by a
19 preponderance of the evidence.  And if the plaintiff did
20 not, then they haven't established a violation.
21       I'm not going to repeat the elements of the offense
22 in the verdict form, again.  I understand why you would want
23 to do that, but it's not necessary.
24       If the jury is not going to follow the Court's
25 instructions, then we're all in trouble here, folks.  But I

4362

1 think we know the law is pretty clear; and, I have no doubt
2 with respect to this jury -- that has been as attentive
3 through a prolonged and difficult trial as I have ever seen a
4 jury -- that they will follow the Court's instructions and
5 they will not find that Statement One has been violated by
6 Household and disregard the elements instruction we gave them
7 on all of the 10b-5 statements.  I'm not going to do that.
8       I think that it's entirely possible that the verdict
9 form could be reshaped so as to make it easier for jurors to
10 follow Statement One through all of the defendants, rather
11 than all of the statements through each defendant, which this
12 form makes it easier for them to do.
13       And if you want to take a crack at doing that, I'll
14 be happy to consider it.  Otherwise, I'm simply going to tell
15 the jury, when I show them the verdict form, that they have an
16 option.  They can go through all 40 statements with respect to
17 defendant Household; and, then, go back to the next defendant,
18 Mr. Aldinger, and go through all 40 statements; or, they can
19 take one statement, Statement No. One, and analyze it with
20 respect to the defendant Household; and, then, go on to Page 6
21 and analyze it with respect -- or Page 8, whatever it is --
22 with respect to defendant Aldinger, and so on and so on.
23       Either way will work.  I think the way you have
24 suggested would make it easier for the jury -- and I'd be
25 happy to consider it -- but I'm not going to make a change as

4363

1 to include the elements in the verdict form.  I'm just not
2 going to do that.
3       MS. BEER:  Your Honor, the question on the
4 plaintiffs' verdict form as to whether a particular defendant
5 violated Section 10(b), Rule 10b-5, without a separate
6 question as to whether this statement gives rise to whether
7 the element of loss causation has been established as to a
8 particular statement, introduces an ambiguity, because a
9 violation of 10(b) and 10b-5 does not, in itself, include a
10 finding of loss causation.
11       THE COURT:  Well --
12       MS. BEER:  Loss causation is an element of the cause
13 of action.
14       THE COURT:  Sure.
15       But if you wanted that, you should have included that
16 in your argument when we were discussing what elements ought
17 to be included in the elements instruction on a 10b-5
18 violation.  And that was never discussed by anyone and it's
19 too late to bring it up now.
20       MS. BEER:  Your Honor --
21       THE COURT:  And you can't discuss it now in the
22 context of adding that to a verdict form rather than the
23 elements instruction.
24       MS. BEER:  No, I'm sorry I'm not making myself clear.
25       The elements instruction sets forth the elements of a

4364

1 cause of action. Loss causation is one of the elements of a
2 cause of action. But a finding of a violation of Section
3 10(b), Rule 10b-5 is different. And the question that is
4 presented on the form asks only for a finding of a violation.
5 So, this form at present does not include any finding
6 that a particular statement was a substantial cause of the
7 plaintiffs' loss.
8 THE COURT: Well, then, let's do this. I think we
9 can clear that up. I don't think that's really a problem. I
10 think it's, essentially, English. But I guess we could change
11 Question No. 1 to, "Have plaintiffs prevailed on their claim
12 that defendant Household, on their 10b-5 claim against
13 defendant Household, 10(b)/10b-5 claim against defendant
14 Household."
15 That's the language used in the 10b-5 elements
16 instruction. It says, "To prevail under a 10b-5 claim against
17 any defendant, plaintiffs must prove."
18 So, we can use the same language, "prevailed" rather
19 than "proved the violation." That will alleviate that
20 concern.
21 I don't think it's a really -- I mean, we have to
22 apply some common sense to this, but it's easily corrected.
23 MS. BEER: I would just reiterate the defendants'
24 objection to the use of a verdict form that does not --
25 THE COURT: I'm sorry?

4365

1 MS. BEER: I will just reiterate the defendants'
2 objection to the use of a verdict form that does not require
3 the jury to make a finding as to the specific elements of a
4 10b-5 cause of action, as to each specific statement.
5 THE COURT: Well, I agree with you and I would not do
6 that; but, this clearly does, indeed, require them to find
7 that the plaintiffs have prevailed, and the 10b-5 elements
8 instruction tells them that in order to prevail, they must
9 find that plaintiffs have proved by a preponderance of the
10 evidence each of the four elements included in that
11 instruction.
12 MS. BEER: I believe it's our view that the verdict
13 form should repeat -- either repeat the elements or include a
14 specific reference to the elements instruction. And this does
15 neither; and, therefore, our objection, I'm afraid, has not
16 been alleviated.
17 THE COURT: Okay. Your points are noted for the
18 record.
19 Anything else with respect to this portion of the
20 verdict form?
21 (No response.)
22 THE COURT: I think it remains the same through each
23 of the defendants.
24 MS. BEER: Your Honor, would it be appropriate to
25 list the individual defendants before "defendant Household"

