QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (*appearing pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (appearing *pro hac vice*)
  ellydethompson@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**MOTION *IN LIMINE* NO. 4**<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING THE SEC COMPLAINTS AND SETTLEMENTS** |

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 2

    I.    EVIDENCE OF THE SEC SETTLEMENTS IS INADMISSIBLE UNDER FRE 408 ................................................................................................................................ 3

    II.   THE SEC COMPLAINTS AND SUBSEQUENT SETTLEMENTS ARE NOT RELEVANT, AND THE COMPLAINTS ARE INADMISSIBLE HEARSAY ................... 4

    III.  THE SEC COMPLAINTS AND SETTLEMENTS PRESENT A SUBSTANTIAL RISK OF UNFAIR PREJUDICE TO DEFENDANTS ......................................................... 5

CONCLUSION ............................................................................................................................... 7

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Engquist v. Or. Dep't of Agr.*,
    478 F.3d 985 (9th Cir. 2007) ................................................................................................. 5

*Grace v. Apple, Inc.*,
    2020 WL 227404 (N.D. Cal. Jan. 15, 2020) ...................................................................... 5, 6

*In re Homestore.com, Inc. Sec. Litig.*,
    2011 WL 291176 (C.D. Cal Jan. 25, 2011) ......................................................................... 3

*In re Outlaw Lab., LP Litig.*,
    2022 WL 507492 (S.D. Cal. Feb. 18, 2022) ........................................................................ 3

*Kaiser Found. v. Abbott Labs*,
    2006 WL 5105220 (C.D. Cal. Mar. 17, 2006) ..................................................................... 4

*Munoz v. PHH Mortg. Corp.*,
    2022 WL 88497 (E.D. Cal. Jan. 7, 2022) .......................................................................... 5, 6

*SEC v. Jensen*,
    835 F.3d 1100 (9th Cir. 2016) .............................................................................................. 5

*U.S. v. Contra Costa Cty. Water Dist.*,
    678 F.2d 90 (9th Cir. 1982) ............................................................................................... 3, 4

*United States v. Bailey*,
    696 F.3d 794 (9th Cir. 2012) ............................................................................................. 4, 5

*United States v. Balwani*,
    2022 WL 597040 (N.D. Cal. Feb. 28, 2022) ....................................................................... 3

*United States v. Holmes*,
    2021 WL 2044470 (N.D. Cal. May 22, 2021) ..................................................................... 3

*United States v. Kail*,
    2021 WL 261135 (N.D. Cal. Jan. 26, 2021) ......................................................................... 3

**Rules**

Fed. Rule Evid. 401 ....................................................................................................................... 2
Fed. Rule Evid. 403 ............................................................................................................... 2, 5, 6
Fed. Rule Evid. 408 ............................................................................................................ 1, 2, 3, 4
Fed. Rule Evid. 801 .................................................................................................................... 3, 4
Fed. Rule Evid. 802 .................................................................................................................... 3, 4

**Treatises**

D. Louisell & B. Mueller, *Federal Evidence*, § 171 (1978) .......................................................... 3

**PRELIMINARY STATEMENT**

It is axiomatic that evidence of a settlement is inadmissible at a subsequent trial to prove liability. Tesla's and Elon Musk's settlements with the Securities and Exchange Commission to resolve the Commission's investigation of Mr. Musk's August 7, 2018 "Take Private" tweets fall squarely within the protections afforded to settling parties under Federal Rule of Evidence 408, which is designed, in part, to prevent juries from inferring wrongdoing merely from the fact or amount of a previous settlement. Plaintiff therefore should not be permitted to corrupt the jury's evaluation of this case by introducing any evidence of the settlement agreements or the SEC's unproven complaints against Musk and Tesla. Neither Musk nor Tesla conceded any wrongdoing because they did nothing wrong. Quite the contrary, they wanted only to ensure peace with Tesla's primary regulator during an existentially important time as Tesla rolled out its first mass-market vehicle.

Even if the settlement agreements were not covered by FRE 408, they still would be inadmissible as irrelevant or, alternatively, because they are substantially more prejudicial to Defendants than they are probative of any contested issue in this case. The jury is likely to improperly infer liability at trial based on Musk and Tesla's agreement to resolve the SEC complaints by paying $40 million and having Musk step down as Chairman—even though none of those facts have any probative value to the claims in this case. Because there is a substantial risk of prejudice and misleading the jury—and no corresponding benefit if this evidence is introduced—it should be excluded.

