QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (*appearing pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (*appearing pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (*pro hac vice* forthcoming)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**MOTION *IN LIMINE* NO. 3**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM ELON MUSK ABOUT THE STATEMENTS AT ISSUE AND SURROUNDING FACTS** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................................1

ARGUMENT .....................................................................................................................................2

I.   MATERIAL FALSITY AND WHETHER MR. MUSK ACTED WITH SCIENTER AS TO MATERIAL FALSITY ARE DISPUTED ISSUES IN THIS TRIAL ....................................2

II.  MR. MUSK SHOULD BE PERMITTED TO TESTIFY ABOUT MATTERS RELEVANT TO MATERIALITY...................................................................................................3

III. EVIDENCE OF MR. MUSK'S KNOWLEDGE IS MOST PROBATIVE TO APPORTIONING LIABILITY .................................................................................................5

IV.  THIS EVIDENCE IS NOT UNDULY PREJUDICIAL AND WILL NOT WASTE TIME ..........6

CONCLUSION...................................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Borges v. City of Hollister*,
  No. C03-05670 HRL, 2005 WL 6019704 (N.D. Cal. Aug. 24, 2005) .................................. 6

*Carvelli v. Ocwen Fin. Corp.*,
  934 F.3d 1307 (11th Cir. 2019) ........................................................................................... 7

*Dura Pharma, Inc. v. Broudo*,
  544 U.S. 336 (2005) ............................................................................................................ 2

*GIA-GMI, LLC v. Michener*,
  No. C06-7949 SBA, 2007 WL 2070280 (N.D. Cal. July 16, 2007) .................................. 5

*In re Alphabet, Inc. Sec. Litig.*,
  1 F.4th 687 (9th Cir. 2021) ................................................................................................. 2

*In re McKesson HBOC, Inc. Sec. Litig.*,
  126 F. Supp. 2d 1248 (N.D. Cal. 2000) ..................................................................... 3, 4, 6

*Magadia v. Wal-Mart Assocs., Inc.*,
  No. 17-CV-00062-LHK, 2018 WL 6003376 (N.D. Cal. Nov. 15, 2018) ............................ 6

*Matrixx Initiatives, Inc. v. Siracusano*,
  563 U.S. 27 (2011) .............................................................................................................. 7

*Phillips v. LCI Int'l, Inc.*,
  190 F.3d 609 (4th Cir. 1999) .............................................................................................. 5

*Siracusano v. Matrixx Initiatives, Inc.*,
  585 F.3d 1167 (9th Cir. 2009), *aff'd*, 563 U.S. 27 (2011) ................................................. 3

*TSC Indus., Inc. v. Northway, Inc.*,
  426 U.S. 438 (1976) ................................................................................................ 1, 3, 4, 5

*United States v. Goyal*,
  629 F.3d 912 (9th Cir. 2010) .............................................................................................. 5

### **Statutes**

15 U.S.C. § 78u-4(f) ................................................................................................................ passim

15 U.S.C. § 78u-4(f)(3) ..................................................................................................................... 2

15 U.S.C. § 78u-4(f)(3)(A)(iii) ......................................................................................................... 5

15 U.S.C. § 78u-(10) ................................................................................................................. 2, 5, 7

### **Rules**

17 C.F.R. § 240.10b–5(b) ................................................................................................................ 3

Fed. R. Evid. 402(b) .................................................................................................................... 2, 6

# INTRODUCTION

Plaintiff's motion *in limine* purports to ask the Court to exclude argument and evidence from Mr. Musk that contradicts the Court's summary judgment order, but the actual relief it seeks is far broader and would deprive the jury of evidence relevant and probative to the issues they have to decide. Plaintiff seeks an expansive order to prevent Mr. Musk from testifying about and introducing evidence related to "***the statements at issue in this case and background related thereto***" and "whether those statements altered the total mix of information available, ***including relative to the events that took place between July 31, 2018 and August 17, 2018***." (Mot. at 4) (emphasis original). The motion claims that the Court's summary judgment order requires that the jury hear none of this evidence because "the sole purpose of Mr. Musk's testimony relating to events prior to August 7, 2018, is to argue that the August 7, 2018, tweets were true or that Mr. Musk believed them to be true. " (*Id.*)  Plaintiff is wrong.

