1  **LEVI & KORSINSKY, LLP**
   Adam M. Apton (SBN 316506)
2  Adam C. McCall (SBN 302130)
   75 Broadway, Suite 202
3  San Francisco, CA 94111
   Tel.: (415) 373-1671
4  Email: aapton@zlk.com
5         amccall@zlk.com

6  *Attorneys for Plaintiff and Counsel for the Class*

7  [Additional Counsel on Signature Block]

8

9              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
10

11  IN RE TESLA, INC. SECURITIES          Case No. 3:18-cv-04865-EMC
    LITIGATION
12                                         **PLAINTIFF'S MOTION *IN LIMINE***
                                           **NO. 5 TO PRECLUDE EVIDENCE RE**
13                                         **POST-CLASS PERIOD EVENTS**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Glen Littleton hereby moves pursuant to Federal Rules of Evidence 401 and 402

2    for an order to preclude testimony and/or other evidence pertaining to all events and information

3    following the expiration of the statutory 90-day lookback period after the end of the Class Period.

4    **I.    INTRODUCTION**

5    This action concerns alleged misrepresentations made by defendants from August 7, 2018

6    to August 17, 2018 and the economic harm suffered by Tesla, Inc. investors as a result. Events

7    following the expiration of the statutory 90-day lookback period after the end of the Class Period

8    are irrelevant to the issues in this proceeding. This necessarily includes post-class period changes

9    in Tesla's stock price, Plaintiff Glen Littleton's investment portfolio since the events at issue in

10   this case, and irrelevant publicity stunts by Defendant Elon Musk in the lead-up to trial.  Evidence

11   pertaining to these events is not "relevant" under the Federal Rules of Evidence and would

12   prejudice Plaintiff and the class, confuse the jury, and waste the Court's time.

13   Plaintiff alleges that Defendants violated the federal securities laws by making false and

14   materially misleading statements, with scienter, that resulted in significant losses to Plaintiff and

15   the rest of the Class. Plaintiff brings his claims on behalf of a class of shareholders, who purchased

16   or sold Tesla securities from August 7, 2018 to August 17, 2018 (the "Class Period"). Under the

17   PSLRA, a plaintiff's damages are limited to the difference between the purchase price and "the

18   mean trading price of that security during the 90-day period beginning on the date on which the

19   information correcting the misstatement or omission that is the basis for the action is disseminated

20   to the market." *See* 15 U.S.C. Section 78u-4(e)(1). This 90-day period, referred to as the PSLRA's

21   "lookback" period, concluded on November 15, 2018. Accordingly, any information or events

22   after November 15, 2018 ("Post-Class Period"), bear no relevance to any of the remaining issues

23   for trial. Allowing testimony and/or other evidence on events and occurrences after the Post-Class

24   Period would prejudice Plaintiff and create confusion for the jury.

25   **II.    ARGUMENT**

26   **A. Post-Class Period Events Are Not Relevant to Any Claim or Defense.**

27   Under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." "Evidence

28   is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

1   the evidence; **and** (b) the fact is of consequence in determining the action." FED. R. EVID. 401

2   (emphasis added). Here, Post-Class Period events have no bearing on whether Musk's statements

3   between August 7, 2018 through August 17, 2018 were materially false or misleading, whether

4   they were made with scienter, or whether they caused Plaintiff and the class losses. Nor can any

5   Post-Class Period events have any tendency to make any claim or defense more or less probable

6   than it would be without the evidence.

7       With respect to the statements which the Court did not grant summary judgment as to

8   falsity or scienter, Defendants cannot retroactively prove that these statements were true by

9   referring to Post-Class Period events after the statements were made. "Inherent in the concept of

10   falsity is the requirement of contemporaneousness." *Xu v. Chinacache Int'l Holdings Ltd.*, 2016

11   WL 4370030, at *5 (C.D. Cal. Aug. 15, 2016) (falsity must be considered "in light of specific

12   contemporaneous . . . conditions"). Nor can they retroactively prove that Musk did not act with

13   scienter. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 391 (9th Cir. 2010); *see Wade v. WellPoint,*

