QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*appearing pro hac vice*)
   alexspiro@quinnemanuel.com
   Andrew J. Rossman (*appearing pro hac vice*)
   andrewrossman@quinnemanuel.com
   Ellyde R. Thompson (*appearing pro hac vice*)
   ellydethompson@quinnemanuel.com
   Jesse Bernstein (*pro hac vice* forthcoming)
   jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

   Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
   Kyle Batter (Bar No. 301803)
   kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk,*
*Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
*Antonio J. Gracias, James Murdoch, Kimbal Musk,*
*and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC <br><br> **DEFENDANTS' REQUEST TO ADOPT THEIR PROPOSED VERDICT FORM AND OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM** |

**INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure Rules 49 and 51, as well as the Court's Civil Pretrial Instructions Section C. 5, Defendants respectfully submit their Proposed Verdict Form, their request for its adoption by the Court, and their objections to Plaintiff's Proposed Verdict Form.

## I.   DEFENDANTS' REQUEST FOR ADOPTION OF THEIR PROPOSED VERDICT FORM

Defendants respectfully request that the Court adopt their proposed verdict form.  The proposed verdict form poses questions to the jury that "are reasonably capable of an interpretation that would allow the jury to address all factual issues essential to judgment" as to the two statements at issue in this trial. *See United States v. Real Prop. Located at 20832 Big Rock Drive, Malibu, Cal. 902655*, 51 F.3d 1402, 1408 (9th Cir. 1995).

The verdict form first asks the jury to answer questions related to each element that Plaintiff is required to prove to establish liability for the two statements at issue.  The questions are clear, concise, and appropriately identify the legal standards that the jury must consider where applicable.

As to the first statement, the verdict form asks "Did the Plaintiff prove that the statement 'Funding secured' in the tweet 'Am considering taking Tesla private at $420.  Funding secured' was materially false or materially misleading?"  This is the appropriate way to frame the first issue.  As the Court acknowledged in its summary judgment order, "[t]here is no real dispute that the focus should be on the second part of the tweet, *i.e.*, 'Funding secured.'" (Dkt. 387 at 23.)  That is because there is no dispute that the first sentence in the tweet—"Am considering taking Tesla private at $420—is a true statement of Mr. Musk's intentions at the time.  The relevant inquiry for the jury is thus whether the second statement, "Funding secured," is materially false or misleading.  Defendants' verdict form correctly focuses the jury's attention on the second part of the tweet, while providing sufficient context for the jury to make a determination whether it was materially false or misleading.  Requiring the jury to determine liability as to the tweet as a whole is likely to confuse the jury and prevent them it from addressing all factual issues essential to judgment since such a question would ask the jury to find that an indisputably true statement is materially false.

The verdict form similarly asks the jury to answer questions related to all elements required to establish liability as to the second tweet as a whole.  This is appropriate since the Court determined falsity

1   as to the entire second tweet and the jury's determination must be whether the tweet in its entirety was

2   materially false or misleading.

3        On damages,  the verdict form appropriately asks the jury to determine whether Plaintiff has met

4   his burden by asking the jury the binary question whether Plaintiff proved the amounts of artificial

5   inflation he asserts.  Defendants are not presenting an alternative damages calculation, so the only relevant

6   inquiry is whether Plaintiff has proved the damages he asserts by a preponderance of the evidence.  There

7   is no reason to include an option for the jury to independently calculate damages under the circumstances

8   of this case since the Plaintiff is not providing evidence necessary for the jury to reduce or create a

9   piecemeal calculation of Plaintiff's damages model.  As the Court noted in the hearing on the parties'

10  Motions *in Limine*, Plaintiff has presented an all or nothing approach to damages.  The Defendants' verdict

11  form reflects that.

12       Finally, the verdict form poses questions allowing the jury to make determinations of Section

13  20(A) liability as to each of the director defendants, an assessment as to whether each of the Defendants

14  knowingly or recklessly violated securities laws (as required to determine whether a Defendant should be

15  jointly and severally liable for the damages or should have his or her liability apportioned, 15 U.S.C. §

16  78u-4(f)(2)(A)), and how to apportion liability here.

