IN RE TESLA SECURITIES
NO. 18-cv-4865-EMC
BELLWETHER EXHIBITS

PLAINTIFF'S BELLWETHER OBJECTIONS

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| Depo Ex. 76 | Email re: Tesla Discussion (dated 4/15/2017). | Mr. Littleton objects based on relevance and Rule 403 of the Federal Rules of Evidence. | **Overruled**. The exhibit is relevant because it is probative of materiality and Mr. Musk's state of mind. The probative value of this exhibit is not substantially outweighed by a danger of unfair prejudice or confusion. |
| Depo Ex. 356 | Email re: JB interview w/ Gelles (dated 8/22/2018). | Mr. Littleton objects based on hearsay and character evidence under Rules 404 and 406 of the Federal Rules of Evidence. | **Sustained.** The exhibit has out-of-court statements that would be introduced for the truth of the matter asserted and is thus hearsay. *See* Fed. R. Evid. 801(c). The exhibit is not a record of a regularly conducted activity, *see* Fed. R. Evid. 803(6), and there does not appear to be any other exception to the rule against hearsay that would apply. The exhibit also contains embedded hearsay.<br><br>The exhibit also runs afoul of Rule 404 because it describes Mr. Musk as "a very transparent and literal guy." Generally, evidence of a person's character cannot be introduced to prove that the person acted in conformity therewith on a given occasion. *See* Fed. R. Evid. 404(a). |
| Depo Ex. 384 | TSLAQ Wikipedia page. | Mr. Littleton objects on grounds of lack of authentication, hearsay, and relevance. | **Sustained**. Even if Defendants could provide a witness who could authenticate the exhibit, it is inadmissible on hearsay grounds: the learned treatise exception to the rule against hearsay does not apply. The relevance of this exhibit is also difficult to ascertain. |

1

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| Depo Ex. 386 | Tweet from @TeslaCharts saying "Stock's up? Time to FUD. $TSLAQ" (dated 6/7/2019) | Mr. Littleton objects on grounds of relevance, hearsay, and lack of authentication. | **Reserved as to all three objections**. Assuming that Defendants provide a witness who can authenticate the exhibit, Defendants must still show relevance and, because the exhibit contains hearsay, that a non-hearsay purpose applies. The Court reserves ruling on these objections so that the Court can evaluate relevance and hearsay in light of the evidence presented at trial. |
| Depo Ex. 430 | Email re: Thanks for your help this week (dated 7/17/2017). | Mr. Littleton objects on the grounds of relevance, hearsay, and prejudice. | **Reserved as to relevance and Rule 403**. During the pretrial conference, Defendants explained that they were not seeking to affirmatively introduce the exhibit, but that the exhibit may be relevant to impeach Mr. Littleton depending on his testimony at trial. In light of this theory of relevance, the Court reserves ruling on relevance and Rule 403 at this time.<br><br>Mr. Littleton's statements are not hearsay because they are an opposing party statement. *See* Fed. R. Evid. 801(d)(2)(A). If Tesla can lay the requisite foundation that Mr. Morse was acting as Mr. Littleton's agent, Mr. Morse's statements may be opposing party statements under Rule 801(d)(2)(D). |
| Depo Ex. 437 | Email re: Address for Chuck (dated October 2018) | Mr. Littleton objects on grounds of relevance and hearsay. | **Reserved as to relevance**. *See* Exhibit 430.<br><br>Mr. Littleton's statements are not hearsay because they are an opposing party statement. *See* Fed. R. Evid. 801(d)(2)(A). |
| D-0094 | Chart entitled Implied Volatility of TSLA Call and Put Options | Mr. Littleton objects on grounds of Rule 403. | **Moot.** Counsel stated during the pretrial conference that Professor Heston can redo his stock option analyses. |

