Adam M. Apton
aapton@zlk.com
Levi & Korsinsky, LLP
75 Broadway
San Francisco, CA 94111
(415) 373-1671

Michael Lifrak
michaellifrak@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Plaintiff*     *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**PARTIES' JOINT SET OF REVISED JURY INSTRUCTIONS NOS. 30 & 31** |

On December 9, 2022, the parties participated in a conference to discuss the Parties' Joint Set of Proposed Jury Instructions dated September 20, 2022 (ECF No. 477). In accordance with discussions during and after the conference, below are revised proposed jury instructions for loss causation (Jury Instruction No. 30) and damages (Jury Instruction No. 31).

The revisions to the loss causation instruction are from Defendants only and are non-substantive; Plaintiff's loss causation instruction has not been modified and is included below for the Court's convenience.

//

//

//

**Instruction No. 30: Loss Causation [Disputed]**

    **Plaintiff's Proposal:**

Plaintiff must prove by a preponderance of the evidence that Mr. Musk and/or Tesla's misrepresentations or omissions caused their economic injury. To establish causation, Plaintiff must prove that the alleged misrepresentations or omissions played a substantial part in causing the injury or loss that Plaintiff suffered. Plaintiff need not prove that the alleged misrepresentations or omissions were the sole cause of the economic injuries.

Source: Ninth Circuit Model Civil Jury Instruction 18.8; *In re Daou Sys., Inc.*, 411 F.3d 1006, 1025-26 (9th Cir. 2005) (fraudulent statement must be "substantial cause" in plaintiff's damages). *See also Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1044 (9th Cir. 1987) ("A [plaintiff] is entitled to an instruction on a [plaintiff] theory if it has a basis in the law and in the record." (citing *United States v. Coin*, 753 F.2d 1510, 1511 (9th Cir. 1985))); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1053-54, 1057-58 (9th Cir. 2008) (reversing dismissal on loss causation grounds where stock price initially increased in response to FDA Warning Letter and only declined two and a half months later when the "public finally realize[d] the impact of the off-label marketing and the Warning Letter"; holding that "[The Ninth Circuit] rejected 'a bright-line rule requiring an immediate market reaction' because '[t]he market is subject to distortions that prevent the ideal of a free and open public market from occurring.'"); *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920, 934 (9th Cir. 2003) (rejecting argument that alleged misrepresentations were *per se* immaterial because the drop in stock price took place more than one and a half months after the market learned the truth about the misrepresentations).

**Defendants' Proposal:**

Plaintiff must prove by a preponderance of the evidence that Mr. Musk and/or Tesla's material misrepresentations were the proximate cause of Plaintiff's economic loss. This is commonly referred to as the "loss causation" element. To prove loss causation, Plaintiff must prove, by a preponderance of the evidence, that the alleged material misstatements concealed a fact from the market that, when disclosed to the market (a so-called "corrective disclosure"), negatively and substantially affected the value of Tesla's securities. To serve as a basis for finding loss causation, a corrective disclosure must convey information that is new to the market and reveals the information concealed by the alleged material misstatements. If information has already been disclosed, then a decline in the price of the security accompanying a later repetition or recharacterization of the same information cannot establish loss causation.

To prove loss causation, the Plaintiff must separate any security-price reaction to a disclosure of the allegedly concealed information from the market's reaction to other information affecting Tesla's securities prices. Because the Plaintiff's losses are limited only to the security-price reaction to the corrective disclosure, he cannot recover damages for security-price losses caused by subsequent events that repeat, recharacterize, or arise from the corrective disclosure, such as negative news stories, lawsuits, or investigations about the information contained in the corrective disclosure. Plaintiff is only harmed when new facts concealed by the alleged misstatements are revealed, not when risks previously known to the market materialize.

