# EXHIBIT "B"

**02C5893   Judge Guzman**
**Jaffe v. Household International, Inc.**
**Filed Jury Instructions (Given).**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

FILED

MAY 0 7 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In this case, Defendants William Aldinger, David Schoenholz and Gary Gilmer are individuals, Defendant Household is a corporation and Plaintiffs are entities that purchased Household stock that represent a class of others similarly situated. All parties are equal before the law. Defendants and Plaintiffs are entitled to the same fair consideration.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

During the trial, certain testimony was presented to you by the reading of a deposition and video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

A stipulation is an agreement between both sides that certain facts are true. If the parties have stipulated to a fact, you must accept that fact as proved.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements, periodic summations and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

You will recall that during the course of this trial I instructed you that I admitted certain evidence only for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

During the trial I provided you with a written copy of the limiting instructions that apply to certain categories of evidence, including analyst reports, investor relations reports, presentations to investors, ratings agency reports, newspaper and magazine articles, complaints and settlements in other legal proceedings, and individual customer complaints. I will not read those instructions again, but they are included in the instructions that you will take to the jury room and that you must follow in your deliberations.

Some evidence was admitted for the limited purpose of assisting you to evaluate an expert witness' opinion. Such evidence must not be used by you for any other purpose.

Certain evidence in this case is admitted for a limited purpose only to show that the contents were publicly available, whether they affected the price of Household stock, or that Defendants were on notice of the contents. You must consider this evidence only for the limited purpose for which it was admitted.

First, a number of documents known as analyst reports were admitted in evidence. Analyst reports are written by market analysts employed by investment banks or brokerage firms, who comment on Household's business, its securities, and the economy in general. These exhibits are not admitted to show that what the analysts said was true. This evidence is admitted only to show that the contents of the analyst reports were publicly available, whether they affected the price of Household stock, or that Defendants were on notice of the contents, and for no other purpose.

Second, certain documents called investor relations reports were admitted in evidence. Household's investor relations report were prepared by Household employees for internal use within the company. The investor relations reports typically include quotations or excerpts from selected analyst reports. To the extent the investor relations reports quote from, attach or paraphrase statements made by analysts, you may consider those portions of the investor relations reports only for the limited purpose of showing that the contents of the analyst reports were publicly available, whether they affected the price of Household stock, or that Defendants were on notice of the contents, and for no other

purpose.

Third, certain evidence was admitted about presentations that Household executives made to analysts and investors, either in person or on conference calls. This evidence is admitted for the limited purpose of showing that the contents of the presentations were publicly available or whether they affected the price of Household stock, and for no other purpose.

Fourth, some reports prepared by ratings agencies that relate to Household's financial condition were admitted. These reports were not admitted to show that what the ratings agencies said was true. This evidence was admitted only to show that the contents of the ratings agencies' reports were publicly available, whether they affected the price of Household stock, or that Defendants were on notice of the contents, and for no other purpose.

Fifth, a number of newspaper and magazine articles were admitted. These articles are not admitted to show that the contents of the articles were true. Unless I instruct you to the contrary, you are to consider newspaper or magazine articles only for the limited purpose of showing that the contents of the articles were publicly available, whether they affected the price of Household stock, or that Defendants were on notice of the contents, and for no other purpose.

Certain evidence in this case is admitted only for the limited purpose of showing what one or more of the Defendants knew when they made the public statements that Plaintiffs allege were false or misleading. You must consider this evidence only for the limited purpose for which it was admitted.

First, evidence was admitted about complaints that were filed publicly against Household in certain other lawsuits during the relevant time period. This evidence is not admitted to show that the allegations asserted against Household in those prior lawsuits were true. These litigation documents, and any testimony about them, are admitted only for the limited purpose of (a) showing that the existence and nature of the prior lawsuits were known to one or more of the Defendants, (b) showing that this information was publicly available, or (c) showing whether the complaints affected the price of Household stock. You are not to consider this evidence for any other purpose.

Second, evidence was admitted about complaints made by certain individual customers of Household. The evidence about individual customer complaints is not admitted to show that the customers' complaints were true. This evidence is admitted only for the limited purpose of showing that the existence and nature of the complaints were known to one or more of the Defendants, and for no other purpose.

Third, evidence was admitted about settlements that Household entered into to resolve certain legal proceedings during the relevant time period.

Evidence about a settlement is not admitted to show that Household was at fault or admitted any wrongdoing in the matter that was settled.  The evidence is admitted only for the limited purpose of showing whether a settlement affected the price of Household stock, and you must not consider this evidence for any other purpose.

