1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2      Alex Spiro (appearing *pro hac vice*)
       alexspiro@quinnemanuel.com
3      Andrew J. Rossman (appearing *pro hac vice*)
       andrewrossman@quinnemanuel.com
4      Ellyde R. Thompson (appearing *pro hac vice*)
       ellydethompson@quinnemanuel.com
5      Jesse Bernstein (appearing *pro hac vice*)
       jessebernstein@quinnemanuel.com
6  51 Madison Avenue, 22nd Floor
7  New York, New York 10010
   Telephone: (212) 849-7000
8
9      Michael T. Lifrak (Bar No. 210846)
       michaellifrak@quinnemanuel.com
10     Anthony P. Alden (Bar No. 232220)
       anthonyalden@quinnemanuel.com
11     Kyle Batter (Bar No. 301803)
       kylebatter@quinnemanuel.com
12 865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
13 Telephone: (213) 443-3000

14 *Attorneys for Defendants Tesla, Inc., Elon Musk,*
15 *Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
   *Antonio J. Gracias, James Murdoch, Kimbal Musk,*
16 *and Linda Johnson Rice*

17                 UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19

20 IN RE TESLA, INC. SECURITIES              Case No. 3:18-cv-04865-EMC
   LITIGATION
21                                            **[PROPOSED] ORDER GRANTING**
22                                            **DEFENDANTS' EMERGENCY MOTION**
                                              **TO COMPEL SUPPLEMENTAL EXPERT**
23                                            **REPORTS AND DEPOSITIONS**

24

25

26

27

28

1   Defendants' Emergency Motion to Compel Supplemental Expert Reports and Depositions

2   ("Motion") came on for hearing before the Court.  The parties were represented by their respective

3   counsel of record.  After considering the papers submitted by the parties and the argument of counsel,

4   the Court issues the following Order:

5   (1) By no later than _____, Plaintiff's experts Professor Heston and Dr.

6   Hartzmark shall produce and provide to Defendants supplemental expert disclosures pursuant to

7   Federal Rule 26 that explain Plaintiff's new approach to calculating options damages, all bases

8   therefor and all underlying calculations, specifically as it pertains to the use of actual implied volatility

9   instead of but-for implied volatility to calculate but-for option prices;

10   (2) By no later than _____, Plaintiff's experts Professor Heston and Dr.

11   Hartzmark shall each sit for a further deposition no longer than four hours on the record to answer

12   questions about their supplemental opinions.

13   A party that produces an expert report, "must supplement or correct [that report] . . . in a

14   timely manner if the party learns that in some material respect the [report] is incomplete or incorrect,

15   and if the additional or corrective information has not otherwise been made known to the other parties

16   during the discovery process or in writing." Fed. R. Civ. P. 26(e). "[T]he party's duty to supplement

17   extends both to information included in the report and to information given during the expert's

18   deposition." *Id.* "Rule 26(e) creates a duty to supplement." *Luke v. Fam. Care & Urgent Med.*

19   *Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009).

20   Here, Plaintiff's initial expert disclosures calculated "but-for" stock option prices using but-

21   for" implied volatility.  On December 12, 2022, Plaintiff advised Defendants that Plaintiff would

22   change their experts' opinions by instead using "*actual* [rather than but-for] reported implied volatility

23   for all calculations of option damages," including in the calculation of but-for option prices.  (Batter

24   Decl., Ex. D at 4 (emphasis added).)  Plaintiff's change in methodology for calculating alleged options

25   damages requires supplementation under Federal Rule 26(e), as well as Plaintiff's experts to sit for

26   additional depositions to be questioned about the new methodology.

27   *            *            *

28

1

2

Based on the foregoing and all papers and proceedings held hereon, it is HEREBY ORDERED that Defendants' Motion is **GRANTED**.

3

4

**IT IS SO ORDERED.**

5

Dated: _____

6

_____
Honorable Edward M. Chen
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28