**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
         amccall@zlk.com

*Attorneys for Plaintiff and Counsel for the Class*

[Additional Counsel on Signature Block]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO COMPEL EXPERT REPORTS AND DEPOSITIONS** |

Defendants' emergency motion to compel is premised on the notion that Plaintiff is changing his theory of damages relating to options. Since the motion was filed, Plaintiff has made clear (in writing) to Defendants that he is *not* changing his option damages theory and has withdrawn his proposed simplified jury verdict form that prompted the current dispute. Thus, Defendants' emergency motion is moot.

The instant dispute arose from Plaintiff's decision to revise his proposed verdict form following the Court's Final Pretrial Order dated December 7, 2022, which denied Defendants' Motion *in Limine* No. 5 in light of Plaintiff's agreement to use "actual" market data in the calculation of option damages. ECF No. 508, pp. 47:4-47:8, 51:7-51:11. To that end, on December 12, 2022, Plaintiff provided Defendants with a proposed revised verdict form that omitted Question B.2. (*i.e.*, the question asking the jury to determine "but for" implied volatility percentages to be used with the Black-Scholes-Merton model when calculating option damages). Plaintiff omitted this question because using "actual" market data eliminated the need for the jury

1  to determine "but for" implied volatilities, given that "actual" implied volatility as reported by
2  the CBOE could be used to construct both the "actual" and "but for" curves.

3  On Friday, December 16, 2022, the parties met-and-conferred in response to Plaintiff's
4  proposed revised verdict form. At that time, Defendants requested several items of supplemental
5  expert discovery. Plaintiff agreed to provide by Wednesday, December 21, 2022, an annotated
6  version of Professor Steve Heston's report identifying which portions were no longer relevant in
7  light of the revised verdict form. Plaintiff also agreed to discuss supplemental depositions if
8  Defendants credibly identified areas of inquiry that they were unable to address during the initial
9  round of expert depositions. *See* ECF No. 515-1, pp. 266-67.

10 On Wednesday, December 21, 2022, without any further discussion and while Plaintiff
11 was working on providing the as-promised annotated version of Professor Heston's report, and in
12 the midst of what Plaintiff believed were ongoing discussions concerning the need for
13 supplemental depositions, Defendants filed their emergency motion to compel. Later that day, at
14 approximately 6:15 p.m. ET, the parties engaged in a further meet-and-confer at which time
15 Defendants further articulated their objection to Plaintiff's revised proposed verdict form and
16 explained that Plaintiff's reliance on "actual" market data deviated from what they understood
17 was agreed to during the final pretrial conference. Defendants explained that they understood the
18 Court's Final Pretrial Order permitted "actual" implied volatility data to be used for constructing
19 the "actual" option price curve, they did not agree that it also should be used to construct the "but
20 for" curve. Any attempt to do this, according to Defendants, constituted a material change in
21 damages theory and necessitated supplemental expert discovery.

22 Plaintiff's omission of Question B.2. from the revised proposed verdict form was, and is,
23 a reasonable means of simplifying the option-related issues for the jury at trial. Using "actual"
24 implied volatility to construct both the "actual" and "but for" curves would have allowed
25 Plaintiff's expert, Michael Hartzmark, Ph.D., to use the Black-Scholes-Merton model to construct
26 these curves without having to use implied volatility determinations from the jury. By relying on
27 "actual" implied volatility data for both the "actual" and "but for" curves, the only input needed
28 from the jury would have been the "but for" stock price. Thus, a reasonable estimate of damages

1 for options would have been possible without needing the jury to decide potentially complicated 2 issues pertaining to implied volatility. Notwithstanding, Defendants have objected to this 3 approach and contend that the use of "actual" market data for construction of the "actual" curve 4 constitutes a revised damages model necessitating additional discovery. Plaintiff has no desire to 5 trigger a detailed expert discovery process this close to trial and thus is reverting to the position 6 explicitly laid out in the Court's Final Pretrial Order as both parties understand it: The jury will 7 determine but-for stock prices and implied volatilities to be used to determine but-for option 8 prices; the but-for option prices will be compared to actual transacted prices for Tesla stock 9 options to compute damages. This necessitates reincorporating Question B.2. back into the jury 10 verdict form thereby requiring the jury to determine "but for" implied volatility.

11 Plaintiff has provided a further revised version of the verdict form reflecting this change 12 to Defendants and has agreed to provide updated calculations as referenced in the Final Pretrial 13 Order dated December 7, 2022. In response, Defendants continue to insist on supplemental reports 14 and depositions. Given that Plaintiff is not changing his damages model or theory and his 15 proposed changes to the verdict form are now indisputably consistent with the Court's Final 16 Pretrial Order, Plaintiff believes no supplemental expert discovery is necessary. To be clear, 17 Plaintiff at no point was engaging in "gamesmanship" with respect to expert discovery but instead 18 was attempting in good faith to simplify issues at trial in accordance with the Court's Final Pretrial 19 Order through what Plaintiff believed were ongoing negotiations as to how best accomplish that 20 goal. Respectfully, Defendants' emergency motion was premature, unnecessary, and in violation 21 of this Court's meet-and-confer requirements.

23 Dated: December 22, 2022                    Respectfully submitted,

25                                              **LEVI & KORSINSKY, LLP**

27                                               *s/ Adam M. Apton*
                                                Adam M. Apton (SBN 316506)
                                                Adam C. McCall (SBN 302130)
28                                              75 Broadway, Suite 202

San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Elizabeth K. Tripodi
Alexander A. Krot III
LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel.: (202) 524-4290
Email: nporritt@zlk.com
Email: etripodi@zlk.com
Email: akrot@zlk.com
(admitted *pro hac vice*)

-and-

Joseph Levi
Eduard Korsinsky
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Email: jlevi@zlk.com
Email: ek@zlk.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff and Counsel for the Class*