QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearing *pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (appearing *pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (appearing *pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (appearing *pro hac vice*)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Anthony P. Alden (Bar No. 232220)
  anthonyalden@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO COMPEL SUPPLEMENTAL EXPERT REPORTS AND DEPOSITIONS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date: TBD<br>Time: TBD<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |

Plaintiff's filing today only compounds the problem and does nothing to moot Defendants' Emergency Motion to Compel Supplement Expert Reports and Depositions. Instead, it further muddies the water and highlights Plaintiff's ever-shifting expert opinions and failures to comply with the Court's Orders and Plaintiff's own prior agreements—despite *months* of time to do so.

Over three months ago (on September 20), Defendants filed a motion in *limine* alerting the Court to the unreliability of Professor Heston's options damages model, which utilized *theoretical* options prices rather than *actual* options prices. (ECF No. 479.) During oral argument on Defendants' motion, the Court questioned, "why not use the *actual* option prices?" (Batter Decl., Ex. C at 36:19-20.) In response, Plaintiff agreed, "if the Court's concern is [that Heston's methodology is] not sufficiently supported and would rather-- if the Court's preference is that we use actual prices, *we [will] use actual prices*." (*Id.* at 53:16-18.) That was *two months ago*, and since then, Plaintiff has provided nothing—no new disclosures, no new calculations, and no supplementary data whatsoever.

The Court issued its Order on Defendants' motion on December 7, stating that Heston's approach of using "theoretical prices . . . appears to be unprecedented, and poses serious *Daubert* issues." (ECF No. 508 at 36.) Nevertheless, the Court did not grant Defendants' motion "*because*, in light of these concerns, during the pretrial conference *Plaintiff agreed* to rerun the stock option calculations using actual option price data instead of the theoretical prices." (*Id.* at 36-37 (emphasis added).) Plaintiff has never followed through with its agreement or the Court's resulting order, despite months to do so.

Instead, Plaintiff announced informally (in a phone call and email) that he would be changing Heston's and Hartzmark's expert opinions in *other* material ways *not* considered by the Court. (Batter Decl., Ex. D at 4.) Specifically, despite serving expert disclosures more than a year ago that relied on "but-for" implied volatility to estimate "but-for" options prices, Plaintiff stated—with no justification or the required formal disclosures—that he would scrap that and "just use *actual* reported implied volatility for all calculations of option damages." (*Id.*) Defendants' experts worked tirelessly to understand the significant implications of Plaintiff's eleventh-hour change to their expert methodologies and how it would impact the damages Plaintiff claims the class is entitled to, all without actual disclosures or calculation. Meanwhile, despite repeated requests, Plaintiff refused to

give any further meaningful information, the required Rule 16 disclosures, or the depositions that are necessary to understand Plaintiff's new theory and *why* Plaintiff adopted this theory on the eve of trial. (*Id.* at 1-5.)  Plaintiff's refusal necessitated Defendant's Emergency Motion.

Yesterday, in response to Defendants' Emergency Motion, the Court issued an Order that, (1) with respect to Plaintiff's recent decision to use *actual* implied volatility, Plaintiff "shall explain, *inter alia*, why such amendment is not barred by Rule 16," and (2) "with respect to the use of actual market data for options pricing, as opposed to the theoretical prices discussed at the last hearing, Plaintiff shall explain why it should not be required to provide discovery and file a supplemental report thereon in advance of trial."  (ECF No. 516.)

Rather than attempt to comply with the Court's Order, Plaintiff is apparently abandoning his new approach and going back to what Plaintiff said he would do months ago.  However, Plaintiff still has not provided any disclosures or indicated he will allow discovery into the proposed revised methodology that mooted Defendants' prior *Daubert* challenge to Heston.  Defendants are entitled to know what the alleged damages figures are well before trial and should not have to question Plaintiff's experts on their figures for the first time at trial.  As the Court noted in its December 21 Order, Plaintiff has not provided the required Rule 16 disclosures.  Nor has the Plaintiff provided any updated damage figures at all regarding options.  Plaintiff has had *two months* to do so but hasn't, nor has he explained in response to the Court's Order why he has not done so.

This should be done in an orderly fashion.  Plaintiff should be ordered to provide disclosures and allow depositions.  Defendants should be permitted to probe whether Plaintiff's experts' current opinions are consistent with their prior ones, including, for example, whether Plaintiff's use of "actual" trading data sufficiently accounts for the issues and "noise" that Plaintiff's own expert previously claimed made actual trading data inappropriate.  Defendants should be permitted to rebut the new opinions and to challenge them on *Daubert* grounds if justified.  This cannot possibly be done within the time currently set for trial, and it has been caused by Plaintiff dragging his feet, changing expert opinions (including today), and refusing to comply with disclosure and discovery obligations. Plaintiff should either go to trial without an options damages opinion (as we are weeks away from trial and an admissible one has not been disclosed) or Plaintiff should be ordered to immediately provide

the required expert disclosures and depositions and the trial date should be moved to ensure that Defendants are not prejudiced by Plaintiff's gamesmanship on these central expert issues.

DATED: December 22, 2022

Respectfully, submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
Alex Spiro (appearing pro hac vice)

**ATTESTATION**

I, Kyle K. Batter, am the ECF user whose ID and password are being used to file the above document.  In compliance with the Local Rules, I hereby attest that Alex Spiro has concurred in the filing of the above document.

/s/ Kyle K. Batter

Kyle K. Batter