QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearing *pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (appearing *pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (appearing *pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (appearing *pro hac vice*)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Anthony P. Alden (Bar No. 232220)
  anthonyalden@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' EMERGENCY MOTION TO COMPEL A LIMITED SUPPLEMENTAL DEPOSITION OF DR. MICHAEL L. HARTZMARK**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date: TBD<br>Time: TBD<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, as soon as possible, on a date to be decided by the Court, in Courtroom 5 – 17th Floor of the United States Court for the Norther District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Edward M. Chen presiding, Defendants, through their counsel, will move, and hereby do move pursuant to Federal Rules of Civil Procedure 26, 30, and 37 to compel Plaintiff to make Dr. Michael L. Hartzmark available for a two-hour supplemental deposition via video to be questioned about his Supplemental Expert Damages Report and new "Appendix 8(a)," which Plaintiff served on December 31, 2022. Given the January 17, 2023 trial date and impending pre-trial deadlines, and consistent with the Court's Civil Standing Order, Defendants respectfully request an expedited hearing on this motion.

This motion is based on the Memorandum of Points and Authorities below, the Declaration of Anthony P. Alden and the exhibits attached thereto, the arguments of counsel, and any other matters properly before this Court. Pursuant to Paragraph 11 of the Court's Civil Standing Order, Defendants also submit a proposed order.

DATED:  January 3, 2023            Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
    Alex Spiro *(appearing pro hac vice)*

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants regrettably have been forced to file this emergency motion in light of imminent deadlines and Plaintiff's ongoing gamesmanship concerning his expert disclosures (or lack thereof) on options damages.

On September 20, 2022, Defendants filed a motion *in limine* to exclude certain opinions of Professor Steven L. Heston and Dr. Michael Hartzmark regarding the calculation of damages to Tesla option holders. (ECF No. 479.) Among other bases, Defendants argued that Heston's proposed model, and Hartzmark's implementation of it, was unreliable because it did not compare actual Tesla option prices to but-for Tesla option prices. (*Id*. at 2-5.) Instead, Hartzmark compared one set of theoretical prices generated by Heston (inaccurately labeled as "actual") to another set of theoretical prices proposed by Heston (labeled as "but-for"). (*Id*.) On October 25, 2022, "during the pretrial conference Plaintiff agreed to rerun the stock option calculations using actual option price data instead of theoretical prices." (ECF No. 508 (Final Pretrial Conference Order) at 37:1-2.) In reliance on this agreement, the Court denied that portion of Defendants' Motion *in Limine* No. 5 that sought to preclude Heston's and Hartzmark's testimony due to their failure to compare actual option transaction prices to "but for" prices. (*Id.* at 51:7-11.)

Yet, more than *eight weeks* after the Final Pretrial Conference, and *two weeks after* the Court's resulting order, plaintiff had not served anything—no new disclosures, no new calculations, no supplemental reports. Accordingly, on December 21, 2022, Defendants were forced to file an Emergency Motion to Compel Supplemental Expert Reports and Depositions (the "Motion"). (ECF No. 515.) The next day, the Court ruled as follows:

> By December 27, 2022, Plaintiff shall file a supplemental report regarding Professor Heston's use of actual stock option market data to derive "actual" implied volatilities and construct the "actual" option price curve. The supplemental report shall include Professor Heston's updated calculations as referenced in the Court's Final Pretrial Order. *See* Docket No. 508 at 36–37. Further, Professor Heston shall be available for a 1 hour video deposition limited to the topics set forth in his supplemental report; this deposition shall take place prior to the Second Pretrial Conference on January 4, 2023. Defendants shall not file a further *Daubert* motion without leave of court as the Court has already set forth its analysis of this issue. Any request for leave shall be made orally at the Second Pretrial Conference on January 4, 2023. The trial date of January 17, 2023 will not be moved.

(ECF No. 519.)[1]

Plaintiff served the Second Supplemental Expert Report of Steven L. Heston at approximately 8:00 p.m. PDT on December 27, 2022. (Declaration of Anthony P. Alden filed herewith ("Alden Decl."), Ex. A at 12-13.) Notably, the Report did not just implement the change permitted by the Court of comparing actual option prices with but-for prices, but switched to *an entirely new methodology*. Three weeks before trial, Professor Heston dropped his "impact quantum" methodology in favor of an "out-of-pocket" methodology. (*Id.*, Ex. D at 23:13-23 ("Q. Well, would you -- would you expect that damages under your original methodology or methodology you proposed in your report would be the same or similar as damages one would get from implementing the methodology proposed in your second supplemental report? A. I would say that the two methodologies I proposed are both reasonable, and given comparable inputs, would produce reasonably similar numbers.").) Even more remarkably, to Defendants' surprise, the Report did not contain either the "'actual' option price curve" or the "updated calculations" ordered by the Court. (*Id.*, Ex. B.)

