QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (*appearing pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (*appearing pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (*appearing pro hac vice*)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' SECOND AMENDED PROPOSED VERDICT FORM** |

**DEFENDANTS' SECOND AMENDED PROPOSED VERDICT FORM**

**A.      RULE 10B-5 CLAIM: LIABILITY**

**Tweet 1:  Am considering taking Tesla private at $420.  Funding secured.**

1. Did the Plaintiff prove that the statement "Funding secured" in the tweet "Am considering taking Tesla private at $420.  Funding secured" was materially false or materially misleading?

Yes: _____          No: _____

*If you answered yes, then answer question 2.  If you answered no, stop here and move on to Tweet 2 on the next page.*

2. Did the Plaintiff prove that the statement "Funding secured" was made by the Defendant(s)?

Elon Musk:                    Yes: _____          No: _____

Tesla:                             Yes: _____          No: _____

*If you answered yes as to one or both Defendants, answer question only 3 as to the same Defendant(s).  If you answered no to both Defendants, stop here and move on to Tweet 2 on the next page.*

3. Did the Plaintiff prove that the Defendant(s) made the statement "Funding secured" with actual knowledge or deliberate recklessness that the statement was materially false or materially misleading?

Elon Musk:                    Yes: _____          No: _____

Tesla:                             Yes: _____          No: _____

PLEASE PROCEED TO TWEET 2 ON THE NEXT PAGE

**Tweet 2: "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote."**

4. Did the Plaintiff prove that Tweet 2 was materially false or materially misleading?

    Yes: _____          No: _____

*If you answered yes, then answer question 6.  If you answered no, stop here and move on to the instructions at the bottom of the page.*

5. Did the Plaintiff prove that Tweet 2 was made by the Defendant(s)?

    Elon Musk:          Yes: _____          No: _____

    Tesla:              Yes: _____          No: _____

*If you answered yes as to one or both Defendants, answer question only 6 as to the same Defendant(s).  If you answered no to both Defendants, stop here and move on to the instructions at the bottom of the page.*

6. Did the Plaintiff prove that the Defendant(s) made Tweet 2 with actual knowledge or deliberate recklessness that the statement was materially false or materially misleading?

    Elon Musk:          Yes: _____          No: _____

    Tesla:              Yes: _____          No: _____

If you answered yes to either Defendant in questions 3 or 6, move on to question 7 on the next page.  If you did not, you are finished with the Verdict Form.  Please turn to the last page, sign and date the Verdict Form and inform the Court you have finished.

7. Did the Plaintiff prove reliance?

    Yes: _____               No: _____

*If you answered yes, then answer questions 8 and 9.  If you answered no, you are finished with the Verdict Form.  Please turn to the last page, sign and date the Verdict Form and inform the Court you have finished.*

8. On what date did the market learn the truth about the information that was allegedly misstated in Tweet 1 and/or Tweet 2?

    Date: _____

9. Did the Plaintiff prove that the statement(s) referenced in Questions 1 and 4 caused the Plaintiff to suffer losses?

    Yes: _____               No: _____

*If you answered yes, please proceed to **Part B**, below. If you answered no, you are finished with the Verdict Form.  Please turn to the last page, sign and date the Verdict Form and inform the Court you have finished.*

B. **RULE 10B-5 CLAIM: DAMAGES**

1. Did Plaintiff prove the amounts of artificial inflation listed in the table below and that they were caused by material misstatements caused by Defendant(s)?

|  | 07-Aug | 08-Aug | 09-Aug | 10-Aug | 13-Aug | 14-Aug | 15-Aug | 16-Aug | 17-Aug |
|---|---|---|---|---|---|---|---|---|---|
| ($/share) | $66.67 | $57.44 | $39.55 | $42.59 | $43.51 | $34.74 | $25.79 | $22.55 | $N/A |

Yes: _____     No: _____

2. On what date did the market price of Tesla stock return to the level it would have been trading at absent any material misstatements?

Date: _____

PLEASE PROCEED TO THE NEXT PAGE.

3.  Has Plaintiff proven what the implied volatilities for each Tesla stock option traded during each day of the Class Period would have been but for Tweet 1 and/or Tweet 2?

    Yes: _____          No: _____

4.  If you answered "Yes" to Question 3, determine the "but for" implied volatility percentages proved by Plaintiffs for each option contract maturity date during the Class Period and write it in the table below

| | | Day of Class Period at Close of Market | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 07-Aug | 08-Aug | 09-Aug | 10-Aug | 13-Aug | 14-Aug | 15-Aug | 16-Aug |
| **Maturity Date** | Aug 10, 2018 | | | | NA | NA | NA | NA | NA |
| | Aug 17, 2018 | | | | | | | | |
| | Aug 24, 2018 | | | | | | | | |
| | Aug 31, 2018 | | | | | | | | |
| | Sep 7, 2018 | | | | | | | | |
| | Sep 14, 2018 | | | | | | | | |
| | Sep 21, 2018 | | | | | | | | |
| | Sep 28, 2018 | | | | | | | | |
| | Oct 19, 2018 | | | | | | | | |
| | Nov 16, 2018 | | | | | | | | |
| | Dec 21, 2018 | | | | | | | | |
| | Jan 18, 2019 | | | | | | | | |
| | Feb 15, 2019 | | | | | | | | |
| | Mar 15, 2019 | | | | | | | | |
| | Jun 21, 2019 | | | | | | | | |
| | Aug 16, 2019 | | | | | | | | |
| | Jan 17, 2020 | | | | | | | | |

