**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
         amccall@zlk.com

*Attorneys for Plaintiff and Counsel for the Class*

[Additional Counsel on Signature Block]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND EMERGENCY MOTION FOR DISCOVERY** |

    Defendants have no credible basis for seeking further discovery. In their first emergency motion, Defendants demanded supplemental expert reports and depositions from Professor Steve Heston and Dr. Michael Hartzmark after Plaintiff agreed (in response to Defendants' argument) to use "actual" option trading data in their damages calculation methodology. The Court granted Defendants' discovery motion in part and ordered a supplemental report and limited deposition from Professor Heston. Plaintiff not only complied with the Court's Order but went one step further in the spirit of compromise and efficiency and agreed to provide Defendants with a "sponsored" revised version of "Appendix 8" from Dr. Hartzmark.[1] The original version of "Appendix 8" was attached to Dr. Hartzmark's damages report dated November 10, 2021, and consisted of a table listing the artificial inflation and/or deflation in various option series. The revised version of "Appendix 8" provides the exact same information using "actual" option trading data instead of the previous "re-value fitted option values," as initially proposed by Defendants, agreed to by Plaintiff, and approved by the Court. Dr. Hartzmark's supplemental

---

[1] A true and accurate copy of Defendants' request for a "sponsored" revised version of "Appendix 8" is attached hereto as Exhibit A (highlighted on page 7).

1  expert report merely attaches this revised "Appendix 8" and simply reiterates the basic subtraction
2  he used to calculate the values in the inflation/deflation column. Dr. Hartzmark's methodology is
3  as it was when Plaintiff first served his expert report over one year ago; the *only* difference is the
4  incorporation of "actual" option trading data instead of the "re-fitted option values" that, as
5  repeatedly explained, Defendants suggested. It must be noted that Defendants have avoided
6  putting forward any methodology for the calculation of damages, and are once again pivoting 180
7  degrees in a misguided attempt to persuade the Court that no damages methodology is credible.
8  Even after Plaintiff has revised his damages calculation in the precise manner suggested by
9  Defendants, Defendants are not satisfied, but offer no alternative.

10  Defendants' emergency motions have been, and are, meritless attempts to disrupt
11  Plaintiff's trial preparation efforts. Dr. Hartzmark was *already* examined at length about
12  "Appendix 8" in its initial form. *See* Hartzmark Tr. 3/18/2022, pp. 290:6-317:20.[2] In fact,
13  Defendants questioned Dr. Hartzmark precisely on the topic of whether and how his options
14  damages methodology would function if Dr. Heston's option values were changed, *e.g.*, from "re-
15  value fitted option values" to "actual" values. For example, Defendants questioned Dr. Hartzmark
16  as follows:

> Q: Okay. And if Professor Heston's model were determined to be unreliable, then the information contained in your Appendix 8, likewise, would be unreliable because it rests on his model; right?
>
> MR. PORRITT: Object to form.
>
> THE WITNESS: Well, to the extent that these values are replaced, say, for example, with defendants' values, then *the methodology and the out-of-pocket methodology to calculate damage would remain the same*. But I rely on Professor Heston's implied volatility. And given his standing in the industry, which is, you know, unlike almost anyone else in academic finance and options pricing, I relied on him much like I rely on, say, for example, Bloomberg prices and the models associated with it. *The key here is the difference between the revalued and the but-for; in essence, the calculation of inflation*.

*Id*. at 298:15-299:11 (emphasis added).

---

[2] A true and accurate copy of the excerpt of Dr. Hartzmark's deposition transcript is attached hereto as Exhibit B.

1       Dr. Hartzmark's revised "Appendix 8" illustrates precisely what he testified to during his deposition. Despite Defendants' constant refrain to the contrary, there is no new damages methodology;[3] Dr. Hartzmark is continuing to apply the out-of-pocket methodology that he described in his initial damages report served over a year ago. The only difference is that the but-for price for stock options (which is being calculated in exactly the same way) is being subtracted from actual, transacted prices instead of the previously used "re-fitted" option values. Once again, this is a change *proposed by Defendants* that Plaintiff has accepted. Defendants have no legitimate basis for re-examining him on what "Appendix 8" shows or renewing their *Daubert* motion on the issue of option damages (which Defendants have already made clear they intend to do) when all Dr. Hartzmark has done is adopt a change to the application of his methodology that Defendants proposed themselves. Nothing new or material has come to light since the Court denied Defendants' first request to obtain supplemental discovery from Dr. Hartzmark. Thus, their renewed request for the same relief should similarly be denied.

Dated: January 4, 2023                            Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 *s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Elizabeth K. Tripodi
Alexander A. Krot III

---

[3] The comparison of a but-for price to actual transacted prices (*i.e.*, the approach being proposed now) was also described as a reasonable methodology in Professor Heston's initial report served on Defendants in November 2021.

LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel.: (202) 524-4290
Email: nporritt@zlk.com
Email: etripodi@zlk.com
Email: akrot@zlk.com
(admitted *pro hac vice*)

-and-

Joseph Levi
Eduard Korsinsky
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Email: jlevi@zlk.com
Email: ek@zlk.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff and Counsel for the Class*