# EXHIBIT "A"

# Adam M Apton

| | |
|---|---|
| **From:** | Nicholas I. Porritt |
| **Sent:** | Saturday, December 31, 2022 6:01 PM |
| **To:** | Anthony Alden; Alexander Krot; Michael Lifrak |
| **Cc:** | Adam M Apton; Elizabeth K Tripodi; Adam C McCall; Maxwell Weiss; Kathy Ames Valdivieso; Kayla Fleming |
| **Subject:** | Re: [External]RE: [External]RE: [External]RE: [External]RE: In re Tesla, Inc. Securities Litigation |
| **Attachments:** | TSLA Hartzmark Tesla Supp Report 12-31-2022[43].pdf |

Anthony:

Please find attached a supplemental report from Dr. Hartzmark attaching a revised Appendix 8 from his report. We will send over the supporting data shortly (it requires someone with higher technological skills than me).


Nicholas Porritt
Partner
LEVI&KORSINSKYLLP
55 Broadway, 10th Floor
New York, NY 10006
T. 212.363.7500
F. 212.363.7171
nporritt@zlk.com | www.zlk.com
--


**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Date:** Friday, December 30, 2022 at 5:56 PM
**To:** Nicholas I. Porritt <nporritt@zlk.com>, Alexander Krot <akrot@zlk.com>, Michael Lifrak <michaellifrak@quinnemanuel.com>
**Cc:** Adam M Apton <aapton@zlk.com>, Elizabeth K Tripodi <etripodi@zlk.com>, Adam C McCall <amccall@zlk.com>, Maxwell Weiss <mweiss@zlk.com>, Kathy Ames Valdivieso <kavaldivieso@zlk.com>, Kayla Fleming <kaylafleming@quinnemanuel.com>
**Subject:** [External]RE: [External]RE: [External]RE: [External]RE: In re Tesla, Inc. Securities Litigation

Nick:  we are surprised to say the least that, despite plaintiff's explicit representations to the Court and the Court's prior orders, plaintiff is now taking the position that it does not intend to actually run and serve revised calculations.  We reserve all rights in this regard.  As for the immediate issue of Professor Heston's deposition, however, we are entitled to use revised Appendix 8 at his supplemental deposition, just as we did at his prior deposition.  While we do not know precisely what will be in revised Appendix 8, the original Appendix 8 purported to implement Professor Heston's original methodology.  Accordingly, we ask you again whether plaintiff will stipulate to the relief described in my email of this morning.  Assuming plaintiff serves revised Appendix 8 on Monday, and it comports with your description, we can probably be in a position to depose Professor Heston on Thursday or Friday of next week, and file any request for leave to file a Daubert within two business days thereafter.  Please let us know this afternoon or we will have no alternative but to seek emergency relief from the Court.

Thanks,

1

Anthony

**Anthony P. Alden** | Partner | **Quinn Emanuel Urquhart & Sullivan, LLP**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3159 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
anthonyalden@quinnemanuel.com

www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Nicholas I. Porritt <nporritt@zlk.com>
**Sent:** Friday, December 30, 2022 12:08 PM
**To:** Anthony Alden <anthonyalden@quinnemanuel.com>; Alexander Krot <akrot@zlk.com>; Michael Lifrak <michaellifrak@quinnemanuel.com>
**Cc:** Adam M Apton <aapton@zlk.com>; Elizabeth K Tripodi <etripodi@zlk.com>; Adam C McCall <amccall@zlk.com>; Maxwell Weiss <mweiss@zlk.com>; Kathy Ames Valdivieso <kavaldivieso@zlk.com>; Kayla Fleming <kaylafleming@quinnemanuel.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: In re Tesla, Inc. Securities Litigation

**[EXTERNAL EMAIL from nporritt@zlk.com]**

---

Anthony:

I assume this email relates to a revised Appendix 8 to Dr. Hartzmark's report. Just to be clear, Plaintiff is voluntarily providing you this information as it is plainly not required under the Court's December 22, 2022 order. Also, it has no impact on Professor Heston's deposition because, as Professor Heston made clear at his prior deposition, he is not responsible for Appendix 8.

Further, Defendants seem fundamentally confused about the impact of the Court's pretrial order on option damages. Under the Court's order, the but-for option prices (calculated using the but-for stock prices and but-for volatilities determined by the jury at trial) will be subtracted from the actual transacted prices (shown in public reported data already produced to Defendants) to generate an amount of inflation or deflation. This arithmetic exercise will be undertaken post-trial. There is already an example of this arithmetic contained in Professor Heston's supplemental report and revised Appendix 8 will contain additional examples but the exercise is mechanical and can easily be performed for all option series based on information already in Defendants' possession. We assumed you wanted the revised Appendix 8 "sponsored" (to use you words) by Dr. Hartzmark and that is what we are currently doing.

