**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
   amccall@zlk.com

*Attorneys for Plaintiff and Counsel for the Class*

[Additional Counsel on Signature Block]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**PLAINTIFFS' OBJECTIONS TO COURT'S PROPOSED JURY INSTRUCTIONS [ECF NO. 535]** |

Plaintiff respectfully objects to the Court's Proposed Jury Instructions as follows:

### JURY INSTRUCTION NO. ____

### PRETRIAL STATEMENT / CLAIMS AND DEFENSES

**Plaintiff's Objections**: Plaintiff objects to the deletion of Plaintiff's proposed language regarding the Court's summary judgment ruling and the nature of Plaintiff's injury. Plaintiff's proposed instruction provides an objective and neutral description of the Court's holding and how the jury should adhere to it going forward. Plaintiff incorporates his previous position statements on this issue with respect to the competing proposed jury instructions.

Plaintiff further objects to the Court's removal of Plaintiff's omissions-theory related to the August 13 blog post. Plaintiff incorporates his previous position statements on this issue with respect to the competing proposed jury instructions.

**JURY INSTRUCTION NO. ____**

**RULE 10b-5 CLAIM**

**Plaintiff' Objections**: Plaintiff objects to the proposed language: "You are to assume that the statements 'Funding secured' and 'Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote.' were untrue." The Court's use of the verb "assume" while providing no basis for that assumption is likely to be confusing to the jury who have no understanding as to why they are being instructed to make such an assumption or that it has already been established as a matter of law and cannot be overridden by the jury.

    The Court's partial summary judgment order is the most important pretrial development in this action, narrowing the issues for trial and framing the jury's deliberation for the remaining Rule 10b-5 Claim elements. The Court's jury instructions should reflect its summary judgment order in absolute terms to avoid any confusion or risk of error. Where, as here, courts have made partial summary judgment findings against parties, their instructions reflect those findings with absolute clarity. For example, in *STM Networks, Inc. v. Clay Pac. S.R.L.*, 224 F. App'x 609, 610 (9th Cir. 2007) ("The district court did not abuse its discretion in giving jury instructions consistent with its ruling on partial summary judgment."). When addressing the summary judgment holding, the jury instructions began as follows, "the court has found the following facts to be true . . . ." *STM Networks, Inc. v. Clay Pac. S.R.L.*, Case No. SACV03-1796-DOC (MLGx), Dkt. No. 123 at 22 (C.D. Cal., Feb 17, 2005); *see also McArthur v. City & Cty. of S.F.*, 190 F. Supp. 3d 895, 907 (N.D. Cal. 2016) ("Partial summary judgment is further granted as follows. The jury will be instructed that no constitutional violation took place up through and including the searches of all of the men. That issue is now decided and will not be re-litigated at trial but of course sufficient background facts may be allowed . . . .").

    In *Nutri-Metics Int'l, Inc. v. Carrington Lab'ys, Inc.*, "[t]he court's ruling on the partial summary judgment was read to the jury, both during the trial and as part of the instructions." 1992 WL 389246, at *5 (9th Cir. Dec. 22, 1992). The 9th Circuit found that, "the jury had to be informed whether there was a breach of the [the agreement] once the judge properly decided it as a matter of law." *Id.* In *Mamola v. Group Mfg. Service, Inc.*, both parties were granted partial

summary judgment on Plaintiffs' ADA and FMLA claims. 2010 WL 1433491, at *13 (D. Ariz. 2010). In that case, the jury was instructed: "[t]he Court has already determined that the defendant's determination that plaintiff could not drive on the job does not constitute discrimination under the ADA"; and "[i]n this case, I have already determined, as a matter of law, that Plaintiff suffers from impairments that affect major life activities. You will not be required to decide these issues. *Mamola v. Group Mfg. Service, Inc.*, 08-cv-01687-GMS Dkt. No. 227, at 27, 29 (D. Ariz., Sept. 30, 2010).

In *Van v. Language Line Services, Inc.*, the Court granted partial summary judgment on Plaintiff's Fair Labor Standards Act Claims. 2016 WL 3143951 at *32 (N.D. Cal. 2016) ("In sum, the Court grants partial summary judgment in favor of Plaintiff as to Defendants' liability under the UCL for the 136 demonstrated violations of section 226.7 . . . ."). The Court instructed the jury that the Defendant, "not schedule Ms. Van for meal periods and rest breaks as required by law, as follows . . . ." *Van v. Language Line Services, Inc*., 14-cv-03791-LHK Dkt. No. 390 at 18 (N.D. Cal. July 28, 2016).

By instructing the jury to "assume" certain facts, the Court is understating the extent of its factual determinations contained in the summary judgment order. There is no revisiting the fact that Musk's tweets were false or that he acted with reckless disregard in making them. Instructing jurors to merely "assume" these facts leaves open the possibility that the jury will think it could or should revisit them, which is absolutely not the case. The Court has decided these issues and the jury should have a clear understanding of what has already been decided in the case versus what still needs to be decided.

