

75 Broadway, Suite 202
San Francisco, CA 94111
T: 415-373-1671
F: 212-363-7171
www.zlk.com

**Adam M. Apton**
aapton@zlk.com

January 11, 2023

**VIA CM/ECF**

Hon. Edward M. Chen
United States District Judge
Phillip Burton Federal Building
   & United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re Tesla, Inc. Securities Litigation*, No. 18-cv-4865 (N.D. Cal.)

Dear Judge Chen:

      Defendants should not be given leave to file yet another *Daubert* motion concerning Plaintiff's methodology for calculating option damages. Plaintiff initially proposed an "out of pocket" methodology whereby "actual" and "but for" prices would be calculated using the Black-Scholes-Merton model and then compared against one another to measure damages. Defendants objected because Plaintiff's expert, Professor Steven Heston, intended to calculate "actual" prices using "re-valued fitted values" instead of simply using actual transacted prices. *See*, *e.g.*, Defendants' MIL No. 5 (ECF No. 479), p. 1:8-13 (taking issue that "Heston does not compare actual Tesla option prices or quotes with 'but for' prices, as is standard, accepted practice.").[1] To avoid further dispute on this issue, Plaintiff accepted Defendants' proposal and agreed to substitute the "re-valued fitted values" with actual transacted prices. Nothing else has changed since the previous motion *in limine* briefing. Putting aside the fact that the present methodology is for all intents and purposes Defendants' one and only proposal for measuring option damages, their basis for excluding it is meritless. Their request for leave to file another *Daubert* motion is premised on a mischaracterization of the record and fails to raise any issues outside of those already considered and rejected by the Court. Plaintiff respectfully requests that leave be denied so the parties can finish trial preparation without further distraction.

      Defendants' first argument in support of leave confuses the application of what was previously referred to as the "impact quantum" by Professor Heston. The "impact quantum" was "the difference between Re-Valued Fitted Option Value and But-for Fitted Option Value" for a given option. Heston Report, ¶165(d). Plaintiff's damages expert, Michael Hartzmark, Ph.D., would have relied on the "impact quantum" when

---

[1] *See also id.* at 2:6-12 (arguing that Heston used theoretical instruments and the implied volatilities calculated therefrom rather than instruments "actually traded in the market"); 2:23-3:3 (arguing again that Heston "[r]ather than compare the actual transaction prices of Tesla options during the class period to 'but-for' option prices—as is standard practice" used theoretical option instruments and prices); 3:6-9 (noting that Heston "did not rely on actual market prices" for a majority of Tesla options).

calculating option damages using the "out of pocket" methodology. Hartzmark report, ¶222 ("Employing Professor Heston's 'impact quantum' approach is consistent with the out-of-pocket damages methodology for options I presented in the Class Certification Report . . . ."). Instead of using the "impact quantum" to construct an "actual" curve, Plaintiff is simply relying on actual market prices. Dr. Hartzmark is still using the "out of pocket" methodology. The "impact quantum" was never its own damages methodology.

Defendants' second argument borders on frivolity. After strenuously fighting Plaintiff for failing "to do an analysis of actual versus but-for [prices]" (10/25/21 Tr., p. 46:22-46:25), Defendants have turned around and sought leave to exclude what they now refer to as "Plaintiff's simplistic comparison of actual option prices with but-for prices." ECF No. 536, p.1. The "impact quantum" proposed by Professor Heston would have eliminated the "noise in the data" that Defendants believe will award class members damages that are unrelated to the false and misleading statements at issue in the case. 10/25/21 Tr. at 53:13-54:23 (explaining that "re-valued fitted values" filter out "noise" created by "how [trade] gets executed . . . depending on where it was executed between the bid-ask spread rather than any inflation to do with fraud."). These arguments were already before the Court and it was decided by all parties that actual prices should be used instead of the "re-valued fitted values" that Defendants presently appear interested in reviving. Defendants are now seeking to exclude as unreliable their own proposed method of calculating out of pocket damages in favor of a prior proposal that they spent nine months attacking. This gamesmanship should not be rewarded.

Defendants' third argument also fails. The Black-Scholes-Merton model, which the parties agree is a reliable method for calculating option pricing, assumes constant implied volatility across options with the same maturity (*i.e.*, expiration date). The Court correctly acknowledged this when it held in the Final Pretrial Order that, "To the extent that Defendants take issue with Professor Heston's assumption that implied volatility will remain constant across a portfolio of options with the same date of expiry for but-for prices, the Court finds that this assumption is sufficiently supported for *Daubert*. The use of one implied volatility for all options with the same maturity is an assumption that is derived from the BSM model itself." ECF No. 508, p. 45:8-45:12. Defendants provide no compelling reason to revisit or disturb that conclusion.

Defendants' last argument similarly falls flat. While Defendants claim that Plaintiff's current model awards damages to option trades that occurred prior to the false and misleading statements, this is simple fabrication by Defendants. Dr. Hartzmark's methodology does not address any transactions that occur before or after the Class Period and calculates no damages for them. Thus, whatever hypothetical calculations Defendants are concerned about, there is no risk of non-class members receiving compensation.

Defendants provide no credible basis in support of their request to engage in additional *Daubert* briefing. They have already caused more than enough interruption with their two emergency discovery motions. Plaintiff respectfully requests that this issue over option damages calculations be put to rest so the parties can finish preparing for next week's trial.

                Respectfully,

                **Levi & Korsinsky, LLP**

                /s/ *Adam M. Apton*
                Adam M. Apton

CC:    All counsel of record