QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearing *pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (appearing *pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (appearing *pro hac vice*)
  ellydethompson@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Anthony P. Alden (Bar No. 232220)
  anthonyalden@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal Musk,
And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO AND PORTIONS OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Date: January 13, 2023<br>Time: 9:00 AM<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice (together, "Defendants") bring this Administrative Motion to File Under Seal passages of their Memorandum in Support of Defendants' Motion to Transfer Venue (the "Memorandum") (filed concurrently herewithin), and the confidential exhibit used in support thereof. Pursuant to Civil Local Rule 79-5, this Motion is accompanied by a Proposed Order; Declaration of Michael T. Lifrak; and an unredacted version of the Memorandum.

## II. ARGUMENT

Civil Local Rule 79-5(c) requires that a party seeking to file its own documents under seal must file and serve an administrative motion which articulates the applicable legal standard and the reasons for keeping a document under seal, accompanied by a supporting declaration, and a proposed order that is narrowly tailored.

In the Ninth Circuit, the common law right of access to judicial proceedings "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In making that determination, "courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). In particular, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotations omitted).

Defendants seek to seal the full responses provided by potential jurors to the jury questionnaire, including identifying personal information. Additionally, Defendants have redacted

only direct quotes taken from juror questionnaire responses in the Memorandum. Courts have recognized that juror questionnaire responses are sensitive and should be sealed prior to juror selection. *See e.g., United States v. Holmes*, 572 F.Supp. 3d 831, 838 (N.D. Cal. 2021) (recognizing that jury "the compelling interests of [the] right to a fair and impartial trial and the jurors' privacy" justifies sealing juror questionnaires); *United States v. Bonds*, No. C 07-00732 SI, 2011 U.S. Dist. LEXIS 155885, at *15-20 (maintaining juror questionnaire responses under seal prior to voir dire and identifying juror information under seal prior to verdict in "high profile" case).

Accordingly, Defendants request that the Court seal select portions of Defendants' Memorandum and exhibit filed in support thereof, as identified in the table below, because they contain protectable personal information on potential jurors.

| Document | Portions to be Filed Under Seal | Designee |
|---|---|---|
| Defendants' Memorandum | Excerpts | Defendants |
| Exhibit A | Entirety | Defendants |

Public disclosure of this confidential and sensitive information will cause harm to potential jurors by revealing their identifying and personal information. The risk of harm is heightened because of the media attention surrounding these proceedings. Defendants have narrowly tailored their request to only information meriting sealing.

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Administrative Motion to Seal.

DATED: January 12, 2023           Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
   Alex Spiro (appearing *pro hac vice*)

   *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*