Carolyn Lamm (*pro hac vice pending*)
Hansel Pham (*pro hac vice pending*)
Nicolle Kownacki (*pro hac vice pending*)
**WHITE & CASE**LLP
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Kimberly A. Havlin (*pro hac vice pending*)
**WHITE & CASE**LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
**WHITE & CASE**LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Non-Party Officials of
the Public Investment Fund of
the Kingdom of Saudi Arabia.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**MOTION TO QUASH RULE 45 SUBPOENAS OF NON-PARTY OFFICIALS OF THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA**<br><br>Judge:   Honorable Edward M. Chen<br>Hearing:   January 19, 2023<br>Time:   1:30 p.m.<br>Date Filed:   August 10, 2018<br>Trial Date:   January 17, 2023 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT on January 19, 2023, at 1:30 p.m., or as soon as the matter be heard, before the Honorable Edward M. Chen of the United States District Court, Northern District of California at Courtroom 5 – 17th Floor, 450 Golden Gate Avenue, San Francisco, California, Non-Parties His Excellency Yasir O. Al-Rumayyan, Mr. Turqi Al-Nowaiser, Mr. Saad Al Jarboa, and Mr. Naif Al Mogren (together, "Non-Parties"), each of whom is an official of the Public Investment Fund of the Kingdom of Saudi Arabia (the "PIF"), will and do move this Court for an order quashing Defendants' Tesla, Inc., *et al.* ("Defendants") Subpoenas to Appear and Testify at a Hearing or Trial.

Non-Parties respectfully request that this Court quash the subpoenas for lack of jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* ("FSIA") and common-law immunity, lack of personal jurisdiction, and for failure to comply with the service requirements under the FSIA and Federal Rule of Civil Procedure 45.  By appearing to invoke their sovereign and common-law immunity neither the PIF nor its officials waive their immunity and reserve all rights.

This Motion is based upon this notice of motion, supporting memorandum of points and authorities, the Declaration of Kimberly A. Havlin ("Havlin Declaration") and exhibits attached thereto, and such evidence as may be requested or permitted by the Court.

Dated:  January 12, 2023

By:  */s/ Heather M. Burke*
Heather M. Burke (SBN 284100)
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

Carolyn Lamm (*pro hac vice pending*)
Hansel Pham (*pro hac vice pending*)
Nicolle Kownacki (*pro hac vice pending*)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com

-i-

hpham@whitecase.com
nkownacki@whitecase.com

Kimberly A. Havlin (*pro hac vice pending*)
**WHITE & CASE**LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
kim.havlin@whitecase.com

*Attorneys for Non-Party Officials of the Public Investment Fund of the Kingdom of Saudi Arabia.*

Non-Parties His Excellency Yasir O. Al-Rumayyan, Mr. Turqi Al-Nowaiser, Mr. Saad Al Jarboa, and Mr. Naif Al Mogren (together, "Non-Parties"), each of whom is an official of the Public Investment Fund of the Kingdom of Saudi Arabia (the "PIF"), a sovereign agency or instrumentality of the Kingdom, respectfully submit this memorandum of law in support of their Motion to Quash the Subpoenas issued to them (filed at ECF 522-525 respectively, and together the "Subpoenas"). For the Court's ease of reference, the Subpoenas are compiled and attached to the Havlin Declaration as <u>Exhibit 1</u> ("Compiled Subpoenas"). Non-Parties appear only for the limited purpose of this motion and hereby reserve all of their rights, immunities, and defenses as well as those of the PIF.

**PRELIMINARY STATEMENT**

Just weeks before trial, Defendants purported to serve trial subpoenas on four officials of the Public Investment Fund of the Kingdom of Saudi Arabia, including its Governor. Defendants' supposed "service" on these officials was simply leaving a copy of the papers with an office administrator of a U.S. subsidiary of the PIF in New York. As the Subpoenas and their service are patently deficient (frankly, frivolous) for a number of obvious reasons discussed below, undersigned counsel wrote to counsel for Defendants to demand their withdrawal. Defendants' counsel responded that "there is no need to file a motion to quash because we will not be seeking to enforce the subpoenas. The witnesses can choose to appear voluntarily, or can choose not to." In other words, even Defendants describe the Subpoenas as having no force or effect. Yet they have refused to withdraw them, necessitating this motion.

