# EXHIBIT 6

**WHITE & CASE**

January 6, 2023

VIA EMAIL

Christine M. Morgan
Reed Smith LLP
101 Second Street Suite 1800
San Francisco, California 94105

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
**T** +1 202 626 3600

whitecase.com

*In re Tesla Inc. Securities Litigation*, No. 18-cv-04865-EMC (N.D. Cal.)

Dear Ms. Morgan:

We represent Non-Party the Public Investment Fund of the Kingdom of Saudi Arabia (the "PIF"). PIF is organized under the laws of the KSA and is established in Riyadh. PIF writes to invoke its immunity and does not waive it.

We understand that on or about December 19, 2022, your firm, on behalf of the defendants in the above-captioned matter, attempted to serve Rule 45 subpoenas (the "Subpoenas") on four officers of the PIF (domiciled in KSA). The Subpoenas were left with an office administrator of PIF's subsidiary, USSA International ("USSA"), a Delaware corporation with its principal place of business in New York. The Subpoenas purport to require these PIF officials (who are not in the US) to appear and testify at a trial commencing on January 17, 2023 at the federal courthouse in San Francisco. These subpoenas are deficient and unenforceable, for many reasons.

In sending this letter and/or discussing this proceeding and the Subpoenas with you, the PIF does not waive—and expressly preserves—any and all applicable immunities, defenses, rights, and privileges.

As you are no doubt aware, the PIF is an organ and integral part of the Kingdom of Saudi Arabia. As such, the PIF is an "agency or instrumentality" of a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(b), and is therefore presumptively "immune from the jurisdiction of the courts of the United States" unless an exception to immunity applies. 28 U.S.C. § 1604. Defendants make no effort to establish that any exception to sovereign immunity applies to the Subpoenas, nor could they. *See* 28 U.S.C. § 1605(a). Additionally, service of process on the PIF must comply with the specific methods of service prescribed in the FSIA, 28 U.S.C. § 1608(b). *See* Fed. R. Civ. P. 4(j)(1). It does not appear that the defendants made any attempt at such service.

Separately, the subpoenas are also facially deficient and improperly served under the Federal Rules of Civil Procedure, again for several reasons. None of the Subpoenas was personally served. All

Christine M. Morgan
January 6, 2023

**WHITE & CASE**

four were, impermissibly, dropped off at the offices of a corporate entity.  That corporate entity is not even the PIF, as the face of the Subpoenas makes clear, but a separate subsidiary.  And that subsidiary is in New York, nearly 3,000 miles away from the courthouse.

Please confirm by **12:00 PM Pacific Time** on **Monday, January 9, 2023** that defendants will withdraw these deficient Subpoenas.  We will otherwise promptly seek the intervention of the Court to quash them.

The PIF expressly reserves all rights, remedies, and immunities, in connection with the Subpoenas and otherwise.

Very truly yours,

Carolyn B. Lamm

2