QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearing *pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (appearing *pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (appearing *pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (appearing *pro hac vice*)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED OPENING PRESENTATION AND EXHIBITS** |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED OPENING AND EXHIBITS**

On January 12, 2023, Plaintiff provided notice to Defendants that on January 17, 2023, Plaintiff will be seeking to have the following exhibits admitted into evidence: 8, 12, 13, 26, 53, 171, 229, 341, 432, 433, 524, 525, and will be seeking to use a slide presentation in opening. Consistent with the Court's Standing Orders, the Final Pretrial Conference Order (Dkt. No. 508), and the Parties' Stipulation Re: Miscellaneous Trial Protocols (Dkt. No. 539), Defendants hereby submit the following objections to Plaintiff's proposed exhibits and opening presentation.

| Ex. or Slide | Defendants' Objections |
|---|---|
| Slide No. 1 | No objection. |
| Slide No. 2 | Defendants object to this slide because the Court's summary judgment Order is not proper evidence, because it is inconsistent with the Court's proposed jury instructions, and because it would be highly inflammatory and prejudicial.<br><br>As Defendants previously argued, it would be improper and highly prejudicial to inform the jury that the Court had decided these issues against Mr. Musk, as that would give the Court's imprimatur to Plaintiff's claims. "[J]udicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice.'" *United States v. Sine*, 493 F.3d 1021, 1033-34 (9th Cir. 2007) ("jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves"); *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993); *see also Herrick v. Garvey,* 298 F.3d 1184, 1192 (10th Cir. 2002) ("Juries are likely to give disproportionate weight to such findings of fact because of the imprimatur that has been stamped upon them by the judicial system."); *U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001) ("The district court abused its discretion in admitting Judge Garrett's opinion. The jury, not Judge Garrett, was charged with making factual findings on Appellees' allegations in this case."). This remains the case.<br><br>Consequently, the Court proposed to instruct the jury *only* that it is to "assume" that several of the tweets at issue "were untrue." (ECF No. 535 at 7-8.) That is, under the Court's proposed jury instructions, the jury will not be told that the Court entered partial summary judgment and made findings of fact. Yet in Plaintiff's opening presentation, Plaintiff ignores the Court's proposed jury instructions and law cited by Defendants by hoping to parade before the jury the Court's summary judgment Order *as the very first document the jury will see*. Plaintiff's proposed opening slides that include the Court's summary judgment Order would improperly and unfairly prejudice the jury against Defendants at the outset of trial. Fed. R. Evid. 403; *Sine*, 493 F.3d at 1033-34; *Nipper*, 7 F.3d at 418; *Herrick*, 298 F.3d at 1192; .*S. Steel, LLC*, 261 F.3d at 1288. Plaintiff should not be permitted to refer to the Order or to show it to the jury. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350643, at *1 (N.D. Cal. Feb. 2, 2008) ("An opening statement is limited to presenting a guide to the evidence that the parties reasonably |

| | | |
|---|---|---|
| 1 | | believe will be admitted into evidence.") |
| 2 | Slide No. 3 | See objections to Slide No. 2. |
| 3 | Slide No. 4 | See objections to Slide No. 2. |
| 4 | Slide No. 5 | See objections to Slide No. 2. |
| 5 | Slide No. 6 | See objections to Slide No. 2.  Additionally, Plaintiff's heading misleadingly states that the Court found Mr. Musk acted with "clear knowledge" of the falsity of his statements.  But the Court did not hold that, and instead simply stated that Mr. Musk had clear knowledge *of discussions* that transpired during the July 31, 2018 meeting. |
| 6 | Slide No. 7 | No objection. |
| 7 | Slide No. 8 | No objection. |
| 8 | Slide No. 9 | Fed. R. Evid. 403, 602, 801.<br><br>Plaintiff seeks to cherry pick one opinionated sentence from an inadmissible hearsay research note prepared by an individual who will not even appear at trial. (Ex. 15.)  In particular, Plaintiff quotes the author of the note (an employee of JP Morgan) as concluding that Mr. Musk's tweets and blog post concerning his desire to take Tesla private are "surprising" and "lacking . . . in any details regarding who is expected to provide the required amount of financing and on what terms."  Plaintiff also quotes the author for his opinion that funding must be binary: "Either funding is secured or it is not secured."  The author's personal opinions regarding the state of the potential go-private transaction are inadmissible hearsay that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that Mr. Musk's go-private initiative was a spontaneous surprise lacking in detail or planning).<br><br>Likewise, this single author's personal opinion regarding the potential transaction to take Tesla private is not relevant to the "state of mind" of the market as a whole  or the public's perception of them.  The author's opinion thus has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that this single individual's opinion either (1) reflects the true state of the potential transaction or (2) represents the opinion of the investing public as a whole, neither of which is true. |
| | Slide No. 10 | Fed. R. Evid. 403, 602, 801.<br><br>See objections to Slide No. 9.  In this slide, Plaintiff quotes the author as concluding after the class period that "funding was not secured for a going private transaction, nor was there any formal proposal."  The author's personal opinions regarding the availability of funding for the potential go-private transaction are inadmissible hearsay that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that funding was not available to take Tesla private).  Indeed, Plaintiff's own heading attempts to use the article as proof that "funding was not secured." |

