*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Opening Statement | 8 | No objection | | |
| Opening Statement | 9 | No objection | | |
| Opening Statement | 10 | No objection | | |
| Opening Statement | 11 | No objection | | |
| Opening Statement | 12 | No objection | | |
| Opening Statement | 13 | No objection | | |
| [No Disclosure] | 8* | No objection | | |
| [No Disclosure] | 12* | No objection | | |
| [No Disclosure] | 13* | No objection | | |
| [No Disclosure] | 26* | No objection | | |
| [No Disclosure] | 53* | No objection | | |
| [No Disclosure] | 229* | No objection | | |
| [No Disclosure] | 289* | No objection | | |
| [No Disclosure] | 430* | No objection | | |
| [No Disclosure] | 431* | No objection | | |
| [No Disclosure] | 432* | No objection | | |
| [No Disclosure] | 433* | No objection | | |
| [No Disclosure] | 438* | No objection | | |
| [No Disclosure] | 439* | No objection | | |
| [No Disclosure] | 440* | Plaintiff objects to this exhibit on the basis that it is not relevant under Fed. R. Civ. Evid. 401 and inadmissible under Fed. R. Civ. Evid. 402. This exhibit is an email dated December 26, 2018 between Plaintiff and a representative of his trading platform. This action concerns alleged | Exhibit 440 is an email exchange between Lead Plaintiff Glen Littleton and his stockbroker shortly after the class period wherein Mr. Littleton states that "you have to invest with [Mr. Musk] over the long term." Plaintiff's argument is that the | |

1

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | misrepresentations made by defendants from August 7, 2018 to August 17, 2018 and the economic harm suffered by Tesla, Inc. investors as a result. Events after the expiration of the statutory 90-day lookback period after the end of the Class Period are irrelevant to the issues in this proceeding. Pursuant to the PSLRA, a plaintiff's damages are limited to the difference between the purchase price and "the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." *See* 15 U.S.C. §78u4(e)(1). | statement "funding secured" created an impression that was materially different than the state of affairs that existed. The jury is entitled to conclude that the difference was immaterial because regardless of whether Mr. Musk stated "funding secured," the market would have understood Mr. Musk could easily obtain any financing needed. Therefore, Plaintiff's belief that one has to invest with Mr. Musk and that he gets things done (even after the alleged fraud) is probative of whether the market would perceive a material difference between Mr. Musk's statement "funding secured" or a similar—but unquestionably true statement— regarding the then-status of funding. | |
| | | Even if the exhibit is deemed relevant, Plaintiff objects based on Fed. R. Civ. Evid. 403 which directs that evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting | The exhibit is relevant and not unfairly prejudicial. | |

2

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | cumulative evidence." Fed. R. Evid. 403. Here, any relevance that Plaintiff's post-Class Period comments may have in this case is substantially outweighed by a danger of unfair prejudice and confusing the issues. Further, the language in one of the messages may result in unfair prejudice against the Plaintiff. | | |
| [No Disclosure] | 453* | No objection | | |
| [No Disclosure] | 524* | No objection | | |
| [No Disclosure] | 525* | No objection | | |

\* Plaintiff objects to Defendants' refusal to specify which exhibits are for which witnesses. Plaintiff reserves all rights to raise additional objections upon Defendants disclosing which exhibits will be used with which witnesses and/or seeking to introduce the exhibits at trial.

3