QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (*appearing pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (*appearing pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (*appearing pro hac vice*)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUBMISSION REGARDING PROPOSED JURY INSTRUCTIONS ON CORPORATE ENTITIES (ECF NO. 569)** |

**RESPONSE TO PLAINTIFF'S SUBMISSION**

Yesterday, Plaintiff withdrew his objections to Defendants' proposed instruction for Corporate Entities that "If you find against Mr. Musk, but do not find that Mr. Musk was acting within the scope of authority as an officer of Tesla, then you must find that Tesla is not liable" and thereby conceded that the only theory upon which Tesla can be found liable is through imputed corporate liability for the actions of Mr. Musk and not through any other theory of corporate scienter.  ECF No. 569, at 2.

If this Court does not modify its proposed instruction on scienter to accord with Defendants' proposal (ECF No. 548 at 15-17), then Plaintiff's concession removes any need for the jury to consider scienter on the 10b-5 claim in this case.[1]  The Court previously found on summary judgment that Plaintiff established that Mr. Musk acted recklessly in publishing the Tweets at issue in this case (and thus, per its current Proposed Instruction, satisfied the scienter element in the 10b-5 claim) and Plaintiff has conceded that no other person's state-of-mind is relevant to establishing scienter for the 10b-5 claim.  Because the Court has found in this case that mere recklessness is sufficient to prove scienter, whether Mr. Musk acted "knowingly" is thus irrelevant to proving the element.  Accordingly, the jury need not determine scienter, receive a separate instruction on the element, or even be informed that it is a required element of the 10b-5 claim.

In light of the fact that Mr. Musk's scienter is no longer at issue or relevant to the 10b-5 claim absent modification of the Court's proposed jury instruction to adopt Defendants' formulation, Defendants respectfully request and propose that any reference to the element, "recklessness," and the Court's summary judgment order as to Mr. Musk's state-of-mind be removed from the Jury Instructions as unnecessary and unduly prejudicial.  *See* ECF No. 535 at 8 (removing instruction as "unnecessary").  As previously briefed by Defendants, the instruction

---

[1]  This position is being asserted in the event that the Court does not adopt Defendants' proposed instruction that scienter include a materiality requirement.  Defendants do not waive their proposal and exceptions to the Court's Proposed Jury Instructions but rather reassert and incorporate them by reference here.  *See* ECF Nos. 477 at 71-72 and 548 at 15-17.

that Mr. Musk has been previously been found to have acted recklessly is highly prejudicial to Defendants.  *See e.g.,* ECF No. 477 at 15 (citing, e.g., *United States v. Sine*, 493 F.3d 1021, 1033-34 (9th Cir. 2007) ("judicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice.'").  It is even more prejudicial now because it is irrelevant to the trial and the jury's charge.  Indeed, Plaintiff's only substantive justification for an instruction on the summary judgment order was that it was necessary to remedy potential juror confusion because "[j]urors will question why Plaintiff is not presenting evidence on these elements and likely assume that there simply is no evidence to present." ECF No. 477 at 9.  That concern is no longer present here.  In fact, any instruction on scienter or recklessness will create jury confusion as jurors will now receive superfluous instructions about an element that they are not asked to decide.  The only purpose a scienter or recklessness instruction would serve would be to substantially prejudice Mr. Musk and the Defendants.  There are no competing considerations.

For the reasons stated herein, the Defendants request that the Court remove the identification of scienter as an element in the 10b-5 claim (ECF No. 535 at 7, 36), remove any reference to the Court's determination that Mr. Musk acted recklessly (*id.* at 7-8, 36-37), delete the "Scienter or State of Mind Instruction" (*id.* at 41), and delete the "Imputation of Scienter" instruction, (*id.* at 45).  Should the Court adopt Defendants' proposed Defense to Control Person Liability instruction in accordance with Ninth Circuit law, the Court can and should define scienter there.

DATED:  January 14, 2023            Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
    Alex Spiro *(appearing pro hac vice)*
    *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*