UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 18-cv-04865-EMC <br><br> **ORDER REGARDING OBJECTIONS TO PLAINTIFF'S OPENING STATEMENT AND JANUARY 17 EVIDENCE** <br><br> Docket Nos. 570, 571 |

    The Court's rulings on the parties' objections to the opening statements and amended list of exhibits slated for January 17, 2023, are attached. *See* Docket Nos. 570, 571. The Court uses the following notations: "O" means that the objection is overruled, "S" means that the objection is sustained, and "R" means that the Court is reserving ruling.

    The Court has sustained Defendants' objections to many of the slides that Plaintiff sought to use in his opening statement. *See* Docket No. 571. The purpose of opening statements is to provide a roadmap of the case and what the evidence will show, not to put on extensive evidence in advance of the actual trial. As discussed below, while much of the evidence described in these slides may be relevant and admissible in Plaintiff's case-in-chief, it is not appropriate for Plaintiff to show this evidence during opening statements. However, use of key documents which provide direct transactional significance such as those directly pertinent to Mr. Musk's state of mind or have operative effect (such as the August 16, 2018 *New York Times* article) will be permitted in opening statements. The Court explains its evidentiary rulings below as follows.

    First, the Court will not allow reference to the Court's actual previous rulings because of a risk of prejudice to Defendants. The issues decided by the Court should be handled in the same

manner as in the jury instructions.

Second, as a general proposition, statements made not for the truth of the matter asserted but to show the effect on the market (e.g. effect on the listener) or a sample of the market response (e.g. state of mind) are admissible for a non-hearsay purpose, subject to Rule 403 concerns. *See Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019) (overruling hearsay objection "because Plaintiffs offer the articles and analyst reports not for the truth of the matter asserted in the reports and articles, but rather to demonstrate how the market understood and interpreted SeaWorld's disclosure"); *United States v. Holmes*, No. 18-cr-00258-EJD-1, 2021 WL 2044470, at *26 (N.D. Cal. May 22, 2021) (overruling hearsay objection where article was introduced to show its effect on the reader); *cf. In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 393 (9th Cir. 2010) (relying on analyst reports to determine how the market understood company's earnings miss). In other words, to the extent that particular analyst reports or statements by individual investors bear on the market's perception of or weight given to the misrepresentations, these materials will generally be deemed relevant and admissible for a non-hearsay purpose in Plaintiff's case-in-chief.

**IT IS SO ORDERED**.

Dated: January 16, 2023

_____
EDWARD M. CHEN
United States District Judge