*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| Opening Statement | 8 | No objection | | |
| Opening Statement | 9 | No objection | | |
| Opening Statement | 10 | No objection | | |
| Opening Statement | 11 | No objection | | |
| Opening Statement | 12 | No objection | | |
| Opening Statement | 13 | No objection | | |
| [No Disclosure] | 8* | No objection | | |
| [No Disclosure] | 12* | No objection | | |
| [No Disclosure] | 13* | No objection | | |
| [No Disclosure] | 26* | No objection | | |
| [No Disclosure] | 53* | No objection | | |
| [No Disclosure] | 229* | No objection | | |
| [No Disclosure] | 289* | No objection | | |
| [No Disclosure] | 430* | Plaintiff objects to this exhibit on the basis that it is not relevant | Exhibit 430 is an email exchange between Lead Plaintiff Glen | O. The exhibit may be used to shed light on why Mr. Littleton |

1

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| | | under Fed. R. Civ. Evid. 401 and inadmissible under Fed. R. Civ. Evid. 402. This exhibit is an email dated July 7, 2017 between Plaintiff and a representative of his trading platform. This action concerns alleged misrepresentations made by defendants from August 7, 2018 to August 17, 2018 and the economic harm suffered by Tesla, Inc. investors as a result. Events prior to the Class period are irrelevant to the issues in this proceeding. Pursuant to the PSLRA, a plaintiff's damages are limited to the difference between the purchase price and "the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." See 15 U.S.C. §78u4(e)(1).<br><br>Even if the exhibit is deemed relevant, Plaintiff objects based | Littleton and his stockbroker wherein Mr. Littleton states that the "most important" "headwind" that Tesla faces is "aggressive well financed short sellers" who "magnify the movement of the stock." In this case, Plaintiff (who positions himself as the reasonable investor) and his experts claim that the changes in Tesla's stock price during the class period were caused solely by Mr. Musk's allegedly materially false statements. Plaintiff and his experts attribute none of the decline to normal volatility in Tesla's stock price (aside from the declines due to market and industry effects). Plaintiff's claim is rebutted, however, by his admission before the class period that the "most important" factor "magnify[ing] the movement of the stock [price]" is short sellers—a phenomenon that existed during the class period as well. This cuts against | purchased Tesla stocks and his personal motivations with respect to Tesla investments as it may affect the question of reliance during the Class Period but for no other purpose. To the extent that Defendants seek to use Mr. Littleton's words as if he was a virtual expert on materiality, the objection is sustained. Cross-examination will be so limited. A limiting instruction will be given if requested. |

2

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| | | on Fed. R. Civ. Evid. 403 which directs that evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, any relevance that Plaintiff's pre-Class Period comments may have in this case is substantially outweighed by a danger of unfair prejudice and confusing the issues. | the materiality of "funding secured."<br><br>Further, Plaintiff's theory is that Mr. Musk's tweets were motivated by some desire to harm short sellers, who Plaintiff and his expert maintain are good for the market. But Exhibit 430 contradicts Plaintiff's position in this case, as he concedes short sellers are the most important factor to the volatility of Tesla's stock price.<br><br>Additionally, Defendants should be permitted to question why Plaintiff purchased Tesla's stock. In Exhibit 430, Plaintiff states it was *because* of its volatility: "One of the reasons I choose to focus on Tesla is because the headwinds they face are immense . . . ."<br><br>Finally, the Court's proposed jury instructions state that the fraud-on-the-market presumption applies if Plaintiff | |

