*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

**<u>Plaintiff's Proposed Exhibits</u>**

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Guhan Subramanian | 8 | Lack of foundation. Plaintiff is seeking to improperly use Professor Subramanian to enter documents into evidence for which no fact witness has laid a foundation or established admissibility. *See also* Defendants' Objections to Anticipated Testimony by Professor Subramanian (filed concurrently herewith) | | |
| Guhan Subramanian | 9 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 10 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 11 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 12 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 13 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 26 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 53 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 78 | Fed. R. Evid. 401, 402, 403, 404, 801. Exhibit 78 is an irrelevant, hearsay email from a Tesla investor in the month *before* the class period. Plaintiff seeks to use the email in an improper effort to show that Mr. Musk is prone to making reckless statements on Twitter (i.e., improper character evidence). See also objection to Exhibit 8. | | |
| Guhan Subramanian | 80 | Fed. R. Evid. 403, 801, 901. Exhibit 80 is a hearsay set of "minutes" allegedly from the PIF with no listed author and no witness at trial to authenticate or lay a foundation. The exhibit will not come into evidence, and thus cannot be shown to the jury during Mr. Subramanian's testimony. See also objection to Exhibit 8. | | |
| Guhan Subramanian | 81 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 82 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 83 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 89 | See objection to Exhibit 8. | | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Guhan Subramanian | 101 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 103 | See objection to Exhibit 8. | | |
| Guhan Subramanian | 104 | Fed. R. Evid. 401, 402, 403, 404, 801. Exhibit 104 is an irrelevant and unfairly prejudicial email exchange long *before* the class period concerning a dispute that resulted in *a different lawsuit* (which Mr. Musk won). Plaintiff seeks to use the email in an improper effort to show that Mr. Musk is prone to making reckless statements on Twitter (i.e., improper character evidence). It has no bearing on this case. See also objection to Exhibit 8. | | |
| Guhan Subramanian | 121 | Fed. R. Evid. 401, 402, 403, 801. Exhibit 121 is a set of hearsay text messages of an individual who was not deposed in this action, is not on Plaintiff's witness list, and who will not be appearing at trial. Plaintiff seeks to use the individual's texts in his absence for the truth of the matter asserted. Likewise, the effect of the text messages are after the challenged statements, so they are not irrelevant to scienter. See also objection to Exhibit 8. | | |
| Guhan Subramanian | 140 | Fed. R. Evid. 401, 402, 403, 404, 801. Exhibit 140 is an irrelevant and unfairly prejudicial email exchange *after* the class period concerning a dispute that resulted in *a different lawsuit* (which Mr. Musk won). Plaintiff seeks to use the email in an improper effort to show that Mr. Musk is prone to making reckless statements on Twitter (i.e., improper character evidence). It has no bearing on this case. See also objection to Exhibit 8. | | |
| Guhan Subramanian | 201 | Fed. R. Evid. 801. See also objection to Exhibit 8. | | |
| Guhan Subramanian | 232 | Fed. R. Evid. 401, 402. See also objection to Exhibit 8. | | |
| Guhan Subramanian | 233 | Fed. R. Evid. 401, 402. See also objection to Exhibit 8. | | |
| Guhan Subramanian | 289 | See objection to Exhibit 8. | | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Guhan Subramanian | 321 | Fed. R. Evid. 401, 402, 403. (Court previously overruled Defendants' objections. (ECF No. 506-1.)) See also objection to Exhibit 8. | | |
| Guhan Subramanian | 360 | Fed. R. Evid. 403, 801. Exhibit 360 is the hearsay expert report of Mr. Subramanian. See also objection to Exhibit 8. | | |
| Guhan Subramanian | Slide 1 | Defendants object that Plaintiff's presentation for Mr. Subramanian is not evidence and therefore cannot be admitted into evidence and provided to the jury. The entire presentation is inadmissible hearsay. | | |
| Guhan Subramanian | Slide 2 | Fed. R. Evid. 401, 402, 801. See also objection to slide no. 1. | | |
| Guhan Subramanian | Slide 3 | See objection to slide no. 1. | | |
| Guhan Subramanian | Slide 4 | See objection to slide no. 1. | | |
| Guhan Subramanian | Slide 5 | Fed. R. Evid. 401, 402, 602, 702. Plaintiff seeks to use Mr. Subramanian not as an expert for his "scientific, technical, or other specialized knowledge," but to tell the jury *Plaintiff's version* of the *facts* before any witness with personal knowledge has testified to get them into evidence. That is not expert testimony. It is an inadmissible and unfairly prejudicial way to color the facts for the jury under the guise of expert testimony. As stated by the court in *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015), "Where expert testimony "simply rehash[es] otherwise admissible evidence about which [the expert] has no personal knowledge, such evidence—taken on its own—is inadmissible." *Highland Capital Mgmt., L.P. v. Schneider,* 379 F.Supp.2d 461, 469 (S.D.N.Y. 2005). Such evidence "is properly presented through percipient witnesses and documentary evidence," not through expert testimony. *In re Rezulin Products Liab. Litig.,* 309 F.Supp.2d 531, 551 (S.D.N.Y. 2004) (excluding expert's narrative of events where expert's "glosses" on the narrative were "simple inferences drawn from uncomplicated facts"); *see also, Johns v. Bayer Corp.*, 2013 WL 1498965, at *28 (S.D.Cal. Apr. 10, 2013) (excluding expert report which offered | | |

