*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| Guhan Subramanian | 8 | Lack of foundation.  Plaintiff is seeking to improperly use Professor Subramanian to enter documents into evidence for which no fact witness has laid a foundation or established admissibility.  *See also* Defendants' Objections to Anticipated Testimony by Professor Subramanian (filed concurrently herewith) | Under Rule 703, an expert can base an opinion on facts or data in the case that the expert has been made aware of or personally observed. He may also base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach,* No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). Professor Subramanian<br><br>Moreover, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian and responses to individual exhibit objections below. | |
| Guhan Subramanian | 9 | See objection to Exhibit 8. | Under Rule 703, an expert can base an opinion on facts or data in the case that the expert has been made aware of or personally observed. He may also base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach,* No. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). | |
| | | | Moreover, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. | |
| | | | Notably, Defendants do not object to this exhibit as it pertains to Elon Musk. Defendants primary issue is that the exhibit has not been introduced into evidence at the time that Plaintiff seeks to have it introduced as a material Professor Subramanian relied upon in reaching his opinions. | |
| | | | Witnesses will be able to present their descriptions of the evidence during | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | direct or cross. Defendants will likewise have an opportunity to present their case just like Plaintiff. Thus, the probative value of the exhibit as to Professor Subramanian's opinions outweighs any prejudice of admitting it.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian | |
| Guhan Subramanian | 10 | See objection to Exhibit 8. | *See* response to Exhibit 8 and Exhibit 9. | |
| Guhan Subramanian | 11 | See objection to Exhibit 8. | *See* response to Exhibit 8 and Exhibit 9. | |
| Guhan Subramanian | 12 | See objection to Exhibit 8. | *See* response to Exhibit 8 and Exhibit 9. | |
| Guhan Subramanian | 13 | See objection to Exhibit 8. | *See* response to Exhibit 8 and Exhibit 9. | |
| Guhan Subramanian | 26 | See objection to Exhibit 8. | Under Rule 703, an expert can base an opinion on facts or data in the case that the expert has been made aware of or personally observed. He may also base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703.; *see also E.H. v. City of Long Beach,* No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). Moreover, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. This exhibit is a public Tesla press release containing an email sent by Elon Musk to Tesla employees. Defendants primary issue is that the exhibit has not been introduced into evidence at the time that Plaintiff seeks to have it introduced as a material | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Professor Subramanian relied upon in reaching his opinions. Witnesses will be able to present their descriptions of the evidence during direct or cross. Defendants will likewise have an opportunity to present their case just like Plaintiff. Thus, the probative value of the exhibit outweighs any prejudice of admitting it. *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 53 | See objection to Exhibit 8. | *See* response to Exhibit 8 and Exhibit 9. | |
| Guhan Subramanian | 78 | Fed. R. Evid. 401, 402, 403, 404, 801.  Exhibit 78 is an irrelevant, hearsay email from a Tesla investor in the month *before* the class period.  Plaintiff seeks to use the email in an improper effort to show that Mr. Musk is prone to making reckless statements on Twitter (i.e., improper character | Under Rule 703, an expert can base an opinion on facts or data in the case that the expert has been made aware of or personally observed. He may also base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | evidence).  See also objection to Exhibit 8. | the subject. FED. R. EVID. 703. Courts routinely admit this sort of evidence, not for the truth of the matters asserted, but to inform the jury of the basis of the expert's opinion. *See, e.g., Loc. 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.,* 189 F.3d 473 (9th Cir. 1999). <br><br> The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach,* No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). <br><br> This exhibit is relevant as it concerns communications with Tesla investors concerning Elon Musk's use of Twitter in July 2018 and the issues of Tesla's corporate governance concerning the | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | use of Mr. Musk's Twitter account to disclose additional information about Tesla. This is not character evidence. Professor Subramanian relies on this information in forming his opinions that he will present during his testimony and not to establish the truth of the matter asserted. As the Ninth Circuit has made clear.  "Rule 703 . . . permits such hearsay, or other inadmissible evidence upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984).<br><br>The exhibit is admissible as it is not being introduced for the truth of the matter asserted. To the extent that there is any concern any prejudice for this exhibit, the Court may instruct the jury. *Loc. 159, 342, 343 & 444*, 189 F.3d *id.*  at 473 (9th Cir. 1999) (finding "[t]he district court properly instructed the jury that the hearsay evidence was | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | to be considered only as a basis for the expert opinion and not as substantive evidence."). *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 80 | Fed. R. Evid. 403, 801, 901. Exhibit 80 is a hearsay set of "minutes" allegedly from the PIF with no listed author and no witness at trial to authenticate or lay a foundation.  The exhibit will not come into evidence, and thus cannot be shown to the jury during Mr. Subramanian's testimony.  See also objection to Exhibit 8. | This information is appropriate under 703. Under Rule 703, an expert can base an opinion on facts or data in the case that the expert has been made aware of or personally observed. He may also base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602

Moreover, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703.<br><br>The minutes are highly relevant to the issue of falsity and scienter given that they show Musk was told and/or knew that the Saudi PIF was not committed to the transaction. Thus, Defendants' FRE 403 objection fails given the highly probative value of the information.<br><br>Here there is foundation as Sam Teller, Deepak Ahuja, and Elon Musk have been deposed and have confirmed the majority of the information contained in the minutes.<br><br>Additionally, under Rule 901(b)(4), "documents ... could be authenticated by review of their contents if they appear to be sufficiently genuine." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011). Under Rule | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | 901(b)(4), evidence may be authenticated by examining its "appearance, content substance, internal patterns, or other distinctive characteristics of the item, taken together with all of the circumstances." Here, the distinctive characteristics and contents of the minutes demonstrate that it is an authentic document. The minutes have been drafted in PIF letterhead, the document lists who was in attendance from both parties, the document correctly shows the date and location where the meeting took place, the minutes show in detail the meeting agenda and notes, deponents have largely confirmed the accuracy of the minutes. These distinctive characteristics taken together are sufficiently genuine and establish the authenticity of this document.

Further, the exhibit is admissible under Rule 803(1) and 803(3) as the minutes are dated July 31, 2018 (on both pages), the same day as the meeting, and indicate that Elon would "provide the plan and the financial calculations | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | to take Tesla private". The statements that are attributable to Mr. Musk are opposing party statements under 801(d)(2), and the remaining statements can come in under the rule of completeness. | |
| Guhan Subramanian | 81 | See objection to Exhibit 8. | *See* response to Exhibit 8 and Exhibit 9. | |
| Guhan Subramanian | 82 | See objection to Exhibit 8. | Under Rule 703, an expert can base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach,* No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
|  |  |  | Moreover, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703.<br><br>This exhibit is a copy of minutes of the special meeting of Tesla's board of directors on August 2, 2018 that recites the board's discussion of Elon Musk's August 2, 2018 email to the board concerning taking Tesla private. Defendants' primary issue is that the exhibit has not been introduced into evidence at the time that Plaintiff seeks to have it introduced as a material Professor Subramanian relied upon in reaching his opinions.<br><br>Witnesses will be able to present their descriptions of the evidence during direct or cross. Defendants will likewise have an opportunity to present their case just like Plaintiff. The |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | information is relevant to Professor Subramanian's testimony and is not prejudicial or highly inflammatory. Thus, the probative value of the exhibit outweighs any prejudice of admitting it. *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 83 | See objection to Exhibit 8. | *See* response to Exhibit 8 and Exhibit 9. | |
| Guhan Subramanian | 89 | See objection to Exhibit 8. | Under Rule 703, an expert can base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach*, No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). | |
| | | | Moreover, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. | |
| | | | This exhibit is a copy of minutes of the special meeting of Tesla's board of directors on August 7, 2018 that recites the board's discussion of the Elon Musk's August 7 tweets regarding taking Tesla private. Defendants' primary issue is that the exhibit has not been introduced into evidence at the time that Plaintiff seeks to have it introduced as a material Professor Subramanian relied upon in reaching his opinions. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Witnesses will be able to present their descriptions of the evidence during direct or cross. Defendants will likewise have an opportunity to present their case just like Plaintiff. The information is relevant to Professor Subramanian's testimony and is not prejudicial or highly inflammatory. Thus, the probative value of the exhibit outweighs any prejudice of admitting it.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 101 | See objection to Exhibit 8. | *See* response to Exhibit 8 and Exhibit 9. | |
| Guhan Subramanian | 103 | See objection to Exhibit 8. | Under Rule 703, an expert can base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach,* No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). <br><br> Moreover, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. <br><br> This exhibit is a copy of a public Tesla filing with the United States Securities and Exchange Commission filed on a Form 8-K. Defendants' primary issue is that the exhibit has not been introduced into evidence at the time that Plaintiff seeks to have it introduced as a material Professor | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Subramanian relied upon in reaching his opinions.<br><br>Witnesses will be able to present their descriptions of the evidence during direct or cross. Defendants will likewise have an opportunity to present their case just like Plaintiff. The information is relevant to Professor Subramanian's testimony and is not prejudicial or highly inflammatory. The information is relevant to Professor Subramanian's testimony and is not prejudicial or highly inflammatory. Thus, the probative value of the exhibit outweighs any prejudice of admitting it.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 104 | Fed. R. Evid. 401, 402, 403, 404, 801. Exhibit 104 is an irrelevant and unfairly prejudicial email exchange long *before* the class period concerning a dispute that resulted in *a different lawsuit* (which Mr. Musk won). Plaintiff | Under Rule 703, an expert can base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. The | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | seeks to use the email in an improper effort to show that Mr. Musk is prone to making reckless statements on Twitter (i.e., improper character evidence).  It has no bearing on this case.  See also objection to Exhibit 8. | personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach,* No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). <br><br> As the Ninth Circuit has made clear. "Rule 703 . . . permits such hearsay, or other inadmissible evidence upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion." *Paddack v. Dave Christensen, Inc*., 745 F.2d 1254, 1261-62 (9th Cir. 1984). <br><br> Moreover, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | outweighs their prejudicial effect." FED. R. EVID. 703.<br><br>This exhibit includes an email chain with Sam Teller. This email chain is relevant to Tesla's board's oversight of Tesla's corporate governance as it relates to Mr. Musk's Twitter account. This is not character evidence. This information is highly probative of the board's oversight and control person liability.<br><br>Witnesses will be able to present their descriptions of the evidence during direct or cross. Defendants' will likewise have an opportunity to present their case just like Plaintiff. The information is relevant to Professor Subramanian's testimony and is not prejudicial or highly inflammatory. Thus, the probative value of the exhibit outweighs any prejudice of admitting it<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| Guhan Subramanian | 121 | Fed. R. Evid. 401, 402, 403, 801. Exhibit 121 is a set of hearsay text messages of an individual who was not deposed in this action, is not on Plaintiff's witness list, and who will not be appearing at trial. Plaintiff seeks to use the individual's texts in his absence for the truth of the matter asserted. Likewise, the effect of the text messages are after the challenged statements, so they are not irrelevant to scienter.  See also objection to Exhibit 8. | Under Rule 703, an expert can base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. Courts routinely admit this sort of evidence, not for the truth of the matters asserted, but to inform the jury of the basis of the expert's opinion. *See, e.g., Loc. 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.,* 189 F.3d 473 (9th Cir. 1999).

