*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

## Defendants' Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Subramanian | 8 | No objection. | N/A | |
| Subramanian | 9 | No objection. | N/A | |
| Subramanian | 10 | No objection. | N/A | |
| Subramanian | 11 | No objection. | N/A | |
| Subramanian | 12 | No objection. | N/A | |
| Subramanian | 13 | No objection. | N/A | |
| Subramanian | 26 | No objection. | N/A | |
| Subramanian | 33 | No objection. | N/A | |
| Subramanian | 53 | No objection. | N/A | |
| Subramanian | 81 | No objection. | N/A | |
| Subramanian | 82 | No objection. | N/A | |
| Subramanian | 83 | No objection. | N/A | |
| Subramanian | 87 | No objection. | N/A | |
| Subramanian | 94 | No objection. | N/A | |
| Subramanian | 96 | No objection. | N/A | |
| Subramanian | 101 | No objection. | N/A | |
| Subramanian | 105 | Fed. R. Evid. 401, 402, 801.  Exhibit 105 is a hearsay email chain dated November 2016 from Saad Aljarboa, a representative of the PIF, attempting to schedule a meeting for the following week between Mr. Musk and H.E. Mr. Yasir Al-Rumayyan. Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to meet with Mr. Musk going back to and in November 2016 and is therefore hearsay.  This email chain is also irrelevant to Professor Subramanian's testimony. The email provides no detail about the topic of any potential meeting and whether H.E. | Professor Subramanian plans to tell the jury his expert opinion that, among other things, Mr. Musk's consideration to take Tesla private was "highly preliminary" and "illusory."  In Professor Subramanian's slides (which he intends to present with his testimony), he incorrectly states that Mr. Musk had just "2 days" between the "initial contact" with the PIF and his offer to take Tesla private.  In truth, however, as reflected in Exhibit 105, Mr. Musk had been meeting and speaking with the PIF for | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | Mr. Yasir Al-Rumayyan wanted to meet with Mr. Musk in 2016 is not relevant to whether the proposed going private transaction deviated from ordinary practices in the industry, or that the proposal to take Tesla private was inter *alia illusory*. | nearly two *years*, since at least November 2016. Defendants are entitled to question Professor Subramanian about the bases for his opinion and challenge his conclusions. Moreover, Defendants are not seeking to offer Exhibit 105 for the truth of the matter asserted (i.e., to prove that Yasir Al-Ramayyan was in fact "willing to meet with [Mr. Musk] in either London or New York" or that Saad Al-Jarboa would in fact "appreciate it if [Mr. Musk] could get back to [the PIF]"), so the rule against hearsay does not apply.  Rather, Defendants seek to use Exhibit 105 to show Mr. Musk's/Tesla's *state of mind/understanding* regarding the PIF's longstanding and continued interest in Tesla.  Further, Exhibit 105 would qualify as a business record under Fed. R. Evid. 803(6). | |
| Subramanian | 106 | Fed. R. Evid. 401, 402, 801.  Exhibit 106 is a hearsay email chain dated January 31, 2017 with the subject line "Yasir wants to meet in SF". Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to or did meet with Mr. Musk in early 2017, and is therefore hearsay.  This email chain is also irrelevant to Professor Subramanian's testimony. The email provides no detail about the topic of any meeting and whether H.E. Mr. Yasir Al-Rumayyan met with Mr. Musk in 2017 is not relevant to whether the proposed going private transaction deviated from ordinary | *See* Defendants' response to Exhibit 105. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | practices in the industry, or that the proposal to take Tesla private was inter *alia illusory*. | | |
| Subramanian | 107 | Fed. R. Evid. 401, 402, 801.  Exhibit 107 is a hearsay email chain in February and March 2017 with the subject line "OpenAI Funding". Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to or did meet in San Francisco in early 2017, that the PIF wanted to or did invest in OpenAI funding", that the PIF wanted to know how to proceed, and/or that Mr. Musk called H.E. Mr. Yasir Al-Rumayyan.  This email chain is also irrelevant to Professor Subramanian's testimony. Funding for OpenAI and any meetings between H.E. Mr. Yasir Al-Rumayyan and Mr. Musk in 2017 is not relevant to whether the proposed going private transaction deviated from ordinary practices in the industry, or that the proposal to take Tesla private was inter *alia illusory*.  Nor has the email from H.E. Mr. Yasir Al-Rumayyan been properly authenticated. | *See* Defendants' response to Exhibit 105. | |
