UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA INC. SECURITIES LITIGATION | Case No. 18-cv-04865-EMC<br><br>**COURT'S PROPOSED VERDICT FORM**<br><br>Docket Nos. 520, 528 |

The Court's proposed verdict form is below. The Court explains each section of the proposed verdict form as follows.

First, as the Court has previously explained, it generally prefers to use a general verdict form where appropriate to do so for clarity and the sake of simplicity. Courts in other securities class actions—including this Court—have previously used general verdict forms to decide liability. *See generally* Docket No. 476 (providing examples of general verdict forms used in other securities cases). The Court has therefore adopted Plaintiff's proposed form of verdict for the Rule 10B-5 Claim Liability section.

Second, for the Rule 10B-5 Claim Damages section, the parties disagree about whether the verdict form should include either an empty table where the jury can write in their determinations of artificial inflation and implied volatilities, a prefilled table using the calculations of Plaintiff's expert, or both an empty table and a prefilled table. *See* Docket Nos. 528-1 (Defendants' Second Amended Proposed Verdict, or "Def. Verdict") at 4–6, Docket No. 520-1 (Plaintiff's Second Amended Proposed Verdict, or "Pl. Verdict") at 3–5. If the evidence at trial is sufficient for a reasonable juror to conclude that Tesla stock was artificially inflated by some but not all of the

amount of inflation described by Professor Hartzmark in his report, then the Court will include a blank table instead of a table with prefilled numbers. The Court will not include two separate tables (one blank and one prefilled).

Defendants also seek to have the jury answer two questions that are not included in Plaintiff's proposed verdict form. *See* Def. Verdict at 4–5. Defendants contend that the jury must make a separate finding regarding the date in which the market price of Tesla stock returned to the level that it would have been trading at absent any material misrepresentations, and whether Plaintiff has proven what the implied volatilities for each Tesla stock option traded during each day of the Class Period would have been but for Mr. Musk's tweets. *Id.* Neither question is necessary because the jury will already be making these determinations by calculating the amount of artificial inflation and the "but for" implied volatility percentages proved by Plaintiff for each day of the Class Period. The Court has thus omitted these questions from the proposed verdict form.

Third, for the Section 20(A) Claim Liability section, the Court has incorporated Defendants' proposed section because it includes a question regarding the good faith defense.

Finally, there are two key differences in the last section of the verdict form regarding allocation of responsibility. First, the parties disagree about whether the PSLRA requires a statement-by-statement allocation of responsibility between the defendants. Second, the parties disagree about whether the jury should decide that the defendant made a "knowing violation" or acted with actual knowledge /deliberate recklessness.

As for the first point of dispute, the Court agrees with Plaintiff that no aspect of the statute requires the jury to determine responsibility between the defendants for *each* statement. The PSLRA requires the jury to "make findings . . . concerning . . . the percentage of responsibility of [defendants], measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff; and whether such person knowingly committed a violation of the securities laws." 15 U.S.C. § 78u-4(f)(3)(A). Moreover, neither the *Vivendi* nor the *Household* verdict forms required a statement-by-statement allocation of responsibility. *See* Docket No. 593-3 at 69; Docket No. 593-2 at 42. The Court has thus incorporated Plaintiff's

1  proposal because Defendants have not shown that the jury needs to decide whether each defendant
2  acted with scienter for each false statement.
3      Second, as for the level of scienter required for the allocation of responsibility, the PSLRA
4  requires the jury to decide whether a defendant "knowingly committed a violation of the securities
5  laws." 15 U.S.C. § 78u-4(f)(3)(A)(iii). This is because any defendant who knowingly violated
6  securities laws is jointly and severally liable under 15 U.S.C. § 78u-4(f)(2)(A). The Court has
7  adopted Plaintiff's proposed language regarding whether the relevant Defendants committed a
8  knowing violation of the federal securities laws.

10  **IT IS SO ORDERED**.

12  Dated: January 17, 2023

_____
EDWARD M. CHEN
United States District Judge

## A.     RULE 10B-5 CLAIM: LIABILITY

**Statement No. 1: "Am considering taking Tesla private at $420.  Funding secured."**

1. Has Plaintiff proved their Rule 10b-5 Claim against Elon Musk for Statement No. 1 identified above?

    Yes: \_\_\_\_\_          No: \_\_\_\_\_

2. Has Plaintiff proved their Rule 10b-5 Claim against Tesla Inc. for Statement No. 1 identified above?

    Yes: \_\_\_\_\_          No: \_\_\_\_\_

---

PLEASE PROCEED TO THE NEXT PAGE.

**Statement No. 2: "Investor support is confirmed. Only reason why this is not certain is that it's continent on a shareholder vote."**

3. Has Plaintiff proved their Rule 10b-5 Claim against Elon Musk for Statement No. 2 identified above?

    Yes: _____        No: _____

4. Has Plaintiff proved their Rule 10b-5 Claim against Tesla Inc. for Statement No. 2 identified above?

    Yes: _____        No: _____

---

IF YOU CHECKED "YES" FOR ONE OR MORE QUESTIONS IN STATEMENT NOS. 1 OR 2, PLEASE PROCEED TO THE NEXT PAGE.

IF YOU CHECKED "NO" FOR EVERY QUESTION IN STATEMENT NOS. 1 AND 2, PLEASE PROCEED TO SECTION E.

