Warren Metlitzky
Conrad | Metlitzky | Kane LLP
wmetlitzky@conmetkane.com
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
(415) 343-7100

Julie M. Riewe
Debevoise & Plimpton LLP
jriewe@debevoise.com
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 383-8070

Elliot Greenfield (*pro hac vice*)
Debevoise & Plimpton LLP
egreenfield@debevoise.com
66 Hudson Boulevard
New York, NY 10001
(212) 909-6772

Attorneys for Silver Lake
Technology Management, L.L.C.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC-KAW<br><br>**SILVER LAKE'S MOTION IN LIMINE CONCERNING CONFIDENTIALITY OF THIRD PARTY DOCUMENTS AND INFORMATION** |

1  Silver Lake Technology Management, L.L.C. ("Silver Lake") submits this memorandum
2  in support of its motion in limine to maintain the confidentiality of certain trial exhibits.

### ARGUMENT

4  Based on the parties' Witness and Exhibit Lists for Day 2 of trial, it appears they intend to
5  introduce the following Silver Lake documents as exhibits:  174, 175, 179, 181, 182, 186, 190,
6  191, 192, 194, 199 and 201.  (*See* Dkt. Nos. 576, 578.)  All of these documents were marked
7  confidential pursuant to the terms of the governing protective order and some of them contain
8  information the public disclosure of which would substantially harm Silver Lake.  Without any
9  basis or reason for doing so, the parties have indicated an intention to introduce into evidence a
10 compendium of hundreds of text messages that, were they introduced into evidence as presently
11 contemplated, would cause a significant, untailored and unwarranted intrusion into the personal
12 privacy of a number of individuals who are non-parties to this litigation.  A substantial number of
13 such messages are unlikely to even be used during trial but would nevertheless be made publicly
14 available notwithstanding that the parties can easily take steps to appropriately narrow the exhibits
15 to only those text messages they intend to use.  The parties also apparently intend to introduce
16 unredacted versions of Silver Lake's business records even though their public disclosure would
17 substantially impair Silver Lake's business and competitive position.  As explained in more detail
18 below, the Court should require the parties to redact and/or excerpt these documents.  The Court
19 has previously reviewed and confirmed the appropriateness of certain of these redactions to Silver
20 Lake's business records and others that are requested here should be redacted based on the same
21 underlying rationale.

22  *First*, it appears that the parties are planning to introduce over 65 pages of text messages
23 sent and received by Egon Pierre-Durban, Silver Lake's Co-CEO.  Each individual text message,
24 hundreds of which are compiled in **Exhibits 174 and 182**, is an independent record, but the
25 messages in their totality were compiled in a spreadsheet by Silver Lake and provided to the
26 government for the government's ease of review.  It was certainly never contemplated by Silver
27 Lake that these voluminous personal communications, the majority of which are not likely to be
28 used by any party to the litigation, would be made public.  To limit the intrusion into Mr. Durban's

personal communications and the privacy of all such participants, the Court should require the parties to excerpt from Exhibits 174 and 182 only those text messages that are critical to their case and actually necessary to support a claim or defense.  *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (public interest "limited" where content sought to be sealed "is irrelevant to the Court's decision"); *G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, 2008 WL 687372, *2 (N.D. Cal. Mar. 11, 2008) (sealing third-party information that was of "little or no relevance to the issues that were raised").  Any burden associated with excerpting these documents is minimal as they are easily segregated, and in any event any burden is greatly outweighed by the extent of the intrusion to a large number of non-parties to this litigation.  Public policy further dictates that the parties be required to tailor the exhibits to only the texts they intend to use with a witness.  A contrary result would incentivize parties like Silver Lake to produce such messages to the government in a less user-friendly manner or with redactions for responsiveness.  In sum, ease of use to civil litigants is simply not a basis to make all of these personal communications subject to public dissemination.

In addition, for any message that is introduced, the parties should be ordered to redact all of the personally identifiable information.  That includes all of the cell phone numbers, references to Mr. Durban's family and the location of his home.  *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (compelling reasons exist to seal personally identifiable information).  Not only is this information irrelevant to the litigation, but its disclosure presents a security risk to Mr. Durban and his family.  Silver Lake respectfully requests the opportunity to be heard by the Court on this matter given the significant privacy and security implications to Mr. Durban and the others with whom he communicated should the Court be disinclined to grant these requested redactions.

*Second*, in connection with the parties' summary judgment briefing, Silver Lake sought permission to redact discrete portions of **Exhibits 179, 194 and 201**.  (*See* Dkt. Nos. 362 (brief), 362-1 (declaration of Sharon Binger), 363 (redacted exhibits).)  The Court has already approved those redactions (*see* Dkt. No. 387 at 19) and the parties should be required to use the redacted exhibits during the trial.  Specifically, as explained in Silver Lake's prior brief and supporting

declaration, the final bullet in Exhibit 194 is appropriately redacted because it reveals the identities of certain of Silver Lake's investors, which Silver Lake does not publicly disclose and have nothing to do with this litigation.  Publicly identifying the names of these investors will jeopardize Silver Lake's relationship with them and could impair its ability to raise future capital.  (Dkt. No. 362 at 3.)  Portions of Exhibits 179 and 201 are appropriately redacted because they reveal the confidential and proprietary manner through which Silver Lake analyzes potential investments.  There is no one-size-fits-all method for vetting potential investments, and competitors would gain an unfair advantage over Silver Lake if Silver Lake's methodology and underlying perspectives regarding Tesla, Inc. and the electric vehicle industry – a substantial and growing sector of the economy – were to be made public.  (Dkt. No. 362 at 3-4.)

*Third*, portions of **Exhibits 182 and 191** should be redacted for the same reasons as Exhibit 194 – they include references to Silver Lake's investors.  *See Oracle Partners*, 2021 WL 1022874, *2 (sealing names of "non-party shareholders"); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (sealing documents containing "specific customer names").  Specifically, the name of the investor in "Record" 2164 of Exhibit 182 and the five bullets to the right of "SL/Affiliates" in Exhibit 191 should not be publicly disclosed.  The Court should require the parties to redact the names of Silver Lake's investors in Exhibits 182 and 191.

Silver Lake's counsel has attempted to contact counsel for the parties to address this issue, first on telephone calls with counsel and then with follow-up emails.  This outreach has been unsuccessful:  the parties have not agreed to redact Silver Lake's and Mr. Durban's confidential and personal information.  Now, with the parties indicating that they intend to introduce the exhibits starting tomorrow, Silver Lake is forced to bring this motion to seek Court intervention to prevent the disclosure of third-party confidential information.

## CONCLUSION

Silver Lake respectfully requests that the Court require the parties to redact and/or excerpt Exhibits 174, 179, 182, 191, 194 and 201 as identified above.

| | | |
|---|---|---|
| 1 | DATED: January 17, 2023 | **CONRAD | METLITZKY | KANE LLP** |
| 2 | | */s/ Warren Metlitzky* |
| | | Warren Metlitzky |