QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (*appearing pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (*appearing pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (*appearing pro hac vice*)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' PROPOSAL REGARDING JURY INSTRUCTIONS RELATING TO SCIENTER AND RECKLESSNESS** |

**PRELIMINARY STATEMENT**

Following today's hearing, Defendants make the following proposal regarding the scienter instruction.

In its summary judgment order, the Court held that "there is no genuine dispute…that Mr. Musk recklessly made" the alleged misstatements at issue in this case.  ECF. No. 387 at 32.  The Court did not make any finding as to whether Mr. Musk "knowingly" made the alleged misstatements.  While the Ninth Circuit allows proof of recklessness to satisfy the scienter requirement under Section 10(b), *see Gebhart v. SEC*, 595 F.3d 1034, 1040 (9th Cir. 2010), the Supreme Court has "not decided whether recklessness suffices to fulfill the scienter requirement." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 48 (2011).

In the its Order re Final Jury Instructions, the Court suggested that the question of "whether Mr. Musk meets the higher level of scienter" would no longer be relevant, thus obviating the need for any instruction on scienter or recklessness in the context of Plaintiff's 10b-5 claim, if "Defendants are willing to conceded as a matter of law that recklessness will suffice for a 10b-5 claim." *See* ECF No. 573 at 43.  Defendants responded in their Exceptions to the Final Jury Instructions that they would be "willing to consider such an agreement after receiving clarity from the Court as to how it would impact all of the relevant instructions." ECF No. 579 at 2, fn. 1.  The issue was then raised at the first day of trial on January 17, 2023.

Defendants are willing to waive a future argument to the Ninth Circuit and/or the Supreme Court on the narrow issue of whether "recklessness" alone "suffices to fulfill the scienter requirement" conditioned on the Court adopting the jury instructions proposed below and excising the question of 10b-5 scienter from the trial.  Defendants are not willing to stipulate that the element of scienter is met.  To be clear, Defendants are not waiving any other arguments that they may assert relating to any order issued by this Court relating to scienter or recklessness including any argument regarding the Court's finding of recklessness in its summary judgment order (including but not limited to its articulation of the legal standard, application of facts to that standard, or determination that there was no genuine dispute as to material fact with regards to recklessness and scienter), arguments regarding

the jury instructions (including the Court's omission of materiality from its articulation of scienter), and any relevant pre- and post-trial orders.

Defendants will agree to make such a concession only under the following circumstances: (1) the Court will not provide any instruction relating to or make any reference to scienter as an element of the 10b-5 claim in the jury instructions or at trial, (2) the Court will not state or suggest that Plaintiff has proven the element of scienter or that the element has been previously resolved, (3) the Court will not make any reference to its summary judgment order regarding recklessness or make any reference to recklessness except in its instruction on Defense to Control Person Liability; (4) the Court will not give the "Scienter" or "Imputation of Scienter" Instructions; (5) the Court will adopt the below Proposed Instructions on 10b-5 Claim, the Defense to Control Person Liability, and Apportionment.  For the avoidance of doubt, because the issue of scienter will remain a question for the jury to determine as to the Defense to Control Person Liability and because the jury must assess the knowing violation of the securities laws in connection with Apportionment, Defendants agree with Plaintiff that testimony going to state of mind still will come into evidence.

For the convenience of the Court, Defendants provide both a clean version of the Proposed Instruction and a version identifying the proposed edits and changes through underlines and strike-throughs.

I.      **DEFENDANTS' PROPOSED INSTRUCTIONS**

   A.   **Rule 10-b Claim**

**Proposed Instruction:**

The buying and selling of securities is controlled by the Securities Laws. A "10b5-Claim" is a claim brought under a federal statute, Section 10(b) of the Securities Exchange Act of 1934, which in essence prohibits acts of deception in connection with the purchase or sale of a security and in violation of rules and regulations that the SEC has the duty and power to issue. A corresponding SEC Rule, Rule 10b-5, prohibits the misrepresentation of material facts and the omission of material facts in connection with the purchase or sale of securities. A person or business entity who violates the securities laws, including Rule 10b-5, may be liable for damages caused by the violation.

