*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

\* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Opening Statement | Slide #1 | No Objection | N/A | |
| Opening Statement | Slide #2 | Defendants object to this slide because the Court's summary judgment Order is not proper evidence, because it is inconsistent with the Court's proposed jury instructions, and because it would be highly inflammatory and prejudicial.<br><br>As Defendants previously argued, it would be improper and highly prejudicial to inform the jury that the Court had decided these issues against Mr. Musk, as that would give the Court's imprimatur to Plaintiff's claims. "[J]udicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice.'" *United States v. Sine*, 493 F.3d 1021, 1033-34 (9th Cir. 2007) ("jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves"); *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993); *see also Herrick v. Garvey,* 298 F.3d 1184, 1192 (10th Cir. 2002) ("Juries are likely to give disproportionate weight to such findings of fact because of the imprimatur that has | Slides discussing this Court's summary judgment order are highly relevant and will assist the jury in understanding the issues to be decided by it at the outset of the litigation. These slides are accurate representations of this Court's public Order and entirely consistent with its ruling on partial summary judgment. *See STM Networks, Inc. v. Clay Pac. S.R.L.*, 224 F. App'x 609, 610 (9th Cir. 2007) ("The district court did not abuse its discretion in giving jury instructions consistent with its ruling on partial summary judgment."); *Nutri-Metics Int'l, Inc. v. Carrington Lab'ys, Inc.*, 1992 WL 389246, at *5 (9th Cir. Dec. 22, 1992) ("[t]he court's ruling on the partial summary judgment was read to the jury, both during the trial and as part of the instructions."). In its proposed jury instructions, the Court has stated that the jury "is to assume that the statements 'Funding secured' and 'Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote.' were untrue…You must also assume that Mr. Musk acted with reckless disregard | S |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|------------------------|----------------------|--------|
| | | been stamped upon them by the judicial system."); *U.S. Steel, LLC, v. Tieco, Inc*., 261 F.3d 1275, 1288 (11th Cir. 2001) ("The district court abused its discretion in admitting Judge Garrett's opinion. The jury, not Judge Garrett, was charged with making factual findings on Appellees' allegations in this case."). This remains the case. Consequently, the Court proposed to instruct the jury *only* that it is to "assume" that several of the tweets at issue "were untrue." (ECF No. 535 at 7-8.) That is, under the Court's proposed jury instructions, the jury will not be told that the Court entered partial summary judgment and made findings of fact. Yet in Plaintiff's opening presentation, Plaintiff ignores the Court's proposed jury instructions and law cited by Defendants by hoping to parade before the jury the Court's summary judgment Order *as the very first document the jury will see*. Plaintiff's proposed opening slides that include the Court's summary judgment Order would improperly and unfairly prejudice the jury against Defendants at the outset of trial. Fed. R. Evid. 403; *Sine*, 493 F.3d at 1033-34; *Nipper*, 7 F.3d at 418; *Herrick*, 298 F.3d at 1192; *S. Steel, LLC*, 261 F.3d at 1288. Plaintiff should not be permitted to refer to the Order or to show it to the jury. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL | in making these statements…" (Dkt. No. 535 at 7:28-8:4). The slides are consistent with this order highlight specific exact language used by Court.<br><br>Defendants argue that slides addressing this Court's summary judgment order should not be allowed to be shown to the jury during Plaintiff's opening because they are inconsistent with the Court's proposed jury instructions and prejudicial. Defendants are wrong. As discussed above, they are entirely consistent with this Court's order and utilize specific exact language of the Court. Furthermore, the authority Defendants cite address courts that admit findings of fact from ***other*** cases and bear no relation to the instant matter where Plaintiff is simply seeking to show the jury the findings of law in the instant case. *See Nipper v. Snipes*, 7 F.3d 415, 416-18 (4th Cir. 1993) ("[P]laintiffs introduced into evidence…an order entered in the Court of Common Pleas of Greenville County, South Carolina in a case concerning a different real estate partnership…The order included [the State Court's] findings of fact in the case."); *Herrick v. Garvey*, 298 F.3d 1184, 1192 | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|----------------------|---------------------|--------|
| | | 350643, at *1 (N.D. Cal. Feb. 2, 2008) ("An opening statement is limited to presenting a guide to the evidence that the parties reasonably believe will be admitted into evidence.") | (10th Cir. 2002) ("We thus join the Fourth and Eleventh Circuits in holding that the public records exception of Rule 803(8) does not apply to judicial findings of fact in a prior, unrelated case."); *U.S. Steel, LLC, v. Tieco, Inc.,* 261 F.3d 1275, 1288 (11th Cir. 2001) ("In *Nipper,* like here, the plaintiff introduced the factual findings of a state court to prove a civil conspiracy."); *United States v. Sine,* 493 F.3d 1021, 1024 (9th Cir. 2007) ("[T]he government repeatedly referred to the factfinding and derogatory character assessments of the Ohio court. By doing so, the government created a substantial risk that the jury would pay undue and unwarranted attention to the strongly adverse assessment of the … Ohio judge…"). | |
| Opening Statement | Slide #3 | See objections to Slide No. 2. | See response to Slide No. 2. | S |
| Opening Statement | Slide #4 | See objections to Slide No. 2. | See response to Slide No. 2. | S |
| Opening Statement | Slide #5 | See objections to Slide No. 2. | See response to Slide No. 2. | S |
| Opening Statement | Slide #6 | See objections to Slide No. 2. Additionally, Plaintiff's heading misleadingly states that the Court found Mr. Musk acted with "clear knowledge" of the falsity of his statements.  But | Plaintiffs incorporate their responses to objections to slides 2 through 5. Plaintiffs' heading accurately reflects this Court's finding that Mr. Musk acted with reckless | S |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|----------------------|---------------------|--------|
| | | the Court did not hold that, and instead simply stated that Mr. Musk had clear knowledge *of discussions* that transpired during the July 31, 2018 meeting. | disregard for the truth of his statements. The heading is accurate and does not misquote this Court's order, which appears in text of slide 6. Furthermore, the jury will view the slide and see that is referencing Mr. Musk's discussions. The quote in the slide is a single sentence and will not be lost on the reader. For these readings the heading not argumentative or prejudicial and should therefore be allowed. | |
| Opening Statement | Slide #7 | No objection. | N/A | |
| Opening Statement | Slide #8 | No objection. | N/A | |
| Opening Statement | Slide #9 | Fed. R. Evid. 403, 602, 801. Plaintiff seeks to cherry pick one opinionated sentence from an inadmissible hearsay research note prepared by an individual who will not even appear at trial. (Ex. 15.) In particular, Plaintiff quotes the author of the note (an employee of JP Morgan) as concluding that Mr. Musk's tweets and blog post concerning his desire to take Tesla private are "surprising" and "lacking . . . in any details regarding who is expected to provide the required amount of financing and on what terms." Plaintiff also quotes the author for his opinion that funding must be binary: "Either funding is | Defendants incorrectly assert a hearsay objection to this slide regarding a JPMorgan analyst report. Plaintiff is not utilizing the analyst report for the truth of the matter asserted, so hearsay is not applicable. Plaintiff is using this analyst report and other analyst reports to demonstrate what the market was reacting to. The statements in the report as shown on the slide are not offered for the truth of the matter, but rather are offered only to show the effect on the listener, and thus are not hearsay and not excluded under FRE 801. | S |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

\* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|----------------------|---------------------|--------|
| | | secured or it is not secured." The author's personal opinions regarding the state of the potential go-private transaction are inadmissible hearsay that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that Mr. Musk's go-private initiative was a spontaneous surprise lacking in detail or planning).<br><br>Likewise, this single author's personal opinion regarding the potential transaction to take Tesla private is not relevant to the "state of mind" of the market as a whole or the public's perception of them. The author's opinion thus has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that this single individual's opinion either (1) reflects the true state of the potential transaction or (2) represents the opinion of the investing public as a whole, neither of which is true. | The author of this research note is Ryan Brinkman, an analyst at J.P. Morgan. Mr. Brinkman was deposed by Plaintiff and cross examined by Defendants. He authenticated and laid proper foundation for this report. Mr. Brinkman testified that he drafted this report in his regular course of business as an auto analyst at JP Morgan. Brinkman Dep. Tr. at 14:22-15:24; 70:11-18. Mr. Brinkman will be appearing by deposition at trial. The portion of his report where he authenticates the document and lays foundation for it will be introduced.<br><br>Defendants mistakenly argue that an analyst's opinion regarding the potential transaction is not relevant to the "state of mind" of the market as a whole, but in fact, the analyst's reaction is reflective of the state of the mind of the market. No one analyst is going to be able to speak for the "market as a whole," and Defendants offer no support that this is necessary. By trade, Mr. Brinkman is an analyst of the market for Tesla stock, and as such, his opinion on the going private transaction is indicative of market opinion. It will be clear to jurors that Mr. Brinkman is | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|----------------------|---------------------|--------|
|         |               |                       | one analyst speaking on behalf of JP Morgan, not the market as a whole. And Defendants will likely present other analyst reports attempting to support their argument that Mr. Musk's false statements were not material. Jurors will be able to ascertain that different analysts have different views, thus nothing will be confusing. Moreover, market opinion goes directly to materiality, one of the remaining elements that plaintiff needs to prove.<br><br>Defendants also object to the admission of this slide, alleging that it is more prejudicial than probative. Under FRE 403, relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Here, there is no danger of unfair prejudice. Jurors will understand that an individual analyst is expressing the opinion of that analyst alone. It will be clear to jurors that the report is being utilized to demonstrate market reaction to the potential transaction, not the actual state of the potential transaction. Additionally, it will be clear to jurors that the opinion of one analyst is not the opinion of the entire market. |        |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|------------------------|----------------------|--------|
| | | | Defendants also to this analyst report in Paragraph 96 of their answer to Plaintiff's complaint. | |
| Opening Statement | Slide #10 | Fed. R. Evid. 403, 602, 801. See objections to Slide No. 9. In this slide, Plaintiff quotes the author as concluding after the class period that "funding was not secured for a going private transaction, nor was there any formal proposal." The author's personal opinions regarding the availability of funding for the potential go-private transaction are inadmissible hearsay that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that funding was not available to take Tesla private). Indeed, Plaintiff's own heading attempts to use the article as proof that "funding was not secured."

