*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

**Plaintiff's Proposed Exhibits**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Guhan Subramanian | 8 | Already admitted. | This exhibit is already in evidence. | |
| Guhan Subramanian | 9 | No additional objections.[1] | The Court already addressed Defendants' footnoted objections. *See* 1/18 Tr. (Rough) at 18-19. | |
| Guhan Subramanian | 10 | No additional objections. | *See* 1/18 Tr. (Rough) at 18-19. | |
| Guhan Subramanian | 11 | No additional objections. | *See* 1/18 Tr. (Rough) at 18-19. | |
| Guhan Subramanian | 12 | Already admitted. | This exhibit is already in evidence. | |
| Guhan Subramanian | 13 | Already admitted. | This exhibit is already in evidence. | |
| Guhan Subramanian | 26 | No additional objections. | TE 26 is a press release issued by Tesla's Board of Directors dated August 8, 2018, titled "Statement from the following members of Tesla's Board of Directors . . . ." The press release qualifies as a party opponent statement under FRE 801(d) and is also subject to judicial notice under FRE 201. Defendants have no objections to this exhibit. | |
| Guhan Subramanian | 53 | Already admitted. | This exhibit is already in evidence. | |
| Guhan Subramanian | 78 | **The Court need not resolve this objection now, given that Plaintiff cannot enter exhibits into evidence through the expert witness.** Fed. R. Evid. 401, 402, 403, 404, 801. Exhibit 78 is an irrelevant, hearsay email from a Tesla investor in the month *before* the class period.  Plaintiff seeks to use the email in an improper effort to show that Mr. Musk received advice regarding his Twitter use from a third-party and is prone to making reckless | N/A | |

---

[1]  Defendants reiterate their objection to the admission of exhibits through an expert that have not otherwise been admitted into evidence.  Defendants also reiterate their objection to any improper use of an exhibit by an expert, as detailed in Defendants' previously-filed motion.

