**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
         amccall@zlk.com

*Attorneys for Plaintiff and Counsel for the Class*

[Additional Counsel on Signature Block]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR CAUTIONARY JURY INSTRUCTION** |

PLEASE TAKE NOTICE that on January 21, 2023 at 7:45 AM, or as soon thereafter as this matter may be heard, in Courtroom 5 – 17th Floor of the United States Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Edward M. Chen presiding, Plaintiff, through his counsel, will move, and hereby does move for a cautionary jury instruction to be provided to the jury prior to Elon Musk testifying in order to prevent further prejudice arising from testimony and argument by Defendants contradicting the Court's findings on summary judgment, *i.e.*, that the "funding secured" tweets were false and that Mr. Musk made them with reckless disregard. The voir dire process and opening statements have made clear that the current instruction requiring the jury to "assume" falsity and scienter is insufficient. That, combined with Mr. Musk's past statements concerning his intent to "clear the record" in terms of whether he "secured" funding, make Plaintiff's motion dire.

This motion is based on the Memorandum of Points and Authorities below, the Declaration of Adam C. McCall and the exhibits attached thereto, the arguments of counsel, and any other matters properly before this Court.

Pursuant to Paragraph 11 of the Court's Civil Standing Order, Defendants also submit a proposed order.

### ISSUES TO BE DECIDED

1)  Has Defendants' past and future refusal to abide by the Court's summary judgment order confused the jury and/or prejudiced Plaintiff's case such that a cautionary jury instruction is warranted?

### MEMORANDUM OF POINTS AND AUTHORITIES

A cautionary instruction is urgently needed to correct and prevent further prejudice arising from Defendants' statements that: 1) the "funding secured" tweets were *not* false; and 2) Mr. Musk did *not* act with deliberate reckless disregard when making them. *See United States v. Orellana*, 833 F. App'x 98, 101 (9th Cir. 2020) (affirming decision to issue limiting instruction in lieu of declaring mistrial); *see also* ECF No. 573 at 9:23-26 (holding that "jury *should* defer to . . . summary judgment ruling" (emphasis in original)). On April 1, 2022, the Court granted Plaintiff partial summary judgment, holding that the tweets were false and that Mr. Musk acted recklessly when making them. ECF No. 387. On April 14, 2022, just two weeks later, Mr. Musk's appeared at a TED Talk in Vancouver where he emphatically proclaimed in reference to his August 7, 2018 tweets that "funding was actually secured – I want to be clear about that" and that "funding was indeed secured" before going on to refer to the SEC as "bastards" and claiming that he settled with the agency only because they had a "gun to [his] child's head" and was "forced to admit that [he] lied . . . to save Tesla's life and that's the only reason." *See* 4/14/22 Musk Transcript. Plaintiff immediately moved for a temporary restraining order to prevent Mr. Musk from making further similar statements in violation of the Court's summary judgment order. The Court denied Plaintiff's motion. In pertinent part, it held that "though 'jury instructions are often an ineffective remedy,' the Court finds that unlikely to be true for the instant case where the jury will be told that ***the Court has already found that the August 2018 tweets were false and made with the***

1  *requisite scienter*." ECF No. 398 at 3.

2       Despite its prior ruling, the Court ultimately instructed the jury not that it had "already

3  found" the tweets false or that Mr. Musk acted recklessly but instead only that it should "assume"

4  the two elements are met. ECF No. 573 at 7-8. The problematic distinction between the two

5  instructions became apparent during voir dire. After being told to "assume" the tweets were false,

6  Prospective Juror Lucian Young (No. 110) asked whether he had to "believe" the tweets were

7  "untrue" or if he could "see [the] statement" and "interpret it, as is":

8       PROSPECTIVE JUROR L. YOUNG: Yes, I'm Juror No. 110. My name is Lucian
         Young. To understand your point completely, ***are you saying that if I tell you it's***
9       ***untrue, that's what we have to believe? Or are you saying is if you see this***
         ***statement, you interpret it, as is?*** Just so I understand you correctly.
10

11      MR. SPIRO: I'm telling you that in this case you're going to be told to assume that
         it's not true. Right? You're going to be told the tweet is not true. It is not technically
12      accurate.

13      PROSPECTIVE JUROR L. YOUNG: But it's a tweet. It says what it says, right?
         So you have to take it by face value, it's what it says. If somebody tweeted "I went
14      to the store," you take it as: I went to the store. ***So, whatever is tweeted, are you***
         ***telling me not to interpret it, but just say it's not true?***
15

16      MR. SPIRO: I'm telling that it's -- to assume that it's not true, the person didn't go
         to the store in your example, right, and to assume that that's not true. But keep your
17      -- just because they said something that turned out to be in that short-form tweet
         technically inaccurate, can you keep your open mind and decide the case about what
18      it's about? So, some people could say, right: Well, now that I know that that person
         tweeted something untrue, my mind is closed. That's untrue, that's wrong, I'm done
19      here.

20
         PROSPECTIVE JUROR L. YOUNG: ***If the courts are saying that it's untrue and***
21      ***they made that determination, then I believe so.***

22  1/17 Tr. at 187-88.

23      Juror Young was confused. He questioned whether being told to "assume" the tweets were

24  false foreclosed him from reconsidering their veracity. Mr. Young's last comment makes clear

25  that the "you are to assume" language is insufficient, as he states he would only accept the

26  instruction if "***the courts are saying that it's untrue and they made that determination***."

