*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Joseph Fath | 8 | No objection. | | |
| Joseph Fath | 13 | No objection. | | |
| Joseph Fath | 39 | Fed. R. Evid. 401, 402, 403, 404.  Exhibit 39 is an irrelevant email from a Tesla investor in the month *before* the class period *not concerning* the potential transaction to take Tesla private.  Plaintiff seeks to use the email in an improper effort to show that Mr. Musk received advice regarding his Twitter use from a third-party and is prone to making reckless statements on Twitter (i.e., improper character evidence). | Plaintiff is not using this exhibit for the truth of the matter asserted. Exhibit 39 is a July 19, 2018 (just weeks prior to the tweets) email from Mr. Viecha, not Mr. Fath. Mr. Viecha is setting up a call with Mr. Fath and indicates that the call "cover recent communication issues", i.e. twitter use, and that Mr. Fath should express what his "issues are (constant pushback from your investors, focus, etc)."<br><br>This Court has already held that Musk's prior twitter activity is relevant because "it bears on the Board defendants' good-faith defense to the Section 20(a) claim against them." Bellwether Order at 9 (citing *S.E.C.v.Todd*, 642 F.3d 1207, 1223 (9th Cir. 2011)(describing the good-faith defense).  "Because these statements were tweeted by Mr. Musk within weeks of the tweets at issue in this case, it has probative value as to the Board's knowledge of his tweet habits.  Its probative value is not substantially outweighed by any prejudicial value."<br><br>Third party impressions of Mr. Musk's twitter habits are relevant and proper. | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---------|-----|------------------------|----------------------|--------|
| | | | This case relates to Mr. Musk's reckless tweets and as Defendants have shown they intend to introduce tweets regarding Mr. Musk's Twitter habits. *See* Musk Counter Designations ECF No. 582 at 14, Exs. 979-1000. Plaintiff should be able to do the same.<br><br>Mr. Fath is testifying about his personal perception and mental state regarding Mr. Musk's Twitter generally and the effect that had on the market. Given Defendants have introduced evidence about Mr. Musk's Twitter use in general, it would substantially prejudice Plaintiff by excluding this testimony. | |
| Joseph Fath | 40 | *See* objection to Exhibit 39. | *See* **Response to Objection for Exhibit 39**. | |
| Joseph Fath | 41 | Fed. R. Evid. 403, 602, 701, 801.  Exhibit 41 is an email internal to T Rowe Price (i.e., not to Tesla) wherein a T Rowe Price employee (Mr. Fath) who had no personal knowledge of Mr. Musk's consideration to take Tesla private speculated that Mr. Musk's tweets could be "black and white stock manipulation."  Mr. Fath's conclusion is hearsay, unfairly prejudicial, and improper expert opinion.  In the Court's bellwether ruling, the Court sustained Defendants' objection to a similar document where the author questioned, "Did Elon Musk violate securities laws with tweet about taking Tesla private?"  (ECF No. 506-1 | Plaintiff does not intend to use this Exhibit, and has removed certain testimony related to this Exhibit. | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---------|-----|------------------------|----------------------|--------|
|  |  | at 12 ("there are significant Rule 403 issues. The headline is inflammatory and goes close to the ultimate issue in the case.").)  The result here should be the same. |  |  |
| Joseph Fath | 42 | No objection. |  |  |
| Joseph Fath | 43 | Fed. R. Evid. 401, 402, 403, 602, 801. | Exhibit 43 is an August 8, 2018 email from Mr. Fath regarding the effect of Mr. Musk's tweets on short sellers. The Court has already held that tweets about short sellers "are relevant because they go towards Mr. Musk's purported bias against shortsellers, which is part of Mr. Littleton's theory of the case. To the degree that there is any prejudice from these tweets, it does not outweigh the probative value." Bellwether Order (506-1, at 10-11). <br><br> Plaintiff is not using this email for the truth of the matter asserted, but the effect on listener. |  |
| Joseph Fath | 44 | No objection |  |  |
| Joseph Fath | 46 | No objection |  |  |
| Joseph Fath | 47 | No objection |  |  |
| Joseph Fath | 48 | Fed. R. Evid. 602, 801, speculation, particularly as to "short burn," and Mr. Musk's intentions prior to the Class Period | Exhibit 48 is an August 8, 2018 email from Mr. Fath commenting on Mr. Musk's tweets on short sellers. The Court has already held that tweets and comments about short sellers "are relevant because they go towards Mr. Musk's purported bias against shortsellers, which is part of Mr. Littleton's theory of the case. To the degree that there is any prejudice from |  |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | these tweets, it does not outweigh the probative value." Bellwether Order (506-1, at 10-11).<br><br>Plaintiff is not using this email for the truth of the matter asserted, but the effect on listener. | |
| Joseph Fath | 49 | Fed. R. Evid. 401, 402, 403, 602, 801, irrelevant speculation as to short sellers. | *See* response to exhibit 48. | |
| Joseph Fath | 51 | *See* objection to Exhibit 41, including speculative comments about SEC. | This email does not indicate that Tesla has committed securities fraud or manipulated the market. It simply comments on an SEC investigation (Not the settlement), which this Court has previously held will come into evidence. Final Pretrial Order ECF No. 508 at 32 (it is true that the SEC *investigation*—which began during the Class Period—may be relevant to loss causation and damages, this theory does not explain how the complaints and settlements—which materialized more than a month after the end of the Class Period—are relevant." (emphasis in original)). | |
