**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS     (1927-1950)
JOHN F. WHARTON    (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3035

WRITER'S DIRECT FACSIMILE

(212) 492-0035

WRITER'S DIRECT E-MAIL ADDRESS

rtarlowe@paulweiss.com

January 20, 2023

The Honorable Edward M. Chen
Senior District Judge
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

*In re Tesla Inc. Securities Litigation,*
*18-cv-04865 (EMC)*

Dear Judge Chen:

    We write on behalf of our client, Daniel Dees, a non-party witness, in response to the demand by Plaintiffs' counsel that Mr. Dees appear for testimony in the above matter on Tuesday, January 24. As we have informed counsel, Mr. Dees is prepared to testify in person on Friday, January 27, or another date thereafter, but has significant work commitments that require him to be in New York on January 23 and January 24. (Mr. Dees is the Co-Head of Global Banking & Markets at Goldman Sachs). Mr. Dees' counsel also is unavailable on January 24 because of a previously scheduled deposition in another state. Requiring Mr. Dees to appear on Tuesday would impose an undue burden and should not be permitted. Accordingly, we respectfully request that Mr. Dees be permitted to testify on January 27 or another date thereafter. Unfortunately, our efforts to resolve this issue directly with Plaintiffs' counsel have been unsuccessful.

It is our understanding that, until recently, Plaintiffs' counsel intended to have Mr. Dees appear by deposition only. On January 6, 2023, however, after learning that the Defendants intended to have Mr. Dees appear live, counsel for Plaintiffs contacted us and requested that we accept service of a trial subpoena on behalf of Mr. Dees. We informed counsel for both parties that, although Mr. Dees is a non-party who resides more than 100 miles from the courthouse and previously sat for a deposition, Mr. Dees would appear and testify at trial if called, subject to further scheduling discussions. Mr. Dees has blocked out two days from his schedule to appear at trial— January 26 to travel from New York to San Francisco and January 27 to appear for testimony.

While counsel for Defendants agreed to accommodate Mr. Dees' work commitments and travel plans, counsel for Plaintiffs have refused. After initially indicating that they expected to call Mr. Dees on either January 27 or January 31, Plaintiffs' counsel demanded that Mr. Dees be present in San Francisco for the entire week of January 23, until called. Then, just last evening, following another request by us to accommodate Mr. Dees' schedule, counsel advised us by email that Mr. Dees would be required to appear and testify on January 24.

Plaintiffs' unwillingness to make reasonable accommodations is contrary to the Court's Guidelines for Trial in Civil Cases, which provide that parties are expected to cooperate with each other in the scheduling and production of witnesses and that witnesses may be taken out of order if necessary. Plaintiffs' position is also inconsistent with Rule 45 of the Federal Rules of Civil Procedure, which requires parties issuing subpoenas to "take reasonable steps to avoid imposing undue burden . . . on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(1), and mandates that courts quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

Plaintiffs' demand that Mr. Dees cancel his trip to New York and miss important work meetings – simply so that he can appear on a particular date of Plaintiffs' choosing – would impose an undue burden on Mr. Dees. Plaintiffs' demand is especially unreasonable given that Mr. Dees is prepared to testify on other trial days that do not conflict with his work commitments or travel plans, his deposition testimony is available, and he is not a party to this action. Indeed, courts consistently recognize that non-parties subject to discovery requests are deserving of "special protection" from the courts. *Exxon Shipping Co.* v. *U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994); *see also Amini Innovation Corp.* v. *McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (when discovery obligations are "thrust upon nonparties," the burden factor is "entitled to special weight").

Finally, Rule 45 imposes certain geographic limitations that Plaintiffs appear to disregard. In particular, a subpoena may require a witness's attendance at trial *only* "(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Edward M. Chen 3

attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1). Mr. Dees, a resident of Los Angeles, is beyond the 100-mile limitation, and under these circumstances, would incur substantial expense if required to attend trial on Tuesday.

Accordingly, for all these reasons, we respectfully request that Mr. Dees be permitted to appear for testimony on January 27 or another date thereafter.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Richard C. Tarlowe*

Richard C. Tarlowe

## FILER'S ATTESTATION

I, Randall S. Luskey, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that the signatory identified above has concurred in this filing.

Dated:  January 20, 2023                    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *Randall Scott Luskey*
Randall Scott Luskey (SBN: 240915)
rluskey@paulweiss.com
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:     (628) 432-5100
Facsimile:      (628) 232-3101