*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Subramanian | 8 | No objection. | N/A | |
| Subramanian | 9 | No objection. | N/A | |
| Subramanian | 10 | No objection. | N/A | |
| Subramanian | 11 | No objection. | N/A | |
| Subramanian | 12 | No objection. | N/A | |
| Subramanian | 13 | No objection. | N/A | |
| Subramanian | 53 | No objection. | N/A | |
| Subramanian | 81 | No objection. | N/A | |
| Subramanian | 229 | No objection. | N/A | |
| Elon Musk | 8 | No objection. | N/A | |
| Elon Musk | 9 | No objection. | N/A | |
| Elon Musk | 10 | No objection. | N/A | |
| Elon Musk | 11 | No objection. | N/A | |
| Elon Musk | 12 | No objection. | N/A | |
| Elon Musk | 13 | No objection. | N/A | |
| Elon Musk | 53 | No objection. | N/A | |
| Elon Musk | 75 | Fed. R. Evid. 401, 402, 602, 801, 805. Exhibit 75 is a hearsay email from April 14, 2017 to Mr. O'Connell summarizing a meeting with H.E. Mr. Yasir Al-Rumayyan. Defendants seek to use this email for the truth of the matter asserted to show that Mr. Musk met with the PIF in April of 2017, and that the PIF was "keen to invest large $s in Tesla." The email itself is hearsay, as well as the summary of the meeting. It is improper hearsay and hearsay within hearsay under 801 and 805. Mr. Musk is not a party to the email and therefore lacks the requisite knowledge under 602. **401 & 403 Objection**: This email has no probative value; falsity has already been decided and this has no relevance to materiality as it reflects a potential | Exhibit 75 is not hearsay (nor hearsay within hearsay) because Defendants aren't offering it for the truth of the matter asserted, i.e., to prove that Mr. Musk did in fact meet "with Yasir who heads the Public Investment Fund." Mr. Musk will testify independent of this document about his meetings with the PIF. Defendants seek to offer Exhibit 75 and similar exhibits to show Mr. Musk's/Tesla's state of mind/understanding regarding the PIF's longstanding and continued interest in Tesla, which began in 2016 and culminated in July 2018. | R. The exhibit may be admitted for the non-hearsay purpose of showing Mr. Musk's state of mind provided that Defendants establish that Mr. Musk saw the email. |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | meeting with the PIF significantly before August 2018. While there were a few meeting with the PIF in 2016 and 2017, they did not generate interest from Elon Musk, and in fact Mr. Musk has previously testified that he did not have any interest in proceeding with the PIF. This exhibit and similar such exhibits are going to be used by Defendants to dilute the Court's summary judgment ruling on falsity. Evidence like this will certainly confuse the jury especially where "***the Court has already found that the August 2018 tweets were false and made with the requisite scienter***." ECF No. 398 at 3. Currently, the jurors have only been instructed that they are to assume the tweets were false. | As the Court explicitly held, **"Mr. Musk's state of mind is relevant."** (1/18 Tr. at 285:16-286:5.) On January 18, 2022, the Court went to great lengths to provide its "view of the evidence." (*Id.*) The Court expected the parties would incorporate the Court's view to reduce the substantial objections/responses the parties were making to the evidence (Plaintiff's prior responses were **108 pages**). (*Id.* at 283:23-287:12.) However, in response to the Court's directive to *reduce* objections, Plaintiff *added* objections that he had not made before (e.g., Rule 401 and 403) and did not remove his initial objections. Exhibit 75 is squarely relevant to Mr. Musk's and Tesla's state of mind. Plaintiff's belated objections are contrary to the Court's recent guidance and should be overruled.<br><br>(Further, Exhibit 75 would qualify as a business record under Fed. R. Evid. 803(6).) | |
| Elon Musk | 76 | Fed. R. Evid. 401, 402, 602, 801, 805. Exhibit 76 is a hearsay email chain between February 12-April 15, 2017 with Mr. Teller, Mr. Ahuja, and representatives from the PIF titled "Re: Tesla Discussion". The email chain contains a | *See* Defendants' response to Exhibit 75. | R. The exhibit may be admitted for the non-hearsay purpose of showing Mr. |

