1  **LEVI & KORSINSKY, LLP**
   Adam M. Apton (SBN 316506)
2  Adam C. McCall (SBN 302130)
   75 Broadway, Suite 202
3  San Francisco, CA 94111
4  Tel.: (415) 373-1671
   Email: aapton@zlk.com
5          amccall@zlk.com

6  *Attorneys for Plaintiff and Counsel for the Class*

7  [Additional Counsel on Signature Block]

8

9                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
10

11 | IN RE TESLA, INC. SECURITIES | Case No. 3:18-cv-04865-EMC |
   | LITIGATION | |
12 | | **PLAINTIFF'S TRIAL BRIEF RE:** |
   | | **ADMISSIBILITY OF TRIAL EXHIBIT 80** |
13

14

15

16    The Court indicated during trial on Friday, January 20, 2023 that it was considering the

17 admissibility of Exhibit 80, the PIF Minutes, which Plaintiff intends to proffer into evidence. The

18 Court indicated that two immediate issues needed to be considered with respect to Exhibit 80:

19 authenticity and hearsay.

   **I.   AUTHENTICITY**
20
      Rule 901 of the Fed. R. of Evid. "allows the district court to admit evidence if sufficient
21
   proof has been introduced so that a reasonable juror could find in favor of authenticity or
22
   identification." *Vatyan v. Mukasey,* 508 F.3d 1179, 1184 (9th Cir. 2007) (internal quotation marks
23
   omitted). Under the general provision of Rule 901 that "[t]he requirement of authentication or
24
   identification as a condition precedent to admissibility is satisfied by evidence sufficient to support
25
   a finding that the matter in question is what its proponent claims." *See United States v. Childs*, 5
26
   F.3d 1328, 1336 (9th Cir.1993).
27
      On September 12, 2018, Robert H. Pees, an attorney with Akin Gump Strauss Hauer &
28

1  Feld LLP who was representing the Saudi Arabia Public Investment Fund in connection with the
2  U.S. Securities & Exchange Commission's ("SEC") investigation into the tweets at issue (*In the*
3  *Matter of Tesla Motors, Inc.*, SF-4082), sent the PIF Minutes (Exhibit 80) with cover letter to the
4  SEC via "encrypted electronic upload."[1] Mr. Pees addressed the letter to Walker Newell, an
5  attorney with the SEC involved in the investigation. He stated "[a]s discussed, please find enclosed
6  a document bearing Bates-stamped numbers PIF000001 to PIF000002." *Id*. at 1. Mr. Pees also
7  requested confidential treatment of the document "[i]n accordance with the Commission's Rules."
8  *Id*. The PIF Minutes (Exhibit 80) were produced by Mr. Pees in response to the request by the
9  SEC, a government agency. *See FTC v. Willms,* No. C11-828 MJP, 2011 U.S. Dist. LEXIS 103160,
10 at *37-38 (W.D. Wash. Sep. 12, 2011) (holding that responses from non-adverse, third-party
11 attorneys explaining the nature of the documents which also contain Bates stamping in response
12 to a *de facto* discovery requests were sufficient to satisfy authenticity). There is no reason to doubt
13 that this document is not what it purports to be and therefore satisfies the general provision of Fed.
14 R. Evid. 901(a).

15 **II.    HEARSAY**

16       Under the Residual Exception of Fed. R. Evid. 807(a), Plaintiff asserts that Exhibit 80
17 should be admitted into the record. Given that Exhibit 80 was produced by the SEC, a federal
18 agency who had requested the document, and was provided the document by counsel for the Saudi
19 PIF, the document itself has sufficient guarantees of trustworthiness. Additionally, there is
20 evidence corroborating the statements made within Exhibit 80.

21       When asked under oath at his deposition regarding Exhibit 80, Sam Teller testified that "I
22 believed that Naif, the new guy, was taking notes, but it may have been Saad." Teller Tr. 143:24-
23 144:3. Deepak Ahuja's testimony confirms this: "It did appear that one of the gentleman was taking
24 some notes. To what extent and in what level of detail, I could not be sure." Ahuja Tr. 278:14-20.

25       Sam Teller, who attended the July 31, 2018 meeting in full, recounted in his narrative at
26 deposition regarding the meeting that many of the topics noted in the PIF minutes were discussed,

27
28 [1] Attached hereto is a true and accurate copy of the letter from Robert Pees to Walker Newell produced to Plaintiff by the SEC in discovery.

1   and in the same order as outlined in the minutes. For example, Teller recalled that Yasir told Elon
2   early on in the meeting that "we have purchased a real significant, you know, just below 5 percent
3   stake in Tesla." Teller Tr. at 136:15-17. Teller recalled the first bullet point in the minutes,
4   "[d]iscussing current Tesla performance." Teller Tr. 149:8-13. He also recalled discussing the
5   second bullet point regarding the PIF's purchase of an almost 5% stake in Tesla. Teller Tr. 149:14-
6   20. Teller testified that the first part of the fourth bullet point, "[r]unning a public company is a
7   headache," sounded "like something that was discussed." Teller Tr. 154:22-155:4. According to
8   Teller, the fifth bullet point, "I want to take the company private so I can focus" was "the gist of
9   what Elon said." Teller Tr. 155:22-156:5. Teller confirmed that Yasir expressed that he believed
10  in Tesla, as indicated in the minutes, and provided that [PIF] are long-term investors. Teller Tr.
11  156:19-157:10. Teller confirmed that Elon stated that he had problems with Masa and that Yasir
12  responded telling Elon that PIF is independent and he is calling the shots. Teller Tr. 157: 17-158:1.
13  With respect to the final bullet point in the minutes, Teller recalled that Yasir indicated if he didn't
14  hear from Elon that he would call him. Teller Tr. 160:12-23.

