QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearing *pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (appearing *pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (appearing *pro hac vice*)
  ellydethompson@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Anthony P. Alden (Bar No. 232220)
  anthonyalden@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal Musk,
And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S TRIAL BRIEF RE: ADMISSIBILITY OF TRIAL EXHIBIT 80** |

Defendants incorporate their arguments on the record on the morning of January 23, 2022 related to the inadmissibility of Trial Exhibit 80 and offer these further arguments in support of their position that Trial Exhibit 80 cannot be admitted into evidence.

## I. PLAINTIFF CANNOT INVOKE THE RARELY USED RESIDUAL HEARSAY EXCEPTION

Plaintiff fails to show that he can meet the basic requirements of Rule 807, a rule used "rarely and in exceptional circumstances," and only when a court determines that "the totality of the circumstances surrounding the statement establish its reliability sufficiently enough to justify foregoing the rigors of in-court testimony (*e.g.*, live testimony under oath, cross-examination) that ordinarily guarantee trustworthiness." *Smith v. Davis*, 2020 WL 3488035, at *6 (N.D. Cal. June 26, 2020), *aff'd*, 2023 WL 313210 (9th Cir. Jan. 19, 2023).

At the threshold, Plaintiff cannot meet the requirements of Rule 807 because Trial Exhibit 80 does not identify any author and therefore subpart (b) of 807 cannot be satisfied.

In addition to the requirements of Rule 807(a), subpart (b) requires notice. As part of that notice requirement, the proponent must give reasonable notice. "The statement is admissible ***only if*** the proponent gives an adverse party reasonable notice of the intent to offer the statement— including its substance and the ***declarant's name***—so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing--or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." FRE 807(b).

"The Ninth Circuit has specified the importance of satisfying this requirement" to provide the requisite notice—including the name of the declarant. *K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG (SSX), 2016 WL 9455632, at *2 (C.D. Cal. Mar. 18, 2016).

Here Plaintiff "do[es] not make a single reference to the notice requirement or explain how it has been met." *Id.* Indeed, Plaintiff has not—and cannot—satisfy this notice requirement because Trial Exhibit 80 does not identify who is making the statement that Plaintiff seeks to admit under Rule 807. While this fact—the lack of any indication on the author of Trial Exhibit 80—presents ample reason for finding a lack of trustworthiness, a failure to establish authenticity, and a need for

cross examination—it independently precludes application of the residual hearsay exception under subpart (b) of Rule 807.

Beyond that, however, Trial Exhibit 80 has none of the guarantees of trustworthiness necessary to satisfy the Rule's more stringent requirements.  Trial Exhibit 80 is not a statement created "under oath and subject to the penalty of perjury"; there is no evidence the declarant (whoever it is) "made the statement voluntarily"; there is no evidence that the unknown declarant "based the statements on facts within [his or her] own personal knowledge"; and Trial Exhibit 80 is not a statement that was "preserved on videotape which would allow the jurors an opportunity to view the[] [declarant's] demeanor."  *United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998) (listing factors for courts to consider when assessing trustworthiness under Rule 807). Instead, Trial Exhibit 80 is of unknown origin and authorship, with no indication when it was created, under whose direction, or for what purpose.  In addition, the document apparently was provided by a lawyer for the Saudi PIF to the SEC in connection with an SEC investigation.  There accordingly existed a clear motive to submit self-serving statements to the SEC that would obviate the need for the PIF's further involvement in any investigation.  *See Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1039 (N.D. Cal. 2006) ("Mr. Boyd's statements are self serving (*e.g.* made in contemplation of litigation, as established above) and lack corroboration. Thus, this Court finds Mr. Boyd's statements to be inadmissible under FRE 807.").

Plaintiff unsurprisingly cites no authority in support of admitting Trial Exhibit 80.  And in fact, courts within the Ninth Circuit routinely reject Rule 807 arguments even when there is far more indicia of reliability than is present here.  *See, e.g.*, *Fudge v. Broomfield*, 2022 WL 2101899, at *1-2 (C.D. Cal. May 12, 2022) (excluding statements even though they were subject to penalty of perjury and were made voluntarily based on personal knowledge, because the declarants contradicted previous statements, and "[n]o statements were videotaped, so the court [had] no opportunity to view the declarants' demeanor," among other considerations"); *United States v. Lindsay*, 931 F.3d 852, 866 (9th Cir. 2019) (rejecting residual-exception argument where "the government did not have an adequate opportunity to cross-examine the deponents"); *In re Mbunda*, 604 F. App'x 552, 555 (9th Cir. 2015) (statements properly excluded where they "were not made

'under oath and subject to the penalty of perjury' nor were they recorded in any way 'which would allow the [judge] an opportunity to view … demeanor.'") (quoting Fed. R. Evid. 807).

