*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Aaron Chew | 11 | No objection. | | |
| Aaron Chew | 13 | No objection. | | |
| Aaron Chew | 204 | No objection | | |
| Aaron Chew | 205 | No objection. | | |
| Aaron Chew | 210 | Fed. R. Evid. 801. Objections reserved given prior Court ruling on "state of mind" of the market; **no Court action needed.** | | |
| Aaron Chew | 214 | Fed. R. Evid. 401, 402, 403, 602.<br><br>Like Mr. Viecha's similar emails, this is a private statement, not public statements made to the market as a whole, so they do not alter the total mix of information available to the market and do not reflect what the market knew or thought of Mr. Musk's tweets. Moreover, they are not relevant to any element. | This is an August 8, 2018 email from an analyst at Evercore inquiring about the "Funding secured" tweet and the company's position on the tweet. This Court has already overruled similar emails that were sent and received by Mr. Viecha finding that they were relevant and not unfairly prejudicial. The Court's reasoning applies equally here. *See* 606-1 (overruling Defendants' objections); Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 6. | |
| Aaron Chew | 215 | Fed. R. Evid. 801. Objections reserved given prior Court ruling on "state of mind" of the market; **no Court action needed.** | | |
| Aaron Chew | 216 | Fed. R. Evid. 403, 602, 801. | This is an August 9, 2018 email from Mr. Chew, a senior Tesla employee in the IR department authorized to speak on behalf of Tesla, to Mr. Ahuja, Mr. Viecha, Mr. Maron, Mr. Rothenberg, and Mr. Arnold. In his position, he followed Tesla's stock, made presentations about the stock at investor conferences, and wrote letters to investors about the stock. Chew Tr. At | |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | 16:10-17:7. The email provides "Investor Feedback" that is "based on fairly broad insights from a broad group of shareholders". This email is clearly relevant and is not unfairly prejudicial. The same reasoning as in Exhibit 214 applies. Additionally, Mr. Chew sent this email and was deposed in this case, he has personal knowledge. Finally, it is not hearsay as it is an opposing party statement. | |
| Aaron Chew | 218 | Fed. R. Evid. 401, 402, 403, 801. | Exhibit 218 is a letter from Nasdaq to Mr. Chew following conversations between Mr. Chew and Nasdaq staff on August 8th and August 13th. This letter is relevant to the Company's knowledge that any material information needed to be disclosed to Nasdaq "at least 10 minutes before releasing material information to the public." Mr. Chew was deposed in this action and gave an opposing party statement related to this document, and will testify that Nasdaq "reminded" Tesla of the rules. This goes directly to the Board's good faith.<br><br>Additionally, this letter shows the effect on the market, that Nasdaq believed that Tesla disclosed "material information" in its August 7, 2018 tweets. Therefore, for the same reasons the Court overruled Defendants' objections to the Viecha emails, the Court should do the same here. *See* 606-1 (overruling Defendants' objections); Order | |

2

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | re Bellwether Objections to Exhibits. ECF No. 506-1 at 6.<br><br>Mr. Musk has already testified that Nasdaq halted trading, therefore the prejudicial affect is low. | |
| Aaron Chew | 222 | Fed. R. Evid. 401, 402, 403. After class period, non-public document. | Exhibit 222 is an email chain between Mr. Chew, Mr. Gracias, Mr. Viecha, and Ms. Morabito. While this email is dated August 27, 2018, after the class period, it contains relevant opposing party admissions. For example, Mr. Viecha indicates that third parties want to make sure that we "won't repeat our prior mistakes" relating to Mr. Musk's "Twitter usage, Board's role and power within Tesla", and Mr. Chew personally indicates that T. Rowe wanted to have the call "to ask for formal controls on [Mr. Musk's Twitter] usage." This shows that there were not previous controls put into place and goes directly to the Board's good faith defense. | |
| Aaron Chew (Dep.) | 6:4-8 | No objection. | | |
| Aaron Chew (Dep.) | 6:19-21 | No objection. | | |
| Aaron Chew (Dep.) | 15:7-10 | No objection. | | |
| Aaron Chew (Dep.) | 16:7-17:18 | No objection. | | |
| Aaron Chew (Dep.) | 38:20 – 39:14 | Fed. R. Evid. 401, 402, 403, 801. Vague.<br><br>Plaintiff's counsel questioned the witness about "feedback from Tesla investors generally regarding Elon Musk's use of | Defendants misstate the question presented in the Deposition. Plaintiff refers Mr. Chew to a specific time period, 2018, and whether he received feed back from Tesla investors generally regarding Mr. Musk's use of | |

