**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
       amccall@zlk.com

*Attorneys for Plaintiff and Counsel for the Class*

[Additional Counsel on Signature Block]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC <br><br> **PLAINTIFF'S EMERGENCY MOTION *IN LIMINE* RE: OPTION DAMAGES** <br><br> **ORAL ARGUMENT REQUESTED** <br><br> Date: TBD <br> Time: TBD <br> Location: Courtroom 5, 17th Floor <br> Judge: Hon. Edward Chen |

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that, as soon as possible, on a date to be decided by the Court, in Courtroom 5 – 17th Floor of the United States Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Edward M. Chen presiding, Plaintiff, through his counsel, will move, and hereby does move pursuant to Federal Rules of Evidence 401, 402, 403 and 702 to preclude argument, testimony, and evidence contradicting Plaintiff's proposed option damages methodology consistent with this Court's previous holdings. Plaintiff altered his initial proposed option damages methodology in response to arguments raised by Defendants during the Final Pretrial Conference on October 25, 2022. Defendants should not now be allowed to attack Plaintiff or otherwise impeach and discredit his damages experts for making that change. Plaintiff respectfully requests an expedited hearing on this motion given that Professor Steven Heston and Michael Hartzmark, Ph.D., will be testifying later this week or early next.

This motion is based on the Memorandum of Points and Authorities below, the Declaration of Adam C. McCall and the exhibits attached thereto, the arguments of counsel, and any other matters properly before this Court. Pursuant to Paragraph 11 of the Court's Civil Standing Order, Plaintiff also submits a proposed order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Last time the issue of option damages was before the Court, it correctly recognized that Defendants appeared to be taking inconsistent positions: "So I won't say there's a formal estoppel notion here, but there's – there's sort of talking out of both sides a bit." 1/13/23 Tr., p. 152:24-25. This comment was made in response to Defendants' request for leave to file a renewed *Daubert* motion attacking Plaintiff for relying on actual market prices when constructing an "actual" curve to measure option damages. Plaintiff's reliance on actual market prices only came about after Defendants objected to Plaintiff's initial proposed methodology that incorporated a "model" to construct the "actual" curve (*i.e.*, the "impact quantum" model). Thus, as the Court correctly noted, Defendants were in fact "talking out of both sides" of their mouth and taking inconsistent positions when asking for leave to file the renewed motion. Defendants appear intent on continuing this tactic at trial, as evidenced by the opinions contained in the supplemental damages report from Professor Amit Seru dated January 12, 2023.[1] Plaintiff's expert damages witnesses will be testifying late this week or early next. Accordingly, before they take the stand, Plaintiff respectfully requests an order precluding Defendants from discrediting or impeaching these experts for relying on actual market prices, given that their decision to do so was driven by Defendants' objections in the first place.

**II.     ISSUES TO BE DECIDED**

1) Should Defendants be precluded from offering argument, testimony, or evidence at trial contradicting their previously stated positions concerning the use of actual option prices for purposes of determining option damages?

**III.    RELEVANT FACTS**

On October 25, 2022, the Court held its Final Pretrial Conference during which the Court heard oral argument on Defendants' motion *in limine* No. 5 to exclude the opinions of Professor Heston and those opinions relied upon by Dr. Hartzmark. ECF No. 499. During the argument,

---

[1] A copy of the Professor Seru's supplemental report is attached as Exhibit A to the accompanying Declaration of Adam C. McCall.

1  Defendants criticized Professor Heston and Dr. Hartzmark for not using actual prices when
2  comparing them to but-for prices when calculating damages for Tesla stock options. *See e.g.,*
3  10/25/22 Tr., pp. 40:3-12; 41:6-11. This criticism was raised by Professor Seru in his rebuttal
4  report and repeated in Defendants' motion *in limine* #5. Seru rebuttal report[2], ¶¶8, 27-32; ECF
5  No. 479, pp. 1-5. In response to the Court's question to Defendants "[s]o your view is that the
6  proper – what would have been the proper methodology here to determine effect on stock option
7  or option prices?" (*id.* at p. 45:14-16), Defendants responded "they should have looked at actual
8  prices and used those actual prices to compare to but-for prices." (*id.* at p. 45:22-24).

9  On December 7, 2022, the Court entered the Final Pretrial Conference Order which denied
10 Defendants' motion *in limine* No. 5 and found the issue as to Professor Heston's use of a "re-
11 valued fitted option value" was moot given that Plaintiff "agreed" during the Final Pretrial
12 Conference to use "actual" market data. ECF No. 508, p. 47:4-8, 51:7-11.

13 On December 21, 2022, Defendants filed an emergency motion seeking to compel
14 supplemental expert disclosures from Professor Heston and Dr. Hartzmark. ECF No. 515. On
15 December 22, 2022, the Court entered an order requiring Plaintiff to submit a supplemental report
16 regarding Professor Heston's use of actual option market data by December 27, 2022 and to make
17 Professor Heston available for a 1-hour deposition by January 4, 2023. ECF No. 519.

18 On December 27, 2022, Plaintiff provided Defendants with Professor Heston's
19 supplemental report, as required. On December 31, 2022, Plaintiff submitted to Defendants a
20 revised "Appendix 8" attached to a supplemental report by Dr. Hartzmark. ECF No. 529-1. Late
21 on January 12, 2023, Defendants emailed Professor Seru's supplemental report to Plaintiff's
22 counsel, which contained the arguments that Plaintiff now seeks to preclude.

