## *In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
## *Revised* Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Joseph Fath | 8 | No objection. | | |
| Joseph Fath | 13 | No objection. | | |
| Joseph Fath | 39 | Objections reserved given prior Court ruling; **no Court action needed.** | | |
| Joseph Fath | 40 | No objection. | | |
| Joseph Fath | 41 | N/A | Plaintiff withdraws designation. | |
| Joseph Fath | 42 | No objection. | | |
| Joseph Fath | 43 | N/A | Plaintiff withdraws designation. | |
| Joseph Fath | 44 | No objection | | |
| Joseph Fath | 46 | No objection | | |
| Joseph Fath | 47 | No objection | | |
| Joseph Fath | 48 | N/A | Plaintiff withdraws designation. | |
| Joseph Fath | 49 | N/A | Plaintiff withdraws designation. | |
| Joseph Fath | 51 | N/A | Plaintiff withdraws designation. | |
| Joseph Fath (Dep) | 6:11-14 | No objection. | | |
| Joseph Fath (Dep) | 6:22-8:6 | No objection. | | |
| Joseph Fath (Dep) | 9:18-24 | No objection. | | |
| Joseph Fath (Dep) | 10:19-11:10 | No objection. | | |
| Joseph Fath (Dep) | 12:10-13 | No objection. | | |
| Joseph Fath (Dep) | 17:17-19 | No objection. | | |
| Joseph Fath (Dep) | 17:23-21:25 22:14-23:18 | Objections reserved given prior Court ruling; **no Court action needed.** | | |
| Joseph Fath (Dep) | 22:06-10 | No objection. | | |
| Joseph Fath (Dep) | 25:12-14 | No objection. | | |
| Joseph Fath (Dep) | 25:18-30:22 32:9-33:8 | Objections reserved on 25:18-30:22 given prior Court ruling; **no Court action needed.** | Plaintiff withdraws remainder of designation (32:9-33:8). | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | | |
| Joseph Fath (Dep) | 35:3-9 | No objection. | | |
| Joseph Fath (Dep) | 36:23-37:12 | No objection. | | |
| Joseph Fath (Dep) | 38:5-39:3 | No objection. | | |
| Joseph Fath (Dep) | 39:13-42:1 | Objections reserved given prior Court ruling; **no Court action needed.** | | |
| Joseph Fath (Dep) | 42:9-42:11 | No objection. | | |
| Joseph Fath (Dep) | 42:21-23 | No objection. | | |
| Joseph Fath (Dep) | 43:1-44:18 | Objections reserved given prior Court ruling; **no Court action needed.** | | |
| Joseph Fath (Dep) | 44:25-46:8 | Fed. R. Evid. 401, 402, 403, 602. Objections reserved given prior Court ruling on public information during the class period and state of mind, assuming not used for the truth; **no Court action needed**. | | |
| Joseph Fath (Dep) | 46:18-47:3 | No objection. | | |
| Joseph Fath (Dep) | 48:13-50:16 | No objection. | | |
| Joseph Fath (Dep) | 54:23-56:15 | No objection. | | |
| Joseph Fath (Dep) | 56:23-57:15 58:1-5 | No objection | | |
| Joseph Fath (Dep) | 60:1-6 | No objection. | | |
| Joseph Fath (Dep) | 60:11-61:25 | Objections reserved given prior Court ruling; **no Court action needed.** | | |
| Joseph Fath (Dep) | 62:08-64:05 64:11-65:01 66:21-67:06 67:12-71:18 | N/A | Plaintiff withdraws designation. | |

*In re Tesla, Inc. Securities Litigation* **- Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Joseph Fath (Dep) | 70:14-71:18 | N/A | Plaintiff withdraws designation. | |
| Joseph Fath (Dep) | 73:13-74:3 | Fed. R. Evid. 401, 402, 403, 602. Objections reserved given prior Court ruling on public information during the class period and state of mind, assuming not used for the truth; **no Court action needed.** | | |
| Joseph Fath (Dep) | 75:3-20 | No objection. | | |
| Joseph Fath (Dep) | 76:11-78:15 | Objections reserved on 76:22-78:15 given prior Court ruling; **no Court action needed.** | Plaintiff withdraws remainder of designation (76:11-21). | |
| Joseph Fath (Dep) | 78:23-79:9 | No objection. | | |
| Joseph Fath (Dep) | 82:6-83:17 | N/A | Plaintiff withdraws designation. | |
| Joseph Fath (Dep) | 91:8-92:5 | Fed. R. Evid. 401, 402, 403, 602. Objections reserved given prior Court ruling on "state of mind" of market participants, assuming not used for the truth; **no Court action needed.** | | |
| Joseph Fath (Dep) | 92:23-93:10 | No objection. | | |
