*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Joseph Fath | 8 | No objection. | N/A | |
| Joseph Fath | 13 | No objection. | N/A | |
| Joseph Fath | 53 | No objection. | N/A | |
| Deepak Ahuja | 8 | No objection. | N/A | |
| Deepak Ahuja | 12 | No objection. | N/A | |
| Deepak Ahuja | 13 | No objection. | N/A | |
| Deepak Ahuja | 53 | No objection. | N/A | |
| Deepak Ahuja | 79 | No objection. | N/A | |
| Deepak Ahuja | 81 | No objection. | N/A | |
| Deepak Ahuja | 82 | No objection. | N/A | |
| Deepak Ahuja | 83 | No objection. | N/A | |
| Deepak Ahuja | 87 | No objection. | N/A | |
| Deepak Ahuja | 89 | No objection. | N/A | |
| Deepak Ahuja | 121 at 4 | Plaintiff will consider agreeing to redact irrelevant text messages, or text messages with persons not identified in this litigation.  However, Plaintiff does not agree to separate each of Mr. Musk's text messages for each witness.  Mr. Musk's text messages need to be read in context | N/A | O (subject to redaction) |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | and having multiple versions of Exhibit 121 would be confusing to the jury. | | |
| Deepak Ahuja | 298 | Fed. R. Evid. 801, 805.<br><br>This is an August 7, 2018, email thread including Mr. Arnold, Mr. Ahuja, Mr. Viecha, Mr. Teller, Ms. O'Brien, Mr. Mumtaz and Mr. Rothenberg indicating that the Financial Times has reached out for comment and discussing Tesla's response to the Financial Times Article. The email also states that "[t]he [Financial Times] article is out. Share price is going nuts as a result:" and including the article in the body of the email. To the extent Defendants seek to introduce this exhibit for the truth of the matter, *i.e.*, that the share price was going nuts because of the article, it is improper hearsay. Additionally, the article within the email contains hearsay, and is therefore hearsay within hearsay. Finally, Mr. Arnold's summary of his conversation with Mr. Waters at the Financial Times is hearsay. | Exhibit 298 is not hearsay (nor hearsay within hearsay) because Defendants are not using it for the truth of the matter asserted (i.e., to prove that the Financial Times was in fact "planning to run a story," or that the story caused Tesla's stock price to rise).  Rather, Exhibit 298 reflects Mr. Ahuja's and Mr. Arnold's state of mind and what they understood/were informed about was happening in the market on the afternoon of August 7, 2018, the first day of the class period.  Further, Mr. Arnold's email quotes from and links to the referenced Financial Times article. Consistent with the Court's directives, what the market knew during the class period is relevant.  (1/18 Tr. at 286:6-12 ("the effect on the listener, the market, if it's during the class period, it's relevant." "So the critical question is what was heard during the class period.").) Tesla and the market received and were evaluating the Financial Times article and Mr. Musk's tweets on the very same day. | O |
| Nii Koney | 8 | No objection. | N/A | |
| Nii Koney | 58 | No objection. | N/A | |
| Nii Koney | 62 | No objection. | N/A | |
| Nii Koney | 68 | No objection. | N/A | |
| David Arnold | 87 | No objection. | N/A | |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| David Arnold | 298 | Fed. R. Evid. 801, 805. See above 298. | *See* response to Exhibit 298 above. | O |

