QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (appearing *pro hac vice*)
   alexspiro@quinnemanuel.com
   Andrew J. Rossman (appearing *pro hac vice*)
   andrewrossman@quinnemanuel.com
   Ellyde R. Thompson (appearing *pro hac vice*)
   ellydethompson@quinnemanuel.com
   Jesse Bernstein (appearing *pro hac vice*)
   jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

   Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
   Anthony P. Alden (Bar No. 232220)
   anthonyalden@quinnemanuel.com
   Kyle Batter (Bar No. 301803)
   kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION *IN LIMINE* RE: OPTIONS DAMAGES**<br><br>Date: TBD<br>Time: TBD<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward Chen |
|---|---|

# INTRODUCTION

Plaintiff's motion is an opportunistic attempt to shield their experts from standard cross-examination. It should be denied for at least four reasons.

*First*, it is procedurally improper. Motions *in limine* were due on September 20, 2022, and Plaintiff already used his allotment of five. Plaintiff should not be permitted to ambush Defendants by filing an unauthorized motion raising such a consequential issue on the eve of the testimony.

*Second*, it is hornbook law that changes to expert opinion are appropriate fodder for cross-examination and rebuttal. *See, e.g., In re TMI Litig.*, 193 F.3d 613, 687 (3d Cir. 1999), amended, 199 F.3d 158 (3d Cir. 2000) ("If Shevchenko's methodology did change to meet *Daubert* challenges, those changes strike at the heart of Shevchenko's credibility as a witness and the weight to be afforded his testimony."); *see also* Fed. R. Evid. 613. The Court itself has repeatedly stated—including in denying Defendants' request for a renewed *Daubert* motion—that Defendants will be "free to cross-examine" Plaintiff's experts about their changes. 1/4/2023 Tr. at 62:2-3 ("You're certainly free to cross-examine."); 1/13/2023 Tr. at 174:19-175:1 ("There are certainly a lot to talk about, certainly many grounds for cross-examination, grounds for questioning the methodology here. . . And so I'm going to leave it to the lawyers and their dueling experts to -- to battle it out.").

*Third*, Plaintiff's judicial estoppel argument borders on frivolous. Defendants do not intend to argue that Plaintiff should not have used actual option prices. Rather, Defendants contend that Plaintiff's expert's use of actual option prices has resulted in other flaws that have not been addressed. Moreover, the Court did not in fact rely on Defendants' argument because Plaintiff voluntarily "agreed" to change his approach, rather than lose a *Daubert* motion. Plaintiff cannot now shield its experts from the consequences of a freely made decision to correct a mistake. That would plainly be tipping the scale in Plaintiff's favor.

*Finally,* Plaintiff fails to identify a single opinion in Professor Seru's supplemental rebuttal report that is irrelevant or unfairly prejudicial. Professor Seru has responded to Plaintiff's recently served supplemental expert reports by pointing out the flaws in their latest approach and arbitrariness of their estimates. That is exactly what an expert is supposed to do. That Plaintiff does not like Professor Seru's opinions does not make them confusing or unduly prejudicial.

**ARGUMENT**

**I.   PLAINTIFF'S MOTION SHOULD BE DENIED AS PROCEDURALLY IMPROPER**

The deadline for motions *in limine* was September 20, 2022, and each side was limited to five. ECF No. 427. Plaintiff used his full allotment. Plaintiff should not now be permitted to obtain an unfair advantage by flouting the rules during trial. Indeed, the Court recently admonished Defendants for filing a motion on the eve of testimony. 1/18/2023 Tr. at 2789:4-10 ("Number one, this motion was filed on the eve of testimony. . . . So I'm troubled by a late filing, late-evening filing which essentially is a Daubert motion, motion in limine, at the eleventh hour. So the timing of such is tardy. And not appreciated by this Court. On that basis alone I could deny this, this objection."). Plaintiff has known for at least two weeks, since January 4th, that Defendants would seek to question his experts concerning inconsistencies with their prior opinions, and Plaintiff has had Professor Seru's report for over 10 days. To file an unauthorized motion *in limine* on the eve of their testimony is an ambush, prejudicial to Defendants, and reason alone to deny it.

**II.   PLAINTIFF'S ATTEMPT TO SHIELD HIS EXPERTS FROM STANDARD CROSS-EXAMINATION IS MERITLESS AND PREJUDICIAL**

Even were the Court to entertain Plaintiff's improper and tardy motion, it should be denied on the merits. There is no question that Defendants are entitled to question Plaintiff's experts about changes to their opinions—it goes to credibility and bias. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2014 U.S. Dist. LEXIS 24506, at *58 (N.D. Ca. Feb. 25, 2014) ("[T]he past methodologies of Apple's experts are highly probative impeachment evidence that a fact-finder will consider in assessing the weight a fact-finder may choose to give the experts in the instant litigation."); *Harris v. Steelweld Equip. Co.*, 869 F.2d 396, 404 (8th Cir. 1989), holding modified by *Rush v. Smith*, 56 F.3d 918 (8th Cir. 1995) ("The cross-examination as to Mr. Kutchback's prior opinions and the consequences thereof are clearly relevant to show credibility and/or bias."); *Crouch v. Honeywell Int'l, Inc.*, 2015 WL 13547448, at *3 (W.D. Ky. Nov. 19, 2015) (accord); *Meharg v. I-Flow Corp.*, 2009 WL 3032327, at *6 (S.D. Ind. Sept. 18, 2009) (accord).

