1  **LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
2  Adam C. McCall (SBN 302130)
3  75 Broadway, Suite 202
San Francisco, CA 94111
4  Tel.: (415) 373-1671
Email: aapton@zlk.com
5          amccall@zlk.com

6  *Attorneys for Plaintiff and Counsel for the Class*

7  [Additional Counsel on Signature Block]

8

9                UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
10

11 | IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC |
|---|---|
|  | **PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS REGARDING THE TESTIMONY OF DAVE ARNOLD** |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    On January 18, 2023, Plaintiff disclosed David Arnold (and his exhibits). Defendants

2  served counter-designations and objections. The Court issued rulings on these disclosures and

3  objections on January 24, 2023. Having successfully worked through a backlog of witnesses due

4  to extensive cross-examinations, Plaintiff intends to call Mr. Arnold tomorrow in light of the

5  jury's availability and willingness to stay late. Defendants' objections to Plaintiff calling Mr.

6  Arnold at this point are unfounded and directly contradict Plaintiff's right to present his case. *See*

7  *Herrington v. Scribner*, 2009 WL 3157538, *3 (E.D. Cal. 2009) ("The Court advised Plaintiff

8  that he could present his case any way he wanted to and that he could call his witnesses in any

9  order he desired."). Defendants' objection (motion to exclude) should be overruled.

10    At the time of the August 2018 tweets, Mr. Arnold was Tesla's Senior Director of Global

11  Communications. He was responsible for responding to the media on behalf of the company and

12  preparing Tesla's official corporate responses to media inquiries. Critically, Mr. Arnold has

13  specific knowledge relating to several key exhibits that Plaintiff needs to show the jury. His

14  testimony will include the following:

- That there were "dozens, if not hundreds" of "people wanting more information" about "funding secured . . . throughout the whole period" including after the August 13, 2018 blog post. Arnold Dep. Tr. at 154-156.

- That management was drafting the blog posts about the "funding secured" tweet because usually public statements by a CEO are drafted with the assistance of management and Mr. Arnold "put this in that same category". Arnold Dep. Tr. at 162:10-21.

- That "[t]he predominant theme throughout coverage is that the email 'did not make any mention of financing referenced in Musk's original tweet' and 'gave no further details on how he would fund a deal'." Ex. 303.

25    This testimony bears directly on the issue of "materiality" as well as the topics of control

26  and imputation of scienter. The media's focus on the "funding secured" component of the tweet

27  demonstrates the importance of those words relative to the remainder of the tweet. The fact that

28  this testimony is supported by Tesla's Senior Director of Global Communications underscores

---

PLAINTIFF'S RESPONSE TO DAVE ARNOLD OBJECTIONS                    CASE NO. 3:18-CV-04865-EMC

1    the credibility of the evidence. Additionally, as Defendants develop their defense concerning

2    Musk's role as "bidder" (*see*, *e.g.*, 1/25 Tr. at 1257:19-1258:2) and, in turn, show that he was

3    acting outside the scope of his role as CEO, evidence of Tesla's corporate responsibility for

4    communications to the public has become increasingly important.

5         Defendants' arguments do not change the outcome on this issue. First, Defendants argue

6    that Mr. Arnold should not be permitted to testify because he does not have personal knowledge

7    about these exhibits or his testimony. Defs. Br. at 4. His deposition testimony disproves this

8    argument, given that he testified directly about these exhibits. *See* Arnold Dep. Tr. at 94:9-96:18;

9    Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own

10   testimony."). Additionally, Mr. Arnold was directly involved with the drafting of the August 7

11   and August 13 blog posts. He will testify regarding his involvement in the process and the timing

12   of the blog posts.

13        Second, Defendants also argue some of the exhibits (303, 339, and 342) are hearsay or

14   hearsay within hearsay. Defendants waived these objections when responding to Plaintiff's

15   disclosure. Further, the Court already overruled the objections Defendant made. ECF No. 615-1

16   at 24-25. The Court has also repeatedly held that news articles during the Class period are proper

17   to show the effect on the listener, *i.e*., the market. To the extent Defendants object to Mr. Arnold's

18   comments about news articles, they are opposing party statements, not offered for the truth of the

19   matter asserted. Mr. Arnold will testify to the media inquiries he received and the summaries of

20   the hundreds of inquiries he received. This will show the jury the market's perception and reaction

21   to Mr. Musk's tweets. Therefore, his testimony and accompanying exhibits are not inadmissible

22   hearsay.

23        Nor do Defendants meet their burden of proving that the evidence is unduly prejudicial.

24   Relevant evidence may be excluded, but only if its probative value is substantially outweighed by

25   a danger of unfair prejudice. F.R.E. 403. There is no danger of unfair prejudice here. The

26   probative value of Mr. Arnold's testimony is central to Plaintiff's case-in-chief, as it goes to the

27   materiality of Elon Musk's tweets and the Directors' good faith defense, both highly disputed at

28   trial. Defendants have failed to provide a compelling reason for why Mr. Arnold should be

PLAINTIFF'S RESPONSE TO DAVE ARNOLD OBJECTIONS                    CASE NO. 3:18-CV-04865-EMC

1   precluded from testifying. Plaintiff is free to use his remaining time as he sees fit. Therefore,

2   Defendants' motion to preclude Mr. Arnold should be summarily dismissed.

3

4   Dated: January 26, 2023          Respectfully submitted,

5                    **LEVI & KORSINSKY, LLP**

6

7                *s/ Adam M. Apton*
               Adam M. Apton (SBN 316506)
               Adam C. McCall (SBN 302130)

8                75 Broadway, Suite 202
               San Francisco, CA 94111

9                Tel.: (415) 373-1671

10              Email: aapton@zlk.com
              Email: amccall@zlk.com

11

12             -and-

13             Nicholas I. Porritt
              Elizabeth K. Tripodi

14             Alexander A. Krot III
              LEVI & KORSINSKY, LLP

15            1101 30th Street N.W., Suite 115
             Washington, D.C. 20007

16            Tel.: (202) 524-4290
            Email: nporritt@zlk.com

17           Email: etripodi@zlk.com

18           Email: akrot@zlk.com
           (admitted *pro hac vice*)

19

20           -and-

21          Joseph Levi
          Eduard Korsinsky

22          Max E. Weiss
          LEVI & KORSINSKY, LLP

23         55 Broadway, 10th Floor
         New York, New York 10006

24         Tel.: (212) 363-7500
         Email: jlevi@zlk.com

25        Email: ek@zlk.com

26        Email: mweiss@zlk.com
        (admitted *pro hac vice*)

27

        *Attorneys for Plaintiff and Counsel for the Class*

28

PLAINTIFF'S RESPONSE TO DAVE ARNOLD OBJECTIONS      CASE NO. 3:18-CV-04865-EMC