QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearing *pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (appearing *pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (appearing *pro hac vice*)
  ellydethompson@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Anthony P. Alden (Bar No. 232220)
  anthonyalden@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR AN ORDER THAT PLAINTIFF CANNOT QUESTION WITNESSES ABOUT TESLA'S BOARD-LEVEL DISCLOSURE COMMITTEE** |

# INTRODUCTION

During Mr. Gracias' testimony on Wednesday, Plaintiff's counsel deliberately elicited facts in contravention of the Court's ruling on Defendants' Motion *In Limine* No. 4. Specifically, Plaintiff's counsel elicited from Mr. Gracias that there now exists a Disclosure Committee as part of Tesla's Board. Trial Tr. 1226:7-17. That committee, however, was a direct result and key component of the consent decree with the Securities and Exchange Commission that this Court has already ruled inadmissible in this trial. Defendants accordingly request an Order that Plaintiff may not question witnesses about Tesla's post-class-period formation of a Disclosure Committee or make arguments about that fact in summation.

# ARGUMENT

Defendants moved prior to trial for an order excluding Tesla's and Elon Musk's settlements with the SEC—including both the fact ***and the terms*** of those agreements. *See* Dkt. No. 478 at 2. In its Final Pretrial Conference Order, the Court granted that motion *in limine*. Dkt. No. 508 at 31-36. The Court correctly held that the risk of unfair prejudice to Defendants of admitting any evidence of the SEC's complaints or the resulting settlement agreements far outweighed any "minimal" probative value of the information, which Defendants contend is none. *Id.* The Court reasoned that—unlike the fact of the SEC investigation—the resulting complaints and settlement agreements occurred well after the class period ended. *Id.* At 32.

As part of the post-class-period settlement with the SEC, Tesla was required to form a committee of Board members to oversee controls and processes governing Tesla's and its executives' public statements related to the Company. *See* Dkt. No. 485, Ex. A at ¶ 6(b). The Disclosure Committee currently in place was the result. This is precisely what Plaintiff elicited from Mr. Gracias on the stand yesterday, in contravention of the Court's Order. Trial Tr. 1226:7-17 (**Q:** Ultimately, after the tweets at issue in this litigation, Tesla established a disclosure committee. Is that correct? **A:** Correct. **Q:** And the disclosure committee was created to review Mr. Musk's Twitter and social media. Correct? **A:** The tweets would first be reviewed by the management. And then, if necessary, by disclosure controls. Correct.).

It is indisputable that the purpose of such questioning by Plaintiff's counsel was to influence the jury to infer that Tesla or its Board recognized some deficiency in the policies already in existence, or that Mr. Musk had done something wrong by tweeting on August 7, 2018. In other words, Plaintiff wants to use the terms of a settlement agreement with a non-party to cause the jury to infer liability in this case, which is impermissible. *See* D. Louisell & B. Mueller, Federal Evidence § 171, at 289 (1978) ("[P]laintiff [cannot] show the defendant's liability or extent of liability, by proof of defendant's settlement with a third person."); *United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012) (reversing jury verdict convicting defendant of securities fraud based on erroneous and prejudicial admission of SEC civil complaint); *U.S. v. Contra Costa Cty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982). That questioning of Mr. Gracias (as well as the intended inferences) was also misleading because the formation of the Disclosure Committee was mandatory under the settlement with the SEC and thus has no bearing on the state of mind of any of the Defendants in this case. To the extent Plaintiff is seeking to elicit some evidence of purported Board control, Plaintiff already has elicited the fact that the Board adopted a social-media-specific policy on August 23, 2018. But subsequent actions compelled by an agreement with the SEC are not probative, will unfairly prejudice Defendants, and will mislead the jury. *Grace v. Apple, Inc.*, No. 17-cv-00551-LHK, 2020 WL 227404, at *2 (N.D. Cal. Jan. 15, 2020) (excluding evidence of prior lawsuits and verdicts because any probative value was "minimal and is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time").

Evidence regarding the formation of the Disclosure Committee also has nothing to do with causation, damages, or any bias by Mr. Musk towards short-sellers—the only bases of relevance that Plaintiff proffered when opposing Defendants' motion to exclude the SEC settlements. *See generally* Dkt. No. 478-1. Any further questioning regarding the formation of the disclosure committee is also likely to naturally elicit further witness testimony about the SEC settlement, since the Committee's genesis is inextricably intertwined with the settlement agreement. The Court should not permit Plaintiff to sidestep the Court's prior motion *in limine* ruling by eliciting such evidence from witnesses.

Consequently, Defendants request an Order from the Court affirming the Court's ruling on Defendants' motion *in limine* No. 4 and precluding Plaintiff from questioning witnesses about the post-class-period formation of a Board-level Disclosure Committee or arguing any inferences from that fact during summation.

DATED:  January 26, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alex Spiro*
Alex Spiro (appearing *pro hac vice*)

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, And Linda Johnson Rice*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 26th day of January 2023.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Kyle Batter
Kyle Batter

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*