UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| 18-cv-048645-EMC | | IN RE TESLA SECURITIES LITIGATION<br>**TRIAL SHEET, EXHIBIT and WITNESS LIST** | |

| **JUDGE:** | **PLAINTIFF'S ATTORNEY:** | **DEFENSE ATTORNEYS:** |
|---|---|---|
| Edward M. Chen | Nicholas Porritt, Elizabeth Tripodi, Alexander Krot, Joseph Levi, Adam Apton | Alexander Spiro, Andrew Rossman, Phillip Jobe, Ellyde Thompson, Jesse Bernstein, Michael Lifrak, Anthony Alden, Matthew Alexander Bergjans, William Price |
| **TRIAL DATE:**<br>January 18, 2023 | **REPORTERS:**<br>Belle Ball | **CLERK:**<br>Vicky Ayala |

| PLF NO. | DEF NO | TIME OFFERED | ID | ADM | DESCRIPTION |
|---|---|---|---|---|---|
| | | 8:03 a.m. | | | Court in session.  Housekeeping matters discussed outside the presence of the jury.  The Court heard argument regarding Defendants' proposal to waive any future argument that something more than recklessness is required for 10b-5 scienter in exchange for revising the jury instructions to excise the element of 10b-5 scienter. *See* Docket No. 588.  After the Court expressed willingness to entertain the proposal, Defendants indicated that they needed to speak further with their client.<br><br>Next, the Court ruled on Defendants' evidentiary objections to Professor Guhan Subramanian. *See* Docket Nos. 576, 577.  The Court noted that Docket No. 577, which was essentially a *Daubert* motion, had been filed on the eve of testimony and was therefore out of time.  The Court then noted that although it could overrule Defendants' objections on the basis of tardiness alone, it would nonetheless in the interest of justice address the substance of Defendants' arguments.  The Court ruled that Professor Subramanian's testimony was relevant and that it went to Mr. Musk's state of mind and the liability of the Board of Directors.  But the Court noted that it was not appropriate for Professor Subramanian, as an expert witness, to establish the factual foundation for Plaintiff's case.  The Court ruled that Plaintiff could not introduce new exhibits through Professor Subramanian.  The Court further ruled that Professor Subramanian could testify regarding the typical management buyout process and how that compared to the proposed transaction by Mr. Musk, but that Professor Subramanian could not opine on Mr. Musk's state of mind because that was outside of his area of expertise. |

1

| | | | | | |
|---|---|---|---|---|---|
| | | | | | The Court then admonished the parties that, in light of the voluminous evidentiary objections, the Court was establishing a new set of protocols. First, no filings would be accepted after 6:00pm. Second, the Court would devote fifteen minutes each morning to resolve evidentiary problems; any time spent on evidentiary objections beyond those fifteen minutes would be charged to the parties' trial time, which the Court would allocate as between the parties. The Court then instructed the parties on the Court's general view of the evidence. First, the Court explained that Mr. Musk's state of mind is relevant. Mr. Musk's state of mind as revealed by post-tweet statements are less relevant but is still relevant because what someone says or does after the fact can shed light on their state of mind, retrospectively. Second, the Court explained that investors' response to the August 7 tweets during the Class Period was presumptively relevant (insofar as it represents a sample of the public's state of mind), but that evidence of the market response after the Class Period was not so clearly relevant. Third, the Court noted that comments by analysts and other market "opinion-makers" were relevant if made during the Class Period as it may have affected the class, but that the effect on the listener theory of relevance was not applicable when the comments were published after the Class Period.<br><br>Finally, the Court addressed the motion in limine filed by Silver Lake regarding potentially confidential and sealed information. *See* Docket No. 586. The parties informed the Court that the objected-to material would not be at issue that day, and that the parties would work together to try to accommodate Silver Lake's concerns. |
| | | 8:40 a.m. | | | Court in recess. |
| | | 9:04 a.m. | | | Court reconvened. Counsel for Defendants informed the Court that they were withdrawing their proposal regarding jury instructions. The Court instructed the parties to formally move to admit evidence so as to keep a clear record. |
| | | 9:09 a.m. | | | Jury present. |
| | | 9:10 a.m. | | | Nicholas Porritt, Counsel for Plaintiffs presents opening statement. |
| | | 9:41 a.m. | | | Nicholas Porritt concludes opening statement. |
| | | 9:42 a.m. | | | Alexander Spiro, Counsel for defendants presents opening statement. |
| | | 10:30 a.m. | | | Alexander Spiro concludes opening statement. |
| | | 10:31 a.m. | | | Jury admonished and excused for break. |
| | | 10:32 a.m. | | | Court in recess. |
| | | 10:48 a.m. | | | Court reconvened. |
| | | 10:56 a.m. | | | Jury present. |
| | | 10:57 a.m. | | | Witness, **Glen Littleton** approaches the witness stand and sworn for testimony. Direct examination by Nicholas Porritt. |
| 8 | | | X | X | Tweet from Elon Musk dated 8/8/18. |
| 432 | | | X | X | Email from Robert Morse to Glen Littleton re Tesla, dated 8/7/2018. |
| 13 | | | X | X | Tweet from Elon Musk dated 8/8/18. |
| 524 | | | X | X | Brokerage Report of Glen Littleton dated 8/1/18 to 8/31/18. |
| | | 11:26 a.m. | | | Cross-examination of witness by William Price. |
| | 430 | | X | X | Email from Robert Morse to Glen Littleton re Thanks for Your Help This Week dated 7/7/17 |

| | | | | |
|---|---|---|---|---|
| 12 | | X | X | Email to Tesla Employees re Taking Tesla Private dated 8/7/18 |
| 53 | | X | X | Update on Taking Tesla Private by Elon Musk dated 8/13/2018. |
| | 12:20 p.m. | | | Jury excused for break. |
| | 12:21 p.m. | | | Court in recess. |
| | 12:45 p.m. | | | Court reconvened. |
| | 12:54 p.m. | | | Jury present. |
| | 12:55 p.m. | | | Cross-examination of witness by William Price resumes. |
| 433 – Pages 15-23 | | X | X | Exhibit A to Declaration of Adam McCall ISO Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Counsel. |
| 229 | | X | X | Article re Staying Public by Elon Musk dated 8/24/18 |
| | 1:49 p.m. | | | Re-direct of witness by Nicholas Porritt. |
| | 2:01 p.m. | | | Re-cross examination of witness William Price. |
| | 2:02 p.m. | | | Jury admonished and excused for the day. |
| | 2:02 p.m. | | | Witness is excused. |
| | 2:05 p.m. | | | Court adjourned. |