UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

18-cv-048645-EMC             IN RE TESLA SECURITIES LITIGATION

**TRIAL SHEET, EXHIBIT and WITNESS LIST**

| JUDGE: | | PLAINTIFF'S ATTORNEY: | DEFENSE ATTORNEYS: |
|---|---|---|---|
| Edward M. Chen | | Nicholas Porritt, Elizabeth Tripodi, Alexander Krot, Joseph Levi, Adam Apton | Alexander Spiro, Andrew Rossman, Phillip Jobe, Ellyde Thompson, Jesse Bernstein, Michael Lifrak, Anthony Alden, Matthew Alexander Bergjans, William Price |
| **TRIAL DATE:** | | **REPORTERS:** | **CLERK:** |
| January 20, 2023 | | Belle Ball / Debra Pas | Vicky Ayala |

| PLF NO. | DEF NO | TIME OFFERED | ID | ADM | DESCRIPTION |
|---|---|---|---|---|---|
| | | 8:00 a.m. | | | Court in session. Housekeeping matters discussed outside the presence of the jury. Counsel for third-party Silver Lake and Egon Pierre-Durban raised their concern that a few exhibits scheduled to be introduced into evidence today contained confidential information which the Court had previously ordered sealed. *See* Docket No. 586. The Court agreed to take that matter up during the first break. Next, the Court heard argument on Plaintiff's Emergency Motion for a Cautionary Instruction, which had been filed during the previous evening. *See* Docket No. 593. In particular, the Court invited the parties to weigh in on the Court's proposed language crafted in response to Docket No. 593, which had been sent to the parties the prior evening. The Court explained that it would administer this supplemental instruction at the outset of testimony for the day. Counsel for Defendants asked to substitute "untrue statements" instead of "misrepresentations" and to include language regarding the burden of proof, to which counsel for Plaintiff did not object. Counsel for Defendants sought to have the Court administer a slightly modified instruction pertaining to expert witnesses, which the Court agreed to do. Counsel for Plaintiff agreed not to ask Mr. Musk whether it was true that funding was secured or to distinguish the two depositions for Mr. Musk with reference to the SEC, instead of by date. Finally, the parties addressed the admissibility of Exhibit 80. The Court ruled that plaintiff had not shown that the business record exception under Rule 803(6) applied. This did not necessarily foreclose admission under e.g. Rule 807. The Court issued rulings with regard to Professor Subramanian's slides: it sustained Defendants' objections to slide two and slide 11. *See* Docket No. 606 (Order Regarding Objections to January 18 Evidence). The parties agreed that Exs. 81 and 101 were admissible. |
| | | 8:45 a.m. | | | Jury present. Court instructs Jury. |

1

| | | | | | |
|---|---|---|---|---|---|
| | | 8:47 a.m. | | | Witness, **Timothy Fries** approaches the witness stand and sworn for testimony. Direct examination by Elizabeth Tripodi. |
| 525 | | | X | X | Fidelity Investment Report of Timothy Fries dated 8/1/18-8/31/18. |
| | | 9:00 a.m. | X | X | Cross-examination of witness by Alexander Spiro. |
| | | 9:42 a.m. | | | Re-direct examination of witness by Elizabeth Tripodi. |
| | | 9:45 a.m. | | | Jury excused for break. |
| | | 9:45 a.m. | | | Witness excused. |
| | | 9:48 a.m. | | | Court in recess. |
| | | 10:00 a.m. | | | Court reconvened. Housekeeping matters discussed outside the presence of the Jury. The Court heard argument regarding Silver Lake's proposed redactions to Ex. 179. The Court ruled that the unredacted version of Ex. 179 would be displayed to the jury but that the redacted version would be posted for the greater public to see. |
| | | 10:18 a.m. | | | Jury present. Court instructs the Jury. |
| | | 10:19 a.m. | | | Witness, **Professor Guhan Subramarian** approaches the witness stand and sworn for testimony. Direct examination by Adam Apton. |
| 360 (pages 48-54) | | | X | X | CV of Professor Guhan Subramarian. |
| 103 | | | X | X | U.S. SEC Form 8-K for Tesla Motors, Inc., dated 11/5/13 |
| 81 | | | X | X | Email from Elon Musk re Offer to Take Tesla Private at $420, dated 8/2/18. |
| | | 11:07 a.m. | | | Cross-examination of witness by William Price. |
| | 9 | | X | X | Tweet from Elon Musk dated 8/7/18. |
| | 10 | | X | X | Tweet from Elon Musk dated 8/7/18. |
| | 11 | | X | X | Tweet from Elon Musk dated 8/7/18 |
| | | 11:56 a.m. | | | Jury excused for break. |
| | | 11:58 a.m. | | | Court in recess. |
| | | 12:20 p.m. | | | Court reconvened. |
| | | 12:26 p.m. | | | Jury present. |
| | | 12:27 p.m. | | | Cross-examination of witness by William Price resumes. |
| | 1023 | | X | X | Perry Ellis International, Inc. Form Prem14A dated 7/11/18 |
| | 83 | | X | X | Tesla Board of Directors Meeting Minutes dated 8/3/2018. |
| | | 1:20 p.m. | | | Re-direct examination of witness by Adam Apton. |
| | | 1:29 p.m. | | | Witness excused. |
| | | 1:29 p.m. | | | Witness, **Elon Musk** approaches the witness stand and sworn for testimony. Direct examination by Nicholas Porritt. |
| | | 2:00 p.m. | | | Witness excused for the day. |
| | | 2:02 p.m. | | | Jury admonished and excused. |

|  |  | 2:03 p.m. |  |  | Housekeeping matters discussed outside the presence of the Jury.  The Court returned to the question of whether Ex. 80 was admissible.  The Court noted that Plaintiff needed to show that Ex. 80 had been properly authenticated and that an exception to the hearsay rule applied.  Plaintiff asserted that there was evidence bearing on both points which Plaintiff sought to provide to the Court.  The Court ordered Plaintiff to submit such evidence to counsel for Defendants and then to file it with the Court.  The Court informed the parties that the Court would take up the admissibility of Ex. 80 on Monday after reviewing Plaintiff's supplemental materials.  At Defendants' request, the Court indicated that it would take another look at its ruling with regard to Ex. 23.  Finally, the Court noted that it was admitting certain materials for a non-hearsay purpose, such as Mr. Musk's state of mind or the effect on the listener.  The Court explained that it was going to rely on the opposing party to ask for a limiting instruction for such documents.  Counsel for Defendants responded that they did not intend to ask for such a limiting instruction. |