QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (*appearing pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (*appearing pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (*appearing pro hac vice*)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S "EMERGENCY" MOTION TO COMPEL DAVE ARNOLD TO APPEAR ON JANUARY 27, 2023** |
|---|---|

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S "EMERGENCY" MOTION**

On Tuesday, January 24, Plaintiff provided Defendants with a list of witnesses he intended to call on January 25, 27, and 31. This list did not include Dave Arnold. (Declaration of Michael T. Lifrak, ¶¶ 2-4.) Based on Plaintiff's representation, Defendants informed Mr. Arnold—who by that point already had been waiting to testify for three days—that he would no longer be needed as a witness in this case. (*Id.* ¶ 5.) The following day, as reflected in the record (1/25/23 Tr. at 1288:10-14), Plaintiff informed the Court and Defendants that he intended to call five witnesses on Friday, January 27: Ryan Brinkman, Egon Durban, Daniel Dees, Robyn Denholm, and Brad Buss.

Nonetheless, at 11 a.m. on Thursday, Plaintiff made an improper last-minute disclosure that, notwithstanding his prior representations to both Defendants and the Court, he now intended to call Mr. Arnold as a witness on less than 24-hours' notice. Now Plaintiff has filed an "emergency" motion to compel Mr. Arnold, who is not a Tesla employee and who has other professional responsibilities, to appear in Court tomorrow despite Plaintiff's prior representations and in violation of the Court's disclosure rules. Plaintiff's motion should be denied for the following reasons:

***First***, Plaintiff has no justification for this last-minute reversal and tardy disclosure. Plaintiff has been aware that the Court was contemplating adding extra trial time this Friday since at least January 4, 2023. (1/4/23 Hr'ing Tr. at 7:23-8:4). On Tuesday afternoon, the Court asked the jury whether it would be willing to "stay to either 3:00 or 3:30 on Friday *if we go that long*." (1/24/23 Tr. at 1114:4-14) (emphasis added). Plaintiff was thus on notice that it was likely that the parties would have an extra hour of trial time when he represented to Defendants on Tuesday evening that he no longer intended to call Mr. Arnold.

Moreover, at 10:32 a.m. on Wednesday, the Court confirmed that the jury was willing to stay until 3:30 p.m. on Friday. (1/25/23 Tr. at 1199:3-6.) Three-and-a-half-hours later, Plaintiff informed the Court that he intended to call Brinkman, Durban, Dees, Buss, and Denholm as witnesses on Friday. (*Id.* at 1288:10-14). Plaintiff had ample time between the Court's confirmation and his announcement of the witness schedule at the end of the trial day on Wednesday to include Mr. Arnold. Instead, he chose to wait 24 hours to make his late disclosure.

***Second***, Plaintiff's claim that he previously disclosed Mr. Arnold as a witness does not justify this last-minute gamesmanship. Plaintiff's prior disclosure was superseded by his January 24 representation that he would not be calling Mr. Arnold at all. This election not to call Mr. Arnold was further confirmed by Plaintiff's representation to the Court that he would call on Friday Durban, Dees, Buss, and Denholm—all of whom Plaintiff disclosed as witnesses he planned to call *after* Mr. Arnold. This new witness list, which skipped Mr. Arnold entirely, memorialized the position that Plaintiff took with Defendants the night before—that Mr. Arnold would no longer be a witness in this case.

Plaintiff's withdrawal of Mr. Arnold as a witness is further supported by his late response to Defendants' objection to Mr. Arnold's testimony. On Tuesday, January 24—before Plaintiff represented to Defendants that Mr. Arnold would not be called—Defendants filed objections to Mr. Arnold's testimony on the grounds that it would be cumulative, waste time, and would be offered for the sole purpose of introducing improper hearsay. ECF No. 619. Consistent with this prior intention not to call Mr. Arnold, Plaintiff did not file any response to these objections until Thursday. ECF No. 621.[1]

---

[1]  Plaintiff's weak and misleading response to Defendants' Objection only confirms the validity of Defendants' arguments. For instance, Plaintiff claims that Mr. Arnold will testify that there were "dozens, if not hundreds" of "people wanting more information" about "funding secured…throughout the whole period." (ECF No. 621 at 2.) But Mr. Arnold never gave such testimony. Instead, he testified that "there were dozens, if not hundreds, you know, primarily people wanting more information" about "every conceivable angle" regarding the Tweets, only some of whom were interested in "funding secured." (Lifrak Ex. A, Vol. 2, Arnold Dep. 141:23-143:3). Additionally, the response offers no explanation for why Mr. Arnold's testimony that Tesla employees participated in drafting the Blog Posts—which again is not in dispute and has already been offered by Mr. Musk and Mr. Ahuja—is non-cumulative. Plaintiff's response also provides no credible argument for why Tesla's internal news digests are admissible. First, Plaintiff does not deny that Mr. Arnold did not even author the news digests (*Id.* Vol. 1 Arnold Dep. Tr. at 95:7-17). Plaintiff had ample opportunity to depose and subpoena the person who did. Second, Plaintiff argues that the articles listed in the digests are admissible for their effect on the market (ECF No. 621 at 3), but that cannot justify the admission of Tesla's internal summary, which the public never saw. Finally, Plaintiff offers no justification for admitting Exhibit 342—which contains unpublished anonymous rumors forwarded by a reporter—and instead appears to concede that Plaintiff's proffered reason to offering it (to show Mr. Musk's state-of-mind) is no longer operative. (*Id.*) As the Court is aware (*e.g.*, 1/25/26 Tr. 1288:22-24) and Plaintiff has confirmed (*e.g.*, *id.* at 1289:2-3), Defendants did not waive these hearsay objections (*see* Order re Plaintiff's Day 3 Disclosures, Dkt. 615-1 at 23-24).

    ***Third***, Mr. Arnold is not a "missing" witness.  Following Plaintiff's disclosure on January 18, Mr. Arnold made himself available to testify for three court days: Friday (January 20), Monday (January 23), and Tuesday (January 24).  Mr. Arnold could have and would have testified on Wednesday, January 25, but Plaintiff elected on Tuesday night to omit Mr. Arnold from the list of witnesses he planned to call and instead used an hour of trial time playing a videotaped deposition that could have been presented to the jury at any time.

    Plaintiff's belated disclosure is particularly problematic in this instance.  As Plaintiff knows, Mr. Arnold is not a Tesla employee and has professional responsibilities and a busy schedule relating to his current job.  One purpose of the Court's disclosure rules is to provide third-party witnesses like Mr. Arnold with some notice so that they have the lead time necessary to adjust their schedules to appear in Court; they should not be hostages to the whims of any party's eleventh-hour shifts in trial tactics.  Plaintiff's proposal to have Mr. Arnold take a day off of work on less than 24-hours' notice—after he was already informed that his appearance would not be necessary—to be available to testify "if time permits" violates the Court's procedures and is highly disruptive and inconsiderate.

    There is no good cause to bless Plaintiff's dilatory disclosure and late-hour repudiation of his prior representations to the Defendants and the Court.  Plaintiff's motion to remedy an "emergency" of his own creation should be denied.

DATED:  January 26, 2023        Respectfully submitted,

        QUINN EMANUEL URQUHART & SULLIVAN, LLP

        By: */s/ Alex Spiro*
           Alex Spiro *(appearing pro hac vice)*

        *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss,*
        *Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias,*
        *James Murdoch, Kimbal Musk, and Linda Johnson Rice*