QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearing *pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (appearing *pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (appearing *pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (appearing *pro hac vice*)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Anthony P. Alden (Bar No. 232220)
  anthonyalden@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION *IN LIMINE* RE: OPTIONS DAMAGES**<br><br>Date:  TBD<br>Time:  TBD<br>Location: Courtroom 5, 17th Floor<br>Judge:  Hon. Edward Chen |

Defendants respectfully submit this short supplemental memorandum to allay the Court's concerns raised on Friday relating to Defendants' mid-trial emergency motion *in limine* (ECF No. 611).  In short, (i) Defendants do **not** believe that it is impossible to calculate damages using actual prices, merely that Plaintiff's chosen methodology is flawed because it fails to make proper adjustments to but-for prices; and (ii) Defendants will **not** challenge the use of actual prices by Plaintiff's experts.  In addition, to avoid any concern about potential prejudice, Defendants will refrain from referencing the prior *Daubert* motion practice or even asking Plaintiff's experts the reason why they changed their methodology.

As Defendants stated on Friday in response to the Court's question, we believe there are ways that Professor Heston could have tried to account for the "the microeconomic problem."  Trial Tr. at 1520:5.  In his Supplemental Report, Professor Seru states: "Professor Heston should have proposed a methodology to estimate but-for prices that takes into account the fact that options with different strikes or option type (call or put) have different implied volatilities."  ECF No. 611-3 at 10, ¶ 21.  Equally important, both Professor Heston and Dr. Hartzmark testified at deposition that they believe any "microeconomic problem" would be minimal and that their proposed methodology is still reasonable.  In other words, Plaintiff's experts are prepared to defend their methodology at trial regardless.  *See* Heston 1/3/2023 Deposition Tr. at 62:20-63:24 (" What impact will market noise have on damages estimates derived using your latest methodology?  A. Well, when you say "market noise", that could be bad execution. . . . But the magnitude of the what I call the microstructure noise is on the order of half the bid-ask spread, and it's not unreasonable compared to the impact or price fluctuations experienced by many options investors."); Hartzmark 1/9/2023 Deposition Tr. at 466:16-467:14 ("Q. How did you attempt to try and eliminate issues associated with illiquidity in the market? . . . A. … in the end, I don't think that has any sizeable or scientific measure or statistically-significant difference on aggregate damages.").

As Defendants made clear on Friday and in their Opposition (ECF No. 616 at 1:17-18; 3:4-5), Defendants do not intend to argue or even suggest that Plaintiff's experts should not have used actual option transaction prices.  Rather, Defendants simply intend to test the assertion by Plaintiff's experts that the "market noise" is minimal and their methodology remains sound despite not making

adjustments for microeconomic issues, such as the bid/offer spread.  That is certainly fair ground for cross examination, even if it is not a sufficient basis to preclude the testimony altogether under *Daubert*.  In fact, the Court itself has repeatedly stated—including in denying Defendants' request for a renewed *Daubert* motion—that Defendants will be "free to cross-examine" Plaintiff's experts about their changes, especially when they were curable.  1/4/2023 Tr. at 62:2-3 ("You're certainly free to cross-examine."); 1/13/2023 Tr. at 174:19-175:1 ("There are certainly a lot to talk about, certainly many grounds for cross-examination, grounds for questioning the methodology here. . . And so I'm going to leave it to the lawyers and their dueling experts to -- to battle it out."); 1/27/2023 Tr. at 1525:3-6 ("THE COURT: All right. Then I will say that that would be a proper basis of cross examination and impeachment, but a general approach that you cannot -- there is no inherent way of using actual numbers. That would be a problem."); *Id.* at 1525:20-23 ("THE COURT: So to be clear, I'm going to allow cross examination on the methodology and on problems that essentially that the Defendants say could have been done but weren't done here…").

      Although Defendants believe they would ordinarily be well be within their right to do so, they will not even question Plaintiff's experts about the reasons they made changes to their methodology.[1]  But it is hornbook law and standard practice that Defendants should be entitled to cross-examine Plaintiffs' experts about their prior methodology and what Defendants' believe were curable flaws in the current one.  *See In re TMI Litig.,* 193 F.3d 613, 687 (3d Cir. 1999), amended, 199 F.3d 158 (3d Cir. 2000) ("If Shevchenko's methodology did change to meet *Daubert* challenges, those changes strike at the heart of Shevchenko's credibility as a witness and the weight to be afforded his testimony."); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2014 U.S. Dist. LEXIS 24506, at *58 (N.D. Ca. Feb. 25, 2014) ("[T]he past methodologies of Apple's experts are highly probative impeachment evidence that a fact-finder will consider in assessing the weight a fact-finder may choose to give the experts in the instant litigation."); *Harris v. Steelweld Equip. Co.*, 869 F.2d 396, 404 (8th Cir. 1989), holding modified by *Rush v. Smith*, 56 F.3d 918 (8th Cir. 1995) ("The cross-examination as to Mr. Kutchback's prior opinions and the consequences thereof are clearly relevant

---

[1] This should obviously apply both ways.  Plaintiffs' experts should not be allowed to reference such reasons either.

to show credibility and/or bias."); *Crouch v. Honeywell Int'l, Inc.*, 2015 WL 13547448, at *3 (W.D. Ky. Nov. 19, 2015) (accord); *Meharg v. I-Flow Corp.*, 2009 WL 3032327, at *6 (S.D. Ind. Sept. 18, 2009) (accord).

Denying Defendants the opportunity to examine Plaintiff's experts on their prior opinions would be plain error and highly prejudicial. *See U.S. v. Tory*, 52 F.3d 207, 210 (9th Cir. 1995) (reversing because, among other things, the trial court improperly excluded evidence of prior inconsistent statements); *cf. In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008) (holding that the district court did not abuse its discretion in permitting defendants to cross-examine plaintiff's expert with testimony given in a previous bellwether trial where the expert changed his analysis before the next trial); *U.S. v. Segundo-Orellana*, 541 F. App'x 751, 754 (9th Cir. 2013) ("The prosecutor's cross-examination of the defense expert regarding his testimony in a prior lawsuit was probative of the expert's character for truthfulness and thus appropriate …."). The Court itself acknowledged Defendants' right to question Plaintiff's experts about how their methodology changed and why the resulting damage numbers are so different when it granted Defendants' request for a one hour deposition of Dr. Hartzmark. 1/4/2023 Tr. at 62:2-3. Plaintiffs' motion *in limine* should be denied as untimely, unwarranted, and meritless.

DATED: January 29, 2023           Respectfully submitted,

                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                  By: */s/ Alex Spiro*
                                      Alex Spiro (appearing *pro hac vice*)

                                      *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*