*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Michael Hartzmark | 8 | Already admitted. | | |
| Michael Hartzmark | 12 | Already admitted. | | |
| Michael Hartzmark | 13 | Already admitted. | | |
| Michael Hartzmark | 15 | Already admitted. | | |
| Michael Hartzmark | 17 | Already admitted. | | |
| Michael Hartzmark | 23 | Already admitted. | | |
| Michael Hartzmark | 26 | **This exhibit has not been admitted into evidence.  Dr. Hartzmark lacks the requisite personal knowledge to lay any foundation for any document not already in evidence.**  Fed. R. Evid. 401, 402, 403, 602. | Exhibit 26 is a press release issued by the Board of Directors on August 8, 2018. Exhibit 26 is the same press release as Exhibit 130 which has already been admitted into evidence. As these are the same exact press releases, Defendants' objections should be overruled. To the extent the Court does not allow Exhibit 26 into evidence, Plaintiff will use Exhibit 130. | O |
| Michael Hartzmark | 33 | See objection to Hartzmark exhibit 26. | Exhibit 33 is an August 8, 2018 analyst report discussing the August 7, 2018 tweets. The Court has repeatedly held analyst reports from the class period are relevant and not prejudicial. ECF No. 506-1; 1/18 Tr. 286-87 (noting that analyst reports during the class period and in close proximity to the class period are relevant and admissible).

There is also adequate foundation and the documents are admissible under 703. This is a self-authenticating analyst report under FRE 902(6). The | O |

<u>*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)</u>
<u>Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023</u>

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | report is referenced in Dr. Hartzmark's report and he will testify that he "has been made aware of or personally observed" the report. FRE 703. Additionally, Dr. Hartzmark will testify that "experts in the particular field would reasonably rely" on these "kind of facts or data in forming an opinion on the subject." FRE 703. On January 18, 2023, the Court indicated that what expert witnesses "say they relied upon is, itself, those items are not ***automatically*** admitted. They are not evidence until they are ***independently*** admitted, ***unless*** there is a special motion to admit those, for instance, under 703." 1/18 Tr. 287:8-10 (emphasis added). Plaintiff hereby moves under 703 that this analyst report, issued during the Class Period, should be admitted under 703 as its "probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FRE 703. Here, one of the main issues remaining is whether the August 7, 2018 tweets were material. The effect of Mr. Musk's tweets on the analyst goes directly to what a reasonable investor would consider material, as the analyst is a proxy for the market. Therefore, the probative value of the analyst reports will undoubtedly help the jury understand Dr. Hartzmark's opinion regarding the materiality of the tweets, especially since he relied on these documents in forming his opinion. Further, given the importance of materiality and the market's perception of the tweets, the prejudicial effect of the analyst reports is slim, as they are statements by the market made during the Class Period. Plaintiff will also "independently" seek to admit each analyst report | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | that Dr. Hartzmark reviews on his direct under FRE 703. 1/18 Tr. 287:8-10. | |
| Michael Hartzmark | 53 | Already admitted. | | |
| Michael Hartzmark | 58 | Already admitted. | | |
| Michael Hartzmark | 150 | Already admitted. | | |
| Michael Hartzmark | 151 | Already admitted. | | |
| Michael Hartzmark | 171 | Already admitted. | | Redacted version per Court order. |
| Michael Hartzmark | 322 | See objection to Hartzmark exhibit 26. | Exhibit 225 and 322 are both copies of the Financial Times article dated August 7, 2018 that has been presented and requested to be moved into evidence. Plaintiff will meet and confer with Defendants about which Financial Times Article has been admitted, if any.\n\n*See* Exhibit 33 response. | O |
| Michael Hartzmark | 337 | Already admitted. | | |
| Michael Hartzmark | 338 | See objection to Hartzmark exhibit 26. | This is an August 11, 2018 news article published by Reuters. It is self-authenticating, relevant, and admissible under 702. Dr. Hartzmark will set the required foundation under 702.\n\n*See* Exhibit 33 response. | O |
| Michael Hartzmark | 375 299-452 | This exhibit is an appendix to Dr. Hartzmark's expert report containing a list of articles and analyst report headlines, which are hearsay.  Fed. R. Evid. 801.  Additionally, | Appendix 14 to Dr. Hartzmark's November 10, 2021 is clearly admissible under FRE 1006. FRE 1006 provides that a "proponent may use a summary, chart or calculation to prove the content of voluminous | W |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
|  |  | numerous headlines are incomplete, contain improper opinion testimony, and are unduly prejudicial to Defendants. Fed R. Evid. 403, 701. **Indeed, certain headlines *have already been excluded by the Court* under Fed. R. Evid. 403. Dkt. 506-1 at 12 (excluding August 8 New York Times Article because "the headline is inflammatory").** Further, Dr. Hartzmark did not rely upon most of the articles contained in the appendix, did not connect them to any decline in Tesla's stock price, and does not claim that each article contains corrective information. The appendix also contains opinions and calculations conducted by Dr. Hartzmark, which are hearsay. Fed. R. Evid. 801. Further, the list is not relevant to any issue the jury must decide, will therefore confuse the jury, waste time, and cause Defendants' unfair prejudice. Fed. R. Evid. 403. Finally, Dr. Hartzmark's list is not a "summary, chart, or calculation" that is being used "to prove the content of voluminous writings, recordings, or photographs" Under Fed. R. Evid. 1006. Rather, it is inadmissible hearsay. *See, e.g., Loc. 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 189 F.3d 473 (9th Cir. 1999) (finding error to admit summary into evidence where summary contained both admissible and inadmissible hearsay). | writings, recordings, or photographs that cannot be conveniently examined in court." FRE 1006. Every article listed in the 153 pages of Appendix 14 clearly cannot be conveniently examined in court. Additionally, the headlines in Appendix 14 are not being used for the truth of the matter asserted. Rather, as indicated in Dr. Hartzmark's report, **Dr. Hartzmark's report relies on Appendix 14 to show that "the predominant news coverage over the Class Period related to the going private transaction, with approximately 70% of the article titles related in some way to the going private transaction or its funding."** Report at 31. This is clearly proper under FRE 1006.<br><br>Further, despite not being used for the truth of the matter asserted, the articles would independently be admissible as the Court has already ruled that articles and analyst reports during the class period can "be introduced to show the effect on the listener (i.e. the market)". *See Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019)(overruling hearsay objection to articles and analyst reports that were offered for the purpose of "demonstrat[ing] how the market understood and interpreted [defendant's] disclosure"); *United States v. Holmes*, No. 18-cr-00258-EJD-1, 2021 WL 2044470, at *26 (N.D. Cal. May 22, 2021) (admitting New Yorker article to show its effect on readers). Therefore, the list of headlines is proper under 1006.<br><br>Additionally, the New York Times article "Did Elon Musk Violate Securities Laws With Tweet About |  |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | Taking Tesla Private?" that the Court deemed prejudicial only appears twice in the entire 153 pages of Appendix 14. While Plaintiff is not seeking to independently admit the article, the minimal reference to the article in Appendix 14 is slim. To the extent the Court is inclined to sustain this objection due to the two references of the headline, Plaintiff is willing to redact the headline.<br><br>Further, the headlines are not inadmissible under 701, as again, they are simply being used to show that "70% of the article titles related in some way to the going private transaction or its funding." Report at 31. These documents are not being used to actually prove that Mr. Musk was taking Tesla private, committed securities fraud, or any other reason.