*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Michael Hartzmark | 8 | No objection | N/A | |
| Michael Hartzmark | 11 | No objection | N/A | |
| Michael Hartzmark | 12 | No objection | N/A | |
| Michael Hartzmark | 13 | No objection | N/A | |
| Michael Hartzmark | 23 | No objection | N/A | |
| Michael Hartzmark | 27 | No objection | N/A | |
| Michael Hartzmark | 33 | No objection | N/A | |
| Michael Hartzmark | 53 | No objection | N/A | |
| Michael Hartzmark | 171 | No objection | N/A | Redacted per Court's oral ruling |
| Michael Hartzmark | 332 | No objection | N/A | |
| Michael Hartzmark | 361 | No objection | N/A | |
| Michael Hartzmark | 552 | No objection | N/A | |
| Michael Hartzmark | 575 | No objection | N/A | |
| Michael Hartzmark | 623 | No objection | N/A | |
| Michael Hartzmark | 632 | No objection | N/A | |

1

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Michael Hartzmark | 641 | No objection | N/A | |
| Michael Hartzmark | 720 | No objection | N/A | |
| Michael Hartzmark | 722 | No objection | N/A | |
| Michael Hartzmark | 1003 | No objection | N/A | |
| Michael Hartzmark | 1004 | No objection | N/A | |
| Michael Hartzmark | 1005 | No objection | N/A | |
| Michael Hartzmark | 1006 | No objection | N/A | |
| Michael Hartzmark | 1007 | No objection | N/A | |
| Michael Hartzmark | 1008 | No objection | N/A | |
| Michael Hartzmark | Dem. 1 | FRE 401, 402, 403, 602, 801. Plaintiff objects to Slides 1 through 5 in Defendants' Demonstrative No. 1 because they are not evidence and therefore cannot be admitted into evidence and provided to the jury. Plaintiff further objects to Slides 2 through 4 as to their prejudicial titles. Plaintiff objects to Slide 1 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide presents evidence on Plaintiff's initial option damages methodology and has no probative value concerning the damages methodology Plaintiff will present to the jury. Plaintiff | Defendants do not intend to seek the admission of "Dem. 1" into evidence. Slide 1: Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion *in Limine* and ruling that Plaintiff's experts may be cross-examined on their different methodologies. *See* ECF No. 634. In any event, Slide 1 does not argue anything. It is simply an unaltered image of Table 3 from Dr. Hartzmark's opening report.<br><br>Slide 2: This slide accurately represents the results of Dr. Hartzmark's methodology. Dr. Hartzmark himself admitted that "it is | O |

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | further objects to Slide 1 as improper as it argues that there is no inherent way of using actual numbers. *see* Tr. 1/27 at 230:18-231:2, 234:3-6.  Plaintiff further objects to this slide for the reasons stated in Plaintiff's Emergency Motion *In Limine* regarding Option Damages. *see* Dkt. No. 611.  Defendants should be precluded from discrediting or impeaching Plaintiff's experts for relying on actual market prices, given that their decision to do so was driven by Defendants' objections in the first place. *see* Dkt. No. 611. Plaintiff objects to Slide 2 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide is also unfairly prejudicial because it intentionally misrepresents Dr. Hartzmark's methodology.  Plaintiff further objects to Slide 2 because it was prepared by Defendants' counsel and neither Dr. Hartzmark nor Prof. Heston have knowledge of the assumptions used to create this table. They will not be able to evaluate the assumptions that went into creating Slide 2 during their testimony at trial. Plaintiff further objects to this slide as unfairly prejudicial because it does not accurately apply the mathematical calculation of taking actual transaction price less the but for price for that option, calculated using a but for stock price of 312.90 and the implied vol for the August 31, 2018, expiry as represented by Dr. Hartzmark in Table 6. | possible that the model results could move inflation or deflation higher than the transaction prices due to microstructure effect." Hartzmark Tr. Vol II at 444:9-11; *see also id.* at 444:22-445:12 (Q. "You -- are you aware that, if one calculated damages to Tesla option holders using the last traded price on each day of the Class Period, that would in some cases result in damages greater than what the investor actually bought the option for?  . . . A. The last -- well, first of all, the last traded price, you know, could take place, you know, at -- I don't know, 10 o'clock in the morning.  It's not clear -- they're different times, but as I said, you know, again, at 2:27, in fact, I note that there could be such a situation and there could be a cap in damages as described by the PSLRA, if it were appropriate.").  The figures in the Slide are taken directly from Dr. Hartzmark's report and supporting data, and are 100% accurate.  Indeed, that Plaintiff understands the calculation is proven by the fact he takes issue with it.  If Plaintiff's experts take issue with the calculation, they can explain that to the jury.  That is the purpose of cross-examination. Defendants will nonetheless replace the word "Absurd" with "Nonsensical."<br><br>Slide 3:  Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion *in Limine* and ruling that Plaintiff's | |

