**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
          amccall@zlk.com

*Attorneys for Plaintiff and Counsel for the Class*

[Additional Counsel on Signature Block]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**PLAINTIFF'S TRIAL BRIEF RE: DEMOSTRATIVE EXHIBITS** |

      The Court should allow Plaintiff's demonstrative exhibits into evidence, specifically the slides prepared by Michael Hartzmark, Ph.D. that present his calculations regarding inflation, damages, etc. (*e.g.*, Slide 11).

      In complex securities cases, these types of demonstrative exhibits are allowed into evidence in order to allow the jury to reasonably complete its deliberations and complete the verdict form. In *In re Vivendi*, the jury was given the parties' damages charts in order to consult when completing the verdict form. The verdict form makes clear reference to two exhibits "for guidance in answering this question," as illustrated below:

> If you answered "no" for all the statements in Questions No. 1A through 57A, you have finished with the Verdict Form. Please turn to the last page, sign and date the Form, and inform the Court that you have finished.
>
> If you answered "yes" for any statement in Questions No. 1A through 57A, please proceed to Question No. 58.
>
> <u>Question No. 58:</u>
>
> Please identify the daily inflation amount (in euros/dollars per share), if any, that you find was caused by the Section 10(b) violation(s) you identified in Questions No. 1A through 57A. You may consult PX-1486 and DX-1878 for guidance in answering this question.
>
> | Date | Amount of Inflation Per Ordinary Share | Amount of Inflation Per ADS |
> |---|---|---|
> | 10/30/2000 | € 0.15 per share | $ 0.13 per share |
> | 10/31/2000 | € 0.15 per share | $ 0.13 per share |
> | 11/01/2000 | € 0.15 per share | $ 0.13 per share |
> | 11/02/2000 | € 0.15 per share | |

*See In re Tesla Inc.*, No. 18-cv-4865, ECF No. 476-3 at 60 (Vivendi verdict form). A copy of the referenced exhibit is attached hereto as Exhibit A.

Other cases also show that demonstrative exhibits reflecting complex analyses are ordinarily allowed into the jury room as admitted evidence. In *United States v. Natale*, 719 F.3d 719, 743-44 (7th Cir. 2013), the Seventh Circuit affirmed the district court's denial of a motion for a new trial by a defendant whose motion was based on the fact that the jury was allowed to use demonstratives during their deliberations. It concluded that the court did not abuse its discretion because: 1. Both sides were given the opportunity to give the jury demonstratives. 2. The demonstratives accurately represented evidence. 3. The demonstratives did not transport counsel to the jury room since labels were removed and the jury would have to identify their content by recalling testimony.

The jury was given a demonstrative exhibit showing "damages analysis" in *United States v. Idaho Cty. Light & Power Coop. Ass'n*, No. 3:17-cv-00391-CWD, 2020 U.S. Dist. LEXIS 39717 (D. Idaho Mar. 6, 2020). In that case, "Winner condensed vast amounts of documents and financial data into a format easily understood by a lay person. Winner's analysis is the type of assistance that will assist the trier of fact. Further, to the extent he is summarizing voluminous records and materials, as appears to be the case, this aspect of his testimony is properly admitted under Fed. R.

1  Evid. 1006 as well as Fed. R. Evid. 702 in that he is identifying what he, given his background and
2  experience, considers to be the most important issues to consider in evaluating the United States'
3  damage claims." *See also ADT Sec. Servs. v. Sec. One Int'l, Inc.*, No. 11-CV-5149 YGR, 2013 U.S.
4  Dist. LEXIS 132894 (N.D. Cal. Sep. 12, 2013) (allowing summary charts into evidence).

5       Professor Hartzmark conducted the calculations and analyses featured in his slides. The
6  underlying data was disclosed well in advance of trial (*i.e.*, November 2021). Dr. Hartzmark is
7  subject to cross-examination (as are his demonstrative slides). The Ninth Circuit model jury
8  instructions explicitly allow for the relief being sought by Plaintiff. *See* Ninth Circuit Model Civil
9  Jury Instruction §2.15 (providing instruction for admission of summary charts into evidence for
10 the jury). Thus, keeping these materials from the jury goes against FRE 1006 and the case law on
11 this point as well as unnecessarily and unfairly complicating Plaintiff's damages case.

12 Dated: January 31, 2023                     Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 *s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Elizabeth K. Tripodi
Alexander A. Krot III
LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel.: (202) 524-4290
Email: nporritt@zlk.com
Email: etripodi@zlk.com
Email: akrot@zlk.com
(admitted *pro hac vice*)

1
2
3
4
5
6
7
8

                              -and-

                              Joseph Levi
                              Eduard Korsinsky
                              Max Weiss
                              LEVI & KORSINSKY, LLP
                              55 Broadway, 10th Floor
                              New York, New York 10006
                              Tel.: (212) 363-7500
                              Email: jlevi@zlk.com
                              Email: ek@zlk.com
                              (admitted *pro hac vice*)

                              *Attorneys for Plaintiff and Counsel for the Class*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28