QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*appearing pro hac vice*)
   alexspiro@quinnemanuel.com
   Andrew J. Rossman (*appearing pro hac vice*)
   andrewrossman@quinnemanuel.com
   Ellyde R. Thompson (*appearing pro hac vice*)
   ellydethompson@quinnemanuel.com
   Jesse Bernstein (*appearing pro hac vice*)
   jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

   Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
   Kyle Batter (Bar No. 301803)
   kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S TRIAL BRIEF RE DEMONSTRATIVES** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S TRIAL BRIEF RE DEMONSTRATIVES**

Plaintiff seeks to improperly admit and send to the jury demonstratives that summarizes Dr. Hartzmark's opinions and conclusions in this case—effectively providing the jury with an answer key to damages and allowing Plaintiff to submit Dr. Hartzmark's damages report under the ambit of Rule 1006. This is highly prejudicial, improper, and not permitted under the Rules of Evidence. Plaintiff's attempt should be denied.

*First*, as the text of Rule 1006 indicates, a summary, chart, or calculation is admissible "to prove the content" of the underlying records, but not when the calculation includes "assumptions, inferences, and projections about future events, which represent [an] opinion, rather than the underlying information." *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007); *see also FTC v. Am. Precious Metals*, LLC, 726 F. App'x 729, 733 (11th Cir. 2018) (declaration offered not to "prove the content" of underlying records but to present "expert conclusions" about those records was not admissible under Rule 1006). "When the item submitted does not merely summarize, but instead attempts to present conclusions about the underlying documents, it is not admissible under Fed. R. Evid. 1006." *Equal Emp. Opportunity Comm'n v. St. Joseph's/Candler Health Sys., Inc.*, No. CV420-112, 2022 WL 4287763, at *6 (S.D. Ga. Mar. 11, 2022). Once admitted, a Rule 1006 exhibit constitutes substantive evidence so "care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence of the assertion it makes." *Peat, Inc. v. Vanguard Rsch., Inc.*, 378 F.3d 1154, 1159–60 (11th Cir. 2004). Accordingly, summary evidence admitted under Rule 1006 "cannot contain opinions or conclusions." *United States v. Honeywell Int'l Inc.*, 337 F.R.D. 456, 459 (D.D.C. 2020) (citing *Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 31 (1st Cir. 2011) *and S.E.C. v. Franklin*, 265 F. App'x 644, 646 (9th Cir. 2008)).

Dr. Hartzmark's charts are nothing but opinions and conclusions. They are not mere calculations or summaries of admissible evidence but rather Dr. Hartzmark's opinions and conclusions as to what the but-for price of Tesla's stock would be, the amount of artificial inflation he opined the Tweets caused, and the amount of implied volatility he concluded occurred in this case. These charts are in essence a Cliff Notes version of his entire expert report and a summary of his conclusions, they are therefore not permitted under Rule 1006. Indeed, such an interpretation of Rule 1006 would subsume the well-established rule

that an expert's report is not admissible as a party could simply summarize the contents of the report into a chart and offer it under Rule 1006.

**Second**, the authority on which Plaintiff relies does not support his request. For instance, in *Vivendi*, it appears that the parties agreed to provide the chart to the jury, as Defendants have reviewed the docket and found no indication of any dispute over this issue. *See In re Vivendi Universal, S.A. Securities Litigation,* Case No. 1:02CV05571 (S.D.N.Y.) at ECF Nos. 993 and 994 (parties briefing on jury instructions and verdict form); *see also* 6 Weinstein's Evidence ¶ 1006.08(4) ("While a court retains discretion to permit the jury to take such aids into their deliberation, most courts do not allow it. The better practice is not to allow jury aids into the jury room without the consent of all parties since they are more akin to argument than evidence."). Moreover, while the length of the class period and size of the verdict form in *Vivendi* may have weighed in favor of providing that chart to the jury, no such need exists here: the jury is filling out at most nine days of damages not hundreds.

The other cases cited do not support Plaintiff's improper and prejudicial proposal. In *ADT Sec. Servs. v. Sec. One Int'l, Inc.*, No. 11-CV-5149 YGR, 2013 U.S. Dist. LEXIS 132894 (N.D. Cal. Sep. 12, 2013) the demonstrative at issue was not a damages analysis but "portions of a chart Defendants intend to proffer, which purports to summarize recordings of telephone calls pursuant to Federal Rule of Evidence 1006." *Id.* at *2. In *United States v. Idaho Cty. Light & Power Coop. Ass'n*, No. 3:17-cv-00391-CWD, 2020 U.S. Dist. LEXIS 39717 (D. Idaho Mar. 6, 2020), the demonstrative summarized existing admissible data; it did not offer opinions or conclusions—based on assumptions and other analysis—of the kind that Dr. Hartzmark's summary charts contain. And in *United States v. Natale*, 719 F.3d 719, 744 (7th Cir. 2013), the demonstratives at issue were not related to damages, did not summarize the expert's opinions or what was effectively a prefilled out verdict form, but simply contained pictures of the human body:



Figure 3: Anton's Demonstrative Exhibit for Patient Marinier
Figure 3A ("Operative Report") depicts the procedure described in Natale's Operative Report for Patient Marinier. Figure 3B ("Actual Operation") depicts Anton's opinion of the procedure that Natale actually performed, based on Anton's study of the CT scans.

*Id.* at 726. The version of the human body demonstrative sent back to the jury did not even contain the above labels and were therefore not suggestive, prejudicial, or an improper summary of conclusions or opinions at all. *Id.*

Accordingly, the Court should not grant Plaintiff's end around Rule 1006 and should preclude him from admitting summaries of Dr. Hartzmark's opinions and conclusions into evidence.

DATED: January 31, 2023            Respectfully submitted,

                                   QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                   By: */s/ Alex Spiro*
                                       Alex Spiro *(appearing pro hac vice)*

                                       *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*