***In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Sam Teller | 8 | No objection | N/A | |
| Sam Teller | 16 | No objection | N/A | |
| Sam Teller | 80 | No objection | N/A | |
| Sam Teller | 93 | No objection | N/A | |
| Sam Teller | 105 | No objection | N/A | |
| Sam Teller | 106 | No objection | N/A | |
| Sam Teller | 108 | No objection | N/A | |
| Sam Teller | 109 | No objection | N/A | |
| Sam Teller | 110a | No objection | N/A | |
| Sam Teller | 112 | No objection | N/A | |
| Sam Teller | 361 | No objection | N/A | |
| Sam Teller | 789 | No objection | N/A | |
| Sam Teller | Demonstrative | No objection | N/A | |
| Nii Koney | 8 | No objection | N/A | |
| Nii Koney | 58 | No objection | N/A | |
| Nii Koney | 66 | No objection | N/A | |
| Nii Koney | 68 | No objection | N/A | |
| Nii Koney | 8:3-5 | No objection | N/A | |
| Nii Koney | 8:13-15 | No objection | N/A | |
| Nii Koney | 12:20-13:1 | No objection | N/A | |
| Nii Koney | 21:20-22:06 | No objection | N/A | |
| Nii Koney | 56:15-16 | No objection | N/A | |
| Nii Koney | 56:19-57:1 | No objection | N/A | |
| Nii Koney | 57:9-58:13 | No objection | N/A | |
| Nii Koney | 58:17-59:1 | No objection | N/A | |
| Nii Koney | 59:8-14 | No objection | N/A | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Nii Koney | 59:17-19 | No objection | N/A | |
| Nii Koney | 77:3-14 | No objection | N/A | |
| Nii Koney | 83:11-13 | No objection | N/A | |
| Nii Koney | 83:15-84:3 | No objection | N/A | |
| Nii Koney | 100:5-101:14 | No objection | N/A | |
| Nii Koney | 101:24-102:22 | No objection | N/A | |
| Nii Koney | 103:12-104:5 | No objection | N/A | |
| Nii Koney | 107:18-108:5 | No objection | N/A | |
| Nii Koney | 108:14-24 | No objection | N/A | |
| Nii Koney | 154:13-155:1 | No objection | N/A | |
| Nii Koney | 157:20-23 | No objection | N/A | |
| Nii Koney | 157:25-159:3 | No objection | N/A | |
| Nii Koney | 159:5-22 | No objection | N/A | |
| Nii Koney | 164:14-24 | No objection | N/A | |
| Nii Koney | 165:1-2 | No objection | N/A | |
| Ira Ehrenpreis | Disclosed day 8 | See objections to exhibits disclosed for day 8 | N/A | |
| James Murdoch | Disclosed day 8 | See objections to exhibits disclosed for day 8 | N/A | |
| Linda Rice | Disclosed day 8 | See objections to exhibits disclosed for day 8 | N/A | |
| Kimbal Musk | Disclosed day 8 | See objections to exhibits disclosed for day 8 | N/A | |
| Daniel Fischel | 8 | No objection | N/A | |
| Daniel Fischel | 12 | No objection | N/A | |
| Daniel Fischel | 13 | No objection | N/A | |
| Daniel Fischel | 15 | No objection | N/A | |
| Daniel Fischel | 23 | No objection | N/A | |
| Daniel Fischel | 27 | No objection | N/A | |
| Daniel Fischel | 33 | No objection | N/A | |
| Daniel Fischel | 53 | No objection | N/A | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Daniel Fischel | 171 | No objection | N/A | |
| Daniel Fischel | 414 | No objection | N/A | |
| Daniel Fischel | 429 | No objection | N/A | |
| Daniel Fischel | 586 | No objection | N/A | |
| Daniel Fischel | 587 | No objection | N/A | |
| Daniel Fischel | 596 | No objection | N/A | |
| Daniel Fischel | 600 | No objection | N/A | |
| Daniel Fischel | 623 | No objection | N/A | |
| Daniel Fischel | 625 | No objection | N/A | |
| Daniel Fischel | 626 | No objection | N/A | |
| Daniel Fischel | 632 | No objection | N/A | |
| Daniel Fischel | 721 | No objection | N/A | |
| Daniel Fischel | 726 | No objection | N/A | |
| Daniel Fischel | 728 | No objection | N/A | |
| Daniel Fischel | 732 | No objection | N/A | |
| Daniel Fischel | 733 | No objection | N/A | |
| Daniel Fischel | 734 | No objection | N/A | |
| Daniel Fischel | 737 | No objection | N/A | |
| Daniel Fischel | 1010 | No objection | N/A | |
| Amit Seru | 8 | No objection. | N/A | |
| Amit Seru | 13 | No objection | N/A | |
| Amit Seru | Demonstrative 1 | FRE 401, 402, 403, 702, 801. To the extent that Defendants do not withdraw this demonstrative as they have represented that they "will **not** challenge the use of actual price by Plaintiff's experts" (ECF 633 at 2, emphasis in original) and to the extent that it contravenes the Court's Order on Defendants' supplemental Daubert Motion and | The Court overruled Plaintiff's similar objections to Defendants' demonstrative slides to be used with Dr. Hartzmark. (ECF No. 645-2.) The result here should be no different. Further, Plaintiff's suggestion that this slide violates a Court Order is puzzling. To the contrary, | |

