QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (*appearing pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (*appearing pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (*pro hac vice* forthcoming)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000


*Attorneys for Defendants Tesla, Inc., Elon Musk,*
*Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,*
*Antonio J. Gracias, James Murdoch, Kimbal Musk,*
*and Linda Johnson Rice*


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC |
| | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR CLOSING JURY INSTRUCTIONS** |

1

**INTRODUCTION**

2   This Court should reject Plaintiff's belated request to add several new final jury instructions.

3   Plaintiff failed to propose such instructions during any of the numerous rounds of briefing and conference

4   regarding the Court's final jury instruction.  The Court issued its Final Jury Instruction (ECF 573) more

5   than two weeks ago.  Yet only today—the day before the jury likely will be instructed—did Plaintiff

6   propose these instruction, leaving Defendants with only two hours after the end of the Court day to

7   respond.  That is reason enough to reject Plaintiff's new proposed instruction.

8   Beyond that, however, Plaintiff asks the Court to add unnecessary, prejudicial, and inflammatory

9   closing jury instructions for the pretextual reason of remedying issues at this trial that do not exist.  In

10  reality, it is a transparent attempt to have the Court use its authority and imprimatur to put a thumb on the

11  scale in favor of Plaintiff's.  These instructions are being offered for plainly improper purposes: (1) to

12  draw further attention to and instruct the jury on how to consider evidence of the SEC investigation

13  (evidence that Plaintiff has almost exclusively elicited); (2) to have the Court improperly endorse and give

14  credibility to the dubious so-called PIF Minutes—a document whose author is unknown and was not made

15  available for cross-examination; and (3) to replace the Court's current "you are to assume" summary

16  judgment instruction—which strikes the balance between informing the jury of the issues that must be

17  decided at trial without explicitly conferring the Court's imprimatur in an irreparably prejudicial manner—

18  with an inflammatory instruction that effectively tells the jury that the Court concluded that Mr. Musk is

19  not credible and made false statements recklessly.  Plaintiff's belated request should be summarily denied.

20  I.    **PLAINTIFF'S PROPOSED INSTRUCTION REGARDING THE SEC IS UNNECESSARY**

21        **AND PREJUDICIAL**

22  The Court should not give Plaintiff's proposed instruction on the SEC investigation.  The Court

23  made clear in its pretrial order that any reference to the investigation—beyond the media reports that may

24  or may not have influenced Tesla's stock price—would be excluded.  Plaintiff—who is the only party who

25  has elicited any testimony concerning the investigation—is seeking to include this instruction for a purely

26  prejudicial purpose: to draw the jury's attention to the fact that such an investigation occurred and suggest

27  that there was some resolution.  There has been no reference to its resolution and no evidence entered into

28  the record that could cause confusion.

1       Beyond that, this request is too late.  As Plaintiff itself cites, the Court indicated months ago on

2   ***December 7, 2022*** (ECF 508) that the Court would consider an instruction, but Plaintiff did not request

3   one at any point during the months-long process during which the parties and the Court devoted substantial

4   time and attention to the jury instructions.

5       In any event, should the Court choose to give any instruction, it should be limited to the following:

6       <u>During the course of the trial, you have heard testimony and seen evidence related to an investigation</u>

7   <u>by the U.S. Securities and Exchange Commission.  You have not heard or seen any evidence about how the</u>

8   <u>SEC's investigation concluded. You should not make any assumptions about the outcome of the SEC</u>

9   <u>investigation.</u>

10       The Court should not instruct the jury on how it should weigh or consider the SEC investigation, as

11   such an instruction prejudicially suggests that the investigation should be considered for materiality (why is

12   unclear), loss causation, and damages.  Even if Plaintiff can make such an argument in closing, it would be

13   improper, unduly suggestive, and prejudicial for the Court to instruct the jury whether and how it should

14   consider that evidence.

