QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*appearing pro hac vice*)
   alexspiro@quinnemanuel.com
   Andrew J. Rossman (*appearing pro hac vice*)
   andrewrossman@quinnemanuel.com
   Ellyde R. Thompson (*appearing pro hac vice*)
   ellydethompson@quinnemanuel.com
   Jesse Bernstein (*appearing pro hac vice*)
   jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

   Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
   Anthony P. Alden (Bar No. 232220)
   anthonyalden@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' EXCEPTIONS TO THE COURT'S PROPOSED VERDICT FORM (ECF NO. 585)** |

# INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rules 49 and 51, as well as the Court's Civil Pretrial Instructions Section C. 5, Defendants reassert and incorporate by reference their original Proposed Verdict Form, Amended Proposed Verdict Form, and Second Amended Proposed verdict form and all accompanying arguments. ECF Nos. 484, 511, 528. Defendants respectfully request that the Court adopt their Second Amended Proposed Verdict Form (ECF No. 528-1) and object and take exception to the Court's Proposed Verdict Form on the grounds and to the extent that it differs in from the Defendants' January 4, 2023 submission. *See* ECF Nos. 484; 528. However, as noted in Defendants' Request to Adopt Their Second Amended Verdict Form, Defendants reserved the right to modify the damages portion of the Verdict Form due to the uncertainty surrounding Plaintiff's options model and theory. ECF No. 528 at 2. Testimony has clarified some of this uncertainty, and accordingly, Defendants request that the Court adopt the additional below proposals regarding damages and implied volatility as well.

In addition to the objections and arguments outlined and incorporated by reference above, Defendants would like to bring the Court's attention to the following exceptions and respectfully request that the Court adopt their proposed changes.

Defendants take exception to the Court's omission of any question asking the jury to determine when the truth was revealed to the market. Not only is this question necessary to resolve the time period for which Plaintiff may rely on the fraud-on-the-market presumption, but the jury will be expressly instructed that it must make that determination. *See* ECF No. 573 at 50. It is therefore appropriate and necessary to include such a question on the verdict form.

Defendants also take exception to the Court's inclusion of damages charts with pre-filled in dates and accompanying instructions to determine inflation and volatility "**on each date** during the Class Period" on the grounds that they are prejudicial and unduly suggestive. ECF No. 585 at 6. The parties dispute whether Plaintiff has met his burden and is entitled to damages for each day of the Class Period. By including all dates in the charts and instructing the jury to determine the amount of inflation and volatility "on each date," the Court is effectively informing the jury that it is required to award damages for each day of the Class Period. Instead, the Verdict Form should omit the dates from the damages charts and include an instruction that the jury need only enter calculations for the days for which they found

Plaintiff proved damages. Finally, Defendants request—in light of the dispute regarding the reliability of Plaintiff's options model—that the jury be asked to decide whether Plaintiff's application of the Black-Scholes-Merton model is reliable.

## I. THE JURY SHOULD DETERMINE WHEN THE MARKET LEARNED THE TRUTH OF THE ALLEGED MISSTATEMENTS

Defendants take exception to the Court's omission of any question asking the jury to determine the date upon which the market learned the truth about the information that was allegedly misstated in Statements Nos. 1 and 2.

The resolution of this question by the finder of fact is necessary because the date of the full corrective disclosure remains a key disputed issue with a profound impact on damages in this case. If the jury determines that the August 13 Blog Post disclosed all of the necessary information to the market, Plaintiff will, at a minimum, not be able to prove reliance or obtain damages for any events that post-date that disclosure, including the *New York Times* article whose impact on the market is primarily responsible for damages in Dr. Hartzmark's report. Moreover, if the August 13 Blog Post disclosed all necessary information, because the market price of Tesla's stock **did not go down** in response to that information, it suggests that investors were not harmed by the original Tweets.

As the Supreme Court made clear in *Basic* and *Haliburton II*, fraud-on-the-market reliance is only presumed for the period of time between when the "misrepresentations were made and when the truth was revealed." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267-68 (2014); *Basic Inc. v. Levinson*, 485 U.S. 224, 248-49 (1988) (because "news of the merger discussions credibly entered the market and dissipated the effects of the misstatements, those who traded Basic shares after the corrective statements would have no direct or indirect connection with the fraud"). In fact, the jury will be instructed on this very inquiry. ECF No. 573 at 50 (Reliance Instruction) ("The fraud-on-the-market presumption of reliance is limited to the time between when the misrepresentation was made and when the truth was revealed"). Given the state of the law and the fact that one current dispute in this case concerns the period for which Plaintiff may rely on the fraud-on-the-market presumption, it is necessary for the jury to provide a clear answer to this question on the verdict form. *See United States v. Real Prop. Located at 20832 Big Rock Drive, Malibu, Cal. 902655,* 51 F.3d 1402, 1408 (9th Cir. 1995) (verdict form must include questions

that "are reasonably capable of an interpretation that would allow the jury to address all factual issues essential to judgment").

