*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Daniel Fischel | 8 | Already admitted. | | |
| Daniel Fischel | 11 | Already admitted. | | |
| Daniel Fischel | 12 | Already admitted. | | |
| Daniel Fischel | 13 | Already admitted. | | |
| Daniel Fischel | 15 | Already admitted. | | |
| Daniel Fischel | 16 | Exhibit 16 is incomplete.  Plaintiff should use Exhibit 53, which is the complete version of the document. | Plaintiff will use exhibit 53. | O |
| Daniel Fischel | 17 | Already admitted. | | |
| Daniel Fischel | 23 | Already admitted. | | |
| Daniel Fischel | 26 | No objection to Plaintiff questioning Professor Fischel about Exhibit 26; however, Plaintiff cannot seek to introduce the exhibit through Professor Fischel, as he lacks personal knowledge and is not able to lay a foundation.  To the extent Plaintiff seeks to introduce Exhibit 26, Plaintiff must do so through a percipient witness with personal knowledge.  If and when Plaintiff seeks to do so, Defendants reserve the right to object. | Exhibit 26 is the same press release as Exhibit 130, which has already been admitted into evidence.

Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 1. | O |

***In re Tesla, Inc. Securities Litigation***, **Case No. 3:18-cv-04865-EMC (N.D. Cal.)**
**Plaintiff's Counter Disclosures for Day 9 – February 1, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Daniel Fischel | 27 | Already admitted. | | |
| Daniel Fischel | 33 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 1. | O |
| Daniel Fischel | 53 | Already admitted. | | |
| Daniel Fischel | 58 | Already admitted. | | |
| Daniel Fischel | 150 | Already admitted. | | |
| Daniel Fischel | 151 | Already admitted. | | |
| Daniel Fischel | 171 | Already admitted. | | |
| Daniel Fischel | 229 | Already admitted. | | |
| Daniel Fischel | 322 | Already admitted. | | |
| Daniel Fischel | 337 | Already admitted. | | |
| Daniel Fischel | 338 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 3. | O |
| Daniel Fischel | 375 299-452 | Exhibit 370 is Professor Hartzmark's expert report.  Plaintiff can question Professor Fischel about Professor Hartzmark's opinions, but his report is not evidence and should not be admitted into evidence. | Pages 299 through 452 of Professor Hartzmark's Damages Report, Exhibit 375, Appendix 14. This is a Tesla news chronology, which summary of voluminous records pursuant to Fed. R. Evid. 1006. Plaintiff will not seeking to move this | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | exhibit into evidence with Professor Fischel. | |
| Daniel Fischel | 378 | Exhibit 378 is Professor Fischel's expert report.  Plaintiff can question Professor Fischel about his opinions, but his report is not evidence and should not be admitted into evidence. | Plaintiff is not seeking to admit this expert report into evidence. | R |
| Daniel Fischel | 414 | See objection to Exhibit 26. | Defendants disclose this on their exhibit list and therefore wave any objections. Exhibit 414 is an August 17, 2018 research article titled "S3 Analytics: No Tesla Short Squeeze, Shorts up $1.2 billion since 'The Tweet'" This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 423 | Exhibit 423 is Professor Fischel's expert report.  Plaintiff can question Professor Fischel about his opinions, but his report is not evidence and should not be admitted into evidence. | Plaintiff is not seeking to admit this expert report into evidence. | R |
| Daniel Fischel | 424 | See objection to Exhibit 26. | Exhibit 424 is an August 1, 2017 article that discloses to the market that Mr. Musk had mental health issues. Professor Fischel will testify that the August 16, 2018 New York Times article revealed for the first time that Mr. Musk had mental health issues and that is what moved the market. Professor Fischel testified to this Exhibit during his deposition, and given his testimony, is clearly relevant. Preventing Plaintiff from crossing Professor Fischel on | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | the main corrective disclosure in this case would be highly prejudicial. | |
| Daniel Fischel | 425 | See objection to Exhibit 26. | Exhibit 425 is an January 14, 2018 article that discloses to the market that Mr. Musk had mental health issues. Professor Fischel will testify that the August 16, 2018 New York Times article revealed for the first time that Mr. Musk had mental health issues and that is what moved the market. Professor Fischel testified to this Exhibit during his deposition, and given his testimony, is clearly relevant. Preventing Plaintiff from crossing Professor Fischel on the main corrective disclosure in this case would be highly prejudicial. | O |
| Daniel Fischel | 426 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 7. | O |
| Daniel Fischel | 427 | See objection to Exhibit 26. | Exhibit 427 is an August 17, 2018 CBS News article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 428 | Fed. R. Evid. 401, 402, 403. Exhibit 428 is Professor Fischel's expert report from an unrelated case. | Professor Fischel prepared this report in Lawrence E. Jaffe Pension Plan vs. Household International, Inc., another securities fraud case. Questioning Professor Fischel about this report is proper because it is relevant and not unfairly prejudicial. | O |
