UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE TESLA INC. SECURITIES
LITIGATION

Case No.  18-cv-04865-EMC

**CLOSING JURY INSTRUCTIONS**

**CLOSING JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**JURY INSTRUCTION NO. 2**

**DOCUMENTS AND TESTIMONY NOT IN EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; if I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3**

**SEC INVESTIGATION**

During the course of the trial, you have heard testimony and seen evidence related to an investigation by the U.S. Securities and Exchange Commission.  You have not heard or seen any evidence about how the SEC's investigation concluded.  You should not make any assumptions about the outcome of the SEC investigation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 4**

**BURDEN OF PROOF – PREPONDERANCE OF EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presents it.

1

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5**

**CORPORATE ENTITIES**

One of the parties in this case, Tesla, Inc., is a corporation.  Under the law, a corporation is considered to be a person.  All parties are equal under the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

An officer of a company is acting within the scope of authority if the officer is engaged in the performance of duties which were expressly or impliedly assigned to the officer by the company.

If you find against Mr. Musk, but do not find that Mr. Musk was acting within the scope of authority as an officer of Tesla, then you must find that Tesla is not liable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 6

## RULE 10b-5 CLAIM

The buying and selling of securities is controlled by the Securities Laws.  A "10b5-Claim" is a claim brought under a federal statute, Section 10(b) of the Securities Exchange Act of 1934, which in essence prohibits acts of deception in connection with the purchase or sale of a security and in violation of rules and regulations that the SEC has the duty and power to issue.  A corresponding SEC Rule, Rule 10b-5, prohibits the misrepresentation of material facts and the omission of material facts in connection with the purchase or sale of securities.  A person or business entity who violates the securities laws, including Rule 10b-5, may be liable for damages caused by the violation.

Plaintiff alleges that Elon Musk and Tesla, Inc. violated Rule 10b-5 and harmed investors by making materially false and misleading statements about a proposed going-private transaction and its financing.  This is referred to as "Plaintiff's 10b-5 claim."

On this claim, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1) Elon Musk and/or Tesla made untrue statements of a material fact in connection with the purchase or sale of securities;

2) Elon Musk and/or Tesla acted with the necessary state of mind (*i.e.*, knowingly or with reckless disregard for the truth or falsity of the statements);

3) Elon Musk and/or Tesla used an instrument of interstate commerce in connection with the sale and/or purchase of Tesla securities;

4) Plaintiff justifiably relied on Elon Musk and/or Tesla's untrue statements of material fact in buying or selling Tesla securities during the Class Period; and

5) Elon Musk and/or Tesla's misrepresentations caused Plaintiff to suffer damages.

An instrumentality of interstate commerce includes the postal mails, e-mails, telephone, telegraph, telefax, interstate highway system, Internet and similar methods of communication and travel from one state to another within the United States.

You are to assume that the statements "Funding secured" and "Investor support is

1   confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." were

2   untrue.  But you still must decide whether these statements were of material facts.  You must also

3   assume Mr. Musk acted with reckless disregard for whether the statements were true.  But you

4   must still decide whether he knew that the statements were untrue.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 7**

**MAKER OF MISSTATEMENT**

      To be liable for a Section 10(b) violation, the plaintiff must prove that the defendant was the maker of a materially false or misleading statement.  A defendant "makes" a statement if the defendant has ultimate authority over the statement, including its content and whether and how to communicate it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 8**

**MATERIAL MISREPRESENTATION**

Plaintiff must prove by a preponderance of the evidence that Elon Musk and/or Tesla's misrepresentation of a fact was material.

A factual representation concerning a security is material if there is a substantial likelihood a reasonable investor would consider the fact important in deciding whether to buy or sell that security.  A material misrepresentation gives a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists.

A factual representation can be untrue but not material.  For example, if a company inaccurately reports its revenue, this representation is untrue.  The factual representation would be material if the difference between the disclosed revenue and the accurate revenue is significant enough to influence a reasonable investor's decision whether to buy or sell securities in that company.  If it is not, it would not be material.

You must decide whether something was material based on the circumstances as they existed at the time of the statement.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9**

**SCIENTER OR STATE OF MIND**

Plaintiff must prove by a preponderance of the evidence that Elon Musk and/or Tesla acted with the necessary state of mind, which is known as scienter.  Scienter may be established by showing either:

1.  The defendant knew his untrue statement was false, or

2.  The defendant had reckless disregard for whether the statement was true.

"Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or is so obvious that the defendant must have been aware of it.

