**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
          amccall@zlk.com

*Attorneys for Plaintiff and Counsel for the Class*

[Additional Counsel on Signature Block]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' DEMONSTRATIVE EXHIBITS FOR CLOSING ARGUMENT** |

Defendants improperly exchanged 75 demonstrative exhibits shortly before 8:00 p.m. on Thursday night, well-after Plaintiff's disclosures the day before. Many of these slides are improper as they contain exhibits that are not in evidence and/or misinformation concerning Plaintiff's allegations, the facts in this case, and the jury instructions. Plaintiff also specifically objects to the following slides:

**Slide 2**

Defendants' misrepresentation of the jury instruction on materiality necessitates the exclusion of this slide. Defendants claim that Plaintiff is required to prove "Material Misrepresentation = BOTH (1) important issue for investors AND (2) the difference between what Mr. Musk said and the actual state of affairs was significant enough that investors would have made a different investment decision if they had known the real facts." The jury instructions state that a statement is material "if there is a substantial likelihood a reasonable investor would

consider the fact important in deciding whether to buy or sell that security." ECF No. 655. A statement is materially misleading when it "gives a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *Id*. There is no requirement that an investor would have made a different investment decision, rather all that is required is that they would consider the statement important when making that decision. Defendants' slide clearly misstates this standard. ECF 655 at 10. This slide misstates what is in the jury instructions and will cause confusion to the jurors.

**Slide 7**

In Slide 7 Defendants misstate Mr. Littleton's testimony. First, Mr. said "uh-huh," which is not an answer to a question, but merely an indication that he was following the question. Second, the quoted testimony from Mr. Littleton is misleadingly incomplete. The entirety of his response is as follows: "I said that, but it needs to be a context. There should be a context here. It was we bought -- or loaned money to two-- two nephews and one niece in Minneapolis. And they had to take a whole day off from work to take delivery of their car. And it was like, that was just upsetting to me. After all the things that had happened, it was upsetting to me. That they had to go through that." 451:25-452:6.   This is unfairly prejudicial and warrants exclusion of this slide form Defendants' closing.

**Slide 8**

Slide 8 is unduly prejudicial. First, Defendants' counsel's notes are improper to show to the jury and misstates Mr. Fries' testimony. The testimony on this slide was in response to numerous questions and not just "there were lots of reasons that you were considering investing in Tesla; right?" Mr. Spiro cherry-picked random words from many different answers to create a misleading demonstrative that was not disclosed beforehand. Indeed, Defendants fail to cite to where Mr. Fries testified to the items in this list. The misleading demonstrative contradicts the record and Mr. Fries' testimony that Mr. Fries relied upon news reports of Mr. Musk's tweets when making his investing decisions.

**Slide 10**

See objections to slide 2.

**Slide 21**

In Slide 21, Defendants claim that Mr. Musk's August 7, 2018 tweets that were not part of the summary judgment order and the August 7, 2018 blog post, which was linked "Investor support" Tweet tweet are not part of the lawsuit: they characterize these statements as "What Elon is *not* being sued for:" This is unduly prejudicial as it misstates the allegations against Defendants and will confuse the jury. With respect to the August 7, 2018 blog post, it is part of the Plaintiff's complaint and was explicitly incorporated in the "Investor support" Tweet. The Court has found as a matter of law that the statements therein were false. *see* ECF 387 at 27-28 ("The above indicates that "this" refers to "Taking Tesla Private." There is also a link to the 8/7/2018 blog post…. Defendants argue that the blog post above raises at least a question of fact as to how a reasonable person would view the statement 'Only reason why this is not certain is that it's contingent on a shareholder vote.' The Court is not persuaded."). For these reasons, the Court must exclude this slide from Defendants' closing.

**Slide 22**

Plaintiff objects to Slide 22 as unfairly prejudicial. It is misleading and will confuse the issues and the jury. The falsity of the "Funding Secured" Tweet is not in dispute. *see* ECF 387. While Defendants may argue that the tweets were not material, they may not argue that they were not false. The slide makes no mention of the tweet being materially false and argues, in contravention of this Court's orders, that the Tweet was not false at all. This warrants exclusion from Defendants' closing.

**Slide 25**

See objections to slide 21.

**Slide 26**

Slide 26 is improper as Exhibit 68 was neither disclosed nor admitted into evidence. This is entirely improper and unfairly prejudicial. Accordingly, it warrants exclusion from Defendants' closing.

