UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

18-cv-048645-EMC            IN RE TESLA SECURITIES LITIGATION

**TRIAL SHEET, EXHIBIT and WITNESS LIST**

| JUDGE: | | PLAINTIFF'S ATTORNEY: | DEFENSE ATTORNEYS: |
|---|---|---|---|
| Edward M. Chen | | Nicholas Porritt, Elizabeth Tripodi, Alexander Krot, Joseph Levi, Adam Apton | Alexander Spiro, Andrew Rossman, Phillip Jobe, Ellyde Thompson, Jesse Bernstein, Michael Lifrak, Anthony Alden, Matthew Alexander Bergjans, William Price |
| **TRIAL DATE:** | | **REPORTERS:** | **CLERK:** |
| January 27, 2023 | | Belle Ball/Debra Pas | Vicky Ayala |

| PLF NO. | DEF NO | TIME OFFERED | ID | ADM | DESCRIPTION |
|---|---|---|---|---|---|
| | | 8:08 a.m. | | | Court in session. Housekeeping matters discussed outside the presence of the jury. The Court informed the parties that there had been major problems with transportation that morning because of unscheduled maintenance with BART and that three jurors from the East Bay had not yet arrived. The Court then addressed Plaintiff's emergency motion to compel David Arnold to testify, which had been filed the preceding evening. *See* Docket No. 628. The Court noted the Court's rule that parties had to identify witnesses two days in advance. Because Plaintiff had not done so, the Court explained that it was denying Plaintiff's emergency motion to compel Mr. Arnold would not be required to testify on Friday. But because the Court had not released Mr. Arnold or quashed the trial subpoena, Plaintiff could summon him to appear on Tuesday in accordance with the Court's two-day disclosure rule for witnesses. Defendants reiterated their objections to Mr. Arnold's testimony. *See* Docket No. 619. Defendants also expressed their concern that Plaintiff was not using his time effectively which would prejudice Defendants. The Court explained that each party was entitled to use their trial hours as they saw fit; the Court would not exclude a witness just because Defendants believed it was not the best use of Plaintiff's trial time. The Court then heard argument regarding Defendants' objections to Mr. Arnold's testimony on the merits. *See* Docket Nos. 619, 621. Plaintiff argued that Mr. Arnold's testimony may rebut Defendants' theory that Mr. Musk was acting as a bidder and not as within his role as CEO with respect to the proposed privatization transaction. The Court overruled Defendants' hearsay objections because it found that the disputed emails could be used for a non-hearsay purpose. Namely, because the emails were sent to high-level corporate officers, the jury could draw an inference that these discussions reached Mr. Musk and the Board. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | The emails were therefore probative as to the state of mind of Mr. Musk and the Board because they went to their awareness of the materiality of "funding secured" and the possible need to disseminate corrective information regarding the status of the funding. Next, the Court heard argument regarding Plaintiff's emergency motion for an additional cautionary instruction. *See* Docket No. 623. After hearing argument, the Court denied Plaintiff's motion. The Court noted that it had already instructed the jury twice to address Plaintiff's concerns regarding the falsity of Mr. Musk's tweets. The Court further noted that Plaintiff could ask for a limiting instruction during the course of a witness's testimony. Defendants then asked Plaintiff to make any such request at sidebar. The Court responded that it would not allow a speaking instruction but that if Plaintiff asked for a limiting instruction, the relevant issue would be obvious to the Court. Defendants then lodged a standing request to be heard at sidebar on this issue, which the Court denied. The Court reminded Defendants, however, that they could always ask for a sidebar on this topic should the issue arise. The Court then ruled on the objected-to evidence for Aaron Chew, Egon Durban, Robyn Denholm, and Brad Buss. Beginning with the slate of evidence scheduled for Day 5, the Court overruled all objections to the exhibits for Mr. Chew. As for the deposition designations for Day 5, the Court overruled all of Defendants' objections except to 160:2-17, which it sustained on hearsay grounds. As for Day 6, the Court sustained Defendants' objection to Exhibit 178 on relevance grounds. As for Day 7, the Court overruled all objections except for Defendants' objections to Exhibit 614, which it sustained on relevance grounds as to the second and third pages. Plaintiff then informed the Court that the parties and Silver Lake had reached an agreement with respect to the confidentiality and redaction issues that Silver Lake had raised for Exhibits 174 and 182. Per the agreement, these exhibits may be used without restriction or without further redaction during trial, but that the parties will meet and confer over the weekend with Silver Lake's counsel regarding subsequent redactions. |
| | | | | | | Counsel for Plaintiff informed the Court that the redacted version of Exhibit 121 had either been delivered to the Courtroom Deputy that morning or would be forthcoming shortly. Finally, counsel for Plaintiff indicated that Professor Steven Heston would be the last witness called today if time allowed. The Courtroom Deputy then informed the Court that almost all of the jurors had arrived, and that the remaining juror would be present shortly. The Court informed the parties that the audio feed to the public was experiencing issues which IT would attempt to resolve before the start of trial. After a quick break in which IT attempted to fix the audio, the Court informed the parties that it had provided the Court's favorite candy bar to the jurors as a special thank you in light of the issues that many jurors experienced in arriving to court that day. Finally, the Court advised the parties to work with the Courtroom Deputy to allot the time for the Ryan Brinkman video deposition. |
| | | 9:04 a.m. | | | | Jury present. |

