UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

18-cv-048645-EMC            IN RE TESLA SECURITIES LITIGATION

**TRIAL SHEET, EXHIBIT and WITNESS LIST**

| JUDGE: | PLAINTIFF'S ATTORNEY: | DEFENSE ATTORNEYS: |
|---|---|---|
| Edward M. Chen | Nicholas Porritt, Elizabeth Tripodi, Alexander Krot, Joseph Levi, Adam Apton | Alexander Spiro, Andrew Rossman, Phillip Jobe, Ellyde Thompson, Jesse Bernstein, Michael Lifrak, Anthony Alden, Matthew Alexander Bergjans, William Price |
| TRIAL DATE: | REPORTERS: | CLERK: |
| January 31, 2023 | Belle Ball/ Debra Pas | Vicky Ayala |

| PLF NO. | DEF NO | TIME OFFERED | ID | ADM | DESCRIPTION |
|---|---|---|---|---|---|
| | | 8:07 a.m. | | | Court in session. Housekeeping matters discussed outside the presence of the jury. The Court heard argument on the parties' objections to the evidence slated for January 31. The Court first noted that it would issue written rulings regarding the objections shortly. The Court then explained that generally it was not appropriate to include summaries of arguments on exhibits. Plaintiff's slides that quoted from analyst reports and news articles, for instance, were demonstratives, not exhibits. The Court noted charts with voluminous data, on the other hand, could arguably fall within the spirit of Federal Rule of Evidence 1006; the Court raised its concern as a pragmatic matter with expecting the jury to take notes on data-filled slides. Counsel for Defendants argued that the slides of data were outside the scope of Rule 1006 and therefore could only be used as demonstratives. The parties then discussed whether the jury could ask for demonstratives during their deliberations. The parties noted that the order of witnesses would be Mr. Arnold, Professor Heston, and then Professor Hartzmark. The Court then indicated that it would allow use of the slides as demonstratives and would reserve ruling on the question of whether the slides could be admitted as exhibits. Counsel for Defendants informed the Court that they may not call an expert. Counsel also informed the Court that one of the Director Defendants, Ms. Johnson Rice, was visually impaired and ill and would like to testify remotely. Counsel for Plaintiff had no objection to Ms. Johnson Rice testifying remotely. The Court instructed the parties to work with the Courtroom Deputy to handle those logistics |

|     |     |           |   |   | |
|-----|-----|-----------|---|---|---|
|     |     |           |   |   | Counsel for Defendants then argued that Exhibit 171 should be redacted and reraised his objections to Exhibit 342.  Counsel for Plaintiff responded that Exhibit 342 would not be used during Mr. Arnold.  Counsel for Defendants noted that during a break they had been informed that Exhibit 303 was also being withdrawn as to Mr. Arnold.  Defendants asked for two sentences in Exhibit 171 to be redacted.  The Court ruled that these two sentences should be redacted under Rule 403.  Counsel for Plaintiff withdrew the exhibit of the appendix of articles from Professor Hartzmark's report.  The Court noted that in its forthcoming evidentiary rulings, it had largely overruled the objections to analyst reports because they were relevant for a non-hearsay purpose.  Counsel for Defendants argued that the August 7 CNBC video exhibit was inadmissible because it was highly prejudicial.  The Court overruled Defendants' objections because the video was relevant insofar as it showed a slice of the market and under the effect on the listener theory.  The parties informed the Court that they would confer regarding any undisputed facts that could be added into the jury instructions.  Counsel for Plaintiff proposed that any demonstratives used at closings be disclosed on Wednesday morning.  The Court informed the parties that its usual disclosure rules apply to both exhibits and demonstratives.  When Defendants' counsel responded that he would have a difficult time providing his demonstratives by Wednesday morning, the Court noted that he could provide them on Wednesday afternoon instead. |
|     |     | 8:45 a.m. |   |   | Jury present. |
|     |     | 8:46 a.m. |   |   | Witness, **David Arnold** approached the witness stand and sworn for testimony.  Direct examination of witness by Adam Apton. |
| 504 |     |           | X | X | Email from Deepak Ahuja to Dave Arnold dated 8/7/2018 re Privileged Draft Email/Blog Post. |
| 505 |     |           | X | X | Draft Blog Post, dated 8/7/2018.  Attachment to Exhibit 504 |
| 511 |     |           | X | X | Email from Todd Maron to Philip Rothenberg dated 8/7/18 re Statement from Board. |
|     |     | 8:58 a.m. |   |   | Cross-examination of witness by Ellyde Thompson. |
|     | 298 |           | X | X | Email from Dave Arnold to Deepak Ahuja dated 8/7/2018 re FT Article Re Saudi Investment in Tesla. |
|     |     | 9:05 a.m. |   |   | Re-direct examination of witness by Adam Apton. |
|     |     | 9:06 a.m. |   |   | Witness excused. |
|     |     | 9:20 a.m. |   |   | Witness, **Steven Heston** approached the witness stand and sworn for testimony.  Direct examination of witness by Nicholas Porritt. |
|     |     | 10:01 a.m.|   |   | Cross-examination of witness by Andrew Rossman. |
|     |     | 10:27 a.m.|   |   | Re-direct examination of witness by Nicholas Porritt. |
|     |     | 10:30 a.m.|   |   | Re-cross examination of witness by Andrew Rossman. |
|     |     | 10:32 a.m.|   |   | Witness excused. |

