UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

18-cv-048645-EMC             IN RE TESLA SECURITIES LITIGATION

**TRIAL SHEET, EXHIBIT and WITNESS LIST**

| JUDGE: | PLAINTIFF'S ATTORNEY: | DEFENSE ATTORNEYS: |
|---|---|---|
| Edward M. Chen | Nicholas Porritt, Elizabeth Tripodi, Alexander Krot, Joseph Levi, Adam Apton | Alexander Spiro, Andrew Rossman, Phillip Jobe, Ellyde Thompson, Jesse Bernstein, Michael Lifrak, Anthony Alden, Matthew Alexander Bergjans, William Price |
| TRIAL DATE: February 1, 2023 | REPORTERS: Belle Ball/Debra Pas | CLERK: Vicky Ayala |

| PLF NO. | DEF NO | TIME OFFERED | ID | ADM | DESCRIPTION |
|---|---|---|---|---|---|
| | | 8:10 a.m. | | | Court in session.  Housekeeping matters discussed outside the presence of the jury.  The Court sustained Defendants' objection to the Heston and Hartzmark Slides; these Slides could be used as demonstratives, not admitted into evidence.  In light of the pragmatic issues raised by the data-heavy slides, though, the Court drafted an instruction to make clear that the Jury could request a readback of a witness's testimony or to review demonstratives.  The Court asked the parties whether they had thoughts regarding the Court's proposed language, which the Court had sent to the parties last evening.  Counsel for Defendants proposed a revision to one part of the instruction, which counsel for Plaintiff did not oppose.  The Court told the parties that it would also remind the Jury what the term "demonstrative" meant.  The Court informed the parties that it would issue its written rulings regarding the slate of evidence for the day shortly.  Next, the Court told the parties that it would add back the time that the Court had subtracted against each party for exceeding their daily allotted fifteen minutes for evidentiary objections.  Each party would therefore receive ten more minutes of trial time.  Counsel for Defendants alerted the Court that they would want to briefly make an oral motion once Plaintiff had rested his case.  Counsel for Defendants also noted that should Professor Hartzmark reference the Court's summary judgment ruling again, Defendants would move for a mistrial and to strike the expert's testimony in its entirety.  The Court responded that it would admonish the witness not to make any other reference to court rulings before the jury was brought in.  The parties informed the Court that they were still conferring regarding any stipulated facts for the jury instructions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | The Court noted that it had removed the judicial notice instruction and added in its instruction regarding requesting readback.  The Court noted that it had received Defendants' objections to the verdict form that morning and would issue its final verdict form either that evening or tomorrow morning so that the parties could use it as they prepared for their closings.  The Court confirmed that the exhibits which Plaintiff moved to admit yesterday (338, 429, 565, 570, 572, 594, 721 and 763) were deemed admitted.  Exhibit 570 was admitted subject to redactions.  Heston Slide 7 and Hartzmark Slides 11, 12, 22, 24, 52, 55, 46 and 47 were not admitted as exhibits.  The Court then admonished Professor Hartzmark that he should not make any reference to "the Judge found" or "the Court found" as he testified that day. |
| | | 8:34 a.m. | | | Jury present.  Court instructed the Jury about the difference between demonstratives and exhibits. |
| | | 8:36 a.m. | | | Witness, **Michael Hartzmark,** returns to the stand from the prior day.  Witness previously sworn for testimony.  Cross-examination of witness by Anderw Rossman resumes. |
| | | 9:43 a.m. | | | Re-direct examination of witness by Nicholas Porritt. |
| 426 | | | X | X | New York Times Article dated 8/15/2018 re A Question for Tesla's Board:  What was Elon Musk's Mental State? |
| 33 | | | X | X | Evercore ISI Flash Note dated 8/8/2018 re A Private Life is a Happy Life. |
| | | 10:06 a.m. | | | Re-cross examination of witness by Andrew Rossman. |
| | 1008 | | X | X | New York Times Article dated 8/15/2018 re Tesla Is Said to be Subpoenaed by S.E.C. Over Elon Musk Tweet. |
| | | 10:14 a.m. | | | Witness excused. |
| | | 10:15 a.m. | | | Jury excused for break.  Discussion outside the presence of the Jury.  Defendant moved for a Motion for Judgment as a Matter of Law as to all claims and all Defendants, with a written motion forthcoming.  The parties briefly presented argument regarding Defendants' motion.  Motion noted for the record, deemed admitted.  Matter will be taken under submission. |
| | | 10:25 a.m. | | | Court in recess. |
| | | 10:42 a.m. | | | Court reconvened. |
| | | 10:47 a.m. | | | Jury present. |
| | | 10:48 a.m. | | | Witness, **Sam Teller,** approached the witness stand and sworn for testimony.  Direct examination of witness by Michael Lifrak. |
| | | 10:48 a.m. | | | Mr. Lifrak moved to admit exhibits 109 and 110A, no objections.  Exhibits admitted. |
| 110A | | | X | X | Text Messages from Cell Phone of Sam Teller. |
| | | 11:14 a.m. | | | Cross-examination of witness by Adam Apton. |
| | | 11:18 a.m. | | | Witness excused. |
| | | 11:19 a.m. | | | Video Deposition of Nii Owuraka Koney. |
| | | 11:38 a.m. | | | Video Deposition Concludes. |
| | | 11:39 a.m. | | | Witness, **James Murdoch,** approached the witness stand and sworn for testimony.  Direct examination of witness by Michael Lifrak. |
| | | 11:51 a.m. | | | Cross-examination of witness by Elizabeth Tripodi |

