QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*appearing pro hac vice*)
  alexspiro@quinnemanuel.com
  Andrew J. Rossman (*appearing pro hac vice*)
  andrewrossman@quinnemanuel.com
  Ellyde R. Thompson (*appearing pro hac vice*)
  ellydethompson@quinnemanuel.com
  Jesse Bernstein (*appearing pro hac vice*)
  jessebernstein@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

  Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendants Tesla, Inc., Elon Musk,
Brad W. Buss, Robyn Denholm, Ira Ehrenpreis,
Antonio J. Gracias, James Murdoch, Kimbal Musk,
and Linda Johnson Rice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA, INC. SECURITIES LITIGATION | Case No. 3:18-cv-04865-EMC<br><br>**DEFENDANTS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR REQUEST FOR COSTS** |

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that Defendants, through counsel, hereby move pursuant to Federal Rule of Civil Procedure 54(d)(1) for an award of costs.

**PLEASE TAKE FURTHER NOTICE** that Defendants bring this motion in response to the Honorable Edward M. Chen's March 10, 2023 request for further briefing on this issue.  This motion is based on the Memorandum of Points and Authorities below, the record of evidence from trial, the arguments of counsel, and any other matters properly before this Court.

**ISSUES TO BE DECIDED**

1. Should the Court award costs to Defendants as the prevailing party under Federal Rule of Civil Procedure 54?

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..............................................................................................................................1

ARGUMENT ....................................................................................................................................1

I. RULE 54 CREATES A PRESUMPTION IN FAVOR OF AWARDING COSTS TO A PREVAILING PARTY ..................................................................................................1

II. PLAINTIFF FAILS TO OVERCOME THE PRESUMPTION IN FAVOR OF AWARDING COSTS ........................................................................................................2

CONCLUSION ..................................................................................................................................5

ATTESTATION .................................................................................................................................6

# INTRODUCTION

Plaintiff's request that the Court deny taxable costs to Defendants is without basis, and the Court should reject it. It is well established that Federal Rule of Civil Procedure 54 creates a presumption in favor of awarding costs to a prevailing party, including in class actions. It is also undisputed that Defendants are the prevailing party in this action. There is no reason to depart from the rule here, as Plaintiff has not met his burden of either proving he is indigent (nor has he even claimed to be) or of demonstrating that an award of costs in this case will chill future litigants from bringing similar actions. To the contrary, Plaintiff is a millionaire investor in Tesla, and no award of costs here could even plausibly chill future class actions against Mr. Musk or Tesla.

Plaintiff aggressively pursued this class action for years and lost. He should reimburse Mr. Musk and Tesla for the costs they incurred defending against the suit.

# ARGUMENT

## I. RULE 54 CREATES A PRESUMPTION IN FAVOR OF AWARDING COSTS TO A PREVAILING PARTY

As stated in the only case cited by Plaintiff in his request, Rule 54 "[o]n its face…creates a presumption in favor of awarding costs to a prevailing party[.]" *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (denying costs in FMLA case where plaintiff, who made $11,622 per year, "would be rendered indigent should she be forced to pay"); *see also* Fed. R. Civ. P 54(d)(1) ("costs—other than attorney[ ] fees—shall be allowed to the prevailing party"). As the Supreme Court stated in *Marx v. Gen. Revenue Corp.*, "under Rule 54(d)(1) a prevailing party is entitled to recover costs from the losing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order 'provides otherwise.'" *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381–82 (2013) (affirming award of prevailing defendant's costs in class action alleging violations of the Fair Debt Collection Practices Act); *see also Save Our Valley v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003) (holding district court may award costs where it "conclude[s] that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption" and affirming award of costs); *Begley v. Cnty. of Kauai*, 286 F. App'x 961, 962 (9th Cir. 2008) ("the district court did not abuse its discretion by awarding costs to defendants because Fed.R.Civ.P. 54(d) creates a 'presumption for awarding costs' to

1  prevailing defendants, and Begley failed to show why costs should not have been awarded"); *Courtney v.*
2  *Oregon Dep't of State Police*, No. CV 06-6223-TC, 2008 WL 11408791, at *2 (D. Or. Aug. 25, 2008)
3  (awarding costs over the plaintiff's objection because plaintiff's "objections are not sufficiently persuasive
4  to overcome the presumption in favor of allowing defendant's costs").

