**NOT FOR PUBLICATION**

FILED

NOV 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: TESLA, INC., SECURITIES LITIGATION, _____ <br><br> GLEN LITTLETON, Lead Plaintiff, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ELON MUSK; TESLA, INC.; BRAD W. BUSS; ROBYN DENHOLM; IRA EHRENPREIS; ANTONIO J. GRACIAS; JAMES MURDOCH; KIMBAL MUSK; LINDA JOHNSON RICE, <br><br> Defendants-Appellees, _____ <br><br> SILVER LAKE TECHNOLOGY MANAGEMENT, L.L.C., <br><br> Intervenor. | No. 23-16010 <br><br> D.C. No. 3:18-cv-04865-EMC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted October 25, 2024
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

Lead plaintiff Glen Littleton appeals the district court's denial of his motion for a new trial and for judgment as a matter of law.  We have jurisdiction under 28 U.S.C. § 1291.  We conclude that there was no instructional error warranting a new trial, and we therefore do not review Littleton's narrow appeal of the denial of judgment as a matter of law.  Accordingly, we affirm.

We review instructions containing purported misstatements of law de novo, and we review allegedly misleading instructions for abuse of discretion.  *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc); *Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1437 (9th Cir. 1996).  If an instruction contains an error, we reverse unless the error was "more probably than not harmless."  *Lambert v. Ackerley*, 180 F.3d 997, 1008 (9th Cir. 1999) (en banc) (internal quotation marks omitted).

At issue are three sentences instructing the jury about Elon Musk's knowledge.  The first sentence was part of a supplemental instruction delivered during trial, and it informed the jury that testimony about Musk's state of mind might be relevant to whether "Musk knew the statements were untrue when he made them."  The second was in a closing instruction that outlined the elements of a Rule 10b-5 claim, and it directed the jury to "decide whether [Musk] knew that the statements were untrue."  The third, also in a closing instruction, elaborated on

2

scienter and similarly directed the jury to "decide whether Mr. Musk acted knowingly." The district court had already found Musk acted with scienter and instructed the jury to assume that he acted with "at least reckless disregard." Littleton argues that the challenged sentences impermissibly heightened his burden at trial and confused the jury.

We disagree. Because the district court found that Musk had, at a minimum, tweeted recklessly, the jury did not need to consider knowledge for the scienter element of Littleton's Rule 10b-5 claim. But knowledge was implicated at another stage of the case: apportionment. If it found liability, the jury would have to apportion liability for damages by deciding whether any defendant knowingly violated the law. 15 U.S.C. § 78u-4(f)(2)(A). Littleton does not dispute that. It was not inaccurate to instruct the jury to decide whether Musk acted knowingly.

While in retrospect these sentences might have been better offered elsewhere, we read jury instructions "as a whole," not "in isolation." *Swinton v. Potomac Corp.*, 270 F.3d 794, 807 (9th Cir. 2001). When considered as a whole, the instructions here informed the jury of the proper legal standard: scienter for a Rule 10b-5 claim could be proven by establishing a defendant's recklessness or knowledge. *Gebhart v. SEC*, 595 F.3d 1034, 1041 (9th Cir. 2010). In accordance with the district court's prior finding, the instructions appropriately directed the jury to assume recklessness. Guided by these instructions, a jury would have

3

found scienter established.  *See Swinton*, 270 F.3d at 807; *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1221–22 (9th Cir. 1996) (holding that the district court did not abuse its discretion when one instruction failed to instruct jury on one relevant standard but a later portion of the instructions did).

Even if there had been an instructional error, it was "more probably than not harmless." *Lambert*, 180 F.3d at 1008.  During closing arguments, Littleton's attorney expressly directed the jury "to assume this element [of scienter] is met," and Defendants' attorney discussed every element of a Rule 10b-5 claim except for scienter.  *See Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1460 (9th Cir. 1983) (holding that the "minimal extent to which counsel emphasized" improperly admitted testimony suggests harmless error).  During their two-hour deliberations, the jury asked no clarifying questions.  *See United States v. Castillo-Mendez*, 868 F.3d 830, 840 (9th Cir. 2017) (instructional error not harmless where jury's questions demonstrated "likely confus[ion] about [a] singularly important issue").  A substantially greater portion of the trial was devoted to the element of materiality than the element of scienter.  A jury considering the evidence—which included testimony about a "handshake deal" to take Tesla private and about a rise in Tesla's stock price after Musk's August 13th blogpost—could reasonably have found that the essential element of materiality was not established, defeating Littleton's claim.

4

We do not reach Littleton's second argument.  He requests judgment as a matter of law solely on the element of materiality.  He argues that *if* the motion for a new trial is granted, *then* judgment as a matter of law as to materiality should follow, and the jury in a new trial should be instructed to assume materiality is satisfied.  Because we conclude that the district court properly denied Littleton's motion for a new trial, we have no occasion to review the denial of judgment as a matter of law as to a single element.

**AFFIRMED.**