4366

1 simply because of the findings as to defendant Household is
2 dependent upon the findings as to the individual defendants?
3 MR. BROOKS: That's not the case, your Honor --
4 sorry.
5 THE COURT: Excuse me?
6 MR. BROOKS: It's not the case, Judge. I think in
7 the jury instruction discussions we've discussed Household can
8 be liable even if the individual defendants aren't.
9 THE COURT: I don't think it makes any great
10 difference, rather than -- I don't think it makes any great
11 difference.
12 Then after the last defendant, the instruction
13 form -- the verdict form -- reads, "If you answered 'No' for
14 all of the statements in Questions 1, 4, 7, 10 and 13, you
15 have finished with the verdict form."
16 I think you just need to add in there that they
17 should turn to the last page, sign and date the form and let
18 the Court know that they have finished.
19 MR. DROSMAN: Your Honor, I should probably add a
20 date entry on the last form. I think there's just signature.
21 THE COURT: On the verdict form? Yeah.
22 MR. DROSMAN: I'll add a date.
23 THE COURT: Okay.
24 "If you answered 'Yes' for any statement, please
25 proceed to Question No. 16."

4367

1 Question No. 16 starts out, "Write the amount of loss
2 per share, if any, that any defendant or former defendant's
3 conduct -- " I guess we can leave out "or former
4 defendants" -- " -- any defendant's conduct caused plaintiffs
5 to suffer on each of the dates set forth in Table B.
6 "If no loss was caused on any date, write 'None'."
7 I suppose we could put in there, "Write 'None' or
8 'Zero.'"
9 We'll get this back with a bunch of zeros, then
10 there's a problem. So, write "None" or "Zero."
11 Is there any objection to that portion of the verdict
12 form?
13 MS. BEER: Yes, your Honor.
14 THE COURT: Proceed.
15 MS. BEER: There are two points here. One is that we
16 believe before the jury is directed to Table B, they should
17 record their decision as to which of the two models they are
18 using.
19 THE COURT: How about that?
20 MR. DROSMAN: Well, your Honor, I think the jury is
21 free to put something that's -- any damage amount that's --
22 reasonable in the Table B.
23 THE COURT: Yeah, but they only have two ways to
24 figure out what's a reasonable damage amount: Either of the
25 two theories Professor Fischel gave them. Anything else is

4424

1  charge them Friday?  You're going to charge them Monday?
2      THE COURT:  Well, I'll ask them if they want to
3  continue to work on their four-day-a-week schedule or they
4  want to come back on Friday and start deliberations, and then
5  I'll charge them as soon as they come back, if that's the way
6  it works.
7      MR. DROSMAN:  That's fine with us.
8      MR. KAVALER:  Plaintiffs, you want to stick to three?
9      MR. BURKHOLZ:  We want three.
10     MR. KAVALER:  If they're at three, your Honor, I have
11 no choice.  I'm at three.
12     THE COURT:  Well, you do, but that's okay.
13     MR. KAVALER:  Well, I may not use it, but I have to
14 hear what he says.
15     If he's going to get up there and talk for three
16 hours, I guess the way it works is he has three in the
17 aggregate, and he's going to reserve as much for his sandwich
18 as he wants.
19     THE COURT:  That's right.
20     MR. KAVALER:  So he'll speak as long as he wants.
21     THE COURT:  That's how it works.
22     MR. KAVALER:  I'm not quarreling, your Honor.  I'm
23 just --
24     THE COURT:  No, I understand.
25     MR. KAVALER:  -- observing that that's going to burn

4425

1  tomorrow.
2      THE COURT:  I just think -- well, whatever.  Mr. Dowd
3  is obviously a gifted orator, so --
4      MR. KAVALER:  Obviously.
5      THE COURT:  -- maybe I won't get tired.  Who knows?
6      MR. KAVALER:  Well, Professor Bajaj is a great
7  teacher.
8      THE COURT:  Yeah, I was certainly impressed.
9      MR. KAVALER:  Not in the least tired.
10     THE COURT:  All right.  That's what we'll do.
11     I have -- I want to have the instructions tomorrow
12 though.  I want the instructions in final form before we begin
13 closing arguments, I will tell you that.  I will not start
14 closing arguments without having the instructions in final
15 form.
16     MR. KAVALER:  And, conversely, can we rely that the
17 instructions as in final form before closing arguments will be
18 the instructions given afterwards?
19     THE COURT:  Well, unless one of you gets up and
20 accuses the other of having murdered Lincoln, in which case we
21 may need another instruction.
22     With that caveat, yeah.
23     MR. KAVALER:  Okay.  Thank you.
24     MR. DROSMAN:  Thank you, Judge.
25   (Court adjourned, to reconvene at 9:00 a.m. on 4-30-09.)

4426

* * * * *
1
2           C E R T I F I C A T E
3      We certify that the foregoing is a correct
transcript from the record of proceedings in the
4
5  above-entitled matter.
6
7      /s/ Nancy C. LaBella
8  _____
      /s/ Kathleen Fennell
9  _____
10
      /s/ Joseph Rickhoff          April 30, 2009
11 _____
      Official Court Reporters         Date
12    United States District Court
   Northern District of Illinois
13       Eastern Division
14
15
16
17
18
19
20
21
22
23
24
25