Plaintiff has argued that evidence of the SEC's *investigation* is admissible as to causation and damages in this case, as that became public during the class period. Even if true, the solution is not the unchecked admission of all the irrelevant and unduly prejudicial facts that followed the investigation. The solution instead is for the Court and the parties to craft an appropriate limiting instruction that the fact of the SEC investigation may be considered for its relevance to causation and damages, but that the jury should not infer anything beyond that and should not speculate as to the result of the investigation. That will ensure the jury's ability to decide the case with the benefit of all relevant information while also preserving Defendants' entitlement to a fair trial by excluding

evidence that serves no purpose other than to poison the jury's view of Defendants and their defenses.

## BACKGROUND

This securities-fraud class action arises from a series of statements that Mr. Musk made on Twitter beginning August 7, 2018 regarding a potential transaction to take Tesla private. The SEC initiated an investigation immediately after Musk tweeted, and the pendency of that investigation became public on August 8, 2018. (Compl. ¶ 192.) The class period for this case ended on August 17, 2018. More than one month after the class period ended, the SEC filed a securities-fraud complaint against Musk personally. *See* Dkt. 1, Case No. 1:18-cv-8865 (S.D.N.Y. Sept. 27, 2018). And two days after that, the Commission filed a related complaint against Tesla, Inc. *See* Dkt. 1, Case No. 1:18-cv-8947 (S.D.N.Y. Sept. 29, 2018). At the time, Musk and Tesla were in the throes of what Musk has referred to as "production hell" in connection with the Tesla Model 3, a new, mass-market vehicle that had the potential to transform Tesla into a profitable company.

Musk and Tesla accordingly entered into settlement agreements with the SEC on September 29, 2018—the same day the second complaint was filed. (*See* Exs. A, B.)[1] They agreed to pay $20 million each, appoint two new independent directors to Tesla's board, and implement a new policy for the review of Musk's Twitter statements prior to their publication. (*See generally id.*) And Musk agreed that he would step down as Chairman of Tesla for three years. (Ex. A ¶ 5(a).) Neither Musk nor Tesla admitted any liability or wrongdoing, nor did the settlements impact Musk's and Tesla's "right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party." (Ex. A ¶¶ 2, 13; Ex. B ¶¶ 2, 14.) Musk and Tesla, in fact, vigorously deny any wrongdoing in connection with the series of tweets that is the subject of this litigation.

## ARGUMENT

The settlement agreements with the SEC—meaning both the fact of the settlements and their terms—are inadmissible under FRE 408, as well as under FRE 401-403. The underlying SEC complaints are similarly inadmissible under FRE 401-403, and they are otherwise inadmissible

---

[1] Exhibit citations refer to exhibits to the Declaration of Kyle Batter in support of Defendants' motions *in limine*.

hearsay under FRE 801-802.  Defendants will not receive a fair trial if the jury is presented with the highly prejudicial and irrelevant SEC complaints and settlements.

## I.  EVIDENCE OF THE SEC SETTLEMENTS IS INADMISSIBLE UNDER FRE 408

Under FRE 408(a), "a settlement agreement is inadmissible as evidence, unless for a narrow purpose such as proving a witness' bias or prejudice." *In re Outlaw Lab., LP Litig.*, 2022 WL 507492, at *1 (S.D. Cal. Feb. 18, 2022); *In re Homestore.com, Inc. Sec. Litig.*, 2011 WL 291176, at *1 (C.D. Cal Jan. 25, 2011) (FRE 408 "excludes complete compromises with third parties.").  The important reasons for this rule are well-established and straightforward.  First and foremost, evidence of settlement "is irrelevant" because, like here, settlement often is "motivated by a desire for peace rather than from a concession of the merits of the claim." *U.S. v. Contra Costa Cty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982).  Beyond that, however, exclusion of prior settlements at trial serves "the public policy favoring the compromise and settlement of disputes."  *Id.* (affirming exclusion of prior settlement agreement).  Thus, under the Rule, "a defendant cannot prove the invalidity or amount of a plaintiff's claim by proof of plaintiff's settlement … nor can plaintiff show the defendant's liability or extent of liability, by proof of defendant's settlement with a third person." D. Louisell & B. Mueller, Federal Evidence § 171, at 289 (1978).