As the Court made clear at the June 16, 2022 hearing, Plaintiff must still prove at trial that Mr. Musk's statements were materially false and that he made the materially false statements with scienter. The evidence and testimony Plaintiff seeks to exclude are highly probative of materiality. (Ex. I, 6/16/22 Hr'ing Tr. at 5:4-8.)[1] The jury will be asked to determine whether Mr. Musk's alleged misstatement of facts "assumed actual significance in the deliberations of the reasonable shareholder." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976).  To do that, the jury will need to compare the actual facts to the facts that a reasonable investor would have believed to exist in light of Mr. Musk's statements that this Court held were inaccurate.  This will require evidence of the actual state of affairs with respect to Mr. Musk's efforts to take Tesla private and surrounding context related to his tweets to have a baseline by which to judge whether Mr. Musk's statements that this Court found to be inaccurate were material.  That is the information Plaintiff seeks to exclude.  And to apportion liability if it finds a violation, the jury must decide whether Mr. Musk acted either knowingly or recklessly. 15 U.S.C. § 78u-4(f).  The Court did not decide whether Mr. Musk acted knowingly, and evidence related to Mr. Musk's personal knowledge and state of mind is most probative to that inquiry.  The testimony and evidence for which Plaintiff seeks a blanket exclusion order is highly relevant to the disputed issues at trial.  The motion should be denied.

---

[1] All Exhibit citations are to the Declaration of Michael T. Lifrak.

# ARGUMENT

## I. MATERIAL FALSITY AND WHETHER MR. MUSK ACTED WITH SCIENTER AS TO MATERIAL FALSITY ARE DISPUTED ISSUES IN THIS TRIAL

Plaintiff seeks to exclude testimony and evidence from Mr. Musk that he wrongly contends was rendered irrelevant by the Court's summary judgment order.  The relevance analysis here must begin with an assessment of what is at issue in the trial.  Fed. R. Evid. 402(b) (a fact is relevant if it "is of consequence in determining the action").  At the outset, Plaintiff's analysis is flawed and incomplete because his motion ignores much of the Court's guidance on what it did (and did not) decide on summary judgment.

At the June 16, 2022 hearing on Defendants' motion for reconsideration, the Court made clear that it found only that the statements "Funding secured" and "Investor support is confirmed.  Only reason why this is not certain is that it's contingent on a shareholder vote" were "false statement[s]…in a literal sense, not in a legal sense."  (Ex. I, 6/16/22 Hr'ing Tr. at 4:14-23.)  The Court made the same limited finding as to scienter.  (*Id.* ("and similarly with scienter, no reasonable juror could find that Mr. Musk did not know or didn't act in disregard to the inaccuracy—the factual inaccuracy, not the legal.").  And to avoid any doubt, the Court stated "[t]o be clear, I did not find materiality with respect to the misrepresentation or a reckless disregard or knowingly scienter with regard to any such material representation." (*Id.* at 5:4-8.)

In other words, Plaintiff did not prove the elements of material falsity or scienter.  All the Court found on summary judgment was that Plaintiff proved the statements at issue were "literal[ly] false" and that Mr. Musk acted in reckless disregard to their "factual inaccuracy."  It remains up to the jury to decide if the statements were "materially false" or made with *either* knowledge *or* reckless disregard to their "material falsity."  *See Dura Pharma, Inc. v. Broudo*, 544 U.S. 336, 341 (2005) (plaintiff must prove defendant made a "material misrepresentation (or omission)"); *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 701 (9th Cir. 2021) (scienter satisfied by "a reckless omission of material facts");15 U.S.C. §§ 78u-4(f)(3); (10) (in apportioning responsibility jury must decide whether defendant violated securities laws "knowingly" or through "reckless conduct"); (Ex. I, 6/16/22 Hr'ing Tr. at 5:4-8).