14   *Inc.*, 892 F. Supp. 2d 1102, 1134 n.21 (S.D. Ind. 2012) ("'post-class period events'" were

15   "'render[ed] irrelevant'" because "they bear no relevance to Defendants' knowledge at the time

16   of the alleged misstatements and omissions"); *In re Tesla, Inc. Securities Litig.*, 3:18-cv-04865-

17   EMC, at *26 (N.D. Cal Apr. 1, 2022) (when a "defendant is aware of the facts that made the

18   statement misleading, 'he cannot ignore the facts and plead ignorance of the risk'" of misleading

19   others")(citing *SEC v. Platforms Wireless Int'l Corp.,* 617 F.3d 1072, 1093 (9th Cir. 2010)).

20       Given that Post-Class Period Events have no legal relevance to the remaining issues to be

21   decided at trial, the Court should preclude evidence concerning them. These events include, for

22   example, publicity stunts such as Musk's November 6, 2021 "Twitter poll" asking his followers

23   whether he should sell Tesla stock to pay taxes in an effort to take a stand against "tax avoidance."

24   Ex. DD. Musk's motives behind the stock sales are not at issue. Nor are the reasons behind other

25   "good acts" he might have done, such as donations to various charities or the assemblage of

26   SpaceX's "Starlink" over Ukraine. Further irrelevant events are statements regarding his lack of

27   personal consumption (e.g. not owning a yacht) and that Tesla is driven by a sense of charitable

28   or moral purpose. The parties have not explored Post-Class Period Events in discovery, and they

1   should have no role at trial, which focuses singularly on a series of tweets that occurred *years*

2   prior to these events. Thus, Musk's character evidence in this regard is not relevant and should be

3   excluded. *See Lopez v. Tyson Foods, Inc.*, 2011 WL 1791549, at \*4-\*5 (D. Neb. May 11, 2011)

4   (granting motion *in limine* to exclude evidence of defendant's "charitable contribution or

5   involvement in community affairs . . . because such evidence is irrelevant"); *In re BankAtlantic*

6   *Bancorp, Inc.*, 2010 WL 11426133, at \*2 (S.D. Fla. Aug. 25, 2010) ("Defendants shall not be

7   permitted to introduce evidence of their good character or honesty."); *United States v. Manfredi*,

8   2009 WL 3762966, at \*3 (W.D. Pa. Nov. 9, 2009) (citing multiple cases and holding evidence of

9   "generosity or charitableness is not relevant or germane to the issue of [defendant's] willfulness"

10  in violating tax laws); *Smilovits v. First Solar, Inc.,* 2019 WL 6698199, at \*7 (denying as

11  premature motion to exclude evidence regarding good acts but stating "[t]he Court agrees that it

12  would be inappropriate to present evidence simply for the purpose of showing that Defendants

13  are good people. This is not an issue in this case and such evidence could run afoul of Rules 403

14  and 404"). Courts have regularly excluded evidence of "good acts" as irrelevant. *See United*

15  *States, ex rel. Kiro v. Jiaherb, Inc.*, 2019 WL 2869186, at \*4 (C.D. Cal. July 3, 2019) ("[A]ny

16  such evidence of 'good acts' is irrelevant to the alleged scheme of whether Defendant knowingly

17  submitted false claims."); *Niver v. Travelers Indem. Co. of Ill.*, 433 F. Supp. 2d 968, 994-95 (N.D.

18  Iowa 2006) ("The court finds that unrelated 'good acts' simply are not relevant pursuant to Rule

19  401, and therefore, not admissible pursuant to Rule 402."); *Habersham Plantation Corp. v.*

20  *Molyneux*, 2011 WL 13216995, at \*10 (S.D. Fla. Dec. 5, 2011) (excluding evidence concerning

21  company's "mission" and any of its "claimed charitable or good acts" as irrelevant); *Bellew v.*

22  *Ethicon, Inc.*, 2014 WL 6680356, at \*7 (S.D. W. Va. Nov. 25, 2014) (excluding as irrelevant

23  evidence of "'prior acts of public benefit that are unrelated'" to product at issue, such as

24  "community employment, charitable donations of money and medicine and medical

25  contributions").