17  ## II.   DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM

18       Defendants object to Plaintiff's proposed verdict form.  First and foremost, Plaintiff proposes a

19  general verdict form on the issue of 10b-5 liability, which is designed to bypass his burden to prove each

20  individual element of his claim and instead invites the jury to render a verdict against Defendants after an

21  incomplete and insufficient analysis of the issues at trial.  "The district court has broad discretion in

22  deciding whether to send the case to the jury for a special or general verdict. This discretion extends to

23  determining the content and layout of the verdict form, and any interrogatories submitted to the jury,

24  ***provided the questions asked are reasonably capable of an interpretation that would allow the jury to***

25  ***address all factual issues essential to judgment***." *Real Prop. Located at 20832 Big Rock Drive, Malibu,*

26  *Cal. 902655*, 51 F.3d at 1408 (emphasis added); *In re Hawaii Fed. Asbestos Cases*, 871 F.2d 891, 894

27  (9th Cir. 1989) (same).  Plaintiff's verdict form not only fails to "allow the jury to address all factual issues

28  essential to judgment," it actively prevents the jury from doing so.  It should be rejected for that reason

1  alone.  The jury is required to determine whether the statements were materially false, whether Mr. Musk

2  and/or Tesla acted with scienter as to their material falsity, justifiable reliance, and loss causation.  The

3  verdict form does not ask if Plaintiff proved any of these elements and therefore does not allow the jury

4  to address each of the factual issues essential to judgment.

5        Because the verdict form does not list each element, the jury could easily find Mr. Musk or Tesla

6  liable without considering whether Plaintiff relied on the alleged misstatements or that the misstatements

7  caused damage.  In contrast, a special verdict form—like the one Defendants proposed—ensures that the

8  jury answers all questions necessary for liability by actually posing them.  Moreover, because the form

9  fails to identify each element as an indispensable requirement of the 10b-5 claim, the jury may treat the

10  requirements as factors to be weighed in a totality of the circumstances test and not specific elements to

11  be proven.  As a result, the jury may reach of a verdict of liable even after determining that Plaintiff did

12  not prove a specific element because the remainder weighed so heavily in favor of liability.  The law

13  requires the jury find for the Plaintiff on each element; the verdict form should too.

14        A general verdict form is inappropriate for a case of this magnitude and complexity. "[T]he

15  propriety of using a special verdict should be determined according to 'the particular circumstances of

16  [each] case.'"  *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998) (citation omitted).  Here, the

17  Plaintiff is seeking billions of dollars in damages through claims that require the jury to conduct a number

18  of complicated analyses (and reach a unanimous verdict on each), including whether the facts Mr. Musk

19  purportedly misrepresented differed from the true state of affairs in a manner sufficient to alter the

20  reasonable investor's decision to buy or sell securities; Mr. Musk's knowledge or reckless disregard of

21  the material falsity of the tweets; whether the fraud-on-the-market presumption applies and relatedly,

22  whether the statements actually affected the stock price; and whether Plaintiff's alleged losses were

23  actually caused by the statements.  Given the number of specific issues the jury must address and the

24  serious consequences of a finding of liability, a general verdict form on liability poses too high a risk of

25  an unjust and incorrect result and prejudice to be adopted under the circumstances.  A verdict form

26  containing one question about liability is also likely to confuse the jury, who will have just been instructed

27  about the multiple elements and will be expecting a form consistent with those instructions.  A special

28  verdict form would provide the jury with a clear and concise roadmap that guides them through their

1  deliberations and ensures all essential factual issues are resolved.  A general verdict form would invite

2  error and prejudice Defendants.  Plaintiff's general verdict form should be rejected.

3         Questions 1 and 3 of Plaintiff's verdict form are independently objectionable on the grounds that

4  they are misleading and misstate the statements at issue in this case.  In Question 1, the Plaintiff asks the

5  jury to determine whether the entire tweet—"Am considering taking Tesla private at $420. Funding

6  secured"—is materially false or misleading instead of appropriately focusing on the second statement,

7  "Funding secured."  Since the first sentence of the tweet is indisputable true, the "factual issue essential

8  to judgment" in this case is whether the second sentence—"Funding secured"—is materially false or

9  materially misleading.  Requiring the jury to answer this question as to the entire tweet prevents the jury

10  from addressing the essential factual issue.  The question should be rejected.  Question 3 should be rejected

11  because it asks the jury to determine whether the Blog Post is a materially false or misleading statement

12  even though the Court has already ruled that the Blog Post is not a statement at issue in this trial.  (Dkt.

13  466 at 1-2.).

14         The Court should reject Plaintiff's attempt to have it both ways on damages by including in his

15  verdict form ***both*** his proposed damages model with charts and calculations offered by his experts ***and*** a

16  blank form for the jury to complete in the event it finds that he did not meet his burden on his proffered

17  damages theory.  Because Plaintiff's damages models are not being offered as a binary choice, but instead

18  one of many options the jury may choose to determine damages, the verdict form is unfairly suggestive.