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| | Compared to Heston Straddle on August 6, 2018 for Options Expiring January 17, 2020 | | |
| D-0197 | Complaint by Kalman Isaacs (dated 8/10/2018) | Mr. Littleton objects on grounds of relevance. | **Sustained**. Defendants have not shown that the exhibit is relevant. |
| D-369 | Two photos which purport to be of Yasir al-Rumayyan, a representative of the Saudi PIF. | Mr. Littleton objects for lack of foundation and relevance. | **Reserved.** Assuming that Defendants can lay the requisite foundation, the photos may be admissible in the event that identity becomes an issue at trial. The exhibits otherwise do not appear relevant. |
| P-310 to P-407 (and similar news articles and analyst reports) | These are a series of articles from newspapers, websites, and journals that were examined by Dr. Hartzmark in connection with his assessment of the market's response to the Musk Tweets. | Defendants have objected on the basis of authenticity, foundation, knowledge, hearsay, and relevance. Defendants have also apparently provided additional objections for some of the articles. | **The Court orders the parties to meet and confer about these exhibits.** During the pretrial conference, Mr. Littleton explained that he had not decided whether he wanted to admit these articles as independent exhibits or whether the materials would merely be described by Dr. Hartzmark to explain the basis for his opinion. Under Rule 703, Dr. Hartzmark may broadly testify about the existence of these articles because he relied upon them in forming his opinions. *See* Fed. R. Evid. 703. But should Mr. Littleton seek to independently admit these articles, the Court agrees with Defendants that there are substantial Rule 403 issues raised by the selection and the quantity of almost a hundred news articles. The Court addresses Defendants' other objections below. |

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| | | | Authentication and Foundation: Rule 902(6) provides that "newspapers and periodicals" are self-authenticating.  *See* Fed. R. Evid. 902(6).  Dr. Hartzmark will need to testify as to the authenticity of any other types of documents included here.  Dr. Hartzmark will also need to lay the requisite foundation that these materials are ordinarily used by experts when determining materiality, and that this method is common and reliable.<br><br>Hearsay: News articles are "generally held to be inadmissible hearsay as to their content," and "[a]rticles that feature quotations from people other than their authors constitute hearsay within hearsay when the article and the quotations within are offered to prove the truth of the matter asserted[.]"  *United States v. Holmes*, No. 18-cr-00258-EJD-1, 2021 WL 2044470, at *25 (N.D. Cal. May 22, 2021) (citing *Larez v. Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991)).  As a result, Mr. Littleton cannot offer these articles to prove the truth of their contents.  Mr. Littleton may, however, offer these articles to demonstrate how the market understood and interpreted Mr. Musk's tweets.  *See Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019) (overruling hearsay objection to articles and analyst reports that were offered for the purpose of "demonstrat[ing] how the market understood and interpreted [defendant's] disclosure"); *see also Holmes*, 2021 WL 2044470, at *26 (using article "to show its effect on the reader constitutes a non-hearsay use").  Because Mr. Littleton seeks to admit these |

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| | | | articles for a non-hearsay purpose, Defendants' objection is overruled.  Should Mr. Littleton seek to independently admit these exhibits at trial, the Court will provide a limiting instruction upon request. |

**DEFENDANTS' BELLWETHER OBJECTIONS**

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| Depo. Ex. 58 | Email re: call me back (dated 8/7/2018). | Defendants object that the exhibit is irrelevant and unfairly prejudicial under Rule 403. | **Overruled.** The exhibit is relevant because it provides evidence of the public's perception of Mr. Musk's tweets and thus goes towards materiality. The exhibit is not unfairly prejudicial given Mr. Viecha's role at Tesla.<br><br>During the pretrial conference, Defendants raised a hearsay objection for the first time. This objection has been waived. |
| Depo. Ex. 80 | Minutes – Elon Musk Tesla (dated 7/31/2018) | Defendants object on grounds of authentication, lack of foundation, hearsay, and Rule 403. | **Overruled subject to authentication and hearsay.** Mr. Littleton will need to properly authenticate the exhibit at trial. As for hearsay, the exhibit may constitute a business record for the Saudi Arabian Public Investment Fund under Rule 803(6) if the requisite foundation is laid. *See* Fed. R. Evid. 803(6).<br><br>Defendants' objections under Rule 403 are overruled. Defendants contend that the probative value of the exhibit is minimal because it reduces the "substantial" July 31 meeting "into less than two pages of substance." The Court disagrees that the brevity of the notes is prejudicial or means that the exhibit is not probative. |
| Depo. Ex. 164 | Press Release re Tesla Makes Offer to Acquire SolarCity (dated 6/21/2016) | Defendants object that the exhibit is irrelevant and prejudicial because the Solar City acquisition by Tesla was "an entirely different type of transaction" than what Mr. Musk proposed with respect to taking Tesla private. | **Overruled subject to relevance**. During the pretrial conference, Mr. Littleton argued that the exhibit was relevant because it shows how Tesla and the Board of Directors approached corporate communications and disclosures with other transactions. |