Stated differently, the Plaintiff must provide evidence sufficient for you to attribute some rough proportion of his losses to disclosure of the allegedly concealed information, as opposed to other factors for which the Plaintiff cannot recover losses. These other factors include negative characterizations of previously disclosed facts identified above as well as any truthful disclosures by Tesla that may have impacted Tesla's stock price

Source: *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342-48 (2005); *Nuveen Mun. High Income Opportunity Fund v. City of Alameda*, 730 F.3d 1111, 1119 (9th Cir. 2013); *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1273–74 (S.D. Cal. 2010); *Lentell v. Merrill Lynch & Co.*, 396

1   F.3d 161, 173 (2d Cir. 2005); *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 512 (2d Cir.

2   2010); *Teacher's Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 187–88 (4th Cir. 2007).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Position**:

Plaintiff's proposed Instruction No. 30 is identical to what was previously submitted on September 20, 2022. *See* ECF No. 477 at 86. The instruction adopts the Model Instruction 18.8 almost verbatim and coincides with the Ninth Circuit's statement of the law on the element of "loss causation." *See Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 754 (9th Cir. 2018).

During the conference on December 9, 2022, Ms. Hirst questioned whether further instruction was necessary to explain particular theories of loss causation and how they might "map" to this case, *e.g.*, the "leakage" theory of loss causation. Additional instruction in this regard is not necessary and has not been done before. *See*, *e.g.*, *Hsingching Hsu v. Puma Biotechnology, Inc., et al.*, No. 15-cv-00865 (Dkt. No. 700, p. 36) (attached as Exhibit A); *Jaffe v. Household International, Inc., et al*., No. 02-cv-5893 (Dkt. No. 1614, p. 32) (attached as Exhibit B). Instructing the jury as to any one particular theory of loss causation to the exclusion of others may lead to error if and/or when the evidence is presented at trial. *See Prado v. Fed. Express Corp.*, No. 5:12-CV-03945-PSG, 2015 WL 374965, at *2 (N.D. Cal. Jan. 28, 2015) (No error where the court denied to use an instruction that "reached far beyond what is recommended by the model instructions and belabored the points in an otherwise straightforward jury instruction crafted to avoid juror confusion."); *Chandler v. Frauenheim*, No. 17-CV-00325-EMC, 2018 WL 4056018, at *26 (N.D. Cal. Aug. 23, 2018) (Where phrase is used in the model instruction, it suggests it is appropriate, holding "[t]he phrase 'common sense' also is used in the Ninth Circuit's model instruction on reasonable doubt, which suggests it is not inflammatory language and does not draw away from the jury's duty to evaluate the evidence.").

Plaintiff incorporates his previous position statement with respect to the competing proposed jury instructions and reiterates that Defendants' proposed instruction is contrary to the law in the Ninth Circuit and courts throughout the country. *See* ECF No. 477 at 88-91.

**Defendants' Position:**

Defendants amended Instruction No. 30 is identical in all material respects to the Proposed Instruction No. 30 filed on September 20, 2022, except this version changes all references to "stock-price" to "securities-price" to more accurately reflect the fact that Plaintiff seeks damages for and thus must prove loss causation for multiple instruments. Defendants reserve, incorporate by reference, and reassert their request that the Court adopt this instruction and objections to Plaintiff's instruction No. 30. (Dkt. No. 477, 86-94.)

**Instruction No. 31: Damages [Disputed]**

  **Plaintiff's Proposal:**

If you find for Plaintiff on the 10b-5 Claim against Elon Musk and/or Tesla, then you must consider and decide the amount of damages to be awarded to Plaintiff and the Class. You may award only actual damages in that amount which will reasonably and fairly compensate Plaintiff and the Class for the economic losses they sustained. Actual damages are measured by the amount of inflation or deflation caused by the misrepresentations on which you based your finding of a 10b-5 Claim. In other words, actual damages are measured by the difference between the price at which a security sold and the price at which the security would have sold absent the alleged material misrepresentations.

You will be asked to determine the amount, if any, by which the prices for Tesla securities were artificially inflated by the misrepresentations on which you based your finding of a 10b-5 Claim for each day during the Class Period. The Court will use your determinations of price inflation to calculate the damages suffered by Plaintiff and the Class in connection with purchases and sales of Tesla securities during the Class Period.

Your award must be based on evidence and not upon speculation, guesswork, or conjecture. However, damages need not be proven with mathematical certainty. There must only be enough evidence for you to make a reasonable estimate of damages. You are not required to act as trained economists and may make reasonable estimates based on the evidence. Plaintiff has the burden of proving damages by a preponderance of the evidence. Your award should compensate Plaintiff and the Class for damages proven to be related to the misrepresentations underlying the 10b-5 Claim and not for damages caused by factors other than the alleged misrepresentations.