Each party is entitled to have the case decided solely on the evidence that applies to that party.

Any notes you have taken during the trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the
evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact
exists. In law we call this "inference." A jury is allowed to make reasonable
inferences. Any inference you make must be reasonable and must be based on the
evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

> the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
>
> the witness's memory;
>
> any interest, bias, or prejudice the witness may have;
>
> the witness's intelligence;
>
> the manner of the witness while testifying;
>
> and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider the statements given by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and materials mentioned during this trial.

Plaintiffs contend that defendants at one time destroyed documents regarding Andrew Kahr's recommendations for Household and documents regarding use of the effective rate presentation. However, defendants contend that they did not destroy any documents regarding Andrew Kahr's recommendations, and whatever they did with regard to documents relating to the effective rate presentation was for legitimate business purposes.

Defendants' destruction of a document, standing alone, does not warrant an inference that the document contained information that is unfavorable to the defendants. You may assume that such evidence would have been unfavorable to defendants only if you find by a preponderance of the evidence that:

1.     Defendants intentionally destroyed evidence or caused evidence relevant to plaintiffs' claims to be destroyed; and

2.     Defendants destroyed the evidence or caused the evidence to be destroyed in bad faith, in other words, for the purpose of hiding adverse information.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

You must give separate consideration to each claim and each party in this case.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiffs contend that Defendants Household, William Aldinger, David Schoenholz and Gary Gilmer violated Section 10b of the Securities Exchange Act and the Securities Exchange Commission or SEC's Rule **10b-5.** From now on, I will use "10b-5" to refer to both the Section and the Rule.

To prevail on their 10b-5 claim against any defendant, plaintiffs must prove each of the following elements by a preponderance of the evidence as to that defendant:

(1) the defendant made, approved, or furnished information to be included in a false statement of fact or omitted a fact that was necessary, in light of the circumstances, to prevent a statement that was made from being false or misleading during the relevant time period between July 30, 1999 and October 11, 2002;

(2) the false statement or omission was material;

(3) the defendant acted with a particular state of mind; and

(4) the defendant's statement or omission was a substantial factor in causing plaintiffs' economic loss.

If you find that the plaintiffs have proved each of the above elements as to any defendant, your verdict should be for the plaintiffs and against that defendant. If you find that the plaintiffs have not proved each of the above elements as to any defendant, your verdict should be for that defendant and against the plaintiffs.

To meet the first element of their 10b-5 claim against any defendant, plaintiffs must prove that during the relevant time period the defendant made a false or misleading statement of fact or omitted a fact that was necessary to prevent a statement that was made from being misleading.

Table A to the verdict form that you will be given, sets forth the statements that plaintiffs claim are false and misleading.

In determining whether a statement of fact is false or misleading, you must consider the statement in light of the circumstances that existed at the time it was made.

An omission violates 10b-5 only if the defendant has a duty to disclose the omitted fact. The defendants do not have a duty to disclose every fact they possess about Household or any fact that is in the public domain. But each defendant has a duty to disclose a fact if a prior or contemporaneous statement he or it made about the same subject would be misleading if the fact is not disclosed. If a defendant does not have a duty to disclose a fact but chooses to make a statement about it, the statement must be truthful and not misleading.

Defendant Household is required to file with the SEC an annual report, called a 10-K, and quarterly reports, called 10-Qs, for the first three quarters of each year. These reports include financial statements and other disclosures. Financial statements present a company's financial position at one moment in

time, or its operating results and cash flows for a specified period. Household has no duty to update its 10-Q reports on any cycle other than quarterly.

Household is required to prepare its financial statements regarding the delinquency status of loans and the accounting for its credit card agreements in accordance with generally accepted accounting principles or GAAP. GAAP are the accepted rules and procedures used by accountants in preparing financial statements. If you find that any of Household's financial statements regarding the delinquency status of loans and the accounting for its credit card agreements was not prepared in accordance with GAAP, you may presume that that portion of the financial statement is false or misleading.

To meet the second element of their 10b-5 claim against any defendant, plaintiffs must prove that the false or misleading statement of fact that the defendant made, or failed to make, was material.

A statement of fact or omission is material if there is a substantial likelihood that a reasonable investor would have considered it important in deciding whether to buy or sell Household stock. An important statement or omission is one that a reasonable investor would view as significantly altering the total mix of information to be considered in deciding whether to buy or sell Household stock.

A reasonable investor is presumed to have ordinary intelligence and is presumed to have information available in the public domain.

In determining whether a statement or omission is material, you must consider it in light of the circumstances that existed at the time the statement was made or the fact was omitted.