Defendants promptly raised this omission with Plaintiff the next day. (*Id.*, Ex. A at 12.) In response, and without acknowledging any obligation to do so (despite the Court's prior orders), Plaintiff agreed "to prepare and produce a revised Appendix 8 using actual transacted prices rather than fitted actual prices." (*Id.* at 11.) The Appendix 8 that Plaintiff referred to was Appendix 8 to the Hartzmark Report, entitled "Calculation of End-of-Day Artificial Inflation (Deflation) in Tesla Options (Strike prices of $300, $340, $380, $420, $460, and $500)," which contained Hartzmark's prior calculations of options damages using Heston's previous methodology. (Alden Decl. ¶ 6.)

Plaintiff waited until late in the afternoon on New Year's Eve, Saturday, December 31, 2022, to serve the Supplemental Expert Damages Report of Michael L. Hartzmark, Ph.D., which attached the "updated calculations" in the form of Appendix 8(a). (*Id.*, Ex. A at 5; *id.*, Ex. C.) The Supplemental Report purports to implement Heston's new methodology, but leaves several fundamental questions unanswered.

---

[1] Given that it was Hartzmark, not Heston, who ran the original calculations based on Heston's methodology, the Court's order presumably meant to refer to Hartzmark's "updated calculations."

1        For example, on the one hand, Hartzmark purports to calculate daily artificial inflation/deflation in option prices by "subtract[ing] the But-For Option Value from the last transacted option price each day (if a trade occurred) sourced from the 1-minute interval data obtained from the Cboe Exchange, Inc., Cboe DataShop." (Alden Decl., Ex. C at 1, n.2.)  But on the other hand, Hartzmark also states: "This methodology could be applied on any time interval such as minute-by-minute by implementing the formulas in the Heston Second Supplemental Report." (*Id.* at 1-2.)  It is thus not clear whether Hartzmark intends to calculate options damages by comparing the actual price on *each* option trade to a but-for price, or only the actual price for *end-of-day* trades to a but-for price.  Likewise, contrary to Plaintiff's representation that the use of actual prices will not "make really that much of a difference in the whole scheme of things," Hartzmark's updated inflation/deflation numbers are very different from his prior numbers.  (10/25/2022 Tr. at 53:19-20.)  In many instances, options for which Hartzmark did not allocate damages suddenly now have damages, and *vice versa*. (Alden Decl., Ex. D at 27:10-16 ("And the second question is I believe could the damages switch from positive to negative with -- between two methods and the answer is, yes, if the damages are reasonably small, then reasonable differences and assumptions for methodology could change them enough to flip them across zero.").

        Because Hartzmark, not Heston, reran the calculations and prepared Appendix 8(a), Heston was not able to address any of these open questions at his deposition. (*Id*, Ex. D at 19:19-20:1 ("Q. Yes. Have you reviewed Exhibit 444 [*i.e.,* the Hartzmark Supplemental Report] -- A. No, I have not. Q. -- before.  Thus I take it you had no role in preparing this document, including the appendix? A. That's right.").)  Indeed, Heston expressly *disclaimed* offering any opinion about the inputs used by Hartzmark to calculate his new options damages numbers. (*Id.* at 17:8-13 ("And I don't determine what those inputs are, I just say that this is the methodology that can take those inputs based on the Court's decision of what to use and then produce an impact based on that.").)

        Given that Plaintiff has proposed a new methodology for calculating options damages on the eve of trial, and served entirely new damages numbers, Defendants should be permitted to question Hartzmark about them before they are proffered at trial.  It would obviously be unfair for Defendants to be put in a position of being able to question Hartzmark about entirely new options damages

numbers for the first time at trial.  Defendants thus respectfully request leave to take a two-hour supplemental video deposition of Hartzmark concerning his December 31 Supplemental Report, Appendix 8(a), and the new underlying materials served therewith.

DATED:  January 3, 2023

Respectfully, submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
Alex Spiro (appearing pro hac vice)

**ATTESTATION**

I, Kyle K. Batter, am the ECF user whose ID and password are being used to file the above document. In compliance with the Local Rules, I hereby attest that Alex Spiro has concurred in the filing of the above document.

*/s/ Kyle K. Batter*

Kyle K. Batter