5. For each Note, did Plaintiff prove the amounts of artificial inflation listed in the table below and that they were caused by Defendant(s)?

|  | 07-Aug | 08-Aug | 09-Aug | 10-Aug | 13-Aug | 14-Aug | 15-Aug | 16-Aug | 17-Aug |
|---|---|---|---|---|---|---|---|---|---|
| 2019 Note | $4.49 | $3.23 | $1.85 | $2.30 | $2.83 | $2.87 | $2.43 | $2.17 | $0.00 |
| 2021 Note | $6.17 | $4.44 | $2.54 | $3.16 | $3.88 | $3.95 | $3.34 | $2.99 | $0.00 |
| 2022 Note | $6.26 | $4.50 | $2.58 | $3.20 | $3.94 | $4.00 | $3.38 | $3.03 | $0.00 |

Yes: _____        No: _____

PLEASE PROCEED TO THE NEXT PAGE

C. **SECTION 20(A) CLAIM: LIABILITY**

**Question No. 1:**

Has Plaintiff proved the Section 20(a) Claim as to any of the Tesla Director Defendants (**check all that apply**):

| | | |
|---|---|---|
| Brad W. Buss: | Yes: _____ | No: _____ |
| Robyn Denholm: | Yes: _____ | No: _____ |
| Ira Ehrenpreis: | Yes: _____ | No: _____ |
| Antonio J. Gracias: | Yes: _____ | No: _____ |
| James Murdoch: | Yes: _____ | No: _____ |
| Kimbal Musk: | Yes: _____ | No: _____ |
| Linda Johnson Rice: | Yes: _____ | No: _____ |

**Question No. 2:**

If you answered "Yes" in response to Question No. 1 as to any Defendant, have Defendants proved a Good Faith Defense as to that Defendant (**check all that apply**):

| | | |
|---|---|---|
| Brad W. Buss: | Yes: _____ | No: _____ |
| Robyn Denholm: | Yes: _____ | No: _____ |
| Ira Ehrenpreis: | Yes: _____ | No: _____ |
| Antonio J. Gracias: | Yes: _____ | No: _____ |
| James Murdoch: | Yes: _____ | No: _____ |
| Kimbal Musk: | Yes: _____ | No: _____ |
| Linda Johnson Rice: | Yes: _____ | No: _____ |

PLEASE PROCEED TO SECTION D ON THE NEXT PAGE.

D.   **ALLOCATION OF RESPONSIBILITY**

**Question No. 1:**

If Plaintiff proved a Rule 10b-5 Claim and/or Section 20(a) Claim against any Defendant, did that Defendant act with "actual knowledge" or "deliberate recklessness"?

Only answer this question as to the Defendants against whom you found Plaintiff proved a claim.

Answer the following question only as to the statements for which Plaintiff proved Rule 10(b)-5 liability.

**Statement 1: "Funding secured"**

| Defendant | Actual Knowledge | Deliberate Recklessness |
|---|---|---|
| Elon Musk: | _____ | _____ |
| Tesla: | _____ | _____ |
| Brad W. Buss: | _____ | _____ |
| Robyn Denholm: | _____ | _____ |
| Ira Ehrenpreis: | _____ | _____ |
| Antonio J. Gracias: | _____ | _____ |
| James Murdoch: | _____ | _____ |
| Kimbal Musk: | _____ | _____ |
| Linda Johnson Rice: | _____ | _____ |

**Statement 2: Tweet 2**

| Defendant | Actual Knowledge | Deliberate Recklessness |
|---|---|---|
| Elon Musk: | _____ | _____ |
| Tesla: | _____ | _____ |
| Brad W. Buss: | _____ | _____ |
| Robyn Denholm: | _____ | _____ |
| Ira Ehrenpreis: | _____ | _____ |
| Antonio J. Gracias: | _____ | _____ |
| James Murdoch: | _____ | _____ |
| Kimbal Musk: | _____ | _____ |
| Linda Johnson Rice: | _____ | _____ |

**Question No. 2:**

If you checked "Actual Knowledge" for **all** Defendant(s) and as to **each misstatement** for which Plaintiff proved a Rule 10b-5 Claim, please skip to the final page.

If you checked "Deliberate Recklessness" for **any** Defendant(s) and as to **any** misstatement, you must determine what percentage of responsibility, if any, for the Plaintiff's loss is due to each Defendant.

Only assign a percentage of responsibility to Defendants for whom found liable in Section A or Section C. The total must add up to 100%.

_____% Elon Musk

_____% Tesla

_____% Brad W. Buss

_____% Robyn Denholm

_____% Ira Ehrenpreis

_____% Antonio J. Gracias

_____% James Murdoch

_____% Kimbal Musk

_____% Linda Johnson Rice

**(Total must equal 100%)**

PROCEED TO SECTION F ON THE NEXT PAGE.

E.   **RETURN OF VERDICT**

Once the form is completed, the foreperson for the jury must sign and date it below:

Dated: _____   Signed: _____
                                                                        Jury Foreperson

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 4th day of January 2023.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Alex Bergjans
Alex Bergjans

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*