Sincerely,


Nicholas Porritt
Partner

**LEVI&KORSINSKY**LLP

55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
nporritt@zlk.com | www.zlk.com

**CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levi & Korsinsky, LLP, which may be privileged, confidential, and/or protected from disclosure. This information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited.**

---

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Friday, December 30, 2022 1:01 PM
**To:** Nicholas I. Porritt <nporritt@zlk.com>; Alexander Krot <akrot@zlk.com>; Michael Lifrak <michaellifrak@quinnemanuel.com>
**Cc:** Adam M Apton <aapton@zlk.com>; Elizabeth K Tripodi <etripodi@zlk.com>; Adam C McCall <amccall@zlk.com>; Maxwell Weiss <mweiss@zlk.com>; Kathy Ames Valdivieso <kavaldivieso@zlk.com>; Kayla Fleming <kaylafleming@quinnemanuel.com>
**Subject:** [External]RE: [External]RE: [External]RE: In re Tesla, Inc. Securities Litigation

Nick: I am following up on my prior emails. It is now over two months since plaintiff represented to the Court that he could run revised options damages calculations using actual transacted prices, almost a month since the Final Pretrial Order whereby the Court permitted plaintiff to do so, three days since the Court's deadline to serve the calculations, and the Friday before a holiday weekend and Professor Heston's scheduled deposition on Monday, and we still do not have the revised calculations or even a date certain by when they will be served. We thus intend to file today an emergency motion with the Court ordering plaintiff to serve the revised calculations by Monday, January 2, that Professor Heston be made available for his one hour deposition on Monday, January 9, and that Defendants file any request for leave to serve a *Daubert* motion on Professor Heston's new methodology and the revised calculations by January 11. Please advise by **noon PT today** whether plaintiff will stipulate to this relief or we will proceed to file our motion.

Thanks,
Anthony

**Anthony P. Alden** | Partner | **Quinn Emanuel Urquhart & Sullivan, LLP**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3159 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Anthony Alden
**Sent:** Thursday, December 29, 2022 10:27 AM
**To:** Nicholas I. Porritt <nporritt@zlk.com>; Alexander Krot <akrot@zlk.com>; Michael Lifrak <michaellifrak@quinnemanuel.com>
**Cc:** Adam M Apton <aapton@zlk.com>; Elizabeth K Tripodi <etripodi@zlk.com>; Adam C McCall <amccall@zlk.com>; Maxwell Weiss <mweiss@zlk.com>; Kathy Ames Valdivieso <kavaldivieso@zlk.com>
**Subject:** RE: [External]RE: [External]RE: In re Tesla, Inc. Securities Litigation

Nick:  Regarding #2 below, please identify in Professor Heston's or Dr. Hartzmark's reports (a) the calculations upon which a graph showing "the transaction prices across strike prices for the same expiry to create a curve of actual transacted prices for Tesla options" would be based; and (b) the calculations of actual implied volatility for Tesla stock options "from [their] actual transacted price using the BSM model."

Regarding #3, we will have to disagree, but you still haven't answered my question:  when will we receive revised Appendix 8?

Best,

**Anthony P. Alden** | Partner | **Quinn Emanuel Urquhart & Sullivan, LLP**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3159 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Nicholas I. Porritt <nporritt@zlk.com>
**Sent:** Thursday, December 29, 2022 10:16 AM
**To:** Anthony Alden <anthonyalden@quinnemanuel.com>; Alexander Krot <akrot@zlk.com>; Michael Lifrak <michaellifrak@quinnemanuel.com>
**Cc:** Adam M Apton <aapton@zlk.com>; Elizabeth K Tripodi <etripodi@zlk.com>; Adam C McCall <amccall@zlk.com>; Maxwell Weiss <mweiss@zlk.com>; Kathy Ames Valdivieso <kavaldivieso@zlk.com>
**Subject:** Re: [External]RE: [External]RE: In re Tesla, Inc. Securities Litigation

**[EXTERNAL EMAIL from nporritt@zlk.com]**

Anthony:

I think my responses were straightforward as well.