Plaintiff proposes that instead of "You are to assume," the instruction state that "The Court has already found as a matter of law that the statements 'Funding secured' and 'Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote.' were false. You must still decide whether these statements were material. The Court has already found as a matter of law that Mr. Musk acted with reckless disregard in making these statements. You must still decide whether he knew that the statements were false." Alternatively, the Court should read portions from its summary judgment order to the jury.

PLAINTIFF'S OBJECTION TO JURY INSTRUCTIONS                                    CASE NO. 3:18-CV-04865-EMC

3

Plaintiff further incorporates his previous position statements with respect to the competing proposed jury instructions.

**JURY INSTRUCTION NO. \_\_\_\_**

**MAKER OF MISSTATEMENT**

**Plaintiff's Objection:** Plaintiff objects to the inclusion of a separate jury instruction regarding Maker of Misstatement. The "maker" of a statement is not a model jury instruction. Rather, it is a comment to model instruction 18.2 Rule 10b-5 claim. As there is no standalone instruction for "maker," Plaintiff believes it is better suited in Instruction No. 27 Material Misrepresentation.

## JURY INSTRUCTION NO. ____

## MATERIAL MISREPRESENTATION

**Plaintiff's Objection:** Plaintiff objects to the Court's proposed third paragraph in the jury instruction. The Court's proposed instructions on the Rule 10b-5 Clam make it abundantly clear that even though the tweets may be false, the jury still needs to determine whether they are material. In order to make that determination, the model jury instruction regarding materiality is sufficient. Paragraph three of the proposed jury instruction may unduly influence jurors against a finding of materiality by explicitly indicating that a statement can be untrue but not material. Defendants have indicated that they intend to argue that the misstatements were immaterial because of a lack of stock price movement. Allowing Defendants to relitigate whether the statement was "materially false" is prejudicial as it gives Defendants another bite at the apple on falsity and goes against this Court's summary judgment order.

Plaintiff also objects to the exclusion of language from the instruction reminding the jury that it need not find whether Elon Musk and/or Tesla misrepresented a fact. Plaintiff asserts that the following language is necessary in the instruction: "The Court has previously determined that the evidence in this case demonstrated conclusively that with regard to the statement "Am considering taking Tesla private at $420. Funding secured." the statement "funding secured" was false. Further, with regard to the statement "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." the Court also decided that the evidence in this case demonstrated conclusively that this entire statement was false. Consequently, you shall accept that Plaintiff has already proven that the tweets on August 7, 2018, were false and/or misleading at the time they were made." To avoid confusion, Plaintiff's instruction reminds the jury that the issue of "falsity" has already been resolved for the August 7 tweets and that the jury need only deliberate over whether the tweets were "material." Any instruction on this element without this clarification would run the risk of allowing the jury to reconsider the Court's partial summary judgment holdings, that these tweets were false. Thus, for the same reasons this instruction was necessary at the outset of the trial, it is all the more necessary here when tasking the jury to deliberate on this critical element of Plaintiff's Rule 10b-5 Claim.

Plaintiff further incorporates his previous position statements with respect to the competing proposed jury instructions.

**JURY INSTRUCTION NO. \_\_\_\_**

**SCIENTER OR STATE OF MIND**

**Plaintiff's Objections:** Plaintiff objects to the proposed language: "You are to assume that Elon Musk made the statements 'Funding secured' and 'Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote.' with at least reckless disregard for whether the statements were true." The Court's use of the verb assume while providing no basis for that assumption is likely to be confusing to the jury who have no understanding as to why they are being instructed to make that assumption. The Court has found that Mr. Musk made these statements recklessly; the jury should be instructed as such. Omitting reference to the fact that the Court has found as a matter of law that that Mr. Musk acted recklessly in making the tweets will irrevocably prejudice the jury, as instructing jurors to assume something without providing any basis for that assumption will lead to confusion and questioning as to why Plaintiff is not presenting evidence on this elements. It will likely result in jurors assuming that there simply is no evidence to present. The Court has decided these issues and the jury should have a clear understanding of what has already been decided in the case. Plaintiff reincorporates the objections concerning the summary judgment instruction, as described previously in response to the Court's proposed instruction "Rule 10b-5 Claim".

Plaintiff proposes that instead of "You are to assume," the instruction state that "The Court has already found as a matter of law that Elon Musk made the statements 'Funding secured' and 'Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote.' with at least reckless disregard for whether the statements were true. You must still decide whether he acted knowingly." Alternatively, the Court should read the relevant portions of its summary judgment order to the jury.

Plaintiff further incorporates his previous position statements with respect to the competing proposed jury instructions.

# JURY INSTRUCTION NO. ____

# IMPUTATION OF SCIENTER

**Plaintiff's Objections:** Plaintiff objects to the second paragraph of the instruction to the extent that it adds the language: "and was acting within the scope of his authority while tweeting the statements at issue on August 7." This language directly contradicts the Court's previous comments with respect to the "Corporate Entities" instruction. There, the Court commented that "As a result, Tesla Inc. may be liable [as a maker] whether or not Mr. Musk, was acting within the scope of his authority if Tesla Inc. is found to be a 'maker' of the Musk Tweets." With respect to that instruction, the Court indicated that the language regarding Mr. Musk acting with the scope of his authority imputing liability to Tesla "will not be included…because it risks confusing and misleading the jury that Tesla Inc. is only liable through Mr. Musk, regardless of other theories of liability." If Tesla is found to be a maker, then the instruction regarding Musk acting within the scope of his authority may improperly limit a determination of corporate scienter.