The Subpoenas should be quashed solely on the basis of Defendants' concession that they need not be complied with. They are also legally deficient and should be quashed on multiple grounds. *First*, the PIF is a foreign state under the FSIA and thus is presumptively immune from this Court's jurisdiction. Defendants do not (and cannot) allege that any exception to immunity applies. The PIF's immunity also extends to preclude jurisdiction over its officials through common-law immunity. In addition, the Court also lacks personal jurisdiction over Non-Parties, as Defendants have not even attempted to assert an applicable basis for general or specific personal jurisdiction (nor could they). *Second,* enforcement of the Subpoenas as to Non-Parties—all officials

-1-

MOTION TO QUASH OF NON-PARTY OFFICIALS OF THE
PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA
CASE NO. 3:18-cv-04865-EMC

of a sovereign entity, the PIF—would violate principles of international comity.  *Third*, the FSIA prescribes methods for service on foreign states and their agencies and instrumentalities, like the PIF, and Defendants did not comply with them.  *Fourth*, service was also deficient under the basic principles of Rule 45, which requires personal service, and does not permit service on a U.S. subsidiary even for foreign corporations, let alone foreign persons like Non-Parties.  And *fifth*, the Subpoenas acknowledge that Non-Parties are in the Kingdom of Saudi Arabia, obviously far more than 100 miles from this courthouse.

The Subpoenas should be quashed.

## BACKGROUND

### A. The Public Investment Fund

The PIF is the sovereign wealth fund of the Kingdom of Saudi Arabia.  Established by Royal Decree in 1971, the PIF is an integral part of the Kingdom of Saudi Arabia.  *See* the PIF's Website, *Who We Are* (Havlin Decl., Exhibit 2).  The PIF was established by statute (the "PIF Law") and formed "for the purpose of serving the public interest; promoting economic development in the Kingdom and diversifying its sources of income; and maintaining the interest of future generations."  PIF Law (Havlin Decl., Exhibit 3), Art. 3.  Today, the "PIF is the engine driving the transformation of [the Kingdom's] economy" and plays an important role in the Kingdom's national economic strategy.  *See* the PIF's Website, *Who We Are*.

The individuals subpoenaed include His Excellency Yasir O. Al-Rumayyan, the PIF's Governor, and Mr. Turqi Al-Nowaiser, the PIF's Deputy Governor and Head of International Investments.  *See* the PIF's Website, *Our Leadership* (Havlin Decl., Exhibit 4).  The Subpoenas purport to require Non-Parties to travel to San Francisco and appear before the Court for sworn testimony at the trial in this matter commencing on January 17, 2023.

Though the Subpoenas acknowledge on their face that these individuals are in the Kingdom of Saudi Arabia, they say they are "c/o" USSA International, a U.S. subsidiary of the PIF.  *See* Compiled Subpoenas at 1.  USSA International is a Delaware corporation with an office in New York City, and it is a separate and distinct legal entity from the PIF.  *See* Delaware Division of Corporations Registry, Entity Details for USSA International LLC (Havlin Decl., Exhibit 5).  The

Subpoenas were apparently dropped off with an office administrator at USSA International's offices in New York City. *See* Compiled Subpoenas at 1.

On January 6, 2023, counsel for Non-Parties wrote to Defendants' counsel, outlining numerous deficiencies in the Subpoenas and requesting that Defendants withdraw them. Non-Parties' Ltr. to Defs. of January 6, 2023 (Havlin Decl., Exhibit 6). On January 9, Defendants' counsel responded that "[t]here is no need to file a motion to quash because [Defendants] will not be seeking to enforce the subpoenas. The witnesses can choose to appear voluntarily, or can choose not to." (Havlin Decl., Exhibit 7). Counsel for Non-Parties responded the same day, asking Defendants' counsel to properly withdraw the Subpoenas and note such withdrawal on the Court's docket, where the Subpoenas had previously been filed. (Havlin Decl., Exhibit 8). As of the time of filing, Non-Parties have not received a response, necessitating this motion.

## ARGUMENT

Defendants' counsel has stated that the Subpoenas are of no force and effect and that Non-Parties can "choose" whether or not to appear. That alone is reason to quash them. It is a misuse of legal process for Defendants to leave in place and refuse to withdraw trial subpoenas that they have stated need not be respected. The Subpoenas are also legally deficient for multiple reasons, as outlined below.