| | |
|---|---|
| | Further, this author's personal opinion regarding funding is not relevant and has nothing to do with whether Mr. Musk's tweets on August 7, 2018 are actionable under the securities laws. The author's opinion has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that this author's opinion either (1) proves that funding was not available or (2) represents the opinion of the investing public that funding was not available, neither of which is true. |
| Slide No. 11 | No objection. |
| Slide No. 12 | Fed. R. Evid. 401, 402, 403, 602.<br><br>Plaintiff seeks to show the jury emails by Martin Viecha concerning Mr. Musk's August 7, 2018 tweets. (Ex. 58.) The questions to Mr. Viecha and Mr. Viecha's responses are not admissible. As to the questions, the fact that single analysts were asking questions about funding does not mean that the parts of Mr. Musk's statements about funding are material. There could be numerous reasons why a person asks such questions. Without the testimony from a witness, the jury would be speculating as to the reason for the inquiries. Admission of the questions are also hearsay, as it is being offered for the truth of the matter asserted (that funding was material).[1] Nor does the question from one person reflect the "state of mind" of the market as a whole.<br><br>As to Mr. Viecha's responses, even if they are party admissions (as the Court previously implied), to be admissible they still must be on a relevant topic, probative, and not cumulative. Mr. Viecha's statements are none of those. First, Mr. Viecha's emails were private statements, not public statements made to the market as a whole, so they do not alter the total mix of information available to the market and do not reflect what the market knew or thought of Mr. Musk's tweets. Second, Mr. Viecha's responses about what "funding secured" means is not relevant because the Court already determined that "funding secured" is false, so Mr. Viecha's interpretation is not probative of anything going to the jury. Finally, Plaintiff has not established foundation or that Mr. Viecha had any personal knowledge of what Mr. Musk meant in his tweets. In fact, he had none. |
| Slide No. 13 | No objection. |
| Slide No. 14 | No objection. |
| Slide No. 15 | No objection. |
| Slide No. 16 | No objection to Plaintiff using Exhibit 101. However, Defendants object that Plaintiff's |

---

[1] The Court previously overruled Defendants' hearsay objection to this exhibit, finding that it had been "waived." (ECF No. 506-1 at 6.) However, Defendants had asserted a hearsay objection to this document from the very first exchange of exhibits and objections on September 20, 2022 (ECF No. 474-2 at 3), and have maintained that objection, including in the parties' joint exhibit list submitted to the Court. (ECF No. 521-1 at 4.)

| | |
|---|---|
| | heading inaccurately characterizes "investor support confirmed" as being about feedback from existing shareholders rather than from funding sources, such as the PIF, as the Court has held. (ECF No. 387 at 26 (finding "'investor' referred to *the person or entity wanting to invest in Tesla* whereas 'shareholder' referred to already existing investors") (emphasis added).) |
| Slide No. 17 | No objection. |
| Slide No. 18 | Fed. R. Evid. 403, 602, 801, 901. <br><br> Plaintiff seeks to show the jury a cherry-picked set of unauthenticated and inadmissible hearsay text messages from a third party who was never deposed in this action, is not on Plaintiff's witness list, and likely will not appear at trial. (Ex. 121.) Plaintiff quotes the third party as saying he would like to "explore a potential transaction" with Tesla, but that presently he could not "approve something that we don't have sufficient information on." The third party's statements are inadmissible hearsay that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that the PIF had not earlier committed to take Tesla private). Indeed, Plaintiff's own headings demonstrate Plaintiff's improper attempt to use the text messages for the truth of the matter asserted. Further, the hearsay text messages carry a significant danger of unfair prejudice and confusing the jury into incorrectly concluding that the PIF had not earlier agreed unequivocally to take Tesla private. Finally, it appears no witness with personal knowledge will appear at trial to authenticate the text messages from this third party. |
| Slide No. 19 | See objections to Slide No. 18. |
| Slide No. 20 | See objections to Slide No. 18. |
| Slide No. 21 | Fed. R. Evid. 403, 602, 801. <br><br> The Court has already ruled that the NYT article that Plaintiff seeks to use in slide 21 (Ex. 171) "is hearsay and also contains embedded hearsay" that "Mr. Littleton cannot use . . . for the truth of the matter asserted." (ECF No. 506-1 at 7.) Yet that is precisely what Plaintiff aims to do. Specifically, Plaintiff cherry picks a few words from a hearsay article that has no citation to any source for the author's conclusions. Plaintiff quotes the author as stating that Mr. Musk's "two words [funding secured] helped propel Tesla's shares higher." The author also concluded that funding to take Tesla private "was far from secure." The author's personal opinions (without citation) regarding funding for the potential go-private transaction lack personal knowledge and are inadmissible hearsay (or hearsay within hearsay) that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that the words "funding secured" *caused* a rise in Tesla's stock price, but funding was not available to take Tesla private). Consistent with this Court's bellwether ruling, Plaintiff should be prohibited from using these quotes from this exhibit in opening and without any instruction from the Court. <br><br> Likewise, this author's personal opinion regarding the potential transaction to take Tesla private is not relevant and has nothing to do with whether Mr. Musk's tweets on August 7, 2018 are actionable under the securities laws. The author's opinion has no probative value, |