3

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| | | | proves that, among other things, "Investors reasonably relied on that market as an *accurate reflection* of the current market value of the securities." (ECF No. 535 at 46 (emphasis added)). In Exhibit 430, Plaintiff concedes that the market did not "accurately reflect" Tesla's stock price but was "magnified" by short sellers.<br><br>The exhibit is relevant and not unfairly prejudicial. | |
| [No Disclosure] | 431* | No objection | | |
| [No Disclosure] | 432* | No objection | | |
| [No Disclosure] | 433* | No objection | | |
| [No Disclosure] | 438* | Plaintiff objects to this exhibit on the basis that it is not relevant under Fed. R. Civ. Evid. 401 and inadmissible under Fed. R. Civ. Evid. 402. This exhibit is an email dated February 9, 2018 between Plaintiff and a representative of his trading | Exhibit 438 is an email exchange between Lead Plaintiff Glen Littleton and his stockbroker wherein Mr. Littleton predicts that "[l]ong term I think [Tesla] can be 10 times the capitalization it is now . . . ." Given that belief, Mr. Littleton | S.  Mr. Littleton's observations of Tesla's stock price and suppositions of how Tesla stock price might change are not relevant to his reliance. |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| | | platform. This action concerns alleged misrepresentations made by defendants from August 7, 2018 to August 17, 2018 and the economic harm suffered by Tesla, Inc. investors as a result. Events prior to the Class period are irrelevant to the issues in this proceeding. Pursuant to the PSLRA, a plaintiff's damages are limited to the difference between the purchase price and "the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." See 15 U.S.C. §78u4(e)(1).<br><br>Even if the exhibit is deemed relevant, Plaintiff objects based on Fed. R. Civ. Evid. 403 which directs that evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the | would not have reasonably believed that Tesla shareholders would agree go private at $420 a share. This would tend to undermine the importance of Mr. Musk's statement "funding secured" since funding would not be the key impediment to deal closure, shareholder approval would be.<br><br>Plaintiff also notes in Exhibit 438 that Tesla stock is highly volatile: "Is the instrument going to move sufficiently to warrant a position . . . . TSLA meets the first two criteria." Plaintiff (who positions himself as the reasonable investor) and his experts claim that the changes in Tesla's stock price during the class period were caused by Mr. Musk's allegedly materially false statements. Plaintiff and his experts attribute none of the decline to normal volatility in Tesla's stock price (aside from the declines due to market and industry effects). Plaintiff's | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| | | issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, any relevance that Plaintiff's pre-Class Period comments may have in this case is substantially outweighed by a danger of unfair prejudice and confusing the issues. | claim is rebutted, however, by his acknowledgement before the class period that Tesla is a highly volatile stock for reasons having nothing to do with Mr. Musk's tweets. This cuts against the materiality of "funding secured."<br><br>The exhibit is relevant and not unfairly prejudicial. | |
| [No Disclosure] | 439* | Plaintiff objects to this exhibit on the basis that it is not relevant under Fed. R. Civ. Evid. 401 and inadmissible under Fed. R. Civ. Evid. 402. This exhibit is an email dated August 2, 2018 from Plaintiff regarding Tesla service and connectivity issues in which Plaintiff makes a personal comment regarding the price of Tesla stock. This comment, however, was days before the misrepresentations in this action. This action concerns alleged misrepresentations made by defendants from August 7, 2018 to August 17, 2018 and the economic harm suffered by | In Exhibit 439, Lead Plaintiff Glen Littleton wrote just days before the start of the class period—and thus *before* Mr. Musk's tweets—that he expected Tesla to be worth "500-600 dollars a share in the near future." That belief would tend to undermine the likelihood that a deal at $420 would occur since shareholders would be unwilling to accept that price as a reflection of the fair value of the company. This would, in turn, tend to undermine the importance and materiality of Mr. Musk's statement "funding secured" since funding would | O. The exhibit is admissible for the singular purpose of reliance and not for materiality. Cross-examination will be so limited. |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| | | Tesla, Inc. investors as a result. Events prior to the Class period are irrelevant to the issues in this proceeding. Pursuant to the PSLRA, a plaintiff's damages are limited to the difference between the purchase price and "the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." See 15 U.S.C. §78u4(e)(1).<br><br>Even if the exhibit is deemed relevant, Plaintiff objects based on Fed. R. Civ. Evid. 403 which directs that evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, any relevance that Plaintiff's pre- | not be the key impediment to deal closure, but rather shareholder approval would be the key impediment.<br><br>In addition, Mr. Littleton's belief that Tesla would soon rise to $500-600 per share undermines his assertion in this action that he reasonably relied on Mr. Musk's representations to mean that Tesla would likely go private at $420 a share.<br><br>The exhibit is relevant and not unfairly prejudicial. | |