3

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | "nothing more than a factual narrative" of otherwise admissible evidence); *Taylor v. Evans*, 1997 WL 154010, at *2 (S.D.N.Y. Apr. 1, 1997) (excluding portions of expert report which "present[ed] a narrative of the case which a lay juror is equally capable of constructing"). . . . Despite the technological backdrop of the interactions between Fujifilm and Nokia, Motorola has not demonstrated that Dr. Bims's testimony on this subject will provide more than "simple inferences drawn from uncomplicated facts," *Rezulin*, 309 F.Supp.2d at 551, and a factual narrative which "a lay juror is equally capable of constructing," *Taylor*, 1997 WL 154010, at *2." *See also* objection to slide no. 1; Defendants' Objections to Anticipated Testimony by Professor Subramanian (filed concurrently herewith) | | |
| Guhan Subramanian | Slide 6 | Fed. R. Evid. 401, 402, 602, 702.  See also objection to slide nos. 1, 5 (improperly making a factual assertion regarding Mr. Musk's supposed "initial contact" with the PIF). | | |
| Guhan Subramanian | Slide 7 | See objection to slide no. 1. | | |
| Guhan Subramanian | Slide 8 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions that Mr. Musk "did not consult with financial or legal advisors before making his offer," and "Mr. Musk wanted to take this $420 offer directly to a shareholder vote"). | | |
| Guhan Subramanian | Slide 9 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions that the "Board witnessed Musk's usage of Twitter before August 2018," and the "Board continued to take no action while investors, analysts, and market searched for further information and clarity"). | | |
| Guhan Subramanian | Slide 10 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making a factual assertion that "Musk did not consult with financial or legal advisors"). | | |