The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach,* No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
|         |                   |           | This exhibit is relevant as the text messages provide a description of the states of affairs at the July 31, 2018 meeting between Yasir Al-Rumayyan and Elon Musk, amongst others, concerning the next steps Musk was to take for the Saudi Public Investment Fund to move forward. Professor Subramanian relies on this information in forming his opinions that he will present during his testimony and not to establish the truth of the matter asserted. As the Ninth Circuit has made clear. "Rule 703 . . . permits such hearsay, or other inadmissible evidence upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984).<br><br>These texts to which Mr. Musk was a participant are not excludable under Rule 403 as they are not being introduced for the truth of the matter asserted. To the extent that there is any concern any prejudice for this exhibit, |        |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | the Court may instruct the jury. *Loc. 159, 342, 343 & 444,* 189 F.3d *id.* at 473 (9th Cir. 1999) (finding "[t[he district court properly instructed the jury that the hearsay evidence was to be considered only as a basis for the expert opinion and not as substantive evidence."). *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 140 | Fed. R. Evid. 401, 402, 403, 404, 801.  Exhibit 140 is an irrelevant and unfairly prejudicial email exchange *after* the class period concerning a dispute that resulted in *a different lawsuit* (which Mr. Musk won).  Plaintiff seeks to use the email in an improper effort to show that Mr. Musk is prone to making reckless statements on Twitter (i.e., improper character evidence).  It has no bearing on this case.  See also objection to Exhibit 8. | Under Rule 703, an expert can base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach,* No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). | |
| | | | As the Ninth Circuit has made clear. "Rule 703 . . . permits such hearsay, or other inadmissible evidence upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984). | |
| | | | Moreover, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. | |
| | | | This exhibit is an email chain that includes as receipients Martin Viecha and Elon Musk. This email chain is relevant to Tesla's board's oversight of Tesla's corporate governance as it | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | relates to Mr. Musk's Twitter account. This is not character evidence. This information is highly probative of Tesla's corporate governance and control person liability.<br><br> Witnesses will be able to present their descriptions of the evidence during direct or cross. Defendants will likewise have an opportunity to present their case just like Plaintiff. The information is relevant to Professor Subramanian's testimony and is not prejudicial or highly inflammatory. Thus, the probative value of the exhibit outweighs any prejudice of admitting it.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 201 | Fed. R. Evid. 801.  See also objection to Exhibit 8. | Under Rule 703, an expert can base his or her opinion on facts or data that are | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. Courts routinely admit this sort of evidence, not for the truth of the matters asserted, but to inform the jury of the basis of the expert's opinion. *See, e.g., Loc. 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.,* 189 F.3d 473 (9th Cir. 1999). As the Ninth Circuit has made clear. "Rule 703 . . . permits such hearsay, or other inadmissible evidence upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion." *Paddack v. Dave Christensen, Inc*., 745 F.2d 1254, 1261-62 (9th Cir. 1984).<br><br>The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach,* No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony."). *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 232 | Fed. R. Evid. 401, 402.  See also objection to Exhibit 8. | This exhibit is a press release concerning an offering of Tesla common stock. This press release is relevant to the opinions of Professor Subramanian concerning Tesla board's approval of the use of Mr. Musk's Twitter feed as a formal means of communication for information concerning Tesla and its relationship to Tesla's corporate governance and oversight of a corporate communication conduit, *i.e.*, Mr. Musk's Twitter account. Under Rule 703, an expert can base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | the subject. FED. R. EVID. 703. As this is information that Professor Subramanian relies upon in forming his opinions as well as these opinions going to facts at issue in the case, this information meets the requirements of Rule 401 and is not excludable under 402.<br><br>The personal knowledge requirement of Rule 602 "does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602; *see also E.H. v. City of Long Beach*, No. CV1609641SJOKSX, 2018 WL 6074554, at *4 (C.D. Cal. June 22, 2018) (overruling objection on foundation because "Rule 602 explicitly does not apply to witness' expert testimony.").<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 233 | Fed. R. Evid. 401, 402.  See also objection to Exhibit 8. | *See* response to Exhibit 232. | |
| Guhan Subramanian | 289 | See objection to Exhibit 8. | *See* response to Exhibit 26. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| Guhan Subramanian | 321 | Fed. R. Evid.  401, 402, 403. (Court previously overruled Defendants' objections.  (ECF No. 506-1.))  See also objection to Exhibit 8. | As Defendants point out, objections as to 401, 402, 403 on relevance and unfair prejudice have already been overruled by the Court. In its order, the Court stated "The exhibit is relevant because it bears on the Board defendants' good-faith defense to the Section 20(a) claim against them. . . Because these statements were tweeted by Mr. Musk within weeks of the tweets at issue in this case, it has probative value as to the Board's knowledge of his tweet habits. Its probative value is not substantially outweighed by any prejudicial value." ECF No. 506-1.  Under Rule 703, an expert can base his or her opinion on facts or data that are not admissible in evidence if the evidence is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. FED. R. EVID. 703. Here, Professor Subramanian relied upon such information in forming his opinions concerning the failures of the Tesla board in approving Mr. Musk's | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Twitter feed as a formal means of communication additional information about Tesla.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | 360 | Fed. R. Evid. 403, 801.  Exhibit 360 is the hearsay expert report of Mr. Subramanian.  See also objection to Exhibit 8. | Plaintiff only intends to use Exhibit 360 for Mr. Subramanian's CV as included on pages 46- 52 of his report. | |
| Guhan Subramanian | Slide #1 | Defendants object that Plaintiff's presentation for Mr. Subramanian is not evidence and therefore cannot be admitted into evidence and provided to the jury.  The entire presentation is inadmissible hearsay. | Plaintiff does not intend to introduce this into evidence.  Plaintiff incorporates this responses to all of Defendants' objections to the slides.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #2 | Fed. R. Evid. 401, 402, 801.  See also objection to slide no. 1. | Mr. Subramanian's qualifications are relevant to the basis for his testimony and are his qualification as an expert.  Mr. Subramanian will also testify to his qualification as the jury is presented with this slide. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | | |
| Guhan Subramanian | Slide #3 | See objection to slide no. 1. | See response to objection to slide no. 1. | |
| Guhan Subramanian | Slide #4 | See objection to slide no. 1. | See response to objection to slide no. 1. | |
| Guhan Subramanian | Slide #5 | Fed. R. Evid. 401, 402, 602, 702. Plaintiff seeks to use Mr. Subramanian not as an expert for his "scientific, technical, or other specialized knowledge," but to tell the jury *Plaintiff's version* of the *facts* before any witness with personal knowledge has testified to get them into evidence.  That is not expert testimony.  It is an inadmissible and unfairly prejudicial way to color the facts for the jury under the guise of expert testimony.  As stated by the court in *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015), "Where expert testimony "simply rehash[es] otherwise admissible evidence about which [the expert] has no personal knowledge, such | The information in this slide comes directly from his expert report and is therefore not prejudicial and is proper under 702 and 703. 602 does not apply to experts.

Slide No. 5 addresses the facts surrounding the management buyout in Dell and provides the basis for the comparison to the events at issue in this case. These are factual statements relevant to Mr. Subramanian's opinion and he will testify to them while the slide is presented.

*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | evidence—taken on its own—is inadmissible." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F.Supp.2d 461, 469 (S.D.N.Y. 2005).  Such evidence "is properly presented through percipient witnesses and documentary evidence," not through expert testimony.  *In re Rezulin Products Liab. Litig.*, 309 F.Supp.2d 531, 551 (S.D.N.Y. 2004) (excluding expert's narrative of events where expert's "glosses" on the narrative were "simple inferences drawn from uncomplicated facts"); *see also, Johns v. Bayer Corp.*, 2013 WL 1498965, at *28 (S.D.Cal. Apr. 10, 2013) (excluding expert report which offered "nothing more than a factual narrative" of otherwise admissible evidence); *Taylor v. Evans*, 1997 WL 154010, at *2 (S.D.N.Y. Apr. 1, 1997) (excluding portions of expert report which "present[ed] a narrative of the case which a lay juror is equally capable of constructing").  . . .  Despite the | | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|------------------|-----------|----------|--------|
| | | technological backdrop of the interactions between Fujifilm and Nokia, Motorola has not demonstrated that Dr. Bims's testimony on this subject will provide more than "simple inferences drawn from uncomplicated facts," *Rezulin,* 309 F.Supp.2d at 551, and a factual narrative which "a lay juror is equally capable of constructing," *Taylor,* 1997 WL 154010, at *2." *See also* objection to slide no. 1; Defendants' Objections to Anticipated Testimony by Professor Subramanian (filed concurrently herewith) | | |
| Guhan Subramanian | Slide #6 | Fed. R. Evid. 401, 402, 602, 702. See also objection to slide nos. 1, 5 (improperly making a factual assertion regarding Mr. Musk's supposed "initial contact" with the PIF). | The information in this slide comes directly from his expert report and is proper under 702 and 703. 602 does not apply for experts. <br><br> *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #7 | See objection to slide no. 1. | See above. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| Guhan Subramanian | Slide #8 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions that Mr. Musk "did not consult with financial or legal advisors before making his offer," and "Mr. Musk wanted to take this $420 offer directly to a shareholder vote"). | The information in this slide comes directly from his expert report and is not prejudicial. It is also proper expert testimony under 702 and 703. 602 does not apply for experts.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #9 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions that the "Board witnessed Musk's usage of Twitter before August 2018," and the "Board continued to take no action while investors, analysts, and market searched for further information and clarity"). | The information in this slide comes directly from his expert report and is not prejudicial. It is also proper expert testimony under 702 and 703. 602 does not apply for experts.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #10 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making a factual assertion that "Musk did not | The information in this slide comes directly from his expert report and is not prejudicial. It is also proper expert testimony under 702 and 703. 602 does not apply for experts. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | consult with financial or legal advisors"). | *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian.<br><br>This slide's contents include information from documents that are regularly relied on by experts.  None of the assertions are improper and Mr. Subramanian will testify to this as the slide is presented. | |
| Guhan Subramanian | Slide #11 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making a factual assertion that there was "[n]o basis to believe that the Saudi PIF would have funded the transaction had it moved forward"). | The information in this slide comes directly from his expert report and is therefore not prejudicial and is proper under 702 and 703. 602 does not apply to experts.<br><br>This slide's contents include information from documents that are regularly relied on by experts.  None of the assertions are improper and Mr. Subramanian will testify to this as the slide is presented.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | | |
| Guhan Subramanian | Slide #12 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions that "Mr. Gracias and other members of management appeared to take a hands-off approach," and there is "[n]o evidence in the record that anyone reviewed Mr. Musk's "funding secured" tweet before Mr. Musk published it"). | The information in this slide comes directly from his expert report and is therefore not prejudicial and is proper under 702 and 703. 602 does not apply to experts.<br><br>This slide's contents include information from documents that are regularly relied on by experts.  None of the assertions are improper and Mr. Subramanian will testify to this as the slide is presented.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #13 | Fed. R. Evid. 401, 402, 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions regarding Mr. Musk's interactions with the PIF and his financial and legal advisors). | The information in this slide comes directly from his expert report and is therefore not prejudicial and is proper under 702 and 703. 602 does not apply to experts.<br><br>This slide's contents include information from documents that are | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
|  |  |  | regularly relied on by experts.  None of the assertions are improper and Mr. Subramanian will testify to this as the slide is presented.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. |  |
| Guhan Subramanian | Slide #14 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions regarding the timing and purpose of Mr. Musk's disclosures). | The information in this slide comes directly from his expert report and is therefore not prejudicial and is proper under 702 and 703. 602 does not apply to experts.<br><br>This slide's contents include information from documents that are regularly relied on by experts.  None of the assertions are improper and Mr. Subramanian will testify to this as the slide is presented.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| Guhan Subramanian | Slide #15 | Fed. R. Evid. 403, 602, 702.  See also objection to slide nos. 1, 5 (improperly making factual assertions regarding Mr. Musk's motive and intent). | The information in this slide comes directly from his expert report and is therefore not prejudicial and is proper under 702 and 703. 602 does not apply to experts.<br><br>This slide's contents include information from documents that are regularly relied on by experts.  None of the assertions are improper and Mr. Subramanian will testify to this as the slide is presented. This slide is consistent with Mr. Musk's statements and is not misleading.<br><br> *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #16 | Fed. R. Evid. 403, 801.  Lack of foundation because Ex. 81 has not been admitted into evidence.  See also objection to slide no. 1. | Inclusion of Ex. 81 is proper as it was relied on by Mr. Subramanian as an expert and it is not hearsay as it is the statement of a party opponent.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | | |
| Guhan Subramanian | Slide #17 | Fed. R. Evid. 401, 402, 801.  See also objection to slide no. 1. | Slide No. 17 addresses the facts surrounding Tesla's transactions and provides the basis for the comparison to the events at issue in this case.  These are factual statements and relevant to Mr. Subramanian's opinion and he will testify to them while the slide is presented.  *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #18 | Fed. R. Evid. 403 (as to the prejudicial title).  Lack of foundation because Ex. 8 has not been admitted into evidence.  See also objection to slide no. 1. | The title is an accurate reflection of the Court's summary judgement order and consistent with the jury instructions.  The title does not say "the Court found this was a false statement."  Accordingly any prejudice does not substantially outweigh its probative value.  This will come into evidence before he testifies.  In the unlikely event that it does not, Mr. Submramanian will be able to lay a | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | proper foundation to admit this into evidence.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #19 | Fed. R. Evid. 403 (as to the prejudicial title). Lack of foundation because Ex. 13 has not been admitted into evidence. See also objection to slide no. 1. | See response to Defendants' objection to slide no. 18.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #20 | Lack of foundation because Ex. 9 has not been admitted into evidence. See also objection to slide no. 1. | See response to Defendants' objection to slide no. 18.<br><br>*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #21 | Lack of foundation because Ex. 10 has not been admitted into evidence. See also objection to slide no. 1. | See response to Defendants' objection to slide no. 18. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | *See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Guhan Subramanian | Slide #22 | Lack of foundation because Ex. 11 has not been admitted into evidence.  See also objection to slide no. 1. | See response to Defendants' objection to slide no. 18.