| Subramanian | 108 | Fed. R. Evid. 401, 402, 801.  Exhibit 108 is a hearsay email chain between Mr. Teller and Mr. Ahuja dated March 7, 2017 with the subject line "Yasir bin Othman Al-Rumayyan: Executive Profile & Biography - Bloomberg". Defendants will use this email for the truth of the matter asserted to show that Tesla representatives in fact did research or due diligence on H.E. Mr. Yasir Al- | *See* Defendants' response to Exhibit 105. Exhibit 108 is not being used to prove that Mr. Al-Rumayyan was in fact the "Chief Executive, Managing Director, and Secretary-General of the Board" of the PIF, but to show Tesla's state of mind/understanding that Mr. Al-Rumayyan was | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | Rumayyan. However, nothing in the email shows that anyone actually clicked on the link or did any research or due diligence into H.E. Mr. Yasir Al-Rumayyan.  This email chain is also irrelevant to Professor Subramanian's testimony. Whether anyone at Tesla looked at the Bloomberg profile for H.E. Mr. Yasir Al-Rumayyan in early 2017 is not relevant to whether the proposed going private transaction deviated from ordinary practices in the industry, or that the proposal to take Tesla private was inter *alia illusory*. | a significant decisionmaker at the PIF with the authority to invest the PIF's assets. | |
| Subramanian | 109 | No objection. | N/A | |
| Subramanian | 123 | No objection. | N/A | |
| Subramanian | 124 | No objection. | N/A | |
| Subramanian | 135 | No objection. | N/A | |
| Subramanian | 137 | No objection. | N/A | |
| Subramanian | 139 | No objection. | N/A | |
| Subramanian | 174 | No objection. | N/A | |
| Subramanian | 175 | No objection. | N/A | |
| Subramanian | 179 | No objection. | N/A | |
| Subramanian | 181 | No objection. | N/A | |
| Subramanian | 182 | No objection. | N/A | |
| Subramanian | 186 | No objection. | N/A | |
| Subramanian | 190 | No objection. | N/A | |
| Subramanian | 191 | No objection. | N/A | |
| Subramanian | 192 | No objection. | N/A | |
| Subramanian | 194 | No objection. | N/A | |
| Subramanian | 199 | No objection. | N/A | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Subramanian | 225 | No objection. | N/A | |
| Subramanian | 229 | No objection. | N/A | |
| Subramanian | 241 | No objection. | N/A | |
| Subramanian | 254 | No objection. | N/A | |
| Subramanian | 265 | No objection. | N/A | |
| Subramanian | 289 | No objection. | N/A | |
| Subramanian | 362 | No objection. | N/A | |
| Subramanian | 364 | Fed. R. Evid. 801.  Exhibit 364 is a copy of a December 14, 2017 Westlaw decision in *Dell, Inc. v. Magnetar Global Event Driven Master Fund Ltd*, 177 A.3d 1 (2017). Defendants intend to use the decision for the truth of the matter asserted. | As demonstrated in Professor Subramanian's slides (which he seeks to use during his testimony), a central part of the Professor's opinion is his comparison of the Dell take private to this case.  (*See, e.g.*, Slides 5, 6, 13.) Professor Subramanian seeks to testify as to how the Dell case progressed (e.g., contact with shareholders and the board, consultation with advisors, negotiation with the special committee, etc.).  (*Id.*)  Exhibit 364 details the facts of the case that Professor Subramanian seeks to use as the yard stick by which this case should be measured, and Professor Subramanian has personal knowledge of those facts as an expert in that matter..  (*Id.*)  Additionally, in his slide presentation, Professor Subramanian seeks to bolster his credibility by selectively quoting Delaware courts that have apparently praised his work.  (*See, e.g.*, Slide 2.)  Defendants are entitled to challenge that with the Dell case, | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | | where Professor Subramanian's opinion was rejected. | |
| Subramanian | 365 | No objection. | N/A | |
| Subramanian | 631 | No objection. | N/A | |
| Subramanian | 634 | No objection. | N/A | |
| Subramanian | 641 | No objection. | N/A | |
| Subramanian | 661 | No objection. | N/A | |
| Subramanian | 731 | No objection. | N/A | |
| Subramanian | 734 | No objection. | N/A | |
| Elon Musk | 8 | No objection. | N/A | |
| Elon Musk | 9 | No objection. | N/A | |
| Elon Musk | 10 | No objection. | N/A | |
| Elon Musk | 11 | No objection. | N/A | |
| Elon Musk | 12 | No objection. | N/A | |
| Elon Musk | 13 | No objection. | N/A | |
| Elon Musk | 53 | No objection. | N/A | |