B.  **RULE 10B-5 CLAIM: DAMAGES**

1. Determine the amount of artificial inflation per share of Tesla stock proved by Plaintiff on each date during the Class Period and write it in the table below.

|  | 07-Aug | 08-Aug | 09-Aug | 10-Aug | 13-Aug | 14-Aug | 15-Aug | 16-Aug | 17-Aug |
|---|---|---|---|---|---|---|---|---|---|
| ($/share) | $__.__ | $__.__ | $__.__ | $__.__ | $__.__ | $__.__ | $__.__ | $__.__ | $__.__ |

PLEASE PROCEED TO THE NEXT PAGE.

6

2. Determine the "but for" implied volatility percentages proved by Plaintiff for each option contract maturity date during the Class Period and write it in the table below.

|  | Day of Class Period at Close of Market | | | | | | | |
|---|---|---|---|---|---|---|---|---|
|  | 07-Aug | 08-Aug | 09-Aug | 10-Aug | 13-Aug | 14-Aug | 15-Aug | 16-Aug |
| Aug 10, 2018 | ____% | ____% | ____% | NA | NA | NA | NA | NA |
| Aug 17, 2018 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Aug 24, 2018 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Aug 31, 2018 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Sep 7, 2018 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Sep 14, 2018 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Sep 21, 2018 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Sep 28, 2018 | NA | NA | ____% | ____% | ____% | ____% | ____% | ____% |
| Oct 19, 2018 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Nov 16, 2018 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Dec 21, 2018 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Jan 18, 2019 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Feb 15, 2019 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Mar 15, 2019 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Jun 21, 2019 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Aug 16, 2019 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |
| Jan 17, 2020 | ____% | ____% | ____% | ____% | ____% | ____% | ____% | ____% |

PLEASE PROCEED TO THE NEXT PAGE.

3. Determine the amount of artificial inflation per Tesla corporate bond proved by Plaintiff on each date during the Class Period and write it in the table below.

|  | 07-Aug | 08-Aug | 09-Aug | 10-Aug | 13-Aug | 14-Aug | 15-Aug | 16-Aug | 17-Aug |
|---|---|---|---|---|---|---|---|---|---|
| 2019 Note |  |  |  |  |  |  |  |  |  |
| 2021 Note |  |  |  |  |  |  |  |  |  |
| 2022 Note |  |  |  |  |  |  |  |  |  |

PLEASE PROCEED TO THE NEXT PAGE.

**C.  SECTION 20(A) CLAIM: LIABLITY**

*If you answered "Yes" to one or more questions in Section A, please answer the following questions.*

1. Has Plaintiff proved the Section 20(a) Claim as to any of the Tesla Director Defendants (check all that apply):

   Brad W. Buss:          Yes: _____          No: _____

   Robyn Denholm:         Yes: _____          No: _____

   Ira Ehrenpreis:        Yes: _____          No: _____

   Antonio J. Gracias:    Yes: _____          No: _____

   James Murdoch:         Yes: _____          No: _____

   Kimbal Musk:           Yes: _____          No: _____

   Linda Johnson Rice:    Yes: _____          No: _____

2. If you answered "Yes" in response to Question No. 1 as to any Defendant, have Defendants proved a Good Faith Defense as to that Defendant (check all that apply):

   Brad W. Buss:          Yes: _____          No: _____

   Robyn Denholm:         Yes: _____          No: _____

   Ira Ehrenpreis:        Yes: _____          No: _____

   Antonio J. Gracias:    Yes: _____          No: _____

   James Murdoch:         Yes: _____          No: _____

   Kimbal Musk:           Yes: _____          No: _____

   Linda Johnson Rice:    Yes: _____          No: _____

PLEASE PROCEED TO THE NEXT PAGE.

### D. ALLOCATION OF RESPONSIBILITY

1. For any Defendant whom you found liable, did that Defendant commit a knowing violation of the federal securities laws?  Only answer this question as to the Defendants against whom you found that Plaintiff proved a claim.

| | | |
|---|---|---|
| Elon Musk: | Yes: _____ | No: _____ |
| Tesla: | Yes: _____ | No: _____ |
| Brad W. Buss: | Yes: _____ | No: _____ |
| Robyn Denholm: | Yes: _____ | No: _____ |
| Ira Ehrenpreis: | Yes: _____ | No: _____ |
| Antonio J. Gracias: | Yes: _____ | No: _____ |
| James Murdoch: | Yes: _____ | No: _____ |
| Kimbal Musk: | Yes: _____ | No: _____ |
| Linda Johnson Rice: | Yes: _____ | No: _____ |

PLEASE PROCEED TO THE NEXT PAGE.

2. Please decide each Defendant's share of responsibility for Plaintiff's losses. Only assign a percentage of responsibility to those Defendants whom you found liable, including those who acted recklessly. The total must add up to 100%.

Elon Musk: _____%

Tesla: _____%

Brad W. Buss: _____%

Robyn Denholm: _____%

Ira Ehrenpreis: _____%

Antonio J. Gracias: _____%

James Murdoch: _____%

Kimbal Musk: _____%

Linda Johnson Rice: _____%

---

PLEASE PROCEED TO THE NEXT PAGE.

E.  **RETURN OF VERDICT**

Once the form is completed, the foreperson for the jury must sign and date it below.

Dated: _____        Signed_____
                                                                          Jury Foreperson