Plaintiff alleges that Elon Musk and Tesla, Inc. violated Rule 10b-5 and harmed investors by making materially false and misleading statements about a proposed going-private transaction and its financing. This is referred to as "Plaintiff's 10b-5 claim."

On this claim, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1) Elon Musk and/or Tesla made untrue statements of a material fact in connection with the purchase or sale of securities;

2) Elon Musk and/or Tesla used an instrument of interstate commerce in connection with the sale and/or purchase of Tesla securities;

3) Plaintiff justifiably relied on Elon Musk and/or Tesla's untrue statements of material fact in buying or selling Tesla securities during the Class Period; and

4) Elon Musk and/or Tesla's misrepresentations caused Plaintiff to suffer damages.

An instrumentality of interstate commerce includes the postal mails, e-mails, telephone, telegraph, telefax, interstate highway system, Internet and similar methods of communication and travel from one state to another within the United States.

You are to assume that the statements "Funding secured" and "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." were untrue. But you still must decide whether these statements were of material facts. A factual representation concerning a security is material if there is a substantial likelihood that a reasonable investor would consider the fact important in deciding whether to buy or sell that security. A material misrepresentation gives a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists.

**Proposed Instruction with Edits Noted:**

The buying and selling of securities is controlled by the Securities Laws. A "10b5-Claim" is a claim brought under a federal statute, Section 10(b) of the Securities Exchange Act of 1934, which in essence prohibits acts of deception in connection with the purchase or sale of a security and in violation of rules and regulations that the SEC has the duty and power to issue. A corresponding SEC Rule, Rule 10b-5, prohibits the misrepresentation of material facts and the omission of material facts

1  in connection with the purchase or sale of securities. A person or business entity who violates the
2  securities laws, including Rule 10b-5, may be liable for damages caused by the violation.
3       Plaintiff alleges that Elon Musk and Tesla, Inc. violated Rule 10b-5 and harmed investors by
4  making materially false and misleading statements about a proposed going-private transaction and its
5  financing. This is referred to as "Plaintiff's 10b-5 claim."
6       On this claim, Plaintiff has the burden of proving each of the following elements by a
7  preponderance of the evidence:
8  1) Elon Musk and/or Tesla made untrue statements of a material fact in connection with
9  the purchase or sale of securities;
10  ~~2) Elon Musk and/or Tesla acted with the necessary state of mind (i.e. knowingly or with~~
11  ~~reckless disregard for the truth or falsity of the statements);~~
12  ~~3~~2) Elon Musk and/or Tesla used an instrument of interstate commerce in connection with
13  the sale and/or purchase of Tesla securities;
14  ~~4~~ 3) Plaintiff justifiably relied on Elon Musk and/or Tesla's untrue statements of material
15  fact in buying or selling Tesla securities during the Class Period; and
16  ~~5~~ 4) Elon Musk and/or Tesla's misrepresentations caused Plaintiff to suffer damages.
17       An instrumentality of interstate commerce includes the postal mails, e-mails, telephone,
18  telegraph, telefax, interstate highway system, Internet and similar methods of communication and
19  travel from one state to another within the United States.
20       You are to assume that the statements "Funding secured" and "Investor support is confirmed.
21  Only reason why this is not certain is that it's contingent on a shareholder vote." were untrue. But you
22  still must decide whether these statements were of material facts. A factual representation concerning
23  a security is material if there is a substantial likelihood that a reasonable investor would consider the
24  fact important in deciding whether to buy or sell that security. A material misrepresentation gives a
25  reasonable investor the impression of a state of affairs that differs in a material way from the one that
26  actually exists.
27  ~~You must also assume that Mr. Musk acted with reckless disregard for whether the statements~~
28  ~~were true. But you must still decide whether he knew that the statements were untrue.~~

### B.      Defense to Control Person Liability[1]

**Proposed Instruction:**

Even if you find that any Tesla director is a controlling person, you must still find that Tesla director not liable if that Tesla director establishes the defense to control person liability. Under the defense to control person liability, each of Tesla's directors has the burden of proving both of the following elements by a preponderance of the evidence:

1. He or she did not directly or indirectly induce the Section 10b–5 violation; and

2. He or she acted in good faith.

For example, the director can prove good faith by establishing that he or she maintained and enforced a reasonable and proper system of supervision and internal control.  Alternatively, if the director is found to have been involved in making a statement which violates Section 10b–5, that director can prove good faith by showing a lack of scienter; i.e. that the director did not know that the statement was false, nor did the director have reckless disregard for whether the statement was true.

"Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or is so obvious that the defendant must have been aware of it.

If you find that a Tesla director has proved both of these elements, your verdict should be for that director. If you find that a director has failed to prove either or both of these elements, your verdict should be for Plaintiff.

**Proposed Instruction with Edits Noted:**

Even if you find that any Tesla director is a controlling person, you must still find that Tesla director not liable if that Tesla director establishes the defense to control person liability. Under the defense to control person liability, each of Tesla's directors has the burden of proving both of the following elements by a preponderance of the evidence:

1. He or she did not directly or indirectly induce the Section 10b–5 violation; and

---

[1] Defendants' Proposed Instruction includes proposed edits first identified in Defendants' Exceptions to the Final Jury Instructions.  For the reasons articulated therein, Defendants request they be adopted.  *See* ECF No. 579, at 12.

2. He or she acted in good faith.

<u>For example,</u> the director can prove good faith by establishing that he or she maintained and enforced a reasonable and proper system of supervision and internal control. <u>Alternatively,</u> if the director is found to have been involved in making a statement which violates Section 10b–5, that director can prove good faith by showing a lack of scienter; i.e. that the director did not know that the statement was false, nor did the director have reckless disregard for whether the statement was true.

<u>"Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or is so obvious that the defendant must have been aware of it.</u>

If you find that a Tesla director has proved both of these elements, your verdict should be for that director. If you find that a director has failed to prove either or both of these elements, your verdict should be for Plaintiff.

**C.   Apportionment of Liability**

**Proposed Instruction:**

If you find that Plaintiff proved the 10b-5 claim against Tesla or Mr. Musk and/or the Section 20(a) claims against the other Defendants, then you must take two more steps.

First, you must determine whether any Defendant knowingly violated any securities law.

A Defendant commits a knowing violation of the securities laws when (1) they make an untrue statement of material fact, with actual knowledge that the representation is false; and (2) persons are likely to reasonably rely on that misrepresentation.

Second, you must determine what percentage of responsibility, if any, to assign to each Defendant whom you have found to be liable. When apportioning responsibility, the percentages you calculate must total 100% among those parties you find responsible even if you believe that some of the Defendants are 0% responsible. In determining the percentage of responsibility, you must consider the nature of the conduct of each person you determine caused or contributed to the losses, if any, incurred by the Plaintiff and the nature and extent of the causal relationship between that person's conduct and the losses, if any, incurred by Plaintiff. If you determine that any

person's actions and omissions did not proximately contribute to the loss incurred by Plaintiff, then you are to assign 0% responsibility to that person.

**Proposed Instruction with Edits Noted:**

If you find that Plaintiff proved the 10b-5 claim against Tesla or Mr. Musk and/or the Section 20(a) claims against the other Defendants, then you must take two more steps.

First, you must determine whether any Defendant knowingly violated any securities law.

A Defendant commits a knowing violation of the securities laws when (1) they make an untrue statement of material fact, with actual knowledge that the representation is false; and (2) persons are likely to reasonably rely on that misrepresentation.

Second, you must determine what percentage of responsibility, if any, to assign to each Defendant whom you have found to be liable ~~(including those who have acted with reckless disregard)~~. When apportioning responsibility, the percentages you calculate must total 100% among those parties you find responsible even if you believe that some of the Defendants are 0% responsible. In determining the percentage of responsibility, you must consider the nature of the conduct of each person you determine caused or contributed to the losses, if any, incurred by the Plaintiff and the nature and extent of the causal relationship between that person's conduct and the losses, if any, incurred by Plaintiff. If you determine that any person's actions and omissions did not proximately contribute to the loss incurred by Plaintiff, then you are to assign 0% responsibility to that person.

DATED: January 17, 2023          Respectfully submitted,

                                 QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                 By: */s/ Alex Spiro*
                                     Alex Spiro *(appearing pro hac vice)*
                                     *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss,*
                                     *Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias,*
                                     *James Murdoch, Kimbal Musk, and Linda Johnson Rice*