Further, this author's personal opinion regarding funding is not relevant and has nothing to do with whether Mr. Musk's tweets on August 7, 2018 are actionable under the securities laws. The author's opinion has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury | See response to Slide No. 9. | S |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

\* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | into believing that this author's opinion either (1) proves that funding was not available or (2) represents the opinion of the investing public that funding was not available, neither of which is true. | | |
| Opening Statement | Slide #11 | No objection | N/A | |
| Opening Statement | Slide #12 | Fed. R. Evid. 401, 402, 403, 602.<br><br>Plaintiff seeks to show the jury emails by Martin Viecha concerning Mr. Musk's August 7, 2018 tweets. (Ex. 58.) The questions to Mr. Viecha and Mr. Viecha's responses are not admissible. As to the questions, the fact that single analysts were asking questions about funding does not mean that the parts of Mr. Musk's statements about funding are material.<br><br>There could be numerous reasons why a person asks such questions. Without the testimony from a witness, the jury would be speculating as to the reason for the inquiries. Admission of the questions are also hearsay, as it is being offered for the truth of the matter asserted (that funding was material).[1] Nor does the question from one | Slide 12 displays T.E. 58, which the Court previously held was relevant and not unfairly prejudicial in its Order re Bellwether Objections to Exhibits (ECF No. 506-1 at 6). Thus, Defendants' FRE 401, 402, and 403 objections have no merit.<br><br>Defendants' FRE 602 objection also lacks merit. Plaintiff deposed both the sender and recipient of the email depicted in Exhibit 58. Both parties authenticated Exhibit 58 and discussed it with personal knowledge their depositions. They will provide similar (if not identical) testimony at trial.<br><br>Mr. Koney and Mr. Viecha were both deposed in this case about these exhibits and will be testifying at trial. These emails will | S |

---

[1] The Court previously overruled Defendants' hearsay objection to this exhibit, finding that it had been