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---------|-----|------------------------|----------------------|--------|
| | | statements on Twitter (i.e., improper character evidence). | | |
| Guhan Subramanian | 80 | **The Court need not resolve this objection now, given that Plaintiff cannot enter exhibits into evidence through the expert witness.** Fed. R. Evid. 403, 801, 901.  Exhibit 80 is a hearsay set of "minutes" allegedly from the PIF with no listed author and no witness at trial to authenticate or lay a foundation.  The exhibit will not come into evidence, and thus cannot be shown to the jury during Mr. Subramanian's testimony. | Plaintiff does not intend to use this exhibit with Professor Subramanian (subject to cross-examination). | |
| Guhan Subramanian | 81 | No additional objections. | TE 81 is Elon Musk's email to the Board of Directors dated August 2, 2018, titled "Offer To Take Tesla Private at $420." Defense counsel already showed TE 81 to the jury in full during opening argument and authenticated it as an email sent by Elon Musk. 1/18 Tr. (Rough) at 59. The email and its content have already been stipulated to by the parties in their Joint Pretrial Statement. ECF No. 474 at 5. In light of the foregoing, Defendants have waived all objections to TE 81. | |
| Guhan Subramanian | 82 | No additional objections. | TE 82, 83, 89 and 101 contain the meeting minutes for Tesla's Board of Director meeting dated August 2, 3, 7, and 23, 2018. The meeting minutes discuss Mr. Musk's proposal to take Tesla private. Defendants have counter-designated these exhibits (except for TE 89) for Professor Subramanian. The board minutes were exchanged by Defendants in the course of discovery. The minutes constitute an opposing party statement made by Tesla under FRE 801(d). They reflect a regular | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**_Updated_ Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | conducted activity and qualify for admission as such under FRE 803(6). Defendants have no objection to the admission of this exhibit. | |
| Guhan Subramanian | 83 | No additional objections. | (Board of Director meeting minutes - see above) | |
| Guhan Subramanian | 89 | No additional objections. | (Board of Director meeting minutes - see above) | |
| Guhan Subramanian | 101 | No additional objections. | (Board of Director meeting minutes - see above) | |
| Guhan Subramanian | 103 | No additional objections. | TE 103 is a Form 8-K filed by Tesla with the SEC on November 5, 2013. The Form 8-K identifies Mr. Musk's Twitter as an official channel of communication for Tesla. The Form 8-K is subject to judicial notice under FRE 201. Defendants have no objection to the admission of this exhibit. | |
| Guhan Subramanian | 104 | **The Court need not resolve this objection now, given that Plaintiff cannot enter exhibits into evidence through the expert witness.** Fed. R. Evid. 401, 402, 403, 404, 801. Exhibit 104 is an irrelevant and unfairly prejudicial email exchange long *before* the class period concerning a dispute that resulted in *a different lawsuit* (which Mr. Musk won). Plaintiff seeks to use the email in an improper effort to show that Mr. Musk is prone to making reckless statements on Twitter (i.e., improper character evidence). It has no bearing on this case. | N/A | |
| Guhan Subramanian | 121 | **The Court need not resolve this objection now, given that Plaintiff cannot enter exhibits into evidence through the expert witness.** | Plaintiff does not intend to use this exhibit with Professor Subramanian (subject to cross-examination). | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---------|-----|------------------------|----------------------|--------|
| | | Fed. R. Evid. 401, 402, 403, 801. Exhibit 121 includes 15-pages of text messages, which includes hearsay within hearsay and messages that are wholly irrelevant. | | |
| Guhan Subramanian | 140 | **The Court need not resolve this objection now, given that Plaintiff cannot enter exhibits into evidence through the expert witness.** Fed. R. Evid. 401, 402, 403, 404, 801. Exhibit 140 is an irrelevant and unfairly prejudicial email exchange *after* the class period concerning a dispute that resulted in *a different lawsuit* (which Mr. Musk won).  Plaintiff seeks to use the email in an improper effort to show that Mr. Musk is prone to making reckless statements on Twitter (i.e., improper character evidence).  It has no bearing on this case. | N/A | |
| Guhan Subramanian | 201 | No additional objections. | *See* 1/18 Tr. (Rough) at 18-19. | |
| Guhan Subramanian | 232 | No additional objections. | TE 232 is a press release issued by Tesla's Board of Directors dated August 13, 2015, titled "Tesla Announces $500 Million Common Stock Offering." The press release discusses a prior stock offering conducted by Tesla, reflects Tesla's prior disclosure practices, and qualifies as a party opponent statement from Tesla under FRE 801(d). The press release is also subject to judicial notice under FRE 201. Defendants have no objections to this exhibit. | |
| Guhan Subramanian | 233 | No additional objections. | TE 233 is a press release issued by Tesla's Board of Directors dated August 13, 2015, titled "Tesla | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | Announces Offerings of Common Stock and Convertible Senior Notes." The press release discusses a prior stock/bond offering conducted by Tesla, reflects Tesla's prior disclosure practices, and qualifies as a party opponent statement from Tesla under FRE 801(d). The press release is also subject to judicial notice under FRE 201. Defendants have no objections to this exhibit. | |