27      Defense counsel amplified this confusion yesterday during opening statements. Despite

28  being told throughout pretrial proceedings to abide by the Court's summary judgment order,

counsel proceeded to directly undermine it in opening statements by claiming "[Mr. Musk] had the funding" (1/18 Tr. at 334), that "***It was secured***" (*id*. at 328), and that he acted in "good faith" (*id*. at 334). When ending his opening argument, defense counsel went so far as to say the following:

> ***And here in this case on August 7, 2018, his mind was pure. His intentions were sincere. He was operating in good faith***, as were all the people around him. As were those of the lawyers and consultants who were helping him accomplish his plan, as were the executives of Tesla, as were the board members who were the counter-party here evaluating the proposal.
>
> And as you hear them testify -- they won't call them the first week, it's their case, but you will hear them testify -- all with their different backgrounds, from different walks of life, you will hear about this concept in the law that's called "good faith." ***They all had good faith. Their motives and their minds were pure.*** This was all done for the mission, it was all done for the shareholders, and ***it was all done in good faith***. There was no fraud.

1/18 Tr. at 343. *See also* 1/18 Tr. at 326 (". . . he had confirmation, he had their word, and funding was never an issue."); *id*. at 328 ("In his mind, funding wasn't an issue. ***It was secured.*** But what he said in that tweet was 'Funding secured,' without elaborating on what that meant to him."). Counsel continued this theme during the cross-examination of Plaintiff Glen Littleton when questioning whether the inclusion of the August 7, 2018 blog post arguably cured or corrected the initial "funding secured" and "investor support is confirmed" tweets. *See* 1/18 Tr. at 413-14.

These statements directly undermine the Court's summary judgment order. With Elon Musk likely taking the stand tomorrow (Friday) afternoon, Plaintiff respectfully urges the Court to provide a cautionary instruction to the jury that clarifies its prior holding on summary judgment and protects against any confusion that may be caused by Mr. Musk while testifying. The timing of the instruction is crucial, as Mr. Musk previously confirmed during his deposition in this case that he is "quite excited" to "clear the record" in this proceeding, stating in pertinent part:

> I should mention that I'm actually quite excited about this case, because I've -- I'm extremely unhappy about the SEC settlement, but I'm prohibited from talking about it, but now I'm forced to talk about it under penalty of perjury. And so I can now clear the record about that terrible SEC settlement where they held a gun to Tesla's head, and it was Tesla would either die or they would force me to lie. And now I can finally clear the record, and I'd like to thank you for that.

. . .

No. It was saying that the SEC -- and this is the reason why I lack respect for the SEC, is that they knew they had no case. They knew that they were factually in the wrong, but they also knew that Tesla would be under extreme pressure to settle the case, and ·that -- and I declined to settle the case with the SEC. And then I was told by Deepak Ahuja that if we did not settle the SEC, that the banks would stop providing Tesla with working capital, and we would go bankrupt immediately.

So I was faced with a terrible choice, publicly settle with the SEC -- and although the – it says there is no admission or denial of guilt, if you pay a fine to the SEC, everyone thinks you're guilty. I knew this, and this has been used against me for a long time. And now I can finally clear the record. And I'm going to do it, and it's going to be great.

E. Musk 11/5/21 Deposition, pp. 120:17-122:12

If Mr. Musk is to be believed at all, then Plaintiff respectfully urges the Court to intervene immediately, stop Defendants and their counsel from creating further prejudice, and provide the following instruction to the jury before Mr. Musk takes the stand:

**JURY INSTRUCTION NO. _____**

**CAUTIONARY INSTRUCTIONS**

I previously instructed you to assume that the statements "Funding secured" and "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." were untrue. When I tell you to "assume" these statements were untrue, you must accept that for the purposes of this proceeding, the statements "Funding secured" and "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." were untrue and you must disregard any fact, testimony, or argument that suggests that they were true. You must also accept that Mr. Musk acted at least with deliberate recklessness when he made those statements. You must also reject and disregard any fact, testimony, or argument that he acted innocently, in good faith, or anything less than recklessly.

//

1  //

1   Dated: January 19, 2023                     Respectfully submitted,

2

3                                               **LEVI & KORSINSKY, LLP**

4
                                                 *s/ Adam M. Apton*
5                                               Adam M. Apton (SBN 316506)
                                                Adam C. McCall (SBN 302130)
6                                               75 Broadway, Suite 202
                                                San Francisco, CA 94111
7                                               Tel.: (415) 373-1671
                                                Email: aapton@zlk.com
8                                               Email: amccall@zlk.com

9
                                                -and-
10

11                                              Nicholas I. Porritt
                                                Elizabeth K. Tripodi
12                                              Alexander A. Krot III
                                                LEVI & KORSINSKY, LLP
13                                              1101 30th Street N.W., Suite 115
                                                Washington, D.C. 20007
14                                              Tel.: (202) 524-4290
                                                Email: nporritt@zlk.com
15                                              Email: etripodi@zlk.com
                                                Email: akrot@zlk.com
16                                              (admitted *pro hac vice*)

17
                                                -and-
18

19                                              Joseph Levi
                                                Eduard Korsinsky
20                                              Max Weiss
                                                LEVI & KORSINSKY, LLP
21                                              55 Broadway, 10th Floor
                                                New York, New York 10006
22                                              Tel.: (212) 363-7500
                                                Email: jlevi@zlk.com
23                                              Email: ek@zlk.com
                                                (admitted *pro hac vice*)
24

25                                              *Attorneys for Plaintiff and Counsel for the Class*

26

27

28