| Joseph Fath (Dep) | 6:11-14 | No objection. | | |
| Joseph Fath (Dep) | 6:22-8:6 | No objection. | | |
| Joseph Fath (Dep) | 9:18-24 | No objection. | | |
| Joseph Fath (Dep) | 10:19-11:10 | No objection. | | |
| Joseph Fath (Dep) | 12:10-13 | No objection. | | |
| Joseph Fath (Dep) | 17:17-19 | No objection. | | |
| Joseph Fath (Dep) | 17:23-21:25<br>22:14-23:18 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. Plaintiff's counsel questioned the witness about the witness's efforts to arrange a phone call with Mr. Musk well before the class period to discuss | This Court has already ruled that Exhibit 321, Mr. Musk's tweets relating to the diver is admissible. Bellwether Order (506-1, at 9-10 "Its probative value is not substantially | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | Mr. Musk's tweeting habits and in particular a "Tweet regarding the situation in Thailand where . . . [Mr. Musk] decided to Tweet and call the individual that was leading the rescue a pedophile." The witness concluded that Mr. Musk made "a number of Tweets" before the class period that were "clearly derogatory [and] inflammatory." The propriety of Mr. Musk's pre-class tweets is irrelevant. The testimony carries a danger of unfair prejudice and confusing the jury into believing that this witness's opinions regarding Mr. Musk's prior tweets or prior tweeting habits bear on his liability here. Further, the witness testified regarding what he told Mr. Musk on their phone call. The witness's testimony is inadmissible hearsay that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted (i.e., that Mr. Musk should not be tweeting because it is leading to Tesla stock price declines). Finally, the witness opined that that Mr. Musk's pre-class-period tweet had a "negative impact" on Tesla's stock price. The witness's testimony is improper because he lacks personal knowledge of the cause of Tesla's stock price movements and is not an expert witness; such testimony would need to be based on scientific, technical, or other specialized knowledge. Further, the testimony is unfairly prejudicial and could confuse the jury into incorrectly concluding that Mr. Musk's | outweighed by any prejudicial value."). Mr. Fath's testimony should be decided the same way.<br><br>In addition this case relates to Mr. Musk's reckless tweets and as Defendants have shown they intend to introduce tweets regarding Mr. Musk's Twitter habits. *See* Musk Counter Designations ECF No. 582 at 14, Exs. 979-1000. Plaintiff should be able to do the same. He is also testifying about a tweet he personally saw, the effect he personally believed it had on the stock price, and testifies about his personal discussions with Mr. Musk about Mr. Musk's Twitter use. Given Defendants have introduced evidence about Mr. Musk's Twitter use in general, it would substantially prejudice Plaintiff by excluding this testimony.<br><br>What Mr. Musk said to Mr. Fath is also an opposing party statement and therefore not hearsay. Mr. Fath's testimony also discusses his personal feelings and views about the tweet and his conversation with Mr. Musk at the time.<br><br>The testimony also shows Mr. Fath's mental state to Mr. Musk's Twitter habits generally. It goes to the mental state of third parties in response to Mr. Musk's tweets which the Court | |

*In re Tesla, Inc. Securities Litigation* **- Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | tweets in the class period caused a stock price decline. | has already indicated is appropriate. Therefore, it is admissible under 803(1) and 803(3).<br><br>This testimony would also be admissible to rehabilitate the witness under 801(b)(1).<br><br>See also response for Exhibit 40. If the Exhibit is admitted, the testimony should also be admitted. | |
| Joseph Fath (Dep) | 22:06-10 | No objection. | | |
| Joseph Fath (Dep) | 25:12-14 | No objection. | | |
| Joseph Fath (Dep) | 25:18-30:22<br>32:9-33:8 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. Plaintiff's counsel questioned the witness about his email with his colleagues, wherein the witness wrote, "I can't imagine [Mr. Musk] would tweet this if no[] truth to it because that would seem to me like pretty black and white stock manipulation." (Ex. 41.) The witness's testimony is inadmissible hearsay that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted (i.e., that Mr. Musk committed stock manipulation). The testimony carries a danger of unfair prejudice and confusing the jury. In addition to testifying as to Mr. Musk's supposed culpability, the witness testified that "at that price point, it would have been a very healthy amount of capital you would need to raise to take the company private." The witness's testimony is improper | **25:18-30:22**<br>This is testimony to Mr. Fath's reaction to the August 7, 2018 tweets at issue in the case. This testimony goes to the mental state of third parties in response to Mr. Musk's tweets which the Court has already indicated is appropriate.<br><br>It is also appropriate for Mr. Fath to talk about his interpretation of the meaning of the tweets and what he thought Mr. Viecha and Tesla meant under 701.<br><br>Finally, his description of what Mr. Viecha said to him is an opposing party statement and not hearsay. In any event it would be allowed under 803(1) and 803(3). | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | because he draws improper legal conclusions, lacks personal knowledge of the material truth of Mr. Musk's statements, lacks personal knowledge of the capital needed to take Tesla private, and is not an expert witness; such testimony would need to be based on scientific, technical, or other specialized knowledge. | This testimony would also be admissible to rehabilitate the witness under 801(b)(1).<br><br>**32:9-33:8**<br>Plaintiff will withdraw this designation. | |