2

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | number of improper hearsay conversations including, requesting a call to follow up about what Mr. Musk and H.E. Mr. Yasir Al-Rumayyan spoke about in San Francisco (TE76-4), scheduling for the call (TE76-2-4), following up after the February call in April 2017 about "conversation that we had earlier", and looping in Deepak. Defendants will use this chain for the truth of the matter asserted to show that meetings and conversations did occur in early 2017, and to show that the PIF was interested in meeting and speaking with Mr. Musk. The email itself is hearsay, as well as the contents of the emails about "conversations we had earlier". It is improper hearsay and hearsay within hearsay under 801 and 805. Mr. Musk is not a party to the email and therefore lacks the requisite knowledge under 602. **401 & 403 Objection** for Exhibit 75. | | Musk's state of mind provided that Defendants establish that Mr. Musk saw the email. |
| Elon Musk | 81 | No objection. | N/A | |
| Elon Musk | 83 | No objection. | N/A | |
| Elon Musk | 87 | No objection. | N/A | |
| Elon Musk | 92 | No objection. | N/A | |
| Elon Musk | 93 | Fed. R. Evid. 801. Exhibit 93 is an August 10, 2018 follow-up email from Mr. Musk to Mr. Maron, Mr. Ahuja, and Mr. O'Brien stating to "let the media know that the [PIF] has given us permission to acknowledge that they are working on a deal with Tesla that includes support of the go private transaction." This email was sent directly after Mr. Musk emailed Mr. Maron, Mr. Ahuja, and Ms. O'Brien a | *See* Defendants' response to Exhibit 75. Exhibit 93 is not hearsay because it is not being offered for the truth of the matter asserted (i.e., to prove that the PIF did in fact give Tesla "permission to acknowledge" the PIF's involvement). Rather, it reflects Mr. Musk's state of mind related to his understanding of the | O |

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | screenshot of a text message from H.E. Mr. Yasir Al-Rumayyan to Mr. Musk on August 10. Defendants seek to rely on this email for the truth of the matter asserted that the PIF gave Tesla permission to acknowledge they were working on a deal with Tesla, and that the PIF supported the go private transaction. | status of discussions with the PIF and their level of their interest in financing the transaction to take Tesla private. | |
| Elon Musk | 101 | No objection. | N/A | |
| Elon Musk | 105 | Fed. R. Evid. 401, 402, 801. Exhibit 105 is a hearsay email chain dated November 2016 from Saad Aljarboa, a representative of the PIF, attempting to schedule a meeting for the following week between Mr. Musk and H.E. Mr. Yasir Al-Rumayyan. *See* **401 & 403 Objection** for Exhibit 75. | *See* Defendants' response to Exhibit 75. | O |
| Elon Musk | 106 | Fed. R. Evid. 401, 402, 602, 801. Exhibit 106 is a hearsay email chain between Ms. Gallagher and Mr. Musk dated January 31, 2017 with the subject line "Yasir wants to meet in SF". Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to or did meet with Mr. Musk in early 2017, and is therefore hearsay. Further, Mr. Musk does not have actual knowledge of the communications between Ms. Gallaher and H.E. Mr. Yasir Al-Rumayyan. *See* **401 & 403 Objection** for Exhibit 75. | *See* Defendants' response to Exhibit 75. Further, Mr. Musk is on the email chain so he has personal knowledge of it. | O |
| Elon Musk | 107 | Fed. R. Evid. 401, 402, 801, 805. Exhibit 107 is a hearsay email chain in February and March 2017 between Mr. Musk and members of the PIF, including H.E. Mr. Yasir Al-Rumayyan with the subject line "OpenAI Funding". | *See* Defendants' response to Exhibit 75. | O |