15          Deepak Ahuja, who came late to the meeting, recalls, as noted in the PIF minutes, there
16  being a discussion with Yasir about a solar project in Saudi Arabia. Ahuja Tr. 91:13-21. Ahuja
17  recalled "vaguely" the discussion about Elon's percentage of ownership in Tesla. 94:3- 95:7. With
18  respect to the final bullet point in the PIF minutes, Ahuja testified that "I do recall the gist of it,
19  which is that Yasir was fundamentally keen on hearing from Elon directly the structure that he
20  would have in mind that he would like to do for a going-private transaction and what percentage
21  of that he would think would be needed or the financial calculations to take it private." Ahuja Tr.
22  97:18-98:1.

23          Counsel for Plaintiff presented Exhibit 80 to both Teller and Ahuja for reference in their
24  respective depositions. Undoubtedly these witnesses were prepped for their deposition testimony
25  regarding Mr. Musk's version of the July 31, 2018 meeting, and had some trouble recalling parts
26  of the minutes that contradicted Mr. Musk's version. There is substantial overlap, however,
27  between their deposition testimony and the PIF minutes to support a sufficient guarantee of
28  trustworthiness such that Exhibit 80 should be admitted under Fed. R. Evid. 807.

1    Plaintiff did serve letters rogatory on the Saudi PIF regarding authentication of the PIF,
2 and seeking testimony from members of the Saudi PIF who attended the July 31, 2018 meeting.
3 Though Plaintiff used reasonable and concerted efforts, the letters rogatory ran aground once
4 passed from the U.S. State Department to the Kingdom of Saudi Arabia. The jurors have already
5 been told by Defendants during opening statements what was purportedly said during the July 31,
6 2018 meeting. *See* 1/18 Tr. at 320:24-322:23 (*e.g.*, "Mr. Musk says it will cost a lot of money;
7 Yasir says it won't be a problem. Mr. Musk says: This is a different kind of take-private. I don't
8 want to box the shareholders out. I want them to be included. Yasir says: It's fine with us. We just
9 want to get this done. And Mr. Musk says: Well, who's in charge? Am I talking to the man in
10 charge? And Yasir says: I'm the decision-maker. The Crown Prince supports me. And if I say it's
11 done, it's done."); *see also id*. (""Now is the time, they told him. They told him they put their
12 money where their mouth was. They told him they would make whatever steps were necessary to
13 get this done. They told him that everyone who needed to make the decision was in that room. It's
14 not just Mr. Musk that will tell you this. ***Everyone in the room will tell you that's what***
15 ***happened***.").

16    Without the PIF Minutes, Plaintiff will have no way to dispute the statements made by
17 defense counsel during opening arguments or the self-interested testimony Defendants will present
18 trial. The PIF Minutes make demonstrate that Musk was ***not*** told these things by the Saudi PIF but
19 instead that they were simply interested in exploring an investment and expected to receive
20 "financial calculations" from Musk showing how he planned to take Tesla private. *See* PIF Minutes
21 at 2. The PIF's version of the meeting is therefore probative to Mr. Musk's scienter, as well as the
22 materiality of his false statements – both of which are central to Plaintiff's case. Under Fed. R.
23 Evid. 807(a)(2), Exhibit 80 is far more probative than any other evidence regarding what occurred
24 at the July 31, 2018 meeting that Plaintiff can obtain through reasonable efforts. For these reasons,
25 Plaintiff respectfully asserts that Exhibit 80 should be admitted under Fed. R. Evid. 807.
26 //
27 //
28 //

| | | |
|---|---|---|
| 1 | Dated: January 22, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | **LEVI & KORSINSKY, LLP** |
| 4 | | |
| 5 | |  *s/ Adam M. Apton*  <br>Adam M. Apton (SBN 316506) |
| 6 | | Adam C. McCall (SBN 302130)<br>75 Broadway, Suite 202 |
| 7 | | San Francisco, CA 94111<br>Tel.: (415) 373-1671 |
| 8 | | Email: aapton@zlk.com<br>Email: amccall@zlk.com |
| 9 | | |
| 10 | | -and- |
| 11 | | Nicholas I. Porritt |
| 12 | | Elizabeth K. Tripodi<br>Alexander A. Krot III |
| 13 | | LEVI & KORSINSKY, LLP<br>1101 30th Street N.W., Suite 115 |
| 14 | | Washington, D.C. 20007<br>Tel.: (202) 524-4290 |
| 15 | | Email: nporritt@zlk.com<br>Email: etripodi@zlk.com |
| 16 | | Email: akrot@zlk.com<br>(admitted *pro hac vice*) |
| 17 | | |
| 18 | | -and- |
| 19 | | Joseph Levi |
| 20 | | Eduard Korsinsky<br>Max Weiss |
| 21 | | LEVI & KORSINSKY, LLP<br>55 Broadway, 10th Floor |
| 22 | | New York, New York 10006<br>Tel.: (212) 363-7500 |
| 23 | | Email: jlevi@zlk.com<br>Email: ek@zlk.com |
| 24 | | (admitted *pro hac vice*) |
| 25 | | *Attorneys for Plaintiff and Counsel for the Class* |
| 26 | | |
| 27 | | |
| 28 | | |