The only corroboration Plaintiff points to is cherry-picked testimony from Sam Teller and Deepak Ahuja that they generally knew someone at the July 31, 2018 meeting was taking notes, and that some of the topics identified in the notes sounded familiar.  But Plaintiff ignores the testimony by each witness—and particularly Mr. Teller, who was present for the full meeting—that the notes are an ***inaccurate*** account of the meeting.  *See* Aug. 11, 2021 Dep. Of Sam Teller, at 157:11-16 ("[T]his feels like a softer expression of interest and intent than I recall from sitting there."), 155:11-12 (testifying with respect to a particular bullet point in Trial Exhibit 80, "And so I'd say the first part rings true, but the second part does not"), 149:21-150:6 (testifying with respect to another bullet that "That is not something I remember.  And the short answer to that is, no, I don't remember that").  And in his interview with the SEC, Mr. Teller testified that he observed two individuals from the Saudi PIF taking notes "in notebooks," during the meeting, which is clear evidence that the typewritten document Plaintiff seeks to admit here is not a contemporaneous recording of the meeting.  *See* August 15, 2018 Interview of Sam Teller, at 238:14-17 ("I believe both Saad and the person I understand to be Naif were taking notes in notebooks.").  In short, the facts here are a far cry from the hallmarks of trustworthiness that Rule 807 requires, and underscore the necessity of the ability to cross-examine whoever created Trial Exhibit 80 before the exhibit could be admitted.  *Fudge*, 2022 WL 2101899, at *2 (excluding declarations of unavailable witnesses where "[t]he surrounding circumstances do not show that cross-examination would be of marginal utility, but rather that ***cross-examination would be of great value***"  (emphasis added)).

## II.     PLAINTIFF CANNOT ESTABLISH AUTHENTICITY

Nor can Plaintiff establish the authenticity of Trial Exhibit 80.  Federal Rule of Evidence 901 provides that, to authenticate a document, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  This requires evidence sufficient for a reasonable juror to find in favor of authenticity or identification.  *Seoul Semiconductor Co., Ltd v. Bed Bath & Beyond, Inc.*, No. CV 18-3837 PSG (SKX), 2022 WL 3134456, at *1 (C.D. Cal. June 2, 2022).

Plaintiff has not met that burden here.  Plaintiff can offer no "[t]estimony of a witness with knowledge … that [Trial Exhibit 80] is what it is claimed to be." Fed. R. Evid. 901(b)(1).  The two-sentence letter from an Akin Gump attorney upon which Plaintiff relies (*see* ECF No. 607-1) is itself inadmissible and merely identifies the Bates stamping on the document and requests confidential treatment.  There is no explanation of what the document is, when it was authored, by whom, or under what circumstances.  That is plainly insufficient, and the Court's inquiry should end there. *See L.A. Printex Indus., Inc. v. Target Corp.*, 2008 WL 11334168, at *2 (C.D. Cal. Apr. 21, 2008) (declarations from litigant and litigant's attorney stating that their investigators had discovered evidence were insufficient to authenticate the evidence because "neither [declarant] has declared that he personally created or witnessed the creation of Exhibit 4. Therefore, neither … has the personal knowledge necessary to authenticate Exhibit 4"); *Sullivan v. Costco Wholesale Corp.*, 2018 WL 4057447, at *6 (E.D. Cal. Aug. 23, 2018) ("Counsel's affidavit is not sufficient to authenticate a document …, as Defendants' counsel lacks personal knowledge …."). [1]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court decline to admit Trial Exhibit 80.

DATED:  January 23, 2023           Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
        Alex Spiro (appearing *pro hac vice*)

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

---

[1] The email correspondence between the SEC and counsel for the PIF that Plaintiff submitted to the Court this morning similarly adds no additional evidence of authenticity of Trial Exhibit 80.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 23rd day of January 2023.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Kyle Batter
Kyle Batter

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*