3

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | Twitter." The witness's testimony relaying what he may have been told by various unnamed third parties during an unstated period is inadmissible hearsay. The testimony has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury. | Twitter. Mr. Chew did in fact remember, indicating "Generally, yes." Given this foundation, and Mr. Chew's recollection, the remaining questions and answers are appropriate.<br><br>Mr. Chew is an agent and employee of Tesla, and therefore his statement is an opposing party statement. The fact that Tesla had received feedback from investors about Musk's Twitter habits goes directly to the Board's good faith defense and is therefore relevant and not unduly prejudicial. | |
| Aaron Chew (Dep.) | 42:12-19<br>42:24–43:23 | Fed. R. Evid. 401, 402, 403, 407, 602, 701, 801.<br><br>Plaintiff's counsel questioned the witness about "remedial measures" Tesla took; namely "the need for a social media policy after the tweets of August 2018." Any "remedial measures" Tesla took "is not admissible to prove . . . culpable conduct." Yet Plaintiff seeks to use this testimony for that purpose: to try and show that Tesla's creation of a social media policy means Mr. Musk's prior tweets caused Plaintiff harm. Likewise, Tesla's implementation of a social media policy is not relevant to whether Mr. Musk's twitter statements on August 7, 2018 are actionable under the securities laws.<br><br>Plaintiff's counsel also asked the witness | The introduction of subsequent remedial measures is proper to show "control", an issue remaining in this action. Additionally, Plaintiff introduces this testimony to show that prior to the tweets there was no social media policy. This goes directly to the Board's good faith defense, that the Board had control over Mr. Musk's twitter, and that there were not social media policies in place prior to August 2018.<br><br>This is also an opposing party admission that Mr. Musk's "using that Twitter had a material impact on the stock."<br><br>This also goes to investor perception of the August tweets and the fact that Mr. Musk's Twitter affected Tesla's stock price. This is not expert testimony, but "rationally based | |