---

[2] A copy of the Professor Seru's rebuttal report dated December 8, 2021 is attached as Exhibit B to the accompanying Declaration of Adam C. McCall.

## IV. ARGUMENT

### A. Defendants Will Gain an Unfair and Prejudicial Advantage if Allowed to Attack Plaintiff's Experts for Relying on Actual Market Prices.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The doctrine should be applied when necessary to "prevent a party from gaining an advantage by taking inconsistent positions" and to "'protect against a litigant playing fast and loose with the courts.'" *Id.* (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). Defendants' change in position represents the precise sort of conduct that is prohibited under the doctrine of judicial estoppel.

During the Final Pretrial Conference, Defendants argued that Plaintiff's experts should have used "actual prices" to construct the "actual" curve for measuring option damages. 10/25/22 Tr., p. 45:14-24 (arguing that Plaintiff "should have looked at actual prices and used those actual prices to compare to but-for prices"); *see also id.* at 55:17-20 ("They used [the BSM model] to try to generate adjusted actual prices and then but-for prices. They should have just used factual [sic] prices and compared them to but-for prices."). Now, in a complete reversal of their previously stated position, Defendants argue that the use of actual prices is not a reliable method to measure damages on Tesla options. ECF No. 536. As evidenced by Professor Seru's supplemental report, Defendants intend to argue that Plaintiff's use of "actual prices" is insufficient because it fails to account for "factors that affect actual transaction prices that are unrelated" to the misrepresentations. Seru supplemental report, ¶13.

As the Court is aware, Plaintiff originally proposed a model (the "impact quantum" model) that accounted for these factors, *i.e.*, microstructural market effects such as the bid-ask spread. Thus, when Defendants attempted to renew their *Daubert* motion and attack Plaintiff for relying on actual market prices, the Court aptly noted: "So I won't say there's a formal estoppel notion here, but there's – there's sort of talking out of both sides a bit." 1/13/23 Tr., p. 152:24-25. Defendants should not be allowed to benefit unfairly from Plaintiff's decision to substitute actual

market prices for the "impact quantum" given that the decision to do so was driven by Defendants' objections on the record during the Final Pretrial Conference, their statements in motion *in limine* No. 5, and Professor Seru's opinions in his rebuttal report. *See Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 918 (9th Cir. 2001) (rejecting argument on basis of judicial estoppel because it represented a "change in position" to one taken earlier in the case); *Cont'l Cas. Co. v. Chatz*, 591 B.R. 396, 414-15 (N.D. Cal. 2018) (holding insurer was bound to earlier arguments and that change in position represented attempt at "'playing fast and loose'" with the Court).

### B. Professor Seru's Supplemental Report Contains Unfair and Prejudicial Opinions.

The court enjoys broad discretion to exclude expert testimony. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008) (acknowledging the district court's discretion to exclude evidence under FRE 403, especially "with respect to expert witnesses"). Professor Seru's supplemental report is replete with irrelevant and unfair prejudicial opinions that should be precluded at trial. It provides very little, if any, probative value concerning the reliability of using actual prices as compared to but-for prices, but instead focuses on comparing results using actual prices to those generated by the "impact quantum" model. Furthermore, presenting evidence on Plaintiff's initial option damages methodology has no probative value concerning the damages methodology Plaintiff will present to the jury. If the Defendants are allowed to discuss the "impact quantum" model (or any other previous model, such as relying on CBOE reported implied volatility data) and present the differences between them, this will only result in confusion amongst jurors because the jury will not know that the change in models was driven by Defendants in the first place. Therefore, introducing discussion and or evidence on these will unfairly prejudice Plaintiff and mislead the jury.

Second to its prejudicial effect, Professor Seru supplemental report is also devoid of any probative value. Notably, the opinions contained therein largely concern the "impact quantum" model, its "Re-Valued Fitted Option Value", and the CBOE's implied volatility for option transactions. These topics are completely irrelevant to Plaintiff's claims. First, Plaintiff will not be presenting evidence at trial that option damages should be calculated using the "impact

quantum" model. Second, the jury will be asked to set a but-for implied volatility for Tesla options (and not simply rely on the CBOE implied volatilities). Thus, Professor Seru's supplemental report has no import to Plaintiff's damages methodology. Any such testimony, evidence or argument should be precluded.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion in its entirety and preclude Defendants from introducing at trial arguments, testimony, or evidence: (i) against Plaintiff's use of actual market prices to construct the "actual" curve for purposes of measuring option damages; (ii) concerning previous option damages methodologies which are no longer relevant in this action, such as the "impact quantum" model or the use of CBOE implied volatilities; and (iii) concerning the opinions expressed by Professor Seru in his supplemental report.

Dated: January 23, 2023                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 s/ Adam M. Apton
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Elizabeth K. Tripodi
Alexander A. Krot III
LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel.: (202) 524-4290
Email: nporritt@zlk.com
Email: etripodi@zlk.com

Email: akrot@zlk.com
(admitted *pro hac vice*)

-and-

Joseph Levi
Eduard Korsinsky
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Email: jlevi@zlk.com
Email: ek@zlk.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff and Counsel for the Class*