| Joseph Fath (Dep) | 94:18-95:8 | Fed. R. Evid. 401, 402, 403, 602. Objections reserved given prior Court ruling on "state of mind" of market participants, assuming not used for the truth; **no Court action needed.** | | |
| Joseph Fath (Dep) | 98:9-99:3 | No objection. | | |
| Joseph Fath (Dep) | 99:9-100:19 | No objection. | | |
| Joseph Fath (Dep) | 101:22-102:18 | N/A | Plaintiff withdraws this designation. | |
| Deepak Ahuja | 8 | No objection. | | |
| Deepak Ahuja | 12 | No objection. | | |
| Deepak Ahuja | 78 | *See* objection to Exhibit 39. | | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Deepak Ahuja | 79 | No objection, provided (1) Plaintiff uses the version of Exhibit 79 that redacts all personal identifying information, including phone numbers and addresses; (2) does not seek to admit the entire document but rather only admits the text messages introduced during Mr. Ahuja's testimony, subject to 401, 402, 403, 801 objections as appropriate.  Defendants are willing to meet and confer with Plaintiff to identify the specific text messages the parties seek to admit and reach a stipulation regarding this Exhibit.  Otherwise, Defendants assert objections under Fed. R. Evid. 401, 402, 403, and 801. | Plaintiff will consider agreeing to redact irrelevant text messages, or text messages with persons not identified in this litigation. However, Plaintiff does not agree to separate each of Mr. Ahuja's text messages for each witness. Mr. Ahuja's text messages need to be read in context and potentially having multiple versions of Exhibit 79 would be confusing to the jury. | |
| Deepak Ahuja | 80 | Fed. R. Evid. 401, 403, 801, 901.  Exhibit 80 is a hearsay set of "minutes" allegedly from the PIF with no listed author and no witness at trial to authenticate or lay a foundation. | *See* Response to Exhibit 80 for Mr. Musk (ECF No. 592 at 9-10). If Exhibit 80 is admitted for Mr. Musk it should be permitted for Mr. Ahuja. | |
| Deepak Ahuja | 81 | No objection. | | |
| Deepak Ahuja | 83 | No objection. | | |
| Deepak Ahuja | 84 | No objection. | | |
| Deepak Ahuja | 86 | No objection. | | |
| Deepak Ahuja | 87 | No objection. | | |
| Deepak Ahuja | 89 | No objection. | | |
| Deepak Ahuja | 121 | No objection provided that Plaintiff only seeks to admit Mr. Ahuja's August 7, 2018 text messages with Mr. Musk at 121-4.  Otherwise, Defendants object under Fed. R. Evid. 401, 402, 403, 602, 801. | Plaintiff will consider agreeing to redact irrelevant text messages, or text messages with persons not identified in this litigation. However, Plaintiff does not agree to separate each of Mr. Musk's text messages for each witness. Mr. Musk's text messages need to be | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | read in context and having multiple versions of Exhibit 121 would be confusing to the jury. | |
| Deepak Ahuja | 321 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403.<br>**No Court Action Needed.** | | |
| Deepak Ahuja | 337 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801.<br>**No Court Action Needed.** | | |
| Deepak Ahuja | 503 | No objection. | | |
| Nii Koney | 8 | No objection. | | |
| Nii Koney | 12 | No objection. | | |
| Nii Koney | 13 | No objection. | | |
| Nii Koney | 55 | Fed. R. Evid. 403, 602, 801. Exhibit 55 is an email internal to Jennison (i.e., not to Tesla) wherein a Jennison employee (Mr. Koney) who had no personal knowledge of Mr. Musk's consideration to take Tesla private speculated that Tesla might want to go private to "avoid public scrutiny." | The Court has already determined that third party's impressions of the tweets are relevant and not hearsay. Dkt. No. 575 at 2.<br>This testimony is clearly relevant and not unduly prejudicial. The email contains a present sent impression and qualifies a business record 803(6). Mr. Koney has knowledge of his own impression and has additional knowledge of Tesla as he followed the company for years as the managing director of research for Jennison Associates. | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Nii Koney | 56 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801. **No Court Action Needed.** | | |