| Witness | Dep. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Nii Koney | 56:15-57:1; 57:14-58:13; 58:17-59:01; 59:8-14; 77:3-14; | Fed. R. Evid. 403.<br><br>The designated testimony concerning whether funding secured was a verbal commitment or an offer letter is unduly prejudicial. This questioning and testimony contradict the Court's summary judgment order and should be excluded as it will confuse the jury. | Plaintiff's objection is contrary to the Court's recent Orders, where the Court ruled that analysts' interpretation of Mr. Musk's tweets and the status of the take private are relevant to the market's perception of Mr. Musk's statements. (ECF No. 575 at 2 ("to the extent that particular analyst reports or statements by individual investors bear on the market's perception of or weight given to the misrepresentations, these materials will generally be deemed relevant and admissible for a non-hearsay purpose"); 1/18 Tr. at 286:13-17 ("opinion-makers, influencers -- you know, that's what they're called on social media, but, but JP Morgan, and others who are commenting. Their comments during the class period is relevant, because of the effect on the listener").) The Court has indicated a willingness to allow Plaintiff to offer evidence of analyst opinions. If the Court were to sustain Plaintiff's objection here, that would improperly leave the jury with a one-sided view of analyst interpretations.<br><br>Plaintiff has fought hard to introduce testimony concerning how *certain* analysts interpreted Mr. Musk's tweets when that testimony is helpful to Plaintiff (e.g., Ryan Brinkman/JP Morgan, Joseph Fath/T Rowe Price). At the same time, however, Plaintiff seeks to prevent *other* analysts (e.g., Nii Koney/Jennsion) from testifying as to how they understood Mr. Musk's tweets, simply because Plaintiff does not like their testimony. Tellingly, Plaintiff does *not* object to Defendants' designations of Mr. Fath's interpretation of "funding secured," but does so for Mr. Koney. (105:10-19.) Plaintiff cannot have it both ways. Mr. Koney's testimony on these relevant topics is | O |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Dep. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | | no more prejudicial to Plaintiff than the testimony of the other analysts that Plaintiff cherry picked is to Defendants.<br><br>Further, Plaintiff is wrong that Mr. Koney's testimony "contradict[s] the Court's summary judgment order." Mr. Koney does not testify that funding *was* secured, nor could he. So Mr. Koney's testimony could not possibly "confuse the jury" into believing that funding was in fact secured. As a market participant and major investor in Tesla, Mr. Koney testified as to *his understanding* of Mr. Musk's statements and what *he interpreted* those statements to meant for the status of funding. (E.g., Koney being asked how he interpreted "funding secured," being asked "What is your understanding of a firm offer of funding?," being asked "What did you understand [the statements] to mean?")* | |
| Nii Koney | 59:17-22; 59:24-25 | Fed. R. Evid. 106, 401, 402 403.<br><br>Designated testimony omits the questions that these answers are responsive to and creates the misleading impression that they are responses to different questions. However, even with the inclusion of the questions, 59:17-22, the testimony is unduly prejudicial and will confuse the jury as it contradicts the Court's summary judgment order and should be excluded. Testimony at 59:24-25 is effectively "I don't know" and therefore has a low probability to reach its | *See* Koney response above.*<br><br>Mr. Koney testified as to his interpretation of Mr. Musk's statements and the weight he gave them. (And he did not testify "I don't know.") | S on completeness grounds. The designated testimony shall include 59:8-14.<br><br>The complete designation shall be: 59:8-14; 59:17-22; 59:24-25 |

4

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Dep. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | proof purpose of a relevant fact in issue. | | |
| Nii Koney | 75:2-76:5 | Fed. R. Evid. 403<br><br>Mr. Koney testifies that "In my view, based on analyzing everything that had come out over the prior two days was that, one, ***he wasn't lying about funding being secured***, but also know him to be the type the person to jump the gun on disclosing information." This questioning and testimony contradict the Court's summary judgment order and should be excluded as it will confuse the jury. | *See* Koney response above.*<br><br>Mr. Koney expressly noted that his testimony was based on "*[his] view*" and from "analyzing everything that had come out over the prior two days." | O |
| Nii Koney | 146:11-25 | Fed. R. Evid. 403<br><br>Counsel asked a leading question incorporating testimony, "I don't think Elon is lying." 146:24. This questioning and responsive testimony contradict the Court's summary judgment order and should be excluded as it will confuse the jury. | *See* Koney response above.* | S |
| Nii Koney | 152:14-153:17 | Fed. R. Evid. 401, 402, 403.<br><br>Testimony regarding the witness' impression of Mr. Musk's phone demeanor | *See* Koney response above.* | O |

5

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Dep. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | during the conversation has a low probability of reaching its proof purpose of a relevant fact in issue and should be excluded. This designated testimony is also entirely duplicative of earlier testimony regarding the content of Mr. Koney's phone call with Mr. Musk. See Koney Tr. At 101:24-104:5. | | |
| Nii Koney | 162:20-21 | Fed. R. Evid. 403

Counsel directs the witness to look at a portion of an exhibit and dates on the record, "First I don't think Elon is lying." This questioning contradicts the Court's summary judgment order and should be excluded as it will confuse the jury. Removing this prejudicial line will not affect the actual question, which begins in earnest on line 162:23. | *See* Koney response above.* | S |
| Nii Koney | Other Counter Designations | Plaintiff does not object to the other testimony counter designated by Defendants for Nii Owuraka Koney. | N/A | |
| Joseph Fath | 47:18-48:9 | Fed. R. Evid. 106.