Plaintiff's argument that his experts' decision to make changes in response to Defendants' criticisms in the same case somehow implicates judicial estoppel is specious. *First*, Defendants do

not intend to take an inconsistent position, let alone a "clearly inconsistent" position. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Defendants previously argued that Plaintiff's experts' opinions on options damages should be excluded because, *inter alia*, they did not compare actual prices to but-for prices. ECF No. 479. Defendants do not now argue that Plaintiff's experts should ***not*** use actual prices. Instead, Defendants intend to explore all the other flaws in their methodology and contend they should have made *additional* changes, but did not. There is no inconsistency there, let alone a "clear" inconsistency.

*Second*, even if there were an inconsistency in Defendants' positions (and there is not), there will be no "judicial acceptance of an inconsistent position in a later proceeding [that] would create 'the perception that either the first or the second court was misled.'" *New Hampshire*, 532 U.S. at 750. This is because the Court never ruled on Defendants' argument concerning the use of actual prices and will not be called upon to do so at trial. Rather, the Court denied Defendants' motion *in limine* as moot because Plaintiff voluntarily "agreed" to use actual prices instead of theoretical prices. ECF No. 508 at 36:28-37:2 ("But the Court ultimately does not rule on this issue because, in light of these concerns, during the pretrial conference Plaintiff agreed to rerun the stock option calculations using actual option price data instead of the theoretical prices."). Nor will the Court need to rule on the issue at trial. There can thus be no "perception" that the Court was misled.

*Third*, the notion that Defendants would "derive an unfair advantage" is frankly absurd. *New Hampshire*, 532 U.S. at 750. Defendants sought to preclude all expert testimony on options damages. Realizing this was a serious risk, Plaintiff spontaneously agreed at the hearing to make a change. ECF No. 508 at 36:28-37:2. It was not Defendants' fault Plaintiff's experts made an error; nor was it Defendants' decision to attempt to correct it. And Defendants certainly never agreed that this one change would cure all the problems with Plaintiff's methodology. The situation in which Plaintiff finds himself is of his own making. If evidence of an expert's errors is now unduly prejudicial, it is hard to conceive what areas of inquiry would be left. *See In re TMI Litig.*, 193 F.3d at 687 ("If Shevchenko's methodology did change to meet *Daubert* challenges, those changes strike at the heart of Shevchenko's credibility . . . and the weight to be afforded his testimony."). Indeed, Plaintiff fails to cite a single case that has precluded evidence of changes to an expert's opinion.

III. **THE OPINIONS IN PROFESSOR SERU'S SUPPLEMENTAL REBUTTAL REPORT ARE RESPONSIVE, RELEVANT, AND APPROPRIATE**

Plaintiff contends that Professor Seru's supplemental report contains "irrelevant and unfair prejudicial opinions," but neither identifies any such opinions nor offers any reasoned basis for his *de facto Daubert* motion. Plaintiff's experts recently served supplemental reports. As is standard practice, Professor Seru served a supplemental rebuttal report in response. Professor Seru's report explains why Plaintiff's options damages methodology remains flawed, and points out that each of Plaintiff's approaches—which are available in the public docket—lead to wildly different results. Far from having "no probative value," "changes [to expert opinion] strike at the heart of" the expert's credibility and "the weight to be afforded his testimony." *See id.*

The notion that this is unfairly prejudicial or will lead to jury confusion is nonsense. Both Plaintiff and his experts have repeatedly denied there has been any change in methodology. *See e.g.,* 1/13/2023 Tr at 164:5-8 (Plaintiff's counsel: "There has been no change . . . The methodology is exactly the same"); 1/4/2023 Tr. at 65:15-16 (The Court: "I don't think there has been a change in methodology. At least this is all consistent."). Plaintiff now reverses himself by asking the Court to preclude Defendants from referencing "previous option damages methodologies." ECF No. 611-4; *see also* ECF No. 611 at ii:8 ("Plaintiff altered his initial proposed option damages methodology"). It is *Plaintiff* who is playing "fast and loose" with the Court by taking inconsistent positions. When seeking to deny Defendants a renewed *Daubert* motion, Plaintiff successfully argued there was no change in methodology, and yet now seeks to preclude cross-examination into "previous option damages methodologies." This is sheer gamesmanship. As noted above, it is standard practice to offer evidence of inconsistencies in expert opinion, Plaintiff's experts will be more than capable of addressing them, and there is no reason to assume the jury will be confused.

**CONCLUSION**

Plaintiff's motion should be denied as both procedurally improper and meritless. In allowing Plaintiff's experts to make a change shortly before trial, the Court repeatedly assured Defendants that they would be "free to cross-examine" them about it. 1/4/2023 Tr. at 62:2-3. Plaintiff's "Hail Mary" attempt to shield his experts from standard cross-examination should be denied.

| | | |
|---|---|---|
| 1 | DATED:  January 24, 2023 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By: /s/ Alex Spiro<br>    Alex Spiro (appearing *pro hac vice*) |
| 5 | | |
| 6 | | *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice* |