<br><br>Additionally, the "calculations" included in Appendix 14 that shows the "voluminous writings" effect on the stock price is appropriate under 1006 and not inadmissible hearsay. Again, Plaintiff is not offering the calculations for the truth of the matter asserted, but to show the effect on listener. FRE 1006 explicitly provides that "the proponent may use a . . . calculation to prove the content of voluminous writings." Appendix 14 contains public data that relates to the date of the articles and the stock price response. This data is public information and not reasonably disputed. *Sec. & Exch. Comm'n v. Sabrdaran*, 252 F. Supp. 3d 866, 886–87 (N.D. Cal. 2017) (data about each spread bet and hedge transaction was admissible and any information added merely clarifies the information); where | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | Defendants had the "opportunity to verify the reliability and accuracy of the summary prior to trial," "they have not shown the admission of this evidence requires a new trial". *United States v. Sogbein*, No. CR 12-00054-1 JSW, 2014 WL 12691533, at *10 (N.D. Cal. May 27, 2014), *aff'd sub nom. United States v. Adebimpe*, 649 F. App'x 449 (9th Cir. 2016); *Avila v. Willits Env't Remediation Tr.*, No. C 99-3941 SI, 2009 WL 1813125, at *28 (N.D. Cal. June 18, 2009), aff'd, 633 F.3d 828 (9th Cir. 2011) ("the charts are summaries of voluminous documents"). Therefore, Defendants' case is inapplicable. *See Loc. 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 189 F.3d 473 (9th Cir. 1999) (where the party could not prove a business record, "it was error to admit [the summaries] into evidence."). <br><br> The list of class period headlines is clearly relevant to the market's reaction and perception of Mr. Musk's tweets. | |
| Michael Hartzmark | 426 | See objection to Hartzmark exhibit 26. Further, Dr. Hartzmark did not list this article as one of the news articles he relied upon. *See* Ex. 375-180-183. | This is a class period New York Times article dated August 15, 2018 titled "A Question for Tesla's Board: What Was Elon Musk's Mental State?" Defendants contend that the August 16, 2018 New York Times article the following day only decreased the market because it was about Mr. Musk's mental health. However, Defendants completely ignore that this information was disclosed the day before with no change in the stock price. **Precluding this exhibit would severely prejudice Plaintiff** and his ability to rebut Defendants' theory that the August 16, 2018 | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | article only moved the stock price because it discussed Mr. Musk's mental health.<br><br>***Importantly***, the article is referenced in Dr. Hartzmark's report, appendix 14, and ***he will testify*** that he "has been made aware of or personally observed" the article. FRE 703. Additionally, Dr. Hartzmark will testify that "experts in the particular field would reasonably rely" on these "kind of facts or data in forming an opinion on the subject." FRE 703. Therefore, this article is proper under 703.<br><br>See Exhibit 33 response re 703. | |
| Michael Hartzmark | 429 | See objection to Hartzmark exhibit 26. | This is an August 13, 2018 analyst report. It is self-authenticating, relevant, and admissible under 702. Dr. Hartzmark will set the required foundation under 702.<br><br>See Exhibit 33 response. | O |
| Michael Hartzmark | 521 | Fed. R. Evid. 403, 602, 701, 702, 801, 901; *see also* objection to Hartzmark exhibit 26.<br><br>This exhibit is a video not referenced in Dr. Hartzmark's report, which contains hearsay and is not properly authenticated. *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. | Exhibit 521 is a CNBC news report video that is not being used for the truth of the matter asserted. It is self-authenticating under 902(6) and also appropriate under 703. Dr. Hartzmark will personally testify that he was "made aware of or personally observed" the video. FRE 703. Additionally, Dr. Hartzmark will testify that "experts in the particular field would reasonably rely" on these "kind of facts or data in forming an opinion on the subject." FRE 703. Therefore, this video is proper under 703.<br><br>Additionally, Dr. Hartzmark explicitly states that he relied on this video in forming his opinion. His report indicates that he relied on all material in Appendix 6 | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | Cal. June 28, 2016) (similar).  Further, the video contains improper (and inflammatory) legal conclusions made by reporters, which the Court has already ruled are unfairly prejudicial and inadmissible.  (ECF No. 506-1 at 12 **("there are significant Rule 403 issues [to the article in question]. The headline is inflammatory and goes close to the ultimate issue in the case. To the extent that Dr. Hartzmark reviewed and relied upon the article in forming his opinions, Dr. Hartzmark may <u>describe it</u>. But the article itself <u>is inadmissible</u> under Rule 403.")**). | of his report. *See* 375-183 (indicating he relied on the articles in Appendix 6). Therefore, given the fact that the video is listed in Appendix 6 of Dr. Hartzmark's report, it is proper. *See* 375-262 (Appendix 6 that includes the CNBC Video).<br><br>Nor is it unduly prejudicial to Defendants. Plaintiff has edited this video to exclude any mention of "market manipulation" or any potential legal conclusions. It is therefore not unduly prejudicial. The reason Defendants object to this video is because the news reporter indicates that the "big number" to him is "funding secured". Given Dr. Hartzmark will testify that he relied on this video, precluding the video from evidence would severely prejudice Plaintiff. Defendants argue that Dr. Hartzmark did not disaggregate the tweets and that "Funding secured" was not material. The video is a clear market reaction to Mr. Musk's tweets and is properly admitted.<br><br>Given the video is not being used for the truth of the matter asserted, but to show the effect on listener, the video is not inadmissible hearsay.<br><br>Defendants' cases on this point are not on point and easily distinguishable. *See United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (excluding expert testimony because "the judge had doubts as to whether there was a factual basis for claiming a "false confession," and the judge determined that Dr. Ofshe's testimony would not be helpful to the jury."); *Bollore, S.A. v. A & A Smart Shopping*, No. CV 01- | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | 02766 FMC MANX, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (Dr. Hartzmark has opined about the materiality of the tweets in his report and deposition therefore admissible under *Bollore*); *R.D.C. v. Cnty. of Los Angeles, et al. Additional Party Names: Booker Waugh, Jerry Powers, Les Smith*, No. CV 14-6014 DMG (ASX), 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016)("previously undisclosed expert opinions of Janiece Turnbull relating to damages").<br><br>See also Exhibit 33 response. | |
| Michael Hartzmark | 535 | See objection to Hartzmark exhibit 26. | This is an August 27, 2018 analyst report relied on Dr. Hartzmark in forming his opinion and consequential damages. He will testify that he has seen and relied on it and that it is proper under 703. While this report is after the class period, it goes directly to Dr. Hartzmark's opinion on consequential damages and does not include any expert opinion. Rather, it shows the market's reaction to consequential reputational harm.<br><br>See Exhibit 33 response. | S. Professor Hartzmark can testify as to the bases of his opinion, including this exhibit if he relied on it, but it is not independently admissible. |
| Michael Hartzmark | 539 | See objection to Hartzmark exhibit 26. | This is an August 26, 2018 analyst report relied on Dr. Hartzmark in forming his opinion and consequential damages. He will testify that he has seen and relied on it and that it is proper under 703. While this report is after the class period, it goes directly to Dr. Hartzmark's opinion on consequential damages and does not include any expert opinion. Rather, it shows the market's reaction to consequential reputational harm. | S same as Ex. 535. |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | See Exhibit 33 response. | |
| Michael Hartzmark | 543 | See objection to Hartzmark exhibit 26. | This is an August 8, 2018 article relied on Dr. Hartzmark in forming his opinion and consequential damages. He will testify that he has seen and relied on it and that it is proper under 703.<br><br>See Exhibit 33 response. | O |
| Michael Hartzmark | 552 | See objection to Hartzmark exhibit 26. | This is an August 7, 2018 article relied on Dr. Hartzmark in forming his opinion. He will testify that he has seen and relied on it and that it is proper under 703.<br><br>See Exhibit 33 response. | O |