3

***In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | Plaintiff further objects to this slide as unfairly prejudicial because it incorrectly presents the amount of inflation. In the second row, the "inflation" is not "$16.92." If Defendants used the data from the Table in Appendix 8(a) of Dr. Hartzmark's Supplemental Report instead of whatever they concocted, they would have found that the but-for option value of $0.83 is used, which yields "inflation" in the amount of "$14.77." Defendants have intentionally misrepresented the data to support the erroneously inflammatory conclusion they present in the slides' title and therefore it should be excluded. Plaintiff objects to Slide 3 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. Plaintiff further objects to this slide as improper as it argues that there is no inherent way of using actual numbers. *see* Tr. 1/27 at 230:18-231:2, 234:3-6. Plaintiff further objects to this slide for the reasons stated in Plaintiff's Emergency Motion *In Limine* regarding Option Damages. *see* Dkt. No. 611. Defendants should be precluding from discrediting or impeaching Plaintiff's experts for relying on actual market prices, given that their decision to do so was driven by Defendants' objections in the first place. *see* Dkt. No. 611. Plaintiff further objects to Slide 3 as it includes data from Plaintiff's initial option damages methodology, which has no | experts may be cross-examined on their different methodologies. *See* ECF No. 634. This Slide simply compares Dr. Hartzmark's estimates of inflation and deflation as between his original and supplemental report, which the Court has ruled is appropriate cross-examination.<br><br>Slide 4: Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion *in Limine* and ruling that Plaintiff's experts may be cross-examined on their different methodologies. *See* ECF No. 634. This Slide simply compares Dr. Hartzmark's estimates of inflation and deflation as between his original and supplemental report, which the Court has ruled is appropriate cross-examination. Moreover, as indicated on the Slide itself, the numbers are taken directly from Dr. Hartzmark's reports, so the notion that Plaintiff's experts will not be able to address is simply not credible.<br><br>Slide 5: Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion *in Limine* and ruling that Plaintiff's experts may be cross-examined on their different methodologies. *See* ECF No. 634. Moreover, there is nothing misleading about the Slide. Dr. Hartzmark has stated that there should be no inflation in option prices before the Class Period. *See, e.g.,* Hartzmark Class Cert. Rpt. at 75, ¶ 162 ("For any | |

4

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | probative value concerning the damages methodology Plaintiff will present to the jury. Introducing this demonstrative and related questioning on this will unfairly prejudice Plaintiff, mislead the jury, waste time, and cause undue delay. Plaintiff objects to Slide 4 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide is also unfairly prejudicial because it intentionally misrepresents Dr. Hartzmark's methodology.  Plaintiff further objects to Slide 4 because it was prepared by Defendants' counsel and neither Dr. Hartzmark nor Prof. Heston have knowledge of the assumptions used to create this table. They will not be able to evaluate the assumptions that went into creating Slide 4 during their testimony at trial. Plaintiff further objects to Slide 4 as improper as it argues that there is no inherent way of using actual numbers. *see* Tr. 1/27 at 230:18-231:2, 234:3-6.  Plaintiff further objects to this slide for the reasons stated in Plaintiff's Emergency Motion *In Limine* regarding Option Damages. *see* Dkt. No. 611.  Defendants should be precluded from discrediting or impeaching Plaintiff's experts for relying on actual market prices, given that their decision to do so was driven by Defendants' objections in the first place. *see* Dkt. No. 611. Plaintiff further objects to Slide 4 as it includes data from Plaintiff's initial option damages | transaction (e.g., a short sale) prior to the start of the Class Period the level of artificiality in prices is zero."). Yet, applying his methodology prior to the Class Period, we in fact *do see inflation*.  The Slide merely reproduces an exhibit to Professor Seru's supplemental report, which Plaintiff has had for over two weeks, along with the back-up materials.  While Plaintiff may wish to hide from this line of questioning, the notion that Plaintiff's experts will be unable to respond is not credible. | |