3

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | Plaintiff's Emergency Motion *In Limine* regarding Option Damages (ECF 634), Plaintiff raises the following objections. Plaintiff objects to Demonstrative No. 1 as to its prejudicial title. Plaintiff objects to Demonstrative No. 1 as unfairly prejudicial. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. Presenting evidence on Plaintiff's initial option damages methodology has no probative value concerning the damages methodology Plaintiff will present to the jury. Plaintiff further objects to the demonstrative as unfairly prejudicial as it utilizes a "second methodology," which has not been proffered by any expert in this case. *see* 1/27/23 Tr. at 235:6-236:6. As no expert has utilized this "second methodology," this demonstrative and related questioning have no probative value and will confuse the issues, mislead the jury, waste time, and cause undue delay. This demonstrative is improper pursuant to Fed. R. Evid. 702 as it will not help the trier of fact understand the evidence or determine a fact in issue. As it intentionally includes a methodology that Plaintiff will not present to the jury and a methodology that no expert has even utilized, the demonstrative is of no probative value and is unfairly prejudicial. Accordingly, it should be excluded if it is not withdrawn. Plaintiff further objects to this demonstrative | Plaintiff's objections are moot in light of the Court's denial of Plaintiff's Emergency Motion *in Limine* and ruling that "Defendants *May Offer Evidence and Argument Regarding the Different Methodologies.*" (ECF No. 634 at 1-2 (citing several cases for the proposition that "courts have held that impeachment of an expert *with prior analysis is generally proper.* As noted by Judge Lucy Koh, 'the past methodologies of [] experts are *highly probative* impeachment evidence that a fact-finder will consider *in assessing the weight a fact-finder may choose to give to the experts* in the instant litigation.'") (emphasis added).) Contrary to Plaintiff's assertion, there is nothing "unfairly prejudicial" about the title of this slide; it simply states that Plaintiff's experts' methodologies "yield inconsistent conclusions," which, under the authority cited by the Court, the jury must be allowed to consider when evaluating whether Plaintiff's experts' opinions can be relied upon. To the extent Plaintiff disagrees with Professor Seru's analysis in this demonstrative, the proper remedy is cross examination, not the exclusion of Professor Seru's opinions and analysis. Finally, Defendants do not intend to seek the admission of this | |

4

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | because it is not evidence and therefore cannot be admitted into evidence and provided to the jury.* | demonstrative into evidence, unless Plaintiff's experts' demonstratives are admitted into evidence. | |
| Amit Seru | Demonstrative 2 | FRE 401, 402, 403, 702, 801. Plaintiff objects to Demonstrative No. 2 and related questioning as unfairly prejudicial because it will confuse the issues, mislead the jury, waste time, and cause undue delay. Demonstrative No. 2 intentionally misrepresents Professor Hartzmark's methodology. It represents the use of another implied volatility and applies a different allocation of direct versus consequential damages. Furthermore, Professor Seru only opined on the implied volatility for June and August 2019 and not January 2019, as represented in this chart. This demonstrative is improper pursuant to Fed. R. Evid. 702 as it will not help the trier of fact understand the evidence or determine a fact in issue. As it intentionally misrepresents Professor Hartzmark's methodology, the demonstrative is of no probative value and is unfairly prejudicial. Accordingly, it should be excluded if it is not withdrawn. | *See* response to Demonstrative 1. The slide does not misrepresent Dr. Hartzmark's methodology. Dr. Hartzmark chose to use the implied volatility of one option expiry, January 2020. Defendants are entitled to illustrate that his results would have been very different had he used the implied volatility of a different option. Defendants do not intend to represent that the slide was created or adopted by Dr. Hartzmark. Further, the Court has already overruled Plaintiff's objections to similar slides, including Plaintiff's incorrect assertion that Defendants have "misrepresent[ed] Dr. Hartzmark's methodology." (ECF No. 645-2 at 2-3.) | |
| Amit Seru | Demonstrative 3 | See objections to Demonstrative No. 2. | *See* response to Demonstrative 2. | |
| Amit Seru | Demonstrative 4 | FRE 401, 402, 403, 702, 801. Plaintiff objects to each of the eight graphs contained in Demonstrative No. 4 as unfairly prejudicial as they have no probative value. In Professor Seru's report, he only provided examples of the direct | *See* response to Demonstrative 1. Plaintiff's assertion that the slides contain undisclosed opinion is false. In his opening report, Professor Seru clearly stated: "Dr. Hartzmark's choice to | |