15   **II.**      **THE COURT SHOULD NOT GIVE PLAINTIFF'S PROPOSED INSTRUCTION ON THE**

16           **SAUDI PIF**

17       The Court should reject Plaintiff's request for a "Missing Witness" instruction regarding the Saudi

18   PIF.  First, it is clear that Plaintiff's proposal, which instructs the jury that it "should consider the evidence

19   from the Saudi PIF as you would any other evidence admitted at trial and not discount it because the Saudi PIF

20   did not testify" (ECF No. 644 at 5), is being offered to bolster the probative effect of the dubious so-called PIF

21   Minutes. (Ex. 80)  Plaintiff is asking the Court to undermine any argument that Defendants may offer casting

22   doubt on the accuracy and reliability of the notes by instructing the jury that they should be given the same

23   weight as other evidence whose provenance is not in doubt.  Defendants have already been prejudiced by the

24   introduction of evidence whose author is unknown and who was never subject to cross-examination; the Court

25   should not compound this prejudice by endorsing the so-called PIF Minutes through this instruction.

26       Indeed, Plaintiff argues that this instruction is needed because it will taint the veracity of, among

27   other evidence, the PIF's text messages.  This argument reveals that Plaintiff has indeed offered such

28   evidence for the truth of the matter asserted and not for Mr. Musk's state of mind.  The fact that this

1   evidence is being used for an improper purpose in violation of FRE Rule 801 is all the more reason to

2   reject this instruction.  Plaintiff has had ample opportunity through examination and will have the opportunity

3   during summation to argue to the jury that the PIF Minutes should be credited; he does not need and should

4   not get the Court's improper and unnecessary aid in such an argument.

5          Additionally, there is no reason for this instruction to be given at all.  Plaintiff asserts that it is necessary

6   based on a single exchange between Plaintiff's counsel and Mr. Musk—one that ***Plaintiff's counsel*** invited

7   by asking whether the PIF was ever part of a lawsuit or subject to investigation—that was immediately stricken

8   from the record.  Moreover, Mr. Musk's statement that Defendants tried to subpoena the PIF was true:

9   Defendants issued trial subpoenas, the PIF moved to quash on the basis of sovereign immunity, and—for the

10  convenience of the Court—Defendants withdrew the subpoena.  The fact of the matter is that the PIF could

11  have attended this trial and did not.  The jury should be able to weigh their non-appearance alongside all of the

12  evidence in rendering its verdict; the credibility of the PIF's hearsay statements should not be given undue

13  weight by a suggestive instruction.

14  **III.     THE COURT SHOULD REJECT PLAINTIFF'S REQUEST FOR AN INFLAMMATORY**

15  **AND PREJUDICIAL INSTRUCTION ON SUMMARY JUDGMENT**

16         Finally, Plaintiff asks the Court abandon its original formulation of the summary judgment

17  instruction—which informs the jury that it is "to assume…"—in favor of an instruction that explicitly and

18  improperly confers the Court's imprimatur on an instruction suggesting that Mr. Musk is not credible.

19  Such an instruction is highly prejudicial and unnecessary here—which is why the Court adopted its current

20  formulation.  *See e.g.*, ECF No. 477 at 15-16; 579 at 2.

21         There is no proper basis for the Court to change the form of the summary judgment instruction at

22  this point in the case.  Plaintiff presents no compelling justification for such an instruction beyond his

23  hope that it would have a prejudicial impact.  The Court will instruct the jury that it is to assume that the

24  statements were false and made recklessly, and the jury is presumed to follow that instruction.  *CSX*

25  *Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009); *United States v. Reyes*, 660 F.3d 454, 468 (9th Cir.

26  2011).  That presumption applies whether or not the instruction states that "the Court decided."  Indeed,

27  it is apparent that Plaintiff's only reason for seeking such an instruction is its prejudicial impact.  The

28  primary example Plaintiff cites for the need for such a prejudicial instruction is the statement of a

1   prospective juror before any evidence was presented that "If the courts are saying it's untrue and they

2   made that determination, then I believe so."  ECF 644:7-8.  In other words, Plaintiff is seeking to include

3   his new language to use the authority and imprimatur of the Court to advance his case.  *See Sine*, 493 F.3d

4   at 1033-34.