Defendants therefore respectfully request that the Court include the following question on the Verdict Form after liability and before damages:

> On what date was the truth revealed about the statement(s) for which you found Plaintiff proved his Rule 10b-5 Claim?
>
> Date for Statement 1: _____
>
> Date for Statement 2: _____

## II. THE COURT'S PROPOSED DAMAGES CHARTS ARE UNDULY SUGGESTIVE AND PREJUDICIAL

Defendants take exception to the Court's instruction and accompanying damages charts on the grounds that they are unduly suggestive and therefore prejudicial to Defendants. In its Proposed Verdict Form, the Court provides the jury with charts with pre-filled in dates and instructs the jury to "[d]etermine the amount of artificial inflation…on each date during the Class Period" and "[d]etermine the 'but for' implied volatility percentages…for each option contract maturity date during the Class Period." ECF No. 585 at 6-8. These charts and accompanying description instruct the jury that it is required to find damages for each day of the Class Period. But Defendants dispute that Plaintiff is entitled to damages for each day of the Class Period on multiple grounds, including that the truth was revealed to the market at least by August 13 and that Plaintiff is therefore unable to prove reliance for August 14-17. The Court's instructions and pre-filled charts improperly put a thumb on the scale in favor of the Plaintiff's position by not providing the jury with the option to exclude certain dates, which suggest that Plaintiff is entitled to—and the jury must award—damages for each and every day.

In addition, Professor Heston has admitted at trial that the implied volatility of options traded in the real world differs by strike price, not just maturity. (*See* 1/31 Tr. at 1597:2-4 ("Now, of course, call options with different strike or different expirations will have different values . . ."); *Id.* at 1636:18-25 ("No. No model will perfectly fit any set of real data because the real world is not a laboratory we completely control. We have different people buying and selling at different prices throughout the day.").) It would thus be erroneous, contrary to the evidence, and unduly prejudicial to suggest to the jury that

finding but-for volatilities for just 17 option maturities is sufficient. Yet, that is precisely what the Court's proposed verdict form does. Either the jury should be asked to explicitly make such a finding or it should be asked to determine the but-for volatilities for each separate option on which Plaintiff sued.

Defendants request that the Court use a more neutral description of the jury's charge in the verdict form by (1) deleting all pre-filled dates in the charts, (2) providing instructions that make clear to the jury that it may decline to fill in any number for dates during the Class Period for which Plaintiff failed to prove he was entitled to damages, and (3) requiring that the jury make a finding that Plaintiff has offered a reliable methodology for deriving but-for implied volatilities or that it must determine the but-for volatilities for each separate option on which Plaintiff sued, as follows:

**Common Stock**

1. Determine the amount of artificial inflation per share of Tesla stock proved by Plaintiff during the Class Period and write it in the table below. If you found that Plaintiff did not prove artificial inflation or is not entitled to damages on any particular day or days, please leave that date blank.

| Date |  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|
| ($/share) |  |  |  |  |  |  |  |  |  |

**Options**

2. Has Plaintiff proven that the Black-Scholes-Merton model can reliably be used to calculate but-for implied volatilities for each Tesla stock option traded during the Class Period?

Yes: _____   No: _____

IF YOU CHECKED "YES," PLEASE PROCEED TO THE NEXT QUESTION.

IF YOU CHECKED "NO," PLEASE PROCEED TO QUESTION NO. 4.

3. Determine the "but for" implied volatility percentages proved by Plaintiff for each option contract maturity date during the Class Period and write it in the table below. If you found that Plaintiff did not prove "but-for" implied volatility for any particular option contract or for any particular date or is not entitled to damages on any particular day or days, please leave that date and/or option contract maturity date blank.

| | | Day of Class Period at Close of Market | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| **Maturity Date** | Aug 10, 2018 | | | | | | | | |
| | Aug 17, 2018 | | | | | | | | |
| | Aug 24, 2018 | | | | | | | | |
| | Aug 31, 2018 | | | | | | | | |
| | Sep 7, 2018 | | | | | | | | |
| | Sep 14, 2018 | | | | | | | | |
| | Sep 21, 2018 | | | | | | | | |
| | Sep 28, 2018 | | | | | | | | |
| | Oct 19, 2018 | | | | | | | | |
| | Nov 16, 2018 | | | | | | | | |
| | Dec 21, 2018 | | | | | | | | |
| | Jan 18, 2019 | | | | | | | | |
| | Feb 15, 2019 | | | | | | | | |
| | Mar 15, 2019 | | | | | | | | |
| | Jun 21, 2019 | | | | | | | | |
| | Aug 16, 2019 | | | | | | | | |
| | Jan 17, 2020 | | | | | | | | |

**Corporate Bonds**

4. Determine the amount of artificial inflation per Tesla corporate bond proved by Plaintiff on each date during the Class Period and write it in the table below.  If you found that Plaintiff did not prove artificial inflation or is not entitled to damages on any particular day or days, please leave that date blank.

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2019 Note | | | | | | | | |
| 2021 Note | | | | | | | | |
| 2022 Note | | | | | | | | |

Finally, Defendants reserve the right to supplement their exceptions to the Verdict Form's questions on damages until after Plaintiff's experts have testified and Plaintiff has rested his damages case. *See* ECF No. 585 at 1-2 (reserving resolution of damages charts until after Professor Hartzmark has testified).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court adopt their exceptions and proposals regarding the Verdict Form as articulated herein and in ECF Nos. 484, 511, and 528.

DATED:  February 1, 2023            Respectfully submitted,

                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

                           By: */s/ Alex Spiro*
                               Alex Spiro *(appearing pro hac vice)*

                           *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 1st day of February 2023.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Alex Bergjans*
Alex Bergjans

*Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss, Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias, James Murdoch, Kimbal Musk, and Linda Johnson Rice*