| Daniel Fischel | 429 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Defendants' objections have been overruled pursuant to the Courts' | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | Order Regarding Objections to January 31 Evidence. ECF 645-1 at 7. | |
| Daniel Fischel | 521 | Fed. R. Evid. 403, 602, 701, 702, 801, 901; *see also* objection to Exhibit 26.  This exhibit is a video that contains improper and inflammatory legal conclusions made by reporters, which the Court has already ruled in a similar article are unfairly prejudicial and inadmissible.  (ECF No. 506-1 at 12 ("there are significant Rule 403 issues [to the article in question]. The headline is inflammatory and goes close to the ultimate issue in the case. To the extent that Dr. Hartzmark reviewed and relied upon the article in forming his opinions, Dr. Hartzmark may describe it. But the article itself is inadmissible under Rule 403."). | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 7. | O |
| Daniel Fischel | 535 | See objection to Exhibit 26. | Given the Court's prior ruling, Plaintiff reserves the right to question Professor Fischel on this report but will not seek to move it into evidence. *see* ECF 645-1 at 9. | R<br><br>Foundation required. |
| Daniel Fischel | 539 | See objection to Exhibit 26. | Given the Court's prior ruling, Plaintiff reserves the right to question Professor Fischel on this report but will not seek to move it into evidence. *see* ECF 645-1 at 9. | R<br><br>Foundation required. |
| Daniel Fischel | 543 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 10. | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Daniel Fischel | 552 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 10. | O |
| Daniel Fischel | 553 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 10. | O |
| Daniel Fischel | 557 | See objection to Exhibit 26. | Exhibit 557 is an August 7, 2018, Bloomberg article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 565 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 10. | O |
| Daniel Fischel | 566 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 10. | O |
| Daniel Fischel | 570 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 10-11. | O |
| Daniel Fischel | 572 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 11. | O |
| Daniel Fischel | 586 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 586 is an August 17, 2018, CNN article. This is within the class | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | period and therefore should be admitted consistent with this Court's prior rulings. | |
| Daniel Fischel | 587 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 587 is an August 17, 2018, Reuters article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 594 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 11. | O |
| Daniel Fischel | 595 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 11. | R<br><br>Not independently admissible; foundation via witness needed |
| Daniel Fischel | 596 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 596 is an August 7, 2018, analyst report. This is within the class period and therefore Defendants' objections should be overruled consistent with this Court's prior rulings. | O |
| Daniel Fischel | 600 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 600 is an August 7, 2018, analyst report. This is within the | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | | class period and therefore should be admitted consistent with this Court's prior rulings. | |
| Daniel Fischel | 625 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 625 is an August 7, 2018, analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | R<br><br>Foundation required |
| Daniel Fischel | 626 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 626 is an August 7, 2018, analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | R<br><br>Foundation required |
| Daniel Fischel | 632 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 632 is an August 8, 2018, analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 641 | See objection to Exhibit 26. | Exhibit 641 is an August 8, 2018, analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 651 | See objection to Exhibit 26. | Defendants' objections have been overruled pursuant to the Courts' Order | R |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | Regarding Objections to January 31 Evidence. ECF 645-1 at 11. | |
| Daniel Fischel | 671 | See objection to Exhibit 26. | To the extent that Professor Fischel relied upon this article, it is appropriate for questioning. | |
| Daniel Fischel | 672 | See objection to Exhibit 26. | Exhibit 672 is an August 7, 2018, CNN article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 673 | See objection to Exhibit 26. | Given the Court's prior ruling, Plaintiff reserves the right to question Professor Fischel on this report but will not seek to move it into evidence. *see* ECF 645-1 at 9. | R |