You are to assume that Elon Musk made the statements "Funding secured" and "Investor support is confirmed. Only reason why this is not certain is that it's contingent on a shareholder vote." with at least reckless disregard for whether the statements were true.  But you must still decide whether Mr. Musk acted knowingly.

1

**JURY INSTRUCTION NO. 10**

2

**IMPUTATION OF SCIENTER**

3        A corporation can only act through its employees, agents, directors, and officers and can

4  likewise only have scienter through them.

5        If you find that Elon Musk acted with scienter and was acting within the scope of his

6  authority while tweeting the statements at issue on August 7, then his scienter may be imputed to

7  Tesla.  If you find that Elon Musk acted with scienter but was not acting within the scope of his

8  authority while tweeting the statements at issue on August 7, then his scienter cannot be imputed

9  to Tesla.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11**

**RELIANCE**

Plaintiff must prove by a preponderance of the evidence that he relied on Defendants' alleged material misrepresentations and that Plaintiff was justified in doing so.  Plaintiff does not have to show that he and other members of the Class individually relied on the false and/or materially misleading statements at issue if he proves the requirements for invoking a presumption that he and the Class relied on the integrity of the market price, otherwise known as the "fraud-on-the-market" presumption.

If you find that Plaintiff has proven by a preponderance of the evidence that:

1.   An active, open market for Tesla securities existed at the time of the transactions in question,

2.   Investors reasonably relied on that market as an accurate reflection of the current market value of the securities,

3.   The misrepresentations were publicly known and material, meaning that a reasonable investor would have regarded the misrepresentations as having significantly altered the total mix of information they took into account in deciding whether to buy or sell the Tesla security; and

4.   Plaintiff traded the security between when the alleged material misrepresentations were made and when the truth was revealed,

then the fraud-on-the-market presumption applies.  This means that you may find that Plaintiff has proved that he relied on Defendants' statements.

An "active, open market" means that there were a large number of traders, a high level of activity, and frequent trades, such that the price of the security immediately reflects all publicly available information.

Defendants may rebut the presumption that Mr. Littleton relied on the integrity of the market price when purchasing Tesla securities by proving by a preponderance of the evidence that Mr. Littleton did not actually rely on the integrity of the market price when he purchased Tesla securities.  In that event, Mr. Littleton must then prove that he justifiably relied directly on the

13

misrepresentation.  Defendants may also rebut the presumption that the plaintiff class relied on the integrity of the market price when purchasing Tesla securities by proving by a preponderance of the evidence that the misrepresentation did not affect the market price of Tesla's stock.

The fraud-on-the-market presumption of reliance is limited to the time between when the misrepresentation was made and when the truth was revealed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 12

### LOSS CAUSATION

Plaintiff must prove by a preponderance of the evidence that Mr. Musk and/or Tesla's misrepresentations caused their economic injury.  To establish causation, Plaintiff must prove that the misrepresentations played a substantial part in causing the injury or loss that Plaintiff suffered. Plaintiff must reasonably distinguish any security-price reaction to the misrepresentations at issue from the market's reaction to other factors, such as other information or events that could affect the prices of Tesla's securities.  Plaintiff need not prove that the misrepresentations were the sole cause of the economic injuries.

1

2

United States District Court
Northern District of California

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 13**

**DAMAGES**

If you find for Plaintiff on the 10b-5 Claim against Elon Musk and/or Tesla, then you must consider and decide the amount of damages to be awarded to Plaintiff and the Class.  You may award only actual damages in that amount which will reasonably and fairly compensate Plaintiff and the Class for the economic losses they sustained.

Actual damages are measured by the amount of inflation or deflation caused by the misrepresentations on which you based your finding of a 10(b)-5 Claim.  In other words, actual damages are measured by the difference between the price at which a security sold and the price at which the security would have sold absent the alleged material misrepresentations.

There are three categories of securities about which you will be asked to render a verdict on damages: (1) Tesla common stock, (2) Tesla convertible bonds, and (3) Tesla stock options.  A stock option is a financial instrument that gives its buyer (known as the option holder) the right, but not the obligation, to buy or sell stock at a predetermined price at or until a specified date and time in the future.  The price of a stock option is primarily determined by two factors: the price of the stock at the time the option is purchased and the implied volatility of the stock.  Implied volatility is the market's forecast of a likely movement in a security's price.