**Slide 34**

See objections to Slide 2.

1

2   **Slide 44**

3          Slide 44 is misleading and unfairly prejudicial. The inclusion of a picture of Mr. Al-

4   Rumayyan implies that he said funding the going-private transaction "could be as much as 30

5   Billion" rather than Mr. Ahuja, who was testifying.  Neither the testimony nor the exhibit supports

6   the conclusion that it implies—that Mr. Al-Rumayyan had agreed to spend as much as $30 billion

7   to finance the transaction.  In fact, the testimony does not even show who Mr. Ahuja spoke to. It

8   is clear that Defendants want misstate the testimony in an attempt to show that an agreed upon

9   price up to $30 billion. Accordingly, it should be excluded from Defendants' closing.

10  **Slide 45**

11         Slide 45 is misleading and unfairly prejudicial. First, Defendants have intentionally

12  misstated Plaintiff's opening. The record is as follows: "Mr. Brinkman and JP Morgan aren't

13  parties in this case. He has no axe to grind." 1/18 Tr. at 304:13-15.  Defendants misstate Plaintiff's

14  opening in an attempt to show that JP Morgan, not Mr. Brinkman had an axe to grind. Brinkman

15  is an analyst and has nothing to do with JP Morgan suing Tesla. His emails and testimony don't

16  mention warrants at all and show that he was making his suggestions purely based on the tweets.

17  Second, Defendants should not be allowed to include Ex. 244 on the slide which is not a statement

18  from either party that is being used for the truth of the matter asserted.

19  **Slide 53**

20         See objection to Slide 2.

21  **Slide 63**

22         Slide 63 misstates the jury instructions and should be excluded.  This slide makes it clear

23  that Defendants will improperly argue that consequential harm is excluded from actual damages.

24  The Court has previously found that "[i]n the Court's view, insofar as the 'consequential effects'

25  are proximately caused by the Musk Tweets, these damages may be recovered under federal

26  securities law." ECF 494 at 27. Accordingly, this slide contains misinformation relating to the jury

27  instructions and should be excluded.

28  **Slide 64**

1        Slide 64's reference to Exhibit 161 is incomplete and intentionally misleading.  Defendants

2  intentionally edit the document to combine subsection a to come after 1. A review of the document

3  shows that this is improper and misleading. This slide improperly represents the evidence and

4  should be excluded from Defendants' closing.

5  **Slide 65**

6        Slide 65 contains excerpts from the jury instructions relating to damages and loss causation

7  that are incomplete, incoherent, and misleading. With respect to damages, Defendants include an

8  incomplete excerpt of the damage's instruction that is severely prejudicial to Plaintiffs. The slide

9  includes a single word—conjecture—while cutting off the rest of the sentence, and partially

10  removes the word "mathematical" from the slide.  Accordingly, this slide contains misinformation

11  relating to the jury instructions and should be excluded.

12  **Slide 69**

13        Slide 69 contains numerous headlines from articles that were neither admitted into

14  evidence nor were not published to the jury during trial, and is therefore severely prejudicial to

15  Plaintiff. Defendants' inability to cite a single exhibit in this slide speaks volumes.  As no witnesses

16  offered any testimony about these articles or headlines, introducing this slide and related

17  arguments during closing is improper and will be unfairly prejudicial as it will confuse the issues

18  and confuse the jury. Accordingly, this slide should be excluded from Defendants' closing.

19  **Slide 71**

20        See objections to Slide 64.

21

22

23  Dated: February 3, 2023                  Respectfully submitted,

24

25                                     **LEVI & KORSINSKY, LLP**

26

27                                *s/ Adam M. Apton*
                              Adam M. Apton (SBN 316506)

28                                Adam C. McCall (SBN 302130)
                              75 Broadway, Suite 202

San Francisco, CA 94111
Tel.: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Elizabeth K. Tripodi
Alexander A. Krot III
LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel.: (202) 524-4290
Email: nporritt@zlk.com
Email: etripodi@zlk.com
Email: akrot@zlk.com
(admitted *pro hac vice*)

-and-

Joseph Levi
Eduard Korsinsky
Max Weiss
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Email: jlevi@zlk.com
Email: ek@zlk.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff and Counsel for the Class*