| | | | | | |
|---|---|---|---|---|---|
| | | 9:04 a.m. | | | Witness, **Egon Durban** approached the witness stand and sworn for testimony. Direct examination of witness by Nicholas Porritt. |
| 175 | | | X | X | Handwritten Notes of Egon Durban dated 8/6/2018. |
| 174 | | | X | X | Text Messages from the Cell Phone of Egon Durban. |
| 177 | | | X | X | Email from Kyle Paster to Egon Durban dated 8/7/2018 re Elon Musk Tweet. |
| 181 | | | X | X | Email from Egon Durban to Elon Musk dated 8/12/2018 re Dell Proxy Background Sections. |
| 185 | | | X | X | Email from Egon Durban to Steven Rosenblum dated 8/14/2018 re Few Quicks Ones. |
| 190 | | | X | X | Handwritten Notes of Egon Durban dated 8/15/2018. |
| 191 | | | X | X | Handwritten Notes of Egon Durban |
| 194 | | | X | X | Email from Egon Durban to Steven Rosenblum dated 8/16/2018 re Follow-up for Special Committee Counsel. |
| 196 | | | X | X | Email from Steven Rosenblum dated 8/16/2018 to Samuel Britton re Talking Points – Confidential. |
| 182 | | | X | X | Text Messages from the Cell Phone of Egon Durban. |
| 201 | | | X | X | Project Titanium Discussion Materials dated 8/23/2018. |
| | | 10:07 a.m. | | | Cross-examination of witness by William Price. |
| | | 10:29 a.m. | | | Re-direct examination of witness by Nicholas Porritt. |
| | | 10:35 a.m. | | | Witness excused. |
| | | 10:36 a.m. | | | Jury admonished and excused for break. |
| | | 10:37 a.m. | | | Court in recess. |
| | | 10:57 a.m. | | | Court reconvened. |
| | | 11:02 a.m. | | | Jury present. |
| | | 11:02 a.m. | | | Witness, **Dan Dees,** approached the witness stand and sworn for testimony. Direct examination of witness by Nicholas Porritt. |
| 252 | | | X | X | Email from Jonathan Armstrong to David Ludwig dated 8/10/2018 re Additional Questions. |
| 253 | | | X | X | Email from Brian Dong to Dan Dees dated 8/10/2018 re Please Give Me a Detailed Recap of the Call. |
| 257 | | | X | X | Email from Gregg Lemkau to John Walden dated 8/13/2018. |
| 261 | | | X | X | Email from Dan Dees to Gregg Lemkau dated 8/14/2018. |
| 186 | | | X | X | Email from Michael Cohn to Elon Musk dated 8/14/2018 re Project Titanium Materials. |
| 265 | | | X | X | Email from Dan Dees to Orbit Drive dated 8/15/2018 re Titanium Materials. |
| 263 | | | X | X | Email from Martin Viecha to Joseph Fath dated 7/19/2018 re Call. |
| | | 11:47 a.m. | | | Cross-examination of witness by Alexander Spiro |
| | | | | | Defendant moves to admit the following exhibits: 234, 235, 244, 250, 251, 265, 817 and 818. No objections. Exhibits admitted. |
| | | 12:27 p.m. | | | Re-direct examination of witness by Nicholas Porritt. |
| | | 12:30 p.m. | | | Witness excused. |
| | | 12:30 p.m. | | | Jury admonished and excused for break. |
| | | 12:31 p.m. | | | Court in recess. |