| | | | | | |
|---|---|---|---|---|---|
| | | 10:33 a.m. | | | Jury excused for break.  Housekeeping matters discussed outside the presence of the jury.  Counsel for Plaintiff provided the Court with his just-filed brief regarding the admissibility of certain slides under Rule 1006.  Counsel for Defendants informed the Court that they would submit their own brief shortly. |
| | | 10:38 a.m. | | | Court in recess. |
| | | 10:56 a.m. | | | Court reconvened. |
| | | 11:01 a.m. | | | Jury present. |
| | | 11:02 a.m. | | | Witness, **Michael Hartzmark,** approached the witness stand and sworn for testimony.  Direct examination of witness by Nicholas Porritt. |
| | | 12:40 p.m. | | | Jury excused for break. |
| | | 12:41 p.m. | | | Court in recess. |
| | | 1:05 p.m. | | | Court reconvened. |
| | | 1:10 p.m. | | | Jury present. |
| | | 1:11 p.m. | | | Cross-examination of witness by Andrew Rossman. |
| | | 2:02 p.m. | | | Witness excused for the day. |
| | | 2:02 p.m. | | | Jury excused.  Housekeeping matters discussed outside the presence of the Jury.  Plaintiff informed the Court that Professor Hartzmark was Plaintiff's last witness.  Counsel for Defendants indicated that they would eventually request some sort of remedy from the Court based on Professor Hartzmark's reference to the Court's summary judgment ruling.  Counsel for Defendants informed the Court that they planned to call Sam Teller and the other four Directors who had not yet testified tomorrow morning.  The Courtroom Deputy informed the parties that Plaintiff had used 16:26 hours and Defendants had used 14:22 hours.  Based on the time remaining, the parties and the Court agreed that they would complete evidence tomorrow.  The Court informed the parties that they should make any Rule 50(a) motions at the close of their case, but that the Court did not want the timing of any Rule 50(a) motion to get in the way of jury deliberations.  Counsel for Defendants indicated that the Court may be able to deliver closing instructions to the jury tomorrow.  The parties informed the Court that they would provide stipulations of fact shortly.  Plaintiffs moved to admit Exhibits 338, 429, 565, 570, 572, 594, 721 and 763.  Defendants objected; Court overruled.  Exhibits deemed admitted. Plaintiffs moved to admit Heston Slide 7 and Hartzmark Slides 11, 12, 22, 24, 46, 57, 52, and 55.  The Court reserved ruling on the question of whether the Heston and Hartzmark slides could be admitted as exhibits instead of demonstratives.  The Courtroom Deputy and the parties agreed to coordinate with IT to prepare for Ms. Johnson Rice's remote testimony tomorrow.  The Court instructed Counsel for Defendants to file their response to Plaintiff's four proposed supplemental jury instructions by 4:30pm that day. |
| | | 2:17 p.m. | | | Court adjourned. |