| | | | | |
|---|---|---|---|---|
| | 11:54 a.m. | | | Witness excused. |
| | 11:55 a.m. | | | Witness, **Kimbal Musk,** approached the witness stand and sworn for testimony.  Direct examination of witness by William Price. |
| | 12:01 p.m. | | | Cross-examination of witness by Elizabeth Tripodi. |
| | 12:02 p.m. | | | Witness excused. |
| | 12:03 p.m. | | | Witness, **Ira Ehrenpreis,** approached the witness stand and sworn for testimony.  Direct examination of witness by Ellyde Thompson. |
| | 12:11 p.m. | | | Cross-examination of witness by Adam Apton. |
| | 12:16 p.m. | | | Witness excused. |
| | 12:19 p.m. | | | Jury excused for break. Discussion outside the presence of the Jury.  Counsel for Plaintiff noted that he intended to lodge a Rule 50(a) motion at the conclusion of Defendants' case.  The Court informed Plaintiff that he could make his motion during a break once Defendants had rested. |
| | 12:21 p.m. | | | Court in recess. |
| | 12:41 p.m. | | | Court reconvened. Discussion outside the presence of the Jury.  The Court informed the parties that it had just e-filed the closing jury instructions and that it would provide hard copies for the parties.  The Court noted that the jury instructions would be displayed to the jury on screen while the Court was reading the instructions.  The Court would read up through Instruction No. 17 (Duty to Deliberate), and would save the final five instructions for Friday. |
| | 12:52 p.m. | | | Jury present. |
| | 12:53 p.m. | | | Witness, **Linda Johnson Rice,** approached the witness stand and sworn for testimony.  Direct examination of witness by Ellyde Thompson. |
| | 12:58 p.m. | | | Witness excused. |
| | 12:59 p.m. | | | Alex Spiro moved to admit Exhibit 322 into evidence, no objections, exhibit admitted.  Defense rests their case. |
| | 1:01 p.m. | | | Jury excused for break.  Discussion outside the presence of the Jury.  Plaintiff moved under Rule 50(a) for judgment as a matter of law on materiality and reliance (both class-wide and individual).  The Court heard brief argument from the parties on Plaintiff's motion.  The Court then took the matter under submission. |
| | 1:13 p.m. | | | Jury present. |
| | 1:14 p.m. | | | Court instructs Jury. |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | 1:37 p.m. |  |  | Jury admonished and excused for the day. Discussion outside the presence of the Jury. Defendants objected to the jury getting copies of the jury instructions. Defendants also sought to go last in closings because Defendants had the burden of proof with respect to the good-faith defense for the Section 20(a) claim. Because Plaintiff had the burden of proof for the other elements of the other claims, the Court rejected Defendants' request. The Court also noted that it was consistent practice to give the plaintiff an opportunity for rebuttal even where there were affirmative defenses. The Court explained that the scope of the rebuttal closing argument would generally be limited along the same lines as redirect. The parties agreed to meet and confer regarding an index of the exhibits and the demonstratives. Plaintiff informed the Court that the parties would exchange any new demonstratives to be used in closings that afternoon. The Courtroom Deputy informed the parties that Plaintiff had used 17:12 and Defendants had used 16:38. |
|  |  | 1:46 p.m. |  |  | Court adjourned. |