5        This presumption in favor of awarding costs to a prevailing party "fully applies to class
6  actions." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1151 (10th Cir. 2009); *White v.*
7  *Sundstrand Corp.*, 256 F.3d 580, 585–86 (7th Cir. 2001) ("[N]othing in Rule 23 suggests that cost-shifting
8  is inapplicable to class actions."). Indeed, "courts routinely have awarded taxable costs to defendants in
9  class action cases." *Cayne v. Washington Tr. Bank*, No. 2:12-CV-000584-REB, 2017 WL 3749366, at *4
10 (D. Idaho Aug. 30, 2017). The presumption is therefore applicable here.

11       "This presumption in favor of awarding costs 'is difficult to overcome'; therefore, 'the court must
12 award costs unless it states good reasons for denying them.'" *Lange v. City of Oconto*, 28 F.4th 825, 845
13 (7th Cir. 2022) (citation omitted) (district court did not abuse its discretion by awarding costs). Thus,
14 unless Plaintiff provides sufficient reason to depart from the presumption, the Court should award costs
15 to Defendants. Plaintiff unequivocally fails to do so.

16 **II.**     **PLAINTIFF FAILS TO OVERCOME THE PRESUMPTION IN FAVOR OF AWARDING**
17         **COSTS**

18       Plaintiff has not and cannot overcome the presumption in favor of awarding costs to the prevailing
19 party. Plaintiff's argument that a departure from the presumption is warranted here "due to the financial
20 resources of the defendants relative to the plaintiff and the consequential chilling effect that would
21 potentially ensue if taxation of costs were allowed" is without merit.

22       As to the financial resources of the defendants relative to the plaintiff, courts have recognized that
23 such a consideration is only valid "where the party seeking to avoid costs has limited financial resources
24 and thus payments of costs would present a significant hardship." *Jardin v. DATAllegro, Inc.*, No. 08-
25 CV-1462-IEG WVG, 2011 WL 4835742, at *4 (S.D. Cal. Oct. 12, 2011); *see also Lange*, 28 F.4th at 846
26 (holding "[t]he indigence exception [under Rule 54(d)(1)] ... is a narrow one, and its application is
27 committed to the district court's discretion" and affirming district court's partial award of costs against an
28 indigent defendant); *Courtney*, 2008 WL 11408791, at *2 (plaintiff's "vague objections" as to "the

disparity of resources between the parties" was insufficient to overcome the presumption in favor of awarding costs).

It is not atypical for a corporation to be awarded costs when it prevails in an action against an individual, which would never happen if a simple comparison of relative resources was a sufficient basis to depart from the presumption. *Latiolais v. Merck & Co.*, 302 F. App'x 756, 758 (9th Cir. 2008) ("None of [an individual plaintiff's] myriad arguments regarding the costs awarded to Merck overcomes the presumption in favor of awarding costs"). Plaintiff cannot overcome the presumption simply by asserting that he has fewer financial resources than Defendants.

The case cited by Plaintiff does not suggest otherwise. The losing party in *Escriba v. Foster Farms* was a "low wage[]" worker at a poultry processing plant earning less than $12,000 a year. She risked indigency if forced to pay Foster Farm's costs, and the court concluded the risk of indigency weighed against awarding costs. *Escriba*, 743 F.3d at 1248. Mr. Littleton is not a low-wage factory farm worker and has presented zero evidence he would be "rendered indigent" if ordered to pay Defendants' costs in this case. *Id*. To the contrary, Plaintiff is a professional investor who purchased millions of dollars of Tesla options; he has certainly not demonstrated that he has limited financial resources such that the presumption under Rule 54 should not apply, nor has he even attempted to provide any documentation that would be necessary to meet his burden of proving indigency. *See Jardin*, 2011 WL 4835742, at *4 (noting that the "burden is on the losing party to substantiate a claim of indigency"); *Courtney*, 2008 WL 11408791, at *2 (ordering costs where plaintiff's claim as to financial hardship was "not accompanied by any documentation" and there was no record "that the plaintiffs' resources were limited").