Unless Plaintiff can establish that introduction of the SEC settlement agreements would be for one of the narrow exceptions to FRE 408—and at this pretrial stage, there is no basis for such an argument—they are inadmissible in the trial of this action.  *In re Homsetore.com*, 2011 WL 291176, at *1 (granting motion *in limine* "to exclude reference to or evidence of amount of settlement").  Given the clarity of FRE 408 and its importance to ensuring fair trials without undue juror bias, it is common for motions *in limine* like this one to be granted without opposition.  *See, e.g.*, *United States v. Holmes*, 2021 WL 2044470, at *24 (N.D. Cal. May 22, 2021) (noting Government did not intend to introduce evidence of Theranos' prior civil settlements and granting motion to exclude them); *United States v. Balwani*, 2022 WL 597040, at *8 (N.D. Cal. Feb. 28, 2022) (same); *United States v. Kail*, 2021 WL 261135, at *7 (N.D. Cal. Jan. 26, 2021) (noting Government did not object to motion to exclude prior civil settlement and granting motion to exclude).  Plaintiff unfortunately declined to agree to this reasonable evidentiary exclusion for

purposes of this trial, presumably because he understands the significant impact the SEC settlements would have on the trial if Plaintiff is able to get them in front of the jury. FRE 408 stands squarely in the way of that trial tactic, however, and the Court should exclude any evidence of the SEC settlements. *Kaiser Found. v. Abbott Labs*, 2006 WL 5105220, at *1 (C.D. Cal. Mar. 17, 2006) (excluding any "[r]eferences to FTC Investigation and May 2000 Consent Decree" with FTC).

## II. THE SEC COMPLAINTS AND SUBSEQUENT SETTLEMENTS ARE NOT RELEVANT, AND THE COMPLAINTS ARE INADMISSIBLE HEARSAY

Neither the SEC complaints against Musk and Tesla nor the resulting settlement agreements have any relevance to this case. The two complaints were filed on September 27 and 29, 2018, more than a month after the class period ended. They therefore could not have "corrected" the statements at issue and thus have no bearing on any events occurring within the class period. Moreover, it is black-letter law that allegations in an unproven complaint are not probative of whether a defendant actually committed the alleged misconduct. *United States v. Bailey*, 696 F.3d 794, 800 (9th Cir. 2012). That is especially the case where, as here, the complaint resulted in a settlement without any admission of liability. *Id.* ("Admitting prior conduct charged but settled with no admission of liability is not probative of whether the defendant committed the prior conduct."). Indeed, this is the very reason that FRE 408 precludes evidence of settlement to prove liability in the first place. *See Contra Costa*, 678 F.2d at 92 (citing Advisory Committee Notes to FRE 408 for proposition that evidence of settlement is "irrelevant" to culpability). Because neither the SEC's unproven complaints against Musk and Tesla nor the ensuing no-liability settlements have any probative value, the Court should exclude any reference to them at trial.

The SEC's complaints against Musk and Tesla are inadmissible for the independent reason that they are hearsay not subject to any exception. FRE 801 (hearsay is any out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement"). As of now, there is no purpose for which Plaintiff could offer this evidence at trial other than to suggest to the jury that Musk and Tesla are liable for the securities-law violations alleged by the SEC—in other words, for the truth of the matters asserted in the SEC complaints. That is flatly prohibited by the Rule against hearsay. FRE 801-802. The Court should exclude the SEC complaints on that basis as well.

### III. THE SEC COMPLAINTS AND SETTLEMENTS PRESENT A SUBSTANTIAL RISK OF UNFAIR PREJUDICE TO DEFENDANTS

Even if Plaintiff could get past the Rules prohibiting evidence of settlement, irrelevant evidence, and hearsay (which he cannot), the SEC complaints and settlements still would be inadmissible because of the unfair prejudice they would create against Defendants. *See* FRE 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice [or] misleading the jury.").