If the evidence at issue is relevant to establish whether a statement was materially false, Mr. Musk acted with scienter as to its material falsity, or to determine whether Mr. Musk acted knowingly versus recklessly, 15 U.S.C. §§ 78u-4(f), it is relevant to this trial and should not be excluded under Rule 402.

## II. MR. MUSK SHOULD BE PERMITTED TO TESTIFY ABOUT MATTERS RELEVANT TO MATERIALITY

As an initial matter, Defendants understand they are bound by the Court's summary judgment order and therefore do not intend to make any arguments to the jury that contradict the Court's summary judgment order. Plaintiff knows this. But instead of seeking a limited order, the motion seeks a broad preclusion of evidence central to the disputed issues in this case. Specifically, Plaintiff takes issue with Defendants' plan to have Mr. Musk testify about "*the statements at issue in this case and background related thereto*" and "whether those statements altered the total mix of information available, *including relative to the events that took place between July 31, 2018 and August 17, 2018*." (Mot. at 4 (emphasis original).) Plaintiff offers no legitimate argument for excluding this highly relevant testimony and evidence concerning disputed issues in this case.

Plaintiff must prove materiality at trial. An alleged misstatement or omission is material where there is "a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder." *TSC Indus., Inc.*, 426 U.S. at 449. "Put another way, there must be a substantial likelihood that the…correction of the misstated fact] would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1259 (N.D. Cal. 2000) (bracket in original) (quoting *TSC Indus.*, 426 U.S. at 449). Determining materiality, therefore, requires "delicate assessments of the inferences a 'reasonable shareholder' would draw from a given set of facts and the significance of those inferences to him." *TSC Indus.*, 426 U.S. at 450. This "fact-specific inquiry" "should ordinarily be left to the finder of fact." *Siracusano v. Matrixx Initiatives, Inc.*, 585 F.3d 1167, 1178 (9th Cir. 2009), *aff'd*, 563 U.S. 27 (2011). The law makes clear that materiality is a context-specific analysis of both the statements and the circumstances in which they were made that requires the jury to compare what was said to the actual events as they existed in order to determine whether that difference would be important to a reasonable investor. *TSC Indus.*, 426 U.S. at 449; 17 C.F.R. § 240.10b–5(b) (it is unlawful "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."). To make that determination, the jury must therefore be informed of the background and

actual events to which the statement refers.  Afterall, a jury cannot assess the likelihood that the "correction of the misstated fact  would have been viewed…as having significantly altered the 'total mix' of information available" without knowing the fact itself.  *See In re McKesson HBOC*, 126 F. Supp. 2d at 1248.  For example, to understand whether "Funding secured" would be a materially false statement, the jury must first know what the actual status of the funding was.  Mr. Musk's testimony regarding his efforts to take Tesla private, the background of the tweets, and the dates surrounding their publication will be relevant to the jury's determination of what the actual state of affairs was.  Without it, any materiality assessment would be speculative and incomplete.[2]

Additionally, to understand whether the actual status of the funding (compared to Mr. Musk's representation) assumed "actual significance" to an investor's deliberation whether to buy or sell Tesla stock, the jury must obtain information sufficient to understand why that difference was important.  *See TSC Indus.*, 426 U.S. at 449.  As the Court noted, based on the market's reaction to the August 13 Blog Post, "arguably, the reaction to the tweets on 8/7/2018 was a response to Mr. Musk contemplating taking Tesla private and not to statements that, e.g., funding was secured or investor support confirmed" (Dkt. 387 at 32), rendering the misstatements immaterial.  Mr. Musk's testimony about the Blog Post—and the actual events which it describes—will provide important factual context to the jury from which it can determine the relative importance of the facts disclosed on August 13.  Additionally, Plaintiff's demand can be read to prevent Mr. Musk from testifying about the true statements in his tweet—that he was considering taking Tesla private at $420—that Defendants contend caused the market response.  Precluding this testimony about the context of the tweets would be akin, to borrow an analogy from the Court and Plaintiff, to prohibiting a jury in a revenue misstatement case from hearing evidence about the defendant's size, history, growth, and actual revenue.  (*See* Ex. I, 6/16/2022 Hr'ing Tr. at 13:22-14:14.)  This is all information that the jury needs to determine materiality.  It is highly relevant and should not be precluded before trial even starts.