26          Evidence and argument concerning "good acts" are also subject to exclusion under the

27  Federal Rules of Evidence because any "probative value is substantially outweighed by a danger

28  of . . . unfair prejudice, confusing the issues, misleading the jury, [or] wasting time." FED. R.

1   EVID. 403. "Unfair prejudice" is defined as "an undue tendency to suggest decision on an

2   improper basis, commonly, though not necessarily, an emotional one." *Id.* at advisory

3   committee's note on proposed rules. If presented with evidence of a defendant or witness' good

4   character or social contributions, jurors may become more sympathetic to the defendant or witness

5   and therefore more likely to decide the case on personality or emotion, rather than the evidence

6   presented. *See* FED. R. EVID. 404 advisory committee's note on proposed rules ("'Character

7   evidence . . . may be very prejudicial. It tends to distract the trier of fact from the main question

8   of what actually happened on the particular occasion. It subtly permits the trier of fact to reward

9   the good man to punish the bad man . . . despite what the evidence in the case shows actually

10  happened.'").

11          Finally, evidence or argument concerning "good acts" also fail to fit within the narrow

12  confines of permissible character evidence. Generally, "[e]vidence of a person's character or

13  character trait is not admissible to prove that on a particular occasion the person acted in

14  accordance with the character or trait." FED. R. EVID. 404(a)(1). The Rules do, though, provide

15  a limited exception to this broad ban for certain character evidence of witnesses, namely "a

16  witness's credibility may be . . . supported by testimony about the witness's reputation for . . .

17  truthfulness or untruthfulness, [but] only after the witness's character for truthfulness has been

18  attacked." FED. R. EVID. 608(a). However, because it is "well-settled" that evidence "relating

19  to Defendants' alleged commission of securities fraud does not constitute an attack on

20  Defendants' character," and Plaintiff has not launched – and does not intend to launch – any

21  independent attacks on the Defendants' character, the exception provided by Rule 608 is

22  inapplicable here. *See U.S. Sec. & Exch. Comm'n v. ITT Educ. Servs., Inc.*, 2018 WL 3008632,

23  at *4 (S.D. Ind. June 15, 2018) (excluding evidence of defendants' good character in securities

24  fraud action); *see also Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 2014 WL

25  8096334, at *6 (C.D. Cal. Apr. 21, 2014) (excluding testimony relating to charitable donations

26  and activities as "unfairly prejudicial under Rule 403"); *Sec. & Exch. Comm'n v. Morelli*, 1993

27  WL 603275, at *1 (S.D.N.Y. Dec. 21, 1993) ("Rule 404 expressly rejects the use of character

28  evidence in civil cases to prove a person acted 'in conformity therewith on a particular

1 occasion.'"").

## B. Post-Class Period Investments and Trading Are Irrelevant and Risk Prejudice to Plaintiff and the Class.

Pursuant to the PSLRA, a plaintiff's damages are limited to the difference between the purchase price and "the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." *See* 15 U.S.C. §78u-4(e)(1). Accordingly, Plaintiff's trades and Tesla's stock price after November 15, 2018, are completely irrelevant to loss causation and damages.[1]

Even when relevant, Rule 403 directs that evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, any relevance that Plaintiff's Post-Class Period trades or Tesla's stock price may have in this case is substantially outweighed by a danger of unfair prejudice and confusing the issues.

Plaintiff's Post-Class Period trades may unfairly prejudice Plaintiff or confuse the issues because it may lead a jury to believe that because Plaintiff has subsequently made money trading Tesla securities, he is not entitled to recovery. Similarly, the fact that Tesla's stock price has increased since the end of the Class Period would unfairly prejudice Plaintiff and confuse and mislead the jury, as a jury could assume (without any factual basis) that Plaintiff and the Class could have simply held any Tesla shares and, as a result, avoided any losses that might have been caused (which is not true). However, whether Plaintiff has or could have held his shares or has subsequently made money trading Tesla securities has no bearing on whether Defendants violated the securities laws. *See Baker v. SeaWorld Ent., Inc.*, No. 14CV2129-MMA (AGS), 2020 WL 241441, at *4 (S.D. Cal. Jan. 16, 2020)(granting "motion to exclude evidence or argument regarding Defendants' current financial condition, net worth, and/or profitability" outside the