19  The verdict form allows the Plaintiff to present his theory as an a la carte menu from which the jury may

20  pick and choose a verdict.  If the jury does not find that Plaintiff met his burden as to his specific theory,

21  the completed charts create an unfair baseline from which the jury can engineer a damages award.  Their

22  presence will unfairly influence the jury as it determines what the appropriate price inflation calculation.

23  The Court should reject Plaintiff's attempt and either require that he prove his entire damages model or

24  present the jury with blank charts to independently complete without the unfair influence of Plaintiff's

25  proposed numbers.

26

27

28

III.    **DEFENDANTS' PROPOSED VERDICT FORM**

A.    **RULE 10B-5 CLAIM: LIABILITY**

**Tweet 1:  Am considering taking Tesla private at $420.  Funding secured.**

1. Did the Plaintiff prove that the statement "Funding secured" in the tweet "Am considering taking Tesla private at $420.  Funding secured" was materially false or materially misleading?

Yes: _____          No: _____

*If you answered yes, then answer question 2.  If you answered no, stop here and move on to Tweet 2 on the next page.*

2. Did the Plaintiff prove that the statement "Funding secured" was made by the Defendant(s)?

Elon Musk:          Yes: _____          No: _____

Tesla:               Yes: _____          No: _____

*If you answered yes as to one or both Defendants, answer question only 3 as to the same Defendant(s).  If you answered no to both Defendants, stop here and move on to Tweet 2 on the next page.*

3. Did the Plaintiff prove that the Defendant(s) made the statement "Funding secured" with actual knowledge or deliberate recklessness that the statement was materially false or materially misleading?

Elon Musk:          Yes: _____          No: _____

Tesla:               Yes: _____          No: _____

PLEASE PROCEED TO TWEET 2 ON THE NEXT PAGE

**Tweet 2:  "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote."**

4. Did the Plaintiff prove that Tweet 2 was materially false or materially misleading?

Yes: _____          No: _____

*If you answered yes, then answer question 6.  If you answered no, stop here and move on to the instructions at the bottom of the page.*

5. Did the Plaintiff prove that Tweet 2 was made by the Defendant(s)?

Elon Musk:                    Yes: _____          No: _____

Tesla:                        Yes: _____          No: _____

*If you answered yes as to one or both Defendants, answer question only 6 as to the same Defendant(s).  If you answered no to both Defendants, stop here and move on to the instructions at the bottom of the page.*

6. Did the Plaintiff prove that the Defendant(s) made Tweet 2 with actual knowledge or deliberate recklessness that the statement was materially false or materially misleading?

Elon Musk:                    Yes: _____          No: _____

Tesla:                        Yes: _____          No: _____

If you answered yes to either Defendant in questions 3 or 6, move on to question 7 on the next page.  If you did not, you are finished with the Verdict Form.  Please turn to the last page, sign and date the Verdict Form and inform the Court you have finished.

DEFENDANTS' PROPOSED VERDICT FORM

7. Did the Plaintiff prove reliance?

      Yes: _____          No: _____

*If you answered yes, then answer question 8.  If you answered no, you are finished with the Verdict Form.  Please turn to the last page, sign and date the Verdict Form and inform the Court you have finished.*

8. Did the Plaintiff prove that the statement(s) caused the Plaintiff to suffer losses?

      Yes: _____          No: _____

*If you answered yes, please proceed to **Part B**, below. If you answered no, you are finished with the Verdict Form.  Please turn to the last page, sign and date the Verdict Form and inform the Court you have finished.*

1

2  **B.**   **RULE 10B-5 CLAIM: DAMAGES**

3     1.  Did Plaintiff prove the amounts of artificial inflation listed in the table below and that they were

4        caused by Defendant(s)?

5

6

| | 07-Aug | 08-Aug | 09-Aug | 10-Aug | 13-Aug | 14-Aug | 15-Aug | 16-Aug | 17-Aug |
|---|---|---|---|---|---|---|---|---|---|
| ($/share) | $66.67 | $57.44 | $39.55 | $42.59 | $43.51 | $34.74 | $25.79 | $22.55 | $N/A |

7

8                    Yes: _____        No: _____

9   _____

10                  PLEASE PROCEED TO THE NEXT PAGE.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.  For each call/put option, did the Plaintiff prove the implied volatility percentages listed in the table below and that they were caused by Defendants?