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| | | | The director defendants may be liable under Section 20(a) if they "exercised actual power or control over the primary violator." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009), *as amended* (Feb. 10, 2009). Control person liability is generally "an intensely factual question" that requires "scrutiny of defendant's participation in" and "power to control corporate actions." *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). <br><br> If Mr. Littleton lays a foundation that some of the members of the Board of Directors from 2016 are defendants, and if Mr. Littleton provides evidence showing that the Board of Directors were involved in the press communication, then the exhibit has probative value because it would tend to show that the Board members exercised actual power or control over Tesla. The probative value of this exhibit is not substantially outweighed by a danger of unfair prejudice or confusion. |
| Depo. Ex. 171 | New York Times article "Elon Musk Details 'Excruciating' Personal Toll of Tesla Turmoil" (dated 8/16/2018) | Defendants object on grounds of hearsay and relevance. | **Overruled.** The New York Times article is hearsay and also contains embedded hearsay. Mr. Littleton cannot use the article for the truth of the matter asserted. But Mr. Littleton may, however, introduce the article for a non-hearsay purpose, as Mr. Littleton indicated that he sought to do. For instance, the article is admissible for the non-hearsay purpose to show the effect on readers, *i.e.*, the market. *See Holmes*, 2021 WL 2044470, at *26 (admitting New Yorker article to show its effect on readers). The Court will provide a limiting instruction upon request. |

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| | | | Defendants contend that the phrase "it turned out funding was far from secure" is unfairly prejudicial. But the Court has already ruled that funding was not secure.  See Docket No. 387 (April 1, 2022 Summary Judgment Order) at 25 (holding that "[n]o reasonable jury could find 'Funding secured' accurate and not misleading").  In other words, factual falsity has been established as a matter of law.  The prejudice arising from this statement is thus difficult to ascertain. |
| Depo. Ex. 218 | Letter re: Tesla, Inc. (dated 8/15/2018) | Defendants object on grounds of hearsay, relevance, and unfair prejudice. | **Overruled subject to hearsay.**  The Court will reserve ruling on the hearsay objection at this time because the Court's hearsay analysis will depend on how Mr. Littleton seeks to use this exhibit at trial.  To the extent that the letter sets out Nasdaq's policies and listing requirements and Tesla's obligations therein, the exhibit may plausibly be a "verbal act" that is exempt from the definition of hearsay.  See Stuart v. UNUM Life Ins. Co. of Am., 217 F.3d 1145, 1154 (9th Cir. 2000) (holding that an insurance policy is "verbal act" because it is a "legally operative document that defines the rights and liabilities of the parties").  Alternatively, should Mr. Littleton wish to use the letter for the truth of the matter asserted, then it is also possible that the business record exception may apply, provided that Mr. Littleton lays the requisite foundation.  See Fed. R. Evid. 803(6).<br><br>The objections based on relevance and Rule 403 are overruled.  The exhibit is relevant because it bears on the Board's culpability and Mr. Musk's state of mind with respect to willfulness.  The probative value of the exhibit is not substantially outweighed by a risk of |