Source: Ninth Circuit Model Civil Jury Instruction 18.9; *Randall v. Loftsgaarden*, 478 U.S. 647, 664-65 (1986) ("Congress' aim in enacting the 1934 Act was not confined solely to compensating defrauded investors. Congress intended to deter fraud and manipulative practices in the securities markets, and to ensure full disclosure of information material to investment decisions. This

deterrent purpose is ill served by a too rigid insistence on limiting plaintiffs to recovery of their 'net economic loss.'" (internal citations omitted); *Gruber v. Gilbertson*, No. 16-CV-9727 (JSR) (Dkt. No. 478 at *30 (Final Jury Instruction No. 22 on Damages: "If you have determined that Mr. Reger is liable on either Claim I or Claim II, or both, then you must determine whether the amount of fraudulent inflation is 100%, as the plaintiff contends; 0%, as Reger contends; or some number in-between."); *Gruber v. Gilbertson*, _ F.Supp.3d_, No. 16-CV-9727 (JSR), 2022 WL 4232834, at *12 (S.D.N.Y. Sept. 14, 2022) ( "[t]he able members of the jury, who gave up their own time to perform their public service of deciding this complicated case, were not required to act as trained economists, but rather to make reasonable estimates based on evidence they credited."); *Harmsen v. Smith*, 693 F.2d 932, 945 (9th Cir. 1982) ("Although damages need not be proved to a mathematical certainty, 'sufficient facts must be introduced so that a court can arrive at an intelligent estimate without speculation or conjecture.'"); *Garvin v. Greenbank*, 856 F.2d 1392, 1401 (9th Cir. 1988) ("Damages need not be proven to a mathematical certainty.").

**Defendants' Proposal:**

If you find for Plaintiff on the 10b-5 Claim against Elon Musk and/or Tesla, then you must consider and decide the amount of damages, if any, to be awarded to Plaintiff and the Class. You may award only actual damages in that amount which will reasonably and fairly compensate Plaintiff and the Class for the economic losses they sustained. Actual damages are measured by the amount of inflation or deflation caused by the misrepresentations on which you based your finding of a § 10(b)–5 violation and do not include losses caused by other events, including subsequent events that repeat, recharacterize, or arise from the corrective disclosure, such as negative news stories, lawsuits, or investigations about the information contained in the corrective disclosure. In other words, actual damages are measured by the difference between the price at which a security sold and the price at which the security would have sold absent the alleged material misrepresentations.

Plaintiff is not permitted to recover any consequential damages except for outlays attributable to the alleged misconduct, for example money Plaintiff actually spent to mitigate his harm, if proved with sufficient certainty.

You will be asked to determine the amount, if any, by which the prices for Tesla common stock and convertible bonds were artificially inflated by the misrepresentations on which you based your finding of a § 10(b)–5 violation for each day during the Class Period. You will also be asked to determine whether the misrepresentations on which you based your finding of a § 10(b)–5 violation caused any change to the level of implied volatility of each Tesla options during the class period. This is because changes to the prices of stock options are primarily determined by two factors: changes to the price of the stock and changes to implied volatility. The Court will use your determinations of price inflation and implied volatility to calculate the damages suffered by Plaintiff and the Class in connection with purchases of stock and convertible bonds and purchases and sales of Tesla stock options during the Class Period.

Your award must be based on evidence and not upon speculation, guesswork, or conjecture. Plaintiff has the burden of proving damages by a preponderance of the evidence. Plaintiff also has the burden of separating out the price decline, if any, caused by factors other than the alleged

- 8 -

misrepresentations. If you find the evidence is not sufficient for you to you to determine how much decline was caused factors other than the alleged misrepresentations, you should award zero damages.