To meet the third element of their 10b-5 claim against any defendant, plaintiffs must prove that the defendant acted with a specific state of mind. Defendants William Aldinger, David Schoenholz, Gary Gilmer acted with the required state of mind in making a statement of material fact if he made the statement knowing that it was false or misleading or with reckless disregard for a substantial risk that it was false or misleading.

Defendants William Aldinger, David Schoenholz or Gary Gilmer acted with the required state of mind in failing to disclose a material fact if he knew that the omission would make another statement he made on the same subject misleading or he recklessly disregarded a substantial risk that the omission would make another statement he made on the same subject misleading.

A defendant's conduct is reckless if it is an extreme departure from the standards of ordinary care and he knows that it presents a risk of misleading investors or the risk is so obvious that he had to have been aware of it.

A finding that any defendant acted with the required state of mind depends on what he knew or should have known when he made a particular statement or omission.

Defendant Household, which can only act through its employees, had the required state of mind with respect to a false statement or omission if defendants William Aldinger, David Schoenholz, Gary Gilmer or any other Household

employee made the statement or omission with the required state of mind while acting within the scope of his or her employment.

The fact that Household restated certain financial statements does not, by itself, prove that any defendant acted knowingly or recklessly with respect to the information in the original financial statements. However, you may consider it along with any other evidence to determine whether any defendant acted knowingly or recklessly.

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

To meet the last element of their 10b-5 claim against any defendant as to any false or misleading statement or omission of material fact, plaintiffs must prove that the defendant's particular statement or omission was a substantial cause of the economic loss plaintiffs suffered. Plaintiffs do not have to prove that any statement or omission was the sole cause of plaintiffs' loss.

A statement or omission of material fact is a substantial cause of plaintiffs' loss if (1) it causes Household's stock price to be higher than it would be if the statement had not been made or the concealed fact had been disclosed; and (2) the market's discovery of the truth about that statement or omission causes Household's stock price to decrease. The truth may be revealed to the market through a single disclosure or a series of disclosures made by any person or entity.

Household is liable for any violation of 10b-5 that you find defendants William Aldinger, David Schoenholz, Gary Gilmer, or any other Household employee committed while acting within the scope of his or her employment and trying to further Household's goals.  A Household officer or employee acts within the scope of his or her employment when transacting business Household assigned to him or her or doing anything that can reasonably be considered to be part of his or her employment.

If you find that plaintiffs have not proved all of the elements of their 10b-5 claim against any defendant, then you should not consider the question of damages.

If you find that plaintiffs have proved all of the elements of their 10b-5 claim against any defendant, then you must determine the amount of per share damages, if any, to which plaintiffs are entitled. Plaintiffs can recover only actual damages, which is the difference between the price plaintiffs paid for each share of Household stock and the price each share would have cost if no false or misleading statement or omission of material fact had occurred, in other words, the measure of inflation in the stock price. This is the only damages calculation you will be asked to make in this case. Any damages you award must have a reasonable basis in the evidence. Damages need not be proved with mathematical certainty but there must be enough evidence for you to make a reasonable estimate of damages.

Under Section 20(a) of the Securities Exchange Act, a defendant may be liable for what is called a "secondary violation," even if he did not violate 10b-5, if he had the authority to control another defendant who violated 10b-5. Plaintiffs claim that each of the Individual Defendants, William Aldinger, David Schoenholz, and Gary Gilmer is liable for a secondary violation under Section 20(a).

To prove that any defendant is liable for a secondary violation, plaintiffs have the burden of proving both of the following elements:

1.     that another defendant (called a "primary violator") violated 10b-5 in the manner I have previously explained; and

2.     that the defendant was a "controlling person" with respect to the primary violator.

If you determine that no defendant has violated 10b-5, you do not have to consider whether any defendant was a controlling person.

If you find that any defendant was a primary violator, however, you must then determine whether any of the other defendants was a "controlling person" as to that primary violator.

To establish that William Aldinger, David Schoenholz or Gary Gilmer was a "controlling person," plaintiffs must prove that:

> (1) the defendant actually exercised general control over the operations of the primary violator; and

> (2) the defendant had the power or ability, even if that power was not exercised, to control the specific transaction or activity upon which the primary violation was based — in this case, making the specific false statement or omission of material fact.

Both of these elements must be established as to each individual defendant. The parties have stipulated that both William Aldinger and David Schoenholz actually exercised general control over the operations of Household, so no proof is required on that element as to those two defendants, in their relation to Household.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

[Verdict form read.]

Take the verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict for or against any party must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.