1. "Dr. Hartzmark's opinion regarding the calculation of the but-for option prices and the appropriate inputs of implied volatility and underlying Tesla stock price has not changed." I believe that is unambiguous.

2. Presenting previously disclosed data or calculations on a graph (assuming it is accurately presented) is entirely appropriate. CBOE data regarding Telsa stock options is (a) publicly available and (b) disclosed anyway over a year ago.
3. The Court's December 22, 2022 order was expressly limited to calculations performed by Professor Heston which was part of the relief sought in your overbroad motion for emergency discovery. We have complied with that order. Appendix 8 was not prepared by Professor Heston and, therefore, is not covered by the order. To the extent your motion sought a revised Appendix 8, that part of your motion was denied by the Court. Nevertheless, we are voluntarily offering to update it and provide you with a revised version.

Sincerely,

Nick


Nicholas Porritt
Partner
LEVI&KORSINSKYLLP
55 Broadway, 10th Floor
New York, NY 10006
T. 212.363.7500
F. 212.363.7171
nporritt@zlk.com | www.zlk.com
--


**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Date:** Wednesday, December 28, 2022 at 9:46 PM
**To:** Nicholas I. Porritt <nporritt@zlk.com>, Alexander Krot <akrot@zlk.com>, Michael Lifrak <michaellifrak@quinnemanuel.com>
**Cc:** Adam M Apton <aapton@zlk.com>, Elizabeth K Tripodi <etripodi@zlk.com>, Adam C McCall <amccall@zlk.com>, Maxwell Weiss <mweiss@zlk.com>, Kathy Ames Valdivieso <kavaldivieso@zlk.com>
**Subject:** [External]RE: [External]RE: In re Tesla, Inc. Securities Litigation

Nick: please see my responses below. My questions were straightforward. If you cannot answer them in a straightforward manner via email, I suggest we get on the phone. I am available tonight and after noon ET tomorrow.

1. I take it from your email that Dr. Hartzmark will present the same but-for implied volatilities to the jury as contained in Appendix 8 of his November 10, 2021 report. If that is not the case, please let me know by tomorrow morning.

2. While plaintiff can reserve the right to present graphical representations, if they rely on work by an expert, they must be disclosed. Despite footnote 102 in Professor Heston's Second Supplemental Report, I take it from your email that neither Professor Heston nor Dr. Hartzmark will be graphing "the transaction prices across strike prices for the same expiry to create a curve of actual transacted prices for Tesla options" or calculating the "actual implied volatility for any stock option . . . from its actual transacted price using the BSM model." This is because no such graph or calculations have been disclosed. If that is not the case, please let me know by tomorrow morning.

3. The Order Granting In Part Defendants' Emergency Motion to Compel Supplemental Expert Reports and Depositions ordered plaintiff to serve updated calculations using actual transacted prices. Plaintiff has still not

done so.  When will plaintiff produce a revised Appendix 8?  We reserve the right to re-schedule Professor Heston's deposition and move for other appropriate relief given plaintiff's failure to abide by the Order.

Thanks,
Anthony

**Anthony P. Alden** | Partner | **Quinn Emanuel Urquhart & Sullivan, LLP**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3159 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Nicholas I. Porritt <nporritt@zlk.com>
**Sent:** Wednesday, December 28, 2022 3:57 PM
**To:** Anthony Alden <anthonyalden@quinnemanuel.com>; Alexander Krot <akrot@zlk.com>; Michael Lifrak <michaellifrak@quinnemanuel.com>
**Cc:** Adam M Apton <aapton@zlk.com>; Elizabeth K Tripodi <etripodi@zlk.com>; Adam C McCall <amccall@zlk.com>; Maxwell Weiss <mweiss@zlk.com>; Kathy Ames Valdivieso <kavaldivieso@zlk.com>
**Subject:** Re: [External]RE: In re Tesla, Inc. Securities Litigation

**[EXTERNAL EMAIL from nporritt@zlk.com]**

Anthony:

1. We are unsure what you mean by Dr. Hartzmark's "use" of the same but-for implied volatilities. Dr. Hartzmark's opinion regarding the calculation of the but-for option prices and the appropriate inputs of implied volatility and underlying Tesla stock price has not changed. In calculating damages, the but-for stock price and implied volatilities as found by the jury will be used which may or may not correspond to the stock prices and implied volatilities proposed by Dr. Hartzmark.
2. The actual transaction prices for Tesla stock options and the implied volatilities derived from them are publicly available data that has previously been provided to Defendants with our experts' initial reports. For instance, the implied volatilities derived from the option quotes/prices are contained in the CBOE data previously produced to Defendants. We reserve the right to present graphical representations of publicly available data just as we reserve the right to present a graph, for instance, of Tesla's historical stock prices.
3. We do not see any reference to an updated Appendix 8 from Dr. Hartzmark's report in the Court's December 22, 2022 order. We previously offered to provide an updated version of Appendix 8 but that proposal was superseded by Defendants' much broader motion for emergency discovery and the Court's subsequent order. As an accommodation and to avoid further motion practice, we are prepared to prepare and produce a revised Appendix 8 using actual transacted prices rather than fitted actual prices. The but-for prices will remain the

same as set forth in point 1 above. We will make the revised Appendix 8 available as soon as it is completed and reviewed.

Sincerely,

Nick


Nicholas Porritt
Partner
LEVI&KORSINSKYLLP
55 Broadway, 10th Floor
New York, NY 10006
T. 212.363.7500
F. 212.363.7171
nporritt@zlk.com | www.zlk.com
--


---

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Date:** Wednesday, December 28, 2022 at 3:01 PM
**To:** Alexander Krot <akrot@zlk.com>, Michael Lifrak <michaellifrak@quinnemanuel.com>
**Cc:** Nicholas I. Porritt <nporritt@zlk.com>, Adam M Apton <aapton@zlk.com>, Elizabeth K Tripodi <etripodi@zlk.com>, Adam C McCall <amccall@zlk.com>, Maxwell Weiss <mweiss@zlk.com>, Kathy Ames Valdivieso <kavaldivieso@zlk.com>
**Subject:** [External]RE: In re Tesla, Inc. Securities Litigation

Counsel:  having reviewed Professor Heston's Second Supplemental Report, please:

1. Confirm Professor Hartzmark intends to use the same but-for implied volatilities as reported in Appendix 8 of his November 10, 2021 report;

2. Confirm neither Professor Heston nor Dr. Hartzmark will be graphing "the transaction prices across strike prices for the same expiry to create a curve of actual transacted prices for Tesla options"  or calculating the "actual implied volatility for any stock option . . . from its actual transacted price using the BSM model."  Heston Second Supplemental Report at 4, n. 102; and

3. Provide an updated Appendix 8 to Dr. Hartzmark's report, as ordered by the Court and you have been promising for weeks.  With just over two weeks left to trial, it is unacceptable that plaintiff has still not disclosed revised options damages numbers.

Given that Professor Heston's deposition is in two business days, please provide the requested confirmation and revised Appendix 8 today or we reserve the right to seek expedited relief from the Court.

Thanks,
Anthony

**Anthony P. Alden** | Partner | **Quinn Emanuel Urquhart & Sullivan, LLP**

865 S. Figueroa St 10th Floor

Los Angeles, Ca 90017
213-443-3159 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Alexander Krot <akrot@zlk.com>
**Sent:** Tuesday, December 27, 2022 7:54 PM
**To:** Michael Lifrak <michaellifrak@quinnemanuel.com>; Anthony Alden <anthonyalden@quinnemanuel.com>
**Cc:** Nicholas I. Porritt <nporritt@zlk.com>; Adam M Apton <aapton@zlk.com>; Elizabeth K Tripodi <etripodi@zlk.com>; Adam C McCall <amccall@zlk.com>; Maxwell Weiss <mweiss@zlk.com>; Kathy Ames Valdivieso <kavaldivieso@zlk.com>
**Subject:** In re Tesla, Inc. Securities Litigation

**[EXTERNAL EMAIL from akrot@zlk.com]**

---

Counsel:

Please find attached the Second Supplemental Expert Report of Steven L. Heston.

Thank you,

Alexander A. Krot III
LEVI & KORSINSKY LLP
1101 30th Street, NW
Suite 115
Washington, DC 20007
Tel.: (202) 524-4294
Fax: (212) 363-7171
akrot@zlk.com| www.zlk.com

Licensed to practice in DC and MD only. Not admitted in NY, CA, or CT.  This e-mail message contains information belonging to the law firm of Levi & Korsinsky, LLP, which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  This email is not intended to create an attorney-client relationship between you and Levi & Korsinsky, LLP.  In some jurisdictions this e-mail may be considered advertising.  Prior results do not guarantee similar outcomes.  The hiring of a lawyer is an important decision that should not be based solely upon written information about our qualifications and experience. Advertising disclaimers are required in several states when law firms or attorneys indicate practice limitations or areas of concentration.