Case law holds that a corporate entity can act with scienter separate and apart from any one corporate officer's state of mind. In *Glazer Capital Mgmt., LP v. Magistri*, 549 F.3d 736, 743-44 (9th Cir. 2008), the Ninth Circuit described alternative means to proving scienter against corporate entity, including where statements are "so important and so dramatically false that they would create a strong inference that at least some corporate officials knew of the falsity upon publication." *Id*. (quoting *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 710 (7th Cir. 2008)). Likewise, the Ninth Circuit also allows plaintiffs to demonstrate scienter against a corporate entity when "facts critical to . . . an important transaction are known to a company's key officers." *See S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 783-84 (9th Cir. 2008). Thus, the Court's proposed jury instruction invalidly limits Tesla's potential liability by effectively conditioning it upon a finding that Musk was acting within his scope of employment.

Plaintiff further incorporates his previous position statements with respect to the competing proposed jury instructions.

# JURY INSTRUCTION NO. ____

## RELIANCE

**Plaintiff's Objections:** Plaintiff objects to paragraph (3) in this instruction as it does not accurately reflect the standard as it pertains to the misstatements in this case. Rather than stating that "The misrepresentations were publicly known and material, meaning that a reasonable investor would have regarded *what was not disclosed to them* as having significantly altered the total mix of information…", in order to reflect the misstatements in this case, the "*what was not disclosed to them*" clause should be replaced with "*the misrepresentations*."

The Court's proposed instruction also introduces unnecessary and confusing instructions pertaining to issues of individual reliance. The case law widely holds that issues of individual reliance can and should be addressed post-verdict. *See Smilovits v. First Solar, Inc.*, No. CV12-0555-PHX-DGC, 2019 WL 6698199, at *6 (D. Ariz. Dec. 9, 2019) (explaining that "'courts in securities fraud actions have consistently recognized that issues of individual reliance can and should be addressed after a class-wide trial'") (citation omitted).

Plaintiff further incorporates his previous position statements with respect to the competing proposed jury instructions.

## JURY INSTRUCTION NO. ____

## LOSS CAUSATION

**Plaintiff's Objections:** Plaintiff objects to the additional sentence added by the Court regarding disaggregation. Plaintiff does not believe that sentence is necessary under the loss causation instruction as this is an argument on damages. Additionally, this sentence creates confusion regarding the law on loss causation where "other contributing forces will not bar recovery under the loss causation requirement." *BofI Holding*, 977 F.3d at 790. This sentence suggests that the consequential damages that Plaintiff intends to demonstrate may not be recoverable and thereby contravenes established law. *See Ambassador Hotel Co. v. Wei-Chuan Inv.,* 189 F.3d 1017, 1030 (9th Cir. 1999) (holding that consequential damages that "with reasonable certainty ... have resulted from the fraud" may be recovered under Rule 10b-5). As previously argued, the negative effects on the prices of Tesla securities following the public revelation of details of the SEC investigation, which ultimately result in the SEC's complaints and settlements, are powerful evidence of consequential harm.

If the Court insists that disaggregation be addressed through this instruction, Plaintiff suggests that the sentence replace "misrepresentations at issue" with "fraud at issue" so as to not exclude the possibility of consequential damages. Plaintiff notes that the Court addresses disaggregation in the Damages instruction and believes that inclusion in the Loss Causation instruction is redundant and inappropriate.

Plaintiff further incorporates his previous position statements with respect to the competing proposed jury instructions.

# JURY INSTRUCTION NO. _____

# DAMAGES

**Plaintiff's Objections:** Plaintiff objects to the final sentence of the proposed jury instruction stating that "Plaintiff also has the burden of separating out the price decline, if any, caused by factors other than the alleged misrepresentations." As previously argued to the Court, the attempt to inject the concept of disaggregation into the Model Instruction is confusing and prejudicial to Plaintiff because it improperly presumes there are "factors other than the alleged misrepresentations" that caused Plaintiff's losses. To the extent that the Court deems it necessary to introduce the concept of disaggregation into the Jury Instructions, Plaintiff asserts that it should be included in the Damages instruction, as opposed to the Loss Causation instruction.

Plaintiff further incorporates his previous position statements with respect to the competing proposed jury instructions.

Dated: January 11, 2023

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 *s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Elizabeth K. Tripodi
Alexander A. Krot III
LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel.: (202) 524-4290
Email: nporritt@zlk.com
Email: etripodi@zlk.com

Email: akrot@zlk.com
(admitted *pro hac vice*)

-and-

Joseph Levi
Eduard Korsinsky
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Email: jlevi@zlk.com
Email: ek@zlk.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff and Counsel for the Class*