### A. There Is No U.S. Court Jurisdiction Over Non-Parties

Under the FSIA, foreign states and their instrumentalities are presumptively "immune from the jurisdiction of the courts of the United States." 28 U.S.C. § 1604; *see also Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1127 (9th Cir. 2010) (explaining that "the FSIA was meant to spare foreign states not only from liability on the merits but also from the cost and inconvenience of trial"). An "agency or instrumentality" of a foreign state is (1) "a separate legal person, corporate or otherwise"; (2) "an organ of a foreign state" or an entity "a majority of whose shares or other ownership interest is owned by a foreign state"; and (3) "neither a citizen of a State of the United States . . . nor created under the laws of any third country." 28 U.S.C. § 1603(b).

As described above and in the accompanying declaration, the PIF is an integral part of the Kingdom of Saudi Arabia and an agency or instrumentality of the Kingdom, within the meaning of

the FSIA. The PIF is legally separate from the Kingdom itself and was formed for a public purpose and supports the Kingdom in projects of national and strategic significance. *See* the PIF's Website, *Who We Are*; PIF Law, Art. 3. The PIF is therefore presumptively immune from this Court's jurisdiction under the FSIA. *See* 28 U.S.C. § 1604.

Given the PIF's presumption of immunity, it can only be subject to U.S. process if the challenging party—Defendants here—meet their burden of showing that an exception to the FSIA applies. *Peterson*, 627 F.3d at 1124-25; 28 U.S.C. § 1605(a). Defendants made no such effort in the Subpoenas or the parties' correspondence, nor could they. Indeed, the exceptions to immunity often invoked in this context—commercial activity and waiver—do not apply.

As to commercial activity, this exception applies only where "the action is based upon" the categories of conduct enumerated under 28 U.S.C. § 1605(a)(2), such that the enumerated conduct "constitutes the 'gravamen' of the suit." *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 35 (2015). The U.S. Supreme Court has instructed that this inquiry requires that a court must "zero[] in on the core of the [] suit," that is the "acts that allegedly injured the [plaintiffs]," and not alleged activities that merely "led to the conduct that eventually harmed" them. *OBB Personenverkehr*, 577 U.S. at 33-34. The "gravamen" of the suit here are actions of Defendants that allegedly had repercussions for Tesla stockholders, not actions of Non-Parties. Indeed, it would be an anomalous result—and Non-Parties are not aware of any case—in which a suit was found to be "based upon" a non-party's conduct for purposes of this inquiry.

As to waiver, this exception applies where the "foreign state has waived its immunity either explicitly or by implication." 28 U.S.C. § 1605(a)(1). "The waiver exception is narrowly construed," and courts rarely find that a [foreign state] has waived its sovereign immunity without *strong evidence* that this what the foreign state *intended*." *Barapind v. Gov't of the Republic of India*, 844 F.3d 824, 829 (9th Cir. 2016) (cleaned up). There has been no such waiver here, and Defendants have not and cannot identify any.

Given the sovereign status of the PIF, "common-law foreign sovereign immunity" extends to the Non-Party foreign officials "for 'acts performed in their official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state.'" *Dogan v. Barak*, 932

-4-

F.3 888, 893–94 (9th Cir. 2019) (quoting Restatement (2d) of Foreign Relations Law § 66(f)). Common-law foreign official immunity "operate[s] as immunity from suit, not simply immunity from liability," and therefore shields Non-Parties from any enforcement of the Subpoenas by the Court. *Whatsapp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 591, 595 (N.D. Cal. 2020) (denying motion to compel and further noting that "[p]ermitting [a] case to proceed through discovery . . . would undermine the fundamental privilege of immunity from suit"); *see also Moriah v. Bank of China, Ltd.*, 107 F. Supp. 3d 272, 278-80 (S.D.N.Y. 2015) (denying a motion to compel testimony from a non-party former senior advisor to the Israeli government on basis of official immunity); *see also id*. at 277 (noting that although "[c]ase law involving immunity of non-party foreign official is scarce," "immunity protects non-parties from compelled testimony because 'sovereign immunity is an immunity from trial and the attendant burdens of litigation'") (quoting *Giraldo v. Drummond Co., Inc.*, 808 F. Supp. 2d 247, 250-51 (D.D.C. 2011)*, aff'd,* 493 F. App'x 106 (D.C. Cir. 2012)). The Non-Parties are not aware of any case permitting application of a commercial activity exception to abrogate common-law foreign official immunity, and in any event, no such exception would apply here.