| | | |
|---|---|---|
| | | and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that that the words "funding secured" caused a rise in Tesla's stock price (an issue exclusively for expert witnesses) and funding was not available to take Tesla private. |
| | Slide No. 22 | See objections to Slide No. 9. |
| | Slide No. 23 | No objection. |
| | Slide No. 24 | No objection. |
| | Slide No. 25 | Fed. R. Evid. 403, 602, 801.<br><br>Plaintiff seeks to show the jury an inadmissible hearsay email from Deepak Ahuja (Ex. 337) to prove the truth of the matter asserted (i.e., that investors, the SEC, and media wanted to better understand the meaning of "funding secured"). |
| | Slide No. 26 | Fed. R. Evid. 403, 602, 701, 801, 901.<br><br>Plaintiff seeks to play for the jury a CNBC video that has no authenticating witness and contains numerous unfairly prejudicial hearsay statements and legal conclusions. (Ex. 521.) The CNBC news anchor starts by giving legal conclusions regarding the acceptable mode of corporate disclosures. The anchor then gives his personal opinion that "having secured funding, *to me*, is the big number right there." The anchor's statements are inadmissible hearsay that Plaintiff is seeking to show the jury for the truth of the matter asserted (i.e., that funding secured was the "big number" the market was focused on). Here again, Plaintiff's own heading demonstrates Plaintiff's improper attempt to use the video for the truth of the matter asserted. The anchor's personal opinion has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that the anchor's personal opinion represents the opinion of the investing public as a whole. |
| | Slide No. 27 | See objections to Slide No. 12. Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. |
| | Slide No. 28 | See objections to Slide No. 9. |
| | Slide No. 29 | No objection. |
| | Ex. No. 8 | No objection. |
| | Ex. No. 12 | No objection. |
| | Ex. No. 13 | No objection. |
| | Ex. No. 26 | No objection. |

| | |
|---|---|
| Ex. No. 53 | No objection. |
| Ex. No. 171 | See objections to Slide No. 21. |
| Ex. No. 229 | No objection. |
| Ex. No. 341 | Fed. R. Evid. 401, 402, 403, 801. Exhibit 341 is an irrelevant hearsay email exchange that purports to include select quotes from articles concerning Azealia Banks and her supposed connection to Mr. Musk. Among other things, the articles claim that Ms. Banks informed reporters (hearsay within hearsay) that Mr. Musk "tweets on acid" and was "scrounging for investors." The exhibit has no probative value and is unfairly prejudicial to Mr. Musk. Further, Exhibit No. 341 is not on the parties' joint exhibit list. To the extent Plaintiff intended to disclose Exhibit 431 (not 341), those are Plaintiff's hearsay interrogatory responses. |
| Ex. No. 432 | Fed. R. Evid. 401, 402, 403, 801. Exhibit 432 is a hearsay email exchange of Plaintiff Glen Littleton and his stockbroker. It is not probative of any issue in the case. |
| Ex. No. 433 | Fed. R. Evid. 401, 402, 801. Exhibit 433 is the declaration of Plaintiff's counsel in support of Plaintiff's motion for appointment as Lead Plaintiff and Lead Counsel and has no bearing on the issues in the case. |
| Ex. No. 524 | No objection. |
| Ex. No. 525 | No objection. |

DATED: January 13, 2023         Respectfully, submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
Alex Spiro (appearing pro hac vice)

## ATTESTATION

I, Kyle K. Batter, am the ECF user whose ID and password are being used to file the above document. In compliance with the Local Rules, I hereby attest that Alex Spiro has concurred in the filing of the above document.

*/s/ Kyle K. Batter*
Kyle K. Batter