7

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| | | Class Period comments may have in this case is substantially outweighed by a danger of unfair prejudice and confusing the issues. | | |
| [No Disclosure] | 440* | Plaintiff objects to this exhibit on the basis that it is not relevant under Fed. R. Civ. Evid. 401 and inadmissible under Fed. R. Civ. Evid. 402. This exhibit is an email dated December 26, 2018 between Plaintiff and a representative of his trading platform. This action concerns alleged misrepresentations made by defendants from August 7, 2018 to August 17, 2018 and the economic harm suffered by Tesla, Inc. investors as a result. Events after the expiration of the statutory 90-day lookback period after the end of the Class Period are irrelevant to the issues in this proceeding. Pursuant to the PSLRA, a plaintiff's damages are limited to the difference between the purchase price and "the mean trading price of that security | Exhibit 440 is an email exchange between Lead Plaintiff Glen Littleton and his stockbroker shortly after the class period wherein Mr. Littleton states that "you have to invest with [Mr. Musk] over the long term." Plaintiff's argument is that the statement "funding secured" created an impression that was materially different than the state of affairs that existed. The jury is entitled to conclude that the difference was immaterial because regardless of whether Mr. Musk stated "funding secured," the market would have understood Mr. Musk could easily obtain any financing needed. Therefore, Plaintiff's belief that one has to invest with Mr. Musk and that he gets things done (even after the alleged | O. The exhibit is admissible for the singular purpose of reliance and not for materiality. Cross-examination will be so limited. |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| | | during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." *See* 15 U.S.C. §78u4(e)(1). <br><br> Even if the exhibit is deemed relevant, Plaintiff objects based on Fed. R. Civ. Evid. 403 which directs that evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, any relevance that Plaintiff's post-Class Period comments may have in this case is substantially outweighed by a danger of unfair prejudice and confusing the issues. Further, the language in one of the messages may result in unfair prejudice against the Plaintiff. | fraud) is probative of whether the market would perceive a material difference between Mr. Musk's statement "funding secured" or a similar—but unquestionably true statement—regarding the then-status of funding. <br><br> The exhibit is relevant and not unfairly prejudicial. | |

9

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| [No Disclosure] | 453* | Plaintiff objects to this exhibit on the basis that it is not relevant under Fed. R. Civ. Evid. 401 and inadmissible under Fed. R. Civ. Evid. 402. This exhibit is an email dated April 12, 2017 from Plaintiff. This action concerns alleged misrepresentations made by defendants from August 7, 2018 to August 17, 2018 and the economic harm suffered by Tesla, Inc. investors as a result. Mr. Fries comments over one year before the misrepresentations at issue have no bearing on his investment decisions during the class period.<br><br>Even if the exhibit is deemed relevant, Plaintiff objects based on Fed. R. Civ. Evid. 403 which directs that evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." | Exhibit 453 is an email exchange from Plaintiff Timothy Fries wherein he states, "I love Tesla, but this stock valuation is insane. Bubble anyone?" Plaintiff (who positions himself as the reasonable investor) and his experts claim that the changes in Tesla's stock price during the class period were caused by Mr. Musk's allegedly materially false statements. Plaintiff's claim is weakened by his acknowledgement before the class period that Tesla is a volatile stock that trades at values not representative of the true value of the company—having nothing to do with Mr. Musk's tweets. This cuts against the materiality of "funding secured."<br><br>Further, the Court's proposed jury instructions state that the fraud-on-the-market presumption applies if Plaintiff proves that, among other things, "Investors reasonably relied on | S |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Objections to Defendants' Witness and Exhibit List for Day 1 - January 17, 2023

| Witness | Trial Exhibit No. | P's Objection | D's Response | Ruling |
|---|---|---|---|---|
| | | Fed. R. Evid. 403. Here, any relevance that Plaintiff's pre-Class Period comments may have in this case is substantially outweighed by a danger of unfair prejudice and confusing the issues. Further, the language in one of the messages may result in unfair prejudice against the Plaintiff. | that market as an *accurate reflection* of the current market value of the securities." (ECF No. 535 at 46 (emphasis added).) In Exhibit 453, Plaintiff concedes that the market did not "accurately reflect" Tesla's stock price but had an "insane" valuation that was a "bubble." <br><br> The exhibit is relevant and not unfairly prejudicial. | |
| [No Disclosure] | 524* | No objection | | |
| [No Disclosure] | 525* | No objection | | |

\* Plaintiff objects to Defendants' refusal to specify which exhibits are for which witnesses. Plaintiff reserves all rights to raise additional objections upon Defendants disclosing which exhibits will be used with which witnesses and/or seeking to introduce the exhibits at trial.