4

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Guhan Subramanian | Slide 11 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making a factual assertion that there was "[n]o basis to believe that the Saudi PIF would have funded the transaction had it moved forward"). | | |
| Guhan Subramanian | Slide 12 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions that "Mr. Gracias and other members of management appeared to take a hands-off approach," and there is "[n]o evidence in the record that anyone reviewed Mr. Musk's "funding secured" tweet before Mr. Musk published it"). | | |
| Guhan Subramanian | Slide 13 | Fed. R. Evid. 401, 402, 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions regarding Mr. Musk's interactions with the PIF and his financial and legal advisors). | | |
| Guhan Subramanian | Slide 14 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions regarding the timing and purpose of Mr. Musk's disclosures). | | |
| Guhan Subramanian | Slide 15 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions regarding Mr. Musk's motive and intent). | | |
| Guhan Subramanian | Slide 16 | Fed. R. Evid. 403, 801.  Lack of foundation because Ex. 81 has not been admitted into evidence.  See also objection to slide no. 1. | | |
| Guhan Subramanian | Slide 17 | Fed. R. Evid. 401, 402, 801.  See also objection to slide no. 1. | | |
| Guhan Subramanian | Slide 18 | Fed. R. Evid. 403 (as to the prejudicial title).  Lack of foundation because Ex. 8 has not been admitted into evidence.  See also objection to slide no. 1. | | |
| Guhan Subramanian | Slide 19 | Fed. R. Evid. 403 (as to the prejudicial title).  Lack of foundation because Ex. 13 has not been admitted into evidence.  See also objection to slide no. 1. | | |

5

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Guhan Subramanian | Slide 20 | Lack of foundation because Ex. 9 has not been admitted into evidence. See also objection to slide no. 1. | | |
| Guhan Subramanian | Slide 21 | Lack of foundation because Ex. 10 has not been admitted into evidence. See also objection to slide no. 1. | | |
| Guhan Subramanian | Slide 22 | Lack of foundation because Ex. 11 has not been admitted into evidence. See also objection to slide no. 1. | | |
| Elon Musk | 8 | No objection. | | |
| Elon Musk | 9 | No objection. | | |
| Elon Musk | 10 | No objection. | | |
| Elon Musk | 11 | No objection. | | |
| Elon Musk | 12 | No objection. | | |
| Elon Musk | 13 | No objection. | | |
| Elon Musk | 53 | No objection. | | |
| Elon Musk | 80 | Fed. R. Evid. 403, 801, 901. Exhibit 80 is a hearsay set of "minutes" with no listed author and no witness at trial to authenticate or lay a foundation. | | |
| Elon Musk | 81 | No objection. | | |
| Elon Musk | 83 | No objection. | | |
| Elon Musk | 87 | No objection. | | |
| Elon Musk | 94 | No objection. | | |
| Elon Musk | 101 | No objection. | | |
| Elon Musk | 121 | Fed. R. Evid. 401, 402, 403, 801 (to the extent Plaintiff is seeking to introduce statements of individuals other than Mr. Musk). Exhibit 121 is a set of hearsay text messages of an individual (Mr. Al-Rumayyan) who was not deposed in this action, is not on Plaintiff's witness list, and who will not be appearing at trial. Plaintiff seeks to use the individual's texts in his absence for the truth of the matter asserted. Likewise, the effect of the text messages (which are dated August 10 and 12) are after the challenged statements (August 7). Because scienter must be established | | |