*See also* Plaintiff's Response to Defendants' Objections to Anticipated Testimony by Professor Subramanian. | |
| Elon Musk | 8 | No objection. | | |
| Elon Musk | 9 | No objection. | | |
| Elon Musk | 10 | No objection. | | |
| Elon Musk | 11 | No objection. | | |
| Elon Musk | 12 | No objection. | | |
| Elon Musk | 13 | No objection. | | |
| Elon Musk | 53 | No objection. | | |
| Elon Musk | 80 | Fed. R. Evid. 403, 801, 901. Exhibit 80 is a hearsay set of "minutes" with no listed author and no witness at trial to authenticate or lay a foundation. | This exhibit contains the minutes of a meeting between representatives of the Saudi Arabia's PIF and Elon Musk held on July 31, 2018. Sam Teller and Deepak Ahuja also attended this meeting. The minutes are highly relevant to the issue of falsity and scienter given that they show Musk was told and/or knew that the Saudi | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | PIF was not committed to the transaction. Thus, Defendants' FRE 403 objection fails given the highly probative value of the information.<br><br>Additionally, under Rule 901(b)(4), "documents ... could be authenticated by review of their contents if they appear to be sufficiently genuine." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011). Under Rule 901(b)(4), evidence may be authenticated by examining its "appearance, content substance, internal patterns, or other distinctive characteristics of the item, taken together with all of the circumstances." Here, the distinctive characteristics and contents of the minutes demonstrate that it is an authentic document. The minutes have been drafted in PIF letterhead, the document lists who was in attendance from both parties, the document correctly shows the date and location where the meeting took place, the minutes show in detail the meeting agenda and notes, deponents have largely confirmed the accuracy of the | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | minutes. These distinctive characteristics taken together are sufficiently genuine and establish the authenticity of this document.<br><br>Further, Defendants' hearsay objection also fails. The exhibit is admissible under Rule 803(1) and 803(3) as the minutes are dated July 31, 2018 (on both pages), the same day as the meeting, and indicate that Elon would "provide the plan and the financial calculations to take Tesla private". The statements that are attributable to Mr. Musk are opposing party statements under 801(d)(2), and the remaining statements can come in under the rule of completeness. | |
| Elon Musk | 81 | No objection. | | |
| Elon Musk | 83 | No objection. | | |
| Elon Musk | 87 | No objection. | | |
| Elon Musk | 94 | No objection. | | |
| Elon Musk | 101 | No objection. | | |
| Elon Musk | 121 | Fed. R. Evid. 401, 402, 403, 801 (to the extent Plaintiff is seeking to introduce statements of individuals | Exhibit 121 are Mr. Musk's text messages that he either sent or received in August 2018. Defendants' | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|------------------|-----------|----------|--------|
| | | other than Mr. Musk).  Exhibit 121 is a set of hearsay text messages of an individual (Mr. Al-Rumayyan) who was not deposed in this action, is not on Plaintiff's witness list, and who will not be appearing at trial.  Plaintiff seeks to use the individual's texts in his absence for the truth of the matter asserted.  Likewise, the effect of the text messages (which are dated August 10 and 12) are after the challenged statements (August 7).  Because scienter must be established at the time of the alleged misstatement, the later hearsay text messages cannot be relevant to that topic. Moreover, Plaintiffs have no remaining allegation related to the August 13 blog post, nor is there a claim for material omissions. Thus, even if Mr. Al-Ruymayyan's texts had an "impact" on Mr. Musk, it was not connected in any way to a remaining claim or element. | FRE 401 and 402 lack merit. These text messages are highly relevant to the issue of falsity and scienter given that they show Musk was told and/or knew that the Saudi PIF was not committed to the transaction. Thus, Defendants' FRE 403 objection also fails given the highly probative value of the information.<br><br>Defendants do not object to Musk's text messages. To the extent Defendants object to text messages from other Tesla employees, they are opposing party statements, and not hearsay.<br><br>Defendants' hearsay objections also fail. Mr. Al-Rumayyan's statements text messages to Musk are admissible in order to show the effect on the listener, and thus are not hearsay and not excluded under FRE 801. In any event, Defendants' argument disregards the Court's Summary Judgment Order. The jury cannot be confused "into incorrectly concluding that the PIF had not earlier agreed | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | unequivocally to take Tesla private" because the Court already concluded as a matter of fact that funding was not "secured." There is no risk of prejudice or confusion.<br><br>Mr. Al-Rumayyan's text messages are also admissible under FRE 803(1) as they are Mr. Rumayyan's present sense impressions and contemporary reactions to the texts received by Mr. Musk and Mr. Musk's public statements. Additionally, these texts reflect Mr. Rumayyan's then existing state of mind, including motive, intent, and plan, and are therefore admissible under FRE 803(3). When considering the totality of the circumstances the texts were made, the texts are supported by sufficient guarantees of trustworthiness and are therefore admissible under FRE 807. These text messages were disclosed by Musk in discovery and were authenticated during his deposition. Musk will testify to the text messages during trial. | |
| Elon Musk | 171 | Fed. R. Evid. 403, 801.  The Court has already ruled that this NYT | Defendants' objection on hearsay grounds lacks merit. Plaintiff intends | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | article "is hearsay and also contains embedded hearsay" that "Mr. Littleton cannot use . . . for the truth of the matter asserted." (ECF No. 506-1 at 7.)  Yet that is precisely what Plaintiff aims to do. Specifically, Plaintiff cherry picks a few words from a hearsay article that has no citation to any source for the author's conclusions. Plaintiff quotes the author as stating that Mr. Musk's "two words [funding secured] helped propel Tesla's shares higher."  The author also concluded that funding to take Tesla private "was far from secure."  The author's personal opinions (without citation) regarding funding for the potential go-private transaction lack personal knowledge and are inadmissible hearsay (or hearsay within hearsay) that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that the words "funding secured" *caused* a rise in Tesla's stock price, but funding | to introduce the New York Times article for the non-hearsay purpose to show what the readers and market heard. This is consistent with the Court's ruling that "the article is admissible for the non-hearsay purpose to show the effect on readers, i.e., the market." (ECF No. 506-1).

The Court has already ruled that funding was not secured and the prejudice arising from this statement is thus difficult to ascertain. The article is also clearly relevant to Plaintiff's claims of loss causation reliance, and damages, as it revealed new information to the market.