| Elon Musk | 75 | Fed. R. Evid. 401, 402, 602, 801, 805. Exhibit 75 is a hearsay email from April 14, 2017 to Mr. O'Connell summarizing a meeting with H.E. Mr. Yasir Al-Rumayyan. Defendants seek to use this email for the truth of the matter asserted to show that Mr. Musk met with the PIF in April of 2017, and that the PIF was "keen to invest large $s in Tesla." The email itself is hearsay, as well as the summary of the meeting. It is improper hearsay and hearsay within hearsay under 801 and 805. Additionally, as this email is from a meeting that took place in April 2017, does not relate to the 2018 going private | Exhibit 75 is not hearsay (nor hearsay within hearsay) because Defendants aren't offering it for the truth of the matter asserted, i.e., to prove that Mr. Musk did in fact meet "with Yasir who heads the Public Investment Fund." Mr. Musk will testify independent of this document about his meetings with the PIF. Defendants seek to offer Exhibit 75 to show Tesla's state of mind/understanding regarding the PIF's longstanding and continued interest in Tesla, which began in 2016 and culminated in July | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | transaction, and is therefore too far removed to make a fact more or less probable under 401. Mr. Musk is not a party to the email and therefore lacks the requisite knowledge under 602. | 2018. Further, Exhibit 75 would qualify as a business record under Fed. R. Evid. 803(6). | |
| Elon Musk | 76 | Fed. R. Evid. 401, 402, 602, 801, 805. Exhibit 76 is a hearsay email chain between February 12-April 15, 2017 with Mr. Teller, Mr. Ahuja, and representatives from the PIF titled "Re: Tesla Discussion". The email chain contains a number of improper hearsay conversations including, requesting a call to follow up about what Mr. Musk and H.E. Mr. Yasir Al-Rumayyan spoke about in San Francisco (TE76-4), scheduling for the call (TE76-2-4), following up after the February call in April 2017 about "conversation that we had earlier", and looping in Deepak. Defendants will use this chain for the truth of the matter asserted to show that meetings and conversations did occur in early 2017, and to show that the PIF was interested in meeting and speaking with Mr. Musk. The email itself is hearsay, as well as the contents of the emails about "conversations we had earlier". It is improper hearsay and hearsay within hearsay under 801 and 805. Additionally, as this email is from a call that took place in February 2017, it is too far removed to make a fact at consequence more or less probable. Mr. Musk is not a party to the email and therefore lacks the requisite knowledge under 602. | *See* Defendants' response to Exhibit 75. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 81 | No objection. | N/A | |
| Elon Musk | 83 | No objection. | N/A | |
| Elon Musk | 87 | No objection. | N/A | |
| Elon Musk | 92 | No objection. | N/A | |
| Elon Musk | 93 | Fed. R. Evid. 801.  Exhibit 93 is an August 10, 2018 follow-up email from Mr. Musk to Mr. Maron, Mr. Ahuja, and Mr. O'Brien stating to "let the media know that the [PIF] has given us permission to acknowledge that they are working on a deal with Tesla that includes support of the go private transaction." This email was sent directly after Mr. Musk emailed Mr. Maron, Mr. Ahuja, and Ms. O'Brien a screenshot of a text message from H.E. Mr. Yasir Al-Rumayyan to Mr. Musk on August 10. Defendants seek to rely on this email for the truth of the matter asserted that the PIF gave Tesla permission to acknowledge they were working on a deal with Tesla, and that the PIF supported the go private transaction. | *See* Defendants' response to Exhibit 75.  Exhibit 93 is not hearsay because it is not being offered for the truth of the matter asserted (i.e., to prove that the PIF did in fact give Tesla "permission to acknowledge" the PIF's involvement).  Rather, it reflects Mr. Musk's state of mind related to his understanding of the status of discussions with the PIF and their level of their interest in financing the transaction to take Tesla private. | |
| Elon Musk | 101 | No objection. | N/A | |
| Elon Musk | 105 | Fed. R. Evid. 401, 402, 801.  Exhibit 105 is a hearsay email chain dated November 2016 from Saad Aljarboa, a representative of the PIF, attempting to schedule a meeting for the following week between Mr. Musk and H.E. Mr. Yasir Al-Rumayyan. Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to meet with Mr. Musk, and Mr. Musk wanted to meet with H.E. Mr. Yasir Al-Rumayyan going back to and in November 2016, and is | *See* Defendants' response to Exhibit 75. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | therefore hearsay. This email chain is also irrelevant as it is almost two years prior to the tweets at issue in this case, and does not indicate that the topic of the meeting was taking Tesla private. Therefore, it does not have a tendency to make any fact more or less probable. | | |