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|------------------------|----------------------|--------|
| | | person reflect the "state of mind" of the market as a whole.<br><br>As to Mr. Viecha's responses, even if they are party admissions (as the Court previously implied), to be admissible they still must be on a relevant topic, probative, and not cumulative. Mr. Viecha's statements are none of those. First, Mr. Viecha's emails were private statements, not public statements made to the market as a whole, so they do not alter the total mix of information available to the market and do not reflect what the market knew or thought of Mr. Musk's tweets. Second, Mr. Viecha's responses about what "funding secured" means is not relevant because the Court already determined that "funding secured" is false, so Mr. Viecha's interpretation is not probative of anything going to the jury.<br>Finally, Plaintiff has not established foundation or that Mr. Viecha had any personal knowledge of what Mr. Musk meant in his tweets. In fact, he had none. | be admitted into evidence, and the slides accurately reflect the contents of those emails. Further, as Defendants have repeatedly argued, the question the jury is going to be asked is whether the statements were "materially false." Therefore, Mr. Viecha's responses are relevant to show what the market perceived Mr. Musk's tweets to mean.<br><br>While Defendants argue they have "maintained" their hearsay objection, by failing to include it in their Bellwether objections, and only raising it for the first time at the hearing, they waived that objection. Even if not waived, Mr. Viecha was the head of Tesla Investor Relations and was speaking on behalf of Tesla and Mr. Musk as CEO, was authorized to speak on the subject, and was made by the party's agent. Therefore, this is an opposing party statement, and not hearsay. To the extent Defendants argue that Mr. Koney's statement | |

"waived." (ECF No. 506-1 at 6.) However, Defendants had asserted a hearsay objection to this document from the very first exchange of exhibits and objections on September 20, 2022 (ECF No. 474-2 at 3), and have maintained that objection, including in the parties' joint exhibit list submitted to the Court. (ECF No. 521-1 at 4.)

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | is hearsay, this is admissible as it is not being used for the truth of the matter asserted. | |
| Opening Statement | Slide #13 | No objection | N/A | |
| Opening Statement | Slide #14 | No objection. | N/A | |
| Opening Statement | Slide #15 | No objection. | N/A | |
| Opening Statement | Slide #16 | No objection to Plaintiff using Exhibit 101. However, Defendants object that Plaintiff's heading inaccurately characterizes "investor support confirmed" as being about feedback from existing shareholders rather than from funding sources, such as the PIF, as the Court has held. (ECF No. 387 at 26 (finding "'investor' referred to *the person or entity wanting to invest in Tesla* whereas 'shareholder' referred to already existing investors") (emphasis added).) | Slide 16 features Exhibit 101, which is a copy of Tesla's board meeting minutes dated Aug. 23, 2018. Defendants do *not* object to Plaintiff using Exhibit 101. Their objection to Slide #16 is limited only to the title on the slide "Investor Support Was Not Confirmed." The title on Slide #16, however, accurately summarizes the board discussion about "negative views" on the transaction, that "large institutions and small investors strongly preferred" Tesla staying public, and that going private was "no longer in the best interests of the Company." T.E. 101.

In addition, the title accurately reflects the Court's Summary Judgment Order, which included that "Even if a reasonable jury could understand 'investor support' to mean already existing investors, Defendants | O |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended\* Witness and Exhibit List for Day 1 - January 17, 2023

\* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|----------------------|----------------------|--------|
| | | | would fare no better. The record is clear that Mr. Musk did not reach out to existing shareholders to get their view on taking the company private until after the above tweet was sent out." (ECF No. 387 at 26-27, n.9). Given Defendants' limited objection, Plaintiff reserves the right to amend the title to "Tesla and Musk Admit No Investor Support for Transaction" if the Court sustains Defendants' objection. | |
| Opening Statement | Slide #17 | No objection. | N/A | |
| Opening Statement | Slide #18 | Fed. R. Evid. 403, 602, 801, 901. Plaintiff seeks to show the jury a cherry-picked set of unauthenticated and inadmissible hearsay text messages from a third party who was never deposed in this action, is not on Plaintiff's witness list, and likely will not appear at trial. (Ex. 121.) Plaintiff quotes the third party as saying he would like to "explore a potential transaction" with Tesla, but that presently he could not "approve something that we don't have sufficient information on." The third party's statements are inadmissible hearsay that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that the PIF had not earlier committed to take Tesla private). Indeed, | Slide #18 contains verbatim copies of text messages sent to and from Elon Musk and Yasir Al-Rumayyan (Saudi PIF) that were disclosed by Defendants in T.E. 121. These text messages are highly relevant to the issue of falsity and scienter given that they show Musk was told and/or knew that the Saudi PIF was not committed to the transaction. Thus, Defendants' FRE 403 objection fails given the highly probative value of the information. Defendants' hearsay objections also fail. Mr. Al-Rumayyan's statements text messages to | O |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

\* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|----------------------|---------------------|--------|
| | | Plaintiff's own headings demonstrate Plaintiff's improper attempt to use the text messages for the truth of the matter asserted. Further, the hearsay text messages carry a significant danger of unfair prejudice and confusing the jury into incorrectly concluding that the PIF had not earlier agreed unequivocally to take Tesla private. Finally, it appears no witness with personal knowledge will appear at trial to authenticate the text messages from this third party. | Musk are admissible in order to show the effect on the listener, and thus are not hearsay and not excluded under FRE 801. In any event, Defendants' argument disregards the Court's Summary Judgment Order. The jury cannot be confused "into ***incorrectly*** concluding that the PIF had not earlier agreed unequivocally to take Tesla private" because the Court already concluded as a matter of fact that funding was not "secured." There is no risk of prejudice or confusion. Defendants do not object to Musk's text messages appearing in Slide #18. Their arguments address only the inclusion of Mr. Al-Rumayyan's text messages in the slide. Musk's text messages constitute an opposing party's statement Mr. Al-Rumayyan's text messages are also admissible under FRE 803(1) as they are Mr. Rumayyan's present sense impressions and contemporary reactions to the texts received by Mr. Musk and Mr. Musk's public | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|------|----------------------|---------------------|--------|
| | | | statements. Additionally, these texts reflect Mr. Rumayyan's then existing state of mind, including motive, intent, and plan, and are therefore admissible under FRE 803(3). <br><br> When considering the totality of the circumstances the texts were made, the texts are supported by sufficient guarantees of trustworthiness and are therefore admissible under FRE 807. These text messages were disclosed by Musk in discovery and were authenticated during his deposition. Musk will testify to the text messages during trial. | |
| Opening Statement | Slide #19 | See objections to Slide No. 18. | See response to Slide 18 | O |
| Opening Statement | Slide #20 | See objections to Slide No. 18. | See response to Slide 18 | O |
| Opening Statement | Slide #21 | Fed. R. Evid. 403, 602, 801. <br> The Court has already ruled that the NYT article that Plaintiff seeks to use in slide 21 (Ex. 171) "is hearsay and also contains embedded hearsay" that "Mr. Littleton cannot use . . . for the truth of the matter asserted." (ECF No. 506-1 at 7.) Yet that is precisely what Plaintiff aims to do. Specifically, Plaintiff cherry picks a few words from a hearsay article that has no citation to any source for the author's conclusions. Plaintiff quotes the author as | Slide #21 provides an excerpt of the New York Times article that serves as the corrective disclosure in this lawsuit. Plaintiff intends to introduce the New York Times article for the purposes of introducing the document to the jury and for the non-hearsay purpose to show what the readers and market heard. This is consistent with the Court's ruling that "the article is admissible for the non-hearsay purpose to show what the | O if Plaintiff incorporates anticipated limiting instruction |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

\* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|----------------------|---------------------|--------|
|  |  | stating that Mr. Musk's "two words [funding secured] helped propel Tesla's shares higher." The author also concluded that funding to take Tesla private "was far from secure." The author's personal opinions (without citation) regarding funding for the potential go-private transaction lack personal knowledge and are inadmissible hearsay (or hearsay within hearsay) that Plaintiff is seeking to present to the jury to prove the truth of the matter asserted (i.e., that the words "funding secured" *caused* a rise in Tesla's stock price, but funding was not available to take Tesla private). Consistent with this Court's bellwether ruling, Plaintiff should be prohibited from using these quotes from this exhibit in opening and without any instruction from the Court.<br><br>Likewise, this author's personal opinion regarding the potential transaction to take Tesla private is not relevant and has nothing to do with whether Mr. Musk's tweets on August 7, 2018 are actionable under the securities laws. The author's opinion has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that that the words "funding secured" caused a rise in Tesla's stock price (an issue | market heard at that particular point in time (i.e., August 17, 2018) (ECF No. 506-1).<br><br>The Court already overruled Defendants' relevance objection in the Bellwether Order (ECF No. 506-1 at 7). Accordingly, Defendants cannot renew the objection now.<br><br>Defendants' FRE 602 objection is also meritless. Exhibit 171 is self-authenticating under FRE 902(6). Thus, Plaintiff does not need a custodian to introduce the document. Moreover, Defendants admitted to the New York Times article in their answer. Defendants also admit to the article in the answer to Paragraphs 112 and 113 of Plaintiff's complaint.<br><br>The Court has already ruled that funding was not secure and the prejudice arising from this statement is thus difficult to ascertain. The article is also clearly relevant to Plaintiff's claims of loss causation, reliance, and damages, as it revealed new information to the market. |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

\* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | exclusively for expert witnesses) and funding was not available to take Tesla private. | | |
| Opening Statement | Slide #22 | See objections to Slide No. 9. | Defendants incorrectly assert a hearsay objection to this slide regarding a Morningstar analyst report. Plaintiff is not utilizing the analyst report for the truth of the matter asserted, so hearsay is not applicable. Plaintiff is using this analyst report and other analyst reports to demonstrate market reaction. The statements in the report as shown on the slide are not offered for the truth of the matter, but rather are offered only to show the effect on the listener, and thus are not hearsay and not excluded under FRE 801.

Defendants mistakenly argue that an analyst's opinion regarding the potential transaction is not relevant to the "state of mind" of the market as a whole, but in fact, the analyst's reaction is reflective of the state of the mind of the market. No one analyst is going to be able to speak for the "market as a whole," and Defendants offer no support that this is necessary. By trade, Morningstar is an analyst of the market for Tesla stock, and as such, its opinion on the going private transaction is indicative of market opinion. It | S |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|------------------------|----------------------|--------|
|  |  |  | will be clear to jurors that Morningstar is one analyst speaking its opinion, not the market as a whole. And Defendants will likely present other analyst reports attempting to support their argument that Mr. Musk's false statements were not material. Jurors will be able to ascertain that different analysts have different views, thus nothing will be confusing. Moreover, market opinion goes directly to materiality, one of the remaining elements that plaintiff needs to prove.<br><br>Defendants also object to the admission of this slide, alleging that it is more prejudicial than probative. Under FRE 403, relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Here, there is no danger of unfair prejudice. Jurors will understand that an individual analyst is expressing the opinion of that analyst alone. It will be clear to jurors that the report is being utilized to demonstrate market reaction to the potential transaction, not the actual state of the potential transaction. Additionally, it will be clear to jurors that the opinion of one analyst is not the opinion of the entire market. |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | Further, Plaintiff's damages expert, Dr. Michael Hartzmark, used this report to formulate his opinion and therefore this report is admissible under F.R.E. 703.<br><br>Defendants also to this analyst report in Paragraph 105 of their answer to Plaintiff's complaint. | |
| Opening Statement | Slide #23 | No objection. | N/A | |
| Opening Statement | Slide #24 | No objection. | N/A | |
| Opening Statement | Slide #25 | Fed. R. Evid. 403, 602, 801.<br>Plaintiff seeks to show the jury an inadmissible hearsay email from Deepak Ahuja (Ex. 337) to prove the truth of the matter asserted (i.e., that investors, the SEC, and media wanted to better understand the meaning of "funding secured"). | Plaintiffs Slide 25 is not hearsay as it is an opposing party statement. Mr. Ahuja, the CFO of the Company, who was authorized to speak on the subject, and is Tesla's agent or employee. This email was produced by Defendants in the course of discovery, Mr. Ahuja will be testifying at trial, and this document will come into evidence.<br><br>Defendants also argue that this slide is prejudicial under 403. Plaintiff's Slide is a correct representation of the email and is not prejudicial. Furthermore, it is a statement by Tesla's CEO saying that they are getting inquiries regarding "funding secured." How | S |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | a statement could be more prejudicial than probative when it is a party opponent is contemporaneously describing the state of affairs strains credulity. | |
| Opening Statement | Slide #26 | Fed. R. Evid. 403, 602, 701, 801, 901. Plaintiff seeks to play for the jury a CNBC video that has no authenticating witness and contains numerous unfairly prejudicial hearsay statements and legal conclusions. (Ex. 521.) The CNBC news anchor starts by giving legal conclusions regarding the acceptable mode of corporate disclosures. The anchor then gives his personal opinion that "having secured funding, *to me*, is the big number right there." The anchor's statements are inadmissible hearsay that Plaintiff is seeking to show the jury for the truth of the matter asserted (i.e., that funding secured was the "big number" the market was focused on). Here again, Plaintiff's own heading demonstrates Plaintiff's improper attempt to use the video for the truth of the matter asserted. The anchor's personal opinion has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that the anchor's personal opinion represents the opinion of the investing public as a whole. | This Court should allow the CNBC video to be played to the Jury during Plaintiff's opening. The video is from a financial news segment covering the effects of Mr. Musk's false statements on Tesla's share price in real time. The video is not substantially more prejudicial than it is probative—the standard for exclusion—because it is highly relevant to materiality, contains only factual reporting, and is neither argumentative, dramatic, nor inflammatory.