| Guhan Subramanian | 289 | No additional objections. | TE 289 is a press release issued by Tesla's Board of Directors dated August 14, 2018, titled "Tesla Announces Formation of Special Committee to Evaluate Potential Going Private Transaction." The press release discusses the going private transaction and announces a major corporate step in the ordinary process of an MBO. The press release qualifies as a party opponent statement from Tesla under FRE 801(d) and is also subject to judicial notice under FRE 201. Defendants have no objections to this exhibit. | |
| Guhan Subramanian | 321 | No additional objections. | TE 321 contains Mr. Musk's tweet concerning the Thai cave diver. The Court previously overruled Defendants' relevance and prejudice objections on this exhibit in the Order re Bellwether Objections to Exhibits (ECF No. 506 at 10). Further, the tweet qualifies as an opposing party statement under FRE 801(d)(2) and/or is subject to judicial notice (*i.e.* that Mr. Musk sent the tweet) because it was widely disseminated across the internet and received significant attention from the media (in part due to the fact that it was the subject of a high-profile defamation lawsuit). Defendants have no basis for objecting to the admission of TE 321. | |
| Guhan Subramanian | 360 | **The Court need not resolve this objection now, given that Plaintiff** | Plaintiff seeks to introduce TE 360-48 through TE 360-54. This is Professor Subramanian's C.V., as initially annexed to his report exchanged in discovery. Plaintiff | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**_Updated_ Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | **cannot enter exhibits into evidence through the expert witness.** Fed. R. Evid. 403, 801. | does *not* seek to introduce Professor Subramanian's entire report but only the attached C.V. | |
| Guhan Subramanian | Slide 2 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 5 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 602, 702. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 6 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 602, 702. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 8 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 702. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 9 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 702. | N/A | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | **No Court action needed.** | | |
| Guhan Subramanian | Slide 10 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 702. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 11 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 702. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 12 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 702. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 13 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 602, 702. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 14 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 702. **No Court action needed.** | N/A | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Guhan Subramanian | Slide 15 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 702. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 17 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 18 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403 (as to prejudicial title). **No Court action needed.** | N/A | |
| Guhan Subramanian | Slide 19 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403 (as to prejudicial title). **No Court action needed.** | N/A | |
| Elon Musk | 8 | No objection. | | |
| Elon Musk | 9 | No objection. | | |
| Elon Musk | 10 | No objection. | | |
| Elon Musk | 11 | No objection. | | |
| Elon Musk | 12 | No objection. | | |
| Elon Musk | 13 | No objection. | | |
| Elon Musk | 53 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 80 | Fed. R. Evid. 403, 801, 901.  Exhibit 80 is a hearsay set of "minutes" with no listed author and no witness at trial to authenticate or lay a foundation. | This exhibit contains the minutes of a meeting between representatives of Saudi Arabia's PIF and Elon Musk held on July 31, 2018. These meeting minutes are necessary to contradict (untrue) factual statements made by Defendants in their opening statement concerning what was said during the July 31 meeting. *See* 1/18 Tr. (Rough) at 56-58. Defendants purported to quote statements made by and between Mr. Musk and Mr. Al-Rumayyan from the PIF that, according to the minutes, never occurred. These minutes were initially obtained by the SEC directly from the PIF in the course of its investigation after the "funding secured" tweet. The minutes demonstrate a contemporaneous record of the meeting. Almost two years ago, Plaintiff served letters rogatory on the PIF in an attempt to get testimony by PIF attendees at the July 31 meeting and authentication of these minutes. Plaintiff's efforts ran aground in Saudi Arabia.  Under Rule 901(b)(4), "documents ... could be authenticated by review of their contents if they appear to be sufficiently genuine." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011). Under Rule 901(b)(4), evidence may be authenticated by examining its "appearance, content substance, internal patterns, or other distinctive characteristics of the item, taken together with all of the circumstances."  Here, the distinctive characteristics and contents of the minutes demonstrate that it is an authentic document. The minutes have been drafted in PIF letterhead, the document lists who was in attendance from both parties, the document correctly shows the date and location where the meeting took place, the minutes show in detail the meeting agenda and notes, deponents have | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**_Updated_ Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | largely confirmed the accuracy of the minutes. These distinctive characteristics taken together are sufficiently genuine and establish the authenticity of this document. Further, this exhibit was obtained through official government channels. The Court should apply the residual hearsay exception, Fed. R. Evid. 807 to admit the document. The minutes are supported by sufficient guarantees of trustworthiness (from where they were obtained, the seal and other official indicia) and considering the fact that both Deepak Ahuja and Sam Teller previously testified that an individual from the Saudi PIF was taking contemporaneous notes on a laptop at the July 31, 2018 meeting, there are facts corroborating creation of the minutes. Defendants have been on notice of the minutes since depositions began, as they were introduced at the depositions of Ahuja and Teller. Moreover, the exhibit has been Plaintiff's exhibit list. | |