| Joseph Fath (Dep) | 35:3-9 | No objection. | | |
| Joseph Fath (Dep) | 36:23-37:12 | No objection. | | |
| Joseph Fath (Dep) | 38:5-39:3 | No objection. | | |
| Joseph Fath (Dep) | 39:13-42:1 | Fed. R. Evid. 401, 402, 403, 602. The witness testified that Mr. Musk's "frustration with the public markets" was "his own doing" "fueled . . . by his Tweeting" "because he created that environment where the press would constantly write, both accurately and inaccurately, about all types of things around Tesla and it created, you know, really a firestorm of press activity around the company." The witness lacks knowledge as to why and whether Mr. Musk is frustrated with the public markets. His testimony is inadmissible speculation. Further, whether Mr. Musk's tweets generally "fueled" a "firestorm of press activity" is not relevant here, and introduction of this testimony carries a danger of unfair prejudice and confusing the jury. | This case relates to Mr. Musk's reckless tweets and as Defendants have shown they intend to introduce tweets regarding Mr. Musk's Twitter habits. *See* Musk Counter Designations ECF No. 582 at 14, Exs. 979-1000. Plaintiff should be able to do the same.<br><br>Mr. Fath is testifying about his personal perception and mental state regarding Mr. Musk's Twitter generally and the effect that had on the reader and the market. Given Defendants have introduced evidence about Mr. Musk's Twitter use in general, it would substantially prejudice Plaintiff by excluding this testimony.<br><br>This testimony must also be admitted under 106, rule of completeness. | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | See also response for Exhibit 42. If the Exhibit is admitted, the testimony should also be admitted. | |
| Joseph Fath (Dep) | 42:9-42:11 | No objection. | | |
| Joseph Fath (Dep) | 42:21-23 | No objection. | | |
| Joseph Fath (Dep) | 43:1-44:18 | Fed. R. Evid. 401, 402, 403, 701, 801. Plaintiff's counsel questioned the witness about an email the witness sent to his colleagues that stated, "The Tesla shorts got up and close wit napalm yesterday." The email and related testimony is inadmissible hearsay that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted (i.e., that Mr. Musk's tweets harmed Tesla short sellers). The testimony carries a danger of unfair prejudice and confusing the jury. Further, the witness speculated that Mr. Musk's tweets "had a sharp move up on the stock which caused a short covering." The witness then purported to explain short selling and covering. The witness's testimony is improper as a legal conclusion, and because he lacks personal knowledge of the cause of Tesla's stock price movements and is not an expert witness; such testimony would need to be based on scientific, technical, or other specialized knowledge. | This testimony is provided in connection with Exhibit 43 (see above). It is not being used for the truth of the matter asserted but to show the market's mental state in response to Mr. Musk's tweets which the Court has already indicated is appropriate. Bellwether Order (506-1, at 10-11).<br><br>To the extent that Mr. Fath comments on the increase in stock price, what he believed happened, and noted that the volume was higher than the 30 day average, this goes to his belief and is not a scientific opinion and therefore proper under 701. | |
| Joseph Fath (Dep) | 44:25-46:8 | Fed. R. Evid. 401, 402, 403, 602. Objections reserved given prior Court ruling on public information during the class period and state of | | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---------|-----|------------------------|----------------------|--------|
| | | mind, assuming not used for the truth; **no Court action needed**. | | |
| Joseph Fath (Dep) | 46:18-47:3 | No objection. | | |
| Joseph Fath (Dep) | 48:13-50:16 | No objection. | | |
| Joseph Fath (Dep) | 54:23-56:15 | No objection. | | |
| Joseph Fath (Dep) | 56:23-57:15 58:1-5 | No objection | | |
| Joseph Fath (Dep) | 60:1-6 | No objection. | | |
| Joseph Fath (Dep) | 60:11-61:25 | Fed. R. Evid. 401, 402, 403, 602, 801. Plaintiff's counsel questioned the witness about an email he wrote to his colleagues speculating that "I may be reading into this too much, but if you recall, Musk was talking a couple months ago about an epic short burn that was coming. In hindsight now, formally not hitting 5K per week in production of Model 3, that these take private discussions that were likely taking place." (Ex. 48.)  The email and related testimony is inadmissible hearsay that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted (i.e., that Mr. Musk wanted to "burn" short sellers by taking Tesla private).  Further, the witness concedes that his email was pure speculation ("we *speculated* it was this, and that our *speculation, my speculation*, was that he had been working on this, you know, for months").  The witness's speculation into Mr. Musk's intent is irrelevant and carries a danger of unfair prejudice and confusing the jury. | This case relates to Mr. Musk's reckless tweets and as Defendants have shown they intend to introduce tweets regarding Mr. Musk's Twitter habits. *See* Musk Counter Designations ECF No. 582 at 14, Exs. 979-1000. Plaintiff should be able to do the same.