4

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to or did meet in San Francisco in early 2017, that the PIF was interested in or did invest in OpenAI funding, that the PIF wanted to know how to proceed, and/or that Mr. Musk subsequently called H.E. Mr. Yasir Al-Rumayyan. The email itself is hearsay, as well as the contents of the emails. It is improper hearsay and hearsay within hearsay under 801 and 805. *See* **401 & 403 Objection** for Exhibit 75. | | |
| Elon Musk | 109 | Fed. R. Evid. 602, 801. Exhibit 109 is a hearsay email chain between Mr. Teller and members of the PIF. Defendants seek to introduce this email for the truth of the matter asserted, including that H.E. Mr. Yasir Al-Rumayyan wanted to meet with Mr. Musk in July 2018, that a meeting was scheduled for July 31, 2018, and that meeting took place on July 31, 2018. The email itself is hearsay, as well as the contents of the emails. It is improper hearsay and hearsay within hearsay under 801 and 805. Mr. Musk is not on the email chain and therefore lacks personal knowledge of the contents of this Exhibit. *See* **401 & 403 Objection** for Exhibit 75. | *See* Defendants' response to Exhibit 75. | R. The exhibit may be admitted for the non-hearsay purpose of showing Mr. Musk's state of mind provided that Defendants establish that Mr. Musk saw the email. |
| Elon Musk | 121 | No objection. | N/A | |
| Elon Musk | 141 | Fed. R. Evid. 401, 402, 403, 601, 801. Exhibit 141 is a hearsay email chain dated March 30, 2018 between Mr. Teller and representatives of the PIF, attempting to schedule a meeting between Mr. Musk and H.E. Mr. Yasir Al-Rumayyan. Mr. Teller then forwards the | *See* Defendants' response to Exhibit 75. | R. The exhibit may be admitted for the non-hearsay purpose of showing Mr. Musk's state of |

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | meeting to Mr. Viecha indicating that "Yasir and Elon have met a couple of times" and the PIF is "gigantic". This description is prejudicial under 403 and given the time, its probative value does not outweigh the prejudice. Defendants will use this email for the truth of the matter asserted to show that H.E. Mr. Yasir Al-Rumayyan wanted to meet with Mr. Musk, and Mr. Musk wanted to meet with H.E. Mr. Yasir Al-Rumayyan going back to and in March 2018. They will also use it to show that "Elon and Yasir" had met and that the fund was "gigantic". The email is hearsay and the contents of the email are hearsay within hearsay. Mr. Musk is not a party to this email chain and therefore does not have personal knowledge of its contents under 602. *See* **401 & 403 Objection** for Exhibit 75. | | mind provided that Defendants establish that Mr. Musk saw the email. |
| Elon Musk | 165 | No objection. | N/A | |
| Elon Musk | 171 | No objection. | N/A | |
| Elon Musk | 179 | No objection. | N/A | |
| Elon Musk | 229 | No objection. | N/A | |
| Elon Musk | 236 | No objection. | N/A | |
| Elon Musk | 243 | No objection. | N/A | |
| Elon Musk | 254 | No objection. | N/A | |
| Elon Musk | 322 | No objection. | N/A | |
| Elon Musk | 361 | No objection. | N/A | |
| Elon Musk | 789 | Fed. R. Evid. 401, 402. Exhibit 789 is an email from Mr. Teller to Mr. Musk on April 26, 2017 forwarding an email from representatives of the PIF requesting a meeting with Mr. Musk in April/May 2017. Mr. Teller tells Mr. Musk "Regardless of Tesla's financing plans it might | *See* Defendants' response to Exhibit 75. | O |