4

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | about "conversations [he] may have had with investors regarding a social media policy." The witness's testimony relaying what he may have been told by various unnamed third parties presumably after the class period is inadmissible hearsay that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted (i.e., that investors told Tesla, "if [Mr. Musk's tweets are] going to cause so much trouble, you should rein this in somehow").<br><br>Finally, the witness opined that "the impact of [Mr. Musk] using that Twitter [in August] had a material impact on the stock." The witness's testimony is improper because he lacks personal knowledge of the cause of Tesla's stock price movements and is not an expert witness; such testimony would need to be based on scientific, technical, or other specialized knowledge. | on the witness's perception" as Tesla's IR, and not based on specialized knowledge. | |
| Aaron Chew (Dep.) | 45:21-23 | No objection. | | |
| Aaron Chew (Dep.) | 80:1–83:1<br>83:10-84:12 | Fed. R. Evid. 401, 402, 403, 602, 701, 801.<br><br>Plaintiff's counsel questioned the witness about "conversations" between the witness and a Nasdaq employee. The witness testified as to that conversation, including what the Nasdaq employee purportedly told him about Nasdaq polices and rules. The witness's testimony is inadmissible hearsay that Plaintiff is seeking to play for the jury to | This testimony is relevant as it discusses Mr. Chew's reaction to the Tweets and the events at issue in this case. This testimony is further relevant to the Company's knowledge that any material information needed to be disclosed to Nasdaq Mr. Chew has personal knowledge of his own reaction as well as his conversation with Nasdaq's Associate Director for | |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | prove the truth of the matter asserted (i.e., that "Elon's tweet had caused volatility in the stock" and Nasdaq required that Tesla "give them a heads up" so Nasdaq could be prepared for the trading volume).<br><br>Likewise, testimony about Nasdaq's trading halt on Tesla stock is irrelevant to whether Mr. Musk's tweets on August 7, 2018 are actionable under the securities laws. The testimony has no probative value, and to the extent the Court finds it has any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that Nasdaq's trading halt on Tesla stock suggests that Mr. Musk's tweets on August 7, 2018 are fraudulent or harmed Plaintiff.<br><br>Finally, the witness opined that "Elon's tweet had caused volatility in the stock." The witness's testimony is improper because he lacks personal knowledge of the cause of Tesla's stock price movements and is not an expert witness; such testimony would need to be based on scientific, technical, or other specialized knowledge. | MarketWatch regarding Nasdaq's response to the Tweets. Rule 403 precludes only unfair prejudice, and this testimony is not unduly prejudicial as the jury is already aware that Nasdaq halted trading. This testimony is consistent with Mr. Musk's testimony on the subject.<br><br>Mr. Chew's testimony is not hearsay pursuant to Fed. R. Evid. 801(d)(2) and falls within an exemption to hearsay pursuant to Fed. R. Evid. 804(B)(1).<br><br>Finally, Mr. Chew's testimony is not an improper opinion or legal conclusion pursuant to Fed. R. Evid. 701. His testimony concerning the market's reaction to Mr. Musk's tweets is rationally based on his perception as a senior member of Tesla's investor relations department. Accordingly, this testimony is based on Mr. Chew's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. | |
| Aaron Chew (Dep.) | 86:11-88:8 | No objection. | | |
| Aaron Chew (Dep.) | 90:18 – 91:6 | No objection. | | |
| Aaron Chew (Dep.) | 105:15-23 | No objection. | | |
| Aaron Chew (Dep.) | 105:24-108:4 | Fed. R. Evid. 801. Objections reserved given | | |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | prior Court ruling on "state of mind" of the market; **no Court action needed.** | | |
| Aaron Chew (Dep.) | 126:1-6 | No objection. | | |
| Aaron Chew (Dep.) | 126:12 – 18 | No objection. | | |
| Aaron Chew (Dep.) | 126:22 -127:8 | Fed. R. Evid. 401, 402, 403, 602. *See* objection to Ex. 214. | This testimony relates to Exhibit 214 which Mr. Chew indicates "jogs my memory". Mr. Chew then testifies to what Exhibit 214 jogged his memory to.<br><br>Exhibit 214 is an August 8, 2018 email from an analyst at Evercore inquiring about the "Funding secured" tweet and the company's position on the tweet. This Court has already overruled similar emails that were sent and received by Mr. Viecha finding that they were relevant and not unfairly prejudicial. The Court's reasoning applies equally here. *See* 606-1 (overruling Defendants' objections); Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 6. | |
| Aaron Chew (Dep.) | 127:19-23 | No objection. | | |
| Aaron Chew (Dep.) | 128:4 – 12 | No objection. | | |
| Aaron Chew (Dep.) | 128:17- 129:17 | Fed. R. Evid. 801. Objections reserved given prior Court ruling on "state of mind" of the market; **no Court action needed.** | | |
| Aaron Chew (Dep.) | 130:10-14 | No objection. | | |
| Aaron Chew (Dep.) | 130:20 –133:1 | Fed. R. Evid. 602, 701, 801.<br><br>The witness's testimony relaying what he may have been told by various unnamed third parties is inadmissible hearsay (or hearsay | This testimony was given in connection with Exhibit 216.<br><br>Exhibit 216 is an August 9, 2018 email from Mr. Chew, a Tesla employee in the IR | |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | within hearsay) that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted. Further, the witness opined that Tesla's "stock is -- is either in neutral or potentially reversed because of this overhang now." The witness's testimony is improper because he lacks personal knowledge of the cause of Tesla's stock price movements and is not an expert witness; such testimony would need to be based on scientific, technical, or other specialized knowledge. | department authorized to speak on behalf of Tesla, to Mr. Ahuja, Mr. Viecha, Mr. Maron, Mr. Rothenberg, and Mr. Arnold. The email provides "Investor Feedback" that is "based on fairly broad insights from a broad group of shareholders". This email is clearly relevant and is not unfairly prejudicial. The same reasoning as in Exhibit 214 applies. Additionally, Mr. Chew sent this email and was deposed in this case, he has personal knowledge. Finally, it is not hearsay as it is an opposing party statement.<br><br>Defendants also object because Mr. Chew's opposing party statement that the "stock is – is either in neutral or potentially reversed because of this overhang now." This is not expert testimony, but "rationally based on the witness's perception" as Mr. Chew's job is in IR, and is not based on specialized knowledge. | |
| Aaron Chew (Dep.) | 138:14-139:21 | Fed. R. Evid. 602, 701. The witness is speculating, admitting he lacks information about the subject. | Defendants misrepresent this testimony. Mr. Chew is not indicating that he lacks information about the subject, but that he was not personally told anything about the structure of a deal, that he was never made aware about the structure, and that nothing was on the market about it. He comments about what Mr. Musk did in fact provide to the market. This testimony is proper. | |