| Nii Koney | 58 | Fed. R. Evid. 401, 402, 403, 602. Plaintiff seeks to show the jury emails by Martin Viecha concerning Mr. Musk's August 7, 2018 tweets. The questions to Mr. Viecha and Mr. Viecha's responses are not admissible. As to the questions, the fact that single analysts were asking questions about funding is not probative of materiality, as the analysts could be asking questions for a variety of reasons, including that the statements were vague. The jury would be speculating as to the reason for the analysts' inquiries. Thus, the questions are hearsay, as they are being offered for the truth of the matter asserted (that funding was material). Nor does the question from one person reflect the "state of mind" of the market as a whole. As to Mr. Viecha's responses, even if they are party admissions (as the Court previously implied), to be admissible they still must be on a relevant topic, probative, and not cumulative. Mr. Viecha's statements are none of those. First, Mr. Viecha's emails were private statements, not public statements made to the market as a whole, so they do not alter the total mix of information available to the | The Court has already overruled this objection. "This exhibit is relevant because it provides evidence of the public's perception of Mr. Musk's tweets and thus goes towards materiality. The exhibit is not unfairly prejudicial given Mr. Viecha's role at Tesla." Dkt. No. 506-1 at 6; *see also* Dkt. No. 575 at 2.

Mr. Koney has knowledge of his own impression and has additional knowledge of Tesla as he followed the company for years as the managing director of research | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | market and do not reflect what the market knew or thought of Mr. Musk's tweets. Second, Mr. Viecha's responses about what "funding secured" means is not relevant because the Court already determined that "funding secured" is false, so Mr. Viecha's interpretation is not probative of anything going to the jury. Finally, Plaintiff has not established foundation or that Mr. Viecha had any personal knowledge of what Mr. Musk meant in his tweets. In fact, he had none. | | |
| Nii Koney | 60 | Fed. R. Evid. 403, 602, 701, 801. Exhibit 60 is an email internal Jennison (i.e., not to Tesla) wherein a Jennison employee (Mr. Koney) who had no personal knowledge of Mr. Musk's consideration to take Tesla private speculated that, by tweeting his consideration to take Tesla private, Mr. Musk "risk[ed] being hauled off to jail." Mr. Koney's conclusion is hearsay, unfairly prejudicial, and improper expert opinion. In the Court's bellwether ruling, the Court sustained Defendants' objection to a similar document where the author questioned, "Did Elon Musk violate securities laws with tweet about taking Tesla private?" (ECF No. 506-1 at 12 ("there are significant Rule 403 issues. The headline is inflammatory and goes close to the ultimate issue in the case.").) The result here should be the same. | Plaintiff is not using this testimony for the truth of the matter asserted, but to show the effect on the listener. This is consistent with the Court's Bellwether Order on the similar article. *See* ECF 506-1, at 12 ("The article could, however, be introduced to show the effect on the listener (i.e. the market)").

This exhibit does not contain improper legal conclusions or improper lay opinions. These emails are rationally based on Mr. Koney's perception as an analyst who covers Tesla and the financial markets. The emails are based on Mr. Koney's observations and not on scientific, technical, or other specialized knowledge within the scope of Fed. Rule Evid. 702. This is proper because of the particularized | |

*In re Tesla, Inc. Securities Litigation* - Case No. 3:18-cv-04865-EMC (N.D. Cal.)