Include 48:10-12. | Defendants' designated testimony of 47:18-48:9 is complete as-is. It includes the entirety of the questions and answers within that citation. Plaintiff now—months after the designation deadline—seeks to *add* to Plaintiff's designations under the | S on completeness grounds. The designated |

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Dep. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | | guise of completeness.  Plaintiff's request to belatedly designate additional testimony should be denied. | testimony shall include 48:10-12.  The complete designation shall be: 47:18-48:12. |
| Joseph Fath | 102:19-104:21 | Fed. R. Evid. 401, 402, 403  Fath testifies to reinvesting in Tesla and that the stock "was almost [] triple" in price. The Court has already ruled that Tesla's stock movement after the class is irrelevant. *See* Final Pretrial Order at 29, Section c (Granting in Part Plaintiff's MIL No. 5 relating to "(6) evidence related to Tesla's economic and financial performance since 2018"). | Plaintiff has designated testimony concerning why T Rowe Price "made the decision to exit Tesla stock." In response to Plaintiff's questions, Mr. Fath testified that T Rowe Price had lost "confidence in Elon Musk's leadership." (99:09-100:19) Plaintiff's designated testimony is highly misleading without including Defendants' designations, which show that, notwithstanding Mr. Fath's claim of lack of confidence in Mr. Musk, T Rowe Price reopened a large position in Tesla shortly thereafter. To the extent the Court is inclined to sustain Plaintiff's objection, it should be limited to 103:25-104:21. | S |
| Joseph Fath | 105:5-9 | Fed. R. Evid 403.  Defendants' prior counsel asks Mr. Fath, "Were you aware that as of August 2018, various analysts were interpreting the phrase 'funding secured' in different ways?" This questioning and testimony is prejudicial to Plaintiff as Defense Counsel did not introduce any analyst reports or | The Court has already ruled that analysts' interpretation of Mr. Musk's tweets are relevant to the market's perception of Mr. Musk's statements. (ECF No. 575 at 2 ("to the extent that particular analyst reports or statements by individual investors bear on the market's perception of or weight given to the misrepresentations, these materials will generally be deemed relevant and admissible for a non-hearsay purpose"); 1/18 Tr. at 286:13-17 ("opinion-makers, influencers -- you know, that's what they're called on social media, but, but JP Morgan, and others who are commenting. Their comments during the class period is relevant, because of the effect on the listener").) Mr. Fath's knowledge (or lack of knowledge) of how other investors | O |

7

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Dep. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | lay the proper foundation. It is therefore, improper. | in the marketplace interpreted "funding secured" is relevant to understand how Mr. Fath interpreted the phrase and the conclusions he drew from it. | |
| Joseph Fath | 105:19-22 | Fed. R. Evid. 403.<br><br>Defendants' prior counsel asks Mr. Fath, "secured funding could mean a verbal commitment, could mean a written commitment; is that right?" A: "That's correct". This questioning and testimony contradict the Court's summary judgment order that a verbal commitment did not mean funding was secured and should be excluded as it will confuse the jury. | *See* Koney response above.*<br><br>Plaintiff cherry picks certain helpful testimony of Mr. Fath but objects to harmful testimony on the very same pages on the very same topics.  Plaintiff cannot have it both ways. | O |
| Joseph Fath | 107:17-23 | Fed. R. Evid. 403.<br><br>Defendants' prior counsel asks Mr. Fath, "And there could be a take-private proposal where funding is secured, but a transaction might not end up occurring for all sorts of reasons, correct?" A: "Correct". This questioning and testimony contradict the Court's summary judgment order that funding was not secured and should be excluded as it will confuse the jury. | *See* Koney response above.*<br><br>Mr. Fath never testified (nor could he) that funding was secured. | O |

8

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Witness and Exhibit List for Day 3 - January 20, 2023**

| Witness | Dep. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Joseph Fath | Other Counter Designations | Plaintiff does not object to the other testimony counter designated by Defendants for Joseph Fath. | N/A | |