| Michael Hartzmark | 553 | See objection to Hartzmark exhibit 26. | This is an August 7, 2018 article relied on Dr. Hartzmark in forming his opinion. He will testify that he has seen and relied on it and that it is proper under 703.<br><br>See Exhibit 33 response. | O |
| Michael Hartzmark | 565 | See objection to Hartzmark exhibit 26. | This is an August 8, 2018 article relied on Dr. Hartzmark in forming his opinion and consequential damages. He will testify that he has seen and relied on it and that it is proper under 703.<br><br>See Exhibit 33 response. | O |
| Michael Hartzmark | 566 | See objection to Hartzmark exhibit 26. | This is an August 8, 2018 article relied on Dr. Hartzmark in forming his opinion. He will testify that he has seen and relied on it and that it is proper under 703.<br><br>See Exhibit 33 response. | O |
| Michael Hartzmark | 570 | See objection to Hartzmark exhibit 26. | This is an August 8, 2018 article relied on Dr. Hartzmark in forming his opinion. He will testify that | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|----------------------|--------|
| | | | he has seen and relied on it and that it is proper under 703.  See Exhibit 33 response. | |
| Michael Hartzmark | 572 | See objection to Hartzmark exhibit 26. | This is an August 9, 2018 article relied on Dr. Hartzmark in forming his opinion and consequential damages. He will testify that he has seen and relied on it and that it is proper under 703.  See Exhibit 33 response. | O |
| Michael Hartzmark | 594 | See objection to Hartzmark exhibit 26. | This is an August 13, 2018 analyst report relied on Dr. Hartzmark in forming his opinion and consequential damages. He will testify that he has seen and relied on it and that it is proper under 703.  See Exhibit 33 response. | O |
| Michael Hartzmark | 595 | See objection to Hartzmark exhibit 26. | This is an August 27, 2018 analyst report relied on Dr. Hartzmark in forming his opinion and consequential damages. He will testify that he has seen and relied on it and that it is proper under 703. While this report is after the class period, it goes directly to Dr. Hartzmark's opinion on consequential damages and does not include any expert opinion. Rather, it shows the market's reaction to consequential reputational harm.  See Exhibit 33 response. | S.  Same as 535. |
| .Michael Hartzmark | 651 | See objection to Hartzmark exhibit 26. Further, this exhibit is an email with an analyst report, containing imbedded hearsay and lacking proper authentication.  Fed. R. Evid. 403, 801.  The analyst report is also an improper lay opinion. Fed. R. Evid. 701. | Exhibit 651 is an email that contains an August 9, 2018 analyst report that Dr. Hartzmark explicitly relied upon. His report indicates that he relied on all material in Appendix 6 of his report. *See* 375-183 (indicating he relied on the articles in Appendix 6). Therefore, given the fact that the video is listed in | R.  Is P only seeking to admit the report or the email as well? |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | Appendix 6 of Dr. Hartzmark's report, it is proper. *See* 375-264 (Appendix 6 that includes the August 9 analyst report).<br><br>The sole fact that the analyst report is within an email chain does not render it inadmissible hearsay as Plaintiff is not introducing it for the truth of the matter asserted. Nor is Plaintiff relying on the analyst report for its purported "opinion".<br><br>Rather, this analyst report is proper under 703.<br><br>See Exhibit 33 response. | |
| Michael Hartzmark | 671 | See objection to Hartzmark exhibit 26. Further, this exhibit is an article not referenced in Dr. Hartzmark's report, which contains hearsay and is not properly authenticated.  Fed. R. Evid. 403, 602, 701, 702, 801, 901; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | Withdrawn. | W |
| Michael Hartzmark | 672 | See objection to Hartzmark exhibit 26. | This is an August 7, 2018 article relied on Dr. Hartzmark in forming his opinion. He will testify that he has seen and relied on it and that it is proper under 703. | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | See Exhibit 33 response. | |
| Michael Hartzmark | 673 | See objection to Hartzmark exhibit 26. | Withdrawn but reserved for redirect. | W |
| Michael Hartzmark | 674 | See objection to Hartzmark exhibit 26. Further, this exhibit is an article not referenced in Dr. Hartzmark's report, which contains hearsay and is not properly authenticated.  Fed. R. Evid. 403, 602, 701, 702, 801, 901; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | Withdrawn but reserved for redirect. | W |
| Michael Hartzmark | 675 | See objection to Hartzmark exhibit 26. Further, this exhibit is a letter not referenced in Dr. Hartzmark's report, which contains hearsay and is not properly authenticated. Fed. R. Evid. 403, 602, 701, 702, 801, 901; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | Withdrawn but reserved for redirect. | W |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Michael Hartzmark | 676 | Defendants do not object to the extent that Dr. Hartzmark's resume is used on direct or shown as a demonstrative, but it may not be admitted as evidence. Fed. R. Evid. 103(d). | The Court has already held that it is appropriate to admit CVs into evidence if they are adopted by the witness during testimony. ECF No. 606-1 ("O (if adopted by witness during testimony)"). This is Doctor Hartzmark's C.V., as initially annexed to his report exchanged in discovery. Plaintiff does *not* seek to introduce the entire report but only the attached C.V. | O if Professor Hartzmark incorporates the CV into his testimony. |
| Michael Hartzmark | 721 | See objection to Hartzmark exhibit 26. | This is an August 7, 2018 analyst report relied on Dr. Hartzmark in forming his opinion. He will testify that he has seen and relied on it and that it is proper under 703.<br><br>See Exhibit 33 response. | O |
| Michael Hartzmark | 728 | See objection to Hartzmark exhibit 26. | This is an August 8, 2018 analyst report relied on Dr. Hartzmark in forming his opinion. He will testify that he has seen and relied on it and that it is proper under 703.<br><br>See Exhibit 33 response. | O |
| Michael Hartzmark | 763 | See objection to Hartzmark exhibit 26. | This is an August 12, 2018 article relied on Dr. Hartzmark in forming his opinion. He will testify that he has seen and relied on it and that it is proper under 703.<br><br>See Exhibit 33 response. | O |
| Michael Hartzmark | Slide 1 | This slide shows a document not in evidence, which Plaintiff may not show to the jury until such exhibit has been admitted. Fed. R. Evid. 103(d). | Slide 1 contains an analyst report discussing the August 7, 2018 tweets. The Court has repeatedly held analyst reports from the class period are relevant and not prejudicial. ECF No. 506-1; 1/18 Tr. 286-87 (noting that analyst reports during the class period and in close proximity to the class period are relevant and admissible). | Slides can be shown as demonstratives. Only slides with numerical tables and charts may be |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | There is also adequate foundation for the slide and the documents are admissible under 703. This is a self-authenticating analyst report under FRE 902(6). The report is referenced in Dr. Hartzmark's report and he will testify that he "has been made aware of or personally observed" the report. FRE 703. Additionally, Dr. Hartzmark will testify that "experts in the particular field would reasonably rely" on these "kind of facts or data in forming an opinion on the subject." FRE 703. On January 18, 2023, the Court indicated that what expert witnesses "say they relied upon is, itself, those items are not ***automatically*** admitted. They are not evidence until they are ***independently*** admitted, ***unless*** there is a special motion to admit those, for instance, under 703." 1/18 Tr. 287:8-10 (emphasis added). Plaintiff hereby moves under 703 that this analyst report, issued during the Class Period, should be admitted under 703 as its "probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FRE 703. Here, one of the main issues remaining is whether the August 7, 2018 tweets were material. The effect of Mr. Musk's tweets on the analyst goes directly to what a reasonable investor would consider material, as the analyst is a proxy for the market. Therefore, the probative value of the analyst reports will undoubtedly help the jury understand Dr. Hartzmark's opinion regarding the materiality of the tweets, especially since he relied on these documents in forming his opinion. Further, given the importance of materiality and the market's perception of the | admitted if incorporated by reference into expert's testimony. Other slide with narrative and argument will not be admitted. |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | tweets, the prejudicial effect of the analyst reports is slim, as they are statements by the market made during the Class Period. Plaintiff will also "independently" seek to admit each analyst report that Dr. Hartzmark reviews on his direct under FRE 703. 1/18 Tr. 287:8-10. | |