5

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | methodology, which has no probative value concerning the damages methodology Plaintiff will present to the jury. Introducing this demonstrative and related questioning on this will unfairly prejudice Plaintiff, mislead the jury, waste time, and cause undue delay. Plaintiff objects to Slide 5 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide is also unfairly prejudicial because it intentionally misrepresents Dr. Hartzmark's methodology. Neither Dr. Hartzmark nor Prof. Heston have suggested that there is any inflation or deflation present in the prices of Tesla stock options prior to 12:48 pm Eastern on August 7, 2018. Plaintiff further objects to Slide 5 because it is an exhibit to Prof. Seru's late disclosed supplemental report and neither Dr. Hartzmark nor Prof. Heston have knowledge of the assumptions used to create this table. Prof. Seru's supplemental report should be excluded pursuant to F.R.C.P. 26 and 37. Accordingly, Plaintiff's experts will not be able to evaluate the assumptions that went into creating Slide 5 during their testimony at trial. | | |
| Michael Hartzmark | Dem. 2 | FRE 401, 402, 403, 602, 801. Plaintiff objects to Demonstrative No. 2 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide | Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion *in Limine* and ruling that Plaintiff's experts may be cross-examined on their different methodologies. *See* ECF No. 634. While | O in part. S as to portion based on withdrawn |

6

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | is also unfairly prejudicial because it intentionally misrepresents Dr. Hartzmark's methodology.  Plaintiff further objects to Demonstrate No. 2 because it is an exhibit to Prof. Seru's late disclosed supplemental report and neither Dr. Hartzmark nor Prof. Heston have knowledge of the assumptions used to create this table. Prof. Seru's supplemental report should be excluded pursuant to F.R.C.P. 26 and 37.  Accordingly, Plaintiff's experts will not be able to evaluate the assumptions that went into creating Demonstrative No. 2 during their testimony at trial.  Plaintiff further objects to this slide for the reasons stated in Plaintiff's Emergency Motion *In Limine* regarding Option Damages. *see* Dkt. No. 611.  Defendants should be precluded from discrediting or impeaching Plaintiff's experts for relying on actual market prices, given that their decision to do so was driven by Defendants' objections in the first place. *see* Dkt. No. 611. Plaintiff further objects to the demonstrative as unfairly prejudicial it utilizes a "second methodology," which has not been proffered by any expert in this case. *see* 1/27/23 Tr. at 235:6-236:6. This slide and related questioning have no probative value and will confuse the issues, mislead the jury, waste time, and cause undue delay. | Plaintiff claims the demonstrative "misrepresents Dr. Hartzmark's methodology," he fails to explain how.  The reason is simple: it does not.  The Slide merely reproduces an exhibit to Professor Seru's supplemental report, which Plaintiff has had for over two weeks, along with the back-up materials.  While Plaintiff may wish to hide from questions about Plaintiff's experts' different methodologies, the notion that Plaintiff's experts will be unable to respond is not credible. | verdict form. |
| Michael Hartzmark | Dem. 3 | FRE 401, 402, 403, 602, 801. Plaintiff objects to Demonstrative No. 3 and related questioning as unfairly prejudicial because it | Demonstrative 3 replicates a demonstrative disclosed by Plaintiff but shows how using the implied volatility of a different option | O |