5

***In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | scalar using June and August 2019 expiry and has not opined on the January 2019 expiry, which is used throughout Demonstrative No. 4. Plaintiff further objects to this demonstrative as unfairly prejudicial as Defendants' experts have never proffered the January 2019 option expiry for creating a scalar calculating direct damages. This slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This demonstrative is improper pursuant to Fed. R. Evid. 702 as it will not help the trier of fact understand the evidence or determine a fact in issue. As the demonstrative utilizes a direct scalar that was not used by Defendants' expert, the demonstrative is of no probative value and is unfairly prejudicial. Accordingly, it should be excluded. | analyze the implied volatility of the January 2020 at-the-money forward straddle is arbitrary, and his results are not robust against reasonable alternatives." Seru Opening Rpt. at 4 (last bullet). These slides merely take Dr. Hartzmark's slides and insert the implied volatility of another option. These implied volatilities were calculated by Professor Heston himself so there can be no credible disclosure argument. Rebuttal examination to establish that an expert cherry-picked some inputs, as opposed to others, is perfectly appropriate. Further, the Court has already overruled objections to these slides. (ECF No. 645-2 at 8.) | |
| Amit Seru | Demonstrative 5 | FRE 401, 402, 403, 702, 801. To the extent that Defendants do not withdraw this demonstrative as it contravenes the Court's Order on Defendants' supplemental Daubert Motion and Plaintiff's Emergency Motion In Limine regarding Option Damages (ECF 634), Plaintiff raises the following objections. Plaintiff objects to Demonstrative No. 5 as to its prejudicial title. Plaintiff incorporates his objections to Demonstrative No. 1 and further objects to this demonstrative as unfairly prejudicial because it includes four damages methodologies: one that Plaintiff will not present to the jury and two that have not been proffered by any expert. This | *See* response to Demonstrative 1. Further, the Court has already overruled objections to similar slides. (ECF No. 645-2 at 14.) | |

6

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | demonstrative will not help the trier of fact understand the evidence or to determine a fact in issue. Accordingly, it has no probative value and should be excluded if it is not withdrawn. | | |
| Amit Seru | Ppt. Slide 1 | See objections to Demonstratives Nos. 1 and 5. | *See* response to Demonstratives 1 and 5. | |
| Amit Seru | Ppt. Slide 2 | See objections to Demonstratives Nos. 1 and 5. | *See* response to Demonstrative 1 and 5. | |
| Amit Seru | Ppt. Slide 3 | See objections to Demonstratives Nos. 1 and 5. | *See* response to Demonstrative 1 and 5. | |
| Amit Seru | Ppt. Slide 4 | FRE 401, 402, 403, 702, 801. Plaintiff objects to this slide as to its prejudicial title. Plaintiff objects to Slide 4 and related questioning as unfairly prejudicial because it will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide is irrelevant and misleading as Plaintiff is not seeking damages outside of the class period. It has no probative value and is therefore improper under Fed. R. Evid. 702. It will not help the trier of fact understand the evidence or determine a fact in issue but will only create confusing. Accordingly, it should be excluded. | *See* response to Demonstrative 1. There is nothing inflammatory or misleading about the title. The slide shows that the but-for implied volatility Dr. Hartzmark uses to calculate but-for option prices for just before the class period are very different to the implied volatilities that for options were traded at exactly the same time. Showing bias in Dr. Hartzmark's calculations is perfectly appropriate rebuttal evidence and Plaintiff makes no claim of surprise. | |
| Amit Seru | Ppt. Slide 5 | See objections to Ppt. Slide 4. | *See* response to Slide 4. | |
| Amit Seru | Ppt. Slide 6 | See objections to Ppt. Slide 4. | *See* response to Slide 4. | |
| Amit Seru | Ppt. Slide 7 | See objections to Ppt. Slide 4. | *See* response to Slide 4. | |
| Amit Seru | Ppt. Slide 8 | FRE 401, 402, 403, 702, 801. Plaintiff objects to this slide and related questioning as unfairly prejudicial because it is unclear how it has any relevance on the damages methodology that Plaintiff will present to the jury. Because it is not relevant, the slide and related questioning will confuse the issues, mislead the jury, waste time, | *See* response to Demonstrative 1. Plaintiff well knows the relevance of this slide because the parties and the Court have addressed it extensively—it shows that under Plaintiff's options damages methodology, damages will be impacted by the bid-ask spread. Plaintiff also | |