5           Plaintiff's purported justifications for this new and inflammatory instruction are meritless. First,

6   Plaintiff claims that Defendants "have made numerous statements during trial that contradict the Court's

7   summary judgment order."  That is false. In fact, in opening, Defendants counsel repeatedly explained to

8   the jury that Mr. Musk's Tweets were "inaccurate" and made recklessly (Tr. 328:3-329:2; 335:21-25).

9   Second, Plaintiff asserts that Defendants are seeking to "relitigate falsity."  That is incorrect, too.

10  Defendants are seeking to prove that the statements were not "materially false" which, as the Jury

11  Instructions make clear, requires an inquiry into whether the statements "give[] a reasonable investor the

12  impression of a state of affairs that differs in a material way from the one that actually exists." ECF No.

13  573 at 40.  Such an inquiry necessarily calls for evidence of what the true state of affairs is and what

14  weight and interpretation the reasonable investor would give to the statements.

15          Plaintiff also claims that the instruction is necessary because Defendants have put on evidence

16  regarding Mr. Musk's state of mind.  But as the Court has made clear throughout this trial, whether Mr.

17  Musk acted "knowingly" remains a live issue that the jury must answer.  Moreover, it was Plaintiff and

18  not Defendants who put Mr. Musk's motives at issue in this case.  Moments into his opening, Plaintiff's

19  counsel told the jury that "Elon Musk…lied" and later claimed—twice—that "[t]here is no dispute that

20  Elon Musk lied."  (Tr. 295:19-23; 295:24-25; 313:5-4).  Indeed, Plaintiff's counsel used the word "lie"

21  more than fifteen times in his opening.  Plaintiff's counsel also argued that Mr. Musk "knew" that the

22  Tweets were false.  (Tr. 305:15-306:17 ("Now, one issue you will have to decide is whether Elon Musk

23  acted knowingly when he issued these tweets that we've looked at, the two tweets.").).  Plaintiff cannot

24  make claims about Mr. Musk's state of mind and expect that no defense would be offered in return.

25  Indeed, the Court contemplated that this would be a disputed issue when it issued its final jury

26  instructions—which included the "are to assume" language.  Nothing in the case has changed the

27  balancing that the Court conducted when it issued those instructions in the first place.

28

1    Plaintiff's complaints of the Board's testimony regarding Mr. Musk's tweets also provides no basis

2  for this new instruction.  As Plaintiff and the Court know, the directors have an affirmative defense of

3  good faith which requires that they prove the absence of scienter.  ECF No. 573 at 62.  The directors'

4  understanding of the facts and their belief in the veracity of Mr. Musk's statements goes directly to that

5  defense.  Again, the Court and Plaintiff knew that this would be an issue when the original instruction was

6  adopted and there has been no unexpected evidence or argument to mandate such a prejudicial change.

7    Finally, Plaintiff should be estopped from seeking this instruction based on today's violation of

8  the Court's order to not mention the summary judgment ruling.  Plaintiff's hired expert, Dr. Hartzmark

9  made an explicit and unprompted reference to the Court's ruling today during his testimony.  Notably, Dr.

10  Hartzmark issued his report and gave his deposition *before* the Court issued its summary judgment ruling.

11  Accordingly, there was no way that he could have relied on it in forming his opinion.  The reference to

12  the ruling, in violation of the Court's clear order, was gratuitous and apparently premeditated.  Notably,

13  when Defense counsel made reference to the fact that Dr. Hartzmark appeared coached to make that

14  statement, Plaintiff's counsel did not deny it. (1/31/23 Rough Tr. at 213:23-214:12.).  Plaintiff should not

15  be rewarded for his improper reference to the summary judgment order with an unnecessary and

16  prejudicial instruction.

### CONCLUSION

18    For the foregoing reasons, Defendants respectfully request the Court reject Plaintiff's proposed

19  Closing Jury Instructions.

21  DATED:  January 31, 2023         Respectfully submitted,

22                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

23

24                    By: */s/ Alex Spiro*
                         Alex Spiro *(appearing pro hac vice)*

25                    *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss,*
26                    *Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias,*
                      *James Murdoch, Kimbal Musk, and Linda Johnson Rice*