| Daniel Fischel | 674 | See objection to Exhibit 26. | Given the Court's prior ruling, Plaintiff reserves the right to question Professor Fischel on this report but will not seek to move it into evidence. *see* ECF 645-1 at 9. | R |
| Daniel Fischel | 675 | Fed. R. Evid. 401, 402, 403, 602, 801; *see also* objection to Exhibit 26. | Given the Court's prior ruling, Plaintiff reserves the right to question Professor Fischel on this report but will not seek to move it into evidence. *see* ECF 645-1 at 9. Because Exhibit 675 is linked to an article from (Exhibit 674) before the class period, Professor Fischel may testify to it, but it is not independently admissible pursuant to this Court's Order. *see* ECF 645. | R |
| Daniel Fischel | 676 | Exhibit 676 is a portion of Professor Hartzmark's expert report. Plaintiff can question Professor Fischel about Professor Hartzmark's opinions, but his report is not evidence and should not be admitted into evidence. | Exhibit 676 is Dr. Hartzmark's curriculum vitae and will likely be in evidence prior to Professor Fischel's testimony. | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Daniel Fischel | 720 | See objection to Exhibit 26. | Exhibit 720 is an August 14, 2018 analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 721 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 14. | O |
| Daniel Fischel | 722 | See objection to Exhibit 26. | Exhibit 722 is an August 17, 2018 analyst report, This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 724 | See objection to Exhibit 26. | Exhibit 724 is an August 8, 2018 analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 725 | See objection to Exhibit 26. | Exhibit 725 is an August 8, 2018 Wall Street Journal article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 726 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 726 is an August 13, 2018 Business Insider article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 727 | See objection to Exhibit 26. | Because this analyst report is from before the class period, Professor Fischel may testify to it, but it is not independently | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | admissible pursuant to this Court's Order. *see* ECF 645. | If foundation laid, not independently admissible |
| Daniel Fischel | 728 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Defendants' objections have been overruled pursuant to the Courts' Order Regarding Objections to January 31 Evidence. ECF 645-1 at 14. | O |
| Daniel Fischel | 730 | See objection to Exhibit 26. | Exhibit 730 is an August 12, 2018 Bloomberg article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 732 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 732 is an August 8, 2018 analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 733 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 733 is an August 7, 2018 analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 734 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 734 is an August 8, 2018 analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Daniel Fischel | 763 | See objection to Exhibit 26. | Exhibit 763 is an August 12, 2018 Business Insider article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 775 | Exhibit 775 is a portion of an expert report. Plaintiff can question Professor Fischel about the report, but it is not evidence and should not be admitted into evidence. | Plaintiff is not seeking to admit this expert report into evidence. | O<br><br>If written by witness. |
| Daniel Fischel | 776 | Exhibit 776 is a portion of an expert report. Plaintiff can question Professor Fischel about the report, but it is not evidence and should not be admitted into evidence. | Plaintiff is not seeking to admit this expert report into evidence. | O<br><br>If written by witness. |
| Daniel Fischel | 845 | See objection to Exhibit 26. | Exhibit 845 is an August 9, 2018 LA Times article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 847 | See objection to Exhibit 26. | Exhibit 845 is an August 13, 2018 Market Watch article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 848 | See objection to Exhibit 26. | Exhibit 845 is an August 13, 2018 Canadian Press article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 855 | See objection to Exhibit 26. | Because this analyst report is from after the class period, Professor Fischel may testify to it, but it is not independently admissible pursuant to this Court's Order. *see* ECF 645. | R<br><br>Not independently admissible. |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Counter Disclosures for Day 9 – February 1, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Daniel Fischel | 862 | See objection to Exhibit 26. | Exhibit 862 is an August 13, 2018 LA Times article. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Daniel Fischel | 1010 | See objection to Exhibit 26. | Defendants disclose this exhibit for Professor Fishel and therefore waive any objections. Exhibit 1010 is an August 17, 2017 analyst report. This is within the class period and therefore should be admitted consistent with this Court's prior rulings. | O |