You will be asked to determine the amount, if any, by which the prices for Tesla common stock and convertible bonds were artificially inflated by the misrepresentations on which you based your finding of a 10(b)-5 Claim for each day during the Class Period.  You will also be asked to determine what the levels of implied volatility for each Tesla stock option would have been for each option maturity bought or sold during the Class Period "but for" the misrepresentations.  Plaintiff bears the burden of proving that the misrepresentations caused a change to the implied volatility for each option maturity on each day of the Class Period.  The Court will use your determinations of price inflation and implied volatility to calculate the damages suffered by Plaintiff and the Class in connection with purchases and sales of Tesla securities during the Class Period.

Your award must be based on evidence and not upon speculation, guesswork, or

conjecture.  Damages need not be proven with mathematical certainty but there must be enough evidence for you to make a reasonable estimate of damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Plaintiff also has the burden of separating out the price decline, if any, caused by factors, if any, other than the alleged misrepresentations.

**JURY INSTRUCTION NO. 14**

**CONTROL PERSON LIABILITY**

Under Section 20(a) of the Securities Exchange Act of 1934, a defendant may be liable as a "controlling person" if during the period that someone else violated Rule 10b-5, the defendant had the authority to control that person or company.

A controlling person is an individual or company that possesses the power to direct the management or policies of a business enterprise or of another person involved in the management or policy-making of the enterprise.

Plaintiff claims that the Tesla's Board of Directors were controlling persons of Tesla and are therefore each liable under the securities laws for any violations of Rule 10b-5 committed by Tesla.  This is referred to as "the Plaintiff's Section 20(a) claim."

On this claim, Plaintiff has the burden of proving by a preponderance of the evidence that each Tesla director possessed, directly or indirectly, the actual power to direct or cause the direction of the management and policies of Tesla where Tesla is liable on Plaintiff's Rule 10b-5 Claim.  Plaintiff does not need to prove that any Tesla director actually exercised that power.

1    **JURY INSTRUCTION NO. 15**

2    **DEFENSE TO CONTROL PERSON LIABILITY**

3        Even if you find that any Tesla director is a controlling person, you must still find that

4    Tesla director not liable if that Tesla director establishes the defense to control person liability.

5    Under the defense to control person liability, each of Tesla's directors has the burden of proving

6    both of the following elements by a preponderance of the evidence:

7        1.  He or she did not directly or indirectly induce the Section 10b–5 violation; and

8        2.  He or she acted in good faith.

9        The director can prove good faith by establishing that he or she maintained and enforced a

10   reasonable and proper system of supervision and internal control.  If the director is found to have

11   been involved in making a statement which violates Section 10b–5, that director can prove good

12   faith by showing a lack of scienter; *i.e.* that the director did not know that the statement was false,

13   nor did the director have reckless disregard for whether the statement was true.

14       If you find that a Tesla director has proved both of these elements, your verdict should be

15   for that director.  If you find that a director has failed to prove either or both of these elements,

16   your verdict should be for Plaintiff.

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

19

1
2
3
4
5
6
7
8
9
10
11
12

United States District Court
Northern District of California

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 16**

**APPORTIONMENT OF LIABILITY**

If you find that Plaintiff proved the 10b-5 claim against Tesla or Mr. Musk and/or the Section 20(a) claims against the other Defendants, then you must take two more steps.

First, you must determine whether any Defendant knowingly violated any securities law. A Defendant commits a knowing violation of the securities laws when (1) they make an untrue statement of material fact, with actual knowledge that the representation is false; and (2) persons are likely to reasonably rely on that misrepresentation.

Second, you must determine what percentage of responsibility, if any, to assign to each Defendant whom you have found to be liable (including those who have acted with reckless disregard).  When apportioning responsibility, the percentages you calculate must total 100% among those parties you find responsible even if you believe that some of the Defendants are 0% responsible.  In determining the percentage of responsibility, you must consider the nature of the conduct of each person you determine caused or contributed to the losses, if any, incurred by the Plaintiff and the nature and extent of the causal relationship between that person's conduct and the losses, if any, incurred by Plaintiff.  If you determine that any person's actions and omissions did not proximately contribute to the loss incurred by Plaintiff, then you are to assign 0% responsibility to that person.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 17

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 18

## CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications,

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 19**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 20**

**REQUEST FOR READBACK**

During deliberations, you will not be given a transcript of the trial testimony or any demonstrative slide that has not been admitted into evidence.  If during jury deliberations, one or more members of the jury decide that they would like a readback of some or all of a witness's testimony or to review one or more demonstrative slides, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or members of the jury.  I will consider the request.

**JURY INSTRUCTION NO. 21**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.