3

| | | | | | |
|---|---|---|---|---|---|
| | | 1:10 p.m. | | | Court reconvened. Housekeeping matters discussed outside the presence of the Jury. Plaintiff informed the Court that he had inadvertently admitted Exhibits 24 and 25 and requested the Court withdraw the exhibits. Exhibits 24 and 25 are withdrawn. Plaintiff also informed the Court that the parties had an agreed-upon time allocation, which they would provide to the Courtroom Deputy. The Court noted that it wanted the parties to provide an index of exhibits that contained a brief description of the exhibits. Finally, because of time constraints, the Court agreed to take its afternoon break after Mr. Brinkman and Ms. Denholm testified. |
| | | 1:17 p.m. | | | Jury present. |
| | | 1:18 p.m. | | | Video Deposition of Plaintiff's Witness Ryan Brinkman played. Defendants objected to video deposition; objections overruled. |
| | | 2:21 p.m. | | | Video Deposition concluded. |
| | | 2:22 p.m. | | | Witness, **Robyn Denholm,** approached the witness stand and sworn for testimony. Direct examination by Elizabeth Tripodi. |
| | | 2:46 p.m. | | | Cross-examination of witness by Ellyde Thompson. |
| | | 2:56 p.m. | | | Re-direct examination of witness by Elizabeth Tripodi. |
| | | 2:59 p.m. | | | Witness excused. |
| | | 3:00 p.m. | | | Jury excused for break. |
| | | 3:10 p.m. | | | Court reconvened. |
| | | 3:15 p.m. | | | Jury present. |
| | | 3:16 p.m. | | | Witness, **Bradley Buss,** approached the witness stand and sworn for testimony. Direct examination by Adam Apton. |
| 289 | | | X | X | Tesla Press Release dated 8/14/2018 re Tesla Announces Special Committee to Evaluate Potential Going Private Transaction. |
| | | 3:27 p.m. | | | Cross-examination of witness by Michael Lifrak. |
| | | 3:39 p.m. | | | Re-direct examination of witness by Adam Apton. |
| | | 3:41 p.m. | | | Witness excused. |
| | | 3:42 p.m. | | | Jury admonished and excused. Housekeeping issues discussed outside the presence of the Jury. The Court explained that it did not want to hear argument on Plaintiff's pending motion in limine regarding stock option damages, *see* Docket No. 611, but asked the parties for their positions as to whether there was a methodology that used actual as opposed to adjusted options prices which also accounted for the large bid-ask spread. Counsel for Plaintiff responded that he did not know, although it was possible that Plaintiff's expert, Professor Heston, may have an answer. Counsel for Defendants responded that he thought that there may well be such a methodology. Counsel for Defendants then presented argument as to purported flaws with Plaintiff's options methodology and the proper scope of cross-examination thereto. The Court noted that it would allow cross-examination on Plaintiff's methodology and on concomitant issues that Defendants say could have been but were not addressed. The Court then informed the parties that it had other matters that it needed to take up and that they would break for the day. |
| | | 3:55 p.m. | | | Court adjourned. |