Moreover, because this is a class action, the "[e]ntrepreneurial attorneys" who brought this case "already supply risk-bearing services" by "invest[ing] legal time on contingent fee." *Sundstrand*, 256 F.3d at 586. Those highly successful lawyers—who certainly cannot claim indigency—could have (and may have) "move[ed] the risk of loss from the representative plaintiffs to the lawyers." *Id.* Thus, in this case the "financial resources of the defendants relative to the plaintiff" do not justify a departure from the presumption that costs are awarded.

For similar reasons, the supposed "chilling effect" of awarding costs here does not justify a departure from the presumption. Plaintiff's "counsel can"—and often do—"eliminate the financial

-3-  Case No. 3:18-cv-04865-EMC

disincentive that costs awards otherwise would create" by agreeing to take responsibility for any award of costs. *Id.* Further, despite the fact that courts have previously awarded costs to defendants in class actions, "numerous Plaintiffs and their law firms vied to become lead Plaintiffs and lead counsel in this case," which "suggests that there is no shortage of those willing to pursue such cases" and any claim of a "chilling effect" is baseless. *In re Williams Sec. Litig. WCG Subclass*, No. 02-CV-72-SPF-FHM, 2007 WL 9718860, at *2 (N.D. Okla. Dec. 6, 2007), *report and recommendation adopted as modified sub nom. In re Williams Sec. Litig.*, No. 02-CV-72-SPF-FHM, 2008 WL 11432102 (N.D. Okla. June 10, 2008), *aff'd sub nom. In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144 (10th Cir. 2009).

*Escriba*, the case cited by Plaintiff, actually supports Defendants' argument that in this case Plaintiff has not met his burden of showing that awarding costs would create a chilling effect. In *Escriba*, the "district court … concluded that taxing costs in the instant case would present a serious danger of chilling future FMLA actions. In arriving at this conclusion, the district court ***relied on declarations from the director of the California Department of Fair Employment and Housing and a letter from the United States Department of Labor***, both of which recommended that taxing costs would chill future actions because low-wage earners would be reluctant to file suit." *Escriba*, 743 F.3d at 1248 (emphasis added). Plaintiff has offered no such declaration here, nor could he, and as such his assertion that awarding costs will have a chilling effect as to suits against Tesla or Mr. Musk is completely unsupported and irrational.

In reality, courts routinely award costs over "vague objections" as to an alleged "chilling effect." *Courtney*, 2008 WL 11408791, at *2 (holding "the presumption in favor of awarding costs is not overcome in this case"); *see also Save Our Valley*, 335 F.3d at 946 (affirming award of costs over objection that doing so would chill future civil rights litigation). Plaintiff's "vague" suggestion that an award of costs in this case will serve as any barrier or deterrent to enterprising plaintiff's firms pursuing other cases against Mr. Musk or Tesla in the future plainly strains credulity.

Plaintiff pursued this case for years. Plaintiff's pursuit forced Defendants to incur costs defending against this action. And Plaintiff has provided no evidence either that he risks indigency here or that awarding costs will have a chilling effect on future litigants. Plaintiff must therefore reimburse Defendants for the costs they incurred defending against his unmeritorious action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order Plaintiff to pay Defendants' costs in this action.

DATED:  March 17, 2023              Respectfully submitted,

                                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                    By: */s/ Alex Spiro*
                                        Alex Spiro *(appearing pro hac vice)*

                                        *Attorneys for Tesla, Inc., Elon Musk, Brad W. Buss,*
                                        *Robyn Denholm, Ira Ehrenpreis, Antonio J. Gracias,*
                                        *James Murdoch, Kimbal Musk, and Linda Johnson Rice*

## ATTESTATION

I, Kyle K. Batter, am the ECF user whose ID and password are being used to file the above document. In compliance with Local Rule 5-1(h)(3), I hereby attest that Alex Spiro has concurred in the filing of the above document.

                                                          */s/ Kyle K. Batter*

                                                          Kyle K. Batter