The SEC complaints and settlement agreements are not probative at all of Musk's or Tesla's liability in this case. *Bailey*, 696 F.3d 794, 800. At most, Plaintiff may argue that they are "background facts comprising part of the sequence of events." *Grace v. Apple, Inc.*, 2020 WL 227404, at *2 (N.D. Cal. Jan. 15, 2020). Even accepting that proposition, the complaints and settlement agreements would have no more than "minimum probative value." *Id.* Yet, on the other hand, they "would likely have a significant improper influence on the jury's determination" of the case, which requires their wholesale exclusion under FRE 403. *Id.* (excluding evidence of prior lawsuits offered as "background facts" due to likelihood jury would give such evidence "more weight than it warrants"). The unfairness of this near-certain prejudice is obvious. Admission of the complaints and the settlements would "permit[] the jurors to succumb to the simplistic reasoning that if defendant was accused of the conduct, it probably or actually occurred," and "such inferences are impermissible." *Bailey*, 696 F.3d at 800; *see also SEC v. Jensen*, 835 F.3d 1100, 1116 (9th Cir. 2016) (affirming exclusion of evidence that defendant previously entered into consent decree with SEC where it was "not evidence of culpability" and posed "a clear risk of unfair prejudice").

In fact, even where the evidence sought to be admitted is a prior ***verdict*** of liability, courts are loathe to permit that evidence at a subsequent trial due to the likely corrupting effect it would have on the jury. *See Engquist v. Or. Dep't of Agr.*, 478 F.3d 985, 1010 (9th Cir. 2007) (affirming exclusion of prior verdict where "there was a substantial risk that the jury would import the whole verdict of liability from the prior proceeding"); *Munoz v. PHH Mortg. Corp.*, 2022 WL 88497, at *2-3 (E.D. Cal. Jan. 7, 2022) (noting the same risk with respect to prior jury verdicts and excluding evidence of previously ***settled*** actions); *Grace*, 2020 WL 227404, at *2 (granting motion *in limine*

to exclude "all evidence and testimony regarding prior … lawsuits and verdicts against Apple"). Thus, even had there been a trial of the SEC actions that resulted in a finding that Musk and Tesla were liable, it would be unfairly prejudicial to introduce that evidence in this case—even though in that scenario (unlike here), the evidence would at least be probative.

It is thus apparent that admission of the SEC's untested and accordingly irrelevant accusations in the trial of this action would undercut Defendants' right to a fair trial. The "obvious risk of prejudice to Defendants if Plaintiff[] is allowed to introduce the evidence of past proceedings"—including the no-liability settlement of those proceedings—"is sufficient reason to exclude that evidence under Rule 403." *Munoz*, 2022 WL 88497, at *3 (excluding evidence of eight prior third-party actions that resulted in settlements and a prior dismissed action).

Apart from the erosion of Defendants' right to a fair trial, the Court also should exclude the SEC complaints and settlements because their admission would waste time and needlessly prolong the trial. *See* FRE 403 (risk of "confusing the issues," "undue delay," and "wasting time" are also grounds for exclusion). If Musk and Tesla are saddled with defending not just against Plaintiff's claims but also against the SEC's unproven and now-dismissed claims, a mini-trial will ensue as to the Commission's history of singling out Musk and Tesla for increased scrutiny, as well as all the reasons Musk and Tesla opted to settle the SEC's claims instead of litigating. That will only distract from the issues the jury is tasked with resolving—whether **Plaintiff's claims** have any merit. *See Grace*, 2020 WL 227404, at *2 (excluding evidence of prior litigations to avoid "time-consuming tangents" and a "side trial," among other FRE 403 considerations).

Any concern that jurors will be confused if they learn of the SEC's investigation but not what came of it can be eliminated by an instruction that the investigation is relevant insofar as it affects issues of causation and damages during the class period, but the jury should not infer anything about the result of the investigation one way or the other. Allowing the jury to hear any evidence about the SEC complaints and settlements, however, would irrevocably diminish the jury's ability to determine the issues in this case impartially and based only on the relevant evidence.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude evidence of Tesla's and Elon Musk's settlement agreements with the SEC, as well as the underlying SEC complaints.

DATED:  September 20, 2022          Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Alex Spiro*
    Alex Spiro (appearing *pro hac vice*)
    Andrew J. Rossman (appearing *pro hac vice*)
    Ellyde R. Thompson (appearing *pro hac vice*)
    Michael T. Lifrak (Bar No. 210846)

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*