---

[2]  Indeed, Plaintiff has contended in his proposed jury instructions and in the parties' meet and confer that this is both a misrepresentation ***and*** omission trial. (Plaintiff's Proposed Jury Instructions Nos. 25-26.)  Having taken that position, he cannot simultaneously contend that evidence as to what the full scope of the omission was should be precluded.

Finally, the evidence is also relevant to establishing the legal element of scienter, which remains at issue in this trial. (6/16/22 Hr'ing Tr. at 5:4-8.) To establish scienter, Plaintiff must prove that Mr. Musk "knew that a statement was materially false or misleading" or acted with deliberate recklessness as to its material falsity. *GIA-GMI, LLC v. Michener*, No. C06-7949 SBA, 2007 WL 2070280, at *9 (N.D. Cal. July 16, 2007); *cf. United States v. Goyal*, 629 F.3d 912, 917 (9th Cir. 2010) ("The government had to prove that Goyal's representations to PwC that NAI complied with GAAP were materially false or misleading, and that he knew that.") (articulating "knowingly" element under Rule 13b2-2). The background of the tweets and surrounding events are therefore relevant because they will provide information on Mr. Musk's personal knowledge or recklessness of the materiality of the misstatements, *i.e.*, whether there was a "substantial likelihood that a reasonable shareholder would consider [them] important" in deciding to buy or sell Tesla stock. *See TSC Indus.*, 426 U.S. at 449; *see also Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 621 (4th Cir. 1999) (failure to allege "that defendants' statements were [materially] false . . . obviously fails to allege facts constituting circumstantial evidence of reckless or conscious misbehavior on the part of defendants in making statements") (brackets in original).

### III. EVIDENCE OF MR. MUSK'S KNOWLEDGE IS MOST PROBATIVE TO APPORTIONING LIABILITY

Mr. Musk's actual knowledge about the background of the statements and events between July 31 and August 17, 2018 is also relevant to determine whether Mr. Musk acted "knowingly" or "reckless[ly]," as the jury is required to in order to apportion liability under the PSLRA. *See* 15 U.S.C. § 78u-4(f). Defendants who "the trier of fact specifically determines…knowingly committed a violation of the securities laws" are jointly and severally liable for all damages, whereas Defendants who merely engaged in "reckless conduct" are assessed liability proportionate to the percentage of their responsibility. 15 U.S.C. §§ 78u-4(f); 10(a)-(b) (defining "knowingly"). The jury, as indicated in both parties' proposed verdict forms, is responsible for assessing whether each defendant engaged in a knowing or reckless violation in this case. 15 U.S.C. §§ 78u-4(f)(3)(A)(iii) (jury shall answer special interrogatories concerning "whether such person knowingly committed a violation of the securities laws").

On summary judgment, the Court found only that Mr. Musk made the statements at issue "recklessly;" it made no determination whether Plaintiff proved the more demanding "knowing" standard.

(Dkt. No. 387 at 32-33.)  It left that to the jury.  Mr. Musk is therefore entitled to introduce evidence demonstrating that his statements were merely reckless and not knowing.  The background and events surrounding the statements that this Court found were inaccurate, and Mr. Musk's personal knowledge thereof, are "of consequence in determining"  whether Mr. Musk acted knowingly and are therefore relevant to the jury's apportionment determination.  Fed. R. Evid. 402(b).  They should not be precluded from being introduced into evidence here.  See 15 U.S.C. § 78u-4(f).