---

[1] *See* Ex. EE at 139:20-141:1 (testifying that Littleton started investing in Tesla again in approximately December 2019 and the value of his investment has increased).

class period); *In re Homestore.com Inc. Sec. Litig.*, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ("Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial as it can distract the jury from the real issues in the case."); *In re Glob. Health Scis.*, 2007 WL 4591679, at *3 (C.D. Cal. Aug. 21, 2007) (granting defendant's motion in limine to exclude evidence of defendant's "wealth or financial condition"). Therefore, the Court should preclude any reference to Post-Class Period investment and trading. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 2013 WL 6535164, at *16 (C.D. Cal. Dec. 9, 2013) (excluding evidence from "outside the Class Period," finding the "minimal relevance" is "substantially outweighed by the danger of prejudice and confusion of the issues").

**C.  Tesla's Post-Class Period Performance is Irrelevant and Risks Prejudice to Plaintiff and the Class.**

The same applies to evidence regarding Tesla's economic and financial performance since 2018. Defendants' expert, Professor Daniel Fischel, repeatedly made reference to Tesla's economic performance since 2018 in his testimony even though Tesla's operating success in 2019 to 2022 is completely irrelevant to whether Mr. Musk and Tesla committed fraud in August 2018. *See*, *e.g.*, Ex. Q at 175:24-176:23. Defendants are patently contemplating a trial strategy that relies on Tesla's subsequent economic success as exculpating any fraud committed in August 2018. This is plainly improper, and evidence and/or testimony regarding Tesla's economic performance since 2018 should be excluded. *See Hsu v. Puma Biotech., Inc.*, No. 15-cv-00865 (SHKx), Dkt. 614 at 5 (granting plaintiffs' motion in limine to "exclude evidence of post-Class Period events, results, or outcomes"); *Negrete v. Allianz Life Ins. Co.*, No. CV 05-6838 CAS (MANx), 2013 WL 6535164, at *16 (C.D. Cal. Dec. 9, 2013) (excluding post-Class Period evidence because although "[data] outside the Class Period may be minimally relevant for the reasons enumerated by plaintiffs, the Court [found] that minimal relevance to be substantially outweighed by the danger of prejudice and confusion of the issues"); *see also Herskowitz v. Nutri/System, Inc.*, 857 F.2d 179, 188 (3d Cir. 1988) (affirming exclusion of evidence of post-merger performance proffered for the purpose of proving management's premerger intentions in securities fraud case).

1    **III.   CONCLUSION**

2         For the foregoing reasons, Plaintiff's motion *in limine* should be granted

3

4    Dated: September 20, 2022             Respectfully submitted,

5

6                                          **LEVI & KORSINSKY, LLP**

7                                           s/ Adam M. Apton
                                           Adam M. Apton (SBN 316506)
8                                          Adam C. McCall (SBN 302130)
                                           75 Broadway, Suite 202
9                                          San Francisco, CA 94111
                                           Tel.: (415) 373-1671
10                                         Email: aapton@zlk.com
                                           Email: amccall@zlk.com
11

12                                         -and-

13                                         Nicholas I. Porritt
                                           Elizabeth K. Tripodi
14                                         Alexander A. Krot III
                                           LEVI & KORSINSKY, LLP
15                                         1101 30th Street N.W., Suite 115
                                           Washington, D.C. 20007
16                                         Tel.: (202) 524-4290
                                           Email: nporritt@zlk.com
17                                         Email: akrot@zlk.com
                                           (admitted pro hac vice)
18

19                                         -and-

20                                         Joseph Levi
21                                         Eduard Korsinsky
                                           LEVI & KORSINSKY, LLP
22                                         55 Broadway, 10th Floor
                                           New York, New York 10006
23                                         Tel.: (212) 363-7500
                                           Email: jlevi@zlk.com
24                                         Email: ek@zlk.com
                                           (admitted pro hac vice)
25

26                                         *Attorneys for Plaintiff and Counsel for the Class*

27

28