| | | Day of Class Period at Close of Market | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 07-Aug | 08-Aug | 09-Aug | 10-Aug | 13-Aug | 14-Aug | 15-Aug | 16-Aug |
| **Maturity Date** | Aug 10, 2018 | 66.99% | 61.90% | 70.04% | NA | NA | NA | NA | NA |
| | Aug 17, 2018 | 53.58% | 52.11% | 61.74% | 54.83% | 56.07% | 49.24% | 49.46% | 44.36% |
| | Aug 24, 2018 | 45.77% | 49.55% | 59.30% | 54.83% | 52.74% | 48.59% | 51.35% | 47.74% |
| | Aug 31, 2018 | 45.58% | 47.81% | 56.97% | 54.06% | 51.79% | 49.77% | 51.77% | 49.45% |
| | Sep 7, 2018 | 44.82% | 46.08% | 54.98% | 52.08% | 49.76% | 48.67% | 50.01% | 48.58% |
| | Sep 14, 2018 | 41.50% | 45.39% | 53.88% | 51.55% | 49.63% | 48.96% | 50.09% | 49.24% |
| | Sep 21, 2018 | 41.08% | 44.25% | 52.88% | 50.86% | 49.21% | 48.93% | 49.91% | 49.18% |
| | Sep 28, 2018 | NA | NA | 52.11% | 50.29% | 48.55% | 48.60% | 49.70% | 49.33% |
| | Oct 19, 2018 | 57.54% | 57.54% | 57.54% | 57.54% | 57.54% | 57.54% | 57.54% | 57.54% |
| | Nov 16, 2018 | 59.05% | 59.05% | 59.05% | 59.05% | 59.05% | 59.05% | 59.05% | 59.05% |
| | Dec 21, 2018 | 56.68% | 56.68% | 56.68% | 56.68% | 56.68% | 56.68% | 56.68% | 56.68% |
| | Jan 18, 2019 | 55.39% | 55.39% | 55.39% | 55.39% | 55.39% | 55.39% | 55.39% | 55.39% |
| | Feb 15, 2019 | 54.62% | 54.62% | 54.62% | 54.62% | 54.62% | 54.62% | 54.62% | 54.62% |
| | Mar 15, 2019 | 53.92% | 53.92% | 53.92% | 53.92% | 53.92% | 53.92% | 53.92% | 53.92% |
| | Jun 21, 2019 | 51.65% | 51.65% | 51.65% | 51.65% | 51.65% | 51.65% | 51.65% | 51.65% |
| | Aug 16, 2019 | 50.88% | 50.88% | 50.88% | 50.88% | 50.88% | 50.88% | 50.88% | 50.88% |
| | Jan 17, 2020 | 48.65% | 48.65% | 48.65% | 48.65% | 48.65% | 48.65% | 48.65% | 48.65% |

Yes: _____          No: _____
PLEASE PROCEED TO THE NEXT PAGE.

3.  For each Note, did Plaintiff prove the amounts of artificial inflation listed in the table below and that they were caused by Defendant(s)?

|  | 07-Aug | 08-Aug | 09-Aug | 10-Aug | 13-Aug | 14-Aug | 15-Aug | 16-Aug | 17-Aug |
|---|---|---|---|---|---|---|---|---|---|
| 2019 Note | $4.49 | $3.23 | $1.85 | $2.30 | $2.83 | $2.87 | $2.43 | $2.17 | $0.00 |
| 2021 Note | $6.17 | $4.44 | $2.54 | $3.16 | $3.88 | $3.95 | $3.34 | $2.99 | $0.00 |
| 2022 Note | $6.26 | $4.50 | $2.58 | $3.20 | $3.94 | $4.00 | $3.38 | $3.03 | $0.00 |

Yes: _____          No: _____

PLEASE PROCEED TO THE NEXT PAGE

**C.      SECTION 20(A) CLAIM: LIABILITY**

**Question No. 1:**

 Has Plaintiff proved the Section 20(a) Claim as to any of the Tesla Director Defendants (**check all that apply**):

Brad W. Buss:     Yes: _____   No: _____

Robyn Denholm:    Yes: _____   No: _____

Ira Ehrenpreis:     Yes: _____   No: _____

Antonio J. Gracias:   Yes: _____   No: _____

James Murdoch:    Yes: _____   No: _____

Kimbal Musk:     Yes: _____   No: _____

Linda Johnson Rice:   Yes: _____   No: _____

**Question No. 2:**

 If you answered "Yes" in response to Question No. 1 as to any Defendant, have Defendants proved a Good Faith Defense as to that Defendant (**check all that apply**):

Brad W. Buss:     Yes: _____   No: _____

Robyn Denholm:    Yes: _____   No: _____

Ira Ehrenpreis:     Yes: _____   No: _____

Antonio J. Gracias:   Yes: _____   No: _____

James Murdoch:    Yes: _____   No: _____

Kimbal Musk:     Yes: _____   No: _____

Linda Johnson Rice:   Yes: _____   No: _____

---

PLEASE PROCEED TO SECTION D ON THE NEXT PAGE.