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| | | | unfair prejudice.  To the extent that Defendants contend that the letter was a "routine step in response to unusually large stock-price movements," Defendants can make this argument on cross-examination. |
| Depo. Ex. 320 | Tweet by Mr. Musk (dated 6/7/2017)<br><br>"A little red wine, vintage record, some Ambien … and magic!" | Defendants object on grounds of relevance and unfair prejudice. | **Sustained.**  Mr. Littleton contends that the exhibit is relevant because it shows that information regarding Mr. Musk's use of Ambien was public and known by the market prior to August 2018.  Given the lightheaded tone of the tweet and the fact that it does not imply any degree of abuse or extraordinary stress, the Court finds that there is little probative value to be gained from this exhibit, especially since it significantly predates the Class Period.<br><br>Defendants argue that the exhibit is unfairly prejudicial because it leads to the unfair inference that Mr. Musk is intoxicated when he uses Twitter.  In light of the low probative value, the Court sustains the objection on Rule 403 grounds. |
| Depo. Ex. 321 | Tweet by someone responding to a tweet by Mr. Musk (dated 7/15/2018)<br><br>"Elon Musk deletes tweet accusing diver in Thai rescue of | Defendants object on grounds of relevance and unfair prejudice. | **Overruled.**  The exhibit is relevant because it bears on the Board defendants' good-faith defense to the Section 20(a) claim against them.  *See S.E.C. v. Todd*, 642 F.3d 1207, 1223 (9th Cir. 2011) (describing the good-faith defense).  Because these statements were tweeted by Mr. Musk within weeks of the tweets at issue in this case, it has probative value as to the Board's knowledge of his tweet habits.  Its probative value is not substantially outweighed by any prejudicial value. |

9

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| | being a pedophile. For those who missed it, here it is again." "You know what, don't bother showing the video. We will make one of the mini-sub/pod going all the way to Cave 5 no problemo. Sorry pedo guy, you really did ask for it." | | |
| Depo. Ex. 324 | Tweets by Mr. Musk (dated 5/4/2018) "Looks like sooner than expected. The sheer magnitude of short carnage will be unreal. If you're short, I suggest tiptoeing quietly to the exit…" | Defendants object on grounds of relevance and unfair prejudice. | **Overruled.** The tweets are relevant because they go towards Mr. Musk's purported bias against short-sellers, which is part of Mr. Littleton's theory of the case. To the degree that there is any prejudice from these tweets, it does not outweigh the probative value. |

10

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
|  | "Oh and uh short burn of the century comin soon. Flamethrowers should arrive just in time." |  |  |
| P-0530 | Article from Highsnobiety entitled "Elon Musk responds to Azealia Banks' claims he tweeted while on acid" (date unclear) | Defendants object that the exhibit is inadmissible for lack of foundation, lack of authenticity, hearsay, lack of relevance, Rule 403, and as improper character evidence. | **Sustained on Rule 403 grounds.** Even assuming that Mr. Littleton can show authentication and foundation, the probative value of this exhibit is low, and the risk of unfair prejudice from the allegation that Mr. Musk was using acid while using tweeting is high. |
| P-064, P-084 | Tweets by Mr. Musk<br><br>"Thought it would slow way down today, but Model 3 order count is now at 198k. Recommend ordering soon, as the wait time is | Defendants object that these exhibits are irrelevant and unfairly prejudicial. | **Moot.** During the pretrial conference, Mr. Littleton explained that he is not independently seeking to admit these exhibits. To the extent that Mr. Littleton's expert reviewed and relied upon these materials in forming his opinions, Mr. Littleton's expert may testify about these tweets under Rule 703 provided that the requisite foundation is laid. *See* Fed. R. Evid. 703. |

11

| Ex. No. | Brief Description | Objections | Ruling |
|---|---|---|---|
| | growing rapidly." (dated 4/1/2016)<br><br>"That's not just paranoia (a healthy trait at times). Tesla really is under massive attack by short sellers" (dated 1/17/2012) | | |
| P-335 | New York Times article "Did Elon Musk Violate Securities Laws With Tweet About Taking Tesla Private?" (dated 8/8/2018) | Defendants object on grounds of hearsay and Rule 403. | **Sustained on Rule 403 grounds.** The exhibit is hearsay and cannot be introduced for the truth of the matter asserted. The article could, however, be introduced to show the effect on the listener (*i.e.* the market).<br><br>As for Rule 403, the exhibit has some probative value because it goes to damages, but there are significant Rule 403 issues. The headline is inflammatory and goes close to the ultimate issue in the case. To the extent that Dr. Hartzmark reviewed and relied upon the article in forming his opinions, Dr. Hartzmark may describe it. But the article itself is inadmissible under Rule 403. |