Source: Ninth Circuit Model Civil Jury Instruction 18.9; Ex. M, *Hsingching Hsu v. Puma Biotechnology, Inc., et al.*, *Instructions,* No. 33; Ex. O, *Liberty Media Corp. v. Vivendi Universal*, S.D.N.Y. Case No. 03-cv-02175, Dkt. No. 305, Instructions, 6/21/12 Tr. at 3094:24-3095:11; 3097:4-22; Ex. P, *In re Vivendi Universal, S.A. Securities Litigation,* S.D.N.Y. Case No. 02-cv-05571, Dkt. No. 1052-2, Instruction No. 28; *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 155 (1972); *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1014 (C.D. Cal. 2003); ); *Nuveen Mun. High Income Opportunity Fund v. City of Alameda*, 730 F.3d 1111, 1119 (9th Cir. 2013); *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1273–74 (S.D. Cal. 2010); *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005); *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 512 (2d Cir. 2010); *Teacher's Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 187–88 (4th Cir. 2007); *Meyers v. Moody*, 693 F.2d 1196, 1212 (5th Cir. 1982); *Ambassador Hotel Co. v. Wei-Chuan Inv*., 189 F.3d 1017, 1030 (9th Cir. 1999).

**Plaintiff's Position**:

Plaintiff has largely adopted Ms. Hirst's proposed language, as presented in Ms. Sharma's email dated December 9, 2022. The only modifications of substance are: 1) the removal of any reference to implied volatility (because Plaintiff's proposed use of actual option trading data eliminates the need for the jury to determine implied volatilities); and 2) the inclusion of language pertaining to the specificity of the jury's damages award and the jury need only make a "reasonable estimate" of damages, as included in Plaintiff's initial proposed jury instruction and the Ninth Circuit case law cited in support. *See* ECF No. 477 at 95-96. Plaintiff modified Ms. Hirst's language concerning Plaintiff's "burden" to separate price declines by instructing the jury that he can recover only those damages that are caused by the alleged fraud. Plaintiff's "burden" is to prove the damages caused by the alleged fraud (as opposed to the declines not caused by the fraud). With these modifications, Plaintiff's proposed instruction still largely follows the language in the model instructions combined with language recently used in *Gruber v. Gilbertson*, No. 16-CV-9727 (JSR), 2022 WL 4232834, at *12 (S.D.N.Y. Sept. 14, 2022) ("The able members of the jury . . . were not required to act as trained economists, but rather to make reasonable estimates based on evidence they credited."); *see Gruber v. Gilbertson*, No. 16-CV-9727 (JSR) (Dkt. No. 478 at *30 (Final Jury Instruction No. 22 on Damages: "If you have determined that Mr. Reger is liable on either Claim I or Claim II, or both, then you must determine whether the amount of fraudulent inflation is 100%, as the plaintiff contends; 0%, as Reger contends; ***or some number in-between.***" (emphasis added)).

Plaintiff further incorporates his previous position statement with respect to the competing proposed jury instructions and maintains that Defendants' proposed instruction represents an unwarranted departure from Model Instruction 18.9. *See* ECF No. 477 at 98-101.

**Defendants' Position:**

Defendants reserve, incorporate by reference, and reassert their request that the Court adopt their original Proposed Instruction No. 31 and objections to Plaintiff's instruction No. 31. (Dkt. No. 477, 98-104.)

Following the informal Jury Instruction Conference on December 9, 2022, the Court provided the parties with proposed language on Jury Instruction No. 31. Defendants have adopted the Court's proposed language in the above amended Jury Instruction No. 31 but have included additions necessary to educate the jury on specific matters important to the resolution of this case. ***First***, the instructions expand on the Court's definition of actual damages by providing examples to the jury of the types of events and for which the Plaintiff is not entitled to recover. *See e.g., Teachers' Ret. Sys. Of LA v. Hunter*, 477 F.3d 162, 187-88 (4th Cir. 2007) (stock decline following filing of complaint based on already-disclosed facts is not a loss "for which the plaintiffs in this case are entitled to compensation."). ***Second***, the instructions provide the jury with a definition of consequential damages that properly explains, consistent with Ninth Circuit law, that any consequential damages are limited to "outlays attributable to the alleged misconduct, for example money Plaintiff actually spent to mitigate his harm, if proved with sufficient certainty." *Meyers v. Moody*, 693 F.2d 1196, 1212 (5th Cir. 1982); *Ambassador Hotel Co. v. Wei-Chuan Inv*., 189 F.3d 1017, 1030 (9th Cir. 1999). This definition is necessary in light of Dr. Hartzmark's inclusion of "consequential effects" in his damages model as "artificial inflation." (Ex. 375 ¶ 171.) ***Third***, the instructions include an explanation of how stock option damages are calculated and determined, which is necessary in light of Plaintiff's new position that he does not need to prove implied volatility to the jury in order to obtain a damages award on options. (Plaintiff Submission of Revised Verdict Form at 3.) ***Fourth***, the instruction informs the jury that Plaintiff bears the burden to disaggregate damages from other factors that may impact security prices and that he should be awarded no damages if he fails to carry that burden. *See Hsingching Hsu v. Puma Biotechnology, Inc., et al*., Instructions, No. 33 ("Plaintiffs also bear the burden of separating out the share price decline, if any, caused by factors other than the alleged misrepresentations or omissions."); *In re Imperial Credit Indus., Inc. Sec. Litig*., 252 F. Supp. 2d at 1014–15 ("A proper measure of damages