Furthermore, the Court lacks personal jurisdiction over Non-Parties. "[D]ue process necessitates that a nonresident [ ] have 'certain minimum contacts' with a forum state before the state can exercise personal jurisdiction over that individual or entity." *LNS Enter. LLC v. Continental Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022). There is no basis to suggest that Non-Parties (or the PIF) are "at home" in California for purposes of general jurisdiction, and there also is no apparent basis for the Court to assert specific personal jurisdiction over Non-Parties. *See id*. at 859 (stating that the "minimum contacts" test requires that (1) the non-resident party must purposefully direct his activities with the forum or purposely avail himself of the privilege of conducting activities in the forum; (2) the claim arises from or relates to the individual's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice). In addition, as discussed *infra* §§ C, D, the lack of proper service of the subpoenas on Non-Parties deprives the Court of personal jurisdiction over Non-Parties as well. *See Cunningham v. Matrix Fin. Servs., LLC*, No. 8:20-mc-00065-CJC (JDE), 2020 U.S. Dist. LEXIS 205374, at *5 (C.D. Cal.

Nov. 3, 2020) (holding court lacked personal jurisdiction over non-party because non-party was not properly served with subpoena).

### B. The Subpoenas Should Be Quashed Under Principles of Comity

Separate from sovereign immunity, principles of international comity also require quashing the Subpoenas. "[T]he demands of comity in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation," require that U.S. courts "take care to demonstrate due respect for any special problem confronted by the foreign litigant." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 546 (1987); *see also Champion v. Feld Ent., Inc.*, No. 20-cv-2400, 2022 U.S. Dist. LEXIS 99151, at *12 (S.D. Cal. June 2, 2022) (explaining that comity concerns seek to "curb 'unnecessary' discovery to foreign nonparty litigants"). The Subpoenas purport to be a demand from this Court that Saudi government officials travel to the United States, attend the trial in this case, and testify under oath when called. Such a profound imposition on another state's sovereignty would be hard to justify in any circumstance, let alone one in which even the issuing party does not believe the subpoenas should be enforced.

Compelling Non-Parties to testify would also undermine the sovereign interests of the Kingdom of Saudi Arabia. *See Richmark Corp. v. Timber Falling Cons.*, 959 F.2d 1468, 1476 (9th Cir. 1992) (explaining that the "most important factor" in the comity analysis is the balance of national interests). In particular, "while the United States" holds "a general interest in enforcing its laws" an individual's "non-party status mitigates against these interests." *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 160 (S.D.N.Y. 2011). Here, requiring courtroom testimony from these government employees of the PIF implicates confidential matters of state, the disclosure of which would violate Saudi law. *See* PIF Law, Art. 17 (providing that the PIF's employees "shall not disclose any confidential information"). Saudi laws of evidence and civil service contain similar prohibitions. *See, e.g.*, KSA Law of Evidence promulgated by Royal Decree No. M/43 dated 26/05/1443H (Dec. 30, 2021); KSA Code of Conduct Rules and the Ethics of the Public Employment issued by Council of Ministries Resolution No. 555 dated 25/12/1437H (Sept. 28, 2016).

Accordingly, the Subpoenas should be quashed on comity grounds as well.

### C. The Subpoenas Were Not Properly Served Under The FSIA

The PIF, as an "agency or instrumentality" within the meaning of the FSIA, must be served as specified in 28 U.S.C. § 1608(b). To the extent the Subpoenas seek for the PIF to produce the Non-Parties for testimony in their official capacity, the Subpoenas are deficient because they were not served on the PIF pursuant to any of the specific methods enumerated. Section 1608(b) governs service "upon an agency or instrumentality of a foreign state" and provides, in hierarchical order, four methods by which "[s]ervice . . . shall be made:"

(1) by "any special arrangement"; or

(2) "if no special arrangement exists, by delivery . . . to an office, a managing or general agent, or to any agent authorized by appoint or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents"; or

(3) "if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—

(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C) as directed by order of the court consistent with the law of the place where service is to be made."