6

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | at the time of the alleged misstatement, the later hearsay text messages cannot be relevant to that topic.  Moreover, Plaintiffs have no remaining allegation related to the August 13 blog post, nor is there a claim for material omissions.  Thus, even if Mr. Al-Ruymayyan's texts had an "impact" on Mr. Musk, it was not connected in any way to a remaining claim or element. | | |
| Elon Musk | 171 | Fed. R. Evid. 403, 801.  The Court has already ruled that this NYT article "is hearsay and also contains embedded hearsay" that "Mr. Littleton cannot use . . . for the truth of the matter asserted." (ECF No. 506-1 at 7.)  Yet that is precisely what Plaintiff aims to do.  Specifically, Plaintiff cherry picks a few words from a hearsay article that has no citation to any source for the author's conclusions.  Plaintiff quotes the author as stating that Mr. Musk's "two words [funding secured] helped propel Tesla's shares higher."  The author also concluded that funding to take Tesla private "was far from secure."  The author's personal opinions (without citation) regarding funding for the potential go-private transaction lack personal knowledge and are inadmissible hearsay (or hearsay within hearsay) that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that the words "funding secured" *caused* a rise in Tesla's stock price, but funding was not available to take Tesla private).  Likewise, this author's personal opinion regarding the potential transaction to take Tesla private is not relevant and has nothing to do with whether Mr. Musk's tweets on August 7, 2018 are actionable under the securities laws.  The author's opinion has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that that the words "funding secured" caused a rise in Tesla's stock price (an issue exclusively for expert witnesses). | | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 179 | No objection. | | |
| Elon Musk | 186 | No objection. | | |
| Elon Musk | 201 | No objection. | | |
| Elon Musk | 229 | No objection. | | |
| Elon Musk | 254 | No objection. | | |
| Elon Musk | 256 | No objection. | | |
| Elon Musk | 265 | No objection. | | |
| Elon Musk | 294 | No objection. | | |
| Elon Musk | 332 | Fed. R. Evid. 403, 602, 801, 901. | | |
| Elon Musk | 333 | No objection. | | |
| Elon Musk | 337 | Fed. R. Evid. 403, 602, 801. | | |
| Elon Musk | 338 | Fed. R. Evid. 403, 602, 801, 901. | | |
| Elon Musk | 361 | No objection. | | |
| Elon Musk | 426 | Fed. R. Evid. 403, 602, 801, 901. | | |
| Elon Musk | 503 | No objection. | | |
| Ryan Brinkman | 8 | No objection. | | |
| Ryan Brinkman | 10 | No objection. | | |
| Ryan Brinkman | 11 | No objection. | | |
| Ryan Brinkman | 12 | No objection. | | |
| Ryan Brinkman | 13 | No objection. | | |
| Ryan Brinkman | 14 | Fed. R. Evid. 401, 402, 403, 602, 801. | | |
| Ryan Brinkman | 15 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. Exhibit 15 is an inadmissible hearsay research note, which, among other things purports to interpret Mr. Musk's tweets. The Court had indicated that such evidence is admissible either to show the effect on the market or constitute a "sample of the market response." (Dkt. 575, p. 2). Mr. Brinkman's research is neither of these. | | |

8

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | First, Mr. Brinkman's note is not akin to the *New York Times* article, as it is not an alleged misstatement nor a corrective disclosure. It did not allegedly move the needle on the stock price at all. Nor could it, as the note was published the day after the tweet, when the stock price went down; it could not possibly be tethered to the stock price increase on August 7, 2018. The "effect on the listener" exception cannot possibly apply when, as here, there is no alleged impact on the market.<br><br>Second, Mr. Brinkman's note does not constitute a valid "sample of the market response." It is a cherry-picked assessment from a non-expert witness. There were countless articles and reports about Mr. Musk's tweets. Showing the jury random, arbitrary examples of analyst reports is highly prejudicial and misleading under Rule 403. There is no indication that Mr. Brinkman's analysis is representative of the market's "state of mind." An expert could theoretically review a collection of reports in a relevant time frame and draw conclusions about the market's views, but Plaintiff has chosen not to do that. Presenting the jury with random opinions of analysts is not the answer.<br><br>Third, there is no precedent for allowing a jury to hear selected analyst reports opining on how the market "understood" an alleged misstatement. In *Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019), the Court was deciding a summary judgment motion and considered some analysts reports in finding a material issue of fact. *Id.* Moreover, the Court described an expert witness who reviewed analyst reports and news articles to form his opinions, which would be the proper way at trial to introduce such evidence in a non-misleading and non-prejudicial way. *Baker*, 423 F. Supp. 3d at 901-902 ("Contrary to Defendants' assertion that Coffman simply lists and summarizes these | | |