Defendants also object that this exhibit is unfairly prejudicial under Rule 403. Proof that evidence is only prejudicial to one party is insufficient to establish that the prejudice was unfair. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citing United States v. Blitz, 151 F.3d 1002, 1009 (9th Cir.1998)). Here, there is no danger of unfair prejudice. The | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | was not available to take Tesla private). Likewise, this author's personal opinion regarding the potential transaction to take Tesla private is not relevant and has nothing to do with whether Mr. Musk's tweets on August 7, 2018 are actionable under the securities laws. The author's opinion has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that that the words "funding secured" caused a rise in Tesla's stock price (an issue exclusively for expert witnesses). | probative value of this NYT article is limited to the effect of Elon tweets on the market and thus is not outweighed by a danger of unfair prejudice. | |
| Elon Musk | 179 | No objection. | | |
| Elon Musk | 186 | No objection. | | |
| Elon Musk | 201 | No objection. | | |
| Elon Musk | 229 | No objection. | | |
| Elon Musk | 254 | No objection. | | |
| Elon Musk | 256 | No objection. | | |
| Elon Musk | 265 | No objection. | | |
| Elon Musk | 294 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 332 | Fed. R. Evid. 403, 602, 801, 901. | Defendants incorrectly assert a hearsay objection to this exhibit under Rule 801. Plaintiff is not utilizing this exhibit for the truth of the matter asserted, but rather is offering it only to show the effect on the listener, and thus is not hearsay and not excluded under FRE 801. Exhibit 332 is an article by Bloomberg dated August 12, 2018 that H.E. Mr. Yasir Al-Rumayyan sent to Mr. Musk who responded by saying "This is an extremely weak statement and does not reflect the conversation we had at Tesla. You said you were definitely interested in taking Tesla private and had wanted to do so since 2016. You also made it clear that you were the decision-maker, moreover backed strongly by the Crown Prince, who regards this as strategically important at a national level." Accordingly, Plaintiff is not using the article for the truth of the matter asserted but to show the effect on the listener, Mr. Musk.<br><br>Moreover, the Court has already overruled Defendants' objection on | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | hearsay grounds with respect to a similar NYT article holding that "Mr. Littleton may [] introduce the article for a non-hearsay purpose… For instance, the article is admissible for the non-hearsay purpose to show the effect on readers." *See* Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 7.<br><br>Defendants also object that this exhibit is unfairly prejudicial under Rule 403. FRE 403 provides that relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Proof that evidence is only prejudicial to one party is insufficient to establish that the prejudice was unfair. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citing *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998)). Here, there is no danger of unfair prejudice. The probative value of this news article is limited to the effect on Elon Musk and | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | thus is not outweighed by a danger of unfair prejudice.<br><br>Defendants also object to this exhibit for lack of authentication. Under Fed.R.Evid. 901(a) to authenticate an item of evidence, "proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FRE 901(a). Under Rule 901(b)(4), evidence may be authenticated by examining its "appearance, content substance, internal patterns, or other distinctive characteristics of the item, taken together with all of the circumstances." See *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (holding that "documents ... could be authenticated by review of their contents if they appear to be sufficiently genuine.") Here, the distinctive characteristics and contents of is article contained in Exhibit 332 demonstrate that it is an authentic document. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Defendants' FRE 602 objection also fails. Musk was deposed by Plaintiff and was examined about this exhibit. He will testify the same during trial. | |
| Elon Musk | 333 | No objection. | | |
| Elon Musk | 337 | Fed. R. Evid. 403, 602, 801. | Exhibit 337 is not hearsay as it is an opposing party statement. Mr. Ahuja, the CFO of the Company, was authorized to speak on the subject, and is Tesla's agent or employee. This email was produced by Defendants in the course of discovery, Mr. Ahuja will be testifying at trial, and this document will come into evidence.<br><br>Defendants also argue that this slide is prejudicial under 403. Exhibit 337 is a statement by Tesla's CEO saying that they are getting inquiries regarding "funding secured." How a statement could be more prejudicial than probative when it is a party opponent is contemporaneously describing the state of affairs strains credulity. The jury will hear there was an SEC investigation, therefore the prejudice is minimal. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 338 | Fed. R. Evid. 403, 602, 801, 901. | Exhibit 338 is an article by Reuters dated August 11, 2018 that Mr. Musk sent to H.E. Mr. Yasir Al-Rumayyan will the message "What the hell is going on here? This is false." Accordingly, Plaintiff is not using the article for the truth of the matter asserted but to show the effect on the listener, Mr. Musk, and what was on the market.<br><br>Mr. Musk has personal knowledge as he sent the article.<br><br>See also responses to 332.<br><br>As Plaintiffs are not using this for the truth of the matter asserted it is unclear how its prejudice outweighs the probative value.<br><br>It is self-authenticating under 902(6) | |
| Elon Musk | 361 | No objection. | | |
| Elon Musk | 426 | Fed. R. Evid. 403, 602, 801, 901. | Defendants incorrectly assert a hearsay objection to this exhibit under Rule 801. Plaintiff is not utilizing this exhibit for the truth of the matter | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | asserted, but rather is offering it only to show the effect on the listener, and thus is not hearsay and not excluded under FRE 801. Moreover, the Court has already overruled Defendants' objection on hearsay grounds with respect to a similar NYT article holding that "Mr. Littleton may [] introduce the article for a non-hearsay purpose… For instance, the article is admissible for the non-hearsay purpose to show the effect on readers, *i.e.*, the market." *See* Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 7. Further stressing this point, the Court has also held that "statements made not for the truth of the matter asserted but to show the effect on the market (e.g. effect on the listener) or a sample of the market response (e.g. state of mind) are admissible for a non-hearsay purpose." *See* Order regarding Objections to Plaintiff's Opening Statement, ECF No. 575 at 2. The NYT article contained in Exhibit 426 is a sample of the market response and is therefore admissible for a non-hearsay purpose. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Defendants also object that this exhibit is unfairly prejudicial under Rule 403. FRE 403 provides that relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Proof that evidence is only prejudicial to one party is insufficient to establish that the prejudice was unfair. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citing *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998)). Here, there is no danger of unfair prejudice. The probative value of this NYT article is limited to the effect of Elon tweets on the market and thus is not outweighed by a danger of unfair prejudice.<br><br>Defendants also object to this exhibit for lack of authentication. Under Fed.R.Evid. 901(a) to authenticate an item of evidence, "proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FRE 901(a). | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Under Rule 901(b)(4), evidence may be authenticated by examining its "appearance, content substance, internal patterns, or other distinctive characteristics of the item, taken together with all of the circumstances." See *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (holding that "documents ... could be authenticated by review of their contents if they appear to be sufficiently genuine.") Here, the distinctive characteristics and contents of the NYT article contained in Exhibit 426 demonstrate that it is an authentic document.<br><br>Defendants' FRE 602 objection also fails. A proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002). Authentication is satisfied when "the trial judge determines that there is prima facie evidence of genuineness," that is, "evidence sufficient to support | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | a finding that the matter in question is what its proponent claims." *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 218 (9th Cir. 2009). These distinctive characteristics taken together are sufficiently genuine and establish the authenticity of this document. | |
| Elon Musk | 503 | No objection. | | |
| Ryan Brinkman | 8 | No objection. | | |
| Ryan Brinkman | 10 | No objection. | | |
| Ryan Brinkman | 11 | No objection. | | |
| Ryan Brinkman | 12 | No objection. | | |
| Ryan Brinkman | 13 | No objection. | | |
| Ryan Brinkman | 14 | Fed. R. Evid. 401, 402, 403, 602, 801. | This email is relevant to Mr. Brinkman's decision to raise his price target for Tesla, his analyst report, and the events at issue in this case. It is not overly prejudicial as the falsity of the statements referenced in this email are not in dispute.  Proof that evidence was prejudicial to one party is insufficient to establish that the prejudice was unfair, or that the trial court abused its discretion in weighing that prejudice against the evidence's probative value. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | (*citing United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998)).Mr. Brinkman also has personal knowledge of this email as he wrote it.<br><br>This email falls within the business record exception to hearsay. Fed. Rule. Evid. 803(6).  Under FRE 803(6), for a memorandum or record to be admissible as a business record, it must be (1) made by a regularly conducted business activity, (2) kept in the "regular course" of that business, (3) "the regular practice of that business to make the memorandum," (4) and made by a person with knowledge or from information transmitted by a person with knowledge.<br>The basis for the business record exception is that accuracy is assured because the maker of the record relies on the record in the ordinary course of business activities. *City of Long Beach v. Standard Oil Co. of California*, 46 F.3d 929, 937 (9th Cir. 1995) (internal citations omitted). | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Here, Mr. Brinkman made this email in his regular course of business as an auto analyst at JP Morgan. As he testified during his deposition: "[My] primary day-to-day job is [to] rate about 35 autos-related stocks overweight, neutral or underweight… I also develop price target to try to suggest where the stocks could or should go and I formulate earnings estimates… And I author notes that describe the company's earnings, my outlook…" (Brinkman Tr. 14:22-15:24). Since Mr. Brinkman's email reflects his regularly conducted business activities, the email is admissible under the business-record exception to the hearsay rule.<br><br>Notably, district courts within the Ninth Circuit have found emails admissible under the business records exception. See *Ionian Corp. v. Country Mut. Ins. Co.*, No. 3:10–cv–0199–ST, 2011 WL 6070442, at *2, *18 (D.Or. Dec. 2, 2011) (admitting emails as business records); *See also Siqueiros v. Gen. Motors LLC*, No. 16-CV-07244- | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | EMC, 2022 WL 3974752, at *20 (N.D. Cal. Aug. 31, 2022) (Chen, J.) (corporate emails considered business records under Fed. R. Evid. 803(6)). | |
| Ryan Brinkman | 15 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. Exhibit 15 is an inadmissible hearsay research note, which, among other things purports to interpret Mr. Musk's tweets. The Court had indicated that such evidence is admissible either to show the effect on the market or constitute a "sample of the market response." (Dkt. 575, p. 2). Mr. Brinkman's research is neither of these.<br><br>First, Mr. Brinkman's note is not akin to the *New York Times* article, as it is not an alleged misstatement nor a corrective disclosure. It did not allegedly move the needle on the stock price at all. Nor could it, as the note was published the day after the tweet, when the stock price went down; it could not possibly be tethered to the stock price increase on August 7, 2018. | This exhibit is a research report authored by JP Morgan analyst Mr. Brinkman explaining his analysis and proposal to increase the target price for Tesla shares after Elon Musk's announcement on Twitter about his intention to take Tesla private at $420 per share. This is plainly relevant to the events at issue in this case. Mr. Brinkman also has personal knowledge of his own report as well as corporate practices as he professionally covers the financial markets and the company. This is consistent with the corresponding designated testimony. *see* Brinkman Tr. 13:7-16:6, 22:2-25:4, 69:12-71:13, 72:18-74:19).<br><br>Additionally, despite Defendants' arguments, this clearly shows the analyst's response.<br><br>Exhibit 15 is also not overly prejudicial as the falsity of the | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