| Elon Musk | 106 | Fed. R. Evid. 401, 402, 602, 801.  Exhibit 106 is a hearsay email chain between Ms. Gallagher and Mr. Musk dated January 31, 2017 with the subject line "Yasir wants to meet in SF". Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to or did meet with Mr. Musk in early 2017, and is therefore hearsay.  This email chain is also irrelevant as it is almost two years prior to the events at issue in this case and does not indicate that the topic of the meeting was taking Tesla private. Therefore, it does not have a tendency to make any fact more or less probable. Further, Mr. Musk does not have actual knowledge of the communications between Ms. Gallaher and H.E. Mr. Yasir Al-Rumayyan. | *See* Defendants' response to Exhibit 75.  Further, Mr. Musk is on the email chain so he has personal knowledge of it. | |
| Elon Musk | 107 | Fed. R. Evid. 401, 402, 801, 805.  Exhibit 107 is a hearsay email chain in February and March 2017 between Mr. Musk and members of the PIF, including H.E. Mr. Yasir Al-Rumayyan with the subject line "OpenAI Funding". Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to or did meet in San Francisco in early 2017, that | *See* Defendants' response to Exhibit 75. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | the PIF was interested in or did invest in OpenAI funding, that the PIF wanted to know how to proceed, and/or that Mr. Musk subsequently called H.E. Mr. Yasir Al-Rumayyan. The email itself is hearsay, as well as the contents of the emails. It is improper hearsay and hearsay within hearsay under 801 and 805.  This email chain is also irrelevant as it is almost two years prior to the events at issue in this case and does not indicate that the topic of the meeting was taking Tesla private. The fact that the PIF may or may not have been interested in funding OpenAI does not have a tendency to make any fact more or less probable. | | |
| Elon Musk | 109 | Fed. R. Evid. 602, 801.  Exhibit 109 is a hearsay email chain between Mr. Teller and members of the PIF. Defendants seek to introduce this email for the truth of the matter asserted, including that H.E. Mr. Yasir Al-Rumayyan wanted to meet with Mr. Musk in July 2018, that a meeting was scheduled for July 31, 2018, and that meeting took place on July 31, 2018. The email itself is hearsay, as well as the contents of the emails. It is improper hearsay and hearsay within hearsay under 801 and 805.  Mr. Musk is not on the email chain and therefore lacks personal knowledge of the contents of this Exhibit. | *See* Defendants' response to Exhibit 75. | |
| Elon Musk | 121 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 141 | Fed. R. Evid. 401, 402, 403, 601, 801.  Exhibit 141 is a hearsay email chain dated March 30, 2018 between Mr. Teller and representatives of the PIF, attempting to schedule a meeting between Mr. Musk and H.E. Mr. Yasir Al-Rumayyan. Mr. Teller then forwards the meeting to Mr. Viecha indicating that "Yasir and Elon have met a couple of times" and the PIF is "gigantic". This description is prejudicial under 403 and given the time, its probative value does not outweigh the prejudice. Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to meet with Mr. Musk, and Mr. Musk wanted to meet with H.E. Mr. Yasir Al-Rumayyan going back to and in March 2018. They will also use it to show that "Elon and Yasir" had met and that the fund was "gigantic". The email is hearsay and the contents of the email are hearsay within hearsay.  Mr. Musk is not a party to this email chain and therefore does not have personal knowledge of its contents under 602.  This email chain is also irrelevant as it is well before the tweets at issue in this case, and does not indicate that the topic of the meeting was taking Tesla private. Therefore, it does not have a tendency to make any fact more or less probable. | *See* Defendants' response to Exhibit 75. | |
| Elon Musk | 165 | Fed. R. Evid. 602.  Exhibit 165 are Mr. Ahuja's call logs which Mr. Musk does not have personal knowledge over. | Exhibit 165 is *Mr. Musk's* call log, not Deepak Ahuja's. | |
| Elon Musk | 171 | No objection. | N/A | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 179 | No objection. | N/A | |
| Elon Musk | 229 | No objection. | N/A | |
| Elon Musk | 236 | No objection. | N/A | |
| Elon Musk | 243 | No objection. | N/A | |
| Elon Musk | 254 | No objection. | N/A | |
| Elon Musk | 322 | No objection. | N/A | |