Contrary to Defendants' argument, Plaintiff is not introducing this video for the truth of the matter asserted. The video shows what the market was told after Mr. Musk's false statements and the fact that this was reported. Given that it is offered to show only the effect on the listener, the video is excluded under FRE 801

Materials are relevant if they make any fact at issue more or less probable and that fact is | S |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|------------------------|----------------------|--------|
|         |               |                        | of consequence in the action. Rule 401. CNBC's reporting in response to Mr. Musk's false statements is highly relevant to the issue of materiality. The news segment demonstrates market reaction to Mr. Musk's tweet.  The Jury will understand that CNBC is a financial news channel and does not represent the entire investing public. There is little chance they will believe that this one commentor's statements do so.  However, this commentary is probative of how a reasonable investor would respond to the Tweets. Defendants cite no cases that prohibit playing such videos during openings. Courts in this District allow for videos that are relevant to the litigation to be played for the jury during openings. *see Apple v. Samsung,* Case No.: 11-CV-01846-LHK  Dkt. No. 2696 at 1-3 (N.D. Cal., Nov. 10, 2013) (Video presentation of the iPhone and related news and magazine articles were relevant for showing there was demand for patented products and their patented features, as required by the test for determining if a patentee can obtain an award for lost profits) (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978)). |        |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|------------------------|----------------------|--------|
|  |  |  | In the video, the commentor reports on Mr. Musk tweets to the market. It contains matter of fact statements that are not inflammatory or argumentative. There is no personal criticism of Musk or otherwise provocative remarks about the transaction. It is simply reporters, who are indicative of the market, reacting to the news.<br><br>Defendants further object to the use of this video in Plaintiff's for lack of foundation. This is an authentic copy of the video as evidenced by the certification (attached hereto). Furthermore, the video is attributed to a single news source and indicates clearly that it's CNBC. The jury would have no difficulty being able to determine the source of statements made during the clip.<br><br>The commentator in the video does not present legal advice and only provides factual information to its viewers regarding the use of social media for corporate disclosures. This is not disputed and was disclosed by Defendants in 2013. *See* Tesla, Inc., Form 8-K (Nov. 5, 2013). |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | Rule 602 explicitly states that it does not apply to a witness's expert testimony under Rule 703. Here, the video is sponsored by Plaintiff's experts, Michael Hartzmark and Guhan Subramanian.<br><br>Finally, the heading is an accurate quote from the video that is neither argumentative, dramatic, or inflammatory.  As discussed above, Plaintiff is not introducing this video for the truth of the matter asserted. | |
| Opening Statement | Slide #27 | See objections to Slide No. 12. Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. | See response to Slide 12. The fact that these analyst will not be appearing at trial does not change the analysis. *See* ECF No. 474-3 at 8 (Defendants admitting exhibit 58 "is similar to other exhibits on Plaintiff's proposed exhibit list, including Exhibits 150 and 151, where Mr. Viecha is responding to investor inquiries regarding Mr. Musk's August 7 tweet."). This is not being used for the truth of the matter asserted. | S |
| Opening Statement | Slide #28 | See objections to Slide No. 9. | Defendants incorrectly assert a hearsay objection to this slide regarding a CFRA Research Note. Plaintiff is not utilizing the analyst report for the truth of the matter asserted, so hearsay is not applicable. Plaintiff is using this analyst report and other | S |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|-----------------------|----------------------|--------|
|  |  |  | analyst reports to demonstrate market reaction. The statements in the report as shown on the slide are not offered for the truth of the matter, but rather are offered only to show the effect on the listener, and thus are not hearsay and not excluded under FRE 801. <br><br> Defendants mistakenly argue that an analyst's opinion regarding the potential transaction is not relevant to the "state of mind" of the market as a whole, but in fact, the analyst's reaction is reflective of the state of the mind of the market. No one analyst is going to be able to speak for the "market as a whole," and Defendants offer no support that this is necessary. By trade, CFRA is an analyst of the market for Tesla stock, and as such, its opinion on the going private transaction is indicative of market opinion. It will be clear to jurors that CFRA is one analyst speaking its opinion, not the market as a whole. And Defendants will likely present other analyst reports attempting to support their argument that Mr. Musk's false statements were not material. Jurors will be able to ascertain that different analysts have different views, thus nothing will be |  |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

\* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|----------------------|----------------------|--------|
| | | | confusing. Moreover, market opinion goes directly to materiality, one of the remaining elements that plaintiff needs to prove.<br><br>Defendants also object to the admission of this slide, alleging that it is more prejudicial than probative. Under FRE 403, relevant evidence may be excluded, among other reasons, if its probative value is substantially outweighed by a danger of unfair prejudice. Here, there is no danger of unfair prejudice. Jurors will understand that an individual analyst is expressing the opinion of that analyst alone. It will be clear to jurors that the report is being utilized to demonstrate market reaction to the potential transaction, not the actual state of the potential transaction. Additionally, it will be clear to jurors that the opinion of one analyst is not the opinion of the entire market.<br><br>Further, Plaintiff's damages expert, Dr. Michael Hartzmark, used this research note to formulate his opinion and therefore this report is admissible under F.R.E. 703. | |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

\* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Opening Statement | Slide #29 | No objection. | N/A | |
| Glen Littleton | 8 | No objection. | N/A | |
| Glen Littleton | 12 | No objection. | N/A | |
| Glen Littleton | 13 | No objection. | N/A | |
| Glen Littleton | 26 | No objection. | N/A | |
| Glen Littleton | 53 | No objection. | N/A | |
| Glen Littleton | 171 | See objections to Slide No. 21. | Plaintiff intends to introduce the New York Times article for the non-hearsay purpose to show what the readers and market heard. This is consistent with the Court's ruling that "the article is admissible for the non-hearsay purpose to show the effect on readers, i.e., the market." (ECF No. 506-1). The article will be admitted into evidence and the contents of slide 21 and the title are accurate reflections of what was published to readers and the market and is not argumentative or prejudicial. The Court has already ruled that funding was not secure and the prejudice arising from this statement is thus difficult to ascertain. The article is also clearly relevant to Plaintiff's claims of loss causation, | O |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|---------------|------------------------|----------------------|--------|
| | | | reliance, and damages, as it revealed new information to the market. | |
| Glen Littleton | 229 | No objection. | N/A | |
| Glen Littleton | 431 – Plaintiffs initially inadvertently stated 341 in its disclosures instead of 431. Defendants address both 341 and 431 in their response. | Fed. R. Evid. 401, 402, 403, 801. Exhibit 341 is an irrelevant hearsay email exchange that purports to include select quotes from articles concerning Azealia Banks and her supposed connection to Mr. Musk. Among other things, the articles claim that Ms. Banks informed reporters (hearsay within hearsay) that Mr. Musk "tweets on acid" and was "scrounging for investors." The exhibit has no probative value and is unfairly prejudicial to Mr. Musk. Further, Exhibit No. 341 is not on the parties' joint exhibit list.

To the extent Plaintiff intended to disclose Exhibit 431 (not 341), those are Plaintiff's hearsay interrogatory responses. | Plaintiff's interrogatory responses fall within exceptions to the hearsay rule under Fed. R. Evid. 801(d). They can be introduced at trial and the substance of the responses can be testified to. | 341 is withdrawn

431: S |
| Glen Littleton | 432 | Fed. R. Evid. 401, 402, 403, 801. Exhibit 432 is a hearsay email exchange of Plaintiff Glen Littleton and his stockbroker. It is not probative of any issue in the case. | Defendants waive this objection as this Exhibit is also included on their witness list, presumably for Mr. Littleton. Additionally, this exhibit is not offered for the truth of the | O |

*In re Tesla, Inc. Securities Litigation*
Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Amended* Witness and Exhibit List for Day 1 - January 17, 2023

* The amendment reflects Defendants' agreement to waive objections to T.E. 433 at 5-23.

| Witness | Trial Ex. No. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | matter asserted. Further, this exhibit falls under 803(1) and 803(3). It is a present sense impression of Mr. Musk's tweets on August 7, 2018, and is not used for the truth of the matter asserted. It is also a statement of Mr. Littleton's then-existing state of mind regarding his plan to transact in Tesla securities. | |
| Glen Littleton | 433 | No objection to T.E. 433 at 5-23. | N/A | |
| Glen Littleton | 524 | No objection. | N/A | |
| Tim Fries | 525 | No objection. | N/A | |