| Elon Musk | 81 | No objection. | | |
| Elon Musk | 83 | No objection. | | |
| Elon Musk | 87 | No objection. | | |
| Elon Musk | 94 | No objection. | | |
| Elon Musk | 101 | No objection. | | |
| Elon Musk | 121 | Fed. R. Evid. 401, 402, 403, 801 (to the extent Plaintiff is seeking to introduce statements of individuals other than Mr. Musk). Exhibit 121 is a set of hearsay text messages of numerous individuals who were not deposed in this action, are not on Plaintiff's witness list, and who will not be appearing at trial. The texts include hearsay within hearsay. | Exhibit 121 are Mr. Musk's text messages that he either sent or received in August 2018. Defendants' FRE 401 and 402 lack merit. Defendants do not specify, but Plaintiff assumes they are concerned with the Yasir texts. The Court overruled Defendants objection to this segment of the text messages in connection with Plaintiff's opening statement. The jury has already seen these messages. Defendants do not object to admission Musk's text messages. To the extent Defendants object | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | to text messages from other Tesla employees, they are opposing party statements, and not hearsay. Mr. Al-Rumayyan's text messages are also admissible under FRE 803(1) as they are Mr. Rumayyan's present sense impressions and contemporary reactions to the texts received by Mr. Musk and Mr. Musk's public statements. Additionally, these texts reflect Mr. Rumayyan's then existing state of mind, including motive, intent, and plan, and are therefore admissible under FRE 803(3). When considering the totality of the circumstances the texts were made, the texts are supported by sufficient guarantees of trustworthiness and are therefore admissible under FRE 807. Moreover, to have Mr. Musk's portions of the text messages without Yasir's responses would be entirely incomplete and wholly prejudicial and confusing.<br>Plaintiff will consider agreeing to redact irrelevant text messages, or text messages with persons not identified in this litigation. | |
| Elon Musk | 171 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 801.<br>**No Court action needed.** | | |
| Elon Musk | 179 | No objection. | | |
| Elon Musk | 186 | No objection. | | |
| Elon Musk | 201 | No objection. | | |
| Elon Musk | 229 | Already admitted. | | |
| Elon Musk | 254 | No objection. | | |
| Elon Musk | 256 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* **Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 265 | No objection. | | |
| Elon Musk | 294 | No objection. | | |
| Elon Musk | 332 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 801, 901. **No Court action needed.** | | |
| Elon Musk | 333 | No objection. | | |
| Elon Musk | 337 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801. **No Court Action Needed.** | | |
| Elon Musk | 338 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 801, 901. **No Court action needed.** | | |
| Elon Musk | 361 | No objection. | | |
| Elon Musk | 426 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 801, 901. **No Court action needed.** | | |
| Elon Musk | 503 | No objection. | | |
| Ryan Brinkman | 8 | No objection. | | |
| Ryan Brinkman | 10 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 11 | No objection. | | |
| Ryan Brinkman | 12 | No objection. | | |
| Ryan Brinkman | 13 | No objection. | | |
| Ryan Brinkman | 14 | Fed. R. Evid. 401, 402, 403, 602, 801. | This email is relevant to Mr. Brinkman's decision to raise his price target for Tesla, his analyst report, and the events at issue in this case. It is not overly prejudicial as the falsity of the statements referenced in this email are not in dispute.  Mr. Brinkman also has personal knowledge of this email as he wrote it.  This email falls within the business record exception to hearsay. Fed. Rule. Evid. 803(6).  Here, Mr. Brinkman made this email in his regular course of business as an auto analyst at JP Morgan. As he testified during his deposition: "[My] primary day-to-day job is [to] rate about 35 autos-related stocks overweight, neutral or underweight… I also develop price target to try to suggest where the stocks could or should go and I formulate earnings estimates… And I author notes that describe the company's earnings, my outlook…" (Brinkman Tr. 14:22-15:24). Since Mr. Brinkman's email reflects his regularly conducted business activities, the email is admissible under the business-record exception to the hearsay rule. Notably, district courts within the Ninth Circuit have found emails admissible under the business records exception. See *Ionian Corp. v. Country Mut. Ins. Co.*, No. 3:10–cv–0199–ST, 2011 WL 6070442, at *2, *18 (D.Or. Dec. 2, 2011) (admitting emails as business records); *See also Siqueiros v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2022 WL 3974752, at *20 (N.D. Cal. Aug. 31, 2022) (Chen, J.) (corporate emails considered business records under Fed. R. Evid. 803(6)). | |