Plaintiff is not using Exhibit 48 for the truth of the matter asserted. Mr. Fath is testifying about his personal perception and mental state regarding Mr. Musk's Twitter generally and the effect that had on the reader and the market. Given Defendants have introduced evidence about Mr. Musk's Twitter use in general, it would substantially prejudice Plaintiff by excluding this testimony.

See also response for Exhibit 48. If the Exhibit is admitted, the testimony should also be admitted. | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Joseph Fath (Dep) | 62:08-64:05<br>64:11-65:01<br>66:21-67:06<br>67:12-71:18 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. Plaintiff's counsel questioned the witness about the meaning of an email someone from Deutsche Bank (who is not appearing at trial) wrote regarding the supposed cost to short sell Tesla stock. (Ex. 49.) Plaintiff's counsel asked the witness to speculate as to what the Deutsche Bank employee meant. The email and related testimony is inadmissible hearsay that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted (i.e., that it was costly to short Tesla stock during the class period). Further, because the witness did not make these statements in the email (and the declarant making the statements has not appeared in this case), the witness lacks the requisite knowledge about them. The email and related testimony carries a danger of unfair prejudice and confusing the jury into believing that the declarant's statements regarding short selling Tesla reflect the true state of affairs. Finally, the witness attempts to interpret the Deutsche Bank employee's email, what it means for investors, and the related contours of short selling Tesla stock. The witness is not an expert witness, and such testimony would need to be based on scientific, technical, or other specialized knowledge. | Plaintiff is not seeking to admit Exhibit 49 for the truth of the matter asserted but to show third party reactions to Mr. Musk's tweets. Mr. Fath can testify to why he believes he received an email, he quotes specifically from the email, and has personal knowledge of the emails contents. He also responded to the email, so can testify to how he interpreted it in order to respond.<br><br>To the extent that Mr. Fath comments on the stock price, this goes to his belief and is not a scientific opinion and therefore proper under 701.<br><br>See response to Exhibit 49. | |
| Joseph Fath (Dep) | 70:14-71:18 | Fed. R. Evid. 401, 402, 403, 801. Plaintiff's counsel questioned the witness about his statement in an email that Tesla would be a | It appears Defendants only object to 71:8-71:18 (questioning about "suicide short"). This | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | "suicide short now." (Ex. 49.)  The email and related testimony is inadmissible hearsay that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted (i.e., that it was dangerous to short Tesla stock during the class period).  The email and testimony carries a danger of unfair prejudice and confusing the jury into believing that the witness's statement regarding short selling reflected the true state of affairs. | testimony must be included for completeness under Rule 106.<br><br>Further, Plaintiff is not using this testimony for the truth of the matter asserted but to show the mental capacity of the market. The Court has held that this is proper and that short selling is relevant to this case. Bellwether Order at 7, 10-11.<br><br>To the extent that Mr. Fath comments on the stock price, this goes to his belief and is not a scientific opinion and therefore proper under 701.<br><br>See response to Exhibit 49. | |
| Joseph Fath (Dep) | 73:13-74:3 | Fed. R. Evid. 401, 402, 403, 602.  Objections reserved given prior Court ruling on public information during the class period and state of mind, assuming not used for the truth; **no Court action needed.** | | |
| Joseph Fath (Dep) | 75:3-20 | No objection. | | |
| Joseph Fath (Dep) | 76:11-78:15 | Fed. R. Evid. 401, 402, 403, 602, 701, 801.  Plaintiff's counsel questioned the witness about an email with his colleagues, wherein the witness wrote, "The SEC is looking into whether [Mr. Musk] has the funding lined up like he claimed he does because if not then that is pretty clearly stock manipulation." (Ex. 50.)  The email and the witness's testimony is | Plaintiff withdraws his designation of 76:11-21.<br>**76:22-78:15**<br>The Court has already determined that third party's impressions of the tweets are relevant and not hearsay. Mr. Fath's testimony concerns the market reaction to tweets and the announcement of the SEC investigation. | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | inadmissible hearsay that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted (i.e., that Mr. Musk manipulated the price of Tesla's stock).  Further, the witness lacked knowledge about the SEC investigation. To the extent the Court finds that the witness's testimony has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into crediting the witness's personal opinion about the SEC investigation and that Mr. Musk committed stock manipulation.  