6

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | be useful to get his financial support for OpenAI". See **401 & 403 Objection** for Exhibit 75. | | |
| Elon Musk | 818 | No objection. | N/A | |
| Elon Musk | 825 | Fed. R. Evid. 106, 403, 801, 805. Exhibit 825 is a hearsay email dated August 12, 2018 from Mr. Musk to Mr. Maron and Mr. Teller with the subject "Privileged" that attaches a number of text messages between Mr. Musk and H.E. Mr. Yasir Al-Rumayyan. Defendants omit from the exhibit the attached text messages. In the email Mr. Musk indicates that "Yasir has tried to call me several times today", that Mr. Musk would not take the call unless "he takes action to correct the public record", and summarizes Mr. Musk's version of events from the July 31, 2018 meeting between Mr. Musk and the PIF. Defendants will seek to introduce this email for the truth of the matter asserted that H.E. Mr. Yasir Al-Rumayyan tried calling Mr. Musk and that Mr. Musk's versions of events actually occurred at the meeting. The email is hearsay and Mr. Musk's summary of the meeting that took place almost 2 weeks before is hearsay within hearsay and is too far removed to fall under 803(1) or 803(3). This email is incomplete under 106 as it does not include the attached images to the email which consists of Mr. Musk's text messages with H.E. Mr. Yasir Al-Rumayyan. To the extent that the Court allows this exhibit, Defendants should be required to produce it with all of its attachments. Additionally the prejudice of this email outweighs the benefits as it is after the | See Defendants' response to Exhibit 75. Exhibit 825 is not hearsay (nor hearsay within hearsay) because Defendants are offering it to show Mr. Musk's state of mind and what the PIF expressed to him, rather than *the truth* of what they expressed to him: "There is no question that PIF said they were was all-in for a Tesla take-private when we met two weeks ago and I clarified whether Yasir was the decision-maker and he said yes unequivocally and, moreover, that this was fully backed by the crown Prince." Exhibit 825 is a contemporaneous and highly probative reflection of Mr. Musk's understanding of his dealings with the PIF. Plaintiff does not and cannot explain how any unfair prejudice of Exhibit 825 (there is none) substantially outweighs the probative value of Mr. Musk's then state of mind. As the Court explicitly held, ***"Mr. Musk's state of mind is relevant."*** (1/18 Tr. at 285:16-286:5.) | S for lack of completeness. |

7

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | start of the SEC investigation, was made 2 weeks after the initial meeting and is also therefore prejudicial under 403. *See* Attached Updated Exhibit 825. | | |
| Elon Musk | 827 | Fed. R. Evid. 401, 402, 801. Exhibit 827 is a calendar invite for March 8, 2017 from "EMDesk" with the subject "7:30 PM: Tour w/ Masa, Larry & Yasir" including a written itinerary for the day. Defendants will use this invite for the truth of the matter asserted that Mr. Musk met with Masa, Larry & Yasir on March 8, 2017 and that the events in the invite occurred. This is improper hearsay under 801. *See* **401 & 403 Objection** for Exhibit 75. | *See* Defendants' response to Exhibit 75. | R. The exhibit may be admitted for the non-hearsay purpose of showing Mr. Musk's state of mind provided that Defendants lay the requisite foundation showing Mr. Musk's awareness of the calendar entry |
| Elon Musk | 979 | Fed. R. Evid. 401, 402. **No Court action needed**. | Plaintiff seeks to selectively show the jury single tweets by Mr. Musk outside of the class period in an effort to prove that Mr. Musk uses Twitter recklessly. (*See, e.g.*, Plaintiff's intended use of Exhibit 321.) Exhibit 979, which—unlike Exhibit 321—is within the class period, rebuts Plaintiff's argument and reflects Mr. Musk's actual typical use of Twitter. | S. The tweet is after, not before, the 8/7/18 tweets at issue – not relevant to Section 20(a) claim. |
| Elon Musk | 980 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 981 | Fed. R. Evid. 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 982 | Fed. R. Evid. 401, 402, 403, 404, 801. Exhibit 982 is a thread of August 10, 2018 Tweets from Musk at 2:08 a.m. The tweets in Exhibit 982 are related to Musk "literally saving" Johnna Crider's life by replying to one of her tweets. It also includes Musk response which talks about his "Nana" and to "Believe in good." This thread has nothing to do with the going private transaction or events at issue in this case and does not have the tendency to make a fact more or less probable. They are therefore, irrelevant and not admissible. Defendants seek to introduce this exhibit for the truth of the matter asserted, that Mr. Musk did in fact save Ms. Crider's life. This is improper character evidence and is highly prejudicial to Plaintiff and risks confusion to the jury. | *See* Defendants' response to Exhibit 979.  Defendants are not seeking to use Exhibit 979 for the truth of the matter asserted or for character evidence.  Exhibit 979 is relevant to rebut Plaintiff's claims that, and the tweets Plaintiff will introduce to argue that Mr. Musk uses Twitter recklessly | S |
| Elon Musk | 983 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 984 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 985 | Fed. R. Evid. 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 986 | Fed. R. Evid. 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 987 | Fed. R. Evid. 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 988 | Fed. R. Evid. 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 989 | Fed. R. Evid. 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Elon Musk | 990 | Fed. R. Evid. 106, 401, 402, 403, 404. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 991 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 992 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 993 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 994 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 995 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 996 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 997 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 998 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 999 | Fed. R. Evid. 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 1000 | Fed. R. Evid. 106, 401, 402. **No Court action needed**. | *See* Defendants' response to Exhibit 979. | S |
| Elon Musk | 1001 | Fed. R. Evid. 801. Exhibit 1001 is an email from Ron Baron to Elon Musk on August 7, 2018 indicating that if Tesla goes private, Ron Baron would like to "continue to be an investor". Defendants use this email for the truth of the matter asserted to show that Mr. Baron in fact wanted to be an investor and is therefore improper hearsay under 801. | Exhibit 1001 is not hearsay because Defendants are not offering it for the truth of the matter asserted (i.e., to prove that Mr. Baron did in fact want to invest in a private Tesla). Rather, Defendants are offering Exhibit 1001 to reflect Mr. Musk's *state of mind* (i.e., whether he had a reasonable basis to believe Tesla investors were supportive of his consideration of taking Tesla | O |