8

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Aaron Chew (Dep.) | 144:6-11 | No objection. | | |
| Aaron Chew (Dep.) | 144:18 – 145:4 | Fed. R. Evid. 401, 402, 403, 602, 801.<br><br>Plaintiff's counsel questioned the witness about a letter he had received from Nasdaq concerning Nasdaq polices and rules. (Ex. 218.) The letter and the witness's associated testimony are inadmissible hearsay that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted in the letter (i.e., that Mr. Musk's tweets disclosed "material information" that required Tesla to first notify Nasdaq before disclosing publicly or else Tesla could be subject to "some regulatory consequences"). Further, not being a Nasdaq employee, the witness lacks knowledge about whether the policies and rules identified in the letter accurately reflect Nasdaq's operating procedures. Likewise, the letter and associated testimony are irrelevant to whether Mr. Musk's tweets on August 7, 2018 are actionable under the securities laws. The letter and associated testimony have no probative value, and to the extent the Court finds they have any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that Nasdaq's letter detailing its policies and rules suggests that Mr. Musk's tweets on August 7, 2018 are actionable. | Mr. Chew's testimony regarding Exhibit 218 is relevant to the Company's knowledge that any material information needed to be disclosed to Nasdaq "at least 10 minutes before releasing material information to the public." It is also relevant to the Company's knowledge that it received a formal reminder to do so and if it did not there would be "some regulatory consequences." Mr. Chew's testimony that Nasdaq "reminded" Tesla of the rules goes directly to the Board's good faith and is not unduly prejudicial.<br><br>This letter shows the effect on the market, that Nasdaq believed that Tesla disclosed "material information" in its August 7, 2018, tweets. Therefore, for the same reasons the Court overruled Defendants' objections to the Viecha emails, the Court should do the same here. *See* 606-1 (overruling Defendants' objections); Order re Bellwether Objections to Exhibits. ECF No. 506-1 at 6. Accordingly, Defendants' objections to testimony related to same should also be overruled.<br><br>Mr. Chew has knowledge of his reaction to this letter and has knowledge of Nasdaq regulations given his position as a senior employee in Tesla's Investor Relations | |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | department. Notably, Defendants have not objected to the designation on Fed. R. Evid. 701 grounds, as Mr. Chew's testimony on Nasdaq's response to the Tweets is rationally based on his perception as a senior member of Tesla's investor relations department. Mr. Chew's testimony is not hearsay pursuant to Fed. R. Evid. 801(d)(2) and falls within an exemption to hearsay pursuant to Fed. R. Evid. 804(B)(1). | |
| Aaron Chew (Dep.) | 159:2 – 161:9 | Fed. R. Evid. 401, 402, 403, 602, 801. Plaintiff's counsel questioned the witness about an email after the class period wherein he arranged a call with Tesla investor T Rowe price. In the email (Ex. 222), the witness wrote that T Rowe Price was concerned about "Elon's public communications," and while they "don't want Elon to stop Twitter outright . . . [they may] ask for formal controls on his usage." First, the witness lacked personal knowledge as to what T Rowe Price wanted or was planning to do. Second, to the extent the witness was purporting to relay what T Rowe Price representatives had told him, that testimony is inadmissible hearsay (or hearsay within hearsay) that Plaintiff is seeking to play for the jury to prove the truth of the matter asserted (i.e., investors "thought | This testimony is directly relevant to Exhibit 222, and the Board's good faith defense. *See* Response to Exhibit 222. Exhibit 222 is an email chain between Mr. Chew, Mr. Gracias, Mr. Viecha, and Ms. Morabito. While this email is dated August 27, 2018, after the class period, it contains relevant opposing party admissions. For example, Mr. Viecha indicates that third parties want to make sure that we "won't repeat our prior mistakes" relating to Mr. Musk's "Twitter usage, Board's role and power within Tesla", and Mr. Chew personally indicates that T. Rowe wanted to have the call "to ask for formal controls on [Mr. Musk's Twitter] usage." This shows that there were not previous controls put into | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | Elon's Twitter usage was a risk" and they wanted to "put s[o]me kind of controls on it"). Plaintiff's counsel likewise asked the witness about "discussions with other investors regarding [Mr. Musk's] Twitter usage." The witness's response that "most investors . . . would have preferred he tweeted less" is also inadmissible hearsay.<br><br>Similarly, what T Rowe Price representatives purportedly wanted after the class period is not relevant to whether Mr. Musk's tweets on August 7, 2018 are actionable under the securities laws. The testimony and associate email have no probative value, and to the extent the Court finds they have any probative value, that value is substantially outweighed by a danger of unfair prejudice and confusing the jury into believing that Tesla was not "under control," Mr. Musk's tweets were "mistakes," and Tesla investors wanted Tesla to control Mr. Musk. | place and goes directly to the Board's good faith defense.<br><br>Defendants' argument that a jury may be confused into "believing that Tesla was not 'under control,' Mr. Musk's tweets were 'mistakes,' and Tesla investors wanted Tesla to control Mr. Musk." must fail. Whether Tesla had control is still at issue in this case, and therefore any prejudice does not outweigh its value. | |
| Dan Dees | 8 | No objection. | | |
| Dan Dees | 186 | No objection. | | |
| Dan Dees | 252 | No objection. | | |
| Dan Dees | 253 | No objection. | | |
| Dan Dees | 254 | No objection. | | |
| Dan Dees | 256 | No objection. | | |
| Dan Dees | 257 | No objection. | | |
| Dan Dees | 261 | No objection. | | |

11

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Witness and Exhibit List for Day 5 - January 24, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Dan Dees | 263 | No objection. | | |
| Dan Dees | 265 | No objection. | | |
| Deepak Ahuja[1] | 77 | No objection. | | |

---

[1] Plaintiff discloses Exhibit 77 for Mr. Ahuja in addition to the exhibits listed in his Day 3 Disclosures.