*Revised* Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | knowledge Mr. Koney has by virtue of position at Jennison Associates. *See also* response to Defendants' objection to Exhibit 55 re: Fed. R. Evid. 602 and 803(6). | |
| Nii Koney | 61 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801. **No Court Action Needed.** | | |
| Nii Koney | 62 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801. **No Court Action Needed.** | | |
| Nii Koney | 66 | No objection. | | |
| Nii Koney | 67 | Fed. R. Evid. 801. | This exhibit contains former testimony from Mr. Koney, an unavailable witness, and is not excluded by the rule against hearsay pursuant to Fed. R. Evid. 804(b)(1). | |
| Nii Koney | 68 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 801. **No Court Action Needed.** | | |
| Nii Koney (Dep) | 8:3-5 | No objection. | | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Nii Koney (Dep) | 8:13-15 | No objection. | | |
| Nii Koney (Dep) | 12:20-13:8 | No objection. | | |
| Nii Koney (Dep) | 16:13-18 | No objection. | | |
| Nii Koney (Dep) | 18:22-19:8 | No objection. | | |
| Nii Koney (Dep) | 19:11-16 | No objection. | | |
| Nii Koney (Dep) | 20:11-21:6 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 403, 801. **No Court Action Needed.** | | |
| Nii Koney (Dep) | 26:16-26:23 | No objection. | | |
| Nii Koney (Dep) | 32:12-21 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court Action Needed.** | | |
| Nii Koney (Dep) | 37:23-38:4 | No objection. | | |
| Nii Koney (Dep) | 43:1-3 | No objection. | | |
| Nii Koney (Dep) | 43:9-11 | No objection. | | |
| Nii Koney (Dep) | 43:19-44:19 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court Action Needed.** | | |
| Nii Koney (Dep) | 45:1-17 | Defendants understand this objection is subsumed by the Court's prior ruling and | | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801. **No Court Action Needed**. | | |
| Nii Koney (Dep) | 53:18-22 | No objection. | | |
| Nii Koney (Dep) | 54:7-9 | No objection. | | |
| Nii Koney (Dep) | 54:24-55:25 | Fed. R. Evid. 401, 402, 801. *See* objections to Exhibit 58 | The Court has already overruled these objections to Exhibit 58. "This exhibit is relevant because it provides evidence of the public's perception of Mr. Musk's tweets and thus goes towards materiality. The exhibit is not unfairly prejudicial given Mr. Viecha's role at Tesla." Dkt. No. 506-1 at 6; *see also* Dkt. No. 575 at 2. Testimony concerning this exhibit should be allowed. *See also* Plaintiff's responses to Defendants' objections to Exhibit 58.<br><br>Furthermore, the Court has already determined that third party's impressions of the tweets are relevant and not hearsay. | |
| Nii Koney (Dep) | 60:4-21 | Fed. R. Evid. 401, 402, 403, 801. *See* objections to Exhibit 58. | This testimony is related to Exhibit 58. *See* Plaintiff's response to Defendants objections to Exhibit 58 and Dep. Desig. 54:24-55:25. | |
| Nii Koney (Dep) | 61:9-62:12 | Fed. R. Evid. 401, 402, 403, 801. *See* objections to Exhibit 58. | This testimony is related to Exhibit 58. *See* Plaintiff's response to Defendants objections to Exhibit 58 and Dep. Desig. 54:24-55:25. | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Nii Koney (Dep) | 65:6-22 | No objection. | | |
| Nii Koney (Dep) | 66:2-16 | Fed. R. Evid. 401, 402, 403, 801. *See* objections to Exhibit 60. | This testimony is related to Exhibit 60. *See* Plaintiff's response to Defendants' objections to Exhibit 60. | |
| Nii Koney (Dep) | 67:10-14 | No objection. | | |
| Nii Koney (Dep) | 67:18-68:11 | Fed. R. Evid. 401, 402, 403, 801. *See* objections to Exhibit 61. | In Defendants' objections to Exhibit 61, Defendants admit this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless they note for the record their objection pursuant to Fed. R. Evid. 801. Accordingly, testimony regarding this exhibit should be played for the jury. | |
| Nii Koney (Dep) | 70:10-23 | Fed. R. Evid. 401, 402, 403, 602, 801. Hearsay and unfairly prejudicial statement that "there is no evidence" that Mr. Musk "has the funding." *See* objections to Exhibit 61. | Defendants' objection misrepresents Mr. Koney's testimony: "I said that they haven't disclosed a source of funding yet, very different from no evidence of funding." 70:20-23. This is not unfairly prejudicial.<br><br>*See also* Plaintiff's response to Defendants' objections to Depo. Desig. 67:18-68:11. | |
| Nii Koney (Dep) | 70:25-71:11 | Defendants understand this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless note for the record their objection pursuant to Fed. R. Evid. 401, 402, 801.<br>**No Court Action Needed**. | | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Nii Koney (Dep) | 71:20-72:9 | Fed. R. Evid. 401, 402, 801. *See* objections to Exhibit 58. | The Court has already overruled these objections to Exhibit 58 and testimony relating to same should be played for the jury. *See* Plaintiff's response to Defendants' objections to Exhibit 58. | |