| Michael Hartzmark | Slide 2 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slide 1. | R |
| Michael Hartzmark | Slide 3 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slide 1. | R |
| Michael Hartzmark | Slide 4 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slide 1. | R |
| Michael Hartzmark | Slide 5 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slide 1. | R |
| Michael Hartzmark | Slide 6 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slide 1. | R |
| Michael Hartzmark | Slide 7 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slide 1. | R |
| Michael Hartzmark | Slide 8 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slide 1. | R |
| Michael Hartzmark | Slide 9 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slide 1. | R |
| Michael Hartzmark | Slide 10 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slide 1. | R |
| Michael Hartzmark | Slide 11 | This is a summary/chart/calculation shown to prove the content of Dr. Hartzmark's report. It may not be shown to the jury absent a proper foundation establishing that the information shown is what Plaintiff purports it to be. Fed. R. Evid. 103, 1006. To the extent a proper foundation is laid, this demonstrative is not evidence, cannot be | The table in Slide 11 is a summary chart, which provides the contents of voluminous calculations that cannot be conveniently presented in court. Dr. Hartzmark will testify that he has personal knowledge of the summary chart, the data upon which relied, and the calculation he performed to generate this slide. Therefore, it qualifies as an illustrative exhibit pursuant to Fed. R. Evid. 1006. Plaintiff disclosed the underlying data to Defendants | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | admitted as an exhibit, and cannot be provided to the jury. | in November 2021. *Cf. Siquerios v. General Motors, LLC,* 16-cv-07244-EMC September 19, 2022 Tr. at 374:13-21 ("If the underlying data has been produced and is voluminous, unless there's some indication of unreliability, that normally fits a 1006. The fact that it's not been -- you know, if this is a surprise, I'm not sure how much of that's is going to -- that's what I'm going to want to hear about.")<br><br>Defendants do not dispute that the underlying materials are admissible and do not argue that they were not disclosed. Courts in the 9th Circuit regularly admit similar illustrative exhibits. *see United States v. Rizk,* 660 F.3d 1125, 1130 (9th Cir. 2011) ("[T]he district court did not abuse its discretion in admitting the government's summary charts under Rule 1006. The underlying materials for the charts were standard real estate records that were both admissible in evidence and made available to Rizk for inspection."); *United States v. Stefani,* 338 F. App'x 579, 580-81 (9th Cir. 2009) (Trial court did not abuse discretion by admitting evidence relying on charts and summarizing data); *In re Oracle Corp. Sec. Litig.,* 2009 WL 1709050, at *6, n 9 (N.D. Cal. June 19, 2009) *aff'd sub nom. In re Oracle Corp. Sec. Litig.,* 627 F.3d 376 (9th Cir. 2010) (Chart containing summary of forecasts and analyst projections was a proper summary of voluminous evidence under Fed. R. Evid. 1006); *Sec. & Exch. Comm'n v. Sabrdaran,* 252 F. Supp 3d. 866, 886-87 (N.D. Cal 2017) ("[T]he underlying [data] about each spread bet and hedge transaction was admissible as business records. | |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | The limited additional information that IG Index added that was not part of the business record merely clarifies the information."). | |
| | | | This table is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| | | | For all of these reasons, it should be admitted into evidence. | |
| Michael Hartzmark | Slide 12 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11. | R |
| | | | This table is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays Prof. Hartzmark's testimony regarding the artificial inflation in Tesla notes. It is factual and not biased, | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| Michael Hartzmark | Slide 13 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11.

This table is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays Prof. Hartzmark's testimony regarding the calculation of total artificial inflation in Tesla notes. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | R |
| Michael Hartzmark | Slide 14 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 15 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 16 | Cumulative (Professor Heston has the same slide and the two experts should not be offering the same testimony) | Slide 16 is not cumulative because Dr. Hartzmark relies on Professor Heston's analysis. The chart contained within Slide 16 is integral to Dr. Hartzmark's opinion on damages and causation. it evidences the market's reaction to both the Financial | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | Times article and Tweets on August 7, 2018. Thus, Dr. Hartzmark will use this slide to explain his opinion on causation, a central element of Plaintiff's claims. | |
| Michael Hartzmark | Slide 17 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11 as well Plaintiff's response to Defendants' objections to the identical Prof. Heston slide. | R |
| Michael Hartzmark | Slide 18 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11

This table is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays Prof. Hartzmark's testimony regarding the Black-Scholes Merton model and implied volatilities for Tesla option contract maturity dates. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | R |
| Michael Hartzmark | Slide 19 | See objection to Hartzmark Slide 11. | Plaintiff is not introducing the contents of this slide as an Exhibit. | R |
| Michael Hartzmark | Slide 20 | Undisclosed new and unsupported opinion. Dr. Hartzmark has never considered the news on August 9th as confounding information. Fed. R. Evid. 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) | Defendants' objections to this slide as containing an undisclosed and unsupported opinion are belied by the fact that it cites the table's specific location in Dr. Hartzmark's Damages Report. *see* Table 6, p. 106. This was also discussed at his deposition. This slide | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | and related testimony are neither new nor unsupported. | |
| Michael Hartzmark | Slide 21 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 22 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 23 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.<br><br>This table is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | R |
| Michael Hartzmark | Slide 24 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11. | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | This table is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| Michael Hartzmark | Slide 25 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.<br><br>This table is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | R |
| Michael Hartzmark | Slide 26 | See objection to Hartzmark Slide 11.  Further, this slide contains hearsay not attributed to any particular speaker.  Fed. R. Evid. 801. | See response to Defendants' objection to Hartzmark Slide 11.* | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | This slide only contains a graph and does not include any quotes. | |
| Michael Hartzmark | Slide 27 | See objection to Hartzmark Slide 11.  Further, this slide contains hearsay not attributed to any particular speaker.  Fed. R. Evid. 801.  Undisclosed new and unsupported opinion.  Dr. Hartzmark has never linked any particular information to changes in implied volatility during the class period.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See response to Defendants' objection to Hartzmark Slide 11.*<br><br>Defendants' objections to this slide as containing undisclosed and unsupported opinion are belied by the fact that it cites the table's specific location in Dr. Hartzmark's Damages Report. *see* Hartzmark Damages Reports at pgs. 103, 131 n. 291, 132, 136.  This was also discussed at his deposition. This slide and related testimony are neither new nor unsupported.  The quote contained on the slide is from a Morgan Stanley report about the subject matter of this case. | R |