7

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | will confuse the issues, mislead the jury, waste time, and cause undue delay. Demonstrative No. 3 intentionally misrepresents Dr. Hartzmark's methodology and, in fact, does not represent any methodology proposed by any expert in this case. Dr. Hartzmark utilized the implied volatility from January 2020 Tesla stock options in determining direct and consequential damages. Prof. Seru in his report only discussed implied volatilities from the June 2019, August 2019, and January 2020 options. No expert has proposed using the implied volatilities from January 2019 stock options as portrayed on this slide. Its representation of the use of another implied volatility and application of a different allocation of direct versus consequential damages is novel and has not been previously disclosed in any expert report. Plaintiff further objects to this demonstrative because it was created by Defendants' counsel and neither Dr. Hartzmark nor Prof. Heston have knowledge of the assumptions they used to create this chart. Plaintiff's experts will not be able to evaluate the assumptions that went into creating this chart during their testimony at trial. | would lead to different results. It simply replaces one line with another. Defendants do not intend to represent that Dr. Hartzmark prepared the demonstrative or endorses it so there can be no risk of misleading the jury. Moreover, the notion that the information contained in the slide was not disclosed is false. All the numbers contained in the slide were calculated by Professor Heston or Dr. Hartzmark and disclosed by them. Defendants are entitled to cross-examine Dr. Hartzmark using numbers he disclosed but apparently intends not to present to the jury. To the extent Dr. Hartzmark disagrees with Defendants' counter-factual, he will is perfectly capable of explaining that to then jury. | |
| Michael Hartzmark | Dem. 4 | FRE 401, 402, 403, 602, 801. Plaintiff objects to each of the eight graphs contained in Demonstrative No. 4 as unfairly prejudicial as they have no probative value. In Prof. Seru's report, he only provided examples of the | Demonstrative 4 replicates demonstratives disclosed by Plaintiff but shows how using the implied volatility of a different option would lead to different results. It simply replaces one line with another. Defendants | O |

8

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | direct scalar using June and August 2019 expiry and has not opined on the January 2019 expiry, which is used throughout Demonstrative No. 4. Plaintiff further objects to this demonstrative because it was created by Defendants' counsel and neither Dr. Hartzmark nor Prof. Heston have knowledge of the assumptions they used to create this chart. Plaintiff's experts will not be able to evaluate the assumptions that went into creating this chart during their testimony at trial. Plaintiff further objects to this demonstrative as unfairly prejudicial as Defendants' experts have never proffered the January 2019 option expiry for creating a scalar calculating direct damages. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. | do not intend to represent that Dr. Hartzmark prepared the demonstrative or endorses it so there can be no risk of misleading the jury. Moreover, the notion that the information contained in the slide was not disclosed is false. All the numbers contained in the slide were calculated by Professor Heston or Dr. Hartzmark and disclosed by them. Defendants are entitled to cross-examine Dr. Hartzmark using numbers he disclosed but apparently intends not to present to the jury. To the extent Dr. Hartzmark disagrees with Defendants' counter-factual, he will is perfectly capable of explaining that to then jury. | |
| Michael Hartzmark | Dem. 5 | FRE 401, 402, 403, 602, 801. Plaintiff objects to Slides 1 through 7 in Defendants' Demonstrative No. 5 because they are not evidence and therefore cannot be admitted into evidence and provided to the jury. Plaintiff further objects to Slides 1, 2, 3, 5, and 6 as to their prejudicial titles. Plaintiff objects to Slide 1 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. Plaintiff further objects to this slide as improper as it argues that there is no inherent way of using actual numbers. *see* Tr. 1/27 at 230:18-231:2, 234:3-6. Plaintiff | Defendants do not intend to seek the admission of "Dem. 5" into evidence. There is nothing prejudicial about the titles of any of the slides. Nonetheless, Defendants will change the word "Absurd" in Slides 3 and 6 to "Nonsensical."