7

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | and cause undue delay. Furthermore, Defendants have not disclosed how Professor Seru calculated the figures in this table. As Plaintiff was unable to depose Professor Seru based on the contents of his report due to its disclosure on the eve of trial, Plaintiff will be prejudiced by related testimony. Accordingly, this slide should be excluded. | knows how Professor Seru calculated the numbers because it was disclosed as an exhibit to his supplemental report. Plaintiff cannot complain that it did not depose Professor Seru about the exhibit given that Plaintiff never even asked for a supplemental deposition. | |
| Amit Seru | Ppt. Slide 9 | See objections to Ppt. Slide 4. | *See* response to Demonstrative 4. | |
| Amit Seru | Ppt. Slide 10 | See objections to Ppt. Slide 4. | *See* response to Demonstrative 4. | |
| Amit Seru | Ppt. Slide 11 | FRE 401, 402, 403, 702, 801. Plaintiff objects to this slide as to its prejudicial title. Plaintiff further objects to this slide as unfairly prejudicial as it cherry picks deep "out of the money" tail options, which represent a small percentage of the option contracts that were traded during the class period. Defendants have also sorted these cherry-picked examples out of chronological order to support the slide's prejudicial title. Any probative value that these examples have is substantially outweighed by the unfair prejudice that will result from presenting the slide to the jury and related questioning. Because these examples represent a small percentage of the option contracts traded during the class period, this slide will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide is also improper as it will not help the trier of fact understand the evidence or to determine a fact at issue. Accordingly, it should be excluded. | *See* response to Demonstrative 1. There is nothing inflammatory or misleading about the slide's title. It is entirely factual. Professor Heston testified that the prices of all long-term put options were *deflated*. Yet, Dr. Hartzmark calculated *inflation* for some long-term put options. That is highly relevant rebuttal evidence. To the extent Plaintiff wishes to make an argument about the extent of the inconsistency, he can do so on cross-examination. | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Amit Seru | Ppt. Slide 12 | FRE 401, 402, 403, 702, 801. Plaintiff objects to this slide as unfairly prejudicial and improper under Fed. R. Evid. 702. This slide and related testimony will not help the trier of fact understand the evidence or determine a fact in issue. Professor Seru's criticisms of the Black-Scholes Model are not supported by any scientific, technical, or other specialized knowledge. Professor Seru has merely cherry picked deep "out of the money" tail options to generate the numbers in this slide. This is misleading as it fails to explain that these percentages are not for overall number of transactions, but rather the price for the options contract regardless of how scarcely they were traded. Professor Seru has not reliably applied the principles and methods of the Black-Scholes model to the facts of the case. Black-Scholes is used by many companies, including Defendant Tesla. There is no basis in fact for the opinion that it would be unreliable for use in this case. Because the only apparent purpose of this slide is to create juror doubt without a scientific, technical, or otherwise specialized basis, this slide is improper, and it should be excluded. | *See* response to Demonstrative 1. Plaintiff seeks to bring a *de facto Daubert* motion in the guise of an objection to a slide. The numbers contained in this report come from Professor Seru's supplemental report. Plaintiff never sought leave to file a *Daubert* motion concerning this report. Nor would there be any basis for one. Professor Seru performed a straightforward mathematical comparison of Professor Heston's predictions of option prices using the Black-Scholes formula and actual transaction prices and bid-ask quotes. This analysis and the back-up was disclosed to Plaintiff over two weeks ago. To the extent Plaintiff disagrees with the analysis, that is for cross-examination. | |
| Amit Seru | Ppt. Slide 13 | FRE 401, 402, 403, 702, 801. Plaintiff objects to Slide 13 as to its prejudicial title. Plaintiff further objects to Slide 13 as unfairly prejudicial as this slide and related questioning will confuse the issues, mislead the jury, waste time, and cause undue delay. This slide intentionally | *See* response to Demonstrative 1. This slide accurately represents the results of Dr. Hartzmark's methodology. Dr. Hartzmark himself admitted that "it is possible that the model results could move inflation or deflation higher than the | |