| Amit Seru | 370 | Exhibit 370 is Professor Seru's expert report.  Plaintiff can question Professor Seru about his opinions, but his report is not evidence and should not be admitted into evidence. | Plaintiff is not seeking to admit this expert report into evidence. | R |
| Amit Seru | 370-22 to 370-29 | See objection to Exhibit 370. | Plaintiff is not seeking to admit this expert report into evidence. | R |
| Amit Seru | 382 | See objection to Exhibit 370. Defendants have no objection to cross-examination of Professor Seru using the document but it should not come into evidence. | Plaintiff is not seeking to admit this into evidence. | R |
| Amit Seru | 671 | Fed. R. Evid. 401, 402, 602, 801. Professor Seru will offer no opinion at trial relating to this document or its contents. | Professor Seru cites to this document in his report. To the extent that Professor Seru relied upon this article or a subject matter related to this article (i.e. Musk's desire to take Tesla private), it is appropriate for questioning, despite whether he is offering an opinion at trial on the document itself. Plaintiff will prove foundation at trial. | R |
| Amit Seru | 677 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| Amit Seru | Heston's Demonstratives | No objection.  Defendants have no objection to cross-examination of Professor Seru using these demonstratives but they should not come into evidence for the reasons stated in Defendants' objections thereto. | Plaintiff reserves his rights pending the Court's ruling on demonstratives. | R |
| Sam Teller | 8 | Already admitted. | | |
| Sam Teller | 12 | Already admitted. | | |
| Sam Teller | 13 | Already admitted. | | |
| Sam Teller | 76 | No objection. | | |
| Sam Teller | 77 | No objection. | | |
| Sam Teller | 80 | Already admitted. | | |
| Sam Teller | 104 | Fed. R. Evid. 401, 402, 403. | Exhibit 104 contains emails between Mr. Teller and Defendant Elon Musk concerning the response to Mr. Musk's July 2018 "pedo guy" tweets. The Court has already held that this goes directly to the Board's good faith defense and is not unduly prejudicial. ECF No. 506-1 at 9. The emails and related testimony are highly relevant to Defendants Tesla, Elon Musk, and Antonio Gracias' awareness of the effects of Mr. Musk's tweeting immediately prior to the class period and the defenses of Defendants Tesla and Gracias. This is not unfairly prejudicial, and any prejudice is substantially outweighed by the exhibit's probative value. | O |
| Sam Teller | 105 | Already admitted. | | |
| Sam Teller | 107 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Sam Teller | 108 | No objection. | | |
| Sam Teller | 110 | Fed R. Evid. 801, 401, 402, 403, 602, 701.  Exhibit 110 is a collection of more than 400 text messages sent and received by Mr. Teller from July 31, 2018 to August 14, 2018.  Many of the text messages are irrelevant or contain hearsay and other inadmissible statements from third parties.  It is unclear which text messages Plaintiff intends to use with Mr. Teller and Defendants are therefore unable to specifically object without such a disclosure and additional context.  To assist Defendants respond to this Exhibit and the Court resolve any potential disputes, Defendants request that Plaintiff identify which text messages he intends to use.  Defendants are willing to meet and confer with Plaintiff after said identification to narrow any disputes and reach a potential stipulation.  Defendants take the position that, in any event, the entirety of Exhibit 110 should not be admitted into evidence; only the text messages that are shown to the jury during Mr. Teller's examination should be. | Plaintiff will meet and confer regarding the text messages he intends to use. | O if narrowed. |
| Sam Teller | 113 | No objection. | | |
| Sam Teller | 114 | No objection. | | |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| Sam Teller | 115 | No objection. | | |
| Sam Teller | 116 | No objection. | | |
| Sam Teller | 117 | No objection. | | |
| Sam Teller | 118 | Fed. R. Evid. 801, 402, 403, 701. | Plaintiff is not using this exhibit for the truth of the matter asserted. This exhibit is a series of emails between Mr. Teller and Elliot Mattingly, a research analyst and select automotive fund manager at Fidelity Investments, an investor in Defendant Tesla.  The August 9, 2018 emails concern scheduling a call between Mr. Musk and Mr. Mattingly to discuss the going-private transaction, and are relevant to the subject of this litigation.  Mr. Teller's emails were sent in the course of employment at Tesla and are therefore statements by a party opponent. Mr. Mattingly's responses are required for completeness and go to their effect on Mr. Teller.  Furthermore neither Mr. Teller nor Mr. Mattingly offer expert testimony in this email but discuss speaking to "legal/compliance" before scheduling a call with Mr. Musk. This offers no legal conclusions and is therefore not improper pursuant to Fed. R. Evid. 701. Because this exhibit is relevant and not unfairly prejudicial, Defendants' objections should be overruled.<br><br>*See* ECF No. 615-1 (overruling objection to similar emails to set up meetings re Musk's Twitter habits) | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | | | |
| Sam Teller | 119 | No objection. | | |
| Sam Teller | 120 | No objection. | | |
| Sam Teller | 973 | Fed R. Evid. 801, 401, 402, 403, 602, 701.  Exhibit 973 is a collection of more 297 text messages sent and received by Mr. Teller from August 15, 2018 to August 24, 2018.  Many of the text messages are irrelevant or contain hearsay and other inadmissible statements from third parties.  It is unclear which text messages Plaintiff intends to use with Mr. Teller and Defendants are therefore unable to specifically object without such a disclosure and additional context.  To assist Defendants respond to this Exhibit and the Court resolve any potential disputes, Defendants request that Plaintiff identify which text messages he intends to use.  Defendants are willing to meet and confer with Plaintiff after said identification to narrow any disputes and reach a potential stipulation.  Among other objections—which Defendants will identify with particularity once Plaintiff discloses which text messages he intends to use— Defendants object to Message No. 95 at 973-6 as irrelevant, unfairly | Plaintiff will meet and confer regarding the text messages he intends to use.<br><br>Plaintiff will not be using Message No. 95, which references Jeffrey Epstein. | O if narrowed. |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
**Plaintiff's Counter Disclosures for Day 9 – February 1, 2023**

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---------|-----|----------------------|---------------------|--------|
| | | prejudicial, and confusing to the jury.  Defendants take the position that, in any event, the entirety of Exhibit 973 should not be admitted into evidence; only the text messages that are shown to the jury during Mr. Teller's examination should be. | | |
| Nii Koney | Exhibit 61 | Fed. R. Evid. 403, 602, 801.  This email contains the hearsay speculation of a third party who is not the witness and who was not deposed and will not be testifying at trial, that Mr. Musk could be "lying about the secured financing for a buy out."  Plaintiff is improperly seeking to use the article to inflame and confuse the jury into believing that it was determined that Mr. Musk was "lying" about the go private transaction.  To the extent the Court allows Plaintiff to admit Exhibit 61, the third-party's inflammatory hearsay email at the bottom of the page should be redacted. | Exhibit 61 is a series of emails between Mr. Koney and a colleague reacting to Mr. Musk's tweets early in the class period. The emails are authenticated by Mr. Koney's in his designated testimony, which is an exception to hearsay pursuant to Fed. R. Evid. 804(b)(1). The Court has already found that Mr. Musk's tweets were false and made with deliberate recklessness. ECF 387. This testimony is not unfairly prejudicial as it is consistent with the Court's order and will in no way confuse the jury. The court has also previously overruled Defendants' similar objections to exhibits containing reactions to Mr. Musk's tweets. ECF No. 615-1, at 15 (Holding that analyst emails were relevant and not unduly prejudicial); ECF 606-1, at 13, 14, 15 (allowing third party emails from analysts during the class period in response to the tweet). Accordingly, Defendants' objections should be overruled. | O |
| Nii Koney | 67:10 – 67:14 | No objection. | | |
| Nii Koney | 68:05 – 68:11 | Fed. R. Evid. 403, 602, 801.  This testimony covers Exhibit 61 | Testimony regarding Exhibit 61 is relevant and necessary to authenticate the exhibit. | O |

*In re Tesla, Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC (N.D. Cal.)
Plaintiff's Counter Disclosures for Day 9 – February 1, 2023

| Witness | Ex. | Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|---|---|
| | | (addressed above), and in particular, the hearsay speculation of a third party who is not the witness and who was not deposed and will not be testifying at trial, that Mr. Musk could be "lying about the secured financing for a buy out." Plaintiff is improperly seeking to use the testimony to inflame and confuse the jury into believing that it was determined that Mr. Musk was "lying" about the go private transaction. | This is not unfairly prejudicial because the Court has already found that Mr. Musk's tweets were false and made with deliberate recklessness. ECF 387. Mr. Koney testifies as to his foundation and this testimony is an exception to hearsay pursuant to Fed. R. Evid. 804(b)(1). | |
| Nii Koney | 70:10 – 70:23 | No objection. | | |
| Nii Koney | 70:25 – 71:11 | No objection. | | |
| Nii Koney | 71:20 – 72:09 | No objection. | | |
| Ira Ehrenpreis | See previous disclosures | N/A | | |
| James Murdoch | See previous disclosures | N/A | | |
| Kimbal Musk | See previous disclosures | N/A | | |
| Linda Rice | See previous disclosures | N/A | | |