## IV. THIS EVIDENCE IS NOT UNDULY PREJUDICIAL AND WILL NOT WASTE TIME

Plaintiff's motion is built on the premise that "the sole purpose of Mr. Musk's testimony relating to events prior to August 7, 2018, is to argue that the August 7, 2018, tweets were true or that Mr. Musk believed them to be true." (Mot. at 4.)  As explained above, that is not the case.  Mr. Musk's testimony regarding events before he published the statements at issue are highly probative to showing the actual state of affairs that existed when he sent the tweets, the "omitted fact" or "correct[]" version "of the misstated fact," the relative importance of the information that the jury must consider to determine materiality and scienter.  See In re McKesson HBOC, 126 F. Supp. 2d at 1248.  They are also the facts most probative to the jury's decision as to whether he "knowingly" violated securities laws and thus the apportionment of his liability.  See 15 U.S.C. § 78u-4(f).

Plaintiff therefore cannot show that this evidence's probative value is "substantially outweighed" by the risk of unfair prejudice, confusing the issues, misleading the jury, or wasting time.  *First*, the authority Plaintiff cites is inapposite.  In those cases, the courts excluded evidence and argument that directly contradicted the court's prior ruling and had "no probative value," *e.g.*, *Magadia v. Wal-Mart Assocs., Inc.*, No. 17-CV-00062-LHK, 2018 WL 6003376, at *2 (N.D. Cal. Nov. 15, 2018) ("testimony on these issues would have no probative value"), or they permitted the parties to present evidence and argument on matters not directly covered by the prior order, *Borges v. City of Hollister*, No. C03-05670 HRL, 2005 WL 6019704, at *3 (N.D. Cal. Aug. 24, 2005) (denying motion to exclude evidence in part where court did not make a "wholesale ruling" on the matters at issue.).  Here, Plaintiff seeks to exclude broad areas of testimony—like the general background of the statements and events leading up to their publication—that are highly probative of key disputed issues at trial.

*Second*, Plaintiff's characterization that offering evidence of the background of and events leading to the statements would waste time or lead to a mini-trial is wrong. The question of materiality is not "collateral," (Mot. at 5)—it is one of the key issues in this trial. Evidence probative to its determination is not a waste of time, it is the proper focus of the trial.

*Third*, the broad topics of testimony and evidence Plaintiff seeks to exclude do not contradict the Court's ruling, nor do they invite the jury to "reevaluate issues decided by the [C]ourt"—and certainly not in a manner that outweighs their probative value. (Mot. at 6.) Plaintiff's implication that all evidence relating to the background of the statements and the events leading up to them "contradicts" the Court's order makes no sense—the Court reviewed much of that same evidence to make its falsity and recklessness determination. Plaintiff's problem is not that the evidence contradicts the Court's order, it is that it may help to prove the statements were not material. Plaintiff's proposal that the Court issue a blanket exclusion of evidence relevant to materiality because it may overlap with issues relating to factual falsity would remove the materiality requirement from this trial. The law of materiality mandates that a fact-finder to analyze a statement in its full context. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011) (assessing materiality of omitted information required "consideration of the source, content, and context of reports"); *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1321 fn. 6 (11th Cir. 2019) ("[T]he materiality inquiry includes consideration of the context in which a statement was made and the circumstances in which a reasonable investor would have heard it."). As a result, this standard necessarily requires the jury to hear evidence that may also be relevant to falsity. Moreover, Plaintiff's position is also untenable under the PSLRA's apportionment analysis, which demands that the jury distinguish whether Mr. Musk's conduct was knowing or reckless. 15 U.S.C. § 78u-4(f). This determination unambiguously demands that the jury hear evidence of the events leading up to the statements, as well as Mr. Musk's personal knowledge of them and state of mind. Excluding the evidence would deprive the jury of exactly what it needs to render a verdict on apportionment. 15 U.S.C. §§ 78u-4(f), 10(a)-(b). Its probative value far outweighs Plaintiff's exaggerated concerns.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

DATED: September 20, 2022  Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
　　Alex Spiro *(appearing pro hac vice)*

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*