---

1

**D.    ALLOCATION OF RESPONSIBILITY**

2

**Question No. 1:**

3

4

        If Plaintiff proved a Rule 10b-5 Claim and/or Section 20(a) Claim against any Defendant, did that Defendant act with "actual knowledge" or "deliberate recklessness"?

5

        Only answer this question as to the Defendants against whom you found Plaintiff proved a claim.

6

7

        Answer the following question only as to the statements for which Plaintiff proved Rule 10(b)-5 liability.

8

**Statement 1: "Funding secured"**

9

Elon Musk:                    Actual Knowledge: _____        Deliberate Recklessness: _____

10

Tesla:                        Actual Knowledge: _____        Deliberate Recklessness: _____

11

Brad W. Buss:                 Actual Knowledge: _____        Deliberate Recklessness: _____

12

Robyn Denholm:                Actual Knowledge: _____        Deliberate Recklessness: _____

13

Ira Ehrenpreis:               Actual Knowledge: _____        Deliberate Recklessness: _____

14

Antonio J. Gracias:           Actual Knowledge: _____        Deliberate Recklessness: _____

15

James Murdoch:                Actual Knowledge: _____        Deliberate Recklessness: _____

16

Kimbal Musk:                  Actual Knowledge: _____        Deliberate Recklessness: _____

17

Linda Johnson Rice:           Actual Knowledge: _____        Deliberate Recklessness: _____

18

**Statement 2: Tweet 2**

19

Elon Musk:                    Actual Knowledge: _____        Deliberate Recklessness: _____

20

Tesla:                        Actual Knowledge: _____        Deliberate Recklessness: _____

21

Brad W. Buss:                 Actual Knowledge: _____        Deliberate Recklessness: _____

22

Robyn Denholm:                Actual Knowledge: _____        Deliberate Recklessness: _____

23

Ira Ehrenpreis:               Actual Knowledge: _____        Deliberate Recklessness: _____

24

Antonio J. Gracias:           Actual Knowledge: _____        Deliberate Recklessness: _____

25

James Murdoch:                Actual Knowledge: _____        Deliberate Recklessness: _____

Kimbal Musk:                  Actual Knowledge: _____         Deliberate Recklessness: _____

26

Linda Johnson Rice:           Actual Knowledge: _____         Deliberate Recklessness: _____

27

28

**Question No. 2:**

If you checked "Actual Knowledge" for *all* Defendant(s) and as to *each misstatement* for which Plaintiff proved a Rule 10b-5 Claim, please skip to the final page.

If you checked "Deliberate Recklessness" for *any* Defendant(s) and as to *any* misstatement, you must determine what percentage of responsibility, if any, for the Plaintiff's loss is due to each Defendant.

Only assign a percentage of responsibility to Defendants for whom found liable in Section A or Section C. The total must add up to 100%.

_____% Elon Musk

_____% Tesla

_____% Brad W. Buss

_____% Robyn Denholm

_____% Ira Ehrenpreis

_____% Antonio J. Gracias

_____% James Murdoch

_____% Kimbal Musk

_____% Linda Johnson Rice

**(Total must equal 100%)**

PROCEED TO SECTION F ON THE NEXT PAGE.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E.      RETURN OF VERDICT**

Once the form is completed, the foreperson for the jury must sign and date it below:

Dated: _____          Signed: _____

Jury Foreperson

1

## **<u>CONCLUSION</u>**

2         For the foregoing reasons, Defendants respectfully request the Court adopt their proposed verdict

3  form.

4

5  DATED:  September 20, 2022         Respectfully submitted,

6                                 QUINN EMANUEL URQUHART & SULLIVAN, LLP

7

8                                 By: */s/ Alex Spiro*
                                     Alex Spiro *(appearing pro hac vice)*

9

10                               *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss,*
                             *Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias,*
                             *James Murdoch, Kimbal Musk, and Linda Johnson Rice*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that the foregoing document was served on all counsel of record electronically or

3

by another manner authorized under FED. R. CIV. P. 5(b) on this the 20th day of September 2022.

4

5

QUINN EMANUEL URQUHART & SULLIVAN, LLP

6

7

By  */s/ Michael T. Lifrak*

8

Michael T. Lifrak

9

10

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss,
Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias,
James Murdoch, Kimbal Musk, and Linda Johnson
Rice*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28