1   in the securities context thus requires elimination of that portion of the price decline or price
2   difference which is unrelated to the alleged wrong").

3   Defendants' proposed instruction is "an accurate statement of the law" that identifies the key
4   elements concerning damages that may be recoverable if caused by the alleged material
5   misstatements. *See, e.g.*, *United States v. Garza*, 980 F.2d 546, 554 (9th Cir. 1992) (jury instruction
6   must be "accurate statement of the law," although "formulation or choice of language of the jury
7   instructions is within the discretion of the district court"); *United States v. Terry*, 911 F.2d 272,
8   278 (9th Cir. 1990) (jury instruction must be "accurate statement of the law"). It should be
9   adopted.

10  Defendants object to Plaintiff's Proposed Instruction No. 31 on the grounds that it is
11  incomplete and therefore misleading.

12  ***First and foremost***, Plaintiff removes the Court's instruction that he bears "the burden of
13  separating out the price decline, if any, caused by factors other than the alleged
14  misrepresentations." The Court's instruction is an accurate and necessary description of the law
15  and it should be included in any instruction. *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F.
16  Supp. 2d at 1014–15 ("A proper measure of damages in the securities context thus requires
17  elimination of that portion of the price decline or price difference which is unrelated to the alleged
18  wrong"). The failure to include this instruction invites error by suggesting the jury that it may
19  award Plaintiff's proposed damages in their entirety—even for price increases the jury believes
20  were caused by anything other than a misrepresentations. The lack of instruction may also falsely
21  suggest to the jury that Defendants bear the burden of disaggregation.

22  ***Second***, Plaintiff provides no instruction on how to determine options damages. Plaintiff is
23  seeking damages for options and must prove both a change in stock price and a change in volatility.
24  The jury should be instructed on this burden.

25  ***Third,*** Plaintiff fails to include necessary instructions like the definition of consequential
26  damages and an explanation of the events for which the Plaintiff is not entitled to collect damages.

27  ***Finally***, Plaintiff includes unnecessary language that "damages need not be proven with
28  mathematical certainty. There must only be enough evidence for you to make a reasonable estimate

of damages.  You are not required to act as trained economists and may make reasonable estimates based on the evidence." This instruction is unnecessary and its only purpose appears to attempt to lower Plaintiff's burden on damages, promote an improper compromise verdict, and create excuses for Plaintiff's failure to meet his burden.

    Plaintiff's proposed instruction should be rejected.

Dated: December 20, 2022            Respectfully,

                                    **Levi & Korsinsky, LLP**

                                    */s/   Adam M. Apton*
                                    Adam M. Apton
                                    aapton@zlk.com
                                    75 Broadway
                                    San Francisco, CA 94111
                                    (415) 373-1671

                                    *Attorneys for Plaintiff*


                                    **Quinn Emanuel Urquhart & Sullivan, LLP**

                                    */s/   Michael Lifrak*
                                    Michael Lifrak
                                    michaellifrak@quinnemanuel.com
                                    865 South Figueroa Street, 10th Floor
                                    Los Angeles, CA 90017
                                    (213) 443-3000

                                    *Attorneys for Defendants*


Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this document.


Dated: December 20, 2022            */s/   Adam M. Apton*
                                    Adam M. Apton