It is clear from the face of the Subpoenas that Defendants did not follow any of the methods required under § 1608(b). Defendants left the Subpoenas with an office administrator of a subsidiary, USSA International. There has been no showing that USSA International is the PIF's agent, and indeed it is not. Such service is non-compliant with the statutory mandate and ineffective, and Defendants' failure to adhere to the FSIA's mandatory service methods constitutes another independent basis to quash the Subpoenas.

### D. Defendants Failed To Effect Proper Service Under Rule 45

The Subpoenas also fail to comply with basic service rules under Rule 45 of the Federal Rules of Civil Procedure. Rule 45 provides that "[s]erving a subpoena requires delivering a copy *to the named person*." Fed. R. Civ. P. 45(b) (emphasis added). Defendants did not deliver a copy to

any of the Non-Parties, which is fatal. *See S.F. BART Dist. v. Spencer*, No. C 04-04632 SI, 2006 U.S. Dist. LEXIS 73140, at *3 (N.D. Cal. Sept. 25, 2006) (granting motion to quash subpoenas that were not personally served); *see also Dopson-Troutt v. Novartis Pharm. Corp.*, 295 F.R.D. 536, 537-38 (M.D. Fla. 2013) (service of subpoenas to testify at trial on two individuals was improper because service was made on their employer's registered agent, rather than personal service on the individuals).

Indeed, Defendants' attempted service was not even a delivery to the PIF (the entity with which Non-Parties are associated), but rather with a subsidiary of the PIF in New York. Courts have routinely rejected attempts to serve foreign corporations by serving their U.S. subsidiaries. *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL, 2015 U.S. Dist. LEXIS 135871, at *17-18 (N.D. Cal. May 14, 2015) (finding "unpersuasive" the argument that service of a Rule 45 subpoena on a foreign corporation's subsidiary is sufficient); *Hake v. Citibank, N.A.*, No. 19-mc-00125, 2020 U.S. Dist. LEXIS 52782, at *24 (S.D.N.Y. Mar. 26, 2020) ("The service rules cannot be avoided by serving a domestic subsidiary of a foreign corporation."). Individuals associated with the PIF are of course even farther removed.

### E. The Subpoenas Violate Rule 45's 100-Mile Limitation

Rule 45 provides that "[a] subpoena may command a person to attend a trial . . . at a place," "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). The Subpoenas identify Non-Parties as officials of the PIF in the Kingdom of Saudi Arabia, yet purport to require them to travel to testify San Francisco. That is yet another basic deficiency supplying grounds to quash the Subpoenas. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii) ("[T]he court for the district where compliance is required must quash or modify a subpoena" that "requires a person to comply beyond the geographical limits specified."); *see also AngioScore, Inc. v. TriReme Med., Inc.,* No. 12-cv-3393, 2014, 2014 U.S. Dist. LEXIS 165227 (N.D. Cal. Nov. 25, 2014), at n.1 (holding that a subpoena was "invalid on its face" for violating the 100-mile limit set in Rule 45).

# **CONCLUSION**

For the foregoing reasons, Non-Parties respectfully request that the Court grant their Motion and Quash the Subpoenas in their entirety.

Dated:   January 12, 2023

By:   */s/ Heather M. Burke*
Heather M. Burke (SBN 284100)
**WHITE & CASE** LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

Carolyn Lamm (*pro hac vice pending*)
Hansel Pham (*pro hac vice pending*)
Nicolle Kownacki (*pro hac vice pending*)
**WHITE & CASE** LLP
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Kimberly A. Havlin (*pro hac vice pending*)
**WHITE & CASE** LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
kim.havlin@whitecase.com

*Attorneys for Non-Party Officials of the Public Investment Fund of the Kingdom of Saudi Arabia.*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Heather M. Burke, attest that concurrence in the filing of this document has been obtained.

Executed:   January 12, 2023          /s/          *Heather M. Burke*
                                                Heather M. Burke

# CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2023, the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the attorneys of record in this case.

Executed:   January 12, 2023        /s/        *Heather M. Burke*
                                             Heather M. Burke

-11-
MOTION TO QUASH OF NON-PARTY OFFICIALS OF THE
PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA
CASE NO. 3:18-cv-04865-EMC