9

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | reports and articles, Coffman's opinion of how the market interpreted SeaWorld's statements from the August 13, 2014 press release will assist the trier of fact in determining loss causation."). In *United States v. Holmes*, 2021 WL 2044470, at *26 (N.D. Cal. May 22, 2021), the articles were not used to demonstrate the market's interpretation of an alleged misstatement but rather used "for the non-hearsay purposes of showing the favorable press coverage of Theranos in the public realm prior to the discovery of the fraud, and the articles' effects on the readers." *Id.* at 26. *See also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 393 (9th Cir. 2010) (analyst reports used to determine market's understanding of reasons for earnings miss).<br><br>Finally, allowing an analyst's interpretation of the term "funding secured" is not relevant, is duplicative, and is prejudicial because the Court has already determined that Mr. Musk's statement was false, and Defendants are not allowed to argue otherwise. | | |
| Ryan Brinkman | 16 | Defendants object that Exhibit 16 is incomplete. Plaintiff should use Exhibit 53, which is the complete version of the same document. | | |
| Ryan Brinkman | 17 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. See also objections to Exhibit 15. | | |
| Ryan Brinkman | 18 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. See also objections to Exhibit 15. | | |
| Ryan Brinkman | 19 / 171 | Fed. R. Evid. 403, 602, 801. See also objections to Exhibit 171 above. | | |
| Ryan Brinkman | 21 | Fed. R. Evid. 401, 402, 801. | | |
| Ryan Brinkman | 23 | Fed. R. Evid. 401, 402, 403, 602, 801. See also objections to Exhibit 15. Moreover, this document did not have any possible impact on the market, as it falls outside the class period, and the details of this note are particularly prejudicial, as they purport to interpret and characterize Mr. | | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | Musk's statements, including the impact of the August 13 blog post, which are issues for the jury. | | |
| Ryan Brinkman | 24 | Fed. R. Evid. 401, 402, 403, 602, 801 (hearsay within hearsay). | | |
| Ryan Brinkman | 25 | Fed. R. Evid. 401, 402, 403, 602, 801.  See also objections to Exhibit 15. | | |
| Martin Viecha | 8 | No objection. | | |
| Martin Viecha | 58 | Fed. R. Evid. 401, 402, 403, 602.  Plaintiff seeks to show the jury emails by Martin Viecha concerning Mr. Musk's August 7, 2018 tweets. (Ex. 58.) The questions to Mr. Viecha and Mr. Viecha's responses are not admissible. As to the questions, the fact that single analysts were asking questions about funding is not probative of materiality, as the analysts could be asking questions for a variety of reasons, including that the statements were vague.  The jury would be speculating as to the reason for the analysts' inquiries.  Thus, the questions are  hearsay, as they are being offered for the truth of the matter asserted (that funding was material).Nor does the question from one person reflect the "state of mind" of the market as a whole.<br><br>As to Mr. Viecha's responses, even if they are party admissions (as the Court previously implied), to be admissible they still must be on a relevant topic, probative, and not cumulative.  Mr. Viecha's statements are none of those.  First, Mr. Viecha's emails were private statements, not public statements made to the market as a whole, so they do not alter the total mix of information available to the market and do not reflect what the market knew or thought of Mr. Musk's tweets.  Second, Mr. Viecha's responses about what "funding secured" means is not relevant because the Court already determined that "funding secured" is false, so Mr. Viecha's interpretation is not probative of anything going to the jury.  Finally, Plaintiff has not established foundation or that Mr. Viecha had any | | |

11

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. No. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | personal knowledge of what Mr. Musk meant in his tweets. In fact, he had none. | | |
| Martin Viecha | 91 | No objection. | | |
| Martin Viecha | 143 | No objection. | | |
| Martin Viecha | 146 | See objections to Exhibit 58. Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. | | |
| Martin Viecha | 147 | Fed. R. Evid. 401, 402, 403, 801. | | |
| Martin Viecha | 150 | See objections to Exhibit 58. Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. | | |
| Martin Viecha | 151 | See objections to Exhibit 58. Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. | | |
| Martin Viecha | 155 | Fed. R. Evid. 602, 801 (and hearsay within hearsay). | | |
| Martin Viecha | 160 | Fed. R. Evid. 801. | | |
| Martin Viecha | 161 | No objection. | | |