|  |  | The "effect on the listener" exception cannot possibly apply when, as here, there is no alleged impact on the market.<br><br>Second, Mr. Brinkman's note does not constitute a valid "sample of the market response." It is a cherry-picked assessment from a non-expert witness. There were countless articles and reports about Mr. Musk's tweets. Showing the jury random, arbitrary examples of analyst reports is highly prejudicial and misleading under Rule 403. There is no indication that Mr. Brinkman's analysis is representative of the market's "state of mind." An expert could theoretically review a collection of reports in a relevant time frame and draw conclusions about the market's views, but Plaintiff has chosen not to do that. Presenting the jury with random opinions of analysts is not the answer. | statements referenced in this email are not in dispute. Defendants acknowledge this while simultaneously claiming that this report is misleading. Mr. Brinkman's report is also is not duplicative of this Court's summary judgment order as it is not being introduced to show the truth of the matter asserted but rather the effect on the listener/market. Proof that evidence was prejudicial to one party is insufficient to establish that the prejudice was unfair, or that the trial court abused its discretion in weighing that prejudice against the evidence's probative value. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (*citing United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998)). "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403. The Ninth Circuit has stressed that the "danger of [unfair] prejudice must not merely outweigh the probative value of the evidence, |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
|  |  | Third, there is no precedent for allowing a jury to hear selected analyst reports opining on how the market "understood" an alleged misstatement.  In *Baker v. SeaWorld Ent., Inc.,* 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019), the Court was deciding a summary judgment motion and considered some analysts reports in finding a material issue of fact.  *Id.* Moreover, the Court described an expert witness who reviewed analyst reports and news articles to form his opinions, which would be the proper way at trial to introduce such evidence in a non-misleading and non-prejudicial way.  *Baker,* 423 F. Supp. 3d at 901-902 ("Contrary to Defendants' assertion that Coffman simply lists and summarizes these reports and articles, Coffman's opinion of how the market interpreted SeaWorld's statements from the August 13, 2014 press release will assist the trier of fact in determining loss causation.").  In *United States v.* | but *substantially* outweigh it." *United States v. Haischer*, 780 F.3d 1277, 1281-82 (9th Cir. 2015) (quoting *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995)). Defendants have not (and cannot) demonstrate that an analyst report would have an undue tendency to suggest jurors' decision on an emotional basis.<br><br>Exhibit 15 further qualifies as a business record for the same reasons as its corresponding email. *see* Plaintiff's response to Defendants' objections to Exhibit 14. Since Mr. Brinkman's research note reflects his "day-to-day" (regularly conducted) business activities, it is admissible under the business-record exception to the hearsay rule. The Advisory Committee Notes for FRE 803(6) specifically include "reports" within the description of business records. "The form which the 'record' may assume under the rule is described broadly as a "memorandum, report, record, or data compilation, in any form." See also |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | *Holmes*, 2021 WL 2044470, at *26 (N.D. Cal. May 22, 2021), the articles were not used to demonstrate the market's interpretation of an alleged misstatement but rather used "for the non-hearsay purposes of showing the favorable press coverage of Theranos in the public realm prior to the discovery of the fraud, and the articles' effects on the readers." *Id.* at 26. *See also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 393 (9th Cir. 2010) (analyst reports used to determine market's understanding of reasons for earnings miss).<br><br>Finally, allowing an analyst's interpretation of the term "funding secured" is not relevant, is duplicative, and is prejudicial because the Court has already determined that Mr. Musk's statement was false, and Defendants are not allowed to argue otherwise. | *United States v. Sims*, 617 F.2d 1371, 1376 (9th Cir. 1980). "[T]he [business record exception] rule proceeds from the base that records made in the course of a regularly conducted activity will be taken as admissible but subject to authority to exclude if 'the sources of information or other circumstances indicate lack of trustworthiness.' " *Id.* Defendants do not argue that Exhibit 15 is untrustworthy.<br><br>Furthermore, "as a general proposition, statements made not for the truth of the matter asserted but to show the effect on the market (e.g. effect on the listener) or a sample of the market response (e.g. state of mind) are admissible for a non-hearsay purpose, subject to Rule 403 concerns. *See Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019) (overruling hearsay objection "because Plaintiffs offer the articles and analyst reports not for the truth of the matter asserted in the reports and articles, but rather to demonstrate how the market | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | understood and interpreted SeaWorld's disclosure"); *United States v. Holmes*, No. 18-cr-00258-EJD-1, 2021 WL 2044470, at \*26 (N.D. Cal. May 22, 2021) (overruling hearsay objection where article was introduced to show its effect on the reader); *cf. In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 393 (9th Cir. 2010) (relying on analyst reports to determine how the market understood company's earnings miss)." Dkt. No. 575 at 2. Defendants' attempts to distinguish the cases cited by the Court in its January 16 Order are misguided. *Id.* Plaintiff's designated testimony for Mr. Brinkman clearly demonstrates the effect his of reports on the market. For example, his later report was so newsworthy that it was covered by Bloomberg. *see* Exhibit 24, Brinkman Tr. 108:2-109:8. Defendants' argument that the market did not respond to coverage from JP Morgan— one of the world's largest banks— of Tesla by the firm's dedicated Tesla analyst is risible. For | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | the same reason, Defendants' argument that JP Morgan does not constitute a valid sample of the market is unpersuasive.<br><br>Finally, Brinkman's report is not a legal conclusion or an improper lay opinion pursuant to Fed. Rule Evid. 701. His report is rationally based on his perception as a financial analyst who covers Tesla and the financial markets. The report is based on Mr. Brinkman's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. This is proper because of the particularized knowledge that Mr. Brinkman has by virtue of position at JP Morgan. *see* Fed. R. Evid. 701 advisory committee's note, 2000 Amendment. | |
| Ryan Brinkman | 16 | Defendants object that Exhibit 16 is incomplete.  Plaintiff should use Exhibit 53, which is the complete version of the same document. | Plaintiffs agree with Defendants proposal so long as the jury is told that Exhibits 16 and 53 are the same document. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 17 | Fed. R. Evid. 401, 402, 403, 602, 701, 801.  See also objections to Exhibit 15. | See response to Defendants' objections to Exhibit 15 and Brinkman Dep. Desig. 86:19-88-5. | |
| Ryan Brinkman | 18 | Fed. R. Evid. 401, 402, 403, 602, 701, 801.  See also objections to Exhibit 15. | See response to Defendants' objections to Exhibit 14, Exhibit 15, and Brinkman Dep. Desig. 90:6-92:4. | |
| Ryan Brinkman | 19 / 171 | Fed. R. Evid. 403, 602, 801.  See also objections to Exhibit 171 above. | Defendants' objections to the New York Times article fly in this face of this Court's previous Order. *see* Dkt. No. 506 at 7. | |
| Ryan Brinkman | 21 | Fed. R. Evid. 401, 402, 801. | See response to Defendants' objections to Exhibit 14 and Brinkman Dep. Desig. 98:7-10, 98:14-25. | |
| Ryan Brinkman | 23 | Fed. R. Evid. 401, 402, 403, 602, 801.  See also objections to Exhibit 15.  Moreover, this document did not have any possible impact on the market, as it falls outside the class period, and the details of this note are particularly prejudicial, as they purport to interpret and characterize Mr. Musk's statements, including the impact of the August 13 blog post, which are issues for the jury. | This exhibit is relevant as it discusses Mr. Brinkman's August 20, 2018 report, which concerns the events at issue in this case.  This exhibit is not being introduced for the truth of the matter asserted but the effect on the listener. *See Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019) (overruling hearsay objection "because Plaintiffs offer the articles and analyst reports not for the truth of the matter asserted in the reports and articles, but rather to demonstrate how the market | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | understood and interpreted SeaWorld's disclosure"). This was published immediately following the class period and summarizes how the JP Morgan/Mr. Brinkman and therefore members of the market understood the events at issues in this case. Furthermore, Defendants cannot specifically point to anything in this note that is not factual nor consistent with the Court's summary judgment order. Accordingly, it is not unduly prejudicial.<br><br>See also response to Defendants' objections to Exhibit 15 and Brinkman Dep. Desig. 105:8-106:15. | |
| Ryan Brinkman | 24 | Fed. R. Evid. 401, 402, 403, 602, 801 (hearsay within hearsay). | This exhibit is an email containing a Bloomberg news article reacting to Mr. Brinkman's analyst report. It is relevant as it concerns the events at issue in this case and shows the market's reaction to JP Morgan's coverage of Tesla.  Mr. Brinkman received the email and has testified as to his personal knowledge. Furthermore, the contents of the email address his August 20, 2018 analyst | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | report, of which he also has personal knowledge. Furthermore, the designated testimony confirms that this email is what it claimed to be— "financial press reacting to the note that I've published…" Brinkman Tr. at 108:12-13.<br><br>The Exhibit addresses the events at issue in this case is not overly prejudicial. Furthermore, the falsity of the statements referenced in this article are not in dispute.<br><br>The exhibit is also not hearsay. The email itself is a business record. *see* Fed. R. Evid. 803(6).  Because the contents of the email directly quote the witness' own published report, traditional concerns about "hearsay within hearsay" are not present with this exhibit.<br><br>See also response to Defendants' objections to Exhibit 14, Exhibit 15, and Brinkman Dep. Desig. 108:2-109:8. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | | |
| Ryan Brinkman | 25 | Fed. R. Evid. 401, 402, 403, 602, 801.  See also objections to Exhibit 15. | See response to Defendants' objections to Exhibit 14, Exhibit 15, Exhibit 23, and Brinkman Dep. Desig. 112:22-114:6. | |
| Martin Viecha | 8 | No objection. | | |
| Martin Viecha | 58 | Fed. R. Evid. 401, 402, 403, 602. Plaintiff seeks to show the jury emails by Martin Viecha concerning Mr. Musk's August 7, 2018 tweets. (Ex. 58.) The questions to Mr. Viecha and Mr. Viecha's responses are not admissible. As to the questions, the fact that single analysts were asking questions about funding is not probative of materiality, as the analysts could be asking questions for a variety of reasons, including that the statements were vague. The jury would be speculating as to the reason for the analysts' inquiries.  Thus, the questions are hearsay, as they are   being offered for the truth of the matter asserted (that funding was material).Nor does the question from one person | Defendants object that the exhibit is not relevant and is inadmissible under Rules 401 and 402. A document is relevant if it makes any fact at issue more or less probable and that fact is of consequence in the action. F.R.E. 401. Exhibit 58 is relevant because is an email exchange between an analyst and Tesla IR Martin Viecha regarding Musk's "funding secured" tweet thus goes toward materiality, and materiality is one of the key issues at trial. Jurors will understand that Mr. Viecha's responses "[t]he very first tweet simply mentioned 'funding secured' which means that this is a firm offer" and "the offer is as firm as it gets" bear on weight given to Defendants' misrepresentations regarding funding secured. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | reflect the "state of mind" of the market as a whole.<br><br>As to Mr. Viecha's responses, even if they are party admissions (as the Court previously implied), to be admissible they still must be on a relevant topic, probative, and not cumulative. Mr. Viecha's statements are none of those. First, Mr. Viecha's emails were private statements, not public statements made to the market as a whole, so they do not alter the total mix of information available to the market and do not reflect what the market knew or thought of Mr. Musk's tweets. Second, Mr. Viecha's responses about what "funding secured" means is not relevant because the Court already determined that "funding secured" is false, so Mr. Viecha's interpretation is not probative of anything going to the jury. Finally, Plaintiff has not established foundation or that Mr. Viecha had any personal knowledge of what | Defendants also object that this exhibit is unfairly prejudicial under Rule 403. Under FRE 403, relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Proof that evidence is only prejudicial to one party is insufficient to establish that the prejudice was unfair. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citing *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998)).<br><br>Here, there is no danger of unfair prejudice. Defendants have repeatedly argued the question the jury is going to be asked is whether Musk's statements were "materially false". This exhibit thus is relevant because it provides evidence of the public's perception of Mr. Musk's "funding secured" tweet or its effect on the listener. The exhibit is not unfairly prejudicial given Mr. Viecha's role as the Head of Investor Relations at Tesla. In its Order regarding Objections to Plaintiff's | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | Mr. Musk meant in his tweets. In fact, he had none. | Opening Statement, the Court held that "to the extent that particular [] statements by individual investors bear on the market's perception of or weight given to the misrepresentations, these materials will generally be deemed relevant and admissible for a non-hearsay purpose in Plaintiff's case-in-chief." See ECF No. 575 at 2. And the Court previously held that Exhibit 58 is relevant and not unfairly prejudicial. *See* Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 6. Therefore, Defendants' FRE 403 objection has no merit.<br><br>Defendants' FRE 602 objection also lacks merit. Plaintiff deposed both the sender and recipient of the email depicted in Exhibit 58. Both parties authenticated Exhibit 58 and discussed it with personal knowledge during their depositions. They will provide similar (if not identical) testimony at trial. | |