| Elon Musk | 361 | No objection. | N/A | |
| Elon Musk | 789 | Fed. R. Evid. 401, 402.  Exhibit 789 is an email from Mr. Teller to Mr. Musk on April 26, 2017 forwarding an email from representatives of the PIF requesting a meeting with Mr. Musk in April/May 2017. Mr. Teller tells Mr. Musk "Regardless of Tesla's financing plans it might be useful to get his financial support for OpenAI". This email is irrelevant as it dated early 2017, and as Mr. Teller indicates, any meeting would relate to "financial support for OpenAI" and does not relate to any of the events in this case. Therefore, it does not have the tendency to make a fact more or less probable under 401 and is inadmissible under 402. | *See* Defendants' response to Exhibit 75. | |
| Elon Musk | 818 | No objection. | N/A | |
| Elon Musk | 825 | Fed. R. Evid. 106, 403, 801, 805.  Exhibit 825 is a hearsay email dated August 12, 2018 from Mr. Musk to Mr. Maron and Mr. Teller with the subject "Privileged" that attaches a number of text messages between Mr. Musk and H.E. Mr. Yasir Al-Rumayyan. Defendants omit from the exhibit the attached text messages. In the email Mr. Musk indicates that "Yasir has tried to call me several | *See* Defendants' response to Exhibit 75.  Exhibit 825 is not hearsay (nor hearsay within hearsay) because Defendants are offering it to show Mr. Musk's state of mind and what the PIF expressed to him, rather than *the truth* of what they expressed to him: "There is no question that PIF said they were was all-in for a Tesla take-private | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | times today", that Mr. Musk would not take the call unless "he takes action to correct the public record", and summarizes Mr. Musk's version of events from the July 31, 2018 meeting between Mr. Musk and the PIF. Defendants will seek to introduce this email for the truth of the matter asserted that H.E. Mr. Yasir Al-Rumayyan tried calling Mr. Musk and that Mr. Musk's versions of events actually occurred at the meeting. The email is hearsay and Mr. Musk's summary of the meeting that took place almost 2 weeks before is hearsay within hearsay and is too far removed to fall under 803(1) or 803(3). This email is incomplete under 106 as it does not include the attached images to the email which consists of Mr. Musk's text messages with H.E. Mr. Yasir Al-Rumayyan. To the extent that the Court allows this exhibit, Defendants should be required to produce it with all of its attachments. Additionally the prejudice of this email outweighs the benefits as it is after the start of the SEC investigation, was made 2 weeks after the initial meeting and is also therefore prejudicial under 403. *See* Attached Updated Exhibit 825. | when we met two weeks ago and I clarified whether Yasir was the decision-maker and he said yes unequivocally and, moreover, that this was fully backed by the crown Prince." Exhibit 825 is a contemporaneous and highly probative reflection of Mr. Musk's understanding of his dealings with the PIF. Plaintiff does not and cannot explain how any unfair prejudice of Exhibit 825 (there is none) substantially outweighs the probative value of Mr. Musk's then state of mind. | |
| Elon Musk | 827 | Fed. R. Evid. 401, 402, 801. Exhibit 827 is a calendar invite for March 8, 2017 from "EMDesk" with the subject "7:30 PM: Tour w/ Masa, Larry & Yasir" including a written itinerary for the day. Defendants will use this invite for the truth of the matter asserted that Mr. Musk met with Masa, Larry & Yasir on March 8, 2017 and that the events in the invite occurred. This is improper hearsay | *See* Defendants' response to Exhibit 75. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | under 801.  Additionally, whether Mr. Musk gave a "Tour w/ Masa, Larry & Yasir" in early March 2017 is irrelevant to the take private transaction in August 2018. The invite does not indicate what the topic for discussion was or even that Mr. Musk actually met with them, just that they would be given a "Tour" and "Dinner". Therefore it is irrelevant under 401 and inadmissible under 402. | | |
| Elon Musk | 979 | Fed. R. Evid. 401, 402.  Exhibit 979 is a thread of August 8, 2018 Tweets from Musk at 6:12 p.m. The tweets in Exhibit 979 are related to "Tesla's deliveries & AP hardware", are questions about when consumers can expect updates and have nothing to do with the going private transaction. They are therefore, irrelevant and not admissible. | Plaintiff seeks to selectively show the jury single tweets by Mr. Musk outside of the class period in an effort to prove that Mr. Musk uses Twitter recklessly.  (*See, e.g.*, Plaintiff's intended use of Exhibit 321.)  Exhibit 979, which—unlike Exhibit 321—is within the class period, rebuts Plaintiff's argument and reflects Mr. Musk's actual typical use of Twitter. | |