13

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* **Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 15 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 602, 701, 801. **No Court action needed.** | | |
| Ryan Brinkman | 16/53 | Defendants object that Exhibit 16 is incomplete.  Plaintiff should use Exhibit 53, which is the complete version of the same document. | Plaintiff agrees to use Exhibit 53. | |
| Ryan Brinkman | 17 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 602, 701, 801. **No court action needed.** | | |
| Ryan Brinkman | 18 | Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant.  Fed. R. Evid. 401, 402, 403, 602, 701, 801. | This email was dated August 17- the end date of the class period. The Court's comments are not applicable. *See also* response to Defendants' objections to Exhibit 14 and Brinkman Dep. Desig. 90:6-92:4. | |
| Ryan Brinkman | 19 / 171 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 403, 602, 801. **No Court action needed.** | | |
| Ryan Brinkman | 21 | Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant.  Fed. R. Evid. 401, 402, 801. | This email was dated August 17- the end date of the class period. The Court's comments are not applicable. See response to Defendants' objections to Exhibit 14 and Brinkman Dep. Desig. 98:7-10, 98:14-25. | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 23 | Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant.  Fed. R. Evid. 401, 402, 403, 602, 801. | This analyst report is relevant to loss causation even though it is dated August 20, 2018, just three days after the class period. A main issue in this case is whether the corrective information was in the market as of August 13 or that the alleged fraud was not corrected until August 17. The NYT article as well as analyst reports after August 17 show how the market interpreted and responded to the funding secured tweet and the going private transaction in general. This is some of, if not the strongest evidence that Plaintiff has to prove that the August 13 blog post did not correct the misinformation in the market that existed prior to the end of the Class Period, as Defense counsel argued in opening statement. *See* 1/18 Tr. at 52, 75.<br>Plaintiff does not seek to admit this exhibit regarding falsity, but rather for loss causation purposes. | |
| Ryan Brinkman | 24 | Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant.  Fed. R. Evid. 401, 402, 403, 602, 801 (hearsay within hearsay). | Plaintiff will not seek to admit this document. | |
| Ryan Brinkman | 25 | Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant.  Fed. R. Evid. 401, 402, 403, 602, 801. | Plaintiff will not seek to admit this document. | |
| Martin Viecha | 8 | No objection. | | |
| Martin Viecha | 58 | Fed. R. Evid. 401, 402, 403, 602. Plaintiff seeks to show the jury emails by Martin Viecha concerning Mr. Musk's August 7, 2018 tweets. (Ex. 58.) The questions to Mr. Viecha and Mr. | The Court previously held that Exhibit 58 is relevant and not unfairly prejudicial. *See* Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 6. Therefore, Defendants' Fed. R. Evid. 401, 402, 403 objections have no merit. | |

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | Viecha's responses are not admissible. As to the questions, the fact that single analysts were asking questions about funding is not probative of materiality, as the analysts could be asking questions for a variety of reasons, including that the statements were vague.  The jury would be speculating as to the reason for the analysts' inquiries.  Thus, the questions are  hearsay, as they are   being offered for the truth of the matter asserted (that funding was material).Nor does the question from one person reflect the "state of mind" of the market as a whole. As to Mr. Viecha's responses, even if they are party admissions (as the Court previously implied), to be admissible they still must be on a relevant topic, probative, and not cumulative.  Mr. Viecha's statements are none of those.  First, Mr. Viecha's emails were private statements, not public statements made to the market as a whole, so they do not alter the total mix of information available to the market and do not reflect what the market knew or thought of Mr. Musk's tweets.  Second, Mr. Viecha's responses about what "funding secured" means is not relevant because the Court already determined that "funding | Fed. R. Evid. 602 objection also lacks merit. Plaintiff deposed both the sender and recipient of the email depicted in Exhibit 58. Both parties authenticated Exhibit 58 and discussed it with personal knowledge during their depositions. They will provide similar (if not identical) testimony at trial. | |