Finally, the witness's testimony is improper because he draws a legal conclusion. | Notably, this testimony does not indicate that Defendants committed securities fraud or manipulated the market. It simply comments on a publicly announced SEC investigation (Not the settlement), which this Court has previously held will come into evidence. Final Pretrial Order ECF No. 508 at 32 (it is true that the SEC *investigation*—which began during the Class Period—may be relevant to loss causation and damages, this theory does not explain how the complaints and settlements— which materialized more than a month after the end of the Class Period—are relevant." (emphasis in original)). "Upon request, the Court will issue a limiting instruction informing the jury that they should not make any assumptions regarding the outcome of the SEC investigation." *Id.* At 33.   Accordingly, this testimony is relevant not unfairly prejudicial, and its probative value outweighs any danger of unfair prejudice.<br><br>Mr. Fath's knowledge is based on public information about the SEC investigation, which is consistent with this designated testimony: "I know when the investigation started. It was Wednesday, August 8th." 77:4-5.<br><br>Finally, Plaintiff has designated Mr. Fath's testimony to show the market effect on the | |

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | listener for the SEC investigation; this testimony is opinion testimony by a lay witness pursuant to Fed. R. Evid. 701. This testimony is helpful to understand how the market reacted to the announcement of the SEC investigation (Not the settlement). This testimony is based on Mr. Fath's observations and not on scientific, technical, or other specialized knowledge within the scope of the Fed. R. Evid. 702. | |
| Joseph Fath (Dep) | 78:23-79:9 | No objection. | | |
| Joseph Fath (Dep) | 82:6-83:17 | Fed. R. Evid. 401, 402, 403, 602, 701, 801. The witness testified about an email he wrote which purported to quote a third party who is not a witness in this case: "From Phil on Tesla. Pause in short covering . . . ." (Ex. 51.) The witness quotes his colleague "Phil" as saying "SEC has their foot in [Tesla's] ass and going further up it. They were already looking into manufacturing now they are looking into the truth behind the tweets." The email and the witness's testimony is inadmissible hearsay within hearsay (what Phil allegedly told the witness and what the witness wrote in his email) that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted. The witness lacked knowledge about statements made by "Phil" and appears to have simply copied them into an email. The email | Plaintiff is not using this testimony for the truth of the matter asserted, but to show the market effect on the listener for both Mr. Musk's tweets and the SEC investigation. It simply comments on a publicly announced SEC investigation (Not the settlement), which this Court has previously held will come into evidence. Final Pretrial Order ECF No. 508 at 32 (it is true that the SEC *investigation*—which began during the Class Period—may be relevant to loss causation and damages, this theory does not explain how the complaints and settlements—which materialized more than a month after the end of the Class Period—are relevant." (emphasis in original)).

Additionally, Plaintiff is not using Exhibit 51, or testimony related to the "Pause in short | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---------|-----|------------------------|----------------------|--------|
|  |  | and the witness's associated testimony carry a danger of unfair prejudice and confusing the jury into crediting the witness's quote of "Phil's" opinion. | covering" for the truth of the matter asserted. There is no risk of confusion to the jury on this point.<br><br>*See* Exhibit 51. |  |
| Joseph Fath (Dep) | 91:8-92:5 | Fed. R. Evid. 401, 402, 403, 602.  Objections reserved given prior Court ruling on "state of mind" of market participants, assuming not used for the truth; **no Court action needed.** |  |  |
| Joseph Fath (Dep) | 92:23-93:10 | No objection. |  |  |
| Joseph Fath (Dep) | 94:18-95:8 | Fed. R. Evid. 401, 402, 403, 602.  Objections reserved given prior Court ruling on "state of mind" of market participants, assuming not used for the truth; **no Court action needed.** |  |  |
| Joseph Fath (Dep) | 98:9-99:3 | No objection. |  |  |
| Joseph Fath (Dep) | 99:9-100:19 | No objection. |  |  |
| Joseph Fath (Dep) | 101:22-102:18 | Fed. R. Evid. 401, 402, 403, 602.  The witness testified regarding the SEC's "contempt decree" against Mr. Musk and speculated that it caused Mr. Musk to "step[] back from . . . an abusive use of Twitter."  The Court has already granted Defendants' motion in limine to preclude evidence concerning the SEC's complaints against Tesla and Mr. Musk and the associated settlements on the basis that the probative value of the evidence is substantially outweighed by unfair prejudice.  (Dkt. No. 508 at 31.)  The same reasoning applies here.  Further, the witness speculated and lacks any personal knowledge the any actions by the | Plaintiff withdraws this designation. |  |

*In re Tesla, Inc. Securities Litigation* **- Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---------|-----|------------------------|----------------------|--------|
| | | SEC caused Mr. Musk to change his use of Twitter.  Finally, it would be unfairly prejudicial to allow the witness to tell the jury that Mr. Musk engages in an "abusive use of Twitter." | | |
| Deepak Ahuja | 8 | No objection. | | |
| Deepak Ahuja | 12 | No objection. | | |
| Deepak Ahuja | 78 | *See* objection to Exhibit 39. | | |