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | | private).  Shortly after receiving the email in Exhibit 1001 from Mr. Baron, Mr. Musk tweeted his belief that he had investor support to take Tesla private.  In the days that followed, Mr. Musk published a blog post reflecting his belief that many of the current Tesla investors would roll over their shares into a private Tesla.  Exhibit 1001 provides a basis for Mr. Musk's beliefs.  As the Court explicitly held, ***"Mr. Musk's state of mind is relevant."*** (1/18 Tr. at 285:16-286:5.) | |
| Brinkman | 10 | No objection. | N/A | |
| Brinkman | 18 | No objection. | N/A | |
| Brinkman | 22 | No objection. | N/A | |
| Brinkman (Defendants' Counter Designations) | | No objections. | N/A | |
| Viecha | 8 | No objection. | N/A | |
| Viecha | 12 | No objection. | N/A | |
| Viecha | 13 | No objection. | N/A | |
| Viecha | 145 | Fed. R. Evid. 801. Exhibit 145 is an email chain between Mr. Viecha and Mr. Hogner regarding whether the "tweets are real". Defendants use this email to show the truth of the matter asserted, that Mr. Hogner wanted to know whether the tweets were real, to show that the "Tweets are official", and/or that Mr. | Exhibit 145 reflects, as the Court put it, "the market's perception" of Mr. Musk's tweets, which the Court held "will generally be deemed relevant and admissible for a non-hearsay purpose." (ECF No. 575 at 2.)  Defendants, however, continue to maintain their objections to | O |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 2 - January 18, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
|  |  | Hogner was "Congratulat[ing]" Tesla for going private. It is therefore hearsay under 801. | Plaintiff's efforts to cherry pick and show the jury selective analyst reports and news articles that support their case. (*See, e.g.*, Exs. 15, 23.) |  |
| Viecha | 161 | No objection. | N/A |  |
| Viecha | 171 | No objection. | N/A |  |
| Viecha | 336 | Fed. R. Evid. 801, 805. Exhibit 336 is an August 14, 2018 email from Mr. Viecha to Mr. Musk regarding "UBS wealth management['s]" ability to invest in a private Tesla and noting "they would like to start a dialogue." Defendants use this email for the truth of the matter asserted that UBS was able and wanted to invest billions in a private Tesla. The email to Mr. Musk is hearsay and the summary of the conversation with UBS is hearsay within hearsay. | *See* Defendants' responses to Exhibits 145 and 1001. | S. The exhibit does not inform Mr. Musk's state of mind relative to the 8/7/18 tweets in question and is not probative of investor market interpretation of or reaction to the tweets. |
| Viecha | 975 | No objection. | N/A |  |