| Nii Koney (Dep) | 74:16-75:1 | No objection. | | |
| Nii Koney (Dep) | 84:15-85:17 | Fed. R. Evid. 401, 402, 602, 801. *See* objections to Exhibit 62. | In Defendants' objections to Exhibit 62, Defendants admit this objection is subsumed by the Court's prior ruling and therefore overruled but nonetheless they note for the record their objection pursuant to Fed. R. Evid. 801. Accordingly, testimony regarding this exhibit should be played for the jury. | |
| Nii Koney (Dep) | 99:1-99:9 | No objection. | | |
| Nii Koney (Dep) | 99:17-20 | No objection. | | |
| Nii Koney (Dep) | 100:5-101:6, 101:24-104:5 | Fed. R. Evid. 401, 402, 801. Hearsay notes where the author admitted he is "a terrible note taker" and didn't "remember all of the details of the call outside of the notes." *See* objections to Exhibit 66. | Defendants' objection to Exhibit 66 is as follows: "No objection." Testimony concerning this exhibit is relevant to the events that are the subject of this case and not excluded by the rule against hearsay pursuant to Fed. R. Evid. 804(d)(1). Mr. Koney's notes were taken contemporaneously with his call with Elon Musk, either during the call or shortly after the call to memorialize the discussion. 100:21-101:7. Accordingly, they are not hearsay pursuant to Fed. R. Evid. | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | 803(1). Defendants' counter designation also includes testimony that it was his general practice to take notes when speaking to the CEO of a company he followed, which would qualify them as a business record pursuant to Fed. R. Evid. 803(6). 101:7-14.<br><br>Mr. Koney testified that he remembered the call (102:9) and these notes refresh his recollection. Nothing in this testimony indicates that the notes are unreliable. | |
| Nii Koney (Dep) | 110:1-110:5 | No objection. | | |
| Nii Koney (Dep) | 112:2-114:9 | No objection. | | |
| Nii Koney (Dep) | 114:16-115:2 | No objection. | | |
| Nii Koney (Dep) | 117:7-16 | No objection. | | |
| David Arnold | 8 | No objection. | | |
| David Arnold | 12 | No objection. | | |
| David Arnold | 53 | No objection. | | |
| David Arnold | 171 | Fed. R. Evid. 401, 402, 403, 801. Objections reserved given prior Court ruling on public information during the class period and state of mind, assuming not used for the truth; no Court action needed. | While not bolded, Plaintiff understands that no Court action is needed. | |
| David Arnold | 303 | Fed. R. Evid. 403 as to the headline "Securities lawyers shocked by Elon Musk's tweet, point to potential legal minefield." Defendants request that this line be redacted pursuant to | Plaintiff agrees to redact the headline. | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
<u>*Revised*</u> **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Defendants' Objections | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | the Court's Bellwether Order. *See* ECF No. 506-1 at 12.<br><br>Fed. R. Evid. 401, 402, 403, 801, 1002. Objections reserved given prior Court ruling on public information during the class period and state of mind, assuming not used for the truth; no Court action needed otherwise. | | |
| David Arnold | 339 | *See* objection to Exhibit 303. | Plaintiff agrees to redact the headline. | |
| David Arnold | 342 | *See* objection to Exhibit 303. | Plaintiff agrees to redact the headline. | |
| David Arnold | 348 | Fed. R. Evid. 401, 402, 403, 801. The Court has already ruled that Plaintiff cannot seek to introduce Exhibit 320, a tweet wherein Mr. Musk made a reference to the drug Ambien. The Court found that the tweet had "little probative value" and was "unfairly prejudicial" in improperly suggesting that Mr. Musk "is intoxicated when he uses Twitter." (ECF No. 506-1 at 9.) Plaintiff now seeks to backdoor *that same unfairly prejudicial information* through Exhibit 348, an article titled "Elon Musk's strange, strange Ambien tweet." The article predates the class period, has no probative value, is hearsay, and is unfairly prejudicial. Consistent with the Court's bellwether ruling, Plaintiff should not be permitted to admit Exhibit 348. | Plaintiff withdraws Exhibit 348 while reserving all rights. | |
| David Arnold | 503 | No objection. | | |
| David Arnold | 504 | No objection. | | |
| David Arnold | 505 | No objection. | | |

*In re Tesla, Inc. Securities Litigation* - **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
*Revised* **Plaintiff's Responses to Defendants' Objections to Plaintiff's Witness and Exhibit List for Day 3 - January 20, 2023**