| Michael Hartzmark | Slide 28 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 29 | See objection to Hartzmark Slide 11.  Further, this slide contains hearsay not attributed to any particular speaker.  Fed. R. Evid. 801.  Undisclosed new and unsupported opinion.  Dr. Hartzmark has never linked any particular information to changes in implied volatility during the class period.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify | See response to Defendants' objection to Hartzmark Slide 11.*<br><br>Defendants' objections to this slide as containing an undisclosed and unsupported opinion are belied by the fact that it cites the table's specific location in Dr. Hartzmark's Damages Report. *see* Hartzmark Damages Reports at pgs. 103, 131 n. 291, 132, 136.  This was also discussed at his deposition. This slide and related testimony are neither new nor unsupported. The quote from the slide is from an analyst concerning the subject matter of this case and | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | is identified in Appendix 6 to Dr. Hartzmark's damages report. | |
| Michael Hartzmark | Slide 30 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 31 | See objection to Hartzmark Slide 11. Further, this slide contains hearsay not attributed to any particular speaker. Fed. R. Evid. 801. Undisclosed new and unsupported opinion. Dr. Hartzmark has never linked any particular information to changes in implied volatility during the class period. FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See response to Defendants' objection to Hartzmark Slide 11.*<br><br>Defendants' objections to this slide as containing an undisclosed and unsupported opinion are belied by the fact that it cites to the table's specific location in Dr. Hartzmark's Damages Report. *see* Hartzmark Damages Reports at pgs. 103, 131 n. 291, 132, 136. This was also discussed at his deposition. This slide and related testimony are neither new nor unsupported. The quotes from the slide are from analysts concerning the subject matter of this case and is identified in Appendix 6 to Dr. Hartzmark's damages report. | R |
| Michael Hartzmark | Slide 32 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 33 | See objection to Hartzmark Slide 11. Further, this slide contains hearsay not attributed to any particular speaker. Fed. R. Evid. 801. Undisclosed new and unsupported opinion. Dr. Hartzmark has never linked any particular information to changes in implied volatility during the class period. FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th | See response to Defendants' objection to Hartzmark Slide 11.*<br><br>Defendants' objections to this slide as containing an undisclosed and unsupported opinion are belied by the fact that it cites to the table's specific location in Dr. Hartzmark's Damages Report. *see* Hartzmark Damages Reports at pgs. 103, 131 n. 291, 132, 136. | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | This was also discussed at his deposition. This slide and related testimony are neither new nor unsupported. The quotes from the slide are from analysts concerning the subject matter of this case and is identified in Appendix 6 to Dr. Hartzmark's damages report. | |
| Michael Hartzmark | Slide 34 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 35 | See objection to Hartzmark Slide 11.  Further, this slide contains hearsay not attributed to any particular speaker. Fed. R. Evid. 801. Undisclosed new and unsupported opinion. Dr. Hartzmark has never linked any particular information to changes in implied volatility during the class period.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See response to Defendants' objection to Hartzmark Slide 11.*<br><br>Defendants' objections to this slide as containing an undisclosed and unsupported opinion are belied by the fact that it cites to the table's specific location in Dr. Hartzmark's Damages Report. *see* Hartzmark Damages Report, at pgs. 103, 131 n.291, 132, 136. This was also discussed at his deposition. This slide and related testimony are neither new nor unsupported. The quotes from the slide are from analysts concerning the subject matter of this case and is identified in Appendix 6 to Dr. Hartzmark's damages report. | R |
| Michael Hartzmark | Slide 36 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 37 | See objection to Hartzmark Slide 11.  Further, this slide contains hearsay not attributed to any particular speaker. Fed. R. Evid. 801. | See response to Defendants' objection to Hartzmark Slide 11.* | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | Undisclosed new and unsupported opinion. Dr. Hartzmark has never linked any particular information to changes in implied volatility during the class period.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | Defendants' objections to this slide as containing an undisclosed and unsupported opinion are belied by the fact that it cites to the table's specific location in Dr. Hartzmark's Damages Report.  *see* Hartzmark Damages Reports at pgs. 103, 131 n. 291, 132, 136 This was also discussed at his deposition. This slide and related testimony are neither new nor unsupported. The quote from the slide is from an analysts concerning the subject matter of this case and is identified in Appendix 6 to Dr. Hartzmark's damages report. | |
| Michael Hartzmark | Slide 38 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 39 | See objection to Hartzmark Slide 11.  Further, this slide contains hearsay not attributed to any particular speaker. Fed. R. Evid. 801. Undisclosed new and unsupported opinion. Dr. Hartzmark has never linked any particular information to changes in implied volatility during the class period.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See response to Defendants' objection to Hartzmark Slide 11.*<br><br>Defendants' objections to this slide as containing an undisclosed and unsupported opinion are belied by the fact that it cites to the table's specific location in Dr. Hartzmark's Damages Report. *see* Hartzmark Damages Report at pgs., 103, 131 n.291, 132, 136. This was also discussed at his deposition. This slide and related testimony are neither new nor unsupported. The quotes from the slide are from analysts concerning the subject matter of this case and is identified in Appendix 6 to Dr. Hartzmark's damages report. | R |
| Michael Hartzmark | Slide 40 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11. | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | This chart is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| Michael Hartzmark | Slide 41 | See objection to Hartzmark Slide 11.  Further, this slide contains hearsay not attributed to any particular speaker.  Fed. R. Evid. 801.  Undisclosed new and unsupported opinion.  Dr. Hartzmark has never linked any particular information to changes in implied volatility during the class period.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See response to Defendants' objection to Hartzmark Slide 11.*<br><br>Defendants' objections to this slide as containing an undisclosed and unsupported opinion are belied by the fact that it cites to the table's specific location in Dr. Hartzmark's Damages Report. *see* Hartzmark Damages Report at pgs. 103, 131 n.291, 132, 136. This was also discussed at his deposition. This slide and related testimony are neither new nor unsupported. The quotes from the slide are from analysts concerning the subject matter of this case and is identified in Appendix 6 to Dr. Hartzmark's damages report. | R |
| Michael Hartzmark | Slide 42 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Michael Hartzmark | Slide 43 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 44 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 45 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 46 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.<br><br>This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury regarding the intraday trading prices and volume of Tesla common stock during the Class Period. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | R |
| Michael Hartzmark | Slide 47 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11.<br><br>This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury regarding the minute-by-minute intraday trading prices and volume for Tesla common stock during the class period. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| Michael Hartzmark | Slide 48 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11.<br><br>This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury regarding the minute-by-minute intraday trading prices and volume for Tesla common stock during the class period. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | R |