Slide 1: Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion *in Limine* and ruling that Plaintiff's experts may be cross-examined on their different methodologies. *See* ECF No. 634. This Slide simply compares Dr. Hartzmark's estimates of inflation and deflation as | O |

*In re Tesla, Inc. Securities Litigation,* **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | further objects to this slide for the reasons stated in Plaintiff's Emergency Motion *In Limine* regarding Option Damages. *see* Dkt. No. 611. Defendants should be precluding from discrediting or impeaching Plaintiff's experts for relying on actual market prices, given that their decision to do so was driven by Defendants' objections in the first place. *see* Dkt. No. 611. Plaintiff further objects to Slide 1 as it includes data from Plaintiff's initial option damages methodology, which has no probative value concerning the damages methodology Plaintiff will present to the jury. Introducing this demonstrative and related questioning on this will unfairly prejudice Plaintiff, mislead the jury, waste time, and cause undue delay. Plaintiff objects to Slide 2 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide is also unfairly prejudicial because it intentionally misrepresents Dr. Hartzmark's methodology. Plaintiff further objects to Slide 2 because it was prepared by Defendants' counsel and neither Dr. Hartzmark nor Prof. Heston have knowledge of the assumptions used to create this table. They will not be able to evaluate the assumptions that went into creating Slide 2 during their testimony at trial. Plaintiff further objects to this slide for the reasons stated in Plaintiff's Emergency Motion *In Limine* regarding Option Damages. *see* Dkt. | between his original and supplemental report, which the Court has ruled is appropriate cross-examination. Moreover, as indicated on the Slide itself, the numbers are taken directly from Dr. Hartzmark's reports, so the notion that Plaintiff's experts will not be able to address is simply not credible. Slide 2: Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion *in Limine* and ruling that Plaintiff's experts may be cross-examined on their different methodologies. *See* ECF No. 634. Moreover, the notion that Plaintiff's experts cannot address it is meritless. As shown on the Slide itself, the Slide merely puts in graph form numbers disclosed by Dr. Hartzmark himself. And Professor Heston was questioned about the same graph during his deposition without objection. *See* Heston Tr. Vol. II at 53:6-54:19.<br><br>Slide 3: Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion in Limine and ruling that Plaintiff's experts may be cross-examined on their different methodologies. *See* ECF No. 634. Moreover, there is nothing misleading about the Slide. Dr. Hartzmark has stated that there should be no inflation before or after the Class Period. *See*, *e.g.*,Hartzmark Class Cert. Rpt. at 75, ¶ 162 ("For any transaction (e.g., a short sale) prior to the start of the Class Period the level of artificiality in prices | |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | No. 611. Defendants should be precluded from discrediting or impeaching Plaintiff's experts for relying on actual market prices, given that their decision to do so was driven by Defendants' objections in the first place. *see* Dkt. No. 611. Plaintiff objects to Slide 3 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide is irrelevant and intentionally misleading as Plaintiff is not seeking damages outside of the class period. Furthermore, Defendants' title for the column labeled "Inflation/(Deflation)" is misleading. The data in this column represents the difference between the Black-Scholes-Merton modeled but-for price at the of August 17, 2018, and an actual transaction price based on the last traded price. The last transacted price is not synonymous with the end of the day price. Defendants have intentionally titled this column in a misleading way to support the erroneously inflammatory conclusion they present in the slide's title and therefore it should be excluded. Plaintiff objects to Slide 4 as unfairly prejudicial as Dr. Hartzmark did not perform the calculations in this illustrative example created by Prof. Heston. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. Plaintiff objects to Slide 5 as unfairly prejudicial. This slide presents evidence on Plaintiff's initial option damages | is zero."). Yet, applying his methodology prior to the Class Period, we in fact do see inflation. The Slide merely reproduces an exhibit to Professor Seru's supplemental report, which Plaintiff has had for over two weeks, along with the back-up materials. While Plaintiff may wish to hide from this line of questioning, the notion that Plaintiff's experts will be unable to respond is not credible. Indeed, Plaintiff's objection itself shows that their experts will be more than capable of explaining why they disagree with the calculation.<br><br>Slide 4: Plaintiff does not intend to use this slide with Dr. Hartzmark so the objection is moot.<br><br>Slide 5: Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion in Limine and ruling that Plaintiff's experts may be cross-examined on their different methodologies. See ECF No. 634. This Slide simply compares Professor Heston's estimates of inflation and deflation as between his original and supplemental report, which the Court has ruled is appropriate cross-examination. Moreover, as indicated on the Slide itself, the numbers are taken directly from Professor Heston's reports, so the notion that he will not be able to address is simply not credible. | |