9

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| | | mischaracterizes Dr. Hartzmark's methodology; inflation is not constant and therefore it has been misapplied. Defendants' calculations in this slide are also incorrect. The proper calculation would be to subtract the "but-for-price" from the purchase price to get inflation. Here, Defendants have instead subtracted the amount of inflation from the purchase price to get the "but-for-price," leading to incorrect results. As the slide misapplies Dr. Hartzmark's methodology and includes incorrect calculations, it has no probative value and will be unfairly prejudicial to Plaintiff. Accordingly, it should be excluded. | transaction prices due to microstructure effect." Hartzmark Tr. Vol II at 444:9-11; see also id. at 444:22-445:12 (Q. "You -- are you aware that, if one calculated damages to Tesla option holders using the last traded price on each day of the Class Period, that would in some cases result in damages greater than what the investor actually bought the option for? . . . A. The last -- well, first of all, the last traded price, you know, could take place, you know, at -- I don't know, 10 o'clock in the morning. It's not clear -- they're different times, but as I said, you know, again, at 2:27, in fact, I note that there could be such a situation and there could be a cap in damages as described by the PSLRA, if it were appropriate."). The figures in the Slide are taken directly from Dr. Hartzmark's report and supporting data, and are 100% accurate. Indeed, that Plaintiff understands the calculation is proven by the fact he takes issue with it. If Plaintiff takes issue with the calculation, he can cross-examine Professor Seru. That is the purpose of cross-examination. Defendants will nonetheless replace the word "Absurd" with "Nonsensical." Further, the Court has already overruled objections to similar slides. (ECF No. 645-2 at 14.) | |

10

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Defendants' Disclosures for Trial Day 9 – February 1, 2023**

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Amit Seru | Ppt. Slide 14 | FRE 401, 402, 403, 702, 801. Plaintiff objects to this slide as unfairly prejudicial. It misrepresents Professor Heston and Dr. Hartzmark's reports. The cited paragraphs from Professor Heston's report merely state the BSM's formula. It is unclear how this is relevant to helping the trier of fact understand the evidence or to determine a fact in issue. As Professor Heston at his deposition, "I think that [] was too tersely worded. I probably should have said: If the call price equals the put price, then – and – let me word this carefully—under put-call parity, the at-the-money forward call price would equal the at-the-money forward put price and it would be easy to use either with the Brenner Subrahmanyam Formula to calculate implied volatility, but i don't actually require put-call parity to hold to perform this." Heston Tr. Vol 1 at 188:21-189:4. Defendants also misrepresent the footnote citation from Dr. Hartzmark's report. These purported "deviations" are not mentioned in Dr. Hartzmark's report, and this slide does not explain how the BSM holds for Tesla options. This slide offers no scientific, technical, or explanation based on other special knowledge to explain why the BSM is unreliable. This slide has no probative value and questioning relating to it will cause Plaintiff undue prejudice as it will confuse the issues, mislead the jury, and cause undue delay. Accordingly, it should be excluded. | Withdrawn. | |

## *In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
## Defendants' Disclosures for Trial Day 9 – February 1, 2023

| Witness | Ex. | Plaintiff's Objection | Defendants' Response | Ruling |
|---|---|---|---|---|
| Amit Seru | Ppt. Slide 15 | FRE 401, 402, 403, 702, 801.  Plaintiff objects to Slides 15 as to its prejudicial title. Plaintiff further objects to this slide as unfairly prejudicial because it is an improper expert opinion. There is no scientific basis in Professor Seru's report to show that it was necessary to show the effect of implied volatilities. There is also no empirical evidence in his report to show that the implied volatility for the January 2020 options needed to be adjusted for industry or market effects. This slide and related testimony will not help the tried of fact to understand the evidence or to determine a fact in issue. Instead, it will confuse the issues, mislead the jury, and cause undue delay. Accordingly, it should be excluded. | *See* response to Demonstrative 1. Plaintiff seeks to bring a *de facto Daubert* motion in the guise of an objection to a slide.  Professor Seru stated in his report: "Dr. Hartzmark makes no effort to examine whether the changes in implied volatility during the class period are affected by market factors, industry events, or other Tesla-related news."  Seru Opening Rpt. at 19, ¶ 37.  The slide simply illustrates the point—that Dr. Hartzmark adjusted Tesla stock prices to account for market forces but made no adjustment to implied volatility to account for market forces.  Plaintiff never filed a *Daubert* motion concerning this proposition.  To the extent Plaintiff disagrees with the proposition, that is for cross-examination. | |

*Plaintiff incorporates this objection against each of Defendants' demonstratives and slides.