**Plaintiff's Proposed Deposition Designations**

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 6:1-5 | No objection. | | |
| Ryan Brinkman | 6:13-15 | No objection. | | |
| Ryan Brinkman | 13:7-16:6; | No objection. | | |
| Ryan Brinkman | 22:2-25:4 | No objection. | | |

12

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 41:21-45:21 | Fed. R. Evid. 401, 402, 403, 602, 701.  (Objecting to 42:16-43:04, 43:20-45:16.) | | |
| Ryan Brinkman | 47:8-9 | No objection. | | |
| Ryan Brinkman | 47:15-49:3 | Fed. R. Evid. 401, 402, 403, 701.  (Objecting to 48:06-49:03.) | | |
| Ryan Brinkman | 50:3-4; | No objection. | | |
| Ryan Brinkman | 50:9-52:6 | Fed. R. Evid. 401, 402, 403, 602.  (Objecting to 50:17-52:06.) | | |
| Ryan Brinkman | 53:6- 57:23 | Fed. R. Evid. 401, 402, 403, 602, 701.  (Objecting to 53:13-57:23.) | | |
| Ryan Brinkman | 61:2-63:11 | Fed. R. Evid. 401, 402, 403, 602, 701.  (Objecting to 61:09-63:11.) | | |
| Ryan Brinkman | 63:13-64:2 | Fed. R. Evid. 401, 402. | | |
| Ryan Brinkman | 64:6-66:15 | Fed. R. Evid. 401, 402, 403, 602, 701. | | |
| Ryan Brinkman | 69:12-71:13 | Fed. R. Evid. 401, 402. | | |
| Ryan Brinkman | 72:18-19 | No objection. | | |
| Ryan Brinkman | 72:24-75:24 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. | | |
| Ryan Brinkman | 77:19-78:8 | Fed. R. Evid. 401, 402. | | |
| Ryan Brinkman | 78:19- 84:2 | Fed. R. Evid. 401, 402, 403, 602.  (Objecting to 79:08-84:02.) | | |
| Ryan Brinkman | 85:6-85:14 | No objection. | | |
| Ryan Brinkman | 86:9-11 | No objection. | | |
| Ryan Brinkman | 86:19-88:5 | Fed. R. Evid. 401, 402, 403, 801. | | |
| Ryan Brinkman | 88:10-88:17 | No objection. | | |
| Ryan Brinkman | 90:6-92:4 | Fed. R. Evid. 401, 402, 602. | | |
| Ryan Brinkman | 92:8-94:10 | Fed. R. Evid. 401, 402, 801. | | |
| Ryan Brinkman | 94:13-95:3 | Fed. R. Evid. 401, 402, 403, 801. | | |
| Ryan Brinkman | 95:13-95:20 | Fed. R. Evid. 401, 402, 403, 801. | | |
| Ryan Brinkman | 96:5-96:23 | Fed. R. Evid. 401, 402, 403, 602, 701. | | |
| Ryan Brinkman | 98:7-10 | No objection. | | |
| Ryan Brinkman | 98:14-25 | Fed. R. Evid. 401, 402, 801. | | |
| Ryan Brinkman | 100:4-102:2 | Fed. R. Evid. 401, 402, 403, 602, 801. | | |
| Ryan Brinkman | 105:8-106:15 | Fed. R. Evid. 401, 402, 403, 602. | | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 108:2-109:8 | Fed. R. Evid. 401, 402, 403, 602, 801, 901. | | |
| Ryan Brinkman | 110:14-17 | No objection. | | |
| Ryan Brinkman | 110:22-112:7 | Fed. R. Evid. 401, 402. | | |
| Ryan Brinkman | 112:22-114:6 | Fed. R. Evid. 401, 402, 403, 602, 801. | | |