| Martin Viecha | 91 | No objection. | | |
| Martin Viecha | 143 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| Martin Viecha | 146 | See objections to Exhibit 58. Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. | Defendants' lack of foundation objection is meritless. Exhibit 146 is an August 7, 2018 email from Itay Michaeli, Director for Citi Research, to Martin Viecha regarding Elon Musk's going private tweets and whether he secured financing. Mr. Viecha wrote back noting that the first tweet mentioned a firm offer. Mr. Viecha was deposed in this case about this email exchange. Viecha Dep Tr. at 128:1-129:18. Mr. Viecha has authenticated and laid proper foundation for this exhibit.  See *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1036 n.11 (C.D. Cal. 2013) (citing *Cf. R & R Partners, Inc. v. Tovar*, 447 F.Supp.2d 1141, 1154 (D.Nev.2006)) (holding that "deposition testimony …of [certain] statements lays an adequate foundation for the introduction of these statements into evidence." Additionally, Mr. Viecha will be called as a witness and may testify as to the authenticity of these emails at trial. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | Defendants also object that the exhibit is not relevant and is inadmissible under Rules 401 and 402. A document is relevant if it makes any fact at issue more or less probable and that fact is of consequence in the action. F.R.E. 401. Exhibit 146 is relevant because is an email exchange between an analyst and Tesla IR Martin Viecha regarding Musk's "funding secured" tweet thus goes toward materiality, and materiality is one of the key issues at trial. Jurors will understand that Mr. Viecha's response "[t]he very first Tweet mentioned a firm offer" bears on weight given to Defendants' misrepresentations regarding funding secured.<br><br>Defendants also object that this exhibit is unfairly prejudicial under Rule 403. Under FRE 403, relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Proof that evidence is only prejudicial to one party is insufficient to establish | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | that the prejudice was unfair. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citing *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998)).<br><br>Here, there is no danger of unfair prejudice. Defendants have repeatedly argued the question the jury is going to be asked is whether Musk's statements were "materially false". Exhibit 146 thus is relevant because it provides evidence of the public's perception of Mr. Musk's "funding secured" statement or its effect on the listener. And the exhibit is not unfairly prejudicial given Mr. Viecha's role as the Head of Investor Relations at Tesla. In its Order regarding Objections to Plaintiff's Opening Statement, the Court held that "to the extent that particular [] statements by individual investors bear on the market's perception of or weight given to the misrepresentations, these materials will generally be deemed relevant and admissible for a non-hearsay purpose in Plaintiff's case-in- | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | chief." See ECF No. 575 at 2. And the Court previously held that similar email exchanges between Viecha and investors are relevant and not unfairly prejudicial. *See* Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 6. Therefore, Defendants' FRE 403 objection has no merit.<br><br>Defendants' FRE 602 objection also lacks merit. Plaintiff deposed Mr. Viecha. Mr. Viecha authenticated Exhibit 146 and discussed it with personal knowledge during his deposition. He will provide similar (if not identical) testimony at trial. | |
| Martin Viecha | 147 | Fed. R. Evid. 401, 402, 403, 801. | Defendants object that the exhibit is not relevant and is inadmissible under Rules 401 and 402. A document is relevant if it makes any fact at issue more or less probable and that fact is of consequence in the action. F.R.E. 401. Exhibit 147 is an email exchange between Martin Viecha and Deepak Ahuja on August 7, 2018 regarding investors feedback about the potential going private transaction. This exhibit also includes an email from Matt | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Fassnacht, a top 30 holder at Tesla, expressing his opposition to the going private proposal. Exhibit 147 is thus relevant, as it includes the market's perception of Elon's 8/7 tweets, which goes toward materiality, and materiality is one of the key issues at trial. | |
| | | | Defendants also object that this exhibit is unfairly prejudicial under Rule 403. Under FRE 403, relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Proof that evidence is only prejudicial to one party is insufficient to establish that the prejudice was unfair. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citing *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998)). | |
| | | | Here, there is no danger of unfair prejudice. Jurors will understand that this email comes from a top 30 holder at Tesla expressing his sentiments | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
| | | | against the potential-going private transaction. Further, Defendants' position is that, by the time Elon tweeted on 8/7, there was funding secured and investor support confirmed. Exhibit 147 contradicts Defendants' position, as it shows that a large investor did not support the going private transaction. It will be clear to jurors that this email is being utilized to demonstrate the market reaction to the potential transaction. Furthermore, the Court has held that "to the extent [] statements by individual investors bear on the market's perception of or weight given to the misrepresentations, these materials will generally be deemed relevant and admissible for a non-hearsay purpose in Plaintiff's case-in-chief." *See* ECF No. 575 at 2. The exhibit also is not unfairly prejudicial given Mr. Viecha's role at Tesla.<br><br>Defendants also incorrectly assert a hearsay objection to this exhibit under Rule 801. Plaintiff is not utilizing this email for the truth of the matter | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | asserted, but rather is offering it only to show the effect on the listener, and thus is not hearsay and not excluded under FRE 801. Plaintiff is using Exhibit 147 and other emails from investors and analysts to show the public's perception of Mr. Musk's tweets. In its Order regarding Objections to Plaintiff's Opening Statement, the Court held that "statements made not for the truth of the matter asserted but to show the effect on the market (e.g. effect on the listener) or a sample of the market response (e.g. state of mind) are admissible for a non-hearsay purpose." *See* ECF No. 575 at 2.<br><br>Lastly, Defendants waive these objections as this exhibit is also included on their witness list. | |
| Martin Viecha | 150 | See objections to Exhibit 58. Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and | Defendants' lack of foundation objection is meritless. Exhibit 150 is an August 7, 2018 email exchange between Bradley Erickson, analyst from KeyBanc and Martin Viecha regarding Elon Musk's funding secured statement. This exhibit also | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | the impact Mr. Viecha's responses had, if any. | includes Mr. Viecha's response to the analyst inquiry. Mr. Viecha was deposed in this case about this email exchange. Viecha Dep. Tr. at 154:10-156:1. Mr. Viecha has authenticated and laid proper foundation for this exhibit.  See *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1036 n.11 (C.D. Cal. 2013) (citing *Cf. R & R Partners, Inc. v. Tovar*, 447 F.Supp.2d 1141, 1154 (D.Nev.2006)) (holding that "deposition testimony …of [certain] statements lays an adequate foundation for the introduction of these statements into evidence." Additionally, Mr. Viecha will be called as a witness and may testify as to the authenticity of this email exchange at trial.<br><br>Defendants also object that the exhibit is not relevant and is inadmissible under Rules 401 and 402. A document is relevant if it makes any fact at issue more or less probable and that fact is of consequence in the action. F.R.E. 401. Exhibit 150 is relevant because is an email exchange between an analyst | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
|  |  |  | and Tesla IR Martin Viecha regarding Musk's "funding secured" tweet thus goes toward materiality, and materiality is one of the key issues at trial. Jurors will understand that Mr. Viecha's response "[t]he first Tweet clearly stated 'financing is secured'. Yes, there is a firm offer" bears on weight given to Defendants' misrepresentations regarding funding secured.<br><br>Defendants also object that this exhibit is unfairly prejudicial under Rule 403. Under FRE 403, relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Proof that evidence is only prejudicial to one party is insufficient to establish that the prejudice was unfair. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citing *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998)). |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
|  |  |  | Here, there is no danger of unfair prejudice. Defendants have repeatedly argued the question the jury is going to be asked is whether Musk's statements were "materially false". Exhibit 150 thus is relevant because it provides evidence of the public's perception of Mr. Musk's "funding secured" statement or its effect on the listener. And the exhibit is not unfairly prejudicial given Mr. Viecha's role as the Head of Investor Relations at Tesla. In its Order regarding Objections to Plaintiff's Opening Statement, the Court held that "to the extent that particular [] statements by individual investors bear on the market's perception of or weight given to the misrepresentations, these materials will generally be deemed relevant and admissible for a non-hearsay purpose in Plaintiff's case-in-chief." See ECF No. 575 at 2. And the Court previously held that similar email exchanges between Viecha and investors are relevant and not unfairly prejudicial. *See* Order re Bellwether Objections to Exhibits. ECF No. 506-1 |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | at 6. Therefore, Defendants' FRE 403 objection has no merit.<br><br>Defendants' FRE 602 objection also lacks merit. Plaintiff deposed Mr. Viecha. Mr. Viecha authenticated Exhibit 150 and discussed it with personal knowledge during his deposition. He will provide similar (if not identical) testimony at trial. | |
| Martin Viecha | 151 | See objections to Exhibit 58. Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. | Defendants' lack of foundation objection is meritless. Exhibit 151 is an August 7, 2018 email exchange between Toni Sacconagui, analyst from Bernstein, and Martin Viecha about Elon Musk's funding secured statement. Mr. Viecha was deposed in this case about this email exchange. Viecha Dep. Tr. at 156:7-159:18. Mr. Viecha has authenticated and laid proper foundation for this exhibit.  See *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1036 n.11 (C.D. Cal. 2013) (citing *Cf. R & R Partners, Inc. v. Tovar*, 447 F.Supp.2d 1141, 1154 (D.Nev.2006)) (holding that "deposition testimony …of [certain] statements lays an adequate | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | foundation for the introduction of these statements into evidence." Additionally, Mr. Viecha will be called as a witness and may testify as to the authenticity of this email exchange at trial.<br><br>Defendants also object that the exhibit is not relevant and is inadmissible under Rules 401 and 402. A document is relevant if it makes any fact at issue more or less probable and that fact is of consequence in the action. F.R.E. 401. Exhibit 151 is relevant because is an email exchange between an analyst and Tesla IR Martin Viecha regarding Musk's "funding secured" tweet thus goes toward materiality, and materiality is one of the key issues at trial. Jurors will understand that Mr. Viecha's responses "I only wanted to stress that Elon's first tweet, which mentioned 'financing secured' is correct" and "financing is secured regarding other assumptions" bears on weight given to Defendants' misrepresentations regarding funding secured. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Defendants also object that this exhibit is unfairly prejudicial under Rule 403. Under FRE 403, relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Proof that evidence is only prejudicial to one party is insufficient to establish that the prejudice was unfair. *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (citing *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998)). | |