| Elon Musk | 980 | Fed. R. Evid. 106, 401, 402.  Exhibit 980 is a thread of August 8, 2018 Tweets from Musk at 6:09 p.m. The tweets in Exhibit 980 are related to whether "the in-car purchase self-driving will get the upgrade too?" and have nothing to do with the going private transaction or events alleged in this case. They are therefore, irrelevant and not admissible. Finally, the tweet is incomplete as it is unclear what "@komocode" is responding to and the number of likes, quote tweets, and retweets has been excluded. | *See* Defendants' response to Exhibit 979. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 981 | Fed. R. Evid. 401, 402. Exhibit 981 is a thread of August 10, 2018 Tweets from Musk at 1:02 a.m. The tweets in Exhibit 981 are in response to "SpaceXUpdates", solely relate to SpaceX and have nothing to do with the going private transaction or events in this case. They are therefore, irrelevant and not admissible. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 982 | Fed. R. Evid. 401, 402, 403, 404, 801. Exhibit 982 is a thread of August 10, 2018 Tweets from Musk at 2:08 a.m. The tweets in Exhibit 982 are related to Musk "literally saving" Johnna Crider's life by replying to one of her tweets. It also includes Musk response which talks about his "Nana" and to "Believe in good." This thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. They are therefore, irrelevant and not admissible. Defendants seek to introduce this exhibit for the truth of the matter asserted, that Mr. Musk did in fact save Ms. Crider's life. This is improper character evidence and is highly prejudicial to Plaintiff and risks confusion to the jury. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 983 | Fed. R. Evid. 106, 401, 402. Exhibit 983 is a thread of August 1, 2018 – August 10, 2018 Tweets from Musk at 4:34 p.m. The tweets in Exhibit 983 are related to Chubbies (a clothing store) and producing "short shorts". Whether "Short shorts" were coming soon to Tesla merch is irrelevant to the going private transaction, and therefore | *See* Defendants' response to Exhibit 979. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | inadmissible under 402.  Finally, the tweet is incomplete as it is unclear what "@Chubbies" is responding to and the number of likes, quote tweets, and retweets has been excluded. | | |
| Elon Musk | 984 | Fed. R. Evid. 106, 401, 402.  Exhibit 984 is a thread of August 11, 2018 Tweets from Musk. The tweets in Exhibit 984 are related to "short shorts". Whether "Short shorts" were coming soon to Tesla merch is irrelevant to the going private transaction, and therefore inadmissible under 402.  Finally, the tweets are incomplete as they do not include the time when the tweets were sent. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 985 | Fed. R. Evid. 401, 402. Exhibit 985 is a tweet from Elon Musk dated August 11, 2018. The tweet is related to Mr. Musk's plans to make Tesla's vehicle security software for free use by other car makers, and does not relate to the taking private transaction or events of this case. It is therefore irrelevant and not admissible. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 986 | Fed. R. Evid. 401, 402.  Exhibit 986 is a thread of tweets by Mr. Musk dated August 10, 2018 to August 11, 2018 relating to "Short shorts coming soon to Tesla merch". Whether "Short shorts" were coming soon to Tesla merch is irrelevant to the going private transaction, and therefore inadmissible under 402. | *See* Defendants' response to Exhibit 979. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 987 | Fed. R. Evid. 401, 402. Exhibit 986 is a thread of tweets by Mr. Musk dated August 10, 2018 to August 11, 2018 relating to "Short shorts coming soon to Tesla merch". Whether "Short shorts" were coming soon to Tesla merch is irrelevant to the going private transaction, and therefore inadmissible under 402. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 988 | Fed. R. Evid. 401, 402. Exhibit 986 is a thread of tweets by Mr. Musk dated August 10, 2018 to August 11, 2018 relating to "Short shorts coming soon to Tesla merch". Whether "Short shorts" were coming soon to Tesla merch is irrelevant to the going private transaction, and therefore inadmissible under 402. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 989 | Fed. R. Evid. 401, 402. Exhibit 986 is a thread of tweets by Mr. Musk dated August 10, 2018 to August 11, 2018 relating to "Short shorts coming soon to Tesla merch". Whether "Short shorts" were coming soon to Tesla merch is irrelevant to the going private transaction, and therefore inadmissible under 402. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 990 | Fed. R. Evid. 106, 401, 402, 403, 404. In Exhibit 990, Mr. Musk responds to a tweet from Fred Lambert about the design of Tesla's cars. He tweets, "primary focus must remain on making affordable version of Model 3 & brining Y to market." This thread discussing Tesla's design and Mr. Musk's desire to make Tesla's cars affordable has nothing to do with the going private | *See* Defendants' response to Exhibit 979. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. It is therefore irrelevant and not admissible.  Furthermore, this is improper character evidence and is highly prejudicial to Plaintiff and risks confusion to the jury. This exhibit is also incomplete as the first tweet does include the time. | | |
| Elon Musk | 991 | Fed. R. Evid. 106, 401, 402. Exhibit 991 contains a series of tweets from Mr. Musk.  The exhibit notes that "The original tweets were deleted by author," so it is impossible to determine the subject that Mr. Musk is replying to. Mr. Musk's first tweet indicates that the subject is the design of Tesla's cars.  Whatever the subject might be, this thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. It is therefore irrelevant and not admissible.  Furthermore, this exhibit is incomplete because of the deletion of the original tweets Mr. Musk is replying to and because the tweets do not include times. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 992 | Fed. R. Evid. 106, 401, 402.  Exhibit 992 is an August 12, 2018 tweet from Mr. Musk, which includes a video of Tesla's performance testing in Alaska. This thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. It is therefore irrelevant | *See* Defendants' response to Exhibit 979. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | and not admissible.  This exhibit is also incomplete as it does include the time. | | |
| Elon Musk | 993 | Fed. R. Evid. 106, 401, 402.  Exhibit 993 is an August 13, 2018 twitter exchange between Mr. Musk and "@Josh1C." "@Josh1C" tweets at Mr. Musk with a suggestion for Tesla, to which Mr. Musk replied, "Good idea, we will add this feature!" This thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. It is therefore irrelevant and not admissible.  Finally, the exhibit is incomplete as "@Josh1C"'s first tweet does not include the time. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 994 | Fed. R. Evid. 106, 401, 402.  Exhibit 994 is an August 13, 2018 twitter exchange between Mr. Musk and Amit Katwala regarding his piece on Mr. Musk in Wired Magazine. This thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. It is therefore irrelevant and not admissible. Finally, the exhibit is incomplete, as several of the tweets do not include times. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 995 | Fed. R. Evid. 106, 401, 402.  In Exhibit 995, Mr. Musk responds to an August 13, 2018 tweet from "@physong_com" that includes a link to its article "Breaking down the Wiedemann-Franz law."  He replies, | *See* Defendants' response to Exhibit 979. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | "ETH beam heh heh." This thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. It is therefore irrelevant and not admissible. Finally, the exhibit is incomplete as "@physong_com"'s initial tweet does not include a time. | | |
| Elon Musk | 996 | Fed. R. Evid. 106, 401, 402.  Exhibit 998 contains an August 10, 2018 twitter exchange between Mr. Musk and "@kevinmitnick."  @kevinmitnick tweets at Mr. Musk about #DEFCON26, a reference to a hacking conference. Mr. Musk replied in code. This thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. It is therefore irrelevant under 401 and not admissible under 402.  Finally, the exhibit is incomplete as "@kevinmitnick"'s initial tweet does not include a time. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 997 | Fed. R. Evid. 106, 401, 402.  Exhibit 997 is a thread of tweets dated August 14, 2018.  On August 14, 2018, Mr. Musk tweeted "Hex nostalgia." @MacTechGenius replied, "My Favorite color is #0000FF ...what's yours?" To which, Mr. Musk replied, "Blue too." This thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. It is therefore irrelevant under 401 and not admissible under 402.  Finally, the | *See* Defendants' response to Exhibit 979. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | exhibit is incomplete as the tweet Mr. Musk is replying to, which included "@kaushal_k" and "@kevinmitnick" is not part of the exhibit. The times of two of the tweets in the thread are also not included in the exhibit. | | |