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | secured" is false, so Mr. Viecha's interpretation is not probative of anything going to the jury. Finally, Plaintiff has not established foundation or that Mr. Viecha had any personal knowledge of what Mr. Musk meant in his tweets. In fact, he had none. | | |
| Martin Viecha | 91 | No objection. | | |
| Martin Viecha | 143 | No objection. | | |
| Martin Viecha | 146 | See objections to Exhibit 58. Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. | The Court previously held that Exhibit 58, a similar exhibit is relevant and not unfairly prejudicial. *See* Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 6. Therefore, Defendants' Fed. R. Evid. 401, 402, 403 objections have no merit. The Court's ruling on Exhibit 58 stated that "because it provides evidence of the public's perception of Mr. Musk's tweets and thus goes to materiality" it is relevant. The Court also stated with respect to 58 that the "exhibit is not unfairly prejudicial given Mr. Viecha's role at Tesla." The same reasoning should apply to Exhibit 146.<br>With respect to the witnesses not appearing at trial, Plaintiffs will not be asking the jury or Mr. Viecha to speculate on why these witnesses were asking these questions. Rather, Plaintiff is simply providing evidence to the jury that these questions were asked. | |
| Martin Viecha | 147 | Fed. R. Evid. 401, 402, 403, 801. | *See* Response above to 146.<br>Defendants also incorrectly assert a hearsay objection to this exhibit under Rule 801. In its Order regarding Objections to Plaintiff's Opening Statement, the Court held that "statements made not for the truth of the matter | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* **Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | asserted but to show the effect on the market (e.g. effect on the listener) or a sample of the market response (e.g. state of mind) are admissible for a non-hearsay purpose." *See* ECF No. 575 at 2. | |
| Martin Viecha | 150 | See objections to Exhibit 58.  Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. | *See* Response to Exhibit 146. | |
| Martin Viecha | 151 | See objections to Exhibit 58.  Moreover, the analysts who sent these emails will not be witnesses at trial, which further requires the jury to engage in speculation as to the reasons for the questions and the impact Mr. Viecha's responses had, if any. | *See* Response to Exhibit 146. | |
| Martin Viecha | 155 | Fed. R. Evid. 602, 801 (and hearsay within hearsay). | Defendants object to this exhibit for lack of knowledge under FRE 602. Defendants' objection lacks merit. Plaintiff deposed Mr. Viecha. Mr. Viecha authenticated Exhibit 155 and discussed it with personal knowledge during his deposition. Viecha Dep. Tr. at 171:21-178:3. Regarding Defendants' 801 objections, first, it a statement by a party opponent. As to the contents, to the extent this email is used with Mr. Viecha, it will not be for the truth of the matter asserted, but rather that he was aware of the public's perception of the going private. | |
| Martin Viecha | 160 | Fed. R. Evid. 801. | Defendants also incorrectly assert a hearsay objection to this exhibit under Rule 801. In its Order regarding Objections to Plaintiff's Opening Statement, the Court held that "statements made not for the truth of the matter | |

18

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**_Updated_ Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | asserted but to show the effect on the market (e.g. effect on the listener) or a sample of the market response (e.g. state of mind) are admissible for a non-hearsay purpose." *See* ECF No. 575 at 2. | |
| Martin Viecha | 161 | No objection. | | |