| Deepak Ahuja | 79 | No objection, provided (1) Plaintiff uses the version of Exhibit 79 that redacts all personal identifying information, including phone numbers and addresses; (2) does not seek to admit the entire document but rather only admits the text messages introduced during Mr. Ahuja's testimony, subject to 401, 402, 403, 801 objections as appropriate.  Defendants are willing to meet and confer with Plaintiff to identify the specific text messages the parties seek to admit and reach a stipulation regarding this Exhibit.  Otherwise, Defendants assert objections under Fed. R. Evid. 401, 402, 403, and 801. | Plaintiff will consider agreeing to redact irrelevant text messages, or text messages with persons not identified in this litigation.  However, Plaintiff does not agree to separate each of Mr. Ahuja's text messages for each witness. Mr. Ahuja's text messages need to be read in context and potentially having multiple versions of Exhibit 79 would be confusing to the jury. | |
| Deepak Ahuja | 80 | Fed. R. Evid. 401, 403, 801, 901.  Exhibit 80 is a hearsay set of "minutes" allegedly from the PIF with no listed author and no witness at trial to authenticate or lay a foundation. | *See* Response to Exhibit 80 for Mr. Musk (ECF No. 592 at 9-10). If Exhibit 80 is admitted for Mr. Musk it should be permitted for Mr. Ahuja. | |
| Deepak Ahuja | 81 | No objection. | | |
| Deepak Ahuja | 83 | No objection. | | |
| Deepak Ahuja | 84 | No objection. | | |
| Deepak Ahuja | 86 | No objection. | | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Deepak Ahuja | 87 | No objection. | | |
| Deepak Ahuja | 89 | No objection. | | |
| Deepak Ahuja | 121 | No objection provided that Plaintiff only seeks to admit Mr. Ahuja's August 7, 2018 text messages with Mr. Musk at 121-4.  Otherwise, Defendants object under Fed. R. Evid. 401, 402, 403, 602, 801. | Plaintiff will consider agreeing to redact irrelevant text messages, or text messages with persons not identified in this litigation. However, Plaintiff does not agree to separate each of Mr. Musk's text messages for each witness. Mr. Musk's text messages need to be read in context and having multiple versions of Exhibit 121 would be confusing to the jury. | |
| Deepak Ahuja | 321 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403. **No Court Action Needed.** | | |
| Deepak Ahuja | 337 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801. **No Court Action Needed.** | | |
| Deepak Ahuja | 503 | No objection. | | |
| Nii Koney | 8 | No objection. | | |
| Nii Koney | 12 | No objection. | | |
| Nii Koney | 13 | No objection. | | |
| Nii Koney | 55 | Fed. R. Evid. 403, 602, 801.  Exhibit 55 is an email internal to Jennison (i.e., not to Tesla) wherein a Jennison employee (Mr. Koney) who had no personal knowledge of Mr. Musk's | The Court has already determined that third party's impressions of the tweets are relevant and not hearsay. Dkt. No. 575 at 2. | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | consideration to take Tesla private speculated that Tesla might want to go private to "avoid public scrutiny." | This testimony is clearly relevant and not unduly prejudicial. The email contains a present sent impression and qualifies a business record 803(6). Mr. Koney has knowledge of his own impression and has additional knowledge of Tesla as he followed the company for years as the managing director of research for Jennison Associates. | |
| Nii Koney | 56 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801. **No Court Action Needed.** | | |
| Nii Koney | 58 | Fed. R. Evid. 401, 402, 403, 602. Plaintiff seeks to show the jury emails by Martin Viecha concerning Mr. Musk's August 7, 2018 tweets. The questions to Mr. Viecha and Mr. Viecha's responses are not admissible. As to the questions, the fact that single analysts were asking questions about funding is not probative of materiality, as the analysts could be asking questions for a variety of reasons, including that the statements were vague. The jury would be speculating as to the reason for the analysts' inquiries. Thus, the questions are hearsay, as they are being offered for the truth of the matter asserted (that funding was material). Nor does the question from one person reflect the "state of mind" of the market as a whole. As to Mr. Viecha's responses, | The Court has already overruled this objection. "This exhibit is relevant because it provides evidence of the public's perception of Mr. Musk's tweets and thus goes towards materiality. The exhibit is not unfairly prejudicial given Mr. Viecha's role at Tesla." Dkt. No. 506-1 at 6; *see also* Dkt. No. 575 at 2.<br><br>Mr. Koney has knowledge of his own impression and has additional knowledge of Tesla as he followed the company for years as the managing director of research | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | even if they are party admissions (as the Court previously implied), to be admissible they still must be on a relevant topic, probative, and not cumulative. Mr. Viecha's statements are none of those. First, Mr. Viecha's emails were private statements, not public statements made to the market as a whole, so they do not alter the total mix of information available to the market and do not reflect what the market knew or thought of Mr. Musk's tweets. Second, Mr. Viecha's responses about what "funding secured" means is not relevant because the Court already determined that "funding secured" is false, so Mr. Viecha's interpretation is not probative of anything going to the jury. Finally, Plaintiff has not established foundation or that Mr. Viecha had any personal knowledge of what Mr. Musk meant in his tweets. In fact, he had none. | | |