| Michael Hartzmark | Slide 49 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11. | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury regarding the minute-by-minute intraday trading prices and volume for Tesla common stock during the class period. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| Michael Hartzmark | Slide 50 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11.<br><br>This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury regarding the minute-by-minute intraday trading prices and volume for Tesla common stock during the class period. | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| Michael Hartzmark | Slide 51 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11.<br><br>This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury regarding the minute-by-minute intraday trading prices and volume for Tesla common stock during the class period. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | R |
| Michael Hartzmark | Slide 52 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11.<br><br>This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury regarding the total artificial inflation in Tesla common stock on each day during the class period. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| Michael Hartzmark | Slide 53 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 54 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 55 | See objection to Hartzmark Slide 11. | See Plaintiff's response to Defendants' objections to Slide 11.<br><br>This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Hartzmark's testimony. It is factual and not biased, misleading, or incomplete. As an illustrative exhibit, it will be helpful to explain Prof. Hartzmark's testimony to the jury regarding direct and consequential artificial inflation in Tesla common stock during each day of the class period. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Michael Hartzmark | Slide 56 | See objection to Hartzmark Slide 11. | See response to Defendants' objection to Hartzmark Slide 11.* | R |
| Michael Hartzmark | Slide 57 | See objection to Hartzmark Slide 1.  Further, this slide excerpts a portion of the Jeffries report that Dr. Hartzmark did not rely upon in his report.  This is a new undisclosed opinion.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See response to Defendants' objection to Hartzmark Slide 1.  Defendants' objections to this slide as containing an undisclosed and unsupported opinion are belied by the fact that the analyst reports cited in this slide are listed in Appendix 2 of Dr. Hartzmark's report. | |
| Michael Hartzmark | Slide 58 | See objection to Hartzmark Slide 1.  Further, this slide excerpts a portion of the Jeffries report that Dr. Hartzmark did not rely upon in his report.  This is a new undisclosed opinion.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See response to Slides 1 and 57. | R |
| Michael Hartzmark | Slide 59 | See objection to Hartzmark Slide 1.  Further, this slide excerpts a portion of an analyst report that Dr. Hartzmark did not rely upon in | See response to Slides 1 and 57. The August 13, 2018 Morningstar Analyst Report is referenced throughout | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | his report.  This is a new undisclosed opinion.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | the report and included in Appendix 2 to Dr. Hartzmark's report. | |
| Michael Hartzmark | Slide 60 | See objection to Hartzmark Slide 1.  Further, this slide shows an article that Dr. Hartzmark did not rely upon in his report.  This is a new undisclosed opinion.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See response to Defendants' objection to Hartzmark Slides 1 and 57.<br><br>Dr. Hartzmark relied upon the August 15, 2018, New York Times Article in this slide and it is listed in Appendix 14 to his report. | R |
| Michael Hartzmark | Slide 61 | See objection to Hartzmark Slide 1.  Further, this slide shows an article that Dr. Hartzmark did not rely upon in his report.  This is a new undisclosed opinion.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify | See response to Defendants' objection to Hartzmark Slides 1 and 57.<br><br>Dr. Hartzmark relied upon the August 15, 2018, New York Times Article in this slide and it is listed in Appendixes 2, 3, 6, and 14 to his report. | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | | |
| Michael Hartzmark | Slide 62 | See objection to Hartzmark Slide 1. | See response to Defendants' objection to Hartzmark Slides 1 and 57. | R |
| Michael Hartzmark | Slide 63 | This slide shows a document that Dr. Hartzmark did not rely upon in his report. This is a new undisclosed opinion.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See response to Defendants' objection to Hartzmark Slide 1. Furthermore, the slide contains Exhibit 337, which has already been admitted into evidence. | R |
| Michael Hartzmark | Slide 64 | This slide contains an article that improperly draws the legal conclusion that the words "funding secured" "helped propel Tesla's shares higher."  To the extent the Court allows this slide, that inflammatory and false legal conclusion should be redacted.  Further, Dr. Hartzmark did not rely upon this excerpt in his report.  This is a new undisclosed opinion.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only | See response to Defendants' objection to Hartzmark Slide 1. Furthermore, the slide contains Exhibit 171, which has already been admitted into evidence.  Prior objections to Exhibit 171 have been overruled. | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | | |
| Michael Hartzmark | Slide 65 | See objection to Hartzmark Slide 63. | See response to Defendants' objection to Hartzmark Slide 1. Furthermore, the slide contains Exhibit 151, which has already been admitted into evidence. | R |
| Michael Hartzmark | Slide 66 | See objection to Hartzmark Slide 63. | See response to Defendants' objection to Hartzmark Slide 1. Furthermore, the slide contains Exhibit 150, which has already been admitted into evidence. | R |
| Michael Hartzmark | Slide 67 | See objection to Hartzmark Slide 63. | See response to Defendants' objection to Hartzmark Slide 1. Furthermore, the slide contains Exhibit 58, which has already been admitted into evidence. | R |
| Michael Hartzmark | Slide 68 | See objection to Hartzmark Slide 63. | See response to Defendants' objection to Hartzmark Slide 1. Furthermore, the slide contains Exhibit 58, which has already been admitted into evidence. | R |
| Michael Hartzmark | Slide 69 | See objection to Hartzmark Slide 63. | See response to Defendants' objection to Hartzmark Slide 1. Furthermore, the slide contains Exhibit 58, which has already been admitted into evidence. | R |
| Michael Hartzmark | Slide 70 | See objection to Hartzmark Slide 1.  This slide shows contains an article excerpt that Dr. Hartzmark did not rely upon in his report. This is a new undisclosed opinion.  FRE 702; *United States v. Deputee*, 349 F. App'x 227, 229 (9th Cir. 2009) (proper to exclude opinion not previously disclosed); *Bollore, S.A. v. A & A Smart Shopping*, 2002 WL 34699250, at *2 (C.D. Cal. June 10, 2002) (expert may testify "only to the opinions expressed in their reports or at deposition"); *R.D.C. v. Cnty. of Los Angeles*, 2016 WL 11759093, at *3 (C.D. Cal. June 28, 2016) (similar). | See Plaintiff's response to Defendants' objections to Slide 1.  Dr. Hartzmark relied upon the Evercore analyst report in this slide, and it is listed in Appendix 2 to his report. | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Michael Hartzmark | Slide 71 | See objection to Hartzmark Slide 1. | See Plaintiff's response to Defendants' objections to Slide 1.  This slide contains Exhibit 26, which is identical to Exhibit 130, which has already been admitted into evidence. | |
| Michael Hartzmark | Slide 72 | No objection. | | |
| Michael Hartzmark | Slide 73 | No objection. | | |
| Michael Hartzmark | Slide 74 | No objection. | | |
| Michael Hartzmark | Slide 75 | No objection. | | |
| Steve Heston[1] | Slide 1 | No objection to Plaintiff using this demonstrative on direct examination; however, it is not evidence, cannot be admitted as an exhibit, and cannot be provided to the jury. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11.* | O provided foundation is laid. |
| Steve Heston | Slide 2 | See objection to Heston Slide 1. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11.  This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. A graph explaining the prices of standardized at-the-money-forward straddles will be helpful to explain Prof. Heston's testimony to the jury. This illustrative | O |

---

[1] Steve Heston was an additional disclosure for Day 7, which Plaintiff disclosed on January 26, 2023 after finding out that the jury would be willing to stay late on January 27, 2023. Plaintiff is including the disclosures here for ease of the Court.