11

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | methodology and has no probative value concerning the damages methodology that Plaintiff will present to the jury. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. Plaintiff further objects to Slide 5 as unfairly prejudicial as Dr. Hartzmark did not perform the calculations in this illustrative example created by Prof. Heston. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. Plaintiff further objects to Slide 5 as unfairly prejudicial it utilizes a "second methodology," which has not been proffered by any expert in this case. *see* 1/27/23 Tr. at 235:6-236:6. This slide and related questioning have no probative value and will confuse the issues, mislead the jury, waste time, and cause undue delay. Plaintiff objects to Slide 6 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide is also unfairly prejudicial because it intentionally misrepresents Dr. Hartzmark's methodology. Neither Dr. Hartzmark nor Prof. Heston have suggested that there is any inflation or deflation present in the prices of Tesla stock options prior to 12:48 pm Eastern on August 7, 2018. Plaintiff further objects to Slide 6 because it is an exhibit to Prof. Seru's late disclosed supplemental report and neither Dr. Hartzmark nor Prof. Heston have knowledge | Slide 6: Plaintiff's objections are moot in light of the Court's denial of his Emergency Motion in Limine and ruling that Plaintiff's experts may be cross-examined on their different methodologies. See ECF No. 634. Moreover, there is nothing misleading about the Slide. Dr. Hartzmark has stated that there should be no inflation before or after the Class Period. See, e.g.,Hartzmark Class Cert. Rpt. at 75, ¶ 162 ("For any transaction (e.g., a short sale) prior to the start of the Class Period the level of artificiality in prices is zero."). Yet, applying his methodology prior to the Class Period, we in fact do see inflation. The Slide merely reproduces an exhibit to Professor Seru's supplemental report, which Plaintiff has had for over two weeks, along with the back-up materials. While Plaintiff may wish to hide from this line of questioning, the notion that Plaintiff's experts will be unable to respond is not credible. Indeed, Plaintiff's objection itself shows that their experts will be more than capable of explaining why they disagree with the calculation. | |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | of the assumptions used to create this table. Furthermore, Prof. Seru's supplemental report should be excluded as untimely pursuant to F.R.C.P. 26 and 37. Plaintiff further objects to this slide as irrelevant and intentionally misleading because Plaintiff is not seeking damages outside of the class period. Plaintiff further objects to this slide as unfairly prejudicial because the column labeled "Inflation/(Deflation)" is intentionally misleading. The data in the column represents the difference between the Black-Scholes-Merton modeled "But-For Price" at 12:47 p.m. on August 7, 2018, and an "Actual Transaction Price." It would not be expected that a modeled price would equal an actual price and it is unclear what is the point of this demonstrative. Defendants have intentionally titled this column in a misleading way to support the erroneously inflammatory conclusion they present in the slide's title. Therefore, this slide should be excluded. Plaintiff objects to Slide 7 as unfairly prejudicial as Dr. Hartzmark did not prepare the table that was created by Prof. Heston. Questioning Dr. Hartzmark about this slide will confuse the issues, mislead the jury, waste time, and cause undue delay. | | |
| Michael Hartzmark | Ex. 375 Tables 1-15 | No objections | | |
| Michael Hartzmark | Charts 1-9 | No objections | | |