| | | | Here, there is no danger of unfair prejudice. Defendants have repeatedly argued the question the jury is going to be asked is whether Musk's statements were "materially false". Exhibit 151 is relevant as it provides evidence of the public's perception of Mr. Musk's "funding secured" statement or its effect on the listener. And the exhibit is not unfairly prejudicial given Mr. Viecha's role as the Head of Investor Relations at Tesla. In its Order | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | regarding Objections to Plaintiff's Opening Statement, the Court held that "to the extent that particular [] statements by individual investors bear on the market's perception of or weight given to the misrepresentations, these materials will generally be deemed relevant and admissible for a non-hearsay purpose in Plaintiff's case-in-chief." See ECF No. 575 at 2. And the Court previously held that similar email exchanges between Viecha and investors are relevant and not unfairly prejudicial. *See* Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 6. Therefore, Defendants' FRE 403 objection has no merit.<br><br>Defendants' FRE 602 objection also lacks merit. Plaintiff deposed Mr. Viecha. Mr. Viecha authenticated Exhibit 150 and discussed it with personal knowledge during his deposition. He will provide similar (if not identical) testimony at trial. | |
| Martin Viecha | 155 | Fed. R. Evid. 602, 801 (and hearsay within hearsay). | Defendants object to this exhibit for lack of knowledge under FRE 602. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
|  |  |  | Defendants' objection lacks merit. Plaintiff deposed Mr. Viecha. Mr. Viecha authenticated Exhibit 155 and discussed it with personal knowledge during his deposition. Viecha Dep. Tr. at 171:21-178:3. He will provide similar (if not identical) testimony at trial.<br><br>Exhibit 155 is an email from Aaron Chew to Martin Viecha and Deepak Ahuja dated August 8. 2018, reporting feedback from Tesla shareholders reacting to Tesla going private. This exhibit shows that Tesla, at least as of August 8, 2018, learned that some institutional investors were unable to own private stakes and against the potential going-private transaction. This exhibit is relevant, as it contradicts Mr. Musk's "investor support is confirmed" tweet and thus goes towards materiality.<br><br>Defendants also incorrectly assert a hearsay objection to this exhibit under Rule 805 (hearsay within hearsay). Plaintiff is not utilizing this email for |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---------|-------------------|-----------|----------|--------|
|  |  |  | the truth of the matter asserted, but rather is offering it only to show the effect on the listener, and thus is not hearsay and not excluded under FRE 801. FRE 805, in turn, provides that hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.<br><br>Exhibit 155 is an email received by Martin Viecha from Aaron Chew including quoted feedback from Tesla shareholders reacting to Mr. Musk's going private proposal. Thus, it goes towards materiality of Mr. Musk's tweets. Jurors will understand that Plaintiff is using this exhibit to show the public's perception of Mr. Musk's tweets. Moreover, the Court has already held that "statements made not for the truth of the matter asserted but to show the effect on the market (e.g. effect on the listener) or a sample of the market response (e.g. state of mind) are admissible for a non-hearsay purpose." *See* Order regarding |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Objections to Plaintiff's Opening Statement, ECF No. 575 at 2.<br><br>Both levels of statements from Mr. Chew and Tesla shareholders are not hearsay and not excluded under FRE 805 because Plaintiff is not utilizing this email for the truth of the matter asserted, but rather is offering it only to show the effect on the listener. Additionally, Mr. Chew then was a Senior Investor Relations Manager at Tesla and was speaking on behalf of Tesla and Mr. Musk as CEO, was authorized to speak on the subject, and his statements were made by the party's agent. Therefore, this is an opposing party statement, and not hearsay.  To the extent Defendants' argue that Tesla shareholders' feedback is hearsay within hearsay, this is admissible as it is not being used for the truth of the matter asserted. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Lastly, Defendants waived these objections as this exhibit is also included on their witness list. | |
| Martin Viecha | 160 | Fed. R. Evid. 801. | Defendants incorrectly assert a hearsay objection to this exhibit under Rule 801. Plaintiff is not utilizing this email for the truth of the matter asserted, but rather is offering it only to show the effect on the listener, and thus is not hearsay and not excluded under FRE 801. Exhibit 160 includes an inquiry from analyst as to whether: "Elon declaratively sa[id] funding is NOT secured as the NYT says." Thus, it goes towards materiality of Mr. Musk's "funding secured" statement. Jurors will understand that Plaintiff is using this exhibit to show the public's perception of Mr. Musk's tweets. Moreover, the Court has already held that "statements made not for the truth of the matter asserted but to show the effect on the market (e.g. effect on the listener) or a sample of the market response (e.g. state of mind) are admissible for a non-hearsay purpose." *See* Order regarding Objections to | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)


Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Trial Exhibit No. | Objection | Response | Ruling |
|---|---|---|---|---|
| | | | Plaintiff's Opening Statement, ECF No. 575 at 2. | |
| Martin Viecha | 161 | No objection. | | |


Plaintiff's Proposed Deposition Designations

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 6:1-5 | No objection. | | |
| Ryan Brinkman | 6:13-15 | No objection. | | |
| Ryan Brinkman | 13:7-16:6; | No objection. | | |
| Ryan Brinkman | 22:2-25:4 | No objection. | | |
| Ryan Brinkman | 41:21-45:21 | Fed. R. Evid. 401, 402, 403, 602, 701. (Objecting to 42:16-43:04, 43:20-45:16.) | This testimony is relevant as it discusses Mr. Brinkman's reaction to the announcement of the going private transaction and the events at issue in this case. Mr. Brinkman has personal knowledge of his own reaction as well as Tesla's corporate practices as he professionally covered the company.  This is consistent with his above designated testimony. *see* Brinkman Tr. 22:2-25:4.<br><br>Rule 403 precludes only *unfair* prejudice, and Mr. Brinkman's reaction to Mr. Musk's tweets is not unduly prejudicial considering the falsity of the referenced statements are not in dispute. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|--------------|----------------------|---------------------|--------|
| | | | Finally, Brinkman's testimony is not a legal conclusion pursuant to Fed. Rule Evid. 701. The testimony concerning the August 7, 2018, tweets and Tesla's past announcements of major corporate transactions is rationally based on his perception as a financial analyst who covers Tesla. It is helpful to clearly understand his testimony concerning his analyst reports and the events at issue in this case. Furthermore, this testimony is based on Mr. Brinkman's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. | |
| Ryan Brinkman | 47:8-9 | No objection. | | |
| Ryan Brinkman | 47:15-49:3 | Fed. R. Evid. 401, 402, 403, 701. (Objecting to 48:06-49:03.) | This testimony is relevant as it discusses Mr. Brinkman's reaction to one of the events at issue in this case, the Tweet in Exhibit 10: "My hope is all current investors stay with Tesla, even if we're private."<br><br>Brinkman's testimony is not a legal conclusion pursuant to Fed. Rule Evid. 701. The testimony concerning the August 7, 2018, tweets and investor participation in private companies  is rationally based on his perception as a financial | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|--------------|----------------------|---------------------|--------|
| | | | analyst. It is helpful to clearly understand his testimony concerning his analyst reports and the events at issue in this case. Furthermore, this testimony is based on Mr. Brinkman's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. | |
| Ryan Brinkman | 50:3-4; | No objection. | | |
| Ryan Brinkman | 50:9-52:6 | Fed. R. Evid. 401, 402, 403, 602. (Objecting to 50:17-52:06.) | This testimony is relevant as it discusses Mr. Brinkman's reaction to Mr. Musk's tweet, which contained a link to an August 7, 2018 email to Tesla employees. It concerns the events at issue in this case. Mr. Brinkman has personal knowledge of his own reaction to this event.<br><br>Rule 403 precludes only *unfair* prejudice, and Mr. Brinkman's opinion that this email confirmed Mr. Musk's tweets were not made by a hacker is not prejudicial. | |
| Ryan Brinkman | 53:6- 57:23 | Fed. R. Evid. 401, 402, 403, 602, 701. (Objecting to 53:13-57:23.) | This testimony is relevant as it discusses Mr. Brinkman's reaction to an August 7, 2018 email to Tesla employees. It concerns the events at issue in this case. Mr. Brinkman has personal knowledge of his own reaction to this event. As a financial analyst, Mr. Brinkman also has personal | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | knowledge of conditions in the financial markets, which include the short sellers. Rule 403 precludes only *unfair* prejudice, and Mr. Brinkman's reaction to the August 7, 2018 email to Tesla employees is not unduly prejudicial. His testimony regarding the short sellers is in response to a statement by a party opponent. Finally, Brinkman's testimony is not a legal conclusion pursuant to Fed. Rule Evid. 701. The testimony concerning the August 7, 2018, email and short interest in Tesla is rationally based on his perception as a financial analyst who covers the company. It is helpful to clearly understand his testimony concerning his analyst reports and the events at issue in this case. Furthermore, this testimony is based on Mr. Brinkman's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. | |
| Ryan Brinkman | 61:2-63:11 | Fed. R. Evid. 401, 402, 403, 602, 701. (Objecting to 61:09-63:11.) | This testimony is relevant as it discusses Mr. Brinkman's reaction to the Tweet, "Investor support is confirmed…," and the events at issue in this case. Mr. Brinkman has personal knowledge of his own reaction as well as general | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|--------------|----------------------|---------------------|--------|
| | | | corporate practices as he professionally covers the financial markets. This is consistent with his above designated testimony. *see* Brinkman Tr. 13:7-16:6, 22:2-25:4.<br><br>Rule 403 precludes only *unfair* prejudice, and Mr. Brinkman's reaction to Mr. Musk's tweets is not unduly prejudicial considering the falsity of the referenced statements are not in dispute. Any prejudice resulting from a reference to Tesla's board does not outweigh the probative value of this testimony concerning the events at issue in this case.<br><br>Finally, Brinkman's testimony is not a legal conclusion pursuant to Fed. Rule Evid. 701. The testimony concerning the August 7, 2018, tweets and Tesla's board is rationally based on his perception as a financial analyst who covers Tesla. It is helpful to clearly understand his testimony concerning his analyst reports and the events at issue in this case. Furthermore, this testimony is based on Mr. Brinkman's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 63:13-64:2 | Fed. R. Evid. 401, 402. | This testimony is relevant as it discusses Mr. Brinkman's reaction to Exhibit 13 and the basis for his report that addresses the events at issue in this case. | |
| Ryan Brinkman | 64:6-66:15 | Fed. R. Evid. 401, 402, 403, 602, 701. | This testimony is relevant as it discusses Mr. Brinkman's reaction Mr. Musk's Tweets and the events at issue in this case. Mr. Brinkman has personal knowledge of his own reaction as well as general corporate practices as he professionally covers the financial markets. This is consistent with his above designated testimony. *see* Brinkman Tr. 13:7-16:6.<br><br>Rule 403 precludes only *unfair* prejudice, and Mr. Brinkman's reaction to Mr. Musk's tweets is not unduly prejudicial considering the falsity of the referenced statements are not in dispute.<br><br>Finally, Brinkman's testimony is not a legal conclusion pursuant to Fed. Rule Evid. 701. His testimony concerning the August 7, 2018, tweets is rationally based on his perception as a financial analyst who covers Tesla and the financial markets. It is helpful to clearly understand his | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | testimony concerning his analyst reports and the events at issue in this case. Furthermore, this testimony is based on Mr. Brinkman's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. | |
| Ryan Brinkman | 69:12-71:13 | Fed. R. Evid. 401, 402. | This testimony concerns Mr. Brinkman's decision to raise his price target for Tesla and events at issue in this case. This testimony is also relevant as it is needed to help

clearly understand Mr. Brinkman's other testimony concerning his analyst reports.  The testimony specifically references an email that the witness wrote in the course of his work and pursuant to his employer's policy requiring analysts obtain approval from management to change price targets within a certain threshold. | |
| Ryan Brinkman | 72:18-19 | No objection. | | |