| Elon Musk | 998 | Fed. R. Evid. 106, 401, 402. Exhibit 998 is a thread of tweets dated August 15, 2018, and August 16, 2018 relating to "Defeating traffic" and video games in Tesla cars. The thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. It is therefore irrelevant under 401 and not admissible under 402. Finally, the exhibit is incomplete as it is unclear what @BSaiHemanth is responding to and the time of this tweet is not included in the exhibit. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 999 | Fed. R. Evid. 401, 402. Exhibit 999 is a tweet from Elon Musk dated August 16, 2018. The tweet is a link to a YouTube video revealing the Tesla Model 3. Tesla's products are irrelevant to the going private transaction and events of this case, and therefore inadmissible under 402. | *See* Defendants' response to Exhibit 979. | |
| Elon Musk | 1000 | Fed. R. Evid. 106, 401, 402. Exhibit 1000 is an August 16, 2018 tweet from Mr. Musk. The tweet is omitting the original tweet and does not include the time it was posted. The tweet in Exhibit 1000 relates to Tesla's hardware and is not related to the taking private transaction. They are therefore, irrelevant and not admissible. Finally, the | *See* Defendants' response to Exhibit 979. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | exhibit is incomplete the time it was tweeted has been excluded. | | |
| Elon Musk | 1001 | Fed. R. Evid. 801. Exhibit 1001 is an email from Ron Baron to Elon Musk on August 7, 2018 indicating that if Tesla goes private, Ron Baron would like to "continue to be an investor". Defendants use this email for the truth of the matter asserted to show that Mr. Baron in fact wanted to be an investor and is therefore improper hearsay under 801. | Exhibit 1001 is not hearsay because Defendants are not offering it for the truth of the matter asserted (i.e., to prove that Mr. Baron did in fact want to invest in a private Tesla). Rather, Defendants are offering Exhibit 1001 to reflect Mr. Musk's *state of mind* (i.e., whether he had a reasonable basis to believe Tesla investors were supportive of his consideration of taking Tesla private). Shortly after receiving the email in Exhibit 1001 from Mr. Baron, Mr. Musk tweeted his belief that he had investor support to take Tesla private. In the days that followed, Mr. Musk published a blog post reflecting his belief that many of the current Tesla investors would roll over their shares into a private Tesla. Exhibit 1001 provides a basis for Mr. Musk's beliefs. | |
| Brinkman | 10 | No objection. | N/A | |
| Brinkman | 18 | No objection. | N/A | |
| Brinkman | 22 | No objection. | N/A | |
| Brinkman (Defendants' counter designations) | | No objections. | N/A | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Viecha | 8 | No objection. | N/A | |
| Viecha | 12 | No objection. | N/A | |
| Viecha | 13 | No objection. | N/A | |
| Viecha | 145 | Fed. R. Evid. 801.  Exhibit 145 is an email chain between Mr. Viecha and Mr. Hogner regarding whether the "tweets are real". Defendants use this email to show the truth of the matter asserted, that Mr. Hogner wanted to know whether the tweets were real, to show that the "Tweets are official", and/or that Mr. Hogner was "Congratulat[ing]" Tesla for going private. It is therefore hearsay under 801. | Exhibit 145 reflects, as the Court put it, "the market's perception" of Mr. Musk's tweets, which the Court held "will generally be deemed relevant and admissible for a non-hearsay purpose."  (ECF No. 575 at 2.)  Defendants, however, continue to maintain their objections to Plaintiff's efforts to cherry pick and show the jury selective analyst reports and news articles that support their case.  (*See, e.g.*, Exs. 15, 23.) | |
| Viecha | 161 | No objection. | N/A | |
| Viecha | 171 | No objection. | N/A | |
| Viecha | 336 | Fed. R. Evid. 801, 805.  Exhibit 336 is an August 14, 2018 email from Mr. Viecha to Mr. Musk regarding "UBS wealth management['s]" ability to invest in a private Tesla and noting "they would like to start a dialogue." Defendants use this email for the truth of the matter asserted that UBS was able and wanted to invest billions in a private Tesla. The email to Mr. Musk is hearsay and the summary of the conversation with UBS is hearsay within hearsay. | *See* Defendants' responses to Exhibits 145 and 1001. | |
| Viecha | 975 | No objection. | N/A | |