**Plaintiff's Proposed Deposition Designations**

| Witness | Depo. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 6:1-5 | No objection. | | |
| Ryan Brinkman | 6:13-15 | No objection. | | |
| Ryan Brinkman | 13:7-16:6 | No objection. | | |
| Ryan Brinkman | 22:2-25:4 | No objection. | | |
| Ryan Brinkman | 41:21-45:21 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 602, 701. (Objecting to 42:16-43:04, 43:20-45:16.) **No Court action needed.** | | |
| Ryan Brinkman | 47:8-9 | No objection. | | |
| Ryan Brinkman | 47:15-49:3 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 701. (Objecting to 48:06-49:03.) **No Court action needed.** | | |
| Ryan Brinkman | 50:3-4; | No objection. | | |
| Ryan Brinkman | 50:9-52:6 | Defendants understand this objection is subsumed by the Court's prior ruling and | | |

19

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
__Updated__ **Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Depo. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-------|----------------------|---------------------|--------|
| | | therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 602. (Objecting to 50:17-52:06.) **No Court action needed.** | | |
| Ryan Brinkman | 53:6- 57:23 | Fed. R. Evid. 401, 402, 403, 602, 701. (Objecting to 55:06-57:23.) | This testimony is relevant as it discusses Mr. Brinkman's reaction to an August 7, 2018 email to Tesla employees. The testimony concerning the August 7, 2018, email and short interest in Tesla is rationally based on his perception as a financial analyst who covers the company. Moreover, defense counsel previewed the issue of short sellers in opening argument. 1/18 Tr. At 55:12-18.  It is helpful to clearly understand his testimony concerning his analyst reports and the events at issue in this case. Furthermore, this testimony is based on Mr. Brinkman's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. | |
| Ryan Brinkman | 61:2-63:11 | Fed. R. Evid. 401, 402, 403, 602, 701. (Objecting to 62:02-63:11.) | This testimony is relevant as it discusses Mr. Brinkman's reaction to the Tweet, "Investor support is confirmed…," and the events at issue in this case. Mr. Brinkman has personal knowledge of his own reaction as well as general corporate practices as he professionally covers the financial markets.  This is consistent with his above designated testimony. see Brinkman Tr. 13:7-16:6, 22:2-25:4. Rule 403 precludes only unfair prejudice, and Mr. Brinkman's reaction to Mr. Musk's tweets is not unduly prejudicial considering the falsity of the referenced statements are not in dispute. Any prejudice resulting from a reference to Tesla's board does not | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* **Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Depo. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-------|----------------------|---------------------|--------|
| | | | outweigh the probative value of this testimony concerning the events at issue in this case. Finally, Brinkman's testimony is not a legal conclusion pursuant to Fed. Rule Evid. 701. The testimony concerning the August 7, 2018, tweets and Tesla's board is rationally based on his perception as a financial analyst who covers Tesla. It is helpful to clearly understand his testimony concerning his analyst reports and the events at issue in this case. Furthermore, this testimony is based on Mr. Brinkman's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. | |
| Ryan Brinkman | 63:13-64:2 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402. **No Court action needed.** | | |
| Ryan Brinkman | 64:6-66:15 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 602, 701. **No Court action needed.** | | |
| Ryan Brinkman | 69:12-71:13 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402. **No Court action needed.** | | |
| Ryan Brinkman | 72:18-19 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**_Updated_ Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Depo. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ryan Brinkman | 72:24-75:24 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 602, 701, 801.<br>**No Court action needed.** | | |
| Ryan Brinkman | 77:19-78:8 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402.<br>**No Court action needed.** | | |
| Ryan Brinkman | 78:19- 84:2 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 602.<br>(Objecting to 79:08-84:02.<br>**No Court action needed.** | | |
| Ryan Brinkman | 85:6-85:14 | No objection. | | |
| Ryan Brinkman | 86:9-11 | No objection. | | |
| Ryan Brinkman | 86:19-88:5 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 801.<br>**No Court action needed.** | | |
| Ryan Brinkman | 88:10-88:17 | No objection. | | |
| Ryan Brinkman | 90:6-92:4 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* **Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Depo. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | for the record their objection pursuant to Fed. R. Evid. 401, 402, 602. **No Court action needed.** | | |
| Ryan Brinkman | 92:8-94:10 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court action needed.** | | |
| Ryan Brinkman | 94:13-95:3 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 801. **No Court action needed.** | | |
| Ryan Brinkman | 95:13-95:20 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 801. **No Court action needed.** | | |
| Ryan Brinkman | 96:5-96:23 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 602, 701. **No Court action needed.** | | |
| Ryan Brinkman | 98:7-10 | No objection. | | |
| Ryan Brinkman | 98:14-25 | Fed. R. Evid. 401, 402, 801.  Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant. | The class period ends on August 17. This testimony is relevant because it concerns an August 17, 2018, email sent by Mr. Brinkman to a colleague about the logistics of publishing a report. It is relevant because | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**<u>Updated</u> Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Depo. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | it addresses the timing of a report about the events at issue in this case. This email falls within the business record exception to hearsay. Fed. Rule. Evid. 803(6). Mr. Brinkman's designated testimony lays requisite the foundation for this email as a business record. First, Mr. Brinkman is a qualified witness since he wrote the email. Furthermore, the email was sent in the course of a regularly conducted business activity—publishing analyst reports— and near the time that the report was published. *See Siqueiros v. Gen. Motors LLC, No.* 16-CV-07244-EMC, 2022 WL 3974752, at *20 (N.D. Cal. Aug. 31, 2022) (Chen, J.) (corporate emails considered business records under Fed. R. Evid. 803(6)). | |
| Ryan Brinkman | 100:4-102:2 | Fed. R. Evid. 401, 402, 403, 602, 801. Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant. | This testimony is relevant as it discusses Mr. Brinkman's reaction to the New York Times' August 17, 2018 article and his rationale for publishing a new report, which concerns the events at issue in this case. A main issue in this case is whether the corrective information was in the market as of August 13 or that the alleged fraud was not corrected until August 17. The NYT article as well as analyst reports after August 17 show how the market interpreted and responded to the funding secured tweet and the going private transaction in general. This is some of, if not the strongest evidence that Plaintiff has to prove that the August 13 blog post did not correct the misinformation in the market that existed prior to the end of the Class Period, as Defense counsel argued in opening statement. *See* 1/18 Tr. at 52, 75. | |