| Nii Koney | 60 | Fed. R. Evid. 403, 602, 701, 801. Exhibit 60 is an email internal Jennison (i.e., not to Tesla) wherein a Jennison employee (Mr. Koney) who had no personal knowledge of Mr. Musk's consideration to take Tesla private speculated that, by tweeting his consideration to take Tesla private, Mr. Musk "risk[ed] being hauled off to jail." Mr. Koney's conclusion is hearsay, unfairly prejudicial, and improper expert opinion. In the Court's bellwether ruling, the Court sustained Defendants' objection to a similar document where the | Plaintiff is not using this testimony for the truth of the matter asserted, but to show the effect on the listener. This is consistent with the Court's Bellwether Order on the similar article. *See* ECF 506-1, at 12 ("The article could, however, be introduced to show the effect on the listener (i.e. the market)").<br><br>This exhibit does not contain improper legal conclusions or improper lay opinions. These emails are rationally based on Mr. Koney's | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)

Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | author questioned, "Did Elon Musk violate securities laws with tweet about taking Tesla private?"  (ECF No. 506-1 at 12 ("there are significant Rule 403 issues. The headline is inflammatory and goes close to the ultimate issue in the case.").)  The result here should be the same. | perception as an analyst who covers Tesla and the financial markets. The emails are based on Mr. Koney's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. This is proper because of the particularized knowledge Mr. Koney has by virtue of position at Jennison Associates.<br><br>*See also* response to Defendants' objection to Exhibit 55 re: Fed. R. Evid. 602 and 803(6). | |
| Nii Koney | 61 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801.<br>**No Court Action Needed.** | | |
| Nii Koney | 62 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801.<br>**No Court Action Needed.** | | |
| Nii Koney | 66 | No objection. | | |
| Nii Koney | 67 | Fed. R. Evid. 801. | This exhibit contains former testimony from Mr. Koney, an unavailable witness, and is not excluded by the rule against hearsay pursuant to Fed. R. Evid. 804(b)(1). | |

*In re Tesla, Inc. Securities Litigation* **- Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Nii Koney | 68 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801. **No Court Action Needed.** | | |
| Nii Koney (Dep) | 8:3-5 | No objection. | | |
| Nii Koney (Dep) | 8:13-15 | No objection. | | |
| Nii Koney (Dep) | 12:20-13:8 | No objection. | | |
| Nii Koney (Dep) | 16:13-18 | No objection. | | |
| Nii Koney (Dep) | 18:22-19:8 | No objection. | | |
| Nii Koney (Dep) | 19:11-16 | No objection. | | |
| Nii Koney (Dep) | 20:11-21:6 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 801. **No Court Action Needed.** | | |
| Nii Koney (Dep) | 26:16-26:23 | No objection. | | |
| Nii Koney (Dep) | 32:12-21 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court Action Needed.** | | |
| Nii Koney (Dep) | 37:23-38:4 | No objection. | | |
| Nii Koney (Dep) | 43:1-3 | No objection. | | |
| Nii Koney (Dep) | 43:9-11 | No objection. | | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Nii Koney (Dep) | 43:19-44:19 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court Action Needed.** | | |
| Nii Koney (Dep) | 45:1-17 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court Action Needed**. | | |
| Nii Koney (Dep) | 53:18-22 | No objection. | | |
| Nii Koney (Dep) | 54:7-9 | No objection. | | |
| Nii Koney (Dep) | 54:24-55:25 | Fed. R. Evid. 401, 402, 801.  *See* objections to Exhibit 58 | The Court has already overruled these objections to Exhibit 58. "This exhibit is relevant because it provides evidence of the public's perception of Mr. Musk's tweets and thus goes towards materiality. The exhibit is not unfairly prejudicial given Mr. Viecha's role at Tesla." Dkt. No. 506-1 at 6; *see also* Dkt. No. 575 at 2. Testimony concerning this exhibit should be allowed. *See also* Plaintiff's responses to Defendants' objections to Exhibit 58<br><br>Furthermore, the Court has already determined that third party's impressions of the tweets are relevant and not hearsay. | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)

**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | | |
| Nii Koney (Dep) | 60:4-21 | Fed. R. Evid. 401, 402, 403, 801. *See* objections to Exhibit 58. | This testimony is related to Exhibit 58. *See* Plaintiff's response to Defendants objections to Exhibit 58 and Dep. Desig. 54:24-55:25. | |
| Nii Koney (Dep) | 61:9-62:12 | Fed. R. Evid. 401, 402, 403, 801. *See* objections to Exhibit 58. | This testimony is related to Exhibit 58. *See* Plaintiff's response to Defendants objections to Exhibit 58 and Dep. Desig. 54:24-55:25. | |
| Nii Koney (Dep) | 65:6-22 | No objection. | | |
| Nii Koney (Dep) | 66:2-16 | Fed. R. Evid. 401, 402, 403, 801. *See* objections to Exhibit 60. | This testimony is related to Exhibit 60. *See* Plaintiff's response to Defendants' objections to Exhibit 60. | |
| Nii Koney (Dep) | 67:10-14 | No objection. | | |
| Nii Koney (Dep) | 67:18-68:11 | Fed. R. Evid. 401, 402, 403, 801. *See* objections to Exhibit 61. | In Defendants' objections to Exhibit 61, Defendants admit this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless they note for the record their objection pursuant to Fed. R. Evid. 801.  Accordingly, testimony regarding this exhibit should be played for the jury. | |