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | exhibit fairly and accurately portrays this aspect of Prof. Heston's testimony. It is factual and not biased, misleading, or incomplete. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| Steve Heston | Slide 3 | See objection to Heston Slide 1. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11.* | O |
| Steve Heston | Slide 4 | See objection to Heston Slide 1. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11.

This graph is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. A graph explaining the prices of standardized at-the-money-forward straddles will be helpful to explain Prof. Heston's testimony to the jury. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Heston's testimony. It is factual and not biased, misleading, or incomplete. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | O |
| Steve Heston | Slide 5 | See objection to Heston Slide 1. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11.* | O |
| Steve Heston | Slide 6 | See objection to Heston Slide 1. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11.* | O |
| Steve Heston | Slide 7 | See objection to Heston Slide 1. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11. | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | This chart is central to Plaintiff's damages theory, and it would be unfairly prejudicial to exclude this slide from the jury's consideration. Damages are a complex element of securities fraud cases and require such illustrations in order fully explain expert testimony and aid the jury in deciding. A chart explaining the Black-Scholes-Merton model implied volatilities will be helpful to explain Prof. Heston's testimony to the jury. This illustrative exhibit fairly and accurately portrays this aspect of Prof. Heston's testimony. It is factual and not biased, misleading, or incomplete. Furthermore, Pursuant to Fed. R. Evid 611, the Court has control over the mode of presenting evidence. | |
| Steve Heston | Slide 8 | See objection to Heston Slide 1. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11.* | O |
| Steve Heston | Slide 9 | See objection to Heston Slide 1. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11.* | O |
| Steve Heston | Slide 10 | See objection to Heston Slide 1. | See Plaintiff's response to Defendants' objections to Dr. Hartzmark's Slide 11.* | O |
| Steve Heston | 368, pgs 64-67 | See objection to Heston Slide 1. | The Court has already held that it is appropriate to admit CVs into evidence if they are adopted by the witness during testimony. ECF No. 606-1 ("O (if adopted by witness during testimony)").\n\nThis is Prof. Heston's C.V., as initially annexed to his report exchanged in discovery. Plaintiff does *not* seek to introduce the entire report but only the attached C.V. | O, provided it is incorporated by reference by witness. |
| Linda J. Rice | 8 | Already admitted. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Linda J. Rice | 9 | Already admitted. | | |
| Linda J. Rice | 10 | Already admitted. | | |
| Linda J. Rice | 11 | Already admitted. | | |
| Linda J. Rice | 12 | Already admitted. | | |
| Linda J. Rice | 13 | Already admitted. | | |
| Linda J. Rice | 26 | No objection. | | |
| Linda J. Rice | 53 | Already admitted. | | |
| Linda J. Rice | 81 | Already admitted. | | |
| Linda J. Rice | 82 | Already admitted. | | |
| Linda J. Rice | 83 | Already admitted. | | |
| Linda J. Rice | 89 | Already admitted. | | |
| Linda J. Rice | 94 | No objection. | | |
| Linda J. Rice | 96 | Already admitted. | | |
| Linda J. Rice | 101 | Already admitted. | | |
| Linda J. Rice | 102 | Already admitted. | | |
| Linda J. Rice | 103 | Already admitted. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Linda J. Rice | 121 | Already admitted. | | |
| Linda J. Rice | 129 | No objection. | | |
| Linda J. Rice | 130 | Already admitted. | | |
| Linda J. Rice | 134 | Already admitted. | | |
| Linda J. Rice | 135 | Already admitted. | | |
| Linda J. Rice | 137 | Already admitted. | | |
| Linda J. Rice | 139 | Already admitted. | | |
| Linda J. Rice | 154 | No objection. | | |
| Linda J. Rice | 164 | No objection. | | |
| Linda J. Rice | 170 | No objection. | | |
| Linda J. Rice | 171 | Already admitted. | | Redacted version per Court order. |
| Linda J. Rice | 173 | No objection. | | |
| Linda J. Rice | 184 | Fed. R. Evid. 602, 801. | This is an email to the special committee, including Linda Rice dated August 14, 2018. Ms. Rice is cced on the email and therefore has personal knowledge of its contents. Additionally, plaintiff is not using the email for the truth of the matter asserted. | R |
| Linda J. Rice | 201 | Already admitted. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Linda J. Rice | 229 | Already admitted. | | |
| Linda J. Rice | 289 | Already admitted. | | |
| Linda J. Rice | 293 | No objection. | | |
| Linda J. Rice | 294 | No objection. | | |
| Linda J. Rice | 312 | Already admitted. | | |
| Linda J. Rice | 313 | Already admitted. | | |
| Linda J. Rice | 314 | Already admitted. | | |
| Linda J. Rice | 315 | Already admitted. | | |
| Linda J. Rice | 316 | Already admitted. | | |
| Linda J. Rice | 317 | Already admitted. | | |
| Linda J. Rice | 318 | Already admitted. | | |
| Linda J. Rice | 321 | Already admitted. | | |
| Linda J. Rice | 322 | Already admitted. | | |
| Linda J. Rice | 361 | Already admitted. | | |
| Linda J. Rice | 502 | No objection. | | |
| Linda J. Rice | 519 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Linda J. Rice | 520 | No objection. | | |
| Linda J. Rice | 614 | Consistent with Judge Chen's Order, pages 2 and 3 must be removed from the exhibit.  (Tr. at 1316:22-24.) | Plaintiff will comply with the Court's order with regards to pages 2 and 3. | O, provided prior Court ruling is complied with |
| Linda J. Rice | 779 | No objection. | | |
| Linda J. Rice | 786 | No objection. | | |
| Linda J. Rice | 808 | No objection. | | |
| James Murdoch | 8 | Already admitted. | | |
| James Murdoch | 9 | Already admitted. | | |
| James Murdoch | 10 | Already admitted. | | |
| James Murdoch | 11 | Already admitted. | | |
| James Murdoch | 12 | Already admitted. | | |
| James Murdoch | 13 | Already admitted. | | |
| James Murdoch | 26 | No objection. | | |
| James Murdoch | 53 | Already admitted. | | |
| James Murdoch | 81 | Already admitted. | | |
| James Murdoch | 82 | Already admitted. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| James Murdoch | 83 | Already admitted. | | |
| James Murdoch | 89 | Already admitted. | | |
| James Murdoch | 94 | No objection. | | |
| James Murdoch | 96 | Already admitted. | | |