13

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Steven Heston | Dem. 1 | FRE 401, 402, 403, 602, 801. Plaintiff incorporates his above objections to Demonstrative No. 1. Plaintiff further objects to each slide in this demonstrative because they only cite Dr. Hartzmark's reports, which Prof. Heston did not prepare. Questioning Prof. Heston about the slides in Demonstrative No. 1 will confuse the issues, mislead the jury, waste time, and cause undue delay. | Defendants incorporate their responses to Plaintiff's objections to Demonstrative No. 1, above. | O provided foundation is laid. |
| Steven Heston | Dem. 2 | FRE 401, 402, 403, 602, 801. Plaintiff incorporates his above objections to Demonstrative No. 2. Plaintiff further objects to this demonstrative because it only references Dr. Hartzmark's reports, which Prof. Heston did not prepare. Questioning Prof. Heston about this demonstrative will confuse the issues, mislead the jury, waste time, and cause undue delay. | Defendants incorporate their responses to Plaintiff's objections to Demonstrative No. 2, above. | O same. |
| Steven Heston | Dem. 3 | FRE 401, 402, 403, 602, 801. Plaintiff incorporates his above objections to Demonstrative No. 3. Plaintiff further objects to this demonstrative because it only references Dr. Hartzmark's reports, which Prof. Heston did not prepare. Questioning Prof. Heston about this demonstrative will confuse the issues, mislead the jury, waste time, and cause undue delay. | Defendants incorporate their responses to Plaintiff's objections to Demonstrative No. 3, above. | O same. |
| Steven Heston | Dem. 4 | FRE 401, 402, 403, 602, 801. Plaintiff incorporates his above objections to Demonstrative No. 4. Plaintiff further objects to this demonstrative because it only references Dr. Hartzmark's reports, which | Defendants incorporate their responses to Plaintiff's objections to Demonstrative No. 4, above. | O same. |

***In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
|  |  | Prof. Heston did not prepare.  Questioning Prof. Heston about this demonstrative will confuse the issues, mislead the jury, waste time, and cause undue delay. |  |  |
| Steven Heston | Dem. 5 | FRE 401, 402, 403, 602, 801. Plaintiff incorporates his above objections to Demonstrative No. 5.  Plaintiff further objects to each slide in this demonstrative that only cites Dr. Hartzmark's reports, which Prof. Heston did not prepare.  Questioning Prof. Heston about the slides in Demonstrative No. 5 will confuse the issues, mislead the jury, waste time, and cause undue delay. With respect to Slide 2, Prof. Heston has already testified that he has no personal knowledge of the deposition exhibit contained in this slide: "I'm not sure exactly what this or how it was calculated…"  Heston Tr., Vol. II at 54:16-17.  Plaintiff objects to slide 5 as unfairly prejudicial as Defendants intentionally fail to account for the differences between the illustrative examples used in Prof. Heston's report: one is an actual transaction price at 9:33 A.M. on August 8, 2018, and the other used a revalued transaction price for the close of trading on that day.  Plaintiff objects to Slide 7 as unfairly prejudicial. Presenting evidence on Plaintiff's initial options damages methodology has no probative value concerning the damages methodology Plaintiff will present to the jury. Questioning Prof. Heston about this slide will confuse the | Defendants incorporate their responses to Plaintiff's objections to Demonstrative No. 5, above.

Slide 2:  Professor Heston has already given relevant testimony on it without objection. *See* Heston Tr. Vol II at 53:25-54:9 ("Q. These numbers are Dr. Heston's -- Dr. Hartzmark's estimates of inflation and deflation for August 8, 2016, for an option with a January 2020 expiry graphed per strike price.
 A. Well, I see two lines on there. I
 6 see an orange one which says call inflation and a gray one which says put inflation. And those curves, you know, there's a -- no, they don't
 look monotonic.").

Slide 5:  this slide merely compares the results of Professor Heston's methodologies, which the Court has ruled is perfectly appropriate.  ECF No. 634.

Slide 7: Plaintiff's objection is moot in light of the Court's denial of his Emergency Motion in Limine and ruling that Plaintiff's experts may be cross-examined on their different methodologies.  See ECF No. 634. | O |

*In re Tesla, Inc. Securities Litigation*, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Counter Designations for Day 8 - January 30, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | issues, mislead the jury, waste time, and cause undue delay. | | |

16