| Ryan Brinkman | 72:24-75:24 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. | This testimony is relevant as it discusses the analyst report that Mr. Brinkman authored concerning the events at issue in this case. Mr. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | Brinkman has personal knowledge of his own report as well as corporate practices as he professionally covers the financial markets and the company.  This is consistent with his above designated testimony. *see* Brinkman Tr. 13:7-16:6, 22:2-25:4.<br><br>Rule 403 precludes only *unfair* prejudice. Mr. Brinkman's testimony concerning his analyst report and reasons for writing it  address the events at issue in this case in a non-inflammatory manner . Furthermore, the falsity of the statements referenced in this report are not in despite. Accordingly, this testimony is not unduly prejudicial.<br><br>Finally, Brinkman's testimony is not a legal conclusion pursuant to Fed. Rule Evid. 701. The testimony concerning his analyst report is rationally based on his perception as a financial analyst who covers Tesla and the financial markets. It is helpful to clearly understand his testimony concerning his analyst reports and the events at issue in this case. Furthermore, this testimony is based on Mr. Brinkman's observations and not on scientific, technical, or | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | other specialized knowledge within the scope of Fed. Rule Evid. 702. | |
| Ryan Brinkman | 77:19-78:8 | Fed. R. Evid. 401, 402. | This testimony is relevant as it discusses how Mr. Brinkman followed Tesla in the news. He professionally covers the financial markets and this is consistent with his above designated testimony and necessary to make his other testimony about his reports complete. *see* Brinkman Tr. 13:7-16:6. 22:2-25:4. | |
| Ryan Brinkman | 78:19- 84:2 | Fed. R. Evid. 401, 402, 403, 602. (Objecting to 79:08-84:02.) | This testimony is relevant as it discusses Mr. Brinkman's reaction to the August 13, 2018 blog post and the events at issue in this case. The testimony is further relevant as it explains Mr. Brinkman's rationale for writing an additional report. Mr. Brinkman has personal knowledge of his own reaction as well as corporate practices as he professionally covers the financial markets. This is consistent with his above designated testimony. *see* Brinkman Tr. 13:7-16:6.<br><br>Rule 403 precludes only *unfair* prejudice, and Mr. Brinkman's reaction to the August 13, 2018 blog | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | post is not unduly prejudicial considering the falsity of the referenced statements are not in dispute. Any prejudice resulting from a reference to Tesla's board does not outweigh the probative value of this testimony.  concerning the events at issue in this case. | |
| Ryan Brinkman | 85:6-85:14 | No objection. | | |
| Ryan Brinkman | 86:9-11 | No objection. | | |
| Ryan Brinkman | 86:19-88:5 | Fed. R. Evid. 401, 402, 403, 801. | This testimony is relevant as it discusses Mr. Brinkman's August 14, 2018 presentation on the auto industry, which includes his coverage of Tesla. This presentation concerns the events at issue in this case.  Mr. Brinkman has personal knowledge of his own reactions to the events at issue in this case as well the auto industry as he professionally covers the financial markets and Tesla.  This is consistent with his above designated testimony. *see* Brinkman Tr. 13:7-16:6, 22:2-25:4.<br><br>Rule 403 precludes only *unfair* prejudice.  The witnesses' opinion that "Already it seems such a deal is in trouble" is not unduly prejudicial as the falsity of the statements addressed by the August | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-------------|----------------------|---------------------|--------|
| | | | 13, 2018 blogpost and contained in his August 14, 2018 presentation, are not in dispute.<br><br>Finally, this testimony is not hearsay pursuant to Fed. R. Evid. 801 and should not be excluded. This testimony is not introduced for the truth of the matter asserted, but the effect on the listener. Additionally it is present sense impression under 803(1) and shows his then existing mental impression under 803(3). | |
| Ryan Brinkman | 88:10-88:17 | No objection. | | |
| Ryan Brinkman | 90:6-92:4 | Fed. R. Evid. 401, 402, 602. | This testimony is relevant as it discusses how Mr. Brinkman learned about the August 17, 2018 New York Times article, which concerns the events at issue in this case.  Mr. Brinkman has personal knowledge of how he learned about the New York Times article and the receipt of an email including same.  This testimony is necessary to clarify subsequent testimony about the New York Times article. | |
| Ryan Brinkman | 92:8-94:10 | Fed. R. Evid. 401, 402, 801. | This testimony is relevant as it discusses Mr. Brinkman's reaction to the August 17, 2018 New York Times article, which concerns the events at issue in this case. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | Furthermore, this testimony should not be excluded as hearsay because it is not being introduced for the truth of the matter asserted, but the effect it had on the reader. *see United States v. Holmes*, No. 5:18-cr-00258-EJD-1, 2021 U.S. Dist. LEXIS 98060, at *74 (N.D. Cal. May 21, 2021); *see also United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) (statement introduced not for the truth of the matter but rather to show the effect on the listener was not hearsay). | |
| Ryan Brinkman | 94:13-95:3 | Fed. R. Evid. 401, 402, 403, 801. | This testimony is relevant as it discusses Mr. Brinkman's reaction to the New York Times' August 17, 2018 article, which concerns the events at issue in this case.<br><br>This testimony is not hearsay. See response Defendants' objections to Depo. Desig. 92:8-94:10.<br><br>Rule 403 precludes only *unfair* prejudice. Mr. Brinkman's testimony concerning the contents of a newspaper article that addresses the events at issue in this case is not overly prejudicial. Furthermore, the falsity of the statements referenced in this testimony are not in dispute. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | | |
| Ryan Brinkman | 95:13-95:20 | Fed. R. Evid. 401, 402, 403, 801. | This testimony is relevant as it discusses Mr. Brinkman's reaction to the New York Times' August 17, 2018 article, which concerns the events at issue in this case.<br><br>Mr. Brinkman's testimony regarding the New York Times article is not offered for the truth of the matter asserted but to show their effect on the listener. It is therefore not hearsay and not subject to exclusion. *see United States v. Holmes*, No. 5:18-cr-00258-EJD-1, 2021 U.S. Dist. LEXIS 98060, at *74 (N.D. Cal. May 21, 2021); *see also United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) (statement introduced not for the truth of the matter but rather to show the effect on the listener was not hearsay).<br><br>Rule 403 precludes only *unfair* prejudice.  The witnesses' testimony concerning the contents of a newspaper article that addresses the events at issue in this case is not overly prejudicial. | |
| Ryan Brinkman | 96:5-96:23 | Fed. R. Evid. 401, 402, 403, 602, 701. | This testimony is relevant as it discusses Mr. Brinkman's reaction to the New York Times' August 17, 2018 article, which concerns the events at issue in this case.  Mr. Brinkman has personal knowledge of his own reaction as well | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | as corporate practices as he professionally covers the financial markets.  This is consistent with his above designated testimony. *see* Brinkman Tr. 13:7-16:6 <br><br> Mr. Brinkman's testimony regarding the New York Times article is not offered for the truth of the matter asserted but to show its listener on the witness. To Mr. Brinkman, this reporting, "very much undermined the veracity of the August 7 Tweets." Brinkman Tr. 96:22-23. It is therefore not hearsay and not subject to exclusion. *see United States v. Holmes*, No. 5:18-cr-00258-EJD-1, 2021 U.S. Dist. LEXIS 98060, at *74 (N.D. Cal. May 21, 2021); *Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019) (overruling hearsay objection "because Plaintiffs offer the articles and analyst reports not for the truth of the matter asserted in the reports and articles, but rather to demonstrate how the market understood and interpreted SeaWorld's disclosure"); *see also United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) (statement introduced not for the truth of the matter but rather to show the effect on the listener was not hearsay). <br><br> Nor is it improper under 701. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | Rule 403 precludes only *unfair* prejudice.  The witnesses' testimony concerning the contents of a newspaper article that addresses the events at issue in this case is not overly prejudicial. Furthermore, the falsity of the statements referenced in this testimony are not in dispute. | |
| Ryan Brinkman | 98:7-10 | No objection. | | |
| Ryan Brinkman | 98:14-25 | Fed. R. Evid. 401, 402, 801. | This testimony is relevant because it concerns an August 17, 2018, email sent by Mr. Brinkman to a colleague about the logistics of publishing a report. It is relevant because it addresses the timing of a report about the events at issue in this case.

This email falls within the business record exception to hearsay. Fed. Rule. Evid. 803(6). Mr. Brinkman's designated testimony lays requisite the foundation for this email as a business record. First, Mr. Brinkman is a qualified witness since he wrote the email. Furthermore, the email was sent in the course of a regularly conducted business activity—publishing analyst reports— and near the time that the report was published. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | *see Siqueiros v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2022 WL 3974752, at *20 (N.D. Cal. Aug. 31, 2022) (Chen, J.) (corporate emails considered business records under Fed. R. Evid. 803(6)). | |
| Ryan Brinkman | 100:4-102:2 | Fed. R. Evid. 401, 402, 403, 602, 801. | This testimony is relevant as it discusses Mr. Brinkman's reaction to the New York Times' August 17, 2018 article and his rationale for publishing a new report, which concerns the events at issue in this case.   Mr. Brinkman has personal knowledge of his own report and his reasoning behind same. This is consistent with the entirety of his above designated testimony. Testimony regarding this email falls within the business record exception to hearsay. Fed. Rule. Evid. 803(6). *see* Response to Defendants' objections to Depo. Desig. 98:14-25. Rule 403 precludes only *unfair* prejudice.  The witnesses' testimony concerning his analyst report is not unduly prejudicial. The falsity of the | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | statements referenced in his report are not in dispute. | |
| Ryan Brinkman | 105:8-106:15 | Fed. R. Evid. 401, 402, 403, 602. | This testimony is relevant as it discusses Mr. Brinkman's August 20, 2018 report, which concerns the events at issue in this case.  Mr. Brinkman has personal knowledge of his own report. This is consistent with the above designated testimony.<br><br>Rule 403 precludes only *unfair* prejudice.  Mr. Brinkman's testimony concerning the contents of the analyst report he authored that addresses the events at issue in this case is not overly prejudicial.  Furthermore, the falsity of the statements referenced in this testimony are not in dispute. | |
| Ryan Brinkman | 108:2-109:8 | Fed. R. Evid. 401, 402, 403, 602, 801, 901. | This testimony is regarding an email with a Bloomberg news article reacting to Mr. Brinkman's analyst report is relevant as it concerns the events at issue in this case.  Mr. Brinkman has personal knowledge of his own reaction to this email. Furthermore, the designated testimony confirms that this email is what it claimed to be—"financial press reacting to the note that I've published…" Brinkman Tr. at 108:12-13.  The foundation for any of Mr. Brinkman's opinion statements contained in this | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | designation was laid in the above designated testimony. Mr. Brinkman's testimony regarding an email with a Bloomberg news article reacting to the analyst report he authored is not hearsay. *see Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019) (overruling hearsay objection "because Plaintiffs offer the articles and analyst reports not for the truth of the matter asserted in the reports and articles, but rather to demonstrate how the market understood and interpreted SeaWorld's disclosure") Rule 403 precludes only *unfair* prejudice. The witnesses' testimony concerning the contents of a Bloomberg News article that addresses the events at issue in this case is not overly prejudicial. Furthermore, the falsity of the statements referenced in this testimony are not in dispute. | |
| Ryan Brinkman | 110:14-17 | No objection. | | |
| Ryan Brinkman | 110:22-112:7 | Fed. R. Evid. 401, 402. | The witness's testimony regarding the August 23, 2018, presentation that he authored concerns the events that are the subject of this case and are clearly relevant. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 112:22-114:6 | Fed. R. Evid. 401, 402, 403, 602, 801. | The witness's testimony is regarding a slide in a presentation he authored, which concerns the events at issue in this case and is clearly relevant.<br><br>The witness's testimony regarding a slide in a presentation he authored is not hearsay. *see Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019) (overruling hearsay objection "because Plaintiffs offer the articles and analyst reports not for the truth of the matter asserted in the reports and articles, but rather to demonstrate how the market understood and interpreted SeaWorld's disclosure")<br><br>Rule 403 precludes only *unfair* prejudice.  The witnesses' testimony concerning the going-private process is not overly prejudicial. Furthermore, the falsity of the statements referenced in this testimony are not in dispute.<br><br>Brinkman also has the requisite knowledge as is established through his testimony. The testimony concerning the coverage of his analyst report is rationally based on his perception as analyst covering Tesla. It is helpful to clearly under his testimony concerning the events at issue in this case—Mr. Musk's tweets and the proposed going-private transaction. Furthermore, this | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. Desig. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
|  |  |  | testimony is not based on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. |  |