***In re Tesla, Inc. Securities Litigation***, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
***Updated*** **Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Depo. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | Plaintiff does not seek to admit this exhibit regarding testimony, but rather for loss causation purposes. | |
| Ryan Brinkman | 105:8-106:15 | Fed. R. Evid. 401, 402, 403, 602. Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant. | A main issue in this case is whether the corrective information was in the market as of August 13 or that the alleged fraud was not corrected until August 17. The NYT article as well as analyst reports after August 17 show how the market interpreted and responded to the funding secured tweet and the going private transaction in general. This is some of, if not the strongest evidence that Plaintiff has to prove that the August 13 blog post did not correct the misinformation in the market that existed prior to the end of the Class Period, as Defense counsel argued in opening statement. *See* 1/18 Tr. at 52, 75. Plaintiff does not seek to admit this exhibit regarding testimony, but rather for loss causation purposes. | |
| Ryan Brinkman | 108:2-109:8 | Fed. R. Evid. 401, 402, 403, 602, 801, 901.  Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant. | Plaintiff will withdraw the following designation. | |
| Ryan Brinkman | 110:14-17 | No objection. | Plaintiff will withdraw the following designation. | |
| Ryan Brinkman | 110:22-112:7 | Fed. R. Evid. 401, 402.  Consistent with the Court's comments on January 18, 2022, analyst opinions after the class period are not relevant. | Plaintiff will withdraw the following designation | |
| Ryan Brinkman | 112:22-114:6 | Fed. R. Evid. 401, 402, 403, 602, 801. Consistent with the Court's comments on | Plaintiff will withdraw the following designation. | |

*In re Tesla, Inc. Securities Litigation,* Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Updated* Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 2 - January 18, 2023

| Witness | Depo. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-------|----------------------|---------------------|--------|
|         |       | January 18, 2022, analyst opinions after the class period are not relevant. |  |  |