| Nii Koney (Dep) | 70:10-23 | Fed. R. Evid. 401, 402, 403, 602, 801. Hearsay and unfairly prejudicial statement that "there is no evidence" that Mr. Musk "has the funding."  *See* objections to Exhibit 61. | Defendants' objection misrepresents Mr. Koney's testimony: "I said that they haven't disclosed a source of funding yet, very different from no evidence of funding." 70:20-23. This is not unfairly prejudicial. | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---------|-----|------------------------|----------------------|--------|
| | | | *See also* Plaintiff's response to Defendants' objections to Depo. Desig. 67:18-68:11. | |
| Nii Koney (Dep) | 70:25-71:11 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court Action Needed**. | | |
| Nii Koney (Dep) | 71:20-72:9 | Fed. R. Evid. 401, 402, 801. *See* objections to Exhibit 58. | The Court has already overruled these objections to Exhibit 58 and testimony relating to same should be played for the jury. *See* Plaintiff's response to Defendants' objections to Exhibit 58. | |
| Nii Koney (Dep) | 74:16-75:1 | No objection. | | |
| Nii Koney (Dep) | 84:15-85:17 | Fed. R. Evid. 401, 402, 602, 801. *See* objections to Exhibit 62. | In Defendants' objections to Exhibit 62, Defendants admit this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless they note for the record their objection pursuant to Fed. R. Evid. 801. Accordingly, testimony regarding this exhibit should be played for the jury. | |
| Nii Koney (Dep) | 99:1-99:9 | No objection. | | |
| Nii Koney (Dep) | 99:17-20 | No objection. | | |
| Nii Koney (Dep) | 100:5-101:6, 101:24-104:5 | Fed. R. Evid. 401, 402, 801. Hearsay notes where the author admitted he is "a terrible note taker" and didn't "remember all of the details | Defendants' objection to Exhibit 66 is as follows: "No objection." Testimony concerning this exhibit is relevant to the events that are the subject of this case and not | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | of the call outside of the notes." *See* objections to Exhibit 66. | excluded by the rule against hearsay pursuant to Fed. R. Evid. 804(d)(1).  Mr. Koney's notes were taken contemporaneously with his call with Elon Musk, either during the call or shortly after the call to memorialize the discussion. 100:21-101:7. Accordingly, they are not hearsay pursuant to Fed. R. Evid. 803(1).  Defendants' counter designation also includes testimony that it was his general practice to take notes when speaking to the CEO of a company he followed, which would qualify them as a business record pursuant to Fed. R. Evid. 803(6). 101:7-14.<br><br>Mr. Koney testified that he remembered the call (102:9) and these notes refresh his recollection. Nothing in this testimony indicates that the notes are unreliable. | |
| Nii Koney (Dep) | 110:1-110:5 | No objection. | | |
| Nii Koney (Dep) | 112:2-114:9 | No objection. | | |
| Nii Koney (Dep) | 114:16-115:2 | No objection. | | |
| Nii Koney (Dep) | 117:7-16 | No objection. | | |
| David Arnold | 8 | No objection. | | |
| David Arnold | 12 | No objection. | | |
| David Arnold | 53 | No objection. | | |
| David Arnold | 171 | Fed. R. Evid. 401, 402, 403, 801.  Objections reserved given prior Court ruling on public | While not bolded, Plaintiff understands that no Court action is needed. | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | information during the class period and state of mind, assuming not used for the truth; no Court action needed. | | |
| David Arnold | 303 | Fed. R. Evid. 403 as to the headline "Securities lawyers shocked by Elon Musk's tweet, point to potential legal minefield."  Defendants request that this line be redacted pursuant to the Court's Bellwether Order. *See* ECF No. 506-1 at 12.<br><br>Fed. R. Evid. 401, 402, 403, 801, 1002. Objections reserved given prior Court ruling on public information during the class period and state of mind, assuming not used for the truth; no Court action needed otherwise. | Plaintiff agrees to redact the headline. | |
| David Arnold | 339 | *See* objection to Exhibit 303. | Plaintiff agrees to redact the headline. | |
| David Arnold | 342 | *See* objection to Exhibit 303. | Plaintiff agrees to redact the headline. | |
| David Arnold | 348 | Fed. R. Evid. 401,402, 403, 801.  The Court has already ruled that Plaintiff cannot seek to introduce Exhibit 320, a tweet wherein Mr. Musk made a reference to the drug Ambien. The Court found that the tweet had "little probative value" and was "unfairly prejudicial" in improperly suggesting that Mr. Musk "is intoxicated when he uses Twitter."  (ECF No. 506-1 at 9.)  Plaintiff now seeks to backdoor *that same unfairly prejudicial information* through Exhibit 348, an article titled "Elon Musk's strange, strange Ambien tweet."  The article predates the class period, has no | Plaintiff withdraws Exhibit 348 while reserving all rights. | |

**_In re Tesla, Inc. Securities Litigation_ - Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | probative value, is hearsay, and is unfairly prejudicial.  Consistent with the Court's bellwether ruling, Plaintiff should not be permitted to admit Exhibit 348. | | |
| David Arnold | 503 | No objection. | | |
| David Arnold | 504 | No objection. | | |
| David Arnold | 505 | No objection. | | |