| James Murdoch | 101 | Already admitted. | | |
| James Murdoch | 102 | Already admitted. | | |
| James Murdoch | 103 | Already admitted. | | |
| James Murdoch | 121 | Already admitted. | | |
| James Murdoch | 126 | No objection. | | |
| James Murdoch | 129 | No objection. | | |
| James Murdoch | 130 | Already admitted. | | |
| James Murdoch | 134 | Already admitted. | | |
| James Murdoch | 135 | Already admitted. | | |
| James Murdoch | 137 | Already admitted. | | |
| James Murdoch | 139 | Already admitted. | | |
| James Murdoch | 164 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| James Murdoch | 165 | This is Mr. Musk's call log.  No objection to the extent Mr. Murdoch is questioned about his calls with Mr. Musk.  Otherwise Fed. R. Evid. 602. | Plaintiff intends to use this exhibit solely for calls between Mr. Murdoch and Mr. Musk. | O, provided exhibit is narrowed. |
| James Murdoch | 171 | Already admitted. | | Redacted version per Court order. |
| James Murdoch | 229 | Already admitted. | | |
| James Murdoch | 289 | Already admitted. | | |
| James Murdoch | 312 | Already admitted. | | |
| James Murdoch | 318 | Already admitted. | | |
| James Murdoch | 321 | Already admitted. | | |
| James Murdoch | 322 | Already admitted. | | |
| James Murdoch | 361 | Already admitted. | | |
| James Murdoch | 614 | Consistent with Judge Chen's Order, pages 2 and 3 must be removed from the exhibit.  (Tr. at 1316:22-24.) | Plaintiff will comply with the Court's order with regards to pages 2 and 3. | O, provided prior Court ruling is complied with |
| James Murdoch | 786 | No objection. | | |
| Ira Ehrenpreis | 8 | Already admitted. | | |
| Ira Ehrenpreis | 9 | Already admitted. | | |
| Ira Ehrenpreis | 10 | Already admitted. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Ira Ehrenpreis | 11 | Already admitted. | | |
| Ira Ehrenpreis | 12 | Already admitted. | | |
| Ira Ehrenpreis | 13 | Already admitted. | | |
| Ira Ehrenpreis | 26 | No objection. | | |
| Ira Ehrenpreis | 53 | Already admitted. | | |
| Ira Ehrenpreis | 81 | Already admitted. | | |
| Ira Ehrenpreis | 82 | Already admitted. | | |
| Ira Ehrenpreis | 83 | Already admitted. | | |
| Ira Ehrenpreis | 89 | Already admitted. | | |
| Ira Ehrenpreis | 94 | No objection. | | |
| Ira Ehrenpreis | 96 | Already admitted. | | |
| Ira Ehrenpreis | 101 | Already admitted. | | |
| Ira Ehrenpreis | 102 | Already admitted. | | |
| Ira Ehrenpreis | 103 | Already admitted. | | |
| Ira Ehrenpreis | 121 | Already admitted. | | |
| Ira Ehrenpreis | 129 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|----------------------|--------|
| Ira Ehrenpreis | 130 | Already admitted. | | |
| Ira Ehrenpreis | 134 | Already admitted. | | |
| Ira Ehrenpreis | 135 | Already admitted. | | |
| Ira Ehrenpreis | 137 | Already admitted. | | |
| Ira Ehrenpreis | 139 | Already admitted. | | |
| Ira Ehrenpreis | 154 | No objection. | | |
| Ira Ehrenpreis | 164 | No objection. | | |
| Ira Ehrenpreis | 170 | No objection. | | |
| Ira Ehrenpreis | 171 | Already admitted. | | Redacted version per Court order. |
| Ira Ehrenpreis | 173 | No objection. | | |
| Ira Ehrenpreis | 201 | Already admitted. | | |
| Ira Ehrenpreis | 229 | Already admitted. | | |
| Ira Ehrenpreis | 289 | Already admitted. | | |
| Ira Ehrenpreis | 312 | Already admitted. | | |
| Ira Ehrenpreis | 318 | Already admitted. | | |
| Ira Ehrenpreis | 321 | Already admitted. | | |

***In re Tesla, Inc. Securities Litigation***, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Ira Ehrenpreis | 322 | Already admitted. | | |
| Ira Ehrenpreis | 361 | Already admitted. | | |
| Ira Ehrenpreis | 614 | Consistent with Judge Chen's Order, pages 2 and 3 must be removed from the exhibit. (Tr. at 1316:22-24.) | Plaintiff will comply with the Court's order with regards to pages 2 and 3. | O, provided prior court ruling is complied with |
| Ira Ehrenpreis | 786 | No objection. | | |
| Kimbal Musk | 8 | Already admitted. | | |
| Kimbal Musk | 9 | Already admitted. | | |
| Kimbal Musk | 10 | Already admitted. | | |
| Kimbal Musk | 11 | Already admitted. | | |
| Kimbal Musk | 12 | Already admitted. | | |
| Kimbal Musk | 13 | Already admitted. | | |
| Kimbal Musk | 26 | No objection. | | |
| Kimbal Musk | 53 | Already admitted. | | |
| Kimbal Musk | 81 | Already admitted. | | |
| Kimbal Musk | 82 | Already admitted. | | |
| Kimbal Musk | 83 | Already admitted. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Kimbal Musk | 89 | Already admitted. | | |
| Kimbal Musk | 94 | No objection. | | |
| Kimbal Musk | 96 | Already admitted. | | |
| Kimbal Musk | 101 | Already admitted. | | |
| Kimbal Musk | 102 | Already admitted. | | |
| Kimbal Musk | 103 | Already admitted. | | |
| Kimbal Musk | 121 | Already admitted. | | |
| Kimbal Musk | 129 | No objection. | | |
| Kimbal Musk | 130 | Already admitted. | | |
| Kimbal Musk | 134 | Already admitted. | | |
| Kimbal Musk | 135 | Already admitted. | | |
| Kimbal Musk | 137 | Already admitted. | | |
| Kimbal Musk | 139 | Already admitted. | | |
| Kimbal Musk | 154 | No objection. | | |
| Kimbal Musk | 164 | No objection. | | |
| Kimbal Musk | 165 | This is Elon Musk's call log.  No objection to the extent Kimbal Musk is questioned about | Plaintiff intends to use this exhibit solely for calls between Mr. Murdoch and Mr. Musk. | O, provided proper |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | his calls with Elon Musk.  Otherwise Fed. R. Evid. 602. | | redactions are made. |
| Kimbal Musk | 170 | No objection. | | |
| Kimbal Musk | 171 | Already admitted. | | Redacted version per Court order. |
| Kimbal Musk | 173 | No objection. | | |
| Kimbal Musk | 201 | Already admitted. | | |
| Kimbal Musk | 229 | Already admitted. | | |
| Kimbal Musk | 289 | Already admitted. | | |
| Kimbal Musk | 312 | Already admitted. | | |
| Kimbal Musk | 318 | Already admitted. | | |
| Kimbal Musk | 321 | Already admitted. | | |
| Kimbal Musk | 322 | Already admitted. | | |
| Kimbal Musk | 361 | Already admitted. | | |
| Kimbal Musk | 614 | Consistent with Judge Chen's Order, pages 2 and 3 must be removed from the exhibit.  (Tr. at 1316:22-24.) | Plaintiff will comply with the Court's order with regards to pages 2 and 3. | |
| Kimbal Musk | 786 | No objection. | | |

**In re Tesla, Inc. Securities Litigation, Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Witness and Exhibit List for Day 8 - January 31, 2023**

\* Plaintiff intends to introduce the following slides from Dr. Hartzmark as illustrative exhibits: 11, 12, 13, 18, 23, 24, 25, 40, 46, 47, 48, 49, 50, 51, 52, and 55.

Plaintiff intends to introduce the following slides from Prof. Heston as illustrative exhibits: 2, 4, and 7.